UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-1629

MATTHEW LAROSIERE,

*Plaintiff,*

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc., DEFENSE DISTRIBUTED, and DIOSKOUROI LLC,

*Defendants.*

_____/

## COMPLAINT

1.     This is an action for copyright infringement, false designation of origin and unfair competition under the Lanham Act, and for unauthorized publication of name or likeness and unjust enrichment under the laws of the Great State of Florida.

## PARTIES

**Plaintiff**

2.     Plaintiff Matthew Larosiere is a natural person, citizen and resident of the United States and the Great State of Florida, counties of Orange and Palm Beach. Plaintiff owns property and conducts business in Orange County, Florida. Plaintiff is a firearms industry attorney and author. Plaintiff engages in the design and development of firearms technologies, and produces

pictorial, written, and visual art works related to his advocacy. Plaintiff is the exclusive owner of all works at issue in this litigation.

**Defendants, Generally & Alter Ago Allegations**

3.     Defendant Cody Rutledge Wilson (hereinafter "Defendant Wilson") established a web of corporations including Defendant Defcad, Inc., Defendant Defense Distributed, Inc., and Defendant Dioskouroi LLC, (collectively, the "Business Entity Defendants") each of which is an alter ego of Defendant Wilson.

4.     Defendant Wilson exerts complete control of the Business Entity Defendants.

5.     Defendant Wilson owns at least 80% of each Business Entity Defendant.

6.     The collective operations of the Business Entity Defendants constitute a single business enterprise.

7.     Facts underlying the alter ego relationship specific to each of the Business Entity Defendants are pled below.

8.     The Business Entity Defendants have identical addresses, corporate directors, and owners, with the exception of Dioskouroi, LLC, which is identical to the other Business Entity Defendants in all material respects save for purported ownership information.

9.     According to information and belief, Defendant Wilson and his alter-ego corporate co-defendants are engaged in a corporate shell game designed to allow Defendant Wilson to dissipate assets and avoid judgments.

10.     Defendant Wilson has transferred the assets of the corporate co-defendants to third parties and to himself.

11.     Defendant Wilson has commingled his own assets with the assets of the corporate co-defendants, most frequently those of Defendant Defense Distributed, to support an extravagant lifestyle.

12.     On August 15, 2018, Defendant Wilson used a vehicle and other assets belonging to Defense Distributed for strictly personal matters.

13.     August 16, 2018, Defendant Wilson emptied every cryptocurrency account connected to himself and the then-extant Business Entity Defendants into a single cryptocurrency account. (the "consolidating transfer").

14.     On August 31, 2018, Defendant Wilson transferred the contents of the consolidating transfer to another cryptocurrency account accessible to him for his own personal use.

15.     The 2018 consolidating transfer commingled all cryptocurrency assets of the then-existing Business Entity Defendants together with Defendant Wilson's personal assets.

16.     Defendant Wilson continues to commingle money and other assets from the Business Entity Defendants, chiefly Defense Distributed.

17.    The improper use of the corporate forms on the part of Defendant Wilson in his use of the Business Entity Defendants have damaged and are designed to damage Plaintiff in numerous ways, including but not limited to lost revenue from infringing activities, enabling Defendant Wilson to personally use the corporate forms to amplify his personal torts against Plaintiff, and to shield assets from Plaintiff's inevitable recovery.

**Defendant Defcad**

18.    Defendant Defcad, Inc. ("Defcad") is a corporation organized and existing under the laws of the State of Delaware, with concomitant registrations in the states of Arkansas, and most recently, Texas.

19.    Defcad is the alter ego of Defendant Wilson, because Defendant Wilson exerts complete control of it, and is its sole director and owner.

20.    Defcad does not have a registered agent listed with the Delaware Secretary of State. Defendant Defcad may be served by serving its alter ego, Defendant Wilson.

21.    Defcad's Arkansas registration lists a Principal Address of 2320 Donley Drive, Ste C, Austin, TX 78758. Its officers are Defendant Wilson, as President, and Morgan Noble as Incorporator.

22.     Defcad's Texas registration lists a mailing address of 2320 Donley Dr, Stc C, Austin TX 78758, and lists Defendant DEFENSE DISTRIBUTED as Registered Agent, with the same Donley Dr. Address.

23.     Defcad's Texas registration lists Defendant Wilson as Director, listing Defendant Wilson's address as 4610 Crestway Drive, Austin, TX 78731.

24.     Defendant Defcad is the owner and operator of the website Defcad.com. This website hosts and distributes downloadable three-dimensional models of various firearms and firearms accessories, plus documentation and photographs relating to the downloadable models.

25.     To access the files, Defcad requires prospective downloaders to purchase a subscription through DDLegio.com—itself proclaiming to be "Defense Distributed's technical and legal support fraternity," owned by Defendant Defense Distributed.[1]

26.     Defcad also publishes and maintains a blog at https://defcad.com/blog/, where it announces news about Defcad. ("the Defcad blog").

27.     Defendant Wilson frequently posts updates or causes updates to be posted to the Defcad blog.

---

[1] Defendants' DDLegio website states "LEGIO membership is the only method for accessing DEFCAD, the world's largest 3D gun file repository, archive and search engine. Join us." https://ddlegio.com/join/

28.    Defendant Wilson is the only director, officer, or executive, of Defcad.

**Defendant Defense Distributed**

29.    Defendant Defense Distributed is incorporated as a nonprofit in the State of Texas, with a mailing and registered address of 2320 Donley Dr, Ste C, Austin, TX 78758.

30.    Defendant Wilson is listed as Defense Distributed's registered agent, Director, and Governing Member.

31.    Defense Distributed does business as "Ghostguns.com," "Legio," "DDLegio," and "Ghost Gunner."

32.    Defense Distributed extracts revenues from Legio Memberships.

33.    Defense Distributed sells, offers for sale, and advertises USB flash drives that contain the same sorts of works found on Defcad, through its e-commerce website "Ghostguns.com."

34.    Defense Distributed also publishes and maintains a blog at https://ddlegio.com/blog, where it announces news about Defense Distributed and Defcad.

35.    The posts on the DDLegio blog are written and/or curated by Defendant Wilson.

36.     Defendant Wilson is the only director, officer, or executive, of Defense Distributed.

37.     Defense Distributed has accepted payment by cryptocurrency since around 2013.

38.     Defendant Wilson diverted many of the cryptocurrency payments to himself.

**Defendant Dioskouroi LLC**

39.     Defendant Dioskouroi LLC is incorporated in the State of Texas, with a mailing address of 397 Gaitan Ln, Kingsbury TX 78638.

40.     Dioskouroi LLC's registered agent is listed as "ZPA," with a registered office street address of 4610 Crestway Drive, Austin, TX 78731.

41.     The Crestway Drive address is the same address listed for Defendant Wilson in his capacity as Defendant Defcad's director.

42.     The Crestway Drive address is the residence of Defendant Wilson.

43.     Dioskouroi LLC operates "PrecursorParts.com".

44.     Credit card purchases from Ghostguns.com are conducted through Dioskouroi LLC's PrecursorParts.com, who takes payment for the USB drives which contain works that Defendants otherwise distribute through Defcad.

**Defendant Cody Rutledge Wilson**

45.   Defendant Wilson is a natural person who resides in Austin, Texas.

46.   Defendant Wilson has primary control and command of Defense Distributed.

47.   Defendant Wilson is the director and governing member of Defense Distributed, and by extension Defense Distributed's subsidiaries.

48.   Defendant Wilson has primary control and command of Defcad, Inc.

49.   Defendant Wilson has primary control and command of Dioskouroi, LLC.

50.   At all times material to this complaint, Defendant Wilson either personally performed or directed the complained-of conduct.

## **JURISDICTION**

51.   This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement and related claims pursuant to 17 U.S.C. §§ 101, *et. seq*. and 28 U.S.C. §§1331 and 1338(a).

52.   This Court has supplemental jurisdiction over Plaintiff's claims arising under the laws of the Great State of Florida pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Plaintiff's claims under federal

law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

53.     This Court has personal jurisdiction over Defendants.

**Personal Jurisdiction – Defendant Defcad**

54.     Pursuant to §§ 48.193(1)(a)(1), (1)(a)(6)(a), and (1)(a)(6)(b), Fla. Stat., Defendant Defcad is subject to general personal jurisdiction in the Middle District of Florida because it is engaged in substantial and not isolated activity in Florida, namely advertising and selling works such as the infringing works to the State of Florida.

55.     Pursuant to §§ 48.193(1)(a)(1), (1)(a)(6)(a), and (1)(a)(6)(b), Fla. Stat., Defendant Defcad is subject to specific personal jurisdiction in the Middle District of Florida because it committed a tortious act within the State of Florida, including but not limited to the distribution and sale of Plaintiff's copyrighted works on its website, which could be and were accessed by Floridians, including Plaintiff.

**Personal Jurisdiction – Defendant Defense Distributed**

56.     Pursuant to §§ 48.193(1)(a)(1), (1)(a)(6)(a), and (1)(a)(6)(b), Fla. Stat., Defendant Defense Distributed is subject to general personal jurisdiction in the Middle District of Florida because it is engaged in substantial activity

in Florida, including but not limited to advertising, selling, and delivering works such as the infringing works to the State of Florida.

57.     Pursuant to §§ 48.193(1)(a)(1), (1)(a)(6)(a), and (1)(a)(6)(b), Fla. Stat., Defendant Defense Distributed is subject to specific personal jurisdiction in the Middle District of Florida because it committed tortious acts in Florida, including but not limited to the distribution of Plaintiff's copyrighted works on its website, which could be and were accessed by Floridians, including Plaintiff.

58.     Pursuant to §§ 48.193(1)(a)(1), (1)(a)(6)(a), and (1)(a)(6)(b), Fla. Stat., Defendant Defense Distributed is subject to specific personal jurisdiction in the Middle District of Florida because it committed tortious acts in Florida, including but not limited to the sale of copies of Plaintiff's works, which could be and were purchased by Floridians, including by Plaintiff.

**Personal Jurisdiction – Dioskouroi LLC**

59.     Pursuant to §§ 48.193(1)(a)(1), (1)(a)(6), and (1)(a)(6)(b), Fla. Stat., Defendant Dioskouroi LLC is subject to general personal jurisdiction in the Middle District of Florida because it is engaged in substantial activity in Florida, including but not limited to advertising, selling, and delivering works such as the infringing works to the state of Florida.

60.     Pursuant to §§ 48.193(1)(a)(1), (1)(a)(6)(a), and (1)(a)(6)(b), Fla. Stat., Defendant Dioskouroi LLC is subject to specific personal jurisdiction in

the Middle District of Florida because it committed tortious acts in Florida, including but not limited to the distribution of Plaintiff's copyrighted works on its website, which could be and were accessed by Floridians, including Plaintiff.

61.     Pursuant to §§ 48.193(1)(a)(1), (1)(a)(6)(a), and (1)(a)(6)(b), Fla. Stat., Defendant Dioskouroi LLC is subject to specific personal jurisdiction in the Middle District of Florida because it committed tortious acts in Florida, including but not limited to the sale of copies of Plaintiff's works, which could be and were purchased by Floridians, including by Plaintiff.

**Personal Jurisdiction – Defendant Wilson**

62.     Pursuant to §§ 48.193(1)(a)(1), (1)(a)(6)(a), and (1)(a)(6)(b), Fla. Stat., Defendant Wilson is subject to specific personal jurisdiction in the Middle District of Florida because he committed tortious acts in Florida, including but not limited to the distribution of Plaintiff's copyrighted works on his websites, by his companies, which he directs, which could be and were accessed by Floridians, including Plaintiff.

63.     Pursuant to §§ 48.193(1)(a)(1), (1)(a)(6)(a), and (1)(a)(6)(b), Fla. Stat., Defendant Wilson is subject to specific personal jurisdiction in the Middle District of Florida because his tortious acts caused injury to persons and property in Florida, including but not limited to the libelous statements he wrote on the DDLegio blog and elsewhere.

64.    Pursuant to §§ 48.193(1)(a)(1), (1)(a)(6)(a), and (1)(a)(6)(b), Fla. Stat., Defendant Wilson is subject to specific personal jurisdiction in the Middle District of Florida because he directed the jurisdictionally relevant acts of the Business Entity co-Defendants, and otherwise because Defcad and Defense Distributed are at a minimum his alter egos.

65.    Pursuant to §§ 48.193(1)(a)(1), (1)(a)(6)(a), and (1)(a)(6)(b), Fla. Stat., Defendant Wilson is subject to general jurisdiction in the Great State of Florida because the Business Entity Defendants are his alter egos, and is thus subject to general jurisdiction on the same grounds as any of the Business Entity Defendants.

## VENUE

66.    Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391(b)(2).

## BACKGROUND

67.    Defendant Wilson founded Defense Distributed in October of 2012.

68.    Defcad was founded in March of 2013.

69.    Around March of 2020, Defcad began to invite authors to upload their works to its site.

70.    In addition, Defcad began to download works it came across on the Internet and redistribute them on Defcad.com without authorization.

71.    Around March of 2020, Defcad began to require prospective downloaders to first purchase a membership from ddlegio.com. (a "Legio membership").

72.    The price of a Legio membership has varied, but typically costs about 60 United States Dollars per year.

73.    Concurrent with Defcad's March of 2020 changes, Defense Distributed began offering for sale physical USB drives containing many of the same works distributed on Defcad.

74.    Through the blogs on the respective corporations' websites, the corporations post announcements and news concerning their operations.

75.    Through these blog posts, Defendants Defcad and Defense Distributed have boasted about the publication of Plaintiff's copyrighted files.[2]

76.    These posts go as far as to acknowledge that publishing Plaintiff's works of authorship is prohibited by copyright law.

77.    These posts are authored in whole or in part by Defendant Wilson.

---

[2] https://defcad.com/blog/the-plastikov-v4-and-back-flag-white-paper/ ("The Plastikov v4 is now on DEFCAD. The Plastikov v4 documentation and images are also available.")

*see also* https://ddlegio.com/busting-the-fudd-busters-part-ii/ ("If images can be "property" and if employers can be "authors," as the Copyright Act and Gatalog Foundation insist, then there's no possible controversy. And we know Fudd Busters understands this. In his own Copyright Office REGISTRATION OF THE SF5 3D GUN FILES, he has clearly listed himself as an employer who commissioned work-for-hire drawings. The SF5 is officially a "work-for-hire" product, and its registration denies Fudd Busters' underling his proper, public credit. I will fix this.")

78.   Defcad has an employee upload infringing works to the site, and Defcad.com's administrators update the web pages hosting the works to associate a "creator" with the file – which gives the appearance of the files having been uploaded by their "creator", when in reality these files were uploaded without the creator's permission.

## FACTS COMMON TO ALL CLAIMS OF INFRINGEMENT (CHRONOLOGICAL)

79.   Each named infringement below, unless otherwise specified, consists of the unauthorized reproduction and distribution of one of Plaintiff's owned and copyrighted works.

80.   For each of the works at issue in this matter, Plaintiff either holds a copyright registration certificate or has a pending timely copyright registration filing from the United States Copyright Office.

81.   On or about March 17, 2022, Defendant Wilson caused Plaintiff's photographs to be uploaded to Defcad.com.[3] ("the Amigo Grande infringement").

82.   Defcad required a paid Legio membership to download the Amigo Grande infringement.

---

[3] https://defcad.com/library/b04ef13c-b5ba-46a1-8270-f879e9581b1c/, archived at: https://web.archive.org/web/20231227052221/https://defcad.com/library/b04ef13c-b5ba-46a1-8270-f879e9581b1c/

83.    The Amigo Grande infringement contains exact, unauthorized reproductions of one hundred of Plaintiff's registered photographic visual arts works that depict the Amigo Grade, and which have a United States Copyright Office (USCO) registration number of VA0002381513.

84.    On or about October 13, 2023, Defendant Wilson uploaded or caused to be uploaded "Matthew's Patent Project 99" to Defcad.com.[4] ("the MPP99 infringement.")

85.    Defcad required a paid Legio membership to download the MPP99 infringement.

86.    The MPP99 infringement contains exact, unauthorized reproductions of sixty-three of Plaintiff's registered photographic visual arts works that depict the MPP99, and which have a USCO registration number of VA0002381513.

87.    The MPP99 infringement contains an exact, unauthorized reproduction of one of Plaintiff's registered visual arts works, namely a 3D model depicting a handgun frame, which has a USCO registration number of VA0002385899.

---

[4] https://defcad.com/library/matthews-patent-project-99/, archived at: https://web.archive.org/web/20231227052121/https://defcad.com/library/d3ac8ffb-3814-4c8a-8402-ccd71d8604db/

88.     The MPP99 infringement contains an exact, unauthorized reproduction of one of Plaintiff's registered literary works, written documentation concerning the MPP99, which has a USCO registration number of TX0009358088.

89.     On or about October 13, 2023, Defendant Wilson uploaded or caused to be uploaded "BUBAR10" to Defcad.com.[5] ("the BUBAR infringement").

90.     Defcad required a paid Legio membership to download the BUBAR infringement.

91.     The BUBAR infringement contains exact, unauthorized reproductions of fourteen of Plaintiff's registered photographic visual arts works that depict the BUBAR, and which have a USCO registration number of VA0002381769.

92.     On or about October 13, 2023, Defendant Wilson uploaded or caused to be uploaded "The KF5" to Defcad.com.[6] ("the KF5 infringement").

93.     Defcad required a paid Legio membership to download the KF5 infringement.

---

[5] https://defcad.com/library/e226a55b-7817-49f7-b839-cb65b7f01045/, archived at: https://web.archive.org/web/20231227051907/https://defcad.com/library/e226a55b-7817-49f7-b839-cb65b7f01045/
[6] https://defcad.com/library/the-kf5-1/, archived at: https://web.archive.org/web/20240710193631/https://defcad.com/library/the-kf5-1/

94.    The KF5 infringement contains exact, unauthorized reproductions of sixteen of Plaintiff's registered photographic visual arts works that depict the KF5, and which have a USCO registration number of VA0002381769.

95.    On or about October 13, 2023, Defendant Wilson listed, or caused to be listed, USB drives containing the KF5 infringement, the Amigo Grande infringement, and the MPP99 infringement on Ghostguns.com.[7]

96.    From October 13, 2023, Defendants Defendant Wilson and Defense Distributed have continued to offer for sale, and sell, USB drives containing unauthorized reproductions of the KF5 infringement, the Amigo Grande infringement, and the MPP99 infringement, and delivered them by mail to individuals in the Great state of Florida and nationwide.

97.    On or about December 7th, 2023, Defendant Wilson uploaded or caused to be uploaded "The SF5" to Defcad.com. ("the SF5 infringement").[8]

98.    On December 7, 2023, Defendant Wilson posted, or caused to be posted an article titled "SF5, 'El Ratto', & Yeet22" to the Defcad.com blog. In

---

[7] https://ghostguns.com/the-gatalog-usb/, https://ghostguns.com/matthews-patent-project-99-by-the-gatalog/, archived at:
https://web.archive.org/web/20240830022125/https://ghostguns.com/the-gatalog-usb/,
https://web.archive.org/web/20240830022252/https://ghostguns.com/matthews-patent-project-99-by-the-gatalog/
[8] https://defcad.com/library/531a3626-c438-455c-a475-7c7a98a69bb2/, archived at:
https://web.archive.org/web/20231227051448/https://defcad.com/library/531a3626-c438-455c-a475-7c7a98a69bb2/

this post, Defendant Wilson acknowledges "this week we've seen the upload of the SF5".[9]

99.    Defcad required a paid Legio membership to download the SF5 infringement.

100.   The SF5 infringement contains exact, unauthorized reproductions of 50 registered photographic visual arts works that depict the SF5, and which have a USCO registration number of VA0002381769.

101.   The SF5 infringement contains an exact, unauthorized reproduction of one of Plaintiff's registered visual arts works, namely a 3D model depicting a gun, the SF5, which has a USCO registration number of VA0002385901.

102.   The SF5 infringement contains an exact, unauthorized reproduction of one of Plaintiff's registered literary works, a written "readme" concerning the SF5, which has a USCO registration number of TX0009372199.

103.   The SF5 infringement contains another exact, unauthorized reproduction of one of Plaintiff's registered literary works, namely written documentation concerning the SF5, which has a USCO registration number of TX0009372196.

---

[9] https://defcad.com/blog/sf5-and-el-ratto/, archived at:
https://web.archive.org/web/20240830014554/https://defcad.com/blog/sf5-and-el-ratto/

104.    Two of the works copied in the SF5 infringement contain hidden "watermarks", which leave no doubt as to the fact that these works were copied.[10] Images of these watermarks can be seen below.



Not Licensed for Commercial Use, Subscription, or Sale.

Copyright 2023 Matt Larosiere.

105.    Additionally, the works copied in the SF5 infringement contain substantial affixed copyright notices which clearly indicated that the works were copyrighted. Images of these notices can be seen below.

No files or models Licensed for Commercial Use, Subscription, or Sale. Copyright 2023 Matt Larosiere.

---

[10] The work registered under TX0009372196 includes invisible disclaimer text, the work registered under VA0002385901 includes a small 3D visual model that depicts disclaimer text

```
Walls: 8 walls recommended
Nozzle: 0.4mm
Layer Height: 0.15mm
Temp: 230/60C
Infill: Ideally 100% - though if you use 8 walls you can use much lower infill - this has been tested at 20% infill and 8 walls, if you are trying to set a low weight record.
Supports: On/full (tree supports are ok)
No files or models licensed for Commercial Use, Subscription, or Sale. Copyright 2023 Matt Larosiere.
Cooling fan: 20% normal, 50% on bridges. Off for the first 20 layers. Keep the fan low to prevent warp (this is a guideline, your settings may vary).
Bed Adhesion: gluestick or hairspray - since the big sections of this print have small footprints on the bed, using plenty of gluestick or hairspray is recommended.

All other settings can/should be left as default or whatever you know works best with your printing setup.
```

106.   Plaintiff became aware of the Amigo Grande infringement on or about December 10, 2023.

107.   Plaintiff became aware of the MPP99 infringement on or about December 10, 2023.

108.   Plaintiff became aware of the BUBAR infringement on or about December 10, 2023.

109.   Plaintiff became aware of the KF5 infringement on or about December 10, 2023.

110.   Plaintiff became aware of the SF5 infringement on or about December 10, 2023.

111.   On or about December 10, 2023, from a computer located in Orange County, Florida, Plaintiff accessed Defendant's Defcad website and downloaded the Amigo Grande infringement.

112.   On or about December 10, 2023, from a computer located in Orange County, Florida, Plaintiff accessed Defendant's Defcad website and downloaded the MPP99 infringement.

113.   On or about December 10, 2023, from a computer located in Orange County, Florida, Plaintiff accessed Defendant's Defcad website and downloaded the BUBAR infringement.

114.   On or about December 10, 2023, from a computer located in Orange County, Florida, Plaintiff accessed Defendant's Defcad website and downloaded the KF5 infringement.

115.   On or about December 10, 2023, from a computer located in Orange County, Florida, Plaintiff accessed Defendant's Defcad website and downloaded the SF5 infringement.

116.   Plaintiff filed the works copied in the Amigo Grande infringement with USCO on December 23, 2023.

117.   The effective date of registration for the works infringed in the Amigo Grande infringement is December 23, 2023.

118.   Defendants Wilson, Defcad, Defense Distributed, and Dioskouroi LLC have continued to reproduce and distribute the Amigo Grande infringement, including all registered works therein, up to and including the present day.

119.   Plaintiff filed the works copied in the MPP99 infringement with USCO on December 23, 2023.

120.   The effective date of registration for the works infringed in the MPP99 infringement is December 23, 2023.

121.   Defendants Wilson, Defcad, Defense Distributed, and Dioskouroi LLC have continued to reproduce and distribute the MPP99 infringement, including all registered works therein, up to and including the present day.

122.   Plaintiff filed the works copied in the BUBAR infringement with USCO on December 23, 2023.

123.   The effective date of registration for the works infringed in the BUBAR infringement is December 23, 2023.

124.   Defendants Wilson and Defcad have continued to reproduce and distribute the BUBAR infringement, including all registered works therein, up to and including the present day.

125.   Plaintiff filed for a certificate of registration of the works copied in the KF5 infringement with USCO on December 23, 2023.

126.   The effective date of registration for the works infringed in the KF5 infringement is December 23, 2023.

127.   Defendants Wilson, Defcad, Defense Distributed, and Dioskouroi LLC have continued to reproduce and distribute the KF5 infringement, including all registered works therein, up to and including the present day.

128.   Plaintiff filed for a certificate of registration of the works copied in the SF5 infringement with USCO on December 23rd and 24th, 2023, within three months of initial publication of the works copied by the SF5 infringement.

129.    The effective date of registration for the works infringed in the SF5 infringement are December 23 and 24, 2023.

130.    Defendants have continued to reproduce and distribute the SF5 infringement, including all registered works therein, up to and including the present day.

131.    On April 25, 2024, Defendant Wilson posted or caused to be posted an article titled "MAC-11 and The Leaderboard" to the Defcad blog[11] (the "April 25 blog post").

132.    In the April 25 blog post, Defendant Wilson acknowledges that the "SF5 STEP files" were registered "with the Copyright Office."

133.    On or about May 23rd, 2024, Defendant Wilson uploaded or caused to be uploaded "Plastikov V4" to Defcad.com.[12] ("the PV4 infringement").

134.    Defcad required a paid Legio membership to download the PV4 infringement.

135.    The PV4 infringement contains an exact, unauthorized reproduction of one of Plaintiff's registered literary works, a written "readme" concerning the Plastikov V4, which has a USCO registration number of TX0009413646.

---

[11] https://defcad.com/blog/mac-11-and-the-leaderboard/, archived at:
https://web.archive.org/web/20240830031049/https://defcad.com/blog/mac-11-and-the-leaderboard/"https://web.archive.org/web/20240830031049/https://defcad.com/blog/mac-11-and-the-leaderboard/
[12] https://defcad.com/library/plastikov-v4/, archived at:
https://web.archive.org/web/20240723221550/https://defcad.com/library/plastikov-v4/

136. The PV4 infringement contains another exact, unauthorized reproduction of one of Plaintiff's registered literary works, written documentation concerning the Plastikov V4, which has a USCO registration number of TX0009403056.

137. The PV4 infringement contains exact, unauthorized reproductions of sixty-one of Plaintiff's photographic visual arts works that depict the Plastikov V4. Registration of these photographs is pending with the USCO.

138. The PV4 infringement contains an unauthorized reproduction of one of Plaintiff's registered visual arts work, namely 3D models depicting parts of a firearm, the Plastikov V4, registration of which is pending with the USCO. The reproduction is exact, save for the intentional removal of a copyright notice.

139. The works copied in the PV4 infringement contained copyright disclaimers which clearly indicated that the works were copyrighted.

140. Plaintiff became aware of the PV4 infringement on or about May 23, 2024.

141. On or about May 23, 2024, from a computer located in Orange County, Florida, Plaintiff accessed Defendant's Defcad website and downloaded the PV4 infringement.

142.   On or about May 23, 2024, Defendant Wilson posted a manifesto titled "Black Flag White Paper".[13] ("Wilson's manifesto")

143.   Defendant Wilson's Defcad.com cites Wilson's manifesto as "Wilson, Cody R. Black Flag White Paper, 2024".[14]

144.   Wilson's manifesto is available for sale on Amazon.com, with "Cody Wilson" listed as the author.[15]

145.   In Wilson's manifesto, Defendant Wilson admits to personally removing or having caused the removal of one of the copyright disclaimers from the works copied in the PV4 infringement that was reproduced on Defcad.com.

146.   In Wilson's manifesto, Defendant Wilson complains at length that individuals have asserted their copyright rights against him.

147.   In Wilson's manifesto, Defendant Wilson recognizes that in December of 2023, Plaintiff "registered their files with the U.S. Copyright Office."

148.   In Wilson's manifesto, Defendant Wilson admits that Plaintiff's "build guide is copyrightable."

---

[13] https://defcad.com/blog/the-plastikov-v4-and-back-flag-white-paper/, archived at https://web.archive.org/web/20240830034042/https://defcad.com/blog/the-plastikov-v4-and-back-flag-white-paper/
[14] https://defcad.com/opensource/, archived at: https://web.archive.org/web/20240830033107/https://defcad.com/opensource/
[15] https://www.amazon.com/dp/B0D5VXPJJV, archived at: https://web.archive.org/web/20240830033826/https://www.amazon.com/dp/B0D5VXPJJV

149.   In Wilson's manifesto, Defendant Wilson admits to removing the affixed copyright notice to the Plastikov registered 3D model, under the theory that "the only copyrightable part of the design is the copyright statement itself."

150.   In Wilson's manifesto, Defendant Wilson identifies a website that he created or caused to be created which presents a mock version of the USCO's public records website.[16] ("the fedcad website")

151.   The fedcad website lists the Amigo Grande infringement, the MPP99 infringement, the SF5 infringement, and the PV4 infringement.

152.   The fedcad website acknowledges that the works that Defendant Wilson, through Defcad, reproduced or caused to be reproduced, were reproduced in violation of the law.

153.   On May 24, 2024, Defendant Wilson announced Wilson's manifesto on the DDLegio blog.[17]

154.   In the May 24, 2024, blog post, Defendant Wilson wrote "The reason you don't sue is because you got the law wrong on copyright. That and because you're a huge pussy. Anyway, I wrote a paper to commemorate the great pirates who lit our way. They pillaged so we could plunder."

---

[16] https://www.fedcad.com/database.html, archived at:
https://web.archive.org/web/20240830034655/https://www.fedcad.com/database.html
[17] https://ddlegio.com/the-gatalog-foundation/, archived at:
https://web.archive.org/web/20240830043843/https://ddlegio.com/the-gatalog-foundation/

155.   On May 27, 2024, using a pseudonym, Plaintiff purchased a USB drive advertised as "The Gatalog – USB" from Ghostguns.com.[18] ("the May 27 purchase".)

156.   One day later, on May 28, 2024, Defendant Wilson shipped or caused to be shipped the May 27 purchase to Plaintiff in Florida.

157.   On May 31, 2024, Plaintiff received the May 27 purchase.

158.   The shipment of the May 27 purchase contained a USB drive, a receipt, and a sticker advertising Ghostguns.com.

159.   The USB drive contained in the May 27 purchase included an unauthorized digital reproduction of the KF5 infringement, the Amigo Grande infringement, and a copy of Wilson's manifesto.

160.   From June 1, 2024, until at least July 17, 2024, GhostGuns.com sent Plaintiff advertisements via email. These advertisements included offers for the sale of USB drives containing infringing copies of the works present in the May 27 purchase.

161.   Plaintiff filed for a certificate of registration of the works copied in the PV4 infringement with USCO on June 8, 2024, within three months of initial publication of the works copied by the PV4 infringement.

---

[18] https://ghostguns.com/the-gatalog-usb/, archived at:
https://web.archive.org/web/20240830044207/https://ghostguns.com/the-gatalog-usb/

162.   On or about July 8, 2024, Defendant Wilson listed for sale, or caused to be listed for sale, USB drives containing the PV4 infringement on Ghostguns.com.

163.   On or about July 10, 2024, from a computer located in Orange County, Florida, Plaintiff purchased two USB drives from Ghostguns.com ("the July 10 purchase"). This time, Plaintiff ordered the USBs to his office in Orange County, Florida, using his own name and email address.

164.   One USB drive was advertised as "PLASTIKOV V4 – USB BY THE GATALOG". This USB drive was advertised as containing an unauthorized digital reproduction of the PV4 infringement.

165.   The other USB drive in the July 10 purchase was advertised as "The Gatalog – USB" (the same item Plaintiff had purchased in the May 27 purchase).

166.   When Plaintiff selected the option to use a credit card to pay for the July 10 purchase, he was redirected to PrecursorParts.com to complete the purchase, where Plaintiff completed the purchase.

167.   Plaintiff received an order confirmation for the July 10 purchase from PrecursorParts.com on July 10, 2024.

168.   On or about July 13th, 2024, Defendant Wilson posted or caused to be posted "the Hitchhiker" to Defcad.com, which contained unauthorized reproductions of all sixty-five works of authorship Plaintiff published and filed

a timely USCO application for on July 10th, 2024.[19] ("the Hitchhiker infringement")

169. The Hitchhiker infringement contains an exact, unauthorized reproduction of one of Plaintiff's registered literary works, written documentation concerning the Hitchhiker, which has a USCO registration number of TX0009412695.

170. The Hitchhiker infringement contains an unauthorized reproduction of Plaintiff's three-dimensional visual art work, namely 3D models depicting parts of a firearm, the Hitchhiker, registration of which is pending with the USCO. The reproduction is exact, save for the removal of a copyright notice.

171. The Hitchhiker infringement contains exact, unauthorized reproductions of sixty-three of Plaintiff's photographic works of the visual arts that depict the Hitchhiker. Registration of these photographs is pending with the USCO.

172. Defcad required a paid Legio membership to download the Hitchhiker infringement.

173. The works copied by Defendant Wilson in the Hitchhiker infringement had affixed copyright notices.

---

[19] https://defcad.com/library/the-hitchhiker/, archived at:
https://web.archive.org/web/20240830184349/https://defcad.com/library/the-hitchhiker/

174.   On or about July 13, 2024, Plaintiff became aware of the Hitchhiker infringement.

175.   On or about July 13, 2024, from a computer located in Orange County, Florida, Plaintiff accessed Defendant's DefCad website and downloaded the Hitchhiker infringement.

176.   The registered works copied by Defendant Wilson in the Hitchhiker infringement contained hidden watermarks and other unique features which are present in the files downloaded from Defcad.

177.   The following image depicts the three-dimensional work created by Plaintiff as it was published and registered:



178.   Similarly to the PV4 infringement, Defendant Wilson removed the copyright notice from the registered 3D model he copied from Plaintiff and reproduced on Defcad.

179.   The following image depicts the same three-dimensional work in the Hitchhiker infringement that Defendant Wilson distributed through Defcad:



180.   The models, the watermarks, and the specific spacing of individual three-dimensional components in the Hitchhiker infringement are exactly the same as Plaintiff's registered three-dimensional work.

181.   On the Defcad web page advertising the Hitchhiker infringement, the "about" section features a word-for-word copying of the "theory of the project" page of Plaintiff's registered textual work.[20]

182.   On or about July 22, 2024, Plaintiff had not yet received the July 10 purchase, in contrast to the May 27 purchase which was shipped the next

---

[20] USCO registration number TX0009412695

day and delivered within 4 days. Plaintiff contacted Ghostguns.com's customer support.

183.  On  July  22,  2024,  Plaintiff  received  a  reply  from support@ghostgunner.net which stated that a support ticket had been entered to resolve the failure to deliver the July 10 purchase. This reply included a footnote indicating the reply was a service from "Precursor Parts".

184.  Plaintiff has still not received the July 10 purchase as of the filing of this complaint.

185.  On or about August 1, 2024, Plaintiff attempted a new order from Ghostguns.com, consisting of the same two USBs at issue in the July 10 purchase ("the August 1 purchase").

186.  During the August 1 purchase, when Plaintiff entered any information containing his name, office address, email, or phone number, the Ghostguns.com website prevented him from completing checkout.

187.  When Plaintiff entered an alias for his name, his adjoining office address, and an alternate email and phone number, the Ghostguns.com website allowed him to complete the purchase.

188.  On August 1, 2024, Ghostguns.com sent Plaintiff an order confirmation for the August 1 purchase.

189.  On August 1, 2024, Plaintiff made payment for the August 1 purchase, and said payment was accepted by Defense Distributed.

190.   On August 5, 2024, GhostGuns.com shipped the August 1 purchase to Defendant via USPS. ("the August 5 shipment").

191.   Defendant Wilson blacklisted or caused to be blacklisted Plaintiff's personally identifying information from his web stores in an attempt to frustrate Plaintiff from getting proof of Defendant Wilson's, and through him the Business Entity Defendants', infringing activity.

192.   On August 8, 2024, Plaintiff received the August 5 shipment.

193.   Unlike the May 27 purchase, the August 5 shipment did not include a sticker advertising Ghostguns.com or a receipt.

194.   Unlike the USB drive delivered in the May 27 purchase, and in contrast to what was ordered and advertised in the August 1 purchase, the USB drive in the August 5 shipment contained only a PDF copy of Thomas Jefferson's notes on the State of Virginia, plus system volume information.

195.   Based on information and belief, Defendant Wilson, knowing it was Plaintiff making the order, intentionally and fraudulently made the August 5 shipment different from what was ordered in the August 1 purchase.

## FIRST CAUSE OF ACTION
## <u>COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501</u>

196.   Plaintiff repeats and re-alleges all paragraphs concerning Defendant Wilson's and the Business Entity Defendants' copying of Plaintiff's registered works, specifically paragraphs 3 through 6, 8 through 46, and 61 through 179 inclusive, as if fully set forth herein.

197.   At all times relevant hereto, Plaintiff has been the owner of the photographic, visual, and textual works reproduced, distributed, sold, offered for sale, and publicly displayed by Defendants. Plaintiff published each work prior to Defendants' infringing activity.

198.   For each of the works cited in this cause of action, Plaintiff holds a copyright registration certificate from the United States Copyright Office.

<u>COUNT 1: COPYRIGHT INFRINGMENT AS TO DEFENDANT DEFCAD</u>

199.   Without authorization, Defendant DEFCAD, Inc., reproduced and distributed the following Plaintiff-owned and copyrighted works:

> a.   From at least October 13, 2023, and continuing to the present day, one-hundred-and-sixty-three (163) photographic visual art works that depict the Amigo Grande and MPP99, and which are registered under VA0002381513.

b. From at least October 13, 2023, and continuing to the present day, a literary work (written documentation concerning a pistol project) registered under TX0009358088.

c. From at least October 13, 2023, and continuing to the present day, a three-dimensional visual art work (3D model of the MPP99) registered under VA0002385899.

d. From at least October 13, 2023, and continuing to the present day, fourteen (14) photographic visual art works that depict the BUBAR, and which are registered under VA0002381769.

e. From at least October 13, 2023, and continuing to the present day, an additional sixteen (16) photographic visual art works that depict the KF5, and which are registered under VA0002381769.

f. From at least December 7, 2023, and continuing until the present day, an additional thirty-four (34) photographic visual art works that depict the SF5, and which are registered under VA0002381769.

g. From at least December 7, 2023, and continuing until the present day, a three-dimensional visual art work (SF5 3D model) registered under VA0002385901.

h. From at least December 7, 2023, and continuing until the present day, a literary work (written "readme" concerning the SF5) registered under TX0009372199.

i. From at least December 7, 2023, and continuing until the present day, a literary work (written documentation concerning the SF5) registered under TX0009372196.

j. From at least May 23, 2024, and continuing until the present day, a literary work (written documentation concerning the Plastikov v4) registered under TX0009403056.

k. From at least May 23, 2024, and continuing until the present day, a literary work (written "readme" concerning the Plastikov v4) registered under TX0009413646.

l. From at least July 13 2024, and continuing until the present day, a literary work (written documentation concerning the Hitchhiker) registered under TX0009412695.

200. Plaintiff did not authorize Defendant's copying, display, or distribution of Plaintiff's works.

201. As a result of its wrongful conduct, Defendant is liable to Plaintiff for copyright infringement pursuant to 17 U.S.C. § 501. Plaintiff has suffered, and will continue to suffer, substantial losses, including but not limited to damage to his business reputation and goodwill.

202. Plaintiff is entitled to recover damages including any and all profits Defendant has made as a result of its wrongful conduct. 17 U.S.C. §504, and in the alternative, statutory damages pursuant to 17 U.S.C. § 504(c).

## COUNT 2: COPYRIGHT INFRINGEMENT AS TO DEFENDANT DEFENSE DISTRIBUTED

203. Without authorization, Defendant DEFENSE DISTRIBUTED reproduced and distributed the following Plaintiff-owned and copyrighted works:

    a. From at least October 13, 2023, and continuing to the present day, one-hundred-and-sixty-three (163) photographic visual art works that depict the Amigo Grande and MPP99, and which are registered under VA0002381513.

    b. From at least October 13, 2023, and continuing to the present day, a literary work (written documentation concerning a pistol project) registered under TX0009358088.

    c. From at least October 13, 2023, and continuing to the present day, a three-dimensional visual art work (3D model of the MPP99) registered under VA0002385899.

    d. From at least October 13, 2023, and continuing to the present day, (16) photographic visual art works that depict the KF5, and which are registered under VA0002381769.

e.  From at least May 23, 2024, and continuing until the present day, a literary work (written documentation concerning the Plastikov v4) registered under TX0009403056.

f.  From at least May 23, 2024, and continuing until the present day, a literary work (written "readme" concerning the Plastikov v4) registered under TX0009413646.

204.  Plaintiff did not authorize Defendant's copying, display, or distribution of Plaintiff's works.

205.  As a result of its wrongful conduct, Defendant is liable to Plaintiff for copyright infringement pursuant to 17 U.S.C. § 501. Plaintiff has suffered, and will continue to suffer, substantial losses, including but not limited to damage to his business reputation and goodwill.

206.  Plaintiff is entitled to recover damages including any and all profits Defendant has made as a result of its wrongful conduct. 17 U.S.C. §504, and in the alternative, statutory damages pursuant to 17 U.S.C. § 504(c).

## COUNT 3: COPYRIGHT INFRINGEMENT AS TO DEFENDANT DIOSKOUROI LLC

207.  Without authorization, Defendant DIOSKOUROI LLC reproduced and distributed the following Plaintiff-owned and copyrighted works:

a.  From at least October 13, 2023, and continuing to the present day, one-hundred-and-sixty-three (163) photographic visual art

works that depict the Amigo Grande and MPP99, and which are registered under VA0002381513.

b. From at least October 13, 2023, and continuing to the present day, a literary work (written documentation concerning a pistol project) registered under TX0009358088.

c. From at least October 13, 2023, and continuing to the present day, a three-dimensional visual art work (3D model of the MPP99) registered under VA0002385899.

d. From at least October 13, 2023, and continuing to the present day, (16) photographic visual art works that depict the KF5, and which are registered under VA0002381769.

e. From at least May 23, 2024, and continuing until the present day, a literary work (written documentation concerning the Plastikov v4) registered under TX0009403056.

f. From at least May 23, 2024, and continuing until the present day, a literary work (written "readme" concerning the Plastikov v4) registered under TX0009413646.

208. Plaintiff did not authorize Defendant's copying, display, or distribution of Plaintiff's works.

209. As a result of its wrongful conduct, Defendant is liable to Plaintiff for copyright infringement pursuant to 17 U.S.C. § 501. Plaintiff has suffered,

and will continue to suffer, substantial losses, including but not limited to damage to his business reputation and goodwill.

210. Plaintiff is entitled to recover damages including any and all profits Defendant has made as a result of its wrongful conduct. 17 U.S.C. §504, and in the alternative, statutory damages pursuant to 17 U.S.C. § 504(c).

## COUNT 4: COPYRIGHT INFRINGEMENT AS TO DEFENDANT WILSON

211. Without authorization, Defendant Wilson, himself and through his alter ego business entities, reproduced and distributed, or caused to be reproduced and distributed, the following Plaintiff-owned and copyrighted works:

    a. From at least October 13, 2023, and continuing to the present day, one-hundred-and-sixty-three (163) photographic visual art works that depict the Amigo Grande and MPP99, and which are registered under VA0002381513.

    b. From at least October 13, 2023, and continuing to the present day, a literary work (written documentation concerning a pistol project) registered under TX0009358088.

    c. From at least October 13, 2023, and continuing to the present day, a three-dimensional visual art work (3D model of the MPP99) registered under VA0002385899.

d.  From at least October 13, 2023, and continuing to the present day, fourteen (14) photographic visual art works that depict the BUBAR, and which are registered under VA0002381769.

e.  From at least October 13, 2023, and continuing to the present day, an additional sixteen (16) photographic visual art works that depict the KF5, and which are registered under VA0002381769.

f.  From at least December 7, 2023, and continuing until the present day, an additional thirty-four (34) photographic visual art works that depict the SF5, and which are registered under VA0002381769.

g.  From at least December 7, 2023, and continuing until the present day, a three-dimensional visual art work (SF5 3D model) registered under VA0002385901.

h.  From at least December 7, 2023, and continuing until the present day, a literary work (written "readme" concerning the SF5) registered under TX0009372199.

i.  From at least December 7, 2023, and continuing until the present day, a literary work (written documentation concerning the SF5) registered under TX0009372196.

      j. From at least May 23, 2024, and continuing until the present day, a literary work (written documentation concerning the Plastikov v4) registered under TX0009403056.

      k. From at least May 23, 2024, and continuing until the present day, a literary work (written "readme" concerning the Plastikov v4) registered under TX0009413646.

      l. From at least July 13 2024, and continuing until the present day, a literary work (written documentation concerning the Hitchhiker) registered under TX0009412695.

212. Plaintiff did not authorize Defendants' copying, display, or distribution of Plaintiff's works.

213. As a result of his wrongful conduct, Defendant is liable to Plaintiff for copyright infringement pursuant to 17 U.S.C. § 501. Plaintiff has suffered, and will continue to suffer, substantial losses, including but not limited to damage to his business reputation and goodwill.

214. Plaintiff is entitled to recover damages including any and all profits Defendants have made as a result of their wrongful conduct. 17 U.S.C. §504, and in the alternative, statutory damages pursuant to 17 U.S.C. § 504(c).

AS TO COUNTS 1 THROUGH 4: Defendant Wilson Willfully Infringed Plaintiff's Registered Copyrights

215.  Defendant Wilson and the Business Entity Defendants infringed the copyrights in Plaintiff's creative works by reproducing, distributing, and/or publicly displaying the works by and through various Defendant Wilson-owned-and-operated websites, blogs, and online stores without proper approval or authorization of Plaintiff.

216.  On March 1st, 2024, Defendant Wilson uploaded or caused to be uploaded "GunCAD: History and Value" to the Defense Distributed YouTube channel. https://www.youtube.com/watch?v=V7iuyS5WMEs ("the March 1st video"), wherein Defendant Wilson speaks at length.

217.  In the March 1st video, Defendant Wilson discusses his frustrations with individuals who have asked him to cease his unauthorized reproduction of their copyrighted works.

218.  In the March 1st video, Defendant Wilson states that "we resist copyright not just for historical reasons like, oh it's, you know, its origins are in censorship and, you know, it actually promoted piracy like, there are good libertarian stories, uh, for rejecting copyright specifically through—like Garrett mentioned about the First Amendment—copyright is an instrument of the modern capitalist state. Copyright is an excuse to assert and reduplicate, you know, new types of control, new types of subjugation under the law

through agencies of United Nations like the world leaders property organization, uh, the World Trade Organization, you know, things like [unintelligible] all these things, and we're fighting that, okay?"

219.   On June 3rd, 2024, Defendant Wilson acknowledged on his blog it had been "5,568 hours since" Plaintiff requested the removal of copyrighted works from Defendants' websites.

220.   On August 2, 2024, Defendant Wilson posted or caused to be posted "SF5 STEP Master Application for Copyright Registration." to Defcad.com. ("the SF5 post").

221.   The SF5 post contains a photocopy of a certified copy of "the very first federal registration of a 3D printable gun model, by none other than Matthew Larosiere Esquire. Federal registration dated 12/23/2023."

222.   The SF5 post goes on to state "3D models with copyright registrations require permission from the author before you may reprint them."

223.   The Business Entity Defendants were, at all times material to this matter, functioning as alter egos for Defendant Wilson.

224.   Defendants knew the infringed works belonged to Plaintiff and that they did not have permission to exploit Plaintiff's works.

225.   Defendant Wilson wrote a manifesto detailing his contempt for copyright, and for Plaintiff's rights.

226.   Defendant Wilson acknowledged and mocked Plaintiff's federal copyright registrations on multiple occasions.

227.   Defendants, in concert with or controlled by Defendant Wilson, went so far as to delete copyright notices from Plaintiff's visual art works.

228.   Defendants knew their acts constituted copyright infringement.

229.   Defendants' conduct was willful within the meaning of the Copyright Act.

230.   As a result of their wrongful conduct, Defendants are liable to Plaintiff for copyright infringement pursuant to 17 U.S.C. § 501. Plaintiff has suffered, and will continue to suffer, substantial losses, including but not limited to damage to his business reputation and goodwill.

231.   Plaintiff is entitled to recover damages including any and all profits Defendants have made as a result of their wrongful conduct. 17 U.S.C. §504, and in the alternative, statutory damages pursuant to 17 U.S.C. § 504(c).

232.   Because Defendants' infringement was willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. §504(c)(2).

233.   Plaintiff is eligible to recover his attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## SECOND CAUSE OF ACTION
### False Designation of Origin and
### <u>Unfair Competition Under 15 U.S.C. § 1125</u>

234. Plaintiff repeats and re-alleges the allegations set forth in paragraph 3-6, 8-50, 67-78, inclusive, and 131 as if fully set forth herein.

235. In violation of 15 U.S.C. §1125(a), Defendants have used in commerce a slogan, trade dress, word, name, symbol, device, or any combination thereof, or a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which was and is likely to cause confusion or to cause mistake, or to deceive consumers as to an affiliation, connection, or association with Plaintiff.

## <u>COUNT 5: FALSE DESIGNATION AND UNFAIR COMPETITION AS TO DEFENDANT WILSON, AND THROUGH HIM, THE BUSINESS ENTITY DEFENDANTS</u>

236. Beginning at latest December 7th, 2023, and continuing until the present day, Defendant Wilson changed or caused to be changed the description of "The Gatalog," a category present on his several websites, under which Defendant Wilson sells and distributes both digital works and physical goods. ("The Gatalog change").

237. As Part of The Gatalog change, Defendants referred to "The Gatalog" as "Owned and directed by Matt Larosiere."

238. Plaintiff Matthew Larosiere does not "own" or "direct" "The Gatalog."

239.  The corporate Defendants, by and through the direct actions of Defendant Wilson, knew or should have known the information in The Gatalog change was misrepresentative.

240.  DefCad.com, the website of Defendant Defcad, contains over one-hundred separate pages purporting to be authored by "The Gatalog," and thus misattributed to and affiliated with Plaintiff.

241.  Ghostguns.com, the website of Defendant Defense Distributed, contains at least thirteen pages that explicitly misattribute and affiliate Plaintiff by identifying Plaintiff as owning and directing "The Gatalog".

242.  On or about February 21, 2024, Defendant Wilson personally ordered Pablo Molina Diaz, an employee or contract employee of Defendant Wilson, to create a graphic containing a likeness of Plaintiff and to present the graphic as if Plaintiff had created it. ("the Molina-Diaz work").

243.  On or about February 21, 2024, Defendant Wilson uploaded or caused to be uploaded "Universal Guncad License" to the Defcad.com website. ("the February 21 post")

244.  The February 21 post was attributed as being created by "The Gatalog."

245.  The February 21 post contained the Molina-Diaz work and two wrongful copyright notices purporting to be a 2024 copyright of "The Gatalog," depicted below:



246.   The February 21 post, and the Molina-Diaz work, were designed and intended to misrepresent Plaintiff's association with defendants, to mock Plaintiff's racial background, and falsely associate Plaintiff with fascist ideology.

247.   On or about April 25, 2024, Defendant Wilson posted or caused to be posted "Gatalog MAC11/9 NDA" to Defcad.com[21] ("the MAC NDA post").

---

[21] https://defcad.com/library/gatalog-mac-119-nda/, archived at:
https://web.archive.org/web/20240830031202/https://defcad.com/library/gatalog-mac-119-nda/

248.   The MAC NDA post contained an edited version of a contract signed by Plaintiff.

249.   On April 25, 2024, Defendant Wilson posted or caused to be posted an article titled "MAC-11 and The Leaderboard" to the Defcad blog[22] (the "April 25 blog post").

250.   The April 25 blog post references and links to the MAC NDA post.

251.   In the April 25 blog post, Defendant Wilson claims that a model "was gatekept, but never released, by The Gatalog."

252.   In the April 25 blog post, Defendant Wilson claims that drawings were "hoarded" by Plaintiff, and refers to Plaintiff's agreement as "anti-competitive" and "illegal," then purports to "preserve" the document on Defcad.

253.   The PDF file bearing Plaintiff's signature in the MAC NDA post was intentionally edited by Defendant Wilson to mislead as to its purpose and effect, and to paint Plaintiff in a bad light.

254.   Defendant Wilson knew or should have known the statements he made in the April 25 blog post were materially misleading, because he himself edited the MAC NDA post to make Plaintiff appear to be "hoarding" information.

---

[22] https://defcad.com/blog/mac-11-and-the-leaderboard/, archived at: https://web.archive.org/web/20240830031049/https://defcad.com/blog/mac-11-and-the-leaderboard/"https://web.archive.org/web/20240830031049/https://defcad.com/blog/mac-11-and-the-leaderboard/

255.   In the April 25 blog post, Defendant Wilson acknowledges that the "SF5 STEP files" were registered "with the Copyright Office."

256.   Defendants have willfully infringed Plaintiff's copyrights, have falsely designated their infringements as being approved by or in affiliation with Plaintiff, and have made material misrepresentations and descriptions of fact and have falsely attributed numerous items as being those of Plaintiff.

257.   As a direct and proximate result of Defendants' willful misconduct, Plaintiff has suffered and continues to suffer irreparable harm to his reputation and business goodwill and associated common law rights.

258.   Unless Defendants are enjoined from further infringement of Plaintiff's works and from further false designations, Plaintiff will continue to be irreparably harmed.

## THIRD CAUSE OF ACTION
## UNAUTHORIZED PUBLICATION OF NAME OR LIKENESS IN VIOLATION OF §540.08, Fla. Stat.

259.   Plaintiff repeats and re-alleges the allegations set forth in paragraph 3 through 6, 8 through 50, 67 through 78, 131, and 236 through 256 inclusive, as if fully set forth herein.

COUNT 6: UNAUTHORIZED PUBLICATION OF NAME OR LIKENESS AS TO DEFENDANT WILSON, AND THROUGH HIM, DEFCAD AND DEFENSE DISTRIBUTED

260.   Defendant Wilson, and through him Defcad and Defense Distributed, in violation of §540.08, Fla. Stat., did, for purposes of trade or for

any commercial or advertising purpose, publish, print, or display the name, photograph or other likeness of Plaintiff without Plaintiff's express consent.

261.   Defendant Wilson, and through him Defcad and Defense Distributed, have used Plaintiff's name, photograph, or other likeness, have falsely designated their activity as being approved by or in affiliation with Plaintiff, and have made material misrepresentations and descriptions of fact and have falsely attributed numerous items as being those of Plaintiff.

262.   As a direct and proximate result of Defendants' willful misconduct, Plaintiff has suffered and continues to suffer irreparable harm to his reputation and business goodwill and associated common law rights.

263.   Plaintiff is entitled to injunctive relief from Defendants' unauthorized publication of his name and likeness.

264.   Plaintiff is entitled to the recovery of damages from Defendants' unauthorized publication of his name and likeness, including an amount which would have been a reasonable royalty, and punitive or exemplary damages where, as here, the conduct was willful.

## FOURTH CAUSE OF ACTION
## UNJUST ENRICHMENT, FLORIDA COMMON LAW

265.  Plaintiff repeats and re-alleges all paragraphs concerning Defendant Wilson's and the Business Entity Defendants' copying of Plaintiff's works of authorship, specifically paragraphs 3 through 6, 8 through 46, and 61 through 179 inclusive, as if fully set forth herein.

266.  At all times relevant hereto, Plaintiff has been the owner of the photographic, visual, and textual works reproduced, distributed, sold, offered for sale, and publicly displayed by Defendants.

267.  For each of the works cited in the following count, Plaintiff does not yet hold a certificate of registration from the USCO.

## COUNT 7: UNJUST ENRICHMENT AS TO DEFENDANT WILSON, AND THROUGH HIM, DEFCAD AND DEFENSE DISTRIBUTED

268.  Defendant Wilson, and through him Defendants Defcad and Defense Distributed, for the purposes of profit and other commercial motives, have reproduced, displayed, and offered for sale the following:

> a.  In the PV4 infringement, exact, unauthorized reproductions of sixty-one (61) of Plaintiff's photographic visual art works that depict the Plastikov V4.

> b.  In the PV4 infringement, an exact, unauthorized reproduction of one of Plaintiff's visual art works, namely 3D models depicting the Plastikov V4.

c. In the Hitchhiker infringement, an exact, unauthorized reproduction of Plaintiff's three-dimensional visual art work, namely a 3D model depicting the Hitchhiker.

d. In the Hitchhiker infringement, an exact, unauthorized reproductions of sixty-three (63) of Plaintiff's photographic visual art works depicting the Hitchhiker.

269. Plaintiff has conferred a benefit upon Defendant Wilson, namely the financial, goodwill, and other intangibles associated with Defendant's unauthorized sale and distribution of Plaintiff's work.

270. Defendant has knowledge of the benefit conferred upon him, and Defendant has intentionally and voluntarily retained the benefit of Plaintiff's work.

271. The circumstances render Defendant's retention of the benefit inequitable unless the Defendant pays to the Plaintiff the reasonable value of the benefit.

## PRAYER FOR RELIEF

272. Plaintiff prays this Honorable Court grant the following relief:

   a. A preliminary and permanent injunction preventing Defendants' continued unauthorized copying, display, and distribution of Plaintiff's works;

   b. Award Plaintiff statutory damages for Defendants' infringements under 17 U.S.C. § 504(c);

   c. Enhance Plaintiff's damages award due to Defendants' willful conduct under 17 U.S.C. § 504(c)(2);

   d. A preliminary and permanent injunction preventing Defendants' continued unauthorized and false designations of origin;

   e. Award Plaintiff damages under 15 U.S.C. § 1125;

   f. A preliminary and permanent injunction preventing Defendants' continued unauthorized use of Plaintiff's name and likeness in violation of § 540.08, Fla. Stat;

   g. Award Plaintiff a reasonable royalty for Defendants' conduct under § 540.08, Fla. Stat;

   h. Award Plaintiff the reasonable value of the unjust benefits conferred upon Defendants;

    i.  Award Plaintiff his attorneys fees and costs under 17 U.S.C. §

        505, or other relevant laws; and

    j.  Award Plaintiff any other relief this Honorable Court deems

        just and proper.

DATED:  September 6, 2024

Zachary Z. Zermay, Esq.
Fla. Bar № 1002905
Zermay Law, P.A.
1200 Fourth Street, #1102
Key West, FL 33040
Email: zach@zermaylaw.com
Telephone: (310) 752-9728
*Counsel for Plaintiff*