**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MATTHEW LAROSIERE,

        Plaintiff,

v.                                                                              Case No.: 6:24-cv-1629-WWB-LHP

CODY RUTLEDGE WILSON, DEFCAD,
INC., DEFENSE DISTRIBUTED and
DIOSKOUROI LLC,

        Defendants.
                                         /

## ORDER

THIS CAUSE is before the Court on Defendants' Motion to Dismiss (Doc. 28). Therein, Defendants argue that Counts V through VII should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and Defendant Dioskouroi LLC argues that all claims against it be dismissed for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).[1]

Pursuant to Rule 12(b), motions asserting any of the defenses listed in Rule 12(b)(1) through (7) "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Once an answer to a complaint is filed, any Rule 12(b) motion to dismiss is rendered a nullity. *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 971 n.6 (11th Cir. 2002) ("After answering the complaint, the defendants filed Rule 12(b)(6) motions to

---

[1] Defendants' Motion fails to comply with Local Rule 3.01. *See* M.D. Fla. R. 3.01(g)(2)(A)–(C) (providing that a movant must include certification "at the end of the motion" and "under the heading 'Local 3.01(g) Certification'"). The parties are cautioned that future failures to comply with all applicable rules and orders of this Court may result in the striking or denial of filings without notice or leave to refile.

dismiss the plaintiffs' claims. Under Rule 12(b), these motions were a nullity; by filing an answer, the defendants had eschewed the option of asserting by motion that the complaint failed to state a claim for relief."); *see also Doolin v. Borg Warner Corp.*, No. 3:16-cv-778-J, 2017 WL 10841697, at *1–2 (M.D. Fla. Oct. 17, 2017).

Defendants have filed a Counterclaims and Answer (Doc. 29). Therefore, any motion to dismiss pursuant to Rule 12(b) is improper. Accordingly, is it **ORDERED** and **ADJUDGED** that Defendants' Motion to Dismiss (Doc. 28) is **DENIED as moot**.

**DONE AND ORDERED** in Orlando, Florida on December 3, 2024.

---
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

2