## **EXHIBIT B**

## **DECLARATION OF MATTHEW LAROSIERE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

        *Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc., DEFENSE DISTRIBUTED, and DIOSKOUROI LLC,

        *Defendants*.

_____/

## **DECLARATION OF MATTHEW LAROSIERE IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

I, Matthew Larosiere, declare and state as follows:

1. I am the Plaintiff in the above-styled action. I submit this Declaration, which is filed in support of my Motion for Preliminary Injunction. I am personally knowledgeable of the matters set forth in this declaration and, if called upon to do so, I could and would competently testify to the following facts set forth below.

2. I am a firearms industry attorney and author. I engage in the design and development of firearms technologies, and produce pictorial, written, and visual art works related to my work.

3. I am based in Florida, and design and create my work in Florida.

4. I have spent significant time and money creating photographic, pictorial, written, and visual art works in my work.

5. I am, and at all times relevant hereto have been, the exclusive owner of all works listed in the First Amended Complaint, Doc. 43, Specifically:

   a. One-hundred (100) photographic visual art works that depict the Amigo Grande, which are registered under VA0002381513.

   b. Fifty-nine (59) photographic visual art works that depict the MPP99, which are registered under VA0002381513.

   c. A literary work (written documentation concerning a pistol project) registered under TX0009358088.

   d. A three-dimensional visual art work (3D model of the MPP99) registered under VA0002385899.

   e. Fourteen (14) photographic visual art works that depict the BUBAR, which are registered under VA0002381769.

   f. Twenty-six (26) photographic visual art works that depict the KF5, which are registered under VA0002381769.

   g. Thirty-four (34) photographic visual art works that depict the SF5, which are registered under VA0002381769.

   h. A three-dimensional visual art work (3D model of the SF5) registered under VA0002385901.

   i. A literary work (written "readme" concerning the SF5) registered under TX0009372199.

   j. A literary work (written documentation concerning the SF5) registered under TX0009372196.

    k. A literary work (written documentation concerning the Plastikov v4) registered under TX0009403056.

    l. A literary work (written "readme" concerning the Plastikov v4) registered under TX0009413646.

    m. A three-dimensional visual art work (3D model of the Plastikov v4) registered under VA0002422527.

    n. Sixty-one (61) photographic visual art works that depict the Plastikov v4, which are registered under VA0002412508.

    o. A literary work (written documentation concerning the Hitchhiker) registered under TX0009412695.

    p. A three-dimensional visual art work (3D model of the Hitchhiker) registered under VA0002418947.

    q. Sixty-three (63) photographic visual art works that depict the Hitchhiker, which are registered under VA0002418589.

    r. A literary work (written documentation concerning the NS3) registered under TX0009429254.

    s. A literary work (written "Readme" concerning the NS3) registered under TX0009429253.

    t. Collectively, I will refer to the above as "my Copyrighted Works".

6. True and correct copies of my certificates of registration for my Copyrighted Works are attached hereto as Exhibit A.

7. Defendants do not have, nor have they ever had, the right or authority to use my Copyrighted Works for any purpose.

8. Each of my Copyrighted Works were either created by myself, or created at my direction by John Elik pursuant to an express written agreement, which I considered to be an employment agreement.

9. For each work created for me by John Elik, any remaining ownership interest he may have had was assigned to me in an express written agreement for compensation, executed prior to my registration of each particular work.

10. For the works concerning the NS3, I created the works myself and published them pseudonymously as John Elik's pseudonym, Ivan The Troll.

11. For each suspected infringing work I downloaded or otherwise acquired from Defendants, mentioned below, I closely examined the work and determined it to be an exact reproduction of my Copyrighted Works.

12. The methods I used to determine the works were exact reproductions include:

    a. For 3D models, many of my works contain arbitrary dimensions created by freehand, unconstrained linework. The result of my methods, specifically as it relates to curves, results in arbitrary dimensions and angles which extend to one thousandth of a millimeter. For each 3D model, I checked angles and dimensions at random points and found them to be identical.

    b. For 3D models, I include tiny watermarks and hidden poems to catch infringers. For each 3D model, I checked for these, and found them to be present in each instance.

    c. For 3D models, I use a mixture of metric and imperial dimensions to create the model. The measurement system used in the creation of each model remains in the document's metadata. For each model I created in inches,

       the reproduction acquired from Defendants was in inches. For each model I created in millimeters, the reproduction acquired from Defendants was in millimeters.

   d. For written works, I compared the work word-for-word with my Copyrighted Works, and found them to be word-for-word reproductions.

   e. For photographic works, I compared the work side-by-side with my Copyrighted Works, and could see no difference between them.

13. A true and correct reflection of my findings from the above investigation can be seen in Exhibits C through L, attached to this filing.

14. I have reviewed the images, models, and written works seen in exhibits C through L. I declare that the images, representations of models, and written works represented in Exhibits C through L as the registered works are true and correct reproductions of the works deposited with the Copyright Office, because they are the same works I deposited with the Copyright Office.

15. I downloaded copies of the Copyrighted Works listed in Paragraph 5(a) through 5(s) from Wilson's Defcad.com.

16. I purchased copies of the Copyrighted Works listed in Paragraph 5(a) and (5)(f) and received them on a USB drive from Defense Distributed's Ghostguns.com.

17. I confirmed that the copies of the Copyrighted Works acquired from Defense Distributed's Ghostguns.com were reproductions of my Copyrighted Works using the same methods disclosed above, Paragraph 12.

18. I reviewed Defense Distributed's Ghostguns.com and found what believe to be copies of the Copyrighted Works listed in 5(PV4 shit), 5 (P99 shit) advertised for sale on the website.

19. I attempted to purchase the USB drives containing proof of Defendants infringements described in Paragraph 18 above, but Defendants refused to ship them to me.

20. I suspect the USB drives described in Paragraph 18 above to be infringing copies of my Copyrighted Works by carefully observing the images posted on Ghostguns.com, and observed highly specific fillets and texturing I had placed in the models manifest in the images.

21. When I attempted to purchase any of the items described in paragraph 16 and 19 above from Defendants and elected to use a credit card, I was directed to Dioskouroi LLC's "Precursorparts.com."

22. On more than one occasion, I completed orders for the items described in paragraph 16 and 19 above using a credit card through Dioskouroi LLC's "Precursorparts.com."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 8th day of January, 2025, in Orlando, FL.

_____
Matthew Larosiere