United States District Court
Middle District of Florida
Orlando Division

Matthew Larosiere,
    Plaintiff,

v.

Cody Rutledge Wilson, DEFCAD, Inc.,
Defense Distributed, and Dioskouroi LLC,
    Defendants.

_____        No. 6:24-cv-1629

Defense Distributed,
    Counterplaintiff / Third-Party
    Claimant,

v.

The Gatalog, Matthew Larosiere,
John Elik, Alexander Holladay, Peter
Celentano, Josh Kiel Stroke, John Lettman,
and MAF Corp,
    Counterdefendant / Third-Party
    Defendants.

_____

**\*\*\*Time Sensitive\*\*\***

**Defendants' Motion for an Extension of
the Filing Deadline and Length Limit for
Defendants' Consolidated Response to
Plaintiff's Motion for a Preliminary Injunction**

Defendants respectfully move for an extension of the filing deadline and length limit for Defendants' consolidated response to Plaintiff's motion for a preliminary injunction, requesting an order that both (1) sets the response's filing deadline at January 22, 2025, and (2) sets the response's length limit at thirty-five pages.  ***Time Sensitive: Movants request a ruling on this motion before the response's current filing deadline of January 16, 2025***.  Plaintiff expressly takes no position on this motion and does not intend to file a response.

## Argument

Plaintiff moved for a preliminary injunction against all Defendants on January 8, 2025, Doc. 53, and did not seek expedited treatment.  Under Local Rule 3.01, the standard 14-day response time made this motion's response(s) due on January 22, 2025, and the standard response length limit limited this motion's response(s) to twenty pages.  On Friday, the Court issued an Order shortening the deadline and directing all Defendants to "file a consolidated response to the Motion for Preliminary Injunction on or before **January 16, 2025**."  Doc. 54 at 1.

Defendants now move for an extension of their response's filing deadline and length limit, requesting an order that both (1) sets the response's filing deadline at January 22, 2025, and (2) sets the response's length limit at thirty-five pages.  ***Movants request a ruling on this motion as soon as is practicable before the response's current filing deadline of January 16, 2025***, so that they may comply accordingly with reasonable preparation.  After counsel fully conferred, Plaintiff expressly takes no position on this motion and does not intend to file a response.

Good cause exists to grant both the requested deadline and length extensions. A key justification for these requests is the matter's high complexity and novelty. The motion requires a judicial inquiry into 3D computer printing processes for firearms. The subject is factually complex, requiring close attention to the intricacies of digital file formats and detailed publication histories for each file. It also entails novel law, with key matters like the Copyright Act's application to 3D gun printing processes being largely unexplored by existing precedent. The motion puts at issue not just one specific work but all of the works supposedly covered by sixteen separate copyright certificates. Doc. 53 at 1-2. To provide a unified response, the Defendants' brief must address both their common grounds for opposition and several individual defendant-specific issues. For these reasons, a fair presentation of the Defendants' positions should allow for at least the 14 days that Local Rule 3.01 envisions is usually appropriate, as well as the requested extra pages.

As to deadlines, there is some additional justification for the requested relief. Defendants' Counsel, Mr. Reynal, is serving as first-chair in a federal criminal trial expected to conclude around January 16, and Defendants' Counsel, Mr. Flores, is preparing as lead appellate counsel for a Fifth Circuit appellant's brief that is due on January 19. So while counsel has been dedicating all available effort to the response since the motion was filed, the Defendants' position may not be fairly presented on the current schedule. This too is reason to supply at least the fourteen days of preparation time that Local Rule 3.01 considers standard.

2

## Conclusion

The motion should granted. The Court should enter an order on Defendants' consolidated response to Plaintiff's motion for a preliminary injunction that (1) sets the response's filing deadline at January 22, 2025, and (2) sets the response's length limit at thirty-five pages.

## Local Rule 3.1 Certification

The moving Defendants and nonmoving Plaintiff conferred via email and telephone conversations in an effort to resolve this motion's request for relief. Having so conferred, Plaintiff Larosiere takes no position on this motion and does not intend to file a response.

Respectfully submitted,

| | | |
|---|---|---|
| /s/ Chad Flores | /s/ David S. Gingras | /s/ F. Andino Reynal |
| Chad Flores | David S. Gingras | F. Andino Reynal |
| cf@chadflores.law | david@gingraslaw.com | areynal@frlaw.us |
| Texas Bar No. 24059759 | Arizona Bar No. 021097 | Texas Bar No. 24060482 |
| Flores Law PLLC | California Bar No. 218793 | The Reynal Law Firm, PC |
| 917 Franklin Street | Gingras Law Office PLLC | 917 Franklin |
| Suite 600 | 4802 E. Ray Rd. #23-271 | 6th Floor |
| Houston, Texas 77002 | Phoenix, Arizona 85044 | Houston, Texas 77002 |
| T (713) 364-6640 | T (480) 264-1400 | T (713) 228-5900 |
| F (832) 645-2496 | F (480) 248-3196 | F (713) 820-6981 |

Counsel for Cody Wilson, DEFCAD, Inc.,
Defense Distributed, and Dioskouroi LLC

3