UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

           *Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc., DEFENSE DISTRIBUTED, and DIOSKOUROI LLC,

           *Defendants*.

_____/

**PLAINTIFF MATTHEW LAROSIERE'S RESPONSE TO DEFENDANTS' TIME SENSITIVE MOTION FOR AN EXTENSION OF THE FILING DEADLINE AND LENGTH LIMIT FOR DEFENDANTS' CONSOLIDATED RESPONSES TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

    Though Plaintiff took no position on Defendants' Motion for an Extension of the Filing Deadline and Length Limit for Defendants' Consolidated Response to Plaintiff's Motion for a Preliminary Injunction (Doc. 55), (hereinafter "the Motion") Plaintiff feels the need to resist some of the representations made by Defendants in the Motion which appear confusing or misleading to Plaintiff. Specifically, 1) That the action is novel or complex; 2) that Plaintiff's motion for preliminary injunction ("the MPI") "requires a judicial inquiry into 3D computer printing processes for firearms." (Doc. 55 at 2).

**ARGUMENT**

    Plaintiff maintains this is a simple copyright action. Plaintiff alleges in the Motion for Preliminary Injunction that Defendants reproduced and otherwise distributed Plaintiff's registered visual and written works. (Doc. 53). The registered works include 3D models, photographs, and textual works. *Id.* Nowhere in the Motion for Preliminary Injunction, nor

1

in the Complaint is anything about "computer printing processes for firearms," "3D gun printing processes," or any other technical manufacturing process mentioned. Rather, the Motion concerns only the wholesale piracy of Plaintiff's registered copyrighted works.

Copyright protection extends to "original works of authorship fixed in **any tangible medium of expression**," but "in no case does copyright protection…extend to any… **process**[.]" 17 U.S.C. § 102 (emphasis added). Plaintiff neither evokes nor seeks protection for any process. Rather, he seeks to enforce his right in photographs, the protection of which are not novel. *Burrow-Giles Lithographic Co. v. Sarony*, 111 U.S. 53 (1884). Plaintiff additionally seeks to enforce his right in his written works, the protection of which are not novel. *Callaghan v. Myers*, 128 U.S. 617 (1888). Finally, Plaintiff seeks to enforce his right in his original 3D models which were reproduced by Defendants, the protection of which are not novel. *See*, *e.g.*, *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1230 (11th Cir. 2008) (discussing registrability of 3D models); *Meshwerks, Inc. v. Toyota Motor Sales U.S.A., Inc.*, 528 F.3d 1258, 1264–65 (10th Cir. 2008) (After refusing copyright protection to a 3D model that merely copied an existing Toyota vehicle, "we do not doubt for an instant that the digital medium before us, like photography before it, can be employed to create vivid new expressions fully protectable in copyright."); *see also* U.S. Copyright Office, Compendium, 3rd Ed., Ch. 924.1 ("An item is not considered a useful article if it merely portrays the appearance of a useful article. This includes **models**, **technical drawings**, and other works that depict a useful article **in two or three dimensions**, such as René Magritte's *Ceci n'est pas une pipe*.") (emphasis added, internal citation omitted)*.*

## CONCLUSION

With the foregoing clarification, Plaintiff takes no position on the Motion and respects the sound discretion of this Honorable Court.

DATED:  January 14, 2025

/s/ Zachary Z. Zermay
Zachary Z. Zermay, Esq.
Fla. Bar № 1002905
*Zermay Law, P.A.*
1200 Fourth Street, #1102
Key West, FL 33040
Email: zach@zermaylaw.com
Telephone: (305) 767-3529
*Lead Counsel for Plaintiff Matthew Larosiere*