United States District Court
Middle District of Florida
Orlando Division

Matthew Larosiere,
    Plaintiff,

v.

Cody Rutledge Wilson, DEFCAD, Inc.,
Defense Distributed, and Dioskouroi LLC,
    Defendants.

_____     No. 6:24-cv-1629

Defense Distributed,
    Counterplaintiff /
    Third-Party Plaintiff,

v.

The Gatalog, Matthew Larosiere,
John Elik, Alexander Holladay, Peter
Celentano, Josh Kiel Stroke, John Lettman,
and MAF Corp,
    Counterdefendants.

_____

**Joint Notice Regarding An Evidentiary Hearing on**

**Plaintiff's Motion for a Preliminary Injunction**

Plaintiff Matthew Laroserie and Defendants Cody Rutledge Wilson, DEFCAD, Inc., Defense Distributed, and Dioskouroi LLC file this joint notice regarding an evidentiary hearing on Plaintiff's Motion for a Preliminary Injunction.

## Joint Notice

The Court has ordered the parties to file "a joint notice, not to exceed ten pages, informing this Court if an evidentiary hearing is necessary in this matter. Any party requesting an evidentiary hearing shall: (1) identify with particularity all disputed issues of material fact or credibility determinations that are expected to impact the resolution of the Motion; (2) the names of any witnesses that the party anticipates calling at a hearing; and (3) the estimated length of the requested hearing." Doc. 54 at 2. Counsel conferred to arrive at the following positions:

Plaintiff's position is that all disputes identified by Defendants are as to matters of law, not fact, and there are no disputed issues of material fact germane to resolution of the motion, and thus Plaintiff does not request an evidentiary hearing.

Defendants' position is that an evidentiary hearing should occur if the Court is not able to deny the motion on the basis of written filings alone, in which case the hearing should address the following disputed issues of material fact:

1) Whether Plaintiff will suffer any actual irreparable harm if the requested relief is not issued. *See, e.g.*, Doc. 53 at 12-13 (claiming "business goodwill" harms without any evidence); *id.* at 13 (claiming a

"risk of lost revenue potential, lost customers, and diminished reputation" without any evidence).

2) Whether Plaintiff owns copyrights for the works that John Elik allegedly created. *Compare* Doc. 53-3 at 3, ¶¶ 6(e), 6(j), *with Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 743 (1989) ("To determine whether a work is for hire under the Act, a court first should ascertain, using principles of general common law of agency, whether the work was prepared by an employee or an independent contractor. After making this determination, the court can apply the appropriate subsection of § 101.").

3) Whether the works Plaintiff submitted copyright applications for match the works Plaintiff brings the instant claims about.

4) Whether any of the works at issue constitute "an article having an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information." 17 U.S.C. § 101.

5) Whether and to what extent any of the works at issue "incorporates pictorial, graphic, or sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article in question." 17 U.S.C. § 101; *see Star Athletica, L.L.C. v. Varsity Brands, Inc.*, 580 U.S. 405, 408 (2017) ("The statute requires separability analysis for any 'pictorial, graphic,

or sculptural features' incorporated into the 'design of a useful article.'").

  6) Whether and to what extent Plaintiff Matthew Larosiere and/or Counterdefendant John Elik committed spoliation.

The witnesses Defendants would intend to call at an evidentiary hearing are Plaintiff Matthew Larosiere, Counterdefendant John Elik, and Defendant Cody Wilson. The maximum estimated length of the requested hearing is four hours.

        Respectfully submitted,

        s/ Zachary Z. Zermay
        Zachary Z. Zermay, Esq.
        zach@zermaylaw.com
        Florida Bar No. 1002905
        Zermay Law, P.A.
        1200 Fourth Street, #1102
        Key West, Florida 33040
        T (305) 767-3529

      Counsel for Plaintiff Matthew Larosiere

| Chad Flores | David S. Gingras | F. Andino Reynal |
|---|---|---|
| cf@chadflores.law | david@gingraslaw.com | areynal@frlaw.us |
| Texas Bar No. 24059759 | Arizona Bar No. 021097 | Texas Bar No. 24060482 |
| Flores Law PLLC | California Bar No. 218793 | The Reynal Law Firm, PC |
| 917 Franklin Street | Gingras Law Office PLLC | 917 Franklin |
| Suite 600 | 4802 E. Ray Rd. #23-271 | 6th Floor |
| Houston, Texas 77002 | Phoenix, Arizona 85044 | Houston, Texas 77002 |
| T (713) 364-6640 | T (480) 264-1400 | T (713) 228-5900 |
| F (832) 645-2496 | F (480) 248-3196 | F (713) 820-6981 |

    Counsel for Cody Wilson, DEFCAD, Inc.,
    Defense Distributed, and Dioskouroi LLC