United States District Court
Middle District of Florida
Orlando Division

Matthew Larosiere,
    Plaintiff,

v.

Cody Rutledge Wilson, DEFCAD, Inc.,
Defense Distributed, and Dioskouroi LLC,
    Defendants.

_____       No.  6:24-cv-1629

Defense Distributed,
    Counterplaintiff /
    Third-Party Plaintiff,

v.

The Gatalog, Matthew Larosiere,
John Elik, Alexander Holladay, Peter
Celentano, Josh Kiel Stroke, John Lettman,
and MAF Corp,
    Counterdefendant / Third-Party
    Defendants.

---

**Defendants' Response to**

**Plaintiff's Motion for Leave to Reply**

## Response

Plaintiff Larosiere moves for leave to file a preliminary injunction reply brief. Doc. 75. But Local Rule 3.01 prohibits replies except when an exceptional need is shown, and there is no exceptional need here. Leave to reply should be denied.

### I.     A "simple copyright action" does not need exceptional briefs.

Plaintiff argued 14 days ago that this preliminary injunction motion does *not* need any special briefing allotments. When Defendants sought leave to file extra briefing on this very same injunction motion, Doc. 55, Plaintiff opposed by proudly proclaiming that "this is a simple copyright action." Doc. 56 at 1. Plaintiff's position worked, resulting in a denial of Defendants' request for extra briefing. Doc. 57.

Now that the shoe is on the other foot, Plaintiff should have to be consistent. If a standard briefing allotment is all that Defendants deserve, Plaintiff should get that same thing—the standard allotment being a motion with *no reply*.

### II.    The motion's incompleteness warrants denial.

Deserving preliminary injunction movants address all key issues in the first instance. Yet Plaintiff's motion missed a critical issue altogether. That does not warrant any allotment of special extra briefing. It warrants denying the motion.

### III.   Plaintiff already lodged extra briefing on copyrightability.

If extra briefing were needed, Plaintiff got it already in Document 56. That filing was supposed to be about Defendants' page limits. But Plaintiff instead took the liberty of arguing substance, addressing copyrightability with a statutory discussion, three cases, and a treatise. Two bites at the apple is enough.

**IV.    Gamesmanship should not be rewarded.**

The Court's conferral process should be respected more than Plaintiff did. Instead of accurately reporting Defendants' position on this motion, Plaintiff's Local Rule 3.01(g) certification concocted a straw man.  Such gamesmanship should never be rewarded, even when the matter is just a minor procedural item.

Plaintiff's Local Rule 3.01(g) certification describes Defendants' position this way: "Counsel for Defendants indicated they would not consent to the motion because Plaintiff did not request oral argument in this filing."  Doc. 75 at 3.  But Defendants never made any such argument, as the highlighted correspondence shows.  They made the arguments given above, which Plaintiff never mentioned:

> **Re: Larosiere v. Wilson (M.D. Fla.) Conferral About Evidentiary Hearing Report**
> 1 message
>
> **Chad Flores** <cf@chadflores.law>                                             Fri, Jan 24, 2025 at 3:03 PM
> To: Zachary Zermay <zach@zermaylaw.com>
> Cc: David Gingras <david@gingraslaw.com>, Andino Reynal <areynal@frlaw.us>, Andino Reynal <andino.reynal@gmail.com>, Geraldine Phillips <info@zermaylaw.com>
>
> Zach,
>
> If that's the case, please report in the conferral certificate that Defendants oppose the motion, object to any new arguments coming in a reply, and intend to file a response to the motion for leave specifying their reasons for opposition within 2 business days of the motion's filing.  Please be sure to have the filing accord with Local Rules 3.01(d) and 6.2(d), which prohibit the motion for leave from supplying the additional argument that it seeks leave to supply.
>
> In case you need to account for opposition grounds more specifically, feel free to call me any time.  There are several.  A reply isn't warranted because the local rules call for exceptional good cause and there is none here. *See* Doc. 56 at 1 ("Plaintiff maintains this is a simple copyright action.").  Same for the extra pages, which we've seen no argument about.  If any extra briefing space is warranted, Plaintiff already got it with the legal argument he submitted sua sponte in Document 56.  The only extra attention that might be warranted here is an oral argument or evidentiary hearing, both of which Plaintiff refuses to support.  Plus there is the consistency problem.  Either the motion warrants special briefing allotments or not.  Both the Court and Plaintiff committed to the standard allotment when we hashed out how Defendants' response would go.  ==If the briefs stay as they are and Plaintiff wants an oral argument, we would agree to that.  Otherwise Defendants will oppose for the given reasons.==
>
> _____
> Chad Flores
> cf@chadflores.law
> (512) 589-7620

Whether Plaintiff supplied a misleading certificate intentionally or carelessly matters not.  Either way, Plaintiff's failure to follow a material aspect of the Local Rules should make him ineligible for the requested special dispensation.

3

## Conclusion

The motion for leave to file a reply should be denied.

Respectfully submitted,

Chad Flores
cf@chadflores.law
Texas Bar No. 24059759
Flores Law PLLC
917 Franklin Street
Suite 600
Houston, Texas 77002
T (713) 364-6640
F (832) 645-2496

David S. Gingras
david@gingraslaw.com
Arizona Bar No. 021097
California Bar No. 218793
Gingras Law Office PLLC
4802 E. Ray Rd. #23-271
Phoenix, Arizona 85044
T (480) 264-1400
F (480) 248-3196

F. Andino Reynal
areynal@frlaw.us
Texas Bar No. 24060482
The Reynal Law Firm, PC
917 Franklin
6th Floor
Houston, Texas 77002
T (713) 228-5900
F (713) 820-6981

Counsel for Cody Wilson, DEFCAD, Inc.,
Defense Distributed, and Dioskouroi LLC