UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,
        *Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc., DEFENSE DISTRIBUTED, and DIOSKOUROI LLC,
        *Defendants*.

_____/

## PLAINTIFF MATTHEW LAROSIERE'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (DOC. 74)

### I. DEFENDANTS MISUNDERSTAND COPYRIGHT IN DIGITAL MODELS

Defendants argue that the "3D models at issue were not registered," stating that each registration "'extends to deposited technical drawings only,' which means that it could only cover certain 2D drawings or renders[.]" (Doc. 74 at 8). This ignores that each registration covers ("Author Created: 3D Design Models") (Doc. 53-1 at A12, 14, 26 33) and that not all of the three-dimensional works contain such a reference. (Doc. 53-1 at A33). This aside, no such limitation exists in statute. Models and technical drawings are a subset of "pictorial, graphic, and sculptural works" which "include **two-dimensional and three-dimensional** works" 17 U.S.C. § 101. Defendants' assertion is not evidence sufficient to overcome Plaintiff's registration certificates bolstered by the affidavit of Larosiere identifying the three-dimensional works deposited. (Doc. 53-1 and 53-2).

Defendants' assertions on copyrightability ignore that Plaintiff seeks only to prevent Defendants' piracy of his registered works, not to prevent making any useful article the work depicts. Defendants' reliance on *Star Athletica* presupposes that Plaintiff's registered works are "useful articles." This cannot be the case. The "statutory definition

1

of 'useful article'…excludes technical drawings." *Tecnoglass, LLC v. RC Home Showcase, Inc.*, 301 F. Supp. 3d 1267, 1273 (S.D. Fla. 2017). In Defendants' arguments about severability and other invocations of "useful articles," Defendants "conflate[] the copyrighted technical drawings with the actual [articles] depicted in those drawings." *Id.* Useful articles must be physical things, and the "design of a useful article" relates only to the physical useful article. Defendants cite *Progressive Lighting, Inc. v. Lowe's* in support of their position, but in that case there was "no dispute that the [actual] light fixtures are useful articles." 549 Fed.Appx. 913 at 919 (11th Cir. 2013). As the Compendium states:

> Technical drawings are not considered useful articles for purposes of registration, because they convey information or merely portray the appearance of the object depicted in the drawing. 17 U.S.C. § 101 (definition of "useful article"). As such, they are not subject to the separability test described in Section 924.3.

U.S. COPYRIGHT OFF., COMPENDIUM OF U.S. COPYRIGHT OFF. PRACTS. § 922 (3d ed. 2021).

Put simply, a "technical drawing" does not cover the physical manifestation of the object depicted. COMPENDIUM (THIRD) § 922. "Models" may include physical manifestations but "[m]odels themselves…are not considered useful articles for purposes of registration." *Id.* § 923. But copyright "does not protect models that are exact replicas of the source work." *Id.* § 932.1. Defendants attempt to invoke this with *Meshwerks*, which concerned digital reproductions of existing Toyota vehicles, but Defendants here fail to identify any "source work" pre-existing the registered works. (Doc. 74 at 13-14). They could not do so because the registered works are original and not "merely copies" of anything. *cf. Meshwerks v. Toyota*, 528 F.3d 1258, 1261 (10th Cir. 2008). If Defendants' chicken-and-egg assertion were true, no technical drawings or models would be copyrightable at all. (Doc. 74 at 14). Specific dimensions were offered only as proof of copying.

Whether the three-dimensional works here are protected as "models" or "technical drawings" is of no consequence because Plaintiff seeks only to enjoin Defendants' reproduction of the digital drawings themselves. Finally, Defendants rely upon *Enterprises International*, but in that case, claimants *admitted* that the drawings at issue "contain[ed] only functional, utilitarian information…used solely to fabricate only specific objects for particular industrial use[.]" *Enterprises Int'l, Inc. v. Int'l Knife & Saw, Inc.*, No. C12-5638 BHS, 2014 WL 1365398, at *6 (W.D. Wash. Apr. 7, 2014). No such facts are here.

## II.  IRREPARABLE HARM WAS ADEQUATELY PLED

While the Response asserts "all key elements" of injunctive relief are "missing[,]" this is plainly not the case. Although Plaintiff did not discuss *eBay* and its progeny, Plaintiff did not rest on a presumption of irreparable harm. Plaintiff identified a likelihood of a multiplicity of lawsuits, continued infringement, reputational harm, and an inability to control his intellectual property. (Doc. 53 pp. 6, 11-12). Although Defendants articulate Plaintiff need only prove the harm is *likely*, (Doc. 74 p. 3) they proceed as though Plaintiff must have proven that the harm *already occurred*. (Doc. 74 p. 4). This makes little sense, as injunctions guard against future or continuing harm. *Isaac Hayes Enterprises, LLC v. Trump*, No. 1:24-CV-3639-TWT, 2024 WL 4148758, at *3 (N.D. Ga. Sept. 11, 2024).

Defendants continue to publicly misrepresent themselves as having the right to derive or sublicense Plaintiff's work, and continue to represent Plaintiff's work as committed to the public domain to encourage third-party infringement. (Doc. 53 p. 12). This is unaddressed in the Response. If Defendants are not enjoined, it would be incumbent on Plaintiff to pursue actions against anyone Defendants encourage. This is irreparable both in the damage to Plaintiff's ability to control his copyright, and that it necessitates a multiplicity of suits. *See Tallahassee Bail Fund v. Marshall*, No.

3

4:22CV297-MW/MAF, 2023 WL 10798351, at *15 (N.D. Fla. Sept. 28, 2023); *Lee v. Bickell*, 292 U.S. 415, 421 (1934) (noting that a "multiplicity of actions necessary for redress at law" is sufficient to "to uphold the remedy by injunction"). Defendants' own conduct supports irreparable harm on this ground, as Defendants infringing conduct **after the filing of this action have already necessitated additional copyright registrations and an amended complaint**. (Doc. 53 p. 4). If Defendants are not enjoined, they could continue to copy more of Plaintiff's works, keeping this action in limbo indefinitely.

Defendants' attempt to "moot" their infringing use of Plaintiff's registered photographic and textual works exemplify the ongoing harm. Defendant Wilson's affidavit promises Defcad will cease specified infringement from "January 25, 2025" (Doc. 74-1 ¶ 7) but, as of the 29th, Defendants continue to infringe those same works.[1]

> While such repeated infringement could, presumably, be compensated monetarily, to do so would require that Plaintiffs monitor all activities of Defendants during all hours the Establishment is open to identify acts of infringement and file a lawsuit to seek compensation for each infringement.
>
> Surely the concept of "irreparable harm" **does not require such vigilance on behalf of the copyright owner**.

*Broad. Music, Inc. v. Toronto Inv. Grp. LLC*, No. 611CV1223ORL37KRS, 2012 WL 13136862, at *4 (M.D. Fla. May 22, 2012) (emphasis added).

Finally, Defendants ignore that their behavior may independently support the grant of an equitable injunction. (Doc. 74 p. 5). Long after *eBay* and even where a movant asserted only legal conclusions in a motion seeking injunctive relief, courts in this district have looked to the conduct of the parties and decided "that the particular circumstances

---

[1] For example, the complaint identifies "a word-for-word reproduction" of TX0009412695 on Defendants' website, (Doc. 43 ¶ 214) and it remains there today. *Archived January 29, 2025* at https://web.archive.org/web/20250129001603/https://defcad.com/library/the-hitchhiker/

4

of the instant case bear substantial parallels to previous cases such that a presumption of irreparable injury is an appropriate exercise of its discretion in light of the historical traditions[.]" *Island Stone Int'l Ltd. v. Island Stone India Priv. Ltd.*, No. 616CV656ORL40KRS, 2017 WL 5632719, at *6 (M.D. Fla. Nov. 3, 2017).

### III. DEFENDANTS' ADDITIONAL ARGUMENTS ARE WITHOUT MERIT

**Timing:** Defendants ignore that Plaintiff must receive certificates of registration prior to seeking relief. All registrations were timely filed for, and Plaintiff did not receive the last certificate until October 23, 2024. (Doc. 53-1 A33). Plaintiff did not sit on his rights in seeking relief within two months of receipt of the most recent registration.

**Ownership:** Unburdened by evidentiary support, Defendants argue that Plaintiff is not the owner of the registered works. Defendants cite cases where a party asserted its superior ownership interest. Defendants' bare assertion is insufficient to overcome the registration certificates, and affidavits of the very individual they assert may be the owner.

**Exclusion of Wilson and Dioskouroi LLC**: The uncited assertions on Page 19 identifying what Defendants consider "serious targets" does little to outweigh the allegations against those Defendants articulated in the Complaint and the veil-piercing arguments previously pled. (Doc. 60, pp. 13-14).

### IV. CONCLUSION

The motion should be granted.

DATED: January 29, 2025

*/s/ Zachary Z. Zermay*
Zachary Z. Zermay, Esq.
Fla. Bar № 1002905
*Zermay Law, P.A.*
1200 Fourth Street, #1102
Key West, FL 33040
Email: zach@zermaylaw.com
Telephone: (305) 767-3529
*Counsel for Plaintiff Matthew Larosiere*