UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

    *Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc., DEFENSE DISTRIBUTED, and DIOSKOUROI LLC,

    *Defendants*.

_____

Defense Distributed,

    Counterplaintiff/ Third-Party Plaintiff,

v.

The Gatalog, Matthew Larosiere, John Elik, Alexander Holladay, Peter Celentano, Josh Kiel Stroke, John Lettman, and MAF Corp.

    Counterdefendants.

_____/

**PLAINTIFF AND COUNTERDEFENDANTS MATTHEW LAROSIERE, JOHN ELIK, JOSH STROKE, AND JOHN LETTMAN'S OPPOSED MOTION TO STAY DISCOVERY PENDING RESOLUTION OF <u>COUNTERDEFENDANTS MATTHEW LAROSIERE, JOHN ELIK, ALEXANDER HOLLADAY, JOSH KIEL STROKE, JOHN LETTMAN, AND MAF CORP'S CONSOLIDATED MOTION TO DISMISS DEFENSE DISTRIBUTED'S COUNTERCLAIMS</u>**

Plaintiff Matthew Larosiere and Counterdefendants John Elik, Josh Stroke, and John Lettman, by and through their undersigned counsel, (collectively, the "moving parties") hereby move this Court for an order staying discovery in the above captioned

matter ("Motion"), pending resolution of Counterdefendants' Motions to Dismiss. This motion is necessitated by the extensive and burdensome discovery served on Plaintiff by Defendant-Counterplaintiff Defense Distributed on February 9, 2025. Before submitting this Motion, Plaintiff informed Defense Distributed, and Defense Distributed opposes the moving parties' Motion.

As fully set forth in the accompanying memorandum, an order staying discovery until the Motions to Dismiss are decided is necessary because a decision in the moving parties' favor on these motions would dispose of all or at least some of Defense Distributed's claims. Absent an order staying discovery, the moving parties will, between now and the ruling on the motions to dismiss, be forced to participate in extensive, burdensome, overly broad, and expensive discovery which will be rendered moot if Plaintiff and Counterdefendants' motion to dismiss is granted. Even if the motion is only granted in part, the scope of relevant discovery would significantly diminish. Further, Defense Distributed will suffer no prejudice if discovery is stayed. The proposed stay of discovery will in no way affect Defense Distributed's ability to complete discovery and prepare for trial after resolution of the pending motions to dismiss in the event Plaintiff and Counterdefendants' motion is denied.

Accordingly, the moving parties request that an order staying discovery pending the resolution of Counterdefendants' motion to dismiss be entered.

**MEMORANDUM IN SUPPORT OF PLAINTIFF's
MOTION TO STAY DISCOVERY PENDING RESOLUTION OF THE PENDING
MOTIONS TO DISMISS**

1. The underlying action here concerns a case of copyright infringement, for which Plaintiff filed suit on Sep. 6, 2024. (Doc. 1).

2. Plaintiff filed an amended complaint on December 11, 2024. (Doc. 43).

3. Defendants filed a motion to dismiss the amended complaint on December 26, 2024. (Doc. 48).

4. Defendant-Counterplaintiff Defense Distributed filed a series of countercomplaints, each leading with RICO allegations, culminating in a 49-count countercomplaint filed in response to the amended complaint on January 3, 2025. (Doc. 52).

5. Plaintiff and all Counterdefendants presently before the Court moved to dismiss the countercomplaint on January 17, 2025.

6. Following briefing on all pending motions, Defendant-Counterplaintiff Defense Distributed suddenly began serving unsigned, extensive, burdensome, overly broad, and expensive discovery on Plaintiff on February 9, 2025, attached hereto as Exhibit A.

7. On February 10, 2025, counsel for Plaintiff conferred with all counsel in this matter, providing counsel with a draft copy of this motion.

8. On February 11, 2025, Defendant-Counterplaintiff Defense Distributed served similarly unsigned, extensive, burdensome, overly broad, and expensive discovery on Counterdefendants Elik, Lettman, and Stroke, attached hereto as Exhibits B, C, and D.

3

9. If this Court grants Counterdefendants' motion to dismiss as to all counterclaims, any discovery taken between now and the Court's ruling will have been unnecessary. Even if only some claims are dismissed, the scope of permissible discovery could well narrow.

10. Absent a stay of discovery, the moving parties will expend a great deal of time and money to answer Defendant-Counterplaintiff's written discovery requests. In addition, the Court will become embroiled in discovery disputes without the benefit of narrowed claims from the pending motions. To the extent that the moving parties are required to respond to these discovery requests, such efforts by the Parties and Court will have been wasted if this Court even partially grants Counterdefendants' Motion to Dismiss. The moving parties are individual, natural people of modest means. Inflicting such a substantial waste of resources on such individuals should be avoided. *See* Fed. R. Civ. P. 1.

11. The moving parties respectfully request that this Honorable Court enter an order staying discovery, including staying a response to the discovery that Defendant-Counterplaintiff has already served, until after the pending Motions to Dismiss have been resolved, to save both sides of this litigation the time and money they will spend engaging in the discovery that would otherwise be required between now and the Court's resolution of the pending Motions to Dismiss, and to preserve this Honorable Court's resources against unnecessary, premature discovery disputes.

12. "The district court has broad discretion to control discovery." *Jenkins v. Sec. Eng'rs, Inc.*, 798 Fed. Appx. 362, 369 (11th Cir. 2019). Part of this includes

considering "the burden or expense of the proposed discovery" against "its likely benefit." Fed. R. Civ. P. 26(b)(1).

13. In deciding whether to stay discovery pending resolution of a motion, the Court must balance the harm produced by a delay in discovery against the possibility that the motion to dismiss will be granted. *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). "Importantly, where a pending motion may dispose of the entire action, granting a stay of discovery not necessary for resolution of the motion may be justified." *Skuraskis v. NationsBenefit Holdings, LLC* 717 F.Supp.3d 1221 (S.D. Fla. 2023) (quoting *Chudasama v. Mazda Motor Corp*. 123 F. 3d 1343, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should…**be resolved before discovery begins**.")(emphasis added)).

14. In *Skuraskis*, the Court found that fact issues as to traceability of harm, potentially fatal pleading deficiencies, the balance of harms, and the preservation of judicial resources would be best served by staying discovery. 717 F. Supp. 3d 1221. The Court should do the same here and stay discovery until the pending Motions to Dismiss are resolved.

15. Importantly, Counterdefendants Elik, Lettman, and Stroke have moved to dismiss this action for want of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), and an order in favor of these parties would dispose of the entire action as against them.

16. Defendant-Counterplaintiff will suffer no prejudice if discovery is stayed until the resolution of the pending Motions to Dismiss. The Countercomplaint does not involve any assets or circumstances that may change, fluctuate in value, or cease to

exist in the future, nor is there any reasonable suggestion that evidence will somehow become lost or unavailable.

17. According to the Scheduling Order, discovery must be completed by May 1, 2026. (Doc. 58). There will be plenty of time to respond to discovery once the Court rules on the motions to dismiss. Thus, Defendant-Counterplaintiff's attempted discovery fishing expedition before the ruling on the motions to dismiss should not be rewarded.

18. Both Counterdefendants' and Defendants' motions to dismiss raise 12(b)(6) arguments, (Doc. 71), (Doc. 48), and Counterdefendants' motion to dismiss attacks the sufficiency of the entire document, thus it best serves the interests of both sides of this litigation, and the Court, to stay discovery until the pending motions appropriately limit its scope.

19. Finally, fact discovery is not required to address Counterdefendants' Motion to Dismiss, which is based on the four corners of the countercomplaint, documents referenced therein, briefing, and matters appropriate for judicial notice such as public records. For these reasons, Defendant-Counterplaintiff will not be prejudiced if discovery is briefly stayed pending the resolution of the pending Motions to Dismiss.

## **CONCLUSION**

**WHEREFORE** to prevent the parties from having to participate prematurely in potentially futile and expensive discovery, and to avoid burdening the Court with premature and potentially unnecessary discovery disputes, the moving parties respectfully requests that this Honorable Court enter an order staying discovery as to all parties until the pending Motions to Dismiss have been resolved.

**Local Rule 3.01(g) Certification**

Pursuant to M.D. Fla. R. 3.01(g), I hereby certify that I met and conferred with opposing counsel regarding the substance of the foregoing motion via e-mail. Counsel for Defendants-Counterplaintiffs oppose this motion.

Respectfully submitted,

DATED: February 12, 2025

| | |
|---|---|
| /s/Matthew Larosiere | /s/ Zachary Z. Zermay |
| Matthew Larosiere, Esq. | Zachary Z. Zermay, Esq. |
| Fla. Bar. No. 1005581 | Fla. Bar № 1002905 |
| The Law Offices of Matthew Larosiere | *Zermay Law, P.A.* |
| 6964 Houlton Circle | 1200 Fourth Street, #1102 |
| Lake Worth, FL 33467 | Key West, FL 33040 |
| Email: Larosieremm@gmail.com | Email: zach@zermaylaw.com |
| Tel: (561) 452-7575 | Tel: (305) 767-3529 |
| *Lead Counsel for Counterdefendants Elik, Stroke, and Lettman* | *Lead Counsel for Plaintiff/Counterdefendant Matthew Larosiere* |

7