United States District Court
Middle District of Florida
Orlando Division

Matthew Larosiere,
    Plaintiff,

v.

Cody Rutledge Wilson, DEFCAD, Inc.,
Defense Distributed, and Dioskouroi LLC,
    Defendants.

_____    No. 6:24-cv-1629

Defense Distributed,
    Counterplaintiffs

v.

The Gatalog, Matthew Larosiere, John Elik, Alexander Holladay, Peter Celentano, Josh Kiel Stroke, John Lettman, The Gatalog Foundation, and MAF Corp,
    Counterdefendants.

---

## DEFENSE DISTRIBUTED'S FIRST REQUEST FOR PRODUCTION TO JOHN LETTMAN

To: Plaintiff-counter defendant, Peter Lettman, through his attorney of record, Matthew Larosiere, 6964 Houlton Circle, Lake Worth, FL 33467..

Defendant / Counter-Plaintiff, Defense Distributed, serves this request for production on John Lettman, as authorized by Federal Rule of Civil

Procedure 34. As required by Rule 34(b), Lettman must produce all requested documents, electronically stored information, or tangible things within 30 days after service of this request, at 917 Franklin Street, Sixth Floor, Houston, TX 77002, or at another time and place agreed on by the parties.

**DEFINITIONS**

The following terms have the following meanings, unless the context requires otherwise:

1. <u>Parties.</u> The term "plaintiff", "defendant," "counterplaintiff" or "counterdefendant" as well as a party's full or abbreviated name or a pronoun referring to a party, means the party and, when applicable, his, her or its agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

2. <u>Person.</u> The term "person" means any natural person, a business, a legal or governmental entity, or an association.

3. <u>You & your.</u> The terms "you" and "your" mean the party to whom the request is directed and his/her/its agents, representatives, attorneys, experts, and other persons acting or purporting to act on his/her/its behalf.

4. <u>Material.</u> The term "material" means all documents, electronically stored information, or tangible things. The term is synonymous with and equal in scope to the terms "documents," "electronically stored information," and "tangible things" in Federal Rule of Civil Procedure 34(a)(1). A draft or nonidentical copy of a document, electronically stored information, or a tangible thing is a separate item within the meaning of this term.

   a. <u>Document.</u> The term "document" means information that is fixed in a tangible medium, such as paper. It includes, but is not limited to, writings, drawings, films, charts, photographs, notices, memoranda, diaries, minutes, correspondence, books, journals, ledgers, reports, worksheets, notes, printed e-mails, letters, abstracts, audits, charts, checks, diagrams, drafts, instructions, lists, logs, résumés, and summaries.

b. <u>Electronically stored information.</u> The term "electronically stored information" means electronic information that is stored in a medium from which it can be retrieved and examined. It includes, but is not limited to, all electronic files that are electronically stored.

>(1) "Electronic file" includes, but is not limited to, the following: voicemail messages and files; e-mail messages and files; text messages and files; instant messages and files shared on platforms, including but not limited to Discord, Rocketchat, Element and any other instant message platform used by any counterdefendant; content shared on social media through a user's profile; direct messages between users on social media websites including but not limited to Twitter, X, Instagram, Youtube, Reddit and Facebook; deleted files; temporary files; system-history files; Internet- or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; computer-activity logs; and metadata. Unless otherwise defined, each example used to illustrate the term "electronic file" will have the meaning assigned to it by the Sedona Conference, Sedona Conference Glossary: eDiscovery & Digital Information Management, Fifth Edition, 21 Sedona Conf. J. 263 (2020).

>(2) "Electronic information system" refers to a computer system or network that contains electronic files and electronic storage. Unless otherwise defined, each example used to illustrate the term "electronic information system" will have the meaning assigned to it by the Sedona Conference, Sedona Conference Glossary: eDiscovery & Digital Information Management, Fifth Edition, 21 Sedona Conf. J. 263 (2020).

>(3) "Electronic storage" refers to electronic files contained on magnetic, optical, or other storage media, such as hard drives, flash drives, DVDs, CDs, tapes, cartridges, floppy diskettes, smart cards, integrated-circuit cards (e.g., SIM cards), whether housed locally or by cloud computing. Unless otherwise defined, each example used to illustrate the term "electronic storage" will have the meaning assigned to it by the Sedona Conference, Sedona Conference Glossary: eDiscovery & Digital Information Management, Fifth Edition, 21 Sedona Conf. J. 263 (2020).

    c. <u>Tangible thing.</u> The term "tangible thing" means a physical object that is not a document or electronically stored information.

5. <u>Communication.</u> The term "communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

6. <u>Relating.</u> The term "relating" means concerning, referring, describing, evidencing, or constituting, either directly or indirectly.

7. <u>Any.</u> The term "any" should be understood in either its most or its least inclusive sense as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

8. <u>And & or.</u> The connectives "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

9. <u>Number.</u> The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1. Respond to each request for production separately by listing the materials and by describing them as defined above. If the material is numbered or labeled for production, in each response provide both the information that identifies the material and the material's number or label.

2. Produce documents and tangible things in the forms as they are kept in the ordinary course of business, or organize and number or label them to correspond with the categories in the discovery request.

3. Produce electronically stored information in native format. For any electronically stored information produced:

    a. Produce a discovery log that details the type of information, the source of the information, the discovery request to which the information corresponds, and the information's electronic ID number.

    b. Write all of the electronically stored information to a load file compatible with commercially available document review systems and transmit it by secure file transfer.

4. For electronically stored information, identify every source containing potentially responsive information that John Elik is not searching or producing.

5. If you object to a request for production, state your objection with particularity and provide specific grounds for your objection.

6. For any materials that John Elik asserts are privileged, protected, or otherwise exempt from discovery, provide the following:

    a. The specific grounds for the claim of privilege, protection, or other exemption.

    b. The type of material being withheld, and, if the material is electronically stored information, the file format of the material.

    c. The subject matter of the material.

    d. The date of the material.

    e. The name, job title, and address of the author of the material.

    f. The name, job title, and address of each addressee of the material.

    g. The name, job title, and address of each person who received, was copied on, or otherwise saw all, part, or a summary of the material.

    h. The name, job title, and address of the custodian of the material and the material's current location.

7. For any materials that you claim no longer exist or cannot be located, provide all of the following:

    a. A statement identifying the material.

    b. A statement of how and when the material ceased to exist or when it could no longer be located.

    c. The reasons for the material's nonexistence or loss.

    d. The identity, address, and job title of each person having knowledge about the nonexistence or loss of the material.

    e. The identity of any other materials evidencing the nonexistence or loss of the material or any facts about the nonexistence or loss.

# Requests for Production

1. Produce Any Material Relating to DEFCAD.

2. Produce Any Material Relating to Defense Distributed.

3. Produce Any Material Relating to Cody Wilson.

4. Produce Any Material Relating to Dioskouri.

5. Produce Any Material Relating to the word "Gatalog," including The Gatalog Foundation, the website [www.thegatalog.com](www.thegatalog.com), and the Gatalog's file submission and approval process, including legal reviews and bounty payments.

6. Produce Any Material Relating to Any business relationship between you and your fellow counter-defendants, individually or collectively.

7. Produce Any Material Relating to Any employment relationship between you and your fellow counterdefendants, individually or collectively.

8. Produce Any Material Relating to the International Traffic in Arms Regulations administered by the Department of State's Directorate of Defense Trade Controls, including but not limited to compliance policies.

9. Produce Any Material Relating to the Export Administration Regulations administered by the Department of Commerce's Bureau of Industry and Security, including but not limited to compliance policies.

10. Produce Any Material Relating to the website "[www.ctrl-pew.com](www.ctrl-pew.com)"

11. Produce Any Material Relating to the website "chat.deterrencedispensed.com."

12. Produce Any Material Relating to the Fuddbusters Discord, including private channels which include any Counterdefendant.

13. Produce Any Material Relating to the publication of digital firearms data on www.Odysee.com.

14. Produce Any Material Relating to "beta rooms" or private chat rooms you operate or access where digital firearms data is discussed, including membership records, file transfers, and message content.

15. Produce Any Material Relating to websites on which you or any other Counterdefendant host or hosted 3D printable gun files.

16. Produce Any Material Relating to servers owned and/or managed by you or any other Counterdefendant to discuss or distribute 3D printable gun files.

17. Produce Any Material identifying any policies and procedures that govern what can be posted on any website or chat room operated by you or any other Counterdefendant.

18. Produce Any Material identifying all policies and procedures governing the removal of posts and/or files from any website owned and/or operated by you or any other Counterdefendant.

19. Produce Any Material Relating to Any posts you have made on social media relating to Defendants in the last five years, including but not limited to any reference to "FEDCAD."

20. Produce Any Material Relating to the publication of the "RGB Crescent" files, including any conditions or coordination surrounding their release.

21. Produce Any Material Relating to the publication of the "Rogue 9" files, including any conditions or coordination surrounding their release.

22. Produce Any Material Relating to the publication of the "FTN.3" and "FTN.4" files, including any conditions or coordination surrounding their release.

23. Produce Any Material Relating to the publication of the "Urutau" files, including any conditions or coordination surrounding their release.

24. Produce Any Material Relating to Any digital firearm file transfers to or coordination with foreign entities or individuals, including but not limited to the People's Defence Force of Myanmar, Jacob Duygu aka JStark, Ze Carioca, and ImmortalRevolt.

25. Produce Any Material Relating to any evidence you use to support your claim that DEFCAD did not properly encrypt or securely store its data.

26. Produce Any Material Relating to any evidence you use to support your claim that DEFCAD "has been hacked and dumped multiple times."

27. Produce Any Materials Relating to the creation of the FEDCAD meme.

28. Produce Any Materials Relating to your promotion of MAF, thegatalog.com, ctrlpew.com, Fuddbusters, or any other site used by you or any other Counterdefendant regarding 3D printable gun files.

29. Produce Any Materials Relating to the selection and delegation of responsibilities to Rocketchat server administrators and beta managers, including "Freeman1337," "Dr. Death," "UberClay," and "Pla.boi."

30. Produce Any Materials Relating to pre-publication "legal opinions" or reviews by the Counterdefendants concerning the files hosted at Gatalog-branded Odysee.com pages.

31. Produce Any Materials Relating to pre-publication "beta" file and documentation reviews by the Counterdefendants concerning the files hosted at Gatalog-branded Odysee.com pages.

32. Produce Any Material Relating to Any compensation you have received or will receive Related to the publication of digital firearms data on Gatalog-branded Odysee.com pages. .

33. Produce Any Material Relating to Any compensation you have received or will receive Related to the sale of kits or components related to digital firearms data on Gatalog-branded Odysee.com pages..

34. Produce Any Material Relating to Any payments or financial incentives provided to contributors or developers of digital firearms files hosted on Gatalog-branded Odysee.com pages, including but not limited to royalty agreements and contracts.

35. Produce Any Material Relating to cryptocurrency transactions to and from this Bitcoin address:

bc1qzr6nvtc56seu47pc5hm7tz4w7562a2nktfh0ww

36. Produce Any Material Relating to any financial transactions, or the facilitation of any financial transactions, or the attempt to facilitate financial transactions, between any defendant and Jacob Duygu aka JStark

37. Produce Any Material Relating to payments agreements to the Counterdefendants from companies including, but not limited to, Aves Engineering, Parts Dispensed, and Print Shoot Repeat.

38. Produce Any Material Relating to any financial transactions, or the facilitation of any financial transactions, or the attempt to facilitate financial transactions, between any defendant and foreign entities or individuals, including but not limited to the People's Defence Force of Myanmar, Jacob Duygu aka JStark, Ze Carioca, and ImmortalRevolt.

39. Produce Any Material Relating to Defendants' computer systems, including communications regarding their security or ways in which they could be disrupted.

40. Produce Any Materials relating to communications about Defendants' websites.

41. Produce Any Materials relating to DDOS attacks on Defendants' websites.

42. Produce Any Materials relating to Attorney David Gingras' website.

43. Produce Any Material Relating to statements made by you concerning this suit.

44. Produce Any Material Relating to Discord calls made by or including you where this lawsuit was mentioned or discussed.

45. Produce Any Material related to any copyright claim to the 3D printable gun files hosted on DEFCAD asserted by you or any other Counterdefendant.

46. Produce Any Material related to your contention that DEFCAD stole from you or any other Counterdefendant.

47. Produce Any Material related to your statements concerning the non-commercial licensing of The Hitchhiker or any other file you claim

to own or have registered.

48. Produce Any Material Relating to the management, deletion, or alteration of records or communications during the 6 months preceding the filing of this lawsuit.

49. Produce a complete backup of The Gatalog's Rocketchat server and communications, including private and administrator messages, pre-dating Peter Celentano's September 20, 2024 deletions.

50. Produce a complete record of John Elik's Reddit accounts and comment histories.

51. Produce Any Material Relating to Peter Celentano's possession of restricted firearms or machine guns.

52. Produce Any Material Relating to Any interactions with government agencies Related to digital firearms information.

53. Produce Any Material Relating to Any agreements or communications with the pseudonymous figures Pla.boi, Dr. Death, UberClay, ArmedJ0y, and Pablo Diaz / Bloblems.

54. Produce Any Material Relating to any communication between you or any other Counterdefendant Defendants' employees, including but not limited to Garrett Walliman.

55. Produce Any Material Relating to any communication with any third party related to the third party's use of the DEFCAD website, including but not limited to communications with FFFTech and Unseenkiller

56. Produce Any Materials Relating to any communications between any defendants regarding the Everytown for Gun Safety v. DEFCAD lawsuit. .

57. Produce Any Material Relating to any communication related to developing, printing or sharing NFA items.

58. Produce Any Materials Relating to your IT services to the Gatalog and/or any other website owned and/or operated by Counterdefendants.

59. Produce Any Materials Relating to your hacking of Attorney

Gingras' website following the filing of the Complaint.

60. Produce Any Materials Relating to your use of foreign proxies to attempt to access DEFCAD.

61. Produce Any Materials Relating to The Gatalog's chat and direct message histories on Rocketchat.

62. Produce Any Materials Relating to your communications and relationship with Defendant Peter Celentano aka Freeman1337.

63. Produce Any Materials Relating to The Gatalog's coordination on Discord.

64. Produce Any Materials Relating to your ownership, or facilitation of the creation of, or knowledge of the origin of, the DEFCAD proxies