United States District Court
Middle District of Florida
Orlando Division

Matthew Larosiere,
    Plaintiff,

v.

Cody Rutledge Wilson, DEFCAD, Inc.,
Defense Distributed, and Dioskouroi LLC,
    Defendants.

_____   No. 6:24-cv-1629

Defense Distributed,
    Counterplaintiff /
    Third-Party Plaintiff,

v.

The Gatalog, Matthew Larosiere,
John Elik, Alexander Holladay, Peter
Celentano, Josh Kiel Stroke, John Lettman,
and MAF Corp,
    Counterdefendant / Third-Party
    Defendants.

**Response to the Motion to Stay All Discovery**

# Table of Contents

Table of Contents ................................................................................................ ii

Argument .............................................................................................................. 1

I.      The motion should be denied so that all discovery can continue. ............... 1

      A.      A high burden applies because discovery stays are disfavored. ........ 1

      B.      A pending motion about *part* of the case does not justify staying discovery for *all* of the case. ............................................................ 2

      C.      A discovery stay would cause serious harm. ..................................... 4

            1.      Elik is deleting material evidence. ............................................ 4

            2.      Celentano is deleting material evidence. ................................ 5

            3.      Holladay is deleting material evidence. ................................... 8

            4.      Other key custodians are deleting material evidence. .............. 9

            5.      Staying discovery risks further irreparable loss of proof. ........ 10

      D.      A discovery stay would impose no undue burdens. ........................ 11

      E.      The stay request is unreasonable. ................................................... 12

      F.      The Rule 12 motion is not even close to a "slam dunk." .................. 13

      G.      Normal discovery processes can solve all concerns. ...................... 14

II.     Alternative request for relief. ....................................................................... 14

Conclusion ......................................................................................................... 15

**Argument**

Plaintiff/Counterdefendant Matthew Larosiere and Counterdefendants John Elik, Josh Stroke, and John Lettman have moved to stay *all* discovery pending the resolution of a motion to dismiss only some of the action's claims (Defense Distributed's counterclaims). Doc. 80. Defendant/Counterplaintiff Defense Distributed and Defendants Cody Rutledge Wilson, DEFCAD, Inc., Dioskouri LLC, file this response to submit that the motion should be denied.

**I.   The motion should be denied so that all discovery can continue.**

The motion seeks (at 2) an order staying discovery on all claims as to all parties. But even if the supposed stay justifications were valid (they are not), they are claim-specific arguments that do *not* impact other claims giving rise to the very same discovery. The discovery at issue will have to happen no matter what. So the motion's invoked justification cannot warrant the requested relief. In any event, the supposed stay justifications are *not* valid in any respect. The Court should take the motion as it comes, as a request for a stay of all discovery, and deny it.

**A.   A high burden applies because discovery stays are disfavored.**

The relief this motion seeks—a complete stay of all discovery for every claim in the case—is rightly disfavored. "Such motions are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D.

1

Fla. 1997). The movant therefore has to show both "good cause" and "reasonableness." *E.g.*, *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006).

Those "good cause" and "reasonableness" showings must be made even where, as here, there is a pending Rule 12 motion to dismiss. *See In re Winn Dixie Stores, Inc. Erisa Litig.*, No. 304-CV-194J-33MCR, 2007 WL 1877887, at *1 (M.D. Fla. June 28, 2007). There is no "broad general rule that discovery should not proceed while a motion to dismiss is pending." *Id.* Instead, courts get discretion to sometimes (not always) stay discovery *if* the movant shows that "an especially dubious claim would unduly expand the scope of discovery." *Id.*

These two burdens have not been met. The claims at issue are not "especially dubious"—they are meritorious or at least fairly debatable. And the claims at issue do not "unduly expand the scope of discovery" because the discovery at issue will proceed no matter how the invoked Rule 12 motion gets resolved. The motion should be denied for both reasons.

**B.** **A pending motion about *part* of the case does not justify staying discovery for *all* of the case.**

Discovery stays cannot outrun their supposed justifications. On the contrary, the standard course of full discovery is correct unless the supposed stay justification would dispose of not just *some of the case* but the *entire case*: "A request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of *the entire case*." *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (emphasis added).

2

The instant motion's only given justification is *partial*. It says that a pending Rule 12 motion warrants a total discovery stay. But the invoked Rule 12 motion addresses only *part of the case*—Defense Distributed's counterclaims against certain counterdefendants. The invoked Rule 12 motion has no impact on two distinct parts of the case, each of which justifies the continuance of full discovery no matter what happens to the invoked Rule 12 motion.

First, the invoked Rule 12 motion to dismiss certain of Defense Distributed's counterclaims will not impact Plaintiff Larosiere's claims against Defense Distributed and the other Defendants. *See* Doc. 43. Since Plaintiff's claims entail a factual nexus that overlaps with that of Defense Distributed's counterclaims, the former will continue to justify virtually all of the discovery in question regardless of what happens with the invoked Rule 12 motion concerning the latter.

Second, the invoked Rule 12 motion to dismiss will have no impact on Defense Distributed's counterclaims against Counterdefendant Peter Celentano, *see generally* Doc. 49 at 8, 17-18 ¶¶ 14, 55-62, who did *not* join the other defendants in the invoked Rule 12 motion to dismiss, Doc. 47, and who did not join the other defendants in the instant motion to stay discovery. Defense Distributed's counterclaims against Counterdefendant Peter Celentano are not just substantially similar to its claims against the movants. They are fully parallel, asserting that Celentano is part and parcel of the same "Gatalog" RICO enterprise as the others. So again, no matter what happens as to the invoked Rule 12 motion to dismiss,

the guaranteed continuation of parallel claims against Celentano means that the instant movants will still be subject to all of the discovery in question.

The motion therefore fails to show that resolution of the invoked Rule 12 motion could "dispose of *the entire case*." *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (emphasis added). It should be denied on this basis alone.

### C. A discovery stay would cause serious harm.

The dominant "good cause" factor to analyze is the "harm produced by a delay in discovery." *See, e.g.*, *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). The harm at issue here is substantial because critical case evidence is vanishing, as demonstrated in detail by the attached evidence. Ex. A.

*Evidence that is substantially material to this case—particularly Defense Distributed's counterclaims concerning the Gatalog RICO enterprise—is vanishing because its custodians are deleting it*. Ex. A. Those deleting the material evidence include parties to the action— Counterdefendants John Elik, Peter Celentano, and Alex Holladay—as well as others. *Id.* The evidentiary deletions are happening now and they are ongoing, as news of the litigation spreads among those that worked in concert with the Gatalog and created evidence of its operations in a wide variety of electronically stored formats, including the following.

#### 1. Elik is deleting material evidence.

"Before this action began, Counterdefendant John Elik maintained an online social media account at Reddit as 'IvanTTroll' that included substantial content regarding material issues related to this litigation." Ex. A at 2, ¶ 2. " On the same

4

day that Plaintiff Larosiere filed this lawsuit, Elik deleted the entire publication history of his "IvanTTroll" Reddit account, leaving behind essentially none of his prior Reddit publications and none of those prior Reddit publications' thousands of comments":



*Id.*

        **2.**    **Celentano is deleting material evidence.**

"Before this action began, Counterdefendant Peter Celentano maintained an online social media account at X (Twitter) as '@Freeman13372; that included substantial content regarding material issues related to this litigation." Ex. A at 2-3, ¶ 3. "On September 20, 2024, hours after receiving a litigation hold letter for this litigation, Celentano deleted his X account entirely":



*Id.* "A social media post by Joshua Meyers, published in the same time frame as Celentano's social media account deletion, confirms that Celentano deleted his social media and Rocketchat accounts in response to this litigation":





6

*Id.* "A social media post by Counterdefendant Josh Stroke (publishing as 'IAmArizona'), published in the same time frame as Celentano's social media account deletion, confirms that Celentano deleted his social media accounts and Rocketchat access in response to this litigation":

**Freeman arrested, Gatalog reportedly comprom...**
77 upvotes • 59 comments

 IAmArizona • 18m

1. Reddit.
2. You are all literally posting openly on Reddit.
3. The Deterrence Dispensed Rocket Chat is not "compromised"
4. Rocket Chat has always been a non end to end encrypted venue, with the understanding that you are posting to at your own risk, with your own security being your responsibility.
5. Freeman is not the IT guy, and he burned his accounts, severing all access he had, as soon as he was served with a litigation hold by Cody Wilson, well before his arrest.
6. By panicking, you are playing directly into Cody Wilson's desire to create a chilling effect in the 3D2A sphere.

jny is the IT guy

··· ← Reply   ↑ 8 ↓

*Id.*

### 3. Holladay is deleting material evidence.

"Before this action began, [Counter]Defendant Alex Holladay maintained the Gatalog's published publication policies at gitlab.deterrencedispensed.com." Ex. A at 4-5, ¶4. "In response to this litigation, Holladay altered the Gatalog's publication policy at gitlab.deterrencedispensed.com to support Larosiere's copyright claims":



*Id.* "Holladay here posts as 'CtrlPew' to edit the Deterrence Dispensed / Gatalog wiki by changing their five-year-long policy on licensing files." *Id.* "Before, the published policy stated that files did not need licenses unless a developer wanted to protect the files." *Id.* "After the *Larosiere* suit was filed, the policy was changed to state that files are presumed to have copyright and other rights unless the developer makes a positive license to give rights away."

Furthermore, "Counterdefendant Alex Holladay maintained all of the following content regarding the 'Gatalog University' before deleting it on November 26, 2024:



Ex. A at 5-6, ¶ 5. "Holladay had both hosted and then deleted the series announcement at his website CtrlPew, Odysee.com and on X/Twitter." *Id.*

### 4. Other key custodians are deleting material evidence.

"The Gatalog's former and current Rocketchat administrator is an individual known as 'UberClay.'" Ex. A at 6, ¶6. "Before being mentioned by Defense Distributed's discovery materials as a material witness, this individual maintained

9

an account with the buymeacoffee.com financial transactions platform at https://buymeacoffee.com/fr7hwjqzb7m":



*Id.* "Immediately after being mentioned by Defense Distributed's discovery materials, the former and current Gatalog Rocketchat administrator that goes by 'UberClay' deleted this buymeacoffee.com account." *Id.*

### 5. Staying discovery risks further irreparable loss of proof.

The ongoing deletion of evidence by parties with a duty to preserve it proves spoliation—a claim that is already pleaded, *see* Doc. 52 at 57-60, and that can warrant severe sanctions, including adverse inferences, evidentiary exclusions, and even default judgment, *see, e.g., Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 945 (11th Cir. 2005). And even if some deletions do not formally rise to the

level of spoliation, they still highlight why a stay of discovery would severely impair Defense Distributed's ability to litigate this case effectively.

Continuing normal discovery at least gives Defense Distributed and the other Defendants a chance to secure remaining evidence about the Gatalog enterprise and its activities. But if discovery is stayed and further evidence deletion occurs—an inference that is now not only plausible but increasingly likely—these litigants will be irreparably harmed by the wrongful deprivation of evidence that is critical to their ability to fairly litigate this action. Evidence that is lost now cannot be restored later, and delaying discovery increases the already-evident risk that key materials will permanently disappear before they can be reviewed. *See, e.g.*, *Halman Aldubi Provident & Pension Funds Ltd. v. Teva Pharm. Indus. Ltd.*, No. CV 20-4660-KSM, 2024 WL 4008748, at *4 (E.D. Pa. Aug. 30, 2024) ("the risk of witnesses' fading memories, witness deaths, change in witness locations, and lost evidence grows every day"). Allowing discovery to proceed without delay is the only way to ensure that all parties can fairly present their claims and defenses.

### D. A discovery stay would impose no undue burdens.

Another "good cause" factor to analyze is the discovery burden on the defendant. *See, e.g.*, *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). Burdens here are *not* properly established at all, are low at most, and are outweighed by the severe proven harm that a stay would inflict.

To show that discovery would impose burdens that might necessitate a stay, a movant has to give *particularized analysis and evidence*—not just "conclusory

11

statements about need and harm." *Zarnesky v. Adidas Am., Inc.*, No. 6:21-CV-540-PGB-GJK, 2021 WL 3729230, at *1 (M.D. Fla. June 10, 2021). In other words, there must be a "specific showing of prejudice or burdensomeness." *Wilshire Ins. Co. v. Crestview Towers Condo., Ass'n, Inc.*, No. 21-23214-CIV, 2023 WL 7129941, at *8 (S.D. Fla. Mar. 8, 2023).

This motion fails to give particularized burden analysis and gives no burden evidence whatsoever. The analysis is conclusory. It says just that the discovery at issue is "extensive, burdensome, overly broad, and expensive" without more. Doc. 80 at 3. And to back up the fleeting mention of discovery costs imposing financial burdens, Doc. 80 at 4, the motion gives no proof whatsoever. For this reason alone, the burden showing does not suffice.

The motion's conclusory and unproven burden argument also fails on its own terms because the discovery complained about is *not* especially burdensome. It is orthodox and mainstream, calling for the production of normally discoverable material that is easy to access and supply.

### E. The stay request is unreasonable.

The "reasonableness" requirement that applies to discovery stay requests, *see, e.g.*, *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (movant must establish "reasonableness"), is violated by the consistency problem of Plaintiff/Counterdefendant Larosiere. The position he takes in this motion is at odds with the position taken by his motion for a preliminary injunction. Whereas

this motion's gist is that the litigation should come to a grinding halt, the preliminary injunction seeks to speed everything up.

### F. The Rule 12 motion is not even close to a "slam dunk."

Finally, courts evaluating discovery stay requests sometimes do "'a preliminary peek' at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Feldman v. Flood*, 176 F.R.D. 651, 652–53 (M.D. Fla. 1997). A preliminary peek at the motion to dismiss, Doc. 71, shows that it should be denied for the reasons given by Defense Distributed's response, Doc. 79. But to rule on this motion to stay, the Court need not go so far as to determine the Rule 12 motion's merit. It need only look long enough to see that the Rule 12 motion's arguments are not a "sure winner" or "the slam dunks that Defendants suggest." *Wilshire Ins. Co. v. Crestview Towers Condo., Ass'n, Inc.*, No. 21-23214-CIV, 2023 WL 7129941, at *8 (S.D. Fla. Mar. 8, 2023). The Court can reach that level of certainty here quickly because of simple faults pointed out in the response. *See* Doc. 79 at 16-17 ("The third wire fraud basis is totally unanswered. . . . The motion's failure to meaningfully grapple with the FEDCAD allegations is a serious shortcoming that lets multiple claims through essentially untouched."). Thus, even if the stay test's other prerequisites were shown, this Rule 12 motion is not obviously strong enough to warrant the extraordinary remedy of a total discovery stay.

### G. Normal discovery processes can solve all concerns.

If the moving parties believe that specific discovery requests are overly broad, unduly burdensome, or otherwise improper, the way to resolve those concerns is by using normal discovery processes—not a complete stay. Plenty of sufficient tools are at their disposal, such as Rule 26(c) protective orders, Rule 34 objections, and more. These orthodox discovery tools—not a total stay—are the normal and correct way to deal with the motion's concerns. *See Wilshire Ins. Co. v. Crestview Towers Condo., Ass'n, Inc.*, No. 21-23214-CIV, 2023 WL 7129941, at *9 (S.D. Fla. Mar. 8, 2023) ("To the extent that Defendants have valid concerns regarding unduly burdensome discovery requests or any unjustified discovery expenses, Defendants are free to resort to our discovery dispute resolution procedures, where they will be afforded the opportunity to raise any appropriate discovery objections.").

Indeed, rudimentary steps like conferring with opposing counsel *before* filing discovery motions can resolve many issues without more. Case in point: The motion's complaint about certain discovery papers being unsigned had never been raised before the movants filed Document 80 and was fixed immediately once counsel became aware, with zero prejudice to anyone.

### II. Alternative request for relief.

Alternatively, even if the Court does not deny the motion in full, it should at least cabin the decision to make the remedy match the supposed justification. Even if the Court enters a stay of discovery on (1) Defense Distributed's

14

counterclaims against the moving parties, it should deny the motion and allow discovery to proceed as to (2) Plaintiff's claims against Defense Distributed, and (3) Defense Distributed's claims against Peter Celentano.

## Conclusion

The motion should be denied.

Respectfully submitted,

| | |
|---|---|
| /s/ Chad Flores | /s/ F. Andino Reynal |
| Chad Flores | F. Andino Reynal |
| cf@chadflores.law | areynal@frlaw.us |
| Texas Bar No. 24059759 | Texas Bar No. 24060482 |
| Flores Law PLLC | The Reynal Law Firm, PC |
| 917 Franklin Street | 917 Franklin |
| Suite 600 | 6th Floor |
| Houston, Texas 77002 | Houston, Texas 77002 |
| T (713) 364-6640 | T (713) 228-5900 |
| F (832) 645-2496 | F (713) 820-6981 |

Counsel for Cody Wilson, DEFCAD, Inc., Defense Distributed, and Dioskouroi LLC