# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MATTHEW LAROSIERE,

        Plaintiff,

v.                                                                              Case No:   6:24-cv-1629-WWB-LHP

CODY RUTLEDGE WILSON,
DEFCAD, INC., DEFENSE
DISTRIBUTED and DIOSKOUROI
LLC,

        Defendants

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PLAINTIFF AND COUNTERDEFENDANTS MATTHEW LAROSIERE, JOHN ELIK, JOSH STROKE, AND JOHN LETTMANS' OPPOSED MOTION TO STAY DISCOVERY PENDING RESOLUTION OF COUNTERDEFENDANTS MATTHEW LAROSIERE, JOHN ELIK, ALEXANDER HOLLADAY, JOSH KIEL STROKE, JOHN LETTMAN, AND MAF CORP'S CONSOLIDATED MOTION TO DISMISS DEFENSE DISTRIBUTED'S COUNTERCLAIMS (Doc. No. 80)
>
> **FILED:** February 12, 2025

> **THEREON** it is **ORDERED** that the motion is **DENIED.**

**I.     BACKGROUND**

On September 6, 2024, Plaintiff Matthew Larosiere filed a complaint against Defendants Cody Rutledge Wilson, DEFCAD, Inc., Defense Distributed, and Dioskouroi LLC (collectively "Defendants"), alleging claims of copyright infringement under 17 U.S.C. § 501, for false designation of origin and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a), and state-law claims for unauthorized publication of name or likeness and unjust enrichment.  Doc. No. 1. The operative pleading for Plaintiff is the amended complaint, filed on December 11, 2024, which removes the unjust enrichment claim.  Doc. No. 43.[1]

On December 27, 2024, Defendants filed their first amended answer with counterclaims.  Doc. No. 49.  Thereafter, on January 3, 2025, Defendants filed a second amended answer with counterclaims, which is Defendants' operative pleading.  Doc. No. 52.  While styled on behalf of all Defendants, the pleading

---

[1] On December 26, 2024, Defendants filed a motion to dismiss, arguing that two of Plaintiff's "secondary non-Copyright claims" fail to state a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6), and that all claims against Defendant Dioskouroi LLC are due to be dismissed under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.  Doc. No. 48.  That motion remains pending before the Presiding District Judge.

- 2 -

asserts 49 counterclaims solely on behalf of Defense Distributed against Counterdefendant/Third-Party Defendants The Gatalog, Matthew Larosiere, John Elik, Alexander Holladay, Peter Celentano, Josh Kiel Stroke, John Lettman, and MAF Corp.  *Id.*  More specifically, Defense Distributed asserts seven (7) civil RICO claims pursuant to 18 U.S.C. § 1962(b); seven (7) claims for false and misleading advertising and unfair competition in violation of the Lanham Act; seven (7) claims for violation of the Computer Fraud and Abuse Act, 18 U.S.C. §1030; seven (7) state-law claims for tortious interference with business relationships; seven (7) trade libel claims; seven (7) claims for violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.204; and seven (7) spoliation claims under the Federal Rules of Civil Procedure and Federal Rules of Evidence.  *Id.*

On January 17, 2025, Matthew Larosiere, John Elik, Alexander Holladay, Josh Kiel Stroke, John Lettman, and MAF Corp. (collectively "Counterdefendants") jointly moved to dismiss all 49 counterclaims.  Doc. No. 71.  The Gatalog and Peter Celentano did not join in the motion.  Counterdefendants first argue that all counterclaims against John Elik, Josh Kiel Stroke, John Lettman should be dismissed for lack of personal jurisdiction.  *Id.*, at 4-6.  Next, Counterdefendants argue that the counterclaims are an impermissible shotgun pleading.  *Id.*, at 6-12; *see also Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313 (11th Cir. 2015).  Third, and

finally, Counterdefendants argue that none of the 49 counterclaims sufficiently articulate a claim for which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). Doc. No. 71, at 12-21. While recognizing that leave to amend "is usually liberally granted," Counterdefendants contend that that the counterclaims should be dismissed with prejudice because (1) Defense Distributed argued against permitting Plaintiff leave to amend, and therefore Defense Distributed "ought reap what it sows," and (2) Defense Distributed has now filed three versions of its counterclaims and should not be granted leave to file a fourth version. *Id.*, at 22. The motion to dismiss also remains pending before the Presiding District Judge.[2]

This brings us to the present motion. On February 12, 2025, Counterdefendants Matthew Larosiere, John Elik, Josh Stroke, and John Lettman (collectively "The Moving Parties") moved to stay all discovery in this case pending resolution of Counterdefendants' motion to dismiss Defense Distributed's counterclaims. Doc. No. 80. The Moving Parties state that starting in early February 2025, Defense Distributed began serving "unsigned, extensive, burdensome, overly broad, and expensive discovery," on the Moving Parties. *Id.*, at 3; *see also* Doc. Nos. 80-1 through 80-4. The Moving Parties argue that an order

---

[2] Counterdefendants previously moved to dismiss Defense Distributed's first amended counterclaims. Doc. No. 47. That motion appears to now be moot and is not referenced in the present motion to stay. Doc. No. 80. *See also* Doc. No. 50.

staying discovery is necessary because a decision on Counterdefendants' motion to dismiss would dispose of all or at least some of the counterclaims, and absent a stay, Counterdefendants will be forced to participate in this extensive, burdensome, overly broad, and expensive discovery, which will be rendered moot, or at least significantly diminished, if dismissal is granted. Doc. No. 80, at 2, 4. The Moving Parties further note that as to Counterdefendants John Elik, Josh Stroke, and John Lettman, dismissal is argued on the basis of lack of personal jurisdiction, which would remove them from all counterclaims. *Id.*, at 5. In addition, the Moving Parties argue that Defense Distributed will suffer no prejudice if discovery is stayed, and that with a May 1, 2026 discovery deadline, there will be "plenty of time" to engage in discovery once Counterdefendants' motion to dismiss is ruled on. *Id.*, at 5-6. Last, the Moving Parties argue that both Counterdefendants' and Defendants' motions to dismiss raise Fed. R. Civ. P. 12(b)(6) arguments, and "it best serves the interests of both sides of this litigation, and the Court, to stay discovery until the pending motions appropriately limit its scope." *Id.*, at 6.

Defendants have filed a response opposing the stay. Doc. No. 82. Specifically, Defendants note that the motions to dismiss will not dispose of every claim and/or counterclaim in this case, thus discovery will move forward no matter what, and the requested discovery relates to both the claims and counterclaims. *Id.*, at 2-6. In other words, a stay of discovery at this juncture will only delay the

inevitable. *Id.* Defendants further argue that staying discovery will cause substantial and material harm to Defense Distributed because some of the Counterdefendants and others are actively deleting evidence. *Id.*, at 6-12; *see also* Doc. No. 82-1. If discovery is stayed, it is highly likely that Defense Distributed and the other Defendants will suffer irreparable harm in the form of deprivation of the destroyed evidence. Doc. No. 82, at 12-13. Defendants also challenge the merits, or "slam dunk" nature of Counterdefendants' motion to dismiss, and contend that their requested discovery is not "extensive, burdensome, overly broad, and expensive," but rather "orthodox and mainstream." *Id.*, at 14-15. To that end, if the Moving Parties take issue with the discovery, they can follow the normal discovery process, to include good faith conferrals and related Fed. R. Civ. P. 26 and 37 motion practice, as appropriate. *Id.*, at 16.

## II.   ANALYSIS

The Court has broad discretion to stay discovery as part of its inherent authority to control its docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) ("[A] magistrate has broad discretion to stay discovery pending decision on a dispositive motion."). However, motions to stay discovery pending a ruling on a dispositive motion are generally disfavored. *See* Middle District Discovery (2021) § (I)(E)(4) ("Normally, the pendency of a motion to dismiss . . . will not justify a unilateral

motion to stay discovery pending resolution of the dipositive motion. Such motions for stay are rarely granted. However, unusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden."). Indeed, "when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quoting *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988)).

The moving party bears the burden of showing good cause to stay discovery. *Id.*; Middle District Discovery (2021) § (I)(E)(4). In determining whether a stay of discovery is warranted, the Court must balance the harm produced by delay against the possibility that the dispositive motion will be granted and entirely eliminate the need for discovery. *Feldman*, 176 F.R.D. at 652. In making this determination, "it is necessary for the Court to take a preliminary peek at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Id.* at 652–53 (quotations omitted).

Upon consideration, the Moving Parties have not shown good cause to stay discovery. Taking a "preliminary peek" at Counterdefendants' motion to dismiss, and without expressing any opinion as to final resolution of the motion, the Court is not convinced that Counterdefendants' motion to dismiss is "truly case

dispositive."  As Defendants correctly point out, (and as the Moving Parties allude to), neither Counterdefendants' nor Defendants' motions to dismiss will dispose of every claim or counterclaim.[3]  And "[a]bsent a clear indication a case will be dismissed in its entirety, a motion to stay should be denied."  *McCrimmon v. Centurion of Fla., LLC,* No. 3:20-cv-36-J-39JRK, 2020 WL 6287681, at *2 (M.D. Fla. Oct. 27, 2020) (citations omitted).[4]

Further, while Counterdefendants seek dismissal of all counterclaims with prejudice, the Court is also not convinced of that outcome.  With the exception of the out-of-state Counterdefendants' personal jurisdiction arguments and the spoliation claims, the motion to dismiss is based on pleading deficiencies (shotgun and Rule 12(b)(6) failure to state a claim).  The Presiding District Judge has not

---

[3] While the motion is styled as only relying on Counterdefendants' motion to dismiss counterclaims, the Moving Parties also reference Defendants' motion to dismiss.

[4] The Moving Parties cite to *Skuraskis v. NationsBenefits Holdings, LLC*, 717 F. Supp. 3d 1221, 1228 (S.D. Fla. 2023), which in turn quotes *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1343, 1367 (11th Cir. 1997), for the proposition that discovery should be stayed until motions to dismiss based on failure to state a claim are resolved.  Doc. No. 80, at 5.  But "nothing in *Chudasama* states that discovery must be stayed pending a decision on a motion to dismiss or that such a motion must be resolved before discovery can begin."  *Taser Int'l, Inc. v. Phazzer Elecs., Inc.*, 754 F. App'x 955, 960 (Fed. Cir. 2018).  "Instead, it stands for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount."  *Id.* (internal quotation marks omitted) (quoting *Koock v. Sugar & Felsenthal, LLP*, No. 8:09-cv-609-T-17EAJ, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009)).  Thus, the mere fact that there are pending motions to dismiss does not, in and of itself, warrant a stay of discovery.  *See also* Middle District Discovery (2021) § (I)(E)(4).

ruled on these issues previously, and Counterdefendants cite no legal authority where a pleading is dismissed with prejudice in its entirety based solely on shotgun or other pleading deficiencies without first providing instruction and offering leave to amend.[5]

The Moving Parties also have not carried their burden of demonstrating "unusual circumstances" or specific burden or prejudice by lack of a stay. *See* Middle District Discovery (2021) § (I)(E)(4). Conclusory statements that discovery will be overly burdensome, extensive, and expensive are insufficient. *See Wiand v. ATC Brokers Ltd.*, No. 8:21-cv-01317-MSS-AAS, 2022 WL 1239373, at *2 (M.D. Fla. Apr. 27, 2022) (denying stay of discovery where the defendants did not establish good cause to justify the stay, and there was no finding that the defendants would be prejudiced or burdened by engaging in discovery before the motions to dismiss were resolved). Moreover, as it relates to specific discovery requests, "the multitude of tools provided by the discovery rules remain at [the Moving Parties']

---

[5] Counterdefendants contend that *Barmapov v. Amuial*, 986 F.3d 1321 (11th Cir. 20210), supports a dismissal of the counterclaims in their entirety and without leave to amend. Doc. No. 71, at 22. Without making any rulings on this argument, the Court notes that in *Barmapov*, the court previously addressed the merits of the claims, dismissed the amended complaint as a shotgun pleading with explanation, and provided plaintiff with an opportunity to replead. 986 F.3d at 1326. In contrast, no such rulings have been made in this case, and the substance of the counterclaims has not yet been addressed by the Presiding District Judge.

disposal." *See Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at *4 (S.D. Fla. Nov. 9, 2012). In contrast, Defendants have argued, with a declaration in support, that they will be prejudiced – perhaps irreparably – if discovery is stayed.

In sum, the undersigned finds that the harm produced by the delay in staying discovery outweighs the possibility that the need for discovery will be entirely eliminated. *See Feldman*, 176 F.R.D. at 652. Accordingly, the Motion to Stay Discovery (Doc. No. 80) is **DENIED.** *See, e.g.*, *Johnston v. Anti-Defamation League*, No. 6:24-cv-1465-JSS-EJK, 2024 WL 4803203, at *1 (M.D. Fla. Nov. 15, 2024) (denying stay of discovery based on motions to dismiss raising issues of service of process, personal jurisdiction, shotgun pleading, and failing to state plausible claims for relief where, "[h]aving taken a preliminary peek at the pending motions, the court does not discern 'an immediate and clear possibility' that they will be granted such that the need for discovery will be 'entirely eliminate[d].'" (quoting *Feldman*, 176 F.R.D. at 652)); *Wiand,* 2022 WL 1239373, at *2 (denying stay of discovery based on motions to dismiss which alleged lack of standing and failure to state a claim, stating "the court cannot conclude at this time that the motions to dismiss will be granted and, even if so, whether such dismissal would be of the entire amended complaint, against each defendant, and with prejudice").

**DONE** and **ORDERED** in Orlando, Florida on March 6, 2025.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties