UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW LAROSIERE,

        Plaintiff,

v.                                                        Case No.: 6:24-cv-1629-WWB-LHP

CODY RUTLEDGE WILSON, DEFCAD,
INC., DEFENSE DISTRIBUTED and
DIOSKOUROI LLC,

        Defendants.
                                /

## ORDER

THIS CAUSE is before the Court on Defendants' Motion to Dismiss (Doc. 48). Therein, Defendants argue that Counts 5 and 6 of the First Amended Complaint (Doc. 43) should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and that all claims against Defendant Dioskouroi LLC should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

Pursuant to Rule 12(b), motions asserting any of the defenses listed in Rule 12(b)(1) through (7) "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b).  Once an answer to a complaint is filed, any Rule 12(b) motion to dismiss is rendered a nullity. *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 971 n.6 (11th Cir. 2002) ("After answering the complaint, the defendants filed Rule 12(b)(6) motions to dismiss the plaintiffs' claims.  Under Rule 12(b), these motions were a nullity; by filing an answer, the defendants had eschewed the option of asserting by motion that the complaint failed to state a claim for relief."); see also *Doolin v. Borg Warner Corp.*, No. 3:16-cv-778-J, 2017 WL 10841697, at *1–2 (M.D. Fla. Oct. 17, 2017).

Defendants have filed a Second Amended Answer with Counterclaims (Doc. 52). to Plaintiff's First Amended Complaint.  Therefore, any motion to dismiss pursuant to Rule 12(b) is improper.  Accordingly, it is **ORDERED** and **ADJUDGED** that Defendants' Motion to Dismiss (Doc. 48) is **DENIED as moot**.

**DONE AND ORDERED** in Orlando, Florida on April 15, 2025.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record