United States District Court
Middle District of Florida
Orlando Division

Matthew Larosiere,
    Plaintiff,

v.

Cody Rutledge Wilson, DEFCAD, Inc.,
Defense Distributed, and Dioskouroi
LLC,
    Defendants.

_____      No. 6:24-cv-1629

Defense Distributed,
    Counterplaintiffs

v.

The Gatalog, Matthew Larosiere,
John Elik, Alexander Holladay, Peter
Celentano, Josh Kiel Stroke, John
Lettman, The Gatalog Foundation, and
MAF Corp,
    Counterdefendants.

_____

# DEFENSE DISTRIBUTED'S MOTION TO EXTEND THE TIME FOR SERVICE UPON COUNTERDEFENDANT PETER CELENTANO AND MEMORANDUM IN SUPPORT

Counterplaintiff Defense Distributed files this motion for an order extending the time for service upon counterdefendant Peter Celentano.

## MEMORANDUM IN SUPPORT

On April 11, 2025, the Court denied without prejudice Defense Distributed's motion for clerk's entry of default against counterdefendant Peter Celentano, Doc. 87, and ordered Defense Distributed to resubmit a motion addressing the identified issues regarding Celentano. Doc. 88 at 1. This is Defense Distributed's motion fulfilling that order.

Despite timely and diligent efforts to both serve Defendant within the originally prescribed period and generate sufficient proof of that service, the standard was not fully met due to minor matters of inadvertent noncompliance. Because the original attempt at service was prompt, in good faith, and reasonably calculated to provide notice—and because failure to grant an extension would result in unwarranted prejudice—the Court should enter an order under Federal Rule of Civil Procedure 4 extending the time limit for service.

Rule 4(m) provides that, if a plaintiff shows good cause for having not sufficiently served a defendant within the original service period, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). The Rule is designed to prevent undue delay in litigation, not to

penalize plaintiffs for inconsequential procedural missteps made despite diligence. As explained by Wright & Miller, "good cause" usually exists "when the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person… or the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances…" 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1137 (4th ed.).  With respect to counterdefendant Celentano, sufficient Rule 4(m) "good cause"  to extend the service period exists for the following reasons.

Celentano is the defendant in *United States v. Celentano*, 1:24-mj-01204-JJM (W.D.N.Y.). On October 22, 2024, Celentano was ordered detained. *Id*. at Doc. No. 9. Since then, Celentano has been housed at the Niagara County Jail, in Lockport, NY.

Originally, Defense Distributed made a good-faith effort to effect service of process within the 90-day Rule 4(m) deadline. A process server was promptly engaged, the complaint and summons were delivered to the address believed to be appropriate, and service was attempted in a manner intended to comply with Rule 4.  But minor inadvertent mistakes in that process nonetheless rendered the service and associated proof of service technically defective:

- Defense Distributed filed its counterclaim adding Celentano as a party on November 14, 2024. Doc. No. 29.[1] The Clerk issued a Summons for Celentano on November 21, 2024. Doc. No. 35.

- On November 28, 2024, a process server delivered a copy of the counterclaim and summons to Niagara County Deputy Sheriff Shawver at the Niagara County Jail, located at 5526 Niagara St Ext, Lockport, NY 14095. *See* Affidavit of Service attached hereto as Exhibit A.

- In December 2024 and in subsequent weeks, separate counsel for Defense Distributed communicated with Celentano and his criminal defense counsel about the instant proceedings. But those efforts were unable to resolve the dispute between them or otherwise arrange for an appearance in this action.

- Defense Distributed moved for Clerk's Entry of Default against Celentano for failure to Answer or Otherwise defend against Defense Distributed's claims on April 8, 2024. Doc. No. 87. Defense Distributed conducted the effort then and not earlier for Celentano's benefit - to ensure that he had ample time (more than the rules require affording) to make a proper appearance in the action and litigate on the merits.

- While Celentano's name is correctly spelled on the Summons and Counterclaim, the Affidavit of Service states that the documents were served on Peter Salvatore *Centano*. Because the affidavit of service does not state that it was served on "Celentano," it is insufficient to establish services of process

---

[1] Although Defense Distributed's counterclaims were amended on December 27, 2024 (Doc. No. 49), and January 3, 2025 (Doc. No. 52), Defense Distributed was not required to serve Celentano with the amended counterclaims as they do not contain any additional claims against Celentano. *See Campbell v. Bennett*, 47 F.4th 1362, 1366 (11th Cir. 2022) (service of an amended pleading on a party in default is not necessary unless there is a new claim brought in the amended complaint against the defaulted party.).

4

and by extension default. Counsel became aware of the error after receiving the Court's Order of April 11, 2025. Doc. No. 88.

This course of proceedings reflects not a lack of diligence, but a good-faith effort to comply with the rules that was undermined by minor, correctable errors. The deficiencies in service only came to light recently, in response to the Court's directive in Document 88, and Defense Distributed has acted promptly to address them. Importantly, Counterdefendant Celentano will suffer no prejudice from the requested relief or from any renewed effort to seek default judgment should he again fail to respond after proper service.

## Conclusion

For these reasons, Defense Distributed respectfully requests that the Court enter an order extending the time limit for service of Defense Distributed's current pleading on counterdefendant Peter Celentano to May 15, 2025, or such later time as the Court deems just.

5

Respectfully submitted this 17 day of April, 2025.

                                                */s/ F. Andino Reynal*

                                                F. Andino Reynal

                                                The Reynal Law Firm

                                                917 Franklin St., 6th Floor

                                                Houston, Texas 77002

                                                T. 713.228.5900

                                                areynal@frlaw.us

                                                Admitted Pro Hoc Vice

                                                Counsel for Cody Wilson, Defense Distributed, DEFCAD Inc., and Dioskouri, LLC.

## CERTIFICATE OF SERVICE

I certify that a copy of this document has been served on all counsel of record through the Court's electronic filing system.

*/s/ F. Andino Reynal*

F. Andino Reynal
The Reynal Law Firm

## CERTIFICATE OF CONFERENCE

I certify that I have attempted to confer with Peter Celentano by emailing his attorney of record in the New York criminal proceeding on April 15, 16 and 17, 2025. Despite these efforts I have been unable to reach Celentano to obtain his position on this matter.

*/s/ F. Andino Reynal*

F. Andino Reynal
The Reynal Law Firm
