**EXHIBIT 1 – PROPOSED SUPPLEMENTAL MEMORANDUM**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

    *Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc., DEFENSE DISTRIBUTED, and DIOSKOUROI LLC,

    *Defendants*.

_____/

## SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Plaintiff Matthew Larosiere submits this supplemental memorandum to inform the Court of additional infringing conduct undertaken by Defendants after the filing of Plaintiff's Motion for Preliminary Injunction (Doc. 53) and reply (Doc. 78). These new acts further demonstrate the necessity of injunctive relief.

### I.    NEWLY DISCOVERED INFRINGEMENT

On or about April 28, 2025, Plaintiff discovered that Defendants had begun advertising and offering for download unauthorized copies of more of Plaintiff's owned works on their commercial website, Defcad.com. The page advertised by Defendants titled "The Regular 10-22" contains the following Plaintiff-owned copyrighted works:

    a) Three literary works owned by Plaintiff:

        i. "The Regular 10-22 Documentation" (first published April 4, 2025);

        ii. "Readme.txt" (first published April 4, 2025);

1

      iii. A separate, earlier literary work titled "Readme.txt" (first published June 6, 2020).

  b) Twenty-five photographic works owned by Plaintiff:

      i. Nineteen originally published on April 4, 2025;

      ii. Six originally published on June 6, 2020.

  c) Collectively, Defendants' use of the above works are referred to as the "New Infringements."

  d) Plaintiff has owned exclusive rights in the works contained in the New Infringements since their dates of publication, and has never authorized their use by Defendants.

Like Defendants' previous infringements, the New Infringements are exact reproductions, reproduced in full, without authorization, and are offered for download to paying users at Defendants' Defcad website.

Also similar to the previous infringements, the infringement is willful and intentional. According to Defendants' Defcad.com website, the New Infringements were first distributed by Defendants on or about April 28, 2025.[1] That same day, Defendant Wilson updated his "Fedcad.com" website to include the New Infringements. (Ex. P ¶ 10), (Doc. 29 ¶ 358). Shown below, beginning on April 28, 2025, Defendant Wilson's Fedcad website correctly identifies that the works

---

[1] https://web.archive.org/web/20250504035803/https://defcad.com/library/the-regular-1022/.

included in "Regular 1022" were originally published April 4th, 2025, and are currently pending registration with the copyright office.





Attached as Exhibit N are comparisons of Plaintiff's textual works to the works downloaded from Defendants. Attached as Exhibit O are comparisons of Plaintiff's photographic works to the works downloaded from Defendants. Attached as Exhibit P is Plaintiff's sworn declaration attesting to ownership, dates of publication, and identifying the works infringed.

## II. RELEVANCE TO PENDING MOTION

These post-filing infringements reinforce Plaintiff's argument that absent injunctive relief, Defendants will continue to infringe additional copyrighted works.

3

In opposition to the injunction motion, Defendants claimed they would voluntarily cease infringing literary and photographic works as of January 25, 2025 (Doc. 74-1 ¶ 7). Plaintiff identified that Defendants continued to infringe the very same works Defendant Wilson swore to cease in his affidavit after that date. (Doc. 78 p. 4). When Plaintiff last checked, that infringement was still present.[2] This assurance is now demonstrably false. Just as Plaintiff identified in the underlying Motion, Defendants' unchecked willful infringement has now necessitated still more registrations and—if Plaintiff is to recover as to the New Infringements—yet another amended complaint.

Leaving no doubt as to their intent, not only did Defendants gloat about the pending registration of the New Infringements, Defendant Wilson, while advertising the New Infringements on the Defcad blog on April 30, 2025, said of the works copied in the New Infringements: "Perhaps it pretends to some original and artistic difference protectable by law. But you don't have to pretend, homie. It's ok to be regular."[3] Between these facts and Wilson's manifesto, it is clear Defendants will not cease new infringing conduct absent injunction.

Given the Supreme Court's holding in *Fourth Estate Public Benefit Corp. v. Wall-Street.com*, Plaintiff must wait until he receives registration back from the copyright office before bringing another claim for infringement. 139 S. Ct. 881 (2019). Current processing times average 3.3 months for digital claims with

---

[2] https://web.archive.org/web/20250209030400/https://defcad.com/library/the-hitchhiker/, *Archived Feb 9, 2025.*
[3] https://web.archive.org/web/20250503232549/https://defcad.com/blog/mk18-g80/, *Archived May 3, 2025.*

4

correspondence.[4] Allowing Defendants to proceed unenjoined would enable Defendants to force an untenable choice between getting relief only as to previous infringements and restarting this litigation indefinitely, all the while Defendants continue their ongoing and additional infringements.

In sum, Defendants' continued pattern of intentional infringement confirms Plaintiff's contentions that:

a) The harm is not hypothetical or speculative;

b) Injunctive relief is necessary to prevent a multiplicity of lawsuits and piecemeal enforcement efforts (*see* Doc. 53 at 12–13; Doc. 78 at 4);

c) Defendant's affidavits promising cessation cannot be relied on;

d) Plaintiff will suffer ongoing loss of control over his intellectual property and dilution of exclusive rights absent an injunction; and

e) There is a now undeniable risk that Plaintiff will be forced to register additional works and continually amend pleadings to keep pace with Defendants' ongoing infringements absent injunction.

Defendants' conduct underscores Plaintiff's showing of irreparable harm, strengthens the balance of equities in favor of an injunction, and highlights the inadequacy of legal remedies alone.

---

[4] Registration Processing Times, *Copyright.gov* https://www.copyright.gov/registration/docs/processing-times-faqs.pdf.

### III. CONCLUSION

The New Infringements make clear the need for a preliminary injunction. Plaintiff respectfully requests that the motion be granted.

Respectfully submitted,

DATED: May 4, 2025

                                            */s/ Zachary Z. Zermay*
                                            Zachary Z. Zermay, Esq.
                                            Fla. Bar № 1002905
                                            *Zermay Law, P.A.*
                                            1200 Fourth Street, #1102
                                            Key West, FL 33040
                                            Email: zach@zermaylaw.com
                                            Telephone: (305) 767-3529
                                            *Lead Counsel for Plaintiff Matthew Larosiere*