# EXHIBIT P

# DECLARATION OF MATTHEW LAROSIERE

1

P-1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

        *Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc., DEFENSE DISTRIBUTED, and DIOSKOUROI LLC,

        *Defendants*.

_____/

### SECOND DECLARATION OF MATTHEW LAROSIERE IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT

I, Matthew Larosiere, declare and state as follows:

1. I am the Plaintiff in the above-styled action. I submit this Declaration, which is filed in support of my Motion for Preliminary Injunction. I am personally knowledgeable of the matters set forth in this declaration and, if called upon to do so, I could and would competently testify to the following facts set forth below.

2. I am, and at all times relevant hereto have been, the exclusive owner of all works identified in the SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, with which this declaration is filed, specifically:

    a. Twenty-five photographic visual art works depicting a self-loading rimfire firearm.

    b. Three literary works, two of which first published April 4, 2025, and one of which first published June 6, 2020.

    c. Collectively, I will refer to the above as "my recent Copyrighted Works".

3. I registered all of my recent Copyrighted Works with the copyright office, and their registration is currently pending.

4. Defendants do not have, nor have they ever had, the right or authority to use my recent Copyrighted Works for any purpose.

5. For each suspected infringing work I downloaded or otherwise acquired from Defendants, mentioned below, I closely examined the work and determined it to be an exact reproduction of my recent Copyrighted Works.

6. The methods I used to determine the works were exact reproductions include:

    a. For written works, I compared the work word-for-word with my recent Copyrighted Works, and found them to be word-for-word reproductions.

    b. For photographic works, I compared the work side-by-side with my recent Copyrighted Works, and could see no difference between them.

7. A true and correct reflection of my findings from the above investigation can be seen in Exhibits N through O, attached to this filing.

8. I have reviewed the images and written works seen in exhibits N through O. I declare that the images and written works represented in Exhibits N through O as my recent Copyrighted Works are true and correct reproductions of the works deposited with the Copyright Office, because they are the same works I deposited with the Copyright Office.

9. I downloaded copies of the Copyrighted Works listed in Paragraph 2(a) through 2(b) from Wilson's Defcad.com.

10. I know Defendant Wilson updated his "Fedcad.com" website to reference my recent Copyrighted Works because I checked the website on April 27, 2025, and the reference to the "Regular 1022" was not there. I checked again on April 28, 2025, and saw the website referencing the "Regular 1022" just as the screenshot on page 3 of the accompanying supplement reflects.

11. When I saw this, I saw that Defendants' Defcad.com website included my recent Copyrighted Works and listed a date of publication of April 28, 2025. The archive link to Defendants' web page in footnote 1 of the accompanying supplemental memorandum reflects an accurate representation of what I saw on Defendants' Defcad.com website on April 28, 2025.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 3rd day of May, 2025, in Orlando, FL.

_____
Matthew Larosiere