# Meet and confer re: forthcoming motion for sanctions, to quash subpoenas, and for protective order

**Matthew Larosiere** <larosieremm@gmail.com>　　　　　　　　　Sun, Apr 27, 2025 at 7:29 PM
To: "Zachary Z. Zermay (Zach@ZermayLaw.com)" <zach@zermaylaw.com>, Gary De Pury <gary@depury.com>, Andino Reynal <Areynal@frlaw.us>, Chad Flores <cf@chadflores.law>, David Gingras <david@gingraslaw.com>

April 27, 2025

Via Email Only
Andino Reynal, Chad Flores, and David Gingras

Re: **Larosiere v. Wilson, et al.** Case No. **6:24-cv-1629**

Dear Mr. Reynal, Mr. Flores, and Mr. Gingras:

I regret that recent circumstances and actions on the part of your clients have made this communication necessary. Pursuant to Local Rule 3.01(g) of the United States District Court for the Middle District of Florida, we write to confer regarding certain concerns related to the discovery process and procedural matters in this litigation.

This letter is submitted on behalf of Counterdefendants Matthew Larosiere (represented by Zack Zermay), John Elik, Josh Stroke, and John Lettman (represented by Matthew Larosiere), and Alexander Holladay (represented by Gary De Pury).

Specifically, we intend to move for the following relief unless these matters can be resolved amicably:

1. **A Protective Order and an Order to Quash Certain Discovery and Subpoenas**:

    - It appears that Defense Distributed provided discovery, including subpoenas, solely by email without written consent, contrary to Fed. R. Civ. P. 5(b) and M.D. Fla. Local Rules.

    - Subpoenas were also issued and served without the prior notice required by Fed. R. Civ. P. 45(a)(4).

    - These procedural issues have unfortunately prejudiced our clients by depriving them of an opportunity to object before third parties produced documents.

    - Additionally, we would seek a protective order that any further discovery and subpoena responses be "for attorney's eyes only" to combat the concerns below.

C-1

2. **Sanctions Against Defense Distributed and Their Counsel**:

   - Despite notice of these concerns, no corrective action was taken to withdraw or address the improperly served subpoenas.

   - Public statements by Mr. Wilson suggest that improperly obtained discovery has been received, and suggest improper purposes for the discovery requests.

   - We believe these circumstances warrant sanctions under Fed. R. Civ. P. 37, 28 U.S.C. § 1927, and the Court's inherent authority.

3. **An Order Requiring Cody Wilson to Show Cause**:

   - Given Mr. Wilson's statements regarding the use of discovery obtained through these subpoenas, as well as his prior similar public statements, we are considering seeking an order to show cause why he should not be held in contempt.

4. **An Order Staying Discovery Pending Resolution of Dispositive Motions**

   - As previously discussed, the discovery sought by Counterplaintiffs is improper, and the recent public statements reinforce these concerns. As such, we would ask again for this relief.

We sincerely hope that these issues can be resolved without the need for formal motion practice. In particular, we would appreciate your position on the potential withdrawal of the affected discovery and subpoenas and any remedial actions you are willing to take.

We respectfully request your position on these matters no later than **5:00 p.m. Eastern Time on April 29, 2025**, so that we may accurately represent your stance in our motions as required under Local Rule 3.01(g). Please be reminded that the Middle District of Florida requires that parties confer in person or by phone regarding discovery disputes. Accordingly, we kindly ask that you propose times you are available to confer by phone within that window.

Thank you for your attention to this matter. We look forward to hearing from you.

Yours,
Matthew Larosiere

---

**Andino Reynal** <areynal@frlaw.us>　　　　　　　　　　　　　　　Mon, Apr 28, 2025 at 2:38 PM
To: Matthew Larosiere <larosieremm@gmail.com>
Cc: "Zachary Z. Zermay (Zach@ZermayLaw.com)" <zach@zermaylaw.com>, Gary De Pury <gary@depury.com>, Chad Flores <cf@chadflores.law>, David Gingras <david@gingraslaw.com>

Dear Mr. Larosiere,
 I've just sent you a meeting invite for tomorrow afternoon. We'll make sure to reach out to you before then about our position on the issues you raise in your correspondence.
Sincerely yours,

## F. Andino Reynal

The Reynal Law Firm LLP

917 Franklin, Sixth Floor
Houston, Texas 77002
O: 713.228.5900
F: 713.820.6981
https://calendly.com/areynal-frlaw/30min

 I'm using Inbox When Ready to protect my focus.

[Quoted text hidden]

---

**Chad Flores** <cf@chadflores.law>　　　　　　　　　　　　　　　Tue, Apr 29, 2025 at 1:57 PM
To: Matthew Larosiere <larosieremm@gmail.com>
Cc: Gary De Pury <gary@depury.com>, Andino Reynal <Areynal@frlaw.us>, David Gingras <david@gingraslaw.com>, "Zachary Z. Zermay (Zach@ZermayLaw.com)" <zach@zermaylaw.com>

Mr. Larosiere,

To inform this afternoon's conferral meeting, here's the gist of our clients' position on the matters you identified. We can discuss anything in need of elaboration or clarification in the meeting.

**1. Manner of Service.**

Your email indicates an intention to seek a protective order and an order to quash certain discovery and subpoenas on the ground that "Defense Distributed provided discovery, including subpoenas, solely by email without written consent, contrary to Fed. R. Civ. P. 5(b) and M.D. Fla. Local Rules."  We would oppose that request for relief unless we can resolve the following issues (in addition to whatever else is covered in the meeting):

- What provision of the Local Rules is implicated here?  Your email does not say and it is not self-evident.
- Do your parties acknowledge having been served the discovery materials in question via FedEx earlier in April?  Apart from the issue of whether the original emails sufficed, this extra prophylactic step should have cured any serious concerns.  The only debatable issue might be *when* compliance has to occur - not *whether* - and we can join issue on the timing question if you have an argument particular to that.
- On the issue of whether the original emails sufficed as service, one of our positions would be that your side waived, acquiesced in, and/or is estopped from complaining about service of discovery materials via email because of your prior litigation conduct.  See, for example, how your side handled the Rule 26 disclosures and Document 80. If you have authority allowing for such a change of position, please supply it.
- Assuming that the complaint about manner of service is correct, one of our positions would be that your side's claimed harms are all self-inflicted.  The obvious procedure for a party in your position is to do nothing in response to the discovery and make whatever manner-of-service argument you'd like in response to a motion to compel.  If you have any authority for the proposition that more is needed (more than the right to oppose a motion to compel), please supply it.

C-3

Your email indicates an intention to seek a protective order and an order to quash certain discovery and subpoenas on the ground that "Subpoenas were also issued and served without the prior notice required by Fed. R. Civ. P. 45(a)(4)." We would oppose that request for relief unless we can resolve the following issues (in addition to whatever else is covered in the meeting):

- Which subpoenas in particular are you referring to?
- When did your side get actual notice of the subpoenas in question? It matters to the issue of claimed prejudice vs. harmless error and whether curative steps are in order.
- What would the objections have been? That too matters to the issue of claimed prejudice vs. harmless error and whether curative steps are in order. In particular, we would need to see authority for the proposition that your parties have standing to make objections vis-a-vis discovery requests made to third parties.

Your email indicates an intention to seek an order making all further discovery "for attorney's eyes only."  We would oppose that request for relief unless we can resolve the following issues (in addition to whatever else is covered in the meeting):

- Please give your side's position about whether, to the extent that discovery in this case is marked "for attorney's eyes only," Matthew Larosiere would either be disqualified from serving as counsel of record or prohibited from testifying at trial by Rule 4-3.7 of the Florida Rules of Professional Conduct.

## 2. Sanctions

Your email indicates a potential request for sanctions against "Defense Distributed and Their Counsel" under "Fed. R. Civ. P. 37, 28 U.S.C. § 1927, and the Court's inherent authority." We would oppose that, and will require more notice of the position to adequately confer:

- To the extent that you would seek sanctions against Defense Distributed, please specify the authority that would be invoked to seek it. The current reference to "Fed. R. Civ. P. 37, 28 U.S.C. § 1927, and the Court's inherent authority" does not supply adequate notice of the putative ground for sanctions.
- To the extent that you would seek sanctions against counsel for our side of the case, please indicate the particular attorney(s) that you would seek relief against. If your sanction arguments pertain only to the attorney(s) that "signed" the pertinent material, no others should be implicated.
- To the extent that you would seek sanctions against counsel for our side of the case, please indicate what authority warrants sanctions against that particular attorney. The current references to "Fed. R. Civ. P. 37, 28 U.S.C. § 1927, and the Court's inherent authority" do not supply adequate notice of the putative ground for sanctions.
- To the extent that you would seek any sanctions on the ground of "improper purposes," what definition of "improper purposes" would your motion advance?

## 3. Show Cause

Your email indicates the potential request for "an order to show cause why [Cody Wilson] should not be held in contempt." We would oppose that, and will require more notice of the position to adequately confer:

C-4

- If your "contempt" position entails the alleged violation of a court order, please specify the order.
- If your "contempt" position does not entail the alleged violation of a court order, please specify the authority supposedly violated and the authority to address it via contempt.

**4. An order staying discovery.**

Your email indicates an intention to seek a stay of all discovery. We would oppose that for essentially all of the reasons given in our Document 82 response to the last motion to stay, the reasons the court accepted in its Document 83 order denying that motion, as well as the additional reasons suggested above.

**5. Service via email.**

Will your side agree to receive service via e-mail for anything going forward? If there is some reason that this imposes a special burden, please let us know so that we can account for it.

_____

Chad Flores
cf@chadflores.law
(512) 589-7620


On Sun, Apr 27, 2025 at 6:29 PM Matthew Larosiere <larosieremm@gmail.com> wrote:
[Quoted text hidden]

---

**Matthew Larosiere** <larosieremm@gmail.com>                                    Tue, Apr 29, 2025 at 2:01 PM
To: Andino Reynal <areynal@frlaw.us>
Cc: "Zachary Z. Zermay (Zach@ZermayLaw.com)" <zach@zermaylaw.com>, Gary De Pury <gary@depury.com>, Chad Flores <cf@chadflores.law>, David Gingras <david@gingraslaw.com>

Hey All,

It has just been brought to my attention that your clients have copied additional works belonging to me, specifically textual and photographic works, within the past week. So we will need to prepare a motion to supplement the motion for preliminary injunction. The motion would be filed by Zack on Larosiere's behalf and only point to the new infringement. Please let us know a position on that, thank you!
[Quoted text hidden]