<u>**EXHIBIT D - DIGITAL OCEAN ADMISSION**</u>

## Digital Ocean Subpoena

**Andino Reynal** <areynal@frlaw.us>     Tue, Apr 29, 2025 at 6:06 PM
To: Matthew Larosiere <larosieremm@gmail.com>, Zachary Zermay <zach@zermaylaw.com>, Gary De Pury <Gary@depury.com>
Cc: Chad Flores <cf@chadflores.law>, Stephanie Bagnall <sbagnall@frlaw.us>

Gentlemen,

After our conference this afternoon, I went back and checked my email, and I don't see where I sent you a copy of the Digital Ocean subpoena. A copy is attached to this email for your records. As a corrective measure, we agree not to use the records produced by Digital Ocean in response to this subpoena.

Sincerely yours,

F. Andino Reynal
The Reynal Law Firm LLP
917 Franklin, Sixth Floor
Houston, Texas 77002
O: 713.228.5900
F: 713.820.6981
https://calendly.com/areynal-frlaw/30min

 I'm using Inbox When Ready to protect my focus.


**2025_02_26_Digital_Ocean_Subpoena**
4167K

**Matthew Larosiere** <larosieremm@gmail.com>     Tue, Apr 29, 2025 at 6:11 PM
To: Andino Reynal <areynal@frlaw.us>
Cc: Zachary Zermay <zach@zermaylaw.com>, Gary De Pury <Gary@depury.com>, Chad Flores <cf@chadflores.law>, Stephanie Bagnall <sbagnall@frlaw.us>

Hey Andino,

The bigger issue is how your client is already planning to abuse the information that he acquired. Can you provide corrective measures to guard against downstream distribution of this information from your client, and identify anyone your client has already distributed it to? That may avoid motion practice and we would offer concessions in return if.

[Quoted text hidden]

**Andino Reynal** <areynal@frlaw.us>     Wed, Apr 30, 2025 at 11:39 AM
To: Matthew Larosiere <larosieremm@gmail.com>
Cc: Zachary Zermay <zach@zermaylaw.com>, Gary De Pury <Gary@depury.com>, Chad Flores <cf@chadflores.law>, Stephanie Bagnall <sbagnall@frlaw.us>

Dear Matt,

I have discussed the issue with my client, and I can affirm that the subpoena results have not been shared beyond the core litigation team. Furthermore, my client is in the process of removing any reference to the subpoena from the public domain. If you have a draft of a protective order that you'd like to enter in this case, please circulate it for our review.

Sincerely,

F. Andino Reynal
The Reynal Law Firm LLP
917 Franklin, Sixth Floor
Houston, Texas 77002
O: 713.228.5900
F: 713.820.6981
https://calendly.com/areynal-frlaw/30min

I'm using Inbox When Ready to protect my focus.
[Quoted text hidden]

D-1

**Matthew Larosiere** <larosieremm@gmail.com>     Thu, May 1, 2025 at 7:16 PM
To: Andino Reynal <areynal@frlaw.us>
Cc: Zachary Zermay <zach@zermaylaw.com>, Gary De Pury <Gary@depury.com>, Chad Flores <cf@chadflores.law>, Stephanie Bagnall <sbagnall@frlaw.us>, David Gingras <david@gingraslaw.com>

Hello Dino and all counsel of record,

I really appreciate your efforts here. After discussing the matter with my clients and co-counsel, in order to avoid motion practice we need to be sufficiently assured of two things:

1) That this is not going to happen again; and
2) That you take responsibility for making right any and all damages stemming from this issue.

Unfortunately, the actions of your client over the past 48 hours have made it very difficult to take any informal assurance at face value. In that brief period, in addition to publishing more copyrighted works, your client has re-written the blog post referring to the DigitalOcean subpoena response several times, each time with more vitriol, and never ceasing to aver to his having gained proprietary information.

These statements were made to a mailing list your client recently celebrated containing "more than 150,000 active recipients," and so there is no doubt substantial issues attend the disclosure. Indeed, your client's original post is still archived, and individuals are already online discussing the "dumps" Mr. Wilson originated. **On this, it is not enough that the blog posts were re-worded to be slightly more vitriolic and vague. Please provide a proposed errata notice for publication.**

Additionally, when we asked during our conference whether you had received responses to any other subpoenas, you refused to answer and demanded that we first identify the subpoena before you would answer whether you received a response.

Given the present state of our discussion, it's fair to say there are issues with your position here. Presently, we think this recalcitrance should be brought to the Court's attention in the broader context of discovery conduct. However, we have faith we can resolve this amicably and without court intervention. **On this, before we begin negotiating an agreed protective order, we need you to agree to freeze all discovery obligations while we work this out, and to reach out to all subpoenaed entities and individuals to retract the requests.** If you cannot agree to this in very short order, we will begin filing the contemplated motions. This is necessitated by the quantity, breadth, and content of the pending discovery matters.

Moving forward, we need the following information so we can prepare a proposed protective order to resolve the issues and guard against future issues:

1) Identify all subpoenas and responses to subpoenas concerning the present lawsuit or any party in the present lawsuit sent by any of the following:
    a. F. Andino Reynal
    b. Chad Flores
    c. David Gingras
    d. Cody Rutledge Wilson, or any of his agents;
2) Names and contact information of all members of the "core litigation team";
3) Identities of any person(s) who may have had access to the misappropriated information, any person(s) who did access to the misappropriated information, any material(s) prepared, presented, discussed, or reviewed regarding this information.
    a. This includes any drafts of the blog post, any discussion about the blog post, and any posts, discussions, or content that were planned, scheduled, or otherwise drafted concerning this information;
4) All available metrics and records concerning the number of visitors, viewers, clicks, etc on the blog post where Wilson referred to the misappropriated information (directly or indirectly);
5) All available metrics and records concerning the number of visitors, viewers, clicks, etc anywhere else Wilson referred to the misappropriated information (directly or indirectly).


I'm sorry if this is stressful. I hope we can push through it together.

Yours,

Matthew Larosiere

[Quoted text hidden]

---

**Zachary Zermay** <zach@zermaylaw.com>     Tue, May 6, 2025 at 10:22 PM

To: Chad Flores <cf@chadflores.law>, Andino Reynal <areynal@frlaw.us>, Stephanie Bagnall <sbagnall@frlaw.us>, David Gingras <david@gingraslaw.com>
Cc: Gary De Pury <gary@depury.com>, Matthew Larosiere <larosieremm@gmail.com>, Geraldine Phillips <info@zermaylaw.com>

Hey all,

Checking in to make sure we didn't miss a reply.

If we don't hear back, It is my intention to file the previously discussed motions this week. Thanks.

Sincerely,
Zachary Z. Zermay, Esq.

## Zermay Law

P (305) 767-3529 | W zermaylaw.com | E zach@zermaylaw.com |
A 3000 Coral Way, Suite 1115, Coral Gables, FL 33145



[Quoted text hidden]

---

**David Gingras** <david@gingraslaw.com>　　　　　　　　　　　　　　　　　　　　　Thu, May 8, 2025 at 3:37 PM
To: Zachary Zermay <zach@zermaylaw.com>, Chad Flores <cf@chadflores.law>, Andino Reynal <areynal@frlaw.us>, Stephanie Bagnall <sbagnall@frlaw.us>
Cc: Gary De Pury <gary@depury.com>, Matthew Larosiere <larosieremm@gmail.com>, Geraldine Phillips <info@zermaylaw.com>

Zach,

Sorry I've been quiet for a while. I believe your clients (or an anonymous person working with them who keeps emailing me) can tell you that I've been extremely busy with another case in which the client was just indicted on various charges here in AZ, so that has been a major distraction.

While I haven't chimed in on this matter specifically, I have been following the email exchanges between your side and my co-counsel. It has been my assumption that Chad and Andino have been explaining their side of things, and that there hasn't been any need for a direct response from me since I wasn't involved in the conduct you are complaining about.

Nevertheless, your email below seems to suggest that you aren't happy with the response(s) from Chad and Andino, and it appears you may be moving forward with a request for sanctions of some sort. Based on your prior emails, you mentioned including **me** as a potential target of that request, but, once again, I assume Chad and Andino have explained there is no factual basis for you to seek sanctions against me since I had nothing to do with the things you are complaining about.

In any event, while I'm still busy dealing with other emergencies, I just wanted to reach out and see if you believe we (meaning you and I) need to have any further discussions about this stuff. Obviously, if you believe Chad or Andino did something they should not have, that's an issue you can discuss with them, and ultimately with the court if necessary.

At the same time, if you have some basis to believe I have personally done something sanctionable, I would appreciate the chance of discussing that with you before you ask the court to sanction me.

David Gingras, Esq.

Gingras Law Office, PLLC

David@GingrasLaw.com

https://twitter.com/DavidSGingras

http://gingraslaw.com

Tel.: (480) 264-1400

Fax: (480) 248-3196



[Quoted text hidden]

---

**Chad Flores** <cf@chadflores.law>                                                                 Thu, May 8, 2025 at 4:08 PM
To: David Gingras <david@gingraslaw.com>
Cc: Zachary Zermay <zach@zermaylaw.com>, Andino Reynal <areynal@frlaw.us>, Stephanie Bagnall <sbagnall@frlaw.us>, Gary De Pury <gary@depury.com>, Matthew Larosiere <larosieremm@gmail.com>, Geraldine Phillips <info@zermaylaw.com>

Matthew, Zach, and Gary,

On the issue of sanctions against attorneys, Andino and I support David's request and encourage a full conferral process for relief that might be sought as to him in particular (if any).

For the matters regarding relief vis-a-vis the parties:

-Have you received what was shipped via FedEx?  That inquiry was left somewhat open from our conferral call. Our understanding is that Zach has received all of the discovery materials at issue via FedEx, and that Matthew had attempted to receive them and may or may not succeed in further receipt attempts.

If a protective order is still desired, our clients will most certainly consider any draft your side wishes to propose.  But they will not condition conferring about an agreed protective order on "freez[ing] all discovery obligations."  By "protective order," we mean what Rule 26 means - a prospective order addressing how discovery materials may be utilized in the future.  Retrospective matters concerning the Digital Ocean subpoena are different, and we have nothing else to offer about that at this time.

Chad Flores
cf@chadflores.law
(512) 589-7620
[Quoted text hidden]

---

**Matthew Larosiere** <larosieremm@gmail.com>                                                        Thu, May 8, 2025 at 5:42 PM
To: Chad Flores <cf@chadflores.law>
Cc: David Gingras <david@gingraslaw.com>, Zachary Zermay <zach@zermaylaw.com>, Andino Reynal <areynal@frlaw.us>, Stephanie Bagnall <sbagnall@frlaw.us>, Gary De Pury <gary@depury.com>, Geraldine Phillips <info@zermaylaw.com>

Hey guys.

David, In the middle district, inserting your signature block puts you on the hook. We'll confer with you separately regarding any motions directed at you in particular. As for the individual emailing you, I have no idea who you are talking about. If you think any of our clients are contacting you, that is serious and you should disclose it so we can get to the bottom of it. Thank you.

Chad, I see your position that you will not freeze discovery despite your discovery misconduct. I will note your continued refusal to tell us what subpoenas are out there and who the misappropriated information was disclosed to. This necessities filing the motion as one for emergency relief.

I regret that we could not handle this without the court's involvement. I hope things are better in the future.

Take care, all.

Yours,
Matt
[Quoted text hidden]