EXHIBIT G

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

    *Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc., DEFENSE DISTRIBUTED, and DIOSKOUROI LLC,

    *Defendants*.

_____

## Declaration of Zachary Z. Zermay

1. My name is Zachary Z. Zermay. I am over the age of eighteen and competent to testify to the matters stated herein. I am counsel of record for Plaintiff and Counterdefendant Matthew Larosiere in the above-captioned matter.

2. I make this declaration in support of the Emergency Motion to Quash Improper Subpoenas, for a Protective Order, to Stay Discovery, and for Sanctions.

3. On April 14, 2025, I was notified that a FedEx package from counsel for Defendants had arrived at my office. However, I was out of the office at the time and was unable to review the contents of the package until April 29, 2025.

4. On April 25, 2025, I learned for the first time that Defendants had issued a third-party subpoena to Digital Ocean without providing any notice to me or my co-counsel, as required under Rule 45(a)(4). This information was discovered through a blog post authored by Defendant Cody Wilson.

5. Neither I nor anyone in my office ever agreed to accept service of subpoenas or discovery requests via email from Defendants or their counsel.

6. The failure to provide notice of the subpoena to Digital Ocean deprived my client of the opportunity to timely object and protect his rights.

7. I participated in telephonic meet and confer conferences on April 11 and April 29, 2025, along with Matthew Larosiere, as counsel for the moving parties. Present for Defendants were attorneys Federico Reynal and Chad Flores.

8. During both conferences, counsel for Defendants refused to confirm the existence, content, or recipients of any subpoenas they had issued, instead insisting that we identify which subpoena we were referring to. We explained that

1



we could not do so because we had never been served with or notified of any subpoenas.

9. Following the April 29 conference, in a written communication, counsel for Defendants admitted that the Digital Ocean subpoena had been issued without providing notice to us. That communication is attached to the Motion as Exhibit D. I affirm that Exhibit D is a true and accurate representation of the emails I received and sent.

10. Even after this admission, Defendants' counsel refused to identify any other subpoenas that had been issued or responded to.

11. As early as January 11, 2025, I informed counsel for Defendants that any discovery disclosures containing sensitive or proprietary information would necessitate a protective order.

12. On January 13, 2025, attorney Chad Flores responded by stating that we were "welcome to seek a protective order in due course if [we] wish."

13. On April 27, 2025, following the discovery of the blog post revealing the unauthorized acquisition of sensitive information, co-counsel Matthew Larosiere requested in an email that all further disclosures of sensitive information to Defendants be designated for "attorneys' eyes only."

14. Attorney Flores responded by suggesting that such a designation would somehow disqualify Mr. Larosiere from serving as counsel of record, as shown in Exhibit C-4. Defendants have since categorically refused to cooperate in addressing the misconduct, including a written refusal on May 8, 2025, to discuss resolution of the subpoena issues (Exhibit D-4).

15. In connection with the motion and related communications, the following time was expended:

- Document review: 6 hours

- Drafting the motion: 5 hours

- Participating in meet and confer sessions: 4 hours (myself) + 4 hours (co-counsel)

16. My hourly rate, and that of my co-counsel Matthew Larosiere, is $650 per hour. This rate is reasonable given our experience and the complexity of the litigation.



17. The total number of hours expended on this motion and related efforts is 19. The total amount of fees incurred is $12,350.

18. I certify that I have read the Emergency Motion to Quash Improper Subpoenas, for a Protective Order, to Stay Discovery, and for Sanctions to which this declaration is filed in support of. I further certify that any statements made therein concerning my actions, things I said, things I wrote, did, or believed are all true and accurate.

19. Because counsel for Defendants refused to provide courtesy copies while I was away from my office, I was not able to access the FedEx package until April 29. This deprived me of any ability to meaningfully object to them.

20. The FedEx package did not include the DigitalOcean Subpoena. All but two of the Subpoenas included in the FedEx package demanded compliance dates of April 14, 2025. The other two demanded compliance on May 7 and 13, 2025.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 11, 2025.

_____
Zachary Z. Zermay