**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MATTHEW LAROSIERE,

        Plaintiff,

v.                                          Case No:   6:24-cv-1629-WWB-LHP

CODY RUTLEDGE WILSON,
DEFCAD, INC., DEFENSE
DISTRIBUTED and DIOSKOUROI
LLC,

        Defendants
/Third Party Plaintiff,

MAF CORP., JOHN LETTMAN,
MATTHEW LAROSIERE, PETER
CELENTANO, THE GATALOG,
JOSH KIEL STROKE, JOHN ELIK,
THE GATALOG FOUNDATION,
ALEXANDER HOLLADAY, MAF
CORP., THE GATALOG,
ALEXANDER HOLLADAY, JOHN
LETTMAN, JOSH KIEL STROKE,
PETER CELENTANO and JOHN
ELIK,

        Third Party
        Plaintiffs.

**ORDER**

     This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PLAINTIFF AND COUNTERDEFENDANTS MATTHEW LAROSIERE, JOHN ELK, JOSH STROKE, AND JOHN LETTMAN'S OPPOSED EMERGENCY MOTION TO QUASH IMPROPER SUBPOENAS, FOR A PROTECTIVE ORDER, TO STAY DISCOVERY, AND FOR SANCTIONS (Doc. No. 96)
>
> **FILED:** May 11, 2025
>
> **THEREON** it is **ORDERED** that the motion is **DENIED IN PART AND DEFERRED IN PART**.

In this kitchen sink emergency motion, Plaintiffs/Counterdefendants (hereinafter "Plaintiffs") seek six different forms of relief: (1) quashing Defendants/Counterplaintiffs' (hereinafter "Defendants") allegedly improperly served and/or noticed "undisclosed subpoenas;" (2) compelling the return of any discovery already obtained in response to such subpoenas; (3) compelling disclosure of all such subpoenas and responsive materials; (4) a protective order; (5) a renewed request to stay discovery pending resolution of Plaintiffs' motion to dismiss counterclaims; and (6) sanctions for Defendants' alleged discovery misconduct.   Doc. No. 96.

Putting aside whether this motion truly constitutes an emergency, *see* Local Rule 3.01(e), the Court finds that the motion violates the Court's Standing Order on Discovery Motions, *see* Doc. No. 61, ¶ 5, as well as improperly combines several

different forms of relief in one motion. Thus, the Court strongly considered striking the motion in its entirety. However, in this one instance, and in the hopes of avoiding further unnecessary litigation, the Court has chosen instead to make the rulings stated herein. **Counsel is advised that any future filings that fail to comply with all applicable Local Rules, Federal Rules of Civil Procedure, and/or Court Orders will be summarily stricken or denied.**

Starting first with the renewed request to stay discovery. Doc. No. 96, at 13-14. That request is **DENIED** for the same reasons set forth in the Court's March 6, 2025 Order. *See* Doc. No. 83.

Plaintiffs' remaining requests are all interrelated and center on "undisclosed subpoenas" allegedly served by Defendants without proper notice to Plaintiffs. Doc. No. 96, at 1-13. Perhaps in the same boat with Plaintiffs, the Court is unable to grant relief when the precise relief is unknown. In other words, the Court cannot quash "undisclosed subpoenas," or direct recovery of information produced in response to same. Accordingly, within **fourteen (14) days** from the date of this Order, Defendants shall file a response to Plaintiffs' motion which addresses all of the issues raised (other than the denied request to stay discovery) – to include identifying what, if any, subpoenas have been served without proper notice to Plaintiffs and the status of those subpoenas (*i.e.*, have they been responded to, what deadlines remain pending, etc.). *See* Fed. R. Civ. P. 45(a)(4); Local Rule 3.04.

Because it is unfortunately clear to the Court that the parties are having issues engaging in cooperative and civil discovery, the Court also finds the following steps necessary.  On or before **Friday, May 30, 2025**, the parties are directed to meet and confer either **in-person or via Zoom or some other online platform (telephone or email will not suffice)** to engage in a substantive discussion (and hopefully resolution) of the issues raised in Plaintiffs' motion.  The parties shall thereafter on **Tuesday, June 3, 2025** file a **joint notice** with the Court identifying with specificity the issues that have been resolved and identifying with specificity the issues that remain outstanding for the Court to resolve.  An in-person hearing with lead counsel for all parties shall be held on **Friday, June 13, 2025 at 10:00 a.m**. before the Court on all remaining outstanding issues.  Further details regarding the hearing will be provided via separate notice.

**DONE** and **ORDERED** in Orlando, Florida on May 12, 2025.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record