UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

    *Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc., DEFENSE DISTRIBUTED, and DIOSKOUROI LLC,

    *Defendants*.

_____

Defense Distributed,

    Counterplaintiff/ Third-Party Plaintiff,

v.

The Gatalog, Matthew Larosiere, John Elik, Alexander Holladay, Peter Celentano, Josh Kiel Stroke, John Lettman, and MAF Corp.

    Counterdefendants.

_____/

**EMERGENCY OBJECTION TO MAGISTRATE JUDGE'S MAY 12, 2025 ORDER DENYING IN PART EMERGENCY MOTION FOR PROTECTIVE RELIEF (DOC. NO. 97)**

**Rule 3.01(e) statement**: Defendants admitted to serving and receiving a response to a secret subpoena served upon a third party requesting the financial and personally identifying information of over 23,000 third parties. Additionally, Defendants refuse to disclose what subpoenas are currently pending, despite failing to timely serve any such subpoena as required by Rule 45. Court intervention is needed emergently to

1

restrain this misappropriated, federally protected information and prevent more harm from resulting from Defendants' ongoing Rule 45 abuses.

Plaintiff and Counterdefendants Matthew Larosiere, John Elik, Josh Stroke, and John Lettman (collectively, "the Moving Parties"), pursuant to Federal Rule of Civil Procedure 72(a), respectfully file this emergency objection to Magistrate Judge Hoffman Price's May 12, 2025 order (Doc. 97) insofar as it: (1) Denied the Moving Parties' renewed request to stay discovery; (2) Failed to quash the admittedly improperly served DigitalOcean subpoena; (3) Failed to order immediate sequestration or return of improperly obtained materials; and (4) Deferred protective relief despite the imminent disclosure of sensitive, federally protected information.

## **EMERGENCY BASIS FOR RELIEF**

This objection is submitted on an emergency basis. As identified in the emergency motion (Doc. 96) and supporting declarations (Exs. 96-6, 96-7, 96-8), multiple subpoenas were issued by Defendants without notice, in violation of Rule 45(a)(4). One such subpoena—first seen in the FedEx package referenced in the Declaration of Zachary Zermay on April 29 (Doc. 96-7)—has a compliance deadline of May 13, 2025. Defendants remain in possession of private, sensitive communications and personally identifying information of over 23,000 unrelated third parties, including material obtained without lawful notice or opportunity to object (Doc. 96-6).

As for the materials already acquired through admitted violations of procedural rules and which may implicate federal privacy protections, including under the Stored Communications Act (Doc. 96-5), Immediate judicial intervention is necessary to prevent irreparable harm, protect the privacy rights of thousands of individuals, and

2

preserve the integrity of these proceedings. Defendants are attempting to hide and obfuscate their disclosure of this misappropriated information. (Doc. 96-4 pp. 1-3; Doc, 96-2). The situation demands urgent relief prior to any further use, disclosure, or exploitation of the improperly obtained materials, and before Defendants' ongoing Rule 45 abuses bear more poisoned fruit.

## STANDARD OF REVIEW

Under Rule 72(a), the Court shall modify or set aside a magistrate judge's order on a non-dispositive pretrial matter if it is "clearly erroneous or contrary to law." See 28 U.S.C. § 636(b)(1)(A). An order is clearly erroneous if, after reviewing the entire record, the district court is "left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "An order is contrary to law 'when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *SEC v. Kramer,* 778 F. Supp. 2d 1320, 1326-27 (M.D. Fla. 2011).

## GROUNDS FOR OBJECTION

### I. THE MAGISTRATE CLEARLY ERRED IN DENYING A STAY WITHOUT CONSIDERING CHANGED CIRCUMSTANCES

The Honorable Magistrate denied the renewed request to stay discovery "for the same reasons set forth in the Court's March 6, 2025 Order." (Doc. 97 p. 3). However, the March 6 Order was premised on the earlier motion's failure to identify why Defendants' sought discovery was overbroad or any burden or prejudice caused by the lack of a stay. (Doc. 83 at 9). Those circumstances have fundamentally changed. The emergency motion identifies ongoing, admitted Rule 45 abuses, shows that Defendants have gained protected information through their Rule 45 abuse, that Defendants have misappropriated the private and confidential information of over 23,000 third parties,

3

and that Defendants are refusing to engage in corrective measures, but rather await even more fruits of their Rule 45 abuses. (Doc. 96).

The magistrate judge acknowledged in the May 12, 2025 order that the Court itself may have been "in the same boat" as Plaintiffs in not knowing what subpoenas are outstanding (Doc. 97 at 3). This candid acknowledgement—that the Court, like the Plaintiffs, has no way to verify what undisclosed subpoenas remain unaccounted for—demonstrates precisely why emergency relief is warranted. If neither the parties nor the Court know what subpoenas have been issued or responded to, and Defendants have refused to disclose that information despite repeated requests (Doc. 96-4), then the risk of irreparable harm is ongoing and potential damages are incalculable.

In light of these admissions and the demonstrated risk to privacy and due process, an immediate stay of discovery is not only appropriate—it is the only effective means of halting further abuse until Defendants fully disclose all subpoenas issued and the scope of their responses. Absent a stay, the Court and Plaintiffs are blind to what discovery is being conducted behind closed doors, in defiance of Rule 45 (Doc. 96).

## II. THE MAGISTRATE CLEARLY ERRED BY DEFERRING PROTECTIVE RELIEF DESPITE EVIDENCE OF MISCONDUCT.

Declarations submitted in support of the emergency motion (Doc. 98-6, 96-7, 96-8) show that Defendants have already received and, in Defendant Wilson's case, publicized the contents of the improperly obtained information (Doc. 96-2). The materials include private communications, user data, and proprietary information (Doc. 96-6 ¶¶ 3–5). The motion sought relief under Rule 26(c) to prevent irreparable harm (Doc. 96 at 12), which the magistrate deferred *for a month* without addressing the uncontested facts of improper access, dissemination, or privacy violation. That is far too

much time for Defendants to be afforded *carte blanche* to misuse and continue to acquire protected information, including financial and personally identifying information concerning unrelated third parties. A protective order should have been entered immediately to prevent further harm.

### III. THE MAGISTRATE'S PROCEDURAL CRITICISMS DO NOT JUSTIFY THE DENIAL OF SUBSTANTIVE RELIEF

While the Magistrate did not strike or deny the underlying motion for such, and the Moving Parties are thankful, the Magistrate faulted the motion for combining several requests and violating Doc. 61 (Doc. 97 at 2). However, these technical issues should not override the urgent need to protect sensitive data, particularly where Defendants have refused to identify the scope of their misconduct (Doc. 96-4 at 4; Doc. 96-7 ¶¶ 10–14). If this motion were governed by Doc. 61, the Moving Parties should be excused because limiting the underlying motion to 500 words would render it impossible to put the Court on notice of what underlies the emergent circumstances of the motion.

As for the contention that combining relief was improper, the Moving Parties feel it is procedurally proper to file a single motion seeking to quash improper subpoenas, for a protective order, to stay discovery, and for sanctions. Rule 7(b)(1) of the Federal Rules of Civil Procedure allows a party to request a court order through a motion, which must state the grounds for the request and the relief sought with particularity. Combining related requests into a single motion is permissible as long as the requests are logically connected and supported by the same or overlapping legal arguments, which in this case were Defendants' ongoing misconduct. *McArdle v. City of Ocala*, 451 F. Supp. 3d 1304 (M.D. Fla. 2020) (Addressing combined motion to quash subpoenas and for protective order); *In re Edgewood Gen. P'ship*, 166 B.R. 188, 190 (Bankr. M.D.

Fla. 1994) (Addressing motion to quash subpoena combined with motion for protective order and for sanctions).

## **RELIEF REQUESTED**

The Moving Parties respectfully request that this Honorable Court:

1) Stay all discovery pending resolution of either the pending motion to dismiss (Doc. 71) or the underlying motion (Doc. 96);

2) Order immediate sequestration and non-use of all materials obtained via improper subpoenas, including the DigitalOcean subpoena;

3) Quash the subpoena to DigitalOcean and any other subpoena issued without notice;

4) Issue a protective order prohibiting dissemination of non-public discovery materials;

5) Award attorneys' fees and costs incurred in addressing the discovery misconduct.

Respectfully submitted,

DATED: May 12, 2025

/s/Matthew Larosiere
Matthew Larosiere, Esq.
Fla. Bar. No. 1005581
The Law Offices of Matthew Larosiere
6964 Houlton Circle
Lake Worth, FL 33467
Email: Larosieremm@gmail.com
Tel: (561) 452-7575
*Lead Counsel for Counterdefendants Elik, Stroke, and Lettman*

/s/ Zachary Z. Zermay
Zachary Z. Zermay, Esq.
Fla. Bar № 1002905
*Zermay Law, P.A.*
1200 Fourth Street, #1102
Key West, FL 33040
Email: zach@zermaylaw.com
Tel: (305) 767-3529
*Lead Counsel for Plaintiff/Counterdefendant Matthew Larosiere*