United States District Court
Middle District of Florida
Orlando Division

Matthew Larosiere,
    Plaintiff,

v.

Cody Rutledge Wilson, DEFCAD, Inc.,
Defense Distributed, and Dioskouroi LLC,
    Defendants.

_____    No. 6:24-cv-1629

Defense Distributed,
    Counterplaintiff /
    Third-Party Plaintiff,

v.

The Gatalog, Matthew Larosiere,
John Elik, Alexander Holladay, Peter
Celentano, Josh Kiel Stroke, John Lettman,
and MAF Corp,
    Counterdefendant / Third-Party
    Defendants.

**Response to Plaintiff's Motion for Leave**

**Argument**

Defendant/Counterplaintiff Defense Distributed and Defendants Cody Rutledge Wilson, DEFCAD, Inc., Dioskouri LLC, file this response to Plaintiff/Counterdefendant Matthew Larosiere's motion for leave to file a supplemental memorandum in support of his motion for a preliminary injunction, Doc. 94. Plaintiff's motion for leave should be denied for the following reasons.

**I.   The proposed "supplement" seeks new relief on unpleaded claims.**

The proposed "supplement" is not a supplement. It is a disguised new motion for a preliminary injunction. It seeks brand new preliminary relief as to claims that the complaint does *not* plead and that the existing motion for a preliminary injunction does *not* address. Whereas Plaintiff's complaint presents Copyright Act claims about specified "works" and the original preliminary injunction motion stems from those pleaded claims, *see* Doc. 74 at 3, the proposed "supplement" has nothing to do with the complaint's existing claims. It seeks relief only as to works that have never been pleaded as part of any claim.

Because of this procedural reality, the motion should be denied for several important procedural reasons. The proposed supplement is also wrong for many substantive reasons that the nonmovants would address in due course if leave were granted. But because of the effort's overriding procedural violations, neither the nonmovants nor the Court should be forced to grapple with any of the filing's substance at this time.

## II. Plaintiff should have to seek and obtain leave to amend his complaint before seeking the requested preliminary injunction.

First, the motion should be denied for lack of procedural foundation. Though the proposed filing amounts to a new motion for a preliminary injunction, it is not justified as such and lacks the key prerequisite—namely, a complaint pleading claims about the relief in question. Denying leave on this ground serves important rules of doctrinal integrity, procedural fairness, and docket management.

Plaintiffs wanting relief as to unpleaded matters have to start by obtaining leave to amend their complaint under Federal Rule of Civil Procedure 15. Just as a "plaintiff may not amend her complaint through argument in a brief opposing summary judgment," *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004), so too a plaintiff cannot mutate a case via preliminary injunction motion "supplements" that skip past the Rule 15 process. *See id.* And while the standard for leave to amend can be relatively low sometimes, it is never a foregone conclusion that plaintiffs get to skip past entirely. The Rule 15 thresholds that Plaintiff very well may not meet here are real and important. *See, e.g.*, *Edward Lewis Tobinick, MD v. Novella*, 848 F.3d 935, 948 (11th Cir. 2017).

Proceeding as Plaintiff requests would prejudice Defendants by both forcing immediate litigation of matters not properly joined and disrupting the action's existing scheduling framework. Denying leave does not cut off any remedy altogether. It just forces Plaintiff to use the proper procedural vehicles that could and should have been used all along.

Plaintiff can only obtain a *distinct* preliminary injunction by filing a *distinct* motion for that remedy; and because that stems from heretofore unpleaded claims, Plaintiff first must seek leave to amend his complaint and successfully obtain it. Only then can the Court and the parties proceed under a clear, procedurally proper framework to address these new matters.

This ground for denial should come as no surprise to Plaintiff. Defendants' counsel expressly raised this very objection during conferral, to no avail.

### III. The violation of Local Rule 6.02(d) warrants denial.

Second, the motion for leave should be denied because it violates Local Rule 6.02(d). Plaintiff's motion included the motion for leave itself *and* the proposed filing with three additional exhibits, Docs. 94-0, 94-1, 94-2, 94-3, 94-4. But Local Rule 6.02(d) says that motions for leave to amend a preliminary injunction motion "must not include the proposed amendment":

> (d) AMENDMENT. No party may amend a motion or response without leave. A motion requesting leave must not include the proposed amendment.

M.D. Fla. Local Rule 6.02(d). If ever Rule 6.02(d) is to be really enforced, it should be here, where the filing violates both the Rule's letter and spirit by shoehorning into the docket substantial new arguments and substantial new evidence.

## Conclusion

The motion be denied.

Respectfully submitted,

F. Andino Reynal
areynal@frlaw.us
Texas Bar No. 24060482
The Reynal Law Firm, PC
917 Franklin, 6th Floor
Houston, Texas 77002
T (713) 228-5900
F (713) 820-6981

Chad Flores
cf@chadflores.law
Texas Bar No. 24059759
Flores Law PLLC
917 Franklin Street
Suite 600
Houston, Texas 77002
T (713) 364-6640
F (832) 645-2496

Counsel for Cody Wilson, DEFCAD, Inc., Defense Distributed, and Dioskouroi LLC