**Chad Flores <cf@chadflores.law>**

## Re: Request for Rule 3.01(g) Conference Regarding Defense Distributed's First Request for Production
1 message

---

**Andino Reynal** <areynal@frlaw.us>                                                                  Wed, Apr 2, 2025 at 10:21 AM
To: Matthew Larosiere <larosieremm@gmail.com>
Cc: Stephanie Bagnall <sbagnall@frlaw.us>, Chad Flores <cf@chadflores.law>

Matt,

Please elaborate. Additionally, I am attaching a letter responding to your objections, new requests for production, and a new subpoena.
Sincerely,

## F. Andino Reynal
The Reynal Law Firm LLP
917 Franklin, Sixth Floor
Houston, Texas 77002
O: 713.228.5900
F: 713.820.6981
https://calendly.com/areynal-frlaw/30min

   I'm using Inbox When Ready to protect my focus.

On Tue, Apr 1, 2025 at 5:12 PM Matthew Larosiere <larosieremm@gmail.com> wrote:
> Dino,
>
> We have never been properly served with any discovery request.
>
> Thanks.
>
> On Tue, Apr 1, 2025, 5:32 PM Andino Reynal <areynal@frlaw.us> wrote:
>> Dear Matt,
>>    I have served you approximately 60 RFPs for each client, not hundreds. I understand that you have concerns about the requests (overbreadth, privilege, etc.). I'd like to arrange a time to discuss your concerns by telephone and reach an agreement. That is what the rules require and it makes good sense. When would be a good time for you?
>> Best,
>> ## F. Andino Reynal
>> The Reynal Law Firm LLP
>> 917 Franklin, Sixth Floor
>> Houston, Texas 77002
>> O: 713.228.5900
>> F: 713.820.6981
>> https://calendly.com/areynal-frlaw/30min
>>
>>    I'm using Inbox When Ready to protect my focus.
>>
>> On Tue, Apr 1, 2025 at 4:17 PM Matthew Larosiere <larosieremm@gmail.com> wrote:
>>> Hey Dino,

As you are well aware, it is incumbent upon us to meet and confer in good faith in person or via telephone on all discovery disputes. The middle district requires that we substantively discuss all of these matters. Your simple demand for "everything," which was met with a substantial opposition for each defendant, cannot be carried forward by your request that we confer over "all" of our objections to your hundreds of requests for production. Respectfully, this is as unsubstantive as it is unreasonable. In this district, we draft meet and confer letters that specify our positions in detail ahead of our conferences. Mere exchanges of ultimatums or general demands for more, as in your case, are not sufficient.

Florida courts (along with court's around the country) have held that mere written correspondence does "not [constitute] a meaningful conference" of parties as contemplated by discovery rules. This is because "[p]arties are far more likely to resolve a dispute if they speak to each other directly" regarding the issues. See DeepGulf, Inc. v. Moszkowski, 330 F.R.D. 600, 612 (N.D. Fla. 2019); Summit Chase Condominium Ass'n, Inc. v. Protean Investors, Inc., 421 So. 2d 562 (Fla. 3d DCA 1982) ("It is inherent in the present rules of discovery that lawyers, out of respect for the adversary system, should make good faith efforts to comply with one another's reasonable discovery requests without constant recourse to the trial courts."); Townsend v. Superior Court (1998) 61 CA 4th 1431-1439 ("[A] reasonable and good faith attempt at informal resolution entails something more than bickering with [opposing] counsel . . . Rather, the law requires that counsel attempt to talk the matter over, compare their views, consult, and deliberate."); Obregon v. Superior Court (1998) 67 CA4th 424, 431 (**A single brief letter with no explanation why the discovery was proper does not constitute a reasonable and good faith attempt at informal resolution**.).

Please provide me the who, what, where, when, and why for each position you disagree with so we can meaningfully confer.

Yours,
Matt

On Mon, Mar 31, 2025 at 9:01 AM Andino Reynal <areynal@frlaw.us> wrote:
> Just moving this back to the top of your inbox.
>
> ## F. Andino Reynal
> The Reynal Law Firm LLP
> 917 Franklin, Sixth Floor
> Houston, Texas 77002
> O: 713.228.5900
> F: 713.820.6981
> https://calendly.com/areynal-frlaw/30min
>
>  I'm using Inbox When Ready to protect my focus.
>
> On Wed, Mar 26, 2025 at 6:18 AM Andino Reynal <areynal@frlaw.us> wrote:
>> Likewise, Matt. We will need to talk about all of our requests. Would you prefer we schedule separate meetings for each of your clients?
>> Best,
>>
>> ## F. Andino Reynal
>> The Reynal Law Firm LLP
>> 917 Franklin, Sixth Floor
>> Houston, Texas 77002
>> O: 713.228.5900
>> F: 713.820.6981
>> https://calendly.com/areynal-frlaw/30min
>>
>>  I'm using Inbox When Ready to protect my focus.
>>
>> On Mon, Mar 24, 2025 at 2:15 PM Matthew Larosiere <larosieremm@gmail.com> wrote:
>>> Hey Dino, hope you're doing well.
>>>
>>> I'll be happy to confer with you.

> Naturally given the breadth of topics, subjects, and individuals requested, we need to be prepared to discuss the specific issues.
>
> In addition to the general objections which cover all of your requests, please identify the requests by number for each of my clients that you feel the need to confer about. This will enable me to prepare for a meaningful discussion.
>
> Yours,
> Matt
>
> On Mon, Mar 24, 2025 at 11:43 AM Andino Reynal <areynal@frlaw.us> wrote:
>
>> Dear Mr. Larosiere,
>>
>> This email is to formally request a Rule 3.01(g) conference to talk about the blanket and specific objections filed by your clients in response to Defense Distributed's First Request for Production.
>>
>> As you know, the *Middle District Discovery* handbook emphasizes the importance of courtesy and cooperation among counsel and requires a good faith effort to resolve disputes before involving the Court. We have reviewed your clients' responses and would like to discuss the objections in more detail and explore potential avenues for resolving the current discovery issue.
>>
>> Specifically, we would like to talk about the objections raised about the scope and particularity of our requests, the definitions used, the format for ESI production, and your clients' assertions regarding burden and potential privilege.
>>
>> I've included a scheduling link in my signature block for your convenience.
>>
>> **F. Andino Reynal**
>> The Reynal Law Firm LLP
>> 917 Franklin, Sixth Floor
>> Houston, Texas 77002
>> O: 713.228.5900
>> F: 713.820.6981
>> https://calendly.com/areynal-frlaw/30min
>>
>>  I'm using Inbox When Ready to protect my focus.

**3 attachments**

- **2025_04_02_Wilson_2nd_RFP_Elik_John - Google Docs.pdf**
  193K

- **2025_4_1_Wilson_Cody_Odysee_second_subpoena_draft.pdf**
  325K

- **2025_04_02_Wilson_Letter_Larosiere_Conference_Discovery - Google Docs.pdf**
  81K

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| Defense Distributed ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 6:24-cv-1629 |
| The Gatalog, et al. ) | |
| ) | |
| *Defendant* ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Odysee.com Attn Julian Chandra
913 Elm Street #513 Manchester NH 03101

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: see attached

| Place: The Reynal Law Firm LLP 917 Franklin, Sixth Floor Houston, Texas 77002 areynal@frlaw.us | Date and Time: 5/13/2025 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 4/8/2025

*CLERK OF COURT*

                                                        OR

_____                         _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 6:24-cv-1629

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Print   Save As...   Add Attachment   Reset

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

For the accounts, and for the dates 4/1/2021-1/1/2025:
- https://odysee.com/@UberPoor:9
- https://odysee.com/@Prints.and.the.Revolution:c
- https://odysee.com/@Plaboi:2
- https://odysee.com/@xYeezySZN:f

-Billing records. Including, but not limited to: - Name(s), screen names, and IP addresses of account owners - Email addresses used, administratively, to communicate with account owners
- Billing method used and identifiable information used for billing purposes Activity, including but not limited to:
- User uploaded content, including original metadata, dates and times, content. IP address, and identifiable account information
- Logs showing content modification, or deletion, including but not limited to: Modification of content, identifiable user information for user modifying content, IP addresses used
- User list, including user name, screen name, billing info, IP addresses used, and any other identifiable information regarding users kept and maintained during the course of business.
- Administrative actions, including but not limited to: date and time, administrative user identifiers, IP addresses of administrative user, deletions, site changes, and all actions taken administratively

United States District Court
Middle District of Florida
Orlando Division

Matthew Larosiere,
    Plaintiff,

v.

Cody Rutledge Wilson, DEFCAD, Inc.,
Defense Distributed, and Dioskouroi
LLC,
    Defendants.

_____        No. 6:24-cv-1629

Defense Distributed,
    Counterplaintiffs

v.

The Gatalog, Matthew Larosiere,
John Elik, Alexander Holladay, Peter
Celentano, Josh Kiel Stroke, John
Lettman, The Gatalog Foundation, and
MAF Corp,
    Counterdefendants.

___

## DEFENSE DISTRIBUTED'S SECOND REQUEST FOR PRODUCTION TO JOHN ELIK

To: Counterdefendant, John Elik, through his attorney of record, Matthew Larosiere, 6964 Houlton Circle, Lake Worth, FL 33467.

Defendant / Counter-Plaintiff, Defense Distributed, serves this request for production on John Elik, as authorized by Federal Rule of Civil Procedure

34. As required by Rule 34(b), Elik must produce all requested documents, electronically stored information, or tangible things within 30 days after service of this request, at 917 Franklin Street, Sixth Floor, Houston, TX 77002, or at another time and place agreed on by the parties.

_____
F. Andino Reynal

The Reynal Law Firm

917 Franklin St., 6th Floor

Houston, Texas 77002

T. 713.228.5900

areynal@frlaw.us

Admitted Pro Hoc Vice

Counsel for Cody Wilson, Defense Distributed, DEFCAD Inc., and Dioskouri, LLC.

## DEFINITIONS

The following terms have the following meanings, unless the context requires otherwise:

1. <u>Parties.</u> The term "plaintiff", "defendant," "counterplaintiff" or "counterdefendant" as well as a party's full or abbreviated name or a pronoun referring to a party, means the party and, when applicable, his, her or its agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

2. <u>Person.</u> The term "person" means any natural person, a business, a legal or governmental entity, or an association.

3. <u>You & your.</u> The terms "you" and "your" mean the party to whom the

request is directed and his/her/its agents, representatives, attorneys, experts, and other persons acting or purporting to act on his/her/its behalf.

4. <u>Material.</u> The term "material" means all documents, electronically stored information, or tangible things. The term is synonymous with and equal in scope to the terms "documents," "electronically stored information," and "tangible things" in Federal Rule of Civil Procedure 34(a)(1). A draft or nonidentical copy of a document, electronically stored information, or a tangible thing is a separate item within the meaning of this term.

    a. <u>Document.</u> The term "document" means information that is fixed in a tangible medium, such as paper. It includes, but is not limited to, writings, drawings, films, charts, photographs, notices, memoranda, diaries, minutes, correspondence, books, journals, ledgers, reports, worksheets, notes, printed e-mails, letters, abstracts, audits, charts, checks, diagrams, drafts, instructions, lists, logs, résumés, and summaries.

    b. <u>Electronically stored information.</u> The term "electronically stored information" means electronic information that is stored in a medium from which it can be retrieved and examined. It includes, but is not limited to, all electronic files that are electronically stored.

        (1) "Electronic file" includes, but is not limited to, the following: voicemail messages and files; e-mail messages and files; text messages and files; instant messages and files shared on platforms, including but not limited to Discord, Rocketchat, Element and any other instant message platform used by any counterdefendant; content shared on social media through a user's profile; direct messages between users on social media websites including but not limited to Twitter, X, Instagram, Youtube, Reddit and Facebook; deleted files; temporary files; system-history files; Internet- or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; computer-activity logs; and metadata. Unless otherwise defined, each example used to illustrate the term "electronic file" will have the meaning assigned to it by the Sedona Conference, Sedona Conference Glossary: eDiscovery & Digital Information Management, Fifth Edition, 21 Sedona Conf. J. 263 (2020).

        (2) "Electronic information system" refers to a computer system

or network that contains electronic files and electronic storage. Unless otherwise defined, each example used to illustrate the term "electronic information system" will have the meaning assigned to it by the Sedona Conference, Sedona Conference Glossary: eDiscovery & Digital Information Management, Fifth Edition, 21 Sedona Conf. J. 263 (2020).

(3) "Electronic storage" refers to electronic files contained on magnetic, optical, or other storage media, such as hard drives, flash drives, DVDs, CDs, tapes, cartridges, floppy diskettes, smart cards, integrated-circuit cards (e.g., SIM cards), whether housed locally or by cloud computing. Unless otherwise defined, each example used to illustrate the term "electronic storage" will have the meaning assigned to it by the Sedona Conference, Sedona Conference Glossary: eDiscovery & Digital Information Management, Fifth Edition, 21 Sedona Conf. J. 263 (2020).

c. <u>Tangible thing.</u> The term "tangible thing" means a physical object that is not a document or electronically stored information.

5. <u>Model</u>. The term "model" refers to all 3D gun models referenced in either the Complaint or Countercomplaint as well as any modifications or 3D printable accessories thereto.

6. <u>Communication.</u> The term "communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

7. <u>Relating.</u> The term "relating" means concerning, referring, describing, evidencing, or constituting, either directly or indirectly.

8. <u>Any.</u> The term "any" should be understood in either its most or its least inclusive sense as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

9. <u>And & or.</u> The connectives "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

10. <u>Number.</u> The use of the singular form of any word includes the plural and vice versa.

# INSTRUCTIONS

1. Respond to each request for production separately by listing the materials and by describing them as defined above. If the material is numbered or labeled for production, in each response provide both the information that identifies the material and the material's number or label.

2. Produce documents and tangible things in the forms as they are kept in the ordinary course of business, or organize and number or label them to correspond with the categories in the discovery request.

3. Produce electronically stored information in native format. For any electronically stored information produced:

   a. Produce a discovery log that details the type of information, the source of the information, the discovery request to which the information corresponds, and the information's electronic ID number.

   b. Write all of the electronically stored information to a load file compatible with commercially available document review systems and transmit it by secure file transfer.

4. For electronically stored information, identify every source containing potentially responsive information that John Elik is not searching or producing.

5. If you object to a request for production, state your objection with particularity and provide specific grounds for your objection.

6. For any materials that John Elik asserts are privileged, protected, or otherwise exempt from discovery, provide the following:

   a. The specific grounds for the claim of privilege, protection, or other exemption.

   b. The type of material being withheld, and, if the material is electronically stored information, the file format of the material.

   c. The subject matter of the material.

   d. The date of the material.

   e. The name, job title, and address of the author of the material.

   f. The name, job title, and address of each addressee of the material.

    g. The name, job title, and address of each person who received, was copied on, or otherwise saw all, part, or a summary of the material.

    h. The name, job title, and address of the custodian of the material and the material's current location.

7. For any materials that you claim no longer exist or cannot be located, provide all of the following:

    a. A statement identifying the material.

    b. A statement of how and when the material ceased to exist or when it could no longer be located.

    c. The reasons for the material's nonexistence or loss.

    d. The identity, address, and job title of each person having knowledge about the nonexistence or loss of the material.

    e. The identity of any other materials evidencing the nonexistence or loss of the material or any facts about the nonexistence or loss.

## REQUEST FOR PRODUCTION

1. All communications concerning files submitted for publication or pre-publication review at thegatalog.com from April 1, 2021 to January 1, 2025.

2. All communications concerning the licensing of 3D files and the law of copyright from April 1, 2021, to January 1, 2025, particularly regarding the models at issue in this case.

3. All materials, including notes and video content, you have recorded or produced concerning the licensing of 3D files, the law of copyright, and the parties in this case from April 1, 2021, to January 1, 2025, particularly regarding the models at issue in this case.

4. All communications related to the materials you have recorded or produced concerning the licensing of 3D files, the law of copyright, and the parties in this case from April 1, 2021, to January 1, 2025, particularly regarding the models at issue in this case.

5. All communications regarding Gatalog file testing, revision, and publication you have had with the Rocketchat user "UberClay" from April 1, 2021, to present.

6. All communications regarding Gatalog file testing, revision, and publication you have had with the Rocketchat user "Dr. Death" from April 1, 2021, to present.

7. All communications regarding Gatalog file testing, revision and publication you have had with counterdefendant Alex Holladay from April 1, 2021, to present.

8. All communications regarding file testing, revision, and publication you have had with Vinh Nguyen from April 1, 2021 to present.

9. All materials and communications related to your fundraising for DD2, The Gatalog, or "the community" from April 1, 2021 to present

10. All materials and communications related to "Gatalog University."

11. All communications concerning DEFCAD or the Gatalog Rocketchat you have had with Peter Celentano from April 1, 2021, to present.

12. All communications you have had with Rocketchat administrators and moderators concerning the beta rooms at chat.deterrencedispensed.com from April 1, 2021, to present.

13. All communications you have had with Rocketchat administrators and moderators concerning the security and legality of chat.deterrencedispensed.com from April 1, 2021, to present.

14. All communications you have had with Rocketchat administrators and moderators concerning the work and account status of Rocketchat user "Pla.boi" from April 1, 2021, to present.

15. All communications you have had with employees of Odysee.com, including requests to update Gatalog account information or email addresses from April 1, 2021, to present.

16. All communications you have had with the moderators of r/Fosscad concerning DEFCAD, The Gatalog, or the parties involved in this case from April 1, 2021, to present.

17. Produce Any Material Relating to cryptocurrency transactions to and from this Bitcoin address: bc1qm9q5lu5skq8e50yqz8hps69r44lmue6sfq5y2y from April 1, 2021, to present.

18. Produce all usernames and/or social media handles used by you to discuss DEFCAD, the Gatalog and/or the parties involved in this case from April 1, 2021 to present.

# The Reynal Law Firm, P.C.

April 2, 2025

Matthew Larosiere,
6964 Houlton Circle,
Lake Worth, FL 33467.

Re: Larosiere v. Wilson et al, 6:24-cv-01629-WWB-LHP  - Discovery Disputes

Dear Matt:

I write regarding the numerous objections your clients have raised to our discovery requests. Your clients' boilerplate objections are insufficient under both the Federal Rules of Civil Procedure and the Middle District of Florida's Discovery Handbook. I want to address several specific issues:

First, as you know, the Florida Rules of Civil Procedure are designed to prevent "surprise, trickery, bluff and legal gymnastics." *Surf Drugs, Inc. v. Vermette*, 236 So. 2d 108, 111–12 (Fla. 1970). The Supreme Court has established that discoverable information includes any matter that "bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Your clients' generalized objections fail to meet the burden of demonstrating specifically how our requests are unreasonable or unduly burdensome. As established in *Abreu v. Sunset Lake of Orlando Condo. Ass'n, Inc.*, an objection must "show specifically how a discovery request is overly broad, burdensome or oppressive, by submitting evidence or offering evidence which reveals the nature of the burden." No. 609CV1515ORL28DAB, 2010 WL 11626706, at *1 (M.D. Fla. May 20, 2010).

Moreover, even where you have raised objections to portions of our document requests, this does not excuse your clients from producing those documents to which there is no objection. The Middle District of Florida Discovery Handbook explicitly states that "objections to portions of a document request do not excuse the responding party from producing those documents to which there is no objection." Your wholesale failure to produce any documents, even those that fall outside the scope of your objections, is improper and must be remedied immediately.

Regarding your work product objections, most if not all of the requested information predates this litigation and actually gave rise to it. Therefore, it cannot be protected under Rule 26(b)(3)(A).

Your clients' assertions of attorney-client privilege are deficient in both substance and form. While FRCP 26(b)(5)(A) does not explicitly require a privilege log, it does require that a party

917 Franklin Street, Sixth Floor
Houston, Texas 77002
www.frlaw.us
T: 713.228.5900

claiming privilege provide information sufficient to enable other parties to assess the claim. See *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 697 (5th Cir. 2017). Your blanket assertions of privilege, without any supporting detail about the nature of the communications, the parties involved, or the basis for the privilege, fail to meet this requirement. Moreover, as noted above, while we respect the sanctity of attorney-client communications, the privilege "takes flight if the relation is abused." *Clark v. United States*, 289 U.S. 1, 15 (1933). We have made a prima facie showing of foundation for the asserted misconduct, which warrants piercing the privilege.

As for your trade secret objections regarding the gun plans and MAF Corp documents, these materials were previously available for download on the web. They cannot reasonably be considered trade secrets now.

Finally, your characterization of our discovery requests as harassment is unfounded. This case involves matters of significant public concern, as evidenced by coverage in The New York Times and The Wired. To the extent there are legitimate confidentiality concerns, we are willing to discuss an appropriate protective order under Rule 26(c).

Your objection to producing documents in native format is without merit. As you know, Rule 34(b) of the Federal Rules of Civil Procedure and the Middle District of Florida Discovery Handbook explicitly establish that electronically stored information should be produced in the form in which it is usually maintained or in a form that is reasonably usable. Your suggestion that our request for native format production is merely designed to drive up discovery costs is unfounded. Rather, this format is essential for proper analysis of the documents and is the standard form of production contemplated by the Federal Rules.

Given the scope of these discovery issues, I believe it would be productive to schedule a meeting to discuss these matters in detail. As you know, the Middle District Discovery Handbook emphasizes that "discovery in this district should be practiced with a spirit of cooperation and civility." In that spirit, I suggest we arrange a conference at your earliest convenience to address these objections and work toward mutually acceptable solutions.

I am available to discuss these matters via videoconference. Please let me know what times work best for your schedule. If we cannot reach a compromise through discussion, we will need to seek court intervention pursuant to Local Rule 3.01(g).

I look forward to your response and to working together to resolve these discovery disputes.

Sincerely,

*/s/ F. Andino Reynal*

The Reynal Law Firm, P.C.

cc: Chad Flores