United States District Court
Middle District of Florida
Orlando Division

Matthew Larosiere,
            Plaintiff,

v.

Cody Rutledge Wilson, DEFCAD, Inc.,
Defense Distributed, and Dioskouroi LLC,
            Defendants.

_____                    No.  6:24-cv-1629

Defense Distributed,
            Counterplaintiff /
            Third-Party Plaintiff,

v.

The Gatalog, Matthew Larosiere,
John Elik, Alexander Holladay, Peter
Celentano, Josh Kiel Stroke, John Lettman,
and MAF Corp,
            Counterdefendant / Third-Party
            Defendants.

_____

**Defense Distributed's Response to the
Document 99 Emergency Objection**

**Argument**

Defendant/Counterplaintiff Defense Distributed and Defendants Cody Rutledge Wilson, DEFCAD, Inc., Dioskouri LLC, file this response to Document 99, the "Emergency Objection to Magistrate Judge's May 12, 2025 Order Denying in Part Emergency Motion for Protective Relief (Doc. No. 97)." The Magistrate Judge's May 12 Order is to be sustained unless shown to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). The Document 99 objection does not satisfy that test and should be overruled.

## I.    There is no emergency or secret requiring urgent action.

The Document 99 objection seeks "emergency" treatment due to subpoena issues. Doc. 99 at 2. But the following subpoena report confirms that there is no emergency and no need for any of the requested extraordinary relief.

To date, ten total subpoenas have been prepared for Defense Distributed and the other Defendants. Under Federal Rule of Civil Procedure 45(a)(3), all were issued and signed by an attorney of record for these parties, Mr. Andino Reynal. (No other attorney signed or issued any subpoena for these parties.).

Nine of the ten subpoenas were handled with *advance* notice to all counsel via e-mail. One of the ten subpoenas lacked that advance notice and was promptly remedied by issuing counsel having expressly agreed that their side will not use any of the resulting records or share them to outsiders. The produced documents are safely at rest, doing nothing and threatening no one. The details are as follows, confirming that there is no emergency needing extraordinary relief.

Nine of the ten subpoenas were handled by issuing counsel as intended, with advance notice given to all counsel via e-mail.  For each of these prepared subpoenas, a notice and copy of each subpoena was e-mailed to all counsel of record, including Mr. Zermay, Mr. Larosiere, and Mr. De Pury, on this timeline:

- Paypal, Inc. .................... Notice supplied via e-mail from Andino Reynal on February 27, 2025.

- Odysee.com .................. Notice supplied via e-mail from Andino Reynal on February 27, 2025.

- Buymeacoffee.com ........ Notice supplied via e-mail from Andino Reynal on February 27, 2025.

- Aves Engineering .......... Notice supplied via e-mail from Andino Reynal on March 5, 2025.

- Firearms Policy Coalition Notice supplied via e-mail from Andino Reynal on March 5, 2025.

- Parts Dispensed ............ Notice supplied via e-mail from Andino Reynal on March 5, 2025.

- Reddit.com .................... Notice supplied via e-mail from Andino Reynal on March 19, 2025.

- Coinbase Global Inc. ..... Notice supplied via e-mail from Andino Reynal on March 19, 2025.

- Odysee.com .................. Notice supplied via e-mail from Andino Reynal on April 2, 2025.

The lone exceptional subpoena is to DigitalOcean, LLC.  It was not preceded with advance e-mail notice like the others due to an inadvertent ministerial omission in the issuing counsel's correspondence processes.  Promptly upon learning of this, the DigitalOcean subpoena's issuing counsel (1) e-mailed notice

of the subpoena to all counsel of record, (2) agreed that Defense Distributed and the other Defendants will not to use the records produced by Digital Ocean in response to this subpoena, and (3) confirmed that the subpoena results had not been shared outside of the litigation team.  Ex. C.

The parties dispute whether Plaintiff Larosiere and the Counterdefendants were "served" with any of these ten subpoenas via electronic means under the "consent" test of Federal Rule of Civil Procedure 5(b)(2)(E).  As to that technicality, sufficient consent to e-mail *did* occur as explained below.  But to determine the immediate issue of whether any "emergency" exists, the key question is whether Plaintiff and the Counterdefendants received *notice in fact* of everything shown above.  They have.  There is nothing secret emergency happening.

First, the issuing e-mails themselves are prima facia proof that Plaintiff Larosiere and the Counterdefendants received notice of everything delivered via e-mail.  Exhibit A is a report from counsel for Defense Distributed and the other Defendants to Plaintiff Larosiere and the Counterdefendants attaching the body of each noticing e-mail to all counsel of record.  Ex. A; *see also* Ex. D; Ex. E.

Second, counsel for Plaintiff Larosiere acknowledged on March 10 that e-mails serving subpoenas supplied notice in fact.  Exhibit B is an e-mail from counsel for Plaintiff Larosiere (Mr. Zermay) indicating receipt of "your clients' subpoenas" and initiating the process of conferral about motions to quash:

3

**Re: NOTICE of 3rd Party subpoenas**

**Zachary Zermay** <zach@zermaylaw.com>                                    Mon, Mar 10, 2025 at 12:58 PM
To: Chad Flores <cf@chadflores.law>, Andino Reynal <areynal@frlaw.us>, David Gingras <david@gingraslaw.com>, Andino Reynal <andino.reynal@gmail.com>
Cc: Gary De Pury <Gary@depury.com>, Matthew Larosiere <larosieremm@gmail.com>, Geraldine Phillips <info@zermaylaw.com>

Good evening,

Do you have some time to meet and confer about joint motions for a protective order and/or to quash your clients' subpoenas? Thanks.

Sincerely,
Zachary Z. Zermay, Esq.

Ex. B at 1.  A motion to "quash your clients' subpoenas" presupposes at least notice in fact (and also Rule 5 consent to service via e-mail).

Third, counsel for Defense Distributed and the other Defendants undertook additional prophylactic notice measures.  In addition to the e-mails indicated above, counsel sent copies of all ten subpoenas to Plaintiff and the Counterdefendants via FedEx and the United States Postal Service.

All of this belies the notion of an emergency or secret warranting extraordinary relief.  The Plaintiff and the Counterdefendants have received *notice in fact* of everything shown above, including advance notice of nine subpoenas and later notice of the tenth with appropriate corrective efforts.

## II.    The Magistrate Judge's *ongoing* decisional process is reasonable.

The Magistrate Judge's May 12 order correctly reserved judgment on most of the underlying emergency motion, Doc. 96, deciding only to deny the request for an immediate stay and to specify the decisional process for resolving the rest of the dispute.  Doc. 97.  Specifically, the Magistrate Judge's May 12 order directed the parties to conduct further conferral efforts and supply more briefing about the nature of the dispute.  Doc. 97 at 4.  By May 30 the parties are to "meet and confer

4

either in-person or via Zoom or some other online platform (telephone or e-mail will not suffice) to engage in a substantive discussion (and hopefully resolution) of the issues raised in Plaintiffs' motion"; by June 3 they are to file a "joint notice with the Court identifying with specificity the issues that have been resolved and identifying with specificity the issues that remain outstanding for the Court to resolve"; and a hearing is to occur on June 13. Doc. 97 at 4 (emphasis omitted).

That normal use of scheduling powers was correct and at a minimum not "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). In light of that forthcoming process—and since there is no need for emergency relief—the Court should deny the objections without more. Any remaining discovery dispute truly needing the Court's attention can be fully resolved in the more appropriate procedural posture that the Magistrate Judge's May 12 order has established.

## III. The motion should be denied.

Alternatively, if the Court does not deny the objections out of deference to the scheduling regime of the Magistrate Judge's May 12 order, the objections should be denied for several substantive reasons.

### A. The procedural violations warrant denial.

First, the objections should be overruled and the underlying motion should be rejected across the board for failing to comply with the Court's January 17 Order on Discovery Motions, Doc. 61 at 1, and improperly combining disparate relief requests in one motion, as the Magistrate Judge's May 12 order rightly recognized.

*See* Doc. 97 at 1-3.  Since there is no real emergency, requiring the movants to file compliant motions is an apt use of judicial resources.

### B.    The request for a total discovery stay is meritless.

Second, the objections should be overruled and the underlying motion should be rejected with respect to its stay request.  The motion sought a total stay of all discovery, Doc. 96 at 13-4, having already sought essentially the same total stay once already, Doc. 80.  The Magistrate Judge's May 12 order correctly denied the movants' new stay request for the same reasons that it denied their original one.  Doc. 97.  Defense Distributed and the other Defendants agree with the Court's ruling and, if more were necessary, reassert the original stay-opposition arguments they advanced in Document 82.

### C.    A standard, mutual protective order is supported.

Third, the objections should be overruled and the underlying motion should be rejected with respect to its request for entry of a protective order.  *See* Doc. 99 at 2.  Defense Distributed and the other Defendants agree with the wisdom of a standard, mutual protective order binding all parties and counsel in this case.  They have asked the moving Plaintiff and Counterdefendants to propose one for conferral purposes.  But no mutual protective order was ever proposed in conferral. Until that happens—perhaps a proposal will occur during the May 30 conferral ordered by the Magistrate Judge—no order instituting the requested relief is warranted.  The Magistrate Judge was therefore correct in at least deferring a decision on this issue, and would have been correct in denying it outright.

6

**D.    The request for relief about subpoenas is meritless.**

Fourth, the objections should be overruled and the underlying motion should be rejected with respect to the complaints about subpoena service.  *See* Doc. 99 at 2.  The motion seeks an order "(1) quashing subpoenas improperly issued by Defendants without notice," as well as orders   "(2) requiring the return or destruction of all documents obtained in response to such subpoenas; (3) compelling disclosure of all such subpoenas and all responsive materials."  Doc. 96 at 2.   The Court should reject this for several reasons.

The main reason to deny relief as to the subpoena-notice complaints is that the e-mails detailed above constituted Rule 5 service of the subpoenas.  Plaintiff Larosiere and the Counterdefendants cannot disagree because they took the opposite position in their Document 80 motion to stay discovery.  That is, their prior motion took the position that e-mails from counsel constituted "service" sufficient to trigger discovery.  That position is binding now.  Whether by way of Rule 5's "consent" standard or by waiver and/or estoppel, the Plaintiff Larosiere and the Counterdefendants cannot reverse positions now and dispute that counsel's e-mails of subpoenas supplied Rule 5 "service."

The prior filing of Plaintiff and the Counterdefendants staked out the position in question expressly, unequivocally, and repeatedly: Discovery e-mails from counsel constituted "service" sufficient to trigger discovery obligations.  Doc. 80 at 2, 3, 4.  They first submitted that "[t]his motion is necessitated by the extensive and burdensome ***discovery served on Plaintiff*** by Defendant-Counterplaintiff

7

Defense Distributed," citing prior requests delivered only via e-mail. *Id.* at 2. Then they took the position that Defense Distributed had been "serving" discovery on Plaintiff, again citing discovery delivered only via e-mail. *Id.* at 3, ¶6. Again they said that Defense Distributed had "served" discovery on the Counterdefendants, once again citing e-mailed discovery. *Id.* at 3, ¶8. Yet again later they called e-mailed discovery "discovery that Defendant-Counterplaintiff ***has already served***." *Id.* at 4, ¶ 11 (emphasis added). As Rule 5 would put it, the Plaintiff and the Counterdefendants "consented . . . in writing" to the position that electronic service sufficed because their motion necessarily presupposed it.

This prior position caused substantial detrimental reliance. Aside from the Court having relied on that position in handling the motion to stay, Defense Distributed relied on that position in continuing to propound discovery via e-mail. Yet now the movants would cause substantial prejudice by changing service rules after the fact, denying e-mail service's sufficiency for no good reason.

Thus, the Court should hold that Rule 5 "service" was accomplished via e-mail because Plaintiff and the Counterdefendants bound themselves to e-mail's sufficiency in their prior filings. That conclusion flows as much from Rule 5's understanding of consent as it does from the background principles of waiver and estoppel that always apply. As precedent has seen before, opposing counsel's "changing course mid-journey smacks of outcome-oriented gamesmanship played on the court and the opposing party's dime." *Gutierrez v. Wells Fargo Bank, NA*, 889 F.3d 1230, 1236 (11th Cir. 2018). It should be rejected here as well.

8

Additionally, the objections should be overruled and the underlying motion should be rejected with respect to the complaints about subpoena service because no undue prejudice occurred.  The receipt of actual notice for 9/10 subpoenas means that any technical service insufficiency caused no substantial harm; and for subpoena 10/10, because counsel has voluntarily agreed to not use the DigitalOcean subpoean's production and confirmed that it has not been shared outside of the litigation team, Ex. C at 1, no harm flows from that either.  An appropriate protective order can solve all concerns going forward (for both sides equally), and there is no proof of any actual past harm because none occurred; the motion gives only speculation about hypothetical potential harms that clear representations have now dispelled.  Finally, relief should be denied because these same remedial actions demonstrate counsel's good faith, belying the kind of untoward intentions necessary for the motion's requested extraordinary relief.

## Conclusion

The Magistrate Judge's May 12 Order is not "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).  The objections should be overruled.

9

Respectfully submitted,

F. Andino Reynal
areynal@frlaw.us
Texas Bar No. 24060482
The Reynal Law Firm, PC
917 Franklin, 6th Floor
Houston, Texas 77002
T (713) 228-5900
F (713) 820-6981

Chad Flores
cf@chadflores.law
Texas Bar No. 24059759
Flores Law PLLC
917 Franklin Street
Suite 600
Houston, Texas 77002
T (713) 364-6640
F (832) 645-2496

Counsel for Cody Wilson, DEFCAD, Inc., Defense Distributed, and Dioskouroi LLC