UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW LAROSIERE,

        Plaintiff,

v.                                Case No.: 6:24-cv-1629-WWB-LHP

CODY RUTLEDGE WILSON, DEFCAD,
INC., DEFENSE DISTRIBUTED and
DIOSKOUROI LLC,

        Defendants.
                                      /

## ORDER

THIS CAUSE is before the Court on Plaintiff and Counter-Defendants' Emergency Objection to Magistrate Judge's May 12, 2025 Order Denying in Part Emergency Motion for Protective Relief ("**Objection**," Doc. 99) and the Response (Doc. 104) thereto.

On February 12, 2025, Counter-Defendants Matthew Larosiere, John Elik Josh Stroke, and John Lettman (collectively, "**Counter-Defendants**") filed an Opposed Motion to Stay Discovery Pending Resolution of Consolidated Motion to Dismiss Counterclaims (Doc. 80), which was denied. (Doc. 83 at 10). Thereafter, Counter-Defendants filed an Opposed Emergency Motion to Quash Improper Subpoenas, for a Protective Order, to Stay Discovery, and for Sanctions (Doc. 96). Magistrate Judge Hoffman Price issued an Order (Doc. 97) denying the request to stay discovery and deferring ruling on Counter-Defendants' remaining requests. (*Id.* at 3–4). Counter-Defendants filed an Objection to the Order, arguing that the Magistrate Judge erred in denying a stay of discovery deferring ruling on the requests for protective relief. (Doc. 99 at 3–5).

Parties may object to orders issued by magistrate judges on non-dispositive matters. Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *TemPay, Inc. v. Biltres Staffing of Tampa Bay, LLC*, 929 F. Supp. 2d 1255, 1260 (M.D. Fla. 2013) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (quotation omitted). "A judge of the court may accept, reject, or modify, in whole or in part, the findings . . . made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

In their Objection, Counter-Defendants argue that Magistrate Judge Price erred in: (1) denying their renewed request for a stay of discovery without considering "changed circumstances"; (2) deferring a ruling on Counter-Defendants' request for a protective order because the precise relief sought is unknown; and (3) citing the Court's Standing Order on Discovery Motions and inclusion of several forms of relief as a basis for striking future filings that combine multiple requests within one motion. As an initial matter, Counter-Defendants' third argument is without merit. First, the Order did not strike Counter-Defendants' Motion, instead merely cautioning counsel to comply with all applicable rules and orders in the future or risk summary striking or denial. (Doc. 97 at 3). It is not clear error to warn a party of its obligation to comply with the Court's rules

and orders. *See Springman v. City of Venice*, No. 8:10-cv-701-T, 2010 WL 3958734, at *1 (M.D. Fla. Oct. 8, 2010) ("Court orders and the Local Rules are not mere suggestions, but rather directives, compliance with which is required absent an intervening order of the court."). While Counter-Defendants are free to dispute the propriety of the Court's rules and orders, they are still required to comply with the same and, should they choose not to, risk the consequences noted in the Order and this Court's prior warnings. (*See* Doc. 5; Doc. 18; Doc. 61 at 2).

With respect to Counter-Defendants' first objection, Counter-Defendants have not shown that the Magistrate Judge's Order was clearly erroneous or contrary to law. "[A] magistrate has broad discretion to stay discovery pending decision on a dispositive motion." *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985). The March 6, 2025 Order considered "the harm produced by delay against the possibility that the dispositive motion will be granted and entirely eliminate the need for discovery." (Doc. 83 at 7 (citing *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997))). The Order held that the pending motion does not appear to be "truly case dispositive" and that Counter-Defendants "cite[d] no legal authority where a pleading is dismissed with prejudice in its entirety based solely on shotgun or other pleading deficiencies without first providing instruction and offering leave to amend." (*Id.* at 7–9 (quotation omitted)). Those circumstances have not changed. Furthermore, as the Order states, "the multitude of tools provided by the discovery rules remain at [Counter-Defendants'] disposal" to remediate discovery disputes. (*Id.* at 9–10 (quoting *Ray v. Spirit Airlines, Inc.*, No. 12-61528-Civ, 2012 WL 5471793, at *4 (S.D. Fla. Nov. 9, 2012))). Counter-Defendants'

pending requests for protective orders utilize these tools, and, if granted, appear sufficient to address Counter-Defendants' concerns.

Finally, with respect to Counter-Defendants' second objection, which is whether the Order erred by deferring a ruling on their request for a protective order, the Court does finds that the circumstances set forth in Counter-Defendants' underlying motion or the Objection does not constitute the imminent "emergency" required for emergency relief. *See Privitera v. Amber Hill Farm, L.L.C.*, No. 5:12-cv-7-Oc, 2012 WL 1900559, at *2 (M.D. Fla. May 24, 2012) ("No one's health or safety is at stake, nobody is at risk of being deprived of an essential service, and nothing that is irreplaceable or for which compensation would not be available is in jeopardy."). Moreover, though the Court ultimately deferred ruling on Counter-Defendants' request for a protective order, the Order required the opposing parties to file a response "identifying what, if any, subpoenas have been served without proper notice to [Counter-Defendants'] and the status of those subpoenas (*i.e.,* have they been responded to, what deadlines remain pending, etc.)." (Doc. 97 at 3). Given the lack of a clear exigency and the requirements the Order placed on the opposing parties, the Court does not find that the Magistrate Judge's Order was clearly erroneous or contrary to law by briefly deferring ruling on Counter-Defendants' request for protective order to permit the Court, and Counter-Defendants, to be fully apprised of the issues to be decided.

Accordingly, it is **ORDERED** and **ADJUDGED** that Counter-Defendants' Objection (Doc. 99) is **OVERRULED**.

**DONE AND ORDERED** in Orlando, Florida on June 2, 2025.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record