United States District Court
Middle District of Florida
Orlando Division

Matthew Larosiere,
    Plaintiff,

v.

Cody Rutledge Wilson, DEFCAD, Inc.,
Defense Distributed, and Dioskouroi LLC,
    Defendants.

_____      No. 6:24-cv-1629

Defense Distributed,
    Counterplaintiff /
    Third-Party Plaintiff,

v.

The Gatalog, Matthew Larosiere,
John Elik, Alexander Holladay, Peter
Celentano, Josh Kiel Stroke, John Lettman,
and MAF Corp,
    Counterdefendant / Third-Party
    Defendants.

_____

**Joint Notice Regarding Plaintiff/Counterdefendants' Emergency Motion**

**(Doc. 96)**

Plaintiff/Counterdefendant Matthew Larosiere, Counterdefendants John Elik, Josh Stroke, John Lettman, Alexander Holladay, and MAF Corp., Defendant/Counterplaintiff Defense Distributed, and Defendants Cody Rutledge Wilson, Defcad, Inc., and Dioskouroi LLC file this joint notice regarding Document 96.

The Court on May 12 ordered the parties to "meet and confer either in-person or via Zoom or some other online platform (telephone or email will not suffice) to engage in a substantive discussion (and hopefully resolution) of the issues raised in Plaintiffs' [Document 96] motion." Doc. 97 at 4. It also ordered that the "parties shall thereafter on Tuesday, June 3, 2025 file a joint notice with the Court identifying with specificity the issues that have been resolved and identifying with specificity the issues that remain outstanding for the Court to resolve." *Id.*

The undersigned parties met and conferred on Friday, May 30, 2025 via Zoom videoconference. The parties were unable to resolve any issues raised in the Doc. 96 motion. Conference discussions included the following:

**As to the motion's request for an order quashing all subpoenas**, at the conference, the nonmovant Defendants continued to oppose for the reasons stated in their Doc. 103 response, including that no service failure occurred. Movants felt all improperly noticed and unserved subpoenas should be quashed.

**As to motion's request for protective order**, at the conference, the nonmovant Defendants continued to oppose for the reasons stated in their Doc.

103 response, including that no service failure occurred. Movants suggested a protective order requiring

> "All future discovery documents requiring service will be served in a code compliant manner, will contain a signed certificate of service, and upon the same day such service is initiated, a digital courtesy copy—including the certificate of service—will be emailed to all opposing counsel upon whom service is required."

The nonmovant Defendants would not agree to such a protective order. However, the nonmovant Defendants would have imposed those obligations mutually with an agreement between the parties (as opposed to an order). The movants felt the nonmovant Defendants' conduct necessitated such an order.

Movants suggested a protective order requiring:

> "Defendants and their counsel are prohibited from disclosure of any private or proprietary information obtained in past and future discovery."

The nonmovant Defendants would not agree to any non-reciprocal protective order. Thus, the Parties were not able to agree to the content of a protective order.

**As to the motion's request for an order compelling "Defendants to disclose: (a) All subpoenas issued; (b) All responsive materials received; (c) The identity of all recipients of said responsive materials;"** Doc. 96, p.15, No. 3, at the conference, the nonmovant Defendants continued to oppose for the reasons stated in their Doc. 103 response and clarified that they would comply with normal discovery processes (*e.g.,* Rule 34) if and when they are invoked. Movants felt the information should be disclosed for the reasons raised in the Doc. 96 motion.

3

**As to the motion's request for an order requiring the "return, deletion, or sequestration of all documents obtained via Defendants' misconduct," Doc. 96 at 4**, at the conference, the nonmovant Defendants continued to oppose for the reasons stated in their Doc. 103 response. Movants sought proof of destruction and return, and the nonmovant Defendants maintained that the service failure needed to warrant such remedies did not occur.

**As to the motion's sanctions request for an order issuing sanctions against the nonmovant Defendants**, movants feel sanctions are warranted. The nonmovant Defendants continued to oppose for the reasons stated in their Doc. 103 response, emphasizing that even if a rule was violated, the remedy should address only the future handling of the discovery materials at issue and should not involve any other measures.

As such, the parties were unfortunately unable to resolve any of the issues raised in the Doc. 96 motion.

Respectfully submitted,

/s/Matthew Larosiere
Matthew Larosiere, Esq.
Fla. Bar. No. 1005581
The Law Offices of Matthew Larosiere
6964 Houlton Circle
Lake Worth, FL 33467
larosieremm@gmail.com
Tel: (561) 452-7575

4

Lead Counsel for Counterdefendants Elik, Stroke, and Lettman

<u>/s/ Zachary Z. Zermay</u>
Zachary Z. Zermay, Esq.
Fla. Bar № 1002905
Zermay Law, P.A.
1200 Fourth Street, #1102
Key West, FL 33040
zach@zermaylaw.com
Tel: (305) 767-3529

Lead Counsel for Plaintiff/Counterdefendant Matthew Larosiere

<u>/s/ Gary De Pury</u>
Law Offices of Gary De Pury, P.A.
Attorney at Law
Lic. Real Estate Broker
US Army Counterintelligence (Ret.)
Personal Injury – Real Estate – Family Law
21035 Leonard Road, Lutz, Florida 33558
P: 813-607-6404
F: 813-949-3406
Gary@DePury.com

Lead Counsel for Alexander Holladay and MAF Corp.

―――――――

<u>/s/ Chad Flores</u>
cf@chadflores.law
Texas Bar No. 24059759
Flores Law PLLC
917 Franklin Street
Suite 600
Houston, Texas 77002
T (713) 364-6640
F (832) 645-249

F. Andino Reynal
areynal@frlaw.us
Texas Bar No. 24060482
The Reynal Law Firm, PC
917 Franklin
6th Floor
Houston, Texas 77002
T (713) 228-5900
F (713) 820-6981

Counsel for Cody Wilson, DEFCAD, Inc., Defense Distributed, and Dioskouroi LLC

6