# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MATTHEW LAROSIERE,

      Plaintiff,

v.

Case No:   6:24-cv-1629-WWB-LHP

CODY RUTLEDGE WILSON, DEFCAD, INC., DEFENSE DISTRIBUTED and DIOSKOUROI LLC,

      Defendants
/Third Party Plaintiff,

MAF CORP., JOHN LETTMAN, MATTHEW LAROSIERE, PETER CELENTANO, THE GATALOG, JOSH KIEL STROKE, JOHN ELIK, THE GATALOG FOUNDATION, ALEXANDER HOLLADAY, MAF CORP., THE GATALOG, ALEXANDER HOLLADAY, JOHN LETTMAN, JOSH KIEL STROKE, PETER CELENTANO and JOHN ELIK,

      Third Party Defendants.

### ORDER

This cause comes before the Court following a hearing on Plaintiff and Counter-Defendants Matthew Larosiere, John Elik, Josh Stroke, and John Lettman's (collectively, "Movants") Opposed Emergency Motion to Quash Improper Subpoenas, for a Protective Order, to Stay Discovery, and for Sanctions. Doc. No. 96; *see also* Doc. No. 110. As discussed at the hearing, the Motion concerns ten (10) subpoenas that Defendant/Counter-Plaintiff Defense Distributed and Defendants Cody Rutledge Wilson, DEFCAD, Inc., and Dioskouri LLC (collectively, "Defendants") have confirmed that they have noticed and/or served to date on DigitalOcean, LLC; Paypal, Inc.; Odysee.com (2 subpoenas); Buymeacoffee.com; Aves Engineering; Firearms Policy Coalition; Parts Dispensed; Reddit.com; and Coinbase Global Inc. *See* Doc. No. 103, at 3. For the reasons discussed at the hearing, the Motion (Doc. No. 96) will be **GRANTED in part and DENIED in part in its remainder**,[1] and it is **ORDERED** as follows:

1. The subpoena issued to DigitalOcean, LLC is hereby **QUASHED** for failure to comply with Federal Rule of Civil Procedure 45(a)(4). Within **seven (7) days** of this Order, Defendants shall return all documents received

---

[1] The Court previously addressed a portion of the Motion by separate Order, and those rulings will not be revisited herein. *See* Doc. No. 97; *see also* Doc. Nos. 99, 106.

in response to the subpoena to DigitalOcean, LLC and file a notice of compliance with the Court.

2. Within **fourteen (14) days** of the date of this Order, Movants may file an omnibus motion regarding the outstanding subpoenas served by Defendants to which no responses have been received to date, specifically the subpoenas issued to Buymeacoffee.com; Aves Engineering; Firearms Policy Coalition; Parts Dispensed; Reddit.com; and Coinbase Global Inc.[2] For this filing alone, and Defendants' response, the Standing Order on Discovery Motions will not apply. *See* Doc. No. 61. Movants' motion must address any objections to each of these subpoenas, their standing to raise any such objections, and the filing may not exceed **twenty-five (25) pages** in length. Local Rule 3.01(a). The motion must comply in full with Local Rule 3.01(g). Defendants' response may not exceed **twenty (20) pages** in length. Local Rule 3.01(b); *see also* Local Rule 3.01(c).

3. It is **ORDERED** that service of all discovery on parties to this case may be made by email from and to counsel, so long as the email is sent from the email address registered by that party in CM/ECF.

---

[2] As set forth at the hearing, Defendants have already received responses to the first subpoena to Odysee.com and the subpoena to Paypal, Inc, and Defendants never served the second subpoena to Odysee.com. The Court does not award any further relief with regard to those subpoenas, nor will they be quashed.

4. It is **ORDERED** that, going forward, with regard to third-party discovery, the serving party(ies) must provide **fourteen (14) days' notice** to the opposing party(ies) prior to service of any third-party discovery. *See* Fed. R. Civ. P. 45(a)(4). Said notice may be provided by email on all counsel of record as set forth in this Order.

5. Except as set forth above, Movants' objections to the method of notice of the subpoenas under Federal Rules of Civil Procedure 5(b) and 45(a)(4) are **OVERRULED**, and Movants' Motion (Doc. No. 96) is otherwise **DENIED**.

6. It is **ORDERED** that within **fourteen (14) days** of this Order, the parties are **DIRECTED** to conduct a substantive meet and confer on the issue of entering into a mutual confidentiality agreement. **On or before expiration of this deadline**, the parties shall either file: (1) a fully executed version of their mutual confidentiality agreement; or (2) a notice stating that the parties could not reach agreement. If the parties are unable to reach an agreement, the Court will enter a confidentiality order on its own accord.

**The parties are reminded that choosing not to engage in discovery due to the pendency of a motion will not provide a basis for any future request for extensions of deadlines in this case. The parties are also reminded of their duty to engage in cooperative and civil discovery. Middle District Discovery (2021) §**

**(I)(A)(1).** Failure to comply with this Order may result in the imposition of sanctions without further notice.   **Fed. R. Civ. P. 16(f).**

**DONE** and **ORDERED** in Orlando, Florida on June 13, 2025.

*Leslie Hoffman Price*
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties