United States District Court
Middle District of Florida
Orlando Division

| | |
|---|---|
| Matthew Larosiere,<br><br>Plaintiff,<br><br>v.<br><br>Cody Rutledge Wilson, DEFCAD, Inc., Defense Distributed, and Dioskouroi LLC,<br><br>Defendants.<br><br>_____<br><br>Defense Distributed,<br><br>Counterplaintiff/ Third Party Plaintiff,<br><br>v.<br><br>The Gatalog, Matthew Larosiere, John Elik, Alexander Holladay, Peter Celentano, Josh Kiel Stroke, John Lettman, and MAF Corp.<br><br>Counterdefendants. | CAUSE NO: 6:24-cv-01629 |

### WILSON'S MOTION FOR PROTECTIVE ORDER REGARDING DOCUMENT PRODUCTION

Defendant Cody Wilson moves for a protective order allowing him to produce documents responsive to John Elik's First Requests for Production on a rolling basis.

## I. Introduction

Counterdefendant Elik served Requests for Production on Defendant Wilson on 25 July 2025. Wilson timely served responses on 25 August 2025. The volume of potentially responsive documents is significant, requiring review for relevance, confidentiality, and privilege before production. Wilson proposed a reasonable rolling production schedule beginning 25 August 2025 and ending 25 September 2025. Elik has refused to agree, insisting on a single production by the response deadline.

Elik's position is unreasonable and inconsistent with the Federal Rules and the Middle District of Florida's Discovery Handbook, which emphasize proportionality, efficiency, and cooperation because:

- Defendants' ESI includes multiple email inboxes as well as Slack, a cloud-based messaging platform that provides real-time communication and file sharing. **Defendants' Slack alone contains over 1.5 million messages, 1.7 million channel messages, 209,000 attachments, and 500,000 files.**

- Elik has has propounded 65 Requests of Production, including **requests for all documents or communications mentioning the eight Counterdefendants or 25 allegedly copyrighted works.** *See* Exhibit A.

- Wilson and his company, Defendant Defense Distributed, already produced more than 34,000 pages on 22 August 2025.

## II. Legal Standard

Under Rule 26(c)(1), a court may, for good cause, issue an order "specifying terms, including time.…for disclosure or discovery." Rule 34(b)(2)(B) requires a responding party to state when production will occur, but does not mandate that all responsive documents be produced in a single tranche.

## III. Argument

### A. Rolling Production is Proportional and Necessary.

Defendant has identified a substantial volume of potentially responsive materials, including electronically stored information ("ESI"). Review for responsiveness and privilege is time-consuming and cannot reasonably be completed within 30 days. A phased production schedule is the most efficient and proportional method.

### B. Plaintiff Will Not Be Prejudiced.

The Discovery Deadline is this case is 1 May 2026. Defendant has proposed a specific schedule: production beginning on 25 August 2025 and concluding by 25 September 2025. Plaintiff will receive responsive documents on a regular basis and well before any discovery cutoff. No prejudice results.

### C. Protective Order is Appropriate.

Without Court intervention, Defendant will be forced either to produce prematurely without adequate privilege review (risking waiver), or face unfounded

accusations of discovery delay. A protective order clarifying Defendant's right to make rolling production resolves this dispute fairly.

## V. Relief Requested

Defendant respectfully requests that the Court enter a protective order: Permitting Defendant to produce responsive documents on a rolling basis beginning 25 August 2025 and concluding by 25 September 2025.

Dated: 25 August 2025

                                    Respectfully submitted,

                                    */s/*

                                    The Reynal Law Firm
                                    917 Franklin Street, Sixth Floor
                                    Houston, Texas 77002
                                    Tel. 713.228.5900
                                    areynal@frlaw.us

                                    Admitted Pro Hoc Vice
                                    Counsel for Cody Wilson,
                                    Defense Distributed, DEFCAD Inc.,
                                    and Dioskouri, LLC.

## Certificate of Conferral

Pursuant to Local Rule 3.01(g), counsel for Defendant conferred with counsel for Plaintiff by email on 24 August 2025 and 25 August 2025 regarding this issue. Plaintiff's counsel stated that Plaintiff opposes rolling production and would not agree to the proposed schedule. Plaintiff's counsel stated his schedule would not permit for a telephone conversation prior to the filing of this motion. Undersigned will continue to attempt to schedule a telephone conference with Plaintiff's counsel in the coming days.

_____<br>F. Andino Reynal

## Certificate of Service

I certify that a copy of this document was served on opposing counsel in accordance with court rules.

_____<br>F. Andino Reynal