United States District Court
Middle District of Florida
Orlando Division

| | |
|---|---|
| Matthew Larosiere, <br><br> Plaintiff, <br><br> v. <br><br> Cody Rutledge Wilson, DEFCAD, Inc., <br><br> Defense Distributed, and Dioskouroi <br><br> LLC, <br><br> Defendants. <br><br> _____ <br><br> Defense Distributed, <br><br> Counterplaintiff/ Third <br><br> Party Plaintiff, <br><br> v. <br><br> The Gatalog, Matthew Larosiere, John Elik, <br> Alexander Holladay, Peter Celentano, Josh <br> Kiel Stroke, John Lettman, and MAF Corp. <br><br> Counterdefendants. | CASE NO: 6:24-cv-01629 |

## CODY WILSON'S OBJECTIONS AND RESPONSES TO JOHN ELIK'S

## REQUEST FOR PRODUCTION

To: Counterdefendant, John Elik, through his attorney of record, Matthew Larosiere, 6964

Houlton Circle Lake Worth, FL 33467.

Defendant Cody Wilson serves these objections and answers to John Elik's First Requests for

Production to Cody Wilson.

**General Objections**

1. Defendant Defense Distributed makes these objections and responses pursuant to Rules 26
   and 34 of the Federal Rules of Civil Procedure. Each objection is made to the specific request
   set forth below. To the extent Defendant/Counterplaintiff produces documents, such
   production is made subject to and without waiving any objection.

2. Defendant will withhold from production communications protected by the attorney–client
   privilege and/or work product doctrine. Defendant will identify such withheld documents in a
   privilege log to the extent required by Fed. R. Civ. P. 26(b)(5) and the Court's rules and
   orders, and reserves the right to provide such identification on a categorical basis.

3. Defendant reserves the right to supplement these responses as discovery progresses pursuant
   to FRCP 26(e).

**Responses to Requests for Production**

1. Produce all documents and other materials that relate to ownership of DEFCAD Inc.,
   including but not limited to a complete list of its owners, how they acquired ownership, their
   ownership percentage, and their responsibilities with respect to  DEFCAD Inc.

**Response**: Defendant objects to this request for production as it is overbroad. All of DEFCAD's
documents could "relate to ownership of DEFCAD." Without waiving said objection, Defendant
will produced corporate formation documents, all amendments thereto, current written corporate
policies, and minutes of board meetings, resolutions, or other records reflecting formal corporate
governance actions for Defense Distributed and DEFCAD.

2. Produce all documents and other materials that relate to ownership of Defense Distributed,

including but not limited to a complete list of its owners, how they acquired ownership, their

ownership percentage, and their responsibilities with respect to Defense Distributed.

**Response**: Defendant objects to this request for production as it is overbroad. All of Defense

Distributed's documents could "relate to ownership of Defense Distributed." Without waiving

said objection, Defendant will produced corporate formation documents, all amendments thereto,

current written corporate policies, and minutes of board meetings, resolutions, or other records

reflecting formal corporate governance actions for Defense Distributed and DEFCAD.

3. Produce all documents and other materials that relate to ownership of Dioskouroi LLC,
   including but not limited to a complete list of its owners, how they acquired ownership, their
   ownership percentage, and their responsibilities with respect to Dioskouroi LLC.

**Response**: None.

4. Produce all documents and other materials in your possession that relate in any way to the
   transfer of any assets with a market value of $500 or more to Cheyenne Morgan, including
   but not limited to sales contracts, real estate transfers, and discussions of those transactions.

**Response**: Defendant objects to this request for production because it seeks irrelevant

information not designed to lead to the discovery of admissible evidence. Cheyenne Morgan is

Cody Wilson's sister. She is not employed by or otherwise connected to any of the entities

involved in this litigation and has no knowledge of any facts at issue in this litigation.

5. From January 1, 2018 onward, produce all documents, communications, and materials which
   include any mention or discussion of copyright.

**Response**: Defendant objects to this request for production as it is overly broad as to time and

subject matter, unduly burdensome, and disproportionate to the needs of discovery.

- Wilson is a First Amendment activist who has discussed "copyright" extensively in both private and public forums—he has both written about it and given speeches on the topic.

- Wilson's ESI is voluminous, consisting of millions of documents and communications.

- Almost every email newsletter and transactional email Wilson receives contains the word "copyright" in the footer, leading to voluminous false positives.

Defendant further objects that the Request, as drafted, is overbroad, unduly burdensome, and not proportional to the needs of the case, insofar as it facially encompasses voluminous attorney client privileged communications

Subject to and without waiving these objections, Defendant will produce responsive, non-privileged communications in its possession, custody, or control, mentioning or discussing the Counterdefendants or the works at issue in this litigation in a rolling fashion beginning on 25 August 2025 and concluding on 25 September 2025.

6. Produce all communications which include any mention or discussion of the allegedly infringed works, including the works purported to bear the registration numbers TX0009358088, VA0002385899, VA0002381513, TX0009372196, TX0009372199, VA0002385901, VA0002381769, TX0009403056, TX0009413646, VA0002422527, VA0002412508, TX0009403054, TX0009417973, VA0002415259, TX0009412695, VA0002418947, VA0002418589, TX0009429254, TX0009429253, VA0002449545, VA0002449520, TX0009509700, TX0009509692, VA0002449526, TX0009503785.

**Response**: Objection vague to the extent the request suggests that their are other allegedly

infringed works beyond those listed in the question. Regarding the listed registration numbers, complying with the request will require Defendant to search by registration number and by name (e.g. "Amigo Grande" or "Regular 10/22").   Defendant's ESI is voluminous, consisting of millions of messages and documents contained on diverse platforms. Despite best efforts, Defendant has not been able to review all the necessary documents; therefore, Defendant will produce responsive, non-privileged communications in its possession, custody, or control, in a rolling fashion beginning on 25 August 2025 and concluding on 25 September 2025.

7. Produce all materials and information used in the creation of the "Black Flag White Paper".

**Response**: Defendant will produce responsive documents.

8.  Produce all drafts, working copies, and preliminary versions of the "Black Flag White Paper".

**Response**: Defendant will produce responsive documents.

9. Produce all documents and materials, including but not limited to preliminary versions, drafts, working copies, correspondence, and otherwise in any way referring or relating to the April 22, 2025 post "On Raids And Raiding" on the DDLegio blog.

**Response**: Defendant will produce responsive documents.

10. Produce all documents and materials, including but not limited to preliminary versions, drafts, working copies, correspondence, and otherwise in any way referring or relating to the January 23, 2025 post "Benchy, IP, and 3D Guns" on  the DDLegio blog.

**Response**: Defendant will produce responsive documents.

11. Produce all documents and materials, including but not limited to preliminary versions, drafts, working copies, correspondence, and otherwise in any way referring or relating to the November 20, 2024 post "The Fuddness Unto Death" on the DDLegio blog.

**Response**: Defendant objects to this request vague as to the term "otherwise" as it could include drafts and communications with counsel regarding the counterclaim in this case. Without waiving said objection, Defendant will produce responsive documents. .

12. Produce all materials, communications, records, and instructions involved in the removal of any copyright notices from any work, whether the removal or obfuscation of any copyright notice was done or directed by yourself.

**Response**: Defendant's ESI is voluminous, consisting of millions of messages and documents contained on diverse platforms. Despite best efforts, Defendant has not been able to review all the necessary documents; therefore, Defendant will produce responsive, non-privileged communications in its possession, custody, or control, in a rolling fashion beginning on 25 August 2025 and concluding on 25 September 2025.

13. Produce all documents and communications concerning the "Amigo Verde".

**Response**: Defendant's ESI is voluminous, consisting of millions of messages and documents contained on diverse platforms. Despite best efforts, Defendant has not been able to review all the necessary documents; therefore, Defendant will produce responsive, non-privileged communications in its possession, custody, or control, in a rolling fashion beginning on 25 August 2025 and concluding on 25 September 2025.

14. Produce all documents and communications with the following groups/entities:    Brady,

Giffords, Everytown for Gun Safety, Mom's Demand Action, MAF Corporation, Newtown
Action Alliance, Sandy Hook Promise, Gatalog Foundation, The Trace, and The United
Methodist Church. Attorneys, employees, agents and  associates of the law firms represented
by the FACT coalition, including but not limited to the firms: Arnold & Porter LLP, Bilzin
Sumberg Baena Price & Axelrod LLP, Cooley LLP, Covington & Burling LLP, Dentons
USLLP, Gibson Dunn And Crutcher LLP, Hogan Lovells US LLP, Keker, Van Nest & Peters
LLP, Mayer Brown LLP, Morrison & Foerster LLP, Morvillo Abramowitz Grand Iason &
Anello PC, Munger Tolles & Olson LLP, O'Melveny & Myers LLP, Paul, Weiss, Rifkind,
Wharton & Garrison LLP, and Simpson Thacher & Bartlett LLP. Attorneys, employees, agents
and associates of the law firms Venable, LLP and Keker, Van Nest & Peters.

**Response**: Defendant objects to this request as it is overly broad, seeks information irrelevant to
the case, and is not calculated to lead to the discovery of admissible evidence.  Subject to and
without waiving this objection, Defendant's ESI is voluminous, consisting of millions of
messages and documents contained on diverse platforms.  Despite best efforts, Defendant has not
been able to review all the necessary documents; therefore, Defendant will produce responsive,
non-privileged communications in its possession, custody, or control relating to MAF and The
Gatalog Foundation in a rolling fashion beginning on 25 August 2025 and concluding on 25
September 2025.

15. Produce all documents and materials concerning, comprising, or relating to  communications
you have had with foreign governments from January 1, 2016 onward.

**Response**: Defendant objects to this request for production as it is irrelevant and unlikely to lead

to the discovery of admissible evidence.   Without waiving said objections, Defendant has no communications with foreign governments related to Counterdefendants in his possession, custody, or control.

16. Produce all documents and communications with lobbyists pertaining to 3D printed guns and copyright.

**Response**: None.

17. Produce all documents and communications with elected government officials pertaining to 3D printed guns and copyright.

**Response**: None

18. Produce all documents and communications with government officials pertaining to 3D printed guns and copyright.

**Response**: Defendant will produce responsive documents.

19. Produce all documents and communications with US government agencies pertaining to 3D printed guns and copyright.

**Response**: Defendant will produce responsive documents.

20. Produce all licenses, contracts, assignments, or agreements that authorize you to copy works protected or purported to be protected by by any of the following: TX0009358088, VA0002385899, VA0002381513, TX0009372196, TX0009372199, VA0002385901, VA0002381769, TX0009403056, TX0009413646, VA0002422527,VA0002412508, TX0009403054, TX0009417973, VA0002415259, TX0009412695,VA0002418947,

VA0002418589, TX0009429254, TX0009429253, VA0002449545, VA0002449520, TX0009509700, TX0009509692, VA0002449526, TX0009503785.

   **Response**: Defendant will produce responsive documents.

21. Produce all licenses for which you claim the defense of license, including those issued by the United States federal government, which permit the copying of works protected or purported to be protected by any of the following: TX0009358088, VA0002385899, VA0002381513, TX0009372196, TX0009372199,    VA0002385901, VA0002381769, TX0009403056, TX0009413646,    VA0002422527, VA0002412508, TX0009403054, TX0009417973, VA0002415259, TX0009412695, VA0002418947, VA0002418589, TX0009429254, TX0009429253, VA0002449545, VA0002449520, TX0009509700, TX0009509692, VA0002449526, TX0009503785.

**Response**: Defendant will produce responsive documents.

22. Produce all materials you have obtained, solicited, or otherwise acquired from private investigators concerning any counterdefendant in this case, including all invoices and communications.

**Response**: Defendant's ESI is voluminous, consisting of millions of messages and documents contained on diverse platforms. Despite best efforts, Defendant has not been able to review all the necessary documents; therefore, Defendant will produce responsive, non-privileged communications in its possession, custody, or control, in a rolling fashion beginning on 25 August 2025 and concluding on 25 September 2025.

23. Produce all materials, including conversation histories, contracts, materials, and

communications with Jim Blackburn which pertain or relate in any way to any counterdefendant in this case.

**Response**: Defendant's ESI is voluminous, consisting of millions of documents and messages contained on diverse platforms. Despite best efforts, Defendant has not been able to review all the necessary documents; therefore, Defendant will produce responsive, non-privileged communications in its possession, custody, or control, in a rolling fashion beginning on 25 August 2025 and concluding on 25 September 2025.

24. Produce all materials, including conversation histories, contracts, materials, and communications with Destin Investigations which pertain or relate in any way to any counterdefendant in this case.

**Response**: Defendant's ESI is voluminous, consisting of millions of documents and messages contained on diverse platforms. Despite best efforts, Defendant has not been able to review all the necessary documents; therefore, Defendant will produce responsive, non-privileged communications in its possession, custody, or control, in a rolling fashion beginning on 25 August 2025 and concluding on 25 September 2025.

25. Produce all documents, communications and materials relating in any way to Gary Flowers, whom you may know as "FDMArms".

**Response**: Defendant will produce responsive documents.

26. Produce all documents, records, and communications relating in any way to the web server at 194.147.222.183.

**Response**: None.

27. Produce all documents, records, and communications relating in any way to the web server at 65.109.192.74.

**Response**: None.

28. Produce all documents and materials concerning metrics, click-through information, user information collected, tracking pixel data, including view counts and IP records, for all emails concerning updates to the DEFCAD blog.

**Response**: None

29. Produce all documents and materials concerning metrics, click-through information, user information collected, tracking pixel data, including view counts and IP records, for all emails concerning updates to the DD Legio blog.

**Response**: Defendant objects to this request as it is irrelevant, overly burdensome, and is disproportionate to the needs of the case because (1) it is not related to any claim or defense in this litigation; (2) it is not time limited and (3) it would require Wilson to acquire information that neither he nor Defense Distributed commonly tracks.

30. Produce all documents and materials concerning metrics, click-through information, user information collected, tracking pixel data, including view counts and IP records, for each post on the DD Legio blog.

**Response**: Defendant objects to this request as it is irrelevant, overly burdensome, and is disproportionate to the needs of the case because (1) it is not related to any claim or defense in this litigation; (2) it is not time limited and (3) it would require Wilson to acquire information that neither he nor Defense Distributed commonly tracks.

31. Produce all documents and materials concerning metrics, click-through information, user information collected, tracking pixel data, including view counts records, for all DEFCAD blog posts.

**Respones:** Defendant objects to this request as it is irrelevant, overly burdensome, and is disproportionate to the needs of the case because (1) it is not related to any claim or defense in this litigation; (2) it is not time limited and (3) it would require Wilson to acquire information that neither he nor DEFCAD commonly tracks.

32. Produce all unedited footage used to create the "GunCAD: History and Value" video (https://www.youtube.com/watch?v=V7iuyS5WMEs).

**Response**: Defendant will produce responsive documents.

33. Produce all materials used to aid in the creation of the "GunCAD: History and Value" video (https://www.youtube.com/watch?v=V7iuyS5WMEs).

**Response:** Defendant will produce responsive documents.

34. Produce all documents and material relating to the real estate history, including sales, ownership, and lease records concerning 18209 MARSHALLS POINT DR BLDG 3, TX 78645.

**Response:** Defendant objects to this request for production as it seeks information irrelevant to the case, and asks for information not reasonably calculated to lead to discoverable evidence.

35. Produce all documents and material relating to the real estate history, including sales, ownership, and lease records concerning 2320 Donley Drive Suite C Austin, TX 78758.

**Response**: Defendant objects to this request for production as it seeks information irrelevant to the case, and asks for information not reasonably calculated to lead to discoverable evidence.

36.Produce all documents and material relating to the real estate history, including sales, ownership, and lease records concerning 4610 CRESTWAY DR, AUSTIN TX 78731.

**Response**: Defendant objects to this request for production as it seeks information irrelevant to the case, and asks for information not reasonably calculated to lead to discoverable evidence.

37.Produce all documents and material relating to any real estate owned by you or your sister, Cheyenne Morgan, or any entity in which you, directly or indirectly, have control over.

**Response**: Defendant objects to this request as it is overbroad, seeks information irrelevant to the case, and asks for information not reasonably calculated to lead to discoverable evidence.

38.Produce all real estate history, including sales, ownership, and lease records for Defense Distributed, including 2320 Donley Drive Suite C Austin, TX 78758 and    18209 MARSHALLS POINT DR BLDG 3, TX 78645 as well as any address used as a registered address or principal address since 2018.

**Response**: Defendant objects to this request for production as it seeks information irrelevant to the case, and asks for information not reasonably calculated to lead to discoverable evidence.

39.Produce all real estate history, including sales, ownership, and lease records for DEFCAD, including 2320 Donley Drive Suite C Austin, TX 78758, and 4610 CRESTWAY DR, AUSTIN TX 78731 as well as any address used as a registered address or principal address since 2018.

**Response**: Defendant objects to this request for production as it seeks information irrelevant to

the case, and asks for information not reasonably calculated to lead to discoverable evidence.

40. Produce all real estate history, including sales, ownership, and lease records for Dioskouroi, including any address used as a registered address or principal address since 2018.

**Response**: Defendant objects to this request for production as it seeks information irrelevant to the case, and asks for information not reasonably calculated to lead to discoverable evidence.

41. Produce a complete accounting for every unit of currency or cryptocurrency that was deposited into (https://www.blockchain.com/explorer/addresses/btc/ 1Q6b2KUaHnPTD153K2rrr BKm2s4bt5TiQx) from 7/15/2018 to 9/5/2018.

**Response**: Defendant objects to this request as irrelevant to the case, and asking for information not reasonably calculated to lead to discoverable evidence; subject to these objections: None.

42. Produce documents sufficient to create a complete picture of the assets held by Defense Distributed, including bank account statements, cryptocurrency account balances, and inventory records.

**Response**: Defendant objects to this request for production because (1) it is vague as to what would constitute a "complete picture of the assets held by Defense Distributed"; (2) requires Defendant to create documents not otherwise in existence; (3) is overly broad, in effect requiring Defendant to produce the complete accounting records for Defense Distributed for all time, and (4) seeks information irrelevant to the case and not reasonably calculated to lead to discoverable evidence.

43. Produce documents sufficient to create a complete picture of the assets held by DEFCAD, Inc., including bank account statements, cryptocurrency account balances, and inventory

records.

**Response**: Defendant objects to this request for production because (1) it is vague as to what would constitute a "complete picture of the assets held by Defense Distributed"; (2) requires Defendant to create documents not otherwise in existence; (3) is overly broad, in effect requiring Defendant to produce the complete accounting records for Defense Distributed for all time, and (4) seeks information irrelevant to the case and not reasonably calculated to lead to discoverable evidence.

44. Produce documents sufficient to create a complete picture of the assets held by Dioskouroi LLC, including bank account statements, cryptocurrency account balances, and inventory records.

**Response**: Defendant has no responsive documents.

45. Produce a complete assessment of how much he has and where it came from.

**Response**: Defendant objects to this request for production as it is overly broad as there is no time period given, vague as to who "he" is and what what is being requested, calls for counsel or Defendant to create a document otherwise not in existence, and irrelevant to any claim or defense in this matter.

46. Produce all documents and communications relating to the payment of cryptocurrency from any of your companies to yourself. "Your companies" means Defense Distributed, DEFCAD, Inc., and Dioskouroi, and any other company in which you have direct control of personnel or operations.

**Response**: Defendant objects to this request for production as it is overly broad, seeks

information irrelevant to the case, disproportionate to the needs of discovery and asks for
information not reasonably calculated to lead to the discovery of admissible evidence.

47. Produce all documents and communications relating to the payment of legal currency from
any of your companies to yourself. "Your companies" means Defense Distributed, DEFCAD,
Inc., and Dioskouroi, and any other company in which you have direct control of personnel or
operations.

**Response**: Defendant objects to this request for production as it is overly broad, seeks
information irrelevant to the case, disproportionate to the needs of discovery and asks for
information not reasonably calculated to lead to the discovery of admissible evidence.

48. Produce all documents and communications in your possession referencing, from, to, or in
any way relating to "Guard Denver."

**Response**: Defendant will produce responsive documents.

49. Produce all records concerning any packages you or your companies have sent to
Counterdefendant John Elik.

**Response:** None.

50. Produce all documents and communications concerning or relating in any way to security
breaches on DEFCAD.com.

**Response**: Defendant objects to this request as it is vague as to the term "security breach".
Without waiving said objection, Defendant will produce responsive documents.

51. Produce all documents and communications concerning or relating in any way to payments,

bounties, rewards, or other compensation given to any entities or individuals relating to
security breaches or vulnerabilities on DEFCAD.com.

**Response**: Defendant will produce responsive documents.

52. Produce all records, including user account information, administrative actions taken,
password changes, access logs including IP addresses, view counts, uploads, uploading IP
addresses, and all other metrics that DEFCAD.com has relating to any of the
counterdefendants.  Include an assessment of how much DEFCAD's payout system has paid
out and to whom for each file that DEFCAD.com associates with any of the
counterdefendants.

**Response:** Defendant objects to the portion of the question requiring him to make "an
assessment of how much  DEFCAD's payout system has paid out and to whom for each file that
DEFCAD.com associates with any of the counterdefendants." Subject to the limitation that
Defendant will not create documents or perform assessments, Defendant will produce responsive
documents.

53. Produce all documents and communications relating to any payment of compensation of any
kind to any DEFCAD users whose payout calculations have relied on any of the allegedly
infringing works (Regular 10/22, MPP99, Amigo Grande, BUBAR, KF5, SF5, PV4, NS3,
Hitchhiker).

**Response**: Defendant will produce responsive documents.

54. Produce all documents and communications relating in any way to the payment of
compensation of any kind to any individual or entity relating in any way to any files,

documents, images, models, or otherwise uploaded to DEFCAD.com.

**Response**: Defendant objects to this request for production as it is overly broad and disproportionate to the needs of the case because it would require production of every payment made by Defense Distributed to any individual ever uploaded files to DEFCAD.com. Defendant will produce payment records regarding the works at issue in this case.

55.Produce all minutes of board meetings, resolutions, or other records reflecting formal corporate governance actions for Defense Distributed, DEFCAD, or Dioskouroi LLC.

**Response**: Defendant objects to this request as overbroad because it is not time bound. Defendant will produce responsive documents beginning in 2020.

56.Produce all communications you had with any person concerning your desire to file your counterclaims in this litigation as a response to criticism, online speech, or perceived disrespect.

**Response**: Defendant objects to this request for production as it is vague as to the terms "criticism" "online speech" and "perceived disrespect". Without waiving said objection, Defendant has no responsive documents.

57.Produce all documents reflecting any inquiry into whether the CAD files authored by any Counterdefendant were protected by copyright.

**Response**: Defendant does not recognize the CAD files as authored by the Counterdefendents, nor as works of authorship for purposes of the Copyright Act. Subject to and without waiving these objections, Defendant's ESI is voluminous, consisting of millions of messages and documents contained on diverse platforms. Despite best efforts, Defendant has not been able to

review all the necessary documents; therefore, Defendant will produce responsive, non-privileged communications in his possession, custody, or control, mentioning or discussing the Counterdefendants or works at issue in this litigation in a rolling fashion beginning on 25 August 2025 and concluding on 25 September 2025.

58. Produce all communications referencing any Counterdefendant's name, "The Gatalog," or any usernames you believe to be associated with them.

**Response**: Defendant will produce responsive, non-privileged communications in its possession, custody, or control, mentioning or discussing the Counterdefendants or works at issue in this litigation. Defendant's ESI is voluminous, consisting of millions of messages and documents contained on diverse platforms. Despite best efforts, Defendant has not been able to review all the necessary documents; therefore, Defendant will produce responsive, non-privileged communications in its possession, custody, or control, in a rolling fashion beginning on 25 August 2025 and concluding on 25 September 2025.

59. Produce all posts, statements, messages, or communications in which you expressed anger, frustration, or hostility toward any Counterdefendant.

**Response**: Defendant objects to this request as it is vague as to the terms "anger" "frustration" and "hostility." Subject to and without waiving these objections, Defendant will produce responsive, non-privileged communications in its possession, custody, or control, mentioning or discussing the Counterdefendants or works at issue in this litigation. Defendant's ESI is voluminous, consisting of millions of messages and documents contained on diverse platforms. Despite best efforts, Defendant has not been able to review all the necessary documents;

therefore, Defendant will produce responsive, non-privileged communications in its possession, custody, or control, in a rolling fashion beginning on 25 August 2025 and concluding on 25 September 2025.

60. Produce all documents and communications including posts, drafts, outlines, or strategy documents relating to your use of litigation or the legal process as a form of retaliation.

**Response**: Defendant objects to this request for production because it is vague as to the term "retaliation". To the extent the request is for documents and communications reflecting that Defendant has ever filed a lawsuit for an improper purpose, answer none. To the extent the request is for all documents and communications about filing a lawsuit for legitimate purposes, such as compensatory damages, the question is overbroad and would facially call for the production of attorney-client privileged documents.

61. Produce all documents and communications in which you discuss the possibility of harming any Counterdefendant in any way.

**Response**: Defendant objects to this request because the term "harming" is vague. To the extent Counter-Defendant is asking about physical harm, answer none.

62. Produce all documents and communications related to "blacklisting," as you admit to in your answer and counterclaims, on any or your commerce websites, including all information on individuals on the blacklist, when they were placed on the blacklist, and the blacklist itself.

**Response**: Defendants' Second Amended Answer with Counterclaims does not contain the word "blacklisting" or "blacklist".

63. Produce all documents and communications related to the ghostguns.com BTC pay server,

including all transaction logs from January 1, 2018, to present.

**Response**: Defendant objects to this request for production as irrelevant to the claims and defenses in this litigation as it would require Defendant's to produce all transactions from an unrelated e-commerce website, and overbroad and disproportionate to the needs of the case as it would require defendant to produce information unrelated to Counterdefendants claimed works for all time.

64. Produce all internal communications discussing how to respond to the DMCA notices or copyright complaints related to Plaintiff's works.

**Response**: Defendant will produce responsive, non-privileged communications in its possession, custody, or control, mentioning or discussing the Counterdefendants or works at issue in this litigation. Defendant's ESI is voluminous, consisting of millions of messages and documents contained on diverse platforms. Despite best efforts, Defendant has not been able to review all the necessary documents; therefore, Defendant will produce responsive, non-privileged communications in its possession, custody, or control, in a rolling fashion beginning on 25 August 2025 and concluding on 25 September 2025.

65. Produce all moderation logs or backend content management records from DEFCAD.com showing administrator actions concerning the files at issue is the  underlying complaint.

**Response**: Defendant will produce responsive documents.

Respectfully submitted this 25th day of August 2025

F. Andino Reynal
areynal@frlaw.us
Texas Bar No. 24060482
The Reynal Law Firm, PC
917 Franklin, 6th Floor
Houston, Texas 77002
T (713) 228-5900

Certificate of Service

I certify on August 25, 2025  that I served the foregoing Responses to Requests for

Production on counsel of record via email.

F. Andino Reynal