UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

*Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc., DEFENSE DISTRIBUTED, and DIOSKOUROI LLC,

*Defendants*.

_____/

### **COUNTERDEFENDANT JOHN ELIK'S RESPONSE IN OPPOSITION TO DEFENDANT WILSON'S MOTION FOR PROTECTIVE ORDER**

Defendant Wilson's motion for protective order should be denied. The motion was moot before it was filed, it mischaracterizes the record, and it violates this Court's standing orders.

Wilson asserts that he "timely served responses on 25 August 2025." In fact, his responses repeatedly state only that documents "will be produced … in a rolling fashion beginning on 25 August 2025 and concluding on 25 September 2025." Promises of later compliance do not constitute timely production.

The motion also misrepresents Elik's position. Wilson claims that "Elik has refused to agree, insisting on a single production by the response deadline." As the attached correspondence shows, that is not true. On the evening of Sunday, August 24—less than 24 hours before the deadline—Reynal emailed requesting an additional thirty days. Elik's counsel immediately replied, offering to grant the full extension if Wilson would "provide complete responses to the interrogatories … and complete responses to the RFAs." That

1

compromise was designed to conserve judicial resources by resolving multiple disputes at once. This offer was never responded to.

Instead, it was Elik's counsel who renewed, offering unconditional compromise the next morning. When Wilson's counsel dug in and refused any compromise, Elik's counsel nevertheless offered a seven-day courtesy extension. Some ten minutes later, Wilson filed this motion. By then the motion was moot: Elik had already extended time, and Wilson had open offers of broader relief if he would cure other deficiencies.

The motion also fails to comply with this Court's Standing Order on Discovery Motions. The Order requires the parties to confer "in person or via telephone" before filing. Wilson's counsel did not; his only efforts were late-night and early-morning emails at the eleventh hour. The Order also requires attaching the subject discovery requests and responses. Wilson's counsel attached a singular selective exhibit. Filing at the last minute, without proper conferral, in the wrong format, and without full attachments violates both the Standing Order and Local Rule 3.01(g). Also, by being written in a font other than Arial, it violates Local Rule 1.08(a),(b) as amended by this Court's January 13, 2021 Standing Order.

Nor has Wilson shown good cause. His motion cites "over 1.5 million messages" in Slack, but offers nothing to link that volume to the specific, targeted requests he was served. By contrast, Elik is prejudiced by late production of core documents needed for depositions and dispositive motions. Also, nothing excuses the eleventh-hour posture of the motion.

In sum, Wilson's motion rests on misstatements and procedural defects. It should be denied, and Wilson ordered to produce responsive documents immediately.

Respectfully submitted,

DATED: August 26, 2025

*/s/Matthew Larosiere*
Matthew Larosiere, Esq.
6964 Houlton Circle
Lake Worth, FL 33467
Email: larosieremm@gmail.com
Telephone: 561-452-7575
*Counsel for Counterdefendant Elik*
