**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MATTHEW LAROSIERE,

          Plaintiff,

v.                                  Case No:   6:24-cv-1629-WWB-LHP

CODY RUTLEDGE WILSON, DEFCAD, INC., DEFENSE DISTRIBUTED and DIOSKOUROI LLC,

          Defendants
/Third Party Plaintiff,

MAF CORP., JOHN LETTMAN, MATTHEW LAROSIERE, PETER CELENTANO, THE GATALOG, JOSH KIEL STROKE, JOHN ELIK, THE GATALOG FOUNDATION, ALEXANDER HOLLADAY, MAF CORP., THE GATALOG, ALEXANDER HOLLADAY, JOHN LETTMAN, JOSH KIEL STROKE, PETER CELENTANO and JOHN ELIK,

          Third Party Defendants.

## ORDER

Before the Court is Defendant Cody Wilson's Motion for Protective Order Regarding Document Production. Doc. No. 118. Counter-Defendant John Elik, who served the discovery at issue, responds in opposition. Doc. No. 119. At issue is whether Wilson should be permitted to make his document production in response to Elik's discovery requests on a rolling basis over a thirty-day period. Doc. Nos. 118, 119.

On review, the motion is due to be denied for failure to comply with Local Rule 3.01(g) and the conferral requirements of the Standing Order on Discovery motions because it states that conferral occurred solely via email. Doc. No. 118, at 5. *See* Doc. No. 58, at 4 ("The term 'confer' in Rule 3.01(g) requires a substantive conversation *in person or by telephone* in a good faith effort to resolve the motion without court action and does not envision an exchange of ultimatums by fax, letter, or e-mail."); Doc. No. 61 ¶ 1 (requiring conferral in person or via telephone). The documents attached to Elik's response also demonstrate inadequate conferral, particularly in light of Wilson's statement that a resolution could possibly be reached. *See* Doc. No. 119-1, at 6 ("Hopefully, we can resolve our differences on Friday and I can withdraw the motion.").

Moreover, it is unclear to the Court why the motion for protective order is even necessary, given that Federal Rule of Civil Procedure 34 contemplates rolling

production. *See* Fed. R. Civ. P. 34(b)(2)(B) ("The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response."); *id.*, Advisory Committee Notes 2015 Amendment ("When it is necessary to make the production in stages the response should specify the beginning and end dates of the production."); *Canales v. OPW Fueling Components LLC*, No. 5:22-cv-00459-BO, 2025 WL 556358, at *3 (E.D.N.C. Feb. 19, 2025) ("The Federal Rules permit rolling production of documents and electronically stored information.").

Accordingly, Defendant Cody Wilson's Motion for Protective Order Regarding Document Production (Doc. No. 118) is **DENIED without prejudice**. The parties are reminded of their obligation to engage in civil and cooperative discovery. Middle District Discovery (2021) § (I)(A)(1). The parties are also reminded that if they continue to be unable to do so, the Court will not hesitate to appoint a special master in this case at the expense of the parties. *See* Doc. No. 113, at 48–49 (June 13, 2025 hearing transcript).

**DONE** and **ORDERED** in Orlando, Florida on August 26, 2025.

*[signature]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record