UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

        *Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc., DEFENSE DISTRIBUTED, and DIOSKOUROI LLC,

        *Defendants*.

_____

Defense Distributed,

        Counterplaintiff/ Third-Party Plaintiff,

v.

The Gatalog, Matthew Larosiere, John Elik, Alexander Holladay, Peter Celentano, Josh Kiel Stroke, John Lettman, and MAF Corp.

        Counterdefendants.

_____/

### JOHN ELIK'S FIRST SET OF INTERROGATORIES TO DEFENSE DISTRIBUTED

To: Defendant, Defense Distributed, through its attorney of record, Chad Flores, Flores Law PLLC, 917 Franklin Street, Suite 600, Houston, Texas 77002.

Counterdefendant John Elik serves Interrogatories on Defense Distributed, as authorized by Federal Rule of Civil Procedure 33. As required by Rule 33(b) and Doc. 111, Wilson must respond to these interrogatories within 30 days via email to Elik's counsel at Larosieremm@gmail.com.

**DEFINITION**

In this document, "You" and "Your" means Defense Distributed, its agents, owners, employees, representatives, attorneys, experts, and other persons acting or purporting to act on its behalf.

**INTERROGATORIES**

1. Identify and describe in detail the complete basis, including all facts, documents, communications, and analyses (whether internal or external), that support your contention that any Counterdefendant or "The Gatalog" violated the International Traffic in Arms Regulations ("ITAR"), as alleged in your Counterclaims. Your response must include:

    a. Identification of each file, dataset, or communication you contend constitutes "technical data" under ITAR;

    b. An explanation of how you determined that such material required licensing or other authorization under ITAR;

    c. A statement as to whether you consulted or communicated with the U.S. Department of State, Directorate of Defense Trade Controls (DDTC), or any expert or consultant regarding classification or jurisdiction under ITAR, and if so, identify all such persons or agencies and summarize the substance of each communication;

    d. The identity of all persons involved in making or communicating this determination.

2. Identify and describe in detail the complete basis, including all facts, documents, communications, and analyses (whether internal or external), that support your

contention that any Counterdefendant or "The Gatalog" violated the Export Administration Regulations ("EAR"), as alleged in Paragraphs 104–109 and 140(a) of your Counterclaims. Your response must include:

a. Identification of each file, dataset, or communication you contend constitutes "technology" or "software" subject to EAR controls;

b. An explanation of how you determined that the publication, transfer, or availability of such material required a license under the EAR;

c. A statement as to whether you consulted or communicated with the U.S. Department of Commerce, Bureau of Industry and Security (BIS), or any expert regarding classification or licensability under EAR, and if so, identify all such persons or agencies and summarize each such communication;

d. The identity of all persons involved in making or communicating this determination on your behalf.

3. Identify and describe in detail the complete basis, including all facts, documents, communications, and analyses (whether internal or external), that support your contention that a member or agent of "The Gatalog," as you allege, made the threat described in Paragraph 122 of your Counterclaims. Your response must include:

a. The identity of the person who sent the alleged message;

b. The method and platform of transmission;

c. The basis for your belief that the sender was acting on behalf of or in furtherance of the alleged Gatalog enterprise;

d. Whether the message or incident was reported to law enforcement or any other authority, and if so, identify each such report or communication.

4. Identify and describe in detail the complete basis, including all facts, documents, communications, and analyses (whether internal or external), that support your contention that any Counterdefendant was involved in conducting, attempting, or soliciting cyberattacks or DDoS activity, as alleged in your Counterclaims. Your response must include:

   a. The date(s) of each alleged attack;
   b. The nature and impact of each incident;
   c. The identity of the person(s) you allege were responsible or complicit;
   d. The sources of any technical or forensic information on which you rely to make these claims.

5. Identify and describe in detail the complete basis, including all facts, documents, communications, and analyses (whether internal or external), that support your contention that any Counterdefendant committed money laundering in violation of 18 U.S.C. § 1956, as alleged in your Counterclaims. Your response must include:

   a. Each transaction (including date, amount, and cryptocurrency or method used) you contend was part of a money laundering scheme;
   b. The identity of the sender and recipient of each such transaction;
   c. The unlawful activity that allegedly generated the funds used or transferred;
   d. Whether you reported any such transaction to law enforcement or a regulatory body, and if so, identify the report or agency.

6. Identify and describe in detail the complete basis, including all facts, documents, communications, and analyses (whether internal or external), that support your

contention that any Counterdefendant violated 18 U.S.C. § 1030 as alleged in your Counterclaims. Your response must include:

    a. The identity of each system or server allegedly accessed without authorization or in excess of authorization;

    b. The identity of each Counterdefendant you claim committed such access;

    c. The date(s) and time(s) of each alleged access;

    d. A description of the information allegedly obtained or altered;

    e. Whether you reported any such conduct to law enforcement or a cybersecurity authority, and if so, identify the agency and the date of the report.

7. Identify and describe in detail each statement you contend was false or misleading and made in commercial advertising or promotion, as alleged in your Counterclaims. Your response must include:

    a. The specific wording of each statement (or a transcript or image, if available);

    b. The date and manner of dissemination;

    c. The platform or medium used (e.g., website, social media, printed ad);

    d. The name of the person or entity you allege made or authorized the statement;

    e. The factual basis for your contention that the statement was false or misleading;

    f. Whether and how you believe the statement caused harm to Defense Distributed.

8. Identify each business relationship, contract, or economic opportunity you allege was interfered with by a Counterdefendant, as described in your Counterclaims. Your response must include:

    a. The name of each business or individual with whom you had an actual or prospective relationship;

    b. The nature of the relationship or opportunity;

    c. The actions taken by each Counterdefendant that you contend constituted interference;

    d. The date(s) of such conduct;

    e. The harm you claim resulted, including any specific losses in revenue, contracts, or goodwill.

9. Identify each allegedly false and disparaging statement made by any Counterdefendant that you contend constitutes trade libel against Defense Distributed, as described in your Counterclaims. Your response must include:

    a. The specific content of each statement;

    b. The date of publication and the platform or medium used;

    c. The identity of the speaker or author;

    d. The audience to whom it was published;

    e. The reason you contend the statement was false or misleading;

    f. Any harm you allege resulted to Defense Distributed, including reputational or financial harm.

10. Identify and describe in detail the complete basis, including all facts, documents, communications, and analyses (whether internal or external), that support your

contention that any Counterdefendant committed obstruction of justice or witness tampering as alleged in your Counterclaims.

11. Identify and describe in detail the complete basis, including all facts, documents, communications, and analyses (whether internal or external), that support your contention that any Counterdefendant destroyed, altered, or failed to preserve evidence relevant to this matter, including what the evidence was and its relevance to your claims or defenses.

12. Identify and describe in detail the complete basis, including all facts, documents, communications, and analyses (whether internal or external), that support your contention that any Counterdefendant violated the Florida Deceptive and Unfair Trade Practices Act.

13. Identify and describe in detail all facts, circumstances, documents, and communications that support your contention that Defcad Inc. is a subsidiary of Defense Distributed.

14. For each alias in your countercomplaint, identify in detail the complete basis for your contention that any specific alias (e.g., 'Fuddbuster', 'Ivan the Troll', and so on) used online corresponds to any particular named Counterdefendant.

15. Identify each monetary payment, asset, or resource obtained or controlled by "The Gatalog" that you contend is a 'proceed of racketeering activity' within the meaning of 18 U.S.C. § 1961(1).

16. Identify all instances where you or any affiliated person or entity responded to or publicly denied any allegedly false or disparaging statements made by any Counterdefendant or Counterdefendants.

17. Identify and describe in detail the complete basis, including all facts, documents, communications, and analyses (whether internal or external), that support your contention and/or you rely on on to show that "The Gatalog" had continuity, structure, or shared purpose sufficient to constitute a RICO enterprise.

Respectfully submitted,

DATED: July 22, 2025

>/s/Matthew Larosiere
> Matthew Larosiere, Esq.
> Fla. Bar. No. 1005581
> The Law Offices of Matthew Larosiere
> 6964 Houlton Circle
> Lake Worth, FL 33467
> Email: Larosieremm@gmail.com
> Tel: (561) 452-7575
> *Lead Counsel for Counterdefendants Elik, Stroke, and Lettman*

### Certificate of Service

I hereby certify that the foregoing was served on Defense Distributed's attorney of record via email on Tuesday, July 22, 2025.

>*/s/ Matthew Larosiere*