UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW LAROSIERE,

                         *Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc.,
DEFENSE DISTRIBUTED, and DIOSKOUROI
LLC,

                         *Defendants*.          CASE No.: 6:24-cv-01629

_____

Defense Distributed,

                         Counterplaintiff/ Third
                         Party Plaintiff,

v.

The Gatalog, Matthew Larosiere, John Elik,
Alexander Holladay, Peter Celentano, Josh
Kiel Stroke, John Lettman, and MAF Corp.

                         Counterdefendants.

_____/

**DEFENSE DISTRIBUTED'S OBJECTIONS AND RESPONSES TO JOHN ELIK'S
INTERROGATORIES TO DEFENSE DISTRIBUTED**

To: Counterdefendant, John Elik, through his attorney of record, Matthew Larosiere, 6964

Houlton Circle Lake Worth, FL 33467.

Defendant/Counterplaintiff, Defense Distributed, serves these answers to John Elik's
interrogatories.

## Responses to Interrogatories

1. Identify and describe in detail the complete basis, including all facts, documents,
   communications, and analyses (whether internal or external), that support your contention
   that any Counterdefendant or "The Gatalog" violated the International Traffic in Arms
   Regulations ("ITAR"), as alleged in your Counterclaims. Your response must include:

   a. Identification of each file, dataset, or communication you contend constitutes
      "technical data" under ITAR;

   b. An explanation of how you determined that such material required licensing or
      other authorization under ITAR;

   c. A statement as to whether you consulted or communicated with the U.S.
      Department of State, Directorate of Defense Trade Controls (DDTC), or any
      expert or consultant regarding classification or jurisdiction under ITAR, and if so,
      identify all such persons or agencies and summarize the substance of each
      communication;

   d. The identity of all persons involved in making or communicating this
      determination.

**Response**: Defendant/Counterplaintiff objects to this request as overbroad, oppressive, and
violating the attorney work-product doctrine. *See* Middle District of Florida Discovery
Handbook Section IV.C.2 ("Interrogatories that purport to require a detailed narrative of the
opposing parties' case are generally improper because they are overbroad and oppressive.").

Counterdefendant's Interrogatory contains four discrete subparts (a., b., c., and d.), to which Defense Distributed answers as follows:

a.  There are at least twelve (12) defense articles, but many more violations have occurred whose records were deleted at Mr. Larosiere's direction at chat.deterrencedispensed.com after September 2024. The technical data Defense Distributed has identified includes the eight (8) technical data packages hosted at https://odysee.com/@TheGatalog-Suppressors:a, uploaded by John Elik, the NFA Bi-Poly (1) technical data package hosted at: https://odysee.com/@TheGatalog-PrintableFramesReceivers:9/NFA-BiPoly:8, uploaded by John Elik, the MAC Super Safety (1) technical data package hosted at: https://odysee.com/@TheGatalog-PrintableFramesReceivers:9/MAC-Super-Safety-System:b, uploaded by John Elik, and the machine gun receivers for the Rebel-9 and Rogue-9 (2) technical packages hosted at: https://odysee.com/@TheGatalog-HybridDesigns:0, uploaded by John Elik.

b.  The United States Munitions List codified in 22 CFR § 121.1 designates technical data related to the defense articles listed in (e), (g), and (h)(2) as subject to the Arms Export Control Act. This control was confirmed by BIS agent Ronald Rolfe.

c.  Cody Wilson communicated by phone with Ronald Rolfe, Senior Engineer at the U.S. Department of Commerce, Bureau of Industry and Security, concerning a CCATS request for the suppressor and machine gun files published by The Gatalog. Mr. Rolfe said these files, in any format, were so obviously controlled by the ITAR that a CCATS submission would be returned without action with a recommendation to contact the Dept. of State. He further stated that a State Department CJ request would be inappropriate since there is

no question of suppressor and machine gun 3D models qualifying as defense articles on
the USML.

    d. Ronald Rolfe, Department of Commerce, Bureau of Industry and Security


2. Identify and describe in detail the complete basis, including all facts, documents,
communications, and analyses (whether internal or external), that support your contention
that any Counterdefendant or "The Gatalog" violated the Export Administration
Regulations ("EAR"), as alleged in Paragraphs 104–109 and 140(a) of your
Counterclaims. Your response must include:

    a. Identification of each file, dataset, or communication you contend constitutes
"technology" or "software" subject to EAR controls;

    b. An explanation of how you determined that the publication, transfer, or
availability of such material required a license under the EAR;

    c. A statement as to whether you consulted or communicated with the U.S.
Department of Commerce, Bureau of Industry and Security (BIS), or any expert
regarding classification or licensability under EAR, and if so, identify all such
persons or agencies and summarize each such communication;

    d. The identity of all persons involved in making or communicating this
determination on your behalf.

**Response**: Defendant/Counterplaintiff objects to this request as overbroad, oppressive, and
violating the attorney work-product doctrine. *See* Middle District of Florida Discovery

Handbook Section IV.C.2. Counterdefendant's Interrogatory contains four discrete subparts (a., b., c., and d.), to which Defense Distributed answers as follows:

a. There are at least forty-nine (49) items, including every file for a frame, receiver, or complete firearm assembly discoverable at Thegatalog.com and hosted on Odysee by John Elik. There are hundreds more violations on chat.deterrencedispensed.com, the evidence of which has been in part deleted at the direction of Mr. Holladay and Mr. Larosiere since September 2024.

b. The Export Administration Regulations are codified in 15 CFR § 734.7.  The Hitchhiker STEP files, and by extension all Gatalog receiver and assembly files, are classified as 0E501.a and controlled for National Security (NS1), Regional Stability (RS1), Crime Control (CC2), Anti-Terrorism (AT1) and UN (see 746.1(b) of the EAR) reasons. Their unrestricted publication without a license is a criminal offense.

c. Cody Wilson communicated by phone with Ronald Rolfe, Senior Engineer at the U.S. Department of Commerce, Bureau of Industry and Security, concerning a CCATS request for the CAD files for the frame and firearm assembly files published without restriction by The Gatalog. Mr. Rolfe said these files, in any format, were technology controlled by the EAR. A CCATS request submitted to BIS confirmed this designation. Mr. Rolfe invited Mr. Wilson to submit an enforcement request to BIS after receiving the CCATS determination, which we are now preparing. This submission will include John Elik's full Odysee upload history.

d. Ronald Rolfe, Department of Commerce, Bureau of Industry and Security

3. Identify and describe in detail the complete basis, including all facts, documents, communications, and analyses (whether internal or external), that support your contention that a member or agent of "The Gatalog," as you allege, made the threat described in Paragraph 122 of your Counterclaims. Your response must include:

    a. The identity of the person who sent the alleged message.

    b. The method and platform of transmission;

    c. The basis for your belief that the sender was acting on behalf of or in furtherance of the alleged Gatalog enterprise;

    d. Whether the message or incident was reported to law enforcement or any other authority, and if so, identify each such report or communication.

**Response**: Defendant/Counterplaintiff objects to this request as overbroad, oppressive, and violating the attorney work-product doctrine. *See* Middle District of Florida Discovery Handbook Section IV.C.2. Counterdefendant's Interrogatory contains four discrete subparts (a., b., c., and d.), to which Defense Distributed answers as follows:

    a. The complete identity is unknown to Defendant/Counterplaintiff; however the person is a member of the Gatalog.

    b. Twitter

    c. See screenshots produced in response to Counterdefendant's Request for Production No. 4, which include the statement "I am extremely loyal to my friends and The Gatalog."

    d. No.

4.  Identify and describe in detail the complete basis, including all facts, documents, communications, and analyses (whether internal or external), that support your contention that any Counterdefendant was involved in conducting, attempting, or soliciting cyberattacks or DDoS activity, as alleged in your Counterclaims. Your response must include:

    a.  The date(s) of each alleged attack;

    b.  The nature and impact of each incident;

    c.  The identity of the person(s) you allege were responsible or complicit;

    d.  The sources of any technical or forensic information on which you rely to make these claims.

**Response**: Defendant/Counterplaintiff objects to this request as overbroad, oppressive, and violating the attorney work-product doctrine. *See* Middle District of Florida Discovery Handbook Section IV.C.2. Counterdefendant's Interrogatory contains four discrete subparts (a., b., c., and d.), to which Defense Distributed answers as follows:

    a.  May 24th, 2024. July 25th, 2024. August 29th - August 30th, 2024.

    b.  See the report produced as part of Defense Distributed's Response to RFP #5

    c.  Peter Celentano, Alexander Holladay, John Elik, and John Lettman

    d.  See screenshots showing false and fraudulent DEFCAD IP addresses posted by John Lettman on Twitter and soliciting DDoS attacks against Defcad, produced as part of Defense Distributed's Response to RFP #5.

5.  Identify and describe in detail the complete basis, including all facts, documents, communications, and analyses (whether internal or external), that support your contention

that any Counterdefendant committed money laundering in violation of 18 U.S.C. § 1956, as alleged in your Counterclaims. Your response must include:

a. Each transaction (including date, amount, and cryptocurrency or method used) you contend was part of a money laundering scheme;

b. The identity of the sender and recipient of each such transaction;

c. The unlawful activity that allegedly generated the funds used or transferred;

d. Whether you reported any such transaction to law enforcement or a regulatory body, and if so, identify the report or agency.

**Response**: Defendant/Counterplaintiff objects to this request as overbroad, oppressive, and violating the attorney work-product doctrine. *See* Middle District of Florida Discovery Handbook Section IV.C.2. Counterdefendant's Interrogatory contains four discrete subparts (a., b., c., and d.), to which Defense Distributed answers as follows:

a. See the reports and transaction logs produced as part of Defense Distributed's Response to Request for Production #6.

b. Xpub68h" - Alexander Holladay. The majority of recipients traced to Binance, HitBTC, KuCoin and bitFlyer.

"Zpub6rr" - John Elik. The majority of recipients traced to PayPal, Binance, Bybit and Bitfinex.

zpub6oR" - Alexander Holladay. Outflows traced to Binance.

"Bc1qzr6" - Alexander Holladay. The majority is still on the chain, outflows to Bittrex and Binance.

c.  The unlawful activity which generated the funds included but was not limited to money
laundering involving the use of a five-year-old peel chain to disguise the proceeds from
the publication of the export-controlled files hosted at Odysee.com by John Elik,
developed on Rocketchat with the material and logistical assistance of Alexander
Holladay, John Lettman, and Matthew Larosiere, and paid for in part by funds generated
by MAF Corp, Aves Rails, and Parts Dispensed.

d.  No.

6.  Identify and describe in detail the complete basis, including all facts, documents,
communications, and analyses (whether internal or external), that support your contention
that any Counterdefendant violated 18 U.S.C. § 1030 as alleged in your Counterclaims.
Your response must include:

a.  The identity of each system or server allegedly accessed without
authorization or in excess of authorization;

b.  The identity of each Counterdefendant you claim committed such access;

c.  The date(s) and time(s) of each alleged access;

d.  A description of the information allegedly obtained or altered;

e.  Whether you reported any such conduct to law enforcement or a cybersecurity
authority, and if so, identify the agency and the date of the report.

**Response**: Defendant/Counterplaintiff objects to this Interrogatory on the ground that
Counterdefendant has exceeded the number of interrogatories permitted under Federal Rule of
Civil Procedure 33(a)(1). Defendant/Counterplaintiff objects to this request as overbroad,

oppressive, and violating the attorney work-product doctrine. *See* Middle District of Florida

Discovery Handbook Section IV.C.2. Counterdefendant's Interrogatory contains four discrete

subparts (a., b., c., and d.), to which Defense Distributed answers as follows:

    a. Larosiere and Elik admit in their filings to visiting the DEFCAD and Ghost Guns websites in excess of their authorization to do so. John Lettman has publicly attempted to access DEFCAD through an Iranian mirror site multiple times.

    b. John Lettman, Joshua Stroke, John Elik, Matthew Larosiere by admission

    c. Our investigation is still underway; however, we know that at least the following unlawful attempts occurred: 11/22/2024 by Lettman; 11/29/2024 by the Counterdefendants: https://www.youtube.com/watch?v=9ICNpBwGatU

    d. RTT9 images and entity information

    e. No

7.  Identify and describe in detail each statement you contend was false or misleading and made in commercial advertising or promotion, as alleged in your Counterclaims. Your response must include:

    a. The specific wording of each statement (or a transcript or image, if available);

    b. The date and manner of dissemination;

    c. The platform or medium used (e.g., website, social media, printed ad);

    d. The name of the person or entity you allege made or authorized the statement;

    e. The factual basis for your contention that the statement was false or misleading;

    f. Whether and how you believe the statement caused harm to Defense Distributed.

**Response**: Defendant/Counterplaintiff objects to this Interrogatory on the ground that Counterdefendant has exceeded the number of interrogatories permitted under Federal Rule of Civil Procedure 33(a)(1). Counterdefendant's Interrogatory contains at least one discrete subpart (f.) Defendant/Counterplaintiff objects to (f.) to the extent it seeks expert opinions or reports prior to the deadline for expert disclosures established by the Court's Scheduling Order and Rule 26(a)(2). Defendant/Counterplaintiff will provide expert disclosures in accordance with those deadlines. Subject to and without waiving its objection, Defense Distributed answers as follows: All claims about DEFCAD being hacked and dumped multiple times in Elik's original FEDCAD commentary; all claims DEFCAD knew it was hacked and did not disclose; all claims DEFCAD hosts knowingly bad models; all claims DEFCAD extorted, blackmailed, or tried to bribe John Elik or any counterdefendant; all claims that DEFCAD is hosted internationally or in Iran. See also Elik's deleted commercial advertisements in response to Interrogatory 11; Mr. Larosiere's admission that the purpose of his lawsuit is to be an existential threat to DEFCAD's business, found at https://3dprintingindustry.com/news/3d-printed-gunfight-matthew-larosiere-v-cody-wilson-in-copyright-battle-236544/

a.  See the screenshots produced as part of Defense Distributed's Response to Request for Production #8.

b.  See the screenshots produced as part of Defense Distributed's Response to Request for Production #8.

c.  Twitter, Reddit and YouTube.

d.  John Elik, Joshua Stroke, John Lettman, Alex Holladay, Matthew Larosiere, Peter Celentano

e. See Mandiant Report, produced in response to RFP 8, showing no hacks, dumps or incursions into the Defense Distributed's computer systems. Furthermore, Elik wholly invented his claims of blackmail, hacking, and doxxing to interrupt Defense Distributed's business.

f. The statements were intended to and did harm Defense Distributed's business. Plaintiff will timely disclose any expert opinions and reports consistent with Fed. R. Civ. P. 26(a) (2) and the Court's Scheduling Order.

8. Identify each business relationship, contract, or economic opportunity you allege was interfered with by a Counterdefendant, as described in your Counterclaims. Your response must include:

   a. The name of each business or individual with whom you had an actual or prospective relationship;

   b. The nature of the relationship or opportunity;

   c. The actions taken by each Counterdefendant that you contend constituted interference;

   d. The date(s) of such conduct;

   e. The harm you claim resulted, including any specific losses in revenue, contracts, or goodwill.

**Response**: Defendant/Counterplaintiff objects to this Interrogatory on the ground that Counterdefendant has exceeded the number of interrogatories permitted under Federal Rule of Civil Procedure 33(a)(1). Counterdefendant's Interrogatory contains at least one discrete subpart

(e.) Defendant/Counterplaintiff objects to (e.) to the extent it seeks expert opinions or reports prior to the deadline for expert disclosures established by the Court's Scheduling Order and Rule 26(a)(2). Defendant/Counterplaintiff will provide expert disclosures in accordance with those deadlines. Subject to and without waiving its objection, Defense Distributed answers as follows:

    a. Polymer80, Loran Kelly. G100, Matt Hall, Karl Kasada, InRangeTV, Eric Goldhaber, Unseenkiller.com, Barret Collier, Kieren Philo., COMBATTECH, and every LEGIO partner and member who has reported leaving DEFCAD citing "FEDCAD" trade libel.

    b. Commercial

    c. See the statements by Josh Stroke, John Elik, and Matt Larosiere produced as part of Defense Distributed's Response to Request for Production #9

    d. See Defense Distributed's Response to Request for Production #9

    e. Plaintiff will timely disclose any expert opinions and reports consistent with Fed. R. Civ. P. 26(a)(2) and the Court's Scheduling Order.

9. Identify each allegedly false and disparaging statement made by any Counterdefendant that you contend constitutes trade libel against Defense Distributed, as described in your Counterclaims. Your response must include:

    a. The specific content of each statement;

    b. The date of publication and the platform or medium used;

    c. The identity of the speaker or author;

    d. The audience to whom it was published;

e.   The reason you contend the statement was false or misleading;

f.   Any harm you allege resulted to Defense Distributed, including reputational or financial harm.

**Response**: Defendant/Counterplaintiff objects to this Interrogatory on the ground that Counterdefendant has exceeded the number of interrogatories permitted under Federal Rule of Civil Procedure 33(a)(1). Counterdefendant's Interrogatory contains at least one discrete subpart (f.) Defendant/Counterplaintiff objects to (f.) to the extent it seeks expert opinions or reports prior to the deadline for expert disclosures established by the Court's Scheduling Order and Rule 26(a)(2). Defendant/Counterplaintiff will provide expert disclosures in accordance with those deadlines. Subject to and without waiving its objection, Defense Distributed answers as follows: All claims about DEFCAD being hacked and dumped multiple times in Elik's original FEDCAD commentary; all claims DEFCAD knew it was hacked and did not disclose; all claims DEFCAD hosts knowingly bad models; all claims DEFCAD extorted, blackmailed, or tried to bribe John Elik or any counterdefendant; all claims that DEFCAD is hosted internationally or in Iran. See also Elik's deleted commercial advertisements in response to Interrogatory 11 and Larosiere's admission that the purpose of his lawsuit is to be an existential threat to DEFCAD's business: https://3dprintingindustry.com/news/3d-printed-gunfight-matthew-larosiere-v-cody-wilson-in-copyright-battle-236544/

a.   See the screenshots produced as part of Defense Distributed's Response to Request for Production #8.

b.   See the screenshots produced as part of Defense Distributed's Response to Request for Production #8.

c.  Twitter, Reddit and YouTube.

d.  John Elik, Joshua Stroke, John Lettman, Alex Holladay, Matthew Larosiere, Peter
    Celentano

e.  Mandiant Report. Furthermore, Elik wholly invented his claims of blackmail, hacking,
    and doxxing to interrupt Defense Distributed's business.

f.  The statements were intended to and did harm Defense Distributed's business. Plaintiff
    will timely disclose any expert opinions and reports consistent with Fed. R. Civ. P. 26(a)
    (2) and the Court's Scheduling Order.


10. Identify and describe in detail the complete basis, including all facts, documents,
    communications, and analyses (whether internal or external), that support your contention
    that any Counterdefendant committed obstruction of justice or witness tampering as
    alleged in your Counterclaims.

**Response**: Defendant/Counterplaintiff objects to this Interrogatory on the ground that
Counterdefendant has exceeded the number of interrogatories permitted under Federal Rule of
Civil Procedure 33(a)(1). Defendant/Counterplaintiff objects to this request as overbroad,
oppressive, and violating the attorney work-product doctrine. *See* Middle District of Florida
Discovery Handbook Section IV.C.2. Subject to this objection, Defendant/Counterplaintiff
responds: In *Everytown v. DEFCAD*, 21-cv-08704-PGG-RWL (SDNY), in order to conceal the
identity of The Gatalog, Matthew Larosiere directly advised Peter Celentano to lie to the court,
withhold his identity, not participate in discovery and finally abandon contact with his attorney
Dan Schmutter. Peter Celentano admitted to this obstruction and its purpose as obstruction on

Reddit. Alex Holladay lied to the court to shield the identities and involvement of John Elik,

Peter Celentano and Matthew Larosiere. Furthermore, Mr. Larosiere has advised and consented

to all counterdefendants' acts of spoliation in this matter, publicly declaring that the litigation

hold letters do not bind them to preserve evidence. Mr. Larosiere is an administrator of The

Gatalog Rocketchat and has overseen the systematic destruction of all evidence related to his

claims and our counterclaims on that platform, attempting to stall discovery to give The Gatalog

time to destroy evidence. Mr. Larosiere has coordinated with Aves Rails and Parts Dispensed to

advise them not to produce evidence in response to our subpoenas. The language they have used

to object to these subpoenas is almost identical boilerplate offered by Mr. Larosiere. John Elik

has communicated with and intimidated witnesses in this case, including Gary Flowers and

Kieran Philo, through the undeclared pseudonym "Guard Denver."

See:  https://gnet-research.org/2024/09/10/lawsuits-rivalries-and-trolls-examining-the-behaviour-
of-the-3d-printed-gun-movement/

11. Identify and describe in detail the complete basis, including all facts, documents,
    communications, and analyses (whether internal or external), that support your contention
    that any Counterdefendant destroyed, altered, or failed to preserve evidence relevant to
    this matter, including what the evidence was and its relevance to your claims or defenses.

**Response**: Defendant/Counterplaintiff objects to this Interrogatory on the ground that

Counterdefendant has exceeded the number of interrogatories permitted under Federal Rule of

Civil Procedure 33(a)(1).Defendant/Counterplaintiff objects to this request as overbroad,

oppressive, and violating the attorney work-product doctrine. *See* Middle District of Florida

Discovery Handbook Section IV.C.2. Subject to this objection, Defendant/Counterplaintiff states that Peter Celentano deleted his accounts and posts. John Elik has also deleted accounts and posts. John Elik and Alexander Holladay have deleted posts and Beta Rooms in the Gatalog RocketChat. *See* screenshots and spoliation report produced as part of Defense Distributed's Responses to Request for Production #12. Furthermore, Larosiere as an administrator of the RocketChat, failed to preserve evidence and supported his clients and co-counterdefendants spoliation.

12. Identify and describe in detail the complete basis, including all facts, documents, communications, and analyses (whether internal or external), that support your contention that any Counterdefendant violated the Florida Deceptive and Unfair Trade Practices Act.

**Response**: Defendant/Counterplaintiff objects to this Interrogatory on the ground that Counterdefendant has exceeded the number of interrogatories permitted under Federal Rule of Civil Procedure 33(a)(1). Defendant/Counterplaintiff objects to this request as overbroad, oppressive, and violating the attorney work-product doctrine. *See* Middle District of Florida Discovery Handbook Section IV.C.2.

13. Identify and describe in detail all facts, circumstances, documents, and communications that support your contention that Defcad Inc. is a subsidiary of Defense Distributed.

**Response**: Defendant/Counterplaintiff objects to this Interrogatory on the ground that Counterdefendant has exceeded the number of interrogatories permitted under Federal Rule of Civil Procedure 33(a)(1). Defendant/Counterplaintiff objects to this request as overbroad,

oppressive, and violating the attorney work-product doctrine. *See* Middle District of Florida
Discovery Handbook Section IV.C.2. Subject to this objection, Defendant/Counterplaintiff states
that DEFCAD is wholly owned by Cody Wilson, who also owns Defense Distributed and is
operated with overlapping management as a subsidiary.

14. For each alias in your countercomplaint, identify in detail the complete basis for your
   contention that any specific alias (e.g., 'Fuddbuster', 'Ivan the Troll', and so on) used
   online corresponds to any particular named Counterdefendant.

**Response**: Defendant/Counterplaintiff objects to this Interrogatory on the ground that
Counterdefendant has exceeded the number of interrogatories permitted under Federal Rule of
Civil Procedure 33(a)(1). Defendant/Counterplaintiff objects to this request as overbroad,
oppressive, and violating the attorney work-product doctrine. *See* Middle District of Florida
Discovery Handbook Section IV.C.2. Subject to this objection, Defendant/Counterplaintiff states
that Counterdefendants identified many of their various screennames and aliases in their
responses to Counterplaintiff's Interrogatory #1, further aliases have been uncovered through
research and cross referencing of other documents produced in discovery.

15. Identify each monetary payment, asset, or resource obtained or controlled by "The
   Gatalog" that you contend is a 'proceed of racketeering activity' within the meaning of 18
   U.S.C. § 1961(1).

**Response:** Defendant/Counterplaintiff objects to this Interrogatory on the ground that
Counterdefendant has exceeded the number of interrogatories permitted under Federal Rule of

Civil Procedure 33(a)(1). Defendant/Counterplaintiff objects to this request as overbroad, oppressive, and violating the attorney work-product doctrine. *See* Middle District of Florida Discovery Handbook Section IV.C.2. Subject to this objection, Defendant/Counterplaintiff states, see Defense Distributed's Response to Interrogatory #5.


16. Identify all instances where you or any affiliated person or entity responded to or publicly denied any allegedly false or disparaging statements made by any Counterdefendant or Counterdefendants.

**Response**: Defendant/Counterplaintiff objects to this Interrogatory on the ground that Counterdefendant has exceeded the number of interrogatories permitted under Federal Rule of Civil Procedure 33(a)(1). Defendant/Counterplaintiff states that Defendant/Counterplaintiff's denial of Counterdefendants' disparaging statements can be found in the GunCAD History and Value Youtube video (https://www.youtube.com/watch?v=V7iuyS5WMEs) DEFCAD FAQs located at https://defcad.com/faq/, Gatology LEGIO post: https://ddlegio.com/gatalogy/ and Garret Walliman's Reddit posts located at

https://www.reddit.com/r/fosscad/comments/qf1gei/comment/hhzx6ma/?context=3

https://www.reddit.com/r/fosscad/comments/rr1lur/comment/hqf2oz3/?context=3

https://www.reddit.com/r/fosscad/comments/rwhviu/comment/hrcz8qr/?context=3

https://www.reddit.com/r/fosscad/comments/sv2xw6/defcad_and_ffl


17. Identify and describe in detail the complete basis, including all facts, documents, communications, and analyses (whether internal or external), that support your contention

and/or you rely on to show that "The Gatalog" had continuity, structure, or shared

purpose sufficient to constitute a RICO enterprise.

**Response**: Defendant/Counterplaintiff objects to this Interrogatory on the ground that

Counterdefendant has exceeded the number of interrogatories permitted under Federal Rule of

Civil Procedure 33(a)(1). Defendant/Counterplaintiff objects to this request as overbroad,

oppressive, and violating the attorney work-product doctrine. *See* Middle District of Florida

Discovery Handbook Section IV.C.2.  Subject to this objection, Defendant/Counterplaintiff refers

Counterdefendant to

- Matthew Larosiere's admissions to Venable in the *Everytown v. DEFCAD* lawsuit, where

  he stated it is his "honor to represent the Gatalog, The Gatalog Foundation, and its

  members."

- The Gatalog wiki with policy statements and administrative outlines, edited consistently

  by Alex Holladay

- Alex Holladay and John Elik's public statements describing the enterprise, its continuity,

  structure and shared purpose, as seen at https://www.deterrencedispensed.com/; https://

  ctrlpew.com/getting-started-0-how-to-start-3d-printing-quickly/ -

- Gatalog as organization mentioned multiple times; https://defcad.com/library/lawsuits-

  rivalries-and-trolls-examining-the-behaviour-of-the-3d-printed-gun-movement/.

- The Gatalog Foundation public filings,

- Gatalog Foundation website listing the "Power Full Founders!", and

- Deterrence Dispensed listing of Elik as "publishing director".

Respectfully submitted this 21st day of August 2025

F. Andino Reynal
areynal@frlaw.us
Texas Bar No. 24060482
The Reynal Law Firm, PC
917 Franklin, 6th Floor
Houston, Texas 77002
T (713) 228-5900

Certificate of Service

I certify on August 21, 2025  that I served the foregoing Responses to Requests for

Interrogatories on counsel of record via email.

F. Andino Reynal

## Verification

I, Cody Wilson, Owner of Defense Distributed, do solemnly declare and affirm under the penalty of perjury that the foregoing Responses to Interrogatories on behalf of Defense Distributed are true and correct to the best of my knowledge, information, and belief.

Executed on August 21, 2025

Cody R. Wilson
Director of Defense Distributed