United States District Court
Middle District of Florida
Orlando Division

| | |
|---|---|
| Matthew Larosiere,<br><br>Plaintiff,<br><br>v.<br><br>Cody Rutledge Wilson, DEFCAD, Inc., Defense Distributed, and Dioskouroi LLC,<br><br>Defendants.<br><br>―――――――――――<br><br>Defense Distributed,<br><br>Counterplaintiff/ Third Party Plaintiff,<br><br>v.<br><br>The Gatalog, Matthew Larosiere, John Elik, Alexander Holladay, Peter Celentano, Josh Kiel Stroke, John Lettman, and MAF Corp.<br><br>Counterdefendants. | CASE NO: 6:24-cv-01629 |

**CODY WILSON'S OBJECTIONS AND RESPONSES TO JOHN ELIK'S REQUEST FOR INTERROGATORIES TO CODY WILSON**

To: Counterdefendant, John Elik, through his attorney of record, Matthew Larosiere, 6964 Houlton Circle Lake Worth, FL 33467.

Defendant Cody Wilson makes these objections and responses to John Elik's First Requests for Interrogatories to Cody Wilson pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure. Each objection is made to the specific request set forth below. To the extent

Defendant answers these interrogatories, the answer is made subject to and without waiving any objection.

## Interrogatories & Responses

1. Describe in detail all interactions you have had, either on your own behalf or on behalf of any business entity, with service providers based in Iran, including providers of servers, data hosting, domain brokers, and internet service providers.

**Response**: None

2. Describe, in detail, who else besides yourself exerts control over the business, financial, operational, or other actions of DEFCAD Inc.

Your response must include:

> a. The identity and contact information of any individual or entity that you claim exerts any control of DEFCAD Inc.;
>
> b. What powers and responsibilities that individual or entity has with regard to DEFCAD Inc.;
>
> c. When that individual or entity gained the power you assert exists;
>
> d. How that individual or entity gained the power you assert exists.

**Response**: Defendant objects to this request as vague as to the phrase "exerts control over the business". I am the sole owner of of DEFCAD, Inc. and manage its day-to-day operations through Defense Distributed. I have various employees who perform their roles and make

decisions within their respective spheres of responsibility. Sometimes, they consult with me before making a decision sometimes they don't. Ultimately, I am the leader and responsible managerially for the decisions they make.

3. Describe, in detail, who else besides yourself exerts control over the business, financial, operational, or other actions of Defense Distributed? Your response must include:

   a. The identity and contact information of any individual or entity that you claim exerts any control of Defense Distributed;

   b. What powers and responsibilities that individual or entity has with regard to Defense Distributed;

   c. When that individual or entity gained the power you assert they have with regard to Defense Distributed;

   d. How that individual or entity gained the power you assert they have with regard to Defense Distributed.

**Response**: Defendant objects to this request as vague as to the phrase "exerts control over the business". Defense Distributed has a Board Of Directors composed of the following members:

   a. Benjamin Denio, 22 Bishops Place, Little Rock Arkansas 72223. Mr. Denio sits on the Board of the Directors and was elected in 2021.

   b. Zachary Kubin, 122 W. Center St., Beebe, AR 72012, Mr. Kubin sits on the Board of Directors and was elected in 2013.

4. Describe, in detail, who else besides yourself exerts control over the business, financial, operational, or other actions of Dioskouroi LLC? Your response must include:

    a. The identity and contact information of any individual or entity that you claim exerts any control of Dioskouroi LLC;

    b. What powers and responsibilities that individual or entity has with regard to Dioskouroi LLC;

    c. When that individual or entity gained the power you assert they have with regard to Dioskouroi LLC;

    d. How that individual or entity gained the power you assert they have with regard to Dioskouroi LLC.

**Response**: Defendant objects to this request as vague as to the phrase "exerts control over the business". To the best of my knowledge, Doiskouri is owned and operated by:

    a. Thomas Odom, 397 Gaitan Ln, Kingsbury TX 78638

    b. Managing member

    c. 2024

5. Describe all interactions you have had with law enforcement, excluding minor traffic violations, from 2018 to present.

**Response**: Defendant objects to this request as it is vague and over broad as to the term "law enforcement". Defendant works in a highly regulated industry and is often in touch, in his

professional capacity, with various entities involved in the creation and enforcement of laws. All contact with individuals directly involved in the enforcement of laws related to Defendant's businesses is handled by lawyers employed by Defense Distributed. According, Defendant will re-interpret the request as requesting only whether Cody Wilson, individually, has ever been the party to a criminal case. Subject to these objections, I was a party to the following criminal case in 2018: <u>State v. Cody Wilson,</u> D-1-DC-18-100208 (Travis County, Texas).

6. Identify all persons or entities who authored or contributed any content to the "Black Flag White Paper".

**Response**: I wrote the "Black Flag White Paper". Pablo Diaz, a graphic designer, contributed content, styling.

7. Identify in detail, for each of the alleged infringements of the copyrighted works listed in the Complaint and subsequent pleadings, the date on which you, CODY WILSON, became personally aware that each work was copyrighted or claimed to be copyrighted, whichever is sooner. Your response must include the date you were aware of the copyrighted status of the works bearing the registration numbers:

    a. TX0009358088

    b. VA0002385899

    c. VA0002381513

    d. TX0009372196

    e. TX0009372199

    f. VA0002385901

    g. VA0002381769

  h. TX0009403056

  i. TX0009413646

  j. VA0002422527

  k. VA0002412508

  l. TX0009403054

  m. TX0009417973

  n. VA0002415259

  o. TX0009412695

  p. VA0002418947

  q. VA0002418589

  r. TX0009429254

  s. TX0009429253

  t. VA0002449545

  u. VA0002449520

  v. TX0009509700

  w. TX0009509692

  x. VA0002449526

  y. TX0009503785

**Response**: Defendant states as follows:

  a. TX0009358088 (6 September 2024)

  b. VA0002385899 (6 September 2024)

  c. VA0002381513 (6 September 2024)

  d. TX0009372196 (6 September 2024)

  e. TX0009372199 (6 September 2024)

    f.  VA0002385901 (3 June 2024)

    g.  VA0002381769 (6 September 2024)

    h.  TX0009403056 (6 September 2024)

    i.  TX0009413646 (6 September 2024)

    j.  VA0002422527. (July 2024)

    k.  VA0002412508 (6 September 2024)

    l.  TX0009403054 (I do not recognize this work)

    m.  TX0009417973 (I do not recognize this work)

    n.  VA0002415259 (I do not recognize this work)

    o.  TX0009412695. (10 July 2024)

    p.  VA0002418947 (10 July 2024)

    q.  VA0002418589 (6 September 2024)

    r.  TX0009429254 (I do not recognize this work)

    s.  TX0009429253 (I do not recognize this work)

    t.  VA0002449545 (I do not recognize this work)

    u.  VA0002449520 (I do not recognize this work)

    v.  TX0009509700 (I do not recognize this work)

    w.  TX0009509692 (I do not recognize this work)

    x.  VA0002449526 (I do not recognize this work)

    y.  TX0009503785 (I do not recognize this work)

8. Identify all cryptocurrency accounts/wallets/addresses you have control over—"control" being the ability to remove or send cryptocurrencies from the account, even if others share access, and where other entities or individuals share that access, identify them to the extent known.

**Response**: Defendant objects that any crypto wallet Defendant may have control over is irrelevant to any claim or defense in this litigation.

9. Describe, in detail, all interactions you have had in any capacity with DEFCAD user "Cyan" (https://DEFCAD.com/users/Cyan/).

**Response**: Defendant objects to this interrogatory as over broad because it is designed to force an exhaustive or oppressive catalogue of information: I have known Kieran Philo since at least 2023, we have communicated multiple times verbally and by text messages, and all of our communications have been friendly and professional.

10. Describe all interactions you have had in any capacity with Kieran Philo.

**Response**: Defendant objects to this interrogatory as over broad because it is designed to force an exhaustive or oppressive catalogue of information: I have known Kieran Philo since at least 2023, we have communicated multiple times verbally and by text messages, and all of our communications have been friendly and professional.

11. Describe in detail the creation, operation, and current control of PrecursorParts.com, including domain ownership, hosting, funding sources, and content publication authority.

**Response:** Defendant objects to this interrogatory as over broad because it is designed to force an exhaustive or oppressive catalogue of information. Defendant further objects to this request as it is vague as to the terms "operation" and "publication authority." Without waiving said objection, Defense Distributed registered the domain for precursorparts.com in 2021. Development sites were built and operated by Defense Distributed until 2023. The site was never

funded and is currently controlled by Dioskouroi LLC.

12. Describe in detail the creation, operation, and current control of FEDCAD.com, including domain ownership, hosting, funding sources, and content publication authority.

**Response:** Defense Distributed registered the domain FEDCAD.com to combat trade libel against DEFCAD and domain squatting. Garret Walliman uses the site as a personal project to track 3D2A copyright claims.

13. Describe in detail the creation, operation, and current control of DEFCAD.com, including domain ownership, hosting, funding sources, and content publication authority.

**Response**: Defendant objects to this interrogatory as over broad because it is designed to force an exhaustive or oppressive catalogue of information. Without waiving said objections, Defense Distributed registered DEFCAD.com in 2012 and has operated it ever since. There have been multiple versions of the DEFCAD legal entity. The site is funded by Defense Distributed. All content publication policies are developed by Defense Distributed in response to federal and state law and litigation. Ultimate content publication authority is restricted to a group that includes Garret Walliman, Thomas Odom, and Cody Wilson.

14. Identify the person(s) or entity(ies) that operate the webserver located at 194.147.222.183.

**Response:** I don't know.

15. Identify the person(s) or entity(ies) that operate the webserver located at 65.109.192.74.

**Response** I don't know.

16. Describe your sale of the property and real estate at 18209 MARSHALLS POINT DR BLDG 3, TX 78645 to Cheyenne Morgan. Your response must include:

    a. Why the property was sold;

    b. How much it was sold for;

    c. Why you continued to maintain this address as the registered address for one of your businesses after the sale.

**Response:** Defendant objects to this request as it seeks information irrelevant to the case, and asks for information not reasonably calculated to lead to discoverable evidence.

17. Identify all agents and members of DEFCAD Inc., along with their roles and responsibilities.

**Response**: Defendant objects that the term "agents" is over broad because it would include independent contractors such as attorneys and accountants; therefore Defendant re-interprets the word as employees and answers as follows: Cody Wilson and Benjamin Denio have been member managers and Thomas Odom is a paid employee.

18. Identify all agents and members of Defense Distributed, along with their roles and responsibilities.

**Response**: Defendant objects to this interrogatory as over broad because it is designed to force an exhaustive or oppressive catalogue of information. Defendant objects that the term "agents" is over broad because it would include independent contractors such as attorneys and accountants; therefore Defendant re-interprets the word as employees and answers as follows: Defense Distributed has no members. It employs 12 people in diverse roles such as customer service, sales, and manufacturing. Its managers include: Cody Wilson, Director; Stephen Sheftall,

Director of Sales and Support; and Caleb Tapp, Director of Manufacturing.

19. Identify all agents and members of Dioskouroi, along with their roles and responsibilities.

**Response**: Defendant objects that the term "agents" is over broad because it would include independent contractors such as attorneys and accountants. Tom Odom is the managing member of Dioskouroi.

20. Identify the complete contents of any packages sent from you or your companies (including packages sent from the 2320 Donley Drive Suite C Austin, TX 78758) which were addressed to counterdefendant John Elik between the dates of June 1st, 2024 and June 30th, 2024.

**Response**: The book "Copyright for Dummies", with a postcard used as a bookmark,

21. Explain the purpose of any packages sent from you or your companies (including packages sent from 2320 Donley Drive Suite C Austin, TX 78758) which were addressed to counterdefendant John Elik between the dates of June 1st, 2024 and June 30th, 2024.

**Response**: For approximately one year, Mr. Elik had been tweeting that the Gatalog would sue me for copyright infringement in connection with files he developed and published. When I saw that he was fraudulently registering the files with the copyright office and including intentionally deficient notices, I sent him the book as a suggestion that he read up on copyright law because he would be a participant in any litigation filed by the Gatalog, would likely be deposed, and would have to preserve documents.

22. Identify any and all real estate or other real property in which you, either directly or indirectly—including through a non-publicly traded business entity you had direct or indirect

control of, and through straw or nominee transactions—have had any ownership interest in from January 1, 2016 onward. Include both property in which you gained AND property in which you already held ownership interest from January 1, 2016.

**Response:** Defendant objects to this request as it is overly broad as to the time period, is vague as to the terms "indirect control" and "straw or nominee transactions", is irrelevant to the case, is disproportionate to the needs of the case, and seeks information not likely to lead to discoverable evidence.

23. Identify all instances where security vulnerabilities with DEFCAD.com have been detected, addressed, or corrected. Include details about how these vulnerabilities were detected, what data could have been accessed by an intruder who used them, what measures were taken to correct the vulnerabilities, and what compensation, if any, was given to those responsible for either finding, addressing, or correcting any such vulnerabilities.

**Response**: Garrett Walliman has detected and correct various routine security vulnerabilities over the years, none of which ever resulted in a security breach. Additionally, in 2023 and 2024, we retained Mandiant for digital threat monitoring and vulnerability reports, which have been provided in discovery.

24. Describe in detail the corporate governance policies of Defense Distributed, DEFCAD, and FEDCAD as of the time the files were uploaded, including how content was selected for publication.

**Response**: Defendant objects to this interrogatory as over broad because it is designed to force an exhaustive or oppressive catalogue of information. Subject thereto, Defendant responds as

follows: Defense Distributed will produce all of its written corporate governance policies and work instructions. Furthermore, the files at issue in this case were selected for publication by third parties who uploaded them to DEFCAD.com.

25. Identify each individual who assisted in uploading or approving the upload of CAD files authored by any Counterdefendant, and describe your relationship to each individual.

**Response** I do not recognize the CAD files as authored by the Counterdefendents, nor as works of authorship for purposes of the Copyright Act.

## Verification

I, Cody Wilson, Defendant in the above entitled case, do solemnly declare and affirm under the penalty of perjury that the foregoing Responses to Interrogatories are true and correct to the best of my knowledge, information, and belief.

Executed on August 25, 2025

Cody Wilson

Defendant

25 August 2025

F. Andino Reynal

areynal@frlaw.us

The Reynal Law Firm, PC

917 Franklin, 6th Floor

Houston, Texas 77002

T (713) 228-5900

Admitted Pro Hoc Vice

Counsel for Cody Wilson

<u>Certificate of Service</u>

I certify on August 25, 2025 that I served the foregoing Responses to Requests for Interrogatories on counsel of record via email.

F. Andino Reynal