**United States District Court
Middle District of Florida
Orlando Division**

Matthew Larosiere,
    Plaintiff,

v.

Cody Rutledge Wilson, DEFCAD, Inc.,
Defense Distributed, and Dioskouroi LLC,
    Defendants.

_____          No. 6:24-cv-1629

Defense Distributed,
    Counterplaintiff /
    Third-Party Plaintiff,

v.

The Gatalog, Matthew Larosiere,
John Elik, Alexander Holladay,
Peter Celentano, Josh Kiel Stroke,
John Lettman, and MAF Corp,
    Counterdefendant /
    Third-Party Defendants.

**Defense Distributed's Short-Form Discovery Motion
Regarding Rule 37(e) Spoliation Relief**

**Motion**

Defense Distributed requests that the Court order further briefing and set an evidentiary hearing for the issue of whether Defense Distributed is entitled to relief under Federal Rule of Civil Procedure 37(e).

*Prima facie* evidence now indicates that "electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery." Fed. Civ. P. 37(e). To make the necessary findings about whether sanctions are in order, the Court should receive full briefs and conducting an evidentiary hearing.

Plaintiff Larosiere's action is about his "design and development of firearms technologies" and "pictorial, written, and visual art works related to his advocacy." Doc. 1 at 1-2. It directly implicates both Laroserie and Counterdefendant John Elik becuase each swears that Larosiere employed Elik to do that work. Doc. 53-3 at 4, ¶ 7 (Elik: "I created these works pursuant to an express written agreement with Plaintiff"); Doc. 53-2 at 5, ¶8 (Larosiere confirming the "employment agreement").

The relevant duty to preserve ESI therefore arose when the suit began on September 6, 2024, Doc. 1. *See In re NTL, Inc. Sec. Litig.*, 244 F.R.D. 179, 193 & n.15 (S.D.N.Y. 2007). It was also triggered for Elik by a litigation hold he received on September 20, 2024, Ex. A, which Elik swears he complied with, Doc. 47-1 at 1.

At issue is the chat.deterrencedispensed.com website, an instance of the "Rocket.Chat" communication platform that entails messaging, file sharing, and other collaboration tools for the development of firearms technologies. Ex. B at 1. Elik swears that he held "administrative privileges" for this site, Ex. C at 5, with evidence confirming he was and still is its administrator, Ex. B. at 10. Both Elik and Counterdefendant Lettman swear that Larosiere "held some form of administrative role or privileges during the relevant period." Ex. C at 6 (Elik's Response to No. 9); Ex. D at 6 (Lettman Response to No. 9). Larosiere admits that too. Ex. E at 6.

As this site's administrators, Elik and Larosiere had the ability and therefore duty to preserve its ESI. *See In re NTL*, 244 F.R.D. at 193-97. Yet it is now evident that the site has suffered widespread spoliation since September 2024, including the deletion of over 73,000 messages and 89 "beta rooms" (akin to chat rooms). Ex. B. at 5-10. Some of that content directly concerns the development/authorship of the files in Larosiere's claims. *Id.* Elik also admits that he "deleted his Reddit account and removed certain posts from Twitter," quibbling only about "any intention of concealing discoverable material." Ex. C at 14.

When administrative control over critical ESI platforms coincides with wholesale destruction following litigation holds, Rule 37(e) sanctions may be warranted—but only with a full factual record developed through adversarial testing of witness credibility and technical evidence, including a special master if need be.

## Conclusion

The motion should be granted.

Respectfully submitted,

s/ F. Andino Reynal
F. Andino Reynal
areynal@frlaw.us
Texas Bar No. 24060482
The Reynal Law Firm, PC
917 Franklin
6th Floor
Houston, Texas 77002
T (713) 228-5900
F (713) 820-6981

/s/ Chad Flores
Chad Flores
cf@chadflores.law
Texas Bar No. 24059759
Flores Law PLLC
917 Franklin Street
Suite 600
Houston, Texas 77002
T (713) 364-6640
F (832) 645-2496

Counsel for
Defense Distributed

## Local Rule 3.1 Certification

Movant Defense Distributed conferred with counsel for all appearing parties in a good faith effort to resolve this motion's dispute via emails and telephone calls between counsel. Having so conferred, Defense Distributed continues to press the motion, which is opposed by all of the nonmoving Plaintiff and Counterdefendants that have appeared.