UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

*Plaintiff,*

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc.,
DEFENSE DISTRIBUTED, and DIOSKOUROI
LLC,

*Defendants.*

_____

Defense Distributed,

Counterplaintiff/ Third-
Party Plaintiff,

v.

The Gatalog, Matthew Larosiere, John Elik,
Alexander Holladay, Peter Celentano, Josh
Kiel Stroke, John Lettman, and MAF Corp.

Counterdefendants.

_____/

<u>JOHN ELIK'S RESPONSES TO DEFENSE DISTRIBUTED'S FIRST SET OF
INTERROGATORIES</u>
**General Objections to Definitions**
**Objection to Definition No. 1 ("Person"):**
Counterdefendant objects to the definition of "person" as vague, overbroad, and
inconsistent with the usage and scope contemplated by the Federal Rules of Civil
Procedure. To the extent this definition purports to expand the meaning of "person"
beyond that which is recognized in Rule 17(b) and Rule 34(a)(1), or includes informal
associations or non-juridical entities not subject to suit, Counterdefendant objects.
Counterdefendant will interpret "person" consistent with its ordinary legal usage under
the Federal Rules unless otherwise specified in an individual request.

**Objection to Definition No. 2 ("Communication"):**
Counterdefendant objects to the definition of "communication" as vague and overbroad
to the extent it encompasses internal thoughts or fails to distinguish between formal and
informal modes of transmittal, and to the extent it includes irrelevant or speculative
inquiries not reasonably calculated to lead to the discovery of admissible evidence
under Rule 26(b)(1). Counterdefendant will interpret "communication" as a tangible or
documentable transmission of information between two or more persons.

**Objection to Definition No. 4 ("Relating"):**
Counterdefendant objects to the definition of "relating" as overbroad and impermissibly
vague. As defined, the term fails to place reasonable limits on the scope of discovery
and risks encompassing irrelevant information that is neither proportional to the needs
of the case nor reasonably calculated to lead to the discovery of admissible evidence
under Rule 26(b)(1). Counterdefendant will interpret "relating to" as requiring a direct
and substantial connection to the subject matter at issue.

**Objection to Definition No. 5 ("Social media"):**
Counterdefendant objects to the definition of "social media" as vague, overinclusive,
and ambiguous as to temporal and functional scope. The definition fails to distinguish
between personal and professional accounts, private and public communications, or
material reasonably accessible under Rule 26(b)(2)(B). To the extent the definition
seeks materials from platforms not used by Counterdefendant or not within his
possession, custody, or control, it is also burdensome and irrelevant. Counterdefendant
will interpret "social media" as limited to content affirmatively published or made publicly
available by Counterdefendant on an account he controls.

## OBJECTION TO INSTRUCTIONS

Respondent objects to the "Definitions" and "Instructions" set forth in Defense
Distributed's interrogatories to the extent they are vague, overbroad, unduly burdensome,
inconsistent with the Federal Rules of Civil Procedure and the Local Rules of the United
States District Court for the Middle District of Florida, and improperly expand the scope
of what might otherwise be straightforward discovery requests. *See* Middle District
Discovery (2021), § IV.A. The definitions and instructions purport to impose obligations
not required under Rule 33 or applicable case law, including multipronged requirements
for "identifying" persons, documents, or acts that convert single interrogatories into
improper compound subparts. These definitions and instructions threaten to and do
convert what might otherwise be discrete interrogatories into improper multipronged
compound questions, violating Rule 33(a)(1)'s numerical limit and the proportionality
mandate of Rule 26(b)(1). Counterdefendant will interpret the interrogatories using the
ordinary meaning of the words used, subject to specific objections where appropriate.

**Response to Interrogatory No. 1**

**Objection:** Counterdefendant objects to this interrogatory on the grounds that it is
overbroad, not reasonably limited to the claims or defenses in this action, and not

proportional to the needs of the case as required by Rule 26(b)(1), Federal Rules of Civil Procedure. The request for *all* usernames and/or handles used over a multi-year period—regardless of platform, context, or subject matter—seeks irrelevant and potentially private information with no bearing on the claims asserted in the pleadings. It is also vague in its use of "handles" without limiting the scope to specific types of platforms or public usage. This interrogatory is further objectionable because it invades the privacy interests of Counterdefendant, including in unrelated personal or anonymous online activity, and is not appropriately tailored to discovery of relevant facts.

Subject to and without waiving the foregoing objection, respondent states: IvanTTroll, NaviGoBoom, IvanPrintsGuns, the__rat.

**Response to Interrogatory No. 2:**
**Objection:**
Responding party John Elik objects to this Interrogatory on the grounds that it is vague and ambiguous, particularly in its use of the terms "The Gatalog," "policies," and "procedures," which are not defined and may refer to informal or pseudonymous associations, decentralized hobbyist activity, or loosely affiliated social media groups. The Interrogatory presumes the existence of a formal organization or administrative structure called "The Gatalog," which Responding Party denies, and which is not established as a legal entity or identifiable actor in this case.
This Interrogatory is further overbroad in scope and seeks information that is not proportional to the needs of the case as required by Federal Rule of Civil Procedure 26(b)(1). The phrase "all persons who have contributed" lacks any temporal limitation and would encompass speculative or informal commentary by unknown third parties, including pseudonymous individuals who are not reasonably identifiable or within Responding Party's knowledge.
To the extent the Interrogatory seeks to elicit information outside of Responding Party's personal knowledge, possession, custody, or control, it exceeds the permissible scope of Rule 33(a)(2). Responding Party also objects to the extent this Interrogatory implies knowledge or authority that he has never possessed and that has not been alleged with specificity in the pleadings.
Subject to and without waiving the foregoing objections, and based on his limited understanding of the term "The Gatalog" as a loosely used internet label associated with 3D-printable firearm files, Responding Party states that he has no personal knowledge of any formal policies or procedures.

**Response to Interrogatory No. 3:**
Objection. Responding party John Elik objects to this interrogatory on the grounds that it is vague, assumes facts not in evidence, and is not proportional to the needs of the case as required by Federal Rule of Civil Procedure 26(b)(1). The interrogatory assumes the existence of a formal approval process and of "branded Odysee channels" operated under the name "The Gatalog," which is not a legal entity and is not known to Responding Party to have any centralized structure or administrative process. The terms "branded

Odysee channels" and "approving" are not defined and are inherently ambiguous, as they could refer to any number of unrelated activities by unidentified individuals using shared or pseudonymous accounts.

The interrogatory further assumes that Responding Party possesses personal knowledge about the internal workings of a group or platform he is not alleged to have operated or managed, and which he does not control. To the extent the interrogatory seeks information outside Responding Party's possession, custody, or control, it exceeds the scope of permissible discovery under Rule 33(a)(2).

Subject to and without waiving the foregoing objections, Responding Party states that he lacks knowledge of any approval process relating to 3D printable firearm file uploads on any so-called Gatalog-branded Odysee channels, and is not aware of any person responsible for such a process.

**Response to Interrogatory No. 4:**

Objection. Responding party John Elik objects to this interrogatory on the grounds that it is vague, speculative, and assumes facts not in evidence. The interrogatory presumes the existence of a payment infrastructure or monetization system related to "3D printable firearm files" allegedly "hosted" on "The Gatalog's branded Odysee channels"—a construct not known to Responding Party to exist as a legal or formal entity. The terms "payments," "receiving or making," and "branded Odysee channels" are not defined, and may encompass a wide and indeterminate range of transactions or accounts not within Responding Party's knowledge or control.

To the extent the interrogatory seeks information outside Responding Party's personal knowledge, or implies knowledge of actions taken by anonymous or third-party internet users with no established connection to Responding Party, it is not proportional to the needs of the case under Rule 26(b)(1) and is improper under Rule 33(a)(2).

Subject to and without waiving the foregoing objections, Responding Party states that he is not aware of any person responsible for receiving or making payments in connection with the alleged hosting of 3D printable firearm files on any so-called Gatalog-branded Odysee channels.

**Response to Interrogatory No. 5:**

Objection. Responding party John Elik objects to this interrogatory to the extent it is vague and ambiguous, particularly in its use of the phrase "used in connection with," which is undefined and may be interpreted to include passive receipt, public listing, incidental reference, or unrelated mentions of a wallet address. The interrogatory is further objectionable as overbroad, lacking any temporal limitation, and not tailored to any particular claim or defense, in violation of Federal Rule of Civil Procedure 26(b)(1). It also potentially implicates privacy and security concerns, as cryptocurrency wallets may be tied to personal financial information and private keys.

Subject to and without waiving the foregoing objections, and based on a reasonable and good faith inquiry, Responding Party identifies the following BTCPayServer invoice URL associated with the CtrlPew platform, which may have listed a donation address at some point:

https://btcpay.ctrlpew.com/i/XsgK2tAFoc4CbTmMt34vkr

Responding Party has no general knowledge of how this operates. To his knowledge, he has no other cryptocurrency wallets used in connection with 3D printable firearm files or components.

**Response to Interrogatory No. 6:**
Objection. Responding party John Elik objects to this interrogatory on the grounds that it is vague and overbroad, particularly in its use of the phrase "public forum," which is undefined and may be interpreted to include informal or incidental conversations on social media, private group chats, or other platforms not traditionally understood to be public or accessible to the general public. The interrogatory is not limited in time, scope, or subject matter, and therefore exceeds the bounds of proportionality under Federal Rule of Civil Procedure 26(b)(1).
Subject to and without waiving the foregoing objections, and based on a good faith review of his recollection, Responding Party states that, to the best of his knowledge, he has not discussed this lawsuit in any public forum.

**Response to Interrogatory No. 7:**
Objection. Responding party John Elik objects to this interrogatory to the extent it is vague and overbroad, particularly in its use of the phrase "contact with law enforcement," which is undefined and may include incidental, passive, or non-substantive interactions. The term "regarding 3D printable firearm files" is also ambiguous and lacks sufficient specificity to allow for a precise response. Without limitation as to time, jurisdiction, or context, the interrogatory is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).
Subject to and without waiving the foregoing objections, and based on a good faith inquiry and recollection, Responding Party states that, to the best of his knowledge, he has had no contact with law enforcement regarding 3D printable firearm files.

**Response to Interrogatory No. 8:**
Objection. Responding party John Elik objects to this interrogatory on the grounds that it is vague and overbroad, particularly in its use of the term "administrative privileges," which is undefined and may refer to varying levels of access or technical capabilities that are not uniformly understood across platforms. The interrogatory also combines two distinct concepts—websites where files are "discussed" and those where files are "shared"—without clarifying whether both are required for inclusion. Without limitation as to time or scope, and without further defining what constitutes "accessories," the interrogatory is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Subject to and without waiving the foregoing objections, Responding Party states that he has held administrative privileges for the website located at:

https://chat.deterrencedispensed.com

To the extent that this platform could be interpreted to fall within the scope of the interrogatory, Responding Party identifies it as responsive. No other websites fall within the scope of this request based on his current knowledge.

**Response to Interrogatory No. 9:**
Objection. Responding party John Elik objects to this interrogatory on the grounds that it is vague and overbroad, particularly as to the term "administrator," which is not defined and may refer to varying levels of technical, content, or moderation access not uniformly understood or recorded. The interrogatory also lacks any **temporal limitation**, seeking identification of "all administrators (past and present)" without specifying a relevant timeframe, which renders it disproportionate to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

To the extent this interrogatory seeks information beyond Responding Party's personal knowledge or access rights, it exceeds the permissible scope under Rule 33(a)(2). Responding Party also reserves all objections to disclosing the identities of persons not alleged to be parties or relevant actors in the pleadings, or whose identities are otherwise speculative or tied to pseudonyms.

Subject to and without waiving the foregoing objections, and based on his understanding of the individuals involved and the scope of the site located at chat.deterrencedispensed.com, Responding Party identifies the following individuals as having held some form of administrative role or privileges during the relevant period: John Lettman, Matthew Larosiere, Alexander Holladay, and Peter Celentano.


Under penalty of perjury, I declare the foregoing to be true and correct to the best of my knowledge and belief.

/s/ John Elik



/s/ Matthew Larosiere
*Attorney for John Elik*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

*Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc.,
DEFENSE DISTRIBUTED, and DIOSKOUROI
LLC,

*Defendants*.

_____

Defense Distributed,

Counterplaintiff/ Third-
Party Plaintiff,

v.

The Gatalog, Matthew Larosiere, John Elik,
Alexander Holladay, Peter Celentano, Josh
Kiel Stroke, John Lettman, and MAF Corp.

Counterdefendants.

_____/

### JOHN ELIK'S RESPONSES TO DEFENSE DISTRIBUTED'S FIRST SET OF REQUESTS FOR PRODUCTION

**OBJECTION TO INSTRUCTIONS AND DEFINITIONS**

Counterdefendant objects to the "Instructions" and "Definitions" accompanying these Requests for Production on the grounds that they are vague, overbroad, unduly burdensome, and inconsistent with the discovery obligations established by the Federal Rules of Civil Procedure, the Local Rules of the Middle District of Florida, and the Middle District Discovery Handbook. These provisions improperly attempt to expand the scope of discovery well beyond the limits set by Rule 26(b)(1) and Rule 34(a), particularly given that Respondent is a private individual, not a corporate or institutional party.

The definition of "Parties" is objectionable to the extent that it purports to include a wide array of non-parties such as agents, representatives, officers, subsidiaries, and affiliates. Respondent is not part of any corporate entity with such relationships, and this definition improperly attempts to draw in documents or communications not within his possession, custody, or control, contrary to the limits of Rule 34. Similarly, the definitions of "You" and "Your," which purport to include not only Respondent but also his attorneys, experts, and "other persons acting or purporting to act" on his behalf, are vague and imprecise. This language creates ambiguity and inappropriately assigns responsibility or access to materials that are not within Respondent's control or legal obligation to produce.

The definitions relating to documents, electronically stored information (ESI), and communications are also impermissibly broad. The term "Material," as defined, encompasses all drafts, deleted files, temporary files, metadata, internet history, caches, cookies, and other forms of system-generated or forensic data, regardless of relevance or accessibility. These demands exceed what is reasonably proportional in a dispute involving an individual counterdefendant and impose obligations more suitable for institutional litigants engaged in commercial litigation. The reference to Sedona Conference definitions does not cure the overbreadth and does not constitute binding authority in this district. Moreover, the definition of "Communication," which includes not only verbal and written exchanges but also symbols, imagery, and emojis, is so expansive and ambiguous as to be unmanageable in application and ripe for abuse.

The interpretive definitions for words like "any," "and," and "or" purport to require the most inclusive possible construction of every request, regardless of context. While some flexibility in construing discovery requests is appropriate, the one-sided imposition of maximal breadth violates the principle of proportionality and leads to ambiguity in determining what is actually being requested.

The instructions themselves compound these problems. Instruction No. 1 demands a level of labeling and categorization of documents that is infeasible for an individual litigant who does not maintain records in a formal or structured manner. Instruction No. 2 calls for production "as kept in the ordinary course of business," which is simply inapplicable to Respondent, who does not operate a business. Instruction No. 3 is especially objectionable in that it mandates native file production of ESI, the creation of a discovery log detailing the type, source, and electronic ID of each file, the generation of load files compatible with commercial document review platforms, and the use of secure file transfer protocols. These technical and labor-intensive requirements are vastly disproportionate to the needs of this case and are not appropriate for discovery directed to an individual, particularly one who has not engaged in any commercial activity relating to the subject matter of the lawsuit.

Instruction No. 4 improperly shifts the burden of identifying non-searched sources of potentially responsive information onto Respondent, in contravention of Rule 26(g), which

only requires a reasonable inquiry and good faith search. Instruction No. 6 seeks a hyper-technical privilege log that exceeds the reasonable requirements outlined in the Discovery Handbook, demanding information such as file format, job titles, and the physical location of every person involved in a privileged communication. Instruction No. 7 imposes an excessive burden by requiring a detailed explanation of the circumstances under which any responsive document might no longer exist, including the identification of every person with knowledge of its loss and any other materials that might touch on the loss. This is wholly disproportionate and far beyond what the rules require.

Accordingly, Counterdefendant objects to these definitions and instructions in their entirety and will respond to the individual Requests for Production in a manner consistent with the applicable discovery rules. Where appropriate, specific objections will be interposed, and responsive documents within Respondent's possession, custody, or control that are relevant and proportional to the claims and defenses in this matter will be identified or produced. To the extent these definitions and instructions purport to impose broader obligations, they are expressly rejected.

Counterdefendant believes the instructions and definitions render each and every request for production vague, overbroad, and disproportionate to the needs of discovery. As such, Counterdefendant declines to respond to any request covered by the abusive, boilerplate instructions provided. Subject to and without waiving that objection, Respondent proceeds now to the requests, giving words their plain meaning and ignoring all of Defense Distributed's abusive, boilerplate definitions and instructions:

**Response to Request for Production No. 1:**

Objection. Responding party John Elik objects to this request on several grounds:

First, the request is overbroad, unduly burdensome, and not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). It seeks communications spanning nearly four years, with a mix of named and pseudonymous individuals—some of whom are unidentifiable, not parties to this case, or not alleged in the pleadings to have any specific connection to the claims or defenses at issue.

Second, the request is vague and ambiguous, particularly as to the terms "The Catalog," "file submission and approval process," and "business relationship relating to printable firearm frames and receivers," none of which are defined. The scope of "communications" is also undefined and could include informal, incidental, or one-off digital interactions across multiple platforms.

Third, the request improperly seeks communications between Responding Party and his attorney, Matthew Larosiere, including communications concerning the Complaint and litigation strategy, which are protected by the attorney–client privilege and work product doctrine, pursuant to Rule 26(b)(3). Communications with co-defendants also represented by Mr. Larosiere—including John Lettman, and possibly others—are likewise protected under the joint defense and common interest doctrines.

Fourth, the inclusion of pseudonymous figures such as "Pla.boi," "UberClay," "ArmedJoy," and "Pablo Diaz / Bloblems" renders the request speculative and potentially impossible to satisfy with reasonable diligence, as Responding Party cannot confirm the identity of

these individuals and may not have any reliable means of identifying communications with them, even if they exist.

Fifth, the inclusion of topics such as the "FEDCAD meme," Dioskouri, and the Everytown v. DEFCAD lawsuit renders the request facially irrelevant to the claims or defenses pleaded and appears designed to harass or expand the scope of discovery well beyond what is permitted by Rule 26.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

- He is not aware of any responsive communications with Peter Celentano, "Pla.boi," "UberClay," "ArmedJoy," or "Pablo Diaz / Bloblems."
- He does not know any person by the name "Josh Kiel Stroke," and has not located any communications with anyone using that name.
- Some communications between Responding Party and his attorney, Matthew Larosiere, are responsive but withheld under the attorney–client privilege and work product protection.
- To the extent any non-privileged responsive communications exist concerning the listed topics and persons, they are being produced or will be produced in accordance with Rule 34(b)(2)(C).

Responding Party reserves the right to supplement this production in good faith as additional responsive material is identified.


**Response to Request for Production No. 2:**

Objection. Responding party John Elik objects to this request on the grounds that it is overbroad, vague, and not proportional to the needs of the case as required by Federal Rule of Civil Procedure 26(b)(1). The request lacks any explanation as to how alleged "digital firearm file transfers to foreign entities or individuals" bear on the claims or defenses in this civil action, which does not assert causes of action grounded in export control law, international communications, or ITAR/EAR violations. The request is also vague in its use of the term "relating to," which has not been defined and could encompass a wide and indeterminate range of communications, including indirect or incidental references.

Further, the inclusion of generic categories such as "foreign entities or individuals" and undefined handles or pseudonyms such as "ZeCarioca," "ImmortalRevolt," and "JStark" makes the request speculative and overly burdensome. It requires the responding party to guess at identities, jurisdictions, and the relevance of any past communication, including potentially unverifiable or pseudonymous interactions.

Subject to and without waiving the foregoing objections, and following a diligent search and reasonable inquiry, Responding Party states that he has no communications responsive to this request.

**Response to Request for Production No. 3:**

Objection. Responding party John Elik objects to this request on the grounds that it is overbroad, vague, and not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). The request seeks "any Material relating to the payment of hosting fees" for three different websites, without defining the scope of "relating to," which

could include indirect or irrelevant references. It further fails to articulate how such payment information is relevant to any claim or defense raised in this action.

The request is also unduly burdensome to the extent it requires the responding party to investigate ownership or financial arrangements for websites he does not operate or control, and which may be maintained by third parties or unknown individuals. To the extent the request implies Responding Party had administrative or financial control over these platforms, it assumes facts not in evidence.

Subject to and without waiving the foregoing objections, and after a reasonable search, Responding Party states that he has no materials responsive to this reque

**Response to Request for Production No. 4:**

Objection. Responding party John Elik objects to this request to the extent that it presumes he has made any such claim regarding DEFCAD's encryption or data security. The request is also vague and ambiguous in its use of the phrase "supports your claim," which fails to identify with specificity where in the pleadings such a claim is purportedly made by this Responding Party. To the extent the request seeks documents that would support claims or defenses not asserted by Mr. Elik, it is not proportional to the needs of the case as required by Federal Rule of Civil Procedure 26(b)(1).

Subject to and without waiving the foregoing objections, and to the extent any such claim is fairly attributed to him through the pleadings or filings in this matter, Responding Party states that any non-privileged responsive materials in his possession are being produced concurrently with this response.

**Response to Request for Production No. 5:**

Objection. Responding party John Elik objects to this request to the extent it inaccurately presumes that he has personally asserted a claim that "DEFCAD has been hacked and dumped multiple times." The request is vague in its reference to "your claim," which fails to identify whether it refers to pleadings, public statements, or other materials. Without clarification as to the source or attribution of the alleged claim, the request is ambiguous and exceeds the bounds of reasonable discovery under Federal Rule of Civil Procedure 26(b)(1).

Subject to and without waiving the foregoing objections, and to the extent any such claim may be reasonably attributed to Responding Party through pleadings or supporting materials, he states that responsive non-privileged documents, to the extent they exist and are within his possession, custody, or control, are being produced concurrently with this response.

**Response to Request for Production No. 6:**

Objection. Responding party John Elik objects to this request on the grounds that it is vague, argumentative, and assumes facts not in evidence. The request inaccurately characterizes the position of the Counterdefendants by referring to a "claim that DEFCAD stole" from them, without identifying where in the pleadings such a claim is attributed specifically to Mr. Elik. The phrase "stole from you or any other Counterdefendant" is also

legally imprecise and overbroad, and may be construed to encompass a wide variety of factual assertions unrelated to any properly pleaded claim or defense.

The request further seeks materials relating to "any other Counterdefendant," which is not a proper scope of inquiry under Federal Rule of Civil Procedure 34, as a party is not required to produce documents on behalf of co-parties unless such documents are within that party's possession, custody, or control.

Subject to and without waiving the foregoing objections, and to the extent any such claim or allegation may be reasonably attributed to Responding Party in this action, he states that non-privileged, responsive documents within his possession, custody, or control are being produced concurrently with this response.

**Response to Request for Production No. 7:**

Objection. Responding party John Elik objects to this request on the grounds that it is vague, overbroad, and not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). The request seeks "all communications" with unnamed "moderators of r/Fosscad," a group of individuals who are not specifically identified, may operate pseudonymously, and are not alleged in the pleadings to be relevant to any claim or defense. The request further fails to define "communications" or to limit the platforms, format, or type of exchanges intended to be covered.

To the extent the request seeks to compel the production of private messages or online communications with anonymous individuals over a nearly four-year span based solely on speculative relevance, it imposes an undue burden and is not narrowly tailored to the subject matter of the litigation. Moreover, communications with third-party online moderators, absent a showing of relevance, are outside the permissible scope of discovery.

Subject to and without waiving the foregoing objections, and following a diligent search and reasonable inquiry, Responding Party states that he has no communications responsive to this request.

**Response to Request for Production No. 8:**

Objection. Responding party John Elik objects to this request on the grounds that it is overbroad, vague, and not proportional to the needs of the case as required by Federal Rule of Civil Procedure 26(b)(1). The phrase "any Material relating to payment agreements" is undefined and could be interpreted to include informal discussions, speculative proposals, or third-party arrangements to which Mr. Elik is not a party. The request also fails to identify how such documents are relevant to any claim or defense asserted in this action.

Additionally, the request includes a non-exclusive list of companies without establishing any connection between those entities and the claims at issue. It assumes—without foundation—that Mr. Elik has had financial dealings with companies such as Aves Engineering, Parts Dispensed, Vanguard Arms, or Print Shoot Repeat. The inclusion of these entities without supporting allegations renders the request speculative and unduly burdensome.

Subject to and without waiving the foregoing objections, and following a diligent search
and reasonable inquiry, Responding Party states that he has no materials responsive to
this request.


**Response to Request for Production No. 9:**
Objection. Responding party John Elik objects to this request on the grounds that it is
vague, confusing, and not reasonably calculated to lead to the discovery of admissible
evidence under Federal Rule of Civil Procedure 26(b)(1). The request seeks "materials
relating to the development of the files which Matthew Larosiere claims Defendants
infringed upon in his Complaint," but fails to articulate how Mr. Elik—who is not the
copyright claimant of those files—would possess relevant documents concerning their
development.
The request improperly seeks discovery of materials connected to the work product and
intellectual property of a separate individual, Mr. Larosiere, who has brought claims in his
own right. To the extent any such materials exist, they would more appropriately be
sought from Mr. Larosiere himself and not from a third party to the asserted copyright
claims.
The request is also overbroad and vague as to the term "relating to the development,"
which lacks specificity and is not limited in scope, timeframe, or subject matter beyond its
indirect reference to pleadings filed by another party.
Subject to and without waiving the foregoing objections, Responding Party cannot provide
any materials without resorting to speculation as to what is being requested.


**Response to Request for Production No. 10:**
Objection. Responding party John Elik objects to this request on the grounds that it is not
proportional to the needs of the case, lacks relevance to any claim or defense under
Federal Rule of Civil Procedure 26(b)(1), and appears intended to harass. The request
broadly seeks "any materials" relating to a third-party attorney's website—including
communications discussing how it "could be disrupted"—without any factual basis or
allegation in the pleadings tying Mr. Elik to any such conduct, discussion, or intent.
The request is also vague, speculative, and overbroad, particularly in its inclusion of "any
materials" and its failure to define what is meant by "disrupted." It improperly presumes
wrongful conduct without foundation and appears designed to impute liability or motives
absent any allegation in this litigation.
Subject to and without waiving the foregoing objections, and after a diligent search and
reasonable inquiry, Responding Party states that he has no materials or communications
responsive to this request.


**Response to Request for Production No. 11:**
Objection. Responding party John Elik objects to this request on the grounds that it is
vague, overbroad, and not proportional to the needs of the case under Federal Rule of
Civil Procedure 26(b)(1). The request seeks "any material relating to the management,
deletion, or alteration of records or communications" without limiting the types of records

or communications at issue or identifying any specific relevance to the claims or defenses asserted. The phrase "relating to" is undefined and broad to the point of encompassing routine, non-substantive conduct (e.g., typo corrections) that have no bearing on this litigation.

To the extent the request implies a duty to preserve evidence prior to the filing of the lawsuit or the issuance of any litigation hold notice, it assumes an obligation that did not yet exist. It is also vague as to what constitutes "management" or "alteration," and could be construed to include minor or ordinary digital interactions.

Subject to and without waiving the foregoing objections, Responding Party states as follows:

In the weeks prior to the filing of this lawsuit, Responding Party received a mailed death threat originating from an address known to be associated with Cody Wilson. Shortly thereafter, Mr. Wilson facilitated the public dissemination of Responding Party's name and home address in what Responding Party reasonably perceived as a coordinated smear and intimidation campaign. In response, and prior to receiving any litigation hold notice or formal awareness of impending litigation, Responding Party deleted his Reddit account and removed certain posts from Twitter that he concluded could escalate hostility or further risk to his personal safety. These actions were taken purely in the interest of personal security and without any intention of concealing discoverable material.

Beyond the above, Responding Party is not aware of any deletions or alterations of records or communications during the relevant time period, except for minor deletions to correct typographical errors or rephrasing in informal posts, for which no records were retained.

Responding Party is not withholding any responsive materials.


**Response to Request for Production No. 12:**

Objection. Responding party John Elik objects to this request on the grounds that it is vague, overbroad, and not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). The phrase "solicitation and fundraising for The Gatalog" is not defined, and the request improperly presumes that "The Gatalog" is a formal legal or financial entity capable of soliciting or receiving funds—an assumption that lacks foundation in the pleadings or factual record.

The request further presupposes that Mr. Elik personally engaged in fundraising activities involving third parties such as the Firearms Policy Coalition or Brandon Combs, without any factual allegation in support. The inclusion of third parties unconnected to any specific claim or defense, combined with the open-ended structure of "including but not limited to," renders the request speculative and unduly burdensome.

Subject to and without waiving the foregoing objections, and after conducting a diligent search and reasonable inquiry, Responding Party states that he has no materials responsive to this request.


/s/ Matthew Larosiere
*Attorney for John Elik*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

*Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc.,
DEFENSE DISTRIBUTED, and DIOSKOUROI
LLC,

*Defendants*.

_____

Defense Distributed,

Counterplaintiff/ Third-
Party Plaintiff,

v.

The Gatalog, Matthew Larosiere, John Elik,
Alexander Holladay, Peter Celentano, Josh
Kiel Stroke, John Lettman, and MAF Corp.

Counterdefendants.

_____/

## JOHN ELIK'S RESPONSES TO DEFENSE DISTRIBUTED'S FIRST SET OF REQUESTS FOR ADMISSION

### OBJECTION TO DEFINITIONS

Counterdefendant objects to the definitions set forth in the Requests for Admission to the extent they purport to impose obligations or constructions inconsistent with the Federal Rules of Civil Procedure, the Local Rules of the Middle District of Florida, or the Discovery Handbook on Civil Discovery Practice in the Middle District. Specifically, Counterdefendant objects to the following:

The definition of "Parties" is objectionable insofar as it attempts to expand the scope of discovery responses beyond the responding party by including "agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates." This

sweeping definition improperly suggests that a party can be compelled to admit or deny facts not within their personal knowledge, or to bind themselves to statements attributable to third parties without the requisite control or legal relationship. Under Rule 36(a)(1), requests for admission must be limited to matters "within the scope of Rule 26(b)(1)" and to facts that the party can admit or deny based on reasonable inquiry. The inclusion of loosely affiliated individuals or entities does not comport with this standard.

Similarly, the definition of "you" and "your," which extends to "agents, representatives, attorneys, experts, and other persons acting or purporting to act on [the party's] behalf," is overbroad and vague. A responding party cannot be required to answer for communications or knowledge held by persons who are neither under their control nor within the scope of their agency. This is particularly problematic in the context of requests for admission, which require direct knowledge or a reasonable basis for denial—not conjecture about what third parties may have known or done.

Finally, while the definition of "Counterclaim" is not facially objectionable, to the extent any individual request incorporates this term without clarity or specificity (e.g., referencing entire sections of the Counterclaim by shorthand or implication), Counterdefendant reserves the right to object to vagueness or ambiguity on a request-by-request basis.

Subject to and without waiving these objections, Counterdefendant will respond to the Requests for Admission based on the plain meaning of each term as used in context, and in accordance with the Federal Rules of Civil Procedure.


**Response to Request for Admission No. 1:**
Objection. Responding party John Elik objects to this request as compound, argumentative, and not susceptible to a simple admission or denial, as required by Rule 36(a)(4) of the Federal Rules of Civil Procedure. The request improperly incorporates multiple factual and legal conclusions, including the characterization of "The Gatalog" as a "criminal racketeering enterprise," the assertion that Plaintiff Matthew Larosiere "runs" such an enterprise, and the comparative legality of Defense Distributed's conduct. These assertions go to the ultimate legal issues in dispute and are framed in an inflammatory and conclusory manner, rendering the request improper under Rule 36.
Subject to and without waiving the foregoing objections, and construing this request narrowly as an attempt to characterize the nature of Plaintiff's claims and Mr. Elik's alleged involvement, Responding Party denies the request. He denies any knowledge of or involvement in a criminal racketeering enterprise, denies that "The Gatalog" constitutes such an enterprise, and denies that Plaintiff's claims are anything other than a standard civil copyright action arising from unauthorized use of protected works.

**Response to Request for Admission No. 2:**
Objection. Responding party John Elik objects to this request as argumentative, compound, vague, and not capable of a straightforward admission or denial, in violation of Federal Rule of Civil Procedure 36(a)(4). The request purports to summarize the content and intent of a prior pleading, while layering it with pejorative, conclusory language—e.g., "black-market operator," "dangerously illegal means," "criminal wire fraud," and "threatened murder." These assertions involve legal conclusions and

characterizations that are not appropriate subjects for admission requests. The request also fails to clearly identify which specific document it references as the "initial pleading." Subject to and without waiving the foregoing objections, Responding Party denies the request. He further states that, to the extent Defense Distributed's initial pleading contained references to criminal conduct, such allegations were unsupported by evidence, broadly speculative, and so poorly drafted that they lacked coherent factual or legal basis. The pleading was subsequently amended, in part, due to its lack of clarity and failure to conform to applicable procedural standards.

**Response to Request for Admission No. 3:**

Objection. Responding party John Elik objects to this request on multiple grounds:

1. **Improper subject matter**: The request seeks admission of facts that are not relevant to any claim or defense in this action, as required by Federal Rule of Civil Procedure 36(a)(1)(A). The criminal conduct alleged—concerning a third party, an unrelated homicide, and speculative connections to unnamed individuals—is wholly unrelated to the subject matter of this civil copyright dispute.

2. **Compound and argumentative**: The request contains multiple discrete factual allegations and legal conclusions, including: (a) the timing of a crime relative to a pleading; (b) the weapon's connection to "The Gatalog"; (c) violations of ITAR/EAR; (d) social media conduct; and (e) alleged spoliation. This violates Rule 36(a)(2), which prohibits compound and argumentative requests that cannot be answered clearly with an admission or denial.

3. **Speculative and conclusory**: The request assumes facts not in evidence—namely, that (i) the alleged weapon used in the crime was derived from files associated with The Gatalog; (ii) such files violate specific export control regimes; (iii) any person associated with this litigation publicly "touted" or "covered up" any such acts; and (iv) that "pertinent" internet accounts are being deleted by the accused parties. No factual basis for these conclusions has been offered, and such allegations appear to be made for rhetorical effect rather than legitimate discovery purposes.

4. **Prejudicial and harassing**: The request appears designed to impute criminal wrongdoing and moral culpability to the Responding Party through association, rather than to elicit factual admissions material to the claims or defenses in this action. This violates the principles of proportionality under Rule 26(b)(1) and the spirit of fair discovery.

Subject to and without waiving the foregoing objections, and to the extent any response is required, Responding Party denies the request. He specifically denies that "The Gatalog" is a criminal enterprise, that he had any involvement with the alleged homicide or the person accused of committing it, and that he participated in or was aware of any so-called "coverup" or deletion of evidence. Responding Party further denies having knowledge of any EAR or ITAR violations arising from the conduct alleged.

**Response to Request for Admission No. 4:**

Objection. Responding party John Elik objects to this request on several grounds:

1. **Not a proper request under Rule 36**: This statement does not request the admission of a specific fact, application of law to fact, or the genuineness of any described document, as required by Federal Rule of Civil Procedure 36(a)(1). Rather, it is a narrative assertion summarizing Defense Distributed's purported motives in bringing the lawsuit. It is not framed in a manner that allows a party to admit or deny it in the binary form required by Rule 36(a)(4).
2. **Argumentative and conclusory**: The request is rife with legal conclusions and rhetorical framing—including references to "illegal racketeering enterprise" and "more terrible crimes"—that go beyond the permissible scope of discovery admissions. Rule 36 does not allow discovery requests to be used as vehicles for argument or the assertion of inflammatory allegations.
3. **Speculative and assumes facts not in evidence**: The request assumes the existence of "The Gatalog" as a criminal enterprise, the occurrence of "past economic harms," and the likelihood of "more terrible crimes," all of which are disputed and unsupported by evidence at this stage of the case.
4. **Improper compound structure**: The request bundles multiple alleged facts, motives, and predictions into a single paragraph, further rendering it incapable of being answered with a straightforward admission or denial.

Subject to and without waiving the foregoing objections, and construing this as a request for admission that "The Gatalog" is an illegal racketeering enterprise that has caused economic harm and will cause further criminal acts absent injunctive relief, Responding Party denies the request. He further denies that "The Gatalog" exists as any kind of enterprise or entity, and denies that he has participated in or is aware of any conduct resembling racketeering or criminal conspiracy.

**Response to Request for Admission No. 5:**
Objection. Responding party John Elik objects to this request on the grounds that it seeks a legal conclusion on a matter reserved for the Court and is not a proper request for admission under Federal Rule of Civil Procedure 36(a)(1). Whether the Court has original jurisdiction under 28 U.S.C. § 1331 is a question of law, not fact, and is thus outside the permissible scope of Rule 36. Courts routinely hold that requests seeking admissions as to the existence of subject matter jurisdiction are improper.
Subject to and without waiving the foregoing objections, Responding Party states that he does not dispute that Plaintiff's original claims assert causes of action arising under federal law, including the Copyright Act, which ordinarily confer jurisdiction under 28 U.S.C. § 1331. However, Responding Party denies any suggestion that all claims and counterclaims in this case are properly within the scope of federal question jurisdiction, and reserves all rights to challenge subject matter jurisdiction as to any improperly asserted claims.

**Response to Request for Admission No. 6:**
Objection. Responding party John Elik objects to this request on the grounds that it seeks a legal conclusion concerning the Court's subject matter jurisdiction under 28 U.S.C. § 1332, which is not a proper subject for admission under Federal Rule of Civil Procedure 36(a)(1). Whether the Court has original jurisdiction based on diversity of citizenship

involves a legal determination based on facts regarding the parties' citizenship and the amount in controversy—matters that are for the Court, not a litigant, to resolve.

Further objection is made to the extent this request mischaracterizes the nature of the action. The operative complaint asserts claims under federal copyright law, not diversity jurisdiction. Moreover, there are multiple parties in this action, including individuals alleged to reside in the same state, and thus complete diversity is not apparent from the pleadings. This renders the request both factually and legally unsupported.

Subject to and without waiving the foregoing objections, Responding Party denies that this action, as pleaded, satisfies the requirements of 28 U.S.C. § 1332. Specifically, Responding Party is without knowledge sufficient to admit that complete diversity exists among all parties to the action, and he disputes that diversity jurisdiction provides a basis for the Court's original jurisdiction in this case.


**Response to Request for Admission No. 7:**

Objection. Responding party John Elik objects to this request on the grounds that it calls for a legal conclusion concerning the Court's subject matter jurisdiction under 28 U.S.C. § 1331, which is not a proper subject for admission under Federal Rule of Civil Procedure 36(a)(1). Determining whether jurisdiction exists under federal question doctrine requires application of legal standards to pleadings and is a matter reserved for judicial determination.

Responding party further objects to the request as vague and misleading, in that it references "this action" without distinguishing between the original claims brought by Plaintiff and the counterclaims brought by Defense Distributed. The original complaint asserts claims under the Copyright Act, which may support jurisdiction under § 1331, but the cited counterclaims—including under the Racketeer Influenced and Corrupt Organizations Act (RICO) and the Lanham Act—are not the basis of the original jurisdiction and were raised subsequently.

Additionally, Responding party objects to any implied assertion that the RICO or Lanham Act counterclaims are plausibly or properly pleaded so as to invoke jurisdiction, as those counterclaims are disputed on both factual and legal grounds.

Subject to and without waiving the foregoing objections, Responding Party denies that the Court's federal question jurisdiction under 28 U.S.C. § 1331 is properly or necessarily invoked by the counterclaims asserted by Defense Distributed under RICO or the Lanham Act.


**Response to Request for Admission No. 8:**

Objection. Responding party John Elik objects to this request on the grounds that it improperly seeks legal conclusions regarding the existence and scope of supplemental subject-matter jurisdiction under 28 U.S.C. § 1367, including the application of constitutional case-or-controversy requirements under Article III. Requests for admission must relate to facts, the application of law to fact, or the genuineness of documents—not abstract legal determinations or jurisdictional findings—under Federal Rule of Civil Procedure 36(a)(1).

Further objected to as compound and argumentative, this request bundles multiple legal assertions into a single paragraph, including (i) whether state law claims form part of the

same case or controversy, (ii) whether they raise novel or complex issues of state law, and (iii) whether they predominate over claims within the Court's original jurisdiction. Each of these is an independent legal standard, and the request's structure does not permit a straightforward admission or denial as required by Rule 36(a)(4).

Additionally, Responding Party objects to the extent the request mischaracterizes the procedural posture of the case. The action was originally filed under federal copyright law; Defense Distributed subsequently asserted counterclaims including various state law theories. Whether those state law counterclaims fall within the Court's supplemental jurisdiction remains a legal question that is actively disputed.

Subject to and without waiving the foregoing objections, Responding Party denies that all of the state law counterclaims asserted by Defense Distributed necessarily fall within the scope of the Court's supplemental jurisdiction under 28 U.S.C. § 1367, and reserves all rights to challenge the inclusion of such claims.


**Response to Request for Admission No. 9:**

Objection. Responding party John Elik objects to this request on the grounds that it calls for a legal conclusion regarding venue under 18 U.S.C. § 1965(a), and is not a proper request for admission under Federal Rule of Civil Procedure 36(a)(1). Whether this Court is a "proper venue" under a particular statute is a legal determination based on the facts of record, and is not a fact or application of law to fact appropriately addressed through a Rule 36 request.

Responding party further objects on the basis that the request is vague and compound, improperly presuming (1) that a civil action has been brought "under 18 U.S.C. § 1964(c)," which applies only to private civil RICO claims; (2) that "The Gatalog" exists as a legal person or entity capable of being "found," "residing," or "transacting affairs"; and (3) that such a person resides in or transacts business in this district. Each of these predicates is disputed.

Responding party additionally objects on the grounds that the request mischaracterizes the nature of the parties and the claims. "The Gatalog" is not a recognized legal entity or person subject to suit, and its alleged existence as a RICO defendant is expressly denied. Therefore, any attempt to ground venue on that assumption is both factually and legally unsupported.

Subject to and without waiving the foregoing objections, Responding Party denies that "The Gatalog" is a proper party under 18 U.S.C. § 1964(c) or that it qualifies as a person who may be found, resides, or transacts affairs in this district under § 1965(a). Responding Party also denies that venue in this Court is proper based on the allegations concerning "The Gatalog."


**Response to Request for Admission No. 10:**

Objection. Responding party John Elik objects to this request on the grounds that it calls for a legal conclusion regarding the propriety of venue under 28 U.S.C. § 1391(e)(1)(B), which is not a proper subject for admission under Federal Rule of Civil Procedure 36(a)(1). Whether venue is proper is a legal determination reserved to the Court and not appropriate for discovery requests seeking binary admissions of fact.

Further objected to on the grounds that the request is vague and misleading. It refers generically to "the claims" without specifying whether it references claims brought by Plaintiff, counterclaims brought by Defense Distributed, or both. The request also fails to identify which "events or omissions" it relies on, making it impossible to admit or deny with specificity.

Additionally, Responding Party objects to the inclusion of 28 U.S.C. § 1391(e)(1)(B), which governs venue in actions against federal officers or agencies. That statute does not apply here, as this action does not name any officer or agency of the United States as a party. The citation appears to be either erroneous or deliberately misleading.

Subject to and without waiving the foregoing objections, Responding Party denies that venue is proper in this Court based on the standard set forth in § 1391(e)(1)(B), and denies that a substantial part of the events or omissions giving rise to the counterclaims occurred in this District.

**Response to Request for Admission No. 11:**

Objection. Responding party John Elik objects to this request on the grounds that it improperly seeks a legal conclusion regarding the propriety of venue under 28 U.S.C. § 1391(b)(2), which is not a proper subject for admission under Federal Rule of Civil Procedure 36(a)(1). Whether venue is proper is a legal determination for the Court and not a fact or application of law to fact appropriate for a Rule 36 request.

Responding party further objects on the grounds that the request is vague, speculative, and misleading. It refers to "property that is subject to the action" without identifying what specific property is at issue. To the extent the request refers to copyrighted works, data, or digital files, it is unclear how such intangible assets would be "situated" in any particular judicial district for purposes of 28 U.S.C. § 1391(b)(2). Additionally, the request appears to assume facts not in evidence—namely, that any such property exists in this district—without providing a basis for that conclusion.

Subject to and without waiving the foregoing objections, Responding Party denies that any substantial part of the property at issue in this action is situated in the Middle District of Florida, and further denies that venue in this district is proper under 28 U.S.C. § 1391(b)(2) based on the location of any such property.

**Response to Request for Admission No. 12:**

Objection. Responding party John Elik objects to this request to the extent it assumes facts not in evidence and misstates the relationship between various entities, including Defcad, Inc. and Defense Distributed. Further objected to on the grounds that the phrase "all relevant times" is vague and undefined, rendering the request impermissibly ambiguous under Federal Rule of Civil Procedure 36(a)(4).

Subject to and without waiving the foregoing objections, Responding Party denies the request. Based on publicly available records and corporate filings reviewed to date, Responding Party understands that the corporate structure and operational relationships between Defcad, Inc. and Defense Distributed differ materially from what is stated in this request. In particular, he denies the conclusory assertion that it is or has been a subsidiary of Defense Distributed.

**Response to Request for Admission No. 13:**

Objection. Responding party John Elik objects to this request on the grounds that it is vague and unclear as to the term "this pleading," which is undefined. It is not evident whether the request refers to Defense Distributed's original counterclaim, an amended counterclaim, or another filing, rendering the request ambiguous and noncompliant with Federal Rule of Civil Procedure 36(a)(4).

Subject to and without waiving the foregoing objection, and construing "this pleading" to refer to the operative counterclaim filed by Defense Distributed in this action, Responding Party admits that Defense Distributed asserts claims against Matthew Larosiere in his capacity as a Counterdefendant but disputes the legal and factual basis for such claim.

**Response to Request for Admission No. 14:**
Objection. Responding party John Elik objects to this request as vague and ambiguous because it refers to "this pleading" without identifying which version or filing is intended. Defense Distributed has amended its pleadings, and the lack of specificity prevents a precise response as required under Federal Rule of Civil Procedure 36(a)(4).

Further objected to on the grounds that the request assumes the existence of "The Gatalog" as a legal person or entity capable of being named as a party. Responding Party expressly disputes the existence of "The Gatalog" as any form of enterprise or juridical person.

Subject to and without waiving the foregoing objections, and construing "this pleading" to mean Defense Distributed's operative counterclaim or third-party complaint on file in this case, Responding Party admits that Defense Distributed has attempted to assert claims against John Elik, Alexander Holladay, Peter Celentano, Josh Kiel Stroke, John Lettman, and MAF Corp. in a third-party capacity. Responding Party denies the legal sufficiency and factual basis for those claims and reiterates that "The Gatalog" is not a recognized legal entity.

**Response to Request for Admission No. 15:**
Objection. Responding party John Elik objects to this request on the grounds that it is not susceptible to a straightforward admission or denial as required by Federal Rule of Civil Procedure 36(a)(4). The request is compound and argumentative, containing multiple distinct assertions regarding the relationship between Defense Distributed and Defcad, Inc., including legal characterizations, factual assumptions, and disclaimers that are contradictory on their face.

Further objected to on the grounds that the request improperly seeks legal conclusions regarding corporate personhood, standing, and alter ego theories—matters of law reserved for judicial determination—not appropriate for admission under Rule 36(a)(1).

Additionally, the request is vague and speculative, including the phrase "claims on its own behalf and on behalf of Defcad, Inc." without clarifying the legal mechanism by which Defense Distributed purports to assert claims belonging to a separate corporate entity. If Defcad, Inc. is not a party to this action, as appears to be the case, Defense Distributed's ability to claim "on its behalf" raises unresolved legal and factual issues that cannot be properly resolved through this discovery device.

Subject to and without waiving the foregoing objections, Responding Party denies that
Defense Distributed may properly assert claims on behalf of Defcad, Inc. in this action,
and denies that the entities formed a "single integrated business enterprise" in any legally
cognizable manner beyond that they are both alter egos of Cody Rutledge Wilson.
Responding Party further denies any factual basis for treating the two entities as having
suffered undifferentiated, collective injuries.

**Response to Request for Admission No. 16:**
Objection. Responding party John Elik objects to this request to the extent it presumes
the existence of "Third-Party Defendant The Gatalog" as a legal person or juridical entity
capable of being a party to this action. Responding Party expressly denies that "The
Gatalog" is or ever has been a legal entity, association-in-fact enterprise, or other
structure with the capacity to sue or be sued under applicable law.
The request is further objected to as vague and circular, in that it defines "The Gatalog"
by reference to itself, offering no factual criteria, organizational identity, or legal existence
that would allow for an informed admission or denial under Rule 36(a)(4). It also appears
to incorporate by reference the allegations and definitions contained in Defense
Distributed's counterclaim, which are themselves disputed, stylized, and not accepted as
true for the purposes of this response.
Subject to and without waiving the foregoing objections, Responding Party denies the
request. "The Gatalog" is a fictional label invented by Defense Distributed for rhetorical
and litigation purposes, and does not refer to any cognizable third-party defendant with a
separate legal identity in this action.

**Response to Request for Admission No. 17:**
Objection. Responding party John Elik objects to this request on the grounds that it calls
for a legal conclusion concerning the alleged legal status and capacity to be sued of an
entity Defense Distributed refers to as "The Gatalog." Whether an unincorporated
association exists and has capacity to be sued under Florida law is a question of law and
not a proper subject for admission under Federal Rule of Civil Procedure 36(a)(1).
Responding Party further objects on the grounds that the request assumes, without
foundation, that "The Gatalog" is an actual association of individuals with mutual
obligations, a recognized purpose, or any formal or informal organization—criteria
required for treatment as an unincorporated association under Florida law. No factual
basis has been shown for the existence of such an association, and Responding Party
denies any participation in or knowledge of such an entity.
Subject to and without waiving the foregoing objections, Responding Party denies that
"The Gatalog" is an unincorporated association under the laws of the State of Florida or
any other jurisdiction, and denies that it possesses the capacity to be sued.

**Response to Request for Admission No. 18:**
Objection. Responding party John Elik objects to this request on the grounds that it
presumes the existence of "The Gatalog" as an actual entity with a principal place of
business. Responding Party expressly denies that "The Gatalog" is or has ever been an

organization, enterprise, association, or juridical person capable of having a principal place of business under law.

Further objected to on the grounds that the term "principal place of business" is a legal term of art, and the request seeks a legal conclusion as to the supposed business organization and operations of an alleged entity whose existence and structure are fundamentally disputed. The request also fails to identify any factual basis for asserting that such a business or association exists in or operates out of Florida.

Subject to and without waiving the foregoing objections, Responding Party denies the request. "The Gatalog" does not exist as a business, legal person, or unincorporated association, and therefore cannot have a principal place of business—whether in Florida or elsewhere.


**Response to Request for Admission No. 19:**

Objection. Responding party John Elik objects to this request on the grounds that it presumes the existence of "The Gatalog" as a legal or juridical entity capable of being served with process. Responding Party expressly denies the existence of "The Gatalog" as an entity, organization, or unincorporated association, and objects to the request as calling for a legal conclusion as to whether a fictitious or non-existent entity can be subjected to service of process under Florida or federal law—an issue not properly resolved through Rule 36 admissions. See Fed. R. Civ. P. 36(a)(1)(A)–(B).

Responding Party further objects that the phrase "can be reached for service of process in Florida" is vague and ambiguous. It fails to identify any factual criteria by which such service would allegedly be effected or what location or agent within Florida is purported to serve as a basis for jurisdictional contact. These deficiencies prevent a straightforward response as required by Rule 36(a)(4).

Subject to and without waiving the foregoing objections, Responding Party denies the request. "The Gatalog" is a fictional construct and not an entity amenable to service of process—whether in Florida or anywhere else.


**Response to Request for Admission No. 20:**

Objection. Responding party John Elik objects to this request on the grounds that it seeks a legal conclusion regarding the Court's exercise of general personal jurisdiction over a purported entity. Whether general jurisdiction exists is a question of law for the Court and not a proper subject for an admission under Federal Rule of Civil Procedure 36(a)(1).

Responding Party further objects to the request as vague, conclusory, and based on false premises. The request presumes the existence of "The Gatalog" as an actual legal person or entity capable of being domiciled or "residing" in a particular state, which Responding Party expressly denies. The term "resides and is domiciled in the State of Florida" has no application to a label that refers to no legally cognizable or organized entity.

Subject to and without waiving the foregoing objections, Responding Party denies the request. "The Gatalog" is a rhetorical invention of Defense Distributed that has no legal existence, domicile, residence, or presence in Florida or any other jurisdiction. Accordingly, no general personal jurisdiction can attach to it.

**Response to Request for Admission No. 21:**
Objection. Responding party John Elik objects to this request on the grounds that it seeks a legal conclusion regarding the existence of specific personal jurisdiction, which is a matter reserved for judicial determination and not a proper subject for admission under Federal Rule of Civil Procedure 36(a)(1).

Responding Party further objects to the request as vague, speculative, and based on a fundamentally flawed premise. The request presumes the existence of "The Gatalog" as an entity capable of purposeful conduct and legal recognition, which Responding Party expressly denies. "The Gatalog" does not exist as an association, enterprise, or any other form of legal person and therefore cannot "purposefully avail" itself of the privilege of conducting activities in any jurisdiction.

Subject to and without waiving the foregoing objections, Responding Party denies the request. There is no entity known as "The Gatalog" that engaged in any conduct in or directed toward the State of Florida, and thus no basis for asserting specific personal jurisdiction exists.

**Response to Request for Admission No. 22:**
Objection. Responding party John Elik objects to this request on the grounds that it is compound and argumentative, in violation of Federal Rule of Civil Procedure 36(a)(2), as it combines multiple factual assertions and legal characterizations into a single request. Specifically, it presupposes the existence of an "enterprise," the existence of "objectives," the existence of coordinated activity among unnamed individuals, and the existence of a defined category called "The Gatalog Principals"—none of which are defined in any legally cognizable or factually established manner.

Responding Party further objects to the request as vague and ambiguous. The phrase "The Gatalog" is not a term that identifies any specific entity, organization, or association known to Responding Party. The term "enterprise" as used in this context also improperly imports statutory language from the Racketeer Influenced and Corrupt Organizations Act (RICO) and seeks an admission of a legal conclusion as to the existence of a RICO enterprise—an issue not suitable for discovery under Rule 36(a)(1).

Subject to and without waiving the foregoing objections, Responding Party denies the request. Responding Party does not recognize "The Gatalog" as a legitimate enterprise or any kind of collective structure. The alleged coordination and objectives attributed to this label are fictional assertions by Defense Distributed and are not grounded in any factual reality known to Responding Party.

**Response to Request for Admission No. 23:**
Admit.

**Response to Request for Admission No. 24:**
Admit.

**Response to Request for Admission No. 25:**

Objection. Responding party John Elik objects to this request on the grounds that it seeks
a legal conclusion regarding the Court's exercise of specific personal jurisdiction, which
is not a proper subject for a request for admission under Federal Rule of Civil Procedure
36(a)(1). Whether specific jurisdiction exists is a matter of law for judicial determination,
based on the application of legal standards to a factual record—not a matter suitable for
discovery admissions.

Responding Party further objects that the request is vague and conclusory, particularly in
its use of the phrase "purposefully availed himself of the privilege of conducting activities
within the State of Florida," which incorporates a legal standard without reference to
specific facts or conduct. The request also fails to define what activities are allegedly at
issue, when they occurred, or how they relate to the claims in this action.

Subject to and without waiving the foregoing objections, Responding Party denies the
request. As set forth more fully in the pending motion to dismiss for lack of personal
jurisdiction, John Elik has not engaged in conduct that would subject him to specific
personal jurisdiction in this District.


**Response to Request for Admission No. 26:**
Admit.


**Response to Request for Admission No. 27:**
Objection. Responding party John Elik objects to this request to the extent it uses the
term "employee" without defining it. The term is vague and ambiguous in the context of
this request, as it may encompass formal employment, informal contractual relationships,
volunteer work, or casual collaboration, each of which carry different legal implications.
The request also mischaracterizes factual history and presumes the existence of an
employment relationship that never existed.

Subject to and without waiving the foregoing objections, Responding Party denies the
request. At no time was John Elik an employee—formally or informally—of Defense
Distributed or any related entity. While Elik may have, on a few occasions, assisted Cody
Wilson with very basic computer-aided design work because Wilson was demonstrably
incapable of even the most basic tasks in computer design, this was done without
compensation, contract, direction, or expectation of remuneration, and did not amount to
any form of employment or confer any employment status.


**Response to Request for Admission No. 28:**
Objection. Responding party John Elik objects to this request on the grounds that it is
vague and ambiguous in several material respects, including the terms "digital firearms
designer," "collaborating," "revision," and "famous and popular," which are undefined and
subjective. The request also improperly incorporates hearsay or secondary statements—
namely, what an article from *The New York Times* allegedly reported—without providing
a copy or citation to a specific publication, date, or quotation, which deprives Responding
Party of the ability to fairly admit or deny the assertion. See Fed. R. Civ. P. 36(a)(4).

Subject to and without waiving the foregoing objections, Responding Party denies the
request. Responding Party does not identify as a "digital firearms designer" and has never

collaborated with Jacob Duygu, aka "JStark," on any revision of the firearm design known as the FGC-9. To the best of his knowledge, no such revision exists that he contributed to, and Responding Party is unaware of any *New York Times* publication that claims otherwise.


**Response to Request for Admission No. 29:**

Objection. Responding party John Elik objects to this request on the grounds that it is compound and improperly assumes facts not in evidence, in violation of Federal Rule of Civil Procedure 36(a)(2). Specifically, the request presumes (1) that Elik "knows how both the ITAR and EAR regimes apply" to unspecified "works in question"; (2) that Cody Wilson "thoroughly explained" both legal regimes to Elik; and (3) that Elik worked "with" Defense Distributed—all of which are disputed and unsupported.

Responding Party further objects that the request is vague and ambiguous in its use of the terms "works in question" and "thoroughly explained." It also calls for a legal conclusion regarding the application of regulatory regimes (the International Traffic in Arms Regulations and Export Administration Regulations), which is improper under Rule 36(a)(1)(A).

Subject to and without waiving the foregoing objections, Responding Party denies the request. Elik has never worked for or with Defense Distributed, nor has he received or relied upon any legal or regulatory explanation from Cody Wilson regarding ITAR, EAR, or any other legal regime. Responding Party further denies having the level of regulatory familiarity described in the request and affirms that any understanding he may have has not been informed by Mr. Wilson. To the extent Responding Party understands anything about anything, Respondent can be sure that Cody Wilson isn't to blame: he has a unique way of bloviating that makes it impossible to understand not just what he's saying, but what he means by it. In addition, Cody Wilson is not an authority on the law. To Respondent's knowledge, Wilson dropped out of a state law school in no small part because of his inability to separate black letter law from his overactive imagination. On this, if Mr. Wilson provided any legal advice, it would have been unreasonable to heed such advice.


**Response to Request for Admission No. 30:**

Objection. Responding party John Elik objects to this request on the grounds that it is vague, compound, and based on a fictitious premise. The request improperly presupposes the existence of a structured entity called "The Gatalog" with "objectives," "principals," and coordinated activities, none of which are defined with specificity or grounded in factual reality. It also incorporates conclusory language such as "knowingly agreed" and "substantially further," which are subjective, ambiguous, and legal in nature. This violates Federal Rule of Civil Procedure 36(a)(2), which requires that requests for admission be stated simply, directly, and in a manner susceptible to straightforward admission or denial.

Subject to and without waiving the foregoing objections, Responding Party denies the request. Responding Party denies being a "Gatalog Principal" or knowingly agreeing to participate in any alleged enterprise identified as "The Gatalog," which exists only as a

narrative construct within Defense Distributed's counterclaims. The request relies on assumptions that are false and unsupported, including the existence of an enterprise with shared objectives.

**Response to Request for Admission No. 31:**
Objection. Responding party John Elik objects to this request on the grounds that it is compound, vague, and assumes facts not in evidence, in violation of Federal Rule of Civil Procedure 36(a)(2). The request improperly presupposes (1) the existence of a coherent entity or operation called "The Gatalog"; (2) that "The Gatalog" is responsible for the "publication, administration, and maintenance" of unspecified "content regarding 3D printable gun files"; and (3) that Elik is "responsible" for such activity across four separate platforms, none of which are defined or limited in scope. The terms "responsible," "administration," "maintenance," and "content" are also undefined and ambiguous.
Subject to and without waiving the foregoing objections, Responding Party denies the request. Elik denies having responsibility for "The Gatalog" as described, which appears to be a fictional construct devised by Cody Wilson and Defense Distributed. Elik also denies responsibility for publication, administration, or maintenance of content at *thegatalog.com*, *Odysee.com*, *chat.deterrencedispensed.com*, or the "Fuddbusters" Discord server in the manner suggested. Any incidental participation in online discussions or open-source hobbyist forums does not amount to the enterprise-wide administrative control the request implies.

**Response to Request for Admission No. 32:**
Objection. Responding party John Elik objects to this request on the grounds that it is vague, compound, and based on false and unsupported assumptions, in violation of Federal Rule of Civil Procedure 36(a)(2). The request presumes the existence of a structured enterprise referred to as "The Gatalog," and asserts that Responding Party is "responsible" for its "publication, administration, and maintenance" of unspecified "content regarding 3D printable gun files" across four independent websites: *deterrencedispensed.com*, *gatalog.com*, *maf-arms.com*, and *ctrlpew.com*. The request fails to define critical terms such as "responsible," "content," "publication," or "maintenance," and improperly combines multiple factual premises into a single admission request.
Subject to and without waiving the foregoing objections, Responding Party denies the request. Elik has no responsibility, past or present, for any content published, administered, or maintained at *deterrencedispensed.com*, *gatalog.com*, *maf-arms.com*, or *ctrlpew.com* as articulated. The suggestion that he exercised such control on behalf of a fictional enterprise—"The Gatalog"—is false, unfounded, and based on a stylized narrative invented by Counterclaimants.

**Response to Request for Admission No. 33:**
Objection. Responding party John Elik objects to this request on the grounds that it is impermissibly compound and improperly groups at least eight distinct factual allegations into a single request, in violation of Fed. R. Civ. P. 36(a)(2), which requires that each matter for admission be stated separately. The request further assumes as true the

existence of a criminal enterprise called "The Gatalog," which is a fictional construct unique to Counterclaimants' pleadings and not grounded in fact. Additionally, several subparts of the request assert criminal conduct without any factual basis, are argumentative in nature, and appear designed to harass or prejudice the Responding Party.

Subject to and without waiving the foregoing objections, and pursuant to the requirements of Rule 36(a)(4), Responding Party responds as follows:

a. Denied. Responding Party does not control or implement any policies on behalf of a legal entity called "The Gatalog," including any policies concerning ITAR compliance.

b. Denied. Responding Party does not control or implement any policies concerning EAR compliance on behalf of any entity known as "The Gatalog."

c. Denied. Responding Party has never been employed by, nor formally partnered with, Matthew Larosiere in any capacity involving any entity or endeavor known as "The Gatalog." However, he has been an employee of Larosiere in unrelated contexts.

d. Admitted in part. Responding Party recalls a casual discussion among friends about forming a noncommercial publishing outlet, tentatively titled "The Gatalog Foundation," intended for publishing commentary or a newsletter. This idea was not tied to any criminal or enterprise-related activity as alleged.

e. Denied in part. Responding Party lacks knowledge of any formal legal structure that would support such a title.

f. Denied. Responding Party does not exercise primary control over any page titled "The Gatalog" on Odysee.com.

g. Denied. Responding Party denies having administrative access to, or oversight of, any chat service or page on behalf of an enterprise called "The Gatalog." Any incidental access to online platforms was limited, non-administrative, and not connected to the activities alleged.

h. Denied. After a reasonable inquiry, Responding Party lacks knowledge sufficient to admit or deny the allegation regarding the alleged Bitcoin transaction, the referenced crypto address, any connection to Jacob Duygu (aka "JStark"), or the alleged involvement of a German Coinbase account. Responding Party denies engaging in any money laundering or violation of 18 U.S.C. § 1956, and denies knowledge of any SAR filed in relation to any such transaction.

**Response to Request for Admission No. 34:**

Objection. Responding Party John Elik objects to this request as vague and unsupported by any specific citation or context. The request fails to identify the date, title, author, or any other identifying information of the referenced "New York Times" article, thereby preventing a meaningful response. It also improperly asserts as fact that Responding Party has been "exposed" for "violating federal export laws," which is a conclusory and prejudicial assertion not grounded in any judicial or administrative finding. Such language renders the request argumentative and harassing in violation of Fed. R. Civ. P. 36(a)(2) and the standards of proportionality under Rule 26(b)(1).

Subject to and without waiving the foregoing objections, Responding Party denies the request. To the extent a New York Times article discussed Responding Party, it did not allege or conclude that he had violated any federal export laws. On the contrary, Responding Party recalls that any official commentary referenced in that reporting

acknowledged that his conduct was consistent with compliance obligations. Responding Party is aware of no determination—judicial, regulatory, or otherwise—that he has violated any provision of the International Traffic in Arms Regulations (ITAR), the Export Administration Regulations (EAR), or any other federal export control law.


**Response to Request for Admission No. 35:**
Objection. Responding Party John Elik objects to this request on the grounds that it is vague and ambiguous as to time and scope. The request assumes the existence of a single, static website at "defcad.com" without clarifying the relevant time period or ownership. The term "DEFCAD" is used inconsistently in Counterclaimants' pleadings and other communications to refer both to a website and to a corporate entity, adding to the ambiguity.
Subject to and without waiving the foregoing objections, and after a reasonable inquiry, Responding Party states that he lacks knowledge sufficient to admit or deny whether "DEFCAD" is currently or has consistently been the website hosted at defcad.com. Accordingly, the request is denied pursuant to Fed. R. Civ. P. 36(a)(4).

**Response to Request for Admission No. 36:**
Objection. Responding Party John Elik objects to this request on the grounds that it is vague, compound, and assumes facts not in evidence. The phrase "legal responsibility for DEFCAD" is undefined and ambiguous—particularly where "DEFCAD" may refer to a corporate entity, a website, or a general project. The request also improperly combines multiple factual assertions regarding past, present, and future events, making a single admission impossible without qualification, in violation of Fed. R. Civ. P. 36(a)(2).
Subject to and without waiving the foregoing objections, and after a reasonable inquiry, Responding Party lacks knowledge sufficient to admit or deny the legal responsibility or ownership structure of DEFCAD or its affiliated entities, including any claims about its current or future status as Defense Distributed's "primary content platform." Accordingly, the request is denied pursuant to Rule 36(a)(4).


**Response to Request for Admission No. 37:**

Objection. Responding Party John Elik objects to this request as vague, overly broad, and not reasonably limited in time. The request refers to "DEFCAD" without clarifying whether it is referencing a specific website, project, or legal entity, and uses generalized descriptors like "web portal," "search engine," and "development hub" without defining those terms. It also lacks a clear temporal scope, making it impossible to admit or deny without speculation, in violation of Fed. R. Civ. P. 36(a)(2).

Subject to and without waiving the foregoing objections, and after a reasonable inquiry, Responding Party lacks knowledge sufficient to admit or deny the asserted functions or focus of "DEFCAD" as described in the request. Accordingly, the request is denied pursuant to Rule 36(a)(4).
**Response to Request for Admission No. 38:**

Objection. Responding Party John Elik objects to this request as vague and argumentative. The phrases "operates in compliance with all applicable federal and state laws," "development and distribution," and "digital firearms information" are not defined and are susceptible to multiple interpretations. The request also improperly calls for a legal conclusion under the guise of a factual admission, in violation of Fed. R. Civ. P. 36(a)(1)(A) and related commentary.

Subject to and without waiving the foregoing objections, and based on information reasonably available, Responding Party denies the request. Responding Party is aware of multiple instances in which users have accessed and downloaded files from DEFCAD despite purported geographic restrictions that, according to Counterplaintiffs' own theories of liability, would violate export control laws. DEFCAD's apparent reliance on terms of service to prohibit such access is, in Responding Party's view, insufficient to achieve legal compliance under DEFCAD's [incorrect] theories. In addition, Responding Party is aware that DEFCAD has made files available to foreign nationals and appears to operate certain hosting infrastructure overseas. Responding Party further denies that DEFCAD "develops" digital firearms information, as many files appear to be created by others. Accordingly, the request is denied.


**Response to Request for Admission No. 39:**

Objection. Responding Party John Elik objects to this request on the grounds that it is vague and calls for a legal conclusion, specifically whether DEFCAD "operates in compliance" with the Export Administration Regulations ("EAR") administered by the U.S. Department of Commerce. This language is undefined, overbroad, and inherently calls for a legal determination, rendering the request improper under Fed. R. Civ. P. 36(a)(1)(A). The request further assumes facts not in evidence, including the legal applicability of EAR provisions to DEFCAD's activities and the correctness of Counterplaintiffs' legal theories.

Subject to and without waiving the foregoing objections, and based on information reasonably available, Responding Party denies the request. Responding Party is aware of instances in which foreign nationals have accessed and downloaded files from DEFCAD, conduct that, under Counterplaintiffs' own asserted interpretations of the EAR, would constitute a violation. Further, Responding Party is informed and believes that some or all of DEFCAD's web infrastructure is hosted outside the United States, which under those same interpretations would also trigger compliance obligations. Accordingly, Responding Party denies that DEFCAD operates in compliance with the EAR as Counterplaintiffs have framed the issue in this litigation.

**Response to Request for Admission No. 40:**

Objection. Responding Party John Elik objects to this request as compound, vague, and calling for a legal conclusion. The request improperly combines at least two distinct legal issues—(1) whether DEFCAD operates in compliance with the International Traffic in Arms Regulations ("ITAR") administered by the U.S. Department of State, and (2) whether DEFCAD operates in compliance with unspecified "certain state laws being challenged in litigation, such as New Jersey Statute 2C:39-9(l)(2)." Each clause involves separate legal regimes, different factual predicates, and different jurisdictions, rendering the request

improper under Fed. R. Civ. P. 36(a)(1)(A). Moreover, the request assumes the correctness of Counterplaintiffs' interpretations of ITAR and the referenced state laws, which are the subject of active legal disputes.

Subject to and without waiving these objections, and based on information reasonably available, Responding Party denies the request. Responding Party is aware of instances in which foreign nationals have accessed and downloaded files from DEFCAD, conduct which, under Counterplaintiffs' own asserted interpretations of ITAR, would constitute a violation. Further, Responding Party is informed and believes that DEFCAD hosts some or all of its infrastructure outside the United States, which may independently implicate ITAR restrictions under those interpretations. Accordingly, to the extent this request seeks an admission that DEFCAD's operations are compliant with ITAR or New Jersey Statute 2C:39-9(l)(2), Responding Party denies the same.

**Response to Request for Admission No. 41:**
Objection. Responding Party John Elik objects to this request on the grounds that it is vague, assumes disputed facts, and improperly characterizes a non-existent entity. The request refers to "The Gatalog" as if it were a formal legal entity or enterprise with defined objectives and structure, which Responding Party denies. The request also contains embedded legal conclusions—e.g., that "The Gatalog" monetizes or administers 3D printable gun files or competes with Defense Distributed—which are not appropriate for requests under Fed. R. Civ. P. 36(a)(1)(A).

Subject to and without waiving the foregoing objections, Responding Party denies the request. Responding Party disputes that "The Gatalog," as described in the counterclaims, exists as any sort of business, legal entity, or criminal enterprise. To the extent informal use of the term "The Gatalog" refers to a loosely affiliated group of independent hobbyists or designers, Responding Party is unaware of any central organization or monetization function, and further denies that any such activity constitutes competition with Defense Distributed.

**Response to Request for Admission No. 42:**
Objection. Responding Party John Elik objects to this request as vague, compound, and based on a false premise that "The Gatalog" is a distinct operating entity with identifiable functions, principals, and control structures. The request improperly presumes the existence of a coordinated enterprise referred to as "The Gatalog," and asserts legal and factual conclusions—such as "operates," "controlled by," and "performs these functions"—that are disputed and not properly the subject of a request for admission under Rule 36(a)(1)(A). The request further fails to define "The Gatalog Principals" in a manner that would allow a precise and unambiguous admission or denial.

Subject to and without waiving the foregoing objections, Responding Party denies the request. "The Gatalog," as characterized in the counterclaims, does not exist as a legal entity, organization, or structured enterprise. Responding Party is unaware of any "network" of websites, chat platforms, or social media accounts being operated in a coordinated or hierarchical fashion by any defined group of "principals," and denies having knowledge of or participation in any such operation.

**Response to Request for Admission No. 43:**

Objection. Responding Party John Elik objects to this request as vague, compound, and misleading, in that it assumes the existence of a formal or coordinated enterprise referred to as "The Gatalog," and identifies a set of internet domains and platforms as "channels" of that alleged enterprise without defining what constitutes a "channel" or how such websites are purportedly operated in furtherance of a common purpose. The request also improperly assumes legal and factual conclusions—including that certain websites or servers "carry out functions" of a fictitious entity—which are contested and beyond the scope of what may be appropriately admitted or denied under Rule 36(a)(1)(A). Further, the request fails to specify the time period at issue, rendering it facially overbroad.

Subject to and without waiving the foregoing objections, Responding Party denies the request. The term "The Gatalog," as used in the counterclaims, does not refer to any actual entity or organized structure known to Responding Party, and Responding Party denies that there is any coordinated "activity" or "functions" carried out through the listed websites or platforms in the manner alleged.

**Response to Request for Admission No. 44:**

Objection. Responding Party John Elik objects to this request on the grounds that it is vague, compound, and assumes facts not in evidence—specifically the existence of an entity called "The Gatalog" that possesses the capacity to "direct" anyone or has "patrons," and the assertion that such an entity makes endorsements or commercial referrals. The request improperly presumes a coordinated enterprise involving distinct domains and implies commercial relationships that are neither defined nor substantiated. It also fails to identify a time frame or the basis for the alleged "association" between files and third-party websites, making it overbroad and unduly burdensome to admit or deny in any meaningful way, in violation of Fed. R. Civ. P. 36(a)(2).

Subject to and without waiving the foregoing objections, Responding Party denies the request. To Responding Party's knowledge, no such entity as "The Gatalog," with the capacity to direct users or endorse commerce, exists or has ever functioned in the manner described in the request. Responding Party is unaware of any coordinated effort by such a group or entity to direct users to maf-arms.com or ctrlpew.com for parts or kits associated with specific files.

**Response to Request for Admission No. 45:**

Objection. Responding Party John Elik objects to this request on the grounds that it is vague, ambiguous, compound, and assumes facts not in evidence, including the existence of a legal entity or coordinated enterprise called "The Gatalog" capable of offering "money transfers" or "financial incentives," as well as a relationship or arrangement with ctrlpew.com. The request fails to define the scope, timeframe, or nature of the alleged incentives or transfers, making it overbroad and not susceptible to a straightforward admission or denial as required by Fed. R. Civ. P. 36(a)(2). The request also appears designed more to harass or embarrass than to elicit relevant, admissible evidence, and is therefore objectionable under Rule 26(b)(1) and the proportionality standard imposed by the Middle District Discovery Handbook.

Subject to and without waiving the foregoing objections, Responding Party denies the request. Responding Party has no knowledge of any coordinated effort by a group known as "The Gatalog" to offer money or financial incentives to developers at ctrlpew.com, and disputes that any such entity exists in the manner alleged.


**Response to Request for Admission No. 46:**
Objection. Responding Party John Elik objects to this request on the grounds that it is vague, compound, assumes facts not in evidence, and mischaracterizes both the nature of "The Gatalog" and MAF Corp. Specifically, the request presumes the existence of an organized racketeering enterprise known as "The Gatalog" and imputes to MAF Corp. the role of a "de facto bank" facilitating unlawful activity and distributing payments to alleged participants. These premises are disputed and unsupported. The request also fails to define the timeframe of the alleged conduct and is thus overbroad and not reasonably tailored to elicit relevant, proportional information under Fed. R. Civ. P. 26(b)(1). It further lacks the clarity and precision required for a proper admission or denial under Fed. R. Civ. P. 36(a)(2).
Subject to and without waiving the foregoing objections, Responding Party denies the request. Responding Party affirmatively states that he has never received any such payment from MAF Corp., and has no knowledge of MAF Corp. acting as a financial intermediary for any alleged enterprise or for any of the individuals named in the request.

**Response to Request for Admission No. 47:**
Objection. Responding Party John Elik objects to this request as vague, argumentative, and assuming facts not in evidence, including the existence of an entity called "The Gatalog" as a racketeering enterprise under 18 U.S.C. § 1961. The request is also compound and calls for a legal conclusion on a central and heavily contested issue in the case—namely, whether a pattern of racketeering activity has occurred. It improperly demands that Responding Party admit the existence of statutory predicates without identifying specific underlying acts with sufficient particularity, thereby violating Fed. R. Civ. P. 36(a)(2)'s requirement that matters for admission be "stated simply, directly, and not by reference to other documents." Additionally, the request presumes without basis that "The Gatalog Principals" exist as a defined group acting in concert, which is also denied.
Subject to and without waiving the foregoing objections, Responding Party denies the request. Responding Party specifically denies that "The Gatalog" exists as an enterprise within the meaning of RICO or otherwise, and further denies that he or any alleged "Gatalog Principals" have committed any racketeering acts within the meaning of 18 U.S.C. § 1961(1). Responding Party also notes that the counterclaim fails to adequately plead the existence of two predicate acts, let alone demonstrate a "pattern of racketeering activity" as defined by 18 U.S.C. § 1961(5).

**Response to Request for Admission No. 48:**
Objection. Responding Party John Elik objects to this request on the grounds that it is vague and ambiguous, particularly in its use of the phrase "The Gatalog," which is not a recognized legal entity and whose existence, nature, and structure are disputed. The

request also improperly assumes a unified legal position or intent on behalf of a purported group without identifying any specific statements or conduct attributable to Responding Party. It further calls for speculation about the beliefs, intentions, and legal reasoning of a group that does not exist in any formal or coherent sense. To the extent it seeks admission regarding legal conclusions or determinations about the applicability of the International Traffic in Arms Regulations (ITAR), it is improper under Fed. R. Civ. P. 36(a)(1), which limits requests for admission to facts, the application of law to fact, or opinions about either, but not pure legal conclusions.

Subject to and without waiving the foregoing objections, Responding Party denies the request. Responding Party denies that "The Gatalog," as described in the counterclaim, exists as an entity capable of forming or holding legal positions. Responding Party further denies having ever made or participated in making any such determination regarding the applicability of ITAR regulations to any purported activity by "The Gatalog."

**Response to Request for Admission No. 49:**

Objection. Responding Party John Elik objects to this request on the grounds that it is vague and ambiguous in its reference to "The Gatalog," which is not a recognized legal entity and whose existence, structure, or membership is not acknowledged by Responding Party. The request presupposes unified beliefs, legal interpretations, licensing status, and intentions on the part of a fictional collective. It also calls for speculation as to the internal views and regulatory posture of an entity that Responding Party denies exists. To the extent this request calls for admission of legal conclusions regarding ITAR compliance, licensing requirements, or the application of federal export regulations, it is improper under Fed. R. Civ. P. 36(a)(1)(A).

Subject to and without waiving the foregoing objections, Responding Party denies the request. Responding Party denies the existence of "The Gatalog" as an entity capable of holding legal views, applying for licenses, or forming intent. Responding Party further denies having any knowledge of or participation in any group or activity fitting the description in the request.

**Response to Request for Admission No. 50:**

Objection. Responding Party John Elik objects to this request on the grounds that it is vague, ambiguous, and compound. The request references "The Gatalog" as if it were a coherent legal or organizational entity with the capacity to hold or advertise unified views, which is denied. Responding Party further objects to the phrase "this view" as unintelligible in isolation and lacking clear antecedent, rendering the request unclear and incapable of a meaningful response. The request improperly calls for a legal conclusion and speculation as to the conduct or intent of third parties or of a fictionalized collective. See Fed. R. Civ. P. 36(a)(1)(A).

Subject to and without waiving the foregoing objections, Responding Party denies the request. Responding Party denies the existence of "The Gatalog" as described and denies any knowledge of or participation in the advertising of any such views as alleged.

**Response to Request for Admission No. 51:**

Objection. Responding Party John Elik objects to this request as vague, compound, and argumentative. The request improperly assumes the existence of a unified "position" held by a purported entity, "The Gatalog," which Responding Party denies exists as alleged. The request also assumes the existence of criminal activity and legal conclusions, including violations of 18 U.S.C. § 1343 and the Arms Export Control Act, which are inappropriate subjects for requests for admission under Fed. R. Civ. P. 36(a)(1)(A). The use of conclusory and inflammatory language such as "wire fraud" and "wrong" renders the request argumentative and not susceptible to a simple admission or denial.

Subject to and without waiving the foregoing objections, Responding Party denies the request. Responding Party denies the existence of "The Gatalog" as a cohesive entity, denies that he has participated in any activity constituting wire fraud or any violation of ITAR or the Arms Export Control Act, and denies that he has any knowledge of any such conduct by others.

**Response to Request for Admission No. 52:**

Objection. Responding Party John Elik objects to this request on the following grounds:

- **Compound and improper form**: The request comprises multiple independent factual assertions and legal conclusions, rendering it improper under Fed. R. Civ. P. 36(a)(2), which requires each request to be "simple, direct, and limited to the facts."
- **Calls for a legal conclusion**: The request asks Responding Party to admit to alleged violations of federal statutes and regulations, including ITAR, EAR, and the National Firearms Act, which are complex legal conclusions and not proper subjects for requests for admission. See *Middle District Discovery (2021)* § II.E.3.
- **Argumentative and prejudicial**: The request employs inflammatory language and conclusory labels such as "illegally published," "violates," and "illegal transmission," which are designed to assert disputed issues in the form of a question and are improper for Rule 36 discovery.
- **Assumes disputed facts**: The request assumes, without foundation, the existence of "The Gatalog" as an enterprise capable of coordinated action, which is a central disputed fact in this litigation and denied throughout.
- **Vague and unintelligible**: Terms like "leadership," "Rogue 9," and "defense-related technical data" are undefined and vague, and the request cites documents and communications not attached or identified with sufficient specificity to permit a meaningful response. It is therefore unintelligible under Rule 36(a)(4).

Subject to and without waiving the foregoing objections, Responding Party **denies** the request. Responding Party denies that he participated in or had knowledge of any of the alleged conduct or entities described. Responding Party further denies that "The Gatalog," as described in the Counterclaim, exists or operated in the manner alleged. To the extent the request implies that production of NFA items is categorically illegal, Responding Party denies that premise as well, as the lawful manufacture and possession of such items is permitted under federal law with proper compliance.

**Response to Request for Admission No. 53:**

**Objection.** Responding Party John Elik objects to this request on the following grounds:

- **Improper compound structure**: This request contains at least three separate factual assertions regarding (1) the intent of "The Gatalog," (2) alleged statements by Mr. Elik, and (3) the legal characterization of those alleged statements, in violation of Fed. R. Civ. P. 36(a)(2), which requires that each request be simple and limited to a single fact.
- **Calls for legal conclusions**: The request improperly demands admissions regarding knowledge, intent, and alleged violations of the International Traffic in Arms Regulations (ITAR), which are complex legal issues, not factual matters suitable for Rule 36 requests. See *Middle District Discovery (2021)* § II.E.3.
- **Assumes disputed facts**: The request presupposes the existence of "The Gatalog" as an organized entity with the capacity for criminal intent, which is a heavily disputed issue in the case and denied by Responding Party.
- **Vague and unsupported**: The request makes reference to an alleged statement attributed to Mr. Elik without identifying when, where, or to whom it was made, rendering it vague and unintelligible under Rule 36(a)(4). This makes a meaningful admission or denial impossible without speculation.
- **Prejudicial and argumentative**: The phrasing "willful disregard for federal law" is conclusory, argumentative, and not appropriate for a request for admission. Such language transforms the request into a rhetorical assertion rather than a proper discovery device.

**Subject to and without waiving the foregoing objections**, Responding Party **denies** the request. Responding Party denies that "The Gatalog," as described in the Counterclaim, exists or acted with any such intent. Responding Party further denies making any such acknowledgment or statement as alleged. To the extent the request relies on a disputed interpretation of ITAR, Responding Party notes that numerous exemptions exist and that the U.S. State Department has not taken a blanket position that "firearm data" is subject to ITAR restrictions. Indeed, prior litigation initiated by Defense Distributed failed to establish standing because of that very issue.


**Response to Request for Admission No. 54:**

**Objection.** Responding Party John Elik objects to this request on the following grounds:

- **Improper compound structure**: The request contains multiple assertions, including (1) the existence of "The Gatalog," (2) its interpretation of federal law, (3) the nature of its intent, and (4) its knowledge of legal and factual materials. This violates Fed. R. Civ. P. 36(a)(2), which requires requests to be "simple and direct" and limited to a single fact.
- **Calls for legal conclusions**: The request improperly seeks admissions as to a legal interpretation of the Export Administration Regulations (EAR) and whether a purported entity "deems" such laws applicable. This is not a proper use of Rule 36, which is limited to facts, the application of law to fact, or the genuineness of documents—not abstract legal conclusions. See *Middle District Discovery Handbook* § II.E.3.
- **Assumes existence of disputed entity**: The request presumes the existence of an organized enterprise called "The Gatalog" with legal capacity, intent, and

internal decision-making procedures. This is a central factual and legal dispute in the case and is expressly denied by Responding Party.

- **Vague and speculative**: The request does not identify any factual basis for the alleged "position" of "The Gatalog," nor does it cite any communication, statement, or publication in support. This vagueness makes it impossible to admit or deny without speculation, contrary to Fed. R. Civ. P. 36(a)(4).
- **Prejudicial and argumentative**: The phrase "knowingly and intentionally, after full opportunity for consideration of all available legal and factual resources" is conclusory and argumentative, rendering the request improper under Rule 36.

**Subject to and without waiving the foregoing objections**, Responding Party **denies** the request. Responding Party specifically denies the existence of "The Gatalog" as any kind of enterprise or entity with legal personhood or intent, as alleged. Responding Party further denies having any role in or knowledge of any entity purporting to make legal determinations regarding the EAR regime. To the extent any inference is made that Responding Party disregards export control laws, such inference is categorically false and denied.


**Response to Request for Admission No. 55:**
**Objection.** Responding Party John Elik objects to this request on the following grounds:

- **Improper compound structure**: This request contains at least three separate factual assertions—(1) that "The Gatalog" currently lacks an EAR-compliant license, (2) that it never had such a license, and (3) that it will never obtain one. This violates Fed. R. Civ. P. 36(a)(2), which requires requests for admission to be "simple and direct" and to address only a single fact per request.
- **Calls for legal conclusions**: The request asks Responding Party to admit or deny compliance with the Export Administration Regulations (EAR), which constitutes a legal conclusion. Rule 36 permits requests that relate to the application of law to fact, but not to abstract legal conclusions or speculative future conduct. See *Middle District Discovery Handbook* § II.E.3.
- **Speculative and argumentative**: The phrase "will never obtain one" speculates about future events and motives and improperly implies a state of mind or intent not tied to any factual basis. Responding Party cannot admit or deny speculative predictions.
- **Assumes existence of a disputed entity**: The request presumes the existence of "The Gatalog" as an entity capable of holding licenses and making legal decisions. This is a key factual and legal issue in dispute, and Responding Party denies the existence of "The Gatalog" as a cognizable legal entity or enterprise.
- **Vague and undefined terms**: The phrase "EAR-compliant license or permission" is undefined and vague. The EAR regime provides multiple pathways for authorization, including license exceptions and public availability exemptions. The failure to specify the relevant part of the regime renders the request unintelligible and improper under Fed. R. Civ. P. 36(a)(4).

**Subject to and without waiving the foregoing objections**, Responding Party **denies** the request. Responding Party denies that "The Gatalog" exists as alleged and denies that any such entity, assuming arguendo it existed, holds or has held any license under

the EAR or has taken any position with respect to the EAR. Responding Party further notes that the counterclaim's characterization of export control regulations reflects fundamental misunderstandings of the EAR regime, including but not limited to how licensing and exemptions function under them.


**Response to Request for Admission No. 56:**
**Objection.** Responding Party John Elik objects to this request on the following grounds:
- **Assumes the existence of a disputed entity**: The request presumes "The Gatalog" exists as an organized enterprise or legal person capable of holding and publicly asserting policy positions. Responding Party expressly disputes the existence of "The Gatalog" as a cognizable entity or association. Fed. R. Civ. P. 36(a)(4) requires that requests for admission be grounded in facts capable of admission or denial; here, the premise of the request is itself contested.
- **Vague and undefined terms**: The request uses the vague phrase "this view" without identifying the "view" being referred to, rendering it ambiguous. Rule 36(a)(2) requires that requests be "simple and direct," and this request fails that standard by incorporating an undefined referent.
- **Calls for speculation or attribution of motive**: The phrase "advertises this view as a feature" calls for speculation regarding the intent or marketing strategy of a group that Responding Party does not recognize as existing, let alone operating commercially. Responding Party cannot admit or deny speculative attributions of promotional conduct to a disputed entity.
- **Overly broad**: The request lacks time limitations or identification of specific communications or platforms where such advertising is purported to occur, violating the proportionality requirements of Fed. R. Civ. P. 26(b)(1) as incorporated by Rule 36 practice.

**Subject to and without waiving the foregoing objections**, Responding Party **denies** the request. Responding Party denies that "The Gatalog" exists in any form capable of adopting or advertising legal or political positions and is unaware of any material that could reasonably be construed as "advertising" a position regarding the EAR or other regulatory regimes as a "feature" of any product or service.


**Response to Request for Admission No. 57:**
**Objection.** Responding Party John Elik objects to this request on the following grounds:
- **Premised on a fictitious entity**: The request presupposes the legal and factual existence of "The Gatalog" as an entity capable of holding legal positions, forming intent, or committing criminal acts. Responding Party disputes that any such entity exists. A request for admission based on a fictitious premise cannot be admitted or denied as required under Fed. R. Civ. P. 36(a)(4).
- **Compound and internally inconsistent**: The request improperly combines allegations about the Export Administration Regulations (EAR) with criminal accusations under 18 U.S.C. § 1343 (wire fraud), while inexplicably referencing alleged violations of an entirely different regulatory scheme—the International Traffic in Arms Regulations (ITAR). This conflation renders the request

unintelligible and incapable of straightforward admission or denial. Rule 36(a)(2) requires requests to be simple and direct, which this is not.

- **Calls for legal conclusions and speculative imputations**: The request calls for a legal conclusion about the interpretation and application of complex federal regulatory regimes (EAR and ITAR) and makes unsubstantiated allegations of criminal liability. Requests for admission may not be used to compel admissions of pure legal conclusions, especially when they involve the legal status of a non-existent entity.

- **Lacks temporal specificity**: The phrase "for years" is vague and overbroad, failing to identify a specific time period in which the alleged conduct supposedly occurred, contrary to the proportionality and clarity requirements under Fed. R. Civ. P. 26(b)(1) and 36(a)(1).

**Subject to and without waiving the foregoing objections**, Responding Party **denies** the request. Responding Party denies that "The Gatalog" exists in any form capable of having a legal position regarding the EAR. Responding Party further denies the conflated and legally incoherent claim that the alleged actions of this disputed entity amount to "wire fraud" in violation of 18 U.S.C. § 1343, especially where the referenced regulation (ITAR) differs from the purported position regarding the EAR. No knowledge or information in Responding Party's possession supports any of the factual or legal assertions made in this request.


**Response to Request for Admission No. 58:**

**Objection.** Responding Party John Elik objects to this request on the following grounds:

- **Premised on a fictitious entity**: The request assumes the existence of an organization called "The Gatalog" that functions as a legal entity capable of acting, forming intent, and committing crimes. Responding Party disputes that "The Gatalog" exists in any form. A request premised on a non-existent entity is improper under Fed. R. Civ. P. 36(a)(1).

- **Compound, prolix, and unintelligible**: The request improperly combines at least three distinct factual allegations, each with different legal elements, into a single paragraph, and further appends a list of three separate purported factual sub-claims. The resulting request is compound and verbose in violation of Rule 36(a)(2), which requires that each request be "simple, direct and concise."

- **Calls for a legal conclusion about criminal liability**: The request improperly seeks an admission as to whether conduct constitutes "wire fraud" under 18 U.S.C. § 1343 and whether any alleged publication violated the EAR or ITAR. Requests that call for admission of criminal liability or pure legal conclusions are improper.

- **Vague and temporally unbounded**: The phrase "repeatedly posted on the internet without restriction" is vague and lacks a defined scope. Likewise, "in the last ten years" is overbroad and fails to specify a relevant or proportional timeframe, particularly where the complaint does not provide specific dates or identify particular files with clarity. Fed. R. Civ. P. 26(b)(1).

- **Fails to identify relevant "determinations"**: The request references legal conclusions attributed to the Department of Commerce under 15 C.F.R. § 734.7(c), yet fails to specify any final agency action or published determination applying that

regulation to any file at issue. The lack of particularity renders the request speculative and ambiguous.

**Subject to and without waiving the foregoing objections**, Responding Party **denies** the request. Responding Party denies the existence of "The Gatalog" as an enterprise or legal entity of the sort described. Responding Party further denies that any such entity or group has engaged in the conduct alleged. To the extent the request suggests that the referenced conduct constitutes wire fraud or violations of ITAR or EAR, Responding Party denies those legal conclusions. Moreover, the undersigned is unaware of any legally binding "determinations" by the Department of Commerce applicable to the files referenced in the counterclaim or this request.

**Response to Request for Admission No. 59:**

**Objection.** Responding Party John Elik objects to this request on the following grounds:

- **Improper compound structure**: This request contains at least three distinct factual assertions, including: (1) that "The Gatalog" acted with intent to violate the EAR; (2) that Responding Party acknowledged the risk of prosecution; and (3) that he stated he and another individual would not face consequences. Each of these constitutes a separate matter that should be stated in a separate request, in violation of Fed. R. Civ. P. 36(a)(2).
- **Improper reliance on a fictitious entity**: The request presumes the existence of an entity or legal association called "The Gatalog" capable of forming intent and acting with legal consequences. Responding Party expressly disputes that "The Gatalog," as described in the Second Amended Counterclaim, exists as an enterprise or legal person. The request is therefore defective on its face.
- **Calls for legal conclusions**: The request improperly seeks admission of legal conclusions regarding the applicability and violation of the Export Administration Regulations (EAR) and Responding Party's alleged "willful disregard" of federal law. Rule 36 does not permit requests that call solely for legal conclusions without tying them to specific facts.
- **Vague and unparticularized**: The request refers to "each of these respects," an undefined phrase referring to prior allegations, rendering the request ambiguous and incapable of a clear, binary admission or denial.
- **Assumes facts not in evidence**: The request misrepresents the contents of statements or positions allegedly taken by Responding Party, including unverified claims about "acknowledging" legal risk and making predictions about legal consequences. These attributions are unsupported by citation to any specific communication or context.

**Subject to and without waiving the foregoing objections**, Responding Party **denies** the request. Responding Party denies the existence of "The Gatalog" as an enterprise or legal entity capable of acting with intent or violating federal law. Responding Party further denies that he made any statement acknowledging legal risk or asserting immunity from consequences, as misrepresented in the request. Responding Party is also unaware of any final rule or binding legal interpretation by the U.S. Department of Commerce categorically applying the EAR to the materials at issue in this litigation. To the contrary, the Department of Commerce has expressly disclaimed the binding effect of its public

FAQs and guidance documents, which do not constitute final agency action or legally enforceable interpretations of export regulations. Accordingly, the request is **denied** in its entirety.


**Response to Request for Admission No. 60:**
**Objection.** Responding Party John Elik objects to this request on the following grounds:

- **Improper legal conclusion**: This request seeks an admission that would amount to a legal conclusion—namely, that "The Gatalog" committed a specific federal crime (wire fraud under 18 U.S.C. § 1343). Such conclusions are not appropriate subjects for requests for admission under Fed. R. Civ. P. 36(a)(1)(A), which permits requests directed at facts, the application of law to fact, or opinions about either, but not pure legal conclusions.
- **Presumes a fictitious entity**: The request improperly assumes the existence of a coherent, legally cognizable enterprise known as "The Gatalog," which Responding Party expressly denies. Responding Party contends that no such entity exists outside of the stylized and unsupported allegations in the Second Amended Counterclaim.
- **Vague and conclusory**: The request fails to identify any particular conduct, publication, statement, or participant in the purported "scheme to defame and falsely disparage DEFCAD," making it impossible to assess or respond to the factual basis of the claim. The reference to "a scheme" is overly broad and conclusory.
- **Compound assertion**: The request combines multiple assertions—that a scheme existed, that it was devised, that it was executed, that it was defamatory, and that it rose to the level of criminal wire fraud. Each of these is a separate proposition that cannot be fairly answered with a general yes or no, in violation of Rule 36(a)(2).

**Subject to and without waiving the foregoing objections**, Responding Party **denies** the request. Responding Party denies that any such enterprise as "The Gatalog" exists or engaged in any coordinated scheme to defame or disparage DEFCAD. Responding Party is unaware of any conduct that would rise to the level of wire fraud as defined under 18 U.S.C. § 1343 and denies any personal involvement in or knowledge of such a scheme. To the extent DEFCAD has suffered reputational or operational harm, Responding Party asserts that such harm stems from DEFCAD's own public-facing conduct and business practices, not from any act or omission of Responding Party or any alleged "Gatalog" participant.


**Response to Request for Admission No. 61:**
**Objection.** Responding Party John Elik objects to this request on the following grounds:

- **Compound and multipart**: This request improperly combines at least ten separate assertions—each labeled (a) through (k)—into a single Request for Admission, in direct violation of Fed. R. Civ. P. 36(a)(2), which requires that each matter be "stated separately." The number and breadth of claims here make it impossible to admit or deny the request as a whole in good faith.

- **Legal conclusions and mischaracterizations**: The request calls for admissions regarding legal conclusions such as "defamation," "false disparagement," "trade libel," "tortious interference," "CFAA violations," and "wire fraud," all of which require proof of specific intent and fact-intensive inquiry inappropriate for Rule 36 admissions.
- **Improper use of "The Gatalog" as a defined enterprise**: The request assumes the existence of a structured criminal or civil enterprise called "The Gatalog," a term which Responding Party has repeatedly denied represents any legally cognizable or organized association. The repeated reliance on this fictional construct renders the request speculative and misleading.
- **Ambiguity and vagueness**: The request includes references to anonymous actors, alleged communications, and unverified security firm reports without identifying sources, dates, or specific statements, making it impossible to determine the factual basis of what is being admitted or denied.
- **Assumes facts not in evidence**: The request presumes, among other things, that Responding Party caused hacking, engaged in blackmail, and paid someone to act as a "Chief of Propaganda"—none of which are supported by any concrete or admissible evidence known to Responding Party.

**Subject to and without waiving these objections**, Responding Party **denies** Request for Admission No. 61.

Responding Party specifically denies that he ever devised or executed any "scheme" to defame or disparage DEFCAD, or that he acted on behalf of any so-called "Gatalog" enterprise. He further denies all alleged acts or statements attributed to him in subparts (a) through (k), with the exception that he recalls reposting or referencing certain public criticisms of DEFCAD that had circulated online after a reported data breach. These reposts were based on independent information provided to him by an anonymous individual, not at his direction or request, who claimed to have discovered significant and ongoing vulnerabilities in DEFCAD's user data protection. That individual stated they had contacted Cody Wilson to notify him of the vulnerability, and that Mr. Wilson responded by offering a reward in exchange for silence rather than public disclosure.

Responding Party did not solicit any such breach, had no prior knowledge of it, and had no reason to believe the information he received was false or malicious. Instead, he reasonably believed that the breach had exposed his own personal information and that of others, and that DEFCAD's failure to notify affected users raised significant ethical concerns.

Responding Party also denies that he employed or directed any person named "Stroke," or participated in any coordinated propaganda campaign. To the extent memes like the "FEDCAD" image have circulated online, Responding Party notes that DEFCAD and its affiliates have themselves reposted such material without disclaimer or clarification, which could reasonably be construed as ratification or acknowledgment of its underlying substance.

Accordingly, the request is **denied in full**.

**Response to Request for Admission No. 62:**
**Objection.** Responding Party John Elik objects to this request on the following grounds:

- **Calls for a legal conclusion**: The request improperly seeks an admission as to whether Responding Party engaged in "trade libel," a legal conclusion requiring proof of falsity, malice, publication, causation, and damages. Rule 36 does not permit requests for admission that call for conclusions of law.
- **Speculative and vague**: The request offers no source, context, or definable metric for what constitutes "consistent and successful" trade libel, nor does it identify any particular publications or statements by Responding Party that allegedly gave rise to the supposed public reception of the lawsuit as the "FEDCAD lawsuit." This lack of specificity renders the request vague and ambiguous.
- **Improper use of fictitious enterprise**: The request continues to rely on the counterclaim's fictionalized concept of "The Gatalog enterprise," which has no recognized legal existence, structure, or continuity, and has been consistently denied as a fabrication used to conflate independent individuals and entities for rhetorical and strategic effect.
- **Assumes facts not in evidence**: The request presumes that third-party expressions of public support for Fuddbusters or MAF Corp are attributable to Responding Party or to a coordinated effort, without offering any factual support for that attribution.

**Subject to and without waiving these objections**, Responding Party **denies** Request for Admission No. 62.

Responding Party specifically denies the existence of any coordinated "Gatalog enterprise," denies making or directing any statements constituting trade libel against DEFCAD, and denies any role in shaping public perception of the lawsuit referenced. To the extent any online observers used the term "FEDCAD lawsuit," such usage reflects public commentary based on DEFCAD's own conduct, reputation, and response to criticism—not any act or statement attributable to Responding Party.

Moreover, the existence of independent public support for Fuddbusters or MAF Corp, if true, does not demonstrate any wrongdoing by Responding Party, much less "successful" trade libel. Public support is a constitutionally protected form of speech under the First Amendment and does not transform criticism or commentary into a tortious act.

Accordingly, the request is **denied in full**.


**Response to Request for Admission No. 63:**

**Objection.** Responding Party John Elik objects to this request on the following grounds:

- **Compound and improper form**: This request contains multiple distinct factual assertions and subparts (at least four), each of which is independently complex and should have been presented as separate requests under Federal Rule of Civil Procedure 36(a)(2). A responding party cannot fairly admit or deny a compound request in a single binary response.
- **Calls for legal conclusion**: The request characterizes statements as "defamation" and "false disparagement," both of which are legal conclusions requiring findings of falsity, publication, damages, and fault. Requests for admission may not compel the responding party to concede the ultimate legal issue.
- **Vague and ambiguous**: The request uses unclear and undefined terms such as "injurious false statements," "supposedly explaining," and "on behalf of The

Gatalog," which lack factual specificity and fail to provide a basis for an informed admission or denial. This vagueness renders the request objectionable under Rule 36.

- **Assumes facts not in evidence**: The request assumes that Elik was acting "on behalf of The Gatalog," that a unified enterprise called "The Gatalog" exists, and that the alleged statements were both made and false—all without evidentiary support. These assumptions are improper in discovery.

- **Improper foundation**: The request implies that the deletion of posts is circumstantial evidence of wrongdoing, without providing any foundation for that implication. Rule 36 does not authorize rhetorical framing or insinuation as a means of obtaining admissions.

**Subject to and without waiving these objections**, Responding Party **denies** Request for Admission No. 63.

Responding Party denies making any false or defamatory statements about Defense Distributed, DEFCAD, or Cody Wilson. Responding Party further denies that any statements he made were made "on behalf of The Gatalog," a term that refers to a fictitious and rhetorical construct with no legal or organizational existence. To the extent any statements were made, they were made in Responding Party's personal capacity and were truthful or constituted constitutionally protected opinion or commentary.

Responding Party denies the specific allegations in subparts (a) through (c). Any statement referencing lack of trust in DEFCAD or concerns regarding its relationship with third parties was based on genuine concerns about transparency, data security, and past conduct. Additionally, Responding Party never received any offer of payment or profit share from Defense Distributed and never agreed to pay or was asked to pay any amount in connection with the Everytown litigation.

As to subpart (d), Responding Party states that he deleted posts on social media after receiving a credible death threat and following the public posting of his home address, which he believes was facilitated by Cody Wilson in an effort to intimidate him and cause self-censorship. These deletions were made to protect personal safety and not in response to any litigation hold or legal obligation. At the time, no preservation demand had been issued by any party.

Accordingly, the request is **denied in full**.


**Response to Request for Admission No. 64:**
**Objection.** Responding Party John Elik objects to this request on the following grounds:

- **Assumes facts not in evidence**: The request presumes without evidentiary foundation that Responding Party was acting "on behalf of The Gatalog," a purported entity that lacks any established legal identity or operational structure. The request also assumes that Defense Distributed has "customers," a term which is not defined and may not be applicable under the facts.

- **Calls for legal conclusion and characterization**: The request characterizes statements as urging "fraud" or "bullying," both of which imply unlawful or unethical conduct, without providing context or definitions. These labels seek to elicit admissions to legal conclusions, which is improper under Fed. R. Civ. P. 36.

- **Vague and ambiguous**: Terms such as "publicly called on," "customers," and "bully" are vague and susceptible to multiple interpretations, rendering the request incapable of a simple admission or denial.
- **Improper compound form**: The request contains two distinct assertions (one regarding "chargebacks for fraud," and another regarding "bullying" of DEFCAD users), each of which should have been separately stated under Rule 36(a)(2).

**Subject to and without waiving the foregoing objections**, Responding Party **denies** Request for Admission No. 64.

Responding Party denies that any statements made were made "on behalf of The Gatalog," which is a rhetorical construct without legal or organizational existence. Any statements Responding Party made regarding chargebacks or consumer recourse were general observations or opinions directed at individuals who felt misled or defrauded, and such opinions are protected under the First Amendment and consumer rights doctrines.

Responding Party denies encouraging "bullying" of any kind, and specifically denies promoting any conduct that would constitute harassment, intimidation, or coercion. Any commentary by Responding Party regarding others' continued use of DEFCAD was offered in the context of ongoing public debate and reflected Responding Party's personal opinion and protected speech.

Accordingly, the request is **denied in full**.


**Response to Request for Admission No. 65:**

**Objection.** Responding Party John Elik objects to this request on the following grounds:

- **Improper legal conclusion and pejorative characterization**: The request characterizes certain speech as "the lie about DEFCAD's database being dumped," and refers to an image as "doctored," without providing factual foundation or clarification. Such characterizations improperly call for a legal conclusion or moral judgment rather than an admission of fact.
- **Assumes facts not in evidence and presupposes a legal entity**: The request assumes that "The Gatalog" exists as a cognizable entity capable of concerted action. Responding Party has repeatedly denied the existence of "The Gatalog" as described in the Counterclaim, and the request improperly presumes a structure, hierarchy, and collective intent that have not been proven or pled with clarity.
- **Compound and vague**: The request includes multiple factual assertions—(1) that "The Gatalog" acted in concert, (2) that it "promoted a lie," (3) that a specific image was "doctored," (4) that the image was purported to be from DEFCAD's Twitter account, (5) that it garnered "100k views," and (6) that it received "many disgusted replies." Each is a distinct assertion and should be stated separately under Fed. R. Civ. P. 36(a)(2). The lack of specificity regarding who allegedly created, posted, or shared the image renders the request unanswerable in binary form.
- **Lacks specificity and evidentiary reference**: The request fails to attach or identify the purported "doctored image," preventing meaningful admission or denial.

**Subject to and without waiving the foregoing objections**, Responding Party **denies** Request for Admission No. 65.

Responding Party denies having acted "in concert" with anyone to publish or promote any
knowingly false claims about DEFCAD's database, and specifically denies knowledge of
or involvement with any alleged "doctored image" purportedly circulated in October 2023.
Responding Party further denies the implication that he intended to mislead others
regarding the security or practices of DEFCAD or its associated platforms.


**Response to Request for Admission No. 66:**
**Objection.** Responding Party John Elik objects to this request on the following grounds:

- **Assumes facts not in evidence and presumes existence of a legal entity**: The
  request presupposes that "The Gatalog" is a cognizable legal or organizational
  entity capable of agency and intent. Responding Party has denied the existence
  of "The Gatalog" as described in the Counterclaim and objects to any request that
  assumes such a structure.
- **Calls for a legal conclusion and contains argumentative phrasing**: The
  request characterizes statements as "malicious" and falsely made "on behalf of
  The Gatalog," which improperly embeds a legal conclusion and imputes motive
  and agency not supported by established facts.
- **Compound and vague**: The request combines multiple factual assertions—(1)
  that Responding Party made a statement, (2) that it was made "on behalf of The
  Gatalog," (3) that it was "maliciously and falsely advertised," and (4) that it
  pertained to DEFCAD's ITAR/EAR compliance. The request lacks specificity as to
  the date, platform, or content of the alleged advertisement, preventing a
  straightforward binary admission or denial under Fed. R. Civ. P. 36(a)(2).

**Subject to and without waiving the foregoing objections**, Responding Party **denies**
Request for Admission No. 66.
Responding Party denies that he made any false or malicious advertisement in August
2024 or at any other time stating that DEFCAD is "making up its legal positions" or
"compliance measures" regarding ITAR or EAR regulations. To the extent Responding
Party has expressed opinions about the inconsistency or implausibility of DEFCAD's
stated positions in publicly available documents or filings, such commentary reflects
genuine disagreement and public discourse, not false advertising or malicious conduct.


**Response to Request for Admission No. 67:**
**Objection.** Responding Party John Elik objects to this request on the following grounds:

- **Improper assumption of agency and organizational existence**: The request
  assumes that "The Gatalog" is a real legal or organizational entity capable of acting
  through agents, which Responding Party denies. The request further assumes that
  Mr. Holladay made statements "on behalf of" such an entity, a characterization not
  supported by evidence.
- **Calls for speculation and lacks specificity**: The request fails to identify the
  context, platform, or content of the alleged advertisement, rendering it vague.
  Responding Party cannot admit or deny an ambiguous assertion involving
  unidentified statements allegedly made by another person.

- **Not directed at Responding Party's own conduct**: The request asks Responding Party to admit or deny statements purportedly made by Alexander Holladay, rather than actions or knowledge attributable to Responding Party himself. Rule 36 is not intended to compel admissions about the independent actions of third parties.

**Subject to and without waiving the foregoing objections**, Responding Party **denies** that he has knowledge sufficient to confirm or deny whether Alexander Holladay made such a statement "on behalf of The Gatalog" in September 2024. Responding Party further denies the existence of "The Gatalog" as an entity capable of having statements made on its behalf, and denies that he participated in or authorized any such alleged advertisement.


**Response to Request for Admission No. 68:**
**Objection.** Responding Party John Elik objects to this request on the following grounds:
- **Improper legal conclusion**: The request calls for a legal conclusion regarding the alleged commission of a federal crime (extortion under 18 U.S.C. § 1951), which is not a proper subject for a request for admission under Rule 36(a)(1).
- **Vague and conclusory**: The request is vague and lacks any factual basis identifying who allegedly committed extortion, when, or by what conduct, making it impossible to respond in good faith.
- **Assumes facts not in evidence and mischaracterizes entities**: The request assumes the existence of "The Gatalog" as a real, functioning legal entity capable of "competing" and committing federal crimes. Responding Party denies that such an entity exists as described in the counterclaim and objects to the repeated reliance on this fictional framing.
- **Compound and argumentative**: The request improperly conflates purported competitive conduct with criminal allegations in a conclusory manner.

**Subject to and without waiving the foregoing objections**, Responding Party **denies** that he has engaged in or is aware of any person engaging in extortion in competition with Defense Distributed, and further denies the existence of "The Gatalog" as described in the counterclaim.


**Response to Request for Admission No. 69:**
**Objection.** Responding Party John Elik objects to this request on the following grounds:
- It **calls for a legal conclusion** as to alleged violations of 18 U.S.C. § 1951 (extortion), which is not a proper purpose for a request for admission under Rule 36(a)(1)(A) of the Federal Rules of Civil Procedure.
- It is **compound, vague, and argumentative**, bundling multiple alleged acts, actors, and purported threats into a single request, and is therefore not susceptible to a simple admission or denial as required by Rule 36(a)(4).
- It **assumes facts not in evidence**, including the existence of a coherent entity known as "The Gatalog," alleged threats of economic harm, and purported agency relationships between Mr. Elik and other individuals. Responding Party specifically disputes these foundational premises.

- It **mischaracterizes communications** and **ignores context**, particularly omitting Counterdefendant Cody Wilson's admitted failure to follow through on promises of compensation, and his attempts to condition payment on Responding Party's silence.

**Subject to and without waiving the foregoing objections**, Responding Party **denies** that he, or any fictional "Gatalog" enterprise, used threats of economic harm or public disparagement to coerce payments from Defense Distributed or interfere with its business operations.

Responding Party further states as follows:

To the extent Counterplaintiff refers to a conversation or communications around April 29, 2021, Responding Party recalls that Mr. Wilson had made several promises to compensate Responding Party for his firearm designs, which Wilson was using and promoting through DEFCAD. After an extended period of Wilson failing to follow through on his end of that agreement, Responding Party expressed a desire to reevaluate the relationship. This was met with hostility by Mr. Wilson, who became agitated and verbally aggressive.

Following Mr. Wilson's outburst, he offered Responding Party a written contract that included nondisparagement and confidentiality provisions. Responding Party declined to sign, viewing the proposed agreement as a transparent effort to buy his silence regarding Wilson's failure to fulfill his prior commitments.

Responding Party has no recollection of making any reference to chargebacks or even knowing what a credit card chargeback was at that time. The claim that Responding Party threatened to direct anyone to initiate chargebacks is false. What Responding Party did do was express his intent to tell the truth publicly—that Wilson had failed to uphold his word. Doing so is not extortion, it is protected speech.

Accordingly, this request is denied in full.


**Response to Request for Admission No. 70:**

**Objection.** Responding Party John Elik objects to this request on the following grounds:

- It is **compound, overly broad, and argumentative**, presenting multiple discrete allegations across subparts (a) through (h), each of which contains legally and factually distinct assertions. As such, the request violates Rule 36(a)(2) and (4) of the Federal Rules of Civil Procedure, which require requests to be simple, direct, and capable of straightforward admission or denial.
- It **assumes the existence of a formal entity called "The Gatalog"**, imputing intent and concerted action to a purported enterprise that Responding Party denies exists as alleged. Any reference to "The Gatalog" is therefore objected to as a mischaracterization unsupported by fact or law.
- It **calls for admissions regarding the conduct and mental states of third parties**, including Matthew Larosiere, Ms. Stroke, and others, which are not within Responding Party's personal knowledge and are improper subjects for requests for admission directed at him.
- It **relies on hearsay, unauthenticated documents, and purported court orders or private communications** not attached, cited by docket number, or otherwise incorporated, and therefore not susceptible to proper admission.

**Subject to and without waiving the foregoing objections**, Responding Party **denies** the request in full.

Specifically, Responding Party states:

Responding Party has never employed, compensated, directed, or conspired with anyone using the name "Stroke," whether through MAF Corp. or otherwise. To the extent Ms. Stroke made statements about DEFCAD, its users, or its contributors, such statements were made independently and without the direction, endorsement, or knowledge of Responding Party.

Responding Party further denies that he, Larosiere, or anyone acting "on behalf of The Gatalog," which Responding Party reiterates is a fictional construct invented by Counterplaintiff, engaged in any coordinated harassment, defamation, or commercial interference as alleged.

Responding Party is informed and believes that the individual known as LaffsDynamics ceased using the DEFCAD platform due to threats, instability, and manipulative conduct by Cody Wilson himself. Notably, Responding Party recalls that LaffsDynamics allegedly overheard a conversation in which Cody Wilson admitted that DEFCAD servers were being hosted in a foreign jurisdiction that Wilson believed U.S. authorities would be unable to access, seemingly Iran. Additionally, I understand Wilson threatened to withhold pay for medication Laffs needed unless Laffs engaged in some particular conduct desired by Wilson. If true, this revelation would explain both prior security issues and DEFCAD's subsequent reputation decline. Responding Party disclaims knowledge as to the accuracy of that claim but denies any responsibility for its disclosure or fallout.

Responding Party further states that if any threats or acts of harassment occurred, they did not originate from him, were not done on his behalf, and do not support any inference of extortionate conduct. To the extent that Defense Distributed attempts to reframe its own public relations failures and disintegrating user relationships as "extortion," Responding Party rejects that characterization as legally frivolous and factually false. Accordingly, the request is denied.


**Objection.** Responding Party John Elik objects to this request on the following grounds:

- It is **vague and conclusory**, particularly in its reference to "threats involving a crime of violence, including murder," which are undefined, lack factual specificity, and are unsupported by any cited communication, statement, or context.
- It is **compound and improperly argumentative**, embedding legal conclusions—such as the existence of competition, intent to intimidate, and commission of criminal acts—into a single request, contrary to the requirements of Federal Rule of Civil Procedure 36(a)(2) and (4).
- It **presumes the existence of "The Gatalog" as a legal or operational entity** capable of acting with unified intent, which Responding Party disputes. As previously stated, "The Gatalog" is a label applied by Counterplaintiffs to a non-existent enterprise composed of disparate individuals and activities, none of which constitute a cognizable association-in-fact under law.
- It improperly **attributes knowledge and intent to Responding Party regarding alleged threats made by others**, including any unidentified individual or third party who may have expressed hostility toward Mr. Wilson.

**Subject to and without waiving the foregoing objections**, Responding Party **denies** the request in full.

Specifically, Responding Party has never made, authorized, solicited, or endorsed any threat of violence, including murder, against Cody Wilson or any other person affiliated with Defense Distributed. Responding Party has no knowledge of any such threats being made by others "on behalf of The Gatalog," which, again, is not a real entity and does not act in concerted fashion.

To the extent any threats have been made against Mr. Wilson—if such threats exist—Responding Party categorically disclaims involvement or knowledge and denies that such conduct, if it occurred, had anything to do with him, with MAF Corp., or with any alleged "Gatalog" activity.

Accordingly, the request is denied.

**Response to Request for Admission No. 71:**

**Objection.** Responding Party John Elik objects to this request on the following grounds:

- It is **vague and unsupported**, in that it references an anonymous or unidentified "Gatalog member" without any factual basis to attribute the alleged statement to Responding Party or any known individual acting on his behalf.
- It **assumes facts not in evidence** and improperly embeds legal conclusions regarding agency, enterprise liability, and criminal conduct, including the claim that the alleged individual was "acting as an agent of the enterprise," when no such enterprise exists and no agency relationship is alleged with specificity.
- It presumes the **existence of "The Gatalog" as an organized enterprise capable of authorizing or directing threats**, which Responding Party denies as a matter of fact and law.
- The request is **not limited in scope** to any conduct of the Responding Party and instead asks for admissions regarding alleged third-party conduct without establishing any connection to the Responding Party, contrary to Fed. R. Civ. P. 36(a)(1)(A).

**Subject to and without waiving the foregoing objections**, Responding Party **denies** the request.

Specifically, Responding Party has no knowledge of the alleged November 7, 2024, message to Cody Wilson, has never made or directed such a message, and has no relationship with any individual who may have sent it. Responding Party denies that anyone has ever acted as his "agent" in any such capacity, and reiterates that he has never engaged in, authorized, or endorsed any threats of violence toward Mr. Wilson or anyone affiliated with Defense Distributed. Additionally, Responding Party denies the existence of "The Gatalog" as a cognizable enterprise or entity capable of acting through agents.

Accordingly, the request is denied in full.

**Response to Request for Admission No. 72:**

**Objection.** Responding Party John Elik objects to this request on the following grounds:

- It **calls for speculation** about the intent and credibility of an unidentified third party's alleged message, which is not attributed to Responding Party and is outside his personal knowledge.
- It **assumes facts not in evidence**, including that the sender of the alleged message was a "Gatalog member," acted on behalf of Responding Party, or that the message constituted a "credible threat of violence" as a legal or factual matter.
- It **seeks a legal conclusion** regarding the meaning and impact of the alleged message, including whether it constituted an "explicit indication of a credible threat," which is improper under Rule 36.
- It is **compound and argumentative**, as it embeds multiple factual and legal assertions under the guise of a single admission request, including allegations of calculated intent to instill fear.

**Subject to and without waiving the foregoing objections**, Responding Party **denies** the request.

Responding Party denies any knowledge of the alleged message or its contents, denies any connection to the unidentified sender, and denies the existence of any enterprise known as "The Gatalog" capable of authorizing or directing threats. Responding Party has never issued or endorsed threats of violence against Cody Wilson. To the contrary, Responding Party has personally received a mailed death threat bearing a return address associated with one of Mr. Wilson's companies, which raises serious concerns about Wilson's own conduct and motives. Accordingly, the request is denied in its entirety.


**Response to Request for Admission No. 73:**

**Objection.** Responding Party John Elik objects to this request on the following grounds:

- It **calls for speculation** as to the intent, mental state, and legal characterizations of an unidentified third party's alleged communication, which is not attributed to Responding Party.
- It **assumes facts not in evidence**, including that the sender of the alleged message was affiliated with any enterprise known as "The Gatalog," acted on its behalf, or was motivated by a desire to intimidate or disrupt any business activities.
- It improperly **calls for a legal conclusion** as to whether the alleged conduct constitutes a "crime of violence" under federal law, which is not a proper subject for a request under Rule 36.
- It is **compound, argumentative, and vague**, bundling legal interpretations with speculative factual assertions while lacking foundational specificity.

**Subject to and without waiving the foregoing objections**, Responding Party **denies** the request.

Responding Party denies any involvement in or knowledge of the alleged message, denies that any such message was sent on behalf of him or any legitimate enterprise, and denies that any such conduct was directed or supported by him. Responding Party further denies the existence of "The Gatalog" as an entity capable of agency or enterprise liability. To the extent Counterplaintiffs seek to impose liability based on anonymous internet comments or messages, their theory is unsupported by evidence or law. Moreover, Responding Party reiterates that he personally received a mailed death threat

bearing a return address linked to Mr. Wilson's company, which casts serious doubt on
the credibility and propriety of these claims. Therefore, denied.


**Response to Request for Admission No. 74:**
**Objection.** Responding Party John Elik objects to this request on the following grounds:
- It **assumes the existence of a legal entity or enterprise** known as "The
  Gatalog," which Responding Party denies exists in any organized or legally
  cognizable form.
- It **lacks specificity** as to what constitutes the alleged "pattern of intimidation
  tactics," making it **vague and overly broad** in violation of Rule 36(a)(2) of the
  Federal Rules of Civil Procedure.
- It **calls for a legal conclusion** regarding whether a "pattern" exists, which is
  improper under Rule 36.
- It **improperly imputes conduct of unspecified third parties** to Responding
  Party without identifying the actors, their alleged actions, or any factual foundation
  for the attribution.

**Subject to and without waiving the foregoing objections**, Responding Party **denies**
the request.
Responding Party denies that any threat was made on his behalf or on behalf of any entity
or group called "The Gatalog," which he reiterates does not exist as alleged. He further
denies that he has engaged in or directed any "pattern of intimidation tactics" against
Cody Wilson or anyone affiliated with Defense Distributed or DEFCAD. Any allegation of
such conduct is entirely unsupported and improperly relies on guilt-by-association tactics
aimed at discrediting individuals critical of Mr. Wilson. It is especially disingenuous for Mr.
Wilson to characterize himself as the victim of intimidation when Responding Party has
himself received a death threat mailed in an envelope bearing a return address
associated with one of Mr. Wilson's companies. Therefore, denied.


**Response to Request for Admission No. 75:**
**Objection.** Responding Party John Elik objects to this request on the following grounds:
- It **assumes the existence of an organized criminal "enterprise"** known as "The
  Gatalog," which Responding Party denies exists in any form other than as a
  rhetorical or defamatory construct created by Counterplaintiffs.
- It is **compound, vague, and overly broad**, improperly combining multiple
  separate accusations (including harassment, doxxing, threats of litigation, and
  alleged racketeering) into a single request, contrary to the requirements of Rule
  36(a)(2) of the Federal Rules of Civil Procedure.
- It **calls for a legal conclusion** as to whether certain conduct constitutes
  "racketeering activity," which is inappropriate for a request for admission.
- It **lacks factual specificity**, failing to identify which individuals allegedly
  participated in which acts, or what specific conduct is being attributed to
  Responding Party.
- It **improperly imputes responsibility** for unspecified conduct by anonymous third
  parties to Responding Party, without a factual basis for doing so.

**Subject to and without waiving the foregoing objections**, Responding Party **denies** the request.

Responding Party denies that he has participated in any acts of "intimidation," "harassment," "doxxing," or "racketeering activity" against Defense Distributed or its affiliates, and further denies knowledge of any "coordinated campaigns" as alleged. Responding Party denies any involvement in the message cited from November 7, 2024, or any association with the unnamed sender. The characterization of such events as part of a racketeering scheme is unsupported, inflammatory, and inconsistent with the facts. Moreover, it is ironic and hypocritical for Mr. Wilson to allege intimidation and harassment in light of his own conduct, including having mailed a death threat to Responding Party using a return address associated with one of his businesses. Therefore, denied.

**Response to Request for Admission No. 76:**

**Objection.** Responding Party John Elik objects to this request on the following grounds:

- It **calls for a legal conclusion** regarding the applicability of 18 U.S.C. § 1959 and whether any conduct qualifies as a "violent crime in aid of racketeering activity," which is improper under Rule 36(a)(1)(A) of the Federal Rules of Civil Procedure.
- It **assumes facts not in evidence**, including the existence of an "enterprise engaged in racketeering activity" and any "promise or agreement to pay" pecuniary value, neither of which Responding Party admits.
- It **incorporates by reference an earlier purported "threat"**, while failing to identify with specificity who allegedly made the threat, how it was communicated, or how it is supposedly connected to Responding Party.
- It is **vague, argumentative, and conclusory**, and does not request the admission of a discrete fact but rather asks Responding Party to endorse Counterplaintiffs' narrative and legal theory.
- It **attempts to impute the alleged actions of unnamed third parties** to Responding Party without any factual basis.

**Subject to and without waiving the foregoing objections**, Responding Party **denies** the request.

Responding Party denies that he made any threats or engaged in any conduct that could be construed as a violent crime or as part of any racketeering activity. Responding Party further denies the existence of any "Gatalog enterprise" as described in the counterclaim and rejects any suggestion that he acted "for consideration" or to "gain entrance to" or "increase position in" such a fictional group. The only known threats in this matter have been made by Cody Wilson, including a death threat mailed to Responding Party using the return address of a business entity controlled by Wilson. Therefore, denied.

**Response to Request for Admission No. 77:**

**Objection.** Responding Party John Elik objects to this request on the following grounds:

- It **calls for a legal conclusion**, namely whether alleged conduct constitutes a violation of 18 U.S.C. § 1030(a)(5)(A), in violation of Rule 36(a)(1)(A) of the Federal Rules of Civil Procedure.

- It **assumes the existence of "The Gatalog" as a legal or organizational entity** with employees or directors, which is a **disputed fact** and improperly embedded in the request.
- It **presumes that John Lettman is or was employed as an "IT Director"** of such an entity and that he engaged in criminal hacking activity, which Responding Party does not admit and which is **inflammatory, unsupported, and conclusory**.
- It **fails to specify the nature, date, or details of any alleged DDoS attack**, thereby making it **impermissibly vague** and preventing a precise admission or denial.
- It **mischaracterizes third-party conduct and attempts to impute it to Responding Party without any evidentiary basis**, which is improper under Rule 36.

**Subject to and without waiving the foregoing objections**, Responding Party **denies** the request.

Responding Party denies that "The Gatalog" exists in any corporate, legal, or enterprise sense as described by Counterplaintiffs, and denies that it employs any "IT Director" or other personnel. Responding Party further denies knowledge of any hacking or DDoS attacks targeting DEFCAD and is unaware of any such conduct being carried out by John Lettman or anyone acting on behalf of any alleged "Gatalog" entity. Therefore, denied.


**Response to Request for Admission No. 78:**
**Objection.** Responding Party John Elik objects to this request on the following grounds:

- It **assumes the existence of "The Gatalog" as a legal entity or organization**, which is a disputed and unsupported factual premise embedded in the request and improperly presumed.
- It **calls for a legal conclusion**, namely whether any alleged conduct violates the Computer Fraud and Abuse Act ("CFAA"), in violation of Rule 36(a)(1)(A) of the Federal Rules of Civil Procedure.
- It **lacks specificity as to time, manner, or participants**, making it **impermissibly vague** and preventing a meaningful admission or denial.
- It **improperly attributes criminal intent and conduct to Responding Party** based on conclusory language without identifying supporting facts, documents, or communications.
- It is **compound**, conflating multiple independent factual assertions into a single request.

**Subject to and without waiving the foregoing objections**, Responding Party **denies** the request.

Responding Party denies that "The Gatalog" is or was a legal or organizational entity, and denies acting "on behalf" of any such entity. Responding Party further denies ever directing or soliciting anyone to hack the DEFCAD website or falsely report such hacking. To the extent Counterplaintiffs rely on anonymous internet commentary or third-party conduct, Responding Party denies responsibility or attribution for such content. Therefore, denied.

**Response to Request for Admission No. 79:**
**Objection.** Responding Party John Elik objects to this request on the following grounds:
- It **improperly assumes the existence and agency of "The Gatalog" as an enterprise or actor**, which is a central disputed issue in this litigation and not a proper factual premise for a request under Rule 36(a).
- It **calls for a legal conclusion**, specifically the characterization of alleged conduct as Distributed Denial of Service ("DDoS") attacks, which involves technical and legal determinations not suited for admission under Rule 36.
- It is **vague and ambiguous**, particularly as to the timing, method, source, and alleged perpetrators of the "DDoS attacks," as well as what is meant by "serious."
- It is **compound**, improperly bundling multiple alleged attacks and ongoing conduct into a single request.
- It **lacks foundation and evidentiary support**, and appears to **attribute third-party conduct to Responding Party without any factual basis**.

**Subject to and without waiving the foregoing objections**, Responding Party **denies** the request.

Responding Party denies that he engaged in, directed, solicited, or was involved in any Distributed Denial of Service ("DDoS") attacks against any website, including in relation to the publication of the so-called "Black Flag White Paper." Responding Party further denies that "The Gatalog" exists as alleged, or that any group or person acting "on behalf of" such a fictional entity engaged in the conduct described. Therefore, denied.


**Response to Request for Admission No. 80:**
**Objection.** Responding Party John Elik objects to this request on the following grounds:
- It **assumes facts not in evidence**, namely that DDoS attacks have occurred and that an individual named "Lettman" has claimed responsibility for them.
- It is **vague and ambiguous**, particularly as to what "attacks" are referenced, when they allegedly occurred, what "claiming credit" entails, and where such claims were purportedly made.
- It **seeks information not within the personal knowledge of the Responding Party** and is not a proper request for admission of fact or application of law to fact under Rule 36(a).
- It appears **calculated to elicit hearsay or speculation**, rather than to narrow factual disputes for trial.

**Subject to and without waiving the foregoing objections**, Responding Party **denies** the request.

Responding Party denies knowledge of any statements in which John Lettman "claimed credit" for any alleged Distributed Denial of Service ("DDoS") attacks. Responding Party further states that he has not seen and is not aware of any such communications, and reiterates that the counterclaim's framing of "DDoS attacks" and "The Gatalog" reflect fictitious characterizations rather than objective fact. Therefore, denied.

**Response to Request for Admission No. 81:**

**Objection.** Responding Party John Elik objects to this request on the following grounds:

- It **assumes facts not in evidence**, including the occurrence of a "hack" of the website of attorney David Gingras, that such action was taken by John Lettman, and that such action was undertaken on behalf of a fictional entity.
- It is **vague and compound**, combining multiple distinct factual assertions—including an alleged hacking event, its attribution to Lettman, and a claimed statement of "approval" from two separate individuals—without identifying when, where, or how such approval was supposedly conveyed.
- It seeks an admission as to alleged **statements or actions of third parties** not within the knowledge, control, or agency of the Responding Party, and is thus not a proper request under Rule 36(a)(1).
- It refers to "The Gatalog" as if it were a recognized legal or organizational entity, which Responding Party disputes exists in any formal or coherent capacity.

**Subject to and without waiving the foregoing objections**, Responding Party **denies** the request.

Responding Party denies ever approving or authorizing any person, including John Lettman, to hack the website of attorney David Gingras or any other individual. Responding Party is not aware of any such hacking having occurred and denies any participation in, approval of, or knowledge of any such act. The characterization of "The Gatalog" as an organized enterprise is also denied. Therefore, denied.


**Response to Request for Admission No. 82:**

**Objection.** Responding Party John Elik objects to this request on the following grounds:

- It is **vague, conclusory, and compound**, purporting to impose collective liability on numerous individuals and a corporate entity without specifying what acts are being attributed to each or under what theory of liability.
- It improperly **incorporates by reference an entire section ("Part II.C") of the Second Amended Counterclaim**, in violation of Rule 36(a)(2)'s requirement that requests be "simple, direct and concise" and not require the responding party to sift through allegations scattered across other pleadings.
- It assumes the existence of an entity or enterprise called "The Gatalog," which Responding Party disputes as **fictitious and undefined** for purposes of this litigation. The purported "joint and several responsibility" for a non-existent entity is both legally incoherent and factually unsupported.
- It improperly **seeks a legal conclusion** regarding joint and several liability, which is not a proper subject for a request for admission under Rule 36(a)(1)(A) or (B), as it involves complex determinations of law and application of legal doctrines.

**Subject to and without waiving the foregoing objections**, Responding Party **denies** the request.

Responding Party specifically denies any legal or factual responsibility—joint, several, or otherwise—for the alleged activities of an entity referred to as "The Gatalog," which does not exist as a legal or organizational entity and is a fabrication of Counterplaintiff's pleading. Responding Party further denies that the individuals or entities listed acted in

concert, under a common direction, or in any way that could give rise to collective liability for any alleged wrongdoing. Therefore, denied.

**Response to Request for Admission No. 83:**
**Objection.** Responding Party John Elik objects to this request on the following grounds:

- The request is **compound and overly broad**, improperly seeking a blanket admission to multiple separate legal and factual assertions under the guise of a single numbered request. Each subparagraph (a) through (d) presents distinct, complex allegations that cannot be fairly or responsively addressed in a single admission or denial.
- The request calls for a **legal conclusion**, specifically regarding "joint and several responsibility" and participation in a "pattern of racketeering activity," which are not proper subjects for admission under Rule 36(a)(1).
- The request **assumes facts not established**, including the existence of "The Gatalog" as a real entity or enterprise, and that the named individuals and entities were part of a singular business organization with shared ownership, decision-making authority, or unlawful objectives. Responding Party disputes these foundational premises.
- The request improperly **incorporates by reference allegations from another part of the pleading ("Part II.C")**, in violation of Rule 36's requirement that requests be self-contained, direct, and simple.

**Subject to and without waiving the foregoing objections**, Responding Party **denies** the request.

Responding Party denies that "The Gatalog" exists in the form alleged or as any cognizable entity, group, or enterprise under law. He further denies that he, Larosiere, Holladay, Celentano, Stroke, Lettman, or MAF Corp. conducted, participated in, or shared control over any unified business enterprise or coordinated "racketeering activity" as alleged. Responding Party has not engaged in any shared plan or agreement with the named individuals or entities to interfere with Defense Distributed's business. Therefore, denied.

**Response to Request for Admission No. 84:**
**Objection.** Responding Party John Elik objects to this request on the following grounds:

- The request assumes the existence of "The Gatalog" and "The Gatalog Principals" as defined entities capable of committing legal wrongdoing or causing damages. Responding Party denies the existence of "The Gatalog" as any organized enterprise and objects to the use of stylized, undefined, and misleading terms.
- The request seeks an admission regarding **the financial condition and alleged damages of an opposing party**, which are outside Responding Party's personal knowledge and are not properly the subject of a request for admission under Rule 36(a)(1)(A) or (B).
- The request is **vague and speculative**, relying on an undefined and unsupported "accounting" that is not identified or produced in the counterclaim. The phrase "financial accountings of these damages" lacks specificity and fails to describe the nature, source, or methodology of any such accounting.

- To the extent the request seeks to compel Responding Party to concede causation, liability, or the accuracy of alleged damages figures in excess of $385,000, it **calls for a legal conclusion** and **invades the province of expert testimony**, rendering it improper under Rule 36.

**Subject to and without waiving the foregoing objections**, Responding Party **denies** the request.

Responding Party denies that "The Gatalog," which is a fictional term used exclusively within the counterclaim and not a real enterprise, committed any wrongdoing or caused Defense Distributed to suffer any financial harm. Responding Party further lacks sufficient information to confirm or deny Defense Distributed's alleged lost profits or accounting methodologies and therefore denies the request in its entirety.


**Response to Request for Admission No. 85:**
**Objection.** Responding Party John Elik objects to this request on the following grounds:

- The request improperly presumes the existence of a legal entity or enterprise known as **"The Gatalog" and "The Gatalog Principals,"** which Responding Party denies exists in any corporate, organizational, or legally cognizable form. The use of stylized or fictitious terms renders the request **vague, ambiguous, and misleading**.
- The request calls for a **legal conclusion** regarding alleged causation of unquantified reputational and business harms, which is improper under Rule 36(a)(1). Terms such as "irreparable," "goodwill," "disruption of business relationships," and "competitive advantages" are inherently subjective, lack definition, and are not suitable for a clear yes-or-no admission.
- The request is **not limited in time or scope**, and lacks specificity as to what conduct is alleged to have caused the purported harms, rendering the request overly broad and unduly burdensome to admit or deny.
- The request seeks an admission regarding **Defense Distributed's own mental impressions or business circumstances**, which are not within Responding Party's knowledge and are not a proper subject for admission under Rule 36(a)(1)(A) or (B).

**Subject to and without waiving the foregoing objections**, Responding Party **denies** the request.

Responding Party denies that any alleged conduct by himself or others, whether acting individually or in the fictitious construct referred to in the counterclaim as "The Gatalog," caused irreparable or unquantifiable harm to Defense Distributed. To the extent any reputational or competitive harm has occurred, Responding Party believes such harm, if real, is attributable to Defense Distributed's own actions and public conduct, or to truthfully communicated facts by others exercising their right to comment on matters of public concern.

**Response to Request for Admission No. 86:**
**Objection.** Responding Party John Elik objects to this request on the following grounds:

- The request is **vague and ambiguous** in that it relies on the undefined term "The Gatalog," which is not a legal entity or identifiable actor. As previously stated,

Responding Party denies the existence of any formal organization known as "The Gatalog" and objects to its use as a rhetorical device lacking legal meaning or definable scope.

- The request is **speculative** and calls for an admission regarding future hypothetical events and potential harm to a third party (Defense Distributed), which are not facts capable of admission or denial under Rule 36(a). A party cannot be required to admit predictions about future conduct or legal conclusions regarding injunctive relief.
- The request improperly **calls for a legal conclusion**, including the determination of whether a "pattern of wrongful conduct" exists, whether any such conduct constitutes an ongoing "threat," and whether such a threat warrants "injunctive relief," all of which are determinations for the Court, not for the responding party.
- The request is also **compound** and overly broad, as it includes multiple assertions—regarding a supposed pattern of wrongful conduct, speculative future harm, and the necessity of injunctive relief—without allowing for a clear and discrete admission or denial as to each.

**Subject to and without waiving the foregoing objections**, Responding Party **denies** the request.

Responding Party denies that he has engaged in any wrongful conduct, denies that he is part of any organization capable of committing such conduct, and further denies that he poses any ongoing threat to Defense Distributed. To the extent Defense Distributed alleges "repeated disruptions" or "irreparable harm," such allegations appear to be based on speculation, exaggeration, or misattribution of responsibility for public dissatisfaction with its own conduct.


/s/ Matthew Larosiere
*Attorney for John Elik*