UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

*Plaintiff*,

CODY RUTLEDGE WILSON, DEFCAD, Inc.,
DEFENSE DISTRIBUTED, and DIOSKOUROI
LLC,

*Defendants*.

_____

Defense Distributed,

Counterplaintiff/ Third-
Party Plaintiff,

v.

The Gatalog, Matthew Larosiere, John Elik,
Alexander Holladay, Peter Celentano, Josh
Kiel Stroke, John Lettman, and MAF Corp.

Counterdefendants.

_____/

<u>JOHN LETTMAN'S RESPONSES TO DEFENSE DISTRIBUTED'S FIRST SET OF
INTERROGATORIES</u>

**General Objections to Definitions**

**Objection to Definition No. 1 ("Person"):**
Counterdefendant objects to the definition of "person" as vague, overbroad, and
inconsistent with the usage and scope contemplated by the Federal Rules of Civil
Procedure. To the extent this definition purports to expand the meaning of "person"
beyond that which is recognized in Rule 17(b) and Rule 34(a)(1), or includes informal
associations or non-juridical entities not subject to suit, Counterdefendant objects.
Counterdefendant will interpret "person" consistent with its ordinary legal usage under
the Federal Rules unless otherwise specified in an individual request.

**Objection to Definition No. 2 ("Communication"):**
Counterdefendant objects to the definition of "communication" as vague and overbroad

to the extent it encompasses internal thoughts or fails to distinguish between formal and
informal modes of transmittal, and to the extent it includes irrelevant or speculative
inquiries not reasonably calculated to lead to the discovery of admissible evidence
under Rule 26(b)(1). Counterdefendant will interpret "communication" as a tangible or
documentable transmission of information between two or more persons.

**Objection to Definition No. 4 ("Relating"):**
Counterdefendant objects to the definition of "relating" as overbroad and impermissibly
vague. As defined, the term fails to place reasonable limits on the scope of discovery
and risks encompassing irrelevant information that is neither proportional to the needs
of the case nor reasonably calculated to lead to the discovery of admissible evidence
under Rule 26(b)(1). Counterdefendant will interpret "relating to" as requiring a direct
and substantial connection to the subject matter at issue.

**Objection to Definition No. 5 ("Social media"):**
Counterdefendant objects to the definition of "social media" as vague, overinclusive,
and ambiguous as to temporal and functional scope. The definition fails to distinguish
between personal and professional accounts, private and public communications, or
material reasonably accessible under Rule 26(b)(2)(B). To the extent the definition
seeks materials from platforms not used by Counterdefendant or not within his
possession, custody, or control, it is also burdensome and irrelevant. Counterdefendant
will interpret "social media" as limited to content affirmatively published or made publicly
available by Counterdefendant on an account he controls.


## OBJECTION TO INSTRUCTIONS

Respondent objects to the "Definitions" and "Instructions" set forth in Defense
Distributed's interrogatories to the extent they are vague, overbroad, unduly
burdensome, inconsistent with the Federal Rules of Civil Procedure and the Local Rules
of the United States District Court for the Middle District of Florida, and improperly
expand the scope of what might otherwise be straightforward discovery requests. *See*
Middle District Discovery (2021), § IV.A. The definitions and instructions purport to
impose obligations not required under Rule 33 or applicable case law, including
multipronged requirements for "identifying" persons, documents, or acts that convert
single interrogatories into improper compound subparts. These definitions and
instructions threaten to and do convert what might otherwise be discrete interrogatories
into improper multipronged compound questions, violating Rule 33(a)(1)'s numerical
limit and the proportionality mandate of Rule 26(b)(1). Counterdefendant will interpret
the interrogatories using the ordinary meaning of the words used, subject to specific
objections where appropriate.


**Response to Interrogatory No. 1**

**Objection:** Counterdefendant objects to this interrogatory on the grounds that it is
overbroad, not reasonably limited to the claims or defenses in this action, and not
proportional to the needs of the case as required by Rule 26(b)(1), Federal Rules of

Civil Procedure. The request for *all* usernames and/or handles used over a multi-year period—regardless of platform, context, or subject matter—seeks irrelevant and potentially private information with no bearing on the claims asserted in the pleadings. It is also vague in its use of "handles" without limiting the scope to specific types of platforms or public usage. This interrogatory is further objectionable because it invades the privacy interests of Counterdefendant, including in unrelated personal or anonymous online activity, and is not appropriately tailored to discovery of relevant facts.

Subject to and without waiving the foregoing objection, respondent states:johnlettman, thejohnlettman, jny, jnyboy, thejnyboy, jny the human, jnyhuman, tiptopjny, jnysworld, mckeanarms

**Response to Interrogatory No. 2:**
**Objection:**
Responding party John Lettman objects to this Interrogatory on the grounds that it is vague and ambiguous, particularly in its use of the terms "The Gatalog," "policies," and "procedures," which are not defined and may refer to informal or pseudonymous associations, decentralized hobbyist activity, or loosely affiliated social media groups. The Interrogatory presumes the existence of a formal organization or administrative structure called "The Gatalog," which Responding Party denies, and which is not established as a legal entity or identifiable actor in this case.
This Interrogatory is further overbroad in scope and seeks information that is not proportional to the needs of the case as required by Federal Rule of Civil Procedure 26(b)(1). The phrase "all persons who have contributed" lacks any temporal limitation and would encompass speculative or informal commentary by unknown third parties, including pseudonymous individuals who are not reasonably identifiable or within Responding Party's knowledge.
To the extent the Interrogatory seeks to elicit information outside of Responding Party's personal knowledge, possession, custody, or control, it exceeds the permissible scope of Rule 33(a)(2). Responding Party also objects to the extent this Interrogatory implies knowledge or authority that he has never possessed and that has not been alleged with specificity in the pleadings.
Subject to and without waiving the foregoing objections, and based on his limited understanding of the term "The Gatalog" as a loosely used internet label associated with user-submitted 3D-printable firearm files, Responding Party states that he has no personal knowledge of any formal policies or procedures. However, to the extent any such policies exist, responding party is unaware of who could define any "policies" for it.

**Response to Interrogatory No. 3:**
Objection. Responding party John Lettman objects to this interrogatory on the grounds that it is vague, assumes facts not in evidence, and is not proportional to the needs of the case as required by Federal Rule of Civil Procedure 26(b)(1). The interrogatory assumes the existence of a formal approval process and of "branded Odysee channels"

operated under the name "The Gatalog," which is not a legal entity and is not known to Responding Party to have any centralized structure or administrative process. The terms "branded Odysee channels" and "approving" are not defined and are inherently ambiguous, as they could refer to any number of unrelated activities by unidentified individuals using shared or pseudonymous accounts.

The interrogatory further assumes that Responding Party possesses personal knowledge about the internal workings of a group or platform he is not alleged to have operated or managed, and which he does not control. To the extent the interrogatory seeks information outside Responding Party's possession, custody, or control, it exceeds the scope of permissible discovery under Rule 33(a)(2).

Subject to and without waiving the foregoing objections, Responding Party states that he lacks knowledge of any approval process relating to 3D printable firearm file uploads on any so-called Gatalog-branded Odysee channels, and is not aware of any person responsible for such a process.

**Response to Interrogatory No. 4:**

Objection. Responding party John Lettman objects to this interrogatory on the grounds that it is vague, speculative, and assumes facts not in evidence. The interrogatory presumes the existence of a payment infrastructure or monetization system related to "3D printable firearm files" allegedly "hosted" on "The Gatalog's branded Odysee channels"—a construct not known to Responding Party to exist as a legal or formal entity. The terms "payments," "receiving or making," and "branded Odysee channels" are not defined, and may encompass a wide and indeterminate range of transactions or accounts not within Responding Party's knowledge or control.

To the extent the interrogatory seeks information outside Responding Party's personal knowledge, or implies knowledge of actions taken by anonymous or third-party internet users with no established connection to Responding Party, it is not proportional to the needs of the case under Rule 26(b)(1) and is improper under Rule 33(a)(2).

Subject to and without waiving the foregoing objections, Responding Party states that he is not aware of any person responsible for receiving or making payments in connection with the alleged hosting of 3D printable firearm files on any so-called Gatalog-branded Odysee channels.

**Response to Interrogatory No. 5:**

Objection. Responding party John Lettman objects to this interrogatory to the extent it is vague and ambiguous, particularly in its use of the phrase "used in connection with," which is undefined and may be interpreted to include passive receipt, public listing, incidental reference, or unrelated mentions of a wallet address. The interrogatory is further objectionable as overbroad, lacking any temporal limitation, and not tailored to any particular claim or defense, in violation of Federal Rule of Civil Procedure 26(b)(1). It also potentially implicates privacy and security concerns, as cryptocurrency wallets may be tied to personal financial information and private keys.

Subject to and without waiving the foregoing objections, and based on a reasonable and good faith inquiry, Responding Party states: I have a donation page here, https://btcpay.ctrlpew.com/i/N5ogvQsHsAqUL4wKBpPGKD

I do not understand how it functions nor have I received any currency or cryptocurrency as a result of any activity with it. As far as I understand, this wallet is empty and never engaged                                    in                                any                                activity.

I have Bitcoin address bc1qjnlrj8k6m5hvlqr6ugwvvxp22rg0j9dzj9umfe associated with my social media account that communicates about 3D printable firearms.

I have Ethereum address 0xCf1128E9460Ec87FE3AFC73a5cb4D0E8736aeB80 associated with my social media account that communicates about 3D printable firearms.

### Response to Interrogatory No. 6:

Objection. Responding party John Lettman objects to this interrogatory on the grounds that it is vague and overbroad, particularly in its use of the phrase "public forum," which is undefined and may be interpreted to include informal or incidental conversations on social media, private group chats, or other platforms not traditionally understood to be public or accessible to the general public. The interrogatory is not limited in time, scope, or subject matter, and therefore exceeds the bounds of proportionality under Federal Rule of Civil Procedure 26(b)(1).

Subject to and without waiving the foregoing objections, and based on a good faith review of his recollection, Responding Party states that, to the best of his knowledge, he has not discussed this lawsuit in any public forum.

### Response to Interrogatory No. 7:

Objection. Responding party John Lettman objects to this interrogatory to the extent it is vague and overbroad, particularly in its use of the phrase "contact with law enforcement," which is undefined and may include incidental, passive, or non-substantive interactions. The term "regarding 3D printable firearm files" is also ambiguous and lacks sufficient specificity to allow for a precise response. Without limitation as to time, jurisdiction, or context, the interrogatory is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Subject to and without waiving the foregoing objections, and based on a good faith inquiry and recollection, Responding Party states that, to the best of his knowledge, he has had no contact with law enforcement regarding 3D printable firearm files.

### Response to Interrogatory No. 8:

Objection. Responding party John Lettman objects to this interrogatory on the grounds that it is vague and overbroad, particularly in its use of the term "administrative privileges," which is undefined and may refer to varying levels of access or technical capabilities that are not uniformly understood across platforms. The interrogatory also combines two distinct concepts—websites where files are "discussed" and those where files are "shared"—without clarifying whether both are required for inclusion. Without limitation as to time or scope, and without further defining what constitutes "accessories," the interrogatory is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Subject to and without waiving the foregoing objections, Responding Party states that he has held administrative privileges for the website located at:

https://chat.deterrencedispensed.com

To the extent that this platform could be interpreted to fall within the scope of the interrogatory, Responding Party identifies it as responsive. No other websites fall within the scope of this request based on his current knowledge.

**Response to Interrogatory No. 9:**
Objection. Responding party John Lettman objects to this interrogatory on the grounds that it is vague and overbroad, particularly as to the term "administrator," which is not defined and may refer to varying levels of technical, content, or moderation access not uniformly understood or recorded. The interrogatory also lacks any **temporal limitation**, seeking identification of "all administrators (past and present)" without specifying a relevant timeframe, which renders it disproportionate to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).
To the extent this interrogatory seeks information beyond Responding Party's personal knowledge or access rights, it exceeds the permissible scope under Rule 33(a)(2). Responding Party also reserves all objections to disclosing the identities of persons not alleged to be parties or relevant actors in the pleadings, or whose identities are otherwise speculative or tied to pseudonyms.
Subject to and without waiving the foregoing objections, and based on his understanding of the individuals involved and the scope of the site located at chat.deterrencedispensed.com, Responding Party identifies the following individuals as having held some form of administrative role or privileges during the relevant period: John Lettman, Matthew Larosiere, Alexander Holladay, and Peter Celentano.

**Response to Interrogatory No. 10:**
Objection. This interrogatory is vague and overbroad, particularly in its use of the undefined phrase "IT services," which could encompass a wide range of technical and non-technical activities. It also seeks information not reasonably calculated to lead to the discovery of admissible evidence, as it appears to request the identification of non-party individuals whose role, if any, in the allegations at issue is unclear. To the extent this request seeks the identities of persons not party to this action, it implicates privacy concerns and may seek disclosure of individuals not relevant to any claim or defense.
Subject to and without waiving the foregoing objections, and based on the instructions and definitions provided, and to the best of my present knowledge, I identify myself (John Lettman) and Alexander Holladay as persons who have provided general support or services in relation to the administration and functionality of chat.deterrencedispensed.com. This identification is based on a broad understanding of "IT services," which may include but is not limited to site maintenance, moderation tools, software configuration, or user support.

Under penalty of perjury, I declare the foregoing is true and correct to the best of my
knowledge

/s/ John Lettman


/s/ Matthew Larosiere
*Attorney for John Lettman*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

*Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc.,
DEFENSE DISTRIBUTED, and DIOSKOUROI
LLC,

*Defendants*.

_____

Defense Distributed,

Counterplaintiff/ Third-
Party Plaintiff,

v.

The Gatalog, Matthew Larosiere, John Elik,
Alexander Holladay, Peter Celentano, Josh
Kiel Stroke, John Lettman, and MAF Corp.

Counterdefendants.

_____/

## JOHN LETTMAN'S RESPONSES TO DEFENSE DISTRIBUTED'S FIRST SET OF REQUESTS FOR PRODUCTION

### OBJECTION TO INSTRUCTIONS AND DEFINITIONS

Counterdefendant objects to the "Instructions" and "Definitions" accompanying these Requests for Production on the grounds that they are vague, overbroad, unduly burdensome, and inconsistent with the discovery obligations established by the Federal Rules of Civil Procedure, the Local Rules of the Middle District of Florida, and the Middle District Discovery Handbook. These provisions improperly attempt to expand the scope of discovery well beyond the limits set by Rule 26(b)(1) and Rule 34(a),

particularly given that Respondent is a private individual, not a corporate or institutional party.

The definition of "Parties" is objectionable to the extent that it purports to include a wide array of non-parties such as agents, representatives, officers, subsidiaries, and affiliates. Respondent is not part of any corporate entity with such relationships, and this definition improperly attempts to draw in documents or communications not within his possession, custody, or control, contrary to the limits of Rule 34. Similarly, the definitions of "You" and "Your," which purport to include not only Respondent but also his attorneys, experts, and "other persons acting or purporting to act" on his behalf, are vague and imprecise. This language creates ambiguity and inappropriately assigns responsibility or access to materials that are not within Respondent's control or legal obligation to produce.

The definitions relating to documents, electronically stored information (ESI), and communications are also impermissibly broad. The term "Material," as defined, encompasses all drafts, deleted files, temporary files, metadata, internet history, caches, cookies, and other forms of system-generated or forensic data, regardless of relevance or accessibility. These demands exceed what is reasonably proportional in a dispute involving an individual counterdefendant and impose obligations more suitable for institutional litigants engaged in commercial litigation. The reference to Sedona Conference definitions does not cure the overbreadth and does not constitute binding authority in this district. Moreover, the definition of "Communication," which includes not only verbal and written exchanges but also symbols, imagery, and emojis, is so expansive and ambiguous as to be unmanageable in application and ripe for abuse.

The interpretive definitions for words like "any," "and," and "or" purport to require the most inclusive possible construction of every request, regardless of context. While some flexibility in construing discovery requests is appropriate, the one-sided imposition of maximal breadth violates the principle of proportionality and leads to ambiguity in determining what is actually being requested.

The instructions themselves compound these problems. Instruction No. 1 demands a level of labeling and categorization of documents that is infeasible for an individual litigant who does not maintain records in a formal or structured manner. Instruction No. 2 calls for production "as kept in the ordinary course of business," which is simply inapplicable to Respondent, who does not operate a business. Instruction No. 3 is especially objectionable in that it mandates native file production of ESI, the creation of a discovery log detailing the type, source, and electronic ID of each file, the generation of load files compatible with commercial document review platforms, and the use of secure file transfer protocols. These technical and labor-intensive requirements are vastly disproportionate to the needs of this case and are not appropriate for discovery

directed to an individual, particularly one who has not engaged in any commercial activity relating to the subject matter of the lawsuit.

Instruction No. 4 improperly shifts the burden of identifying non-searched sources of potentially responsive information onto Respondent, in contravention of Rule 26(g), which only requires a reasonable inquiry and good faith search. Instruction No. 6 seeks a hyper-technical privilege log that exceeds the reasonable requirements outlined in the Discovery Handbook, demanding information such as file format, job titles, and the physical location of every person involved in a privileged communication. Instruction No. 7 imposes an excessive burden by requiring a detailed explanation of the circumstances under which any responsive document might no longer exist, including the identification of every person with knowledge of its loss and any other materials that might touch on the loss. This is wholly disproportionate and far beyond what the rules require.

Accordingly, Counterdefendant objects to these definitions and instructions in their entirety and will respond to the individual Requests for Production in a manner consistent with the applicable discovery rules. Where appropriate, specific objections will be interposed, and responsive documents within Respondent's possession, custody, or control that are relevant and proportional to the claims and defenses in this matter will be identified or produced. To the extent these definitions and instructions purport to impose broader obligations, they are expressly rejected.

Counterdefendant believes the instructions and definitions render each and every request for production vague, overbroad, and disproportionate to the needs of discovery. As such, Counterdefendant declines to respond to any request covered by the abusive, boilerplate instructions provided. Subject to and without waiving that objection, Respondent proceeds now to the requests, giving words their plain meaning and ignoring all of Defense Distributed's abusive, boilerplate definitions and instructions:


**Response to Request for Production No. 1**
**Objection:** Responding Party objects to this request as overbroad and unduly burdensome to the extent it seeks "all communications" without regard to form, scope, or proportionality. The request further seeks materials protected by the attorney–client privilege and attorney work product doctrine, including but not limited to communications between Responding Party and Matthew Larosiere, who is serving as Responding Party's counsel in this litigation. Responding Party objects to the request's incorporation of pseudonymous figures whose identities are unknown or speculative, including "Pla.boi," "UberClay," "ArmedJ0y," and "Pablo Diaz /Bloblems," and to the demand for "any business relationship" as vague and not reasonably limited in scope. Responding Party further objects to the extent the request purports to require identification or production of communications that Responding Party is not aware exist, cannot reasonably access, or cannot identify based on the vague or shifting designations in the Counterclaim. Responding Party also objects to the demand for "any material relating to Defense Distributed" as facially overbroad and not tailored to the claims or defenses in this action.

**Subject to and without waiving the foregoing objections**, Responding Party states as follows:

Responding Party is not aware of and has not located any responsive communications with Peter Celentano, or with persons using the monikers "Pla.boi," "UberClay," "ArmedJ0y," or "Pablo Diaz /Bloblems." Responding Party does not know any individual by the name "Josh Kiel Stroke," and has therefore not located responsive communications with that individual.

Responsive communications, to the extent they exist and are not protected by privilege, between Responding Party and John Elik or Alexander Holladay are attached. Some communications with Matthew Larosiere, who is acting as Responding Party's legal counsel, are withheld on the basis of attorney–client privilege.

Responding Party reserves all rights as to the relevance, admissibility, and confidentiality of any documents produced.


**Response to Request for Production No. 2**

**Objection:** Responding Party objects to this request as vague and ambiguous as to the terms "digital firearm file transfers" and "foreign entities or individuals," and further objects to the extent it assumes facts not established in the record. The request also seeks information that is neither relevant to any claim or defense in this action nor proportional to the needs of the case. Responding Party further objects to the inclusion of pseudonymous or unidentified entities such as "ZeCarioca," "ImmortalRevolt," and "JStark," where the identities of such persons are speculative or unknown.

**Subject to and without waiving the foregoing objections**, Responding Party states that he has not located any communications responsive to this request and is not aware of any such communications in his possession, custody, or control.


**Response to Request for Production No. 3**

**Objection:** Responding Party objects to this request as overbroad and not limited to materials relevant to any claim or defense in this action. The request is also vague as to the term "Material" and as to whether "payment" includes incidental services or indirect contributions. Responding Party further objects to the inclusion of URLs that are not alleged to be owned, controlled, or maintained by him, which renders the request unduly burdensome and not proportional to the needs of the case.

**Subject to and without waiving the foregoing objections**, Responding Party states that he has not located any responsive materials in his possession, custody, or control.


**Response to Request for Production No. 4**

**Objection:** Responding Party objects to the extent the request assumes the existence of a "claim" by him in this action, as he has not asserted any counterclaims or affirmative claims for relief. The request also calls for legal conclusions and lacks specificity as to what type of "Material" is sought. Subject to these objections and to the extent any interpretation of this request could apply to public commentary or online discussions, Responding Party responds as follows:

**Subject to and without waiving the foregoing objections**, Responding Party identifies the following publicly available resource:

- https://www.immuniweb.com/darkweb/defcad.com/l21ZuBdD/

To the extent any other non-privileged material comes into his possession, custody, or control, Responding Party will supplement this response in accordance with Rule 26(e), Fed. R. Civ. P.


**Response to Request for Production No. 5**
**Objection:** Responding Party objects to the extent the request assumes he has made a "claim" in this action that DEFCAD "has been hacked and dumped multiple times." Responding Party has not asserted any counterclaims or affirmative claims for relief in this matter. The request further calls for a legal conclusion and is vague as to the meaning of "dumped." Subject to and without waiving these objections, Responding Party responds as follows:
**Subject to and without waiving the foregoing objections**, Responding Party identifies the following publicly available source which, to the best of his understanding, reflects potential evidence of an unauthorized breach of DEFCAD systems:

- https://www.immuniweb.com/darkweb/defcad.com/l21ZuBdD/

To the extent any other non-privileged material comes into his possession, custody, or control, Responding Party will supplement this response in accordance with Rule 26(e), Fed. R. Civ. P.


**Response to Request for Production No. 6**
**Objection:** Responding Party objects to this request to the extent it mischaracterizes his position in this litigation by assuming he has made a "claim" that DEFCAD "stole" from him or from any other Counterdefendant. Responding Party has not asserted any claims or counterclaims in this action, and he is not aware of any such claim being asserted on his behalf. The term "stole" is also vague and undefined, and the request seeks information not relevant to any party's claim or defense under Rule 26(b)(1), Federal Rules of Civil Procedure.
**Subject to and without waiving the foregoing objections**, Responding Party states that he has no responsive materials in his possession, custody, or control because he has made no such claim.


**Response to Request for Production No. 7**
**Objection:** Responding Party objects to this request to the extent it implies or assumes that he has engaged in or discussed any disruption of Attorney David Gingras' website. The request is also overbroad and vague as to the term "disrupted," which is undefined and subject to multiple interpretations. To the extent the request seeks documents not relevant to any party's claims or defenses and not proportional to the needs of the case, it is objectionable under Rule 26(b)(1), Federal Rules of Civil Procedure.
**Subject to and without waiving the foregoing objections**, Responding Party states that he has no responsive materials in his possession, custody, or control.


**Response to Request for Production No. 8**

**Objection:** Responding Party objects to this request as overbroad and vague, particularly in its use of the terms "management," "alteration," and "records or communications," which are undefined and may encompass a wide array of unrelated or routine activity. The request is also objectionable to the extent it seeks documents not relevant to any claim or defense and is not proportional to the needs of the case, in violation of Rule 26(b)(1) of the Federal Rules of Civil Procedure.

**Subject to and without waiving the foregoing objections**, Responding Party states that he has no materials responsive to this request in his possession, custody, or control.

/s/ Matthew Larosiere
*Attorney for John Lettman*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

                    *Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc.,
DEFENSE DISTRIBUTED, and DIOSKOUROI
LLC,

                    *Defendants*.

_____

Defense Distributed,

                    Counterplaintiff/ Third-
                    Party Plaintiff,

v.


The Gatalog, Matthew Larosiere, John Elik,
Alexander Holladay, Peter Celentano, Josh
Kiel Stroke, John Lettman, and MAF Corp.

                    Counterdefendants.

_____/

<u>JOHN LETTMAN'S RESPONSES TO DEFENSE DISTRIBUTED'S FIRST SET OF
REQUESTS FOR ADMISSION</u>


Counterdefendant objects to the definitions set forth in the Requests for Admission to
the extent they purport to impose obligations or constructions inconsistent with the
Federal Rules of Civil Procedure, the Local Rules of the Middle District of Florida, or the
Discovery Handbook on Civil Discovery Practice in the Middle District. Specifically,
Counterdefendant objects to the following:

The definition of "Parties" is objectionable insofar as it attempts to expand the scope of
discovery responses beyond the responding party by including "agents, representatives,
officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates."

This sweeping definition improperly suggests that a party can be compelled to admit or deny facts not within their personal knowledge, or to bind themselves to statements attributable to third parties without the requisite control or legal relationship. Under Rule 36(a)(1), requests for admission must be limited to matters "within the scope of Rule 26(b)(1)" and to facts that the party can admit or deny based on reasonable inquiry. The inclusion of loosely affiliated individuals or entities does not comport with this standard.

Similarly, the definition of "you" and "your," which extends to "agents, representatives, attorneys, experts, and other persons acting or purporting to act on [the party's] behalf," is overbroad and vague. A responding party cannot be required to answer for communications or knowledge held by persons who are neither under their control nor within the scope of their agency. This is particularly problematic in the context of requests for admission, which require direct knowledge or a reasonable basis for denial—not conjecture about what third parties may have known or done.

Finally, while the definition of "Counterclaim" is not facially objectionable, to the extent any individual request incorporates this term without clarity or specificity (e.g., referencing entire sections of the Counterclaim by shorthand or implication), Counterdefendant reserves the right to object to vagueness or ambiguity on a request-by-request basis.

Subject to and without waiving these objections, Counterdefendant will respond to the Requests for Admission based on the plain meaning of each term as used in context, and in accordance with the Federal Rules of Civil Procedure.

**Response to Request for Admission No. 1:**
Objection. Responding party John Lettman objects to this request as compound, argumentative, and not susceptible to a simple admission or denial, as required by Rule 36(a)(4) of the Federal Rules of Civil Procedure. The request improperly incorporates multiple factual and legal conclusions, including the characterization of "The Gatalog" as a "criminal racketeering enterprise," the assertion that Plaintiff Matthew Larosiere "runs" such an enterprise, and the comparative legality of Defense Distributed's conduct. These assertions go to the ultimate legal issues in dispute and are framed in an inflammatory and conclusory manner, rendering the request improper under Rule 36.
Subject to and without waiving the foregoing objections, and construing this request narrowly as an attempt to characterize the nature of Plaintiff's claims and Mr. Lettmans alleged involvement, Responding Party denies the request. He denies any knowledge of or involvement in a criminal racketeering enterprise, denies that "The Gatalog" constitutes such an enterprise, and denies that Plaintiff's claims are anything other than a standard civil copyright action arising from unauthorized use of protected works.

**Response to Request for Admission No. 2:**
Objection. Responding party John Lettman objects to this request as argumentative, compound, vague, and not capable of a straightforward admission or denial, in violation of Federal Rule of Civil Procedure 36(a)(4). The request purports to summarize the content and intent of a prior pleading, while layering it with pejorative, conclusory language—e.g., "black-market operator," "dangerously illegal means," "criminal wire fraud," and "threatened murder." These assertions involve legal conclusions and

characterizations that are not appropriate subjects for admission requests. The request also fails to clearly identify which specific document it references as the "initial pleading."

Subject to and without waiving the foregoing objections, Responding Party denies the request. He further states that, to the extent Defense Distributed's initial pleading contained references to criminal conduct, such allegations were unsupported by evidence, broadly speculative, and so poorly drafted that they lacked coherent factual or legal basis. The pleading was subsequently amended, in part, due to its lack of clarity and failure to conform to applicable procedural standards.

**Response to Request for Admission No. 3:**

Objection. Responding party John Lettman objects to this request on multiple grounds:

1. **Improper subject matter**: The request seeks admission of facts that are not relevant to any claim or defense in this action, as required by Federal Rule of Civil Procedure 36(a)(1)(A). The criminal conduct alleged—concerning a third party, an unrelated homicide, and speculative connections to unnamed individuals—is wholly unrelated to the subject matter of this civil copyright dispute.

2. **Compound and argumentative**: The request contains multiple discrete factual allegations and legal conclusions, including: (a) the timing of a crime relative to a pleading; (b) the weapon's connection to "The Gatalog"; (c) violations of ITAR/EAR; (d) social media conduct; and (e) alleged spoliation. This violates Rule 36(a)(2), which prohibits compound and argumentative requests that cannot be answered clearly with an admission or denial.

3. **Speculative and conclusory**: The request assumes facts not in evidence—namely, that (i) the alleged weapon used in the crime was derived from files associated with The Gatalog; (ii) such files violate specific export control regimes; (iii) any person associated with this litigation publicly "touted" or "covered up" any such acts; and (iv) that "pertinent" internet accounts are being deleted by the accused parties. No factual basis for these conclusions has been offered, and such allegations appear to be made for rhetorical effect rather than legitimate discovery purposes.

4. **Prejudicial and harassing**: The request appears designed to impute criminal wrongdoing and moral culpability to the Responding Party through association, rather than to elicit factual admissions material to the claims or defenses in this action. This violates the principles of proportionality under Rule 26(b)(1) and the spirit of fair discovery.

Subject to and without waiving the foregoing objections, and to the extent any response is required, Responding Party denies the request. He specifically denies that "The Gatalog" is a criminal enterprise, that he had any involvement with the alleged homicide or the person accused of committing it, and that he participated in or was aware of any so-called "coverup" or deletion of evidence. Responding Party further denies having knowledge of any EAR or ITAR violations arising from the conduct alleged.

**Response to Request for Admission No. 4:**

Objection. Responding party John Lettman objects to this request on several grounds:

1. **Not a proper request under Rule 36**: This statement does not request the admission of a specific fact, application of law to fact, or the genuineness of any described document, as required by Federal Rule of Civil Procedure 36(a)(1). Rather, it is a narrative assertion summarizing Defense Distributed's purported motives in bringing the lawsuit. It is not framed in a manner that allows a party to admit or deny it in the binary form required by Rule 36(a)(4).
2. **Argumentative and conclusory**: The request is rife with legal conclusions and rhetorical framing—including references to "illegal racketeering enterprise" and "more terrible crimes"—that go beyond the permissible scope of discovery admissions. Rule 36 does not allow discovery requests to be used as vehicles for argument or the assertion of inflammatory allegations.
3. **Speculative and assumes facts not in evidence**: The request assumes the existence of "The Gatalog" as a criminal enterprise, the occurrence of "past economic harms," and the likelihood of "more terrible crimes," all of which are disputed and unsupported by evidence at this stage of the case.
4. **Improper compound structure**: The request bundles multiple alleged facts, motives, and predictions into a single paragraph, further rendering it incapable of being answered with a straightforward admission or denial.

Subject to and without waiving the foregoing objections, and construing this as a request for admission that "The Gatalog" is an illegal racketeering enterprise that has caused economic harm and will cause further criminal acts absent injunctive relief, Responding Party denies the request. He further denies that "The Gatalog" exists as any kind of enterprise or entity, and denies that he has participated in or is aware of any conduct resembling racketeering or criminal conspiracy.

**Response to Request for Admission No. 5:**
Objection. Responding party John Lettman objects to this request on the grounds that it seeks a legal conclusion on a matter reserved for the Court and is not a proper request for admission under Federal Rule of Civil Procedure 36(a)(1). Whether the Court has original jurisdiction under 28 U.S.C. § 1331 is a question of law, not fact, and is thus outside the permissible scope of Rule 36. Courts routinely hold that requests seeking admissions as to the existence of subject matter jurisdiction are improper.

Subject to and without waiving the foregoing objections, Responding Party states that he does not dispute that Plaintiff's original claims assert causes of action arising under federal law, including the Copyright Act, which ordinarily confer jurisdiction under 28 U.S.C. § 1331. However, Responding Party denies any suggestion that all claims and counterclaims in this case are properly within the scope of federal question jurisdiction, and reserves all rights to challenge subject matter jurisdiction as to any improperly asserted claims.

**Response to Request for Admission No. 6:**
Objection. Responding party John Lettman objects to this request on the grounds that it seeks a legal conclusion concerning the Court's subject matter jurisdiction under 28 U.S.C. § 1332, which is not a proper subject for admission under Federal Rule of Civil Procedure 36(a)(1). Whether the Court has original jurisdiction based on diversity of citizenship involves a legal determination based on facts regarding the parties'

citizenship and the amount in controversy—matters that are for the Court, not a litigant, to resolve.

Further objection is made to the extent this request mischaracterizes the nature of the action. The operative complaint asserts claims under federal copyright law, not diversity jurisdiction. Moreover, there are multiple parties in this action, including individuals alleged to reside in the same state, and thus complete diversity is not apparent from the pleadings. This renders the request both factually and legally unsupported.

Subject to and without waiving the foregoing objections, Responding Party denies that this action, as pleaded, satisfies the requirements of 28 U.S.C. § 1332. Specifically, Responding Party is without knowledge sufficient to admit that complete diversity exists among all parties to the action, and he disputes that diversity jurisdiction provides a basis for the Court's original jurisdiction in this case.

**Response to Request for Admission No. 7:**

Objection. Responding party John Lettman objects to this request on the grounds that it calls for a legal conclusion concerning the Court's subject matter jurisdiction under 28 U.S.C. § 1331, which is not a proper subject for admission under Federal Rule of Civil Procedure 36(a)(1). Determining whether jurisdiction exists under federal question doctrine requires application of legal standards to pleadings and is a matter reserved for judicial determination.

Responding party further objects to the request as vague and misleading, in that it references "this action" without distinguishing between the original claims brought by Plaintiff and the counterclaims brought by Defense Distributed. The original complaint asserts claims under the Copyright Act, which may support jurisdiction under § 1331, but the cited counterclaims—including under the Racketeer Influenced and Corrupt Organizations Act (RICO) and the Lanham Act—are not the basis of the original jurisdiction and were raised subsequently.

Additionally, Responding party objects to any implied assertion that the RICO or Lanham Act counterclaims are plausibly or properly pleaded so as to invoke jurisdiction, as those counterclaims are disputed on both factual and legal grounds.

Subject to and without waiving the foregoing objections, Responding Party denies that the Court's federal question jurisdiction under 28 U.S.C. § 1331 is properly or necessarily invoked by the counterclaims asserted by Defense Distributed under RICO or the Lanham Act.

**Response to Request for Admission No. 8:**

Objection. Responding party John Lettman objects to this request on the grounds that it improperly seeks legal conclusions regarding the existence and scope of supplemental subject-matter jurisdiction under 28 U.S.C. § 1367, including the application of constitutional case-or-controversy requirements under Article III. Requests for admission must relate to facts, the application of law to fact, or the genuineness of documents—not abstract legal determinations or jurisdictional findings—under Federal Rule of Civil Procedure 36(a)(1).

Further objected to as compound and argumentative, this request bundles multiple legal assertions into a single paragraph, including (i) whether state law claims form part of the same case or controversy, (ii) whether they raise novel or complex issues of state law,

and (iii) whether they predominate over claims within the Court's original jurisdiction. Each of these is an independent legal standard, and the request's structure does not permit a straightforward admission or denial as required by Rule 36(a)(4).

Additionally, Responding Party objects to the extent the request mischaracterizes the procedural posture of the case. The action was originally filed under federal copyright law; Defense Distributed subsequently asserted counterclaims including various state law theories. Whether those state law counterclaims fall within the Court's supplemental jurisdiction remains a legal question that is actively disputed.

Subject to and without waiving the foregoing objections, Responding Party denies that all of the state law counterclaims asserted by Defense Distributed necessarily fall within the scope of the Court's supplemental jurisdiction under 28 U.S.C. § 1367, and reserves all rights to challenge the inclusion of such claims.


**Response to Request for Admission No. 9:**

Objection. Responding party John Lettman objects to this request on the grounds that it calls for a legal conclusion regarding venue under 18 U.S.C. § 1965(a), and is not a proper request for admission under Federal Rule of Civil Procedure 36(a)(1). Whether this Court is a "proper venue" under a particular statute is a legal determination based on the facts of record, and is not a fact or application of law to fact appropriately addressed through a Rule 36 request.

Responding party further objects on the basis that the request is vague and compound, improperly presuming (1) that a civil action has been brought "under 18 U.S.C. § 1964(c)," which applies only to private civil RICO claims; (2) that "The Gatalog" exists as a legal person or entity capable of being "found," "residing," or "transacting affairs"; and (3) that such a person resides in or transacts business in this district. Each of these predicates is disputed.

Responding party additionally objects on the grounds that the request mischaracterizes the nature of the parties and the claims. "The Gatalog" is not a recognized legal entity or person subject to suit, and its alleged existence as a RICO defendant is expressly denied. Therefore, any attempt to ground venue on that assumption is both factually and legally unsupported.

Subject to and without waiving the foregoing objections, Responding Party denies that "The Gatalog" is a proper party under 18 U.S.C. § 1964(c) or that it qualifies as a person who may be found, resides, or transacts affairs in this district under § 1965(a). Responding Party also denies that venue in this Court is proper based on the allegations concerning "The Gatalog."


**Response to Request for Admission No. 10:**

Objection. Responding party John Lettman objects to this request on the grounds that it calls for a legal conclusion regarding the propriety of venue under 28 U.S.C. § 1391(e)(1)(B), which is not a proper subject for admission under Federal Rule of Civil Procedure 36(a)(1). Whether venue is proper is a legal determination reserved to the Court and not appropriate for discovery requests seeking binary admissions of fact.

Further objected to on the grounds that the request is vague and misleading. It refers generically to "the claims" without specifying whether it references claims brought by

Plaintiff, counterclaims brought by Defense Distributed, or both. The request also fails to identify which "events or omissions" it relies on, making it impossible to admit or deny with specificity.

Additionally, Responding Party objects to the inclusion of 28 U.S.C. § 1391(e)(1)(B), which governs venue in actions against federal officers or agencies. That statute does not apply here, as this action does not name any officer or agency of the United States as a party. The citation appears to be either erroneous or deliberately misleading.

Subject to and without waiving the foregoing objections, Responding Party denies that venue is proper in this Court based on the standard set forth in § 1391(e)(1)(B), and denies that a substantial part of the events or omissions giving rise to the counterclaims occurred in this District.

**Response to Request for Admission No. 11:**

Objection. Responding party John Lettman objects to this request on the grounds that it improperly seeks a legal conclusion regarding the propriety of venue under 28 U.S.C. § 1391(b)(2), which is not a proper subject for admission under Federal Rule of Civil Procedure 36(a)(1). Whether venue is proper is a legal determination for the Court and not a fact or application of law to fact appropriate for a Rule 36 request.

Responding party further objects on the grounds that the request is vague, speculative, and misleading. It refers to "property that is subject to the action" without identifying what specific property is at issue. To the extent the request refers to copyrighted works, data, or digital files, it is unclear how such intangible assets would be "situated" in any particular judicial district for purposes of 28 U.S.C. § 1391(b)(2). Additionally, the request appears to assume facts not in evidence—namely, that any such property exists in this district—without providing a basis for that conclusion.

Subject to and without waiving the foregoing objections, Responding Party denies that any substantial part of the property at issue in this action is situated in the Middle District of Florida, and further denies that venue in this district is proper under 28 U.S.C. § 1391(b)(2) based on the location of any such property.

**Response to Request for Admission No. 12:**

Objection. Responding party John Lettman objects to this request to the extent it assumes facts not in evidence and misstates the relationship between various entities, including Defcad, Inc. and Defense Distributed. Further objected to on the grounds that the phrase "all relevant times" is vague and undefined, rendering the request impermissibly ambiguous under Federal Rule of Civil Procedure 36(a)(4).

Subject to and without waiving the foregoing objections, Responding Party denies the request. Based on publicly available records and corporate filings reviewed to date, Responding Party understands that the corporate structure and operational relationships between Defcad, Inc. and Defense Distributed differ materially from what is stated in this request. In particular, he denies the conclusory assertion that it is or has been a subsidiary of Defense Distributed.

**Response to Request for Admission No. 13:**

Objection. Responding party John Lettman objects to this request on the grounds that it is vague and unclear as to the term "this pleading," which is undefined. It is not evident

whether the request refers to Defense Distributed's original counterclaim, an amended counterclaim, or another filing, rendering the request ambiguous and noncompliant with Federal Rule of Civil Procedure 36(a)(4).

Subject to and without waiving the foregoing objection, and construing "this pleading" to refer to the operative counterclaim filed by Defense Distributed in this action, Responding Party admits that Defense Distributed asserts claims against Matthew Larosiere in his capacity as a Counterdefendant but disputes the legal and factual basis for such claim.

**Response to Request for Admission No. 14:**

Objection. Responding party John Lettman objects to this request as vague and ambiguous because it refers to "this pleading" without identifying which version or filing is intended. Defense Distributed has amended its pleadings, and the lack of specificity prevents a precise response as required under Federal Rule of Civil Procedure 36(a)(4). Further objected to on the grounds that the request assumes the existence of "The Gatalog" as a legal person or entity capable of being named as a party. Responding Party expressly disputes the existence of "The Gatalog" as any form of enterprise or juridical person.

Subject to and without waiving the foregoing objections, and construing "this pleading" to mean Defense Distributed's operative counterclaim or third-party complaint on file in this case, Responding Party admits that Defense Distributed has attempted to assert claims against John Elik, Alexander Holladay, Peter Celentano, Josh Kiel Stroke, John Lettman, and MAF Corp. in a third-party capacity. Responding Party denies the legal sufficiency and factual basis for those claims and reiterates that "The Gatalog" is not a recognized legal entity.

**Response to Request for Admission No. 15:**

Objection. Responding party John Lettman objects to this request on the grounds that it is not susceptible to a straightforward admission or denial as required by Federal Rule of Civil Procedure 36(a)(4). The request is compound and argumentative, containing multiple distinct assertions regarding the relationship between Defense Distributed and Defcad, Inc., including legal characterizations, factual assumptions, and disclaimers that are contradictory on their face.

Further objected to on the grounds that the request improperly seeks legal conclusions regarding corporate personhood, standing, and alter ego theories—matters of law reserved for judicial determination—not appropriate for admission under Rule 36(a)(1).

Additionally, the request is vague and speculative, including the phrase "claims on its own behalf and on behalf of Defcad, Inc." without clarifying the legal mechanism by which Defense Distributed purports to assert claims belonging to a separate corporate entity. If Defcad, Inc. is not a party to this action, as appears to be the case, Defense Distributed's ability to claim "on its behalf" raises unresolved legal and factual issues that cannot be properly resolved through this discovery device.

Subject to and without waiving the foregoing objections, Responding Party denies that Defense Distributed may properly assert claims on behalf of Defcad, Inc. in this action, and denies that the entities formed a "single integrated business enterprise" in any legally cognizable manner beyond that they are both alter egos of Cody Rutledge

Wilson. Responding Party further denies any factual basis for treating the two entities as having suffered undifferentiated, collective injuries.

**Response to Request for Admission No. 16:**

Objection. Responding party John Lettman objects to this request to the extent it presumes the existence of "Third-Party Defendant The Gatalog" as a legal person or juridical entity capable of being a party to this action. Responding Party expressly denies that "The Gatalog" is or ever has been a legal entity, association-in-fact enterprise, or other structure with the capacity to sue or be sued under applicable law.

The request is further objected to as vague and circular, in that it defines "The Gatalog" by reference to itself, offering no factual criteria, organizational identity, or legal existence that would allow for an informed admission or denial under Rule 36(a)(4). It also appears to incorporate by reference the allegations and definitions contained in Defense Distributed's counterclaim, which are themselves disputed, stylized, and not accepted as true for the purposes of this response.

Subject to and without waiving the foregoing objections, Responding Party denies the request. "The Gatalog" is a fictional label invented by Defense Distributed for rhetorical and litigation purposes, and does not refer to any cognizable third-party defendant with a separate legal identity in this action.

**Response to Request for Admission No. 17:**

Objection. Responding party John Lettman objects to this request on the grounds that it calls for a legal conclusion concerning the alleged legal status and capacity to be sued of an entity Defense Distributed refers to as "The Gatalog." Whether an unincorporated association exists and has capacity to be sued under Florida law is a question of law and not a proper subject for admission under Federal Rule of Civil Procedure 36(a)(1).

Responding Party further objects on the grounds that the request assumes, without foundation, that "The Gatalog" is an actual association of individuals with mutual obligations, a recognized purpose, or any formal or informal organization—criteria required for treatment as an unincorporated association under Florida law. No factual basis has been shown for the existence of such an association, and Responding Party denies any participation in or knowledge of such an entity.

Subject to and without waiving the foregoing objections, Responding Party denies that "The Gatalog" is an unincorporated association under the laws of the State of Florida or any other jurisdiction, and denies that it possesses the capacity to be sued.

**Response to Request for Admission No. 18:**

Objection. Responding party John Lettman objects to this request on the grounds that it presumes the existence of "The Gatalog" as an actual entity with a principal place of business. Responding Party expressly denies that "The Gatalog" is or has ever been an organization, enterprise, association, or juridical person capable of having a principal place of business under law.

Further objected to on the grounds that the term "principal place of business" is a legal term of art, and the request seeks a legal conclusion as to the supposed business organization and operations of an alleged entity whose existence and structure are

fundamentally disputed. The request also fails to identify any factual basis for asserting
that such a business or association exists in or operates out of Florida.

Subject to and without waiving the foregoing objections, Responding Party denies the
request. "The Gatalog" does not exist as a business, legal person, or unincorporated
association, and therefore cannot have a principal place of business—whether in
Florida or elsewhere.

**Response to Request for Admission No. 19:**

Objection. Responding party John Lettman objects to this request on the grounds that it
presumes the existence of "The Gatalog" as a legal or juridical entity capable of being
served with process. Responding Party expressly denies the existence of "The Gatalog"
as an entity, organization, or unincorporated association, and objects to the request as
calling for a legal conclusion as to whether a fictitious or non-existent entity can be
subjected to service of process under Florida or federal law—an issue not properly
resolved through Rule 36 admissions. See Fed. R. Civ. P. 36(a)(1)(A)–(B).

Responding Party further objects that the phrase "can be reached for service of process
in Florida" is vague and ambiguous. It fails to identify any factual criteria by which such
service would allegedly be effected or what location or agent within Florida is purported
to serve as a basis for jurisdictional contact. These deficiencies prevent a
straightforward response as required by Rule 36(a)(4).

Subject to and without waiving the foregoing objections, Responding Party denies the
request. "The Gatalog" is a fictional construct and not an entity amenable to service of
process—whether in Florida or anywhere else.

**Response to Request for Admission No. 20:**

Objection. Responding party John Lettman objects to this request on the grounds that it
seeks a legal conclusion regarding the Court's exercise of general personal jurisdiction
over a purported entity. Whether general jurisdiction exists is a question of law for the
Court and not a proper subject for an admission under Federal Rule of Civil Procedure
36(a)(1).

Responding Party further objects to the request as vague, conclusory, and based on
false premises. The request presumes the existence of "The Gatalog" as an actual legal
person or entity capable of being domiciled or "residing" in a particular state, which
Responding Party expressly denies. The term "resides and is domiciled in the State of
Florida" has no application to a label that refers to no legally cognizable or organized
entity.

Subject to and without waiving the foregoing objections, Responding Party denies the
request. "The Gatalog" is a rhetorical invention of Defense Distributed that has no legal
existence, domicile, residence, or presence in Florida or any other jurisdiction.
Accordingly, no general personal jurisdiction can attach to it.

**Response to Request for Admission No. 21:**

Objection. Responding party John Lettman objects to this request on the grounds that it
seeks a legal conclusion regarding the existence of specific personal jurisdiction, which

is a matter reserved for judicial determination and not a proper subject for admission under Federal Rule of Civil Procedure 36(a)(1).

Responding Party further objects to the request as vague, speculative, and based on a fundamentally flawed premise. The request presumes the existence of "The Gatalog" as an entity capable of purposeful conduct and legal recognition, which Responding Party expressly denies. "The Gatalog" does not exist as an association, enterprise, or any other form of legal person and therefore cannot "purposefully avail" itself of the privilege of conducting activities in any jurisdiction.

Subject to and without waiving the foregoing objections, Responding Party denies the request. There is no entity known as "The Gatalog" that engaged in any conduct in or directed toward the State of Florida, and thus no basis for asserting specific personal jurisdiction exists.


**Response to Request for Admission No. 22:**
Objection. Responding party John Lettman objects to this request on the grounds that it is compound and argumentative, in violation of Federal Rule of Civil Procedure 36(a)(2), as it combines multiple factual assertions and legal characterizations into a single request. Specifically, it presupposes the existence of an "enterprise," the existence of "objectives," the existence of coordinated activity among unnamed individuals, and the existence of a defined category called "The Gatalog Principals"—none of which are defined in any legally cognizable or factually established manner.

Responding Party further objects to the request as vague and ambiguous. The phrase "The Gatalog" is not a term that identifies any specific entity, organization, or association known to Responding Party. The term "enterprise" as used in this context also improperly imports statutory language from the Racketeer Influenced and Corrupt Organizations Act (RICO) and seeks an admission of a legal conclusion as to the existence of a RICO enterprise—an issue not suitable for discovery under Rule 36(a)(1).

Subject to and without waiving the foregoing objections, Responding Party denies the request. Responding Party does not recognize "The Gatalog" as a legitimate enterprise or any kind of collective structure. The alleged coordination and objectives attributed to this label are fictional assertions by Defense Distributed and are not grounded in any factual reality known to Responding Party.

**Response to Request for Admission No. 23:**
Admit.

**Response to Request for Admission No. 24**
Admit.

**Response to Request for Admission No. 25:**
**Objection:**
Lettman objects to this Request on the following grounds:

1. **Improper**      **Legal**      **Conclusion:**
   The Request seeks an admission regarding whether this Court has specific

personal jurisdiction over Lettman. That is a legal conclusion concerning the Court's authority, not a factual matter properly subject to admission or denial under Rule 36. A party cannot be compelled to admit legal conclusions.

2. **Vague                              and                              Ambiguous:**
The phrases "purposefully availed" and "conducting activities" are vague and undefined. The Request fails to identify what specific acts, if any, are alleged to constitute such "activities," or how they relate to the State of Florida. This lack of specificity renders the Request ambiguous and incapable of a fair response.

3. **Compound                              and                              Overbroad:**
The Request improperly combines multiple assertions—whether the action arises out of Lettman's conduct and whether that conduct was directed toward Florida. These should be addressed in separate, narrowly drawn Requests. The compound structure hinders a precise and accurate response.

4. **Improper        Use        of        Discovery        Procedure:**
The question of personal jurisdiction is a threshold procedural matter that is properly addressed through motion practice or dispositive briefing. This Request improperly seeks to use discovery to force a concession on an issue that should be determined by the Court on legal grounds.

**Subject to and without waiving the foregoing objections, Lettman responds as follows:**

**Response:**
Denied. Lettman denies that he has purposefully engaged in any conduct within the State of Florida that would subject him to the jurisdiction of this Court. He further denies that this action arises out of any conduct he directed toward or within the State of Florida.


**Response to Request for Admission No. 26:**
**Objection:**
Lettman objects to this Request on the following grounds:

1. **Vague                              and                              Ambiguous:**
The terms "Gatalog Principals," "knowingly agreed," and "substantially further" are vague, undefined, and subject to multiple interpretations. The Request fails to identify who or what constitutes "The Gatalog," what its "objectives" are, and what conduct allegedly constitutes "furthering" such objectives. This renders the Request incapable of a fair and reasoned response.

2. **Assumes        Facts        Not        in        Evidence:**
The Request improperly assumes the existence of an entity called "The Gatalog," that it has defined "objectives," and that Lettman entered into some form of agreement relating to those objectives. These characterizations are legal and factual conclusions not established in the record and improperly embedded in the Request.

3. **Calls        for        a        Legal        Conclusion:**
The Request improperly asks Lettman to concede that he acted in concert with others to "substantially further" the alleged objectives of an undefined organization. Whether Lettman's actions meet that threshold is a legal conclusion

regarding joint enterprise liability or conspiracy, not a factual matter suitable for admission under Rule 36.

4. **Overbroad                    and                    Compound:**
The Request improperly combines multiple assertions—e.g., identity as a "principal," knowledge, agreement, conduct, and the nature of "The Gatalog's objectives"—into a single statement. This structure prevents a clear and specific response to each component.

**Subject to and without waiving the foregoing objections, Lettman responds as follows:**
**Response:**
Denied. Lettman denies that he is a "Gatalog Principal," denies that he ever knowingly agreed to or substantially furthered any purported objectives of an entity referred to as "The Gatalog," and denies that such an entity exists in the manner alleged. Lettman further denies any involvement in the development, distribution, or administration of 3D-printable firearm files in connection with any purported collective or enterprise under that name.


**Response to Request for Admission No. 27:**
**Objection:**
Lettman objects to this Request on the following grounds:

1. **Vague                    and                    Ambiguous:**
The terms "responsible for," "publication," "administration," and "maintenance" are vague and undefined, lacking clarity as to whether the Request concerns technical access, editorial control, ownership, or mere participation. The scope of "content regarding 3D printable gun files" is likewise unclear and overly broad.

2. **Assumes         Facts         Not         in         Evidence:**
The Request presumes the existence of a legally cognizable entity known as "The Gatalog," attributes that entity's operations to a collection of disparate websites and services, and presumes Lettman's authority or control over each without foundation.

3. **Compound:**
The Request improperly combines multiple factual assertions into one: (i) that "The Gatalog" exists and operates in a certain way; (ii) that it operates on three distinct platforms; and (iii) that Lettman is responsible for each. This renders the Request incapable of a straightforward admission or denial.

4. **Calls         for         a         Legal         Conclusion:**
To the extent the Request seeks to impute liability or agency by asserting Lettman is "responsible for" the activities of an alleged enterprise, it improperly seeks a legal conclusion under the guise of a factual admission.

**Subject to and without waiving the foregoing objections, Lettman responds as follows:**
**Response:**
Denied. Lettman denies that he is responsible for any alleged enterprise called "The Gatalog" or for the publication, administration, or maintenance of content on the

websites or platforms identified. Lettman denies that any coordinated enterprise as
described exists.

**Response to Request for Admission No. 28:**
**Objection:**
Lettman objects to this Request on the following grounds:

1. **Vague                          and                          Ambiguous:**
   The terms "responsible for," "publication," "administration," and "maintenance"
   are vague and undefined. The Request fails to clarify whether it refers to legal
   control, technical operation, content authorship, or third-party hosting
   relationships. It also does not specify what qualifies as "content regarding 3D
   printable gun files."
2. **Assumes         Facts         Not         in         Evidence:**
   The Request presumes the existence of an enterprise called "The Gatalog" and
   that it operates across the specified domains in a coordinated fashion. The
   existence, scope, and operations of such an entity are neither established nor
   admitted.
3. **Compound                          and                          Overbroad:**
   This Request improperly combines multiple allegations about multiple distinct
   domains—*deterrencedispensed.com*, *gatalog.com*, *maf-arms.com*, and
   *ctrlpew.com*—into a single Request. Each of these sites appears to be owned
   and/or operated by different individuals or entities, making the Request
   overbroad and incapable of a singular response.
4. **Calls         for         a         Legal         Conclusion:**
   By asserting that Lettman is "responsible for" these websites in relation to an
   alleged enterprise, the Request improperly calls for a legal conclusion,
   particularly in connection with purported liability or enterprise participation.

**Subject to and without waiving the foregoing objections, Lettman responds as
follows:**
**Response:**
Denied. Lettman denies that he is or has ever been responsible for any "publication,
administration, and maintenance of content regarding 3D printable gun files" at
*deterrencedispensed.com*, *gatalog.com*, *maf-arms.com*, or *ctrlpew.com*. Lettman further
denies any ownership or control over these websites and denies that they collectively
form or represent an entity called "The Gatalog."


**Response to Request for Admission No. 29:**
**Objection:**
Lettman objects to this Request on the following grounds:

1. **Compound                          and                          Multifaceted:**
   This Request improperly combines multiple discrete factual assertions (seven in
   total) into a single Request for Admission, contrary to the requirement that each
   request be "simple, concise, and direct" under Federal Rule of Civil Procedure
   36(a)(2). Each subpart (a) through (g) asserts a materially different fact that
   would require separate treatment.

2. **Assumes Disputed and Unproven Facts:** The Request assumes the existence of "The Gatalog" as an actual legal entity or enterprise, and further assumes that Lettman acted "on behalf of" or "in pursuit of" its "objectives." These assertions are unsupported and not accepted as true.

3. **Vague and Ambiguous:** The terms "business partner," "IT Director," "collaborated," "facilitating," "oversight," "cyberattacks," and "defeating export controls" are vague and undefined. It is unclear whether they are intended in legal, technical, colloquial, or rhetorical senses, and the Request fails to specify dates, acts, or context sufficient to frame a meaningful admission or denial.

4. **Calls for a Legal Conclusion:** Several elements, including whether any alleged acts give rise to Defense Distributed's claims, and whether certain conduct qualifies as a "cyberattack" or "exceeded authorization" under federal law or DEFCAD's Terms of Service, improperly call for legal conclusions.

5. **Overbroad and Unduly Burdensome:** The Request seeks to attribute a wide array of alleged conduct to Lettman without temporal or factual limitation, making a single definitive admission or denial impossible without mischaracterizing or distorting the record.

**Subject to and without waiving the foregoing objections, Lettman responds as follows:**

**Response:**

Denied. Lettman denies that he took any of the actions alleged in subparts (a) through (g), whether "on behalf of" or "in pursuit of" the objectives of a purported enterprise called "The Gatalog." Lettman further denies any involvement in cyberattacks against DEFCAD, any use of an Iranian reverse proxy to circumvent geofencing, or any activity that would exceed the authorization granted under any website's Terms of Service. Lettman denies ever collaborating with Peter Celentano or accessing or maintaining control over chat histories related to the allegations. Finally, Lettman denies being a "business partner" of Alexander Holladay or serving in any official role for a so-called "Gatalog enterprise."


**Response to Request for Admission No. 30:**

Objection. Responding Party John Lettman objects to this request on the grounds that it is vague and ambiguous as to time and scope. The request assumes the existence of a single, static website at "defcad.com" without clarifying the relevant time period or ownership. The term "DEFCAD" is used inconsistently in Counterclaimants' pleadings and other communications to refer both to a website and to a corporate entity, adding to the ambiguity.

Subject to and without waiving the foregoing objections, and after a reasonable inquiry, Responding Party states that he lacks knowledge sufficient to admit or deny whether "DEFCAD" is currently or has consistently been the website hosted at defcad.com. Accordingly, the request is denied pursuant to Fed. R. Civ. P. 36(a)(4).


**Response to Request for Admission No. 31:**

Objection. Responding Party John Lettman objects to this request on the grounds that it is vague, compound, and assumes facts not in evidence. The phrase "legal responsibility for DEFCAD" is undefined and ambiguous—particularly where "DEFCAD" may refer to a corporate entity, a website, or a general project. The request also improperly combines multiple factual assertions regarding past, present, and future events, making a single admission impossible without qualification, in violation of Fed. R. Civ. P. 36(a)(2).

Subject to and without waiving the foregoing objections, and after a reasonable inquiry, Responding Party lacks knowledge sufficient to admit or deny the legal responsibility or ownership structure of DEFCAD or its affiliated entities, including any claims about its current or future status as Defense Distributed's "primary content platform." Accordingly, the request is denied pursuant to Rule 36(a)(4).

**Response to Request for Admission No. 32:**

Objection. Responding Party John Lettman objects to this request as vague, overly broad, and not reasonably limited in time. The request refers to "DEFCAD" without clarifying whether it is referencing a specific website, project, or legal entity, and uses generalized descriptors like "web portal," "search engine," and "development hub" without defining those terms. It also lacks a clear temporal scope, making it impossible to admit or deny without speculation, in violation of Fed. R. Civ. P. 36(a)(2).

Subject to and without waiving the foregoing objections, and after a reasonable inquiry, Responding Party lacks knowledge sufficient to admit or deny the asserted functions or focus of "DEFCAD" as described in the request. Accordingly, the request is denied pursuant to Rule 36(a)(4).

**Response to Request for Admission No. 33:**

Objection. Responding Party John Lettman objects to this request as vague and argumentative. The phrases "operates in compliance with all applicable federal and state laws," "development and distribution," and "digital firearms information" are not defined and are susceptible to multiple interpretations. The request also improperly calls for a legal conclusion under the guise of a factual admission, in violation of Fed. R. Civ. P. 36(a)(1)(A) and related commentary.

Subject to and without waiving the foregoing objections, and based on information reasonably available, Responding Party denies the request. Responding Party is aware of multiple instances in which users have accessed and downloaded files from DEFCAD despite purported geographic restrictions that, according to Counterplaintiffs' own theories of liability, would violate export control laws. DEFCAD's apparent reliance on terms of service to prohibit such access is, in Responding Party's view, insufficient to achieve legal compliance under DEFCAD's [incorrect] theories. In addition, Responding Party is aware that DEFCAD has made files available to foreign nationals and appears to operate certain hosting infrastructure overseas. Responding Party further denies that

DEFCAD "develops" digital firearms information, as many files appear to be created by others. Accordingly, the request is denied.

## Response to Request for Admission No. 34:

Objection. Responding Party John Lettman objects to this request on the grounds that it is vague and calls for a legal conclusion, specifically whether DEFCAD "operates in compliance" with the Export Administration Regulations ("EAR") administered by the U.S. Department of Commerce. This language is undefined, overbroad, and inherently calls for a legal determination, rendering the request improper under Fed. R. Civ. P. 36(a)(1)(A). The request further assumes facts not in evidence, including the legal applicability of EAR provisions to DEFCAD's activities and the correctness of Counterplaintiffs' legal theories.

Subject to and without waiving the foregoing objections, and based on information reasonably available, Responding Party denies the request. Responding Party is aware of instances in which foreign nationals have accessed and downloaded files from DEFCAD, conduct that, under Counterplaintiffs' own asserted interpretations of the EAR, would constitute a violation. Further, Responding Party is informed and believes that some or all of DEFCAD's web infrastructure is hosted outside the United States, which under those same interpretations would also trigger compliance obligations. Accordingly, Responding Party denies that DEFCAD operates in compliance with the EAR as Counterplaintiffs have framed the issue in this litigation.

## Response to Request for Admission No. 35:

Objection. Responding Party John Lettman objects to this request as compound, vague, and calling for a legal conclusion. The request improperly combines at least two distinct legal issues—(1) whether DEFCAD operates in compliance with the International Traffic in Arms Regulations ("ITAR") administered by the U.S. Department of State, and (2) whether DEFCAD operates in compliance with unspecified "certain state laws being challenged in litigation, such as New Jersey Statute 2C:39-9(l)(2)." Each clause involves separate legal regimes, different factual predicates, and different jurisdictions, rendering the request improper under Fed. R. Civ. P. 36(a)(1)(A). Moreover, the request assumes the correctness of Counterplaintiffs' interpretations of ITAR and the referenced state laws, which are the subject of active legal disputes.

Subject to and without waiving these objections, and based on information reasonably available, Responding Party denies the request. Responding Party is aware of instances in which foreign nationals have accessed and downloaded files from DEFCAD, conduct which, under Counterplaintiffs' own asserted interpretations of ITAR, would constitute a violation. Further, Responding Party is informed and believes that DEFCAD hosts some or all of its infrastructure outside the United States, which may independently implicate ITAR restrictions under those interpretations. Accordingly, to the extent this request seeks an admission that DEFCAD's operations are compliant with ITAR or New Jersey Statute 2C:39-9(l)(2), Responding Party denies the same.

## Response to Request for Admission No. 36:

Objection. Responding Party John Lettman objects to this request on the grounds that it
is vague, assumes disputed facts, and improperly characterizes a non-existent entity.
The request refers to "The Gatalog" as if it were a formal legal entity or enterprise with
defined objectives and structure, which Responding Party denies. The request also
contains embedded legal conclusions—e.g., that "The Gatalog" monetizes or
administers 3D printable gun files or competes with Defense Distributed—which are not
appropriate for requests under Fed. R. Civ. P. 36(a)(1)(A).

Subject to and without waiving the foregoing objections, Responding Party denies the
request. Responding Party disputes that "The Gatalog," as described in the
counterclaims, exists as any sort of business, legal entity, or criminal enterprise. To the
extent informal use of the term "The Gatalog" refers to a loosely affiliated group of
independent hobbyists or designers, Responding Party is unaware of any central
organization or monetization function, and further denies that any such activity
constitutes competition with Defense Distributed.

**Response to Request for Admission No. 37:**

Objection. Responding Party John Lettman objects to this request as vague, compound,
and based on a false premise that "The Gatalog" is a distinct operating entity with
identifiable functions, principals, and control structures. The request improperly
presumes the existence of a coordinated enterprise referred to as "The Gatalog," and
asserts legal and factual conclusions—such as "operates," "controlled by," and
"performs these functions"—that are disputed and not properly the subject of a request
for admission under Rule 36(a)(1)(A). The request further fails to define "The Gatalog
Principals" in a manner that would allow a precise and unambiguous admission or
denial.

Subject to and without waiving the foregoing objections, Responding Party denies the
request. "The Gatalog," as characterized in the counterclaims, does not exist as a legal
entity, organization, or structured enterprise. Responding Party is unaware of any
"network" of websites, chat platforms, or social media accounts being operated in a
coordinated or hierarchical fashion by any defined group of "principals," and denies
having knowledge of or participation in any such operation.

**Response to Request for Admission No. 38:**

Objection. Responding Party John Lettman objects to this request as vague, compound,
and misleading, in that it assumes the existence of a formal or coordinated enterprise
referred to as "The Gatalog," and identifies a set of internet domains and platforms as
"channels" of that alleged enterprise without defining what constitutes a "channel" or
how such websites are purportedly operated in furtherance of a common purpose. The
request also improperly assumes legal and factual conclusions—including that certain
websites or servers "carry out functions" of a fictitious entity—which are contested and
beyond the scope of what may be appropriately admitted or denied under Rule
36(a)(1)(A). Further, the request fails to specify the time period at issue, rendering it
facially overbroad.

Subject to and without waiving the foregoing objections, Responding Party denies the
request. The term "The Gatalog," as used in the counterclaims, does not refer to any
actual entity or organized structure known to Responding Party, and Responding Party

denies that there is any coordinated "activity" or "functions" carried out through the listed
websites or platforms in the manner alleged.


**Response to Request for Admission No. 39:**
Objection. Responding Party John Lettman objects to this request on the grounds that it
is vague, compound, and assumes facts not in evidence—specifically the existence of
an entity called "The Gatalog" that possesses the capacity to "direct" anyone or has
"patrons," and the assertion that such an entity makes endorsements or commercial
referrals. The request improperly presumes a coordinated enterprise involving distinct
domains and implies commercial relationships that are neither defined nor
substantiated. It also fails to identify a time frame or the basis for the alleged
"association" between files and third-party websites, making it overbroad and unduly
burdensome to admit or deny in any meaningful way, in violation of Fed. R. Civ. P.
36(a)(2).
Subject to and without waiving the foregoing objections, Responding Party denies the
request. To Responding Party's knowledge, no such entity as "The Gatalog," with the
capacity to direct users or endorse commerce, exists or has ever functioned in the
manner described in the request. Responding Party is unaware of any coordinated
effort by such a group or entity to direct users to maf-arms.com or ctrlpew.com for parts
or kits associated with specific files.


**Response to Request for Admission No. 40:**
Objection. Responding Party John Lettman objects to this request on the grounds that it
is vague, ambiguous, compound, and assumes facts not in evidence, including the
existence of a legal entity or coordinated enterprise called "The Gatalog" capable of
offering "money transfers" or "financial incentives," as well as a relationship or
arrangement with ctrlpew.com. The request fails to define the scope, timeframe, or
nature of the alleged incentives or transfers, making it overbroad and not susceptible to
a straightforward admission or denial as required by Fed. R. Civ. P. 36(a)(2). The
request also appears designed more to harass or embarrass than to elicit relevant,
admissible evidence, and is therefore objectionable under Rule 26(b)(1) and the
proportionality standard imposed by the Middle District Discovery Handbook.
Subject to and without waiving the foregoing objections, Responding Party denies the
request. Responding Party has no knowledge of any coordinated effort by a group
known as "The Gatalog" to offer money or financial incentives to developers at
ctrlpew.com, and disputes that any such entity exists in the manner alleged.


**Response to Request for Admission No. 41:**
Objection. Responding Party John Lettman objects to this request on the grounds that it
is vague, compound, assumes facts not in evidence, and mischaracterizes both the
nature of "The Gatalog" and MAF Corp. Specifically, the request presumes the
existence of an organized racketeering enterprise known as "The Gatalog" and imputes
to MAF Corp. the role of a "de facto bank" facilitating unlawful activity and distributing

payments to alleged participants. These premises are disputed and unsupported. The request also fails to define the timeframe of the alleged conduct and is thus overbroad and not reasonably tailored to elicit relevant, proportional information under Fed. R. Civ. P. 26(b)(1). It further lacks the clarity and precision required for a proper admission or denial under Fed. R. Civ. P. 36(a)(2).

Subject to and without waiving the foregoing objections, Responding Party denies the request. Responding Party affirmatively states that he has never received any such payment from MAF Corp., and has no knowledge of MAF Corp. acting as a financial intermediary for any alleged enterprise or for any of the individuals named in the request.

**Response to Request for Admission No. 42:**

Objection. Responding Party John Lettman objects to this request as vague, argumentative, and assuming facts not in evidence, including the existence of an entity called "The Gatalog" as a racketeering enterprise under 18 U.S.C. § 1961. The request is also compound and calls for a legal conclusion on a central and heavily contested issue in the case—namely, whether a pattern of racketeering activity has occurred. It improperly demands that Responding Party admit the existence of statutory predicates without identifying specific underlying acts with sufficient particularity, thereby violating Fed. R. Civ. P. 36(a)(2)'s requirement that matters for admission be "stated simply, directly, and not by reference to other documents." Additionally, the request presumes without basis that "The Gatalog Principals" exist as a defined group acting in concert, which is also denied.

Subject to and without waiving the foregoing objections, Responding Party denies the request. Responding Party specifically denies that "The Gatalog" exists as an enterprise within the meaning of RICO or otherwise, and further denies that he or any alleged "Gatalog Principals" have committed any racketeering acts within the meaning of 18 U.S.C. § 1961(1). Responding Party also notes that the counterclaim fails to adequately plead the existence of two predicate acts, let alone demonstrate a "pattern of racketeering activity" as defined by 18 U.S.C. § 1961(5).

**Response to Request for Admission No. 43:**

Objection. Responding Party John Lettman objects to this request on the grounds that it is vague and ambiguous, particularly in its use of the phrase "The Gatalog," which is not a recognized legal entity and whose existence, nature, and structure are disputed. The request also improperly assumes a unified legal position or intent on behalf of a purported group without identifying any specific statements or conduct attributable to Responding Party. It further calls for speculation about the beliefs, intentions, and legal reasoning of a group that does not exist in any formal or coherent sense. To the extent it seeks admission regarding legal conclusions or determinations about the applicability of the International Traffic in Arms Regulations (ITAR), it is improper under Fed. R. Civ. P. 36(a)(1), which limits requests for admission to facts, the application of law to fact, or opinions about either, but not pure legal conclusions.

Subject to and without waiving the foregoing objections, Responding Party denies the request. Responding Party denies that "The Gatalog," as described in the counterclaim, exists as an entity capable of forming or holding legal positions. Responding Party

further denies having ever made or participated in making any such determination regarding the applicability of ITAR regulations to any purported activity by "The Gatalog."


**Response to Request for Admission No. 44:**

Objection. Responding Party John Lettman objects to this request on the grounds that it is vague and ambiguous in its reference to "The Gatalog," which is not a recognized legal entity and whose existence, structure, or membership is not acknowledged by Responding Party. The request presupposes unified beliefs, legal interpretations, licensing status, and intentions on the part of a fictional collective. It also calls for speculation as to the internal views and regulatory posture of an entity that Responding Party denies exists. To the extent this request calls for admission of legal conclusions regarding ITAR compliance, licensing requirements, or the application of federal export regulations, it is improper under Fed. R. Civ. P. 36(a)(1)(A).

Subject to and without waiving the foregoing objections, Responding Party denies the request. Responding Party denies the existence of "The Gatalog" as an entity capable of holding legal views, applying for licenses, or forming intent. Responding Party further denies having any knowledge of or participation in any group or activity fitting the description in the request.


**Response to Request for Admission No. 45:**

Objection. Responding Party John Lettman objects to this request on the grounds that it is vague, ambiguous, and compound. The request references "The Gatalog" as if it were a coherent legal or organizational entity with the capacity to hold or advertise unified views, which is denied. Responding Party further objects to the phrase "this view" as unintelligible in isolation and lacking clear antecedent, rendering the request unclear and incapable of a meaningful response. The request improperly calls for a legal conclusion and speculation as to the conduct or intent of third parties or of a fictionalized collective. See Fed. R. Civ. P. 36(a)(1)(A).

Subject to and without waiving the foregoing objections, Responding Party denies the request. Responding Party denies the existence of "The Gatalog" as described and denies any knowledge of or participation in the advertising of any such views as alleged.


**Response to Request for Admission No. 46:**

Objection. Responding Party John Lettman objects to this request as vague, compound, and argumentative. The request improperly assumes the existence of a unified "position" held by a purported entity, "The Gatalog," which Responding Party denies exists as alleged. The request also assumes the existence of criminal activity and legal conclusions, including violations of 18 U.S.C. § 1343 and the Arms Export Control Act, which are inappropriate subjects for requests for admission under Fed. R. Civ. P. 36(a)(1)(A). The use of conclusory and inflammatory language such as "wire fraud" and "wrong" renders the request argumentative and not susceptible to a simple admission or denial.

Subject to and without waiving the foregoing objections, Responding Party denies the request. Responding Party denies the existence of "The Gatalog" as a cohesive entity, denies that he has participated in any activity constituting wire fraud or any violation of ITAR or the Arms Export Control Act, and denies that he has any knowledge of any such conduct by others.


**Response to Request for Admission No. 47:**

Objection. Responding Party John Lettman objects to this request on the following grounds:

- **Compound and improper form**: The request comprises multiple independent factual assertions and legal conclusions, rendering it improper under Fed. R. Civ. P. 36(a)(2), which requires each request to be "simple, direct, and limited to the facts."
- **Calls for a legal conclusion**: The request asks Responding Party to admit to alleged violations of federal statutes and regulations, including ITAR, EAR, and the National Firearms Act, which are complex legal conclusions and not proper subjects for requests for admission. See *Middle District Discovery (2021)* § II.E.3.
- **Argumentative and prejudicial**: The request employs inflammatory language and conclusory labels such as "illegally published," "violates," and "illegal transmission," which are designed to assert disputed issues in the form of a question and are improper for Rule 36 discovery.
- **Assumes disputed facts**: The request assumes, without foundation, the existence of "The Gatalog" as an enterprise capable of coordinated action, which is a central disputed fact in this litigation and denied throughout.
- **Vague and unintelligible**: Terms like "leadership," "Rogue 9," and "defense-related technical data" are undefined and vague, and the request cites documents and communications not attached or identified with sufficient specificity to permit a meaningful response. It is therefore unintelligible under Rule 36(a)(4).

Subject to and without waiving the foregoing objections, Responding Party **denies** the request. Responding Party denies that he participated in or had knowledge of any of the alleged conduct or entities described. Responding Party further denies that "The Gatalog," as described in the Counterclaim, exists or operated in the manner alleged. To the extent the request implies that production of NFA items is categorically illegal, Responding Party denies that premise as well, as the lawful manufacture and possession of such items is permitted under federal law with proper compliance.

**Response to Request for Admission No. 48:**

**Objection.** Responding Party John Lettman objects to this request on the following grounds:

- **Improper compound structure**: This request contains at least three separate factual assertions regarding (1) the intent of "The Gatalog," (2) alleged statements by Mr. Elik, and (3) the legal characterization of those alleged statements, in violation of Fed. R. Civ. P. 36(a)(2), which requires that each request be simple and limited to a single fact.

- **Calls for legal conclusions**: The request improperly demands admissions re-
  garding knowledge, intent, and alleged violations of the International Traffic in
  Arms Regulations (ITAR), which are complex legal issues, not factual matters
  suitable for Rule 36 requests. See *Middle District Discovery (2021)* § II.E.3.
- **Assumes disputed facts**: The request presupposes the existence of "The Gata-
  log" as an organized entity with the capacity for criminal intent, which is a heavily
  disputed issue in the case and denied by Responding Party.
- **Vague and unsupported**: The request makes reference to an alleged statement
  attributed to Mr. Elik without identifying when, where, or to whom it was made,
  rendering it vague and unintelligible under Rule 36(a)(4). This makes a meaning-
  ful admission or denial impossible without speculation.
- **Prejudicial and argumentative**: The phrasing "willful disregard for federal law"
  is conclusory, argumentative, and not appropriate for a request for admission.
  Such language transforms the request into a rhetorical assertion rather than a
  proper discovery device.

**Subject to and without waiving the foregoing objections**, Responding Party **denies**
the request. Responding Party denies that "The Gatalog," as described in the
Counterclaim, exists or acted with any such intent. Responding Party further denies
making any such acknowledgment or statement as alleged. To the extent the request
relies on a disputed interpretation of ITAR, Responding Party notes that numerous
exemptions exist and that the U.S. State Department has not taken a blanket position
that "firearm data" is subject to ITAR restrictions. Indeed, prior litigation initiated by
Defense Distributed failed to establish standing because of that very issue.


**Response to Request for Admission No. 49:**
**Objection.** Responding Party John Lettman objects to this request on the following
grounds:
- **Improper compound structure**: The request contains multiple assertions, in-
  cluding (1) the existence of "The Gatalog," (2) its interpretation of federal law, (3)
  the nature of its intent, and (4) its knowledge of legal and factual materials. This
  violates Fed. R. Civ. P. 36(a)(2), which requires requests to be "simple and di-
  rect" and limited to a single fact.
- **Calls for legal conclusions**: The request improperly seeks admissions as to a
  legal interpretation of the Export Administration Regulations (EAR) and whether a
  purported entity "deems" such laws applicable. This is not a proper use of Rule
  36, which is limited to facts, the application of law to fact, or the genuineness of
  documents—not abstract legal conclusions. See *Middle District Discovery Hand-
  book* § II.E.3.
- **Assumes existence of disputed entity**: The request presumes the existence of
  an organized enterprise called "The Gatalog" with legal capacity, intent, and in-
  ternal decision-making procedures. This is a central factual and legal dispute in
  the case and is expressly denied by Responding Party.
- **Vague and speculative**: The request does not identify any factual basis for the
  alleged "position" of "The Gatalog," nor does it cite any communication, state-

ment, or publication in support. This vagueness makes it impossible to admit or deny without speculation, contrary to Fed. R. Civ. P. 36(a)(4).

- **Prejudicial and argumentative**: The phrase "knowingly and intentionally, after full opportunity for consideration of all available legal and factual resources" is conclusory and argumentative, rendering the request improper under Rule 36.

**Subject to and without waiving the foregoing objections**, Responding Party **denies** the request. Responding Party specifically denies the existence of "The Gatalog" as any kind of enterprise or entity with legal personhood or intent, as alleged. Responding Party further denies having any role in or knowledge of any entity purporting to make legal determinations regarding the EAR regime. To the extent any inference is made that Responding Party disregards export control laws, such inference is categorically false and denied.

**Response to Request for Admission No. 50:**

**Objection.** Responding Party John Lettman objects to this request on the following grounds:

- **Improper compound structure**: This request contains at least three separate factual assertions—(1) that "The Gatalog" currently lacks an EAR-compliant license, (2) that it never had such a license, and (3) that it will never obtain one. This violates Fed. R. Civ. P. 36(a)(2), which requires requests for admission to be "simple and direct" and to address only a single fact per request.
- **Calls for legal conclusions**: The request asks Responding Party to admit or deny compliance with the Export Administration Regulations (EAR), which constitutes a legal conclusion. Rule 36 permits requests that relate to the application of law to fact, but not to abstract legal conclusions or speculative future conduct. See *Middle District Discovery Handbook* § II.E.3.
- **Speculative and argumentative**: The phrase "will never obtain one" speculates about future events and motives and improperly implies a state of mind or intent not tied to any factual basis. Responding Party cannot admit or deny speculative predictions.
- **Assumes existence of a disputed entity**: The request presumes the existence of "The Gatalog" as an entity capable of holding licenses and making legal decisions. This is a key factual and legal issue in dispute, and Responding Party denies the existence of "The Gatalog" as a cognizable legal entity or enterprise.
- **Vague and undefined terms**: The phrase "EAR-compliant license or permission" is undefined and vague. The EAR regime provides multiple pathways for authorization, including license exceptions and public availability exemptions. The failure to specify the relevant part of the regime renders the request unintelligible and improper under Fed. R. Civ. P. 36(a)(4).

**Subject to and without waiving the foregoing objections**, Responding Party **denies** the request. Responding Party denies that "The Gatalog" exists as alleged and denies that any such entity, assuming arguendo it existed, holds or has held any license under the EAR or has taken any position with respect to the EAR. Responding Party further notes that the counterclaim's characterization of export control regulations reflects

fundamental misunderstandings of the EAR regime, including but not limited to how licensing and exemptions function under them.

**Response to Request for Admission No. 51:**

**Objection.** Responding Party John Lettman objects to this request on the following grounds:

- **Assumes the existence of a disputed entity**: The request presumes "The Gatalog" exists as an organized enterprise or legal person capable of holding and publicly asserting policy positions. Responding Party expressly disputes the existence of "The Gatalog" as a cognizable entity or association. Fed. R. Civ. P. 36(a)(4) requires that requests for admission be grounded in facts capable of admission or denial; here, the premise of the request is itself contested.
- **Vague and undefined terms**: The request uses the vague phrase "this view" without identifying the "view" being referred to, rendering it ambiguous. Rule 36(a)(2) requires that requests be "simple and direct," and this request fails that standard by incorporating an undefined referent.
- **Calls for speculation or attribution of motive**: The phrase "advertises this view as a feature" calls for speculation regarding the intent or marketing strategy of a group that Responding Party does not recognize as existing, let alone operating commercially. Responding Party cannot admit or deny speculative attributions of promotional conduct to a disputed entity.
- **Overly broad**: The request lacks time limitations or identification of specific communications or platforms where such advertising is purported to occur, violating the proportionality requirements of Fed. R. Civ. P. 26(b)(1) as incorporated by Rule 36 practice.

**Subject to and without waiving the foregoing objections**, Responding Party **denies** the request. Responding Party denies that "The Gatalog" exists in any form capable of adopting or advertising legal or political positions and is unaware of any material that could reasonably be construed as "advertising" a position regarding the EAR or other regulatory regimes as a "feature" of any product or service.

**Response to Request for Admission No. 52:**

**Objection.** Responding Party John Lettman objects to this request on the following grounds:

- **Premised on a fictitious entity**: The request presupposes the legal and factual existence of "The Gatalog" as an entity capable of holding legal positions, forming intent, or committing criminal acts. Responding Party disputes that any such entity exists. A request for admission based on a fictitious premise cannot be admitted or denied as required under Fed. R. Civ. P. 36(a)(4).
- **Compound and internally inconsistent**: The request improperly combines allegations about the Export Administration Regulations (EAR) with criminal accusations under 18 U.S.C. § 1343 (wire fraud), while inexplicably referencing alleged violations of an entirely different regulatory scheme—the International Traffic in Arms Regulations (ITAR). This conflation renders the request unintelligible

and incapable of straightforward admission or denial. Rule 36(a)(2) requires requests to be simple and direct, which this is not.

- **Calls for legal conclusions and speculative imputations**: The request calls for a legal conclusion about the interpretation and application of complex federal regulatory regimes (EAR and ITAR) and makes unsubstantiated allegations of criminal liability. Requests for admission may not be used to compel admissions of pure legal conclusions, especially when they involve the legal status of a non-existent entity.
- **Lacks temporal specificity**: The phrase "for years" is vague and overbroad, failing to identify a specific time period in which the alleged conduct supposedly occurred, contrary to the proportionality and clarity requirements under Fed. R. Civ. P. 26(b)(1) and 36(a)(1).

**Subject to and without waiving the foregoing objections**, Responding Party **denies** the request. Responding Party denies that "The Gatalog" exists in any form capable of having a legal position regarding the EAR. Responding Party further denies the conflated and legally incoherent claim that the alleged actions of this disputed entity amount to "wire fraud" in violation of 18 U.S.C. § 1343, especially where the referenced regulation (ITAR) differs from the purported position regarding the EAR. No knowledge or information in Responding Party's possession supports any of the factual or legal assertions made in this request.


**Response to Request for Admission No. 53:**
**Objection.** Responding Party John Lettman objects to this request on the following grounds:

- **Premised on a fictitious entity**: The request assumes the existence of an organization called "The Gatalog" that functions as a legal entity capable of acting, forming intent, and committing crimes. Responding Party disputes that "The Gatalog" exists in any such form. A request premised on a non-existent entity is improper under Fed. R. Civ. P. 36(a)(1).
- **Compound, prolix, and unintelligible**: The request improperly combines at least three distinct factual allegations, each with different legal elements, into a single paragraph, and further appends a list of three separate purported factual sub-claims. The resulting request is compound and verbose in violation of Rule 36(a)(2), which requires that each request be "simple, direct and concise."
- **Calls for a legal conclusion about criminal liability**: The request improperly seeks an admission as to whether conduct constitutes "wire fraud" under 18 U.S.C. § 1343 and whether any alleged publication violated the EAR or ITAR. Requests that call for admission of criminal liability or pure legal conclusions are improper.
- **Vague and temporally unbounded**: The phrase "repeatedly posted on the internet without restriction" is vague and lacks a defined scope. Likewise, "in the last ten years" is overbroad and fails to specify a relevant or proportional timeframe, particularly where the complaint does not provide specific dates or identify particular files with clarity. Fed. R. Civ. P. 26(b)(1).

- **Fails to identify relevant "determinations"**: The request references legal conclusions attributed to the Department of Commerce under 15 C.F.R. § 734.7(c), yet fails to specify any final agency action or published determination applying that regulation to any file at issue. The lack of particularity renders the request speculative and ambiguous.

**Subject to and without waiving the foregoing objections**, Responding Party **denies** the request. Responding Party denies the existence of "The Gatalog" as an enterprise or legal entity of the sort described. Responding Party further denies that any such entity or group has engaged in the conduct alleged. To the extent the request suggests that the referenced conduct constitutes wire fraud or violations of ITAR or EAR, Responding Party denies those legal conclusions. Moreover, the undersigned is unaware of any legally binding "determinations" by the Department of Commerce applicable to the files referenced in the counterclaim or this request.


**Response to Request for Admission No. 54:**

**Objection.** Responding Party John Lettman objects to this request on the following grounds:

- **Improper compound structure**: This request contains at least three distinct factual assertions, including: (1) that "The Gatalog" acted with intent to violate the EAR; (2) that Responding Party acknowledged the risk of prosecution; and (3) that he stated he and another individual would not face consequences. Each of these constitutes a separate matter that should be stated in a separate request, in violation of Fed. R. Civ. P. 36(a)(2).
- **Improper reliance on a fictitious entity**: The request presumes the existence of an entity or legal association called "The Gatalog" capable of forming intent and acting with legal consequences. Responding Party expressly disputes that "The Gatalog," as described in the Second Amended Counterclaim, exists as an enterprise or legal person. The request is therefore defective on its face.
- **Calls for legal conclusions**: The request improperly seeks admission of legal conclusions regarding the applicability and violation of the Export Administration Regulations (EAR) and Responding Party's alleged "willful disregard" of federal law. Rule 36 does not permit requests that call solely for legal conclusions without tying them to specific facts.
- **Vague and unparticularized**: The request refers to "each of these respects," an undefined phrase referring to prior allegations, rendering the request ambiguous and incapable of a clear, binary admission or denial.
- **Assumes facts not in evidence**: The request misrepresents the contents of statements or positions allegedly taken by Responding Party, including unverified claims about "acknowledging" legal risk and making predictions about legal consequences. These attributions are unsupported by citation to any specific communication or context.

**Subject to and without waiving the foregoing objections**, Responding Party **denies** the request. Responding Party denies the existence of "The Gatalog" as an enterprise or legal entity capable of acting with intent or violating federal law. Responding Party further denies that he made any statement acknowledging legal risk or asserting

immunity from consequences, as misrepresented in the request. Responding Party is
also unaware of any final rule or binding legal interpretation by the U.S. Department of
Commerce categorically applying the EAR to the materials at issue in this litigation. To
the contrary, the Department of Commerce has expressly disclaimed the binding effect
of its public FAQs and guidance documents, which do not constitute final agency action
or legally enforceable interpretations of export regulations. Accordingly, the request is
**denied** in its entirety.


/s/ Matthew Larosiere
*Counsel for John Lettman*