UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

*Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc.,
DEFENSE DISTRIBUTED, and DIOSKOUROI
LLC,

*Defendants.*

_____

Defense Distributed,

Counterplaintiff/ Third-
Party Plaintiff,

v.

The Gatalog, Matthew Larosiere, John Elik,
Alexander Holladay, Peter Celentano, Josh
Kiel Stroke, John Lettman, and MAF Corp.

Counterdefendants.

_____/

## MATTHEW LAROSIERE'S RESPONSES TO DEFENSE DISTRIBUTED'S FIRST SET OF INTERROGATORIES

### General Objections to Definitions

**Objection to Definition No. 1 ("Person"):**
Counterdefendant objects to the definition of "person" as vague, overbroad, and inconsistent with the usage and scope contemplated by the Federal Rules of Civil Procedure. To the extent this definition purports to expand the meaning of "person" beyond that which is recognized in Rule 17(b) and Rule 34(a)(1), or includes informal associations or non-juridical entities not subject to suit, Counterdefendant objects. Counterdefendant will interpret "person" consistent with its ordinary legal usage under the Federal Rules unless otherwise specified in an individual request.

**Objection to Definition No. 2 ("Communication"):** Counterdefendant objects to the definition of "communication" as vague and overbroad to the extent it encompasses internal thoughts or fails to distinguish between formal and informal modes of transmittal, and to the extent it includes irrelevant or speculative inquiries not reasonably calculated to lead to the discovery of admissible evidence under Rule 26(b)(1). Counterdefendant will interpret "communication" as a tangible or documentable transmission of information between two or more persons.

**Objection to Definition No. 4 ("Relating"):** Counterdefendant objects to the definition of "relating" as overbroad and impermissibly vague. As defined, the term fails to place reasonable limits on the scope of discovery and risks encompassing irrelevant information that is neither proportional to the needs of the case nor reasonably calculated to lead to the discovery of admissible evidence under Rule 26(b)(1). Counterdefendant will interpret "relating to" as requiring a direct and substantial connection to the subject matter at issue.

**Objection to Definition No. 5 ("Social media"):** Counterdefendant objects to the definition of "social media" as vague, overinclusive, and ambiguous as to temporal and functional scope. The definition fails to distinguish between personal and professional accounts, private and public communications, or material reasonably accessible under Rule 26(b)(2)(B). To the extent the definition seeks materials from platforms not used by Counterdefendant or not within his possession, custody, or control, it is also burdensome and irrelevant. Counterdefendant will interpret "social media" as limited to content affirmatively published or made publicly available by Counterdefendant on an account he controls.

## OBJECTION TO INSTRUCTIONS

Respondent objects to the "Definitions" and "Instructions" set forth in Defense Distributed's interrogatories to the extent they are vague, overbroad, unduly burdensome, inconsistent with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida, and improperly expand the scope of what might otherwise be straightforward discovery requests. *See* Middle District Discovery (2021), § IV.A. The definitions and instructions purport to impose obligations not required under Rule 33 or applicable case law, including multipronged requirements for "identifying" persons, documents, or acts that convert single interrogatories into improper compound subparts. These definitions and instructions threaten to and do convert what might otherwise be discrete interrogatories into improper multipronged compound questions, violating Rule 33(a)(1)'s numerical limit and the proportionality mandate of Rule 26(b)(1). Counterdefendant will interpret the interrogatories using the ordinary meaning of the words used, subject to specific objections where appropriate.

## Response to Interrogatory No. 1

**Objection:** Counterdefendant objects to this interrogatory on the grounds that it is overbroad, not reasonably limited to the claims or defenses in this action, and not

proportional to the needs of the case as required by Rule 26(b)(1), Federal Rules of Civil Procedure. The request for *all* usernames and/or handles used over a multi-year period—regardless of platform, context, or subject matter—seeks irrelevant and potentially private information with no bearing on the claims asserted in the pleadings. It is also vague in its use of "handles" without limiting the scope to specific types of platforms or public usage. This interrogatory is further objectionable because it invades the privacy interests of Counterdefendant, including in unrelated personal or anonymous online activity, and is not appropriately tailored to discovery of relevant facts.

Subject to and without waiving the foregoing objection, respondent states: Fuddbuster, MattLaAtLaw, Matt La, IvanTheTroll.

**Response to Interrogatory No. 2**

**Objection.** Larosiere objects to this interrogatory on the grounds that it is vague, ambiguous, and overbroad. The interrogatory does not define "The Gatalog," "policies," or "procedures," and appears to assume that "The Gatalog" is a formally organized entity capable of adopting or implementing such measures. Mr. Larosiere denies that "The Gatalog" is or ever was a legal entity or any type of structured association. To the extent the interrogatory seeks identification of persons who have casually or informally contributed ideas within decentralized, online hobbyist spaces, it is unduly burdensome and not proportional to the needs of the case under Rule 26(b)(1).

**Subject to and without waiving the foregoing objections**, Larosiere states: To the best of my knowledge, "The Gatalog" as alleged in your Counterclaims does not exist, and thus I am without knowledge and unable to respond.

**Response to Interrogatory No. 3:**
**Objection:**
Counterdefendant objects to this Interrogatory to the extent it presumes that each copyrighted work was first published via a website or that such information is necessary or relevant to any claim or defense in this action. The Interrogatory also seeks information already in Counterplaintiff's possession, custody, or control — specifically the dates of first publication, which are stated on the copyright registration certificates filed in this case.

Subject to and without waiving the foregoing objections, Counterdefendant states that the dates of first publication are accurately reflected in the copyright registration certificates previously filed with the Copyright Office and submitted in this litigation. Counterdefendant further states that he did not personally publish the works at issue on any website and is not in possession of specific website publication data. To the extent the works were later mirrored or uploaded by others — including by or at the direction of Counterplaintiff or its associates — Counterdefendant lacks knowledge sufficient to identify the date and website of such publication.

**Response to Interrogatory No. 4:**
**Objection:**
Counterdefendant Matthew Larosiere objects to this Interrogatory on the grounds that it is vague, ambiguous, and based on unfounded assumptions. The Interrogatory presumes the existence of a formal approval process governing uploads to unspecified "branded Odysee channels," but fails to identify which channels are at issue, what constitutes a "branded Odysee channel," or how "The Gatalog's" alleged branding or approval process is defined. The Interrogatory is further objectionable as it is not reasonably tailored to elicit relevant or proportional information, as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure.

**Answer:**
Subject to and without waiving the foregoing objections, Counterdefendant states that he is not aware of any formal approval process for uploading files to any so-called Gatalog-branded Odysee channels, nor does he have knowledge of any individual who would be responsible for administering such a process.

**Response to Interrogatory No. 5:**
**Objection:**
Counterdefendant Matthew Larosiere objects to this Interrogatory on the grounds that it is vague, ambiguous, and based on assumptions unsupported by fact. The Interrogatory presumes the existence of identifiable persons "responsible for receiving or making payments" in connection with 3D-printable firearm files hosted on unspecified "branded Odysee channels" allegedly associated with "The Gatalog." It fails to define or specify what constitutes "The Gatalog's branded Odysee channels," what payments are at issue, or the nature of any alleged financial relationship. The Interrogatory is further objectionable as not reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the needs of the case under Rule 26(b)(1).

**Answer:**
Subject to and without waiving the foregoing objections, Counterdefendant states that he lacks knowledge of any person responsible for receiving or making payments relating to 3D-printable firearm files hosted on any so-called Gatalog-branded Odysee channels. To the best of Counterdefendant's knowledge and belief, no such payment system or responsible person exists.

**Response to Interrogatory No. 6:**
**Objection:**
Counterdefendant Matthew Larosiere objects to this Interrogatory on the grounds that it is vague, ambiguous, and overbroad, particularly in its use of the phrase "used in connection with," which is undefined and susceptible to multiple interpretations. The Interrogatory is further objectionable to the extent it assumes a financial or transactional nexus between cryptocurrency wallets and 3D-printable firearm files or components without factual basis. It is not reasonably limited in scope or time, and seeks information not proportional to the needs of the case under Rule 26(b)(1) of the Federal Rules of Civil Procedure.

**Answer:**

Subject to and without waiving the foregoing objections, Counterdefendant states that he has never used any cryptocurrency wallet to transact in connection with 3D-printable firearm files or components. However, Counterdefendant acknowledges that the Bitcoin wallet address bc1qt6hlqrr9nrz0vvw03h765pcq3jzzq3k6gqpm69 was included in one or more publications attributed to him as a donation address. To the best of his knowledge, no cryptocurrency has ever been deposited into that wallet.

**Response to Interrogatory No. 7:**
**Objection:**

Counterdefendant Matthew Larosiere objects to this Interrogatory on the grounds that it is vague, overbroad, and not reasonably limited in time or scope. The term "public forum" is undefined and could encompass an unbounded range of contexts, including social media, private groups, comment threads, or informal discussions, making the request ambiguous and unduly burdensome. The Interrogatory also seeks information of marginal relevance, if any, to any claim or defense and is not proportional to the needs of the case under Rule 26(b)(1) of the Federal Rules of Civil Procedure.

**Answer:**

Subject to and without waiving the foregoing objections, Counterdefendant states that he has discussed this lawsuit in general terms in one or more appearances on YouTube, including the "Potentially Criminal" channel, and on the social media platform Twitter (now known as X). To the best of his recollection, such discussions were surface-level and largely critical of what he views as the unsupported and internally inconsistent nature of Defense Distributed's counterclaims, including the fact that Defense Distributed mooted its own motion to dismiss on three separate occasions. Counterdefendant does not recall the specific dates or additional public forums, if any, in which such discussion occurred.

**Response to Interrogatory No. 8:**
**Objection:**

Counterdefendant Matthew Larosiere objects to this Interrogatory to the extent it seeks information protected by the attorney–client privilege, the attorney work product doctrine, or other applicable legal protections. The Interrogatory is also vague and overbroad insofar as it fails to define the scope of "contact" or the types of "law enforcement" entities contemplated, and is not limited in time or jurisdiction. Subject to and without waiving these objections:

**Answer:**

Outside of privileged communications and conduct undertaken in the course of his legal practice—which are unrelated to this litigation and protected from disclosure— Counterdefendant has had no contact with law enforcement regarding 3D-printable firearm files.

**Response to Interrogatory No. 9:**
**Objection:**

Counterdefendant Matthew Larosiere objects to this Interrogatory on the grounds that it

is vague and ambiguous as to the phrases "administrative privileges" and "website," which are undefined and may encompass a broad and indeterminate range of digital platforms, including forums, chat applications, hosting services, or social media sites, each of which may confer varying degrees of administrative access that are neither uniform nor clearly understood. The Interrogatory is further objectionable as overbroad and not reasonably limited in time, scope, or subject matter, and appears designed to elicit speculative responses regarding potential associations with unknown platforms. To the extent the Interrogatory seeks information about websites where others may have discussed or shared 3D-printable firearm files without Counterdefendant's knowledge or involvement, it exceeds the bounds of reasonable discovery and is not proportional to the needs of the case under Rule 26(b)(1) of the Federal Rules of Civil Procedure.

**Answer:**

Subject to and without waiving the foregoing objections, Counterdefendant states that he is without knowledge sufficient to identify any website on which 3D-printable firearm files or accessories are discussed or shared and for which he maintains administrative privileges, and is therefore unable to respond.


**Response to Interrogatory No. 10:**
**Objection:**

Counterdefendant Matthew Larosiere objects to this Interrogatory on the grounds that it is vague and assumes facts not in evidence. The Interrogatory presumes that Counterdefendant has knowledge of, or access to, administrative records or personnel lists associated with the website chat.deterrencedispensed.com, without any basis to believe that he is connected to that domain or has ever had such knowledge. The Interrogatory is further objectionable as overbroad and not reasonably limited in time or scope, and seeks information outside of Counterdefendant's possession, custody, or control. As phrased, the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

**Answer:**

Subject to and without waiving the foregoing objections, Counterdefendant states that he is without knowledge sufficient to identify any past or present administrators of chat.deterrencedispensed.com and is therefore unable to respond. Larosiere adds that he recalls being told he had administrative privileges on the chat page, but has not ever accessed them or seen such for himself, and was unable to access his account to verify.


Under penalty of perjury, I swear the foregoing responses are true and correct to the best of my knowledge.


/s/ Matthew Larosiere


/s/ Zachary Z. Zermay
*Attorney for Matthew Larosiere*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

*Plaintiff,*

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc.,
DEFENSE DISTRIBUTED, and DIOSKOUROI
LLC,

*Defendants.*

_____

Defense Distributed,

Counterplaintiff/ Third-
Party Plaintiff,

v.

The Gatalog, Matthew Larosiere, John Elik,
Alexander Holladay, Peter Celentano, Josh
Kiel Stroke, John Lettman, and MAF Corp.

Counterdefendants.

_____/

<u>MATTHEW LAROSIERE'S RESPONSES TO DEFENSE DISTRIBUTED'S FIRST SET
OF REQUESTS FOR PRODUCTION</u>

**OBJECTION TO INSTRUCTIONS AND DEFINITIONS**

Counterdefendant objects to the "Instructions" and "Definitions" accompanying these
Requests for Production on the grounds that they are vague, overbroad, unduly
burdensome, and inconsistent with the discovery obligations established by the Federal
Rules of Civil Procedure, the Local Rules of the Middle District of Florida, and the Middle
District Discovery Handbook. These provisions improperly attempt to expand the scope

of discovery well beyond the limits set by Rule 26(b)(1) and Rule 34(a), particularly given that Respondent is a private individual, not a corporate or institutional party.

The definition of "Parties" is objectionable to the extent that it purports to include a wide array of non-parties such as agents, representatives, officers, subsidiaries, and affiliates. Respondent is not part of any corporate entity with such relationships, and this definition improperly attempts to draw in documents or communications not within his possession, custody, or control, contrary to the limits of Rule 34. Similarly, the definitions of "You" and "Your," which purport to include not only Respondent but also his attorneys, experts, and "other persons acting or purporting to act" on his behalf, are vague and imprecise. This language creates ambiguity and inappropriately assigns responsibility or access to materials that are not within Respondent's control or legal obligation to produce.

The definitions relating to documents, electronically stored information (ESI), and communications are also impermissibly broad. The term "Material," as defined, encompasses all drafts, deleted files, temporary files, metadata, internet history, caches, cookies, and other forms of system-generated or forensic data, regardless of relevance or accessibility. These demands exceed what is reasonably proportional in a dispute involving an individual counterdefendant and impose obligations more suitable for institutional litigants engaged in commercial litigation. The reference to Sedona Conference definitions does not cure the overbreadth and does not constitute binding authority in this district. Moreover, the definition of "Communication," which includes not only verbal and written exchanges but also symbols, imagery, and emojis, is so expansive and ambiguous as to be unmanageable in application and ripe for abuse.

The interpretive definitions for words like "any," "and," and "or" purport to require the most inclusive possible construction of every request, regardless of context. While some flexibility in construing discovery requests is appropriate, the one-sided imposition of maximal breadth violates the principle of proportionality and leads to ambiguity in determining what is actually being requested.

The instructions themselves compound these problems. Instruction No. 1 demands a level of labeling and categorization of documents that is infeasible for an individual litigant who does not maintain records in a formal or structured manner. Instruction No. 2 calls for production "as kept in the ordinary course of business," which is simply inapplicable to Respondent, who does not operate a business. Instruction No. 3 is especially objectionable in that it mandates native file production of ESI, the creation of a discovery log detailing the type, source, and electronic ID of each file, the generation of load files compatible with commercial document review platforms, and the use of secure file transfer protocols. These technical and labor-intensive requirements are vastly disproportionate to the needs of this case and are not appropriate for discovery directed to an individual, particularly one who has not engaged in any commercial activity relating to the subject matter of the lawsuit.

Instruction No. 4 improperly shifts the burden of identifying non-searched sources of potentially responsive information onto Respondent, in contravention of Rule 26(g), which only requires a reasonable inquiry and good faith search. Instruction No. 6 seeks a hyper-technical privilege log that exceeds the reasonable requirements outlined in the Discovery Handbook, demanding information such as file format, job titles, and the physical location of every person involved in a privileged communication. Instruction No. 7 imposes an excessive burden by requiring a detailed explanation of the circumstances under which any responsive document might no longer exist, including the identification of every person with knowledge of its loss and any other materials that might touch on the loss. This is wholly disproportionate and far beyond what the rules require.

Accordingly, Counterdefendant objects to these definitions and instructions in their entirety and will respond to the individual Requests for Production in a manner consistent with the applicable discovery rules. Where appropriate, specific objections will be interposed, and responsive documents within Respondent's possession, custody, or control that are relevant and proportional to the claims and defenses in this matter will be identified or produced. To the extent these definitions and instructions purport to impose broader obligations, they are expressly rejected.

Counterdefendant believes the instructions and definitions render each and every request for production vague, overbroad, and disproportionate to the needs of discovery. As such, Counterdefendant declines to respond to any request covered by the abusive, boilerplate instructions provided. Subject to and without waiving that objection, Respondent proceeds now to the requests, giving words their plain meaning and ignoring all of Defense Distributed's abusive, boilerplate definitions and instructions:

**Response to Request for Production No. 1:**
**Objection:**
Counterdefendant Matthew Larosiere objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case under Rule 26(b)(1) of the Federal Rules of Civil Procedure. The Request spans nearly four years and seeks communications with numerous individuals—some identified only by pseudonyms—on a broad range of topics, many of which are vaguely defined or irrelevant to any claim or defense in this action. The Request also impermissibly seeks materials protected by the attorney–client privilege and attorney work product doctrine.
Specifically, this Request seeks communications between Mr. Larosiere and his legal clients in this matter—namely, co-defendants Josh Kiel Stroke, John Elik, and John Lettman—which are plainly protected from disclosure. Additionally, to the extent this Request encompasses communications made in anticipation of litigation, or relating to legal strategy, mental impressions, or case theory, such materials are protected under the work product doctrine.
The terms "communications," "relating to," and "business relationship" are vague and overinclusive, and the Request fails to limit the subject matter to any specific causes of action or factual allegations in the pleadings. To the extent the Request calls for identification of individuals associated with pseudonyms such as "Pla.boi," "Dr. Death,"

"UberClay," "ArmedJOy," or "Bloblems," Counterdefendant objects on the grounds that he lacks sufficient knowledge to identify those persons and that the Request seeks speculative associations.

Subject to and without waiving the foregoing objections, and excluding materials protected by the attorney–client privilege and/or attorney work product doctrine:

**Response:**

a. Counterdefendant has no responsive communications concerning DEFCAD.

b. Counterdefendant has no responsive communications concerning Defense Distributed.

c. Counterdefendant has no responsive communications concerning Cody Wilson.

d. Counterdefendant has no responsive communications concerning Dioskouri.

e. Counterdefendant has no responsive communications concerning the development or creation of any file alleged to be infringed upon in the Complaint.

f. Responsive communications, to the extent they exist, are protected by the attorney–client privilege and/or attorney work product doctrine.

g. Counterdefendant has no responsive communications concerning The Gatalog, its website, Odysee presence, submission process, or bounty payments.

h. Counterdefendant objects to the production of communications regarding litigation hold notices as protected under the work product doctrine.

i. Counterdefendant has no responsive communications concerning the deletion of files or communications relating to printable firearm frames and receivers.

j. Counterdefendant has no responsive communications concerning any business relationship relating to printable firearm frames and receivers.

k. Counterdefendant has no responsive communications concerning chat.deterrencedispensed.com, including any selection or delegation of Rocketchat administrative responsibilities.

l. Counterdefendant has no responsive communications concerning the "FEDCAD" meme.

m. Counterdefendant has no responsive communications concerning the *Everytown for Gun Safety v. DEFCAD* lawsuit.

**Statement of Withholding:**

Pursuant to Rule 34(b)(2)(C), Counterdefendant affirms that responsive documents and communications are being withheld to the extent they are protected by the attorney–client privilege or attorney work product doctrine.


**Response to Request for Production No. 2:**

**Objection:**

Counterdefendant Matthew Larosiere objects to this Request as overbroad, vague, and not proportional to the needs of the case under Rule 26(b)(1) of the Federal Rules of Civil Procedure. The phrase "digital firearm file transfers to foreign entities or individuals" is not defined and is susceptible to multiple interpretations, including speculative or hypothetical transfers not known to or associated with Counterdefendant. The Request further identifies a non-exhaustive list of named and pseudonymous individuals or groups—some of whom may be unidentifiable or associated with political entities—without articulating any nexus to the claims or defenses in this action.

To the extent the Request seeks information concerning alleged transfers by others, without Counterdefendant's knowledge or involvement, it exceeds the permissible scope of discovery. Counterdefendant also objects to the extent the Request seeks materials not within his possession, custody, or control.

**Response:**

Subject to and without waiving the foregoing objections, Counterdefendant states that after a diligent search, he has no materials responsive to this Request in his possession, custody, or control.

**Response to Request for Production No. 3:**

**Objection:**

Counterdefendant Matthew Larosiere objects to this Request on the grounds that it is vague, overbroad, and not proportional to the needs of the case under Rule 26(b)(1) of the Federal Rules of Civil Procedure. The Request fails to define the term "Material," which could encompass an indeterminate range of documents, communications, or metadata. It also assumes, without foundation, that Counterdefendant has knowledge of or involvement in the payment of hosting fees for domains that are not alleged to be under his ownership, control, or administration.

To the extent the Request seeks financial or transactional records concerning third-party platforms or domains—including chat.deterrencedispensed.com, the Odysee channel at https://odysee.com/@TheGatalog-PrintableFramesReceivers:9, and thegataloq.com—with which Counterdefendant has no affiliation, it seeks information beyond Counterdefendant's possession, custody, or control and is not reasonably tailored to any claim or defense in this action.

**Response:**

Subject to and without waiving the foregoing objections, Counterdefendant states that after a diligent search, he has no materials responsive to this Request in his possession, custody, or control.

**Response to Request for Production No. 4:**

**Objection:**

Counterdefendant Matthew Larosiere objects to this Request on the grounds that it is based on a false premise and seeks information that is neither relevant nor proportional to the needs of the case under Rule 26(b)(1) of the Federal Rules of Civil Procedure. The Request presumes that Counterdefendant has asserted a claim that DEFCAD failed to properly encrypt or securely store its data, which he has not. As such, the Request is not reasonably calculated to lead to the discovery of admissible evidence and appears intended to impose burden rather than elicit relevant discovery.

**Response:**

Subject to and without waiving the foregoing objections, Counterdefendant states that he has not made any claim in this action that DEFCAD failed to properly encrypt or securely store its data, and therefore has no materials responsive to this Request.

**Response to Request for Production No. 5:**
**Objection:**
Counterdefendant Matthew Larosiere objects to this Request on the grounds that it is based on a false factual premise and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case under Rule 26(b)(1) of the Federal Rules of Civil Procedure. The Request incorrectly presumes that Counterdefendant has alleged or asserted that DEFCAD has been "hacked and dumped multiple times," which he has not. As such, the Request is not reasonably calculated to lead to the discovery of admissible evidence.
**Response:**
Subject to and without waiving the foregoing objections, Counterdefendant states that he has not made any claim in this action that DEFCAD has been hacked or dumped, and therefore has no materials responsive to this Request.

**Response to Request for Production No. 6:**
**Objection:**
Counterdefendant Matthew Larosiere objects to this Request on the grounds that it is vague and compound, including the undefined phrase "stole from you or any other Counterdefendant," which lacks specificity and legal clarity. The Request is also cumulative and unduly burdensome to the extent it demands production of materials already in Counterplaintiff's possession, custody, or control. Responsive materials have been filed publicly in this case, including in the Complaint, the Motion for Preliminary Injunction, and other pleadings, and are therefore equally accessible to Counterplaintiff. Additionally, this Request seeks to compel production of materials that, in part, derive from statements and admissions made by Counterplaintiff itself—such as the "Black Flag White Paper" and related blog posts authored or published by Cody Wilson—which are not within the exclusive possession of Counterdefendant and are publicly accessible.
**Response:**
Subject to and without waiving the foregoing objections, Counterdefendant refers Counterplaintiff to the Complaint, the Motion for Preliminary Injunction, and other filings in this action, which incorporate all material supporting the claim that DEFCAD misappropriated intellectual property from Counterdefendant Larosiere and others. Counterdefendant is not withholding any additional responsive materials beyond those already produced or filed with the Court.

**Response to Request for Production No. 7:**
**Objection:**
Counterdefendant Matthew Larosiere objects to this Request on the grounds that it is vague, ambiguous, and overbroad. The Request fails to identify with reasonable specificity who constitutes the "moderators of r/Fosscad," a Reddit community whose moderators may include anonymous or pseudonymous individuals not reasonably identifiable by Counterdefendant. Without identification of specific individuals or accounts, the Request seeks information beyond what is reasonably accessible under Rule 26(b)(2)(B) of the Federal Rules of Civil Procedure.

Counterdefendant further objects on the grounds that the Request is not proportional to the needs of the case under Rule 26(b)(1). It seeks all communications over a period of nearly four years with an undefined and potentially large group of individuals, on three broad and unrelated topics: "DEFCAD," "The Gatalog," and "the parties involved in this case." Each of these topics lacks clear boundaries and may encompass speculative, incidental, or irrelevant communications. The phrase "the parties involved in this case" is particularly problematic, as it could include discussions entirely unrelated to the claims or defenses in this litigation and places an unreasonable burden on Counterdefendant to comb through voluminous data for materials with no clear connection to any disputed fact. To the extent the Request seeks informal, off-platform, or private communications with unidentified Reddit users, it also improperly demands the production of materials not within Counterdefendant's possession, custody, or control, and may intrude upon the privacy expectations of third parties who are not parties to this litigation.

**Response:**

Subject to and without waiving the foregoing objections Counterdefendant states that after a diligent search, he has no materials responsive to this Request in his possession, custody, or control.


**Response to Request for Production No. 8:**
**Objection:**

Counterdefendant Matthew Larosiere objects to this Request on the grounds that it is vague, overbroad, and not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). The Request seeks "any Material" relating to "payment agreements" with companies "including, but not limited to" a list of four named entities, over a nearly four-year period. The lack of limitation in subject matter, scope, or context renders the Request overinclusive and burdensome.

Additionally, the term "payment agreements" is ambiguous and undefined—it may refer to formal contracts, informal arrangements, sponsorships, one-time transactions, donations, or indirect financial relationships—none of which are clarified in the Request. The Request is further objectionable to the extent it seeks materials relating to third parties not alleged to be directly involved in the claims or defenses of this action, including companies with no established connection to the alleged copyright infringement, tortious interference, or counterclaims asserted.

To the extent the Request seeks commercially sensitive information or communications with third parties who are not parties to this litigation, the Request may also implicate confidentiality or privacy concerns and is subject to appropriate protections under Rule 26(c).

**Response:**

Subject to and without waiving the foregoing objections, Counterdefendant states that after a diligent search, he has no materials responsive to this Request in his possession, custody, or control.

**Response to Request for Production No. 9:**
**Objection:**
Counterdefendant Matthew Larosiere objects to this Request on the grounds that it is vague, ambiguous, and overly broad, particularly in its use of the phrase "development of the files on which you claim copyright in your Complaint." The Request fails to identify which specific files are at issue, or what constitutes "development"—a term that could encompass a wide range of documents, including drafts, sketches, software tools, internal notes, correspondence, or unrelated preliminary materials. Without clarification, the scope of this Request is unclear and would require speculative interpretation of both the files referenced and the nature of "development," making compliance unreasonably burdensome and disproportionate under Rule 26(b)(1).
To the extent this Request seeks documents created in anticipation of litigation or protected by the work product doctrine—particularly internal design discussions, case preparation notes, or legal strategy—it is subject to withholding under applicable privilege doctrines.
**Response:**
Subject to and without waiving the foregoing objections, Counterdefendant is willing to produce pre-publication drafts and original sketches relating to certain of the copyrighted designs identified in the Complaint, but the size and complexity of the files renders production excessively difficult given the speculative nature of their responsiveness. However, if requesting counsel confirms these would be helpful, these materials will be produced in an independent document production, to the extent they exist and can be located through a reasonable search. Counterdefendant expressly reserves all rights to withhold privileged materials and to seek a protective order as to any confidential technical content that may require restriction under Federal Rule of Civil Procedure 26(c).


**Response to Request for Production No. 10:**
**Objection:**
Counterdefendant Matthew Larosiere objects to this Request on the grounds that it is vague, speculative, and based on an unfounded factual premise. The Request presumes, without any factual basis, that Counterdefendant has engaged in or discussed efforts to "disrupt" the website of Attorney David Gingras, a non-party to this action. The phrase "how that website could be disrupted" is ambiguous, prejudicial, and improperly suggestive of wrongdoing, and the Request is not reasonably calculated to lead to the discovery of admissible evidence.
The Request is further objectionable under Rule 26(b)(1) of the Federal Rules of Civil Procedure because it is not proportional to the needs of the case. It seeks information about conduct that is entirely unrelated to the claims or defenses asserted in this action and appears intended to harass or burden the Counterdefendant. To the extent the Request seeks "communications," it is also overbroad in time, scope, and subject matter, and lacks any nexus to the underlying copyright, tort, or contract disputes.
**Response:**
Subject to and without waiving the foregoing objections, Counterdefendant states that he has no documents or materials responsive to this Request in his possession, custody, or control.

**Response to Request for Production No. 11:**
**Objection:**
Counterdefendant Matthew Larosiere objects to this Request on the grounds that it is vague, overbroad, and not reasonably limited in scope or subject matter. The terms "management," "deletion," and "alteration" of "records or communications" are undefined and may encompass an unreasonably broad range of activity—including benign file organization or routine digital maintenance—that has no relevance to the claims or defenses in this action. The Request further lacks specificity as to the type of records or communications sought, the persons involved, or the purpose of the alleged "management" or "alteration," and it is not reasonably tailored to discover admissible evidence under Rule 26(b)(1) of the Federal Rules of Civil Procedure.

To the extent the Request seeks to imply the improper destruction or concealment of evidence, Counterdefendant objects to its prejudicial framing and reserves the right to seek appropriate protective relief if the Request is used to advance unsupported accusations. The Request is also objectionable to the extent it seeks to compel production of materials not within Counterdefendant's possession, custody, or control.

**Response:**
Subject to and without waiving the foregoing objections, and after conducting a diligent search, Counterdefendant states that he is not aware of any materials responsive to this Request.


/s/ Zachary Z. Zermay
*Attorney for Matthew Larosiere*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

                    *Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc.,
DEFENSE DISTRIBUTED, and DIOSKOUROI
LLC,

                    *Defendants*.

_____

Defense Distributed,

                    Counterplaintiff/ Third-
                    Party Plaintiff,

v.


The Gatalog, Matthew Larosiere, John Elik,
Alexander Holladay, Peter Celentano, Josh
Kiel Stroke, John Lettman, and MAF Corp.

                    Counterdefendants.

_____/


<u>MATTHEW LAROSIERE'S RESPONSES TO DEFENSE DISTRIBUTED'S FIRST SET
OF REQUESTS FOR ADMISSION</u>


1. **Objection.** Counterdefendant objects to this request on the grounds that it is improper under Rule 36 of the Federal Rules of Civil Procedure. The request seeks admission of an entire paragraph that is compound**,** vague, and replete with legal conclusions, argumentative assertions, and editorialized language. Terms such as "criminal racketeering enterprise," "run-of-the-mill," "associated principals," "dealing illegally," and "handles legally" are undefined and assume facts not admitted or proven. The paragraph also mischaracterizes Plaintiff's claims and misstates the nature of this litigation. Counterdefendant further objects to the definitions of "you,"

"The Gatalog," and "parties" as overbroad, vague, and improperly attributing the alleged conduct of unrelated third parties to Counterdefendant.

Subject to and without waiving these objections, Counterdefendant denies the allegations in Paragraph 1 of the Counterclaim. Counterdefendant further specifically denies:

- That any criminal racketeering enterprise exists as alleged;
- That "The Gatalog" is an enterprise;
- That he or any associated individual has engaged in any illegal conduct;
- That Defense Distributed operates in compliance with the law;
- And that this case involves anything other than a standard civil copyright dispute.

2. **Objection.** Counterdefendant objects to this request on the grounds that it is improper under Rule 36 of the Federal Rules of Civil Procedure. The request seeks admission of an entire paragraph that is compound, vague, and laden with legal conclusions and scandalous, argumentative language, including but not limited to the terms "black-market operator," "illegal ends," "criminal wire fraud," "money laundering," "extortion," "threatened murder," "stealing business," and "compliance market." These are not factual allegations susceptible to admission or denial but rhetorical characterizations and legal accusations. Counterdefendant further objects to the definitions of "you" and "The Gatalog" as impermissibly overbroad, and specifically objects to any implication that "The Gatalog" is an enterprise or has legal, financial, or operational structure as alleged.

Subject to and without waiving these objections, Counterdefendant denies the allegations in Paragraph 2 of the Counterclaim. Counterdefendant specifically denies:
- That "The Gatalog" is or has ever been a "black-market operator" or enterprise of any kind;
- That he or anyone associated with him committed or attempted wire fraud, money laundering, extortion, or threatened murder;
- That any business was "stolen" from Defense Distributed;
- And that the digital firearms information market was distorted in any way by Counterdefendant's actions.

3. **Objection.** Counterdefendant objects to this request as improper under Rule 36 of the Federal Rules of Civil Procedure. The request seeks admission of an entire paragraph that is compound, speculative, inflammatory, and replete with legal conclusions and rhetorical hyperbole. It contains scandalous and prejudicial assertions — including that Counterdefendant is somehow linked to a homicide, that an undefined entity called "The Gatalog" violated federal export laws, and that unnamed "members" engaged in a "coverup" involving mass deletion of social media posts. The allegations are framed to inflame rather than elicit proper

admissions. Counterdefendant further objects to the definitions of "you," "The
Gatalog," and "parties" as overbroad, vague, and improperly attributing conduct by
unknown third parties to Counterdefendant.

Subject to and without waiving these objections, Counterdefendant denies the allegations
in Paragraph 3 of the Counterclaim. Specifically:

- Counterdefendant denies having any involvement in the killing referenced;
- Denies that "The Gatalog," which Counterdefendant asserts does not exist as an
  entity, provided any such files;
- Denies any violation of the EAR or ITAR;
- Denies that he or anyone known to him deleted social media posts in connection
  with this matter;
- And denies participating in or having knowledge of any alleged "coverup."

4. **Objection.** Counterdefendant objects to this request as improper under Rule 36 of
   the Federal Rules of Civil Procedure. The request incorporates a paragraph that is
   compound, vague**,** conclusory, and argumentative, and which improperly calls for
   admissions regarding legal conclusions and speculative future conduct. Terms such
   as "key principals," "economic harms," "racketeering enterprise," and "more terrible
   crimes" are not defined and assume facts that are in dispute. Counterdefendant
   further objects to the definitions of "you," "The Gatalog," and "parties" as
   impermissibly overbroad and vague, and specifically objects to any characterization
   of "The Gatalog" as a legal entity or enterprise capable of liability or of causing
   economic harm.

Subject to and without waiving these objections, Counterdefendant denies the allegations
in Paragraph 4 of the Counterclaim. Specifically:

- Denies that "The Gatalog" constitutes an enterprise;
- Denies that he or anyone associated with him is a "key principal" of such an
  enterprise;
- Denies that Defense Distributed has suffered any economic harm as a result of
  Counterdefendant's conduct;
- And denies that this litigation involves racketeering or poses any threat of "terrible
  crimes."

5. **Objection.** Counterdefendant objects to this request on the ground that it calls for a
   pure legal conclusion, namely whether subject matter jurisdiction exists under 28
   U.S.C. § 1331. Requests for admission under Rule 36 are not properly used to
   compel admissions on questions of law.

Subject to and without waiving this objection, Counterdefendant does not dispute that the
Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 based on the claims
asserted under federal law.

6. **Objection.** Counterdefendant objects to this request on the ground that it calls for a
   legal conclusion, specifically whether diversity jurisdiction exists under 28 U.S.C. §

1332. Rule 36 of the Federal Rules of Civil Procedure does not require parties to admit or deny abstract legal conclusions, particularly regarding jurisdiction.

Subject to and without waiving this objection, Counterdefendant does not dispute that the Court has original jurisdiction under 28 U.S.C. § 1332 based on the amount in controversy and the diversity of citizenship between the parties.

7. **Objection.** Counterdefendant objects to this request on the ground that it calls for a legal conclusion regarding the existence of subject matter jurisdiction under 28 U.S.C. § 1331. Specifically, the request asks for an admission that jurisdiction exists by virtue of claims brought under the Racketeer Influenced and Corrupt Organizations Act (RICO) and the Lanham Act — both of which are disputed on the merits. Rule 36 does not require parties to admit or deny such legal determinations.

Subject to and without waiving this objection, Counterdefendant does not dispute that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, but denies that the counterclaims asserted under RICO or the Lanham Act have legal or factual merit.

8. **Objection.** Counterdefendant objects to this request as improper under Rule 36 because it calls for multiple legal conclusions regarding the existence and scope of supplemental jurisdiction under 28 U.S.C. § 1367. It also requires admission of speculative legal assertions and factual characterizations — including whether state law claims "substantially predominate," whether they "raise novel or complex issues," and whether they arise from the same "case or controversy" under Article III — all of which are disputed and subject to legal briefing. The request is compound, argumentative, and seeks to force admissions about legal issues better addressed in motions practice.

Subject to and without waiving these objections, Counterdefendant denies that the Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the state law counterclaims asserted by Counterplaintiff, and further denies that those claims arise from the same case or controversy or satisfy the statutory requirements for the exercise of supplemental jurisdiction.

9. **Objection.** Counterdefendant objects to this request on the ground that it calls for a legal conclusion regarding whether venue is proper under 18 U.S.C. § 1965(a), including the interpretation and application of a federal venue statute to the facts of this case. The request also contains imprecise and compound language, including the undefined and disputed term "The Gatalog," which is not a juridical person or enterprise capable of "residing," "being found," or "transacting affairs." Rule 36 does not compel admission of such abstract legal determinations or vague composite factual assertions.

Subject to and without waiving these objections, Counterdefendant does not presently contest that the Middle District of Florida is a proper venue for this action, but expressly denies the existence of "The Gatalog" as an enterprise or legal entity as described by Counterplaintiff and further denies that the venue assertion in Paragraph 9 is factually accurate as framed.

10. **Objection.** Counterdefendant objects to this request on the grounds that it (a) calls for a legal conclusion regarding the propriety of venue under 28 U.S.C. § 1391, and (b) misstates the law, as 28 U.S.C. § 1391(e)(1)(B) applies solely to civil actions against officers or agencies of the United States and is entirely inapplicable to private-party litigation such as this action. The request also incorporates vague and composite allegations about the occurrence of unspecified "events or omissions" without identifying any specific conduct alleged to have taken place in this District. Furthermore, the reference to "The Gatalog" is misleading and improper, as Counterdefendant denies that any such enterprise exists or is capable of engaging in conduct that would affect venue.

Subject to and without waiving these objections, Counterdefendant denies that a substantial part of the events or omissions giving rise to Counterplaintiff's claims occurred in the Middle District of Florida, and further denies that 28 U.S.C. § 1391(e)(1)(B) provides any basis for venue in this action.

11. **Objection.** Counterdefendant objects to this request on the ground that it calls for a legal conclusion regarding the applicability of 28 U.S.C. § 1391(b)(2) and mischaracterizes both the nature and location of any "property that is subject to the action." The request also relies on vague, unsupported assertions and presumes facts not in evidence, namely that property relevant to this action exists in the Middle District of Florida. Counterdefendant further objects to the implicit reference to "The Gatalog," which is not a juridical entity or enterprise capable of owning, situating, or controlling property for venue purposes.

Subject to and without waiving these objections, Counterdefendant denies that any substantial part of the property at issue in the counterclaims is located in the Middle District of Florida and further denies that 28 U.S.C. § 1391(b)(2) supports venue in this action.

12. **Objection.** Counterdefendant objects to this request to the extent it seeks admissions about the corporate organization, structure, or operations of third parties over which Counterdefendant has no control, and which are not alleged to be alter egos or otherwise legally relevant to Counterdefendant's individual liability. Counterdefendant further objects to the request as irrelevant to the claims or defenses at issue and not directed to the acts or omissions of the party to whom the request is addressed.

Subject to and without waiving these objections, Counterdefendant lacks knowledge or information sufficient to admit or deny the allegations in request 12 and therefore denies them on that basis pursuant to Rule 36(a)(4).

13. **Admitted**.

14. **Admitted**, except that Counterdefendant objects to the use of the term "The Gatalog" to the extent it implies the existence of a juridical entity or enterprise capable of being sued. Counterdefendant maintains that "The Gatalog" does not exist in the manner alleged and is not a proper party to this action.

15. **Objection.** Counterdefendant objects to this request as calling for a legal conclusion, including issues of standing, corporate structure, and real-party-in-interest status, which are not properly the subject of a request for admission. Counterdefendant further objects that the request is vague and compound, incorporating both procedural posture and factual assertions about the relationship between Defense Distributed and Defcad, Inc. The embedded footnote attempts to selectively disregard corporate separateness for strategic litigation purposes, while reserving it elsewhere — a tactic that underscores the speculative and self-serving nature of the claim.

Subject to and without waiving these objections, Counterdefendant denies that Defense Distributed is properly asserting claims on behalf of Defcad, Inc., and denies that it has sufficiently alleged any basis for doing so. Counterdefendant further states that he presently lacks knowledge as to the actual corporate relationship between Defense Distributed and Defcad, Inc., but explicitly reserves the right to assert that both entities are alter egos of Cody Wilson and are being used to obscure personal liability.

16. **Objection.** Counterdefendant objects to this request to the extent it improperly presumes the existence of a juridical entity called "The Gatalog" capable of being named as a third-party defendant. Counterdefendant further objects that the term "The Gatalog" is vague, undefined, and used inconsistently throughout the counterclaims to refer variously to alleged individuals, a supposed enterprise, a brand, or a non-existent legal person. As used by Counterplaintiff, "The Gatalog" is a fictive label with no recognized structure, assets, membership, or corporate form, and therefore cannot be properly referred to as a "Third-Party Defendant" in any legally meaningful way.

Subject to and without waiving these objections, Counterdefendant denies that "The Gatalog" is a third-party defendant in the sense of being a real or suable entity and denies that the term can properly be used to describe a juridical person in this action.

17. **Objection.** Counterdefendant objects to this request to the extent it presumes that "The Gatalog" is a recognized unincorporated association under Florida law or any other law. The term is vague and undefined, and Counterplaintiff has not identified any organizing documents, membership criteria, leadership structure, shared assets, or continuity of operation that would support the classification of "The Gatalog" as an association with legal capacity. This request improperly calls for a legal conclusion, which is not a proper subject for a request for admission under Rule 36.

Subject to and without waiving these objections, Counterdefendant denies that "The Gatalog" is an unincorporated association under the laws of Florida or that it has the capacity to be sued.

18. **Objection.** Counterdefendant objects to this request on the ground that it assumes the existence of a juridical entity or unincorporated association called "The Gatalog" with a principal place of business, when no such entity exists. The term "The Gatalog" is vague and used inconsistently by Counterplaintiff to refer alternately to a website, a group of individuals, or an alleged enterprise. This request also calls for a legal conclusion and is not susceptible to a straightforward factual admission or denial.

Subject to and without waiving these objections, Counterdefendant denies that "The Gatalog" has a principal place of business in Florida, or anywhere, because it does not exist as a juridical person or business organization.

19. **Objection.** Counterdefendant objects to this request on the grounds that it assumes the existence of a juridical entity called "The Gatalog" with the legal capacity to be served with process. The request further assumes facts not in evidence — namely, that The Gatalog has agents or representatives in Florida who are authorized to accept service — and therefore calls for a legal conclusion, which is improper under Rule 36. The term "The Gatalog" remains vague and undefined, and Counterplaintiff has not identified any individual or office authorized to receive service on its behalf.

Subject to and without waiving these objections, Counterdefendant denies that "The Gatalog" can be reached for service of process in Florida, or anywhere, because it does not exist as a legal entity or have any agents or offices capable of accepting service.

20. **Objection.** Counterdefendant objects to this request as it calls for a legal conclusion regarding personal jurisdiction, which is not a proper subject of a request for admission under Rule 36. Counterdefendant further objects that the request presumes the existence of a juridical entity called "The Gatalog," capable of being domiciled or residing in a state — an assertion that has not been established and is

affirmatively denied. The term "The Gatalog" is vague, undefined, and used inconsistently throughout the Counterclaim.

Subject to and without waiving these objections, Counterdefendant denies that "The Gatalog" resides in or is domiciled in the State of Florida, or that this Court has general personal jurisdiction over it.

21. **Objection.** Counterdefendant objects to this request on the grounds that it calls for a legal conclusion regarding specific personal jurisdiction, which is not a proper subject for a request for admission under Rule 36. Counterdefendant further objects to the extent the request presumes the existence of a juridical entity called "The Gatalog" capable of availing itself of any privileges or conducting activities in any state. The term "The Gatalog" is vague, undefined, and not shown to have conducted any activity in Florida or elsewhere. Moreover, the Counterclaim fails to allege specific conduct occurring in Florida that would support specific jurisdiction.

Subject to and without waiving these objections, Counterdefendant denies that this action arises out of any conduct by which "The Gatalog" purposefully availed itself of the privilege of conducting activities within the State of Florida, or that this Court has specific personal jurisdiction over it.

22. **Objection.** Counterdefendant objects to this request on the grounds that it assumes the existence of an "enterprise" within the meaning of RICO or any other legal framework, which is a legal conclusion and not a proper subject for a request for admission under Rule 36. The term "The Gatalog" is vague, undefined, and not shown to exist as an entity, and the phrase "The Gatalog Principals" is similarly undefined and overbroad. The request improperly assumes that Counterdefendant or any third party participated in or agreed to any common objective or scheme.

Subject to and without waiving these objections, Counterdefendant denies that "The Gatalog" constitutes an enterprise or that it is comprised of individuals who agreed or cooperated to further any objective, including any relating to 3D printable gun files. Counterdefendant further denies that any group exists or existed that may properly be referred to as "The Gatalog Principals."

23. **Admitted**, subject to the objection that this request seeks information not material to any element of a claim or defense, and that personal jurisdiction over Counterdefendant Larosiere is not disputed for purposes of these proceedings.

24. **Admitted**, subject to the objection that this request calls for information that is a matter of public record and not in dispute. Counterdefendant has been served and has appeared in this action.

25. **Objection.** Counterdefendant objects to this request on the grounds that it calls for legal conclusions regarding personal jurisdiction, which are not proper subjects for a request for admission under Rule 36. Counterdefendant further objects to the extent the request is compound, assumes facts not established, and misstates the applicable legal standards for specific jurisdiction. While Counterdefendant resides in Florida, he denies that any alleged conduct giving rise to this action occurred in or was directed at Florida.

Subject to and without waiving these objections, Counterdefendant admits that he resides in the State of Florida but denies that any alleged conduct giving rise to the counterclaims occurred in Florida or that he purposefully availed himself of the privilege of conducting activities within the state as alleged.

26. **Objection.** Counterdefendant objects to this request on the grounds that it is compound, vague, and assumes the existence of an organized "enterprise" referred to as "The Gatalog" and a defined group of "Gatalog Principals," neither of which have been shown to exist. The request also improperly calls for legal conclusions and contains pejorative characterizations of Counterdefendant's alleged conduct. The phrase "knowingly agreed to and did in fact substantially further The Gatalog's objectives" is ambiguous, undefined, and calls for speculation about intent and group purpose, which Counterdefendant denies.

Subject to and without waiving these objections, Counterdefendant denies that he is or ever was a "Gatalog Principal" as that term is undefined and misused. While Counterdefendant has interacted with a loose online collective of firearm design enthusiasts colloquially referred to as "The Gatalog," he has never held any formal role, exercised administrative authority, or undertaken activities on behalf of any organized entity. Counterdefendant further denies ever agreeing to or substantially furthering any alleged "objectives" of "The Gatalog," and denies that such objectives exist in any coherent or coordinated form.

27. Objection. Counterdefendant objects to this request as compound, vague, and misleading. It improperly assumes that Counterdefendant has ownership, control, or legal responsibility for multiple platforms, including public or third-party websites not operated by him. The terms "publication," "administration," and "maintenance" are undefined, overbroad, and ambiguous in the context of internet platforms where many users may post content without any centralized coordination. The request also improperly calls for legal conclusions and falsely presumes the existence of a structured "enterprise" with which Counterdefendant is affiliated.

Subject to and without waiving these objections, Counterdefendant denies that he is or ever was responsible for the publication, administration, or maintenance of any 3D-printable firearm file content on thegatalog.com, Odysee.com, or chat.deterrencedispensed.com. Counterdefendant further denies that he holds or held

any administrative, editorial, or content management role for those platforms. While Counterdefendant has administrative access to the "Fuddbusters" Discord server, that server is not used to distribute or publish 3D-printable firearm files, and any administrative role there is unrelated to the allegations in this action. Counterdefendant denies that he has ever operated or directed any coordinated publication or enterprise concerning such files as alleged.

28. Objection. Counterdefendant objects to this request as compound, vague, and misleading. It improperly conflates distinct websites and legal entities and falsely assumes Counterdefendant's control, authorship, or responsibility for content across multiple unrelated platforms. The terms "responsible for," "publication," "administration," and "maintenance" are ambiguous and undefined, and the request improperly calls for legal conclusions. The phrasing also presumes the existence of a structured publishing enterprise which Counterdefendant denies.

Subject to and without waiving these objections, Counterdefendant denies that he is or was responsible for the publication, administration, or maintenance of any 3D-printable firearm file content on deterrencedispensed.com, gatalog.com, maf-arms.com, or ctrlpew.com. Counterdefendant has never owned or operated deterrencedispensed.com, gatalog.com, or ctrlpew.com, and has never had administrative, editorial, or technical responsibilities for those domains. While Counterdefendant is the president of MAF Corporation, MAF has never published, distributed, or hosted any 3D-printable firearm files, and Counterdefendant's limited role there is entirely unrelated to the allegations in this action.

29. **Objection.** Counterdefendant objects to this request to the extent it implies or suggests that the use of the alias "Fuddbuster" carries any legal significance, implies criminal conduct, or supports any element of the claims asserted in the counterclaim. The request is irrelevant, misleading, and intended to improperly imply an association between innocuous personal or professional branding and the alleged "enterprise."

Subject to and without waiving these objections, Counterdefendant admits that he is sometimes referred to by the alias "Fuddbuster," particularly in public-facing educational or commentary work unrelated to the allegations in this action.

30. **Objection:** Counterdefendant Matthew Larosiere objects to this Request to Admit on the grounds that it is compound, argumentative, vague, assumes facts not in evidence, and mischaracterizes the nature of The Gatalog and Mr. Larosiere's role, if any, therein. The request further improperly attributes legal conclusions, such as "acting on behalf of The Gatalog" or "furthering The Gatalog's objectives," to factual subcomponents, rendering the request improper under Federal Rule of Civil Procedure 36(a)(4). Mr. Larosiere additionally objects to the extent the request incorporates unauthenticated or irrelevant third-party hearsay (including

declarations filed in unrelated litigation), and to the extent it misstates the content or significance of such material.

Subject to and without waiving these objections, Mr. Larosiere denies that he acted on behalf of any criminal enterprise or racketeering organization as alleged in the Counterclaim. Specifically:

- He did not exercise control over any "Gatalog" Odysee.com page (¶30a);
- He did not serve as an administrator of any chat service associated with "The Gatalog" (¶30b);
- He did not employ or partner with Mr. Elik in relation to "The Gatalog" as described (¶30c);
- While he acknowledges helping to form a nonprofit entity styled "The Gatalog Foundation" (¶30d), it has taken no action, holds no assets, and was contemplated only for purposes unrelated to the allegations in this case;
- He serves as director of MAF Corp. (¶30f), which has never trafficked in or distributed 3D firearm files, and is unrelated to the alleged conduct;
- Mr. Larosiere does not admit or adopt the contents of any third-party declaration filed in unrelated litigation, including the statement purporting to describe his role in "representing" The Gatalog or its affiliates (¶30g);
- He has never created or implemented any compliance policies for The Gatalog, including under ITAR or EAR (¶30h–i);
- He lacks knowledge of who DEFCAD's CTO is (¶30j). To the extent any message was sent, it was not followed by any "fraudulent" copyright applications;
- Mr. Larosiere has had a personal and professional relationship with John Elik (a/k/a Ivan the Troll), including an employment agreement unrelated to this matter, and has used Ivan's pseudonym in select contexts as a literary and rhetorical device. He disputes and denies any fraudulent intent or misrepresentation in any copyright application.

Mr. Larosiere denies the implication that any of the foregoing acts give rise to liability or support any claim under RICO, the Lanham Act, or state law, and reserves all rights to challenge the sufficiency and propriety of the claims based on these alleged facts.

31. **Objection.** Counterdefendant objects to this request to the extent it seeks disclosure of privileged attorney-client communications, including the timing and substance of any agreement for legal representation. Counterdefendant further objects on the grounds that the request is vague, compound, and calls for a legal conclusion regarding the status of representation.

Subject to and without waiving these objections, Counterdefendant admits that he presently serves as counsel of record for John Elik in this action.

32. **Objection.** Counterdefendant objects to this request on the grounds that it seeks disclosure of information protected by the attorney-client privilege, including the timing, existence, and terms of any agreement for legal representation.

Counterdefendant further objects that the request is compound, calls for a legal conclusion.

Subject to and without waiving the foregoing objections, Counterdefendant admits that he is currently serving as counsel of record for Josh Stroke in this action.

33. **Objection.** Counterdefendant objects to this request on the grounds that it seeks information protected by the attorney-client privilege, including the timing, existence, and terms of any agreement for legal representation. Counterdefendant further objects that the request is compound, calls for a legal conclusion.

Subject to and without waiving these objections, Counterdefendant admits that he is currently serving as counsel of record for John Lettman in this action.

34. **Objection.** Counterdefendant objects to this request to the extent it seeks an admission of an imprecise or conclusory definition and to the extent it incorporates or relies on definitions improperly set forth in the preamble to the Requests for Admission, which are not agreed to and are expressly rejected. Counterdefendant further objects to the request as vague and ambiguous, particularly regarding the intended meaning of "hosted" and whether this encompasses domain ownership, content control, or server operations.

Subject to and without waiving these objections, Counterdefendant states that he lacks sufficient knowledge or information to admit or deny the allegations of paragraph 85, and on that basis, denies them.

35. **Objection**: Responding party objects to this Request on the grounds that it is compound, vague as to the term "legal responsibility," and assumes facts not in evidence concerning the historical and ongoing ownership and control of "DEFCAD." The Request also purports to characterize a third party's business practices and future intentions, to which this party has no knowledge or access. The temporal phrasing "was, is, and will remain" is speculative and improper in a Request for Admission. Responding party further objects to the extent this Request seeks to support an improper attempt to reverse-engineer standing or claim ownership on behalf of Defense Distributed over claims that may belong to another party, if they exist at all.

Subject to and without waiving these objections, and based on information presently known, Responding party denies the allegations in paragraph 86 of the Counterclaim and states that he lacks sufficient knowledge to admit the claims regarding the corporate structure or business intentions of Defense Distributed or Defcad, Inc., and that those entities' use of the DEFCAD platform, and any asserted "legal responsibility" therefor, remains unsubstantiated and in dispute.

36. **Objection**: Defendant objects to this request to the extent it assumes facts not in evidence, calls for a legal conclusion, or mischaracterizes the function and purpose of "DEFCAD." Defendant further objects on the grounds that the term "digital firearms information" is vague, overbroad, and undefined, and that the paragraph improperly presumes the nature and scope of DEFCAD's operations as if they were established fact.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 87 and therefore denies them. Defendant further denies any implication that he has ever used or interacted with the DEFCAD platform in a manner relevant to this litigation, and does not concede the factual accuracy of Counterplaintiff's description of DEFCAD or its operations.

37. **Objection**: Defendant objects to this request on the grounds that it calls for a legal conclusion, presumes facts not in evidence, and mischaracterizes the nature of "digital firearms information," a term which is vague and undefined. Defendant further objects to the extent this request seeks to impose upon him the burden of establishing or confirming the compliance of a third party (DEFCAD) with legal or regulatory obligations, where Defendant lacks the authority, access, or basis to make such determinations.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 88 and therefore denies them.

38. **Objection.** This request calls for a legal conclusion regarding the regulatory compliance of a third party (DEFCAD), and it is not reasonably within Counterdefendant Larosiere's personal knowledge. It also assumes facts not admitted and is not limited to Larosiere's conduct or statements.

Subject to and without waiving these objections, Counterdefendant Larosiere responds as follows:
Denied**.** Counterdefendant lacks sufficient knowledge to admit the regulatory status or legal compliance of DEFCAD, which is not an entity or operation he controls or has access to internal compliance records for.

39. **Objection.** This request calls for a legal conclusion and improperly seeks an admission concerning the regulatory compliance of a third party (DEFCAD), a matter outside the personal knowledge of Counterdefendant Larosiere. It also compounds two distinct claims—compliance with federal ITAR regulations and with specific state laws—making the request vague, ambiguous, and overbroad.

Subject to and without waiving these objections, Counterdefendant Larosiere responds as follows:

**Denied.** Counterdefendant lacks sufficient knowledge to admit or deny the legal compliance of DEFCAD with either the ITAR regime or the state laws cited, and specifically denies any implication that he possesses or should possess such knowledge.

40. **Objection.** This request is vague, compound, and calls for speculation about the purpose, functions, and business operations of a purported entity—"The Gatalog"—whose existence, structure, and activities are expressly denied. It also presumes facts not in evidence, including the existence of monetization, competition, and formal administration.

Subject to and without waiving these objections, Counterdefendant Larosiere responds as follows:
**Denied.** Counterdefendant denies that "The Gatalog" exists as an enterprise capable of having functions, administration, or monetization. Further denies that Counterdefendant has ever competed with Defense Distributed in any commercial capacity, or that any such competition exists.

41. **Objection.** This request is vague, compound, assumes the existence of "The Gatalog" as an organized entity, and improperly presumes the truth of disputed legal and factual allegations, including the existence of "principals" or coordinated control. It also calls for speculation regarding third parties.

Subject to and without waiving the foregoing objections: **Denied.** Counterdefendant denies that "The Gatalog" operates in any organized fashion, or that it performs the alleged functions through a network of websites, chat platforms, or social media accounts. Further denies the existence of "The Gatalog Principals" or that any such persons exercise coordinated control over such a network.

42. **Objection.** This request is vague, compound, and misleading, and it presumes the existence of a structured organization called "The Gatalog" with defined "channels" and coordinated activity. It also improperly aggregates multiple websites and services and assumes they serve a unified or common purpose. The request is further objectionable to the extent it attributes functions or conduct to Counterdefendant without specificity or evidentiary basis.

Subject to and without waiving the foregoing objections: **Denied.** Counterdefendant denies that "The Gatalog" is or ever has been an organized entity with "main channels" for any coordinated activity. Counterdefendant further denies that the listed websites and platforms were ever used in concert to carry out any function on behalf of "The Gatalog," and denies that maf-arms.com has ever hosted or distributed 3D printable gun files or been involved in any "Gatalog"-related activity.

43. **Objection:** This request is vague, compound, and assumes the existence of a unified enterprise called "The Gatalog" as alleged in the counterclaims, which Counterdefendant denies exists in any legal or structured form. The request further

improperly presumes commercial coordination or directive authority that is not
established by the allegations or supported by evidence.

Subject to and without waiving the foregoing objections: Denied. Counterdefendant
denies that "The Gatalog," as described in the counterclaims, directed patrons to maf-
arms.com or ctrlpew.com for any purpose. To the extent individuals affiliated with the
informal hobbyist community sometimes called "The Gatalog" have independently
promoted or linked to projects involving parts that are also sold by MAF or Ctrl+Pew, such
activity does not reflect coordination or direction by an "enterprise," nor does it suggest
that Counterdefendant, in any capacity, directed others in the manner alleged.

44. **Objection:** Larosiere objects to this request as vague, compound, and assuming
facts not in evidence, including the existence of "The Gatalog" as an entity capable
of offering money transfers or incentives. The request also improperly conflates
independent actions by third parties with conduct purportedly attributable to the
loosely affiliated group Defense Distributed calls "The Gatalog." The request is also
overbroad and lacks temporal limitation.

Subject to and without waiving these objections, Larosiere responds as follows:
Denied. Larosiere is not aware of "The Gatalog," whether as an entity or group, offering
money transfers or financial incentives to developers. While the Ctrl+Pew website has at
times advertised "bounties" to encourage certain hobbyist accomplishments, Larosiere
has no involvement in those offerings, and they are not attributable to "The Gatalog" as
alleged.

45. **Objection**: Larosiere objects to this request as vague, misleading, and
argumentative—particularly the phrase "de facto bank," which is undefined and
improperly suggests regulated financial activity. Larosiere further objects to the
compound nature of the request and to its assumption of facts not in evidence,
including the implication of a coordinated financial structure between MAF Corp.
and any alleged entity called "The Gatalog."

Subject to and without waiving the foregoing objections, Larosiere denies that MAF Corp.
serves as a "de facto bank" for any activity related to "The Gatalog" as alleged. MAF Corp.
employs Matthew Larosiere and Alexander Holladay, who are paid salaries for their work
at MAF Corp., which is an independent business. MAF Corp. does not make payments
to any of the other individuals named in the request, and it does not serve as a financial
intermediary for any collaborative or enterprise-related activity.

46. **Objection**. This request calls for a legal conclusion, is vague and overbroad, and
fails to specify what acts constitute the alleged "pattern of racketeering activity." The
phrase "acting by and through The Gatalog Principals" is also vague and undefined.
To the extent it purports to characterize the actions of Mr. Larosiere or others as
criminal or as part of a criminal enterprise, it is a prejudicial legal conclusion not
susceptible to admission or denial.

Subject to and without waiving the foregoing objections, denied. Mr. Larosiere denies that he has committed or conspired to commit any criminal acts, and further denies knowledge of any such acts committed by any purported "Gatalog Principals." Mr. Larosiere specifically denies the existence of any formal association or enterprise meeting the definition of "The Gatalog" as alleged by Defense Distributed.

47. **Objection**: Responding party objects to this request as vague, ambiguous, compound, and calling for a legal conclusion. The request improperly attributes legal positions and mental states to a loosely described collective that the requesting party elsewhere characterizes as an unincorporated association, yet fails to define in a coherent or consistent manner. The request further mischaracterizes the scope and applicability of the International Traffic in Arms Regulations ("ITAR") in a manner unintelligible to any attorney trained in reading the law.

Subject to and without waiving these objections, and expressly preserving the position that "The Gatalog" is not a legally cognizable entity and cannot form legal positions or intent. Given "The Gatalog" does not exist in the capacity articulated, the request is denied for want of knowledge.

48. **Objection**: The request is vague, compound, and calls for speculation regarding the intent or legal posture of an undefined collective ("The Gatalog"), which Counterdefendants deny is an existing entity or association with capacity to act or form legal intent. The term improperly aggregates conduct and positions of multiple individuals, and assumes the existence of shared intent or understanding of export compliance obligations among them.

Subject to and without waiving these objections:
Respondent lacks knowledge of whether any entity or person self-identifying as "The Gatalog" has or has ever had an export license under the ITAR regime, or whether such a license is intended to be obtained. Accordingly, Respondent denies any implication that he has willfully taken a position deeming the ITAR inapplicable or acted in knowing defiance of it.

49. **Objection**: This request is vague, assumes facts not in evidence, and calls for speculation about the actions or intentions of a purported entity ("The Gatalog") which Respondent denies exists as an organized association capable of holding or promoting views. The phrase "this view" is also ambiguous and undefined, rendering the request compound and unintelligible without further clarification.

Subject to and without waiving these objections:
Respondent denies that any real or legal entity known as "The Gatalog" exists to "advertise" or hold unified views, or that he has ever advertised the alleged view as a "feature" of any service or work. To the extent any individual hobbyist may have expressed opinions about export controls in public or online, those statements cannot be attributed to Respondent or any coordinated enterprise.

50. **Objection**: This request is vague, compound, and calls for a legal conclusion, including as to the interpretation and application of the International Traffic in Arms Regulations (ITAR) and 18 U.S.C. § 1343. It also assumes the existence of a "position" held by "The Gatalog," which Respondent denies exists as a cognizable legal entity. The request further presumes the commission of a federal crime and frames that presumption as a factual statement, which is improper in a request for admission.

Subject to and without waiving these objections:
Respondent denies that he or any purported association referred to as "The Gatalog" has committed wire fraud or violated ITAR or the Arms Export Control Act, and further denies that he or any such association has ever engaged in conduct indictable under 18 U.S.C. § 1343. Respondent also denies the existence of a unified or coordinated "position" on ITAR attributable to any collective enterprise.

51. **Objection:** Respondent objects to this request as compound, argumentative, and improper under Rule 36. It contains multiple subparts and assumes disputed facts and legal conclusions.

Subject to and without waiving the foregoing objections, Respondent denies any involvement in or knowledge of the alleged activities described in subparts (a) through (d). Respondent has no knowledge of the cited Product Development Lifecycle wiki page and expressly reserves all rights to challenge the authenticity, admissibility, and legal relevance of the alleged chat records and other materials referenced. Respondent reiterates that "The Gatalog" is not a legal entity, has no structure or leadership, and does not operate in the manner described.

52. **Objection**: Respondent objects that this Request is compound, vague, and calls for speculation regarding the alleged intent and statements of third parties. Respondent further objects to the inclusion of a purported quote lacking attribution or context.

Subject to and without waiving the foregoing objections, Respondent responds as follows: Denied. Respondent denies any involvement with or knowledge of the alleged ITAR violations or intent to promote the same. Respondent does not recognize the alleged statement attributed to Mr. Elik and has no knowledge of such a statement being made.

53. **Objection**: Respondent objects that this Request is compound, vague, and assumes facts not in evidence, including the existence of "The Gatalog" as a legal entity, and Respondent's participation in or knowledge of its purported internal decision-making. The Request also improperly attributes collective legal conclusions and intentions to Respondent individually.

Subject to and without waiving these objections, Respondent responds as follows:

Denied. Respondent denies holding or acting upon any such position regarding the applicability of the Commerce Department's EAR regulations, and has never taken any such position knowingly or intentionally, whether individually or on behalf of any group.

54. **Objection**: Respondent objects to this request as vague, compound, and argumentative. It improperly assumes the existence of an "EAR-compliant license or permission" regime applicable to "The Gatalog" without specifying what activities allegedly require such licensure. The request further presumes that "The Gatalog" is a legal entity capable of licensure, which Respondent denies.

Subject to and without waiving the foregoing objections, Respondent denies that he has ever acted in violation of the Export Administration Regulations or that he has engaged in any activity requiring a license under the EAR on behalf of "The Gatalog," which does not exist as an entity.

55. **Objection:** Respondent objects to this Request for Admission on the grounds that it is vague, overbroad, compound, and assumes facts not in evidence, including the existence of a legal entity or enterprise known as "The Gatalog," and the existence of "services" offered by such an entity. The Request further assumes legal conclusions regarding the applicability and nature of the EAR regime, and purports to characterize expressive activity in a misleading manner.

Subject to and without waiving these objections, Respondent denies that he has ever advertised any "view" regarding the EAR as a feature of any services, particularly not on behalf of a nonexistent enterprise.

56. **Objection.** This request is compound, argumentative, and calls for a legal conclusion regarding the applicability of federal regulations and the existence of alleged criminal conduct. It is also vague in its reference to "The Gatalog's position" and improperly assumes the existence of an organized legal entity. The request conflates regulations under the Export Administration Regulations (EAR) with those under the International Traffic in Arms Regulations (ITAR), despite the paragraph's stated focus on EAR applicability.

Subject to and without waiving the foregoing objections, Respondent denies that he or anyone he knows to be associated with "The Gatalog" has engaged in conduct that constitutes wire fraud under 18 U.S.C. § 1343 or violated ITAR. Respondent further states that he lacks knowledge sufficient to confirm whether the EAR regulations apply to the alleged conduct and specifically denies any personal involvement in the acts described.

57. **Objection:** Respondent objects to this request for admission as vague, compound, overly broad, and not susceptible to a simple admission or denial as required by Rule 36 of the Federal Rules of Civil Procedure. The request improperly assumes legal and factual conclusions—such as that "The Gatalog" is a legal entity, that any

particular content falls within 15 C.F.R. § 734.7(c), or that such content was
distributed by Respondent—without identifying specific facts or evidence. The
request also references third-party conduct and publications (e.g., "Rogue 9") with
no foundation that Respondent had any involvement or knowledge.

Subject to and without waiving the foregoing objections, Respondent denies any
knowledge of or involvement in the publication or distribution of the so-called "Rogue 9"
files, denies that any files with which he has been involved have ever been found to fall
under 15 C.F.R. § 734.7(c), and denies that he has committed any act constituting wire
fraud under 18 U.S.C. § 1343. Respondent further denies the existence of "The Gatalog"
as a legal entity capable of action, regulation, or liability.

58. **Objection**: Respondent objects to this request as compound, vague, speculative,
and improper under Rule 36 of the Federal Rules of Civil Procedure. The request
attempts to bundle multiple factual and legal conclusions—including intent,
knowledge, and the conduct of third parties—into a single admission. It further calls
for speculation about alleged statements made by another person and improperly
characterizes Respondent's purported state of mind.

Subject to and without waiving these objections, Respondent denies having any
knowledge or involvement in the alleged transfers, denies any recollection of the alleged
statement by Mr. Elik, and denies that he expressed any belief that he or anyone else
would not face consequences under the EAR. Respondent further denies the existence
of any entity called "The Gatalog" as capable of forming intent or acting in concert as
described.

59. **Objection**: Respondent objects to this request as vague, conclusory, and improper
under Rule 36. It calls for a legal conclusion regarding whether alleged conduct
constitutes "wire fraud" under 18 U.S.C. § 1343 and fails to specify any particular
statements, timing, or participants. It also presumes the existence of a legally
cognizable entity called "The Gatalog" with the capacity to devise or execute a
scheme.

Subject to and without waiving these objections, Respondent denies any involvement in
or knowledge of any scheme to defame or falsely disparage DEFCAD's business
practices, and further denies that any such conduct occurred.

60. **Objection.** Respondent objects to this request as compound, argumentative, and
improper under Rule 36. It seeks admission of numerous distinct factual
assertions—each capable of being admitted or denied separately—under the guise
of a single request. It also relies heavily on conclusory and inflammatory language,
such as "defamatory," "false disparagement," and "tortiously interfere," which
improperly presuppose legal conclusions. Subject to and without waiving these
objections, Respondent states:

Denied. Respondent denies any participation in or coordination with any alleged scheme to defame DEFCAD or promote a "FEDCAD" meme as described. Respondent does not recall personally using the term "FEDCAD" and had no role in the creation, promotion, or commercial use of any such material. Respondent denies knowledge or involvement in any hacking attempts or security breaches related to DEFCAD and disputes the existence or applicability of any purported "Chief of Propaganda" position.

61. **Objection**. Respondent objects to this request on the grounds that it is vague and ambiguous, particularly as to the phrases "so consistent and successful" and "publicly received as the 'FEDCAD lawsuit,'" which lack any objective meaning or clear referent. Respondent further objects that the request is compound, incorporating multiple distinct assertions—including alleged trade libel, public reception, and encouragement to support third parties—making it improper under Rule 36(a)(2) of the Federal Rules of Civil Procedure. Respondent also objects on the ground that the request is argumentative and calls for speculation, especially with respect to public perception and intent of third parties unknown to Respondent.

Subject to and without waiving these objections, and based solely on present recollection and personal knowledge, Respondent states: Respondent does not recall the lawsuit being referred to as the "FEDCAD lawsuit," is not aware of any such consistent or successful trade libel campaign as alleged, and is not aware of any public encouragement to thank or support Respondent or MAF Corp in relation to this action.

62. **Objection:** Respondent objects to this request as vague, overbroad, compound, and improper under Rule 36. It bundles multiple alleged statements by a third party (John Elik) into one request, without specifying the exact language or platform used, and improperly seeks admission from Respondent about statements he did not make. It also calls for speculation and assumes facts not in evidence, including alleged motivations, the truth or falsity of third-party statements, and legal conclusions about defamation or trade libel. The request further mischaracterizes a lawsuit filed by Respondent as related to actions of other individuals, conflating the actions of various third parties with those of Respondent.

Subject to and without waiving the foregoing objections, Respondent states: Respondent did not publish the statements described in this paragraph and lacks knowledge sufficient to admit or deny whether the described statements were published by Mr. Elik or anyone else. Respondent does not recall any such posts or deletions, and does not understand the allegations as presented, as they are confusing, internally contradictory, and improperly framed for a request for admission.

63. **Objection:** Respondent objects to this Request on the grounds that it is vague, lacks specificity as to what precise statements are alleged, and impermissibly assumes facts not in evidence, including that Elik was acting "on behalf of The Gatalog." The Request also improperly seeks an admission based on statements

allegedly made by another person without providing a verbatim quote, citation, or context, and as such calls for speculation. The Request further fails to distinguish between conduct of third parties and any conduct or knowledge attributable to Respondent.

Subject to and without waiving the foregoing objections, and limiting response to matters within Respondent's personal knowledge: Respondent does not recall any such statement being made.

64. **Objection:** Respondent objects to this Request on the grounds that it is vague, compound, and assumes facts not in evidence, including the existence of a coordinated action by "The Gatalog," that Respondent was involved in any such act, and that the referenced image was "doctored." The Request fails to identify who specifically acted, what was said, or how the alleged coordination occurred. It improperly seeks an admission regarding the conduct of others without identifying the statements or conduct with sufficient specificity. The Request further mischaracterizes a Twitter post and its purported viewership and reactions without providing a citation or copy.

Subject to and without waiving the foregoing objections, and limiting response to matters within Respondent's personal knowledge: Respondent denies any personal involvement in creating any such image or message and lacks knowledge sufficient to admit or deny the remainder.

65. **Objection:** Respondent objects to this Request as vague, compound, and lacking specificity as to the alleged statements made, the medium in which they were made, and how they were "malicious" or "false." The Request improperly seeks an admission regarding the motives and conduct of a third party (Elik) and attributes those statements to "The Gatalog" without identifying any agency relationship or factual basis for attribution. The characterization of DEFCAD's legal positions and compliance measures as legitimate or not is a legal conclusion not properly the subject of a request for admission. The Request also calls for speculation and contains argumentative phrasing. Subject to and without waiving these objections, and limiting response to matters within Respondent's personal knowledge:

Response**:** Respondent lacks knowledge sufficient to admit or deny the statements allegedly made by Elik or the context in which they were made, and denies having made or authorized any such statements.

66. **Objection**: Respondent objects to this request on the grounds that it is vague, compound, and improperly assumes facts not in evidence, including that the alleged statement was made "on behalf of The Gatalog," that it concerned a specific and legally cognizable "round of EAR regulatory changes," and that Holladay had the

authority to speak for The Gatalog. Respondent further objects that the request
seeks admission of a legal conclusion regarding the applicability of export control
regulations and improperly attributes third-party statements to Respondent. Subject
to and without waiving these objections, Respondent responds as follows:

Respondent lacks knowledge sufficient to admit or deny whether Holladay made any such
statement in September 2024. Respondent denies having made such a statement himself
or having authorized any such statement. Respondent further denies that any such
statement, if made, was done on behalf of "The Gatalog" as a legal entity, and denies that
such an entity exists.

67. **Objection**: Respondent objects to this Request for Admission on the grounds that it
is vague, compound, and calls for a legal conclusion, including the improper
demand for an admission to criminal conduct, in violation of Federal Rule of Civil
Procedure 36(a)(5). The term "extortion" as used in the request is undefined,
conclusory, and wrong. The request also improperly seeks to compel admissions
regarding legal conclusions reserved for the Court.

Subject to and without waiving the foregoing objections, Respondent denies that "The
Gatalog" exists as alleged or that any counterdefendant engaged in extortion as defined
under 18 U.S.C. § 1951 or under any reasonable interpretation of that statute.

68. **Objection**. Respondent objects to this request as compound, vague, and not the
proper subject of a request for admission under Rule 36. The request improperly
attempts to summarize multiple allegations involving third parties—none of whom
are alleged to be agents or representatives of Respondent—in a conclusory and
legally charged manner. The request further seeks admission to statements and
events allegedly involving John Elik and Jacob Duygu (a/k/a JStark) without any
basis to assert that Respondent has personal knowledge or responsibility for them.

Subject to and without waiving the foregoing objections, Respondent denies having any
knowledge of the alleged communications, threats, or conduct described, and denies
participating in or authorizing any such actions.

69. **Objection**. Respondent objects to this request as compound, argumentative, and
not the proper subject of a request for admission under Federal Rule of Civil
Procedure 36(a)(1)(A). The request contains multiple factual allegations,
characterizations, and legal conclusions that are improper for a single RFA and
appear calculated to harass a third party.

Subject to and without waiving these objections, Respondent denies that Stroke is
employed by MAF Corp, that she is compensated for any activity related to The Gatalog
or DEFCAD, or that she engaged in any conduct on behalf of The Gatalog as alleged.
Stroke is a personal friend of Respondent. Respondent believes that she has been

improperly targeted in this action so that Cody Wilson and his counsel can harass and misgender her.

Respondent further denies any knowledge of or involvement in any alleged campaign against DEFCAD users, denies any direction or control over Stroke's independent activity, and specifically denies any involvement in any alleged threats, harassment, or conduct described in this request.

Respondent has personal knowledge that a Defense Distributed employee, at the direction of Wilson and his attorney, filed a fraudulent workplace harassment injunction in Arizona based on false claims that Stroke was employed by Defense Distributed. That injunction was obtained through fraud and is not evidence of any wrongdoing by Respondent.

70. **Objection**: Respondent objects to this request as vague, compound, and argumentative, and to the extent it presumes the existence of "The Gatalog" as a cognizable legal entity or organized association-in-fact enterprise. Respondent further objects to the extent the request seeks to impute to Respondent responsibility for the independent speech or conduct of third parties. Subject to and without waiving the foregoing objections, Respondent states as follows:

Respondent denies having made or participated in any threats involving a crime of violence, including murder, against Cody Wilson. Respondent further denies any knowledge of any such threats by any person, and specifically denies that any conduct by Respondent was intended to intimidate or instill fear in Cody Wilson or interfere with his business activities.

71. **Objection**: Respondent objects to this request as vague, compound, assumes facts not in evidence, and is improper to the extent it seeks an admission concerning the conduct, knowledge, or intent of third parties not identified with reasonable specificity. Respondent further objects to the extent the request presumes the existence of "The Gatalog" as an enterprise or legal entity capable of agency, which Respondent denies. Respondent also objects to the extent the request seeks to impute statements of third parties to Respondent without any factual basis or legal justification.

Subject to and without waiving the foregoing objections, Respondent states as follows: Respondent denies knowledge of any such message being sent to Cody Wilson, denies directing or encouraging any such message, and denies that any individual is or was acting as Respondent's agent or on Respondent's behalf in connection with such communication.

72. **Objection**: Respondent objects to this request as vague, argumentative, speculative, and not the proper subject of a request for admission under Rule 36 of the Federal Rules of Civil Procedure. The request calls for a legal conclusion and seeks to characterize the subjective meaning or effect of an alleged third-party

statement, the authenticity and context of which are not established. Respondent also objects to the extent the request presumes the existence of "The Gatalog" as a unified entity capable of intent or agency, which Respondent denies.

Subject to and without waiving the foregoing objections, Respondent states as follows: Respondent lacks knowledge or information sufficient to admit or deny the characterization of the referenced message and denies that any such message was made at Respondent's direction, on Respondent's behalf, or by anyone acting as Respondent's agent.

73. **Objection**: Respondent objects to this request as vague, speculative, argumentative, and not the proper subject of a request for admission under Rule 36 of the Federal Rules of Civil Procedure. The request seeks a legal conclusion regarding criminal conduct and intent, relies on an unverified communication of unknown authorship, and improperly attributes the alleged conduct to Respondent through an entity—"The Gatalog"—whose existence and structure Respondent disputes. It further calls for speculation regarding the mental state of an unidentified third party and improperly assumes facts not in evidence.

Subject to and without waiving the foregoing objections, Respondent denies that they sent or directed the message described, and denies that any such conduct was taken on Respondent's behalf or by anyone acting as their agent. Respondent further denies that they or anyone acting for them threatened Cody Wilson or engaged in any conduct constituting a crime of violence.

74. **Objection**: Respondent objects to this request as vague, overbroad, speculative, and improper under Rule 36 of the Federal Rules of Civil Procedure. The request seeks an admission regarding an undefined "broader pattern" of conduct by a purported entity—"The Gatalog enterprise"—whose existence, structure, and legal coherence Respondent disputes. It is further objectionable to the extent it assumes facts not in evidence, lacks specificity as to time, actors, or acts, and seeks a legal conclusion regarding alleged criminal or tortious activity.

Subject to and without waiving these objections, Respondent denies any involvement in or knowledge of any such pattern of intimidation, and denies that any threat was made on Respondent's behalf or at their direction.

75. **Objection**: Respondent objects to this request as vague, compound, speculative, argumentative, and improper under Rule 36 of the Federal Rules of Civil Procedure. The request impermissibly assumes the existence of a legally cognizable "Gatalog enterprise," an "ongoing pattern of racketeering activity," and specific criminal acts including "coordinated campaigns of online harassment" and "doxxing" without identifying any actors, timeframes, or specific conduct attributable to Respondent. It

also seeks a legal conclusion regarding alleged RICO violations and uses inflammatory language more suited to advocacy than discovery.

Subject to and without waiving these objections, Respondent denies any participation in or knowledge of such alleged conduct and further denies that any such activity, if it occurred, was done at Respondent's direction, encouragement, or on Respondent's behalf.

76. **Objection**: Respondent objects to this request as legally improper, vague, compound, argumentative, and calling for a legal conclusion in violation of Rule 36 of the Federal Rules of Civil Procedure. The request mischaracterizes the law, presumes facts not in evidence, and asks Respondent to admit the legal applicability of 18 U.S.C. § 1959 to third-party conduct. It also improperly assumes the existence of a "racketeering enterprise," that any alleged threat was made "as consideration" for pecuniary value, and that Respondent had any knowledge of or involvement in such acts.

Subject to and without waiving these objections, Respondent denies any involvement in, knowledge of, or legal responsibility for any threat as described, and further denies the existence of a racketeering enterprise as alleged.

77. **Objection**: Respondent objects to this request as vague, compound, assumes facts not in evidence, and calls for a legal conclusion in violation of Fed. R. Civ. P. 36. It improperly assumes: (1) that "The Gatalog" exists as a legal entity capable of employing individuals; (2) that John Lettman is employed as an "IT Director" by such an entity; and (3) that any alleged actions constitute "hacking" or a violation of 18 U.S.C. § 1030(a)(5)(A). The request also presumes Respondent's knowledge or control over alleged conduct of a third party, which is not supported.

Subject to and without waiving these objections, Respondent denies any knowledge of or involvement in the alleged conduct.

78. **Objection:** Respondent objects to this Request as vague, overly broad, and improperly compound, combining multiple distinct factual assertions and legal conclusions into a single request. Respondent further objects to the extent the Request calls for speculation about the conduct or intent of third parties or imputes their conduct to Respondent without foundation. Subject to and without waiving the foregoing objections, and limited to Respondent's personal knowledge:

Response: Denied. Respondent lacks knowledge of Elik directing or soliciting others to hack the DEFCAD website, or of him falsely or maliciously reporting such hacking. Respondent also denies any such conduct occurred on behalf of "The Gatalog" as alleged.

79. **Objection**: Respondent objects to this Request on the grounds that it is vague, compound, and assumes the existence of an entity called "The Gatalog" as a singular, legally cognizable actor capable of executing cyberattacks. It further assumes as true that Distributed Denial of Service (DDoS) attacks occurred, and that Respondent or any Counterdefendant had any involvement. The Request also calls for speculation regarding the motivations of third parties and includes legal conclusions about causation and intent. Subject to and without waiving the foregoing objections, Respondent responds as follows:

Respondent denies any involvement in, or knowledge of, any DDoS attacks against Mr. Wilson, his websites, or his so-called "Black Flag White Paper." Respondent further denies that any Counterdefendant directed or participated in such acts. Respondent is aware that Mr. Wilson published a manifesto under that title containing an incorrect and sophomoric reading of *Star Athletica* to justify his unlawful copying of digital content, but this has no bearing on the conduct alleged. Respondent denies the allegations to the extent they attribute any such actions to him or any Counterdefendant.

80. **Objection**: Respondent objects to this request as vague, conclusory, and speculative, particularly in its use of the phrase "claims credit," which is undefined and could encompass sarcasm, misrepresentation, or secondhand allegations. The request also improperly assumes facts not in evidence and appears to be based on hearsay.

Subject to and without waiving the foregoing objections, Respondent states that he lacks knowledge or information sufficient to admit or deny whether John Lettman has ever claimed credit for any cyberattacks, and on that basis denies the request.

81. **Objection:** Respondent objects to this request as vague, overly broad, and not properly limited to matters within Respondent's personal knowledge. It also improperly assumes facts not in evidence and calls for admission of conduct by third parties over whom Respondent has no control or authority. Subject to and without waiving these objections, Respondent further responds as follows:

Response: Denied. Respondent has no knowledge of any such conduct by John Lettman and has never approved, encouraged, or participated in any hacking of David Gingras's website.

82. **Objection:** Respondent objects to this Request for Admission as improper under Federal Rule of Civil Procedure 36. The request is compound and contains numerous discrete factual and legal assertions, each of which should have been separately stated. The request further calls for legal conclusions, including the existence of an "enterprise," "racketeering activity," and "joint and several

responsibility," which are not proper subjects of a request for admission. The request is also vague and ambiguous in its use of the phrase "the activities of The Gatalog," which lacks a fixed or coherent meaning and presumes the existence of a defined entity where none has been established. Subject to and without waiving these objections, and limiting the response to matters within Respondent's personal knowledge, Respondent denies the request. Subpart (a): Denied. Respondent has not conducted or participated in the conduct of any so-called Gatalog enterprise through any alleged pattern of racketeering activity. Respondent has not operated as part of any unified business enterprise with the named individuals or entities. Respondent denies any shared unlawful objectives or commingling of assets. Respondent did not act in concert with the named individuals or entities to interfere with Defense Distributed's business.

83. **Objection:** Respondent objects to this request as vague, speculative, and improperly compound. It assumes the existence of "The Gatalog" and "The Gatalog Principals" as cohesive legal entities engaged in unspecified "wrongdoing," which Respondent denies. It further presumes personal knowledge of Defense Distributed's finances and internal accounting, which Respondent lacks. The request improperly calls for legal conclusions regarding causation and damages, which are not appropriate for requests for admission under Rule 36.

Subject to and without waiving the foregoing objections: Respondent lacks knowledge sufficient to admit or deny any assertion regarding Defense Distributed's alleged financial losses, and specifically denies having engaged in or directed any conduct that caused Defense Distributed to suffer financial damages. Respondent also does not recognize "The Gatalog" as a distinct legal entity or enterprise, and rejects the characterization of any activity attributed to it as "wrongdoing." Accordingly, the request is denied to the extent it implies that Respondent is responsible for any such damages.

84. **Objection:** Respondent objects to this request as vague, speculative, and improperly compound. It presupposes the existence of "The Gatalog" and "The Gatalog Principals" as organized entities capable of wrongdoing, which Respondent does not concede. It also calls for legal conclusions regarding causation, irreparable harm, and market effects—matters not properly the subject of a request for admission under Rule 36. Additionally, the terms "damaged market reputation," "goodwill," "disruption of business relationships," and "lost competitive advantages" are undefined, subjective, and overly broad.

Subject to and without waiving the foregoing objections: Respondent lacks knowledge sufficient to admit or deny the specific allegations of harm to Defense Distributed and denies engaging in any conduct intended to or that could reasonably be expected to

cause irreparable harm. Respondent further denies responsibility for any such alleged harms.

85. **Objection:** Respondent objects to this request as vague, speculative, and calling for legal conclusions regarding the appropriateness of injunctive relief, the existence of a "pattern of wrongful conduct," and the nature of future harm. These are not proper subjects for a request for admission under Rule 36. The request also improperly presupposes the existence of "The Gatalog" as an organized legal entity acting through Respondent, which is not conceded. Terms such as "repeated disruptions," "irreparable harm," and "escalating risk" are subjective, undefined, and overly broad.

Subject to and without waiving the foregoing objections: Respondent denies engaging in any wrongful conduct and denies that any conduct attributable to Respondent poses an ongoing threat of harm to Defense Distributed. Respondent lacks knowledge sufficient to admit or deny the alleged future harms described and denies any responsibility for such alleged consequences.


/s/ Zachary Z. Zermay
*Attorney for Matthew Larosiere*