UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW LAROSIERE,

        Plaintiff,

v.                                                     Case No.: 6:24-cv-1629-WWB-LHP

WILSON, DEFCAD, INC., DEFENSE
DISTRIBUTED and DIOSKOUROI LLC,

        Defendants.
_____/

**ORDER**

THIS CAUSE is before the Court on Plaintiff's Motion for Preliminary Injunction (Doc. 53) and Defendant's Response (Doc. 74).[1] Also before the Court is Plaintiff's Motion for Leave to File Supplemental Memorandum in Support of Motion for Preliminary Injunction (Doc. 94). For the reasons set forth below, the Court will deny Plaintiff's Motions.

**I. BACKGROUND**

Plaintiff, Matthew Larosiere, is an attorney and author who designs various works related to firearms advocacy. (Doc. 43, ¶ 2). Plaintiff specifically holds sixteen copyrights for various photographic, visual, and written works related to firearms. (Doc. 43, ¶¶ 108, 111–113, 116, 119, 126–129, 162–165, 202–204, 231–232; *see generally* Doc. 53-1). Defendant Cody Wilson is the creator of several corporations, including Defendants

---

[1] Defendant's Response fails to comply with the page limitation of the Local Rules. *See* M.D. Fla. R. 3.01(b) (providing that a response may be "no longer than twenty pages inclusive of all parts"). In the interests of justice, the Court will consider the filing because this matter is fully briefed and ripe for resolution on the merits, but the parties are cautioned that future failures to comply with all applicable rules and orders of this Court may result in the striking or denial of filings without notice or leave to refile.

Defcad, Inc., Defense Distributed, Inc., and Dioskouroi LLC. (Doc. 43, ¶ 3; Doc. 52, ¶ 295). Plaintiff claims that Defendants reproduced and distributed Plaintiff's copyrighted works without authorization in violation of 17 U.S.C. § 501 and are continuing to do so. (Doc 43, ¶¶ 260–304).

## II.   LEGAL STANDARD

"The grant or denial of a preliminary injunction is within the sound discretion of the district court[.]" *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). A district court may only grant injunctive relief if the moving party establishes: "(1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion' as to each of the four prerequisites." *Id.* (quoting *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998)).

## III.   DISCUSSION

The Court ordered the parties to submit a joint notice to inform the Court if an evidentiary hearing was necessary to resolve the merits of Plaintiffs' Motion, including identifying with particularity any disputed issue of material fact or credibility determination that would impact the Court's resolution of the Motion. (Doc. 54 at 2). In the Joint Notice Regarding an Evidentiary Hearing ("**Joint Notice**," Doc. 73), Defendants only request a hearing "if the Court is not able to deny the motion on the basis of written filings alone."

(*Id.* at 2). Plaintiff argues that no evidentiary hearing is necessary, and the facts identified by Defendant are either not in dispute or not material. (*Id.*).

Having reviewed the parties' submissions, the Court finds that Defendants have failed to state with sufficient particularity any material issue of fact or credibility determinations necessitating an evidentiary hearing. Therefore, the Court can and will resolve the pending Motion on the paper record submitted by the parties. *See Cumulus Media, Inc. v. Clear Channel Commc'ns, Inc.*, 304 F.3d 1167, 1178 (11th Cir. 2002) ("An evidentiary hearing is required for entry of a preliminary injunction only where facts are bitterly contested and credibility determinations must be made to decide whether injunctive relief should issue." (quotation omitted)); *Bethune-Cookman, Univ., Inc. v. Dr. Mary McLeod Bethune Nat'l Alumni Ass'n*, No. 22-14257, 2023 WL 3704912, at *4 (11th Cir. May 30, 2023) (holding an evidentiary hearing was not required prior to the district court ruling on a motion for preliminary injunction).

First, Defendants argue that Plaintiff has failed to establish irreparable harm. Plaintiff contends that there is a presumption of irreparable harm upon showing he is likely to succeed on the merits of his copyright claims.[2] (Doc. 53 at 11). But this is not the case. In copyright cases, a party seeking a preliminary injunction "cannot rely solely on its likelihood of success on the merits . . . to establish a likelihood of irreparable harm."

---

[2] In his Motion for Leave to File Supplemental Memorandum in Support of Motion for Preliminary Injunction, Plaintiff argues that subsequent developments and evidence of ongoing infringement "directly contradicts Defendants' asserts and underscores Plaintiffs' showing of irreparable harm[.]" (Doc. 94 at 1–2). However, as set forth in this Order, the proposed supplemental evidence and arguments would not assist the Court in resolving the underlying Motion. Additionally, to the extent that Plaintiff attaches the proposed supplement and exhibits, his request violates this Court's Local Rules. *See* M.D. Fla. R. 3.01(d), (i). Accordingly, the Motion will be denied.

3

*Hoop Culture, Inc. v. GAP Inc.*, 648 F. App'x 981, 985 (11th Cir. 2016). Instead, the party must show "irreparable harm was 'likely,' not merely possible, in the absence of an injunction." *Id.* (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20–22 (2008)). A party's irreparable injury "must be neither remote nor speculative, but actual and imminent." *Siegel*, 234 F.3d at 1176 (quotation omitted). "An injury is irreparable if it cannot be undone through monetary remedies." *Scott v. Roberts*, 612 F.3d 1279, 1295 (11th Cir. 2010) (quotation omitted).

As a preliminary matter, it appears that Plaintiff delayed several months after his discovery of Defendants' alleged misdeeds before bringing this suit and seeking preliminary injunctive relief. "A delay in seeking a preliminary injunction of even only a few months—though not necessarily fatal—militates against a finding of irreparable harm." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1248 (11th Cir. 2016). "Indeed, the very idea of a *preliminary* injunction is premised on the need for speedy and urgent action to protect a plaintiff's rights before a case can be resolved on its merits." *Id.*; *see also InVue Sec. Prods. Inc. v. Vanguard Prods. Grp., Inc.*, No. 8:18-cv-2548, 2019 WL 4671143, at *6 (M.D. Fla. July 1, 2019) ("As such, it is not uncommon for courts to deny a preliminary injunction in the face of unexplained delays of more than two months."), *report and recommendation adopted*, 2019 WL 4673755 (M.D. Fla. Aug. 15, 2019). "[T]wo time periods are relevant in determining whether a plaintiff acts promptly in seeking judicial relief: (1) a plaintiff cannot delay in filing a complaint after discovering a potential infringer, and (2) a plaintiff must move quickly in filing a motion for a preliminary injunction once a complaint has been filed." *Menudo Int'l, LLC v. In Mia. Prod., LLC*, No. 17-21559-Civ, 2017 WL 4919222, at *5 (S.D. Fla. Oct. 31, 2017). "If *either* is unreasonably delayed,

4

a finding of irreparable harm is significantly weakened." *Id.* Both time periods are relevant here. Plaintiff first initiated this action on September 9, 2024, (*see* Doc. 1), and subsequently filed an Amended Complaint (Doc. 43) on December 11, 2024. Plaintiff filed the instant motion nearly one month later, on January 8, 2025. Nevertheless, Plaintiff alleges that he first became aware of Defendants' infringements of several copyrighted works on December 10, 2023, approximately nine months before filing this action and thirteen months before filing this Motion. (Doc. 43, ¶¶ 132–136). Though the Amended Complaint also alleges that Plaintiff became aware of other infringements at later times, including May 23, 2024, July 13, 2024, September 8, 2024, and October 11, 2024, the best-case scenario still involves Plaintiff waiting nearly three months before filing this Motion. (*Id.* ¶¶ 167, 207, 234, 255). That delay weighs against a finding of irreparable harm.

Plaintiff argues that Defendants' particular misconduct gives the impression of a business association between the parties, and that "Defendants' erratic and oftentimes inexplicable behavior makes the perceived affiliation" particularly damaging to Plaintiff's business goodwill." (Doc. 53 at 11–13). It is true that the Eleventh Circuit recognizes irreparable harm in cases that involve "loss of customer and goodwill." *Ferrero v. Associated Materials Inc.*, 923 F.2d 1441, 1449 (11th Cir. 1991). However, Plaintiff relies on speculative and unproven risks of reputational harm to establish irreparable harm. *Castellano Cosmetic Surgery Ctr., P.A. v. Rashae Doyle, P.A.*, No. 8:21-cv-1088, 2021 WL 3188432, at *9 (M.D. Fla. July 28, 2021) (holding that irreparable harm was not established because there was "no such certainty" about the loss of goodwill and

customers, and because of "the delayed pursuit of the preliminary injunction").[3] "Speculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant." *Nivel Parts & Mfg. Co. v. Textron, Inc.*, No. 3:17-cv-146-J, 2017 WL 1552034, at *1 (M.D. Fla. May 1, 2017) (quotation omitted). Thus, the Court does not find that Plaintiff has adequately alleged irreparable harm showing he is entitled to a preliminary injunction at this time.

Because Plaintiff has not shown that irreparable injury is likely to occur absent the issuance of a preliminary injunction, this Court need not address the remaining factors. *See Snook v. Tr. Co. of Ga. Bank of Savannah*, 909 F.2d 480, 487 (11th Cir. 1990) ("Having determined that the district court acted within its discretion in finding no irreparable injury, we need not address the balance of harm between the plaintiffs and the trustees or whether the public interest would be disserved by a grant of injunctive relief."); *Help at Home, Inc. v. CAM Enters., LLC*, No. 14-80255-Civ, 2014 WL 12300316, at *1 (S.D. Fla. Aug. 8, 2014) ("In determining whether a preliminary injunction is appropriate, if a court determines that a plaintiff has failed to demonstrate any one of the four factors, it need not address the other three."), *report and recommendation adopted*, 2014 WL 12279516 (S.D. Fla. Sept. 17, 2014). As such, Plaintiff's Motion will be denied

## IV.   CONCLUSION

---

[3] A finding that Plaintiff has failed to allege irreparable harm does not preclude the Court from later entering a permanent injunction. For instance, the facts may later establish that "the particular circumstances of the instant case bear substantial parallels to previous cases such that a presumption of irreparable injury is an appropriate exercise of [the Court's] discretion in light of historical traditions." *N. Am. Med. Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211, 1228 (11th Cir. 2008).

Therefore, it is **ORDERED** and **ADJUDGED** that Plaintiff Matthew Larosiere's Motion for Preliminary Injunction (Doc. 53) and Plaintiff's Motion for Leave to File Supplemental Memorandum in Support of Motion for Preliminary Injunction (Doc. 94) are **DENIED**.

DONE AND ORDERED in Orlando, Florida on September 15, 2025.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record