United States District Court
Middle District of Florida
Orlando Division

Matthew Larosiere,
    Plaintiff,

v.

Cody Rutledge Wilson, DEFCAD, Inc.,
Defense Distributed, and Dioskouroi LLC,
    Defendants.

_____      No. 6:24-cv-1629

Defense Distributed,
    Counterplaintiff /
    Third-Party Plaintiff,

v.

The Gatalog, Matthew Larosiere,
John Elik, Alexander Holladay, Peter
Celentano, Josh Kiel Stroke, John Lettman,
and MAF Corp,
    Counterdefendant / Third-Party
    Defendants.

_____

**Declaration of Andino Reynal**
**August 29, 2025**

I, Andino Reynal, declare and state as follows.

1. I am a competent adult with personal knowledge of what this declaration states and, if called upon to do so, could and would competently testify to all of the facts set forth herein.

2. On or about September 20, 2024, a litigation hold letter was communicated to Counterdefendant John Elik via both email and physical service and to Counterdefendant Alex Holladay via both email and physical service, including the following:

> The undersigned law firm represents Defense Distributed and the firm's Director Cody Wilson. This letter triggers important legal obligations imposed upon you by the Federal Rules of Civil Procedure. You are advised to immediately seek any outside legal advice that is necessary to ensure timely compliance. Now that you are on notice, failure to comply will result in the most severe consequences authorized by law.
>
> ***Litigation Hold***
>
> The Federal Rules of Civil Procedure mandate that, once a person reasonably anticipates litigation, they must suspend its routine document retention/destruction practices and implement a "litigation hold" to ensure the preservation of relevant documents. Specifically, Federal Rule of Civil Procedure 37(e) can impose serious sanctions for failure to preserve electronically stored information, including but not limited to evidentiary preclusion, adverse inference instructions, default judgments, and contempt of court.
>
> . . .
>
> Federal legal action against you is contemplated and either has already begun or will begin soon. You are therefore directed to immediately comply with all of the obligations regarding discovery imposed by the Federal Rules of Civil Procedure, including but not limited to the requirement of a full litigation hold. In particular, you are now required to preserve all documents, electronic files, communications, and tangible evidence that are either relevant to this dispute or that may lead to the discovery of admissible evidence. **Among the documents you must preserve are all communications with Matt Larosiere, John Elik, Alexander Holliday, Peter Celentano, and Joshua Stroke a/k/a Jessica Arizona a/k/a Zona**.

The dispute at issue—and thus the litigation hold you must institute and maintain—entails the controversy giving rise to the federal action currently docketed as *Larosiere v. Wilson et al.*, No. 6:24-cv-1629 in the United States District Court for the Central District of Florida, the complaint of which can be viewed here: https://bit.ly/litigationhold1. The dispute at issue also entails all of that controversy's associated events, persons, entities, and properties, whether or not specified in the action's complaint.

Your duty to preserve relevant evidence extends to everything that a person knows or reasonably should know is relevant to this dispute. It also extends to everything that is not itself admissible evidence but may lead to the discovery of admissible evidence. It applies both to paper files and to electronic files in any format, including but not limited to emails, text messages, social media postings, direct messages, internal memos, financial records, contracts, backups, and metadata. It extends to information in your direct possession, custody, and control, as well as that of your officers, directors, employees, contractors, agents, and any other individuals or entities acting on your behalf.

Failure to take immediate action to preserve such evidence will not be excused. Now that you are on notice, deletion and alteration of any covered materials is strictly prohibited. Any effort to alter, delete, destroy, or manipulate materials covered by this litigation hold constitutes a violation of the Federal Rules of Civil Procedure that will be met with an application for the most severe sanctions made available by law.

….

To ensure timely compliance with the obligations regarding this litigation hold, please immediately (1) suspend all data destruction protocols, including routine deletion, overwriting, or recycling of electronic files or emails, (2) instruct all personnel involved to retain all paper documents, electronic communications, and other data related to this matter, (3) ensure that all backup media, including tapes, cloud storage, and third-party service providers, is preserved and retained without alteration, (4) produce an inventory of all systems, custodians, and data repositories relevant to this dispute, and (5) provide written confirmation of compliance within seven (7) days of receipt of this letter.

If you have any questions regarding the scope of your preservation obligations, you are strongly advised consult competent legal counsel immediately. Be advised as well that ignorance or misinterpretation of these duties will not shield you from liability for spoliation of evidence.

At the time of its transmission, the letter's hyperlink pointed to a copy of this action's Document 1 filing.

DocuSigned by:

*Andino Reynal*

6644646E401A450...

Andino Reynal
August 29, 2025

# AFFIDAVIT OF SERVICE

| Case: | Court: | County: | Job: 11841786 |
|---|---|---|---|
| Plaintiff / Petitioner: | | Defendant / Respondent: | |
| Received by: Elliott Process LLC | | For: The Reynal Law Firm, P.C. | |
| To be served upon: John Elik | | | |

I, Adam Elliott, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** John Elik, 6404 Alpha Drive, Alton, IL 62002
**Manner of Service:** Personal/Individual, Sep 20, 2024, 4:38 pm CDT
**Documents:** Litigation Hold Letter

**Additional Comments:**
1) Successful Attempt: Sep 20, 2024, 4:38 pm CDT at 6404 Alpha Drive, Alton, IL 62002 received by John Elik. Age: 38; Ethnicity: Caucasian; Gender: Male; Weight: 175; Height: 6'; Hair: Brown;
Successfully served the defendant at the above specified address.

_Adam Elliott_   09/20/2024
Adam Elliott       Date

Elliott Process LLC
6642 Clayton Rd #106
Richmond Heights, MO 63117
6362008059

Subscribed and sworn to before me by the affiant who is personally known to me.

_____
Notary Public

June 4, 28
Date            Commission Expires

BILLY BRANDON
Notary Public - Notary Seal
STATE OF MISSOURI
County of Jefferson
My Commission Expires: Jun. 04, 2028
Commission #24123979