United States District Court
Middle District of Florida
Orlando Division

Matthew Larosiere,
        Plaintiff,

v.

Cody Rutledge Wilson, DEFCAD, Inc.,
Defense Distributed, and Dioskouroi
LLC,
        Defendants.

_____      No. 6:24-cv-1629

Defense Distributed,
        Counterplaintiffs

v.

The Gatalog, Matthew Larosiere,
John Elik, Alexander Holladay, Peter
Celentano, Josh Kiel Stroke, John
Lettman, The Gatalog Foundation, and
MAF Corp,
        Counterdefendants.

_____

## DEFENSE DISTRIBUTED'S FIRST INTERROGATORIES TO JOHN ELIK

To: Counterdefendant, John Elik, through his attorney of record, Matthew Larosiere, 6964 Houlton Circle, Lake Worth, FL 33467

Defendant / Counter-Plaintiff, Defense Distributed, serves these Interrogatories as authorized by Federal Rule of Civil Procedure 33. As

required by Rule 33(b), Elik must respond to these interrogatories within 30 days via either mail at 917 Franklin Street 6th Floor, Houston, Texas 77002 or email at areynal@frlaw.us

F. Andino Reynal

The Reynal Law Firm

917 Franklin St., 6th Floor

Houston, Texas 77002

T. 713.228.5900

areynal@frlaw.us

Admitted Pro Hoc Vice

Counsel for Cody Wilson, Defense Distributed, DEFCAD Inc., and Dioskouri, LLC.

## Certificate of Service

I certify that Defense Distributed's first interrogatories to John Elik were served via email to his counsel of record on July 4, 2025.

F. Andino Reynal

## DEFINITIONS

The following terms have the following meanings, unless the context requires otherwise:

1. <u>Person.</u> The term "person" means any natural person, a business, a legal or governmental entity, or an association.

2. <u>Communication.</u> The term "communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

3. <u>Copyrights.</u> The term "copyrights" refers to the copyright deposit VA0002381513, TX0009358088, VA0002385899, VA0002381769, TX0009372199, TX0009372196, VA0002385901, VA0002422527, TX0009413646, VA0002412508, TX0009403056, VA0002418947, VA0002418589, TX0009412695, TX0009429254, and/or TX0009429253

4. <u>Relating.</u> The term "relating" means concerning, referring, or describing.

5. <u>Social media</u>. The term "social media" means Facebook, Instagram, Twitter/X, Youtube, Twitch, Discord, Reddit, and Rocketchat

## INSTRUCTIONS

1. Identifying a person. When an interrogatory asks you to "identify" a person, provide the information listed below, to the extent known, with respect to the person. Once a person has been identified in compliance with this paragraph, only the name of that person needs to be listed in response to later discovery requesting the identification of the person.

    a. The person's full name;

    b. Present or last known address;

    c. Telephone number; and

    d. The present or last known place of employment and job title when referring to a natural person.

2. Identifying a document. When an interrogatory asks you to "identify" a document, provide the information listed below, to the extent known, with respect to the document. Once a document has been identified in compliance with this paragraph, only the title or other abbreviated, clear identifier of the document needs to be listed in response to later discovery requesting the identification of the document.

    a. The type of document;

    b. The general subject matter of the document;

    c. The date of the document;

    d. The names and addresses of the authors and recipients of the

document;

e. The location of the document;

f. The identity of the person who has possession or control of the document; and

g. Whether the document has been destroyed, and if so, (a) the date of its destruction, (b) the reason for its destruction, (c) the identity of the persons who destroyed it, and (d) any retention policy directing its destruction.

3. Identifying electronically stored information. When an interrogatory asks you to "identify" electronically stored information, provide the information listed below, to the extent known, with respect to the information. Once electronically stored information has been identified in compliance with this paragraph, only the title or other abbreviated, clear identifier of the electronically stored information needs to be listed in response to later discovery requesting the identification of the electronically stored information.

a. The format of the electronically stored information;

b. The general subject matter of the electronically stored information;

c. The date of the electronically stored information;

d. The names and addresses of the authors and recipients of the electronically stored information;

e. The location of the electronically stored information;

f. The identity of the person who has possession or control of the electronically stored information; and

g. Whether the electronically stored information has been destroyed, and if so, (a) the date of its destruction, (b) the reason for its destruction, (c) the identity of the person who destroyed it, and (d) any retention policy directing its destruction.

4. Identifying a tangible thing. When an interrogatory asks you to "identify" a tangible thing, provide the information listed below, to the extent known, with respect to the tangible thing.

a. The type of tangible thing;

b. The general description of the tangible thing;

c. The date of creation of the tangible thing;

d. The creator and owner of the tangible thing;

e. The location of the tangible thing;

f. The identity of the person who has custody of the tangible thing; and

g. Whether the tangible thing has been destroyed, and if so, (a) the date of its destruction, (b) the reason for its destruction, (c) the existence and location of any physical remnants of its destruction, (d) the identity of the person who destroyed it, and (e) any retention policy directing its destruction.

5. Describing an act or transaction. When an interrogatory asks you to "describe" an act or transaction, provide the information listed below, to the extent known, with respect to the act or transaction.

a. The date the act or transaction occurred;

b. The place where the act or transaction occurred;

c. The identity of each person participating in the act or transaction and on whose behalf the person was acting;

d. The nature and substance of all communications that occurred in connection with the act or transaction; and

e. The identity of all materials referring to or reflecting the act or transaction.

6. Specifying a date. When an interrogatory asks you to "specify" a date, to the extent known, state the exact day, month, and year or state the narrowest approximate time frame.

## Interrogatories

1. For the period April 1, 2021 to present, provide all your usernames and/or handles.

2. Identify all persons who have contributed to the Gatalog's policies and procedures.

3. Identify the persons responsible for approving 3D printable firearm files to be uploaded on the Gatalog's branded Odysee channels.

4. Identify the persons responsible for receiving or making payments relating to the 3d printable firearm files hosted on the Gatalog's branded Odysee channels.

5. Identify all cryptocurrency wallets you have used in connection with 3d printable firearm files and components.

6. Describe every time you have discussed this lawsuit in a public forum.

7. Describe any contact you have had with law enforcement regarding 3D printable firearm files.

8. Identify any website where 3D printable firearm files and accessories are discussed or shared for which you maintain administrative privileges.

9. Identify all administrators (past and present) of chat.deterrencedispensed.com.

United States District Court
Middle District of Florida
Orlando Division

Matthew Larosiere,
      Plaintiff,

v.

Cody Rutledge Wilson, DEFCAD, Inc.,
Defense Distributed, and Dioskouroi
LLC,
      Defendants.

_____

No.  6:24-cv-1629

Defense Distributed,
      Counterplaintiffs

v.

The Gatalog, Matthew Larosiere,
John Elik, Alexander Holladay, Peter
Celentano, Josh Kiel Stroke, John
Lettman, The Gatalog Foundation, and
MAF Corp,
      Counterdefendants.

_____

## DEFENSE DISTRIBUTED'S FIRST REQUEST FOR PRODUCTION TO JOHN ELIK

To: Counterdefendant, John Elik, through his attorney of record, Matthew Larosiere, 6964 Houlton Circle, Lake Worth, FL 33467.

Defendant / Counter-Plaintiff, Defense Distributed, serves this request for production on John Elik, as authorized by Federal Rule of Civil Procedure

34. As required by Rule 34(b), Elik must produce all requested documents, electronically stored information, or tangible things within 30 days after service of this request, at 917 Franklin Street, Sixth Floor, Houston, TX 77002, or at another time and place agreed on by the parties.

F. Andino Reynal

The Reynal Law Firm

917 Franklin St., 6th Floor

Houston, Texas 77002

T. 713.228.5900

areynal@frlaw.us

Admitted Pro Hoc Vice

Counsel for Cody Wilson, Defense Distributed, DEFCAD Inc., and Dioskouri, LLC.

## Certificate of Service

I certify the Defense Distributed's first amended request for production to John Elik were served on his attorney of record via email on July 4, 2025.

F. Andino Reynal

## DEFINITIONS

The following terms have the following meanings, unless the context requires otherwise:

1. Parties. The term "plaintiff", "defendant," "counterplaintiff" or "counterdefendant" as well as a party's full or abbreviated name or a

pronoun referring to a party, means the party and, when applicable, his, her or its agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

2. Person. The term "person" means any natural person, a business, a legal or governmental entity, or an association.

3. You & your. The terms "you" and "your" mean the party to whom the request is directed and his/her/its agents, representatives, attorneys, experts, and other persons acting or purporting to act on his/her/its behalf.

4. Material. The term "material" means all documents, electronically stored information, or tangible things. The term is synonymous with and equal in scope to the terms "documents," "electronically stored information," and "tangible things" in Federal Rule of Civil Procedure 34(a)(1). A draft or nonidentical copy of a document, electronically stored information, or a tangible thing is a separate item within the meaning of this term.

    a. Document. The term "document" means information that is fixed in a tangible medium, such as paper. It includes, but is not limited to, writings, drawings, films, charts, photographs, notices, memoranda, diaries, minutes, correspondence, books, journals, ledgers, reports, worksheets, notes, printed e-mails, letters, abstracts, audits, charts, checks, diagrams, drafts, instructions, lists, logs, résumés, and summaries.

    b. Electronically stored information. The term "electronically stored information" means electronic information that is stored in a medium from which it can be retrieved and examined. It includes, but is not limited to, all electronic files that are electronically stored.

        (1) "Electronic file" includes, but is not limited to, the following: voicemail messages and files; e-mail messages and files; text messages and files; instant messages and files shared on platforms, including but not limited to Discord, Rocketchat, Element and any other instant message platform used by any counterdefendant; content shared on social media through a user's profile; direct messages between users on social media websites including but not limited to Twitter, X, Instagram, Youtube, Reddit and Facebook; deleted files; temporary files;

system-history files; Internet- or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; computer-activity logs; and metadata. Unless otherwise defined, each example used to illustrate the term "electronic file" will have the meaning assigned to it by the Sedona Conference, Sedona Conference Glossary: eDiscovery & Digital Information Management, Fifth Edition, 21 Sedona Conf. J. 263 (2020).

(2) "Electronic information system" refers to a computer system or network that contains electronic files and electronic storage. Unless otherwise defined, each example used to illustrate the term "electronic information system" will have the meaning assigned to it by the Sedona Conference, Sedona Conference Glossary: eDiscovery & Digital Information Management, Fifth Edition, 21 Sedona Conf. J. 263 (2020).

(3) "Electronic storage" refers to electronic files contained on magnetic, optical, or other storage media, such as hard drives, flash drives, DVDs, CDs, tapes, cartridges, floppy diskettes, smart cards, integrated-circuit cards (e.g., SIM cards), whether housed locally or by cloud computing. Unless otherwise defined, each example used to illustrate the term "electronic storage" will have the meaning assigned to it by the Sedona Conference, Sedona Conference Glossary: eDiscovery & Digital Information Management, Fifth Edition, 21 Sedona Conf. J. 263 (2020).

c. <u>Tangible thing.</u> The term "tangible thing" means a physical object that is not a document or electronically stored information.

5. <u>Communication.</u> The term "communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

6. <u>Relating.</u> The term "relating" means concerning, referring, describing, evidencing, or constituting, either directly or indirectly.

7. <u>Any.</u> The term "any" should be understood in either its most or its least inclusive sense as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

8. <u>And & or.</u> The connectives "and" and "or" should be construed either

conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

9. <u>Number.</u> The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1. Respond to each request for production separately by listing the materials and by describing them as defined above. If the material is numbered or labeled for production, in each response provide both the information that identifies the material and the material's number or label.

2. Produce documents and tangible things in the forms as they are kept in the ordinary course of business, or organize and number or label them to correspond with the categories in the discovery request.

3. Produce electronically stored information in native format.  For any electronically stored information produced:

> a. Produce a discovery log that details the type of information, the source of the information, the discovery request to which the information corresponds, and the information's electronic ID number.

> b. Write all of the electronically stored information to a load file compatible with commercially available document review systems and transmit it by secure file transfer.

4. For electronically stored information, identify every source containing potentially responsive information that John Elik is not searching or producing.

5. If you object to a request for production, state your objection with particularity and provide specific grounds for your objection.

6. For any materials that you assert are privileged, protected, or otherwise exempt from discovery, provide the following:

> a. The specific grounds for the claim of privilege, protection, or other exemption.

> b. The type of material being withheld, and, if the material is electronically stored information, the file format of the material.

c. The subject matter of the material.

d. The date of the material.

e. The name, job title, and address of the author of the material.

f. The name, job title, and address of each addressee of the material.

g. The name, job title, and address of each person who received, was copied on, or otherwise saw all, part, or a summary of the material.

h. The name, job title, and address of the custodian of the material and the material's current location.

7. For any materials that you claim no longer exist or cannot be located, provide all of the following:

a. A statement identifying the material.

b. A statement of how and when the material ceased to exist or when it could no longer be located.

c. The reasons for the material's nonexistence or loss.

d. The identity, address, and job title of each person having knowledge about the nonexistence or loss of the material.

e. The identity of any other materials evidencing the nonexistence or loss of the material or any facts about the nonexistence or loss.

## Requests for Production

1. For the period January 1, 2021 to November 19, 2024, produce your communications with Matt Larosiere, Alexander Holladay, Peter Celentano, Josh Kiel Stroke, and John Lettman as well as pseudonymous figures Pla.boi, Dr. Death, UberClay, ArmedJ0y, and Pablo Diaz / Bloblems, relating the following topics:

   a. DEFCAD

   b. Defense Distributed

   c. Cody Wilson

   d. Dioskouri

    e. The development and/or creation of any file Matt Larosiere claims Defendants infringed upon in his Complaint.

    f. Larosiere's Complaint

    g. The Gatalog, including but not limited to

       i. thegatalog.com

       ii. https://odysee.com/@TheGatalog-PrintableFramesReceivers:9

       iii. The Gatalog's file submission and approval process, including legal reviews and bounty payments.

    h. The litigation hold notices issued in this case.

    i. The deletion of files and communications relating to printable firearm frames and receivers.

    j. Any business relationship relationship relating to printable firearm frames and receivers.

    k. chat.deterrencedispensed.com, including but not limited to

       i. the selection and delegation of responsibilities to Rocketchat server administrators and beta managers, including "Freeman1337," "Dr. Death," "UberClay," and "Pla.boi."

    l. The "FEDCAD" meme.

    m. Everytown for Firearm Safety v. DEFCAD lawsuit.

2. For the period January 1, 2021 to November 19, 2024, produce all communications relating to digital firearm file transfers to foreign entities or individuals, including but not limited to the People's Defense Force of Myanmar, ZeCarioca, ImmortalRevolt, and JStark.

3. For the period January 1, 2021 to November 19, 2024, produce any Material relating to the payment of hosting fees for chat.deterrencedispensed.com, https://odysee.com/@TheGatalog-PrintableFramesReceivers:9, and thegatalog.com

4. Produce any Material that supports your claim that DEFCAD did not properly encrypt or securely store its data.

5. Produce any Material that supports your claim that DEFCAD has been hacked and dumped multiple times.

6. Produce any Material that supports your claim that DEFCAD stole from you or any other Counterdefendant.

7. For the period January 1, 2021 to present, produce all communications you have had with the moderators of r/Fosscad concerning DEFCAD, The Gatalog, or the parties involved in this case.

8. For the period January 1, 2021 to November 19, 2024, produce any Material relating to payment agreements with companies, including, but not limited to, Aves Engineering, Parts Dispensed, Vanguard Arms, and Print Shoot Repeat, relating to 3D printable firearm frames and receivers.

9. Produce any Materials relating to the development of the files which Matthew Larosiere claims Defendants infringed upon his Complaint.

10. Produce Any Materials relating to Attorney David Gingras' website, including but not limited to Communications discussing how that website could be disrupted.

11. Produce Any Material Relating to the management, deletion, or alteration of records or communications during the 6 months preceding the filing of this lawsuit.

12. Produce Any Materials concerning your solicitation and fundraising for The Gatalog from third parties, including but not limited to The Firearms Policy Coalition and Brandon Combs.

United States District Court
Middle District of Florida
Orlando Division

Matthew Larosiere,
        Plaintiff,

v.

Cody Rutledge Wilson, DEFCAD, Inc.,
Defense Distributed, and Dioskouroi
LLC,
        Defendants.

_____    No. 6:24-cv-1629

Defense Distributed,
        Counterplaintiffs

v.

The Gatalog, Matthew Larosiere,
John Elik, Alexander Holladay, Peter
Celentano, Josh Kiel Stroke, John
Lettman, The Gatalog Foundation, and
MAF Corp,
        Counterdefendants.

_____

## DEFENSE DISTRIBUTED'S FIRST REQUEST FOR ADMISSIONS TO JOHN ELIK

To: Counterdefendant, John Elik, through his attorney of record, Matthew
Larosiere, 6964 Houlton Circle, Lake Worth, FL 33467.


Defendant / Counter-Plaintiff, Defense Distributed, serves this request for
Admissions on John Elik, as authorized by Federal Rule of Civil Procedure

36. As required by Rule 36(a)(3), Elik must either respond or object to these admissions within thirty (30) days of receipt; otherwise, the matter will be deemed admitted. All responses can be served upon F. Andino Reynal at 917 Franklin Street, 6th Floor, Houston, Texas 77002 areynal@frlaw.us.

F. Andino Reynal

The Reynal Law Firm

917 Franklin St., 6th Floor

Houston, Texas 77002

T. 713.228.5900

areynal@frlaw.us

Admitted Pro Hoc Vice

Counsel for Cody Wilson, Defense Distributed, DEFCAD Inc., and Dioskouri, LLC.

## CERTIFICATE OF SERVICE

I, F. Andino Reynal, certify that the foregoing Requests for Admissions were served upon the party's attorney of record via email to larosieremm@gmail.com on July 4, 2025

F. Andino Reynal

Counsel for Cody Wilson, Defense Distributed, DEFCAD Inc., and Dioskouri, LLC.

## DEFINITIONS

The following terms have the following meanings, unless the context requires otherwise:

1. <u>Parties.</u> The term "plaintiff", "defendant," "counterplaintiff" or "counterdefendant" as well as a party's full or abbreviated name or a pronoun referring to a party, means the party and, when applicable, his, her or its agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

2. <u>Person.</u> The term "person" means any natural person, a business, a legal or governmental entity, or an association.

3. <u>You & your.</u> The terms "you" and "your" mean the party to whom the request is directed and his/her/its agents, representatives, attorneys, experts, and other persons acting or purporting to act on his/her/its behalf.

4. <u>Counterclaim.</u> The term Counterclaim refers to the Amended Answer and Counterclaim filed by Defendants on January 3, 2025.

### Request For Admissions

1. Admit or deny the statements made in paragraph 1 of Defendants' Counterclaim.

2. Admit or deny the statements made in paragraph 2 of Defendants' Counterclaim.

3. Admit or deny the statements made in paragraph 3 of Defendants' Counterclaim.

4. Admit or deny the statements made in paragraph 4 of Defendants' Counterclaim.

5. Admit or deny the statements made in paragraph 5 of Defendants'

Counterclaim.

6.  Admit or deny the statements made in paragraph 6 of Defendants'
Counterclaim.

7.  Admit or deny the statements made in paragraph 7 of Defendants'
Counterclaim.

8.  Admit or deny the statements made in paragraph 8 of Defendants'
Counterclaim.

9.  Admit or deny the statements made in paragraph 9 of Defendants'
Counterclaim.

10. Admit or deny the statements made in paragraph 10 of Defendants'
Counterclaim.

11. Admit or deny the statements made in paragraph 11 of Defendants'
Counterclaim.

12. Admit or deny the statements made in paragraph 12 of Defendants'
Counterclaim.

13. Admit or deny the statements made in paragraph 13 of Defendants'
Counterclaim.

14. Admit or deny the statements made in paragraph 14 of Defendants'
Counterclaim.

15. Admit or deny the statements made in paragraph 15 of Defendants'
Counterclaim.

16. Admit or deny the statements made in paragraph 16 of Defendants'
Counterclaim.

17. Admit or deny the statements made in paragraph 17 of Defendants'
Counterclaim.

18. Admit or deny the statements made in paragraph 18 of Defendants'
Counterclaim.

19. Admit or deny the statements made in paragraph 19 of Defendants'
Counterclaim.

20. Admit or deny the statements made in paragraph 20 of Defendants'
Counterclaim.

21. Admit or deny the statements made in paragraph 21 of Defendants'
Counterclaim.

22. Admit or deny the statements made in paragraph 22 of Defendants'
Counterclaim.

23. Admit or deny the statements made in paragraph 34 of Defendants'
Counterclaim.

24. Admit or deny the statements made in paragraph 35 of Defendants'
Counterclaim.

25. Admit or deny the statements made in paragraph 36 of Defendants'
Counterclaim.

26. Admit or deny the statements made in paragraph 37 of Defendants'

Counterclaim.

27. Admit or deny the statements made in paragraph 38 of Defendants'
Counterclaim.

28. Admit or deny the statements made in paragraph 39 of Defendants'
Counterclaim.

29. Admit or deny the statements made in paragraph 40 of Defendants'
Counterclaim.

30. Admit or deny the statements made in paragraph 41 of Defendants'
Counterclaim.

31. Admit or deny the statements made in paragraph 42 of Defendants'
Counterclaim.

32. Admit or deny the statements made in paragraph 43 of Defendants'
Counterclaim.

33. Admit or deny the statements made in paragraph 44 of Defendants'
Counterclaim.

34. Admit or deny the statements made in paragraph 45 of Defendants'
Counterclaim.

35. Admit or deny the statements made in paragraph 85 of Defendants'
Counterclaim.

36. Admit or deny the statements made in paragraph 86 of Defendants'
Counterclaim.

37. Admit or deny the statements made in paragraph 87 of Defendants'
Counterclaim.

38. Admit or deny the statements made in paragraph 88 of Defendants'
Counterclaim.

39. Admit or deny the statements made in paragraph 89 of Defendants'
Counterclaim.

40. Admit or deny the statements made in paragraph 90 of Defendants'
Counterclaim.

41. Admit or deny the statements made in paragraph 91 of Defendants'
Counterclaim.

42. Admit or deny the statements made in paragraph 92 of Defendants'
Counterclaim.

43. Admit or deny the statements made in paragraph 93 of Defendants'
Counterclaim.

44. Admit or deny the statements made in paragraph 94 of Defendants'
Counterclaim.

45. Admit or deny the statements made in paragraph 95 of Defendants'
Counterclaim.

46. Admit or deny the statements made in paragraph 96 of Defendants'
Counterclaim.

47. Admit or deny the statements made in paragraph 97 of Defendants'

Counterclaim.

48. Admit or deny the statements made in paragraph 98 of Defendants'
    Counterclaim.

49. Admit or deny the statements made in paragraph 99 of Defendants'
    Counterclaim.

50. Admit or deny the statements made in paragraph 100 of Defendants'
    Counterclaim.

51. Admit or deny the statements made in paragraph 101 of Defendants'
    Counterclaim.

52. Admit or deny the statements made in paragraph 102 of Defendants'
    Counterclaim.

53. Admit or deny the statements made in paragraph 103 of Defendants'
    Counterclaim.

54. Admit or deny the statements made in paragraph 104 of Defendants'
    Counterclaim.

55. Admit or deny the statements made in paragraph 105 of Defendants'
    Counterclaim.

56. Admit or deny the statements made in paragraph 106 of Defendants'
    Counterclaim.

57. Admit or deny the statements made in paragraph 107 of Defendants'
    Counterclaim.

58. Admit or deny the statements made in paragraph 108 of Defendants' Counterclaim.

59. Admit or deny the statements made in paragraph 109 of Defendants' Counterclaim.

60. Admit or deny the statements made in paragraph 110 of Defendants' Counterclaim.

61. Admit or deny the statements made in paragraph 111 of Defendants' Counterclaim.

62. Admit or deny the statements made in paragraph 112 of Defendants' Counterclaim.

63. Admit or deny the statements made in paragraph 113 of Defendants' Counterclaim.

64. Admit or deny the statements made in paragraph 114 of Defendants' Counterclaim.

65. Admit or deny the statements made in paragraph 115 of Defendants' Counterclaim.

66. Admit or deny the statements made in paragraph 116 of Defendants' Counterclaim.

67. Admit or deny the statements made in paragraph 117 of Defendants' Counterclaim.

68. Admit or deny the statements made in paragraph 118 of Defendants'

Counterclaim.

69. Admit or deny the statements made in paragraph 119 of Defendants' Counterclaim.

70. Admit or deny the statements made in paragraph 120 of Defendants' Counterclaim.

71. Admit or deny the statements made in paragraph 121 of Defendants' Counterclaim.

72. Admit or deny the statements made in paragraph 122 of Defendants' Counterclaim.

73. Admit or deny the statements made in paragraph 123 of Defendants' Counterclaim.

74. Admit or deny the statements made in paragraph 124 of Defendants' Counterclaim.

75. Admit or deny the statements made in paragraph 125 of Defendants' Counterclaim.

76. Admit or deny the statements made in paragraph 126 of Defendants' Counterclaim.

77. Admit or deny the statements made in paragraph 127 of Defendants' Counterclaim.

78. Admit or deny the statements made in paragraph 128 of Defendants' Counterclaim.

79. Admit or deny the statements made in paragraph 129 of Defendants' Counterclaim.

80. Admit or deny the statements made in paragraph 130 of Defendants' Counterclaim.

81. Admit or deny the statements made in paragraph 131 of Defendants' Counterclaim.

82. Admit or deny the statements made in paragraph 132 of Defendants' Counterclaim.

83. Admit or deny the statements made in paragraph 133 of Defendants' Counterclaim.

84. Admit or deny the statements made in paragraph 134 of Defendants' Counterclaim.

85. Admit or deny the statements made in paragraph 135 of Defendants' Counterclaim.

86. Admit or deny the statements made in paragraph 136 of Defendants' Counterclaim.