UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| Matthew Larosiere,<br><br>    Plaintiff,<br><br>vs.<br><br>Cody Wilson, *et al.*,<br><br>    Defendants.<br><br>And Related Claims. | Case No: 6:24-cv-1629<br><br>NON-PARTY DAVID S. GINGRAS'<br>RESPONSE TO<br>COUNTERDEFENDANTS'<br>MOTION FOR SANCTIONS |

Non-party David S. Gingras (former counsel to Defendants/Counterclaimants Defense Distributed, *et al.*) respectfully submits the following response to former Counterdefendants' Motion for Sanctions (Doc. 138; styled as: "Motion for An Award of Reasonable Attorneys' Fees").[1]

This Court should deny Mr. Larosiere's motion, at least as to his request for sanctions against the undersigned pursuant to 28 U.S.C. § 1927.[2]

---

[1] For ease of reference, rather than continuously repeating the unwieldy term "Counterdefendants", this response will refer to Counterdefendants as "Mr. Larosiere", since he commenced this proceeding, he brings the current motion, and was one of the primary named Counterdefendants (among others).

[2] In addition to seeking sanctions against counsel individually, Mr. Larosiere's motion also seeks fees against Counterclaimants as the prevailing party under the Lanham Act, 15 U.S.C. § 1117(a). The undersigned has withdrawn from representing Counterclaimants and no longer represents any parties in this matter. Accordingly, he takes no position as to the merits of Mr. Larosiere's fee claim under the Lanham Act.

## I. INTRODUCTION

This Court is familiar with the facts and background, so this response will get straight to the point — Mr. Larosiere's motion focuses on two main things.

First, the motion argues the *counterclaim* asserted by Defense Distributed was groundless and contained false factual allegations. As the docket shows, that counterclaim was initially presented in conjunction with Defense Distributed's Answer filed on Nov. 19, 2024 (Doc. 29). After Mr. Larosiere moved to dismiss (Doc. 47), the counterclaim was amended on December 27, 2024 (Doc. 49) and again on January 3, 2025 (Doc. 52), before finally being voluntarily withdrawn on Sept. 5, 2025 (Doc. 123).[3] Despite being voluntarily withdrawn, Mr. Larosiere argues the counterclaim was groundless for a variety of reasons. He thus seeks sanctions under 28 U.S.C. § 1927 against all counsel, including the undersigned.

Mr. Larosiere's second point takes issue with other conduct and events occurring over the past year. This includes things like "filing doomed motions", "defective discovery responses", and raising "spoliation" arguments prematurely. As explained below, none of these arguments have merit, at least as to the undersigned (who presents this response *solely* on his own behalf and not for any other party, lawyer, or former litigant). As such, the motion should be denied.

---

[3] The Counterclaim was withdrawn by *notice* under Rule 41(a)(1)(A)(i), not by order, because the claim was withdrawn *before* Mr. Larosiere ever filed an answer to the claim or a motion for summary judgment.

2

## II. LEGAL STANDARDS UNDER 28 U.S.C. § 1927

Before applying the law to the facts, a short discussion of the legal rules governing the present motion is appropriate. The <u>sole sanctions authority</u> cited by Mr. Larosiere's motion is 28 U.S.C. § 1927. Although Mr. Larosiere accuses the undersigned of signing a pleading knowing it contained a false statement of fact (which the undersigned <u>firmly denies</u>), sanctions are *not* requested under Rule 11. This is so even though the allegation (if true) would show a Rule 11 violation.

This point is important because Rule 11 and Section 1927 are not interchangeable. On the contrary, they address wholly different things; "Unlike Rule 11, which is aimed primarily **at pleadings**, under section 1927 attorneys are obligated to avoid **dilatory tactics** throughout the entire litigation." *Peer v. Lewis*, 606 F.3d 1306 (11th Cir. 2010) (emphasis added) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001)).

Rule 11's primary focus is *pleadings*, while Section 1927 prohibits vexatious litigation *conduct* occurring <u>after</u> a case is begun. That distinction is critical here, because like many other jurisdictions, Florida courts recognize that by its own terms, Section 1927 does *not* apply to Complaints or other claim-initiating pleadings:

> As an initial matter, the language of § 1927 makes clear that <u>it only applies to unnecessary filings *after the lawsuit has begun*</u>. <u>Section 1927 does not apply to initial pleadings</u>, since it addresses only the multiplication of proceedings. It is only possible to multiply or prolong proceedings after the complaint is filed. The filing of a complaint may be sanctioned pursuant to Rule 11 or a court's inherent power, <u>but it may not be sanctioned pursuant to § 1927</u>.

3

*Macort v. Prem, Inc.*, 208 F. App'x 781, 786 (11th Cir. 2006) (cleaned up) (emphasis added) (citing/quoting *Matter of Yagman,* 796 F.2d 1165, 1187 (9th Cir. 1986); *In re Keegan Mgmt. Co., Sec. Litig.,* 78 F.3d 431, 435 (9th Cir. 1996)); *see also Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1224–25 (10th Cir. 2006) (agreeing, "we reiterate that § 1927 covers only the multiplication of 'the proceedings in any case,'[.]  This unambiguous statutory language <u>necessarily excludes the complaint that gives birth to the proceedings, as it is not possible to multiply proceedings until after those proceedings have begun</u>.") (emphasis added); *U.S. ex rel. Superior Steel Connectors Corp. v. RK Specialties Inc.*, 2011 WL 5176157, at *6 (D. Colo. Oct. 31, 2011) (quoting and adopting same rule).

In short, the primary tool for punishing frivolous Complaints, counterclaims, cross-claims, third party claims, or any other claim-initiating *pleading*, is Rule 11. In contrast, 28 U.S.C. § 1927 applies only to conduct occurring *after* a party's claim is first pled:

> [28 U.S.C. § 1927] is burdened with several limitations. Sanctions under section 1927 may be imposed only against attorneys, and not parties; the conduct of the attorney must be in bad faith, thus excusing the blissfully ignorant filing of frivolous documents; and the multiplication of proceedings is punished, <u>thus placing initial pleadings beyond its reach</u>.

*Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir. 1986) (emphasis added) (*abrogated on other grounds by Cooter & Gell v. Hartmax Corp.*, 110 S.Ct. 2447 (1990)).

4

Here, Mr. Larosiere seeks sanctions against the undersigned pursuant to 28 U.S.C. § 1927 based on an allegation he signed a frivolous initial *pleading* (Defense Distributed's counterclaim); "Counsel Gingras personally signed a pleading alleging his website had been "hacked," (Doc. 52 at 38) …." Mot. at 14. But as the Eleventh Circuit and other courts have explained, frivolous initial pleadings <u>may only</u> be addressed under Rule 11, not 28 U.S.C. § 1927; "Section 1927 does not apply to initial pleadings." *Macort*, 208 F. App'x at 786.

This is not a minor or immaterial distinction. Unlike Section 1927, Rule 11 contains a 21-day "safe harbor" period allowing for faulty pleadings to be corrected *before* sanctions may be imposed; "[u]nder Rule 11's 'safe harbor' provision, the party seeking sanctions must serve a copy of the motion on the opposing party 21 days before filing a motion for sanctions under Rule 11." *Noshirvan v. Couture*, 2025 WL 2322740 (M.D.Fla. 2025) (quoting *Dudar v. State Farm Fire & Cas. Ins.*, 2024 WL 3580079, *1 (11th Cir. July 30, 2024) (citing Fed. R. Civ. P. 11(c)(2)). This difference matters because, as the Court is well-aware, even when a lawyer signs a pleading in violation of Rule 11, sanctions <u>cannot</u> be awarded under that rule unless the procedural requirements of the rule are first followed. *See Huggins v. Lueder, Larkin & Hunter*, 39 F.4th 1342, 1346 (11th Cir. 2022) (explaining safe harbor requirements of Rule 11, and noting, "if the opponent withdraws or properly amends the challenged document [within the 21-day safe harbor], the proposed Rule 11 motion has served its purpose <u>and cannot be filed</u>.") (emphasis added).

5

Of course, Section 1927 (which deals primarily with *conduct*, not pleadings) does not contain a safe harbor period like Rule 11. This is presumably why Mr. Larosiere's motion relies exclusively on Section 1927 and not Rule 11 (since Mr. Larosiere never claims to have followed the safe harbor requirements of Rule 11).

But using Section 1927 as a substitute method for punishing what amounts to a Rule 11 violation while evading the procedural safeguards of Rule 11 is improper. *See Boler v. Space Gateway Support Co. LLC*, 290 F. Supp. 2d 1272, 1285 (M.D. Fla. 2003) (denying Section 1927 sanctions where respondent withdrew the offending pleading within the Rule 11 safe harbor period; noting movant improperly sought Section 1927 sanctions trying to "salvage" a disappointed Rule 11 claim) (citing *Reef Azul, LLC v. Potter*, 2022 WL 17583747 (S.D. Fla. 2022) (applying same logic, and explaining, "To warrant Section 1927 sanctions … an attorney must do more than merely pursue meritless claims; if that were the standard, sanctions would be due in every case.") (emphasis added), report and recommendation adopted, 2022 WL 17583750 (S.D. Fla. Sept. 8, 2022) (quoting *McMahan v. Toto*, 256 F.3d 1120, 1129 (11th Cir. 2001)).

What this means in plain English is simple – a Rule 11 violation must be addressed (and may *only* be punished) under the process established by Rule 11. This includes giving a written warning followed by a 21-day period within which the violation may be cured.

A party may not evade those mandatory procedural safeguards by seeking relief under *other* authority when the alleged misconduct is a violation of Rule 11. *See In re Gonzalez*, 2019 WL 1087093, *7 (Bankr. M.D. Fla. 2019) (explaining, "[I]f a court cannot impose sanctions under Rule 11, the court should not exercise its inherent powers to sanction. Otherwise, the safe harbor of Rule 11 would be meaningless.") (citing *In re Engle Cases*, 283 F. Supp. 3d 1174, 1241 (M.D. Fla. 2017)); *see also Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772 (9th Cir. 2001) (holding a district court cannot punish a Rule 11 violation under other authority in a manner that evades the safe harbor, and explaining, "It would render Rule 11(c)(1)(A)'s "safe harbor" provision meaningless to permit a party's noncompliant motion to be converted automatically into a court-initiated motion, thereby escaping the service requirement."); *see also Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998) (reversing sanctions where alleged violator "was not given the opportunity to respond to [the sanctions] motion by withdrawing his claim, thereby protecting himself totally from sanctions pursuant to that motion. The purpose of the [1993] amendment was entirely defeated. An award of sanctions cannot be upheld under those circumstances.")

In sum, if Mr. Larosiere believed the counterclaim violated Rule 11 for any reason, he was obligated to follow the safe harbor protocol of that rule. Having failed to so do, he cannot now seek sanctions under other authority such as Section 1927.

## III. DISCUSSION

### a. Undersigned Counsel <u>Did Not</u> Sign A Pleading With Knowledge It Contained False Allegations

Mr. Larosiere's motion is largely based on improper "shotgun" allegations of misconduct in which he lumps together all "Defendants" (meaning Mr. Wilson and Defense Distributed) and all "Defendants' Counsel" without specifying which person/people he is referring to. To the extent the motion contains any specific reference to any actions by the undersigned, only one specific point is mentioned.

On pages 14–15 of his motion, Mr. Larosiere presents a single paragraph under the heading "Signing Pleadings With Personal Knowledge They Were False". In that discussion, Mr. Larosiere notes (correctly): "Counsel Gingras personally signed a pleading alleging his website had been 'hacked'." This refers to Paragraph 132 of the Second Amended Answer with Counterclaims (Doc. 52). The specific allegation in question is shown below:

> 132. After Larosiere filed his action, Lettman on behalf of The Gatalog hacked the website of Defendants' counsel David Gringras. Lettman then advertised to Gingras that he had done this with the approval of Larosiere and Elik.

This aspect of Mr. Larosiere's motion fails to demonstrate any basis for sanctions under § 1927 for at least three reasons.

8

First and most simply, as noted above, if a lawyer signs an initial pleading which happens to be groundless for any reason, that plainly implicates Rule 11. In that situation, the party claiming the violation <u>must</u> promptly invoke the warning-and-safe-harbor requirements of Fed. R. Civ. P. 11(c)(2).

A party claiming a Rule 11 violation *cannot* delay raising the issue until the underlying claim has been withdrawn or resolved. On that point, the Eleventh Circuit is clear: "a party cannot delay serving its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention)." *Peer*, 606 F.3d at 1313 (quoting advisory committee note on the 1993 amendments to Rule 11, and holding Rule 11 motion was "untimely" where party claiming violation "waited nine months to file a motion for sanctions ….")

Here, if Mr. Larosiere believed the allegations in Paragraph 132 were false, he was obligated to <u>promptly</u> raise that issue with a written warning followed by a timely Rule 11 motion. He did neither of those things. Instead, he waited nearly a *year* to seek sanctions, and did so only after the counterclaim was voluntarily withdrawn. Because Mr. Larosiere did not satisfy the procedural requirements of Rule 11 before the counterclaim was withdrawn, sanctions are unavailable as a matter of law *even assuming* Rule 11 was violated; "a litigant may not file for sanctions after a final judgment that cuts short the safe harbor period [of Rule 11]." *Huggins v. Lueder, Larkin & Hunter, LLC*, 39 F.4th 1342, 1348 (11th Cir. 2022).

Putting that dispositive issue aside, there is a second reason to deny Mr. Larosiere's motion as it relates to Paragraph 132 of the counterclaim. As explained in the declaration of counsel submitted herewith, the allegations in § 132 of the Counterclaim were <u>not false</u>, and certainly not *knowingly* false.

Rather, <u>one day after</u> the undersigned was granted leave to appear *pro hac vice* in this case (on Oct. 15, 2025; *see* Doc. 16), he discovered his website ([www.GingrasLaw.com](www.GingrasLaw.com)) appeared to have been hacked. The extent of the hack included an individual (whose identity was initially unknown) posting dozens of extremely offensive comments on undersigned counsel's website, such as those shown below. Most troubling, these comments were posted as to make it appear (falsely) they were written by undersigned counsel himself.



The timing of these posts – coming less than 24 hours after the undersigned was granted leave to appear in this matter – was not the only evidence of Mr. Larosiere's involvement. Rather, on the same day within a matter of minutes, the person/people involved in the attack began posting a series of messages on the

10

website of undersigned counsel which purported to show (falsely) a discussion between Cody Wilson and the undersigned, as well as other comments directly referring to this case:



After discovering these events, undersigned counsel noted several comments were posted from a computer using IP address 69.132.198.80 (as shown in the screenshots above) Using various online tools, this IP address appeared to originate from a computer located in North Carolina. While not dispositive as to the identity of the person who posted these comments, this confirms they did not come from undersigned counsel (who resides in Arizona, not North Carolina).



As explained in the declaration of counsel submitted herewith, after learning of these events, Mr. Wilson informed the unsigned he had obtained information that appeared to show Mr. Lettman was the individual responsible for the hack, while acting in concert with Mr. Larosiere. Among other things, Mr. Wilson reported Mr. Larosiere had – *somewhat astonishingly* – posted a video of himself (he is the smiling/laughing individual appearing on the right in the screenshot below) viewing hacked pages on the website of undersigned counsel along with an individual using the screen name "Potentially Criminal".



Mr. Wilson also represented that he had obtained evidence showing Mr. Lettman specifically admitted his role in these events. Based on that information supplied by Mr. Wilson, the undersigned believed a valid Rule 11 basis existed to include the allegations set forth in ¶ 132 of the counterclaim.

12

The third and final problem with Mr. Larosiere's argument is that, as explained above, Section 1927 simply does not apply to Complaints, counterclaims, or any other initial pleadings. This is so because a counterclaim (like a Complaint) is a pleading which *initiates* a party's claim. False statements in an initial pleading can surely be punished under Rule 11, but not Section 1927; "The filing of a complaint may be sanctioned pursuant to Rule 11 or a court's inherent power, but it may not be sanctioned pursuant to Section 1927." *Macort*, 208 F. App'x at 786. For that reason, Section 1927 simply does not apply at all, at least as to Mr. Larosiere's claim that ¶ 132 of the counterclaim was "false".

All of those issues notwithstanding, it is also worth noting Mr. Larosiere's motion misstates the law. This is so because on page 12 of the motion, Mr. Larosiere argues: "Defense distributed and its counsel are likely to argue that, because they avoided a ruling on the merits of their counterclaims, they cannot be sanctioned for them. But that is not the case." Mot. at 12 (citing *Carlson v. Town of Mountail Vill., Colorado*, 2020 WL 1304490, at 4 (D. Colo. Mar. 19, 2020)).

This argument misstates the law applicable to this case because *Carlson* applied *Tenth Circuit* law; "In the Tenth Circuit, sanctions under § 1927 <u>do not require a finding of bad faith</u>." *Carlson*, 2020 WL 1304490, *3 (emphasis added) (citing *Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1202 (10th Cir. 2008)). This holding does not help Mr. Larosiere, because unlike the Tenth Circuit, the Eleventh Circuit <u>does</u> require an extremely clear showing of bad faith; "'Bad faith'

13

is the touchstone. Section 1927 is not about mere negligence." *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003); *see also Tristar Prods., Inc. v. Telebrands Corp.*, 2025 WL 2380723, *3 (N.D. Fla. Aug. 15, 2025) (finding bad faith is required, and noting, "a party's scrivener's error, and subsequent failure to fully correct that error, does not meet the 'high standard' required to impose sanctions under Section 1927."); *Long v. Westgate Resorts, Ltd.*, 2025 WL 2144669, *5 (M.D.Fla. 2025) ("Like sanctions under § 1927, sanctions under the Court's inherent power require bad faith.")

Here, Mr. Larosiere offers literally nothing to show the undersigned acted in bad faith at any time or in any way. That fact is fatal; "[N]egligent conduct, standing alone, will not support a finding of bad faith. Instead, the attorney must knowingly or recklessly pursue a frivolous claim or needlessly obstruct the litigation of a non-frivolous claim." *Long*, 2025 WL 2144669, *5 (cleaned up) (quoting *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007)).

For any (or all) of the above reasons, Mr. Larosiere has failed to meet the extremely high legal standard necessary to obtain Section 1927 sanctions based on the allegations set forth in ¶ 132 of the counterclaim. Accordingly, the motion should be denied as to that part of Mr. Larosiere's argument.

### b. Undersigned Counsel Had No Involvement In Any Other Alleged Misconduct

Mr. Larosiere's motion is not based solely on the allegations set forth in ¶ 132 of the counterclaim. Rather, the motion identifies various other events occurring *after* the Counterclaim was filed. These events generally include various discovery disputes, and arguments related to spoliation of evidence.

To be clear – as explained in the accompanying declaration, undersigned counsel played no role whatsoever in any of those events. Indeed, unsigned counsel had no involvement in any aspect of this case since January 2025.

Mr. Larosiere's motion offers no evidence to the contrary. During the meet-and-confer process preceding the current motion, undersigned counsel specifically told Mr. Larosiere that his involvement in this case was extremely narrow in both scope and duration – limited *only* to assisting in the drafting of a single pleading -- Defendants' Answer to the initial Complaint (Doc. 29; filed Nov. 19, 2024). Beyond that single pleading (and only as the *Answer*, not the counterclaim, excluding only ¶ 132), undersigned counsel was not involved in any other events giving rise to Mr. Larosiere's current motion.

To be clear – as the docket in this matter shows, excluding his Motion to Withdraw (Doc. 126; filed Sept. 8, 2025), the last filings submitted in this case by undersigned counsel were the proposed summonses issued in November and December 2024 in connection with the counterclaim. *See* Docs. 30–34, 36.

15

Since that time, and since assisting with the narrow task of preparing the Answer (and a single paragraph of the counterclaim), undersigned counsel had no involvement of any kind in this case. All the alleged misconduct involved *other* attorneys, not the undersigned. That fact precludes the imposition of sanctions against the undersigned under Section 1927:

> [T]he plain language of the statute imposes three essential requirements for an award of sanctions under § 1927: First, **the attorney** must engage in "unreasonable and vexatious" conduct. Second, that "unreasonable and vexatious" conduct must be conduct that "multiplies the proceedings." Finally, the dollar amount of the sanction must bear a financial nexus to the excess proceedings, i.e., the sanction may not exceed the "costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

*Amlong & Amlong*, 500 F.3d at 1239 (cleaned up) (emphasis added) (quoting 28 U.S.C. § 1927).

Here, excluding only one single paragraph (¶ 132) in the counterclaim, Mr. Larosiere has offered no evidence showing *undersigned counsel* engaged in any of the conduct described in the motion for sanctions. As a matter of law, a lawyer acting as a largely passive co-counsel on a case is not vicariously responsible for the conduct of other lawyers, especially where (as here) the other lawyers acted without any knowledge, participation, or involvement by the undersigned. For that reason, no basis exists to hold the undersigned vicariously liable for the actions of any other attorney/attorneys.

16

## IV.  CONCLUSION

For the reasons stated above, Mr. Larosiere's motion should be denied.

RESPECTFULLY SUBMITTED Sept. 30, 2025.

        **Gingras Law Office, PLLC**

        /s/ David S. Gingras
        David S. Gingras, Esq.
        Arizona Bar #021097;
        California Bar #218793
        **Gingras Law Office, PLLC**
        4802 E. Ray Road, #23–271
        Phoenix, AZ 85044
        Tel.: (480) 264-1400
        David@GingrasLaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Gary Charles De Pury
Law Offices of Gary De Pury, P.A.
21035 Leonard Road
Lutz, FL 33558

Matthew Larosiere
6964 Houlton Circle
Lake Worth, FL 33467

Zachary Z. Zermay
Zermay Law, P.A.
3000 Coral Way
Suite 1115
Miami, FL 33145

Attorneys for Plaintiff

Amaris Lilly-Joy Chris Gyebi, Esq.
Jura Christine Zibas, Esq.
Wilson Elser Moskowitz Edelman & Dicker LLP
2063 Main St.. Suite 100
Sarasota, FL 34237

Charles (Chad) Flores
Flores Law PLLC
917 Franklin St., Suite 600
Houston, TX 77002

Attorneys for Cody Wilson and Defense Distributed


/s/David S. Gingras