United States District Court
Middle District of Florida
Orlando Division

Matthew Larosiere,
    Plaintiff,

v.                                             No. 6:24-cv-1629

Cody Rutledge Wilson, DEFCAD, Inc.,
Defense Distributed, and Dioskouroi LLC,
        Defendants.

---

### Response to Document 38 by Defense Distributed and Counsel

Defense Distributed and its counsel file this response to the Document 38 motion for sanctions. The motion should be denied.

### Summary of the Argument

The motion's core aim is to sanction Defense Distributed and its counsel merely for filing counterclaims. But regardless of the movants' view of the counterclaims, § 1927 does not apply because it targets conduct that "multiplies the proceedings," not the act of filing an initial pleading. *Peer v. Lewis*, 606 F.3d 1306, 1314 (11th Cir. 2010). In any event, the filing of Defense Distributed's counterclaims easily surpasses the "bad faith" standard for sanctions. The pleading's face manifests a reasonable factual and legal basis with detailed allegations that are plenty plausible. That independent attorneys later refiled similar claims after their own due diligence, *see* Doc. 147, confirms the objective reasonableness of the original filing. There can be no sanction for initiating the

counterclaims, and of course there is no sanction for doing exactly what Rule 41 allows to dismiss them without prejudice.

The motion then repackages a litany of discovery complaints into the same basic theory—that the counterclaims should never have been filed. But discovery disputes do not retroactively render pleadings sanctionable, and again Section 1927 does not extend to them. In any event, discovery here was quite incomplete when Defense Distributed dismissed under Rule 41. No depositions had occurred, no motions to compel had been adjudicated, and no bad-faith discovery orders were entered. A partially developed record cannot prove sanctionable conduct.

Besides its main Section 1927 arguments, the motion strings together a grab-bag of unrelated complaints—none warranting serious attention. The motion's claim that Defense Distributed gave no evidence of "administrator" status, for example, is obviously refuted by the face of the challenged filing. The motion says that the "administrator" status assertion "came from nowhere in the record." Doc. 138 at 20. Yet the proof is right there in the original filing at issue:

> **2. Larosiere is responsible for the spoliated ESI.**
>
> As to the Rocket.Chat ESI in question, Plaintiff Larosiere bears full Rule 37(e) responsibility for the spoliation detailed above because both he and his employee, Elik, served as an "administrator" at the relevant times.
>
> Proof of Larosiere's "administrator" status comes from Elik, who swore in his discovery responses that Larosiere had an "administrative role or privileges during the relevant period." Ex. C at 6. It also comes from former Counterdefendant Lettman, who swore in discovery responses that Larosiere "held some form of

2

> administrative role or privileges during the relevant period." Ex. D at 6. (Larosiere signed both of these discovery responses as counsel.) Outside evidence also confirms that Larosiere had and still has an administrator status that should have been used to take "reasonable steps to preserve" the ESI there. *See* Ex. B at 10.

Doc. 136 at 10. With this and the other evidence marshaled in Document 136, Defense Distributed's request for a special master on the spoliation issue was well-founded and supported by the record. But even if it were ultimately rejected—or if other evidence were to contradict its initial showing (which it won't)—that would present, at most, a factual dispute, not bad faith. Nothing about that dynamic suggests misconduct, and the motion's remaining miscellaneous complaints are equally meritless. Again and again, the motion also blurs the crucial line between an argument that doesn't ultimately succeed and conduct that multiplies the proceedings in bad faith. Section 1927 targets the latter, not the former.

Because the motion fails to meet Section 1927's "bad faith" standard, it necessarily fails under the Court's inherent power as well. The inherent-power standard is at least as demanding, and often more so, requiring clear proof of subjective bad faith before sanctions may issue. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). The record here shows only zealous advocacy and procedural prudence, not the kind of willful abuse that could justify sanctions.

The motion's final request for fees as a Lanham Act "prevailing party" is even easier to refute. Attorney's fees under 15 U.S.C. § 1117(a) are available only to a "prevailing party," and there is none here. The Lanham Act counterclaims were

voluntarily dismissed without prejudice under Rule 41(a)(1)(A)(i), which precludes prevailing-party status as a matter of law. *See Affordable Aerial Photography, Inc. v. Property Matters USA, LLC*, 108 F.4th 1358, 1362 (11th Cir. 2024).

The counterclaims were undoubtedly hard-fought zealously on both sides, but that is a far cry from sanctionable behavior. Defense Distributed let them go under Rule 41, and it's time for the movants to do the same.

## Argument

The former Counterdefendants seek sanctions against Defense Distributed and counsel by invoking 28 U.S.C. § 1927, inherent authority, and the Lanham Act. Doc. 138. Those movants bear all of the burdens of proof and persuasion. The motion should be fully denied because the movants have not met their burden.

**I.     The request for relief under 28 U.S.C. § 1927 should be denied.**

**A.     Section 1927 does not apply to parties.**

Insofar as the motion seeks relief under 28 U.S.C § 1927 against Defense Distributed, it should be denied because Section 1927 applies only to the conduct of counsel—not litigants. *See* 28 U.S.C § 1927 (("Any attorney or other person admitted to conduct cases …"). For this reason alone, Defense Distributed cannot be sanctioned on the basis of any alleged Section 1927 violation.

**B.     Section 1927 does not apply to pleadings**

Insofar as the motion seeks relief under 28 U.S.C § 1927 from the submission of Defense Distributed's pleadings, it should be denied because Section 1927 does not apply to pleadings. *See Peer v. Lewis*, 606 F.3d 1306,

4

1314 (11th Cir. 2010). Pleading-based sanction requests are never covered by Section 1927. *See id.* For this reason alone, Defense Distributed and its counsel cannot be sanctioned on the basis of any pleading-based Section 1927 complaint.

More broadly, nearly all of the motion's arguments are just a backdoor attempt to re-litigate the sufficiency of those same pleadings. The motion dresses its complaints in the language of "bad faith" and "vexatious conduct," but in substance it simply re-asserts that the counterclaims should never have been filed. That is a Rule 12 theory, not a Section 1927 point. The Eleventh Circuit has made clear that § 1927 targets only post-filing conduct that actually multiplies the proceedings; it does not retroactively punish the decision to plead claims in the first place. *See id.*

Whereas here the real gripe is with the filing of a claim, the Federal Rules already provide an exclusive vehicle—Rule 11—with a 21-day safe harbor and strict procedural prerequisites. The movants never invoked Rule 11 or complied with its safe-harbor process. They cannot sidestep those safeguards by repackaging a Rule-11-type pleading attack as a § 1927 or inherent-power motion.

Nonetheless, the motion goes on to claim "bad faith" in a supposed lack of "pre-suit investigation" for the counterclaims. Doc. 138 at 5. But the counterclaims themselves demonstrate the product of a substantial pre-suit factual inquiry. *See* Doc. 52. They detail who the Gatalog principals are, how they operate, and what specific unlawful conduct each committed. The pleading spans more than 70 pages and nearly 300 numbered paragraphs supported by granular,

5

cross-referenced allegations—from individual chat servers and domain names to identified financial channels, communication logs, and instances of specific file distributions. For example, the pleading meticulously traces the relationships and roles of the Gatalog actors—Larosiere, Elik, Holladay, Celentano, Stroke, Lettman, and MAF Corp.—linking each to concrete conduct like file transfers, copyright registrations, crypto transactions, and ongoing harassment campaigns. The factual precision regarding specific websites (e.g., thegatalog.com, maf-arms.com, ctrlpew.com), servers (Rocketchat, Discord), and even ITAR- and EAR-violating export activity demonstrates exactly the kind of factual groundwork Rule 11(b)(3) demands.

The counterclaims further cite identifiable real-world events—like the "FEDCAD" defamation campaign, the chargeback extortion threats, and the "Rogue 9" file distribution in violation of export-control law. They include allegations corroborated by public statements, archived online materials, and even spoliation and other admissions by the Gatalog members themselves. No pleading of that depth and specificity could emerge without a robust pre-filing factual inquiry.

Even if the movants now dispute those facts, that only underscores an ordinary litigation disagreement—not bad faith. Section 1927 does not punish counsel for seeing the facts differently than their opponent, or for alleging a narrative the other side denies. The Federal Rules are built on the premise that parties may contest facts through discovery and adjudication. Disagreement about what is true or provable is the essence of litigation, not evidence of misconduct. A

party's factual allegations may later prove wrong or incomplete without ever crossing into sanctionable territory. Bad faith requires something far more—knowingly or recklessly pursuing a frivolous claim or needlessly obstructing the litigation of a non-frivolous claim. *See Amlong*, 500 F.3d. Here, there is no sign of either. The counterclaims rest on extensive factual detail and reasonable inferences drawn from real-world evidence. Whether the movants think those facts are wrong or overstated is a merits issue, not a misconduct issue. The distinction is critical: Rule 11 and § 1927 guard against abuse of the process, not against the adversarial process itself. Defense Distributed litigated in earnest—hardly a sanctionable offense.

### C. The requisite "bad faith" has not been shown.

Apart from the counterclaim itself, the motion tries to show "bad faith" through a litany of complaints about how the counterclaims were litigated—from discovery disputes to conferral practices. But under Section 1927, "an attorney multiplies proceedings 'unreasonably and vexatiously' within the meaning of the statute only when the attorney's conduct is so egregious that it is 'tantamount to bad faith.'" *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007). In this respect, "negligent conduct, standing alone, will not support a finding of bad faith under § 1927—that is, an attorney's conduct will not warrant sanctions if it simply fails to meet the standard of conduct expected from a reasonable attorney." *Id.* at 1241-42. Instead, "the attorney must knowingly or recklessly pursue a frivolous claim or needlessly obstruct the litigation of a non-

7

frivolous claim." *Id.* By that demanding test, the motion identifies nothing that could possibly qualify as bad faith by Defense Distributed or its counsel.

### 1. The Rule 41 dismissal without prejudice was proper.

The motion's first "bad faith" argument points to the dismissal of Defense Distributed's counterclaims. Doc. 138 at 3. According to the motion, Section 1927 sanctions are warranted because Defense Distributed with the counsel at issue used Rule 41 to dismiss its counterclaims without prejudice from this case *and then refiled them in another court (with new counsel)*. Doc. 138 at 3.

Here, the movants try to convert that routine Rule 41 use into "bad faith" by pointing to interim litigation steps—discovery notices, draft motions, and conferrals undertaken before dismissal. But all of those are ordinary waypoints on the road to a procedural exit, not evidence of vexatious intent. Nothing in the record shows a compelled production disobeyed, a deposition taken to no purpose, a court order flouted, or any ruling finding abuse. And once the counterclaims were dismissed, proceedings ceased rather than multiplied—defeating § 1927's required causal link between the challenged conduct and any expansion of the case. *See, e.g.*, *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997).

*Daniels v. Gov't Employees Ins. Co.*, No. 8:19-CV-2612-KKM-SPF, 2022 WL 504016, at *1 (M.D. Fla. Feb. 19, 2022), illustrates why "bad faith" is lacking and should be followed. It too involved a Rule 41 dismissal and held that "bad faith" was missing because "it was not unreasonable or vexatious for Plaintiffs to

… voluntarily dismiss to refile in another forum, or to pursue discovery during their time in federal court." *Id.* at *1. "These are normal litigation behaviors." *Id.*

Indeed, the Rule 41 procedure Defense Distributed utilized is squarely approved of by the rules, as *Daniels* explains. "Rule 41 gives plaintiffs a right to voluntarily dismiss" and "Rule 41 and the caselaw contemplate that a plaintiff may do so without prejudice, with the intent to refile elsewhere, and for a litigation advantage." *Id.* at 2. "Thus, it is not evidence of bad faith that Plaintiffs dismissed with intent to refile elsewhere." *Id.* "Just as 28 U.S.C. § 1441(a) gives defendants a right to remove to federal court, Rule 41 gives plaintiffs a right to dismiss their suits and file them again—and in a different court if they so choose." *Id.* "One is no more bad-faith forum shopping than the other." *Id.* It is also not in bad faith to "keep a foot on the gas" before such a Rule 41 dismissal occurs. *Id.* at *3.

### 2. The discovery-based critiques fail.

Despite all of this, the motion invites the Court to re-litigate most every disputed discovery issue and to divine bad faith from incomplete evidence. That is precisely the kind of collateral multiplication of proceedings § 1927 is meant to prevent. Defense Distributed and its counsel acted within the ordinary bounds of zealous advocacy, advanced colorable legal theories grounded in detailed factual pleadings, and dismissed the claims once further litigation became inefficient. Sanctions are therefore unwarranted. *See Daniels v. Gov't Employees Ins. Co.*, No. 8:19-CV-2612-KKM-SPF, 2022 WL 504016, at *1 (M.D. Fla. Feb. 19, 2022).

The motion's "discovery" grievances collapse under their own weight. One example: it faults Defense Distributed for noticing depositions "across the country" that were "never conducted." Doc. 138 at 3, 15. But that claim omits the obvious—no deposition ever occurred because none were ever served or compelled before the case was voluntarily dismissed. Unserved deposition notices are not harassment; they are paper placeholders that disappeared the moment the Rule 41 notice was filed. The statute penalizes litigation multiplied in bad faith, not discovery that never even happened.

Another complaint targets Defense Distributed's responses as "stonewalling," but the record shows nothing of the sort. There was no successful motion to compel, no order finding a failure to respond, and no sanctionable defiance of a discovery obligation. Routine objections or incomplete discovery in an unfinished case do not meet § 1927's exacting bad-faith standard. See Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1239 (11th Cir. 2007).

In short, the motion's discovery narrative rests on speculation about proceedings that never ripened and records that were never complete. No depositions were taken, no production finished, and no discovery dispute was resolved adversely to Defense Distributed. The Federal Rules contemplate iterative discovery, not instant perfection, and movants' demand for fully developed responses before any enforcement mechanism was invoked reflects an unsupported standard that would penalize efficient case management. A record so undeveloped cannot possibly sustain sanctions for lack of factual support.

### 3. The spoliation position is not improper.

The next supposed act of "bad faith" was that Defense Distributed and its counsel "filed unsupported motions for 'spoliation relief' claiming Plaintiffs and the former Counterdefendants have destroyed evidence, but Defendants *never asked for any of the information they claim was destroyed*." Doc. 138 at 4; *id.* at 16-17. But the filing at issue, Doc. 136, speaks for itself in defeating all of these criticisms.

Rule 37(e) asks four questions—(1) was ESI lost; (2) is it unavailable from another source; (3) did a party fail to take reasonable steps to preserve; and (4) was there prejudice (and, for harsher measures, intent to deprive). Defense Distributed's filing addressed those elements head-on and asked for a targeted remedy (including a special master) precisely because the issues are technical and fact-intensive—not because there was bad faith. *Id.* Two of movants' easiest-to-dispose complaints show why their theory fails:

*"No administrator evidence."* The motion says that Defense Distributed's theory of Larosiere and Elik being "administrators" "came from nowhere in the record." Doc. 138 at 20. Yet the filing puts the record evidence front and center:

> Proof of Larosiere's "administrator" status comes from Elik, who swore in his discovery responses that Larosiere had an "administrative role or privileges during the relevant period." Ex. C at 6. It also comes from former Counterdefendant Lettman, who swore in discovery responses that Larosiere "held some form of administrative role or privileges during the relevant period." Ex. D at 6. (Larosiere signed both of these discovery responses as counsel.) Outside evidence also confirms that Larosiere had and still has an administrator status that should have been used to take "reasonable steps to preserve" the ESI there. See Ex. B at 10.

11

Doc. 136 at 10. Those are the very sources movants say don't exist. Defense Distributed cited them, verbatim, in the spoliation papers.

*"Never asked for the information."* The motion also says that Defense Distributed's motion about spoliation "never identified relevant information that was unavailable from other sources, never demonstrated that Counterdefendants had a duty to preserve at the time of deletion, never showed prejudice, and never came close to proving intent." Doc. 138 at 17. Yet Defense Distributed's filing did just that, element by element. *See* Doc. 136 at 14-15. Defense Distributed noticed the issue, identified specific ESI at risk, served preservation demands, and sought a narrow, supervised mechanism (a special master) to resolve scope, control, and restoration—exactly what Rule 37(e) encourages when parties disagree about technical access and duties. Again, there was no court order disobeyed, no refusal to comply, and no finding of discovery abuse. None of this shows "bad faith."

Having exhausted its main theories, the motion resorts to a scattershot list of minor grievances—procedural quibbles, discovery nitpicks, and imagined slights in conferral or briefing practice. None come close to showing bad faith or improper multiplication of proceedings. The Court should reject them all.

    **4. The mootness arguments are wrong.**

The motion claims that Defense Distributed "repeatedly mooted their own motions after forcing movants to reply." Doc. 138 at 3, 14. But of course Defense Distributed did not intentionally moot its own motions. Though the court concluded otherwise, it was certainly reasonable for Defense Distributed to maintain that its

order of filing was proper and never mooted anything. The filing at issue addressed this expressly. *See* Doc. 48 at 16 n.1 ("The Defendants filed their original motion to dismiss (Document 28) before the Defendants filed their original answer (Document 29). Their original motion to dismiss therefore met the timing requirement of Rule 12 because it was "made before pleading." Fed. R. Civ. P. 12(b). Here as well, with the Rule 12 timing requirements having been essentially reset by the filing of an amended complaint, Doc. 42, the instant motion to dismiss is being filed before the Defendants' live pleading and is therefore timely.").

### 5. The conferral arguments are wrong.

Conferral practices do not evidence any bad faith either. At issue is Defense Distributed's short-form motion seeking a briefing schedule and a hearing—not a motion seeking the imposition of sanctions, but a motion merely seeking a briefing schedule and a hearing. Doc. 122. It was not improper – let alone in bad faith – for counsel to confer about that motion by sending the full draft to the movants in advance and seeking their position on the basis of a full draft that spoke for itself. *See* 138 at 13.

The movants' transcript (the cost of which is a self-inflicted wound) belies the bad faith suggestion. *See* Doc. 138-04. It shows that Defense Distributed conferred the right way and that movants omitted the parts that really matter.

Having already circulated the short-form motion at issue, counsel then clarified—twice—that the motion sought no sanctions, only standard briefing and a hearing on Rule 37(e) issues—precisely to allow the parties to ventilate the

13

technical facts in full-length papers. See Doc. 138-04 at 15-16 ("The motion is to set a briefing schedule and to have an evidentiary hearing on the question of whether Defense Distributed is entitled to relief under Federal Rule of Civil Procedure 37(e). … The request is based on what I have shown everyone already with an introduction to the issues about the duty to preserve and when our side -- when Defense Distributed that arose and evidence that electronic information is gone and that we need to get to the bottom of that and figure out what the remedy is. So the motion now doesn't request sanctions. What we're asking for is a briefing schedule and an evidentiary hearing.")

The Federal Rules require parties to *confer*, not to *convince*. That duty is satisfied when one side states clearly what relief it seeks and why, giving the other a fair opportunity to respond. Defense Distributed did exactly that—indeed, more. They told the movants precisely what relief they would request, provided a full copy of the motion before filing, and explained its basis in plenty of detail.

The reasonableness of Defense Distributed's conduct is confirmed by how the Court itself handled the motion. In its resulting order, Doc. 124, the Court effectively granted the very relief Defense Distributed sought during the conferral and in its short-form motion: permission to brief the spoliation issues in full and have both sides be heard on a developed record. *Id.* It expressly authorized Defense Distributed to file a full-length Rule 37(e) motion under the ordinary 25-page limit, complete with exhibits, and allowing each opposing party to respond with its own full brief. *Id.* That outcome mirrors precisely what Defense Distributed

14

had proposed in good faith at the outset—a structured opportunity for all sides to fully present their positions. Far from showing gamesmanship, this sequence underscores that Defense Distributed's approach was measured, reasonable, and aligned with the Court's ultimate judgment about the appropriate way to proceed.

### 6. The Document 117 arguments are wrong.

The motion's attempt to show "bad faith" in default practice, Doc. 138 at 13-14, fails because there was no invalid practice at all, let alone so severe as to constitute "bad faith." At issue is the Document 117 "notice" filed by Defense Distributed, which was properly made a notice and did all that the rules require.

Local Rule 1.10 required Defense Distributed to identify any "unresolved issue … necessary to entry of the default judgment" within 35 days of default. The notice did exactly that, explaining that other defendants had answered and raised overlapping liability issues, so an immediate default judgment against Celentano could risk inconsistent outcomes. Doc. 117 at 1–2. Defense Distributed was not abandoning default relief; it was pacing its pursuit of that relief in compliance with the Local Rules, which adjust the timing based on how other parties respond (whether they insist on arguing points about potential inconsistent judgments).

Far from bad faith, the notice reflected careful adherence to the rule's purpose—to keep the Court informed and prevent dismissals for inaction. It was accurate, concise, and harmless: a two-page procedural filing that burdened no one and delayed nothing. Defense Distributed acted responsibly, transparently,

and exactly as a diligent litigant should—identifying an issue early, advising the Court, and proceeding in a way that conserved judicial resources

Finally, the notice caused no prejudice whatsoever. It did not alter the parties' rights, affect any deadline, or delay any proceeding. It was purely procedural—a short filing that informed the Court of a routine scheduling consideration under Local Rule 1.10. No party lost an opportunity, suffered harm, or expended unnecessary effort as a result. In short, the notice changed nothing of consequence and left everyone exactly where they stood before it was filed.

### C.     The requisite "multiplication" has not been shown.

Aside from the absence of Section 1927's requisite bad faith, the motion also fails because it does not show the requisite "multiplication" of proceedings. "In order for § 1927 to be applicable, there must be a causal connection between the objectionable conduct of counsel and multiplication of the proceedings." *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997).  "Under the plain statutory language, objectionable conduct—even 'unreasonable and vexatious' conduct—is not sanctionable unless it results in proceedings that would not have been conducted otherwise." *Id.*  That has not been shown here.

Most obviously, the Rule 41 dismissal terminated proceedings rather than creating them. The discovery activity was routine and short-lived; a motion to compel was filed but never ruled on, briefed to conclusion, or subject to any order or hearing. The short-form Rule 37(e) motion streamlined rather than multiplied proceedings—the Court denied it without prejudice and invited a single round of

16

full-length briefing under ordinary limits, Doc. 124. The mooted Rule 12 motions reflect ordinary procedural overlap, not expansion of the case, and the Document 117 notice simply maintained compliance with Local Rule 1.10, generating no deadlines or hearings. Section 1927 targets actual, incremental proceedings caused by bad faith—such as compelled discovery, ignored directives, or unnecessary hearings. None occurred here. No order was disobeyed, no sanction imposed, and no proceeding expanded because of how Defense Distributed or its counsel handled the counterclaims. On causation alone, the motion fails.

D. **No harm.**

In the further alternative, aside from the absence of Section 1927's requisite bad faith and multiplication, the motion still fails because no distinct harm has been proven. Section 1927 permits recovery only for discrete "excess costs, expenses, and attorneys' fees" caused by the alleged misconduct. While the precise dollar amount could, in theory, be determined later, the fact of such segregable harm must be proven now—and it has not been. Marginal, immeasurable, or de minimis changes in litigation dynamics do not qualify; § 1927 targets concrete, quantifiable waste, not ordinary friction inherent in litigation. Without proof of any actual, compensable injury, there is nothing for sanctions to remedy.

E. **Rule 3.01(f) stops the motion's incorporation by reference.**

The motion tries to incorporate by reference all of its Rule 12 arguments against Defense Distributed's counterclaims. Doc. 138 at 5. But this violates Local Rule 3.01(f), which bans incorporation by reference. The movants cannot

simultaneously ask the Court to sanction others for inefficiency while themselves flouting the rules that prevent it. Alternatively, the Court should proceed evenhandedly to reject those incorporated arguments for the reasons Defense Distributed explained in its Document 79 responsive filing.

**II.     The request for relief under inherent authority should be denied.**

Insofar as the motion seeks relief under the Court's inherent authority, it should be denied because the motion again fails to establish the requisite "bad faith." "Because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). They are reserved for the rare, extreme case of clear, subjective bad faith—the deliberate abuse of the judicial process—not for ordinary litigation disputes already governed by statutes like § 1927. *See Peer v. Lewis*, 606 F.3d 1306, 1316 (11th Cir. 2010).

The "threshold of bad faith conduct for purposes of sanctions under the court's inherent powers is at least as high as the threshold of bad faith conduct for sanctions under § 1927." *Id.* at 1251-52. "So sanctions that are impermissible under § 1927 are also impermissible under a district court's inherent powers." *Id.* Given that the motion has failed to satisfy the former "bad faith" standard, *see supra* Part I, it has necessarily also failed to satisfy the latter.

Once again, the record shows no deceit, no defiance of court orders, and no conduct "tantamount to bad faith." At most, the movants identify disagreements about procedure, discovery, or timing—issues that the rules expressly regulate and

18

that were resolved without prejudice or sanction. The movants' chief complaint remains the same: that Defense Distributed filed its counterclaims in the first place. But that filing was lawful, well-supported, and procedurally proper—and its reasonableness is underscored by the fact that separate counsel later refiled substantially the same claims in another court. Filing a legitimate pleading is not bad faith; it is litigation.  The Court's inherent authority is not a catch-all for frustration with opposing counsel, and it should not be invoked here.

### III. The request for relief under the Lanham Act should be denied.

Insofar as the motion seeks relief under the Lanham Act, Doc. 138 at 22-23, it should be denied because the movants are not "prevailing parties."  The invoked Lanham Act provision for attorney's fees requires, among other things, that the claimant be a "prevailing party." 15 U.S.C. § 1117.  But the movants lack "prevailing party" status because the Lanham Act claims were dismissed without prejudice pursuant to Rule 41(a)(1)(A)(i).  Doc. 123.  "Under the precedents of the Supreme Court and [the Eleventh Circuit], a defendant is not the prevailing party when a plaintiff's action is voluntarily dismissed without prejudice under Rule 41(a)(1)(A)(i)." *Affordable Aerial Photography, Inc. v. Prop. Matters USA, LLC*, 108 F.4th 1358, 1362 (11th Cir. 2024).  That rule applies squarely here.

* * *

Because the motion fails to make a prima facie showing of sanctionable conduct, it should be denied outright—on the filings alone and without any need for an evidentiary hearing.  Alternatively, the nonmovants respectfully request an

evidentiary hearing before any sanction is considered. *See In re Engle Cases*, 283 F. Supp. 3d 1174, 1203-04 (M.D. Fla. 2017); *see also Donaldson v. Clark*, 819 F.2d 1551, 1558 (11th Cir. 1987) ("the standard [for use of evidentiary hearings on sanctions motions] is necessarily flexible to cover varying situations.").

## Conclusion

The motion should be denied as to Defense Distributed and all of the motion's targeted counsel, including both the undersigned former counsel for Defense Distributed and the undersigned current counsel for Defense Distributed.

Respectfully submitted,

| | |
|---|---|
| /s/ F. Andino Reynal | /s/ Chad Flores |
| F. Andino Reynal | Chad Flores |
| areynal@frlaw.us | cf@chadflores.law |
| Texas Bar No. 24060482 | Texas Bar No. 24059759 |
| The Reynal Law Firm, PC | Flores Law PLLC |
| 917 Franklin, 6th Floor | 917 Franklin Street |
| Houston, Texas 77002 | Suite 600 |
| T (713) 228-5900 | Houston, Texas 77002 |
| F (713) 820-6981 | T (713) 364-6640 |
| | F (832) 645-2496 |
| Counsel for | |
| F. Andino Reynal | Counsel for |
| | Defense Distributed |