UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

*Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc.,
DEFENSE DISTRIBUTED, and DIOSKOUROI
LLC,

*Defendants*.

_____/

**PLAINTIFF LAROSIERE'S SHORT-FORM MOTION TO OVERRULE MERITLESS
OBJECTIONS AND COMPEL COMPLETE RESPONSES TO INTERROGATORIES
<u>AND REQUESTS FOR PRODUCTION</u>**

Pursuant to Fed. R. Civ. P. 26, 33, 34, and 37, Local Rule 3.01(g), and this
Court's standing order on discovery, Plaintiff Matthew Larosiere moves to compel full
responses from Cody Wilson, Defcad, Inc., and Defense Distributed to certain
interrogatories and requests for production. Copies of the responses with requests are
attached. The discovery at issue concerns issues of copyright infringement, alter-ego
control, willfulness, and damages central to Plaintiff's claims.

<u>ARGUMENT</u>

Defendants Wilson, Defcad, and Defense Distributed were served with discovery
on September 28, 2025. Defendants effectively produced objection-only responses, and
where future production was promised, Defendants evasively re-framed the requests.
These responses share recurring defects, including: (1) boilerplate objections lacking
specificity, in violation of Rule 33(b)(4); (2) evasive and incomplete answers, contrary to

Rules 34(b), and 33(b); and (3) conclusory assertions of irrelevance unsupported by Rule 26(b)(1)'s standard.

**As to Wilson**, all requests and interrogatories relate to questions of willfulness, alter-ego and commingling of assets, communications about Plaintiff, targeted harassment of Plaintiff, and Wilson's awareness of infringement and publication of Plaintiff's likeness, and correspondence referencing copyright generally and distribution after notice.

**As to Defense Distributed**, all requests and interrogatories target control, ownership, operational structure, and seek information about assets and inter-company communications to trace profits from infringement and commingling.

**As to Defcad, Inc,** all requests and interrogatories pursue information on corporate control and ownership, address publication of Plaintiff's works, identification of those involved, and any revenue-sharing arrangements—core to willfulness, unified enterprise, and damages.

All objections of overbreadth, relevance, and burden are due to be overruled. Across the defendants' productions, the principal deficiencies fall into four categories, each repeated systematically in all sets of responses:

## I. Boilerplate and Unspecific Objections

Each defendant asserted identical stock objections—e.g., "disproportionate,"—without specifying what was withheld or how any burden applied. This violates Rule 34(b)(2)(B)-(C). *See also* Middle District Discovery Handbook §III.A.6.

## II. Improper Temporal Narrowing

Defendants unilaterally limited responses to 2023. The complaint alleges conduct dating back to at least 2018. The unilateral reframing is impermissible and evasive.

## III. Circular Deflection

Wilson repeatedly refuses disclosure on the basis of requested things not being available "in his individual capacity", asserting that these requests are "better directed to the Defendant entities" that he **owns**. Conversely, Defcad and Defense Distributed respond that similar matters are "better directed to [another Defendant entity]." This is contrary to Rule 34(a)(1)'s duty to produce information within a party's possession, custody, or control.

## IV. Evasive, Non-Substantive Responses

In the few instances where partial compliance was promised, Defendants did not confirm existence, scope, or completion of searches, and often completely re-defined the request. *See, e.g.*, Ex. B, p.6 (redefining "copyright" to "the Subject Works"). Under Rule 37(a)(4), these are tantamount to complete failures to respond.

## **CONCLUSION**

Plaintiff respectfully requests that the Court overrule Defendants' objections, compel full responses within 14 days, and award reasonable expenses under Rule 37(a)(5).

Respectfully submitted,

DATED:  November 5, 2025

*/s/ Zachary Z. Zermay*
Zachary Z. Zermay, Esq.
Fla. Bar № 1002905
*Zermay Law, P.A.*
1200 Fourth Street, #1102
Key West, FL 33040
Email:
zach@zermaylaw.com
Tel: (305) 767-3529
*Lead Counsel for Plaintiff*
*Matthew Larosiere*

**Local Rule 3.01(g) Certification**

Pursuant to M.D. Fla. R. 3.01(g), I hereby certify that I met and conferred with opposing counsel regarding the substance of the foregoing motion several times. Specifically, on October 29, 2025, I served all counsel for Defendants with a letter substantively detailing the deficiencies in Defendants' responses. I then conferred telephonically via zoom with counsel for Defendants regarding the substance of the foregoing motion on October 31, 2025, and again on November 5, 2025. Defendants oppose this motion.

DATED:  November 5, 2025

/s/ Zachary Z. Zermay
Zachary Z. Zermay, Esq.
Fla. Bar № 1002905
*Zermay Law, P.A.*
1200 Fourth Street, #1102
Key West, FL 33040
Email:
zach@zermaylaw.com
Tel: (305) 767-3529
*Lead Counsel for*
*Plaintiff/Counterdefendant*
*Matthew Larosiere*