UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW LAROSIERE

    Plaintiff,

vs.                                  Case No: 6:24-CV-01629

CODY RUTLEDGE WILSON, DEFCAD, INC.,
DEFENSE DISTRIBUTED and
DIOSKOUROI LLC,

    Defendants.
_____/

## DEFENDANT'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant CODY RUTLEDGE WILSON, hereby serves his answers and objections to Plaintiff, MATTHEW LAROSIERE'S ("Plaintiff" and/or "Propounding Party") First Set of Interrogatories, and states as follows:

## ANSWERS TO INTERROGATORIES

1. Identify all cryptocurrency accounts/wallets/addresses you have had control over since January 1, 2018-"control" being the ability to remove or send cryptocurrencies from the account, even if others share access, and where other entities or individuals share that access, identify them to the extent known.

> **ANSWER: Defendant objects to Interrogatory No. 1 to the extent that the terms "control," "Defendant's entities," or "other individuals" are ill-defined/undefined, rendering this Interrogatory vague, ambiguous, and unintelligible. Defendant objects to the extent that the Interrogatory goes beyond the scope of the claims asserted in the First Amended Complaint, Plaintiff asserted copyright infringement claims against Defendant, the subject works that were allegedly owned by Plaintiff and displayed on public sources from 2023 to the present, unfair competition under the Lanham Act, and name and**

1

>  likeness violation under Florida statute. The information sought in this Interrogatory request cryptocurrency accounts/wallets/addresses from January 1, 2018, to the present, which is unrelated to the claims and defenses asserted in this action. Defendant also objects to the extent that this Interrogatory seeks a legal conclusion that Defendant controls cryptocurrency accounts for all of the Defendant entities.
>
>  Without waiving said objections, and in light of Defendant's understanding that the information seeks Defendant's entities or other individuals, Defendant states that, in his individual capacity, he does not have the information and/or knowledge concerning Defendant's "entities." This Interrogatory is better directed to the Defendant entities.

2. Identify any and all real estate or other real property in which you, either directly or indirectly-including through a non-publicly traded business entity you had direct or indirect control of, and through straw or nominee transactions-have had any ownership interest in from January 1, 2016 onward. Include both property in which you gained AND property in which you already held ownership interest from January 1, 2016 onward.

>  **ANSWER**: Defendant objects to Interrogatory No. 2 to the extent that the term "control" is ill-defined, rendering this Interrogatory vague, ambiguous, and unintelligible. Defendant objects to the extent that Interrogatory No. 2 goes beyond the scope of the claims asserted in the First Amended Complaint concerning Plaintiff asserted copyright infringement claims against Defendant, the subject works that were allegedly owned by Plaintiff and displayed on public sources from 2023 to the present, unfair competition under the Lanham Act, and name and likeness violation under Florida statute. The information sought in this Interrogatory concerns real estate or real property transactions in which Defendant, in his individual capacity, is involved from January 1, 2016, to the present, and are unrelated to the claims and defenses asserted in this action. Defendant further objects to this Interrogatory to the extent that the information sought is overly broad, unduly burdensome, not limited in time or in scope, disproportional to the needs of the case, and/or oppressive because the burden on Defendant to search for, gather, and produce any such information far outweighs the relevance of such information.

3. List all aliases for yourself, your companies, and any aliases you know that your employees and fellow board members use or have used.

2

321298509v.2

**ANSWER:** Defendant objects to the extent that the terms "your employees" and "your board members" are vague and ambiguous, rendering this Interrogatory unintelligible. Without waiving said objections, Defendant, in his individual capacity, states the following:

**Aliases**: Dominica Yowls, Dominic Wolsy, Sanjuro

**Companies**:
- Gunspring LLC
- Federal Consolidated LLC
- DD Foundation LLC
- Defense Distributed
- DEFCAD, Inc.
- Coast Runner, Inc.
- Ghost Gunner, Inc.
- UPSLN, Inc,
- Zero Percent Arms, LLC
- Diokskouroi, LLC
- The Glen Rose Library Companies

**Employees/Fellow Board Members**: Defendant, in his individual capacity, does not have the information requested in this Interrogatory. This Interrogatory is better directed to the Defendant entities. Answering further, Defendant refers Plaintiff to his answers and objections to John Elik's Interrogatory Nos. 3 and 4.

4.  List all of the addresses you have lived at for longer than one week since January 1, 2021, and the time period you lived there. Your response must include your current residence address(es).

**ANSWER:** Defendant states that within his recollection, which will not allow a complete answer, he has resided at the following places since January 1, 2021:

- 2320 DONLEY DR STE C, AUSTIN, TX 78758-4514, TRAVIS COUNTY (Oct 2016 - Oct 2025)
- 8403 CROSS PARK DR STE 3B, AUSTIN, TX 78754-4575, TRAVIS COUNTY (Jun 2015 – Oct 2025)
- 4610 CRESTWAY DR, AUSTIN, TX 78731-5204, TRAVIS COUNTY (Jan 2024 - Oct 2024)
- 2237 W BRAKER LN APT, AUSTIN, TX 78758-4031, TRAVIS COUNTY (Oct 2020 - Nov 2023)
- 7903 TISDALE DR, AUSTIN, TX 78757-8414, TRAVIS COUNTY (Oct 2019 - Dec 2022)

5. Describe the purpose and operations of DD Foundation LLC, the entity you control. To help you answer this question and clarify its scope, an answer containing the following details would be a complete answer. These are not subparts, but necessary elements of a complete answer to the foregoing interrogatory:

    a. What DD Foundation LLC does.

    b. Your role in the company.

    c. The company's relationships with the Defendants in this case, including yourself.

**ANSWER: Defendant objects to interrogatory Nos. 5(a)–(c) to the extent that it is compound and goes beyond the scope of the claims and defenses raised in this action. The information sought in this Interrogatory concerning DD Foundation, LLC, a non-party and unrelated to this lawsuit, and, therefore, is not calculated to lead to admissible evidence. Answering further, Defendant, in his individual capacity, objects to information and/or knowledge concerning DD Foundation, LLC to respond to this Interrogatory.**

6. Describe your sale of real estate and/or other property located at 18209 MARSHALLS POINT DR, Leander TX 78645 to Cheyenne Morgan. To help you answer this question and clarify its scope, an answer containing the following details would be a complete answer. These are not subparts, but necessary elements of a complete answer to the foregoing interrogatory:

    a. Why the property was sold.

    b. How much it was sold for.

    c. Why you continued using the property address in connection with your businesses after the sale.

**ANSWER: Defendant objects to the extent that Interrogatory No. 6(a)–(c) goes beyond the scope of the claims asserted in the First Amended Complaint concerning Plaintiff's copyright claims for the subject**

4

321298509v.2

works that were allegedly owned by Plaintiff and displayed on public sources from 2023 to the present. The information sought in this Interrogatory is for a real estate or real property transaction concerning the property located at 18209 Marshalls Point Dr., Leander, TX 78645, from Defendant to Cheyenne Morgan, a nonparty. The information sought in this Interrogatory is unrelated to the claims and defenses asserted in this action. Defendant further objects to this Interrogatory to the extent that the information sought is overly broad, unduly burdensome, not limited in time or in scope, disproportional to the needs of the case, and/or oppressive because the burden on Defendant to search for, gather, and produce any such information far outweighs the relevance of such information.

**Answering further, and in light of said objections, Defendant is willing to meet and confer regarding a narrow request for this Interrogatory.**

7.    Describe the circumstances leading up to the September 10, 2024, certificate of amendment to DD Foundation LLC, specifically as it relates to the removal of Dennis K. Wilson and the addition of yourself. Specifically, why did this happen?

**ANSWER: Defendant objects to interrogatory No. 7 to the extent that the information sought goes beyond the scope of the claims and defenses raised in this action. Plaintiff asserted copyright infringement claims against Defendant, the subject works that were allegedly owned by Plaintiff and displayed on public sources from 2023 to the present, unfair competition under the Lanham Act, and name and likeness violation under Florida statute. DD Foundation, LLC is a non-party and, thus, the information sought in this Interrogatory is unrelated to the claims and defenses asserted in this action. Defendant further objects to this Interrogatory to the extent that the information sought is overly broad, unduly burdensome, not limited in time or in scope, disproportional to the needs of the case, and/or oppressive because the burden on Defendant to search for, gather, and produce any such information far outweighs the relevance of such information.**

**Answering further, and in light of said objections, Defendant is willing to meet and confer regarding a narrow request for this Interrogatory.**

5

321298509v.2

## **VERIFICATION**

Under penalty of perjury, I swear the foregoing responses are true and correct to the best of my knowledge.

                                                  */s/Cody Wilson*
                                                  By: Cody Wilson

                                                */s/Leia V. Leitner*
                                                 Attorney for Cody Wilson

Dated: October 28, 2025                  Respectfully Submitted,

                                       **WILSON ELSER MOSKOWITZ**
                                       **EDELMAN& DICKER LLP**

                   By:    *s/Leia V. Leitner*
                            Leia V. Leitner
                            Florida Bar No: 105621
                            111 North Orange Avenue
                            Suite 1200
                            Orlando, FL 32801
                            Telephone: 407-423-7287
                            Facsimile: 407-648-1376
                            Leia.Leitner@wilsonelser.com
                            Cheryl.Kujawski@wilsonelser.com

                            Jura C. Zibas
                            Florida Bar No: 124571
                            Amaris C. Gyebi, Esq.
                            Florida Bar No: 1019361
                            2063 Main Street - Suite 100
                            Sarasota, FL 34237
                            Telephone:    941-866-8561
                            Facsimile:     941-210-5979
                            Jura.Zibas@wilsonelser.com
                            Amaris.Gyebi@wilsonelser.com
                            Cheryl.Kujawski@wilsonelser.com

                            *Co-Counsel for Defendants*
                            *Cody Rutledge Wilson, Defense*
                            *Distributed and DEFCAD, Inc.*

321298509v.2

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 28th day of October, 2025, a true and correct copy of the foregoing document has been served by email to the following: Zachary Z. Zermay, Esq., Florida Bar No: 1002905; Zermay Law, P.A., *Counsel for Plaintiff*, 1200 Fourth Street, #1102, Key West, Florida 33040; Telephone: 305-767-3529; Zach@Zermaylaw.com and info@Zermaylaw.com; Charles (Chad) Flores, Esq., Flores Law PLLC, *Counsel for Defendants, Cody Rutledge Wilson, DEFCAD, Inc., Defense Distributed and Dioskouroi LLC,* 917 Franklin Street, Suite 600, Houston, Texas 77002, Telephone: 713-364-6440, CF@ChadFlores.law; chad-flores-7646@ecf.pacerpro.com and service@chadflores.law.

      *s/Leia V. Leitner*
      Leia V. Leitner

321298509v.2