UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW LAROSIERE

    Plaintiff,

vs.                                    Case No: 6:24-CV-01629

CODY RUTLEDGE WILSON, DEFCAD, INC.,
DEFENSE DISTRIBUTED and
DIOSKOUROI LLC,

    Defendants.
_____/

**DEFENDANT, DEFENSE DISTRIBUTED'S, RESPONSE
TO PLAINTIFF'S REQUEST FOR PRODUCTION**

Defendant, DEFENSE DISTRIBUTED ('Defendant" or 'Defense Distributed"), pursuant to Rule 26 and 34 of the Federal Rules of Civil Procedure, hereby responds to Plaintiff, Matthew Larosiere's Request for Production, and states as follows:

**RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION**

REQUEST NO. 1:   Produce all real estate history, including sales, ownership, and lease records for Defense Distributed, including 2320 Donley Drive Suite C Austin, TX 78758 and 18209 MARSHALLS POINT DR, Leander TX 78645 as well Das any address used as a registered address or principal address since 2018.

**RESPONSE: Defendant objects to Request No. 1 as overly broad and disproportionate to the needs of the case in contravention of Fed. R. Civ. P. 26(b)(1) in that it seeks "[a]ll real estate history…for Defense Distributed" and requests confidential business records and information outside of the claims and defenses in this action and defenses being litigated, regardless of the relevant time period. Plaintiff alleged copyright infringement, unfair competition claims under the Lanham Act, and a name and likeness violation under Florida Statute for 3D-printed guns displayed without authorization from 2023 to the present. The information sought seeks Defense**

1

**Distributed's real estate history from 2018, to the present, which is beyond the scope of Plaintiff's claims. Defendant also objects to this Request to the extent it seeks information or documents from Defendant that are not within Defendant's possession, custody, or control.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and in light of the foregoing objections, Defendant is willing to meet and confer for a narrower request.**

REQUEST NO. 2:   Produce a complete accounting for every unit of currency or cryptocurrency since Jan 1 2021 that was deposited into bitcoin accounts that Defense Distributed controlled.

**RESPONSE: Defendant objects to the extent that the terms "accounting" and "bitcoin accounts" are undefined, rendering this Request vague, ambiguous, and unintelligible.  Defendant also objects to the extent that Request No. 2 is not proportional to the needs of the underlying dispute, regardless of the time period. Plaintiff alleged copyright infringement, unfair competition claims under the Lanham Act, and a name and likeness violation under Florida Statute for 3D-printed guns displayed without authorization from 2023 to the present.  This Request seeks Defense Distributed's cryptocurrency information from January 1, 2021, to the present, which is outside the scope of Plaintiff's claims.  Defendant also objects to this Request to the extent it seeks information or documents from Defendant that are not within Defendant's possession, custody, or control.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and in light of the foregoing objections, Defendant is willing to meet and confer for a narrower request.**

REQUEST NO. 3:   Produce documents sufficient to create a complete picture of the assets held by Defense Distributed., including bank account statements, cryptocurrency account balances, real estate holdings or interests, and inventory records. If the term "assets" is too confusing, you can use "objects and items worth more than 500 dollars".

**RESPONSE: Defendant objects to the extent that the terms "complete picture" and "assets" are undefined, rendering this Request vague, ambiguous, and unintelligible. Defendant also objects to the extent**

2

323157667v.1

**that Request No. 3 is not proportional to the needs of the underlying dispute and is not limited in time and scope. Plaintiff alleged copyright infringement, unfair competition claims under the Lanham Act, and a name and likeness violation under Florida Statute for 3D-printed guns displayed without authorization from 2023 to the present. The information sought seeks Defense Distributed's assets without any limitation in time and scope, which is beyond the scope of Plaintiff's claims. Defendant also objects to this Request to the extent it seeks information or documents from Defendant that are not within Defendant's possession, custody, or control.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and in light of the foregoing objections, Defendant is willing to meet and confer for a narrower request.**

REQUEST NO. 4:   Produce all federal and state income tax returns filed by Defense Distributed for the years 2019 through the present, including all schedules, attachments, and amendments.

**RESPONSE: Defendant objects to the extent that Request No. 4 is not proportional to the needs of the underlying dispute, regardless of the time period. Plaintiff alleged copyright infringement, unfair competition claims under the Lanham Act, and a name and likeness violation under Florida Statute for 3D-printed guns displayed without authorization from 2023 to the present. This Request seeks Defense Distributed's tax returns from 2019 to the present, which is outside the scope of Plaintiff's claims. Defendant also objects to this Request to the extent it seeks information or documents from Defendant that are not within Defendant's possession, custody, or control.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and in light of the foregoing objections, Defendant is willing to meet and confer for a narrower request.**

REQUEST NO. 5:   Produce all annual, quarterly, and monthly financial statements of Defense Distributed for the period January 1, 2019 through the present, including but not limited to balance sheets, income statements, profit and loss statements, and cash flow statements.

**RESPONSE:  Defendant objects to Request No. 5 to the extent it requests information that is not relevant to any claims or defense asserted in this action and is not reasonably limited in time and scope.**

3

323157667v.1

**The Plaintiff's Copyrighted Works at issue were registered between 2023 and 2024. The Plaintiff has alleged in the operative Complaint that Defendant displayed the copyrighted Works between 2023 and 2024, and, thus, the requested documents and information should be limited to 2023 to the present.  Defendant further objects to this Request to the extent it seeks information or documents from Defendant that are not within Defendant's possession, custody, or control. Defendant further objects to the extent this Request seeks information protected by attorney/client privilege, work product doctrine, or any other applicable privilege.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and in light of the foregoing objections, Defendant is willing to meet and confer for a narrower request.**

REQUEST NO. 6:  Produce all general ledgers, trial balances, and chart of accounts maintained by Defense Distributed since Jan 1 2019.

**RESPONSE: Defendant objects to the extent that the terms "general ledgers," "trial balances," and "chart of accounts"  are undefined, rendering Request No. 6 vague, ambiguous, and unintelligible. Defendant also objects to the extent that Request No. 6 is not proportional to the needs of the underlying dispute, regardless of the time period. Plaintiff alleged copyright infringement, unfair competition claims under the Lanham Act, and a name and likeness violation under Florida Statute for 3D-printed guns displayed without authorization from 2023 to the present.  This Request seeks Defense Distributed's "general ledgers," "trial balances," and "chart of accounts" from 2019 to the present, which is outside the scope of Plaintiff's claims. Defendant also objects to this Request to the extent it seeks information or documents from Defendant that are not within Defendant's possession, custody, or control.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and in light of the foregoing objections, Defendant's understanding that the terms "general ledgers," "trial balances," and "chart of accounts" refer to DEFCAD's financial documents, Defendant is willing to meet and confer for a narrower request.**

REQUEST NO. 7:  Produce all bank account statements, deposit slips, wire transfer records, and canceled checks for any account held in Defense Distributed's name or for its benefit since Jan 1 2019.

4

323157667v.1

**RESPONSE**: Defendant objects to the extent that Request No. 7 is not proportional to the needs of the underlying dispute, regardless of the time period. Plaintiff alleged copyright infringement, unfair competition claims under the Lanham Act, and a name and likeness violation under Florida Statute for 3D-printed guns displayed without authorization from 2023 to the present. This Request seeks Defense Distributed's bank account statements from 2019 to the present, which is outside the scope of Plaintiff's claims. Defendant also objects to this Request to the extent it seeks information or documents from Defendant that are not within Defendant's possession, custody, or control.

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and in light of the foregoing objections, Defendant is willing to meet and confer for a narrower request.**

REQUEST NO. 8: Produce all documents sufficient to show Defense Distributed's accounts receivable and accounts payable since Jan 1 2019, including aging reports.

**RESPONSE**: Defendant objects to the extent that Request No. 8 is not proportional to the needs of the underlying dispute, regardless of the time period. Plaintiff alleged copyright infringement, unfair competition claims under the Lanham Act, and a name and likeness violation under Florida Statute for 3D-printed guns displayed without authorization from 2023 to the present. This Request seeks Defense Distributed's accounts receivable and accounts payable, from 2019 to the present, which is outside the scope of Plaintiff's claims. Defendant also objects to this Request to the extent it seeks information or documents from Defendant that are not within Defendant's possession, custody, or control.

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and in light of the foregoing objections, Defendant is willing to meet and confer for a narrower request.**

REQUEST NO. 9: Produce all loan agreements, lines of credit, promissory notes, security agreements, mortgages, and related correspondence entered into by Defense Distributed since Jan 1 2019.

**RESPONSE**: Defendant objects to the extent that Request No. 9 is not proportional to the needs of the underlying dispute, regardless of the time period. Plaintiff alleged copyright infringement, unfair

5

323157667v.1

**competition claims under the Lanham Act, and a name and likeness violation under Florida Statute for 3D-printed guns displayed without authorization from 2023 to the present. This Request seeks loan agreements, lines of credit, promissory notes, security agreements, and mortgages from 2019 to the present, which is outside the scope of Plaintiff's claims. Defendant also objects to this Request to the extent it seeks information or documents from Defendant that are not within Defendant's possession, custody, or control.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and in light of the foregoing objections, Defendant is willing to meet and confer for a narrower request.**

REQUEST NO. 10: Produce all documents reflecting capital contributions, shareholder distributions, dividends, or other disbursements of Company funds to owners, officers, or related parties.

**RESPONSE: Defendant objects to the extent that Request No. 12 is not proportional to the needs of the underlying dispute, regardless of the time period. Plaintiff alleged copyright infringement, unfair competition claims under the Lanham Act, and a name and likeness violation under Florida Statute for 3D-printed guns displayed without authorization from 2023 to the present. This Request seeks capital contributions, shareholder distributions, dividends, or other disbursements without any limitation in time or scope, which is outside the scope of Plaintiff's claims. Defendant also objects to this Request to the extent it seeks information or documents from Defendant that are not within Defendant's possession, custody, or control.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and in light of the foregoing objections, Defendant is willing to meet and confer for a narrower request.**

REQUEST NO. 11: Produce all payroll registers, compensation reports, or other documents sufficient to show all wages, salaries, bonuses, and benefits paid to officers, directors, and key employees since Jan 1 2019.

**RESPONSE: Defendant objects to the extent that Request No. 11 is not proportional to the needs of the underlying dispute, regardless of the time period. Plaintiff alleged copyright infringement, unfair competition claims under the Lanham Act, and a name and likeness violation under Florida Statute for 3D-printed guns displayed without**

6

authorization from 2023 to the present. This Request seeks capital contributions, shareholder distributions, dividends, or payroll registers and compensation reports since 2019, which is outside the scope of Plaintiff's claims. Defendant also objects to this Request to the extent it seeks information or documents from Defendant that are not within Defendant's possession, custody, or control.

REQUEST NO. 12: Produce all auditor reports, accountant's reports, or management letters prepared in connection with any review, audit, or examination of Defense Distributed's financial records since Jan 1 2019.

**RESPONSE: Defendant objects to the extent that Request No. 12 is not proportional to the needs of the underlying dispute, regardless of the time period. Plaintiff alleged copyright infringement, unfair competition claims under the Lanham Act, and a name and likeness violation under Florida Statute for 3D-printed guns displayed without authorization from 2023 to the present. This Request seeks auditor reports, accountant's reports, or management letters since Jan 1, 2019, which is outside the scope of Plaintiff's claims. Defendant also objects to this Request to the extent it seeks information or documents from Defendant that are not within Defendant's possession, custody, or control.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and in light of the foregoing objections, Defendant has none in its possession, custody, or control that match the description of Request No. 12.**

REQUEST NO. 13: Produce all budgets, forecasts, or financial projections prepared by or for Defense Distributed since Jan 1 2019.

**RESPONSE: Defendant objects to the extent that Request No. 13 is not proportional to the needs of the underlying dispute, regardless of the time period. Plaintiff alleged copyright infringement, unfair competition claims under the Lanham Act, and a name and likeness violation under Florida Statute for 3D-printed guns displayed without authorization from 2023 to the present. This Request seeks l budgets, forecasts, or financial projections prepared since Jan 1, 2019, which is outside the scope of Plaintiff's claims. Defendant also objects to this Request to the extent it seeks information or documents from Defendant that are not within Defendant's possession, custody, or control.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and in light of the foregoing objections, Defendant will produce non-privileged documents**

7

**responsive to this Request in its possession, custody, and control, upon a reasonable search, subject to the parties' Protective Order, from 2023 to the present, on a rolling basis, to be completed on or before December 1, 2025.**

REQUEST NO. 14: Produce all documents reflecting any transfers of funds or assets between Defense Distributed and any related entity, affiliate, or insider since Jan 1 2019.

**RESPONSE:  Defendant objects to the extent that Request No. 14 is not proportional to the needs of the underlying dispute, regardless of the time period, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff alleged copyright infringement, unfair competition claims under the Lanham Act, and a name and likeness violation under Florida Statute for 3D-printed guns displayed without authorization from 2023 to the present.  This Request seeks transfers of funds or assets between Defense Distributed and any third party since January 1, 2019, which is outside the scope of Plaintiff's claims. Defendant also objects to this Request to the extent it seeks information or documents from Defendant that are not within Defendant's possession, custody, or control.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and in light of the foregoing objections, Defendant will produce non-privileged documents responsive to this Request in its possession, custody, and control upon a reasonable search, subject to the parties' Protective Order, from 2023 to the present, on a rolling basis, to be completed on or before December 1, 2025.**

REQUEST NO. 15: Produce all insurance policies maintained by Defense Distributed that provide coverage for liability, property, or business interruption since Jan 1 2019.

**RESPONSE: Defendant objects to the extent that the term "insurance policies" is undefined, rendering this Request vague, ambiguous, and unintelligible. Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and in light of the foregoing objection, Defendant will produce relevant, responsive, and non-privileged representative documents within its possession, custody, and control, subject to the parties' Protective Order, from 2023 to the present, on a rolling basis, to be completed on or before December 1, 2025.**

8

REQUEST NO. 16: Produce all communications with lenders, investors, or creditors concerning Defense Distributed's financial condition, solvency, or ability to pay debts since Jan 1 2019.

> **RESPONSE: Defendant objects to Request No. 16 as the term "financial condition" is undefined, rendering this Request vague, ambiguous, and unintelligible. Defendant also objects to the extent this Request is unduly burdensome, compound, and not proportional to the needs of the underlying dispute, regardless of the time period. Defendant also objects to this Request to the extent it seeks information or documents from Defendant that are not within Defendant's possession, custody, or control. Defendant further objects to the extent this Request seeks information outside of the claims and defenses in this action. Plaintiff asserted copyright infringement, Lanham Act unfair competition claims, and a name and likeness violation under Florida Statute for 3D print guns allegedly owned and displayed from 2023 to the present. The information sought seeks Defense Distributed's communications from third-party financial institutions from January 1, 2019, to the present, which is unrelated to Plaintiff's claims.**
>
> **Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and in light of the foregoing objections, Defendant will produce relevant, responsive, and non-privileged representative documents within its possession, custody, and control upon a reasonable search, and subject to the parties' Protective Order, from 2023 to the present, on a rolling basis, to be completed on or before December 1, 2025.**

REQUEST NO. 17: Produce all QuickBooks, Xero, or other accounting software files maintained by Defense Distributed since Jan 1 2019, in native electronic format.

> **RESPONSE: Defendant objects to Request No. 17 as vague, unduly burdensome, compound, and not proportional to the needs of the underlying dispute, regardless of the time period. Defendant further objects to this Request to the extent it seeks information or documents from Defendant that are not within Defendant's possession, custody, or control. Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and in light of the foregoing objections, Defendant will produce relevant, responsive, and non-privileged representative documents within its possession, custody, and control and subject to the parties' Protective Order, from 2023 to the present.**
>
> **Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and in light of the foregoing objections, Defendant will produce relevant, responsive, and non-**

9

**privileged representative documents within its possession, custody, and control upon a reasonable search, and subject to the parties' Protective Order and subject to the parties Protective Order, from 2023 to the present, on a rolling basis, to be completed on or before December 1, 2025.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 28th day of October, 2025, a true and correct copy of the foregoing document has been served by email to the following: Zachary Z. Zermay, Esq., Florida Bar No: 1002905; Zermay Law, P.A., *Counsel for Plaintiff*, 1200 Fourth Street, #1102, Key West, Florida 33040; Telephone: 305-767-3529; Zach@Zermaylaw.com and info@Zermaylaw.com; Charles (Chad) Flores, Esq., Flores Law PLLC, *Counsel for Defendants, Cody Rutledge Wilson, DEFCAD, Inc., Defense Distributed and Dioskouroi LLC,* 917 Franklin Street, Suite 600, Houston, Texas 77002, Telephone: 713-364-6440, CF@ChadFlores.law; chad-flores-7646@ecf.pacerpro.com and service@chadflores.law.

Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN& DICKER LLP**

By: *s/Leia V. Leitner*
Leia V. Leitner
Florida Bar No: 105621
111 North Orange Avenue
Suite 1200
Orlando, FL 32801
Telephone: 407-423-7287
Facsimile: 407-648-1376
Leia.Leitner@wilsonelser.com
Cheryl.Kujawski@wilsonelser.com

Jura C. Zibas
Florida Bar No: 124571
Amaris C. Gyebi, Esq.
Florida Bar No: 1019361

2063 Main Street - Suite 100
Sarasota, FL 34237
Telephone: 941-866-8561
Facsimile:  941-210-5979
Jura.Zibas@wilsonelser.com
Amaris.Gyebi@wilsonelser.com
Cheryl.Kujawski@wilsonelser.com

*Co-Counsel for Defendants
Cody Rutledge Wilson, Defense Distributed,  and
DEFCAD, Inc.*

323157667v.1