UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW LAROSIERE

    Plaintiff,

vs.                                                                      Case No: 6:24-CV-01629

CODY RUTLEDGE WILSON, DEFCAD, INC.,
DEFENSE DISTRIBUTED and
DIOSKOUROI LLC,

    Defendants.
_____/

**DEFENDANT, DEFCAD, INC.'S, RESPONSE
TO PLAINTIFFS' REQUEST FOR PRODUCTION**

Defendant, DEFCAD, INC. ("Defendant" or "DEFCAD"), pursuant to Rule 26 and 34 of the Federal Rules of Civil Procedure, by and through its undersigned counsel, hereby serves its responses and objections to Plaintiff, MATTHEW LAROSIERE's, First Request for Production, and state as follows:

REQUEST NO. 1:  Produce all real estate history, including sales, ownership, and lease records for Defcad, including 2320 Donley Drive Suite C Austin, TX 78758, and 4610 CRESTWAY DR, AUSTIN TX 78731 as well as any address used as a registered address or principal address since January 1, 2018.

> **RESPONSE: Defendant objects to Request No. 1 as overly broad and disproportionate to the needs of the case in contravention of Fed. R. Civ. P. 26(b)(1) in that it seeks "[a]ll real estate history…for DEFCAD" and requests confidential business records and information outside of the claims and defenses in this action and defenses being litigated, regardless of the relevant time period. Plaintiff alleged copyright infringement, unfair competition claims under the Lanham Act, and a name and likeness violation under Florida Statute for 3D-printed guns displayed without authorization from 2023 to the present. The information sought seeks DEFCAD'S real estate history from Jan 1,**

1

323154142v.1

**2018, to the present, which is beyond the scope of Plaintiff's claims. Defendant also objects to this Request to the extent it seeks information or documents from Defendant that are not within Defendant's possession, custody, or control.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and in light of the foregoing objections, Defendant is willing to meet and confer for a narrower request.**

REQUEST NO. 2:    Produce a complete accounting for every unit of currency or cryptocurrency since Jan 1 2021 that was deposited into bitcoin accounts that DEFCAD controls.

**RESPONSE: Defendant objects to the extent that the terms "accounting" and "bitcoin accounts" are undefined, rendering this Request vague, ambiguous, and unintelligible. Defendant also objects to the extent that Request No. 2 is not proportional to the needs of the underlying dispute, regardless of the time period. Plaintiff alleged copyright infringement, unfair competition claims under the Lanham Act, and a name and likeness violation under Florida Statute for 3D-printed guns displayed without authorization from 2023 to the present. This Request seeks DEFCAD'S financial information from January 1, 2021, to the present, which is outside the scope of Plaintiff's claims. Defendant also objects to this Request to the extent it seeks information or documents from Defendant that are not within Defendant's possession, custody, or control.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and in light of the foregoing objections, Defendant is willing to meet and confer for a narrower request.**

REQUEST NO. 3:    Produce documents sufficient to create a complete picture of the assets held by Defcad, Inc., including bank account statements, cryptocurrency account balances, real estate holdings or interests, and inventory records. If the term "assets" is too confusing, you can use "objects and items worth more than 500 dollars".

**RESPONSE: Defendant objects to the extent that the terms "complete picture" and "assets" is ill-defined, rendering this Request vague, ambiguous, and unintelligible. Defendant also objects to the extent that Request No. 3 is not proportional to the needs of the underlying dispute and is not limited in time and scope. Plaintiff alleged copyright infringement, unfair competition claims under the Lanham Act, and a**

2

323154142v.1

name and likeness violation under Florida Statute for 3D-printed guns displayed without authorization from 2023 to the present. The information sought seeks DEFCAD'S "assets" without any limitation in time and scope, which is beyond the scope of Plaintiff's claims. Defendant also objects to this Request to the extent it seeks information or documents from Defendant that are not within Defendant's possession, custody, or control.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and in light of the foregoing objections, Defendant is willing to meet and confer for a narrower request.

REQUEST NO. 4: Produce all records, reports, and documents from the past 12 months concerning payments for computer infrastructure related to Defcad.

**RESPONSE: Defendant objects to Request No. 4 to the extent the term "computer infrastructure" is undefined, rendering this Request vague, ambiguous, and unintelligible. Defendant objects to the extent this Request to the extent it is unduly burdensome, compound, and not limited in time and scope. Defendant further objects to this Request to the extent it seeks information or documents from Defendant that are not within Defendant's possession, custody, or control. Defendant further objects to the extent that Request No. 4 is not proportional to the needs of the underlying dispute, regardless of the time period. Plaintiff alleged copyright infringement, unfair competition claims under the Lanham Act, and a name and likeness violation under Florida Statute for 3D-printed guns displayed without authorization from 2023 to the present. The information sought seeks DEFCAD'S payment information for its "computer infrastructure" for the past 12 months, which is outside the scope of Plaintiff's claims. Defendant also objects to this Request to the extent it seeks information or documents from Defendant that are not within Defendant's possession, custody, or control. This Request is better directed to Defense Distributed.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and in light of the foregoing objections, Defendant is willing to meet and confer for a narrower request.**

REQUEST NO. 5: Produce all communications, documents, records, reports, and messages concerning computer systems owned, managed, or rented by Defcad from or with:

a. Hetzner Online GmbH

3

323154142v.1

      b.      OVH SAS

      c.      Oracle Corporation

      d.      Sindad Network Technology

**RESPONSE: Defendant objects to Request No. 5(a)–(d) as overly broad and disproportionate to the needs of the case in contravention of FRCP 26(b)(1) in that it seeks "[a]ll communications, documents, records, reports and message concerning computer systems…for DEFCAD" from various entities and individuals, and requests confidential business records outside of the claims raised in this action and defenses being litigated, without limitation to time and scope. Plaintiff alleged copyright infringement, unfair competition claims under the Lanham Act, and a name and likeness violation under Florida Statute for 3D-printed guns displayed without authorization from 2023 to the present. The information sought seeks DEFCAD's financial information without limitation to time and scope, which is beyond the scope of Plaintiff's claims. Defendant also objects to this Request to the extent it seeks information or documents from Defendant that are not within Defendant's possession, custody, or control.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and in light of the foregoing objections, Defendant has no documents responsive to Request No. 5(a)–(d), in its possession, custody, or control.**

REQUEST NO. 6:   Produce any logs, reports, data, records, communications, and messages concerning any software or programs used to access, scrape, analyze, compare, or prepare materials concerning chat.deterrencedispensed.com.

**RESPONSE: Defendant objects to Request No. 6 as overly broad, vague, and outside of the claims raised in this action and defenses being litigated, without limitation to time and scope. Plaintiff alleged copyright infringement, unfair competition claims under the Lanham Act, and a name and likeness violation under Florida Statute for 3D-printed guns displayed without authorization from 2023 to the present. Defendant objects to the extent Request No. 6 seeks documents and information for chat.deterrencedispensed.com that are outside the scope of the claims and without limitation to time and scope. Defendant also objects to this Request to the extent it seeks information or documents from Defendant that are not within Defendant's possession, custody, or control. This Request is better directed to Defense Distributed.**

4

323154142v.1

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and in light of the foregoing objections, Defendant has no documents responsive to this Request in its possession, custody, or control.**

REQUEST NO. 7: Produce all federal and state income tax returns filed by Defcad for the years 2019 through the present, including all schedules, attachments, and amendments.

**RESPONSE: Defendant objects to the extent that Request No. 7 is not proportional to the needs of the underlying dispute, regardless of the time period. Plaintiff alleged copyright infringement, unfair competition claims under the Lanham Act, and a name and likeness violation under Florida Statute for 3D-printed guns displayed without authorization from 2023 to the present. This Request seeks DEFCAD's tax returns from 2019 to the present, which is outside the scope of Plaintiff's claims. Defendant also objects to this Request to the extent it seeks information or documents from Defendant that are not within Defendant's possession, custody, or control.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and in light of the foregoing objections, Defendant is willing to meet and confer for a narrower request.**

REQUEST NO. 8: Produce all annual, quarterly, and monthly financial statements of Defcad for the period January 1, 2019 through the present, including but not limited to balance sheets, income statements, profit and loss statements, and cash flow statements.

**RESPONSE: Defendant objects to the extent that Request No. 8 is not proportional to the needs of the underlying dispute, regardless of the time period. Plaintiff alleged copyright infringement, unfair competition claims under the Lanham Act, and a name and likeness violation under Florida Statute for 3D-printed guns displayed without authorization from 2023 to the present. This Request seeks DEFCAD's financial statements from 2019 to the present, which is outside the scope of Plaintiff's claims. Defendant also objects to this Request to the extent it seeks information or documents from Defendant that are not within Defendant's possession, custody, or control.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and in light of the foregoing objections, Defendant is willing to meet and confer for a narrower request.**

323154142v.1

REQUEST NO. 9:  Produce all general ledgers, trial balances, and chart of accounts maintained by Defcad since Jan 1 2019.

**RESPONSE: Defendant objects to the extent that the terms "general ledgers," "trial balances," and "chart of accounts" are undefined, rendering Request No. 9 vague, ambiguous, and unintelligible. Defendant also objects to the extent that Request No. 9 is not proportional to the needs of the underlying dispute, regardless of the time period. Plaintiff alleged copyright infringement, unfair competition claims under the Lanham Act, and a name and likeness violation under Florida Statute for 3D-printed guns displayed without authorization from 2023 to the present.  This Request seeks DEFCAD's "general ledgers," "trial balances," and "chart of accounts" from 2019 to the present, which is outside the scope of Plaintiff's claims. Defendant also objects to this Request to the extent it seeks information or documents from Defendant that are not within Defendant's possession, custody, or control.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and in light of the foregoing objections, Defendant's understanding that the terms "general ledgers," "trial balances," and "chart of accounts" refer to DEFCAD's financial documents, Defendant is willing to meet and confer for a narrower request.**

REQUEST NO. 10: Produce all bank account statements, deposit slips, wire transfer records, and canceled checks for any account held in Defcad's name or for its benefit since Jan 1 2019.

**RESPONSE: Defendant objects to the extent that Request No. 10 is not proportional to the needs of the underlying dispute, regardless of the time period. Plaintiff alleged copyright infringement, unfair competition claims under the Lanham Act, and a name and likeness violation under Florida Statute for 3D-printed guns displayed without authorization from 2023 to the present. This Request seeks DEFCAD's bank account statements from January 1, 2019, to the present, which is outside the scope of Plaintiff's claims. Defendant also objects to this Request to the extent it seeks information or documents from Defendant that are not within Defendant's possession, custody, or control.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and in light of the foregoing objections, Defendant is willing to meet and confer for a narrower request.**

323154142v.1

REQUEST NO. 11: Produce all documents sufficient to show Defcad's accounts receivable and accounts payable since Jan 1 2019, including aging reports.

**RESPONSE: Defendant objects to the extent that Request No. 11 is not proportional to the needs of the underlying dispute, regardless of the time period. Plaintiff alleged copyright infringement, unfair competition claims under the Lanham Act, and a name and likeness violation under Florida Statute for 3D-printed guns displayed without authorization from 2023 to the present. This Request seeks DEFCAD's accounts receivable and accounts payable, from 2019 to the present, which is outside the scope of Plaintiff's claims. Defendant also objects to this Request to the extent it seeks information or documents from Defendant that are not within Defendant's possession, custody, or control.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and in light of the foregoing objections, Defendant is willing to meet and confer for a narrower request.**

REQUEST NO. 12: Produce all loan agreements, lines of credit, promissory notes, security agreements, mortgages, and related correspondence entered into by Defcad since Jan 1 2019.

**RESPONSE: Defendant objects to the extent that Request No. 12 is not proportional to the needs of the underlying dispute, regardless of the time period. Plaintiff alleged copyright infringement, unfair competition claims under the Lanham Act, and a name and likeness violation under Florida Statute for 3D-printed guns displayed without authorization from 2023 to the present. This Request seeks loan agreements, lines of credit, promissory notes, security agreements, and mortgages from 2019 to the present, which is outside the scope of Plaintiff's claims. Defendant also objects to this Request to the extent it seeks information or documents from Defendant that are not within Defendant's possession, custody, or control.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and in light of the foregoing objections, Defendant is willing to meet and confer for a narrower request.**

REQUEST NO. 13: Produce all documents reflecting capital contributions, shareholder distributions, dividends, or other disbursements of Company funds to owners, officers, or related parties.

323154142v.1

**RESPONSE: Defendant objects to the extent that Request No. 13 is not proportional to the needs of the underlying dispute, regardless of the time period. Plaintiff alleged copyright infringement, unfair competition claims under the Lanham Act, and a name and likeness violation under Florida Statute for 3D-printed guns displayed without authorization from 2023 to the present. This Request seeks capital contributions, shareholder distributions, dividends, or other disbursements without any limitation in time or scope, which is outside the scope of Plaintiff's claims. Defendant also objects to this Request to the extent it seeks information or documents from Defendant that are not within Defendant's possession, custody, or control.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and in light of the foregoing objections, Defendant is willing to meet and confer for a narrower request.**

REQUEST NO. 14: Produce all payroll registers, compensation reports, or other documents sufficient to show all wages, salaries, bonuses, and benefits paid to officers, directors, and key employees since Jan 1 2019.

**RESPONSE: Defendant objects to the extent that Request No. 14 is not proportional to the needs of the underlying dispute, regardless of the time period. Plaintiff alleged copyright infringement, unfair competition claims under the Lanham Act, and a name and likeness violation under Florida Statute for 3D-printed guns displayed without authorization from 2023 to the present. This Request seeks capital contributions, shareholder distributions, dividends, or payroll registers and compensation reports since 2019, which is outside the scope of Plaintiff's claims. Defendant also objects to this Request to the extent it seeks information or documents from Defendant that are not within Defendant's possession, custody, or control.**

REQUEST NO. 15: Produce all auditor reports, accountant's reports, or management letters prepared in connection with any review, audit, or examination of Defcad's financial records since Jan 1 2019.

**RESPONSE: Defendant objects to the extent that Request No. 15 is not proportional to the needs of the underlying dispute, regardless of the time period. Plaintiff alleged copyright infringement, unfair competition claims under the Lanham Act, and a name and likeness violation under Florida Statute for 3D-printed guns displayed without authorization from 2023 to the present. This Request seeks auditor**

**reports, accountant's reports, or management letters since Jan 1, 2019, which is outside the scope of Plaintiff's claims. Defendant also objects to this Request to the extent it seeks information or documents from Defendant that are not within Defendant's possession, custody, or control.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and in light of the foregoing objections, Defendant has none in its possession, custody, or control.**

REQUEST NO. 16: Produce all budgets, forecasts, or financial projections prepared by or for Defcad since Jan 1 2019.

**RESPONSE: Defendant objects to the extent that Request No. 16 is not proportional to the needs of the underlying dispute, regardless of the time period. Plaintiff alleged copyright infringement, unfair competition claims under the Lanham Act, and a name and likeness violation under Florida Statute for 3D-printed guns displayed without authorization from 2023 to the present. This Request seeks budgets, forecasts, or financial projections prepared since Jan 1, 2019, which are outside the scope of Plaintiff's claims. Defendant also objects to this Request to the extent it seeks information or documents from Defendant that are not within Defendant's possession, custody, or control.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and in light of the foregoing objections, Defendant is willing to meet and confer for a narrower request.**

REQUEST NO. 17: Produce all documents reflecting any transfers of funds or assets between Defcad and any related entity, affiliate, or insider since Jan 1 2019.

**RESPONSE: Defendant objects to the extent that Request No. 17 is not proportional to the needs of the underlying dispute, regardless of the time period, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff alleged copyright infringement, unfair competition claims under the Lanham Act, and a name and likeness violation under Florida Statute for 3D-printed guns displayed without authorization from 2023 to the present. This Request seeks transfers of funds or assets between DEFCAD and any third party since January 1, 2019, which is outside the scope of Plaintiff's claims. Defendant also objects to this Request to the extent it seeks information or documents from Defendant that are not within Defendant's possession, custody, or control.**

323154142v.1

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and in light of the foregoing objections, Defendant will produce non-privileged documents responsive to this Request in its possession, custody, and control upon a reasonable search, subject to the parties' Protective Order, from 2023 to the present, on a rolling basis, to be completed on or before December 1, 2025.**

REQUEST NO. 18: Produce all insurance policies maintained by Defcad that provide coverage for liability, property, or business interruption since Jan 1 2019.

**RESPONSE: Defendant objects to the extent that the term "insurance policies" is undefined, rendering this Request vague, ambiguous, and unintelligible. Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and in light of the foregoing objection, Defendant will produce relevant, responsive, and non-privileged representative documents within its possession, custody, and control upon a reasonable search, subject to the parties' Protective Order, from 2023 to the present, on a rolling basis, to be completed on or before December 1, 2025.**

REQUEST NO. 19: Produce all communications with lenders, investors, or creditors concerning Defcad's financial condition, solvency, or ability to pay debts since Jan 1 2019.

**RESPONSE: Defendant objects to Request No. 19 to the extent the term "financial condition" is undefined, rendering this Request as vague, ambiguous, and unintelligible. Defendant also objects to the extent this Request is unduly burdensome, compound, and not proportional to the needs of the underlying dispute, regardless of the time period. Defendant also objects to this Request to the extent it seeks information or documents from Defendant that are not within Defendant's possession, custody, or control. Defendant further objects to the extent this Request seeks information outside of the claims and defenses in this action. Plaintiff asserted copyright infringement, Lanham Act unfair competition claims, and a name and likeness violation under Florida Statute for 3D print guns allegedly owned and displayed from 2023 to the present. The information sought seeks DEFCAD's communications with third-party financial institutions from January 1, 2019, to the present, which is unrelated to Plaintiff's claims.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and in light of the foregoing objections, Defendant will produce relevant, responsive, and non-privileged representative documents within its possession, custody, and control upon a reasonable search, and subject to the parties'**

323154142v.1

**Protective Order, from 2023 to the present, on a rolling basis, to be completed on or before December 1, 2025.**

REQUEST NO. 20: Produce all QuickBooks, Xero, or other accounting software files maintained by Defcad since Jan 1, 2019, in native electronic format.

**RESPONSE: Defendant objects to Request No. 20 to the extent that "accounting software" is undefined, rendering this Request vague, ambiguous, and unintelligible. Defendant also objects to the extent this Request is unduly burdensome, compound, and not proportional to the needs of the underlying dispute, regardless of the time period. Defendant further objects to this Request to the extent it seeks information or documents from Defendant that are not within Defendant's possession, custody, or control. Plaintiff asserted copyright infringement, Lanham Act unfair competition claims, and a name and likeness violation under Florida Statute for 3D print guns allegedly owned and displayed from 2023 to the present. The information sought seeks DEFCAD's "accounting software" from January 1, 2019, to the present, which is unrelated to Plaintiff's claims.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and in light of the foregoing objections, Defendant will produce relevant, responsive, and non-privileged representative documents within its possession, custody, and control upon a reasonable search, and subject to the parties' Protective Order and subject to the parties Protective Order, from 2023 to the present, on a rolling basis, to be completed on or before December 1, 2025.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 28th day of October, 2025, a true and correct copy of the foregoing document has been served by email to the following: Zachary Z. Zermay, Esq., Florida Bar No: 1002905; Zermay Law, P.A., *Counsel for Plaintiff*, 1200 Fourth Street, #1102, Key West, Florida 33040; Telephone: 305-767-3529; Zach@Zermaylaw.com and info@Zermaylaw.com; Charles (Chad) Flores, Esq., Flores Law PLLC, *Counsel for Defendants, Cody Rutledge Wilson, DEFCAD, Inc., Defense Distributed and Dioskouroi LLC,* 917 Franklin Street, Suite 600, Houston, Texas 77002, Telephone: 713-364-6440, CF@ChadFlores.law; chad-flores-

323154142v.1

7646@ecf.pacerpro.com  and service@chadflores.law.

Dated: October 28, 2025

                Respectfully submitted,

                **WILSON ELSER MOSKOWITZ EDELMAN& DICKER LLP**

By:  *s/Leia V. Leitner*
      Leia V. Leitner
      Florida Bar No:  105621
      111 North Orange Avenue
      Suite 1200
      Orlando,  FL  32801
      Telephone: 407-423-7287
      Facsimile:  407-648-1376
      Leia.Leitner@wilsonelser.com
      Cheryl.Kujawski@wilsonelser.com

      Jura C. Zibas
      Florida Bar No:  124571
      Amaris C. Gyebi, Esq.
      Florida Bar No:  1019361
      2063 Main Street - Suite 100
      Sarasota, FL 34237
      Telephone: 941-866-8561
      Facsimile:  941-210-5979
      Jura.Zibas@wilsonelser.com
      Amaris.Gyebi@wilsonelser.com
      Cheryl.Kujawski@wilsonelser.com

*Co-Counsel for Defendants Cody Rutledge Wilson, Defense Distributed, and DEFCAD, Inc.*

323154142v.1