# COMPOSITE EXHIBIT A

**Leitner, Leia V.**

| | |
|---|---|
| **From:** | Leitner, Leia V. |
| **Sent:** | Saturday, October 25, 2025 12:47 PM |
| **To:** | 'Zachary Zermay' |
| **Cc:** | Gyebi, Amaris; Kujawski, Cheryl A.; chad-flores-7646@ecf.pacerpro.com; Chad Flores; service@chadflores.law; Zibas, Jura C.; Geraldine Phillips |
| **Subject:** | RE: Case 6:24-cv-01629-WWB-LHP Larosiere v. Wilson - Summary of the 10/7/2025 - Meet and Confer re: parties' deposition scheduling |

Dear Mr. Zermay:

Thank you for your email dated October 25, 2025, at 11:48 p.m., in response to my email dated October 7, 2025, regarding scheduling Mr. Wilson's deposition, in his individual capacity.

I am not sure whether this email was sent in error. Based on prior discussions, the parties have already selected a mutually agreed-upon deposition date of November 14, 2025, at 10:00 a.m., to take place at our Sarasota office. In this regard, Plaintiff served an amended deposition to this effect. So, any indication of resistance to setting Mr. Wilson's deposition by defense counsel is completely unfounded.

Sincerely,

Leia V. Leitner
Attorney At Law
Wilson Elser Moskowitz Edelman & Dicker LLP
111 North Orange Avenue Suite 1200
Orlando, FL 32801
407.423.7287 (Direct)
407.973.2111 (Cell)
407.203.7599 (Main)
407.648.1376 (Fax)
leia.leitner@wilsonelser.com

 

**From:** Zachary Zermay <zach@zermaylaw.com>
**Sent:** Saturday, October 25, 2025 11:48 AM
**To:** Leitner, Leia V. <Leia.Leitner@wilsonelser.com>
**Cc:** Gyebi, Amaris <Amaris.Gyebi@wilsonelser.com>; Kujawski, Cheryl A. <Cheryl.Kujawski@wilsonelser.com>; chad-flores-7646@ecf.pacerpro.com; Chad Flores <cf@chadflores.law>; service@chadflores.law; Zibas, Jura C. <Jura.Zibas@wilsonelser.com>; Geraldine Phillips <info@zermaylaw.com>
**Subject:** Re: Case 6:24-cv-01629-WWB-LHP Larosiere v. Wilson - Summary of the 10/7/2025 - Meet and Confer re: parties' deposition scheduling

**EXTERNAL EMAIL** This email originated from outside the organization.

Dear Ms. Leitner,

Thank you for your email and it was a pleasure speaking with you as well.

That is not how I recall the conference. I always try to keep things simple and not try to backfill.

We have been seeking Mr. Wilson's availability in a 30-day window for his personal deposition since September 19, 2025. For most of the time between September 19, 2025, and today, your office suggested we conduct a single deposition in multiple capacities in January, and in very recent communications, you asked for dates in November.

We continue to only seek his deposition in his personal capacity at this time.

You indicated by email that defense counsel was unavailable October 20-28, because of other cases, as well as a partner retreat, and a conference you would like to attend.

On our call, I asked for availability on certain days outside that window. You indicated you would have to consult with your team. Understanding this, I will be noticing the deposition for October 29 because it was the first date after your indicated unavailability. The notice will indicate that we will be flexible for any actual conflicts you may have 7 days before and 7 days after October 29.

I feel that your refusal to provide any availability within a 30 day window, and citing a conference and partner retreat for unavailability rendered pre-arrangement "not possible." M.D. Fla. Disc. H.B. § II(A).

I understand you resist this, but I feel providing a 14-day window in a timeframe more than a month after we initially asked for dates is certainly "indicating a willingness to be reasonable about any necessary rescheduling." Id.

You asked about taking Mr. Larosiere's deposition sooner than the January dates you originally suggested. We offer no resistance to this and will welcome your deposition request "in any sequence" because we understand your right to seek discovery, and "discovery by one party does not require any other party to delay its discovery." Fed. R. Civ. P. 26(d).

Sincerely,
Zachary Z. Zermay, Esq.

**Zermay Law**
P (305) 767-3529 | W zermaylaw.com | E zach@zermaylaw.com |
A 3000 Coral Way, Suite 1115, Coral Gables, FL 33145



On Tue, Oct 7, 2025 at 1:53 PM Leitner, Leia V. <Leia.Leitner@wilsonelser.com> wrote:

> Dear Mr. Zermay:
>
> It was nice speaking to you.
>
> As discussed, we met and conferred on the issue of scheduling the parties' deposition. During the call, Plaintiff indicated his request to take Mr. Wilson's deposition in October 2025. However, we discussed that our side is unavailable from October 20, 2025, to October 31, 2025, for Mr. Wilson's deposition. Instead, we offered dates for Mr. Wilson's deposition from November 3, 2025, to November 14, 2025. Despite our office being unavailable and offering alternate dates in November 2025, you indicated that the Plaintiff intends to serve a deposition

notice unilaterally, scheduling the deposition for October 29, 2025, due to Mr. Larosiere's requests to take Mr. Wilson's deposition in October 2025.

As you are aware, the Middle District of Florida's Discovery Handbook, Section II, subsection A, concerning the general policy and practice on scheduling depositions, states that, "[a]n attorney is expected to accommodate the schedules of opposing counsel. In doing so, the attorney should normally pre-arrange a deposition with opposing counsel before serving the notice. If this is not possible, counsel may unilaterally notice the deposition **while at the same time indicating a willingness to be reasonable about any necessary rescheduling**." Thus, after serving your unilaterally noticed deposition for October 29, 2025, which we have already conveyed that we are unavailable for the deposition. We kindly ask that you reschedule and coordinate the deposition date(s) in the first two weeks of November 2025 (as discussed during our call today) for a mutually agreed time and date that Mr. Wilson and his counsel are available.

We also requested that Mr. Wilson, individually, and the Defendant Entities' depositions be taken around the same time for efficiency purposes; however, Plaintiff's position is that it would like to take Mr. Wilson's deposition, individually, and bring him back in a few months, for the Corporate Representative Deposition(s) for Defendant Entities. To this end, we request that you provide the topics in advance for the Corporate Representative(s) to review for each entity so we ensure that the topics relate to each entity, and the topics do not overlap.

Finally, we also discussed the manner and location of the deposition, which we both agreed could be done remotely.

If the above is not to your understanding, please let us know as soon as possible. Thank you.

Sincerely,

Leia V. Leitner
Attorney At Law
Wilson Elser Moskowitz Edelman & Dicker LLP
[111 North Orange Avenue Suite 1200](#)
[Orlando, FL 32801](#)
407.423.7287 (Direct)
407.973.2111 (Cell)
407.203.7599 (Main)
407.648.1376 (Fax)
[leia.leitner@wilsonelser.com](mailto:leia.leitner@wilsonelser.com)

---

**From:** Leitner, Leia V.
**Sent:** Monday, October 6, 2025 6:38 PM
**To:** 'Zachary Zermay' <[zach@zermaylaw.com](mailto:zach@zermaylaw.com)>

3

**Cc:** Gyebi, Amaris <Amaris.Gyebi@wilsonelser.com>; Kujawski, Cheryl A. <Cheryl.Kujawski@wilsonelser.com>; chad-flores-7646@ecf.pacerpro.com; Chad Flores <cf@chadflores.law>; service@chadflores.law; Zibas, Jura C. <Jura.Zibas@wilsonelser.com>; Geraldine Phillips <info@zermaylaw.com>
**Subject:** RE: Case 6:24-cv-01629-WWB-LHP Larosiere v. Wilson: Deposition of Cody Wilson

Dear Mr. Zermay:

Thank you for your email.  I have circulated a calendar invite with a Zoom link for tomorrow, October 7, 2025, at 1:00 p.m. to discuss the discovery issues below.

In your email of September 29, 2025, below, you mentioned moving to compel Mr. Wilson's deposition if Mr. Wilson's deposition is not taken within 30 days. We have provided dates that Mr. Wilson is available in January 2026 and have offered to produce him in his capacity as an individual and as the corporate representative for the Defendant entities, for practical and efficiency purposes; however, Plaintiff's insistence on taking Mr. Wilson's deposition in October 2025, and requested to be brought back potentially two other times at later time for Defcad, Inc. and Defense Distributed when the discovery deadline is in May 2026, is completely unreasonable.  Thus, given Plaintiff's stance, the parties are required to meet and confer on the discovery dispute, including Plaintiff's motion to compel Mr. Wilson's deposition, as specified in Local Rule 3.01(g).

Further, the rule for meet and confers on discovery disputes can be found in U.S. Magistrate Judge Hoffman Price's standing Order on Discovery Motions; please see attached.  Specifically, paragraph (1) of Judge Hoffman Price's Standing Order states that, "[i]f a discovery dispute arises, the litigants must confer **in person or via telephone** in a good faith effort to resolve the dispute before seeking court intervention." *See* Local Rule 3.01(g)."; see attached.  Thus, if the Plaintiff is taking the position that it can unilaterally set a deposition without conferring with Mr. Wilson or attempting to resolve these issues, we need to discuss the same at tomorrow's meeting at 1:00 p.m. prior to the Plaintiff filing a motion to compel the deposition.

Lastly, in anticipation of our meeting, please note that Defense Counsel will be unavailable from October 20, 2025, to October 28, 2025.  Please provide three (3) dates in November 2025 for Mr. Wilson's deposition during our call tomorrow.

Thank you,

Leia V. Leitner
Attorney At Law
Wilson Elser Moskowitz Edelman & Dicker LLP
111 North Orange Avenue Suite 1200
Orlando, FL 32801
407.423.7287 (Direct)

407.973.2111 (Cell)
407.203.7599 (Main)
407.648.1376 (Fax)
leia.leitner@wilsonelser.com

---

**From:** Zachary Zermay <zach@zermaylaw.com>
**Sent:** Monday, October 6, 2025 5:29 PM
**To:** Leitner, Leia V. <Leia.Leitner@wilsonelser.com>
**Cc:** Gyebi, Amaris <Amaris.Gyebi@wilsonelser.com>; Kujawski, Cheryl A. <Cheryl.Kujawski@wilsonelser.com>; chad-flores-7646@ecf.pacerpro.com; Chad Flores <cf@chadflores.law>; service@chadflores.law; Zibas, Jura C. <Jura.Zibas@wilsonelser.com>; Geraldine Phillips <info@zermaylaw.com>
**Subject:** Re: Case 6:24-cv-01629-WWB-LHP Larosiere v. Wilson: Deposition of Cody Wilson

> **EXTERNAL EMAIL** This email originated from outside the organization.

Ms. Leitner,

Happy to chat on the phone tomorrow around 1PM. Give me a call at 239-699-3107.

I double checked the local rules and couldn't find such a direction.

You mention 3.01(g) which concerns motions. With respect to depositions, the local rules provide: "An attorney is expected to accommodate the schedules of opposing counsel. In doing so, the attorney should normally pre-arrange a deposition with opposing counsel before serving the notice. If this is not possible, counsel may unilaterally notice the deposition while at the same time indicating a willingness to be reasonable about any necessary rescheduling."

We've been requesting Mr. Wilson's availability within a 30 day window for two weeks, each time you have suggested without compromise that we wait 3 months. It is our position that we are well within our rights to unilaterally set his deposition at this point in time, and the dates we've given you are well beyond the 14 day notice window.

As already stated, I am happy to chat, and certainly to accommodate, but at this stage in the litigation continued delay is not acceptable.


Sincerely,

Zachary Z. Zermay, Esq.


**Zermay Law**
P (305) 767-3529  |  W zermaylaw.com  |  E zach@zermaylaw.com |

5

A  3000 Coral Way, Suite 1115, Coral Gables, FL 33145



On Mon, Oct 6, 2025 at 4:44 PM Leitner, Leia V. <Leia.Leitner@wilsonelser.com> wrote:

Dear Mr. Zermay,

Per the local rules of this court, the parties must make a **reasonable effort to confer** with opposing counsel to agree on a deposition time before unilaterally scheduling one. A meet and confer under Local Rule 3.01(g) is insufficient to resolve these issues via email. Please provide your availability tomorrow or Wednesday to discuss this by phone.

Thank you in advance for your prompt attention and professional courtesy.

Regards,

Leia V. Leitner
Attorney At Law
Wilson Elser Moskowitz Edelman & Dicker LLP
111 North Orange Avenue Suite 1200
Orlando, FL 32801
407.423.7287 (Direct)
407.973.2111 (Cell)
407.203.7599 (Main)
407.648.1376 (Fax)
leia.leitner@wilsonelser.com

---

**From:** Zachary Zermay <zach@zermaylaw.com>
**Sent:** Monday, October 6, 2025 4:37 PM
**To:** Leitner, Leia V. <Leia.Leitner@wilsonelser.com>
**Cc:** Gyebi, Amaris <Amaris.Gyebi@wilsonelser.com>; Kujawski, Cheryl A. <Cheryl.Kujawski@wilsonelser.com>; chad-flores-7646@ecf.pacerpro.com; Chad Flores <cf@chadflores.law>; service@chadflores.law; Zibas, Jura C. <Jura.Zibas@wilsonelser.com>; Geraldine Phillips <info@zermaylaw.com>
**Subject:** Re: Case 6:24-cv-01629-WWB-LHP Larosiere v. Wilson: Deposition of Cody Wilson

**EXTERNAL EMAIL** This email originated from outside the organization.

Dear Ms. Leitner,

Please provide Mr. Wilson's availability for his personal deposition between October 20 and October 28, 2025. If we do not receive this information within 48 hours, we will unilaterally notice the deposition under the Federal Rules.

To be clear, this request concerns only Mr. Wilson's deposition in his individual capacity pursuant to Rule 30(b)(1). We are not seeking to depose him as a corporate representative under Rule 30(b)(6) at this time.

Rule 26(d)(3) permits discovery to proceed "in any sequence," and nothing requires the completion of document discovery before taking a party deposition. The Middle District Discovery Handbook likewise recognizes that depositions may go forward even if production is ongoing. It is routine to depose a party while written discovery remains pending, and the Court expects counsel to cooperate in scheduling depositions early enough to permit meaningful follow-up.

Your suggestion that Rule 30(a)(2)(A)(ii) requires leave of court before a party may be deposed both individually and as a corporate representative is a misreading. That rule applies only when a deponent is reexamined in the same capacity. The authorities you cited—Akridge v. Alfa Ins. Co. and Guest v. Carnival Corp.—confirm that dual roles are permissible, not that one must await the other. Additionally, Akridge concerned the party demanding a specific person serve as 30(b)(6) corporate representative. That is not before us. That you might choose to produce Wilson for a future 30(b)(6) deposition does not require us to preemptively combine parties for deposition purposes. There is therefore no procedural or practical reason Mr. Wilson's personal deposition cannot proceed promptly.

The January dates you proposed would push his testimony more than three months out, unnecessarily compressing the discovery schedule and depriving us of the opportunity to pursue follow-up discovery based on his answers. We will not agree to such a delay. If there is a specific and legitimate reason Mr. Wilson cannot sit for deposition in October, please identify it so that we may evaluate it in good faith.

Absent such justification, we must insist on compliance with the Rules. This email serves as your clients' last clear chance to provide timely dates before we notice Mr. Wilson's deposition unilaterally.

As for your request for Larosiere's availability, as we already explained, he is flexible and willing to work with you once you are aware of your specific scheduling needs. If you insist on us immediately providing dates in January, we can offer January 1 - 17, 2026.

Sincerely,

Zachary Z. Zermay, Esq.

**Zermay Law**
P (305) 767-3529  |  W zermaylaw.com  |  E zach@zermaylaw.com |

A 3000 Coral Way, Suite 1115, Coral Gables, FL 33145



On Thu, Oct 2, 2025 at 1:21 PM Leitner, Leia V. <Leia.Leitner@wilsonelser.com> wrote:

Dear Mr. Zermay:

Thank you for your email below regarding the coordination of dates for the parties' depositions.

We understand that you have requested Mr. Wilson's deposition in his individual capacity; however, for the sake of convenience, it may be more efficient to produce Mr. Wilson in his individual capacity, and as the designated 30(b)(6) witness for the business entity Defendants, Defcad, Inc., Defense Distributed, Inc. and Dioskouroi, LLC, during this timeframe.  *See Akridge v. Alfa Ins. Co.,* 93 F.4th 1181, 1189 (11th Cir. 2024) (recognizing that a witness may be deposed both in their individual capacity under Rule 30(b)(1) and as a corporate representative under Rule 30(b)(6)); *see also  Guest v. Carnival Corp*., 917 F. Supp. 2d 1242, 1247 (S.D. Fla. 2012)(allowing certain depositions to serve as both individual and corporate representative depositions, demonstrating that such dual roles are permissible when agreed upon or ordered)).

It is also important to note that Rule 30(a)(2)(A)(ii) requires leave of court if a deponent has already been deposed in the case, which may apply if the same individual is deposed in both capacities.  *See* Fed. R. Civ. P. 30(a) (requiring the method of depositions by oral examination).  Thus, if we can narrow the topics and issues for the Defendants' depositions, the parties can avoid discovery sought that is unreasonably cumulative or duplicative, or can be obtained from another source that is more convenient, less burdensome, or less expensive. *See* Fed. R. Civ. P. 26(a)(b)(1).  To this end, please let us know (1) how much time you will need for Mr. Wilson and the 30(b)(6) depositions, (2) the proposed topics for examination for each business entity, and (3)  whether we can take the depositions remotely.

As for deposition dates,  as I mentioned below, it would be premature to take Mr. Wilson's deposition within 30 days, as the parties are still exchanging and conducting discovery, including preparing a response to the discovery demands recently served on Defcad, Inc. by the Plaintiff on September 28, 2025.  To avoid unnecessary motion practice, we can use this time for the parties to review their discovery responses and document production, identify any outstanding issues that can be resolved, and meet and confer on any outstanding issues as required by the local rules of this district.  This way, it will give the parties ample time to sort out any discovery disputes before taking depositions.  In this regard,  Mr. Wilson is available for deposition on January 12, 2026 to January 16, 2026, and January 26, 2026 to January 30, 2026.  If this requires additional

discussion, I am available by phone tomorrow, October 3, 2025, from 2:00 p.m. to 3:00 p.m., on October 6, 2025, and at any time on October 7, 2025.

Please provide three dates of availability for Mr. Larosiere's deposition in January 2026. Thank you.

Sincerely,

Leia V. Leitner
Attorney At Law
Wilson Elser Moskowitz Edelman & Dicker LLP
111 North Orange Avenue Suite 1200
Orlando, FL 32801
407.423.7287 (Direct)
407.973.2111 (Cell)
407.203.7599 (Main)
407.648.1376 (Fax)
leia.leitner@wilsonelser.com

---

**From:** Zachary Zermay <zach@zermaylaw.com>
**Sent:** Monday, September 29, 2025 5:51 PM
**To:** Leitner, Leia V. <Leia.Leitner@wilsonelser.com>
**Cc:** Gyebi, Amaris <Amaris.Gyebi@wilsonelser.com>; Kujawski, Cheryl A. <Cheryl.Kujawski@wilsonelser.com>; leiavleitner@gmail.com; chad-flores-7646@ecf.pacerpro.com; Chad Flores <cf@chadflores.law>; service@chadflores.law; Zibas, Jura C. <Jura.Zibas@wilsonelser.com>; Geraldine Phillips <info@zermaylaw.com>; Boscan, Alejandra <Alejandra.Boscan@wilsonelser.com>; amarisgyebi@yahoo.com
**Subject:** Re: Case 6:24-cv-01629-WWB-LHP Larosiere v. Wilson: Deposition of Cody Wilson

**EXTERNAL EMAIL** This email originated from outside the organization.

Thank you for your email Ms. Leitner.

Please provide 3 dates of availability for the deposition of Mr. Wilson within the next 30 days.

The discovery cutoff is in mid-2026. If the depositions reveal the need for additional written discovery, we need time to navigate that.

If you refuse to provide dates within the next 30 days, please state why, and also provide times to meet and confer regarding a motion to compel within the next 5 business days.

As for Mr. Larosiere's availability in January of 2026, he is flexible mid-January and will happily work with you to arrange a date certain, so as soon as you know your schedule for January, let us know and we will sync it up.

9

Sincerely,

Zachary Z. Zermay, Esq.

# Zermay Law

P (305) 767-3529 | W zermaylaw.com | E zach@zermaylaw.com |
A 3000 Coral Way, Suite 1115, Coral Gables, FL 33145



On Mon, Sep 29, 2025 at 3:33 PM Leitner, Leia V. <Leia.Leitner@wilsonelser.com> wrote:

Dear Mr. Zermay:

As you are aware, the parties are still in the process of obtaining documents relevant to the case before taking depositions. Given the procedural status and history of this case, it would be beneficial to take the depositions of Messrs. Wilson and Larosiere simultaneously in January 2026, as this would provide sufficient time for the parties to exchange relevant information and resolve any written discovery issues before the depositions take place.

Thus, we kindly request that you provide the dates when Mr. Larosiere is available in January 2026 to take his deposition. Thank you.

Sincerely,

Leia V. Leitner
Attorney At Law
Wilson Elser Moskowitz Edelman & Dicker LLP
111 North Orange Avenue Suite 1200
Orlando, FL 32801
407.423.7287 (Direct)
407.973.2111 (Cell)

10

407.203.7599 (Main)
407.648.1376 (Fax)
leia.leitner@wilsonelser.com

---

**From:** Zachary Zermay <zach@zermaylaw.com>
**Sent:** Friday, September 19, 2025 5:57 PM
**To:** Gyebi, Amaris <Amaris.Gyebi@wilsonelser.com>; amarisgyebi@yahoo.com; Kujawski, Cheryl A. <Cheryl.Kujawski@wilsonelser.com>; chad-flores-7646@ecf.pacerpro.com; Chad Flores <cf@chadflores.law>; service@chadflores.law; Andino Reynal <areynal@frlaw.us>; Zibas, Jura C. <Jura.Zibas@wilsonelser.com>
**Cc:** jzibas@yahoo.com; Leitner, Leia V. <Leia.Leitner@wilsonelser.com>; Boscan, Alejandra <Alejandra.Boscan@wilsonelser.com>; leiavleitner@gmail.com; Geraldine Phillips <info@zermaylaw.com>
**Subject:** Case 6:24-cv-01629-WWB-LHP Larosiere v. Wilson: Deposition of Cody Wilson

**EXTERNAL EMAIL** This email originated from outside the organization.

Good afternoon,

Can you give your availability for us to take Cody Wilson's deposition in his personal capacity?

Sincerely,

Zachary Z. Zermay, Esq.

**Zermay Law**
P (305) 767-3529 | W zermaylaw.com | E zach@zermaylaw.com |
A 3000 Coral Way, Suite 1115, Coral Gables, FL 33145



```
IMPORTANT NOTICE: Beware of Cyber Fraud.
You should NEVER wire money to any bank account that Wilson Elser
Moskowitz Edelman & Dicker LLP provides to you either in the body
of this or any email or in an attachment without first speaking
with the attorney in our office who is handling your transaction.
Further, DO NOT accept emailed wire instructions from anyone else
without voice verification. Even if an email looks like it has come
from this office or someone involved in your transaction,
CALL US FIRST AT A NUMBER YOU KNOW TO BE CORRECT FOR THIS OFFICE
```