# EXHIBIT B

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

*Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc.,
DEFENSE DISTRIBUTED, and DIOSKOUROI
LLC,

*Defendants*.

_____/

<u>MATTHEW LAROSIERE'S FIRST SET OF INTERROGATORIES TO CODY WILSON</u>

To: Defendant, Cody Wilson, through his attorney of record, Chad Flores, Flores Law
PLLC, 917 Franklin Street, Suite 600, Houston, Texas 77002.

Plaintiff serves Interrogatories on Cody Wilson, as authorized by Federal Rule of Civil
Procedure 33. As required by Rule 33(b) and Doc. 111, Wilson must respond to these
interrogatories within 30 days via email to Plaintiff's counsel at <u>Zach@zermaylaw.com.</u>

**DEFINITION**

1. "Works at issue" means the works purported to bear the registration numbers
TX0009358088,        VA0002385899,        VA0002381513,        TX0009372196,
TX0009372199,        VA0002385901,        VA0002381769,        TX0009403056,
TX0009413646,        VA0002422527,        VA0002412508,        TX0009403054,
TX0009417973,        VA0002415259,        TX0009412695,        VA0002418947,
VA0002418589,        TX0009429254,        TX0009429253,        VA0002449545,
VA0002449520,        TX0009509700,        TX0009509692,        VA0002449526,
TX0009503785. For clarity, these are copyright registration numbers that plaintiff
currently holds. It is not permissible to assert unfamiliarity with what works these
numbers pertain to, as the complaint (Doc. 43) and supplement to the MPI (Doc.
94) relate these numbers to the specific works, and the only remaining numbers
not specifically listed in the complaint and supplement to the MPI— TX0009403054
(Amigo Verge Build Tutorial), TX0009417973 (Amigo Verde Readme), and
VA0002415259 (Amigo Verde 3d Model)—refer to the Amigo Verde, which you
are aware of.

**INTERROGATORIES**

1. Identify all cryptocurrency accounts/wallets/addresses you have had control over since January 1, 2018—"control" being the ability to remove or send cryptocurrencies from the account, even if others share access, and where other entities or individuals share that access, identify them to the extent known.

2. Identify any and all real estate or other real property in which you, either directly or indirectly—including through a non-publicly traded business entity you had direct or indirect control of, and through straw or nominee transactions—have had any ownership interest in from January 1, 2016 onward. Include both property in which you gained AND property in which you already held ownership interest from January 1, 2016 onward.

3. List all aliases for yourself, your companies, and any aliases you know that your employees and fellow board members use or have used.

4. List all of the addresses you have lived at for longer than one week since January 1, 2021, and the time period you lived there. Your response must include your current residence address(es).

5. Describe the purpose and operations of DD Foundation LLC, the entity you control. To help you answer this question and clarify its scope, an answer containing the following details would be a complete answer. These are not subparts, but necessary elements of a complete answer to the foregoing interrogatory:

    a. What DD Foundation LLC does.

    b. Your role in the company.

    c.  The company's relationships with the Defendants in this case, including
yourself.

6.  Describe your sale of real estate and/or other property located at 18209
MARSHALLS POINT DR, Leander TX 78645 to Cheyenne Morgan. To help you
answer this question and clarify its scope, an answer containing the following
details would be a complete answer. These are not subparts, but necessary
elements of a complete answer to the foregoing interrogatory:

    a.  Why the property was sold.

    b.  How much it was sold for.

    c.  Why you continued using the property address in connection with your
businesses after the sale.

7.  Describe the circumstances leading up to the September 10, 2024 certificate of
amendment to DD Foundation LLC, specifically as it relates to the removal of
Dennis K. Wilson, and addition of yourself. Specifically, why did this happen?


Respectfully submitted,

DATED:  September 28, 2025September 28, 2025

/s/ Zachary Z. Zermay
Zachary Z. Zermay, Esq.
Fla. Bar № 1002905
Zermay Law, P.A.
1200 Fourth Street, #1102
Key West, FL 33040
Email: zach@zermaylaw.com
Telephone: 239-699-3107
Counsel for Plaintiff

**Certificate of Service**

I hereby certify that the foregoing was served on Cody Wilson's attorney of record via

email on September 28, 2025Sunday, September 28, 2025.

/s/ Zachary Z. Zermay

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

*Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc.,
DEFENSE DISTRIBUTED, and DIOSKOUROI
LLC,

*Defendants*.

_____/

<u>PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO CODY WILSON</u>

To: Defendant, Cody Wilson, through his attorney of record, Chad Flores, Flores Law PLLC, 917 Franklin Street, Suite 600, Houston, Texas 77002.

Plaintiff serves THIS REQUEST FOR PRODUCTION on Cody Wilson, as authorized by Federal Rule of Civil Procedure 34. As required by Rule 34(b) and Doc. 111, Wilson must respond to these interrogatories within 30 days via email to Plaintiff's counsel at Zach@zermaylaw.com.

**<u>DEFINITION</u>**

1. "Works at issue" include the works purported to bear the registration numbers TX0009358088,       VA0002385899,       VA0002381513,       TX0009372196, TX0009372199,       VA0002385901,       VA0002381769,       TX0009403056, TX0009413646,       VA0002422527,       VA0002412508,       TX0009403054, TX0009417973,       VA0002415259,       TX0009412695,       VA0002418947, VA0002418589,       TX0009429254,       TX0009429253,       VA0002449545, VA0002449520,       TX0009509700,       TX0009509692,       VA0002449526, TX0009503785. For clarity, these are copyright registration numbers that plaintiff currently holds. It is not permissible to assert unfamiliarity with what works these numbers pertain to, as the complaint (Doc. 43) and supplement to the MPI (Doc. 94) relate these numbers to the specific works, and the only remaining numbers not specifically listed in the complaint and supplement to the MPI— TX0009403054 (Amigo Verge Build Tutorial), TX0009417973 (Amigo Verde Readme), and VA0002415259 (Amigo Verde 3d Model)—refer to the Amigo Verde, which you are aware of.

## REQUESTS FOR PRODUCTION

1.  From January 1, 2018 onward, produce all documents and other materials in your possession that relate in any way to the transfer of any assets with a market value of $500 or more to Cheyenne Morgan, including but not limited to sales contracts, real estate transfers, and discussions of those transactions.

2.  From January 1, 2018 onward, produce all documents and other materials in your possession that relate in any way to the transfer of any assets with a market value of $500 or more to Dennis K. Wilson, including but not limited to sales contracts, real estate transfers, and discussions of those transactions.

3.  Produce all documents and other materials in your possession that relate in any way to the transfer of any assets with a market value of $500 or more to any entity where any part of the intention behind said transfer was to divert assets away from the originating entity so as to make them harder to trace or recover.

4.  From January 1, 2018 onward, produce all documents, communications, and materials which include any mention or discussion of copyright.

5.  Produce all communications which include any mention or discussion of the works at issue, including the works purported to bear the registration numbers TX0009358088, VA0002385899, VA0002381513, TX0009372196, TX0009372199, VA0002385901, VA0002381769, TX0009403056, TX0009413646, VA0002422527, VA0002412508, TX0009403054, TX0009417973, VA0002415259, TX0009412695, VA0002418947, VA0002418589, TX0009429254, TX0009429253, VA0002449545, VA0002449520, TX0009509700, TX0009509692, VA0002449526,

TX0009503785. For clarity, these are copyright registration numbers that plaintiff currently holds. A responsive production will include both mention and discussion of these numbers themselves as well as the works they purport to protect. It is not permissible to assert unfamiliarity with what works these numbers pertain to, as the complaint (Doc. 43) and supplement to the MPI (Doc. 94) relate these numbers to the specific works, and the only remaining numbers not specifically listed in the complaint and supplement to the MPI refer to the Amigo Verde, which you have already admitted to having been aware of.

6. Produce all documents and materials, including but not limited to preliminary versions, drafts, working copies, correspondence, and otherwise in any way referring or relating to the April 22, 2025 post "On Raids And Raiding" on the DDLegio blog.

7. Produce all documents and materials, including but not limited to preliminary versions, drafts, working copies, correspondence, and otherwise in any way referring or relating to the January 23, 2025 post "Benchy, IP, and 3D Guns" on the DDLegio blog.

8. Produce all materials, communications, records, and instructions involved in the removal of any copyright notices from any work, whether the removal or obfuscation of any copyright notice was done or directed by yourself.

9. Produce all documents and communications concerning the "Amigo Verde".

10. From January 1, 2018 onward, produce all materials you have obtained, solicited, or otherwise acquired from private investigators.

11. From January 1, 2018 onward, produce all materials, including conversation histories, contracts, materials, and communications with Jim Blackburn.

12. From January 1, 2018 onward, produce all materials, including conversation histories, contracts, materials, and communications with Destin Investigations which pertain or relate in any way to any of the former counterdefendants in this case.

13. From January 1, 2018 onward, produce all materials, including conversation histories, contracts, materials, and communications with Eric Nathan.

14. From January 1, 2018 onward, produce all materials, including conversation histories, contracts, materials, and communications with Nathan Mayer.

15. From January 1, 2018 onward, produce all materials, including conversation histories, contracts, materials, and communications with Thomas Gibbons-Neff.

16. From January 1, 2018 onward, produce all materials, including conversation histories, contracts, materials, and communications with Lizzie Dearden.

17. From January 1, 2018 onward, produce all materials, including conversation histories, contracts, materials, and communications with Rajan Basra.

18. From January 1, 2018 onward, produce all materials, including conversation histories, contracts, materials, and communications with any journalist, reporter, or similar media representative relating to any of the following subjects:

    a. This litigation

    b. Plaintiff

    c. Any of the former Counterdefendants in this action

    d. Copyright

    e.  Any of your claims or defenses brought at any point in this litigation

19. From January 1, 2022 onward, produce all materials, including conversation histories, contracts, materials, and communications concerning "Fuddbusters".

20. From January 1, 2021 onward, produce all materials, including conversation histories, contracts, materials, and communications concerning Matthew Larosiere, including by reference to him as the plaintiff in this matter, or any nickname or alias you associate with Matthew Larosiere.

21. From January 1, 2018 onward, produce all materials, including conversation histories, contracts, materials, and communications concerning IvanTheTroll.

22. Produce all documents and material relating to the real estate history, including sales, ownership, and lease records concerning 18209 MARSHALLS POINT DR, Leander TX 78645.

23. Produce all documents and material relating to the real estate history, including sales, ownership, and lease records concerning 2320 Donley Drive Suite C Austin, TX 78758.

24. Produce all documents and material relating to the real estate history, including sales, ownership, and lease records concerning 4610 CRESTWAY DR, AUSTIN TX 78731.

25. Produce all documents and communications in your possession relating to any real estate owned by you or your sister, Cheyenne Morgan, your father, Dennis K. Wilson, or any entity in which you, directly or indirectly, have control over.

26. Produce a complete accounting for every unit of currency or cryptocurrency that was deposited into bitcoin accounts that you controlled from 7/15/2018 to 9/5/2018.

27. Produce documents sufficient to create a complete picture of the financial assets currently held by Cody Wilson, including bank account statements, cryptocurrency account balances, real estate holdings or interests, and personal possessions worth more than $500.

28. Produce all documents and communications relating to the payment of cryptocurrency from any of your companies to yourself. "Your companies" means Defense Distributed, Defcad, Inc., DD Foundation LLC., Gunspring LLC, Zero Percent Arms LLC, Federal Consolidated LLC, Ghost Gunner, Coast Runner, and Dioskouroi, and any other company in which you have direct control of personnel or operations.

29. Produce all documents and communications relating to the payment of legal currency from any of your companies to yourself. "Your companies" means Defense Distributed, Defcad, Inc., DD Foundation LLC., Gunspring LLC, Zero Percent Arms LLC, Federal Consolidated LLC, Ghost Gunner, Coast Runner, and Dioskouroi, and any other company in which you have direct control of personnel or operations.

30. Produce all documents and communications relating in any way to the payment of compensation of any kind to any individual or entity relating in any way to any files, documents, images, models, or otherwise uploaded to Defcad.com. It is acceptable to produce this as confidential information as for the personal information involved.

31. From January 1, 2018, Produce all minutes of board meetings, resolutions, or other records reflecting formal corporate governance actions for Defense

Distributed, Defcad, Inc., DD Foundation LLC., Gunspring LLC, Zero Percent Arms

LLC, Federal Consolidated LLC, Ghost Gunner, Coast Runner, and Dioskouroi.

32. Produce all documents reflecting any inquiry into whether each work at issue in

this case:

    a. was,

    b. is,

    c. or could be,

protected by copyright.

33. Produce all posts, statements, messages, or communications in which you

expressed anger, frustration, or hostility toward Plaintiff.

34. Produce all documents and communications in which you discuss the possibility

of harming Plaintiff in any way. Since you have expressed confusion about the

term in the past, if the term "harming" is too confusing, you can use "injuring,

wounding, maiming, bruising, cutting, damaging, breaking, burning, beating,

striking, slashing, stabbing, poisoning, bludgeoning, crippling, disfiguring, hurting,

battering, mutilating, impairing, insulting, mocking, bullying, humiliating, shaming,

harassing, abusing, threatening, scaring, gaslighting, undermining, intimidating,

alienating, neglecting, manipulating, embarrassing, deceiving, ridiculing,

provoking, offending, depriving, discriminating, prosecuting, destroying, depleting,

bankrupting, robbing, looting, withholding, burdening, exploiting, slandering,

libeling, smearing, tarnishing, blackmailing, exposing, discrediting, sabotaging,

ruining, obstructing, hindering, diminishing, weakening, undercutting, delaying,

disrupting, misleading, compromising, or endangering" instead.

35. Produce all documents and communications related to "blacklisting," as you admit to in your answer and counterclaims, (Doc. 52 at ¶ 389) on any or your commerce websites, including all information on individuals on the blacklist, when they were placed on the blacklist, and the blacklist itself.

36. Produce all documents and communications related to the ghostguns.com BTC pay server's processing of transactions that concern any of the works at issue, including all transaction logs of such, from January 1, 2018, to present.

37. Produce all documents and communications discussing how to respond to DMCA notices or copyright complaints related to Plaintiff's works.

38. Produce all documents and communications discussing how to respond to DMCA notices or copyright complaints brought by anyone aside from Plaintiff.

39. From January 1, 2018, to present produce a transaction history for the bitcoin address 1Gb5GNxrVGMT8e9uoJ8CmamrdVz9o8fAEa. A responsive production will include details on to whom and for what each "send" from the wallet was for.

40. From January 1, 2018, to present produce a transaction history for the bitcoin address 12R4kPeSK6i9427ctH15j2NcJ1ST1FT21C. A responsive production will include details on to whom and for what each "send" from the wallet was for.

41. From January 1, 2018, to present, produce a transaction history for the bitcoin address 1FBxLYdWCBCTu9GU1QYSfJVM8PVrvTYqiy. A responsive production will include details on to whom and for what each "send" from the wallet was for.

42. From January 1, 2018, to present, produce all communications, records, and documents concerning or involving "Joe G" (whom you know may know better as

(jg@exfiltrate.io)), including those concerning any payments sent to them along with the purpose for that payment.

43. From January 1, 2018, to present, produce all communications and documents between yourself and Thomas Odom concerning Gunspring.

44. From January 1, 2018, to present, produce all communications and documents between yourself and Thomas Odom concerning Dioskouroi.

45. From January 1, 2018, to present, produce all communications and documents between yourself and Thomas Odom concerning ghostguns.com.

46. From January 1, 2018, to present, produce all communications and documents between yourself and Thomas Odom concerning Defcad.

47. From January 1, 2018, to present, produce all communications and documents between yourself and Thomas Odom concerning copyright.

48. Produce all communications, documents, images/graphics, and related attachments between you and Sara Westman from Jan 1, 2021.

49. Produce the corporate governance policies of Defense Distributed, DEFCAD, and FEDCAD as of the time each of the works at issue were uploaded, including how content was selected, prioritized, scheduled, modified, inspected, and approved for publication.

50. From January 1, 2021, produce all communications and documents with Cyan, whom you may know as Kieran Philio.

51. From January 1, 2021, produce all communications, documents, and materials regarding any discussion of pauses, breaks, temporary lulls, freezes, or interruptions regarding upload or publishing of new files on Defcad's website(s).

52. From January 1, 2021, produce all documents and communications concerning the creation of precursorparts.com.

53. From January 1, 2021, produce all documents and communications concerning the creation of Dioskouroi.

54. From January 1, 2021, produce all documents and communications concerning the creation of Fedcad.com.

55. From January 1, 2021, produce all documents, discussions, conversations, emails, and texts you have had about this lawsuit, including your previous counterclaims, including the dismissal of those counterclaims, in either public or private communications, besides those for which you can rightly claim attorney-client privilege.

56. From January 1, 2021, produce all communications, messages, and documents concerning the "Fuddbusters" discord server.

57. From January 1, 2018, produce all posts, documents, statements, messages, or communications in which you mentioned or referenced Plaintiff's employee, John Elik.

58. From January 1, 2018, produce all posts, documents, statements, messages, or communications in which you mentioned or referenced Josh Stroke.

59. From January 1, 2018, produce all posts, documents, statements, messages, or communications in which you mentioned or referenced John Lettman.

60. From January 1, 2018, produce all posts, documents, statements, messages, or communications in which you mentioned or referenced Alexander Holladay.

61. From January 1, 2018, produce all posts, documents, statements, messages, or communications in which you mentioned or referenced MAF Corporation.

62. From January 1, 2018, produce all posts, documents, statements, messages, or communications in which you mentioned Peter Celantano or Freeman1337.

63. From January 1, 2018, produce all posts, documents, statements, messages, or communications showing an inquiry into which, if any, projects or files on Defcad may be or are currently subject to copyright protection.

64. From January 1, 2018, produce all posts, documents, statements, messages, or communications concerning the execution or results of periodic reviews for projects or files on Defcad that may be or are currently subject to copyright protection.

65. From January 1, 2018, produce all posts, documents, statements, messages, or communications concerning the execution or results of stipulated reviews for projects or files on Defcad that may be or are currently subject to copyright protection. Examples of a "stipulated review" would include after discovering that a work you had copied included copyright notices.

66. For every work at issue in this case, produce all data that shows how exactly the underlying files ended up accessible on Defcad's website(s). A responsive production must include:

   a. Original uploader(s), including all available contact information, including addresses, for the uploader, all communications and messages with the original uploader, as well as the exact file(s) submitted by the original

uploader. Associated technical logs, IP addresses, and browser information
are required.

b.  Reviewer(s) who reviewed any part of the submitted files, including all
available contact information, including addresses, for each reviewer, all
communications and messages with any reviewer(s), as well as the exact
file(s) the reviewers provided for final review/posting. The nature and
content of each reviewer's interaction with the files submitted with the
original uploader should be noted, when this information is available. Note
that "reviewer" includes anyone, regardless of their employment status or
role, who accessed, saw, read, looked at, or otherwise interacted with any
of the files submitted by the original uploader.

c.  Approver(s) who either approved of, signed off on, or otherwise greenlit the
posting of any of the files provided by any reviewer(s), including all available
contact information, including addresses, for each approver, and all
communications and messages with approvers pertaining to each work at
issue. The nature and content of each approver's interaction with the files
submitted with the original uploader should be noted, when this information
is available. Note that "approver" includes anyone, regardless of their
employment status or role, who accessed, saw, read, looked at, or
otherwise interacted with any of the files submitted by the original uploader
or any reviewer(s).

d.  Editor(s) who either edited, updated, modified, tweaked, or otherwise
altered any postings that affected, were related to, or pertained to any of the

works at issue. Include all available contact information, including addresses, for each editor, all communications and messages with any editor(s), as well as the exact file(s), information, and changes the editors made. Note that "editor" includes anyone, regardless of their employment status or role, that made alterations to any metadata, the specific files posted, or the information present on the web pages that pertain to any particular file, or the images associated with any files made available on your website. As explained, any messages or communications which touch on reasons, directions, instructions, or other such coordination of any such edits are a part of this request.

67. Produce all copies of any of the works at issue which are present on any mobile device (such as a cell phone or tablet) which belongs to Cody Wilson personally. A responsive production must maintain all metadata, including time-based metadata.

68. Produce all copies of any of the works at issue which are present on any laptop computer which belongs to Cody Wilson personally. A responsive production must maintain all metadata, including time-based metadata.

69. Produce all copies of any of the works at issue which are present on any desktop computer which belongs to Cody Wilson personally. A responsive production must maintain all metadata, including time-based metadata.

70. Produce all copies of any of the works at issue which are present on any mobile device (such as a cell phone or tablet) which belongs solely to Cody Wilson in any of his business capacities. A responsive production must maintain all metadata,

including time-based metadata. For clarity, "solely" in this context means that the device is "his" but may technically be an asset belonging to any of his companies, or is one that he predominantly uses for business purposes, or is one that he doesn't use for personal purposes.

71. Produce all copies of any of the works at issue which are present on any laptop computer which belongs solely to Cody Wilson in any of his business capacities. A responsive production must maintain all metadata, including time-based metadata. A responsive production must maintain all metadata, including time-based metadata. For clarity, "solely" in this context means that the device is "his" but may technically be an asset belonging to any of his companies, or is one that he predominantly uses for business purposes, or is one that he doesn't use for personal purposes.

72. Produce all copies of any of the works at issue which are present on any desktop computer which belongs solely to Cody Wilson in any of his business capacities. A responsive production must maintain all metadata, including time-based metadata. For clarity, "solely" in this context means that the device is "his" but may technically be an asset belonging to any of his companies, or is one that he predominantly uses for business purposes, or is one that he doesn't use for personal purposes.

73. Produce all documents, material, or other evidence that the alleged infringement of any of the works at issue was actually non-infringing due to a defense of fair use.

74. Produce all evidence that you believed the alleged infringement of any of the works at issue to be non-infringing due to a good-faith belief in prior use.

75. From January 1, 2021, Produce all communications and documents with Antelope Hill Publishing, including any individual whom you know to work for or at Antelope Hill Publishing.

76. From January 1, 2019, Produce all communications, documents or records with Garret Walliman where:

    a.  You or Walliman expressed concern about being caught or exposed for lying;

    b.  You or Walliman discussed copyright;

    c.  You or Walliman discussed this lawsuit;

    d.  You or Walliman discussed any plan to comply with Plaintiff's copyrights;

    e.  You or Walliman discussed the implementation of "exploding", "disappearing" or otherwise self-deleting messages;

    f.  Any "exploding", disappearing, or otherwise self-deleting message policy or system concerning Walliman;

    g.  You or Walliman discussed actions to be taken in response to this lawsuit;

    h.  You or Walliman discussed consequences or potential consequences of this lawsuit;

    i.  You or Walliman discussed the Black Flag White Paper;

    j.  You or Walliman discussed or shared opinions concerning Plaintiff;

    k.  You or Walliman discussed any plan to avoid infringing plaintiff's copyrights;

l.  You   or   Walliman   discussed   any   plans   to   monitor chat.deterrencedispensed.com or the results from any such monitoring;

m.  You or Walliman discussed any plans to monitor the Fuddbusters discord server or the results from any such monitoring;

n.  The document or communication containins the account names of any accounts You or Walliman used to monitor the Fuddbusters discord server;

o.  If production of these specific topics proves too burdensome, production of the entirety of your conversations, documents, and records with Walliman would satisfy this request.

77.  Produce all communications, documents or records with Benjamin Denio where:

a.  You or Denio expressed concern about being caught or exposed for lying;

b.  You or Denio discussed copyright;

c.  You or Denio discussed this lawsuit;

d.  You or Denio discussed any plan to comply with Plaintiff's copyrights;

e.  You or Denio discussed the implementation of "exploding", disappearing"" or otherwise self-deleting messages;

f.  Any "exploding", "disappearing", or otherwise self-deleting message policy or system concerning Denio;

g.  You or Denio discussed actions to be taken in response to this lawsuit;

h.  You or Denio discussed consequences or potential consequences of this lawsuit;

i.  You or Denio discussed the Black Flag White Paper;

j.  You or Denio discussed or shared opinions concerning Plaintiff;

k.  You or Denio discussed any plan to avoid infringing plaintiff's copyrights;

l.  You or Denio discussed any plans to monitor chat.deterrencedispensed.com or the results from any such monitoring;

m.  You or Denio discussed any plans to monitor the Fuddbusters discord server or the results from any such monitoring;

n.  If production of these specific topics proves too burdensome, production of the entirety of your conversations, documents, and records with Denio would satisfy this request.

78.  Produce all communications, documents or records with Zachary Kubin where:

a.  You or Kubin expressed concern about being caught or exposed for lying;

b.  You or Kubin discussed copyright;

c.  You or Kubin discussed this lawsuit;

d.  You or Kubin discussed any plan to comply with Plaintiff's copyrights;

e.  You or Kubin discussed the implementation of "exploding", "disappearing", or otherwise self-deleting messages;

f.  Any "exploding", "disappearing", or otherwise self-deleting message policy or system concerning Kubin;

g.  You or Kubin discussed actions to be taken in response to this lawsuit;

h.  You or Kubin discussed consequences or potential consequences of this lawsuit;

i.  You or Kubin discussed the Black Flag White Paper;

j.  You or Kubin discussed or shared opinions concerning Plaintiff;

k.  You or Kubin discussed any plan to avoid infringing plaintiff's copyrights;

l.  You    or    Kubin    discussed    any    plans    to    monitor
chat.deterrencedispensed.com or the results from any such monitoring;

m. You or Kubin discussed any plans to monitor the Fuddbusters discord
server or the results from any such monitoring;

n.  If production of these specific topics proves too burdensome, production of
the entirety of your conversations, documents, and records with Kubin
would satisfy this request.

79. Produce all communications, documents or records with Thomas Odom where:

a.  You or Odom expressed concern about being caught or exposed for lying;

b.  You or Odom discussed copyright;

c.  You or Odom discussed this lawsuit;

d.  You or Odom discussed any plan to comply with Plaintiff's copyrights;

e.  You or Odom discussed the implementation of "exploding", "disappearing",
or otherwise self-deleting messages;

f.  Any "exploding", "disappearing", or otherwise self-deleting message policy
or system concerning Odom;

g.  You or Odom discussed actions to be taken in response to this lawsuit;

h.  You or Odom discussed consequences or potential consequences of this
lawsuit;

i.  You or Odom discussed the Black Flag White Paper;

j.  You or Odom discussed or shared opinions concerning the Plaintiff;

k.  You or Odom discussed any plan to avoid infringing plaintiff's copyrights;

l. You or Odom discussed any plans to monitor chat.deterrencedispensed.com or the results from any such monitoring;

m. You or Odom discussed any plans to monitor the Fuddbusters discord server or the results from any such monitoring;

n. If production of these specific topics proves too burdensome, production of the entirety of your conversations, documents, and records with Odom would satisfy this request.

80. Produce all communications, documents or records with Pablo Molina Diaz where:

a. You or Diaz expressed concern about being caught or exposed for lying;

b. You or Diaz discussed copyright;

c. You or Diaz discussed this lawsuit;

d. You or Diaz discussed any plan to comply with Plaintiff's copyrights;

e. You or Diaz discussed the implementation of "exploding", "disappearing", or otherwise self-deleting messages;

f. Any "exploding", "disappearing", or otherwise self-deleting message policy or system concerning Diaz;

g. You or Diaz discussed actions to be taken in response to this lawsuit;

h. You or Diaz discussed consequences or potential consequences of this lawsuit;

i. You or Diaz discussed the Black Flag White Paper;

j. You or Diaz discussed or shared opinions concerning Plaintiff;

k. You or Diaz discussed any plan to avoid infringing plaintiff's copyrights;

l.  You or Diaz discussed any plans to monitor chat.deterrencedispensed.com
or the results from any such monitoring;

m.  You or Diaz discussed any plans to monitor the Fuddbusters discord server
or the results from any such monitoring;

n.  If production of these specific topics proves too burdensome, production of
the entirety of your conversations, documents, and records with Diaz would
satisfy this request.

81. Produce all communications, documents or records with Jeff Winkelman where:

a.  You or Winkelman expressed concern about being caught or exposed for
lying;

b.  You or Winkelman discussed copyright;

c.  You or Winkelman discussed this lawsuit;

d.  You or Winkelman discussed any plan to comply with Plaintiff's copyrights;

e.  You or Winkelman discussed the implementation of "exploding",
"disappearing", or otherwise self-deleting messages;

f.  Any "exploding", "disappearing", or otherwise self-deleting message policy
or system concerning Winkelman;

g.  You or Winkelman discussed actions to be taken in response to this lawsuit;

h.  You or Winkelman discussed consequences or potential consequences of
this lawsuit;

i.  You or Winkelman discussed the Black Flag White Paper;

j.  You or Winkelman discussed or shared opinions concerning Plaintiff;

    k.  You or Winkelman discussed any plan to avoid infringing plaintiff's copyrights;

    l.  You or Winkelman discussed any plans to monitor chat.deterrencedispensed.com or the results from any such monitoring;

    m.  You or Winkelman discussed any plans to monitor the Fuddbusters discord server or the results from any such monitoring;

    n.  If production of these specific topics proves too burdensome, production of the entirety of your conversations, documents, and records with Diaz would satisfy this request.

82. Produce all records and communications concerning the creation of DD Foundation LLC.

83. Produce all records and communications concerning how you assumed any role with DD Foundation LLC.

84. Produce all records and communications relating to the termination, firing, or voluntary cessation of employment or contract work of employees or contractors for any reasons relating to any issue concerning copyright.

85. Produce all records and communications relating to the termination, firing, or voluntary cessation of employment or contract work of employees or contractors since this lawsuit was filed.

86. Produce all communication, documents, and records concerning any materials that were deleted, destroyed, or lost as a result of the termination, firing, or voluntary cessation of employment or contract work of employees or contractors.

87. For each computer systems hosting DEFCAD content, including systems that mirror, rehost, proxy, or back up DEFCAD content, produce:

    a. IP Addresses

    b. Domain names

    c. Companies that can claim ownership of these systems

88. Produce all documents, communications, data, reports, and server logs from Defcad systems that mention foreign IP addresses, detection of foreign access attempts, or detection of foreign registrations.

89. All discord account usernames owned or used by yourself or your employees which have been used at any point to discuss:

    a. This lawsuit

    b. Copyright

    c. 3D printed guns

90. All discord account usernames owned or used by yourself or your employees which have been exposed to the contents of any of the following Discord servers:

    a. Fuddbusters v.∞, which you may know better as The Fuddbusters server.

    b. Club+Fed, which you may know better as CTRL+Pew's server.

    c. Suckboy's Dungeon, which you may know better as Suckboy Tony's server.

    d. humans only, which you may know better as jny's server.

91. All rocket.chat and gitlab account usernames owned or used by yourself or your employees which have been exposed to the contents of chat.deterrencedispensed.com.

92. All communications, records, and documents you have with or concerning Nathan
Mayer.

93. Any communications, information, documents, or records concerning the
following:

    a. The kbvehicle.com domain

    b. The "a.c" account on chat.deterrencedispensed.com

    c. DNS provider DYNA-NS.NET

    d. HOSTINGER hosting service provider

    e. The server at 168.231.118.25

    f. The email address esaulf21@kbvehicle.com

94. Produce all communications, documents, records, and data concerning any
computer systems hosting the DEFCAD web software which you or your
companies own or maintain.

95. Produce all communications, documents, records, and data concerning any
computer systems hosting the DEFCAD web software.

96. Produce all communications, documents, records, and data concerning any mirror
sites you are aware of which mirror any site you or you companies own or maintain
and which are maintained by you or your companies.

97. Produce all communications, documents, records, and data concerning any mirror
sites you are aware of which mirror any site you or you companies own or maintain
but do not belong to or are not maintained by you or your companies.

98. Produce all communications, documents, records, and data concerning any of the
mirror sites responsive to 96 or 97 above which could have served any of the works

at issue in this lawsuit. For clarity, this would include any server which, for any amount of time, had included the "theory of the project" section of the Hitchhiker's build guide on a landing page for that project.

99. Produce all communications, documents, records, and data concerning any of the mirror sites responsive to 96 or 97 above which actually did serve any of the works at issue in this lawsuit. For clarity, this would include any server which, for any amount of time, had included the "theory of the project" section of the Hitchhiker's build guide on a landing page for that project.

100.    Produce all federal and state income tax returns filed by you for tax years 2018 through the present, including all schedules, attachments, and amendments.

101.    Produce all documents sufficient to show your sources of income from January 1, 2018 to present, including but not limited to W-2s, 1099s, K-1s, or other income reporting forms.

102.    Produce all bank account statements for any account held in your name, jointly with another, or for your benefit, from January 1, 2018 to present.

103.    Produce all documents sufficient to show your ownership of any real property, vehicles, firearms, securities, or other significant assets from January 1, 2018 to present.

104.    Produce all documents sufficient to show any liabilities or debts you have incurred from January 1, 2018 to present, including mortgages, lines of credit, and personal loans.

105.     Produce all documents sufficient to show any compensation, benefits, or distributions you received from any non-publicly traded business in which you hold an ownership interest from January 1, 2018 to present.

106.     Produce all documents sufficient to show your ownership interest in any corporation, partnership, limited liability company, trust, or other business entity from January 1, 2018 to present.

107.     Produce all documents sufficient to show any gifts, transfers, or contributions you made to family members, trusts, or entities controlled by you from January 1, 2018 to present. For the purposes of this request, you may exclude transactions with a total value under $5,000.

108.     Produce all communications, documents, messages, records, files, data, and reports referencing, discussing, or explaining Gataleaks.org.

109.     Produce all communications, documents, messages, records, files, data, and reports stored on or accessible through Gataleaks.org.

110.     Produce all communications, documents, and messages with journalists, researchers, or similar professionals concerning this lawsuit.

111.     Produce all communications, documents, and messages with journalists, researchers, or similar professionals concerning Matthew Larosiere.

112.     Produce all communications, documents, and messages with journalists, researchers, or similar professionals concerning John Elik.

113.     Produce all communications, documents, and messages with journalists, researchers, or similar professionals concerning copyright.

114.    Produce all communications, documents, and messages where you or your

employees or your contractors have discussed the way in which Defcad works with

regards to payments in order to access files.

Respectfully submitted,

DATED:  September 28, 2025September 28, 2025

<div align="right">

_/s/ Zachary Z. Zermay___

Zachary Z. Zermay, Esq.

Fla. Bar № 1002905

Zermay Law, P.A.

1200 Fourth Street, #1102

Key West, FL 33040

Email: zach@zermaylaw.com

Telephone: 239-699-3107

Counsel for Plaintiff

</div>

## **Certificate of Service**

I hereby certify that the foregoing was served on Cody Wilson's attorney of record via

email on September 28, 2025Sunday, September 28, 2025.

<div align="right">

_/s/ Zachary Z. Zermay_

</div>

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE № 6:24-cv-01629

MATTHEW LAROSIERE,

*Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc.,
DEFENSE DISTRIBUTED, and DIOSKOUROI
LLC,

*Defendants.*

_____/

<u>PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO CODY WILSON</u>

To: Defendant, Cody Wilson, through his attorney of record, Chad Flores, Flores Law PLLC, 917 Franklin Street, Suite 600, Houston, Texas 77002.

Plaintiff serves these requests for admissions on Cody Wilson, as authorized by Federal Rule of Civil Procedure 36. As required by Rule 36(a)(3) and Doc. 111, Wilson must respond to these interrogatories within 30 days via email to Plaintiff's counsel at <u>Zach@zermaylaw.com.</u>

<u>**DEFINITION**</u>

1. "Works at issue" means the works purported to bear the registration numbers TX0009358088, VA0002385899, VA0002381513, TX0009372196, TX0009372199, VA0002385901, VA0002381769, TX0009403056, TX0009413646, VA0002422527, VA0002412508, TX0009403054, TX0009417973, VA0002415259, TX0009412695, VA0002418947, VA0002418589, TX0009429254, TX0009429253, VA0002449545, VA0002449520, TX0009509700, TX0009509692, VA0002449526, TX0009503785. For clarity, these are copyright registration numbers that plaintiff currently holds. It is not permissible to assert unfamiliarity with what works these numbers pertain to, as the complaint (Doc. 43) and supplement to the MPI (Doc. 94) relate these numbers to the specific works, and the only remaining numbers not specifically listed in the complaint and supplement to the MPI— TX0009403054 (Amigo Verge Build Tutorial), TX0009417973 (Amigo Verde Readme), and VA0002415259 (Amigo Verde 3d Model)—refer to the Amigo Verde, which you are aware of.

## <u>REQUESTS FOR ADMISSION</u>

1. Admit you anticipated the filing of this lawsuit or some other copyright infringement lawsuit before this lawsuit was filed.

2. Admit you took no action to remedy any potential copyright infringement before this lawsuit was filed.

3. Admit you believe that removing a copyright notice from one of plaintiff's alleged works of authorship would, in at least one instance, protect you from infringing a copyright.

4. Admit that you believe the verbiage "NOT LICENSED FOR COMMERCIAL USE, SUBSCRIPTION DOWNLOAD, OR ANY PAID DISTRIBUTION" granted a license of some sort with respect to the work or works that notice is attached to.

5. Admit that you have no signed agreement (including assignments or licenses) which authorize you to copy any alleged work at issue in this case.

6. Admit you never discussed the potential for this copyright litigation with Benjamin Denio before this lawsuit was filed.

7. Admit you never discussed the potential for this copyright litigation with Zachary Kubin before this lawsuit was filed.

8. Admit you never discussed the potential for this copyright litigation with Garret Walliman before this lawsuit was filed.

9. Admit you never discussed the potential for this copyright litigation with Thomas Odom before this lawsuit was filed.

10. Admit you never discussed the potential for other copyright litigation with Benjamin Denio before this lawsuit was filed.

11. Admit you never discussed the potential for other copyright litigation with Zachary
    Kubin before this lawsuit was filed.

12. Admit you never discussed the potential for other copyright litigation with Garret
    Walliman before this lawsuit was filed.

13. Admit you never discussed the potential for other copyright litigation with Thomas
    Odom before this lawsuit was filed.


Respectfully submitted,

DATED:  September 28, 2025September 28, 2025

<div style="margin-left:40%">

*/s/ Zachary Z. Zermay____*
Zachary Z. Zermay, Esq.
Fla. Bar № 1002905
Zermay Law, P.A.
1200 Fourth Street, #1102
Key West, FL 33040
Email: zach@zermaylaw.com
Telephone: 239-699-3107
Counsel for Plaintiff

</div>


## **Certificate of Service**

I hereby certify that the foregoing was served on Cody Wilson's attorney of record via
email on September 28, 2025Sunday, September 28, 2025.

<div style="margin-left:50%">

*/s/ Zachary Z. Zermay*

</div>