# EXHIBIT C

# Leitner, Leia V.

| | |
|---|---|
| **From:** | Leitner, Leia V. |
| **Sent:** | Monday, October 13, 2025 3:09 PM |
| **To:** | Zachary Zermay; Geraldine Phillips |
| **Cc:** | Chad Flores; Gyebi, Amaris; Zibas, Jura C.; Kujawski, Cheryl A. |
| **Subject:** | Case 6:24-cv-01629-WWB-LHP Larosiere v. Wilson - Good Faith Letter regarding Plaintiff's outstanding discovery issues |
| **Attachments:** | ESI Protocol(321467364.1).docx; RE: Case 6:24-cv-01629-WWB-LHP Larosiere v. Wilson - Summary of the 10/7/2025 - Meet and Confer re: parties' deposition scheduling ; 2025.10.07 - Good Faith letter to Plaintiff re Discovery Deficiencies.pdf |

Dear Mr. Zermay:

In response to your email dated October 12, 2025, at 8:56 p.m., please note the following:

As for scheduling the parties' deposition, on October 6, 2025, Plaintiff requested to take Mr. Wilson's deposition in his individual capacity from October 20, 2025 to October 28, 2025; however, for efficiency purposes, we offered to produce Mr. Wilson in his individual capacity, and as the designated 30(b)(6) witness for the business entity Defendants, Defcad, Inc., Defense Distributed, Inc. and Dioskouroi, LLC. However, Plaintiff declined to take the defendant entities' deposition at the same time as Mr. Wilson's deposition (who is the same person as the Corporate Designee for defendant entities), and requested to take Mr. Wilson's deposition, on an individual capacity, on October 29, 2025. On October 6, 2025, I informed you via email that our office will be unavailable from October 20, 2025, to October 31, 2025, for depositions due to conflicts with other cases, a firm partner retreat, and AIPLA's annual meeting. At Defendants' Counsel's request, we asked to meet and confer by phone or in a remote setting to discuss scheduling the parties' depositions to avoid unnecessary motion practice.

On October 7, 2025, we met and conferred to discuss scheduling the parties' depositions; see the attached email summarizing the call. During the meet and confer, Plaintiff indicated his request to take Mr. Wilson's deposition, individually, on October 29, 2025. Instead, we offered dates for Mr. Wilson's deposition from November 3, 2025, to November 14, 2025. Despite our office being unavailable and our offered alternate dates in November 2025, you indicated that the Plaintiff intends to serve a deposition notice unilaterally, scheduling the deposition for October 29, 2025. On October 9, 2025, after the parties' meeting to schedule the parties' deposition on October 7, 2025, you served a unilaterally scheduled deposition for Mr. Wilson individually on October 29, 2025. Thus, we ask that you please re-notice the deposition for a date when our client and Defense Counsel are available: November 3, 2025; November 6-7, 2025; November 11, 2025; and November 14, 2025.

Additionally, during our call, we originally requested that the deposition be taken remotely, but our client would like to appear in person. We can offer to take the deposition at our Orlando office, or at the court reporter's office, at a mutually agreed-upon location in the Middle District of Florida. That said, please re-serve a deposition notice with the November 2025 dates discussed above to take place **in person** at a mutually agreed-upon location on or before **October 20, 2025**. If we do not receive a revised deposition notice to this effect, and you have agreed we have met and conferred on this issue on October 7, 2025, without a resolution, we will have no choice but to file a motion with the court.

As for Plaintiff's discovery responses, we understand that you are preparing a response to Defendants' discovery deficiency letter dated October 7, 2025 (the "October 7, 2025 Letter"). We requested that a date be set for the meet-and-confer this week. However, you have indicated that you would like to send a response to the October 7, 2025, Letter before setting the meet and confer to discuss the same. Once we receive your response letter, we will then reach back out and ask to set a meet and confer to discuss Plaintiff's outstanding discovery

responses.  In addition, the Defendants are in the process of serving discovery demands before the depositions and have sent a draft ESI protocol for your review (as I noted previously, the depositions are premature, as the parties are still exchanging written discovery).  The ESI protocol will help streamline the e-discovery process, hopefully minimize disputes, and ensure that the data and its integrity are maintained.  In anticipation of responding to Plaintiff's discovery demands that were served on or before September 28, 2025, and the discovery demands we intend to serve on Plaintiff, we ask that the parties enter into a mutually agreeable ESI protocol, given that most of the documents are stored in ESI format.  Please review the attached ESI protocol and let us know if you have any changes or edits to the same before we send it to Judge Hoffman Price for review and execution.

As for the meet and confer on the discovery issues, we would like to discuss supplementing (i) Plaintiff's responses to Defendant's Request for Production Nos. 12, 13, and 45, and produce a privilege log for any items withheld due to privilege; and (ii)  Plaintiff's answers and objections to Interrogatories Nos. 1, 3 and 9, as noted in the attached October 7, 2025 Letter.  Please let us know when you are available to meet and confer to discuss the discovery issues at your earliest convenience.  Again, we will await to receive your response to the October 7, 2025 Letter before setting the meet and confer to discuss these issues.

If you need more information regarding the above, please do not hesitate to call me at (407) 973-2111.  Thank you.

Sincerely,

Leia V. Leitner
Attorney At Law
Wilson Elser Moskowitz Edelman & Dicker LLP
111 North Orange Avenue Suite 1200
Orlando, FL 32801
407.423.7287 (Direct)
407.973.2111 (Cell)
407.203.7599 (Main)
407.648.1376 (Fax)
leia.leitner@wilsonelser.com

