# EXHIBIT D

# ZERMAY LAW, P.A.

3000 Coral Way, Suite 1115
Coral Gables, Florida 33145
Telephone: (305) 767-3529
Facsimile: (844) 894-6204
e-Mail: zach@zermaylaw.com

Zachary Z. Zermay, Esq.
e-Mail: zach@zermaylaw.com

October 29, 2025

**VIA EMAIL ONLY**

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
Leia V. Leitner, Esq.
*Leia.Leitner@wilsonelser.com*
Amaris Gyebi, Esq.
*Amaris.Gyebi@wilsonelser.com*
Jura C Zibas, Esq.
*Jura.Zibas@wilsonelser.com*

**FLORES LAW PLLC**
Chad Flores, Esq.
*cf@chadflores.law*

> Re:    *Larosiere v. Wilson, et al.*: Case No.: 6:24-cv-01629-WWB-LHP:
>        Discovery Dispute

Dear Counsel:

Below are the specific deficiencies that we have identified in Defendants Defcad, Inc.'s and Cody Rutlidge Wilson's discovery responses.

## <u>DISCOVERY RESPONSE DEFICIENCIES – DEFCAD</u>
October 28, 2025

**<u>Defcad's Responses to Interrogatories</u>**
1. Please provide a complete response. "Control" is not ill-defined.

4. You clearly stated that Defcad shared profits with Defense Distributed and DD Foundation LLC. No legal conclusion is sought, you made the statement, and we simply ask now for an explanation. We asked for "all businesses, individuals, and entities" that engage in the "sharing" you claimed to exist. Your answer only indicates that, in contradiction to your claims in the DD v Elik case, the business entities here do not share profits.

5. Is this your complete response? We asked for anyone who uploaded *or* published. We are not using "published" as a copyright term of art, but instead meaning it in the common sense -

1

making available through your site, as you frequently advertised on your blog. Please confirm if this response is complete, or if you ignored the term "uploaded."

## Defcad's Responses to RFPs

1. we suspect that Defendant may have hidden assets gained by their copyright infringement. hiding assets is pled in the complaint. This sort of behavior can be established from the period preceding this lawsuit, as this shows how long this behavior has existed. We believe this real estate is a part of the asset hiding exercise. We are not interested in a narrower request; we need a response to the request that was served upon you.

2. The question is simple and clear. We suspect that Defendant may have hidden assets gained by their copyright infringement or commingled assets with Wilson to conceal them. Hiding and commingling assets is pled in the complaint. This sort of behavior can be established from the period preceding this lawsuit, as this shows how long this behavior has existed. We believe that cryptocurrency has been used to hide assets. How is it possible there is something to confer about this, when your answers to ROGs stated you don't have or control any such thing?

3. The question is simple and clear. We suspect that Defendant may have hidden assets gained by their copyright infringement or commingled assets with Wilson to conceal them. Hiding and commingling assets is pled in the complaint. This sort of behavior can be established from the period preceding this lawsuit, as this shows how long this behavior has existed. We are not interested in a narrower request; we need a response to the request that was served upon you.

4. This request is made in pursuit of information concerning the assets Defendants has paid for or gained in connection with their copyright infringement and other pled activities. This is obviously related to the claims at issue. We are not interested in a narrower request; we need a response to the request that was served upon you.

5. This request is made in pursuit of information concerning the assets Defendants has paid for or gained in connection with their copyright infringement and other pled activities. This is obviously related to the claims at issue. We are not interested in a narrower request; we need a response to the request that was served upon you.

7. This request is made in pursuit of information concerning the assets Defendants has paid for or gained in connection with their copyright infringement and other pled activities. This is obviously related to the claims at issue. We are not interested in a narrower request; we need a response to the request that was served upon you.

8. This request is made in pursuit of information concerning the assets Defendants has paid for or gained in connection with their copyright infringement and other pled activities. This is obviously related to the claims at issue. We are not interested in a narrower request; we need a response to the request that was served upon you.

9. This request is made in pursuit of information concerning the assets Defendants has paid for or gained in connection with their copyright infringement and other pled activities. This is obviously related to the claims at issue. We are not interested in a narrower request; we need a

response to the request that was served upon you.

10. This request is made in pursuit of information concerning the assets Defendants has paid for or gained in connection with their copyright infringement and other pled activities. This is obviously related to the claims at issue. We are not interested in a narrower request; we need a response to the request that was served upon you.

11. This request is made in pursuit of information concerning the assets Defendants has paid for or gained in connection with their copyright infringement and other pled activities. This is obviously related to the claims at issue. We are not interested in a narrower request; we need a response to the request that was served upon you.

12. This request is made in pursuit of information concerning the assets Defendants has paid for or gained in connection with their copyright infringement and other pled activities. This is obviously related to the claims at issue. We are not interested in a narrower request; we need a response to the request that was served upon you.

13. This request is made in pursuit of information concerning the assets Defendants has paid for or gained in connection with their copyright infringement and other pled activities. This is obviously related to the claims at issue. We are not interested in a narrower request; we need a response to the request that was served upon you.

14. This request is made in pursuit of information concerning the assets Defendants has paid for or gained in connection with their copyright infringement and other pled activities. This is obviously related to the claims at issue. We are not interested in a narrower request; we need a response to the request that was served upon you.

15. This request is made in pursuit of information concerning the assets Defendants has paid for or gained in connection with their copyright infringement and other pled activities. This is obviously related to the claims at issue. We are not interested in a narrower request; we need a response to the request that was served upon you.

16. This request is made in pursuit of information concerning the assets Defendants has paid for or gained in connection with their copyright infringement and other pled activities. This is obviously related to the claims at issue. We are not interested in a narrower request; we need a response to the request that was served upon you.

17. This request is made in pursuit of information concerning the assets Defendants has paid for or gained in connection with their copyright infringement and other pled activities. The arbitrary timeframe stipulated by Defendants is unacceptable, as conduct is complained of which took place before then.

18. This request is made in pursuit of information concerning the assets Defendants has paid for or gained in connection with their copyright infringement and other pled activities. The arbitrary timeframe stipulated by Defendants is unacceptable, as conduct is complained of which took place before then.

19. This request is made in pursuit of information concerning the assets Defendants has paid for or gained in connection with their copyright infringement and other pled activities. The arbitrary timeframe stipulated by Defendants is unacceptable, as conduct is complained of which took place before then.

20. This request is made in pursuit of information concerning the assets Defendants has paid for or gained in connection with their copyright infringement and other pled activities. The arbitrary timeframe stipulated by Defendants is unacceptable, as conduct is complained of which took place before then.


## DISCOVERY RESPONSE DEFICIENCIES – CODY WILSON

October 28, 2025

### Wilson's Responses to Interrogatories

1: these accounts are relevant to our alter-ego allegations. These accounts evince co-mingling that may have occurred (which is part of a claim) as well as any/all profits made as a result of the complained-of conduct. Defendants asked this same question of the ex-counterdefendants and the Plaintiff, and all answered.

2: Real estate records are relevant to disputed alter-ego and commingling allegations. Discovery responses thus far have indicated that Wilson may have been hiding assets that were diverted from his companies in real estate.

3: Mr. Wilson either knows these things, or he doesn't. He may not object and say that his companies might know better.

4: You are required to undertake a diligent search. Absent any explanation besides that offered, there is no indication that a diligent search was undertaken.

5: DD Foundation is believed to be a haven for asset diversion and warehousing. Refusing to answer this makes it seem as though an alter-ego shell game is going on, as claimed in the complaint. He lists this as a company he owns. In a separate lawsuit, this company has sworn that it shares profits with Defcad and Defense Distributed.

6: Real estate records are relevant to our alter-ego allegations. discovery responses thus far have indicated that Wilson may have been hiding assets that were diverted from his companies in real estate. We have reason to believe this real estate is involved in this. Meeting about a "narrow request" is not valid. A complete response is necessary.

7: DD Foundation is believed to be a haven for asset diversion. Refusing to answer this makes it seem as though an alter-ego shell game is going on, as claimed in the complaint. The timing of these events in light of the filing of this lawsuit make it clear these requests are calculated to

lead to the discovery of admissible evidence. Meeting about a "narrow request" is not valid. A complete response is necessary.

## Wilson's Responses to RFPs

Across the board: lots of boilerplate objections that don't apply. Confusion about what is meant by "copyright" seems disingenuous. Rule 34(a)(1) clearly states that the duty to produce is possession, custody "OR" control, not possession, custody, "AND" control as mixed up nine separate times, only when most helpful to your refusal to produce. You also sometimes suggest that the duty to produce is tied to what Defendant Wilson "has". You also consistently suggest that the duty to produce is tied only to what Defendant Wilson has in his person capacity, which is plainly not what the Rules state. As an officer and owner of businesses, their records are in his custody and control.

1. We suspect that Wilson may have used his sister to hide assets gained by his copyright infringement. Hiding his assets is pled and contested. This behavior can be established from the period preceding this lawsuit, as this shows how long this behavior has existed. A complete response is required.

2. We suspect that Wilson may have used his father to hide assets gained by his copyright infringement. Hiding his assets is pled and contested. This behavior can be established from the period preceding this lawsuit, as this shows how long this behavior has existed.

3. We suspect that Wilson may have hidden assets gained by his copyright infringement generally. Hiding his assets is pled and contested. This behavior can be established from the period preceding this lawsuit, as this shows how long this behavior has existed. Any requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of and thus are in Wilson's custody and control, and must be produced. No call for a legal conclusion can reasonably be said to exist.

4. The misapprehension about what "copyright" is, we fear smacks of bad faith. Your re-definition to "the subject Works" is not what was asked. This request is extremely clear, copyright is the nature of this case, and the requested information concerning copyright speaks not only to the defendants' conduct concerning copyright generally, but is fundamental to showing each of the defendants' levels of awareness, willfulness, cognizance, and understanding of copyright infringement. The time frame is entirely reasonable, as your client began copying the works well before the 2023 window you divined.

5. Produce a privilege log. This request isn't unduly burdensome in any understanding of that term. Discussion of the things you are alleged to have stolen are all entirely relevant to this case. A complete response is required.

6. This blog post was intended to harass Plaintiff, his friends, and his employees. this conduct is a serious indication of willfulness. Unless Defendants are willing to cede the issue of willfulness for all the works, and for all defendants, the conduct of defendants in harassing Plaintiff,

5

Plaintiff's friends, and Plaintiff's employees remains related to an essential and contested
question of material fact. Any materials subject to requests that you suggest "may be better
directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's
custody and control, and must be produced, and if they are not, must be definitely stated.

7. Defendant previously produced the drafts and working copies of other blog posts he authored.
He is the author of the post asked about here. If Defendant does not have the requested
materials, a definite statement regarding what happened to them, where they are, or why he
lacks them is required.

8. The misapprehension about what "copyright" is, we fear smacks of bad faith. Your re-
definition to "the subject Works" is not what was asked. This request is extremely clear,
copyright is the nature of this case, and the requested information concerning copyright speaks
not only to the defendants' conduct concerning copyright generally, but is fundamental to
showing each of the defendants' levels of awareness, willfulness, cognizance, and understanding
of copyright infringement. Defendant has already admitted to having a role in the conduct this
request asks about. Bad faith is manifest in asserting that asking about your client's removal of
copyright notices is somehow not relevant to this case - which is a copyright action, where this
sort of behavior is complained of with detail. The arbitrary timeframe is inexplicable - the
pattern of behavior involved with the removal of copyright notices is immensely relevant to the
question of willfulness. The only appropriate timeframe for the intentional removal of copyright
notices is "ever", given the state of mind that such an action speaks to.

9. Any materials subject to requests that you suggest "may be better directed" to the Defendant
Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must
be produced, and if they are not, must be definitely stated. Wilson has previously produced
materials concerning the "Amigo Verde", which we fear smacks of bad faith.

10. Defendant's use of private investigators was intended to harass Plaintiff, his friends, and his
employees. This conduct is a serious indication of willfulness. Unless Defendants are willing to
cede the issue of willfulness for all the works, and for all defendants, then the conduct of
defendants in harassing Plaintiff, Plaintiff's friends, and Plaintiff's employees remains related to
an essential and contested question of material fact.

11. Defendant's interactions with Jim Blackburn were intended to harass Plaintiff, his friends,
and his employees. This conduct is a serious indication of willfulness. unless Defendants are
willing to cede the issue of willfulness for all the work, and for all defendants, the conduct of
defendants in harassing Plaintiff, Plaintiff's friends, and Plaintiff's employees remains related to
an essential and contested question of material fact.

12. Defendant's interactions with Destin Investigations were intended to harass Plaintiff, his
friends, and his employees. This conduct is a serious indication of willfulness. unless Defendants
are willing to cede the issue of willfulness for all the works, and for all defendants, the conduct of

defendants in harassing Plaintiff, Plaintiff's friends, and Plaintiff's employees remains related to
an essential and contested question of material fact.

13. Defendant's interactions with Eric Nathan were intended to harass Plaintiff, his friends, and
his employees. This conduct is a serious indication of willfulness. unless Defendants are willing
to cede the issue of willfulness for all the works and for all defendants, the conduct of defendants
in harassing Plaintiff, Plaintiff's friends, and Plaintiff's employees remains related to an
essential and contested question of material fact.

14. Defendant's interactions with Nathan Mayer were intended to harass Plaintiff, his friends,
and his employees. This conduct is a serious indication of willfulness. unless Defendants are
willing to cede the issue of willfulness for all the works, and for all defendants, the conduct of
defendants in harassing Plaintiff, Plaintiff's friends, and Plaintiff's employees remains related to
an essential and contested question of material fact.

15. Defendant's interactions with Thomas Gibbons-Neff were intended to harass Plaintiff, his
friends, and his employees. This conduct is a serious indication of willfulness. unless Defendants
are willing to cede the issue of willfulness for all the works, and for all defendants, the conduct of
defendants in harassing Plaintiff, Plaintiff's friends, and Plaintiff's employees remains related to
an essential and contested question of material fact.

16. Defendant's interactions with Lizzie Dearden were intended to harass Plaintiff, his friends,
and his employees. This conduct is a serious indication of willfulness. unless Defendants are
willing to cede the issue of willfulness for all the works, and for all defendants, the conduct of
defendants in harassing Plaintiff, Plaintiff's friends, and Plaintiff's employees remains related to
an essential and contested question of material fact.

17. Defendant's interactions with Rajan Basra were intended to harass Plaintiff, his friends, and
his employees. This conduct is a serious indication of willfulness. unless Defendants are willing
to cede the issue of willfulness for all the works, and for all defendants, the conduct of defendants
in harassing Plaintiff, Plaintiff's friends, and Plaintiff's employees remains related to an
essential and contested question of material fact.

18. We have evidence of Defendant reaching out to multiple journalists, and he has already
admitted to such in earlier discovery. Defendant's interactions with these journalists were
intended to harass Plaintiff, his friends, and his employees. This conduct is a serious indication
of willfulness. Unless defendants are willing to cede the issue of willfulness for all the works, and
for all defendants, the conduct of defendants in harassing Plaintiff, Plaintiff's friends, and
Plaintiff's employees remains related to an essential and contested question of material fact.

19. Defendant's invocations of Plaintiff were intended to harass Plaintiff, his friends, and his
employees. This conduct is a serious indication of willfulness. Unless Defendants are willing to
cede the issue of willfulness for all the works, and for all defendants, the conduct of defendants in
harassing Plaintiff, Plaintiff's friends, and Plaintiff's employees remains related to an essential

and contested question of material fact. Additionally, defendant has both attributed his copyright theft to having been endorsed by Plaintiff (false designation), and has repeatedly mentioned Plaintiff in the context of his copyright infringement. It's beyond bad faith to suggest that defendant's records concerning Plaintiff aren't relevant. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

20. Defendant's invocations of Plaintiff were intended to harass Plaintiff, his friends, and his employees. This conduct is a serious indication of willfulness. unless Defendants are willing to cede the issue of willfulness for all the works, and for all defendants, the conduct of defendants in harassing Plaintiff, Plaintiff's friends, and Plaintiff's employees remains related to an essential and contested question of material fact. Additionally, defendant has both attributed his copyright theft to having been endorsed by Plaintiff (false designation), and has repeatedly mentioned Plaintiff in the context of his copyright infringement. It's beyond bad faith to suggest that defendant's records concerning Plaintiff aren't relevant.

21. Defendant's invocations of Plaintiff's employee were intended to harass Plaintiff, his friends, and his employees. This conduct is a serious indication of willfulness. unless Defendants are willing to cede the issue of willfulness for all the works, and for all defendants, the conduct of defendants in harassing Plaintiff, Plaintiff's friends, and Plaintiff's employees remains related to an essential and contested question of material fact. The harassment of Plaintiff's employee are already partially in the record. Defendant engaged in a campaign to intimidate and harass Plaintiff's employee, including by sending him death threats, in a failed bid to frighten Plaintiff's employee. Documents concerning this is quite relevant to the issue of willfulness.

22. We suspect that Wilson may have hidden assets gained by his copyright infringement and otherwise obfuscated and commingled assets of his entities. Hiding his assets is pled. We believe this property is involved in this asset hiding.

23. We suspect that Wilson may have hidden assets gained by his copyright infringement and otherwise obfuscated and commingled assets of his entities. Hiding his assets is pled. We believe this property is involved in this asset hiding.

24. We suspect that Wilson may have hidden assets gained by his copyright infringement and otherwise obfuscated and commingled assets of his entities. Hiding his assets is pled. We believe this property is involved in this asset hiding.

25. We suspect that Wilson may have hidden assets gained by his copyright infringement and otherwise obfuscated and commingled assets of his entities. Hiding his assets is pled. We believe that individuals are involved in aiding him in this quest to hide assets. We believe the two individuals listed are involved in this due to their names showing up in corporate records for defendant's companies, including companies that have sworn to share assets with defendants here.

26. We suspect that Wilson may have hidden assets gained by his copyright infringement and otherwise obfuscated and commingled assets of his entities. Hiding his assets is pled. Hiding assets using cryptocurrency is pled. This behavior can be established from the period preceding this lawsuit, as this shows how long this behavior has existed.

27. We suspect that Wilson may have hidden assets gained by his copyright infringement and otherwise obfuscated and commingled assets of his entities. Hiding his assets is pled. Defendant has produced no documents responsive to this request. Due to the nature of defendant's obfuscation of assets, we need a complete response to the request as asked.

28. It is shocking to suggest that defendant has no record whatsoever of what his companies have paid him. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

29. It is shocking to suggest that defendant has no record whatsoever of what his companies have paid him. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

30. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

31. It is shocking to suggest this. He's an owner of officer of each of these entities. He has custody and control of these records, if not physical possession as well.

32. The misapprehension about what "copyright" is, we fear smacks of bad faith. Your re-definition to "the subject Works" is not what was asked. This request is extremely clear, copyright is the nature of this case, and the requested information concerning copyright speaks not only to the defendants' conduct concerning copyright generally, but is fundamental to showing each of the defendants' levels of awareness, willfulness, cognizance, and understanding of copyright infringement. The arbitrary 2023 timeframe is not acceptable. Some of the complained-of infringement dates before 2023.

33. Defendant's invocations of Plaintiff in a negative light were intended to harass Plaintiff. This conduct is a serious indication of willfulness. Unless Defendants are willing to cede the issue of willfulness for all the works, and for all defendants, the conduct of defendants in harassing Plaintiff is very relevant. We need a complete response, not a future discussion of what you would have rather we asked for.

34. Are you sure? We gently remind you that payment of our fees for proving this wrong are mandatory in this district. It seems odd you can be sure about this, yet require a rolling production for other, less complicated requests.

35. Respectfully, you admitted to this. It is not proper to now throw up your hands and pretend that you don't know what it means. The blacklist in question is explicitly included in the claims, is a smoking gun of willfulness, and it's shocking to suggest it isn't relevant. Unless Defendants are willing to cede the issue of willfulness for all the works, and for all defendants, the conduct of defendants in trying to frustrate a lawsuit against their copyright infringement remains important information relevant to a contested issue of material fact.

36. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

37. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

38. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

39. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated. We suspect Wilson may have hidden assets gained by his copyright infringement. Hiding his assets is pled. Hiding assets using cryptocurrency is pled. This behavior can be established from the period preceding this lawsuit, as this shows how long this behavior has existed.

40. We suspect Wilson may have hidden assets gained by his copyright infringement. Hiding his assets is pled. Hiding assets using cryptocurrency is pled. This behavior can be established from the period preceding this lawsuit, as this shows how long this behavior has existed.

41. We suspect Wilson may have hidden assets gained by his copyright infringement. Hiding his assets is pled. Hiding assets using cryptocurrency is pled. This behavior can be established from the period preceding this lawsuit, as this shows how long this behavior has existed.

42. We suspect that Wilson may have paid JG with proceeds from his copyright infringement. We believe that Wilson may have discussed copyright and vulnerabilities of his websites with JG. These conversation records are extremely relevant to willfulness and claims of asset diversion.

43. We suspect that Wilson may have hidden and commingled assets gained by his copyright infringement. Hiding his assets is pled. We believe that, through Thomas Odom, who is involved in the copyright infringement in this case, Wilson may be using Gunspring to hide assets.

44. Records between defendant and his employee (who he indicates is in charge of Dioskouroi, a defendant entity) are extremely relevant to the claims concerning the copyright infringement that defendants and this employee are involved in.

10

45. Records between defendant and his employee about a defendant entity are extremely relevant to the claims concerning the copyright infringement that defendants and this employee are involved in.

46. Records between defendant and his employee about a defendant entity are extremely relevant to the claims concerning the copyright infringement that defendants and this employee are involved in.

47. Records between defendant and his employee about copyright, to include discussions of copyright infringement, are extremely relevant. How can a discussion between you and an employee be privileged?

48. You have produced materials already in discovery that detail a conversation with Sara Westman that seems to have involved the copying of the works at issue. Defendant knows for a fact that these conversations exist, that they discuss the works at issue, and that they are relevant.

49. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

50. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

51. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

52. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

53. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

54. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

55. All of these materials are directly relevant to willfulness. unless Defendants are willing to cede the issue of willfulness for all the works, and for all defendants, the conduct of defendants when talking about these topics remains an important subject of discovery.

56. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

57. Defendant's invocations of Plaintiff's employee were intended to harass Plaintiff, his friends, and his employees. This conduct is a serious indication of willfulness. Unless Defendants are willing to cede the issue of willfulness for all the works, and for all defendants, the conduct of defendants in harassing Plaintiff, Plaintiff's friends, and Plaintiff's employees remains related to an essential and contested question of material fact. The harassment of Plaintiff's employee are already partially in the record. Defendant engaged in a campaign to intimidate and harass Plaintiff's employee, including by sending him death threats, in a failed bid to frighten Plaintiff's employee. Documents relating to this is quite relevant to the issue of willfulness.

58. Defendant's invocations of Plaintiff's friend were intended to harass Plaintiff, his friends, and his employees. This conduct is a serious indication of willfulness. unless Defendants are willing to cede the issue of willfulness for all the works, and for all defendants, the conduct of defendants in harassing Plaintiff, Plaintiff's friends, and Plaintiff's employees remains related to an essential and contested question of material fact.

59. Defendant's invocations of Plaintiff's friend were intended to harass Plaintiff, his friends, and his employees. This conduct is a serious indication of willfulness. unless Defendants are willing to cede the issue of willfulness for all the works, and for all defendants, the conduct of defendants in harassing Plaintiff, Plaintiff's friends, and Plaintiff's employees remains related to an essential and contested question of material fact.

60. Defendant's invocations of Plaintiff's friend were intended to harass Plaintiff, his friends, and his employees. This conduct is a serious indication of willfulness. unless Defendants are willing to cede the issue of willfulness for all the works, and for all defendants, the conduct of defendants in harassing Plaintiff, Plaintiff's friends, and Plaintiff's employees remains related to an essential and contested question of material fact.

61. Defendant's invocations of Plaintiff's unrelated company were intended to harass Plaintiff, his friends, his employees, and harm the company. This conduct is a serious indication of willfulness. unless Defendants are willing to cede the issue of willfulness for all the works, and for all defendants, the conduct of defendants in harassing remains related to an essential and contested question of material fact.

62. Defendant's invocations of Plaintiff's friend were intended to harass Plaintiff, his friends, and his employees. This conduct is a serious indication of willfulness. unless Defendants are willing to cede the issue of willfulness for all the works, and for all defendants, the conduct of defendants in harassing Plaintiff, Plaintiff's friends, and Plaintiff's employees remains related to an essential and contested question of material fact.

63. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

64. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

65. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

66. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

67. How could copies of the work at issue not be relevant to the case? This request clearly speaks to willfulness and knowledge. No narrowing of scope is appropriate. Produce a complete response and privilege log.

68. How could copies of the work at issue not be relevant to the case? This request clearly speaks to willfulness and knowledge. No narrowing of scope is appropriate. Produce a complete response and privilege log.

69. How could copies of the work at issue not be relevant to the case? This request clearly speaks to willfulness and knowledge. No narrowing of scope is appropriate. Produce a complete response and privilege log.

70. How could copies of the work at issue not be relevant to the case? This request clearly speaks to willfulness and knowledge. No narrowing of scope is appropriate. Produce a complete response and privilege log.

71. How could copies of the work at issue not be relevant to the case? This request clearly speaks to willfulness and knowledge. No narrowing of scope is appropriate. produce a privilege log.

73. The request is clear. It asks for evidence that the defense of fair use applies to any of the works at issue. The fact that you don't have this handy to produce for another month is deeply concerning, seeing as you raised it as an affirmative defense.

74. The request is clear. It asks for evidence that the defense of fair use applies to any of the works at issue. The fact that you don't have this handy to produce for another month is deeply concerning, seeing as you raised it as an affirmative defense.

75. Are you sure? Defendants ran advertisements for them, which featured in Defendant's blogs and email blasts. Due to no objections being raised, we must ask what happened to these records.

13

76. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated. It seems odd that any of the Defendant Entities would have access to the personal communications of Defendant Wilson. What Wilson does or does not "have" is not what the rules contemplate. What is in his possession, custody, or control is.

77. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated. It seems odd that any of the Defendant Entities would have access to the personal communications of Defendant Wilson. What Wilson does or does not "have" is not what the rules contemplate. What is in his possession, custody, or control is.

78. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated. It seems odd that any of the Defendant Entities would have access to the personal communications of Defendant Wilson. What Wilson does or does not "have" is not what the rules contemplate. What is in his possession, custody, or control is.

79. We can prove this is untrue. Will you supplement this response?

80. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated. It seems odd that any of the Defendant Entities would have access to the personal communications of Defendant Wilson. What Wilson does or does not "have" is not what the rules contemplate. What is in his possession, custody, or control is.

81. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated. It seems odd that any of the Defendant Entities would have access to the personal communications of Defendant Wilson.

82. Defendant is an officer of DD Foundation LLC. DD Foundation LLC has sworn that it shares profits with Defendant entities in this case. We have claimed that assets are being hidden by defendants, so it should be rather clear why Defendant's role in DD Foundation LLC is relevant.

83. Defendant is an officer of DD Foundation LLC. DD Foundation LLC has sworn that it shares profits with Defendant entities in this case. We have claimed that assets are being hidden by defendants, so it should be rather clear why Defendant's role in DD Foundation LLC is relevant.

84. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

85. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

86. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

87. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

88. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

89. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

90. Nothing about "your employees" is unintelligible, as you understood the term in  RFP 89. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

91. Nothing about "your employees" is unintelligible, as you understood the term on RFP 89. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

92. Defendant's interactions with Nathan Mayer were intended to harass Plaintiff, his friends, and his employees. This conduct is a serious indication of willfulness. unless Defendants are willing to cede the issue of willfulness for all the works, and for all defendants, the conduct of defendants in harassing Plaintiff, Plaintiff's friends, and Plaintiff's employees remains related to an essential and contested question of material fact.

93. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated. The information requested to suspected to be related to a server and computer infrastructure which Defendants used to carry out their copyright infringement.

94. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

95. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

96. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

97. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

98. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

99. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

100. We suspect that Wilson may have hidden assets gained by his copyright infringement generally. hiding his assets is pled. This behavior can be established from the period preceding this lawsuit, as this shows how long this behavior has existed. Additionally, any money he commingled or made from his infringement is relevant to this case.

101. We suspect that Wilson may have hidden assets gained by his copyright infringement generally. hiding his assets is pled. This behavior can be established from the period preceding this lawsuit, as this shows how long this behavior has existed. Additionally, any money he commingled or made from his infringement is relevant to this case.

102. We suspect that Wilson may have hidden assets gained by his copyright infringement generally. hiding his assets is pled. This behavior can be established from the period preceding this lawsuit, as this shows how long this behavior has existed. Additionally, any money he commingled or made from his infringement is relevant to this case.

103. We suspect that Wilson may have hidden assets gained by his copyright infringement generally. hiding his assets is pled. This behavior can be established from the period preceding this lawsuit, as this shows how long this behavior has existed. Additionally, any assets he commingled or gained from his infringement is relevant to this case.

104. We suspect that Wilson may have hidden assets gained by his copyright infringement generally. hiding his assets is pled. This behavior can be established from the period preceding

this lawsuit, as this shows how long this behavior has existed. Additionally, any money he commingled or made from his infringement is relevant to this case.

105. We suspect that Wilson may have hidden assets gained by his copyright infringement generally. hiding his assets is pled. This behavior can be established from the period preceding this lawsuit, as this shows how long this behavior has existed. Additionally, any money or assets he commingled or made from his infringement is relevant to this case.

106. We suspect that Wilson may have hidden assets gained by his copyright infringement generally. hiding his assets is pled. This behavior can be established from the period preceding this lawsuit, as this shows how long this behavior has existed. Additionally, any money or assets he commingled or made from his infringement is relevant to this case.

107. We suspect that Wilson may have hidden assets gained by his copyright infringement generally. hiding his assets is pled. This behavior can be established from the period preceding this lawsuit, as this shows how long this behavior has existed. Additionally, any money or assets he commingled or made from his infringement is relevant to this case.

108. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

109. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

110. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated. How could it be possible that these companies were actually the ones reaching out to journalists, independent of Wilson? Especially where Wilson has previously produced some such documents?

111. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated. How could it be possible that these companies were actually the ones reaching out to journalists, independent of Wilson? Especially where Wilson has previously produced some such documents?

112. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated. How could it be possible that these companies were actually the ones reaching out to journalists, independent of Wilson? Especially where Wilson has previously produced some such documents?

113. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control,

17

and must be produced, and if they are not, must be definitely stated. How could it be possible that these companies were actually the ones reaching out to journalists, independent of Wilson? Especially where Wilson has previously produced some such documents?

114. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

Please indicate your willingness to fix these deficiencies by October 31, 2025, or we will have no choice but to move the Court to compel better responses. We look forward to hearing from you. Thanks.

Sincerely,

Zachary Z. Zermay, Esq.
**ZERMAY LAW, P.A.**
e-Mail: zach@zermaylaw.com
Telephone: (305) 767-3529

18



# ZERMAY LAW, P.A.

3000 Coral Way, Suite 1115
Coral Gables, Florida 33145
Telephone: (305) 767-3529
Facsimile: (844) 894-6204
e-Mail: zach@zermaylaw.com

Zachary Z. Zermay, Esq.
e-Mail: zach@zermaylaw.com

October 29, 2025

**VIA EMAIL ONLY**

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
Leia V. Leitner, Esq.
*Leia.Leitner@wilsonelser.com*
Amaris Gyebi, Esq.
*Amaris.Gyebi@wilsonelser.com*
Jura C Zibas, Esq.
*Jura.Zibas@wilsonelser.com*

**FLORES LAW PLLC**
Chad Flores, Esq.
*cf@chadflores.law*

> Re:  *Larosiere v. Wilson, et al.*: Case No.: 6:24-cv-01629-WWB-LHP:
> Discovery Dispute

Dear Counsel:

I have reviewed your email of October 29, 2025 that was transmitted on or about 7:18 P.M. eastern standard time in which you state that you had received my "18-page meet-and-confer letter regarding Plaintiff's substantive issues with Defendants' discovery responses/objections to Plaintiff's discovery demands" and your contention that Friday October 31, 2025 is "not [*sic*] feasible to discuss these issues." We disagree. Your email attempting to punt a discussion regarding your clients' flagrant discovery violations, which have been thoroughly explained in the letter that I transmitted, is not well taken. And the issue is very much ripe for discussion as you admitted shortly before your email of 7:18 P.M. when you wrote:

> We are happy to address Plaintiff's concerns with Defendants' discovery responses to Plaintiff's discovery responses on Friday; however, to make this an efficient and productive meeting, please identify the specific Defendants' requests/interrogatories numbers (aside from RFP Nos. 89, 90, and 91) that you are referring to below so that we can determine whether the Defendants are supplementing or amending these responses to resolve these issues between the parties.

1

Your clients knew about their discovery obligations thirty days ago. Your clients elected to produce nothing, not even evidence of the affirmative defenses that they pled. We fear that the responses we have received were drafted in bad faith, such that responsive materials would be kept unavailable to Plaintiff until after the date of Defendant Wilson's deposition.

At the very least, we insist on discussing these four topics at the conference of October 31, 2025. The first two represent complete defiance of Rule 34, specifically Rule 34(a)(1). The third deals with a bad faith "interpretation" of what copyright means. Defendant Wilson literally wrote a manifesto detailing the aspects of his copyright infringement. What we seek when asking about copyright is very clear. If he's willing to admit to every aspect of willful copyright infringement publicly, it's very reasonable to suspect that there are further materials to this effect in his possession, custody, or control. Finally, we would like to discuss that refusing to produce anything because you know you have identified the responsive materials we seek, but desire to "narrow" our question before you turn them over is wholly inappropriate. Nothing in Rule 34(b)(2) suggests that you may withhold responsive materials in the hope that a meeting with us at some point in the future might allow you to get us to narrow our requests. This is especially concerning considering we are now attempting to meet and confer with you about these very things, and you are indicating that you are unable to meet about them. We must at least discuss the following:

1. Saying that Wilson does not have things "in his individual capacity" to avoid production or answer is not supportable by the rules. Saying that any request to Wilson would be "better directed" to a company that Wilson owns is improper. The rules enable access to any material in his possession, custody, or control. He is an officer and owner of the corporate co-defendants. The requested information, documents, *etc.* are in his custody and control, or he is knowledgeable about them. This issue is present in over half of the responses, and we fear it may be calculated to frustrate discovery.

2. Several times, you indicate that Wilson doesn't "have" documents, without touching on the relevant questions of control or custody, nor the required diligent search. Several times, we fear you confuse the standard as being one where production only applies to items that are in possession, custody, AND control. In fact, each time the "AND" connector (which is not in the rules) would be most useful to you, it is present in your response, compared to the fifty-plus times your responses use the correct "OR" connector. These errors must be corrected without delay. The fact that the overwhelming majority of your responses cite the rule correctly, but whenever production of documents is avoided, they are re-written, gives us concern that this was done intentionally. Whether it was inadvertent or intentional, this must be corrected immediately.

3. Your assertion that "copyright" is "an undefined term." This is not a proper objection, as you know, words are to be given their ordinary meaning. Copyright does not mean "only the works at issue". Defendants' discussion of copyright will speak not only to willfulness of their infringement, but their relevant levels of awareness of copyright infringement, their reactions to and understanding of the infringement, and who and what factors drove the defendants to conduct themselves as they have. We fear the assertion that you are confused as to what "copyright" means may be an attempt to arbitrarily narrow the scope of the question and risks obfuscating this extremely relevant material. Given Mr. Wilson wrote a manifesto detailing his contempt for copyright, and detailed the aspects of his

infringement as to at least one of Plaintiff's works in said manifesto, documents and communications in his possession concerning the subject are clearly relevant to the question of willfulness. Unless you are willing to cede that all infringement was completely willful on behalf of all Defendants, and that each Defendant was completely aware of the infringement, and that they all did it anyway, and that it was at the direction of Defendant Wilson that the corporate defendants intentionally engaged in this infringement, the information sought must be provided as requested.

4. In many responses, you indicate a desire to "meet and confer" about a "narrowing" of questions. We are confused, as this is not how we understand the discovery process works. It is our understanding that you must provide complete answers, subject to objection where appropriate, to the questions asked. Trying in good faith, we could not identify a single instance where this response was proper. We fear that these responses are calculated to cause delay. Each time this was asserted, the question was unambiguous. We need complete responses to the questions we asked 30 days ago, not a future conference about the questions you would have preferred we asked.

It is unacceptable for your clients not to have prepared these materials over the past 30 days in the hope that they could withhold them until after Mr. Wilson's deposition date. As such, if your clients fail to meet their discovery obligations, we will move to compel complete responses, will need to confer regarding sanctions given the manifest Rule 34 violations and how they forced us to reschedule and delay Mr. Wilson's deposition, and will need to schedule a conference of counsel regarding the need to reschedule Mr. Wilson's deposition until your clients meet their obligations under Rule 34.

We look forward to hearing from you. Thanks.

Sincerely,

Zachary Z. Zermay, Esq.
**ZERMAY LAW, P.A.**
e-Mail: zach@zermaylaw.com
Telephone: (305) 767-3529

3