# COMPOSITE EXHIBIT E

## Leitner, Leia V.

| | |
|---|---|
| **From:** | Leitner, Leia V. |
| **Sent:** | Friday, November 7, 2025 9:30 AM |
| **To:** | Zachary Zermay |
| **Cc:** | Geraldine Phillips; Chad Flores; Gyebi, Amaris; Zibas, Jura C.; Kujawski, Cheryl A. |
| **Subject:** | Case 6:24-cv-01629-WWB-LHP; Larosiere v. Wilson - Good Faith Letter regarding Defendant's Motion for Protective Order |
| **Attachments:** | 2025.11.07 - Letter re Meet and Confer on Motion Protective Order on Deposi(323769193.1).pdf |

Dear Mr. Zermay:

Attached, please find a letter memorializing the parties' meet and confer conference on November 5, 2025, at 10:00 a.m. EST regarding Defendants' Motion for Protective Order. As discussed, we have outlined the topics we are requesting to avoid at Mr. Wilson's deposition on November 14, 2025, because they are outside the scope of the claims and defenses in this lawsuit, pursuant to Fed. R. Civ. P. 26(b)(1).

Thus, please let us know Plaintiff's position on (i) stipulating to limit the deposition questions to the claims and defense as required under Rule 26(b)(1), which requires avoiding the topics outlined in the attached letter; or,(2) if Plaintiff does not agree to such stipulation, whether Plaintiff is opposed or unopposed to Mr. Wilson's protective order by **12:00 p.m. (noon) on Monday, November 10, 2025.**

Thank you,

Leia V. Leitner
Attorney At Law
Wilson Elser Moskowitz Edelman & Dicker LLP
111 North Orange Avenue Suite 1200
Orlando, FL 32801
407.423.7287 (Direct)
407.973.2111 (Cell)
407.203.7599 (Main)
407.648.1376 (Fax)
leia.leitner@wilsonelser.com





November 7, 2025

**Leia V Leitner**
407.423.7287 (direct)
407.973.2111 (mobile)
Leia.Leitner@wilsonelser.com

VIA Email: zach@zermaylaw.com
Zachary Zermay
Zermay Law
3000 Coral Way, Suite 1115,
Coral Gables, FL 33145

      Re:  *Matthew Larosiere v. Cody Wilson, et. al.*
            Case No. 6:24-cv-01629-WWB-LHP
            Motion for Protective Order – Meet and Confer regarding Cody
            Wilson's Deposition, noticed on November 14, 2025, at 10:00 a.m.

Dear Mr. Zermay:

      This is to memorialize the parties' meet-and-confer conference on November 5, 2025, at 10:00 a.m. EST via Zoom, regarding Defendants' request to stipulate on certain topics at Cody Wilson's deposition, in his individual capacity, to limit them to the claims and defenses in the above-styled cause, pursuant to the M.D. Fla. Local Rule 3.01(g) and Federal Rule of Civil Procedure 26(b)(1)(requiring the scope of discovery to be limited to the party's claims and or defenses), scheduled on November 14, 2025, at 10:00 a.m. EST. As currently framed, several topics seek discovery concerning the separately filed Complaint in the Southern District of Florida titled *Defense Distributed, et. al. v. John Elik, et. al.,* Case No. 9:25-cv-81197-DMM ("RICO Complaint"), and a previously dismissed counterclaim[1] that is not part of the operative pleadings or the claims and defenses remaining in this action. Because those topics are outside the scope of Rule 26(b)(1) and impose undue burden and expense, we request that you prohibit discussing the topics for the RICO Complaint and dismissed counterclaim. In the absence of a resolution, we will move for a protective order under Rule 26(c). *See* Fed. R. Civ. P. 26(c)(1) ("a protective order may forbid inquiry into certain matters or limit the scope of disclosure or discovery to certain matters.").

      First, the scope of permissible discovery is limited to nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Topics directed to the

---

[1] It is important to note that Plaintiff served discovery demands concerning the RICO Complaint and the dismissed Counterclaim on September 28, 2025 – which, was propounded *after* the RICO Complaint was filed in the Southern District of Florida, and the Counterclaim was dismissed. *See* Docs. 123, 129.

111 North Orange Avenue, Suite 1200 | Orlando, FL 32801 | p 407.203.7599 | f 407.648.1376 | wilsonelser.com

Albany, NY | Atlanta, GA | Austin, TX | Baltimore, MD | Birmingham, AL | Boston, MA | Charlotte, NC | Chicago, IL | Dallas, TX | Denver, CO | Detroit, MI | Long Island, NY
Hartford, CT | Houston, TX | Indianapolis, IN | Jackson, MS | Las Vegas, NV | London, England | Los Angeles, CA | Louisville, KY | Madison, NJ | McLean, VA | Merrillville, IN
Miami, FL | Milwaukee, WI | Nashville, TN | New Orleans, LA | New York, NY | Orange County, CA | Orlando, FL | Philadelphia, PA | Phoenix, AZ | Portland, OR | Raleigh, NC
San Diego, CA | San Francisco, CA | Sarasota, FL | Seattle, WA | Stamford, CT | St. Louis, MO | Tyler, TX | Washington, DC | West Palm Beach, FL | White Plains, NY

323769193v.1

RICO Complaint that are not at issue here, as well as a dismissed counterclaim, do not bear on the remaining claims and defenses and therefore fall outside Rule 26(b)(1). The Court's dismissal of the counterclaim forecloses discovery into those theories; they cannot be used to expand discovery beyond the operative issues. Likewise, inquiries into alleged racketeering schemes, predicate acts, enterprise structure, mail/wire fraud, pattern, and other RICO-specific elements have no reasonable nexus to the pleaded claims and defenses. They would only invite diversion into collateral matters.

Second, several topics, as drafted in Plaintiff's discovery demands to Mr. Wilson, in his individual capacity, seek information regarding Mr. Wilson's broad personal and financial asset-finding information (*see e.g.* Interrogatories Nos. 1–7) untethered to the issues raised in the First Amended Complaint, *see e.g., generally,* Doc. 43, seek highly sensitive personal and third-party data (*see e.g.,* RFPs 1–3, 22–27, 87–99, 100–107); sweeping demands for communications with investigators/journalists/professionals bitcoin histories, corporate governance policies at upload-time, exhaustive uploader/reviewer/approver/editor identities with PII, technical logs and IP/browser data (*see e.g.,* RFPs 10–18, 28–31, 39–47, 82–86, 92–97); and forensic images of Wilson's personal and business devices (*see e.g.,* RFPs 49, 66–72) are vastly overbroad, and invade nonparty privacy interests, and demand device-level discovery without predicate or proportionality to the claims raised in this action. *See id.* These formulations are not reasonably particular and are incapable of consistent interpretation or preparation. They also risk intruding into privileged material and work product, particularly where they demand identification of legal theories or counsel communications under the guise of "investigations" or "strategies" relating to RICO or the dismissed counterclaim (*see e.g.,* Requests for Admission 1–13).

To facilitate resolution, we propose the following:

1. The parties stipulate that deposition questions will be limited to matters relevant to the claims and defenses outlined in the operative complaint and answers, excluding topics directed to any RICO complaint or the dismissed counterclaim, including but not limited to the following:
   - Enterprise formation or operation, predicate acts, pattern, or damages theories unique to RICO;
   - Any mention of the "FEDCAD" meme – a graphic stating "FRIENDS DON'T LET FRIENDS USE FED CAD";
   - DEFCAD's customer identities and other personal information;
   - Counter-Defendants: John Elik, Alexander Holladay, Peter Celentano, Josh Kiel Stroke (aka "Zona"), John Lettman, and any involvement with the publication of the FEDCAD meme on Reddit, Twitter, (X), Facebook, and other social media forums in commercial contexts that direct users to TheGatalog.com;
   - Non-parties: Barret Collier and Eric Goldhaber;
   - DEFCAD is being hacked, its data is dumped, and hosted in Iran;
   - DD Foundation LLC purpose/ownership changes;
   - Mr. Wilson's crypto wallets since 2018, all real estate since 2016, aliases, residential addresses;
   - Communications with investigators/journalists/professionals concerning the

WILSON ELSER
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

Mr. Zermay
November 7, 2025
Page 3

    Counter-Defendants;

- Any topics concerning Mr. Wilson's entities that are non-parties, including, but not limited to: Gunspring, LLC, Federal Consolidated, LLC, DD Foundation, LLC, Coast Runner, Inc., Ghost Gunner, Inc., UPLSN, Inc., Zero Percent Arms, LLC and The Glen Rose Library Company.
- Any topics concerning the anticipation of litigation, beliefs about copyright-notice removal, license interpretations, absence of signed authorizations, and pre-suit discussions with individuals untethered to the subject copyright registrations.

2. For any remaining topics arguably touching on areas previously linked to the dismissed counterclaim, you provide a narrowed articulation that ties the inquiry to a specific, live claim or defense, with a defined time period, custodians reasonably limited to those with unique knowledge, and terms sufficiently particular to permit preparation.

3. The parties agree that no witness preparation will be required on topics falling outside the scope of Rule 26(b)(1) as set forth above, and that objections on relevance and proportionality grounds will be preserved and not deemed waived.

If we do not reach an agreement, we intend to seek a protective order under Rule 26(c) limiting the deposition to the claims and defenses in the operative pleadings and excluding inquiries into RICO or the dismissed counterclaim. In that event, we will also request appropriate relief regarding costs and fees associated with addressing these overbroad topics.

Thus, please let us know Plaintiff's position on (i) stipulating to limit the deposition questions to the claims and defense as required under Rule 26(b)(1), which requires avoiding the topics outlined above; or (2) whether Plaintiff is opposed or unopposed to Mr. Wilson's protective order by **12:00 p.m. (noon) on Monday, November 10, 2025**.  Thank you.

Regards,

Wilson Elser Moskowitz Edelman & Dicker LLP


*/s/ Leia V. Leitner*
Leia V. Leitner

Enclosure
    1.  RICO Complaint

323769193v.1

**Leitner, Leia V.**

| | |
|---|---|
| **From:** | Leitner, Leia V. |
| **Sent:** | Friday, November 7, 2025 11:43 AM |
| **To:** | 'Zachary Zermay' |
| **Cc:** | Geraldine Phillips; Chad Flores; Gyebi, Amaris; Zibas, Jura C.; Kujawski, Cheryl A. |
| **Subject:** | RE: Case 6:24-cv-01629-WWB-LHP; Larosiere v. Wilson - Good Faith Letter regarding Defendant's Motion for Protective Order |

Thank you for your response below.

We will make sure that Plaintiff's position is noted accordingly in the Motion.

Regards,

Leia V. Leitner
Attorney At Law
Wilson Elser Moskowitz Edelman & Dicker LLP
111 North Orange Avenue Suite 1200
Orlando, FL 32801
407.423.7287 (Direct)
407.973.2111 (Cell)
407.203.7599 (Main)
407.648.1376 (Fax)
leia.leitner@wilsonelser.com

 

**From:** Zachary Zermay <zach@zermaylaw.com>
**Sent:** Friday, November 7, 2025 11:40 AM
**To:** Leitner, Leia V. <Leia.Leitner@wilsonelser.com>
**Cc:** Geraldine Phillips <info@zermaylaw.com>; Chad Flores <cf@chadflores.law>; Gyebi, Amaris <Amaris.Gyebi@wilsonelser.com>; Zibas, Jura C. <Jura.Zibas@wilsonelser.com>; Kujawski, Cheryl A. <Cheryl.Kujawski@wilsonelser.com>
**Subject:** Re: Case 6:24-cv-01629-WWB-LHP; Larosiere v. Wilson - Good Faith Letter regarding Defendant's Motion for Protective Order

> EXTERNAL EMAIL - This email was sent by a person from outside your organization. Exercise caution when clicking links, opening attachments or taking further action, before validating its authenticity.

Ms. Leitner, thank you for your letter. As we discussed on the 5th, Mr. Wilson's removal of copyright notices, his knowledge that he was infringing other individuals copyrights, his use of his corporations and alter ego theory, asset diversion and commingling, and his targeted harassment of Plaintiff and his friends such as through repeatedly hiring private investigators, and many others of the points you suggest beyond the scope, are all very relevant to our claims, especially willfulness. We cannot agree to this. You may represent that we oppose the requested relief. Thanks.

Sincerely,

1

Zachary Z. Zermay, Esq.

**Zermay Law**
P (305) 767-3529 | W zermaylaw.com | E zach@zermaylaw.com |
A 3000 Coral Way, Suite 1115, Coral Gables, FL 33145



On Fri, Nov 7, 2025 at 9:29 AM Leitner, Leia V. <Leia.Leitner@wilsonelser.com> wrote:

> Dear Mr. Zermay:
>
> Attached, please find a letter memorializing the parties' meet and confer conference on November 5, 2025, at 10:00 a.m. EST regarding Defendants' Motion for Protective Order. As discussed, we have outlined the topics we are requesting to avoid at Mr. Wilson's deposition on November 14, 2025, because they are outside the scope of the claims and defenses in this lawsuit, pursuant to Fed. R. Civ. P. 26(b)(1).
>
> Thus, please let us know Plaintiff's position on (i) stipulating to limit the deposition questions to the claims and defense as required under Rule 26(b)(1), which requires avoiding the topics outlined in the attached letter; or,(2) if Plaintiff does not agree to such stipulation, whether Plaintiff is opposed or unopposed to Mr. Wilson's protective order by **12:00 p.m. (noon) on Monday, November 10, 2025.**
>
> Thank you,
>
> Leia V. Leitner
> Attorney At Law
> Wilson Elser Moskowitz Edelman & Dicker LLP
> 111 North Orange Avenue Suite 1200
> Orlando, FL 32801
> 407.423.7287 (Direct)
> 407.973.2111 (Cell)
> 407.203.7599 (Main)
> 407.648.1376 (Fax)
> leia.leitner@wilsonelser.com
>
>  
>
> ```
> IMPORTANT NOTICE: Beware of Cyber Fraud.
> You should NEVER wire money to any bank account that Wilson Elser
> Moskowitz Edelman & Dicker LLP provides to you either in the body
> ```

of this or any email or in an attachment without first speaking
with the attorney in our office who is handling your transaction.
Further, DO NOT accept emailed wire instructions from anyone else
without voice verification. Even if an email looks like it has come
from this office or someone involved in your transaction,
CALL US FIRST AT A NUMBER YOU KNOW TO BE CORRECT FOR THIS OFFICE
to verify the information before wiring any money.
Failure to do so is at your own risk.
Be particularly wary of any request to change wire instructions
you have already received.

CONFIDENTIALITY NOTICE: This electronic message is intended to be
viewed only by the individual or entity to whom it is addressed.
It may contain information that is privileged, confidential and
exempt from disclosure under applicable law. Any dissemination,
distribution or copying of this communication is strictly prohibited
without our prior permission. If the reader of this message is not
the intended recipient, or the employee or agent responsible for
delivering the message to the intended recipient, or if you have
received this communication in error, please notify us immediately by
return e-mail and delete the original message and any copies of it
from your computer system.

For further information about Wilson, Elser, Moskowitz, Edelman &
Dicker LLP, please see our website at www.wilsonelser.com or refer to
any of our offices.

Thank you.