UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW LAROSIERE

    Plaintiff,

vs.                                    Case No:  6:24-CV-01629-AGM-LHP

CODY RUTLEDGE WILSON, DEFCAD, INC.,
DEFENSE DISTRIBUTED and
DIOSKOUROI LLC,

    Defendants.
_____/

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF LAROSIERE'S MOTION TO OVERRULE MERITLESS OBJECTIONS AND COMPEL COMPLETE RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION**

Defendants CODY RUTLEDGE WILSON, DEFCAD, INC., and DEFENSE DISTRIBUTED ("Defendants"), request that the Court deny Plaintiff's MATTHEW LAROSIERE ("Plaintiff") Motion to Compel because it is (i) procedurally deficient and unsupported by authority; and (ii) the Plaintiff failed to have a substantive conversation regarding the Defendants' specific discovery requests at issue, as required under Local Rule 3.01(g) before filing the instant Motion.

First, the Motion to Compel fails to identify any specific discovery request at issue, does not set forth the particular objections purportedly challenged, and cites no controlling case law demonstrating why Defendants' objections should be overruled. Here, the Plaintiff generally referenced each of the Defendants' responses and objections to each request, without stating the specific requests in dispute or citing the relevant case law that would support overruling these objections. Instead, Plaintiff simply stated the following as

1

reasons for complete answers, responses, or to overrule the objections: "[i]t is shocking to suggest this," or "[a]re you sure?" Then, Plaintiff failed to have a meaningful discussion regarding the specific requests or provide Defendants time to supplement responses to resolve the parties' discovery dispute before filing the Motion to Compel. This failure is alone sufficient grounds for denial without prejudice, and the Court should require Plaintiff to meet and confer in good faith before refiling the Motion to Compel. Attached as **Composite Exhibit "A"** are true and accurate copies of the parties' correspondence discussing Defendants' responses and objections to Plaintiff's discovery requests.

Further, a motion to compel should specify the discovery requests at issue, the responding party's objections, and the legal and factual basis for compelling further responses. Plaintiff's motion provides none of this detail. It does not quote the contested requests and responses, does not describe any particular deficiency, and offers no argument tailored to any discrete objection such as relevance, burden, proportionality, privilege, or confidentiality. The failure to present a targeted dispute deprives the Court of the ability to adjudicate the Motion to Compel. Thus, the Motion to Compel unfairly prejudices Defendants, who cannot meaningfully respond to vague and generalized accusations.

The absence of supporting case law or rule-based analysis renders the motion insufficient on the merits. Defendants' objections—including those based on relevance and proportionality—are well grounded, particularly given the breadth of Plaintiff's requests and the burden and cumulative nature of the information sought appear to seek information for a separately filed RICO Complaint filed in the Southern District of Florida and the dismissed Counterclaim, *see* Docs. 125 and 129, which are outside the scope of

2

the claims and defense in this case. *See* Fed. R. Civ. P. 26(b)(1). Without specific requests and a tailored argument, the Court cannot assess proportionality or fashion appropriate relief. *Id.*

For the foregoing reasons, Defendants respectfully request that the Court deny the Motion without prejudice and order the parties to meet and confer to identify specific requests in dispute, articulate the bases for any remaining objections, consistent with the rules and the Court's procedures.

Dated: November 10, 2025           Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN& DICKER LLP**

By:   *s/Leia V. Leitner*
      Leia V. Leitner
      Florida Bar No: 105621
      111 North Orange Avenue
      Suite 1200
      Orlando, FL 32801
      Telephone: 407-423-7287
      Facsimile: 407-648-1376
      Leia.Leitner@wilsonelser.com
      Cheryl.Kujawski@wilsonelser.com

      Jura C. Zibas
      Florida Bar No: 124571
      Amaris C. Gyebi, Esq.
      Florida Bar No: 1019361
      2063 Main Street - Suite 100
      Sarasota, FL 34237
      Telephone: 941-866-8561
      Facsimile: 941-210-5979
      Jura.Zibas@wilsonelser.com
      Amaris.Gyebi@wilsonelser.com
      Cheryl.Kujawski@wilsonelser.com

      *Co-Counsel for Defendants*
      *Cody Rutledge Wilson*
      *DEFCAD, Inc. and Defense Distributed*

323848038v.2

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 10th day of November, 2025, a true and correct copy of the foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF E-Filing Portal, which will serve an electronic copy of the foregoing on the following: Zachary Z. Zermay, Esq., Florida Bar No: 1002905; Zermay Law, P.A., *Counsel for Plaintiff*, 1200 Fourth Street, #1102, Key West, Florida 33040; Telephone: 305-767-3529; Zach@Zermaylaw.com and info@Zermaylaw.com; Charles (Chad) Flores, Esq., Flores Law PLLC, *Counsel for Defendants, Cody Rutledge Wilson, DEFCAD, Inc., Defense Distributed and Dioskouroi LLC,* 917 Franklin Street, Suite 600, Houston, Texas 77002, Telephone: 713-364-6440, CF@ChadFlores.law; chad-flores-7646@ecf.pacerpro.com and service@chadflores.law.

             *s/Leia V. Leitner*
             Leia V. Leitner

323848038v.2