# COMPOSITE

# EXHIBIT A

**Leitner, Leia V.**

| | |
|---|---|
| **From:** | Zachary Zermay <zach@zermaylaw.com> |
| **Sent:** | Wednesday, October 29, 2025 6:42 PM |
| **To:** | Leitner, Leia V. |
| **Cc:** | Chad Flores; Zibas, Jura C.; Gyebi, Amaris; Geraldine Phillips; Kujawski, Cheryl A. |
| **Subject:** | Re: Case 6:24-cv-01629-WWB-LHP Larosiere v. Wilson - Good Faith Letter regarding Plaintiff's outstanding discovery issues |
| **Attachments:** | 10.29.2025_Meet_and_Confer.pdf |

EXTERNAL EMAIL - This email was sent by a person from outside your organization. Exercise caution when clicking links, opening attachments or taking further action, before validating its authenticity.

Hello Ms. Leitner and fellow counsel,

As you know, you served primarily objection-only responses to Plaintiff's discovery requests. We are disappointed given the timing, as this threatens to frustrate our deposition of Mr. Wilson next month. We are not suggesting that was your intention, but we certainly need to resolve at least some of these issues immediately.

On that, we need to discuss a motion to compel complete responses to Plaintiff's discovery requests. We can cover this in as much detail as you feel needed during our Friday conference.

In the interest of transparency, and as an olive branch, we want to clearly articulate the issues we have with Mr. Wilson's and Defcad's discovery responses. There are fifteen categories of issue, which we identify separately in the attached document. For your convenience, each of the referenced responses has one or more of the following issue:

Repeated issues:

1. Saying that Wilson does not have things "in his individual capacity" to avoid production or answer is not supportable by the rules. Saying that any request to Wilson would be "better directed" to a company that Wilson owns is improper. The rules enable access to any material in his possession, custody, or control. He is an officer and owner of the corporate co-defendants. The requested information, documents, etc are in his custody and control, or he is knowledgeable about them. This issue is present in over half of the responses, and we fear it may be calculated to frustrate discovery.

2. Assertions of "irrelevance" to the copyright claims. As you know, discoverable information is broader than admissible information. We have clearly claimed that defendants are engaged in hiding assets and proceeds from their infringement. Establishing this pattern of behavior speaks to the willfulness of this conduct, as well as the willfulness of the copyright infringement itself. We have articulated a belief that real estate, cryptocurrency, regular currency, and other assets are commingled to hide assets. We have articulated a belief that Defendant Wilson has involved certain individuals in his scheme to hide assets. It is not proper to refuse to produce records and materials which are clearly relevant to this disputed claim, unless you are willing to cede this topic unconditionally. We have further claimed that Defendants operate as alter-egos. It is not proper to refuse to produce records and materials which are clearly relevant to this claim, including any that deal with assets of any of the defendants, unless you are willing to cede the alter-ego allegations unconditionally.

3. Your assertion that "copyright" is "an undefined term." This is not a proper objection, as you know, words are to be given their ordinary meaning. Copyright does not mean "only the works at issue". Defendant's discussion of copyright will speak not only to willfulness of their infringement, but their relevant levels of awareness of copyright infringement, their reactions to and understanding of the infringement, and who and what factors drove the defendants to conduct themselves as they have. We fear the assertion that you are confused as to what "copyright" means may be an attempt to arbitrarily narrow the scope of the question and risks obfuscating this extremely relevant material. Given Mr. Wilson wrote a manifesto detailing his contempt for copyright, and detailed the aspects of his infringement as to at least one of Plaintiff's works in said manifesto, documents and communications in his possession concerning the subject are clearly relevant to the question of willfulness. Unless you are willing to cede that all infringement was completely willful on behalf of all defendants, and that each defendant was

completely aware of the infringement, and that they all did it anyway, and that it was at the direction of Defendant Wilson that the corporate defendants intentionally engaged in this infringement, the information sought must be provided as requested.

4. Several times, you indicate that Wilson doesn't "have" documents, without touching on the relevant questions of control or custody, nor the required diligent search. Several times, we fear you confuse the standard as being one where production only applies to items that are in possession, custody, AND control. In fact, each time the "AND" connector (which is not in the rules) would be most useful to you, it is present in your response, compared to the fifty-plus times your responses use the correct "OR" connector. These errors must be corrected without delay. The fact that the overwhelming majority of your responses cite the rule correctly, but whenever production of documents is avoided, they are re-written, gives us concern that this was done intentionally. Whether it was inadvertent or intentional, this must be corrected immediately.

5. Several times, you object for relevance, or to say that a request somehow only pertains to the dismissed counterclaims, or to say that information concerning a 3rd-party is sought. As you know, these are not code compliant responses. We have claimed that defendants' copyright infringement is willful. The dismissal of the counterclaims, absent any explanation, and immediate re-filing in a neighboring district signals to us that they were intended to harass Plaintiff, his friends, and his employees. The purpose of this harassment is clear: to frustrate Plaintiff's attempt to recover damages against defendants. The nature of this harassment speaks directly to the question of willfulness. The extent of this harassment, to include hiring private investigators to stalk and intimidate members of Plaintiff's family and family members of Plaintiff's friends, to include a campaign to dox and harass Plaintiff's friends, to include hounding journalists to harass Plaintiff and his friends, to further include the death threats that defendants mailed to Plaintiff's friend and employee, are very relevant to the question of willfulness, and the extents to which defendants would go to protect his scheme to infringe on copyright, hide his assets, and frustrate attempts to hold them accountable. Unless you are willing to cede that all defendants were engaged in a pattern of behavior to dox, intimidate, harass, threaten, and otherwise frustrate Plaintiff and his friends and employees, all with the aim of getting away with willful copyright infringement, the requested information remains essential to the needs of the case and must be provided without delay.

6. We are surprised you failed to produce evidence of your affirmative defenses. Can you explain why it would take over two months for you to be able to produce evidence of defenses that you raised a year ago?

7. We are surprised you failed to produce any records of monies or other assets which Defendant Wilson has received from his companies. Are these records deleted? It seems very unlikely that Wilson wouldn't have a single record, such as his tax returns, that would indicate something along these lines.

8. With evidence previously provided by Defendants, we can prove that Wilson's response to RFP 79 is incorrect. We know for a fact that Wilson and Odom had a series of conversations concerning how to react to and find copyright notices that Plaintiff had put in his works. Are you certain of your response?

9. DD Foundation LLC has claimed in the DD v Elik case, which you are aware of, that it "shares profits" with Defcad and Defense Distributed. As such, it is odd for Defendants to assert that DD Foundation LLC is an unrelated entity. This is especially concerning because defendant Wilson has admitted to being an officer of DD Foundation LLC, he exerts control over DD Foundation LLC, and we have claimed that asset diversion is a factor in this case. Because DD Foundation LLC has indicated voluntarily that it sees profits made by Defcad's copyright infringement, our requests concerning DD Foundation LLC, including the corporate restructuring that it undertook following the initiation of this lawsuit, must be answered completely.

10. In some responses, you clearly understand what "your employees" means (see RFP 89). In others, (see RFP 90-91), you claim you don't understand what "your employees" means. We fear this is disingenuous, as Mr. Wilson has previously responded to questions concerning his employees without question, and through the course of this litigation, frequently refers to "his" employees. These responses are clearly inadequate.

11. In several responses, you decline to provide records pertaining to server and computer infrastructure. It is clearly claimed that Defcad has used servers and computer infrastructure to carry out their copyright infringement. We believe that defendants may have convinced themselves that carrying out this copyright infringement using servers that they rent, as opposed to own directly, or that if the servers are in certain jurisdictions, they won't be liable. Unless defendants are all willing to cede that they did carry out copyright infringement, and that details about the servers and computer infrastructure that they used to carry out copyright infringement do not give them any defense or "wiggle room" as to their copyright infringement, complete responses to these questions are required.

2

12. In many responses, you indicate a desire to "meet and confer" about a "narrowing" of questions. We are confused, as this is not how we understand the discovery process works. It is our understanding that you must provide complete answers, subject to objection where appropriate, to the questions asked. Trying in good faith, we could not identify a single instance where this response was proper. We fear that these responses are calculated to cause delay. Each time this was asserted, the question was unambiguous. We need complete responses to the questions we asked 30 days ago, not a future conference about the questions you would have preferred we asked.

13. In many responses, you sought to narrow the timeframe of a request to only materials from 2023 onward. This was very confusing and we fear may be an attempt to hide responsive materials. Our claims describe a pattern of behavior, including asset hiding, co-mingling, and alter-ego shell games. These claims date back to 2018, showing this pattern of behavior has existed for years. Trying to hide this behavior from discovery by suggesting that defendants' copyright infringement began in 2023 and as such anything they did prior to that point isn't relevant is manifest bad faith. In some of these responses, you attempt to narrow the scope of materials to 2023 when defendants' actions before that point speak directly to willfulness of the copyright infringement. Unless you are willing to unconditionally cede all of our claims of asset hiding, co-mingling, alter-ego, willfulness, and copyright infringement, against all defendants, then the materials sought remain the subject of material issues of contested fact and as such require complete responses.

14. In several instances, such as Defcad's response to Larosiere's ROG 5, we asked a specific question, which you only answered half of. In instances where you only answered a part of what we asked, are we to assume that the part you didn't answer about is sufficiently answered by the portion of the question you did elect to answer? Please see the document for specific instances. Similarly, in responses to our interrogatories where we clearly narrowed the scope by providing elements of a complete answer, you asserted the unambiguously single question was compound. If this is going to be a theme going forward, we feel it best to have the Court resolve these questions immediately.

15. In most of the requests for production to Defcad, you declined to produce anything. Your objections based on timeframe are not valid, as the conduct we have claimed and complained of predates the timeframe you have divined. Additionally, unless you are willing to cede that Defcad has comingled assets in an attempt to hide them with the other defendants, a complete picture of the financial status of Defcad is directly relevant to a disputed issue of material fact, and thus we need the responsive documents.

Sincerely,
Zachary Z. Zermay, Esq.

**Zermay Law**
P (305) 767-3529 | W zermaylaw.com | E zach@zermaylaw.com |
A 3000 Coral Way, Suite 1115, Coral Gables, FL 33145



On Tue, Oct 28, 2025 at 8:27 PM Leitner, Leia V. <Leia.Leitner@wilsonelser.com> wrote:

Dear Mr. Zermay:

Perfect; October 31, 2025, at 4:00 p.m. EST works.

Below is the Zoom link for the conference on Friday, October 31, 2025, at 4:00 p.m. EST:

- Join Zoom Meeting: https://wilsonelser.zoom.us/j/83651590752?pwd=ZF8qOPBwnqOBibzo2GPDMr8HQBzuBZ.1
- Meeting ID: 836 5159 0752
- Passcode: 156042

I will circulate a calendar invite with the Zoom link shortly.

If Mr. Larosiere plans to appear on the call to represent himself, as he did during our call on October 25, 2025, please have him file an Appearance as required under Local Rule 2.02.

We look forward to having a productive call with you on Friday.

Sincerely,

Leia V. Leitner
Attorney At Law
Wilson Elser Moskowitz Edelman & Dicker LLP
111 North Orange Avenue Suite 1200
Orlando, FL 32801
407.423.7287 (Direct)
407.973.2111 (Cell)
407.203.7599 (Main)
407.648.1376 (Fax)
leia.leitner@wilsonelser.com

**From:** Zachary Zermay <zach@zermaylaw.com>
**Sent:** Tuesday, October 28, 2025 7:45 PM
**To:** Leitner, Leia V. <Leia.Leitner@wilsonelser.com>
**Cc:** Chad Flores <cf@chadflores.law>; Zibas, Jura C. <Jura.Zibas@wilsonelser.com>; Gyebi, Amaris <Amaris.Gyebi@wilsonelser.com>; Geraldine Phillips <info@zermaylaw.com>; Kujawski, Cheryl A. <Cheryl.Kujawski@wilsonelser.com>
**Subject:** Re: Case 6:24-cv-01629-WWB-LHP Larosiere v. Wilson - Good Faith Letter regarding Plaintiff's outstanding discovery issues

**EXTERNAL EMAIL** This email originated from outside the organization.

4



# ZERMAY LAW, P.A.

3000 Coral Way, Suite 1115
Coral Gables, Florida 33145
Telephone: (305) 767-3529
Facsimile: (844) 894-6204
e-Mail: zach@zermaylaw.com

Zachary Z. Zermay, Esq.
e-Mail: zach@zermaylaw.com

October 29, 2025

**VIA EMAIL ONLY**

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
Leia V. Leitner, Esq.
*Leia.Leitner@wilsonelser.com*
Amaris Gyebi, Esq.
*Amaris.Gyebi@wilsonelser.com*
Jura C Zibas, Esq.
*Jura.Zibas@wilsonelser.com*

**FLORES LAW PLLC**
Chad Flores, Esq.
*cf@chadflores.law*

> Re:  *Larosiere v. Wilson, et al.*: Case No.: 6:24-cv-01629-WWB-LHP:
> Discovery Dispute

Dear Counsel:

Below are the specific deficiencies that we have identified in Defendants Defcad, Inc.'s and Cody Rutlidge Wilson's discovery responses.

## <u>DISCOVERY RESPONSE DEFICIENCIES – DEFCAD</u>
October 28, 2025

**<u>Defcad's Responses to Interrogatories</u>**
1. Please provide a complete response. "Control" is not ill-defined.

4. You clearly stated that Defcad shared profits with Defense Distributed and DD Foundation LLC. No legal conclusion is sought, you made the statement, and we simply ask now for an explanation. We asked for "all businesses, individuals, and entities" that engage in the "sharing" you claimed to exist. Your answer only indicates that, in contradiction to your claims in the DD v Elik case, the business entities here do not share profits.

5. Is this your complete response? We asked for anyone who uploaded *or* published. We are not using "published" as a copyright term of art, but instead meaning it in the common sense -

1

making available through your site, as you frequently advertised on your blog. Please confirm if this response is complete, or if you ignored the term "uploaded."

## Defcad's Responses to RFPs

1. we suspect that Defendant may have hidden assets gained by their copyright infringement. hiding assets is pled in the complaint. This sort of behavior can be established from the period preceding this lawsuit, as this shows how long this behavior has existed. We believe this real estate is a part of the asset hiding exercise. We are not interested in a narrower request; we need a response to the request that was served upon you.

2. The question is simple and clear. We suspect that Defendant may have hidden assets gained by their copyright infringement or commingled assets with Wilson to conceal them. Hiding and commingling assets is pled in the complaint. This sort of behavior can be established from the period preceding this lawsuit, as this shows how long this behavior has existed. We believe that cryptocurrency has been used to hide assets. How is it possible there is something to confer about this, when your answers to ROGs stated you don't have or control any such thing?

3. The question is simple and clear. We suspect that Defendant may have hidden assets gained by their copyright infringement or commingled assets with Wilson to conceal them. Hiding and commingling assets is pled in the complaint. This sort of behavior can be established from the period preceding this lawsuit, as this shows how long this behavior has existed. We are not interested in a narrower request; we need a response to the request that was served upon you.

4. This request is made in pursuit of information concerning the assets Defendants has paid for or gained in connection with their copyright infringement and other pled activities. This is obviously related to the claims at issue. We are not interested in a narrower request; we need a response to the request that was served upon you.

5. This request is made in pursuit of information concerning the assets Defendants has paid for or gained in connection with their copyright infringement and other pled activities. This is obviously related to the claims at issue. We are not interested in a narrower request; we need a response to the request that was served upon you.

7. This request is made in pursuit of information concerning the assets Defendants has paid for or gained in connection with their copyright infringement and other pled activities. This is obviously related to the claims at issue. We are not interested in a narrower request; we need a response to the request that was served upon you.

8. This request is made in pursuit of information concerning the assets Defendants has paid for or gained in connection with their copyright infringement and other pled activities. This is obviously related to the claims at issue. We are not interested in a narrower request; we need a response to the request that was served upon you.

9. This request is made in pursuit of information concerning the assets Defendants has paid for or gained in connection with their copyright infringement and other pled activities. This is obviously related to the claims at issue. We are not interested in a narrower request; we need a

response to the request that was served upon you.

10. This request is made in pursuit of information concerning the assets Defendants has paid for or gained in connection with their copyright infringement and other pled activities. This is obviously related to the claims at issue. We are not interested in a narrower request; we need a response to the request that was served upon you.

11. This request is made in pursuit of information concerning the assets Defendants has paid for or gained in connection with their copyright infringement and other pled activities. This is obviously related to the claims at issue. We are not interested in a narrower request; we need a response to the request that was served upon you.

12. This request is made in pursuit of information concerning the assets Defendants has paid for or gained in connection with their copyright infringement and other pled activities. This is obviously related to the claims at issue. We are not interested in a narrower request; we need a response to the request that was served upon you.

13. This request is made in pursuit of information concerning the assets Defendants has paid for or gained in connection with their copyright infringement and other pled activities. This is obviously related to the claims at issue. We are not interested in a narrower request; we need a response to the request that was served upon you.

14. This request is made in pursuit of information concerning the assets Defendants has paid for or gained in connection with their copyright infringement and other pled activities. This is obviously related to the claims at issue. We are not interested in a narrower request; we need a response to the request that was served upon you.

15. This request is made in pursuit of information concerning the assets Defendants has paid for or gained in connection with their copyright infringement and other pled activities. This is obviously related to the claims at issue. We are not interested in a narrower request; we need a response to the request that was served upon you.

16. This request is made in pursuit of information concerning the assets Defendants has paid for or gained in connection with their copyright infringement and other pled activities. This is obviously related to the claims at issue. We are not interested in a narrower request; we need a response to the request that was served upon you.

17. This request is made in pursuit of information concerning the assets Defendants has paid for or gained in connection with their copyright infringement and other pled activities. The arbitrary timeframe stipulated by Defendants is unacceptable, as conduct is complained of which took place before then.

18. This request is made in pursuit of information concerning the assets Defendants has paid for or gained in connection with their copyright infringement and other pled activities. The arbitrary timeframe stipulated by Defendants is unacceptable, as conduct is complained of which took place before then.

3

19. This request is made in pursuit of information concerning the assets Defendants has paid for or gained in connection with their copyright infringement and other pled activities. The arbitrary timeframe stipulated by Defendants is unacceptable, as conduct is complained of which took place before then.

20. This request is made in pursuit of information concerning the assets Defendants has paid for or gained in connection with their copyright infringement and other pled activities. The arbitrary timeframe stipulated by Defendants is unacceptable, as conduct is complained of which took place before then.

## **DISCOVERY RESPONSE DEFICIENCIES – CODY WILSON**
October 28, 2025

### **Wilson's Responses to Interrogatories**

1: these accounts are relevant to our alter-ego allegations. These accounts evince co-mingling that may have occurred (which is part of a claim) as well as any/all profits made as a result of the complained-of conduct. Defendants asked this same question of the ex-counterdefendants and the Plaintiff, and all answered.

2: Real estate records are relevant to disputed alter-ego and commingling allegations. Discovery responses thus far have indicated that Wilson may have been hiding assets that were diverted from his companies in real estate.

3: Mr. Wilson either knows these things, or he doesn't. He may not object and say that his companies might know better.

4: You are required to undertake a diligent search. Absent any explanation besides that offered, there is no indication that a diligent search was undertaken.

5: DD Foundation is believed to be a haven for asset diversion and warehousing. Refusing to answer this makes it seem as though an alter-ego shell game is going on, as claimed in the complaint. He lists this as a company he owns. In a separate lawsuit, this company has sworn that it shares profits with Defcad and Defense Distributed.

6: Real estate records are relevant to our alter-ego allegations. discovery responses thus far have indicated that Wilson may have been hiding assets that were diverted from his companies in real estate. We have reason to believe this real estate is involved in this. Meeting about a "narrow request" is not valid. A complete response is necessary.

7: DD Foundation is believed to be a haven for asset diversion. Refusing to answer this makes it seem as though an alter-ego shell game is going on, as claimed in the complaint. The timing of these events in light of the filing of this lawsuit make it clear these requests are calculated to

4

lead to the discovery of admissible evidence. Meeting about a "narrow request" is not valid. A complete response is necessary.

## Wilson's Responses to RFPs

Across the board: lots of boilerplate objections that don't apply. Confusion about what is meant by "copyright" seems disingenuous. Rule 34(a)(1) clearly states that the duty to produce is possession, custody "OR" control, not possession, custody, "AND" control as mixed up nine separate times, only when most helpful to your refusal to produce. You also sometimes suggest that the duty to produce is tied to what Defendant Wilson "has". You also consistently suggest that the duty to produce is tied only to what Defendant Wilson has in his person capacity, which is plainly not what the Rules state. As an officer and owner of businesses, their records are in his custody and control.

1. We suspect that Wilson may have used his sister to hide assets gained by his copyright infringement. Hiding his assets is pled and contested. This behavior can be established from the period preceding this lawsuit, as this shows how long this behavior has existed. A complete response is required.

2. We suspect that Wilson may have used his father to hide assets gained by his copyright infringement. Hiding his assets is pled and contested. This behavior can be established from the period preceding this lawsuit, as this shows how long this behavior has existed.

3. We suspect that Wilson may have hidden assets gained by his copyright infringement generally. Hiding his assets is pled and contested. This behavior can be established from the period preceding this lawsuit, as this shows how long this behavior has existed. Any requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of and thus are in Wilson's custody and control, and must be produced. No call for a legal conclusion can reasonably be said to exist.

4. The misapprehension about what "copyright" is, we fear smacks of bad faith. Your re-definition to "the subject Works" is not what was asked. This request is extremely clear, copyright is the nature of this case, and the requested information concerning copyright speaks not only to the defendants' conduct concerning copyright generally, but is fundamental to showing each of the defendants' levels of awareness, willfulness, cognizance, and understanding of copyright infringement. The time frame is entirely reasonable, as your client began copying the works well before the 2023 window you divined.

5. Produce a privilege log. This request isn't unduly burdensome in any understanding of that term. Discussion of the things you are alleged to have stolen are all entirely relevant to this case. A complete response is required.

6. This blog post was intended to harass Plaintiff, his friends, and his employees. this conduct is a serious indication of willfulness. Unless Defendants are willing to cede the issue of willfulness for all the works, and for all defendants, the conduct of defendants in harassing Plaintiff,

Plaintiff's friends, and Plaintiff's employees remains related to an essential and contested question of material fact. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

7. Defendant previously produced the drafts and working copies of other blog posts he authored. He is the author of the post asked about here. If Defendant does not have the requested materials, a definite statement regarding what happened to them, where they are, or why he lacks them is required.

8. The misapprehension about what "copyright" is, we fear smacks of bad faith. Your re-definition to "the subject Works" is not what was asked. This request is extremely clear, copyright is the nature of this case, and the requested information concerning copyright speaks not only to the defendants' conduct concerning copyright generally, but is fundamental to showing each of the defendants' levels of awareness, willfulness, cognizance, and understanding of copyright infringement. Defendant has already admitted to having a role in the conduct this request asks about. Bad faith is manifest in asserting that asking about your client's removal of copyright notices is somehow not relevant to this case - which is a copyright action, where this sort of behavior is complained of with detail. The arbitrary timeframe is inexplicable - the pattern of behavior involved with the removal of copyright notices is immensely relevant to the question of willfulness. The only appropriate timeframe for the intentional removal of copyright notices is "ever", given the state of mind that such an action speaks to.

9. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated. Wilson has previously produced materials concerning the "Amigo Verde", which we fear smacks of bad faith.

10. Defendant's use of private investigators was intended to harass Plaintiff, his friends, and his employees. This conduct is a serious indication of willfulness. Unless Defendants are willing to cede the issue of willfulness for all the works, and for all defendants, then the conduct of defendants in harassing Plaintiff, Plaintiff's friends, and Plaintiff's employees remains related to an essential and contested question of material fact.

11. Defendant's interactions with Jim Blackburn were intended to harass Plaintiff, his friends, and his employees. This conduct is a serious indication of willfulness. unless Defendants are willing to cede the issue of willfulness for all the work, and for all defendants, the conduct of defendants in harassing Plaintiff, Plaintiff's friends, and Plaintiff's employees remains related to an essential and contested question of material fact.

12. Defendant's interactions with Destin Investigations were intended to harass Plaintiff, his friends, and his employees. This conduct is a serious indication of willfulness. unless Defendants are willing to cede the issue of willfulness for all the works, and for all defendants, the conduct of

defendants in harassing Plaintiff, Plaintiff's friends, and Plaintiff's employees remains related to an essential and contested question of material fact.

13. Defendant's interactions with Eric Nathan were intended to harass Plaintiff, his friends, and his employees. This conduct is a serious indication of willfulness. unless Defendants are willing to cede the issue of willfulness for all the works and for all defendants, the conduct of defendants in harassing Plaintiff, Plaintiff's friends, and Plaintiff's employees remains related to an essential and contested question of material fact.

14. Defendant's interactions with Nathan Mayer were intended to harass Plaintiff, his friends, and his employees. This conduct is a serious indication of willfulness. unless Defendants are willing to cede the issue of willfulness for all the works, and for all defendants, the conduct of defendants in harassing Plaintiff, Plaintiff's friends, and Plaintiff's employees remains related to an essential and contested question of material fact.

15. Defendant's interactions with Thomas Gibbons-Neff were intended to harass Plaintiff, his friends, and his employees. This conduct is a serious indication of willfulness. unless Defendants are willing to cede the issue of willfulness for all the works, and for all defendants, the conduct of defendants in harassing Plaintiff, Plaintiff's friends, and Plaintiff's employees remains related to an essential and contested question of material fact.

16. Defendant's interactions with Lizzie Dearden were intended to harass Plaintiff, his friends, and his employees. This conduct is a serious indication of willfulness. unless Defendants are willing to cede the issue of willfulness for all the works, and for all defendants, the conduct of defendants in harassing Plaintiff, Plaintiff's friends, and Plaintiff's employees remains related to an essential and contested question of material fact.

17. Defendant's interactions with Rajan Basra were intended to harass Plaintiff, his friends, and his employees. This conduct is a serious indication of willfulness. unless Defendants are willing to cede the issue of willfulness for all the works, and for all defendants, the conduct of defendants in harassing Plaintiff, Plaintiff's friends, and Plaintiff's employees remains related to an essential and contested question of material fact.

18. We have evidence of Defendant reaching out to multiple journalists, and he has already admitted to such in earlier discovery. Defendant's interactions with these journalists were intended to harass Plaintiff, his friends, and his employees. This conduct is a serious indication of willfulness. Unless defendants are willing to cede the issue of willfulness for all the works, and for all defendants, the conduct of defendants in harassing Plaintiff, Plaintiff's friends, and Plaintiff's employees remains related to an essential and contested question of material fact.

19. Defendant's invocations of Plaintiff were intended to harass Plaintiff, his friends, and his employees. This conduct is a serious indication of willfulness. Unless Defendants are willing to cede the issue of willfulness for all the works, and for all defendants, the conduct of defendants in harassing Plaintiff, Plaintiff's friends, and Plaintiff's employees remains related to an essential

and contested question of material fact. Additionally, defendant has both attributed his copyright theft to having been endorsed by Plaintiff (false designation), and has repeatedly mentioned Plaintiff in the context of his copyright infringement. It's beyond bad faith to suggest that defendant's records concerning Plaintiff aren't relevant. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

20. Defendant's invocations of Plaintiff were intended to harass Plaintiff, his friends, and his employees. This conduct is a serious indication of willfulness. unless Defendants are willing to cede the issue of willfulness for all the works, and for all defendants, the conduct of defendants in harassing Plaintiff, Plaintiff's friends, and Plaintiff's employees remains related to an essential and contested question of material fact. Additionally, defendant has both attributed his copyright theft to having been endorsed by Plaintiff (false designation), and has repeatedly mentioned Plaintiff in the context of his copyright infringement. It's beyond bad faith to suggest that defendant's records concerning Plaintiff aren't relevant.

21. Defendant's invocations of Plaintiff's employee were intended to harass Plaintiff, his friends, and his employees. This conduct is a serious indication of willfulness. unless Defendants are willing to cede the issue of willfulness for all the works, and for all defendants, the conduct of defendants in harassing Plaintiff, Plaintiff's friends, and Plaintiff's employees remains related to an essential and contested question of material fact. The harassment of Plaintiff's employee are already partially in the record. Defendant engaged in a campaign to intimidate and harass Plaintiff's employee, including by sending him death threats, in a failed bid to frighten Plaintiff's employee. Documents concerning this is quite relevant to the issue of willfulness.

22. We suspect that Wilson may have hidden assets gained by his copyright infringement and otherwise obfuscated and commingled assets of his entities. Hiding his assets is pled. We believe this property is involved in this asset hiding.

23. We suspect that Wilson may have hidden assets gained by his copyright infringement and otherwise obfuscated and commingled assets of his entities. Hiding his assets is pled. We believe this property is involved in this asset hiding.

24. We suspect that Wilson may have hidden assets gained by his copyright infringement and otherwise obfuscated and commingled assets of his entities. Hiding his assets is pled. We believe this property is involved in this asset hiding.

25. We suspect that Wilson may have hidden assets gained by his copyright infringement and otherwise obfuscated and commingled assets of his entities. Hiding his assets is pled. We believe that individuals are involved in aiding him in this quest to hide assets. We believe the two individuals listed are involved in this due to their names showing up in corporate records for defendant's companies, including companies that have sworn to share assets with defendants here.

8

26. We suspect that Wilson may have hidden assets gained by his copyright infringement and otherwise obfuscated and commingled assets of his entities. Hiding his assets is pled. Hiding assets using cryptocurrency is pled. This behavior can be established from the period preceding this lawsuit, as this shows how long this behavior has existed.

27. We suspect that Wilson may have hidden assets gained by his copyright infringement and otherwise obfuscated and commingled assets of his entities. Hiding his assets is pled. Defendant has produced no documents responsive to this request. Due to the nature of defendant's obfuscation of assets, we need a complete response to the request as asked.

28. It is shocking to suggest that defendant has no record whatsoever of what his companies have paid him. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

29. It is shocking to suggest that defendant has no record whatsoever of what his companies have paid him. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

30. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

31. It is shocking to suggest this. He's an owner of officer of each of these entities. He has custody and control of these records, if not physical possession as well.

32. The misapprehension about what "copyright" is, we fear smacks of bad faith. Your re-definition to "the subject Works" is not what was asked. This request is extremely clear, copyright is the nature of this case, and the requested information concerning copyright speaks not only to the defendants' conduct concerning copyright generally, but is fundamental to showing each of the defendants' levels of awareness, willfulness, cognizance, and understanding of copyright infringement. The arbitrary 2023 timeframe is not acceptable. Some of the complained-of infringement dates before 2023.

33. Defendant's invocations of Plaintiff in a negative light were intended to harass Plaintiff. This conduct is a serious indication of willfulness. Unless Defendants are willing to cede the issue of willfulness for all the works, and for all defendants, the conduct of defendants in harassing Plaintiff is very relevant. We need a complete response, not a future discussion of what you would have rather we asked for.

34. Are you sure? We gently remind you that payment of our fees for proving this wrong are mandatory in this district. It seems odd you can be sure about this, yet require a rolling production for other, less complicated requests.

35. Respectfully, you admitted to this. It is not proper to now throw up your hands and pretend that you don't know what it means. The blacklist in question is explicitly included in the claims, is a smoking gun of willfulness, and it's shocking to suggest it isn't relevant. Unless Defendants are willing to cede the issue of willfulness for all the works, and for all defendants, the conduct of defendants in trying to frustrate a lawsuit against their copyright infringement remains important information relevant to a contested issue of material fact.

36. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

37. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

38. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

39. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated. We suspect Wilson may have hidden assets gained by his copyright infringement. Hiding his assets is pled. Hiding assets using cryptocurrency is pled. This behavior can be established from the period preceding this lawsuit, as this shows how long this behavior has existed.

40. We suspect Wilson may have hidden assets gained by his copyright infringement. Hiding his assets is pled. Hiding assets using cryptocurrency is pled. This behavior can be established from the period preceding this lawsuit, as this shows how long this behavior has existed.

41. We suspect Wilson may have hidden assets gained by his copyright infringement. Hiding his assets is pled. Hiding assets using cryptocurrency is pled. This behavior can be established from the period preceding this lawsuit, as this shows how long this behavior has existed.

42. We suspect that Wilson may have paid JG with proceeds from his copyright infringement. We believe that Wilson may have discussed copyright and vulnerabilities of his websites with JG. These conversation records are extremely relevant to willfulness and claims of asset diversion.

43. We suspect that Wilson may have hidden and commingled assets gained by his copyright infringement. Hiding his assets is pled. We believe that, through Thomas Odom, who is involved in the copyright infringement in this case, Wilson may be using Gunspring to hide assets.

44. Records between defendant and his employee (who he indicates is in charge of Dioskouroi, a defendant entity) are extremely relevant to the claims concerning the copyright infringement that defendants and this employee are involved in.

10

45. Records between defendant and his employee about a defendant entity are extremely relevant to the claims concerning the copyright infringement that defendants and this employee are involved in.

46. Records between defendant and his employee about a defendant entity are extremely relevant to the claims concerning the copyright infringement that defendants and this employee are involved in.

47. Records between defendant and his employee about copyright, to include discussions of copyright infringement, are extremely relevant. How can a discussion between you and an employee be privileged?

48. You have produced materials already in discovery that detail a conversation with Sara Westman that seems to have involved the copying of the works at issue. Defendant knows for a fact that these conversations exist, that they discuss the works at issue, and that they are relevant.

49. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

50. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

51. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

52. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

53. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

54. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

55. All of these materials are directly relevant to willfulness. unless Defendants are willing to cede the issue of willfulness for all the works, and for all defendants, the conduct of defendants when talking about these topics remains an important subject of discovery.

56. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

57. Defendant's invocations of Plaintiff's employee were intended to harass Plaintiff, his friends, and his employees. This conduct is a serious indication of willfulness. Unless Defendants are willing to cede the issue of willfulness for all the works, and for all defendants, the conduct of defendants in harassing Plaintiff, Plaintiff's friends, and Plaintiff's employees remains related to an essential and contested question of material fact. The harassment of Plaintiff's employee are already partially in the record. Defendant engaged in a campaign to intimidate and harass Plaintiff's employee, including by sending him death threats, in a failed bid to frighten Plaintiff's employee. Documents relating to this is quite relevant to the issue of willfulness.

58. Defendant's invocations of Plaintiff's friend were intended to harass Plaintiff, his friends, and his employees. This conduct is a serious indication of willfulness. unless Defendants are willing to cede the issue of willfulness for all the works, and for all defendants, the conduct of defendants in harassing Plaintiff, Plaintiff's friends, and Plaintiff's employees remains related to an essential and contested question of material fact.

59. Defendant's invocations of Plaintiff's friend were intended to harass Plaintiff, his friends, and his employees. This conduct is a serious indication of willfulness. unless Defendants are willing to cede the issue of willfulness for all the works, and for all defendants, the conduct of defendants in harassing Plaintiff, Plaintiff's friends, and Plaintiff's employees remains related to an essential and contested question of material fact.

60. Defendant's invocations of Plaintiff's friend were intended to harass Plaintiff, his friends, and his employees. This conduct is a serious indication of willfulness. unless Defendants are willing to cede the issue of willfulness for all the works, and for all defendants, the conduct of defendants in harassing Plaintiff, Plaintiff's friends, and Plaintiff's employees remains related to an essential and contested question of material fact.

61. Defendant's invocations of Plaintiff's unrelated company were intended to harass Plaintiff, his friends, his employees, and harm the company. This conduct is a serious indication of willfulness. unless Defendants are willing to cede the issue of willfulness for all the works, and for all defendants, the conduct of defendants in harassing remains related to an essential and contested question of material fact.

62. Defendant's invocations of Plaintiff's friend were intended to harass Plaintiff, his friends, and his employees. This conduct is a serious indication of willfulness. unless Defendants are willing to cede the issue of willfulness for all the works, and for all defendants, the conduct of defendants in harassing Plaintiff, Plaintiff's friends, and Plaintiff's employees remains related to an essential and contested question of material fact.

63. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

64. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

65. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

66. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

67. How could copies of the work at issue not be relevant to the case? This request clearly speaks to willfulness and knowledge. No narrowing of scope is appropriate. Produce a complete response and privilege log.

68. How could copies of the work at issue not be relevant to the case? This request clearly speaks to willfulness and knowledge. No narrowing of scope is appropriate. Produce a complete response and privilege log.

69. How could copies of the work at issue not be relevant to the case? This request clearly speaks to willfulness and knowledge. No narrowing of scope is appropriate. Produce a complete response and privilege log.

70. How could copies of the work at issue not be relevant to the case? This request clearly speaks to willfulness and knowledge. No narrowing of scope is appropriate. Produce a complete response and privilege log.

71. How could copies of the work at issue not be relevant to the case? This request clearly speaks to willfulness and knowledge. No narrowing of scope is appropriate. produce a privilege log.

73. The request is clear. It asks for evidence that the defense of fair use applies to any of the works at issue. The fact that you don't have this handy to produce for another month is deeply concerning, seeing as you raised it as an affirmative defense.

74. The request is clear. It asks for evidence that the defense of fair use applies to any of the works at issue. The fact that you don't have this handy to produce for another month is deeply concerning, seeing as you raised it as an affirmative defense.

75. Are you sure? Defendants ran advertisements for them, which featured in Defendant's blogs and email blasts. Due to no objections being raised, we must ask what happened to these records.

76. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated. It seems odd that any of the Defendant Entities would have access to the personal communications of Defendant Wilson. What Wilson does or does not "have" is not what the rules contemplate. What is in his possession, custody, or control is.

77. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated. It seems odd that any of the Defendant Entities would have access to the personal communications of Defendant Wilson. What Wilson does or does not "have" is not what the rules contemplate. What is in his possession, custody, or control is.

78. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated. It seems odd that any of the Defendant Entities would have access to the personal communications of Defendant Wilson. What Wilson does or does not "have" is not what the rules contemplate. What is in his possession, custody, or control is.

79. We can prove this is untrue. Will you supplement this response?

80. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated. It seems odd that any of the Defendant Entities would have access to the personal communications of Defendant Wilson. What Wilson does or does not "have" is not what the rules contemplate. What is in his possession, custody, or control is.

81. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated. It seems odd that any of the Defendant Entities would have access to the personal communications of Defendant Wilson.

82. Defendant is an officer of DD Foundation LLC. DD Foundation LLC has sworn that it shares profits with Defendant entities in this case. We have claimed that assets are being hidden by defendants, so it should be rather clear why Defendant's role in DD Foundation LLC is relevant.

83. Defendant is an officer of DD Foundation LLC. DD Foundation LLC has sworn that it shares profits with Defendant entities in this case. We have claimed that assets are being hidden by defendants, so it should be rather clear why Defendant's role in DD Foundation LLC is relevant.

14

84. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

85. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

86. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

87. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

88. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

89. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

90. Nothing about "your employees" is unintelligible, as you understood the term in  RFP 89. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

91. Nothing about "your employees" is unintelligible, as you understood the term on RFP 89. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

92. Defendant's interactions with Nathan Mayer were intended to harass Plaintiff, his friends, and his employees. This conduct is a serious indication of willfulness. unless Defendants are willing to cede the issue of willfulness for all the works, and for all defendants, the conduct of defendants in harassing Plaintiff, Plaintiff's friends, and Plaintiff's employees remains related to an essential and contested question of material fact.

93. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated. The information requested to suspected to be related to a server and computer infrastructure which Defendants used to carry out their copyright infringement.

94. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

95. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

96. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

97. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

98. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

99. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

100. We suspect that Wilson may have hidden assets gained by his copyright infringement generally. hiding his assets is pled. This behavior can be established from the period preceding this lawsuit, as this shows how long this behavior has existed. Additionally, any money he commingled or made from his infringement is relevant to this case.

101. We suspect that Wilson may have hidden assets gained by his copyright infringement generally. hiding his assets is pled. This behavior can be established from the period preceding this lawsuit, as this shows how long this behavior has existed. Additionally, any money he commingled or made from his infringement is relevant to this case.

102. We suspect that Wilson may have hidden assets gained by his copyright infringement generally. hiding his assets is pled. This behavior can be established from the period preceding this lawsuit, as this shows how long this behavior has existed. Additionally, any money he commingled or made from his infringement is relevant to this case.

103. We suspect that Wilson may have hidden assets gained by his copyright infringement generally. hiding his assets is pled. This behavior can be established from the period preceding this lawsuit, as this shows how long this behavior has existed. Additionally, any assets he commingled or gained from his infringement is relevant to this case.

104. We suspect that Wilson may have hidden assets gained by his copyright infringement generally. hiding his assets is pled. This behavior can be established from the period preceding

16

this lawsuit, as this shows how long this behavior has existed. Additionally, any money he commingled or made from his infringement is relevant to this case.

105. We suspect that Wilson may have hidden assets gained by his copyright infringement generally. hiding his assets is pled. This behavior can be established from the period preceding this lawsuit, as this shows how long this behavior has existed. Additionally, any money or assets he commingled or made from his infringement is relevant to this case.

106. We suspect that Wilson may have hidden assets gained by his copyright infringement generally. hiding his assets is pled. This behavior can be established from the period preceding this lawsuit, as this shows how long this behavior has existed. Additionally, any money or assets he commingled or made from his infringement is relevant to this case.

107. We suspect that Wilson may have hidden assets gained by his copyright infringement generally. hiding his assets is pled. This behavior can be established from the period preceding this lawsuit, as this shows how long this behavior has existed. Additionally, any money or assets he commingled or made from his infringement is relevant to this case.

108. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

109. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

110. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated. How could it be possible that these companies were actually the ones reaching out to journalists, independent of Wilson? Especially where Wilson has previously produced some such documents?

111. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated. How could it be possible that these companies were actually the ones reaching out to journalists, independent of Wilson? Especially where Wilson has previously produced some such documents?

112. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated. How could it be possible that these companies were actually the ones reaching out to journalists, independent of Wilson? Especially where Wilson has previously produced some such documents?

113. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control,

and must be produced, and if they are not, must be definitely stated. How could it be possible that these companies were actually the ones reaching out to journalists, independent of Wilson? Especially where Wilson has previously produced some such documents?

114. Any materials subject to requests that you suggest "may be better directed" to the Defendant Entities which Wilson owns and/or is an officer of are in Wilson's custody and control, and must be produced, and if they are not, must be definitely stated.

Please indicate your willingness to fix these deficiencies by October 31, 2025, or we will have no choice but to move the Court to compel better responses. We look forward to hearing from you. Thanks.

Sincerely,

Zachary Z. Zermay, Esq.
**ZERMAY LAW, P.A.**
e-Mail: zach@zermaylaw.com
Telephone: (305) 767-3529

18

**Leitner, Leia V.**

| | |
|---|---|
| **From:** | Leitner, Leia V. |
| **Sent:** | Wednesday, October 29, 2025 7:18 PM |
| **To:** | Zachary Zermay |
| **Cc:** | Chad Flores; Zibas, Jura C.; Gyebi, Amaris; Geraldine Phillips; Kujawski, Cheryl A. |
| **Subject:** | RE: Case 6:24-cv-01629-WWB-LHP Larosiere v. Wilson - Good Faith Letter regarding Plaintiff's outstanding discovery issues |

Dear Mr. Zermay:

Our firm experienced a Microsoft nationwide service disruption that affected our applications.  To this end, I am just now receiving the 18-page meet-and-confer letter regarding Plaintiff's substantive issues with Defendants' discovery responses/objections to Plaintiff's discovery demands, making Friday <u>not</u> feasible to discuss these issues. We would like to send a written response to your October 29, 2025, letter before a meet-and-confer so that we can have a meaningful conversation about these issues.  We hope you extend the same courtesy we did by providing you with time to send a response letter before we met and conferred on Defendants' discovery responses/objections.

In the meantime, please send over the authority that supports your position that Defendants' responses/objections to Plaintiff's discovery demands are unfounded or without merit by Friday, October 31, 2025, before noon (in advance of our meeting at 4:00 p.m.)

Thank you,

Leia V. Leitner
Attorney At Law
Wilson Elser Moskowitz Edelman & Dicker LLP
111 North Orange Avenue Suite 1200
Orlando, FL 32801
407.423.7287 (Direct)
407.973.2111 (Cell)
407.203.7599 (Main)
407.648.1376 (Fax)
leia.leitner@wilsonelser.com



---

**From:** Leitner, Leia V.
**Sent:** Wednesday, October 29, 2025 7:03 PM
**To:** 'Zachary Zermay' <zach@zermaylaw.com>
**Cc:** Chad Flores <cf@chadflores.law>; Zibas, Jura C. <Jura.Zibas@wilsonelser.com>; Gyebi, Amaris <Amaris.Gyebi@wilsonelser.com>; Geraldine Phillips <info@zermaylaw.com>; Kujawski, Cheryl A. <Cheryl.Kujawski@wilsonelser.com>
**Subject:** RE: Case 6:24-cv-01629-WWB-LHP Larosiere v. Wilson - Good Faith Letter regarding Plaintiff's outstanding discovery issues

Dear Mr. Zermay:

Thank you for your email below.

We are happy to address Plaintiff's concerns with Defendants' discovery responses to Plaintiff's discovery responses on Friday; however, to make this an efficient and productive meeting, please identify the specific Defendants' requests/interrogatories numbers (aside from RFP Nos. 89, 90, and 91) that you are referring to below so that we can determine whether the Defendants are supplementing or amending these responses to resolve these issues between the parties.

Additionally, once you have identified the specific request and response, please provide the authority that supports your position that Defendants' discovery responses or objections are unfounded.

Leia V. Leitner
Attorney At Law
Wilson Elser Moskowitz Edelman & Dicker LLP
111 North Orange Avenue Suite 1200
Orlando, FL 32801
407.423.7287 (Direct)
407.973.2111 (Cell)
407.203.7599 (Main)
407.648.1376 (Fax)
leia.leitner@wilsonelser.com



**From:** Zachary Zermay <zach@zermaylaw.com>
**Sent:** Wednesday, October 29, 2025 6:42 PM
**To:** Leitner, Leia V. <Leia.Leitner@wilsonelser.com>
**Cc:** Chad Flores <cf@chadflores.law>; Zibas, Jura C. <Jura.Zibas@wilsonelser.com>; Gyebi, Amaris <Amaris.Gyebi@wilsonelser.com>; Geraldine Phillips <info@zermaylaw.com>; Kujawski, Cheryl A. <Cheryl.Kujawski@wilsonelser.com>
**Subject:** Re: Case 6:24-cv-01629-WWB-LHP Larosiere v. Wilson - Good Faith Letter regarding Plaintiff's outstanding discovery issues

EXTERNAL EMAIL - This email was sent by a person from outside your organization. Exercise caution when clicking links, opening attachments or taking further action, before validating its authenticity.

Hello Ms. Leitner and fellow counsel,

As you know, you served primarily objection-only responses to Plaintiff's discovery requests. We are disappointed given the timing, as this threatens to frustrate our deposition of Mr. Wilson next month. We are not suggesting that was your intention, but we certainly need to resolve at least some of these issues immediately.

On that, we need to discuss a motion to compel complete responses to Plaintiff's discovery requests. We can cover this in as much detail as you feel needed during our Friday conference.

In the interest of transparency, and as an olive branch, we want to clearly articulate the issues we have with Mr. Wilson's and Defcad's discovery responses. There are fifteen categories of issue, which we identify separately in the attached document. For your convenience, each of the referenced responses has one or more of the following issue:

Repeated issues:

1. Saying that Wilson does not have things "in his individual capacity" to avoid production or answer is not supportable by the rules. Saying that any request to Wilson would be "better directed" to a company that Wilson owns is improper. The rules enable access to any material in his possession, custody, or control. He is an officer and owner of the corporate co-defendants. The requested information, documents, etc are in his custody and control, or he is knowledgeable about them. This issue is present in over half of the responses, and we fear it may be calculated to frustrate discovery.

# ZERMAY LAW, P.A.

3000 Coral Way, Suite 1115
Coral Gables, Florida 33145
Telephone: (305) 767-3529
Facsimile: (844) 894-6204
e-Mail: zach@zermaylaw.com

Zachary Z. Zermay, Esq.
e-Mail: zach@zermaylaw.com

October 29, 2025

**VIA EMAIL ONLY**

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
Leia V. Leitner, Esq.
*Leia.Leitner@wilsonelser.com*
Amaris Gyebi, Esq.
*Amaris.Gyebi@wilsonelser.com*
Jura C Zibas, Esq.
*Jura.Zibas@wilsonelser.com*

**FLORES LAW PLLC**
Chad Flores, Esq.
*cf@chadflores.law*

> Re:    *Larosiere v. Wilson, et al.*: Case No.: 6:24-cv-01629-WWB-LHP:
> Discovery Dispute

Dear Counsel:

I have reviewed your email of October 29, 2025 that was transmitted on or about 7:18 P.M. eastern standard time in which you state that you had received my "18-page meet-and-confer letter regarding Plaintiff's substantive issues with Defendants' discovery responses/objections to Plaintiff's discovery demands" and your contention that Friday October 31, 2025 is "not [*sic*] feasible to discuss these issues." We disagree. Your email attempting to punt a discussion regarding your clients' flagrant discovery violations, which have been thoroughly explained in the letter that I transmitted, is not well taken. And the issue is very much ripe for discussion as you admitted shortly before your email of 7:18 P.M. when you wrote:

> We are happy to address Plaintiff's concerns with Defendants' discovery responses to Plaintiff's discovery responses on Friday; however, to make this an efficient and productive meeting, please identify the specific Defendants' requests/interrogatories numbers (aside from RFP Nos. 89, 90, and 91) that you are referring to below so that we can determine whether the Defendants are supplementing or amending these responses to resolve these issues between the parties.

1

Your clients knew about their discovery obligations thirty days ago. Your clients elected to produce nothing, not even evidence of the affirmative defenses that they pled. We fear that the responses we have received were drafted in bad faith, such that responsive materials would be kept unavailable to Plaintiff until after the date of Defendant Wilson's deposition.

At the very least, we insist on discussing these four topics at the conference of October 31, 2025. The first two represent complete defiance of Rule 34, specifically Rule 34(a)(1). The third deals with a bad faith "interpretation" of what copyright means. Defendant Wilson literally wrote a manifesto detailing the aspects of his copyright infringement. What we seek when asking about copyright is very clear. If he's willing to admit to every aspect of willful copyright infringement publicly, it's very reasonable to suspect that there are further materials to this effect in his possession, custody, or control. Finally, we would like to discuss that refusing to produce anything because you know you have identified the responsive materials we seek, but desire to "narrow" our question before you turn them over is wholly inappropriate. Nothing in Rule 34(b)(2) suggests that you may withhold responsive materials in the hope that a meeting with us at some point in the future might allow you to get us to narrow our requests. This is especially concerning considering we are now attempting to meet and confer with you about these very things, and you are indicating that you are unable to meet about them. We must at least discuss the following:

1. Saying that Wilson does not have things "in his individual capacity" to avoid production or answer is not supportable by the rules. Saying that any request to Wilson would be "better directed" to a company that Wilson owns is improper. The rules enable access to any material in his possession, custody, or control. He is an officer and owner of the corporate co-defendants. The requested information, documents, *etc.* are in his custody and control, or he is knowledgeable about them. This issue is present in over half of the responses, and we fear it may be calculated to frustrate discovery.

2. Several times, you indicate that Wilson doesn't "have" documents, without touching on the relevant questions of control or custody, nor the required diligent search. Several times, we fear you confuse the standard as being one where production only applies to items that are in possession, custody, AND control. In fact, each time the "AND" connector (which is not in the rules) would be most useful to you, it is present in your response, compared to the fifty-plus times your responses use the correct "OR" connector. These errors must be corrected without delay. The fact that the overwhelming majority of your responses cite the rule correctly, but whenever production of documents is avoided, they are re-written, gives us concern that this was done intentionally. Whether it was inadvertent or intentional, this must be corrected immediately.

3. Your assertion that "copyright" is "an undefined term." This is not a proper objection, as you know, words are to be given their ordinary meaning. Copyright does not mean "only the works at issue". Defendants' discussion of copyright will speak not only to willfulness of their infringement, but their relevant levels of awareness of copyright infringement, their reactions to and understanding of the infringement, and who and what factors drove the defendants to conduct themselves as they have. We fear the assertion that you are confused as to what "copyright" means may be an attempt to arbitrarily narrow the scope of the question and risks obfuscating this extremely relevant material. Given Mr. Wilson wrote a manifesto detailing his contempt for copyright, and detailed the aspects of his

2

infringement as to at least one of Plaintiff's works in said manifesto, documents and communications in his possession concerning the subject are clearly relevant to the question of willfulness. Unless you are willing to cede that all infringement was completely willful on behalf of all Defendants, and that each Defendant was completely aware of the infringement, and that they all did it anyway, and that it was at the direction of Defendant Wilson that the corporate defendants intentionally engaged in this infringement, the information sought must be provided as requested.

4.  In many responses, you indicate a desire to "meet and confer" about a "narrowing" of questions. We are confused, as this is not how we understand the discovery process works. It is our understanding that you must provide complete answers, subject to objection where appropriate, to the questions asked. Trying in good faith, we could not identify a single instance where this response was proper. We fear that these responses are calculated to cause delay. Each time this was asserted, the question was unambiguous. We need complete responses to the questions we asked 30 days ago, not a future conference about the questions you would have preferred we asked.

It is unacceptable for your clients not to have prepared these materials over the past 30 days in the hope that they could withhold them until after Mr. Wilson's deposition date. As such, if your clients fail to meet their discovery obligations, we will move to compel complete responses, will need to confer regarding sanctions given the manifest Rule 34 violations and how they forced us to reschedule and delay Mr. Wilson's deposition, and will need to schedule a conference of counsel regarding the need to reschedule Mr. Wilson's deposition until your clients meet their obligations under Rule 34.

We look forward to hearing from you. Thanks.

Sincerely,

Zachary Z. Zermay, Esq.
**ZERMAY LAW, P.A.**
e-Mail: zach@zermaylaw.com
Telephone: (305) 767-3529

**Leitner, Leia V.**

| | |
|---|---|
| **From:** | Zachary Zermay <zach@zermaylaw.com> |
| **Sent:** | Friday, November 7, 2025 9:57 AM |
| **To:** | Leitner, Leia V. |
| **Cc:** | Chad Flores; Zibas, Jura C.; Gyebi, Amaris; Geraldine Phillips; Kujawski, Cheryl A. |
| **Subject:** | Re: Case 6:24-cv-01629-WWB-LHP Larosiere v. Wilson - Meet and Confer - November 5, 2025 at 10:00 a.m. |

EXTERNAL EMAIL - This email was sent by a person from outside your organization. Exercise caution when clicking links, opening attachments or taking further action, before validating its authenticity.

Dear Ms. Leitner,

Thank you for your email of November 5, which purports to memorialize our conference earlier that day. While we appreciate your effort to summarize the discussion, your account does not accurately reflect the sequence or substance of our communications. To ensure the record remains clear, we write to clarify several points.

1. Initial Disclosures
Respectfully, your portrayal of the initial disclosure issue does not align with the record and we fear reflects an intention to manufacture motion practice rather than seek information. Prior to the October 31 conference, you had mentioned the initial disclosures only conclusorily while asserting that they "related to the counterclaims." We  explained that no version of our disclosures referenced the counterclaims, and that the consolidated initial disclosures served in January referred exclusively to the complaint.

During the October 31 conference, you again insisted that Plaintiff's initial disclosures were completely deficient and did not contain a "documents" section, while maintaining that they related to the counterclaims. We asked that you please provide the copy you believed to contain those deficiencies during both the October 31 and November 5 conferences, and you agreed to do so, but have still not provided it. During that same October 31 meeting, we showed you the consolidated initial disclosures we had actually served.

It was only during that October 31 discussion, which we fear may have been the first time you saw the initial disclosures, that you requested a computation of damages. We immediately agreed to provide that computation, and did so within seven days of your first requesting it. On the November 5 call, after learning that we intended to move to compel your clients' deficient discovery responses, you suddenly indicated that you wished to move to compel our damages computation—the very one you had only just requested and that we have already provided. Now, for the first time in your November 5 email, you raise a new contention concerning production of documents.

This sequence is concerning. Each time you have articulated a concrete request, we have promptly satisfied it. When those requests were met, new and previously unmentioned demands arise, upon which you threaten immediate motion practice. We do not feel this is necessary.

In any event, your current position misstates the rules. Rule 26(a)(1)(A)(iii) requires that supporting documents be made available for inspection and copying under Rule 34. The materials forming the basis of Plaintiff's computation are already in Defendants' possession, as reflected in and attached to the complaint and the disclosure itself. If your reading of Rule 26 were correct, then all of Defendants' sole initial disclosures—which were never supplemented—would suffer from the same supposed deficiency, since it likewise served no supporting documents.

2. Conferral Process
Your description of the conferral process is also inaccurate, unfortunately. We sent a detailed list of discovery issues well in advance of the October 31 meeting. You initially agreed to confer about the issues on October 31, but then suddenly claimed a "Microsoft issue" prevented you from seeing the 18-page document we had attached, and suggested it was not feasible for you to read an 18-page document over several days. Nonetheless, we insisted on discussing several key categories, which we

clearly articulated, and did so at length.

During those conferences, your primary contention was that we had not provided sufficient "authority" demonstrating why your objection-only responses were improper. We explained—both on October 31 and again on November 5—that the Federal Rules of Civil Procedure are self-executing and require substantive responses. There is no rule that obligates a party to supply a certain amount of authority before filing a motion to compel on manifestly noncompliant responses.

3. ESI Protocol
The same lack of clarity has attended your references to an "ESI protocol." You have invoked that term several times over the past month, introducing a recycled 15-page document presented as if it had already been stipulated for the first time during an unrelated deposition-scheduling email chain, pressing us for our position so you could "send it to Judge Hoffman Price for review." No material explanation of your desires were communicated until the November 5 conference, when you finally explained your desire for keyword specificity to help you comb through ESI. Thankful that you finally discussed this in good faith, we agreed to review any Boolean search terms you proposed, as a courtesy, provided they are accompanied by an affidavit confirming they accurately reflect how your clients refer to the relevant subjects. We did not, however, agree to limit discovery to those terms, nor to waive any rights under the Rules. Your suggestion that you may unilaterally deem us to have waived objection has no basis in the Rules or the Court's discovery framework.

4. Topics for Mr. Wilson's Deposition
We await the list of topics you wish to exclude from Mr. Wilson's deposition. As we have stated, questions concerning awareness, intent, control, and willfulness are central to our claims of copyright infringement, alter-ego liability, and misuse of the corporate form. Once we receive your list, we will provide our position regarding your desired motion for protective order, as promised.

In short, we are saddened by your November 5 email, as it does not accurately reflect the history or substance of our discussions. The record shows that when you have articulated a specific concern, we have promptly addressed it.

We hope that, going forward, we can have more meaningful, good faith discussions like we felt occurred for most of our conversation on November 5th. We remain willing to confer further in good faith to resolve any remaining disputes.Thanks.

Sincerely,
Zachary Z. Zermay, Esq.



**Zermay Law**
P (305) 767-3529 | W zermaylaw.com | E zach@zermaylaw.com |
A 3000 Coral Way, Suite 1115, Coral Gables, FL 33145

On Wed, Nov 5, 2025 at 12:04 PM Leitner, Leia V. <Leia.Leitner@wilsonelser.com> wrote:

  Dear Zermay,


  Thank you for taking the time to speak with us regarding the discovery dispute in this matter.

This is to memorialize our discussion today on the following topics (as noted in the email dated November 4, 2025 12:42 PM below) on (1) Defendants, Defense Distributed, DEFCAD, Inc., and Mr. Wilson's ("Defendants") responses and objections to Plaintiff's discovery demands served on October 28, 2025; (2) ESI Protocol; (3) Cody Wilson's Motion for Protective Order requesting to limit the topics at deposition to the copyright, unfair competition, and name and likeness claims raised in the above-styled case; and (4) Plaintiff's Initial Disclosures.   In this regard, we note the following items were discussed regarding each topic below:

### Defendants' Responses and Objections to Plaintiff's Discovery Demands – served on 9/28/2025; responses and objections served on 10/28/2025:

On October 29, 2025, and again on November 3, 2025, we have asked Plaintiff to provide case law and the specific requests and objections to support your position that the objections that were asserted are unfounded before our meeting and call today at 10:00 a.m.  To date, no case law or specific requests were provided before the call, or the proposed motion to compel on Defendants' objections raised in response to Plaintiff's Discovery Demands.  Today, during the call, we did not discuss the specific requests with the objection you think should be overruled or the support for them.  Thus, it is the Defendants' position that a substantive discussion or a meet and confer was not satisfied based on our discussion on the objections concerning the specific requests responded to by Defendants, which is required under Local Rule 3.01(g).  It was only discussed in the October 29, 2025, letters, which provide no case law or authority as to why such objections should be overruled.  With respect to the Defendants' document production responsive to Plaintiff's Discovery Demands, we specified a production date of December 1, 2025, to produce the documents on a rolling basis due to the high volume of documents we have concerning the broad topics requested in discovery.  We intend to produce those documents by December 1, 2025, and, thus, it's the Defendants' position that any motion to compel with respect to Defendants' document production is premature.  Please note our position on any motion to compel regarding Defendants' responses and objections accordingly—any differences in this position will not accurately reflect what was discussed today.

### ESI Protocol:

As I mentioned above, Defendants have millions of documents to produce in response to this request.  To move forward with this process, we will provide search terms to Plaintiff on or before November 12, 2025, so we can narrow the documents to those we think you are seeking.  If Plaintiff is amenable with the search terms, we'll ensure that we share an ESI Protocol/Agreement between the parties to make this process efficient and productive, and finalize it by November 19, 2025.  If we cannot agree to the terms, the Defendants will set the parameters for ESI protocol, provide the search terms, and consider that Plaintiff has waived their right to object to the same.

### Motion for Protective Order on Mr. Wilson's Deposition:
Regarding the Motion for Protective Order, we will provide a list of topics related to the dismissed Counterclaim and RICO Complaint, which we believe are totally unrelated to this action and beyond  the scope of the claims and defenses pursuant to Fed. R. Civ. P. 26(b)(1), this week.   To the extent that Plaintiff does not agree to the topics, we will proceed with filing a Motion for Protective Order as to Mr. Wilson's deposition and note that Plaintiff is opposed to the Motion based on our meet and confer today, and continuing efforts to resolve these issues, by discussing the topics that should be prohibited from discussion this week.

**Motion to Compel – Initial Disclosures:**

Pursuant to the Court's Case Management and Scheduling Order, *see e.g.,* Doc. 58, the parties' Initial Disclosures were due on January 30, 2025. Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i)–(iv), requires that a party disclose the following information:

i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

(ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

(iii) *a computation of each category of damages claimed by the disclosing party*—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

(iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

*Id.* (requirements to satisfy a party's duty to disclose) (emphasis added).

On January 30, 2025, Plaintiff served his Initial Disclosures on Defendants; however, Plaintiff's Initial Disclosures fail to identify for each claim the computation of each category of damages and how the computations for damages were made. Plaintiff also failed to produce any documents that support Plaintiff's claim for damages asserted in the First Amended Complaint, including the copyright infringement, unfair competition under the Lanham Act, and the name and likeness claims as required under Fed. R. Civ. P. 26(a)(1)(A)(iii).

We discussed the Motion to Compel regarding Plaintiff's Initial Disclosures, and it is your position that Plaintiff would supplement the same this week. Today, Plaintiff has supplemented its Initial Disclosures today (***without serving any documents),*** and it's Defendants' position that the 11-month delay violates the Court's deadline for disclosures, and continues to violate the Court's Order by failing to serve the documents identified in Plaintiff's initial disclosures, and now with its supplemental disclosures. Thus, we will note in the Motion to Compel that the Plaintiff opposes the Motion and has supplemented the initial disclosures today, but has still failed to serve the documents identified in the initial disclosures – serving a supplemental response 11 months after the Court's deadline is insufficient.

Thank you,

Leia V. Leitner
Attorney At Law
Wilson Elser Moskowitz Edelman & Dicker LLP
111 North Orange Avenue Suite 1200
Orlando, FL 32801
407.423.7287 (Direct)
407.973.2111 (Cell)
407.203.7599 (Main)
407.648.1376 (Fax)
leia.leitner@wilsonelser.com



---

**From:** Leitner, Leia V.
**Sent:** Wednesday, November 5, 2025 10:04 AM
**To:** 'Zachary Zermay' <zach@zermaylaw.com>
**Cc:** 'Chad Flores' <cf@chadflores.law>; Zibas, Jura C. <Jura.Zibas@wilsonelser.com>; Gyebi, Amaris <Amaris.Gyebi@wilsonelser.com>; 'Geraldine Phillips' <info@zermaylaw.com>; Kujawski, Cheryl A. <Cheryl.Kujawski@wilsonelser.com>
**Subject:** RE: Case 6:24-cv-01629-WWB-LHP Larosiere v. Wilson - Meet and Confer - November 5, 2025 at 10:00 a.m.

Dear Mr. Zermay,

We are on the call via the Zoom link we provided for the November 5, 2025, meeting, which was circulated on November 4, 2025, at 10:14 a.m. in the email below.

https://wilsonelser.zoom.us/j/87518295915?pwd=RAxk3dLoTQaFblmAuTtKUorCIoVqma.1

Meeting ID: 875 1829 5915

Passcode: 523812

Please let us know when you are joining the meeting or if you would like to reschedule the call.

Thank you,

Leia V. Leitner
Attorney At Law
Wilson Elser Moskowitz Edelman & Dicker LLP
111 North Orange Avenue Suite 1200
Orlando, FL 32801

407.423.7287 (Direct)
407.973.2111 (Cell)
407.203.7599 (Main)
407.648.1376 (Fax)
leia.leitner@wilsonelser.com



**From:** Leitner, Leia V.
**Sent:** Tuesday, November 4, 2025 12:42 PM
**To:** 'Zachary Zermay' <zach@zermaylaw.com>
**Cc:** 'Chad Flores' <cf@chadflores.law>; Zibas, Jura C. <Jura.Zibas@wilsonelser.com>; Gyebi, Amaris
<Amaris.Gyebi@wilsonelser.com>; 'Geraldine Phillips' <info@zermaylaw.com>; Kujawski, Cheryl A.
<Cheryl.Kujawski@wilsonelser.com>
**Subject:** RE: Case 6:24-cv-01629-WWB-LHP Larosiere v. Wilson - Meet and Confer - November 5, 2025 at 10:00 a.m.


Dear Mr. Zermay,


Just so we are on the same page, we understand that the following topics will be discussed at tomorrow's
conference:


1. Defendants, Defense Distributed, DEFCAD, Inc., and Mr. Wilson's responses and objections to Plaintiff's
   discovery demands. To streamline the discussion, please provide authority regarding the objections
   asserted in Defendants' responses to Plaintiff's discovery demands in advance of the meeting.
2. Cody Wilson's Motion for Protective Order requesting to limit the topics at deposition to the copyright,
   unfair competition, and name and likeness claims raised in the above-styled case;
3. ESI Protocol regarding search terms; and
4. Plaintiff's supplemental responses to Defendants' discovery demands/Plaintiff's position on Defendants'
   Motion to Compel requesting better responses.


Thank you,


Leia V. Leitner
Attorney At Law
Wilson Elser Moskowitz Edelman & Dicker LLP
111 North Orange Avenue Suite 1200
Orlando, FL 32801
407.423.7287 (Direct)
407.973.2111 (Cell)
407.203.7599 (Main)
407.648.1376 (Fax)