UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW LAROSIERE

      Plaintiff,

vs.                                      Case No:  6:24-CV-01629

CODY RUTLEDGE WILSON, DEFCAD, INC.,
DEFENSE DISTRIBUTED and
DIOSKOUROI LLC,

      Defendants.
_____/

## DEFENDANT, CODY WILSON'S RENEWED MOTION FOR PROTECTIVE ORDER WITH INCORPORATED MEMORANDUM OF LAW

Defendant, Cody Wilson, moves under Federal Rules of Civil Procedure 26(b)(1), 26(c), and 30(d)(3) for a protective order limiting discovery—including deposition questioning—to topics relevant to the claims and defenses in this action, and precluding inquiry into (i) Defense Distributed's dismissed Counterclaim, *see e.g.* Docs. 125, 129, and (ii) the separately filed RICO Complaint in the Southern District of Florida ("RICO Complaint")[1]. Good cause exists because Plaintiff's discovery seeks information outside this case, invites harassment and cross-case gamesmanship, and would elicit privileged attorney work product and trial preparation materials.

Plaintiff noticed Mr. Wilson's individual deposition for November 14, 2025[2], and

---

[1] The "RICO Complaint" refers to the action titled, *Defense Distributed, et. al. v. Matthew Larosiere, et. al.;* Case No. 9:25-cv-81197-DMM.

[2] Plaintiff's Counsel cancelled Wilson's deposition via email.

1

324100208v.1

served discovery on September 28, 2025, that reaches far beyond the First Amended Complaint's pleaded "Subject Works" and issues. The demands seek sweeping personal, financial, corporate governance, device imaging, and third-party communications, as well as "all documents" related to copyright and DMCA topics, regardless of their connection to the pleaded claims. They also probe anticipation of litigation, drafting, strategy, and communications about the dismissed Counterclaim and the RICO Complaint—subjects that are irrelevant here and inherently privileged. Attached as **Composite Exhibit A** are copies of Plaintiffs' Discovery Demands served on September 28, 2025.

Fed. R. Civ. P. 26 confines discovery to non-privileged matter relevant to a party's claim or defense and proportional to the needs of the case. Discovery into separate pleadings and litigation strategy in other cases does not prove or disprove any element at issue in this action. The RICO Complaint concerns a different legal framing, parties, and factual nucleus; inquiry into its allegations, enterprise theory, predicate acts, or "FEDCAD" meme, as well as drafting and communications, would be improper and would routinely invade work product protection.

A targeted protective order will avoid harassment, confusion, and privilege disputes and preserve orderly case management. Defendant does not seek to foreclose relevant discovery on the pleaded claims; he seeks only to exclude examination designed to litigate dismissed or separate pleadings and to extract privileged strategy.

## LOCAL RULE 3.01(g) CERTIFICATE

Pursuant to M.D. Fla. Rule 3.01(g), the undersigned conferred with Plaintiff's Counsel on October 31, 2025, via Zoom conference to discuss the relief sought in the instant Motion; however, the parties were unable to resolve the dispute before the filing

of the instant Motion.  Attached hereto as **Composite Exhibit B** are copies of Plaintiff's Counsel's letters dated October 29, 2025, requesting to seek information outside the claims and defenses raised in the above-styled cause.

  **WHEREFORE**, Defendant, **CODY WILSON**, respectfully requests an order precluding Plaintiff from seeking testimony, documents, or information regarding the dismissed Counterclaim and the RICO Complaint, including: (a) drafting, editing, approval, filing, amendment, or withdrawal; (b) factual or legal bases; (c) internal or external communications; (d) materials considered or relied upon; and (e) litigation strategy, objectives, settlement, or case status; and granting such other relief as is just.

Dated: November 12, 2025    Respectfully submitted,

           **WILSON ELSER MOSKOWITZ**
           **EDELMAN& DICKER LLP**

        By: *s/Leia V. Leitner*
           Leia V. Leitner
           Florida Bar No:  105621
           111 North Orange Avenue
           Suite 1200
           Orlando,  FL  32801
           Telephone: 407-423-7287
           Facsimile:  407-648-1376
           leia.leitner@wilsonelser.com
           Cheryl.Kujawski@wilsonelser.com

           Jura C. Zibas
           Florida Bar No:  124571
           Amaris C. Gyebi, Esq.
           Florida Bar No:  1019361
           2063 Main Street - Suite 100
           Sarasota, FL 34237
           Telephone:  941-866-8561
           Facsimile: 941-210-5979
           Jura.Zibas@wilsonelser.com
           Amaris.Gyebi@wilsonelser.com
           Cheryl.Kujawski@wilsonelser.com

324100208v.1

*Co-Counsel for Defendants*
*Cody Rutledge Wilson*
*DEFCAD, Inc. and Defense Distributed*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 12th day of November, 2025, a true and correct copy of the foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF E-Filing Portal, which will serve an electronic copy of the foregoing on the following: Zachary Z. Zermay, Esq., Florida Bar No: 1002905; Zermay Law, P.A., *Counsel for Plaintiff*, 1200 Fourth Street, #1102, Key West, Florida 33040; Telephone: 305-767-3529; Zach@Zermaylaw.com and info@Zermaylaw.com ; Charles (Chad) Flores, Esq., Flores Law PLLC, *Counsel for Defendants, Cody Rutledge Wilson, DEFCAD, Inc., Defense Distributed and Dioskouroi LLC,* 917 Franklin Street, Suite 600, Houston, Texas 77002, Telephone: 713-364-6440, CF@ChadFlores.law; service@ChadFlores.law.

*s/Leia V. Leitner*
Leia V. Leitner

324100208v.1