# COMPOSITE

# EXHIBIT B

## Leitner, Leia V.

| From: | Leitner, Leia V. |
|---|---|
| **Sent:** | Friday, November 7, 2025 9:30 AM |
| **To:** | Zachary Zermay |
| **Cc:** | Geraldine Phillips; Chad Flores; Gyebi, Amaris; Zibas, Jura C.; Kujawski, Cheryl A. |
| **Subject:** | Case 6:24-cv-01629-WWB-LHP; Larosiere v. Wilson - Good Faith Letter regarding |
| | Defendant's Motion for Protective Order |
| **Attachments:** | 2025.11.07 - Letter re Meet and Confer on Motion Protective Order on |
| | Deposi(323769193.1).pdf |

Dear Mr. Zermay:

Attached, please find a letter memorializing the parties' meet and confer conference on November 5, 2025, at 10:00 a.m. EST regarding Defendants' Motion for Protective Order.  As discussed, we have outlined the topics we are requesting to avoid at Mr. Wilson's deposition on November 14, 2025, because they are outside the scope of the claims and defenses in this lawsuit, pursuant to Fed. R. Civ. P. 26(b)(1).

Thus, please let us know Plaintiff's position on (i) stipulating to limit the deposition questions to the claims and defense as required under Rule 26(b)(1), which requires avoiding the topics outlined in the attached letter;  or,(2) if Plaintiff does not agree to such stipulation, whether Plaintiff is opposed or unopposed to Mr. Wilson's protective order by **12:00 p.m. (noon) on Monday, November 10, 2025.**

Thank you,

Leia V. Leitner
Attorney At Law
Wilson Elser Moskowitz Edelman & Dicker LLP
111 North Orange Avenue Suite 1200
Orlando, FL 32801
407.423.7287 (Direct)
407.973.2111 (Cell)
407.203.7599 (Main)
407.648.1376 (Fax)
leia.leitner@wilsonelser.com





November 7, 2025

**Leia V Leitner**
407.423.7287 (direct)
407.973.2111 (mobile)
Leia.Leitner@wilsonelser.com

VIA Email: zach@zermaylaw.com
Zachary Zermay
Zermay Law
3000 Coral Way, Suite 1115,
Coral Gables, FL 33145

> Re:  *Matthew Larosiere v. Cody Wilson, et. al.*
> Case No. 6:24-cv-01629-WWB-LHP
> Motion for Protective Order – Meet and Confer regarding Cody
> Wilson's Deposition, noticed on November 14, 2025, at 10:00 a.m.

Dear Mr. Zermay:

This is to memorialize the parties' meet-and-confer conference on November 5, 2025, at 10:00 a.m. EST via Zoom, regarding Defendants' request to stipulate on certain topics at Cody Wilson's deposition, in his individual capacity, to limit them to the claims and defenses in the above-styled cause, pursuant to the M.D. Fla. Local Rule 3.01(g) and Federal Rule of Civil Procedure 26(b)(1)(requiring the scope of discovery to be limited to the party's claims and or defenses), scheduled on November 14, 2025, at 10:00 a.m. EST. As currently framed, several topics seek discovery concerning the separately filed Complaint in the Southern District of Florida titled *Defense Distributed, et. al. v. John Elik, et. al.,* Case No. 9:25-cv-81197-DMM ("RICO Complaint"), and a previously dismissed counterclaim[1] that is not part of the operative pleadings or the claims and defenses remaining in this action. Because those topics are outside the scope of Rule 26(b)(1) and impose undue burden and expense, we request that you prohibit discussing the topics for the RICO Complaint and dismissed counterclaim. In the absence of a resolution, we will move for a protective order under Rule 26(c). *See* Fed. R. Civ. P. 26(c)(1) ("a protective order may forbid inquiry into certain matters or limit the scope of disclosure or discovery to certain matters.").

First, the scope of permissible discovery is limited to nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Topics directed to the

---

[1] It is important to note that Plaintiff served discovery demands concerning the RICO Complaint and the dismissed Counterclaim on September 28, 2025 – which, was propounded *after* the RICO Complaint was filed in the Southern District of Florida, and the Counterclaim was dismissed. *See* Docs. 123, 129.

111 North Orange Avenue, Suite 1200 | Orlando, FL 32801 | p 407.203.7599 | f 407.648.1376 | wilsonelser.com

Albany, NY | Atlanta, GA | Austin, TX | Baltimore, MD | Birmingham, AL | Boston, MA | Charlotte, NC | Chicago, IL | Dallas, TX | Denver, CO | Detroit, MI | Long Island, NY
Hartford, CT | Houston, TX | Indianapolis, IN | Jackson, MS | Las Vegas, NV | London, England | Los Angeles, CA | Louisville, KY | Madison, NJ | McLean, VA | Merrillville, IN
Miami, FL | Milwaukee, WI | Nashville, TN | New Orleans, LA | New York, NY | Orange County, CA | Orlando, FL | Philadelphia, PA | Phoenix, AZ | Portland, OR | Raleigh, NC
San Diego, CA | San Francisco, CA | Sarasota, FL | Seattle, WA | Stamford, CT | St. Louis, MO | Tyler, TX | Washington, DC | West Palm Beach, FL | White Plains, NY

**WILSON ELSER**
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

Mr. Zermay
November 7, 2025
Page 2

RICO Complaint that are not at issue here, as well as a dismissed counterclaim, do not bear on the
remaining claims and defenses and therefore fall outside Rule 26(b)(1). The Court's dismissal of
the counterclaim forecloses discovery into those theories; they cannot be used to expand discovery
beyond the operative issues. Likewise, inquiries into alleged racketeering schemes, predicate acts,
enterprise structure, mail/wire fraud, pattern, and other RICO-specific elements have no
reasonable nexus to the pleaded claims and defenses. They would only invite diversion into
collateral matters.

Second, several topics, as drafted in Plaintiff's discovery demands to Mr. Wilson, in his
individual capacity, seek information regarding Mr. Wilson's broad personal and financial asset-
finding information (*see e.g.* Interrogatories Nos. 1–7) untethered to the issues raised in the First
Amended Complaint, *see e.g., generally,* Doc. 43, seek highly sensitive personal and third-party
data (*see e.g.,* RFPs 1–3, 22–27, 87–99, 100–107); sweeping demands for communications with
investigators/journalists/professionals bitcoin histories, corporate governance policies at
upload-time, exhaustive uploader/reviewer/approver/editor identities with PII, technical logs and
IP/browser data (*see e.g.,* RFPs 10–18, 28–31, 39–47, 82–86, 92–97); and forensic images of
Wilson's personal and business devices (*see e.g.,* RFPs 49, 66–72)are vastly overbroad, and invade
nonparty privacy interests, and demand device-level discovery without predicate or proportionality
to the claims raised in this action. *See id.* These formulations are not reasonably particular and are
incapable of consistent interpretation or preparation. They also risk intruding into privileged
material and work product, particularly where they demand identification of legal theories or
counsel communications under the guise of "investigations" or "strategies" relating to RICO or
the dismissed counterclaim (*see e.g.,* Requests for Admission 1–13).

To facilitate resolution, we propose the following:

1. The parties stipulate that deposition questions will be limited to matters relevant to the
   claims and defenses outlined in the operative complaint and answers, excluding topics
   directed to any RICO complaint or the dismissed counterclaim, including but not limited
   to the following:
   - Enterprise formation or operation, predicate acts, pattern, or damages theories
     unique to RICO;
   - Any mention of the "FEDCAD" meme – a graphic stating "FRIENDS DON'T LET
     FRIENDS USE FED CAD";
   - DEFCAD's customer identities and other personal information;
   - Counter-Defendants: John Elik, Alexander Holladay, Peter Celentano, Josh Kiel
     Stroke (aka "Zona"), John Lettman, and any involvement with the publication of
     the FEDCAD meme on Reddit, Twitter, (X), Facebook, and other social media
     forums in commercial contexts that direct users to TheGatalog.com;
   - Non-parties: Barret Collier and Eric Goldhaber;
   - DEFCAD is being hacked, its data is dumped, and hosted in Iran;
   - DD Foundation LLC purpose/ownership changes;
   - Mr. Wilson's crypto wallets since 2018, all real estate since 2016, aliases,
     residential addresses;
   - Communications with investigators/journalists/professionals concerning the

**WILSON ELSER**
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

Mr. Zermay
November 7, 2025
Page 3

Counter-Defendants;

- Any topics concerning Mr. Wilson's entities that are non-parties, including, but not limited to: Gunspring, LLC, Federal Consolidated, LLC, DD Foundation, LLC, Coast Runner, Inc., Ghost Gunner, Inc., UPLSN, Inc., Zero Percent Arms, LLC and The Glen Rose Library Company.
- Any topics concerning the anticipation of litigation, beliefs about copyright-notice removal, license interpretations, absence of signed authorizations, and pre-suit discussions with individuals untethered to the subject copyright registrations.

2. For any remaining topics arguably touching on areas previously linked to the dismissed counterclaim, you provide a narrowed articulation that ties the inquiry to a specific, live claim or defense, with a defined time period, custodians reasonably limited to those with unique knowledge, and terms sufficiently particular to permit preparation.

3. The parties agree that no witness preparation will be required on topics falling outside the scope of Rule 26(b)(1) as set forth above, and that objections on relevance and proportionality grounds will be preserved and not deemed waived.

If we do not reach an agreement, we intend to seek a protective order under Rule 26(c) limiting the deposition to the claims and defenses in the operative pleadings and excluding inquiries into RICO or the dismissed counterclaim. In that event, we will also request appropriate relief regarding costs and fees associated with addressing these overbroad topics.

Thus, please let us know Plaintiff's position on (i) stipulating to limit the deposition questions to the claims and defense as required under Rule 26(b)(1), which requires avoiding the topics outlined above;  or (2) whether Plaintiff is opposed or unopposed to Mr. Wilson's protective order by **12:00 p.m. (noon) on Monday, November 10, 2025**.  Thank you.

Regards,

Wilson Elser Moskowitz Edelman & Dicker LLP

*/s/ Leia V. Leitner*
Leia V. Leitner

Enclosure
   1. RICO Complaint

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.:

DEFENSE DISTRIBUTED, a Texas corporation;
DD FOUNDATION, LLC, a Texas limited liability
company; and, DEFCAD, INC., a Texas
corporation,

        Plaintiffs,

v.

JOHN ELIK, individually; MATTHEW
LAROSIERE, individually; ALEXANDER
HOLLADAY, individually; PETER CELENTANO,
individually; JOSH KIEL STROKE, individually;
and JOHN LETTMAN, individually,

        Defendants.

_____/

## COMPLAINT

Plaintiffs, Defense Distributed; DD Foundation, LLC; and DEFCAD, Inc. (hereafter
"DEFCAD") sue Defendants, Messrs. John Elik, Matthew Larosiere, Alexander Holladay, Peter
Celentano, Josh Kiel Stroke, and John Lettman, as follows:

### Introduction.

Defendants jointly operate a 3D gun file business known as The Gatalog,[1] through a
website appearing at www.thegatalog.com, as a direct competitor of Plaintiff, DEFCAD.
Defendants conspired to make false statements about DEFCAD, to deter DEFCAD's customers,
and to steer them to Defendants' rival business, including that: (1) DEFCAD has been hacked and

_____

[1] "A 3D-printed firearm is a firearm that is partially or primarily produced with a 3D
printer."  Wikipedia, (viewed September 24, 2025).

its customers' names "dumped"(publicized); (2) DEFCAD's customer names are public ("doxxing"); and, (3) DEFCAD hosts its website in Iran. DEFCAD seeks damages pursuant to civil RICO, the Lanham Act and Florida law. In addition, because Defendants' false statements will not stop short of judicial intervention, DEFCAD seeks injunctive relief against Defendants.

### Parties, Jurisdiction & Venue.

1.  Plaintiff, Defense Distributed, is a Texas corporation with its principal place of business in Texas.

2.  Plaintiff, DEFCAD, Inc., is a Texas corporation with its principal place of business in Texas.

3.  Plaintiff, DD Foundation, LLC, is a Texas limited liability company whose members reside in Texas.

4.  Defendant, Matthew Larosiere, is a citizen and resident of Florida.

5.  Defendant, John Elik, is a citizen and resident of Illinois.

6.  Defendant, Alexander Holladay, is a citizen and resident of Florida.

7.  Defendant, Peter Celentano, is a citizen and resident of New York.

8.  Defendant, Josh Kiel Stroke, is a citizen and resident of Arizona.

9.  Defendant, John Lettman, is a citizen and resident of Pennsylvania.

10. The Court has subject matter jurisdiction of the RICO and Lanham Act claims as federal questions, 28 U.S.C. § 1331, and from RICO's civil damages provisions, 18 U.S.C. §§ 1964(c) and 1965(a).

11. This Court also has diversity jurisdiction under 28 U.S.C. § 1332(a), and the amount in controversy exceeds $75,000, exclusive of interest and costs, and Plaintiffs (citizens of Texas)

are completely diverse from each Defendant (citizens of Florida, Illinois, New York, Arizona, and Pennsylvania).

12.     This Court has supplemental personal jurisdiction over defendants for the Florida claims because they arise from the same nucleus of facts as the RICO and Lanham Act claims.  28 U.S.C. §1367.

13.     Venue is proper here, pursuant to 18 U.S.C. §1965(a), because Defendant, Mr. Larosiere, resides in this District. Jurisdiction and venue are proper as to the other Defendants because they conspired with Mr. Larosiere to violate RICO, and can thus be served outside this District pursuant to §1965(b).  Moreover, the "ends of justice" support adjudicating all members of this RICO conspiracy together in this action.

**Facts Common to All Counts.**

14.     Plaintiffs share the income produced by DEFCAD's legal file sharing business, through online sales, mainly generated through their website: www.defcad.com.

15.     Defendants are active in the 3D gun market and came together to challenge DEFCAD's position in this growing industry.

16.     Defendants began their plot to damage DEFCAD in 2019 when Defendant, Mr. Elik, reached out to Mr. Cody Wilson, owner and principal of DEFCAD, to collaborate in firearms software and hardware development.

17.     Defendant, Mr. Elik, visited DEFCAD's business facility in Austin, Texas.

18.     DEFCAD and Defendant, Mr. Elik, reached an agreement in 2019, whereby DEFCAD would pay him a fee for each customer he brought to DEFCAD's website, which was then being prepared for launch.

19.     In March 2020, DEFCAD launched www.defcad.com.

3

20.     After March 2020, DEFCAD made monthly payments to Defendant, Mr. Elik, pursuant to the agreement until August 2022.

21.     At that time, Defendant, Mr. Elik became associated with The Gatalog, and its affiliated business, MAF Corp., a Florida corporation ("MAF"), which sells merchandise used in conjunction with The Gatalog's 3D gun files.

22.     Defendant, Mr. Elik then became hostile and demanded that if DEFCAD did not remove certain files from its website, Gatalog would spread disinformation about DEFCAD.

23.     He followed through on the threat. Thus, in May 2023, by agreement with the other defendants, his business partners, they began posting a "FEDCAD" meme — a graphic stating, "FRIENDS DON'T LET FRIENDS USE FEDCAD."

24.     The ad perniciously tells potential DEFCAD customers that DEFCAD should be known as "FEDCAD" because its database has been "hacked" and "dumped" multiple times, implying customers' identities and other personal information would be known to federal authorities and anti-gun activists who might harass them. It also directs readers to "just say no" to FEDCAD and its "affiliate sites," which include Defense Distributed:

4

'Friends don't let Friends use defcad.

Defcad's database has been hacked and dumped on multiple occasions. They do not encrypt their data, and keep it stored unsalted - all your information is in a row. That they never disclosed and breaches is reason enough not to use the site.

They pass off unusable, untested, bogus files as if they are working projects in order to milk money out of people. Wow! A 3D printable M82? That's so cool! Turns out it's a low-poly videogame model, but they won't say so until they've got your money. Additionally, for things that are actually tested and documented, they do not update files to latest versions - many out of date files to be found. That you can't (or shouldn't) trust the files you get there might be a signal not to use the site, but it gets better.

Defcad can, and has, doxxed developer information to antigunners. They did this with only the slightest pressure, and made no serious attempt to obfuscate. They then attempted to blackmail myself and others with our personal information in an attempt to force money out of us - to support a lawsuit where defcad was getting sued, and myself and such others were not. Certainly shady for a company that claims that it only collect money from users so that it can fight lawsuits. Of course, they forget to mention that they'll extort you and that they've yet to actually win a lawsuit.

And while I could go on, I'll leave you with the notion that Defcad is wretchedly awful, should be avoided, shouldn't be used, and should be publicly shamed.

We can discuss its founder having paid a 16 year old for sex and other outstanding things that your money will be used for if you give it to them another time!" - @NaviGoBoom

25.     Defendants published and amplified this meme across Reddit, Twitter (X), Facebook, and other social media forums, always in commercial contexts that directed users to TheGatalog.com.

26.     Defendant Celentano, by agreement with the Co-Defendants, repeatedly posted the "FEDCAD" meme on Reddit. His posts remain among the top search results for "DEFCAD" on

Google, where he warned potential customers not to use DEFCAD and directed them instead to The Gatalog.

27.     Defendant Holladay, an affiliate of The Gatalog, embedded the "FEDCAD" meme in his own business's "Quick Start Guide" for 3D printing firearms, publishing it on www.ctrlpew.com, in December 2023. He did so per agreement with the co-defendants.

28.     In April 2024, the meme was pinned to the top of the r/fosscad Reddit forum — a community of over 100,000 people in the 3D gun marketplace — ensuring maximum exposure of the false message that DEFCAD was unsafe and compromised.

29.     Defendant, Josh Stroke, through the persona "Zona", funded through Larosiere's MAF Corp., reposted "FEDCAD" meme across dozens of online channels in 2023 and 2024.

30.     In the 3D gun marketplace it is well known that consumers shun publicity and government scrutiny. Thus, when such allegations are made falsely, they are malicious, i.e., seeking to destroy the seller-customer relationship.

31.     Defendants targeted the meme at DEFCAD's partners, including non-parties, Messrs. Barret Collier and Eric Goldhaber, who ceased working with the company after receiving the negative information.

32.     Defendants' false allegations of DEFCAD being hacked, its data dumped, and being hosted in illegal territories like Iran, have damaged DEFCAD, significantly decreasing DEFCAD's revenue as a result of the false statements.

33.     Moreover, Defendants continued and continue to make the same false allegations on the internet repeatedly since May 2023.

34. Each use of the internet to spread damaging disinformation violates the federal wire fraud statute, 18 U.S.C. § 1343, which prohibits "schemes to defraud" involving interstate wires, with "wires" including social media posts used in a scheme to defraud.

35. DEFCAD estimates Plaintiffs have lost at least $1,000,000 in sales as a direct result of the false statements Defendants have made online, detailed above.

36. DEFCAD has retained the undersigned counsel and agreed to pay it a reasonable fee to bring this action on its behalf.

## COUNT I- CONSPIRACY TO VIOLATE RICO

37. Plaintiffs reincorporate Paragraphs 1 to 36 above, as if fully restated herein.

38. Defendants' scheme to destroy DEFCAD, to which all the Defendants agreed to undertake, required an ongoing series of wire fraud violations.

39. The scheme is intended to damage Plaintiffs by taking away customers through false statements, and Defendants' wire fraud crimes have done so.

40. Each Defendant is a "person" as defined by 18 U.S.C. §1961(3).

41. Wire fraud is made a form of "racketeering activity" by RICO as defined by 18 U.S.C. § 1961(1)(B).

42. The ongoing wire fraud Defendants agreed to commit, and committed, constitutes a "pattern of racketeering activity" as defined by 18 U.S.C. § 1961(5).

43. This is both a "closed" pattern, as it has occurred over a lengthy period, and an "open" pattern, as it will not cease without judicial intervention.

44. Defendants' pattern of wire fraud has been committed through MAF, which Defendant, Mr. Larosiere, owns.

7

45.     At all times, the other Defendants followed Defendant, Mr. Larosiere's direction in carrying out their roles in the scheme through this Florida corporation, which is a RICO enterprise as defined by 18 U.S.C. § 1961(4).

46.     MAF affects interstate commerce through contracts with customers in various states to sell gun parts and through its internet activity.

47.     Thus, by agreeing to the scheme to be carried out through the MAF enterprise, each Defendant conspired to violate 18 U.S.C. §1962(c), which makes it illegal for any person "employed by or associated with" an enterprise to commit a pattern of racketeering activity through the enterprise.

48.     Thus, each Defendant has violated 18 U.S.C. §1962(d), which prohibits conspiracies to violate 1962(c).

WHEREFORE, Plaintiffs request a judgment be entered against Defendants, jointly and severally, for three times their damages, prejudgment interest, attorneys' fees, costs, and any other relief the Court deems proper pursuant to 18 U.S.C. §1964(c), and enter preliminary and permanent injunctions against Defendants barring them from continuing to make allegations against Plaintiffs to the effect any of them has been hacked and/or that its customers identities are being made public, pursuant to 18 U.S.C. §1964(a).

<u>**COUNT II- VOLATION OF THE LANHAM ACT, (FALSE ADVERTISING)**</u>

49.     Plaintiffs incorporate Paragraphs 1-36 above, as if fully restated herein.

50.     Defendants violated the Lanham Act by engaging in false or misleading representations of fact in commercial advertising and promotion, including but not limited to: (a) Branding DEFCAD as "FEDCAD" and asserting that DEFCAD's database had been "hacked and dumped multiple times"; (b) Falsely claiming that DEFCAD "doxxes" its customers by providing

8

personal information to federal authorities and anti-gun activists; (c) Alleging that DEFCAD colluded with gun-control groups and federal authorities; (d) Disseminating these statements through the "FEDCAD" meme and related graphics across social media platforms, including Reddit, Twitter (X), Facebook, and other online forums; and, (e) Publishing the meme in commercial contexts intended to divert customers from DEFCAD to The Gatalog and related enterprises.

51.     These statements are false or misleading as to material facts and are likely to deceive, had the tendency to deceive, or actually deceived consumers, as alleged herein.

52.     Defendants made these statements knowingly and with the intent to harm DEFCAD and divert business to their own competing enterprises, in part, because in the context of this market for products, the Defendants deception was likely to influence purchasing decisions.

53.     Defendants' false advertising directly and proximately caused actual damages to Plaintiffs, including lost revenue, lost customers, lost goodwill, and reputational harm.

54.     Defendants have been unjustly enriched by profits obtained as a result of their false advertising.

55.     Plaintiffs have no adequate remedy at law, as the false and misleading statements continue to be disseminated online, causing ongoing harm to DEFCAD's business and reputation.

WHEREFORE, Plaintiffs request judgment against Defendants for the amount of their damages, disgorgement of their profits obtained from the violations of the Lanham Act detailed above, attorneys' fees and costs pursuant to 15 U.S.C. §1117. Plaintiffs also seek preliminary and permanent injunctions against Defendants to stop their false advertising pursuant to 15 U.S.C. §1116.

**COUNT III – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS
UNDER FLORIDA LAW  (*Against Solely the Florida Defendants*)**

56.     Plaintiffs incorporate Paragraphs 1-36 above, as if fully set forth herein.

57.     Defendants, Messrs. Larosiere and Holladay, are residents of Florida, and this Court
is directed solely to those to Defendants.

58.     Plaintiffs had advantageous business and contractual relationships with customers,
vendors, and partners, including, but not limited to, customers and potential customers navigating
or seeking to navigate the DEFCAD site, and Messrs. Barret Collier and Eric Goldhaber, who
generated income for DEFCAD.

59.     Defendants, Messrs. Larosiere and Holladay, had knowledge of these relationships.
Defendants specifically targeted Plaintiffs' customers and business partners with the intent of
disrupting and terminating those relationships.

60.     Defendants, Messrs. Larosiere and Holladay, without justification or privilege,
intentionally and unjustifiably interfered with these relationships by spreading false statements
about DEFCAD, as described herein.

61.     These Defendants' interference was calculated to and did in fact induce customers
and partners to stop doing business with Plaintiffs and to divert business to the rival enterprise,
The Gatalog and MAF Corp.

62.     As a direct and proximate result of these Defendants' wrongful interference,
Plaintiffs have suffered damages including lost sales, lost customer goodwill, and reputational
harm in an amount exceeding $1 million.

WHEREFORE, Plaintiffs request judgment against Defendants for compensatory
damages, costs, and any other and further relief the Court deems proper.

## COUNT IV – VIOLATION OF FLORIDA'S FALSE ADVERTISING STATUTE, FLA. STAT. § 817.41

63. Plaintiffs incorporate Paragraphs 1–36 above, as if fully set forth herein.

64. Defendants engaged in the dissemination of untrue, deceptive, and misleading advertisements to the public in Florida and elsewhere, including but not limited to:

    a. Advertising that DEFCAD had been hacked and its customer data exposed;

    b. Advertising that DEFCAD was known as "FEDCAD" and was unsafe for consumers to use; and,

    c. Advertising that DEFCAD's website was hosted in Iran.

65. These advertisements were false and misleading representations of fact made in trade and commerce.

66. Defendants are competitors of Plaintiff, and made these advertisements with the intent to induce consumers to refrain from doing business with Plaintiffs and instead to divert business to Defendants' rival enterprise.

67. Consumers, including Plaintiffs' customers and partners, were in fact deceived or likely to be deceived by these advertisements, as shown by the cessation of business by partners such as Messrs. Collier and Goldhaber.

68. As a direct and proximate result of Defendants' false advertising, Plaintiffs have sustained actual damages, including loss of revenue, loss of goodwill, and reputational harm.

WHEREFORE, Plaintiffs request judgment against Defendants for damages, declaratory and injunctive relief prohibiting further false advertising, attorneys' fees and costs pursuant to Fla. Stat. § 817.41(6), and any other relief the Court deems proper.

Dated: September 25, 2025.

TAFT STETTINIUS & HOLLISTER LLP
525 Okeechobee Blvd., Suite 900
West Palm Beach, FL 33401
Tel. (561) 655-2250
Email: gweiss@taftlaw.com
*Attorneys for Plaintiffs*


By: _s/_ GREGORY S. WEISS
    GREGORY S. WEISS
    Florida Bar No. 163430

And

FOSTER PC
Howard Foster
155 N. Wacker Dr., Suite 4250
Chicago, IL 60606
312-726-1600
hfoster@fosterpc.com
(*Pro hac vice application forthcoming*)

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

DEFENSE DISTRIBUTED, a Texas corporation; DD
FOUNDATION, LLC, a Texas limited liability
company; and, DEFCAD, INC., a Texas corporation

*Plaintiff(s)*

v.

JOHN ELIK, individually; MATTHEW LAROSIERE,
individually; ALEXANDER HOLLADAY, individually;
PETER CELENTANO, individually; JOSH KIEL
STROKE, individually; and JOHN LETTMAN, Individ.

*Defendant(s)*

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   John Elik
6404 Alpha Dr.
Alton, IL 62002

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Gregory S. Weiss, Esq.
Taft Stettinius & Hollister LLP
525 Okeechobee Blvd., Suite 900
West Palm Beach, FL 33401

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| DEFENSE DISTRIBUTED, a Texas corporation; DD FOUNDATION, LLC, a Texas limited liability company; and, DEFCAD, INC., a Texas corporation | ) ) ) ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| JOHN ELIK, individually; MATTHEW LAROSIERE, individually; ALEXANDER HOLLADAY, individually; PETER CELENTANO, individually; JOSH KIEL STROKE, individually; and JOHN LETTMAN, Individ. | ) ) ) ) ) |
| *Defendant(s)* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*      Matthew Larosiere
6964 Houston Circle
Lake Worth, FL 33467

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Gregory S. Weiss, Esq.
Taft Stettinius & Hollister LLP
525 Okeechobee Blvd., Suite 900
West Palm Beach, FL 33401

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

Case 9:24-cv-81629-AMC-BER Document 160 Entered on FLSD Docket 09/26/2025 Page 22 of 32
Case 6:23-cv-01091-WWB-LHP Document 160 Filed 11/13/25 Page 1 of 2 PageID
4227

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| DEFENSE DISTRIBUTED, a Texas corporation; DD FOUNDATION, LLC, a Texas limited liability company; and, DEFCAD, INC., a Texas corporation | ) ) ) ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. |
| JOHN ELIK, individually; MATTHEW LAROSIERE, individually; ALEXANDER HOLLADAY, individually; PETER CELENTANO, individually; JOSH KIEL STROKE, individually; and JOHN LETTMAN, Individ. | ) ) ) ) ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*     Alexander Holladay
522 Baron Rd.
Orlando, FL 32828

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Gregory S. Weiss, Esq.
Taft Stettinius & Hollister LLP
525 Okeechobee Blvd., Suite 900
West Palm Beach, FL 33401

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| DEFENSE DISTRIBUTED, a Texas corporation; DD FOUNDATION, LLC, a Texas limited liability company; and, DEFCAD, INC., a Texas corporation <br><br> *Plaintiff(s)* <br><br> v. <br><br> JOHN ELIK, individually; MATTHEW LAROSIERE, individually; ALEXANDER HOLLADAY, individually; PETER CELENTANO, individually; JOSH KIEL STROKE, individually; and JOHN LETTMAN, Individ. <br><br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*    Peter Celentano
Niagara County Jail
5526 Niagara Street
Lockport, NY 14095

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Gregory S. Weiss, Esq.
Taft Stettinius & Hollister LLP
525 Okeechobee Blvd., Suite 900
West Palm Beach, FL 33401

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .


I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                                    *Server's signature*

                                                      _____
                                                                    *Printed name and title*

                                                      _____
                                                                    *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

<table>
<tr>
<td>

DEFENSE DISTRIBUTED, a Texas corporation; DD
    FOUNDATION, LLC, a Texas limited liability
company; and, DEFCAD, INC., a Texas corporation

_____
*Plaintiff(s)*

v.

JOHN ELIK, individually; MATTHEW LAROSIERE,
individually; ALEXANDER HOLLADAY, individually;
PETER CELENTANO, individually; JOSH KIEL
STROKE, individually; and JOHN LETTMAN, Individ.

_____
*Defendant(s)*

</td>
<td>

)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)

</td>
<td>

Civil Action No.

</td>
</tr>
</table>

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*      Josh Kiel Stroke
1600 W. Highland Ave.
Apt. A-150
Phoenix, AZ 85015

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Gregory S. Weiss, Esq.
Taft Stettinius & Hollister LLP
525 Okeechobee Blvd., Suite 900
West Palm Beach, FL 33401

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                          *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| DEFENSE DISTRIBUTED, a Texas corporation; DD FOUNDATION, LLC, a Texas limited liability company; and, DEFCAD, INC., a Texas corporation | ) ) ) ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. |
| JOHN ELIK, individually; MATTHEW LAROSIERE, individually; ALEXANDER HOLLADAY, individually; PETER CELENTANO, individually; JOSH KIEL STROKE, individually; and JOHN LETTMAN, Individ. | ) ) ) ) ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*     JohnLettman
29 Bon Air Ave.
Bradford, PA 16701

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Gregory S. Weiss, Esq.
Taft Stettinius & Hollister LLP
525 Okeechobee Blvd., Suite 900
West Palm Beach, FL 33401

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____            _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

### PROOF OF SERVICE
#### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Leitner, Leia V.

| | |
|---|---|
| **From:** | Leitner, Leia V. |
| **Sent:** | Friday, November 7, 2025 11:43 AM |
| **To:** | 'Zachary Zermay' |
| **Cc:** | Geraldine Phillips; Chad Flores; Gyebi, Amaris; Zibas, Jura C.; Kujawski, Cheryl A. |
| **Subject:** | RE: Case 6:24-cv-01629-WWB-LHP: Larosiere v. Wilson - Good Faith Letter regarding Defendant's Motion for Protective Order |

Thank you for your response below.

We will make sure that Plaintiff's position is noted accordingly in the Motion.

Regards,

Leia V. Leitner
Attorney At Law
Wilson Elser Moskowitz Edelman & Dicker LLP
111 North Orange Avenue Suite 1200
Orlando, FL 32801
407.423.7287 (Direct)
407.973.2111 (Cell)
407.203.7599 (Main)
407.648.1376 (Fax)
leia.leitner@wilsonelser.com



**From:** Zachary Zermay <zach@zermaylaw.com>
**Sent:** Friday, November 7, 2025 11:40 AM
**To:** Leitner, Leia V. <Leia.Leitner@wilsonelser.com>
**Cc:** Geraldine Phillips <info@zermaylaw.com>; Chad Flores <cf@chadflores.law>; Gyebi, Amaris <Amaris.Gyebi@wilsonelser.com>; Zibas, Jura C. <Jura.Zibas@wilsonelser.com>; Kujawski, Cheryl A. <Cheryl.Kujawski@wilsonelser.com>
**Subject:** Re: Case 6:24-cv-01629-WWB-LHP; Larosiere v. Wilson - Good Faith Letter regarding Defendant's Motion for Protective Order

EXTERNAL EMAIL - This email was sent by a person from outside your organization. Exercise caution when clicking links, opening attachments or taking further action, before validating its authenticity.

Ms. Leitner, thank you for your letter. As we discussed on the 5th, Mr. Wilson's removal of copyright notices, his knowledge that he was infringing other individuals copyrights, his use of his corporations and alter ego theory, asset diversion and commingling, and his targeted harassment of Plaintiff and his friends such as through repeatedly hiring private investigators, and many others of the points you suggest beyond the scope, are all very relevant to our claims, especially willfulness. We cannot agree to this. You may represent that we oppose the requested relief. Thanks.

Sincerely,

Zachary Z. Zermay, Esq.

**Zermay Law**
P **(305) 767-3529** | W **zermaylaw.com** | E **zach@zermaylaw.com** |
A **3000 Coral Way, Suite 1115, Coral Gables, FL 33145**



On Fri, Nov 7, 2025 at 9:29 AM Leitner, Leia V. <Leia.Leitner@wilsonelser.com> wrote:

Dear Mr. Zermay:

Attached, please find a letter memorializing the parties' meet and confer conference on November 5, 2025, at 10:00 a.m. EST regarding Defendants' Motion for Protective Order.  As discussed, we have outlined the topics we are requesting to avoid at Mr. Wilson's deposition on November 14, 2025, because they are outside the scope of the claims and defenses in this lawsuit, pursuant to Fed. R. Civ. P. 26(b)(1).

Thus, please let us know Plaintiff's position on (i) stipulating to limit the deposition questions to the claims and defense as required under Rule 26(b)(1), which requires avoiding the topics outlined in the attached letter; or,(2) if Plaintiff does not agree to such stipulation, whether Plaintiff is opposed or unopposed to Mr. Wilson's protective order by **12:00 p.m. (noon) on Monday, November 10, 2025.**

Thank you,

Leia V. Leitner
Attorney At Law
Wilson Elser Moskowitz Edelman & Dicker LLP
111 North Orange Avenue Suite 1200
Orlando, FL 32801
407.423.7287 (Direct)
407.973.2111 (Cell)
407.203.7599 (Main)
407.648.1376 (Fax)
leia.leitner@wilsonelser.com



IMPORTANT NOTICE: Beware of Cyber Fraud.
You should NEVER wire money to any bank account that Wilson Elser
Moskowitz Edelman & Dicker LLP provides to you either in the body

of this or any email or in an attachment without first speaking
with the attorney in our office who is handling your transaction.
Further, DO NOT accept emailed wire instructions from anyone else
without voice verification. Even if an email looks like it has come
from this office or someone involved in your transaction,
CALL US FIRST AT A NUMBER YOU KNOW TO BE CORRECT FOR THIS OFFICE
to verify the information before wiring any money.
Failure to do so is at your own risk.
Be particularly wary of any request to change wire instructions
you have already received.

CONFIDENTIALITY NOTICE: This electronic message is intended to be
viewed only by the individual or entity to whom it is addressed.
It may contain information that is privileged, confidential and
exempt from disclosure under applicable law. Any dissemination,
distribution or copying of this communication is strictly prohibited
without our prior permission. If the reader of this message is not
the intended recipient, or the employee or agent responsible for
delivering the message to the intended recipient, or if you have
received this communication in error, please notify us immediately by
return e-mail and delete the original message and any copies of it
from your computer system.

For further information about Wilson, Elser, Moskowitz, Edelman &
Dicker LLP, please see our website at www.wilsonelser.com or refer to
any of our offices.

Thank you.