**United States District Court**
**Middle District of Florida**
**Orlando Division**

Matthew Larosiere,
     Plaintiff,

v.                                                    No. 6:24-cv-1629

Cody Rutledge Wilson, DEFCAD, Inc.,
Defense Distributed, and Dioskouroi LLC,
       Defendants.

_____

### Response to the Plaintiff's Document 153 Motion for Sanctions

Defense Distributed and its counsel file this response to the Plaintiff's Document 153 motion for sanctions. The motion should be denied.

### Summary of the Argument

Rule 11 has no application here. Plaintiff seeks sanctions based on Document 136—a Rule 37(e) spoliation motion—but Rule 11(d) expressly excludes all "motions under Rules 26 through 37" from the Rule 11 regime. Document 136 is exactly such a motion: it invokes Rule 37(e) from the outset, rests entirely on discovery-related facts and arguments, and seeks relief available only under Rule 37(e). Courts in this District and nationwide uniformly reject Rule 11 motions aimed at discovery filings, preservation disputes, or disclosure-related disagreements. Because Rule 11 categorically does not apply, the sanctions motion fails at the threshold. The Court can and should swiftly deny the motion on this basis alone.

Even if Rule 11 did apply, the motion would still fail for many reasons. It is premature because the underlying Rule 37(e) motion remains pending and fully briefed, and Plaintiff is improperly using Rule 11 as a backdoor vehicle to expand and re-argue his opposition to that motion. Nor does the motion satisfy Rule 11's stringent standards. Document 136 has ample factual support, rests on established Rule 37(e) authority, reflects a reasonable pre-filing inquiry, and was filed for a proper litigation purpose. At bottom, Plaintiff disagrees with the motion's merits, not its certifications. But of course Rule 11 does not punish vigorous, evidence-based advocacy. The sanctions request should be denied.

## Argument

### I.    Rule 11 does not apply.

Plaintiff moves for sanctions under Federal Rule of Civil Procedure 11. Doc. 153 at 3. The motion invokes no other ground for sanctions because it could not do so. *See* Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion . . . ."). So if the Court determines that Rule 11 does not warrant sanctions, the motion should be denied regardless of Plaintiff's allusions to any other supposedly violated rules, which need not be addressed.

Rule 11 applies only to a specified "pleading, written motion, or other paper." Fed. R. Civ. P. 11(b). Plaintiff's motion for Rule 11 sanctions specifies as its target Document 136, Doc. 153 at 3, which is titled "Defense Distributed's Motion for Rule 37(e) Spoliation Relief with Appointment of a Special Master." Doc. 136 at 1. So if the Court determines that Document 136 does not warrant Rule 11 sanctions, the

motion should be denied regardless of Plaintiff's allusions to any other supposedly violative submissions. *See* Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b).").

Given this narrow scope of review, the Court should deny the motion for Rule 11 sanctions against the submission of Document 136 because Rule 11 does not apply to Document 136. Rule 11(d) expressly carves out discovery motions and Document 136 is a discovery motion. The Rule itself confirms this and so does all of the precedent. The motion can and should be denied without more.

Federal Rule of Civil Procedure 11(d) provides that it "does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37." Fed. R. Civ. P. 11(d). The motion's target is Document 136, "Defense Distributed's Motion for Rule 37(e) Spoliation Relief with Appointment of a Special Master." Doc. 136 at 1. Because Document 136 constitutes a "motion[] under Rules 26 through 37" within the meaning of Rule 11(d), Rule 11 "does not apply." Fed. R. Civ. P. 11(d).

Precedent applying Rule 11(d) confirms what the text plainly dictates. Uniformly across the nation, courts understand Rule 11(d) to mean exactly what it says and routinely "deny Rule 11 motions brought in the context of discovery." 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1333 & n.10 (4th ed. West 2025) (hereinafter "Wright & Miller") (collecting authorities); *accord* Wright & Miller § 1331 & nn. 73-74 (collecting more authorities). The Document

136 motion lies at the heart of this action's discovery dispute and is therefore a discovery motion that Rule 11(d) excepts from the Rule 11 sanctions regime.

Every relevant aspect of Document 136 proves its status as a discovery motion covered by Rule 11(d) to which Rule 11 does not apply. The title asserts its status as a "Motion for Rule 37(e) Spoliation Relief with Appointment of a Special Master." Doc. 136 at 1. Sentence #1 pinpoints Rule 37 as the source of relief: "Defense Distributed respectfully moves pursuant to Federal Rule of Civil Procedure 37(e) for an order of spoliation relief against Plaintiff Matthew Larosiere that appoints a special master and enters adverse inferences." Doc. 136 at 3. The conclusion points to the same source of relief, expressly citing Rule 37. Doc. 136 at 22. Every major argument segment relies either totally or predominantly on Rule 37. From top to bottom, Document 136 is undoubtedly a discovery motion covered by Rule 11(d) to which Rule 11 does not apply.

Many analogous cases uphold this conclusion about Rule 11's inapplicability to discovery disputes. *See, e.g.*, U*.S. ex rel. Kaimowitz v. Ansley*, No. 3:04CV1344J16HTS, 2005 WL 2372167, at *1 (M.D. Fla. Sept. 27, 2005) ("From what the Court can discern, Plaintiffs' Motion for Rule 11 Sanctions (Dkt.131) appears to generally be focused on discovery issues. The Court therefore finds Rule 11 sanctions to be improper."). This Court should follow that uniform authority and reject Plaintiff's attempt to use Rule 11 against a discovery motion. Rule 11 was never meant to police disagreements about ESI preservation, and it certainly should not be weaponized to shield a party from scrutiny over its own spoliation.

4

Importantly, this filing constitutes a Rule 11(d) "motion[] under Rules 26 through 37" notwithstanding the fact that it also cites Rule 53. *See* Doc. 136 at 4, 17, 19. The Rule 53 references do not alter its character. Two independent reasons make that unmistakably clear.

First and most obviously, the Rule 53 citations do not stop Document 136 from constituting a discovery motion because Document 136 invokes Federal Rule of Civil Procedure 53 *as part and parcel of the overall Rule 37 submission.* That is, Document 136 invokes Rule 53 as an ancillary source of additional authority to be utilized under Rule 37's auspices. Doc. 136 at 17. The motion cited and quoted Wright & Miller's Section 2284 to make this very point—that Rule 53 exists here as a subsidiary tool of the overall Rule 37 regime for governing discovery disputes. Rule 53 is not an alternative to the motion's Rule 37 argument. It is an integral component thereof, existing under the overall umbrella of what is plainly a discovery motion:

## II.    A special master and further relief is warranted.

"Rule 37 is flexible." Wright & Miller § 2284. "The sanctions enumerated in the rule are not exclusive and arbitrary but flexible, selective, and plural." *Id.* "The district court may, within reason, use as many and as varied sanctions as are necessary to hold the scales of justice even." *Id.*

Wright & Miller § 2284 (cited and quoted at Doc. 136 at 17). Rule 53 is invoked in service of Rule 37—not in place of it—and the motion remains unmistakably a discovery motion.

Second and alternatively, even if Document 136 had asserted Rule 53 as a standalone ground for relief unconnected to the main Rule 37 submission, the filing would still maintain its status of a Rule 11(d) "motion[] under Rules 26 through 37" because what matters for Rule 11(d) purposes is the issue's "main premise" and "genesis." *Tollett v. City of Kemah*, 285 F.3d 357, 364 (5th Cir. 2002). Because this motion's "genesis" is clearly a discovery dispute, the Rule 11(d) exception applies regardless of any supplementary authority cited. Rule 11(d) applies based on the motion's substance, not the presence of supplementary citations. Or as local precedent has put it, Rule 11 does not apply because this is at least a "discovery-related" motion. *Carrier Corp. v. Tech. Research, LLC*, No. 8:21-CV-08-VMC-AAS, 2022 WL 2306855, at *2 (M.D. Fla. Feb. 2, 2022) ("Rule 11 does not apply to discovery-related motions or filings"); *see also Weaver v. Matter and Harbert, P.A.*, 523 F. App'x 565, 568 (11th Cir. 2013).

Precedent also rejects the notion that Rule 11 covers the "meet and confer process" for discovery. *Paradigm All., Inc. v. Celeritas Techs., LLC*, 248 F.R.D. 598, 603 & n.14 (D. Kan. 2008) (cited with approval by Wright & Miller § 1333). There as well, "[a]n expressed or implied threat of moving for Rule 11 sanctions in the context of a discovery dispute is improper." *Id.*

6

Likewise for complaints about evidentiary disclosure. Those too are beyond
Rule 11's purview. *See Hannah v. Armor Corr. Health Services*, No. 8:19-CV-596-
T-60SPF, 2020 WL 9437559, at *1 (M.D. Fla. Oct. 16, 2020) ("to the extent the
Rule 11 motion is based on the untimely disclosure of the Irwin and McMunn
affidavits, Rule 11 does not provide a basis for relief").

Tellingly, Plaintiff cites no case—here in the Eleventh Circuit or anywhere
else—in which a court has imposed Rule 11 sanctions for filing a Rule 37(e)
spoliation motion supported by declarations and technical analysis. By contrast,
the authorities discussed above uniformly treat discovery-related disputes,
including preservation fights and disclosure complaints, as outside Rule 11's
ambit. *See, e.g.*, *Kaimowitz*, 2005 WL 2372167, at *1; *Carrier Corp.*, 2022 WL
2306855, at *2; *Paradigm*, 248 F.R.D. at 603 & n.14; *Hannah*, 2020 WL 9437559,
at *1. In a field where misuse of Rule 11 is heavily policed and Rule 11(d) speaks
directly, that silence is deafening. Plaintiff is effectively asking this Court to be the
first to use Rule 11 to punish a party for filing a colorable Rule 37(e) spoliation
motion. The Court should decline that invitation.

## II.    Alternatively, the motion is premature.

Alternatively, even if the Court holds that Rule 11 applies to Document 136,
the motion should be denied as premature because the motion to which Document
136 pertains remains pending before the Court. So far, the Court has received the
matter's motion, Doc. 136, response, Doc. 146, and reply. Doc. 154. But no ruling
has occurred, and there may very well be more proceedings like an evidentiary

hearing or oral arguments where positions of one side or another might change. Until the Document 136 discovery motion is fully litigated and resolved in the first instance, it is both premature and incorrect to seek Rule 11 sanctions about it.

The normal timing requirements are well-established. In the "case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation, *and in the case of motions at the time when the motion is decided or shortly thereafter*." *Donaldson v. Clark*, 819 F.2d 1551, 1555 (11th Cir. 1987) (emphasis added). If ever Plaintiff could properly file a Rule 11 motion about Document 136, it would have to be only *after* the Court has completed the full adjudicatory process (both briefing and hearings) and given its ruling.

*Almeida v. Bennet Auto Supply, Inc.*, 335 F.R.D. 463 (S.D. Fla. 2020), applies, upholding the rule about premature Rule 11 motions in an analogous case. There and here alike, the motion "represents an improper attempt to convert a dispute over the factual allegations and legal arguments in [the challenged submission] into a sanctions dispute." *Id.* at 465. There and here alike, the sanctions motion is "an alternative remedy to seek disposition on the merits" of the underlying submission. *Id.* Just as "Rule 11 motion is not an avenue to either seek repleading under Rule 12 or to seek judgment on the merits of a case under Rule 56," *id.*, neither is Rule 11 an avenue to seek rebriefing of a discovery dispute under Rule 37. Under the consensus rule that *Almeida* well illustrates, Plaintiff's request for sanctions on a *still-pending* motion should be denied as premature. *See id.* ("The Motion is Premature.").

Indeed, Plaintiff's filing functions not as a true Rule 11 motion, but as an impermissible backdoor attempt to re-brief and expand Plaintiff's opposition to Document 136. Virtually every significant argument in the instant Rule 11 motion is an argument about the substance of the pending Rule 37(e) motion: the spoliation facts, the scope of preservation duties, the meaning of screenshots, the availability of adverse inferences, and the need for a special master. None of these are Rule 11 issues. They are merits issues already the subject of full briefing before this Court. Rule 11 does not authorize a litigant to file a sanctions motion as a disguised sur-reply while the underlying motion has not been adjudicated. *See id.*

## III.    Alternatively, no Rule 11 violation has been shown.

In the further alternative, even if the Court holds that Rule 11 applies to Document 136 and even if it deems this an appropriate juncture to entertain the motion, Plaintiff's request for sanctions should be denied because the Rule 11 threshold is unmet. Document 136 rests on sworn declarations, a reasonable pre-filing investigation, established Rule 37(e) authority, and a proper purpose— none of which Plaintiff effectively undermines.

The standard for testing conduct under Rule 11 is "reasonableness under the circumstances." *Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir. 2003). Merely showing that a position is ultimately meritless is never enough, *see, e.g.*, *Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 916 (11th Cir. 2003); *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir.1998), and the Plaintiff has not even done that. But the Rule sets a higher bar in allowing for Rule 11 relief only

9

"(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *Id.* (quoting *Massengale v. Ray*, 267 F.3d 1298, 1301 (11th Cir. 2001)). No such showing has been made here as to either Defense Distributed or the counsel that signed Document 136. That submission was neither frivolous nor made in bad faith and is not otherwise unreasonable.

Plaintiff's assertion that "Defendants lacked a reasonable factual basis for their claims that evidence was not preserved or rendered irrecoverable," Doc. 153 at 3, is plainly incorrect. Document 136 was supported by detailed, sworn declarations that set out concrete, forensic facts showing the mass deletion of Rocket.Chat messages and beta rooms, the configuration of the server to permit unlogged deletions, the timing of those deletions after litigation hold notices, and the resulting irrecoverability of the lost ESI. Doc. 136-2; Doc. 136-9. Those declarations supplied far more than the "reasonable factual basis" Rule 11 requires; they provided direct evidentiary support for the exact spoliation findings the motion sought. Plaintiff's claim of factual baselessness is therefore squarely refuted by the very materials attached to Document 136. If Plaintiff disagrees with what this competent evidence shows, the remedy is to supply competing evidence—not to drag parties and counsel into an unwarranted Rule 11 dispute.

10

Plaintiff's assertion that "Defense Distributed failed to conduct any formal or informal inquiry as to these issues," Doc. 153 at 3, is likewise plainly incorrect. The exhibits accompanying Document 136—including, for example, Doc. 136-2 and Doc. 136-9—are the product of a detailed, technically informed, and entirely reasonable pre-filing inquiry into the Rocket.Chat system, its configuration, and the scope of the deletions. Rule 11 does not require a party to ask its adversary for permission to investigate spoliation, nor does it limit pre-filing inquiry to whatever the counterparty chooses to disclose. There are many legitimate ways to conduct a Rule-11-compliant investigation, and Defense Distributed used them—through forensic review, metadata analysis, and independent documentation—to ground Document 136 in concrete evidence.

A misstatement of Rule 37(e)'s framework permeates the motion too. Rule 37 does not require a movant to possess conclusive proof of loss, prejudice, or intent before filing a motion. It expressly contemplates that the Court will "determine" those issues after reviewing the evidence, which is exactly why spoliation motions are fact-driven and often require further development. Plaintiff improperly shifts that burden backwards, demanding that Defense Distributed establish—at the filing stage—every element that Rule 37(e) itself assigns to the Court's later determination. That misreading cannot support Rule 11.

Plaintiff likewise ignores that Rule 11(b) permits factual contentions made on information and belief where additional investigation will be required through discovery or evidentiary development. *See* Fed. R. Civ. P. 11(b)(3). Spoliation

motions frequently rest on such information-and-belief allegations because the moving party often lacks access to the deleted systems or logs. Document 136 fits squarely within this framework: it presented sworn evidence, identified the missing data, and explained the limits of what could be independently verified without access to Plaintiff's systems. That is exactly the type of factual proffer Rule 11(b)(3) contemplates and approves.

The issue of whether "Plaintiff Matthew Larosiere and ex-co-defendant John Elik 'had administrative privileges sufficient to preserve" Rocket.Chat data,'" Doc. 153 at 6, is fully answered by the motion's reply brief, Doc. 154 at 3-4. And the issue of whether Defense Distributed "requested the supposedly lost data," Doc. 153 at 4, is also fully answered by the motion's reply brief, Doc. 154 at 5-6.[1]

These points and indeed most of Plaintiff's motion present via Rule 11 what are really just extended versions of Plaintiff's substantive response to the Document 136 motion. That tactic should be rejected for what it is: an unauthorized end-run around the page limits governing Plaintiff's Document 146 response. Rule 11 is not a vehicle for filing a de facto sur-reply or expanding the amount of briefing a party is allowed to devote to a pending motion. The Court should also handle this

---

[1] *See also* Doc. 154 at 6 ("Does Plaintiff Larosiere currently possess any of the Gatalog Rocket.Chat's ESI, such as the ESI described by Document 136-02's paragraphs 21-23 (the Walliman Declaration's specific laundry list)? Did Plaintiff Larosiere possess any of the Gatalog Rocket.Chat's ESI at or after September 6, 2024? Defense Distributed asked these simple questions once more before filing this reply, Ex. 1, and Larosiere again refused to give a meaningful answer, Ex. 2."); Doc. 154-2.

with the logic of *Wesolek v. Wesolek*, No. 2:19-CV-463-JES-MRM, 2021 WL 3572219, at *4 (M.D. Fla. Mar. 17, 2021), which rightly sees such tactics as an "inappropriate attempt to 'emphasize the merits of [Plaintiff's] position' or otherwise 'intimidate [Defendants] into withdrawing contentions that are' both fairly debatable and central to the resolution of the action." *Id.* at *4.

Plaintiff next claims that "Rule 37(e) requires proof of loss" and "Defendants offered none," as though the motion skipped past that issue entirely with trickery. Doc. 136. Yet Document 136 made the loss showing explicitly and repeatedly with perfectly clear points like "Initially, the ESI in question has been 'lost.'" Doc. 136 at 14. And in full detail, it identified the deletion of tens of thousands of Rocket.Chat messages, the elimination of entire beta rooms, the system's deletion-enabling settings, the absence of audit logs, and the resulting inability to recover the missing ESI. *See* Doc. 136 at 5–12, 14–18 (explaining why the lost ESI "cannot be restored or replaced" under Rule 37(e)). Again, Plaintiff may disagree with what the motion's cases say and evidence shows. But none of that implicates Rule 11.

Rule 11's high bar is not met where a submission has "provided evidence to show that counsel reasonably believes that the statement is supportable by law and fact." *Wesolek v. Wesolek*, No. 2:19-CV-463-JES-MRM, 2021 WL 3572219, at *3 (M.D. Fla. Mar. 17, 2021). So it is here.

Another telling omission underscores the weakness of Plaintiff's sanctions theory: he never actually disputes that the Rocket.Chat deletions occurred. He challenges their characterization, impact, and consequences, but he does not deny

13

that tens of thousands of messages and numerous beta rooms disappeared—even as his own filings concede that at least some relevant channels could no longer be accessed. A Rule 37(e) motion grounded in undisputed deletions cannot, as a matter of logic, be sanctionably frivolous. Plaintiff's disagreement lies in how the law should treat the destruction—not whether the destruction happened.

Plaintiff's improper purpose argument, Doc. 153 at 4, is wrong for many reasons. Document 136 was filed *after* discovery commenced—not before. So Plaintiff gains nothing by saying that "Defendants raised spoliation before serving any discovery," Doc. 153 at 4. By the time Document 136 was filed, the parties were already in the discovery phase, the Court had entered a scheduling order, and Defense Distributed had every right—and indeed an obligation—to raise preservation failures that had already occurred. And even if discovery had not yet begun in earnest, Rule 37(e) does not require a litigant to wait for formal discovery requests before addressing spoliation that is already apparent.

Plaintiff's improper-purpose accusation also ignores the narrow tailoring of Document 136. The motion did not seek global sanctions, litigation-wide relief, or punitive measures. It identified specific categories of lost ESI, grounded requests strictly in Rule 37(e), and sought relief proportionate to the demonstrated loss. Nothing about Document 136 resembles the kind of abusive, overreaching submission Rule 11 is intended to police.

14

Plaintiff's conferral complaints, Doc. 153 at 4, would matter only if Document 136 turned out to be unnecessary—*i.e.*, if Plaintiff actually agreed with some meaningful portion of the requested relief and the parties were merely talking past each other. But Plaintiff has now made the opposite unmistakably clear: he opposes the Rule 37(e) motion in virtually every respect, disputes the factual predicate, challenges the legal framework, denies the loss showing, rejects the need for a special master, and contests every substantive component of the requested relief. Doc. 146. In light of that posture, the conferral point is inapposite. Plaintiff's total opposition to the relief requested by Document 136 only confirms that the motion was necessary and that conferral quibbles have Rule 11 impact.[2]

Last of all, the Court should account for precedent holding that "'minor, inconsequential violations of the standards prescribed by' Rule 11(b) [do] not warrant sanctions." *Wesolek v. Wesolek*, No. 2:19-CV-463-JES-MRM, 2021 WL 3572219, at *4 (M.D. Fla. Mar. 17, 2021). To be clear, Defendants are not admitting

---

[2] Plaintiff's references to "conferral fatigue" and the related out-of-context quotes are from conferral about a different motion—Document 122. And the selective quotes fail to show that counsel had literally shown Plaintiff a copy of Document 122 before filing it—yet Plaintiff now complains about not understanding its basis. *See* Doc. 138-4 at 15-16 ("The motion is to set a briefing schedule and to have an evidentiary hearing on the question of whether Defense Distributed is entitled to relief under Federal Rule of Civil Procedure 37(e). . . . The request is based on what I have shown everyone already . . . So the motion now doesn't request sanctions. What we're asking for is a briefing schedule and an evidentiary hearing. . . . I've given you almost a new final version of the motion to show you exactly what we're asserting. . . . I have articulated the basis for our motion by showing you the motion we're going to file. If you think that doesn't suffice, you can say you're opposed and then oppose the motion."). The obligation is for counsel to confer, not to convince, and Plaintiff continues to conflate the two.

any violations whatsoever. But even taking Plaintiff's characterization at face value, the closest Plaintiff comes to threading the needle is by seizing on minuscule, immaterial points—none of which amount to anything consequential under Rule 11. Such nitpicks cannot transform a fully supported, good-faith Rule 37(e) submission into sanctionable conduct.

Defense Distributed and the undersigned counsel take very seriously their obligation to litigate this case—and every case—with the highest level of professionalism, especially in light of the extra admonitions this action has earned already. But firm advocacy in difficult disputes is not disrespectful; it is responsible lawyering. Rule 11 is not a tool for penalizing vigorous, evidence-based advocacy, and nothing in Document 136 entails any sanctionable conduct.

## Conclusion

The motion should be denied.

Respectfully submitted,

/s/ Chad Flores
Chad Flores
cf@chadflores.law
Texas Bar No. 24059759
Flores Law PLLC
917 Franklin Street
Suite 600
Houston, Texas 77002
T (713) 364-6640
F (832) 645-2496

Counsel for
Defense Distributed

16