UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

*Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc.,
DEFENSE DISTRIBUTED, and DIOSKOUROI
LLC,

*Defendants*.

_____/

## PLAINTIFF LAROSIERE'S MEMORANDUM IN OPPOSITION TO WILSON'S (Doc. 160) MOTION FOR A PROTECTIVE ORDER

Defendant seeks a blanket prohibition on broad areas of inquiry based on a mischaracterization of Plaintiff's discovery. The transcript of the conference predating this motion—ordered by Defendants but omitted from their filing—contradicts the Motion's premise. Defendants have shown no good cause under Rule 26(c), and the Motion should be denied with fees awarded under Rule 26(c)(3) and Rule 37(a)(5).

### I. PLAINTIFF NEVER SOUGHT PRIVILEGED MATERIAL

When asked whether Plaintiff intended to ask about "the counterclaims or the RICO claim at the deposition." Plaintiff responded: "We're not…targeting questions regarding the counterclaims[.]" (Ex. A at 29-30). When Defendant invoked attorney mental impressions, Plaintiff expressly disclaimed any such intent.

> It's probably not surprising that we don't intend on asking questions regarding the attorney-client privilege. ... I'll represent to you that...I...won't be asking questions regarding...the attorney that's tasked regarding the narrative of a RICO lawsuit against Mr. Larosiere and his friends.

(Ex. A 32–33). Only after this assurance did Defendant ask Plaintiff whether he was "opposed or unopposed to this motion[.]" *Id*.

Defendants' motion is a moving target. At the October 31 conference, Defendants sought to prohibit inquiry into the counterclaims or privilege. (Ex. A). Shortly thereafter, this ballooned into anything about copyright, removal of copyright notices, or business structure. (Ex. B). Now, their motion seeks to protect against discovery of "testimony, documents, or information" that relate vaguely to a universe of other information. Defendants appear to be attempting to frustrate Plaintiff from proving the disputed facts of:

> i) Willfulness: Defendant's pattern of removing or disregarding copyright notices, Defendant's targeted harassment of and retaliation against Plaintiff;
>
> ii) Alter-ego and control: Wilson's operational control, ownership, and commingling of assets, of the corporate defendants;
>
> iii) Direct infringement: who uploaded, edited, or approved infringing content; and
>
> iv) Scope of infringement: quantity of downloads and sales.

These are proper subjects under Rule 26(b)(1). To the extent any specific question might implicate work-product or privilege, the Rules amply provide a mechanism for such.

## II. DEFENDANTS SEEK TO SHIELD TOPICS THEY THEMSELVES PURSUE IN DISCOVERY

2

Defendants' own discovery demands demonstrate that the topics they seek to wall off are the same topics they demand from Plaintiff. (Ex. C) (Interrogatories 3, 12, and 19-25 all demanding Plaintiff explain Defendants' removal of copyright notices, asset diversion, etc). *Id.* (RFPs 9, 17, 21-33 seeking all materials regarding copyright, cryptocurrency transfers, etc). Defendants cannot claim these topics are relevant when sought from Plaintiff yet "harassing" when sought from Wilson.

## III. FEES SHOULD BE AWARDED

Under Rule 26(c)(3) and Rule 37(a)(5), fees must be awarded where, as here, a motion for protective order is not substantially justified.

## CONCLUSION

Plaintiff respectfully requests that the Court deny Defendant's Doc. 160 motion, and award Plaintiff his reasonable expenses and attorney's fees.

Respectfully submitted,

DATED:  November 17, 2025

/s/ Zachary Z. Zermay
Zachary Z. Zermay, Esq.
Fla. Bar № 1002905
*Zermay Law, P.A.*
3000 Coral Way Ste 1115
Coral Gables, FL 33145
Email: zach@zermaylaw.com
Telephone: (305) 767-3529
*Lead Counsel for Plaintiff Matthew Larosiere*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on this 17th day of November, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Zachary Z. Zermay*

Zachary Z. Zermay, Esq.
Fla. Bar № 1002905