

November 7, 2025

**Leia V Leitner**
407.423.7287 (direct)
407.973.2111 (mobile)
Leia.Leitner@wilsonelser.com

VIA Email: zach@zermaylaw.com
Zachary Zermay
Zermay Law
3000 Coral Way, Suite 1115,
Coral Gables, FL 33145

    Re:  *Matthew Larosiere v. Cody Wilson, et. al.*
         Case No. 6:24-cv-01629-WWB-LHP
         Motion for Protective Order – Meet and Confer regarding Cody
         Wilson's Deposition, noticed on November 14, 2025, at 10:00 a.m.

Dear Mr. Zermay:

       This is to memorialize the parties' meet-and-confer conference on November 5, 2025, at 10:00 a.m. EST via Zoom, regarding Defendants' request to stipulate on certain topics at Cody Wilson's deposition, in his individual capacity, to limit them to the claims and defenses in the above-styled cause, pursuant to the M.D. Fla. Local Rule 3.01(g) and Federal Rule of Civil Procedure 26(b)(1)(requiring the scope of discovery to be limited to the party's claims and or defenses), scheduled on November 14, 2025, at 10:00 a.m. EST. As currently framed, several topics seek discovery concerning the separately filed Complaint in the Southern District of Florida titled *Defense Distributed, et. al. v. John Elik, et. al.,* Case No. 9:25-cv-81197-DMM ("RICO Complaint"), and a previously dismissed counterclaim[1] that is not part of the operative pleadings or the claims and defenses remaining in this action. Because those topics are outside the scope of Rule 26(b)(1) and impose undue burden and expense, we request that you prohibit discussing the topics for the RICO Complaint and dismissed counterclaim. In the absence of a resolution, we will move for a protective order under Rule 26(c). *See* Fed. R. Civ. P. 26(c)(1) ("a protective order may forbid inquiry into certain matters or limit the scope of disclosure or discovery to certain matters.").

       First, the scope of permissible discovery is limited to nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Topics directed to the

---

[1] It is important to note that Plaintiff served discovery demands concerning the RICO Complaint and the dismissed Counterclaim on September 28, 2025 – which, was propounded *after* the RICO Complaint was filed in the Southern District of Florida, and the Counterclaim was dismissed. *See* Docs. 123, 129.

111 North Orange Avenue, Suite 1200 | Orlando, FL 32801 | p 407.203.7599 | f 407.648.1376 | wilsonelser.com

Albany, NY | Atlanta, GA | Austin, TX | Baltimore, MD | Birmingham, AL | Boston, MA | Charlotte, NC | Chicago, IL | Dallas, TX | Denver, CO | Detroit, MI | Long Island, NY
Hartford, CT | Houston, TX | Indianapolis, IN | Jackson, MS | Las Vegas, NV | London, England | Los Angeles, CA | Louisville, KY | Madison, NJ | McLean, VA | Merrillville, IN
Miami, FL | Milwaukee, WI | Nashville, TN | New Orleans, LA | New York, NY | Orange County, CA | Orlando, FL | Philadelphia, PA | Phoenix, AZ | Portland, OR | Raleigh, NC
San Diego, CA | San Francisco, CA | Sarasota, FL | Seattle, WA | Stamford, CT | St. Louis, MO | Tyler, TX | Washington, DC | West Palm Beach, FL | White Plains, NY

323769193v.1

B1



Mr. Zermay<br>November 7, 2025<br>Page 2

RICO Complaint that are not at issue here, as well as a dismissed counterclaim, do not bear on the remaining claims and defenses and therefore fall outside Rule 26(b)(1). The Court's dismissal of the counterclaim forecloses discovery into those theories; they cannot be used to expand discovery beyond the operative issues. Likewise, inquiries into alleged racketeering schemes, predicate acts, enterprise structure, mail/wire fraud, pattern, and other RICO-specific elements have no reasonable nexus to the pleaded claims and defenses. They would only invite diversion into collateral matters.

Second, several topics, as drafted in Plaintiff's discovery demands to Mr. Wilson, in his individual capacity, seek information regarding Mr. Wilson's broad personal and financial asset-finding information (*see e.g.* Interrogatories Nos. 1–7) untethered to the issues raised in the First Amended Complaint, *see e.g., generally,* Doc. 43, seek highly sensitive personal and third-party data (*see e.g.,* RFPs 1–3, 22–27, 87–99, 100–107); sweeping demands for communications with investigators/journalists/professionals bitcoin histories, corporate governance policies at upload-time, exhaustive uploader/reviewer/approver/editor identities with PII, technical logs and IP/browser data (*see e.g.,* RFPs 10–18, 28–31, 39–47, 82–86, 92–97); and forensic images of Wilson's personal and business devices (*see e.g.,* RFPs 49, 66–72) are vastly overbroad, and invade nonparty privacy interests, and demand device-level discovery without predicate or proportionality to the claims raised in this action. *See id.* These formulations are not reasonably particular and are incapable of consistent interpretation or preparation. They also risk intruding into privileged material and work product, particularly where they demand identification of legal theories or counsel communications under the guise of "investigations" or "strategies" relating to RICO or the dismissed counterclaim (*see e.g.,* Requests for Admission 1–13).

To facilitate resolution, we propose the following:

1. The parties stipulate that deposition questions will be limited to matters relevant to the claims and defenses outlined in the operative complaint and answers, excluding topics directed to any RICO complaint or the dismissed counterclaim, including but not limited to the following:
    - Enterprise formation or operation, predicate acts, pattern, or damages theories unique to RICO;
    - Any mention of the "FEDCAD" meme – a graphic stating "FRIENDS DON'T LET FRIENDS USE FED CAD";
    - DEFCAD's customer identities and other personal information;
    - Counter-Defendants: John Elik, Alexander Holladay, Peter Celentano, Josh Kiel Stroke (aka "Zona"), John Lettman, and any involvement with the publication of the FEDCAD meme on Reddit, Twitter, (X), Facebook, and other social media forums in commercial contexts that direct users to TheGatalog.com;
    - Non-parties: Barret Collier and Eric Goldhaber;
    - DEFCAD is being hacked, its data is dumped, and hosted in Iran;
    - DD Foundation LLC purpose/ownership changes;
    - Mr. Wilson's crypto wallets since 2018, all real estate since 2016, aliases, residential addresses;
    - Communications with investigators/journalists/professionals concerning the

323769193v.1



Mr. Zermay<br>
November 7, 2025<br>
Page 3

- Counter-Defendants;
- Any topics concerning Mr. Wilson's entities that are non-parties, including, but not limited to: Gunspring, LLC, Federal Consolidated, LLC, DD Foundation, LLC, Coast Runner, Inc., Ghost Gunner, Inc., UPLSN, Inc., Zero Percent Arms, LLC and The Glen Rose Library Company.
- Any topics concerning the anticipation of litigation, beliefs about copyright-notice removal, license interpretations, absence of signed authorizations, and pre-suit discussions with individuals untethered to the subject copyright registrations.

2. For any remaining topics arguably touching on areas previously linked to the dismissed counterclaim, you provide a narrowed articulation that ties the inquiry to a specific, live claim or defense, with a defined time period, custodians reasonably limited to those with unique knowledge, and terms sufficiently particular to permit preparation.

3. The parties agree that no witness preparation will be required on topics falling outside the scope of Rule 26(b)(1) as set forth above, and that objections on relevance and proportionality grounds will be preserved and not deemed waived.

If we do not reach an agreement, we intend to seek a protective order under Rule 26(c) limiting the deposition to the claims and defenses in the operative pleadings and excluding inquiries into RICO or the dismissed counterclaim. In that event, we will also request appropriate relief regarding costs and fees associated with addressing these overbroad topics.

Thus, please let us know Plaintiff's position on (i) stipulating to limit the deposition questions to the claims and defense as required under Rule 26(b)(1), which requires avoiding the topics outlined above; or (2) whether Plaintiff is opposed or unopposed to Mr. Wilson's protective order by **12:00 p.m. (noon) on Monday, November 10, 2025**.  Thank you.

Regards,

Wilson Elser Moskowitz Edelman & Dicker LLP


*/s/ Leia V. Leitner*
Leia V. Leitner

Enclosure
 1. RICO Complaint

323769193v.1