**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MATTHEW LAROSIERE

        Plaintiff,

vs.                        Case No:  6:24-CV-01629

CODY RUTLEDGE WILSON, DEFCAD, INC.,
DEFENSE DISTRIBUTED and
DIOSKOUROI LLC,

        Defendants.
_____/

<u>**DEFENDANT CODY RUTLEDGE WILSON'S**</u>
<u>**FIRST SET OF INTERROGATORIES TO PLAINTIFF, MATTHEW LAROSIERE**</u>

      Defendant, **CODY RUTLEDGE WILSON** ("Defendant"), by and through his

undersigned counsel, and pursuant to Rules 26 and 33 of the Federal Rules of Civil

Procedure, request that Plaintiff, **MATTHEW LAROSIERE**, answer the following

interrogatories within thirty (30) days of service, and serve answers to the Offices of

Wilson, Elser, Moskowitz, Edelman & Dicker, LLP.

<u>**INSTRUCTIONS**</u>

      1.     These interrogatories adopt and incorporate by reference the instructions

outlined in Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules

of this Court.

      2.     In construing these Interrogatories, the singular form of the word shall

include the plural and vice versa, as in each case is most appropriate

      3.     In answering these Interrogatories, please make a diligent search of Your

records and of other papers and materials in the possession, custody, or control of You

1

or Your past and present agents, or other persons acting or purporting to act on Your behalf.

4.      Answers must include any information known to You, Your attorneys, Your agents, Your representatives, Your investigators, Your consultants, or anyone acting on Your behalf.

5.      In the event any Interrogatory cannot be fully answered after the exercise of reasonable diligence, please furnish as complete an answer as You can and identify the reasons why You are unable to give a complete answer, stating what must be done in order to be in a position to answer fully.

6.      If You believe that any portion of an answer to any of these Interrogatories is privileged or otherwise excluded from discovery, Defendant requests that You answer all parts of the Interrogatory to which You do not object and identify the basis of the privilege or other grounds for exclusion and provide all other information in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

7.      If You object to any of these Interrogatories, You must explicitly explain the factual and legal basis for the objection.

8.      These Interrogatories shall be deemed continuing and the responses hereto shall be supplemented in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

## Definitions

The following definitions shall apply to each and every request contained herein:

A.      "**First Amended Complaint**" means the Complaint filed by Plaintiff in the above-captioned matter in the United States District Court for the Middle District of Florida

2

EXHIBIT C - DEFENDANT'S DISCOVERY DEMANDS

on or about December 11, 2024; Case No. 6:24-cv-01629-WWB-LHP.

B.        "**You," "Your,"** or **"Plaintiff"** means Plaintiff, Matthew Larosiere, and any of his current or former business and/or creative partners, associates, employees, interns, draftsmen, managers, agents, vendors, servants, representatives, corporate alter egos and all other persons acting or purporting to act with, for, or on his behalf, including but not limited to collaborators, consultants, advisors, attorneys, or any person acting in an advisory or consulting capacity, unless specifically stated otherwise.

C.        "**Defendant**" means defendant, Cody Rutledge Wilson.

D.        "**Parties**" means Plaintiff and Defendant.

E.        "**Works**" means the subject works that Defendant allegedly infringed upon without authorization, and were allegedly registered bearing the following registration numbers:

| | | | |
|---|---|---|---|
| TX0009358088, | VA0002385899, | VA0002381513, | TX0009372196, |
| TX0009372199, | VA0002385901, | VA0002381769, | TX0009403056, |
| TX0009413646, | VA0002422527, | VA0002412508, | TX0009403054, |
| TX0009417973, | VA0002415259, | TX0009412695, | VA0002418947, |
| VA0002418589, | TX0009429254, | TX0009429253, | VA0002449545, |
| VA0002449520, | TX0009509700, | TX0009509692, | VA0002449526, |
| TX0009503785. | | | |

For clarity, these are copyright registration numbers that the plaintiff currently holds. It is not permissible to assert unfamiliarity with what works these numbers pertain to, as the complaint (Doc. 43) and supplement to the MPI (Doc. 94) relate these numbers to the specific works. The only remaining numbers not specifically listed in the complaint and the MPI supplement are those for Amigo Verde, which you are aware of. *See generally,* Am. Compl., Doc. 43 at ¶¶104–259.

F.        "**Concerning**" means relating to, referring to, reflecting, describing,

evidencing, interpreting, consisting of, about, regarding, or constituting, in whole or in part, directly or indirectly, the matter identified.

G.    The terms "**relate to**," "**relates to**," "**relating to**," and "**related to**" shall mean and include: refer, reflect, discuss, show, constitute, or be in any way logically or factually connected with the matter discussed.

H.    "**Document**" includes all written, graphic matter, handwriting, typewriting, audio or video tape recordings, however produced or reproduced, of every kind and description, including but not limited to, the original and each copy thereof which is non-identical by reason of any mark, change, or other cause or reason whatsoever, of all correspondence, records, reports, memoranda, notes, facsimiles, messages and message books, telephone logs, memoranda of telephone conversations, publications, books, brochures, booklets, flyers, contracts, memoranda of agreement, books of account, ledgers, journals, working papers, records or summaries of personal interviews or conversations, appointment calendars, diaries, receipts, invoices, billing statements, files, drives, films, data processing files and all other computer-readable records or programs, including any drafts or non-identical copies thereof.  Documents in electronic or digital form stored in any format, discs, drives, data, cards, data processing files, and other computer-readable records or programs must be produced in reasonably usable form (e.g., by printing or "downloading" such documents onto paper). In addition, all electronic documents must be produced in native electronic format on a DVD, CD, or other common, easily readable storage device. (The word "writing" may be used synonymously herein in place of "document.")

I.    "**Communication**" means any oral or written contact between two or more

EXHIBIT C - DEFENDANT'S DISCOVERY DEMANDS

persons including, without limitation, any meetings, conferences, face-to-face conversations, telephone, teleconference, video conference, voice mail, audio recording, video recording, mails, electronic transmissions, electronic mail (email), text messaging, instant messaging (IM), facsimile or any other forms of oral or written communications by any other medium.

J.      When used in reference to a person, the term "identify" shall mean to state the full name and job title of such person and, in the event such person is currently not an employee of Plaintiff, such person's last known residence address and telephone number.

K.      When used in reference to a Document, the term "identify" shall mean to state the date the Document bears, if any, its author(s), location, and a brief description of its form (e.g., memorandum, e-mail, letter, etc.) and contents, as well as the identity of the person(s) known to have possession, custody, or control over the Document.

## <u>INTERROGATORIES</u>

1.      Identify all facts supporting the Date(s) of Publication in the registration of each of the Works with the U.S. Copyright Office.

**<u>ANSWER:</u>**

2.      Identify all persons and entities to whom Plaintiff has licensed the Works.

**<u>ANSWER:</u>**

5

EXHIBIT C - DEFENDANT'S DISCOVERY DEMANDS

3.      Identify all persons with knowledge of the facts underlying Plaintiff's allegations of alter ego, commingling, or single enterprise among the Defendant.

**ANSWER:**

4.      Identify the dollar amount in licensing fees paid for the Works.

**ANSWER:**

5.      Identify all documents demonstrating the total gross and net revenue realized by Plaintiff from sales and/or licensing of the Works.

**ANSWER:**

6.      Identify all documents and/or work-for-hire agreements between Plaintiff and third parties concerning the subject Works, and identify all third parties who executed a document and/or work-for-hire agreement with the Plaintiff concerning the subject Works, from the creation of the Works to the present.

**ANSWER:**

6

EXHIBIT C - DEFENDANTS DISCOVERY DEMANDS

7.    Identify the total amount of income earned by Plaintiff for licensing the Works for each of the years 2020 and 2025.

**ANSWER:**

8.    Provide an itemized computation of each category of damages which Plaintiff seeks to recover in this action and identify any document(s) which Plaintiff contends support(s) this calculation of alleged damages.

**ANSWER:**

9.    State the name, address, occupation, and field of specialization, if any, of each person whom Plaintiff may call as an expert witness at the trial of this matter, and with regard to each such person, state:

  a.    the subject matter on which the individual is expected to testify;

  b.    all facts to which each individual is expected to testify;

  c.    all opinions each individual is expected to offer; and

  d.    all published or text material upon which the individual will rely, including the name, author, edition, and page reference of such material.

**ANSWER:**

10.    Describe in detail the basis for Plaintiff's claim that Defendant willfully infringed Plaintiff's copyrights, including all facts supporting willfulness.

**ANSWER**:

11.    Identify all persons who possess knowledge, information, or documents concerning the allegations in the First Amended Complaint that Defendant's alleged infringement of Plaintiff's copyrights, which Defendant denies, was willful, intentional, and malicious, together with a description of the substance of such knowledge, information, and/or documents.

**ANSWER**:

12.    Identify all instances in which Plaintiff alleges Defendant removed or altered copyright management information from Plaintiff's Works, including the date, work, and manner of removal for the Works.

**ANSWER**:

8

13.    Describe all steps Plaintiff took to mitigate damages allegedly caused by Defendant's conduct concerning the Works.

**ANSWER:**

14.    Identify all persons with knowledge of any consumer confusion concerning the alleged false designation of origin or unfair competition concerning the Works.

**ANSWER:**

15.    Identify all persons with knowledge of the publication of Plaintiff's name or likeness by Defendant in connection with the subject Works.

**ANSWER:**

16.    Describe the process of the creation of the Works, including who conceived of the Works, and on what date, who created the Works, and what date.

**ANSWER:**

17.    If it is a joint work, identify each joint author (including their phone number, mailing address, and email address, if you know it) and describe what each joint author contributed to your work.

**ANSWER:**

18.    Describe all facts and circumstances for the works at issue with copyright registration numbers (as noted below), that support the claim that each Work contains an artistic expression, features, or is otherwise identified as a pictorial, graphic, or sculptural work:

| | | | |
|---|---|---|---|
| TX0009358088, | VA0002385899, | VA0002381513, | TX0009372196, |
| TX0009372199, | VA0002385901, | VA0002381769, | TX0009403056, |
| TX0009413646, | VA0002422527, | VA0002412508, | TX0009403054, |
| TX0009417973, | VA0002415259, | TX0009412695, | VA0002418947, |
| VA0002418589, | TX0009429254, | TX0009429253, | VA0002449545, |
| VA0002449520, | TX0009509700, | TX0009509692, | VA0002449526, |
| TX0009503785. | | | |

**ANSWER:**

19.    Describe all facts and circumstances that support the allegation that "Wilson's manifesto shows Wilson's intentional removal of the copyright notice from the 3D model in the PV4 infringement…" as identified in paragraph 177 in Plaintiff's First Amended Complaint. *See* Doc. 43 at ¶177.

**ANSWER:**

20.    Describe all facts and circumstances that support the allegation that
"Defendant Wilson removed the copyright notice from the [Hitchhiker] registered 3D
model he copied from Plaintiff and reproduced on Defcad" as identified in paragraph 211
in Plaintiff's First Amended Complaint.  *See* Doc. 43 at ¶211.

**ANSWER:**

21.    Describe all facts and circumstances that support the allegation that "on or
about September 8, 2024, Plaintiff noticed that a copyright notice had been removed from
his works of authorship contained in the NS3 infringement" as identified in paragraph 235
in Plaintiff's First Amended Complaint.  *See* Doc. 43 at ¶235.

**ANSWER:**

22.    Describe all facts and circumstances that support the allegation that, "[a]fter
this second round of date changes, the copyright notice that had been removed from the
NS3 infringement was added back, with 'commercial' again misspelled as 'commerical,'
as identified in paragraph 242 in Plaintiff's First Amended Complaint. *See* Doc. 43 at
¶242.

**ANSWER:**

23.    Describe all facts and circumstances that support the allegation that "[Defendant] publishing Plaintiff's works of authorship is prohibited by copyright law." as identified in paragraph 101 in Plaintiff's First Amended Complaint  *See* Doc. 43 at ¶101.

**ANSWER:**

24.    Describe all facts and circumstances that support the allegation that "Defendant Wilson has commingled his own assets with the assets of his corporate co-defendants, most frequently those of Defendant Defense Distributed, to support an extravagant lifestyle," as identified in paragraph 10 in Plaintiff's First Amended Complaint. *See* Doc. 43 at ¶10.

**ANSWER:**

25.    Describe all facts and circumstances that support the allegation that, "[t]he 2018 consolidating transfer commingled all cryptocurrency assets of the then-existing Business Entity Defendants together with Defendant Wilson's personal assets" as identified in paragraph 15 in Plaintiff's First Amended Complaint.  *See* Doc. 43 at ¶15.

**ANSWER:**

Dated: October 15, 2025                 **WILSON ELSER MOSKOWITZ**
                                        **EDELMAN& DICKER LLP**

                                        By:   *s/Leia V. Leitner*
                                              Leia V. Leitner
                                              Florida Bar No:  105621

12

111 North Orange Avenue
Suite 1200
Orlando,  FL  32801
Telephone: 407-423-7287
Facsimile:  407-648-1376
Leia.Leitner@wilsonelser.com
Cheryl.Kujawski@wilsonelser.com

Jura C. Zibas
Florida Bar No:  124571
Amaris C. Gyebi, Esq.
Florida Bar No:  1019361
2063 Main Street - Suite 100
Sarasota, FL 34237
Telephone:        941-866-8561
Facsimile: 941-210-5979
Jura.Zibas@wilsonelser.com
Amaris.Gyebi@wilsonelser.com
Cheryl.Kujawski@wilsonelser.com

*Co-Counsel for Defendants*
*Cody Rutledge Wilson*
*DEFCAD, Inc. and Defense Distributed*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th day of October, 2025, a true and correct

copy of the foregoing document has been electronically filed with the Clerk of the Court

using the  CM/ECF E-Filing Portal, which will serve an electronic copy of the foregoing on

the following: Zachary Z. Zermay, Esq., Florida Bar No:  1002905; Zermay Law, P.A.,

*Counsel for Plaintiff*, 1200 Fourth Street, #1102, Key West, Florida  33040; Telephone:

305-767-3529; Zach@Zermaylaw.com; Charles (Chad) Flores, Esq., Flores Law PLLC,

*Counsel for Defendants, Cody Rutledge Wilson, DEFCAD, Inc., Defense Distributed and*

*Dioskouroi LLC,* 917 Franklin Street, Suite 600, Houston, Texas  77002, Telephone: 713-

364-6440, CF@ChadFlores.law;  Federico Andino Reynal, Esq., The Reynal Law Frm,

P.C., *Counsel for Defendants, Cody Rutledge Wilson, DEFCAD, Inc., Defense Distributed*

13

*and Dioskouroi LLC,* 917 Franklin, Sixth Floor, Houston, Texas  77002, Telephone:  713-

228-5900, Areynal@frlaw.us.

                                        *s/Leia V. Leitner*
                                        Leia V. Leitner

EXHIBIT C - DEFENDANT'S DISCOVERY DEMANDS

## **VERIFICATION**

The above _____ are true and correct to

the best of my knowledge.

_____
Signature

_____
Print Name

STATE OF _____

COUNTY OF _____

The foregoing instrument was acknowledged before me by means of:

[ ] physical presence    **-OR-**    [ ] online notarization

this the _____ day of _____, _____ by the same person described

in and who executed the within answers to interrogatories and acknowledged to me that

he executed the same.

[ ]  Personally Known          **-OR-**          [ ] Produced Identification

Type of Identification Produced:  _____

_____
Notary Public

_____
Print Name
My Commission Expires:          _____

15

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MATTHEW LAROSIERE

      Plaintiff,

vs.                      Case No:  6:24-CV-01629

CODY RUTLEDGE WILSON, DEFCAD, INC.,
DEFENSE DISTRIBUTED and
DIOSKOUROI LLC,

      Defendants.

_____/

## DEFENDANT CODY RUTLEDGE WILSON'S  FIRST SET OF REQUEST FOR PRODUCTION TO PLAINTIFF, MATTHEW LAROSIERE

Defendant, **CODY RUTLEDGE WILSON**, by and through its undersigned counsel,

serves the following First Request for Production to Plaintiff, **MATTHEW LAROSIERE**

("Plaintiff"). The Plaintiff is required under Fed. R. Civ. P. 34(b) to answer these Requests

separately and fully in writing and under oath and to serve a copy of said answers and

documents upon counsel for Defendant within thirty (30) days after service of these

Requests.

All of the following Requests shall be deemed continuing in nature, and you are

required to serve supplemental responses as additional information becomes available

to you. You are further directed that any objection to any of these document requests

should be filed in a timely manner as required by Fed. R. Civ. P. 34(b), and reasons for

your objections shall be enumerated.

## DEFINITIONS

The following definitions shall apply to each and every request contained herein:

1

322381354v.1

EXHIBIT C - DEFENDANT'S DISCOVERY DEMANDS

A.    "**First Amended Complaint**" means the Complaint filed by Plaintiff in the above-captioned matter in the United States District Court for the Middle District of Florida on or about December 11, 2024; Case No. 6:24-cv-01629-WWB-LHP.

B.    "**You,**" "**Your**," or "**Plaintiff**" means Plaintiff, Matthew Larosiere, and any of his current or former business and/or creative partners, associates, employees, interns, draftsmen, managers, agents, vendors, servants, representatives, corporate alter egos and all other persons acting or purporting to act with, for, or on his behalf, including but not limited to collaborators, consultants, advisors, attorneys, or any person acting in an advisory or consulting capacity, unless specifically stated otherwise.

C.    "**Defendant**" means defendant, CODY RUTLEDGE WILSON.

D.    "**Parties**" means Plaintiff and Defendant.

E.    "**Works**" means the subject works that Defendant allegedly infringed upon without authorization, and were allegedly registered bearing the following registration numbers:

| | | | |
|---|---|---|---|
| TX0009358088, | VA0002385899, | VA0002381513, | TX0009372196, |
| TX0009372199, | VA0002385901, | VA0002381769, | TX0009403056, |
| TX0009413646, | VA0002422527, | VA0002412508, | TX0009403054, |
| TX0009417973, | VA0002415259, | TX0009412695, | VA0002418947, |
| VA0002418589, | TX0009429254, | TX0009429253, | VA0002449545, |
| VA0002449520, | TX0009509700, | TX0009509692, | VA0002449526, |
| TX0009503785. | | | |

For clarity, these are copyright registration numbers that the plaintiff currently holds. It is not permissible to assert unfamiliarity with what works these numbers pertain to, as the complaint (Doc. 43) and supplement to the MPI (Doc. 94) relate these numbers to the specific works. The only remaining numbers not specifically listed in the complaint and

2

EXHIBIT C - DEFENDANT'S DISCOVERY DEMANDS

the MPI supplement are those for Amigo Verde, which you are aware of. *See generally,* Am. Compl., Doc. 43 at ¶¶104–259.

F.    "**Concerning**" means relating to, referring to, reflecting, describing, evidencing, interpreting, consisting of, about, regarding, or constituting, in whole or in part, directly or indirectly, the matter identified.

G.    The terms "**relate to**," "**relates to**," "**relating to**," and "**related to**" shall mean and include: refer, reflect, discuss, show, constitute, or be in any way logically or factually connected with the matter discussed.

H.    "**Document**" includes all written, graphic matter, handwriting, typewriting, audio or video tape recordings, however produced or reproduced, of every kind and description, including but not limited to, the original and each copy thereof which is non-identical by reason of any mark, change, or other cause or reason whatsoever, of all correspondence, records, reports, memoranda, notes, facsimiles, messages and message books, telephone logs, memoranda of telephone conversations, publications, books, brochures, booklets, flyers, contracts, memoranda of agreement, books of account, ledgers, journals, working papers, records or summaries of personal interviews or conversations, appointment calendars, diaries, receipts, invoices, billing statements, files, drives, films, data processing files and all other computer-readable records or programs, including any and all drafts or non-identical copies thereof.  Documents in electronic or digital form stored in any format, discs, drives, data, cards, data processing files, and other computer-readable records or programs must be produced in reasonably usable form (e.g., by printing or "downloading" such documents onto paper). Additionally, all electronic documents must be produced in their native electronic format on a DVD,

3

CD, or other commonly used, easily readable storage device. (The word "writing" may be used synonymously herein in place of "document.")

I.      "**Communication**" means any and all oral or written contact between two or more persons including, without limitation, any meetings, conferences, face-to-face conversations, telephone, teleconference, video conference, voice mail, audio recording, video recording, mails, electronic transmissions, electronic mail (email), text messaging, instant messaging (IM), facsimile or any other forms of oral or written communications by any other medium.

J.      When used in reference to a person, the term "identify" shall mean to state the full name and job title of such person and, in the event such person is currently not an employee of Plaintiff, such person's last known residence address and telephone number.

K.      When used in reference to a Document, the term "identify" shall mean to state the date the Document bears, if any, its author(s), location, and a brief description of its form (e.g., memorandum, e-mail, letter, etc.) and contents, as well as the identity of the person(s) known to have possession, custody, or control over the Document.

## **INSTRUCTIONS**

(a)      Objections Based on Privilege. In the event that any documents or things requested herein are withheld under a claim of privilege, please provide the following information with respect to each such document or thing;

i.      The type of document or thing, its general subject matter, and the place and approximate date it was prepared or created;

4

322381354v.1

EXHIBIT C - DEFENDANT'S DISCOVERY DEMANDS

   ii.  The name and title of each person who prepared or created the document or thing and the name and title of each other person who has received or examined the document or thing or a copy thereof;

   iii.  A statement of the circumstances which bear on whether or not the claim of privilege is appropriate and whether the privilege that is claimed should extend to all or just to part of the document or thing; and

   iv.  The numbers of each specification to which the document or thing otherwise would be responsive.

  (b)  <u>Documents no longer in your possession</u>. If any document which you would have produced in response to any request was but is no longer in your present possession or subject to your control or is no longer in existence, please state whether any such document is:

   i.  Missing or lost;

   ii.  Destroyed;

   iii.  Transferred to others;

   iv.  Otherwise disposed of and, in any such instance, set forth the surrounding circumstances in any authorization for such disposition and to state the approximate date of any such disposition, and, if known, state also the present location and custodian of such document.

## **REQUEST FOR PRODUCTION**

1.  All documents identified in Plaintiff's Rule 26 Initial Disclosures.

2.     Documents evidencing Plaintiff's alleged ownership of the copyright of the Works within the United States, including any registration certificates, correspondence with the United States Copyright Office, all applications for registration (both draft and final), responses from the United States Copyright Office for any application, as well as the deposit copies of the Works.

3.     The Mandatory Deposit pursuant to 17 U.S.C. § 407 provided by You to the United States Copyright Office for the registration of the Works, which now have the copyright registration numbers:

| | | | |
|---|---|---|---|
| TX0009358088, | VA0002385899, | VA0002381513, | TX0009372196, |
| TX0009372199, | VA0002385901, | VA0002381769, | TX0009403056, |
| TX0009413646, | VA0002422527, | VA0002412508, | TX0009403054, |
| TX0009417973, | VA0002415259, | TX0009412695, | VA0002418947, |
| VA0002418589, | TX0009429254, | TX0009429253, | VA0002449545, |
| VA0002449520, | TX0009509700, | TX0009509692, | VA0002449526, |
| TX0009503785. | | | |

4.     All electronically stored information for the Works, including metadata, which now has the copyright registration numbers as follows,

| | | | |
|---|---|---|---|
| TX0009358088, | VA0002385899, | VA0002381513, | TX0009372196, |
| TX0009372199, | VA0002385901, | VA0002381769, | TX0009403056, |
| TX0009413646, | VA0002422527, | VA0002412508, | TX0009403054, |
| TX0009417973, | VA0002415259, | TX0009412695, | VA0002418947, |
| VA0002418589, | TX0009429254, | TX0009429253, | VA0002449545, |
| VA0002449520, | TX0009509700, | TX0009509692, | VA0002449526, |
| TX0009503785. | | | |

5.     The raw images from the Works, including all metadata.

6.     All other digital formats of the Works, including all metadata.

7.     Documents sufficient to show the number of times that Plaintiff has licensed the Works, from the time of the Works' creation to the present.

6

322381354v.1

EXHIBIT C - DEFENDANT'S DISCOVERY DEMANDS

8.    Documents evidencing Plaintiff's ownership and registration of the Works at issue, including copyright registration certificates, drafts, and correspondence with the U.S. Copyright Office.

9.    Documents, including any agreements and/or communications with third parties discussing the copyrights and/or copyright disputes concerning the Works.

10.    Work-for-hire agreements between Plaintiff and third parties concerning the subject Works.

11.    Documents sufficient to identify Plaintiff's compensation to third parties concerning the work-for-hire agreements for each of the Works.

12.    Documents and communications sufficient to show when Plaintiff first became aware of the alleged infringement of the Works referenced in the First Amended Complaint.  *See generally,* Am. Compl., Doc. 43 at ¶¶104–259.

13.    Documents demonstrating the price of the Works when licensed by Plaintiff, Plaintiff's sale representatives, authorized sellers, agents, or distributors.

14.    Documents and communications between Plaintiff and any third parties regarding the alleged infringement, including notices, takedown requests, or cease-and-desist letters sent to Defendant or any platform.

15.    Documents sufficient to show Plaintiff's total gross and net revenue derived from exploitation of the Works, from the time of the Works' creation to present.

16.    Documents and communications utilized by Plaintiff's expert, if one is retained for this matter.

322381354v.1

17.    Documents and communications concerning Plaintiff's knowledge of Defendant's alleged removal or alteration of copyright management information (CMI) from each of Plaintiff's Works.

18.    Documents and communications relating to Plaintiff's allegations of false designation of origin or unfair competition, including instances of consumer confusion or misattribution concerning Plaintiff's Works.

19.    Documents and communications concerning Plaintiff's allegations of unauthorized publication of name or likeness, including any evidence of use by Defendant and any resulting harm.

20.    Documents and communications relating to Plaintiff's interactions with "Guard Denver," the Florida Bar complaint, and the letters to "Will Becker."

21.    Documents and communications concerning Plaintiff's purchases from Ghostguns.com or PrecursorParts.com, including order confirmations, receipts, and correspondence regarding the contents of shipments.

22.    Documents and communications concerning Plaintiff's access to Defcad.com, including any attempts to access after the October 17, 2024, Terms of Service update.

23.    Documents and communications evidencing the facts and circumstances that, "Defendant Wilson has commingled his own assets with the assets of his corporate co-defendants, most frequently those of Defendant Defense Distributed, to support an extravagant lifestyle," as identified in paragraph 10 in Plaintiff's First Amended Complaint. *See* Doc. 43 at ¶10.

322381354v.1

24.     Documents and communications evidencing the facts and circumstances that, "[t]he 2018 consolidating transfer commingled all cryptocurrency assets of the then-existing Business Entity Defendants together with Defendant Wilson's personal assets" as identified in paragraph 15 in Plaintiff's First Amended Complaint.  *See* Doc. 43 at ¶15.

25.     Documents and communications evidencing the facts and circumstances that support the allegation that "[Defendant] publishing Plaintiff's works of authorship is prohibited by copyright law," as identified in paragraph 101 in Plaintiff's First Amended Complaint. *See* Doc. 43 at ¶101.

26.     Documents and communications evidencing the facts and circumstances that support the allegation that "Defendant Wilson removed the copyright notice from the [Hitchhiker] registered 3D model he copied from Plaintiff and reproduced on Defcad" as identified in paragraph 211 in Plaintiff's First Amended Complaint.  *See* Doc. 43 at ¶211.

27.     Documents and communications evidencing the facts and circumstances that support the allegation that "on or about September 8, 2024, Plaintiff noticed that a copyright notice had been removed from his works of authorship contained in the NS3 infringement" as identified in paragraph 235 in Plaintiff's First Amended Complaint.  *See* Doc. 43 at ¶235.

28.     Documents and communications evidencing the facts and circumstances that support each itemized computation of each category of damages which Plaintiff seeks to recover in this action and identify any document(s) which Plaintiff contends support(s) this calculation of alleged damages.

9

29.     Documents and communications evidencing the facts and circumstances to support the total amount of income earned by Plaintiff for licensing the Works for each of the years 2020 and 2025.

30.     Documents and communications evidencing the facts and circumstances to support the allegations that "Wilson's manifesto shows Wilson's intentional removal of the copyright notice from the 3D model in the PV4 infringement…" as identified in paragraph 177 in Plaintiff's First Amended Complaint.  *See* Doc. 43 at ¶177.

31.     Documents and communications evidencing the facts and circumstances that, "Defendant Wilson removed the copyright notice from the [Hitchhiker] registered 3D model he copied from Plaintiff and reproduced on Defcad" as identified in paragraph 211 in Plaintiff's First Amended Complaint.  *See* Doc. 43 at ¶211.

32.     Documents and communications evidencing the facts and circumstances that, "on or about September 8, 2024, Plaintiff noticed that a copyright notice had been removed from his works of authorship contained in the NS3 infringement" as identified in paragraph 235 in Plaintiff's First Amended Complaint.  *See* Doc. 43 at ¶235.

33.     Documents and communications evidencing the facts and circumstances that, "[a]fter this second round of date changes, the copyright notice that had been removed from the NS3 infringement was added back, with 'commercial' again misspelled as 'commerical,' as identified in paragraph 242 in Plaintiff's First Amended Complaint. *See* Doc. 43 at ¶242.

34.     Documents concerning the design and development of Works, including drafts, drawings, sketches, notes, meeting minutes, design documents, knowledge of

10

EXHIBIT C - DEFENDANTS DISCOVERY DEMANDS

similar marks used by others, inspiration leading to the Works, and reference material (such as any marks of third parties).

35.   Documents sufficient to identify whether each of the Works contains an artistic expression, features, or is otherwise identified as pictorial, graphic, or sculptural work:

| | | | |
|---|---|---|---|
| TX0009358088, | VA0002385899, | VA0002381513, | TX0009372196, |
| TX0009372199, | VA0002385901, | VA0002381769, | TX0009403056, |
| TX0009413646, | VA0002422527, | VA0002412508, | TX0009403054, |
| TX0009417973, | VA0002415259, | TX0009412695, | VA0002418947, |
| VA0002418589, | TX0009429254, | TX0009429253, | VA0002449545, |
| VA0002449520, | TX0009509700, | TX0009509692, | VA0002449526, |
| TX0009503785. | | | |

Dated: October 15, 2025                      Respectfully submitted,

**WILSON ELSER MOSKOWITZ
EDELMAN& DICKER LLP**

By:   *s/Leia V. Leitner*
Leia V. Leitner
Florida Bar No:  105621
111 North Orange Avenue
Suite 1200
Orlando,  FL 32801
Telephone:   407-423-7287
Facsimile:    407-648-1376
Leia.Leitner@wilsonelser.com
Cheryl.Kujawski@wilsonelser.com

Jura C. Zibas
Florida Bar No:  124571
Amaris C. Gyebi, Esq.
Florida Bar No:  1019361
2063 Main Street - Suite 100
Sarasota, FL 34237
Telephone:   941-866-8561
Facsimile:     941-210-5979
Jura.Zibas@wilsonelser.com
Amaris.Gyebi@wilsonelser.com

11

322381354v.1

Cheryl.Kujawski@wilsonelser.com

*Co-Counsel for Defendants*
*Cody Rutledge Wilson*
*DEFCAD, Inc. and Defense Distributed*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 15th day of October 2025 a true and correct copy of the foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF E-Filing Portal, which will serve an electronic copy of the foregoing on the following: Zachary Z. Zermay, Esq., Florida Bar No: 1002905; Zermay Law, P.A., *Counsel for Plaintiff*, 1200 Fourth Street, #1102, Key West, Florida 33040; Telephone: 305-767-3529; Zach@Zermaylaw.com; Charles (Chad) Flores, Esq., Flores Law PLLC, *Counsel for Defendants, Cody Rutledge Wilson, DEFCAD, Inc., Defense Distributed and Dioskouroi LLC,* 917 Franklin Street, Suite 600, Houston, Texas 77002, Telephone: 713-364-6440, CF@ChadFlores.law; Federico Andino Reynal, Esq., The Reynal Law Frm, P.C., *Counsel for Defendants, Cody Rutledge Wilson, DEFCAD, Inc., Defense Distributed and Dioskouroi LLC,* 917 Franklin, Sixth Floor, Houston, Texas 77002, Telephone: 713-228-5900, Areynal@frlaw.us.

*s/Leia V. Leitner*
Leia V. Leitner

12

322381354v.1