# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MATTHEW LAROSIERE,

          Plaintiff,

v.                                      Case No:   6:24-cv-1629-AGM-LHP

CODY RUTLEDGE WILSON,
DEFCAD, INC., DEFENSE
DISTRIBUTED, DIOSKOUROI LLC,
DAVID SCOTT GINGRAS,
FEDERICO REYNAL and CHARLES
FLORES,

          Defendants

## ORDER

Before the Court is Plaintiff's Rule 11 Motion for Sanctions Regarding Defendant's Doc. 136 Motion for Rule 37 and 53 Relief and Incorporated Memorandum of Law in Support Thereof. Doc. No. 153. Defense Distributed responds in opposition. Doc. No. 163. Upon consideration, the motion (Doc. No. 153) will be **DENIED**.[1]

---

[1] Because Plaintiff seeks non-dispositive sanctions, Doc. No. 153, at 22–24, and the undersigned is denying the motion in any event, the undersigned issues this order, rather than a report and recommendation. *See, e.g.*, *Taverna Imports, Inc. v. A&M Wine & Spirits, Inc.*, No. 15-24198-CIV, 2018 WL 11227736, at *4 (S.D. Fla. Dec. 20, 2018) (magistrate judge

As suggested by the title, the motion is directed to a discovery motion that is pending before the Court, specifically, Defense Distributed's Motion for Rule 37(e) Spoliation Relief with Appointment of a Special Master. Doc. No. 153. *See* Doc. No. 136. Plaintiff asks the Court to issue sanctions in the form of the striking and/or denial of the motion, and to award fees in conjunction. Doc. No. 153, at 22–24. As Defense Distributed points out in response, however, a Rule 11 motion cannot be directed to a discovery motion under Federal Rule of Civil Procedure 37. *See* Fed. R. Civ. P. 11(d) ("**Inapplicability to Discovery.** This rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37."). Thus, as the present motion is directed to a pending discovery motion, to wit Defendants' request for spoliation sanctions under Rule 37(e) (Doc. No. 136), the motion is due to be denied. *See Leeks v. GeoPoint Surveying, Inc.*, No. 8:19-cv-562-T-30AAS, 2020 WL 3316002, at *3 (M.D. Fla. June 18, 2020) ("Rule 11 sanctions are not appropriate against [the] motion for sanctions and to compel discovery because Rule 11 does not apply to 'discovery . . . motions under Rules 26 through 37.'" (quoting Fed. R. Civ. P. 11(d)); *see also Lee v. Horton*, No. 2:17-CV-2766-JPM-TMP, 2018 WL 6323081, at *4 (W.D. Tenn. Dec. 4, 2018) (Rule 37(e) motion for spoliation sanctions is outside the scope of Rule 11).[2]

---

has authority to issue order on non-dispositive sanctions).

[2] In his motion, Plaintiff argues that because Defendant's Rule 37(e) motion also

Moreover, even if the motion could properly be brought, which the Court does not so find, the Court notes that the spoliation motion (Doc. No. 153) to which the instant motion is directed remains pending at this time, and the Court has yet to address its merits. *See generally Donaldson v. Clark*, 819 F.2d 1551, 1555 (11th Cir. 1987) ("Although the timing of sanctions rests in the discretion of the trial judge, . . . the sanctions issue under Rule 11 normally will be determined . . . in the case of motions at the time when the motion is decided or shortly thereafter." (citation and quotation marks omitted)). By the present motion, Plaintiff improperly seeks, in substance, a ruling on the merits of Defense Distributed's spoliation claims in his favor by way of a sanctions motion. *See generally Mouzin Bros. Farms, LLC v. Dowdy*, No. 7:20-CV-197 (TQL), 2022 WL 16841583, at *1 (M.D. Ga. Nov. 9, 2022) ("Courts have recognized that Rule 11 should not be used as a substitute for a dispositive motion or as an attempt to convert a dispute over factual and legal allegations into a sanctions dispute.").[3]

---

relies on Rule 53(b) to request appointment of a special master, the motion does not fall within the ambit of Rule 11(d). Doc. No. 153, at 3, 6. Plaintiff cites no legal authority in support. *Id.* Absent such authority the Court finds this argument unpersuasive— Defense Distributed's motion is clearly a discovery motion premised on spoliation and brought under Rule 37(e), and Defense Distributed invokes Rule 53(b) only for its requested relief in conjunction therewith. Doc. No. 136.

[3] The Court notes that the arguments raised by Plaintiff's motion for sanctions (Doc. No. 153) substantially overlap with the arguments raised by Plaintiff's opposition to Defense Distributed's spoliation motion (Doc. No. 146). And the relief sought by the sanctions motion is the denial/striking of the spoliation motion, as well as fees, Doc. No. 153, at 22–24.

For these reasons, Plaintiff's motion (Doc. No. 153) will be **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on November 19, 2025.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record