UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW LAROSIERE,

        Plaintiff,

v.                                      Case No:   6:24-cv-1629-AGM-LHP

CODY RUTLEDGE WILSON,
DEFCAD, INC., DEFENSE
DISTRIBUTED, DIOSKOUROI LLC,
DAVID SCOTT GINGRAS,
FEDERICO REYNAL and CHARLES
FLORES,

        Defendants

---

## ORDER

Before the Court is Defendant, Cody Wilson's Renewed Motion for Protective Order with Incorporated Memorandum of Law.  Doc. No. 160.  Plaintiff responds in opposition.  Doc. No. 165.  On review, the motion (Doc. No. 160) will be **DENIED**.

Mr. Wilson seeks a pre-deposition protective order regarding his deposition, in what appears to be his individual capacity.  Doc. No. 160.  The motion states that Mr. Wilson's deposition was noticed, but no such notice is attached to the motion.  *Id.* at 1.  Nor does it appear that any specific topics have been set for the

deposition, and none are addressed in the motion. *Id.* Instead, Mr. Wilson claims that based on the broad discovery served in this case, Plaintiff is going to ask at deposition about information irrelevant to this case. *Id.* at 1–2. Mr. Wilson is specifically concerned about answering questions about previously dismissed counterclaims, and a case filed in the Southern District of Florida, saying that those matters are irrelevant and inquiring into same could cover privileged information. *Id.*

For his part, Plaintiff contends that during pre-motion conferrals, he stated that he would not be asking targeted questions about the dismissed counterclaims, and that he did not intend to ask questions invading privilege with regard to the separate lawsuit in the Southern District of Florida. Doc. No. 165, at 1; *see also* Doc. No. 165-1, at 29–30, 32–33. Otherwise, Plaintiff says the information he will seek at deposition is relevant. *Id.* at 2–3. Plaintiff also seeks fees for responding to the motion. *Id.* at 3.

Parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," and "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). "As used in Rule 26(b)(1), relevance has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or

may be in the case. Thus, [c]ourts must employ a liberal discovery standard in keeping with the spirit and purpose of the discovery rules." *State Farm Fire & Cas. Co. v. Silver Star Health & Reahb, Inc.*, No. 6:10-cv-1103-Orl-31GJK, 2011 WL 13298682, at *3 (M.D. Fla. Oct. 5, 2011) (citations and quotation marks omitted).

Pursuant to Federal Rule of Civil Procedure 26(c)(1), a "party or any person from whom discovery is sought may move for a protective order," and the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "The party requesting a protective order must make a specific demonstration of facts in support of the request, rather than conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one." *Prime Ins. Co. v. Medicab Transp., LLC*, No. 2:24-cv-421-SPC-KCD, 2024 WL 4695876, at *2 (M.D. Fla. Nov. 6, 2024) (quoting *New World Network Ltd. v. M/V NORWEGIAN SEA*, No. 05-22916 CIV, 2007 WL 1068124, at *1 (S.D. Fla. Apr. 6, 2007)).

Here, Mr. Wilson has not demonstrated that a protective order would be appropriate, as the motion is premised on pure speculation. Mr. Wilson does not know at this point what questions Plaintiff will ask at deposition, and Plaintiff specifically disclaims that he will ask targeted questions about the dismissed counterclaims or seek privileged information regarding the Southern District of

Florida case. The Court will not enter a pre-deposition protective order on speculation about potential relevance/irrelevance of areas of inquiry not yet broached. *See, e.g.*, *Tropical Mktg. & Consulting, LLC. v. Glock, Inc.*, No. 6:12-cv-1388-Orl-36TBS, 2012 WL 5431002, at *6 (M.D. Fla. Nov. 7, 2012) ("The Court will not enter a prospective order based upon speculation about what might occur during the depositions."); *cf. Pantages v. Cardinal Health 200, Inc.*, No. 5:08-cv-116-Oc-GRJ, 2009 WL 10670298, at *3 (M.D. Fla. July 8, 2009) ("If the questioning during the deposition exceeds the outer boundaries of relevance and materiality and becomes harassing, Defendant has the right to move for the entry of a protective order with regard to those matters. At that point, in the event the Court is called upon to intervene, the Court will have before it a fully developed record consisting of questions and answers, which will enable the Court to fully evaluate the relevance, materiality and propriety of the areas of examination.").[1] There are also procedures in place should Mr. Wilson find it necessary to claim privilege. *See* Fed.

---

[1] Courts have also questioned whether relevance objections should even be made at deposition. *See, e.g.*, *U & I Corp. v. Advanced Med. Design, Inc.*, No. 8:06-cv-2041-T-17EAJ, 2008 WL 11336671, at *2 (M.D. Fla. July 3, 2008) ("It is arguable whether objections on relevancy should be made during depositions; however, if counsel feels compelled to make a relevancy objection, he may do so, but the deposition should continue with the testimony being taken subject to the objection."); *Quantachrome Corp. v. Micromeritics Instrument Corp.*, 189 F.R.D. 697, 700 (S.D. Fla. 1999) (stating it is "arguable whether objections based on relevance should even be made during the deposition").

R. Civ. P. 30(c)(2); *see also* https://www.flmd.uscourts.gov/standing-order-judge-hoffman-price-regarding-privilege-logs.

For these reasons, Mr. Wilson's motion (Doc. No. 160) is **DENIED.** Given the history of this case, Plaintiff's request for sanctions for responding thereto, however, is also **DENIED.** *See* Fed. R. Civ. P. 37(a)(5)(A)(iii). The suspension on Mr. Wilson's deposition, *see* Doc. No. 161, is hereby **LIFTED.**

**DONE** and **ORDERED** in Orlando, Florida on November 20, 2025.

*[signature]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

- 5 -