UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

          *Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc.,
DEFENSE DISTRIBUTED, and DIOSKOUROI
LLC,

          *Defendants*.

_____/

**PLAINTIFF LAROSIERE'S SHORT-FORM MOTION TO QUASH IMPROPER THIRD-PARTY SUBPOENAS**

Pursuant to Fed. R. Civ. P. 26, 45, Local Rule 3.01(g), and this Court's standing order on discovery, Plaintiff Matthew Larosiere moves to quash three third-party subpoenas issued at Defendants' request to (1) Shopify Inc., (2) Etsy, Inc., and (3) Registered Agents Inc. (collectively, the "Subpoenas"), and for a protective order. The Subpoenas should be quashed because they seek personal identifying and financial information about non-parties who, by sworn declaration[1], have no connection to Plaintiff or the claims/defenses in this case, and thus the discovery is outside Rule 26's permissible scope and imposes an undue burden.

---

[1] The attached declarations are pseudonymous, as their main concern is harassment by Defendant Wilson. If their authenticity or credibility is called into question, their identities may be confirmed via *in camera* disclosure of their identities, or disclosure to opposing counsel under protective order.

## ARGUMENT

### I. The Subpoenas Exceed Rule 26(b)(1)

Discovery is limited to matters relevant to a party's claim or defense and proportional to the needs of the case, considering (among other things) access, burden, and whether the burden outweighs the likely benefit. Fed. R. Civ. P. 26(b)(1). The declarations submitted here provide evidentiary support that Defendants' requested identifying and financial records are not tied to any party's claim or defense, but instead target third-party critics. Plaintiff is not attempting to assert the privacy rights of third parties under the present rules. *Cf.* Notes of Advisory Committee on Rule 45—1991 Amendment ("Paragraph (c)(3) explicitly authorizes the quashing of a subpoena as a means of protecting a witness from misuse of the subpoena power."). The attached declarations simply confirm that the information sought is beyond the scope of 26(b)(1).

### II. The Subpoenas Should Be Quashed Because They Appear Interposed for an Improper Purpose

Rule 45 requires counsel to take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena, and authorizes sanctions for failure to do so. Fed. R. Civ. P. 45(d)(1). On timely motion, the Court must quash or modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). Further, Rule 26(g) requires counsel's certification that discovery is "not interposed for any improper purpose, such as to harass." Fed. R. Civ. P. 26(g)(1)(B)(ii). The sworn declarations support that these Subpoenas function as a mechanism to identify and burden non-party critics, not to obtain discovery within Rule 26(b)(1).

### III. Alternatively, a protective order is warranted

On a showing of good cause, the Court may issue an order to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense," including forbidding the discovery or limiting its scope. Fed. R. Civ. P. 26(c)(1).

### CONCLUSION

Plaintiff respectfully requests an order (1) quashing the Subpoenas, or modifying them to exclude identifying and financial information unrelated to any claim or defense; (2) in the alternative, issuing a protective order requiring "attorneys' eyes only" handling of non-public third-party information; and (3) awarding any further relief this Court deems just and proper.

Respectfully submitted,

DATED:  December 30, 2025

>*/s/ Zachary Z. Zermay*
>Zachary Z. Zermay, Esq.
>Fla. Bar № 1002905
>*Zermay Law, P.A.*
>3000 Coral Way, Ste 1115
>Coral Gables, FL 33145
>Email: zach@zermaylaw.com
>Tel: (305) 767-3529
>*Lead Counsel for Plaintiff Matthew Larosiere*

3

**Local Rule 3.01(g) Certification**

Pursuant to M.D. Fla. R. 3.01(g), I hereby certify that I met and conferred via zoom teleconference with opposing counsel regarding the substance of the foregoing motion on December 30, 2025, Defendants oppose this motion.

DATED:  December 30, 2025

/s/ Zachary Z. Zermay
Zachary Z. Zermay, Esq.
Fla. Bar № 1002905
*Zermay Law, P.A.*
3000 Coral Way, Ste 1115
Coral Gables, FL 33145
Email: zach@zermaylaw.com
Tel: (305) 767-3529
*Lead Counsel for Plaintiff/Counterdefendant Matthew Larosiere*