UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW LAROSIERE

      Plaintiff,

vs.                                                                          Case No:  6:24-CV-01629-AGM-LHP

CODY RUTLEDGE WILSON, DEFCAD, INC.,
DEFENSE DISTRIBUTED and
DIOSKOUROI LLC,

      Defendants.

_____/

## DEFENDANTS' MOTION FOR LEAVE TO AMEND DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO ADD ADDITIONAL AFFIRMATIVE DEFENSES

Defendants, **CODY RUTLEDGE WILSON, DEFCAD, INC., DEFENSE DISTRIBUTED,** and **DIOSKOUROI LLC** (collectively as "Defendants"), pursuant to Fed. R. Civ. P. 6(b), 15(a) and 16(b)(4), moves for the entry of an order granting leave to file Defendants' Amended Answer and Affirmative Defenses to assert additional affirmative defenses as to Plaintiff's, **MATTHEW LAROSIERE** ("Plaintiff"), First Amended Complaint filed on December 11, 2024, *see e.g.*, Doc. 43, based on newly discovered evidence[1], and, in support thereof, states as follows:

---

[1] Defendants obtained the newly discovered evidence in discovery, and continue to uncover evidence to support their defenses, including information that may have been potentially destroyed. To this end, on September 19, 2025, Defendant, Defense Distributed, filed its Motion for Sanctions with Appointment of a Special Master based on Plaintiff's Rocket.Chat's ESI's systematic deletion of over 73,000 messages and the elimination of 89 beta rooms, many of which are very relevant to Plaintiff's copyright claims, *see e.g.,* Doc. 136 ("the Spoliation Motion"). The Spoliation Motion is pending before the Court. To this end,

## I.    Introduction.

Plaintiff seeks to enforce certain copyrights that he alleges he owns. During

discovery, Plaintiff produced documents purporting to evidence his ownership and

chain of title, including assignment instruments and work-for-hire designations[2] for the

subject copyrights-in-suit. These materials, which were not previously available to

Defendants despite diligent requests, reveal substantial defects bearing on copyright

validity, registration accuracy, and chain-of-title compliance under the Copyright Act.

Attached as **<u>Composite Exhibit A</u>** are true and accurate copies of the documents

received from Plaintiff's Counsel on November 25, 2025; attached as **<u>Exhibit B</u>** is a

true and accurate copy of Defendants' Counsel's email to Plaintiff's Counsel

requesting the employment agreement and assignment showing ownership for the

copyrights-in-suit[3] dated January 13, 2025.

---

Defendants reserve the right to raise additional affirmative defenses that may support an
adverse inference at trial.

[2] Pursuant to the Stipulated Protective Order and Mutual Confidentiality Agreement
("Agreement"), *see e.g.,* Doc. 114–1, and Local Rule 1.11, on December 18, 2025, the
Defendants provided notice to Plaintiff that they intend to file the assignment instruments and
work-for-hire designations for the subject copyrights-in-suit because the documents are
currently designated as "Attorneys' Eyes Only-Highly Confidential" when Defendants
received the documents on November 25, 2025 (the "Protected Material"). At the parties'
meet and confer on the Protected Material, Plaintiff represented that he would provide a
redacted copy of the Protective Material to Defendants instead of filing a Motion to Seal.
Thus, Defendants will supplement the Motion with the redacted Protective Material upon
receipt of the same from Plaintiff's Counsel. *See* Comp. Ex. A.

[3] At all times material herein, the term "copyrights-in-suit" refers to the 16 copyright
registrations identified in the First Amended Complaint. *See* Doc. 43 at §§104–259.

Promptly after receiving and reviewing these documents, Defendants prepared and now seek leave to file an Amended Answer to assert affirmative defenses challenging, among other things, ownership, originality, validity, registration sufficiency, and the enforceability of the copyrights-in-suit.

The proposed amendment is timely and made in good faith, causes no undue delay or unfair prejudice, and is not futile. The liberal standard of Rule 15 favors amendment, and if a scheduling order deadline has passed, good cause exists under Rule 16 because Defendants acted diligently upon uncovering new facts essential to their defenses. Defendants, therefore, respectfully request that the Court grant leave and deem the Amended Answer filed, or permit filing within seven days of the order.

## II.    Procedural Background

Plaintiff filed the operative Complaint on December 11, 2024, *see e.g.,* Doc. 43, alleging infringement of 16 copyright registrations. Defendants answered on December 27, 2024, *see e.g.,* Doc. 49.  On January 16, 2025, the Court entered its Case Management Order setting the deadline to file motions to add parties or to amend pleadings on February 28, 2025, *see e.g.*, Doc. 58. The parties exchanged written discovery and, on November 25, 2025, Plaintiff produced, for the first time, a tranche of documents that it contends establishes ownership and registration compliance, including, e.g., assignment agreements and work-made-for-hire agreements for the copyrights-at-issue. *See* Comp. Ex. A. Shortly after this production, and after diligent review, Defendants prepared the proposed Amended Answer, attached as **Exhibit C**.

### III.    Legal Standard.

The relief requested herein is governed by the interplay of Rules 6(b), 15(a)(2), and 16(b)(4).  "[W]hen a party files a motion for leave to amend a pleading after the relevant scheduling order deadline has passed, the party must demonstrate both good cause [under Rule 16(b)] and excusable neglect [under Rule 6(b)] for the belated request." *Auto–Owners Ins. Co. v. Ace Elec. Serv., Inc.,* 648 F. Supp. 2d 1371, 1375 (M.D. Fla. 2009). The Eleventh Circuit has instructed that "[t]his good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.,* 133 F.3d 1417, 1418 (11th Cir. 1998) (emphasis added). As explained by this court in *Auto–Owners:*

> The Eleventh Circuit's case law . . . has never foreclosed the possibility that good cause can be demonstrated by facts external to the parties' conduct . . . [thus] even when the party . . . has failed to demonstrate diligence under Sosa, the term "good cause" is broad enough to permit the Court to grant the request for other reasons.

648 F. Supp. 2d at 1377–78. In fact, an unpublished opinion from the Eleventh Circuit makes clear that "[t]his court has considered the diligence of the party seeking leave to amend a factor in the good-cause analysis." *Green Island Holdings, LLC v. British Am. Isle of Venice (BVI), Ltd.*, 521 F. App'x. 798, 800 (11th Cir. 2013) (emphasis added). Given that the Eleventh Circuit only considers diligence as "a factor" in the "good cause" analysis, the corollary to this holding is that other factors may also be considered. *See Id.*

With respect to "excusable neglect," the Eleventh Circuit has articulated the following factors to consider in the overall analysis: (1) the danger of prejudice to the

nonmovant; (2) the length of the delay and its potential impact on judicial proceedings;

(3) the reason for the delay, including whether it was within the reasonable control of

the movant; and (4) whether the movant acted in good faith. *E.g., Fisher Island Ltd. v.*

*Fisher Island Invs., Inc.*, 518 Fed. Appx. 663, 667 (11th Cir. 2013). These factors are

non-exclusive, and the test requires an equitable determination taking account of all

the relevant circumstances surrounding the party's omission. *See id.* The test permits

the exercise of discretionary judgment and judicial wisdom; the test is not

"mechanical," so long as that choice does not constitute a clear error of judgment. *See*

*id.*

Rule 15(a)(2) provides that the Court should freely give leave to amend "when

justice so requires." Courts apply this liberal standard absent undue delay, bad faith,

repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility.

Where a scheduling order sets a deadline to amend pleadings, and that deadline has

passed, Rule 16(b)(4) requires a showing of good cause, focused primarily on the

movant's diligence. If good cause is shown, the Court then applies the Rule 15

standard. An amendment is futile only if the proposed pleading would not withstand

a motion to dismiss under Rule 12(b)(6).

Under Rules 6(b), 15(a)(2), and 16(b)(4), the court should grant leave to file a

second amended complaint to add additional affirmative defenses because Defendants

could not have raised the defense until Defendants discovered it on November 25,

2025. *See* Doc. 58 at pp. 1.

IV.    **Argument and Authorities.**

Simply put, Defendants never had any reason until November 25, 2025, to raise

any issue to challenge the validity of the copyrights at issue before the February 28,

2025, deadline. *See* Doc. 58. Plaintiff never produced written agreement(s) purporting

to show ownership of the copyrights at issue until November 25, 2025.  Defendants

did not have sufficient facts to support a claim challenging copyright validity until

receiving documents on November 25, 2025, and any circumstantial evidence that

formed the basis of Defense Distributed's Spoilation Motion. Thus, Defendants'

motion is now ripe for discussion.

A.    Good Cause Exists under Rule 16 Because Defendants Acted Diligently Upon Receipt of New Ownership and Registration Documents.

To the extent a scheduling-order deadline has passed, Defendants satisfy Rule

16. The newly produced documents—central to ownership, chain of title, and

registration validity—were not previously available to Defendants despite reasonable

diligence.  *See* Ex. A. Defendants sought ownership records through discovery requests

and meet-and-confer conferences, and Plaintiff did not produce the relevant

instruments and Copyright Office filings until November 25, 2025. *Id.*  Defendants

acted expeditiously thereafter, analyzing the production and preparing the proposed

amendment within a reasonable period. This diligence satisfies good cause under Rule

16.

B.    Leave to Amend is Appropriate Under Rule 15's liberal standard.

There is no undue delay, bad faith, or dilatory motive. Defendants seek to add

defenses based on facts first revealed in Plaintiff's production. Courts routinely allow

amendments based on newly disclosed documents, particularly when they bear

directly on threshold issues of copyright validity and ownership. Nor is there undue

prejudice: the case remains, in fact, discovery, no dispositive motions have been

decided, and any additional discovery occasioned by the new defenses would involve

materials already in Plaintiff's possession and control. By contrast, denying

amendment would prejudice Defendant by foreclosing defenses that go to the heart of

Plaintiff's claims.

The amendment is not futile. The proposed defenses present legally cognizable

theories that, taken as true and viewed in the light most favorable to Defendant, readily

cross the plausibility threshold. Among other things, the proposed amendment pleads:

- Ownership and chain-of-title defects in violation of 17 U.S.C. § 204(a), including missing, ambiguous, or noncompliant transfers; breaks in the chain between alleged authors and Plaintiff; and inconsistencies in dates and scope of purported assignments or licenses.

- Invalidity or unenforceability of registrations due to material inaccuracies or omissions in applications and deposits under 17 U.S.C. §§ 409–410 and the Supreme Court's "material error" standard, including misstatements regarding authorship, work-made-for-hire status, publication, and creation dates.

- Lack of originality or protectable expression, merger and scènes à faire, and the idea–expression dichotomy, negating the existence of valid, enforceable copyrights in the asserted material.

- Improper work-made-for-hire designations under 17 U.S.C. § 101, including the

absence of a qualifying employment relationship or executed written instrument

for specially ordered or commissioned works, and inconsistency with actual

creative control and consideration.

- Registration prerequisites under 17 U.S.C. § 411(a), including whether the

  asserted claims fall within the scope of the registrations and whether any

  unregistered works are being enforced.

- Fraud on the Copyright Office, to the extent the new documents reflect knowing

  and material misrepresentations in registration filings, which renders

  registrations invalid or unenforceable.

- Unclean hands, misuse, and other equitable defenses as supported by the newly

  produced communications and conduct, including the scope and conditions of

  any permissions granted and Plaintiff's enforcement conduct.

Each of these defenses is well-recognized and may be pleaded as an affirmative

defense under Rule 8(c). The factual predicates are anchored in Plaintiff's own

documents, which the proposed pleading quotes and incorporates by reference with

sufficient detail to provide fair notice. At this stage, the Court need not resolve factual

disputes about chain-of-title or registration accuracy; it need only determine that the

defenses are plausible and not futile, which they are.

C.    Plaintiff Will Not Be Unfairly Prejudiced by the Amendment.

Plaintiff cannot show prejudice. The proposed defenses arise from Plaintiff's

documents and will not expand the case beyond issues already put in play by Plaintiff's

ownership and registration allegations. Any incremental discovery is limited, targeted,

and largely within Plaintiff's possession. A trial date is currently scheduled for November 2, 2026, which is months away, and any modest schedule adjustments can likely cure potential prejudice. By contrast, the prejudice to the Defendants from denying amendment would be substantial, as it would prevent adjudication of dispositive threshold issues on a complete record.

## CERTIFICATE OF GOOD FAITH CONFERENCE PURSUANT TO LOCAL RULE 3.01(g)

Pursuant to Local Rule 3.01(g), on December 30, 2025, via Zoom Conference, Defendants' Counsel conferred with  Plaintiff's Counsel regarding the relief sought in the instant motion; however, the parties were unable to agree on the relief sought before the instant Motion was filed.  Attached hereto as **Exhibit D** is a true and correct copy of the parties' discussion on the meet and confer on Defendants' Motion for Leave to Amend.

## V.     Conclusion.

For the foregoing reasons, Defendants respectfully request that the Court grant leave to amend and either deem the proposed Amended Answer filed as of the date of the Court's order or permit filing within seven (7) days. A copy of the proposed Amended Answer is attached as **Exhibit C**.

Dated: December 30, 2025          Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN& DICKER LLP**

By:  *s/Leia V. Leitner*

9

Leia V. Leitner
Florida Bar No: 105621
111 North Orange Avenue
Suite 1200
Orlando, FL 32801
Telephone:        407-423-7287
Facsimile: 407-648-1376
Leia.Leitner@wilsonelser.com
Cheryl.Kujawski@wilsonelser.com

Jura C. Zibas
Florida Bar No: 124571
Amaris C. Gyebi, Esq.
Florida Bar No: 1019361
2063 Main Street - Suite 100
Sarasota, FL 34237
Telephone:941-866-8561
Facsimile: 941-210-5979
Jura.Zibas@wilsonelser.com
Amaris.Gyebi@wilsonelser.com
Cheryl.Kujawski@wilsonelser.com

*Co-Counsel for Defendants*
*Cody Rutledge Wilson*
*DEFCAD, Inc. and Defense Distributed*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of December, 2025, a true and correct copy of the foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF E-Filing Portal, which will serve an electronic copy of the foregoing on the following: Zachary Z. Zermay, Esq., Florida Bar No: 1002905; Zermay Law, P.A., *Counsel for Plaintiff*, 1200 Fourth Street, #1102, Key West, Florida 33040; Telephone:        305-767-3529; Zach@Zermaylaw.com and info@Zermaylaw.com; Charles (Chad) Flores, Esq., Flores Law PLLC, *Counsel for*

*Defendants, Cody Rutledge Wilson, DEFCAD, Inc., Defense Distributed and Dioskouroi LLC,*

917 Franklin Street, Suite 600, Houston, Texas  77002, Telephone:  713-364-6440,

CF@ChadFlores.law;           chad-flores-7646@ecf.pacerpro.com           and

service@chadflores.law.

*s/Leia V. Leitner*

Leia V. Leitner
