UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

          *Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc., DEFENSE DISTRIBUTED, and DIOSKOUROI LLC,

          *Defendants*.

_____/

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE DECEMBER 31, 2025 ENDORSED ORDER (DOC. 178) REGARDING RULE 3.01(g) CONFERRAL**

Plaintiff Matthew Larosiere respectfully moves for reconsideration of the Court's December 31, 2025 endorsed order (Doc. 178) relating to Defendants' Motion for Leave to Amend Defendants' Answer and Affirmative Defenses (Doc. 177), chiefly because a conference did occur before a court reporter and because the emails attached as Doc. 177-4 are not "a true and correct copy of the parties' discussion on the meet and confer" (Doc. 177 at 9) in that they 1) are not the transcript of the conference and 2) they exclude communications from Plaintiff's counsel. Because the Court's December 31 order expressly cites its review of "the meet and confer emails attached (Doc. No. 177-4)," Doc. 178, Plaintiff is concerned the Court may have been misled when it assessed whether Plaintiff had cooperated. In support, Plaintiff states as follows:

## INTRODUCTION

The Court's December 31, 2025 endorsed order states that "it appears that Plaintiff has not been cooperative in engaging in a good faith conferral as required by Local Rule 3.01(g)" and directs the parties to meet and confer by January 7, 2026, warning that purposeful refusal can result in sanctions. (Doc. 178).

Plaintiff files this motion for a narrow purpose: to correct and clarify the conferral record that was before the Court when it entered Doc. 178. The parties did, in fact, conduct a good faith meet-and-confer on Defendants' Motion for Leave to Amend on December 30, 2025, via Zoom, with a certified court reporter creating an independent record. *See* Ex. A pp. 3-12 (Dec. 30 transcript discussion motion for leave to amend). The complete email chain leading to that conference also reflects that Plaintiff did not refuse to confer, but instead sought to schedule a live conference during a holiday week and ensured the conference occurred with a reporter because the parties have had divergent accounts of what had been said and agreed. *See* Ex. B (content of email exchanges).

Accordingly, Plaintiff respectfully requests that the Court (a) vacate its December 31 order, or (b) modify or withdraw the portion of Doc. 178 indicating it "appears" Plaintiff was uncooperative (or clarify that the Court's concern arose from an incomplete conferral record), or (c) deem the Local Rule 3.01(g) conferral requirement satisfied as to Doc. 177 (or, alternatively, clarify that no adverse inference should attach to Plaintiff from the December 31 order).

## BACKGROUND

### I. Defendants Certified a conferral record that did not include the actual conferral record.

Defendants' Motion for Leave to Amend (Doc. 177) includes a Local Rule 3.01(g) certificate stating that on December 30, 2025, "via Zoom Conference," Defendants' counsel conferred with Plaintiff's counsel regarding the relief sought, and that "Exhibit D" is a "true and correct copy of the parties' discussion on the meet and confer." (Doc. 177 at 9). The exhibit Defendants attached (Doc. 177-4) consists of select emails and does not include the transcript of the December 30 conference. *Cf. Ex. B.*

Because the Court's December 31 order expressly cites its review of "the meet and confer emails attached (Doc. No. 177-4)," Doc. 178, Plaintiff is concerned the Court may have been misled when it assessed whether Plaintiff had cooperated.

### II. The Parties Did Meet and Confer Before a Court Reporter

On December 30, 2025, the parties conferred by Zoom with a certified court reporter present. Ex. A. During that conference, Defendants asked Plaintiff to state whether he was "opposed or unopposed" to Defendants' Motion for Leave to Amend. Ex. A at 8:1–7. Defendants then summarized the parties' positions at the conclusion of the conference, stating, among other things, that "it appears that plaintiffs are opposed to … defendant's motion for leave to amend," and confirming Plaintiff would provide a redacted copy of designated AEO materials. Ex. 1 at 11:5–22.

### III. The Complete Email Chain Reflects Holiday-Week Scheduling, Not Avoidance

The complete email chain (Ex. B) reflects that, during the holiday week, Defendants proposed a conferral on December 24, 2025 (Christmas Eve). Plaintiff asked for a date "after the holiday," including December 26. Ex. B. Defendants then proposed December 26 at 10:00 a.m. as their only window of availability. Ex. B When Plaintiff could not accommodate that specific time, Plaintiff proposed—and arranged—a transcribed meet-and-confer on December 30 at 10:00 a.m., including by securing a court reporter. Ex. B; see also Doc. 177-4 (reflecting Plaintiff's confirmation that a reporter had been secured for the December 30 conference).

This context is important because Doc. 177-4, standing alone, can be read to imply Plaintiff was avoiding a conferral rather than, as the full record reflects, attempting to schedule a meaningful live conference during a holiday week and ensuring an objective record existed where counsel has a history of disputing what occurs even in email chains.

### ARGUMENT

### I. Reconsideration is Warranted to Correct the Conferral Record and Prevent an Unfair Adverse Inference

Plaintiff recognizes the Court's interest in enforcing Local Rule 3.01(g) and ensuring counsel confer in good faith before motion practice. Plaintiff also recognizes the Court entered Doc. 178 based on the record then presented—specifically, Defendants' motion and the selective email excerpts attached at Doc. 177-4.

4

However, the record that was before the Court demonstrates that a substantive conference *did* occur on December 30, 2025, where Plaintiff stated his position unequivocally. (Ex. A). Any prior scheduling friction occurred during a holiday week and does not support an inference that Plaintiff "purposely refus[ed]" to engage in a good-faith conferral; rather, Plaintiff ensured a substantive conference occurred and created a neutral record to avoid precisely the type of disagreement that later arose concerning what had been discussed and how it should be described. Exs. A–C.

Indeed, Defendants have begun to represent that they have sought Plaintiff's position on their motion for leave to amend for a month (Ex. B at 2), but that is simply not the case. Defendants first intimated their desire to amend at the in-person conference ordered by this Court on November 24 by suggesting Plaintiff amend the complaint. (Doc. 175-1 at 40:24, 42:5) *cf.* (Doc. 177-4 at 1) (Defendants' recitation of the November conference). On November 26, 2025, Defendants sent an email asking for Plaintiff's position on a motion for leave to amend to assert undisclosed additional affirmative defenses "including, but not limited to, copyright validity and unclean hands," which Plaintiff could not take a position on without knowing what was sought to be asserted. It was not until December 18 at 5:13PM that Defendants identified the substance of the amendment, seeking Plaintiff's position. Among the press of the holiday season, Plaintiff's counsel reviewed the proposed amendment and conferred with his client, as Defendants insisted on a Conference on Christmas Eve. When asked why Defendants couldn't offer any times not on holidays, "such as December 26," Defendants offered a single hour on December 26. Plaintiff's unavailability for

5

that single hour spurred Defendants' correspondence characterizing the scheduling history in a manner Plaintiff disputed. Plaintiff's side of events, and Defense Counsel's own email circulating the calendar invite and December 30 zoom link to the conference, is absent from Doc. 177-4. Shortly thereafter, the parties attended a conference with a court reporter.

Nothing from the complete record suggests that any conference was avoided. Rather, it reflects that on relatively short notice, during the Christmas holiday, Plaintiff managed to secure a court reporter and confer with Defendants in good faith. Indeed, during the meet-and-confer ahead of this very motion, Defense counsel herself agreed that this conference occurred, despite her opposition to this motion. (Ex. C at 10:13) ("Did we discuss it on that day in front of a court reporter? Correct.")[1].

Given that the parties conferred on December 30 on the record, Plaintiff respectfully requests that the Court deem its January 7, 2026 conferral directive satisfied as to the motion to amend (Doc. 177), or alternatively clarify that Plaintiff has complied with Local Rule 3.01(g) as to that motion and that no adverse inference should attach from Doc. 178's "appears uncooperative" language.

---

[1] At the conference about this motion, Defense counsel instead focused on their desire to file personal financial information—namely, Plaintiff's employment agreements—which Plaintiff had previously agreed to provide a redacted version of to avoid the necessity of filing under seal once Defendants identified the *Reid* issues they saw with the documents so that Plaintiff could narrowly tailor the redactions. (Ex. A at 9:4-23). Defendants have refused to provide said information and suddenly shifted to demanding an immediate redacted version without any guidance, threatening to file the protected material on the public docket if such was not promptly provided. (Ex. B at 4). Plaintiff has provided a redacted version of the documents in question.

Plaintiff emphasizes that this motion is not filed to avoid conferral; it is filed to correct the record and to prevent prejudice from the current docket language.

## CONCLUSION

Plaintiff respectfully requests an order (1) vacating the Doc. 178 order; or (2) in the alternative, modifying or clarifying the order to prevent unfair prejudice; and (3) awarding any further relief this Court deems just and proper.

Respectfully submitted,

DATED: January 2, 2026

/s/ *Zachary Z. Zermay*
Zachary Z. Zermay, Esq.
Fla. Bar № 1002905
*Zermay Law, P.A.*
3000 Coral Way, Ste 1115
Coral Gables, FL 33145
Email: zach@zermaylaw.com
Tel: (305) 767-3529
*Lead Counsel for Plaintiff
Matthew Larosiere*

7

**Local Rule 3.01(g) Certification**

Pursuant to M.D. Fla. R. 3.01(g), I hereby certify that I met and conferred via zoom teleconference with opposing counsel regarding the substance of the foregoing motion on January 2, 2025, Defendants oppose this motion. The content of that conference is attached to this motion as Exhibit C. In any event, counsel for Defendant has expressed her position that the conference on this motion contemporaneously satisfied the Court's conferral order despite that topic not being scheduled for discussion or materially discussed. (Ex. C at 17:11-18).

DATED: January 2, 2026

                                                                                                */s/ Zachary Z. Zermay*
                                                                                                Zachary Z. Zermay, Esq.
                                                                                                Fla. Bar № 1002905
                                                                                                *Zermay Law, P.A.*
                                                                                                3000 Coral Way, Ste 1115
                                                                                                Coral Gables, FL 33145
                                                                                                Email: zach@zermaylaw.com
                                                                                                Tel: (305) 767-3529
                                                                                                *Lead Counsel for Plaintiff*
                                                                                                *Matthew Larosiere*