```
            UNITED STATES DISTRICT COURT
            MIDDLE DISTRICT OF FLORIDA
                 ORLANDO DIVISION

            CASE NO:  6:24-CV-1629


MATTHEW LAROSIERE,

     Plaintiff,

vs.

CODY RUTLEDGE WILSON, DEFCAD,
INC., DEFENSE DISTRIBUTED, and
DIOSKOUROI LLC,

     Defendants.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *



MEET-AND-CONFER:  PLAINTIFF'S MOTION FOR RECONSIDERATION


DATE TAKEN:      January 2, 2026

TIME:            10:00 a.m.

PLACE:           VIA ZOOM

REPORTED BY:     LINDE BLOSSER, STENOGRAPHER, NOTARY PUBLIC

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

A P P E A R A N C E S:

ZACHARY Z. ZERMAY, ESQUIRE
Zermay Law
3000 Coral Way
Suite 1115
Miami, Florida 33145
zach@zermaylaw.com
APPEARING ON BEHALF OF PLAINTIFF

LEIA V. LEITNER, ESQUIRE
Wilson Elser Moscowitz Edelman & Dicker, LLP
111 North Orange Avenue
Suite 1200
Orlando, Florida 32801
leialeitner@wilsonelsner.com
APPEARING ON BEHALF OF DEFENDANT CODY RUTLEDGE WILSON

1                    P R O C E E D I N G S

2                          - - - -

3         MR. ZERMAY:  Okay.  So we're here on our motion

4    for reconsideration of ICF 178, which is the court's

5    endorsed order requiring us to confer about

6    defendants' motion for leave to amend defendants'

7    answer and affirmative defenses to add additional

8    affirmative defenses.  That's document No. 177, and

9    it's apparently -- or it is premised on document No.

10   177-4, which is, I believe, Exhibit D to the motion.

11   And that's exhibits -- it has a -- some emails

12   between my office and your office.

13        And we think that the emails don't give the

14   exact context of what happened or the conferral

15   run-up to the motion, because we did confer on --

16   while the conferral didn't happen on the 26th at

17   10:00, it did happen on the 29th at 10:00.

18        And, you know, based upon that, we think the

19   court didn't get the entire context of what was

20   happening in the conferral.

21        And I'm looking at the Local Rule 3.01(g)

22   certification that was made by the the defendants in

23   this case, and it says -- I want to quote so I don't

24   misstate the record here.

25        "Pursuant to Local Rule 3.01(g), on December 30,

1    2025, I had a Zoom conference.  Defendants' counsel

2    conferred with plaintiff's counsel regarding relief

3    sought in the instant motion.

4        "However, the parties were unable to agree on

5    the relief sought before the instant motion was

6    filed.  Attached hereto is Exhibit D," and in bolds

7    and underlined, "is a true and correct copy of the

8    parties' discussion on the meet-and-confer on

9    defendants' motion for leave to amend."

10       We think that the sentence that Exhibit D is a

11   true and correct copy of the parties' discussion

12   is -- is not an accurate statement because the

13   discussion happened on the record with the -- the

14   court reporter.

15       And so we think that the court may be of the

16   understanding that the emails, that which constitute

17   Exhibit D and Exhibit 177-4, was the extent of the

18   conversation that we had regarding the motion, was

19   the extent of the meet and conferral, and we -- we

20   fully believe that we thoroughly conferred in front

21   of a court reporter regarding this.

22       So that's the extent of the motion for

23   reconsideration that we want to file, so I'm just

24   wondering your position.

25       And I guess the question I have, apart from

1    whether or not you consent to the -- whether or not

2    you oppose the motion or whether or not you agree

3    that we conferred about the -- the motion for leave

4    to amend the answer in affirmative defenses.

5         MS. LEITNER:  The first question, yes.

6         As -- as far as the motion for reconsideration,

7    we're opposed to the relief sought to the extent that

8    the motion for leave -- defendants' motion for leave,

9    document 177, did accurately state that the parties

10   did confer.  The issue is the exhibit to the motion.

11        So first of all, meaning that the emails and the

12   attachments to showing that -- the conferral being

13   scheduled, when it was, and how long it took, those

14   emails speak for itself to the -- to that extent as

15   to how long it took, essentially a month to discuss a

16   motion for leave to amend.

17        The second being that the defendants' position

18   is that the Exhibit 177-A with respect to whether

19   they're going to move to seal it became a -- it's

20   defendants' position that the plaintiff unnecessarily

21   made their request contingent upon providing a

22   redacted copy of 177-1, their written assignments --

23   the work for hire remit and the work for -- and the

24   assignment contingent on explaining exactly why --

25   the substantive reason why we're moving for leave to

1    amend to add affirmative defenses to our amended

2    answer.

3         And in sum, defendants' position is that the

4    exhibits that -- there's a conferral require- -- the

5    conferral provision in the motion itself in document

6    177, that accurately states that the parties did

7    confer.

8         However -- and -- and the exhibits that were

9    attached to the motion in the conferral provision,

10   that's accurately stated, and those exhibits speak

11   for itself.

12        So to the extent that the court is requesting

13   conferral on the motion to seal with respect to the

14   exhibits to the motion for leave to amend, then yes.

15   We agree with the court that the plaintiffs have been

16   uncooperative to the extent that they haven't

17   produced a redacted copy of the exhibits or filed

18   a -- or agreed to move to seal it, as the defendants

19   have alluded that they're unopposed to a motion to

20   seal these documents, but that is not what the

21   plaintiff had indicated.

22        They stated that they would provision -- instead

23   of moving to seal it, they would provide a redacted

24   copy in lieu of.

25        However, they request -- plaintiff's request was

1    to explain exactly what *Reid* factor is at issue

2    before they were to produce a redacted copy.

3        And so to that extent, it's defendants' position

4    that we provided our -- the reasons why we want to

5    move for leave to amend, which is the added

6    affirmative defenses based on newly-discovered

7    evidence that defendants received on November 25th,

8    2025.

9        To that extent that we wanted to add additional

10    affirmative defenses based on the validity of the

11    documents we received and the ownership of

12    copyrights, that is -- we've already alluded our

13    position that it is -- it doesn't meet the *Reid*

14    factors to the extent that a request is made to

15    explain which *Reid* factor.

16        It's defendants' position that that would be

17    going too far into the actual mental impressions, and

18    that is going way beyond the extent of this

19    meet-and-confer under Local Rule 3.10(g) -- or

20    .01(g).

21        And that's our position.

22        MR. ZERMAY:  Okay.  So I'm looking at the

23    court's order, and it's just a written order on the

24    docket.  It says, quote, Endorsed order upon review

25    of defendants' motion for leave to amend, defendants'

1   answer and affirmative defenses to add additional

2   affirmative defenses 177 and, in particular, the

3   meet-and-confer emails attached, doc No. 177-4, it

4   appears that plaintiff has not been cooperative in

5   engaging in a good-faith conferral as required by

6   Local Rule 3.01(g).

7        "Accordingly, on or before January 7, 2026, the

8   parties are directed to engage in a good-faith

9   meet-and-confer in accordance with Local Rule

10  3.01(g).  And defendant shall file a supplemental

11  conferral certification on before January 7th, 2026,

12  which details plaintiff's position on the motion, as

13  well as the manner of the conferral.

14       "The parties are reminded that purposely

15  refusing to engage in a good-faith conferral can

16  result in sanctions signed by Magistrate

17  Judge Leslie Hoffman-Price on 12/31/2025."

18       Anyway.  So I guess, do you -- is it your

19  position that we didn't engage in a good-faith

20  conferral on defendants' motion for leave to amend

21  defendants' answer and affirmative defenses to add

22  additional affirmative defenses when we spoke with

23  the court reporter the other day?

24       MS. LEITNER:  It's our position that you alluded

25  that you were opposed to the motion.  So with respect

1    to the exhibits to the motion, which is related as to

2    their relief sought and with respect to the motion

3    for leave doc 177, yes.  You -- the plaintiffs have

4    not been cooperative with respect to the full relief

5    sought in that specific motion.

6        MR. ZERMAY:  Well, that's not the question I was

7    asking.  It's whether or not we engaged in a

8    good-faith conferral about the requests that --

9    relief you were seeking.

10        It's -- and we're sort of going into a meta

11    discussion about the litigation.  And, you know,

12    there is the merits of motions and requests, which we

13    always take into the consideration when deciding

14    whether or not to acquiesce relief.

15        But what we're here today is to discuss whether

16    or not a good-faith conferral already occurred.  And

17    we have the email attached to one email chain, but

18    there were other email chains that we also had

19    setting up this conferral.

20        And let me see.  This is what we intend to put

21    in as an exhibit to the motion for reconsideration.

22    It's the email chain titled "Re:  Case

23    6;24-CV-01629-WWB-LHP; Larosiere vs. Wilson,

24    Third-Party Subpoenas - meet-and-confer third day

25    request."

1          And in there, we talked about the setting the

2     conferral.  And it's -- I believe that's -- and I

3     suggested Friday, the day after Christmas, the 26th.

4     And then you picked ten o'clock, and I was not

5     available at ten o'clock that day.

6          MS. LEITNER:  You -- okay.  But you never

7     responded.

8          MR. ZERMAY:  We did respond to that email,

9     but --

10          MS. LEITNER:  Sure.  On the day of Christmas.

11          MR. ZERMAY:  Yeah.  It's Christmas.  But in any

12     event, we did confer the Monday after that, which --

13          MS. LEITNER:  I think the issue is we -- I -- I

14     can -- I can share my notes.  We conferred this week.

15     However, it wasn't to resolve all the issues that

16     were discussed for defendants' motion for leave.

17          Did we discuss it on that day in front of a

18     court reporter?  Correct.

19          So I -- I -- and so yes.  And then I think that

20     the issue is that it's not a -- it's not just what

21     was requested in the motion itself, but also what we

22     would like to attach.  Because that is actually key

23     for the motion for leave to amend, is the exhibit

24     that we just recently received that you all want to

25     redact, which hasn't been provided to us.

1          You haven't agreed to a motion to seal to review

2     that motion for leave to amend where the key

3     documents are documents that plaintiff produced.  So

4     I think that's more of the issue than just did we

5     talk this week and did you give us your position.

6          And that's why I think -- I alluded correctly

7     that we didn't talk about it, but I also included

8     in -- as a part of our exhibit in the motion that you

9     guys were requesting to, you know, redact a copy of

10     these documents based on our -- our application of

11     the *Reid* factors.  I think that goes over and beyond

12     what is requested in the meet-and-confer.

13          So to answer your question, yes, we are opposed

14     to a motion for reconsideration.  I'm actually very

15     confused as to what you're requesting, because the

16     court's orders requesting us to -- since -- if the

17     meet-and-confer didn't -- wasn't complete, to do so,

18     and to supplement that information.

19          So what is your relief that you're seeking?

20          So once the court -- once the parties then

21     complete this meet-and-confer with respect to

22     defendants' motion for leave to amend, what are you

23     asking for to reconsider?

24          MR. ZERMAY:  The endorsed order of document 178

25     directing us to further confer about this issue.

1          Because again, getting back to -- and I hear

2     what you're saying, right?  You're talking about the

3     merits of your motion, and I, you know, understand

4     that.

5          The problem that I have is as a -- you know,

6     stepping back as an officer of the court that is

7     bound by the rules -- and I very much respect the

8     rules and The Florida Bar obligations imposed upon us

9     all to -- if we disagree, to not allow disagreeing

10    and, you know, to the extent we can agree, we agree;

11    to the extent we can't disagree, to discuss that.

12         And looking at the endorsed order, the

13    appear- -- where the Court said, quote, It appears

14    that plaintiff has not been cooperative in engaging

15    in a good-faith conferral as required by Local Rule

16    3.01(g), and then cited document No. 177-4, which is

17    a portion of the email but not all of the emails,

18    that we would like to put all of the emails before

19    the court to provide context that we have, in fact,

20    been cooperative in engaging in a good-faith referral

21    as required by the local rule.

22         And as we always endeavor to do so, it is just

23    that we are unable to come to an agreement after a

24    rule-compliant conference of counsel, that we had a

25    court reporter there to take everything down, and

1    that the statements and the 3.01(g) certification

2    that was filed contemporaneously with the motion that

3    is subject to -- or gave rise to this order that

4    says, quote, Attached hereto as Exhibit D is a true

5    and correct copy of the parties' discussion on the

6    meet-and-confer on defendants' motion for leave to

7    amend is not entirely accurate.

8        And because there is a court reporter transcript

9    that will be ready today that does actually show the

10   discussion of the parties on the meet-and-confer on

11   defendants' motion for leave to amend, and that's why

12   we would like the court to reconsider that in light

13   of the fact that we did have that discussion and

14   there are other emails, and that perhaps looking at

15   the emails in document No. 174-4, Exhibit D to your

16   motion, it may look one way, but the full context

17   shows differently.

18       And we believe the court would come to a

19   different conclusion as to the requirement to further

20   confer under Local Rule 3.01(g) on the request --

21   relief you're requesting and would come to a

22   different conclusion regarding the court's statement

23   that it appeared that plaintiff has not been

24   cooperative in engaging a good-faith conferral as

25   required by the local rules.

 1          MS. LEITNER:  Okay.  So what is your position

 2      with respect to the redacted copy?  Are you guys

 3      producing that later today, or before January 7th,

 4      before we need to file our supplemental motion for --

 5      I'm sorry -- our supplement on this conferral on the

 6      motion for leave to amend?

 7          MR. ZERMAY:  As written in the email, we are

 8      going to provide you with a redacted copy of that

 9      agreement.

10          MS. LEITNER:  Okay.  So I think at this point,

11      then, then we can conclude -- we can agree that today

12      we fully met on the issues on the defendants' motion

13      for to leave amend.  Because otherwise, our last

14      conference is what I'm trying to allude at.

15          And, you know, things have -- have been

16      discussed since that -- that, the last conference it

17      became -- there was an unnecessary contingency in

18      providing that document, that the court would need

19      either to see -- either a motion to seal or a

20      redacted copy.

21          And so I was not able to include that in the

22      motion and that's what I think that the real issue is

23      with respect to that.

24          So I think today as far as this -- our purposes

25      here, I think that now that we have a resolution with

1    respect to the redacted copy, that the

2    meet-and-confer is now concluded.

3        But as an officer of the court, I have

4    accurately explained and discussed in our motion

5    to -- for leave to amend the parties' conferral on

6    the motion from November 25th to the date of the

7    filing of the motion, and that it has been difficult

8    in providing -- we've -- we've explained our

9    intention to meet -- to provide -- to move to for

10   leave to amend to add additional affirmative defenses

11   on November 25th in person.

12       You then in that meet-and-confer requested that

13   we provide a proposed motion and the proposed answer,

14   which we did on December 18th.

15       And then the emails that were attached to the

16   motion on the conferral requirements shows that we

17   then asked to close the gap with respect to the

18   3.01(g) conferral by setting up another meeting once

19   you have reviewed the proposed motion and answer.

20       And then plaintiff -- which we then coordinated

21   and scheduled on December 26th, which then the

22   plaintiff the next -- on the day before cancelled and

23   stated that he would not be available all day because

24   he was going to produce documents that -- based on

25   our request that was served on October 15th, 2025.

1          So yes.  Based on the difficulties that it has

2     been to set a meet-and-confer on a simple motion, it

3     is defendants' position that we are opposed to your

4     motion for reconsideration with respect to the

5     conferral requirement because it has been -- as the

6     court alluded, the plaintiff has been uncooperative

7     with respect to this motion, conflating it to making

8     it a meet and confer on -- on different motions when

9     we could have just had this issue and discussed it.

10         And, you know, you could have let me -- let us

11    know if you were opposed or unopposed and provided a

12    redacted copy or a motion to seal, you know, within

13    the -- the next week or so, but that wasn't done

14    here.

15         MR. ZERMAY:  Okay.  So just to be clear, you are

16    opposed to our motion for reconsideration of document

17    No. 178.

18         MS. LEITNER:  Yes.  Correct.

19         MR. ZERMAY:  Okay.  Well, understood.  We'll

20    notate that in our -- all our 3.01(g) certification,

21    and we'll go from there.  And we'll, you know,

22    always, you know, not happy to litigate meta issues

23    as to --

24         MS. LEITNER:  When you refer to "meta issues,"

25    what do you mean by that?

```
 1            MR. ZERMAY:  Meta issues being non-merit

 2       based --

 3            MS. LEITNER:  Oh.

 4            MR. ZERMAY:  -- issues.

 5            MS. LEITNER:  Okay.  Understood.  Yeah.

 6            I mean, these are issues that -- the motion for

 7       reconsideration is plaintiff's intention to bring

 8       forward, which we, you know -- and that's your --

 9       that is what you're currently doing.  It's not

10       defendants' motion.

11            So I just want to be clear with respect to that.

12       We're here today to complete the meet-and-confer that

13       the court has requested the parties to do so.

14            I think at this point, it's defendants' position

15       it has been completed based on today's

16       meet-and-confer with respect to not only the motion

17       itself, but also the exhibits attached thereto.  And

18       we will provide our supplement to this effect.

19            MR. ZERMAY:  Well, to be fair, this wasn't a

20       conversation about -- this was not the conferral that

21       was ordered in document No. 178.  It was a conferral

22       on our motion for reconsideration of document

23       No. 178.

24            It's to the extent that you're considering it --

25       the conferral complete, that's -- that's your
```

1    position.  Because it was our position that we

2    engaged in a good-faith conferral previously, which

3    is, you know, why we're concerned that the court is

4    expressing displeasure with plaintiff's side here.

5        But again, in the context of, one, there are

6    other emails, and, two, we did confer about this

7    previously, we believe that the court's -- is -- I'm

8    trying to think of the correct word here.

9        But does not have all the information before it,

10   and if the court had the information before it and

11   had the 3.01(g) certification made in document

12   No. 177, included all of those communications and all

13   the conferral efforts, that we believe the court

14   would have not ordered for further conferral, would

15   not issue document 178, and would not have notated

16   that it appeared that plaintiff had not been

17   cooperative engaging in good-faith conferral.

18       Because again, as an officer of the court, I

19   take phrases like that very seriously, and I hope

20   that everybody does too.

21       In any event, I guess we'll --

22       MS. LEITNER:  Okay.

23       MR. ZERMAY:  -- conclude there.  We're good off

24   the record?

25       MS. LEITNER:  Yeah.  And that again, if I -- I

1    would like to reiterate as an officer of the court,

2    as a former president of the Federal Bar Association

3    and a member of -- former member of the Middle

4    District Grievance Committee, I strongly take

5    Judge Hoffman-Price's order very seriously.

6        And that's why I'm here today.  Not only to

7    complete the meet and confer that's required under

8    Doc 178, but I think we're strongly taking that into

9    consideration and trying to complete that here.

10        So that is our position today.  You can file

11    your motion for reconsideration accordingly, and

12    we'll file our supplement accordingly based upon what

13    was said today.

14        MR. ZERMAY:  Okay.  Well, off the record.  Let's

15    go off the record now.

16        (The proceedings were concluded at 10:30 a.m.)

17                    *  *  *  *  *

18

19

20

21

22

23

24

25

CERTIFICATE OF REPORTER

STATE OF FLORIDA :

COUNTY OF ORANGE :


     I, Linde R. Blosser, Stenographer and Notary Public for the State of Florida at Large, do hereby certify that I was authorized to and did stenographically report the remote foregoing proceedings, and that the foregoing transcript, pages 3 through 19, is a true record of my stenographic notes.

     I further certify that I am not a relative, employee, attorney or counsel of any of the parties, nor am I a relative or employee of any of the parties' attorney or counsel connected with the action, nor am I financially interested in the action.

     Dated this 2nd day of January 2026.

LINDE R. BLOSSER

**01(g)** - 7:20
**10:00** - 3:17
**10:30** - 19:16
**12/31/2025** - 8:17
**15th** - 15:25
**174-4** - 13:15
**177** - 3:8; 5:9; 6:6; 8:2; 9:3; 18:12
**177-1** - 5:22
**177-4** - 3:10; 4:17; 8:3; 12:16
**177-A** - 5:18
**178** - 3:4; 11:24; 16:17; 17:21, 23; 18:15; 19:8
**18th** - 15:14
**2025** - 4:1; 7:8; 15:25
**25th** - 7:7; 15:6, 11
**26th** - 3:16; 10:3; 15:21
**29th** - 3:17
**3.01(g** - 3:21, 25; 12:16; 13:1, 20; 15:18; 16:20; 18:11
**3.01(g)** - 8:6, 10
**3.10(g** - 7:19
**30** - 3:25
**6;24-CV-01629-WWB-LHP** - 9:23
**7** - 8:7
**7th** - 8:11; 14:3
**able** - 14:21
**accordance** - 8:9
**accordingly** - 8:7; 19:11
**accurate** - 4:12; 13:7
**accurately** - 5:9; 6:6, 10; 15:4
**acquiesce** - 9:14
**actual** - 7:17
**add** - 3:7; 6:1; 7:9; 8:1, 21; 15:10
**added** - 7:5
**additional** - 3:7; 7:9; 8:1, 22; 15:10
**affirmative defenses** - 3:7; 5:4; 6:1; 7:6, 10; 8:1, 21-22; 15:10
**agree** - 4:4; 5:2; 6:15; 12:10; 14:11
**agreed** - 6:18; 11:1
**agreement** - 12:23; 14:9
**allow** - 12:9
**allude** - 14:14
**alluded** - 6:19; 7:12; 8:24; 11:6; 16:6
**amend** - 6:1; 7:5; 14:13; 15:5, 10
**amended** - 6:1
**answer** - 3:7; 5:4; 6:2; 8:1, 21; 11:13; 15:13, 19
**apart** - 4:25
**appear** - 12:13

**appeared** - 13:23; 18:16
**application** - 11:10
**assignment** - 5:24
**assignments** - 5:22
**attach** - 10:22
**attached** - 4:6; 6:9; 8:3; 9:17; 13:4; 15:15; 17:17
**attachments** - 5:12
**available** - 10:5; 15:23
**based** - 3:18; 7:6, 10; 11:10; 15:24; 16:1; 17:2, 15; 19:12
**became** - 5:19; 14:17
**between** - 3:12
**beyond** - 7:18; 11:11
**bolds** - 4:6
**bound** - 12:7
**bring** - 17:7
**cancelled** - 15:22
**Case** - 9:22
**case** - 3:23
**certification** - 3:22; 8:11; 13:1; 16:20; 18:11
**chain** - 9:17, 22
**chains** - 9:18
**Christmas** - 10:3, 10
**cited** - 12:16
**clear** - 16:15; 17:11
**close** - 15:17
**communications** - 18:12
**complete** - 11:17, 21; 17:12, 25; 19:7, 9
**completed** - 17:15
**compliant** - 12:24
**concerned** - 18:3
**conclude** - 14:11; 18:23
**concluded** - 15:2; 19:16
**conclusion** - 13:19, 22
**confer** - 3:5, 15; 4:8; 5:10; 6:7; 7:19; 8:3, 9; 9:24; 10:12; 11:12, 17, 21, 25; 13:6, 10, 20; 15:2, 12; 16:2; 17:12, 16; 18:6
**conference** - 4:1; 12:24; 14:14, 16
**conferral** - 3:14, 16, 20; 4:19; 5:12; 6:4, 9, 13; 8:5, 11, 13, 15, 20; 9:8, 16, 19; 10:2; 12:15; 13:24; 14:5; 15:5, 16, 18; 16:5; 17:20, 25; 18:2, 13-14, 17
**conferred** - 4:2, 20; 5:3; 10:14
**conflating** - 16:7
**confused** - 11:15
**consent** - 5:1
**consideration** - 9:13; 19:9
**considering** - 17:24
**constitute** - 4:16
**contemporaneously** -

13:2
**context** - 3:14, 19; 12:19; 13:16; 18:5
**contingency** - 14:17
**contingent** - 5:21, 24
**conversation** - 4:18; 17:20
**cooperative** - 8:4; 9:4; 12:14, 20; 13:24; 18:17
**coordinated** - 15:20
**copy** - 4:7, 11; 5:22; 6:17, 24; 7:2; 11:9; 13:5; 14:2, 8, 20; 15:1; 16:12
**copyrights** - 7:12
**correct** - 4:7, 11; 10:18; 13:5; 16:18; 18:8
**correctly** - 11:6
**counsel** - 4:1; 12:24; 10:18; 12:25; 13:8
**court reporter** - 4:21; 10:18; 12:25; 13:8
**court's** - 3:4; 7:23; 11:16; 13:22; 18:7
**date** - 15:6
**December** - 3:25; 15:14, 21
**deciding** - 9:13
**defendant** - 8:10
**defendants** - 3:22; 6:18; 7:7
**defendants'** - 3:6; 4:1, 9; 5:8, 17, 20; 6:3; 7:3, 16, 25; 8:20; 10:16; 11:22; 14, 11; 14:12; 16:3; 17:10, 14
**details** - 8:12
**different** - 13:19, 22; 16:8
**differently** - 13:17
**difficult** - 15:7
**difficulties** - 16:1
**directed** - 8:8
**directing** - 11:25
**disagree** - 12:9, 11
**disagreeing** - 12:9
**discovered** - 7:6
**discuss** - 5:15; 9:15; 10:17; 12:11
**discussed** - 10:16; 14:16; 15:4; 16:9
**discussion** - 4:8, 11, 13; 9:11; 13:5, 10, 13
**displeasure** - 18:4
**doc** - 8:3; 9:3; 19:8
**docket** - 7:24
**document** - 3:8; 5:9; 6:5; 11:24; 12:16; 13:15; 14:18; 16:16; 17:21; 18:11, 15
**documents** - 6:20; 7:11; 11:3, 10; 15:24
**done** - 16:13
**down** - 12:25
**effect** - 17:18
**efforts** - 18:13

**either** - 14:19
**email** - 9:17, 22; 10:8; 12:17; 14:7
**emails** - 3:11, 13; 4:16; 5:11, 14; 8:3; 12:17; 13:14; 15:15; 18:6
**endeavor** - 12:22
**endorsed** - 3:5; 7:24; 11:24; 12:12
**engage** - 8:8, 15, 19
**engaged** - 9:7; 18:2
**engaging** - 8:5; 12:14, 20; 13:24; 18:17
**entire** - 3:19
**entirely** - 13:7
**essentially** - 5:15
**event** - 10:12; 18:21
**evidence** - 7:7
**exact** - 3:14
**exactly** - 5:24; 7:1
**exhibit** - 5:10; 9:21; 10:23; 11:8
**Exhibit** - 3:10; 4:6, 10, 17; 5:18; 13:4, 15
**exhibits** - 3:11; 6:4, 8, 10, 14, 17; 9:1; 17:17
**explain** - 7:1, 15
**explained** - 15:4, 8
**explaining** - 5:24
**expressing** - 18:4
**extent** - 4:17, 19, 22; 5:7, 14; 6:12, 16; 7:3, 9, 14, 18; 12:10; 17:24
**fact** - 13:13
**factor** - 7:1, 15
**factors** - 7:14; 11:11
**fair** - 17:19
**faith** - 8:5, 8, 15, 19; 9:8, 16; 12:15, 20; 13:24; 18:2, 17
**far** - 5:6; 7:17; 14:24
**Federal Bar Association** - 19:2
**file** - 4:23; 8:10; 14:4; 19:10, 12
**filed** - 4:6; 6:17; 13:2
**filing** - 15:7
**first** - 5:5, 11
**former** - 19:2
**forward** - 17:8
**Friday** - 10:3
**front** - 4:20; 10:17
**full** - 9:4; 13:16
**fully** - 4:20; 14:12
**gap** - 15:17
**good-faith** - 8:5, 8, 15, 19; 9:8, 16; 12:15, 20; 13:24; 18:2, 17
**guess** - 4:25; 8:18; 18:21
**guys** - 11:9; 14:2
**happy** - 16:22

**hear** - 12:1
**hereto** - 4:6; 13:4
**hire** - 5:23
**Hoffman** - 8:17; 19:5
**hope** - 18:19
**ICF** - 3:4
**imposed** - 12:8
**impressions** - 7:17
**in fact** - 12:19
**include** - 14:21
**included** - 11:7; 18:12
**indicated** - 6:21
**information** - 11:18; 18:9
**instant** - 4:3, 5
**instead** - 6:22
**intend** - 9:20
**intention** - 15:9; 17:7
**issue** - 5:10; 7:1; 10:13, 20; 11:4, 25; 14:22; 16:9; 18:15
**issues** - 10:15; 14:12; 16:22, 24; 17:1, 4, 6
**itself** - 5:14; 6:5, 11; 10:21; 17:17
**January** - 8:7; 11; 14:3
**Judge Hoffman-Price's** - 19:5
**key** - 10:22; 11:2
**Larosiere** - 9:23
**last** - 14:13, 16
**leave** - 5:8, 25; 7:5; 9:3; 10:16; 14:13; 15:5, 10
**LEITNER** - 5:5; 8:24
**lieu** - 6:24
**light** - 13:12
**litigate** - 16:22
**litigation** - 9:11
**Local** - 3:21, 25; 7:19; 8:6, 9; 12:15; 13:20
**local** - 12:21; 13:25
**look** - 13:16
**looking** - 3:21; 7:22; 12:12; 13:14
**Magistrate Judge Leslie Hoffman-Price** - 8:16
**manner** - 8:13
**mean** - 16:25; 17:6
**meaning** - 5:11
**meet** - 4:8, 19; 7:13, 19; 8:3, 9; 9:24; 11:12, 17, 21; 13:6, 10; 15:2, 9, 12; 16:2; 17:12, 16
**meet and confer** - 16:8; 19:7
**meet-and-confer** - 4:8; 7:19; 8:3, 9; 9:24; 11:12, 17, 21; 13:6, 10; 15:2, 12; 16:2; 17:12, 16
**meeting** - 15:18

**member** - 19:3
**mental** - 7:17
**merit** - 17:1
**merits** - 9:12; 12:3
**met** - 14:12
**meta** - 9:10; 16:22, 24; 17:1
**Middle District Grievance Committee** - 19:3
**misstate** - 3:24
**Monday** - 10:12
**month** - 5:15
**motion** - 3:10, 15; 4:3, 5, 18; 5:2, 8, 10; 6:5, 9; 8:12, 25; 9:1, 5; 10:16, 21; 11:8; 12:3; 13:2, 16; 14:4, 12, 22; 15:6, 13, 16, 19; 16:2, 7; 17:10, 16
**motion for leave to amend** - 3:6; 4:9; 5:3, 16; 6:14; 7:25; 8:20; 10:23; 11:2, 22; 13:6, 11; 14:6
**motion for reconsideration** - 3:3; 4:22; 5:6; 9:21; 11:14; 16:4, 16; 17:6, 22; 19:11
**motion to** - 15:4
**motion to seal** - 6:13, 19; 11:1; 14:19; 16:12
**motions** - 9:12; 16:8
**move** - 5:19; 6:18; 7:5; 15:9
**moving** - 5:25; 6:23
**MR. ZERMAY** - 3:3; 7:22; 9:6; 10:8, 11; 11:24; 14:7; 16:15, 19; 17:1, 4, 19; 18:23; 19:14
**MS. LEITNER** - 10:6, 10, 13; 14:1, 10; 16:18, 24; 17:3, 5; 18:22, 25
**need** - 14:4, 18
**never** - 10:6
**newly** - 7:6
**newly-discovered** - 7:6
**next** - 15:22; 16:13
**non** - 17:1
**non-merit** - 17:1
**notate** - 16:20
**notated** - 18:15
**notes** - 10:14
**November** - 7:7; 15:6, 11
**o'clock** - 10:4
**obligations** - 12:8
**occurred** - 9:16
**October** - 15:25
**office** - 3:12
**officer** - 12:6; 15:3; 18:18; 19:1
**once** - 11:20; 15:18
**one** - 9:17; 13:16; 18:5
**oppose** - 5:2

**opposed** - 5:7; 8:25; 11:13; 16:3, 11, 16
**order** - 3:5; 7:23; 11:24; 12:12; 13:3; 19:5
**ordered** - 17:21; 18:14
**orders** - 11:16
**otherwise** - 14:13
**ownership** - 7:11
**part** - 11:8
**particular** - 8:2
**parties** - 4:4; 5:9; 6:6; 8:8, 14; 11:20; 13:10; 17:13
**parties'** - 4:8, 11; 13:5; 15:5
**Party** - 9:24
**perhaps** - 13:14
**person** - 15:11
**phrases** - 18:19
**picked** - 10:4
**plaintiff** - 5:20; 6:21; 8:4; 11:3; 12:14; 13:23; 15:20, 22; 16:6; 18:16
**plaintiff's** - 4:2; 6:25; 8:12; 17:7; 18:4
**plaintiffs** - 6:15; 9:3
**point** - 14:10; 17:14
**portion** - 12:17
**position** - 4:24; 5:17, 20; 6:3; 7:3, 13, 16, 21; 8:12, 19, 24; 11:5; 14:1; 16:3; 17:14; 18:1; 19:10
**premised** - 3:9
**president** - 19:2
**previously** - 18:2, 7
**Price** - 8:17
**Price's** - 19:5
**problem** - 12:5
**proceedings** - 19:16
**produce** - 7:2; 15:24
**produced** - 6:17; 11:3
**producing** - 14:3
**proposed** - 15:13, 19
**provide** - 6:23; 12:19; 14:8; 15:9, 13; 17:18
**provided** - 7:4; 10:25; 16:11
**providing** - 5:21; 14:18; 15:8
**provision** - 6:5, 9, 22
**purposely** - 8:14
**purposes** - 14:24
**pursuant** - 3:25
**put** - 9:20; 12:18
**quote** - 3:23; 7:24; 12:13; 13:4
**Re** - 9:22
**ready** - 13:9
**real** - 14:22
**reason** - 5:25
**reasons** - 7:4
**received** - 7:7, 11; 10:24

**recently** - 10:24
**reconsider** - 11:23; 13:12
**record** - 3:24; 4:13; 18:24; 19:14
**redact** - 10:25; 11:9
**redacted** - 5:22; 6:17, 23; 7:2; 14:2, 8, 20; 15:1; 16:12
**refer** - 16:24
**referral** - 12:20
**refusing** - 8:15
**regarding** - 4:2, 18, 21; 13:22
**Reid** - 7:1, 13, 15; 11:11
**reiterate** - 19:1
**related** - 9:1
**relief** - 4:2, 5; 5:7; 9:2, 4, 9, 14; 11:19; 13:21
**reminded** - 8:14
**remit** - 5:23
**reporter** - 4:14; 8:23
**request** - 5:21; 6:25; 7:14; 9:25; 13:20; 15:25
**requested** - 10:21; 11:12; 15:12; 17:13
**requesting** - 6:12; 11:9, 15-16; 13:21
**requests** - 9:8, 12
**require** - 6:4
**required** - 8:5; 12:15, 21; 13:25; 19:7
**requirement** - 13:19; 16:5
**requirements** - 15:16
**requiring** - 3:5
**resolution** - 14:25
**resolve** - 10:15
**respect** - 5:18; 6:13; 8:25; 9:2, 4; 11:21; 12:7; 14:2, 23; 15:1, 17; 16:4, 7; 17:11, 16
**respond** - 10:8
**responded** - 10:7
**result** - 8:16
**review** - 7:24; 11:1
**reviewed** - 15:19
**rise** - 13:3
**Rule** - 3:21, 25; 7:19; 8:6, 9; 12:15; 13:20
**rule** - 12:21, 24
**rule-compliant** - 12:24
**rules** - 12:7; 13:25
**run** - 3:15
**run-up** - 3:15
**sanctions** - 8:16
**scheduled** - 5:13; 15:21
**seal** - 5:19; 6:18, 23
**second** - 5:17
**see** - 9:20; 14:19
**seeking** - 9:9; 11:19

**sentence** - 4:10
**seriously** - 18:19; 19:5
**served** - 15:25
**set** - 16:2
**setting** - 9:19; 10:1; 15:18
**shall** - 8:10
**share** - 10:14
**show** - 13:9
**showing** - 5:12
**shows** - 13:17; 15:16
**side** - 18:4
**signed** - 8:16
**simple** - 16:2
**sorry** - 14:5
**sort** - 9:10
**sought** - 4:3, 5; 5:7; 9:2, 5
**specific** - 9:5
**state** - 5:9
**statement** - 4:12; 13:22
**statements** - 13:1
**states** - 6:6
**stepping** - 12:6
**strongly** - 19:4, 8
**subject** - 13:3
**Subpoenas** - 9:24
**substantive** - 5:25
**suggested** - 10:3
**sum** - 6:3
**supplement** - 11:18; 14:5; 17:18; 19:12
**supplemental** - 8:10; 14:4
**ten** - 10:4
**the court** - 3:18; 4:13, 15; 6:12, 15; 8:23; 11:20; 12:6, 13, 19; 13:12, 18; 14:18; 15:3; 16:5; 17:13; 18:3, 10, 13, 18; 19:1
**The Florida Bar** - 12:8
**thereto** - 17:17
**Third** - 9:24
**third** - 9:24
**Third-Party** - 9:24
**thoroughly** - 4:20
**titled** - 9:22
**today** - 9:15; 13:9; 14:3, 11, 24; 17:12; 19:6, 10, 13
**today's** - 17:15
**took** - 5:13, 15
**transcript** - 13:8
**true** - 4:7, 11; 13:4
**trying** - 14:14; 18:8; 19:9
**two** - 18:6
**unable** - 4:4; 12:23
**uncooperative** - 6:16; 16:6
**under** - 7:19; 13:20; 19:7
**underlined** - 4:7
**understood** - 16:19;

17:5
**unnecessarily** - 5:20
**unnecessary** - 14:17
**unopposed** - 6:19; 16:11
**validity** - 7:10
**vs** - 9:23
**week** - 10:14; 11:5; 16:13
**Wilson** - 9:23
**wondering** - 4:24
**word** - 18:8
**written** - 5:22; 7:23; 14:7
**Zoom** - 4:1