UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE No.: 6:24-cv-01629-AGM-LHP

MATTHEW LAROSIERE,

        *Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc., DEFENSE DISTRIBUTED, and DIOSKOUROI LLC,

        *Defendants*.

_____/

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S SHORT-FORM MOTION TO QUASH THIRD-PARTY SUBPOENAS

Plaintiff, MATTHEW LAROSIERE's Short-Form Motion to Quash third-party subpoenas to Etsy, Shopify, and Registered Agents Inc., *see e.g.,* Doc. 176, should be denied because Plaintiff lacks standing. The subpoenas are directed to non-parties under Rule 45, and a party may move to quash only if asserting a personal right or privilege in the materials sought. *See* Fed. R. Civ. P. 45. Plaintiff disclaims any attempt to assert third-party privacy rights, defeating standing. *See* Doc. 176 at p. 2. Any burden, expense, or protection objections belong to the subpoena recipients under Rule 45(d)–(e), not Plaintiff. *See* Fed. R. Civ. P. 45.

Plaintiff's contention that the subpoenas seek "financial information unrelated to any claim or defense" and would impose undue burden does not confer standing. The records at issue are business records of non-parties. Plaintiff has not shown a

327429139v.1

personal right, privilege, or reasonable expectation of privacy in third-party business transactions, nor any facts establishing confidentiality or proprietary status. Absent such a showing, Plaintiff lacks standing to quash. *See Florida ex rel. Butterworth v. Jones Chems., Inc.*, 1993 U.S. Dist. LEXIS 10348 at *2 (M.D. Fla. 1993); *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005).

Plaintiff's reliance on Rule 26(b)(1) proportionality and relevance fails for the same reason. His submission relies on declarations from non-parties emphasizing their non-party status and alleged harassment concerns. *See* Docs. 176–4, 176–5, 176–6. Those are objections for the declarants or the subpoenaed entities to raise through Rule 45. *See* Fed. R. Civ. P. 45. On their face, the subpoenas seek routine categories of third-party discovery—business-account, transactional, and identity information for specific online stores and a limited liability company—potentially probative of publication, ownership, damages, and the validity of the copyrights-in-suit. *See* Doc. 176–1. They cannot be deemed categorically irrelevant at this stage.

Plaintiff's alternative request for a protective order under Rule 26(c) also fails. Protective orders require a showing of good cause by a party or person facing annoyance, embarrassment, oppression, or undue burden or expense. Plaintiff identifies no personal harm to himself from the third parties' compliance; instead, he recites harms allegedly suffered by non-parties. Docs. 176–4, 176–5, 176–6. Such concerns must be raised, if at all, by the affected non-parties through Rule, not via Plaintiff's blanket effort to suppress third-party process.

For the reasons discussed above, Plaintiff's Motion to Quash should be denied for lack of standing. Alternatively, the Court should deny the Motion without prejudice to any timely objections or motions filed by the subpoenaed entities or the declarants under Rules 45 and 26. *See* Fed. R. Civ. P. 26 and 45. Defendants seek information concerning Scout Duncan, Nikolai Romanov, and The Shittinator, who, upon information and belief, are former employees and/or parties sponsored by Plaintiff to confirm publication, ownership, and licensing relevant to the copyrights-in-suit. This information bears directly on the claims and defenses, including validity and damages.

Dated: January 5, 2026

                              Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN& DICKER LLP**

By: *s/Leia V. Leitner*
      Leia V. Leitner
      Florida Bar No: 105621
      111 North Orange Avenue
      Suite 1200
      Orlando, FL 32801
      Telephone:   407-423-7287
      Facsimile: 407-648-1376
      Leia.Leitner@wilsonelser.com
      Cheryl.Kujawski@wilsonelser.com

      Jura C. Zibas
      Florida Bar No: 124571
      Amaris C. Gyebi, Esq.
      Florida Bar No: 1019361
      2063 Main Street - Suite 100
      Sarasota, FL 34237
      Telephone:941-866-8561

Facsimile: 941-210-5979
Jura.Zibas@wilsonelser.com
Amaris.Gyebi@wilsonelser.com
Cheryl.Kujawski@wilsonelser.com

*Co-Counsel for Defendants
Cody Rutledge Wilson, DEFCAD, Inc.
and Defense Distributed*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 5th day of January, 2026, a true and correct copy of the foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF E-Filing Portal, which will serve an electronic copy of the foregoing on the following: Zachary Z. Zermay, Esq., Florida Bar No: 1002905; Zermay Law, P.A., *Counsel for Plaintiff*, 1200 Fourth Street, #1102, Key West, Florida 33040; Telephone: 305-767-3529; Zach@Zermaylaw.com and info@Zermaylaw.com; Charles (Chad) Flores, Esq., Flores Law PLLC, *Counsel for Defendants, Cody Rutledge Wilson, DEFCAD, Inc., Defense Distributed and Dioskouroi LLC*, 917 Franklin Street, Suite 600, Houston, Texas 77002, Telephone: 713-364-6440, CF@ChadFlores.law; chad-flores-7646@ecf.pacerpro.com and service@chadflores.law.

                                                  *s/Leia V. Leitner*
                                                  Leia V. Leitner

327429139v.1