# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MATTHEW LAROSIERE,

      Plaintiff,

v.                                         Case No:   6:24-cv-1629-AGM-LHP

CODY RUTLEDGE WILSON,
DEFCAD, INC., DEFENSE
DISTRIBUTED, DIOSKOUROI LLC,
DAVID SCOTT GINGRAS,
FEDERICO REYNAL and CHARLES
FLORES,

      Defendants

---

## ORDER

This cause comes before the Court on Plaintiff Larosiere's Short-Form Motion to Quash Improper Third-Party Subpoenas.  Doc. No. 176.  Defendants respond in opposition.  Doc. No. 180.  On review, and for the reasons that follow, the motion will be denied in part and deferred in part pending further briefing from the parties.

By the motion, Plaintiff seeks to quash, pursuant to Federal Rule of Civil Procedure 45, three non-party subpoenas issued by Defendants to Shopify Inc., Etsy, Inc., and Registered Agents Inc.  Doc. No. 176; *see also* Doc. Nos. 176-1

through 176-3. Plaintiff alternatively seeks a protective order under Federal Rule of Civil Procedure 26. Doc. No. 176. Plaintiff argues that the information sought by the subpoenas is "not tied to any party's claim or defense, but instead target third-party critics." *Id.* at 2. Plaintiff also argues that the subpoenas seek personal identifying and financial information about non-parties unconnected to any issues in this case, but Plaintiff also asserts that he "is not attempting to assert the privacy rights of third parties." *Id.* at 1, 2.

Ordinarily, "a party does not have standing to seek to quash a subpoena issued to a non-party." *Martin v. Nat'l Union Fire Ins. Co. of Pittsburg, PA*, No. 8:13-cv-00285-T-27MAP, 2013 WL 12156516, at *1 (M.D. Fla. July 1, 2013). "An exception exists where the party demonstrates a personal privacy right or privilege with respect to the subject matter of the subpoena." *Id.* (citing *Auto-Owners Inc. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005)). Upon consideration, as Defendants argue, Plaintiff asserts no personal privacy right or privilege with respect to the subpoenas. Doc. Nos. 176, 180. Thus, the request to quash the subpoenas under Rule 45 is due to be denied. *See, e.g., Auto-Owners Ins. Co.*, 231 F.R.D. at 429 ("The financial records sought are business records of non-parties. Defendants have not established any expectation of privacy in their business transactions with other corporations and have not made any factual showing that the records are confidential or proprietary. Therefore, Defendants fail to establish

a 'personal right' regarding the records."); *see also Davis v. State Farm Mut. Auto. Ins. Co.*, 347 F.R.D. 370, 373 (M.D. Fla. 2024) (denying motion to quash where the plaintiff had not asserted any personal right or privilege regarding the records sought).

Plaintiff's alternative request for a protective order is governed by Federal Rule of Civil Procedure 26. Rule 26(c) provides that the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "The party seeking a protective order has the burden to demonstrate good cause, and must make 'a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements' supporting the need for a protective order." *Auto-Owners Inc. Co.*, 231 F.R.D. at 429–30 (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). And a party clearly has standing to move for a protective order on a non-party subpoena if the subpoena seeks irrelevant information. *Id.* at 429.

As to relevance, the parties' briefing is insufficient. Plaintiff claims only that the documents sought by the subpoenas are not tied to any claim or defense, and Defendant contends that the information sought may be "potentially probative," and/or that the subpoenaed parties "upon information and belief, are former employees and/or parties sponsored by Plaintiff." Doc. Nos. 176, 180.

Accordingly, the Court finds additional briefing on this issue appropriate. *See* Doc. No. 61 ¶ 6. The Court will also further require the parties to brief the issue of whether Plaintiff's motion may properly be supported by declarations filed under pseudonym. *See* Doc. No. 176, at 1 n.1.; Doc. Nos. 176-4, 176-5, 176-6.[1] Finally, Defendants shall address whether these subpoenas have already been served, and if so, whether any responses/responsive documents have already been received.

Accordingly, it is **ORDERED** that Plaintiff's Motion (Doc. No. 176) is **DENIED in part and DEFERRED in part**. To the extent that Plaintiff seeks to quash the subpoenas under Rule 45, the motion is **DENIED**. To the extent that Plaintiff seeks a protective order under Rule 26, the motion is **DEFERRED**. Within **fourteen (14) days** of the date of this Order, the parties shall each file briefing, not to exceed **ten (10) pages** in length respectively, addressing the issues set forth in this Order.

**DONE** and **ORDERED** in Orlando, Florida on January 6, 2026.

*[signature]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[1] The Court notes that the actual subpoenaed parties appear to be different than the declarants. *Compare* Doc. Nos. 176-1 through 176-3, *with* Doc. Nos. 176-4 through 176-6.