# EXHIBIT B

| | |
|---|---|
| **Subject:** | Re: Larosiere v. Wilson (M.D. Fla.) • Evidentiary Hearing? |
| **Date:** | Monday, January 13, 2025 at 11:43:21 AM Central Standard Time |
| **From:** | Chad Flores <cf@chadflores.law> |
| **To:** | Zachary Zermay <zach@zermaylaw.com> |
| **CC:** | David Gingras <david@gingraslaw.com>, Andino Reynal <andino.reynal@gmail.com>, Geraldine Phillips <info@zermaylaw.com> |
| **Attachments:** | image.png |

Zach,

Thanks for the quick response. I know that compressed schedules require quick communication. We'll do our best to articulate things as effectively as possible, realizing that what might seem like abruptness is just a function of the short timeline.

Yes, those are the agreements I'm referring to. Yes, we are inquiring about ownership and are entitled to dispute that fact regardless of whether or not a presumption exists. In particular, the motion's submission entitles us to challenge (among other things) whether the arrangement your declarants have asserted qualifies as "work made for hire" under 17 U.S.C. § 101, which precedent defines with reference to a totality of the circumstances, *see, e.g.*, *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 752 (1989). The assignment's actual terms matter to that inquiry. The contractual relationship between these individuals is also directly relevant to the counterclaim regarding a civil RICO conspiracy, which informs the preliminary injunction inquiry on multiple fronts.

You're welcome to seek a protective order in due course if you wish, though the showing you mention so far seems insufficient. Meanwhile, to facilitate a fair adjudication of the instant motion and without prejudice to anyone's positions later, I propose that these two agreements be produced directly just to me with a Rule 11 agreement covering whatever protective conditions you would like.

_____
Chad Flores
cf@chadflores.law
(512) 589-7620


On Sat, Jan 11, 2025 at 10:23 PM Zachary Zermay <zach@zermaylaw.com> wrote:
> You're talking about the employment agreement and assignment that both parties to said agreements filed affidavits about?
>
> Given your clients' repeated instances of posting documents about my client online, I expect the request is more calculated to harass my client than address any issue of disputed fact. I would resist my client providing such because 1) the history of abuses by your client 2) issues of confidentiality and 3) this is beyond the scope of the MPI.
>
> Plaintiff and Defendants are tasked with identifying disputes relating to material fact. I sense most of our disputes are legal.
>
> Are you contesting that Plaintiff owns the material at issue? If so, the registrations are prima facie

1 of 3

evidence, buttressed by the declarations. If you have a reason why you would want the documents, despite the existence of the sworn affidavits of both parties to the agreement, I would entertain providing such only subject to a protective order. The timeline is what it is and bears on us as well. Please do your best to identify all issues of material fact so we can address them as efficiently as possible.

Sincerely,
Zachary Z. Zermay, Esq.

**Zermay Law**

P (305) 767-3529 | W zermaylaw.com | E zach@zermaylaw.com |
A 3000 Coral Way, Suite 1115, Coral Gables, FL 33145



On Sat, Jan 11, 2025 at 10:19 PM Chad Flores <cf@chadflores.law> wrote:
> Zach,
>
> We don't have a firm position yet on the need for a hearing as to any particular issue(s), but will of course do our best to confer ahead of the January 16 deadline as much as is practicable. Usually we would do so in a nice cogent one-shot exchange. But in light of the short fuse, we may need to address things serially. Hopefully that's not too much trouble. Here's one potential issue to start:
>
> Can you now supply the "express written agreement" referred to by Document 53-3 at 4, ¶ 7, and the "assign[ment]" referred to by Documet 53-5 at 4, ¶ 9? If not, we may need an evidentiary hearing to address them.
>
> _____
> Chad Flores
> cf@chadflores.law
> (512) 589-7620
>
>
> On Sat, Jan 11, 2025 at 8:42 PM Zachary Zermay <zach@zermaylaw.com> wrote:
>> I don't feel there are material disputes of fact. If you disagree, please identify the points of factual disagreement. Thanks.
>>
>> Sincerely,
>> Zachary Z. Zermay, Esq.
>>
>> **Zermay Law**
>>
>> P (305) 767-3529 | W zermaylaw.com | E zach@zermaylaw.com |
>> A 3000 Coral Way, Suite 1115, Coral Gables, FL 33145



On Sat, Jan 11, 2025 at 9:16 PM Chad Flores <cf@chadflores.law> wrote:
> Zach,
>
> I'm writing to get Plaintiff's position on the Court's Document 54 inquiry about an evidentiary hearing:
>
>> 2. On or before **January 16, 2025**, Plaintiff and Defendants named in the Motion shall file a joint notice, not to exceed ten pages, informing this Court if an evidentiary hearing is necessary in this matter. Any party requesting an evidentiary hearing shall: (1) identify with particularity all disputed issues of material fact or credibility determinations that are expected to impact the resolution of the Motion; (2) the names of any witnesses that the party anticipates calling at a hearing; and (3) the estimated length of the requested hearing.
>
> What's Plaintiff's position?
>
> If you think we need to confer about this via phone or videoconference, I'll gladly do so at your convenience.
>
> _____
> Chad Flores
> cf@chadflores.law
> (512) 589-7620