# EXHIBIT C

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW LAROSIERE                           **EXHIBIT C**

      Plaintiff,

vs.                                          Case No:  6:24-CV-01629-AGM-LHP

CODY RUTLEDGE WILSON, DEFCAD,
INC., DEFENSE DISTRIBUTED and
DIOSKOUROI LLC,

      Defendants.
_____/

## DEFENDANTS' THIRD AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants, **CODY RUTLEDGE WILSON, DEFCAD, INC., DEFENSE DISTRIBUTED**, and **DIOSKOUROI LLC** (collectively referred to as "Defendants"), by and through their undersigned counsel, submit the following Third Amended Answer to Plaintiff's First Amended Complaint, *see e.g.,* Doc. 43, on December 11, 2024.

Defendants state that the headings and sub-headings throughout the First Amended Complaint do not constitute well-pleaded allegations and, therefore, require no response.  To the extent that a response is required, Defendants deny the allegations contained in the First Amended Complaint's headings and sub-headings. *See id.*

Defendants deny all allegations in the First Amended Complaint that are not admitted and otherwise answer as follows:

1.      Defendants state that the First Amended Complaint purports to bring claims on behalf of Plaintiff against Defendants. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations of this paragraph about Plaintiff, and on that basis deny them. Defendants deny any remaining allegations of paragraph 1.

## ANSWERING "PARTIES"

**Plaintiff**

2.       Defendants state that, upon information and belief, Plaintiff is a firearms industry author and authority. Answering further, Defendants lack knowledge or information sufficient to admit or deny the remaining allegations of paragraph 2 about Plaintiff, and on that basis deny them.

**Defendants, Generally & Alter Ago [sic] Allegations**

3.      Defendants state that Mr. Wilson is a member and/or Director of DEFCAD, Inc., Defense Distributed, Inc., and Dioskouroi, LLC.  Defendants deny that any Defendant is the alter ego of any other Defendant; deny that any Defendant exerts "complete control" for improper purposes; deny any misuse of corporate form; deny commingling to support an "extravagant lifestyle"; and deny the described cryptocurrency "consolidating transfer," alleged dissipation, or the inferences Plaintiff seeks to draw therefrom. Defendants deny any remaining allegations of paragraph 3.

4.      Denied.  Defendants deny that any Defendant is the alter ego of any other Defendant; deny that any Defendant exerts "complete control" for improper purposes; deny any misuse of corporate form; deny commingling to support an "extravagant

327252470v.1

lifestyle"; and deny the described cryptocurrency "consolidating transfer," alleged dissipation, or the inferences Plaintiff seeks to draw therefrom. Defendants deny any remaining allegations of paragraph 4.

5.     Denied.  Defendants deny that any Defendant is the alter ego of any other Defendant; deny that any Defendant exerts "complete control" for improper purposes; deny any misuse of corporate form; deny commingling to support an "extravagant lifestyle"; and deny the described cryptocurrency "consolidating transfer," alleged dissipation, or the inferences Plaintiff seeks to draw therefrom. Defendants deny any remaining allegations of paragraph 5.

6.     Denied.  Defendants deny that any Defendant is the alter ego of any other Defendant; deny that any Defendant exerts "complete control" for improper purposes; deny any misuse of corporate form; deny commingling to support an "extravagant lifestyle"; and deny the described cryptocurrency "consolidating transfer," alleged dissipation, or the inferences Plaintiff seeks to draw therefrom. Defendants deny any remaining allegations of paragraph 6.

7.     The allegations contained in this paragraph do not require a response to admit or deny.  Accordingly, no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 7.

8.     Denied.  Defendants deny that any Defendant is the alter ego of any other Defendant; deny that any Defendant exerts "complete control" for improper purposes; deny any misuse of corporate form; deny commingling to support an "extravagant lifestyle"; and deny the described cryptocurrency "consolidating transfer," alleged

3

dissipation, or the inferences Plaintiff seeks to draw therefrom. Defendants deny any remaining allegations of paragraph 8.

9.      Denied.  Defendants deny that any Defendant is the alter ego of any other Defendant; deny that any Defendant exerts "complete control" for improper purposes; deny any misuse of corporate form; deny commingling to support an "extravagant lifestyle"; and deny the described cryptocurrency "consolidating transfer," alleged dissipation, or the inferences Plaintiff seeks to draw therefrom. Defendants deny any remaining allegations of paragraph 9.

10.      Denied.  Defendants deny that any Defendant is the alter ego of any other Defendant; deny that any Defendant exerts "complete control" for improper purposes; deny any misuse of corporate form; deny commingling to support an "extravagant lifestyle"; and deny the described cryptocurrency "consolidating transfer," alleged dissipation, or the inferences Plaintiff seeks to draw therefrom. Defendants deny any remaining allegations of paragraph 10.

11.      Denied.  Defendants deny that any Defendant is the alter ego of any other Defendant; deny that any Defendant exerts "complete control" for improper purposes; deny any misuse of corporate form; deny commingling to support an "extravagant lifestyle"; and deny the described cryptocurrency "consolidating transfer," alleged dissipation, or the inferences Plaintiff seeks to draw therefrom. Defendants deny any remaining allegations of paragraph 11.

12.      Denied.  Defendants deny that any Defendant is the alter ego of any other Defendant; deny that any Defendant exerts "complete control" for improper purposes;

deny any misuse of corporate form; deny commingling to support an "extravagant lifestyle"; and deny the described cryptocurrency "consolidating transfer," alleged dissipation, or the inferences Plaintiff seeks to draw therefrom. Defendants deny any remaining allegations of paragraph 12.

13.    Denied.  Defendants deny that any Defendant is the alter ego of any other Defendant; deny that any Defendant exerts "complete control" for improper purposes; deny any misuse of corporate form; deny commingling to support an "extravagant lifestyle"; and deny the described cryptocurrency "consolidating transfer," alleged dissipation, or the inferences Plaintiff seeks to draw therefrom. Defendants deny any remaining allegations of paragraph 13.

14.    Denied.  Defendants deny that any Defendant is the alter ego of any other Defendant; deny that any Defendant exerts "complete control" for improper purposes; deny any misuse of corporate form; deny commingling to support an "extravagant lifestyle"; and deny the described cryptocurrency "consolidating transfer," alleged dissipation, or the inferences Plaintiff seeks to draw therefrom. Defendants deny any remaining allegations of paragraph 14.

15.    Denied.  Defendants deny that any Defendant is the alter ego of any other Defendant; deny that any Defendant exerts "complete control" for improper purposes; deny any misuse of corporate form; deny commingling to support an "extravagant lifestyle"; and deny the described cryptocurrency "consolidating transfer," alleged dissipation, or the inferences Plaintiff seeks to draw therefrom. Defendants deny any remaining allegations of paragraph 15.

327252470v.1

16.     Denied.  Defendants deny that any Defendant is the alter ego of any other Defendant; deny that any Defendant exerts "complete control" for improper purposes; deny any misuse of corporate form; deny commingling to support an "extravagant lifestyle"; and deny the described cryptocurrency "consolidating transfer," alleged dissipation, or the inferences Plaintiff seeks to draw therefrom. Defendants deny any remaining allegations of paragraph 16.

17.     Defendants state that Mr. Wilson filed a bar complaint; however, Defendants deny that any purported bar complaint, correspondence, or statements attributed to Mr. Wilson support alter-ego theories, willful infringement, or any other liability. Any referenced writings speak for themselves; to the extent Plaintiff's characterizations differ from the writings, they are denied.

18.     Defendants state that Mr. Wilson filed a bar complaint; however, Defendants deny that any purported bar complaint, correspondence, or statements attributed to Mr. Wilson support alter-ego theories, willful infringement, or any other liability. Any referenced writings speak for themselves; to the extent Plaintiff's characterizations differ from the writings, they are denied.

19.     Defendants state that Mr. Wilson filed a bar complaint; however, Defendants deny that any purported bar complaint, correspondence, or statements attributed to Mr. Wilson support alter-ego theories, willful infringement, or any other liability. Any referenced writings speak for themselves; to the extent Plaintiff's characterizations differ from the writings, they are denied.

20.     Defendants state that Mr. Wilson filed a bar complaint; however,

Defendants deny that any purported bar complaint, correspondence, or statements attributed to Mr. Wilson support alter-ego theories, willful infringement, or any other liability. Any referenced writings speak for themselves; to the extent Plaintiff's characterizations differ from the writings, they are denied.

21.    Defendants state that Mr. Wilson filed a bar complaint; however, Defendants deny that any purported bar complaint, correspondence, or statements attributed to Mr. Wilson support alter-ego theories, willful infringement, or any other liability. Any referenced writings speak for themselves; to the extent Plaintiff's characterizations differ from the writings, they are denied.

22.    Defendants state that Mr. Wilson filed a bar complaint; however, Defendants deny that any purported bar complaint, correspondence, or statements attributed to Mr. Wilson support alter-ego theories, willful infringement, or any other liability. Any referenced writings speak for themselves; to the extent Plaintiff's characterizations differ from the writings, they are denied.

23.    Defendants state that Mr. Wilson filed a bar complaint; however, Defendants deny that any purported bar complaint, correspondence, or statements attributed to Mr. Wilson support alter-ego theories, willful infringement, or any other liability. Any referenced writings speak for themselves; to the extent Plaintiff's characterizations differ from the writings, they are denied.

24.    Defendants state that Mr. Wilson filed a bar complaint; however, Defendants deny that any purported bar complaint, correspondence, or statements attributed to Mr. Wilson support alter-ego theories, willful infringement, or any other

7

liability. Any referenced writings speak for themselves; to the extent Plaintiff's characterizations differ from the writings, they are denied.

25.     Defendants state that Mr. Wilson filed a bar complaint; however, Defendants deny that any purported bar complaint, correspondence, or statements attributed to Mr. Wilson support alter-ego theories, willful infringement, or any other liability. Any referenced writings speak for themselves; to the extent Plaintiff's characterizations differ from the writings, they are denied.

26.     Defendants state that Mr. Wilson filed a bar complaint; however, Defendants deny that any purported bar complaint, correspondence, or statements attributed to Mr. Wilson support alter-ego theories, willful infringement, or any other liability. Any referenced writings speak for themselves; to the extent Plaintiff's characterizations differ from the writings, they are denied.

27.     Denied.

28.     Defendants state that Mr. Larosiere filed the initial complaint in this action, but deny any actions or statements attributed to Mr. Wilson support alter-ego theories, willful infringement, or any other liability. To the extent a response is required, Defendants deny the remaining allegations in paragraph 28.

29.     Defendants state that Mr. Wilson filed a bar complaint; however, Defendants deny that any purported bar complaint, correspondence, or statements attributed to Mr. Wilson support alter-ego theories, willful infringement, or any other liability. Any referenced writings speak for themselves; to the extent Plaintiff's characterizations differ from the writings, they are denied.

30.     Defendants state that Mr. Wilson filed a bar complaint; however, Defendants deny that any purported bar complaint, correspondence, or statements attributed to Mr. Wilson support alter-ego theories, willful infringement, or any other liability. Any referenced writings speak for themselves; to the extent Plaintiff's characterizations differ from the writings, they are denied.

31.     Defendants state that Mr. Wilson filed a bar complaint; however, Defendants deny that any purported bar complaint, correspondence, or statements attributed to Mr. Wilson support alter-ego theories, willful infringement, or any other liability. Any referenced writings, including the October 1, 2024 letter, speak for themselves; to the extent Plaintiff's characterizations differ from the writings, they are denied.

32.     Defendants state that Mr. Wilson filed a bar complaint; however, Defendants deny that any purported bar complaint, correspondence, or statements attributed to Mr. Wilson support alter-ego theories, willful infringement, or any other liability. Any referenced writings, including the October 1, 2024 letter, speak for themselves; to the extent Plaintiff's characterizations differ from the writings, they are denied.

33.     Defendants state that Mr. Wilson filed a bar complaint; however, Defendants deny that any purported bar complaint, correspondence, or statements attributed to Mr. Wilson support alter-ego theories, willful infringement, or any other liability. Any referenced writings, including the October 1, 2024 letter, speak for themselves; to the extent Plaintiff's characterizations differ from the writings, they are

denied.

34.    Defendants state that Mr. Wilson filed a bar complaint; however, Defendants deny that any purported bar complaint, correspondence, or statements attributed to Mr. Wilson support alter-ego theories, willful infringement, or any other liability. Any referenced writings, including the October 1, 2024 letter,  speak for themselves; to the extent Plaintiff's characterizations differ from the writings, they are denied.

35.    Defendants state that Mr. Wilson filed a bar complaint; however, Defendants deny that any purported bar complaint, correspondence, or statements attributed to Mr. Wilson support alter-ego theories, willful infringement, or any other liability. Any referenced writings, including the October 1, 2024 letter, speak for themselves; to the extent Plaintiff's characterizations differ from the writings, they are denied.

36.    Defendants state that Mr. Wilson filed a bar complaint; however, Defendants deny that any purported bar complaint, correspondence, or statements attributed to Mr. Wilson support alter-ego theories, willful infringement, or any other liability. Any referenced writings, including the October 1, 2024 letter, speak for themselves; to the extent Plaintiff's characterizations differ from the writings, they are denied.

37.    Defendants state that Mr. Wilson filed a bar complaint; however, Defendants deny that any purported bar complaint, correspondence, or statements attributed to Mr. Wilson support alter-ego theories, willful infringement, or any other

liability. Any referenced writings, including the October 1, 2024 letter,  speak for themselves; to the extent Plaintiff's characterizations differ from the writings, they are denied.

38.     Defendants state that Mr. Wilson filed a bar complaint; however, Defendants deny that any purported bar complaint, correspondence, or statements attributed to Mr. Wilson support alter-ego theories, willful infringement, or any other liability. Any referenced writings, including the October 1, 2024 letter, speak for themselves; to the extent Plaintiff's characterizations differ from the writings, they are denied.

39.     Defendants state that Mr. Wilson filed a bar complaint; however, Defendants deny that any purported bar complaint, correspondence, or statements attributed to Mr. Wilson support alter-ego theories, willful infringement, or any other liability. Any referenced writings, including the October 1, 2024, and November 1, 2024 letters, speak for themselves; to the extent Plaintiff's characterizations differ from the writings, they are denied.

40.     Defendants state that Mr. Wilson filed a bar complaint; however, Defendants deny that any purported bar complaint, correspondence, or statements attributed to Mr. Wilson support alter-ego theories, willful infringement, or any other liability. Any referenced writings, including the October 1, 2024, and November 1, 2024 letters,  speak for themselves; to the extent Plaintiff's characterizations differ from the writings, they are denied.

41.     Defendants state that Mr. Wilson filed a bar complaint; however,

11

Defendants deny that any purported bar complaint, correspondence, or statements
attributed to Mr. Wilson support alter-ego theories, willful infringement, or any other
liability. Any referenced writings, including the October 1, 2024, and November 1,
2024 letters, speak for themselves; to the extent Plaintiff's characterizations differ from
the writings, they are denied.

42.    Defendants state that Mr. Wilson filed a bar complaint; however,
Defendants deny that any purported bar complaint, correspondence, or statements
attributed to Mr. Wilson support alter-ego theories, willful infringement, or any other
liability. Any referenced writings, including the October 1, 2024, and November 1,
2024 letters, speak for themselves; to the extent Plaintiff's characterizations differ from
the writings, they are denied.

**Defendant DEFCAD, Inc.**

43.    Defendants state that DEFCAD, Inc. is a Delaware corporation with a
principal place of business at 2320 Donley Drive, Suite C, Austin, Texas 78758. To
the extent a response is required, Defendants deny all remaining allegations of
paragraph 43.

44.    Denied.  Defendants deny that any Defendant is the alter ego of any
other Defendant; deny that any Defendant exerts "complete control" for improper
purposes; deny any misuse of corporate form; deny commingling to support an
"extravagant lifestyle"; and deny the described cryptocurrency "consolidating
transfer," alleged dissipation, or the inferences Plaintiff seeks to draw therefrom. To
the extent a response is required, Defendants deny any remaining allegations of

12

paragraph 44.

45.     Defendants state that DEFCAD, Inc. does not have a registered agent listed with the Delaware Secretary of State.   Answering further, the referenced records speak for themselves. To the extent a response is required, Defendants deny all remaining allegations of paragraph 45.

46.     Defendants state that DEFCAD, Inc. is an Arkansas corporation with a principal place of business at 2320 Donley Drive, Suite C, Austin, Texas 78758. Answering further, the referenced records speak for themselves. To the extent a response is required, Defendants deny all remaining allegations of paragraph 46.

47.     Defendant states that DEFCAD, Inc.'s registration with the State of Texas and its principal address is 4610 Crestway, Austin, Texas 78731. Answering further, the referenced records speak for themselves. To the extent a response is required, Defendants deny all remaining allegations of paragraph 47.

48.     Defendant states that DEFCAD, Inc. lists Mr. Wilson as Director, and its principal address is 4610 Crestway, Austin, Texas 78731. Answering further, the referenced records speak for themselves. To the extent a response is required, Defendants deny all remaining allegations of paragraph 48.

49.     Defendants state that DEFCAD, Inc. operates a website at defcad.com; except as expressly admitted, the remaining allegations are denied, including allegations of ownership, control, and the characterizations of Defendants' website's activities. Answering further, the referenced records speak for themselves. To the extent a response is required, Defendants deny all remaining allegations of paragraph

13

49.

50.     Defendants state that DEFCAD, Inc. operates a website at defcad.com; except as expressly admitted, the remaining allegations are denied, including allegations of ownership, control, and the characterizations of Defendants' website's activities. To the extent a response is required, Defendants deny all remaining allegations of paragraph 50.

51.     Defendants state that DEFCAD, Inc. publishes and maintains a blog at: https://defcad.com/blog/ ("the Defcad blog").  To the extent a response is required, Defendants deny all remaining allegations of paragraph 51.

52.     Defendants state that Mr. Wilson, along with other third-party users, posts, updates, or causes updates to be posted on the Defcad blog.

53.     Defendants state that Mr. Wilson is listed as Director of DEFCAD, Inc. Answering further, the referenced records speak for themselves. To the extent a response is required, Defendants deny all remaining allegations of paragraph 53.

**Defendant Defense Distributed**

54.     Defendants state that Defense Distributed is a Texas corporation with a mailing and registered agent address of 2320 Donley Drive, Suite C, Austin, Texas 78758. Answering further, the referenced records speak for themselves. To the extent a response is required, Defendants deny all remaining allegations of paragraph 54.

55.     Defendant states that Defense Distributed lists Mr. Wilson as a Registered Agent and Governing Member. To the extent a response is required, Defendants deny all remaining allegations of paragraph 55.

56.     Denied as phrased.

57.     Denied as phrased.

58.     Defendants state that Defense Distributed offers for sale and advertises USB flash drives for content displayed on DEFCAD, Inc.'s website, through its e-commerce website "Ghostguns.com." To the extent a response is required, Defendants deny all remaining allegations of paragraph 58.

59.     Defendants state that Defense Distributed publishes and maintains a blog at: https://ddlegio.com/blog/ ("the DDLegio blog"). To the extent a response is required, Defendants deny all remaining allegations of paragraph 59.

60.     Defendants state that Mr. Wilson, along with other third-party users, posts, updates, or causes updates to be posted on the DDLegio blog.

61.     Denied as phrased.

62.     Denied as phrased.

63.     Denied.

**Defendant Dioskouroi LLC**

64.     Defendants state that Dioskouroi, LLC is a Texas corporation with a mailing address of 397 Gaitan Ln., Kingsbury, TX 78638. Answering further, the referenced records speak for themselves. To the extent a response is required, Defendants deny all remaining allegations of paragraph 64.

65.     Defendants state that Dioskouroi, LLC's Registered Agent is "ZPA" with a registered office of 4610 Crestway Drive, Austin, TX 78731. Answering further, the referenced records speak for themselves. To the extent a response is required,

15

Defendants deny all remaining allegations of paragraph 65.

66.    Defendants state that Dioskouroi, LLC's registered agent, ZPA's address is 4610 Crestway Drive, Austin, TX 78731. Answering further, the referenced records speak for themselves. To the extent a response is required, Defendants deny all remaining allegations of paragraph 66.

67.    Denied as phrased.

68.    Denied.

69.    Denied as phrased.

**Defendant Cody Rutledge Wilson**

70.    Defendants state that Mr. Wilson is a natural person residing in Texas. Defendants deny the remaining allegations and any implication that Mr. Wilson personally performed or directed any alleged unlawful conduct.

71.    Denied as phrased.

72.    Denied as phrased.

73.    Defendants state that ZPA is the Registered Agent for Dioskouroi, LLC. Defendants deny the remaining allegations and any implication that Mr. Wilson personally performed or directed any alleged unlawful conduct on behalf of Dioskouroi, LLC.

74.    Denied.

75.    Denied.

## ANSWERING "JURISDICTION"

76.    The allegations of paragraph 75 state a legal conclusion to which no

response is required.  To the extent a response is deemed required, Defendants admit that this action purports to arise under the copyright laws of the United States, 17 U.S.C. § 101, *et. seq.,* and that this Court has subject matter jurisdiction pursuant to 28 U.S.C.  § 1331, and 1338(a). Defendants deny any remaining allegations of this paragraph.

77.    Denied.

78.    Defendants state that the allegations contained in paragraph 78 contain legal conclusions concerning personal jurisdiction to which no response is required. To the extent any of the remaining allegations in paragraph 78 are understood to be factual, Defendants deny such allegations as phrased.

**Personal Jurisdiction – Defendant DEFCAD, Inc.**

79.    Defendant DEFCAD, Inc. states that the allegations contained in paragraph 79 contain legal conclusions concerning personal jurisdiction to which no response is required.  To the extent any of the remaining allegations in paragraph 79 are understood to be factual, Defendant denies such allegations as phrased.

80.    Defendant DEFCAD, Inc. states that the allegations contained in paragraph 80 concerning personal jurisdiction contain legal conclusions to which no response is required. To the extent any of the remaining allegations in paragraph 80 are understood to be factual, Defendant denies such allegations as phrased.

**Personal Jurisdiction – Defendant Defense Distributed.**

81.    Defendant Defense Distributed states that the allegations contained in paragraph 81 contain legal conclusions concerning personal jurisdiction to which no

17

response is required. To the extent any of the remaining allegations in paragraph 80 are understood to be factual, Defendant denies such allegations as phrased.

82. Defendant Defense Distributed states that the allegations contained in paragraph 82 contain legal conclusions concerning personal jurisdiction to which no response is required. To the extent any of the remaining allegations in paragraph 82 are understood to be factual, Defendant denies such allegations as phrased.

83. Defendant Defense Distributed states that the allegations contained in paragraph 83 contain legal conclusions concerning personal jurisdiction to which no response is required. To the extent any of the remaining allegations in paragraph 83 are understood to be factual, Defendant denies such allegations as phrased.

84. Defendant Defense Distributed states that the allegations contained in paragraph 84 contain legal conclusions concerning personal jurisdiction to which no response is required. To the extent any of the remaining allegations in paragraph 84 are understood to be factual, Defendant denies such allegations as phrased.

**Personal Jurisdiction – Defendant Dioskouroi, LLC.**

85. Defendant Dioskouroi LLC states that the allegations contained in paragraph 85 contain legal conclusions concerning personal jurisdiction to which no response is required. To the extent any of the remaining allegations in paragraph 85 are understood to be factual, Defendant denies such allegations as phrased.

86. Defendant Dioskouroi LLC states that the allegations contained in paragraph 86 contain legal conclusions concerning personal jurisdiction to which no response is required. To the extent any of the remaining allegations in paragraph 86

327252470v.1

are understood to be factual, Defendants deny such allegations as phrased.

87.    Defendant Dioskouroi LLC states that the allegations contained in paragraph 87 contain legal conclusions concerning personal jurisdiction to which no response is required.  To the extent any of the remaining allegations in paragraph 87 are understood to be factual, Defendant denies such allegations as phrased.

**Personal Jurisdiction – Defendant Wilson**

88.    Defendant Wilson states that the allegations contained in paragraph 88 contain legal conclusions concerning personal jurisdiction to which no response is required.  To the extent any of the remaining allegations in paragraph 88 are understood to be factual, Defendant denies such allegations as phrased.

89.    Defendant Wilson states that the allegations contained in paragraph 89 contain legal conclusions concerning personal jurisdiction to which no response is required.  To the extent any of the remaining allegations in paragraph 89 are understood to be factual, Defendant denies such allegations as phrased.

90.    Defendant Wilson states that the allegations contained in paragraph 90 contain legal conclusions concerning personal jurisdiction to which no response is required.  To the extent any of the remaining allegations in paragraph 90 are understood to be factual, Defendant denies such allegations as phrased.

91.    Defendant Wilson states that the allegations contained in paragraph 91 contain legal conclusions concerning personal jurisdiction to which no response is required.  To the extent any of the remaining allegations in paragraph 91 are understood to be factual, Defendant denies such allegations as phrased.

327252470v.1

## ANSWERING "VENUE"

92.     For the purpose of this action, Defendants state that venue is proper under 28 U.S.C. § 1391(b)(2). Defendants preserve and do not waive all defenses under Rule 12(b)(3).

## ANSWERING "BACKGROUND"

93.     Defendants state that Mr. Wilson founded Defense Distributed in October of 2012.  Defendants deny all remaining allegations of paragraph 93.

94.     Defendants state that Mr. Wilson founded DEFCAD, Inc. in March of 2013.  Defendants deny all remaining allegations of paragraph 94.

95.     Denied.

96.     Denied as phrased.

97.     Defendant states that DEFCAD, Inc. provides the option to purchase a Legio Membership on DEFCAD, Inc.'s website. Defendants deny all remaining allegations of paragraph 97.

98.     Denied as phrased.

99.     Defendants state that DEFCAD, Inc. charges about 60 U.S. dollars per year for a Legio Membership. Defendants deny all remaining allegations of paragraph 99.

100.    To the extent that the allegations of paragraph 100 purport to reference DEFCAD, Inc.'s and Defense Distributed's publication of Plaintiff's copyright files online, the full text of the webpages speaks for itself.  To the extent that the allegations of this paragraph purport to summarize or characterize or are inconsistent with these

327252470v.1

pages, Defendants deny those allegations.  Defendants deny any remaining allegations of paragraph 100.

101.    To the extent that the allegations of paragraph 101 purport to reference DEFCAD, Inc.'s and Defense Distributed's publication of Plaintiff's copyright files online, the full text of the webpages speaks for itself.  To the extent that the allegations of this paragraph purport to summarize or characterize or are inconsistent with these pages concerning the publication of the copyrights-in-suit[1], Defendants deny those allegations.  Defendants deny any remaining allegations of paragraph 101.

102.    To the extent that the allegations of paragraph 102 purport to reference DEFCAD, Inc.'s and Defense Distributed's publication of Plaintiff's copyright files online, the full text of the webpages speaks for itself.  To the extent that the allegations of this paragraph purport to summarize or characterize or are inconsistent with these pages concerning any discussion of copyright law, Defendants deny those allegations. Defendants deny any remaining allegations of paragraph 102.

103.    To the extent that the allegations of paragraph 103 purport to reference DEFCAD, Inc.'s and Defense Distributed's publication of Plaintiff's copyright files online, the full text of the webpages speaks for itself.  To the extent that the allegations of this paragraph purport to summarize or characterize or are inconsistent with Mr. Wilson's statements, Defendants deny those allegations. Defendants deny any remaining allegations of paragraph 103.

---

[1] At all times relevant herein, the term "copyrights-in-suit," refers to the copyright registrations referenced in Plaintiff's First Amended Complaint.  *See* Doc. 43, at ¶¶104–259.

327252470v.1

## <u>ANSWERING "FACTS COMMON TO ALL CLAIMS OF INFRINGEMENT (CHRONOLOGICAL)</u>

104.  Denied.

105.  Denied.

106.  Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis deny them.

107.  Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis deny them.

108.  Denied as phrased.

109.  Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis deny them.

110.  Denied as phrased.

111.  Denied as phrased.

112.  Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis deny them.

113.  Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis deny them.

114.  Denied.

115.  Denied as phrased.

116.  Denied as phrased.

117.  Denied.

118.  Denied as phrased.

119.   Denied as phrased.

120.   Denied as phrased.

121.   Denied as phrased.

122.   Denied as phrased.

123.   Denied as phrased.

124.   Denied as phrased.

125.   Denied as phrased.

126.   Denied.

127.   Denied.

128.   Denied.

129.   Denied.

130.   Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis deny them.

131.   To the extent the allegations of paragraph 131 reference a photograph of watermarks for the copyrights-in-suit, the photograph speaks for itself.  To the extent the allegations of this paragraph purport to characterize Defendants' actions as copyright infringement of the copyrights-in-suit, Defendants deny those allegations. Defendants deny any remaining allegations of paragraph 131.

132.   Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis deny them.

133.   Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis deny them.

134.    Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis deny them.

135.    Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis deny them.

136.    Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis deny them.

137.    Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis deny them.

138.    Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis deny them.

139.    Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis deny them.

140.    Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis deny them.

141.    Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis deny them.

142.    Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis deny them.

143.    Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis deny them.

144.    Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis deny them.

145.    Denied as phrased.

146.    Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis deny them.

147.    Denied as phrased.

148.    Denied as phrased.

149.    Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis deny them.

150.    Denied as phrased.

151.    Denied as phrased.

152.    Denied.

153.    Denied as phrased.

154.    Denied as phrased.

155.    Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis deny them.

156.    Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis deny them.

157.    Denied as phrased.

158.    To the extent the allegations of paragraph 158 reference the April 25 post, the full text of that blog speaks for itself.  To the extent the allegations of this paragraph purport to characterize Defendants' actions as copyright infringement of the copyrights-in-suit, Defendants deny those allegations. Defendants deny any remaining allegations of paragraph 158.

327252470v.1

159.    Denied as phrased.

160.    Denied as phrased.

161.    Denied as phrased.

162.    Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis deny them.

163.    Denied as phrased.

164.    Denied as phrased.

165.    Denied as phrased.

166.    Denied as phrased.

167.    Denied as phrased.

168.    Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis deny them.

169.    Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis deny them.

170.    To the extent the allegations of paragraph 170 reference DEFCAD's website pages concerning Wilson's manifesto titled "Black Flag White Paper" ("White Paper"), the full text of those webpage speaks for themselves.   To the extent the allegations of paragraph 170 purport to characterize Defendants' actions as copyright infringement of the copyrights-in-suit, Defendants deny those allegations. Defendants deny any remaining allegations of paragraph 170.

171.    Defendants state that Wilson's White Paper can be purchased on Amazon's website located at www.amazon.com.   Defendants deny any remaining

26

allegations of this paragraph.

172.  Denied.

173.  To the extent the allegations of paragraph 173 reference Wilson's White Paper, the full text of that blog speaks for itself.  To the extent the allegations of this paragraph purport to characterize Defendants' actions as copyright infringement of the copyrights-in-suit, Defendants deny those allegations. Defendants deny any remaining allegations of paragraph 173.

174.  To the extent the allegations of paragraph 174 reference Wilson's White Paper, the full text of that blog speaks for itself.  To the extent the allegations of this paragraph purport to characterize Defendants' actions as copyright infringement of the copyrights-in-suit, Defendants deny those allegations. Defendants deny any remaining allegations of paragraph 174.

175.  To the extent the allegations of paragraph 175 reference Wilson's White Paper, the full text of that blog speaks for itself.  To the extent the allegations of this paragraph purport to characterize Defendants' actions as copyright infringement of the copyrights-in-suit, Defendants deny those allegations. Defendants deny any remaining allegations of paragraph 175.

176.  To the extent the allegations of paragraph 176 reference Wilson's White Paper, the full text of that blog speaks for itself.  To the extent the allegations of this paragraph purport to characterize Defendants' actions as copyright infringement of the copyrights-in-suit, Defendants deny those allegations. Defendants deny any remaining allegations of paragraph 176.

327252470v.1

177.    To the extent the allegations of paragraph 177 reference Wilson's White Paper, the full text of that blog speaks for itself.  To the extent the allegations of this paragraph purport to characterize Defendants' actions as copyright infringement of the copyrights-in-suit, Defendants deny those allegations. Defendants deny any remaining allegations of paragraph 177.

178.    To the extent the allegations of paragraph 178 reference Wilson's White Paper, the full text of that blog speaks for itself.  To the extent the allegations of this paragraph purport to characterize Defendants' actions as copyright infringement of the copyrights-in-suit, Defendants deny those allegations. Defendants deny any remaining allegations of paragraph 178.

179.    Denied as phrased.

180.    Denied as phrased.

181.    To the extent the allegations in paragraph 181 reference the DEFCAD website, the full text of those webpages speaks for itself.  To the extent the allegations of this paragraph purport to characterize Defendants' actions as copyright infringement of the copyrights-in-suit, Defendants deny those allegations. Defendants deny any remaining allegations of paragraph 181.

182.    Denied as phrased.

183.    Denied as phrased.

184.    Denied.

185.    Denied.

186.    Denied.

327252470v.1

187.    Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 187, and on that basis deny them.

188.    Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 188, and on that basis deny them.

189.    Defendants lack the knowledge or information sufficient to admit or deny the allegations of paragraph 189, and, on that basis, deny them.

190.    Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 190, and on that basis deny them.

191.    Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 191, and on that basis deny them.

192.    Denied.

193.    The allegations of paragraph 193 contain legal conclusions to which no response is required regarding publication for the copyrights-in-suit. Answering further, as to the remaining allegations in this paragraph, Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 193, and on that basis deny them.

194.    Denied as phrased.

195.    Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 195, and on that basis deny them.

196.    Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 196, and on that basis deny them.

197.    Defendants lack knowledge or information sufficient to admit or deny

29

the allegations of paragraph 197, and on that basis deny them.

198.    Denied as phrased.

199.    Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 199, and on that basis deny them.

200.    Denied as phrased.

201.    To the extent the allegations in paragraph 200 reference Mr. Wilson's post on DEFCAD.com concerning the Hitchhiker, the full text of the webpages speaks for itself.    To the extent the allegations of paragraph 200 purport to characterize Defendants' actions as copyright infringement of the copyrights-in-suit, Defendants deny those allegations. Defendants deny any remaining allegations of paragraph 200.

202.    Denied as phrased.

203.    Denied as phrased.

204.    Denied as phrased.

205.    Defendants state that DEFCAD, Inc. required a paid Legio membership to download certain files on its website. Answering further, Defendants deny the remaining allegations of paragraph 205.

206.    Denied.

207.    Defendants lack the knowledge or information sufficient to admit or deny the allegations of paragraph 207, and, on that basis, deny them.

208.    Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 208, and on that basis deny them.

209.    Defendants lack knowledge or information sufficient to admit or deny

the allegations of paragraph 209, and on that basis deny them.

210.    To the extent the allegations in paragraph 210 reference Plaintiff's copyrighted work, the photograph of the copyright-in-suit speaks for itself. To the extent the allegations of paragraph 210 purport to characterize Defendants' actions as copyright infringement of the copyrights-in-suit, Defendants deny those allegations. Defendants deny any remaining allegations of this paragraph.

211.    Denied as phrased.

212.    To the extent the allegations in paragraph 212 reference Plaintiff's copyrighted work, the photograph of the copyright-in-suit speaks for itself. To the extent the allegations of this paragraph purport to characterize Defendants' actions as copyright infringement of the copyrights-in-suit, Defendants deny those allegations. Defendants deny any remaining allegations of paragraph 212.

213.    Denied.

214.    To the extent the allegations in paragraph 214 reference the copyrights-in-suit on DEFCAD, Inc.'s website, the full text of the website page speaks for itself. To the extent the allegations of this paragraph purport to characterize Defendants' actions as copyright infringement of the copyrights-in-suit, Defendants deny those allegations. Defendants deny any remaining allegations of paragraph 214.

215.    To the extent the allegations in paragraph 215 reference copyrights-in-suit on DEFCAD, Inc.'s website, the full text of the website page speaks for itself. To the extent the allegations of paragraph 215 purport to characterize Defendants' actions as copyright infringement of the copyrights-in-suit, Defendants deny those allegations.

327252470v.1

Defendants deny any remaining allegations of paragraph 215.

216.   Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 216, and on that basis deny them.

217.   Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 217, and on that basis deny them.

218.   Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 218, and on that basis deny them.

219.   Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 219, and on that basis deny them.

220.   Denied as phrased.

221.   Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 221, and on that basis deny them.

222.   Denied as phrased.

223.   Denied as phrased.

224.   Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 224, and on that basis deny them.

225.   Denied.

226.   Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 226, and on that basis deny them.

227.   Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 227, and on that basis deny them.

228.   Defendants lack knowledge or information sufficient to admit or deny

32

the allegations of paragraph 228, and on that basis deny them.

229. Denied.

230. Denied as phrased.

231. Denied as phrased.

232. Denied as phrased.

233. Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 233, and on that basis deny them.

234. Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 234, and on that basis deny them.

235. Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 235, and on that basis deny them.

236. Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 236, and on that basis deny them.

237. To the extent the allegations of paragraph 237 contain quotes for a copyright notice, but do not include a reference, Defendants deny those allegations. Defendants deny any remaining allegations of paragraph 237.

238. To the extent the allegations of paragraph 238 contain quotes for a copyright notice, but do not include a reference, Defendants deny those allegations. Defendants deny any remaining allegations of paragraph 238.

239. Denied.

240. Denied.

241. Denied.

327252470v.1

242.    Denied.

243.    Denied.

244.    Denied.

245.    Denied.

246.    Denied.

247.    Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 247, and on that basis deny them.

248.    Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 248, and on that basis deny them.

249.    Denied as phrased.

250.    Denied as phrased.

251.    Denied as phrased.

252.    Denied as phrased.

253.    Denied as phrased.

254.    Denied as phrased.

255.    Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 255, and on that basis deny them.

256.    Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 256, and on that basis deny them.

257.    Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 257, and on that basis deny them.

258.    Defendants lack knowledge or information sufficient to admit or deny

34

the allegations of paragraph 258, and on that basis deny them.

259.    Denied.

## ANSWERING "FIRST CAUSE OF ACTION COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501"

260.    Defendants re-allege and incorporate their answer to paragraphs 3 through 6, 8 through 75, and 92 through 259 inclusive above, as if fully restated in their response to paragraph 260.

261.    Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 261, and on that basis deny them.

262.    Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 262, and on that basis deny them.

## ANSWERING "COUNT 1: COPYRIGHT INFRINGEMENT AS TO DEFENDANT DEFCAD, INC."

263.    The allegations contained in paragraph 263, including subparagraphs (a)–(r), contain legal conclusions to which no response is required, and on that basis, Defendant, DEFCAD, Inc., denies the allegations as phrased.  Answering further, Defendants deny that Plaintiff owns valid, enforceable copyrights in the scope alleged; deny that Defendants infringed; deny that any acts were willful; deny damages and entitlement to profits or statutory damages; deny entitlement to attorneys' fees; and deny the legal conclusions. Any cited videos, posts, or terms updates speak for themselves.

264.    The allegations in paragraph 264 contain legal conclusions to which no response is required; accordingly, Defendant, DEFCAD, Inc., denies the allegations

as phrased.  Answering further, Defendants deny that Plaintiff owns valid, enforceable

copyrights in the scope alleged; deny that Defendants infringed; deny that any acts

were willful; deny damages and entitlement to profits or statutory damages; deny

entitlement to attorneys' fees; and deny the legal conclusions. Any cited videos, posts,

or terms updates speak for themselves.

265.   Denied.

266.   Denied.

### ANSWERING "COUNT 2: COPYRIGHT INFRINGEMENT AS TO DEFENDANT DEFENSE DISTRIBUTED"

267.   The allegations contained in paragraph 267, including subparagraphs

(a)–(r), contain legal conclusions to which no response is required, and on that basis,

Defendant, Defense Distributed, denies the allegations as phrased.  Answering further,

Defendants deny that Plaintiff owns valid, enforceable copyrights in the scope alleged;

deny that Defendants infringed; deny that any acts were willful; deny damages and

entitlement to profits or statutory damages; deny entitlement to attorneys' fees; and

deny the legal conclusions. Any cited videos, posts, or terms updates speak for

themselves.

268.   The allegations contained in paragraph 268, including subparagraphs

(a)–(r), contain legal conclusions to which no response is required, and on that basis,

Defendant Defense Distributed denies the allegations as phrased.  Answering further,

Defendants deny that Plaintiff owns valid, enforceable copyrights in the scope alleged;

deny that Defendants infringed; deny that any acts were willful; deny damages and

327252470v.1

entitlement to profits or statutory damages; deny entitlement to attorneys' fees; and deny the legal conclusions. Any cited videos, posts, or terms updates speak for themselves.

269. Denied.

270. Denied.

## ANSWERING "COUNT 3: COPYRIGHT INFRINGEMENT AS TO DEFENDANT DIOSKOUROI LLC

271. The allegations contained in paragraph 271, including subparagraphs (a)–(r), contain legal conclusions to which no response is required, and on that basis, Defendant, Dioskouroi LLC, denies the allegations as phrased. Answering further, Defendants deny that Plaintiff owns valid, enforceable copyrights in the scope alleged; deny that Defendants infringed; deny that any acts were willful; deny damages and entitlement to profits or statutory damages; deny entitlement to attorneys' fees; and deny the legal conclusions. Any cited videos, posts, or terms updates speak for themselves.

272. The allegations contained in paragraph 272, including subparagraphs (a)–(r), contain legal conclusions to which no response is required, and on that basis, Defendant, Dioskouroi LLC, denies the allegations as phrased. Answering further, Defendants deny that Plaintiff owns valid, enforceable copyrights in the scope alleged; deny that Defendants infringed; deny that any acts were willful; deny damages and entitlement to profits or statutory damages; deny entitlement to attorneys' fees; and deny the legal conclusions. Any cited videos, posts, or terms updates speak for

327252470v.1

themselves.

273. Denied.

274. Denied

## ANSWERING "COUNT 4: COPYRIGHT INFRINGEMENT AS TO DEFENDANT WILSON

275. The allegations contained in paragraph 275, including subparagraphs (a)–(r), contain legal conclusions to which no response is required, and on that basis, Defendant, CODY WILSON, denies the allegations as phrased. Answering further, Defendants deny that Plaintiff owns valid, enforceable copyrights in the scope alleged; deny that Defendants infringed; deny that any acts were willful; deny damages and entitlement to profits or statutory damages; deny entitlement to attorneys' fees; and deny the legal conclusions. Any cited videos, posts, or terms updates speak for themselves.

276. The allegations contained in paragraph 276, including subparagraphs (a)–(r), contain legal conclusions to which no response is required, and on that basis, Defendant, Wilson, denies the allegations as phrased. Answering further, Defendants deny that Plaintiff owns valid, enforceable copyrights in the scope alleged; deny that Defendants infringed; deny that any acts were willful; deny damages and entitlement to profits or statutory damages; deny entitlement to attorneys' fees; and deny the legal conclusions. Any cited videos, posts, or terms updates speak for themselves.

277. Denied.

278. Denied

## <u>ANSWERING "COUNT 1 THROUGH 4: COPYRIGHT INFRINGEMENT AS TO DEFENDANT WILSON</u>

279.   Denied.

280.   To the extent the allegations of paragraph 280 purport to reference a publicly available YouTube link, the full context of that video speaks for itself.  To the extent the allegations of paragraph 280 purport to characterize or are inconsistent with it, Defendants deny those allegations.

281.   To the extent the allegations of paragraph 281 purport to reference a publicly available YouTube link, the full context of that video speaks for itself.  To the extent the allegations of this paragraph purport to characterize or are inconsistent with it, Defendants deny those allegations. Answering further, Defendants deny any remaining allegations of paragraph 281.

282.   To the extent the allegations of  paragraph 281 purport to reference a publicly available YouTube link, the full context of that video speaks for itself.  To the extent the allegations of this paragraph purport to characterize or are inconsistent with it, Defendants deny those allegations.   Answering further, Defendants deny any remaining allegations of paragraph 282.

283.   To the extent the allegations of paragraph 283 purport to reference Mr. Wilson's blog posted on or around June 3, 2024, the full context of that blog speaks for itself.  To the extent the allegations of this paragraph purport to characterize or are inconsistent with it, Defendants deny those allegations.   Answering further, Defendants deny any remaining allegations of paragraph 283.

327252470v.1

284.    To the extent the allegations of paragraph 284 purport to reference Mr. Wilson's posted content on DEFCAD, Inc.'s website on or around August 2, 2024, the full context of that post speaks for itself.  To the extent the allegations of this paragraph purport to characterize or are inconsistent with it, Defendants deny those allegations.  Answering further, Defendants deny any remaining allegations of paragraph 284.

285.    To the extent the allegations of paragraph 285 purport to reference Mr. Wilson's posted content on DEFCAD, Inc.'s website on or around August 2, 2024, the full context of that post speaks for itself. To the extent the allegations of paragraph 285 purport to characterize or are inconsistent with it, Defendants deny those allegations, Answering further, Defendants deny that Plaintiff owns valid, enforceable copyrights in the scope alleged; deny that Defendants infringed; deny that any acts were willful; deny damages and entitlement to profits or statutory damages; deny entitlement to attorneys' fees; and deny the legal conclusions. Any cited videos, posts, or terms updates speak for themselves.

286.    To the extent the allegations of paragraph 286 purport to reference Mr. Wilson's posted content on DEFCAD, Inc.'s website on or around August 2, 2024, the full context of that post speaks for itself.  To the extent the allegations of paragraph 286 purport to characterize or are inconsistent with it, Defendants deny those allegations.  Answering further, Defendants deny any remaining allegations of paragraph 286.

287.    To the extent the allegations of paragraph 287 purport to reference

40

DEFCAD, Inc.'s website terms and services on October 17, 2024, the full context of the terms of service speaks for itself. To the extent the allegations of paragraph 287 purport to characterize or are inconsistent with it, Defendants deny those allegations. Answering further, Defendants deny any remaining allegations of paragraph 287.

288.    To the extent the allegations of paragraph 288 purport to reference DEFCAD, Inc.'s website terms and services on October 17, 2024, the full context of the terms of service speaks for itself. To the extent the allegations of this paragraph 288 purport to characterize or are inconsistent with it, Defendants deny those allegations. Answering further, Defendants deny any remaining allegations of paragraph 288.

289.    Denied.

290.    The allegations of this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

291.    Denied.

292.    The allegations of paragraph 292 relate to a Counterclaim against the Plaintiff, which has been dismissed. Thus, no response is required. To the extent a response is required, Defendants denied the allegations contained in paragraph 292.

293.    Denied.

294.    Denied.

295.    Denied.

296.    Denied.

297.    Denied.

298.    Denied.

299.    Denied.

300.    Denied.

301.    Denied.

302.    Denied.

303.    Denied.

304.    Denied.

## ANSWERING "FIRST CAUSE OF ACTION COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501"

305.    Defendants re-allege and incorporate their answer to paragraphs 3 through 6, 8 through 75, and 92 through 103, inclusive, and 157, as if fully restated in their response to paragraph 305.

306.    Denied.

## ANSWERING "COUNT 5: FALSE DESIGNATION AND UNFAIR COMPETITION AS TO DEFENDANT WILSON, AND THROUGH HIM, THE BUSINESS ENTITY DEFENDANTS

307.    Denied as phrased.

308.    Defendants state that "The Gatalog" is "Owned and directed by Matthew Larosiere, but deny all remaining allegation contained in paragraph 308.

309.    Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 309, and on that basis deny them.

310.    Defendants lack knowledge or information sufficient to admit or deny

the allegations of paragraph 310, and on that basis deny them.

315.    Denied.

312.    Denied.

313.    Denied.

314.    Denied.

315.    Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 313, and on that basis deny them.

316.    Denied.

317.    Denied.

318.    Denied.

319.    Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 319, and on that basis deny them.

320.    Denied.

321.    Denied as phrased.

322.    To the extent the allegations in paragraph 322 purport to reference Mr. Wilson's post on DEFCAD, Inc.'s website on or around February 21, 2024, the full post speaks for itself.  To the extent the allegations of paragraph 322 purport to characterize or are inconsistent with it, Defendants deny those allegations. Answering further, Defendants deny any remaining allegations of paragraph 322.

323.    To the extent the allegations in paragraph 323 purport to reference Mr. Wilson's post on DEFCAD, Inc.'s website on or around February 21, 2024, the full post speaks for itself.  To the extent the allegations of paragraph 323 purport to

43

characterize or are inconsistent with it, Defendants deny those allegations. Answering

further, Defendants deny any remaining allegations of paragraph 323.

324.    To the extent the allegations in paragraph 324 purport to reference Mr.

Wilson's post on DEFCAD, Inc.'s website on or around February 21, 2024, the full

post speaks for itself.    To the extent the allegations of paragraph 324 purport to

characterize or are inconsistent with it, Defendants deny those allegations. Answering

further, Defendants deny any remaining allegations of paragraph 324.

325.    Denied as phrased.

326.    Denied as phrased.

327.    Defendants lack knowledge or information sufficient to admit or deny

the allegations of  paragraph 327, and on that basis deny them.

328.    Denied as phrased.

329.    To the extent the allegations in paragraph 329 purport to reference Mr.

Wilson's post on DEFCAD, Inc.'s website on or around April 25, 2024, the full post

speaks for itself. To the extent the allegations of this paragraph purport to characterize

or are inconsistent with it, Defendants deny those allegations. Answering further,

Defendants deny any remaining allegations of paragraph 329.

330.    To the extent the allegations in paragraph 330 purport to reference Mr.

Wilson's post on DEFCAD, Inc.'s website on or around April 25, 2024, the full post

speaks for itself. To the extent the allegations of paragraph 330 purport to characterize

or are inconsistent with it, Defendants deny those allegations. Answering further,

Defendants deny any remaining allegations of paragraph 330.

331.    To the extent the allegations in this paragraph  331 purport to reference Mr. Wilson's post on DEFCAD, Inc.'s website on or around April 25, 2024, the full post speaks for itself. To the extent the allegations of paragraph 331 purport to characterize or are inconsistent with it, Defendants deny those allegations. Answering further, Defendants deny any remaining allegations of paragraph 331.

332.    Denied.

333.    Denied.

334.    To the extent the allegations in paragraph 334 purport to reference Mr. Wilson's post on DEFCAD, Inc.'s website on or around April 25, 2024, the full post speaks for itself. To the extent the allegations of paragraph 334 purport to characterize or are inconsistent with it, Defendants deny those allegations. Answering further, Defendants deny any remaining allegations of paragraph 334.

335.    Denied.

336.    Denied.

337.    Denied.

### ANSWERING "THIRD CAUSE OF ACTION UNAUTHORIZED PUBLICATION OF NAME OR LIKENESS IN VIOLATION OF §540.08, Fla. Stat."

338.    Defendants re-allege and incorporate their answer to paragraphs 3 through 6, 8 through 75, and 92 through 103, and 307–335, inclusive, as if fully restated in their response to paragraph 338.

### ANSWERING "COUNT 6: UNAUTHORIZED PUBLICATION OF NAME AND LIKENESS AS TO DEFENDANT, WILSON, AND THROUGH HIM, DEFCAD, INC. AND DEFENSE DISTRIBUTED."

339.   Denied.

340.   Denied.

341.   Denied.

342.   Denied.

343.   Denied.

### PRAYER FOR RELIEF

In response to the prayer for relief contained in paragraph 344(a)–(i), Defendants deny that Plaintiff is entitled to the requested relief, or to any relief whatsoever, including, because Plaintiff has suffered no injury sufficient to confer standing to bring any claim for relief.

### AFFIRMATIVE DEFENSES

Answering Plaintiff's allegations asserted in the First Amended Complaint further, Defendants assert the following defenses.  In doing so, however, Defendants do not concede that they have the burden of proof on the defenses listed below.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Copyright Act claims are defeated by the defense of fair use under 11 U.S.C. § 107 because each of each Defendants' industry-supporting purpose for the works in question, because of the Defendants' good-faith belief in the legality of their prior use, because of the Defendants' transformative use of the works in question, and because of the positive effect of Defendants' use upon the potential market for the

work.

## SECOND AFFIRMATIVE DEFENSE

The defense of illegality defeats each of Plaintiff's claims because they arise from illegal conduct and are therefore unenforceable as a matter of public policy.

## THIRD AFFIRMATIVE DEFENSE

The defense of license–express or implied–defeats each of Plaintiff's claims because the United States federal government, in an exercise of its exclusive authority to administer the Arms Export Control Act of 1976, 22 U.S.C. ch. 22, and International Trafficking in Arms Regulations, 22 C.F.R. Parts 120-130, in 2018 entered into a Settlement Agreement with Defense Distributed and granted Defense Distributed a federal license to publish the files in question without restriction.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by defects in ownership and chain of title. Under 17 U.S.C. § 204(a), any transfer of copyright ownership, including an assignment or exclusive license, must be memorialized in a writing signed by the owner of the rights conveyed. The purported transfers upon which Plaintiff relies are missing, ambiguous, or otherwise noncompliant with the statute, including but not limited to discrepancies in the effective scope of the purported assignments or licenses, and inconsistencies between the alleged interests conveyed and the rights Plaintiff purports to enforce. To the extent any asserted rights were not validly or timely transferred in a compliant signed writing, Plaintiff lacks standing and cannot establish ownership or the right to sue on the asserted claims.

47

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by defects in ownership and chain of title. Under 17 U.S.C. § 204(a), any transfer of copyright ownership, including an assignment or exclusive license, must be memorialized in a writing signed by the owner of the rights conveyed. The purported transfers upon which Plaintiff relies are missing, ambiguous, or otherwise noncompliant with the statute, including but not limited to discrepancies in the effective scope of the purported assignments or licenses, and inconsistencies between the alleged interests conveyed and the rights Plaintiff purports to enforce. To the extent any asserted rights were not validly or timely transferred in a compliant signed writing, Plaintiff lacks standing and cannot establish ownership or the right to sue on the asserted claims.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the registrations on which Plaintiff relies are invalid or unenforceable due to material inaccuracies or omissions in the applications and deposits, contrary to 17 U.S.C. §§ 409–410 and the Supreme Court's material-error standard. The registration records contain misstatements and/or omissions regarding authorship, work-made-for-hire status, dates of creation and publication, and other material facts necessary for the Copyright Office's examination and registration determinations. These errors and omissions were material to registrability, scope, or timing, and render the registrations invalid or unenforceable, or otherwise preclude reliance upon them to sustain Plaintiff's claims or recover the remedies sought.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the asserted material lacks the requisite originality or protectable expression under the Copyright Act. To the extent the claimed elements consist of ideas, concepts, systems, processes, procedures, facts, or other unprotectable subject matter, they fall on the unprotectable side of the idea–expression dichotomy. Any overlap or similarity between Defendant's works and Plaintiff's asserted material arises, if at all, from unprotectable ideas, stock concepts, common literary or artistic devices, scènes à faire, industry standards, or functional constraints. Alternatively, the expression allegedly appropriated is so limited by external factors that the idea and expression have merged, leaving no protectable expression. Plaintiff, therefore, cannot establish the existence or infringement of any valid, enforceable copyright in the asserted material.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent they rely on an improper designation of the works as "works made for hire." The works at issue were not created by an employee acting within the scope of employment and do not fall within the statutorily enumerated categories for specially ordered or commissioned works. Alternatively, there is no executed written instrument signed by the parties expressly designating the works as made for hire for any qualifying commissioned work. Further, the facts concerning creative control, supervision, consideration, course of dealing, and actual authorship are inconsistent with any claimed work-made-for-hire status. Plaintiff therefore lacks ownership and standing premised on an erroneous work-for-hire

49

theory.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because they fail to satisfy the statutory prerequisites to suit. To the extent Plaintiff asserts claims outside the scope of the registrations relied upon, or seeks to enforce rights in unregistered works or unregistered versions, derivatives, compilations, or elements, such claims are jurisdictionally or statutorily barred by 17 U.S.C. § 411(a). Any claims predicated on material not covered by a valid, effective registration, including post-registration versions or unregistered components of compilations or derivative works, are not actionable.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the registrations are invalid or unenforceable due to fraud on the Copyright Office. The record reflects knowing, intentional, and material misrepresentations or omissions made to procure registration, including misstatements concerning authorship, ownership, work-made-for-hire status, publication, and dates of creation. Such misrepresentations were material to the Office's decision to issue the registrations and render the registrations invalid or unenforceable.

## ELEVENTH AFFIRMATIVE DEFENSES

Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, copyright misuse, estoppel, waiver, and laches. Plaintiff's conduct, including the scope, conditions, and revocability of any permissions granted, its enforcement

practices, delay, acquiescence, misrepresentations, and inconsistent positions concerning ownership and scope, bars or limits its claims and requested relief. Plaintiff has attempted to leverage the asserted copyrights in a manner that exceeds the limited purpose of copyright, restrains lawful competition, or seeks to control unprotectable ideas, functional elements, or public domain material, warranting the application of copyright misuse and related equitable defenses. In the alternative, any recovery should be barred or limited by Plaintiff's failure to mitigate its alleged damages.

## TWELFTH AFFIRMATIVE DEFENSES

Plaintiff cannot establish willful infringement. Defendant acted in good faith and with reasonable grounds to believe its conduct was lawful, including reliance on unprotectable subject matter, licenses, industry custom, and publicly available information. Accordingly, Plaintiff is not entitled to enhanced statutory damages, attorneys' fees, or other extraordinary remedies, and any recovery is limited under 17 U.S.C. §§ 504–505.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, because of and to the extent of its failure to mitigate its alleged damages (to which, in any event, he is not entitled).

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim fails, in whole or in part, for failure to state a claim.

## RESERVATION AS TO AFTER-ACQUIRED EVIDENCE AND ADDITIONAL DEFENSES

Defendants expressly reserve the right to assert additional defenses, including

those based on after-acquired evidence, further defects in registration or ownership

discovered through ongoing investigation, or additional equitable defenses supported

by Plaintiff's conduct and newly produced documents.

## **PRAYER FOR RELIEF ON AFFIRMATIVE DEFENSES**

Defendants respectfully request that the Court enter judgment in its favor on the

foregoing defenses; dismiss Plaintiff's claims with prejudice; deny all requested

damages, statutory enhancements, attorneys' fees, and equitable relief; award

Defendants their costs and fees as permitted by law; and grant such other and further

relief as the Court deems just and proper.

Dated:    _____

Respectfully submitted,

**WILSON ELSER MOSKOWITZ
EDELMAN& DICKER LLP**

By:  *s/DRAFT* _____
        Leia V. Leitner
        Florida Bar No:  105621
        111 North Orange Avenue
        Suite 1200
        Orlando,  FL  32801
        Telephone:        407-423-7287
        Facsimile: 407-648-1376
        Leia.Leitner@wilsonelser.com
        Cheryl.Kujawski@wilsonelser.com

        Jura C. Zibas
        Florida Bar No:  124571
        Amaris C. Gyebi, Esq.
        Florida Bar No:  1019361
        2063 Main Street - Suite 100

Sarasota, FL 34237
Telephone:941-866-8561
Facsimile: 941-210-5979
Jura.Zibas@wilsonelser.com
Amaris.Gyebi@wilsonelser.com
Cheryl.Kujawski@wilsonelser.com

*Co-Counsel for Defendants*
*Cody Rutledge Wilson*
*DEFCAD, Inc. and Defense Distributed*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the _____ day of _____,

_____, a true and correct copy of the foregoing document has been electronically

filed with the Clerk of the Court using the CM/ECF E-Filing Portal, which will serve

an electronic copy of the foregoing on the following: Zachary Z. Zermay, Esq., Florida

Bar No: 1002905; Zermay Law, P.A., *Counsel for Plaintiff*, 1200 Fourth Street, #1102,

Key West, Florida 33040; Telephone: 305-767-3529; Zach@Zermaylaw.com and

info@Zermaylaw.com; Charles (Chad) Flores, Esq., Flores Law PLLC, *Counsel for*

*Defendants, Cody Rutledge Wilson, DEFCAD, Inc., Defense Distributed and Dioskouroi LLC,*

917 Franklin Street, Suite 600, Houston, Texas 77002, Telephone: 713-364-6440,

CF@ChadFlores.law;            chad-flores-7646@ecf.pacerpro.com            and

service@chadflores.law.

*s/DRAFT* _____