# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MATTHEW LAROSIERE,

        Plaintiff,

v.                                       Case No:   6:24-cv-1629-AGM-LHP

CODY RUTLEDGE WILSON,
DEFCAD, INC., DEFENSE
DISTRIBUTED, DIOSKOUROI LLC,
DAVID SCOTT GINGRAS,
FEDERICO REYNAL and CHARLES
FLORES,

        Defendants

_____

## ORDER

     This case is before the Court on Plaintiff Larosiere's Short-Form Motion to Overrule Meritless Objections and Compel Complete Responses to Interrogatories and Requests for Production (Doc. No. 156), as well as Defendants' response in opposition (Doc. No. 158).   On review of both filings, the Court directed the parties to conduct an additional in-person good faith conferral, and to file a joint status report identifying all specific issues that remain for resolution.   Doc. No. 162.   The parties timely-filed their joint notice, along with a 441-page transcript of their conferral.   Doc. Nos. 175, 175-1, 175-2.   Upon review of the motion, response, joint

notice, and transcript, the Court finds that supplemental briefing, along with a hearing on the motion and related filings, is appropriate.   Accordingly, it is **ORDERED** as follows:

1.      **TAKE NOTICE** that a hearing on Plaintiff's motion (Doc. No. 156) will be held before the undersigned on **Tuesday February 10, 2026, beginning at 10:00 a.m.**, in **Courtroom 5D**, Fifth Floor, U.S. Courthouse, 401 W. Central Boulevard, Orlando, Florida.   Lead counsel for the parties shall be prepared to attend the hearing until excused by the Court.

2.      In an effort to streamline the issues to be addressed at the hearing, the Court makes the following preliminary rulings on some of the objections at issue:

        a.      As set forth in the Court's November 12, 2025 Order, the parties were directed to identify in their joint notice all specific issues that remain for resolution, identified by specific interrogatory and/or request for production number, and to provide a brief recitation of the remaining issues.   Doc. No. 162, at 3.   Accordingly, any objections raised by Defendants in their opposition (Doc. No. 158), or in their answers to the interrogatories and/or requests for production (Doc. Nos. 156-1 through 156-6) that are not discussed in the joint notice are hereby **OVERRULED**, specifically, Defendants' objections on the basis of undue burden, and that the documents are already in Plaintiff's possession or can be found on public sources.   *See*

*also TIC Park Centre 9, LLC v. Cabot*, No. 16-24569-Civ-COOKE/TORRES, 2017 WL 3099317, at *2 n.1 (S.D. Fla. April 12, 2017) ("Courts in the Eleventh Circuit have made clear that to demonstrate an undue burden, the moving party must put forth either affidavits or other evidence that reveals the nature of the burden." (citations omitted)); *Tropical Marketing & Consulting, LLC v. Glock, Inc.*, No. 6:12-cv-1388-Orl-36TBS, 2012 WL 5431002, at *3 (M.D. Fla. Nov. 7, 2012) (overruling undue burden objection due to failure to submit "affidavits or other proof to support" the objection); *Asphalt Paving Sys., Inc. v. Gen. Combustion Corp.*, No. 6:15-cv-49-Orl-41TBS, 2016 WL 3167712, at *2 (M.D. Fla. June 7, 2016) ("The Court does not consider frivolous, conclusory, general, or boilerplate objections.").

b.      Defendants' objections on the basis that any requested documents and/or interrogatory responses are not in that particular Defendant's possession, custody, and control, are **SUSTAINED IN PART**. The Court applies the definition of the terms "possession, custody, or control" as set forth in *Searock v. Stripling*, 736 F.2d 650, 653-54 (11th Cir. 1984) ("Control is defined not only as possession, but as the legal right to obtain documents requested upon demand."). *See also Selectica, Inc. v. Novatus, Inc.*, No. 6:13-cv-1708-Orl-40TBS, 2015 WL 1125051, at *4 (M.D. Fla. Mar. 12, 2015) ("[A] party might control a non-party based upon their relationship. The

attorney-client relationship and the corporate parent-subsidiary relationship are examples. A party may control a non-party if there is a contract empowering the party to obtain information from the non-party. Control may also exist if it is customary in the industry for the non-party to furnish the information to the party. On the other hand, if extraordinary, unethical, or illegal means are required, then there is no practical ability to obtain the information."). The Court notes, however, that "[t]he Plaintiff, as the party seeking production of the documents, bears the burden of proving that [Defendants] have such control." *Siegmund v. Xuelian*, No. 12-62539-CIV-GAYLES/TURNOFF, 2016 WL 1359595, at *2 (S.D. Fla. Apr. 6, 2016) (citations omitted). Further, "[a] court cannot grant a motion to compel upon a 'mere hunch' that documents exist; rather, there must be a 'reasonable deduction' that the documents exist." *Supreme Fuels Trading FZE v. Sargeant*, No. 08-81215-Civ-Hurley/Hopkins, 2011 WL 13172599, at *3 (S.D. Fla. Sept. 15, 2011) (citing *Harris v. Koenig*, 271 F.R.D. 356, 370 (D.D.C. 2010) ("If plaintiffs are speculating that documents responsive to these requests do exist, there must be a reasonable deduction that is true, and not a mere hunch.")). In addition, the Court is inclined to follow the rationale set forth in *Green v. Fiveash*, No. 3:18-cv-2393-MCR-HTC, 2019 WL 8063985, at *3 (N.D. Fla. Sept. 11, 2019)

with respect to the information that Defendant Cody Wilson, who is sued solely in his individual capacity, will be required to produce.

   c. Defendants' objections regarding the definitions of "Copyright" and "Works" are **SUSTAINED**.   These terms as used in the discovery at issue (Doc. Nos. 156-1 through 156-6) are defined/limited to the copyrights and works specifically identified in Plaintiff's First Amended Complaint. *See, e.g.*, Doc. No. 43, ¶¶ 111-131.

  3. **By 5:00 p.m. on Wednesday, February 4, 2026**, Plaintiff and Defendants shall each file a separate supplemental brief of no more than **fifteen (15) pages** addressing, with citation to relevant legal authority (preferably authority from within the Eleventh Circuit unless none exists), the remaining issues as set forth in the parties' Joint Notice (Doc. No. 175).   In particular (but not exclusively), the parties should address the following questions:

   a. Plaintiff contends that much of the discovery at issue relates to either alter ego or willfulness.   The parties should explain why alter ego theories are relevant at this stage of the litigation where there are no legal claims for alter ego in the amended complaint (Doc. No. 43), and whether such theories are premature and instead should be raised during execution/proceedings supplementary in the event a judgment is entered in Plaintiff's favor.

b.    The parties shall also explain how the discovery at issue relates to the question of willfulness in the context of Plaintiff's claims for copyright infringement under 17 U.S.C. § 501, false designation of origin and unfair competition under 15 U.S.C. § 1125, and unauthorized publication of name or likeness in violation of Fla. Stat. § 540.08.    In other words, it appears that Plaintiff seeks discovery related to Defendants' alleged willful disregard of copyright law, the Lanham Act, and Florida law in general, as opposed to discovery related to Defendants' alleged willful infringement of the specific copyrights and works alleged in the amended complaint and willful misconduct concerning Plaintiff's name, image, or likeness.    *See* Doc. No. 43.

c.    The parties shall explain their respective positions regarding the temporal scope dispute.    In particular, why the time period should extend back to 2018 when the copyrights, works, and actions as alleged in the amended complaint were created/occurred in 2022 forward.

d.    The parties shall explain their respective positions as to the scope of financial discovery requested, as well as whether phased discovery is appropriate.

e.    The parties shall explain whether the attorney-client privilege and/or attorney work product protection applies to any of the discovery at issue.    To the extent Defendants raise this privilege/protection, Defendants

shall provide legal authority and argument in support and shall serve on Plaintiff on or before **5:00 p.m. on February 4, 2026** a privilege log in compliance with the Court's Standing Order on Privilege Logs. *See In Re Standing Order Regarding Privilege Logs*, No. 6:19-mc-32-LRH, Doc. No. 1 (M.D. Fla. June 17, 2019), *available at* https://www.flmd.uscourts.gov/standing-order-judge-hoffman-price-regarding-privilege-logs. Defendants shall also attach a copy of their privilege log to their supplemental briefing and file same with the Court.

f.    As set forth in Defendants' discovery responses and in the meet and confer transcript, Defendants were to provide document production by December 1, 2025. The parties shall provide in their respective briefing an update on the status of this production.

g.    The parties shall explain why they are unable to agree on an ESI protocol with respect to document production. *See* Doc. No. 175, at 14, 15.

4.    The parties should be prepared to address at the February 10, 2026 hearing each of the above questions, as well as any and all other issues/disputes identified in the joint notice (Doc. No. 175).

5.    The parties are advised that neither the supplemental briefing nor the upcoming hearing may be used as an opportunity to raise new objections or

arguments not previously identified in the parties' December 15, 2025 joint notice (Doc. No. 175).

6.      **By 5:00 p.m. on February 6, 2026**, the parties shall file a joint notice certifying their ongoing conferral and stating which issues, if any, have been resolved.   *See* Doc. No. 61, ¶ 9.

**DONE** and **ORDERED** in Orlando, Florida on January 14, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record