# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MATTHEW LAROSIERE,

      Plaintiff,

v.                                                                                 Case No:   6:24-cv-1629-AGM-LHP

CODY RUTLEDGE WILSON,
DEFCAD, INC., DEFENSE
DISTRIBUTED, DIOSKOUROI LLC,
DAVID SCOTT GINGRAS,
FEDERICO REYNAL and CHARLES
FLORES,

      Defendants

---

## ORDER

This cause comes before the Court on review of Defense Distributed's Motion for Rule 37(e) Spoliation Relief with Appointment of a Special Master.  Doc. No. 136.  Plaintiff has responded in opposition, Doc. No. 146, and Defense Distributed has filed an authorized reply, Doc. No. 154.  Having considered the parties' filings and all related exhibits, the Court finds it necessary to set this matter for evidentiary hearing.  Accordingly, it is **ORDERED** as follows:

    1.    **TAKE NOTICE** that an evidentiary hearing on Defense Distributed's motion (Doc. No. 136) will be held before the undersigned on **Wednesday**

**February 11, 2026, beginning at 10:00 a.m.**, in **Courtroom 5D**, Fifth Floor, U.S. Courthouse, 401 W. Central Boulevard, Orlando, Florida. The parties shall be prepared to attend the hearing until excused by the Court.

2. The parties, their counsel, and all witnesses who will provide testimony shall attend the hearing **in person**. **Requests for remote appearance by any party or witness will not be entertained**.

3. On or before **5:00 p.m. on Friday February 6, 2026**, the parties shall each file on the public docket their witness list for the evidentiary hearing. On or before **5:00 p.m. on Friday February 6, 2026**, the parties shall also file on the public docket their exhibit lists for the evidentiary hearing. The parties shall use the Court-approved format for their respective exhibit lists, available at https://www.flmd.uscourts.gov/judges/leslie-hoffman-price, by first selecting "Forms," and then selecting "Exhibit Labels and List (DOC)" or "Exhibit Labels and List (PDF)."

4. Each party shall arrive at the February 11, 2026 evidentiary hearing with at least **three (3) copies** of the exhibits they anticipate admitting into evidence at the hearing. One copy shall be designated as the case record copy (the "official copy"), one copy will be for the Court (the "bench copy"), and one copy shall be for use of the witnesses (the "witness copy"). The official and bench copies shall be provided to the Court at the beginning of

the hearing, and all exhibits must be pre-marked in accordance with applicable Local Rules.  The parties may have additional copies of exhibits for their own use as well.

5. At the beginning of the hearing, each side shall provide to the Court a complete exhibit list using the Court-approved format.

6. **The parties are cautioned that the Court will not allow admission at the evidentiary hearing of any witness testimony or exhibit that is not identified by the February 6, 2026 deadline, and/or that is not otherwise submitted in accordance with the requirements of this Order.**

7. **The parties are further cautioned that at the evidentiary hearing, the Federal Rules of Evidence will apply.**[1]

8. At the evidentiary hearing, Defense Distributed will bear the burden of demonstrating that all elements of the spoliation claim under Federal Rule of Civil Procedure 37(e) are established.  *See, e.g.*, *Munoz v. Wal-Mart Stores E., LP*, No. 3:23-cv-178-MMH-LLL, 2024 WL 6881998, at *2 (M.D. Fla. May 1, 2024) ("The moving party on a motion for spoliation sanctions carries the burden of proof." (citation omitted)).  In addition to all other evidence

---

[1] Thus, the parties will not be permitted to rely on pre-hearing attachments to the motion, response, or reply to support any claim or argument, unless otherwise admissible/admitted at the evidentiary hearing.

deemed relevant to establishing such claim, or opposition thereto, the parties shall be prepared to specifically address, with evidence, the following:

- What person or entity owns/licensed/set up the Rocket.Chat server at chat.deterrencedispensed.com, and what relation that person or entity has to Plaintiff Matthew Larosiere.

- Mr. Larosiere's level of control exercised over the Rocket.Chat server at chat.deterrencedispensed.com, the role held by Mr. Larosiere over same (*i.e.*, moderator, webserver administrator, administrator, user, etc.), the access and privileges granted by such role, and the timeframe that Mr. Larosiere held such role. The parties shall also be prepared to address same as it relates to John Elik.

- Why there was a duty to preserve each of the 73,000 messages and 89 beta rooms allegedly deleted and spoliated, *i.e.*, how each of these messages/beta rooms are relevant to the claims raised in this case. *See* Doc. Nos. 1, 43. Relatedly, the extent of the prejudice caused by the alleged spoliation, given that Defense Distributed's counterclaims have since been dismissed, *see* Doc. Nos. 52, 123, and because it appears that Defense Distributed has access to at least some of the information allegedly spoliated, *see* Doc. No. 136.

- Why spoliation sanctions would be warranted as to John Elik's Reddit account, where Mr. Elik is no longer a party to this case, *see* Doc. No. 123, the motion is filed against Mr. Larosiere alone, and it does not appear that Defense Distributed has thus far shown that Mr. Elik's Reddit account has anything to do with his alleged employment with Mr. Larosiere, *see* Doc. No. 136.

The parties shall also be prepared to address by oral argument and submission of legal authority:

- Whether a discovery request must be made first for the specific discovery that is allegedly spoliated to have a claim for Rule 37(e) spoliation.  The parties shall also be prepared to discuss all discovery served in this case, with specific citation to discovery requests that asked for the allegedly spoliated materials.

- Whether, if the spoliated materials were sought in discovery, and Plaintiff submitted objections to that discovery, it was necessary for Defense Distributed to first file a motion to compel production of said discovery prior to moving for spoliation sanctions.

9. **Failure to comply with this Order or appear at the hearing as required by this Order may result in sanctions.   *See* Fed. R. Civ. P. 16(f).**

**DONE** and **ORDERED** in Orlando, Florida on January 14, 2026.

Leslie Hoffman Price

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record