UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW LAROSIERE,        CASE №: 6:24-cv-01629

*Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc., DEFENSE DISTRIBUTED, and DIOSKOUROI LLC,

*Defendants*.

_____/

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE DECEMBER 31, 2025, ENDORSED ORDER REGARDING RULE 3.01(g) CONFERRAL**

Defendants, CODY RUTLEDGE WILSON, DEFCAD, INC., DEFENSE DISTRIBUTED, and DIOSKOUROI LLC (collectively referred to as "Defendants"), submit this response to address Plaintiff's, MATTHEW LAROSIERE ("Plaintiff"), Motion for Reconsideration of the December 31, 2025 Endorsed Order, *see e.g.* Doc. 178, regarding Rule 3.01(g) Conferral, filed on January 2, 2026 ("Motion for Reconsideration"), and in support thereof, state as follows:

**I.    INTRODUCTION**

Plaintiff's Motion for Reconsideration attempts to recast the Local Rule 3.01(g) conferral by selectively reframing what occurred and by misusing the "Attorneys' Eyes Only" ("AEO") designation to manufacture a dispute that impeded filing Defendants' Motion for Leave to Amend and its supporting exhibit. *See generally,* Doc. 179. The

327440771v.2

record shows that, while the parties did meet and confer on December 30, 2025, Plaintiff did not substantively resolve how to handle the AEO designation for Exhibit A to the Motion for Leave to Amend and instead conditioned production of a redacted version on Defendants' disclosure of their legal strategy, thereby distorting both the AEO process and the meet-and-confer. No reconsideration is warranted on this record.

## II.  BACKGROUND

Plaintiff seeks reconsideration of the Court's December 31, 2025, endorsed order, arguing the Court relied on an "incomplete" conferral record and that a substantive meet-and-confer occurred before a reporter on December 30, 2025. *See* Doc. 178. Plaintiff asserts Defendants' certification inaccurately described Exhibit D, *see e.g.,* Doc. 177–4, as the "true and correct copy" of the parties' conferral and insists the December 30, 2025, transcript should have been included. *See* 179–1.

The transcript confirms that the parties met on December 30, 2025, and that Defendants sought two determinations germane to filing: whether Plaintiff opposed the Motion for Leave to Amend and how to handle the AEO designation for the employment agreement materials that Defendants intended to file as Exhibit A. *See* Doc. 179–1. Defendants specifically asked whether Plaintiff would redesignate or move to seal the documents, given that they had been designated AEO under the protective order and Defendants had provided notice of their intent to use them. *Id.* Plaintiff's counsel did not commit to a sealing path and instead demanded that Defendants first identify which "*Reid*" factor they believed was implicated before Plaintiff would provide a redacted copy. *See* Docs. 179–1, 179–3. Defense counsel

2

summarized that "it appears that plaintiffs are opposed to…defendant's motion for leave to amend," and that, to address the AEO issue, Plaintiff would send a redacted version that "you deem appropriate," but again without any concrete resolution of the AEO pathway necessary to complete filing. *See* Doc. 179–1 at p. 11.

Plaintiff's own later conferral on January 2, 2026, confirms Defendants' position that Exhibit A was "key" to the motion, that Plaintiff had not provided a redacted copy or agreed to a motion to seal, and that this AEO impasse—of Plaintiff's making—was the practical barrier to the filing package. Attached as **Composite Exhibit A** is a true and correct copy of the parties' email discussions regarding the parties' meet and confer to request Plaintiff's position on Defendants' Motion for Leave to Amend. The undersigned stated that, to the extent the Court requested conferral on sealing the exhibits to the Motion for Leave to Amend, "plaintiffs have been uncooperative" because they "haven't produced a redacted copy of the exhibits or filed a — or agreed to move to seal," precisely the step needed to finalize the motion's filing with its exhibit. *Id.* Plaintiff's demand that Defendants first "explain exactly what *Reid* factor is at issue" before providing a redacted copy only deepened the delay and diverted the meet-and-confer from its purpose. *Id.*

Against this backdrop, Plaintiff's Motion for Reconsideration asks the Court to vacate or modify its order by contending that the December 30, 2025, transcript proves a fulsome conferral and that any inference of noncooperation resulted from Defendants' use of email excerpts. *See* Doc. 179. But the transcripts and emails show

3

that Plaintiff used the AEO designation as leverage during conferral, conditioning the provision of a redacted exhibit on disclosure of Defendants' legal analysis and on Plaintiff's refusal to identify a sealing pathway, thereby preventing the timely attachment of Exhibit A to the motion package. *See id.*

### III.   <u>LEGAL STANDARD</u>

The proper standard of review for the Court when considering a motion to reconsider is outlined in *Prudential Securities, Inc. v. Emerson*, 919 F. Supp. 415 (M.D. Fla. 1996). The Court in Prudential held that "[a] Court will not alter a prior decision absent a showing of clear and obvious error where 'the interest of justice' demands correction." *Id*. (quoting *American Home Insurance Co. v. Glenn Estess & Associates, Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)). Furthermore, the Court held that motions for reconsideration "should not be used to raise arguments which could, and should, have been [previously] made." *Prudential*, 919 F. Supp. at 417.

A motion for reconsideration must demonstrate why the court should reconsider its prior decision and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294 (M.D. Fla. 1993). This Court has recognized three (3) grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). Reconsideration of a previous order is an extraordinary measure and should be applied sparingly in the interests of finality and conservation of scarce judicial

4

resources. *See Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F. Supp. 522 (E.D. Pa. 1992)).

On December 31, 2025, this Court entered an Endorsed Order on Defendants' Motion for Leave to Amend Defendants' Answer and Affirmative Defenses to Add Additional Defenses, requiring the parties to engage in a good-faith meet and confer process pursuant to Local Rule 3.01(g) before filing the instant Motion, *see e.g.,* Doc. 179 (the Court's "Order"). To this end, Plaintiff requests that this Court reconsider the Order; however, as discussed below, the Court did not commit a clear error or manifest injustice in its ruling on the Order. *Id.* As explained more fully below, Plaintiff's Motion should be denied.

## IV. ARGUMENTS AND AUTHORITIES

### 1. Plaintiff Misused the AEO Designation to Obstruct a Straightforward Filing Discussion.

Defendants identified, during the December 30, 2025, conferral, that the employment-agreement materials were designated AEO and asked whether Plaintiff would de-designate or, alternatively, whether Plaintiff would move to seal, so the filing could proceed properly. Doc. 179–1. Rather than cooperate to determine an appropriate filing mechanism, Plaintiff demanded that Defendants first specify which "*Reid*" factors supported their view of the documents—an insistence on defense mental impressions—not required to facilitate either a de-designation or a sealing path. Defense counsel summarized the outcome: Plaintiff appeared opposed to leave to amend and would "send a redacted version … that you deem appropriate," yet no

5

327440771v.2

operative resolution was reached to permit timely filing of Exhibit A. *See* Doc. 179 at p. 2. By transforming an AEO housekeeping issue into a demand for legal concessions, Plaintiff distorted both the protective order process and the meet-and-confer function.

    2.    **The Conferral Record Confirms the Source of Delay Was Plaintiff's Refusal to Commit to the-Designation or a sealing path for Exhibit A**.

The January 2, 2026 transcript establishes the parties' shared understanding that Exhibit A was "key" to Defendants' motion and that Plaintiff had neither provided a redacted version nor agreed to sealing, thereby blocking completion of the filing package. *See* Doc. 179–3. Defense Counsel contemporaneously explained that Plaintiffs "haven't produced a redacted copy of the exhibits or filed a — or agreed to move to seal," and instead conditioned redaction on an explanation of the "*Reid* factor," which exceeded the scope of the meet-and-confer and caused delay. Plaintiff's attempt to portray the delay as mere "holiday-week scheduling" or to suggest that a single transcript cures the practical impasse does not alter the fact that Plaintiff never solved the threshold issue of how Defendants could attach the AEO materials. *See* Doc. 179 at p. 4.

    3.    **No Reconsideration is Warranted Because the Fuller Record Only Reinforces the Court's Concern About Plaintiff's Cooperation.**

Even crediting Plaintiff's desire to add the December 30, 2025 transcript, the complete conferral record confirms that Plaintiff obstructed the exhibit-handling issue, which was necessary for a proper and timely filing. *See* Doc. 179–1. Plaintiff's Motion for Reconsideration is premised on the notion that the Court lacked context; yet the added context shows that Plaintiff conditioned routine AEO logistics on disclosure of

Defendants' legal theory, refused to commit to de-designation or sealing, and thereby prolonged the process Defendants sought to complete. *See* Docs. 179–1, 179–3, and Comp. Ex. A. In short, the conferral record now before the Court validates, rather than undermines, the Court's admonition concerning cooperation and the directive to ensure a good-faith conferral.

### 4. Defendants' Conferral Efforts Were Accurate and Adequate; Plaintiff's Complaints about Exhibit D Do Not Change the Outcome.

Plaintiff's principal grievance is that Defendants' certification referenced an email chain as the "true and correct" copy of the conferral, but Plaintiff concedes that a live conferral occurred and that Defendants summarized the parties' respective positions at its conclusion. The December 30, 2025 transcript reflects precisely the impasse Defendants described: Plaintiff would not give a position enabling the exhibit's inclusion, instead placing preconditions on redaction and refusing to state a sealing path. *See* Doc. 179–1. The notion that the Court would have ruled differently had it received the transcript is speculative and, in any event, contradicted by what the transcript actually shows about Plaintiff's handling of the AEO designation.

## V. CONCLUSION

In sum, Plaintiff's Motion for Reconsideration should be denied. The December 30, 2025, transcript and the subsequent January 2, 2026, conferral confirm that Plaintiff abused the AEO designation and distorted the meet-and-confer by conditioning redactions on disclosure of Defendants' legal analysis, and by refusing to commit to the-designation or sealing—conduct that caused filing delay and required

7

327440771v.2

Court intervention. Docs. 179–1, 179–3. The record presently before the Court provides no basis for reconsideration.

Dated: January 16, 2026    Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN& DICKER LLP**

By:  *s/ Leia V. Leitner*
Leia V. Leitner
Florida Bar No: 105621
111 North Orange Avenue
Suite 1200
Orlando, FL 32801
Telephone:   407-423-7287
Facsimile: 407-648-1376
Leia.Leitner@wilsonelser.com
Cheryl.Kujawski@wilsonelser.com

Jura C. Zibas
Florida Bar No: 124571
Amaris C. Gyebi, Esq.
Florida Bar No: 1019361
2063 Main Street - Suite 100
Sarasota, FL 34237
Telephone:941-866-8561
Facsimile: 941-210-5979
Jura.Zibas@wilsonelser.com
Amaris.Gyebi@wilsonelser.com
Cheryl.Kujawski@wilsonelser.com

*Co-Counsel for Defendants*
*Cody Rutledge Wilson*
*DEFCAD, Inc. and Defense Distributed*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th day of January, 2026, a true and correct copy of the foregoing document has been electronically filed with the Clerk of the

8

327440771v.2

Court using the CM/ECF E-Filing Portal, which will serve an electronic copy of the foregoing on the following: Zachary Z. Zermay, Esq., Florida Bar No: 1002905; Zermay Law, P.A., *Counsel for Plaintiff*, 1200 Fourth Street, #1102, Key West, Florida 33040; Telephone: 305-767-3529; Zach@Zermaylaw.com and info@Zermaylaw.com; Charles (Chad) Flores, Esq., Flores Law PLLC, *Counsel for Defendants, Cody Rutledge Wilson, DEFCAD, Inc., Defense Distributed and Dioskouroi LLC,* 917 Franklin Street, Suite 600, Houston, Texas 77002, Telephone: 713-364-6440, CF@ChadFlores.law; chad-flores-7646@ecf.pacerpro.com and service@chadflores.law.

                 *s/Leia V. Leitner*
                  Leia V. Leitner