UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW LAROSIERE,  CASE №: 6:24-cv-01629

*Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc., DEFENSE DISTRIBUTED, and DIOSKOUROI LLC,

*Defendants*.

_____/

### DEFENDANTS' SUPPLEMENTAL BRIEFING IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Pursuant to the Court's Order denying Plaintiff's motion to quash and deferring the request for a protective order for further briefing, (Dkt. 181) ("Order"), Defendants state as follows:

### I. INTRODUCTION

In its Order, the Court directed the parties to submit additional briefing on the issue of relevance of the documents sought via subpoena, and whether Plaintiff's motion may be properly supported by declarations filed under pseudonym. Dkt. 181 at p. 4. As to the issue of relevance, the documents sought via subpoena are needed to ascertain the true identity of individuals believed to have information regarding Plaintiff's publication of the copyrighted works at issue. The declarations Plaintiff submitted on behalf of each of these individuals have also made their respective identities relevant to investigating Plaintiff's claim of willfulness. As to the issue of

1

whether Plaintiff can rely on declarations filed under pseudonym, he may not. First, Plaintiff failed to obtain the Court's permission to file a pseudonymous declaration, thereby rendering the declarations void ab initio. Second, a pseudonymous declaration prevents a protective order from meeting specificity and reasonableness requirements, and accordingly cannot properly support a motion for the same.

## II. BACKGROUND

Defendants noticed subpoenas to Etsy, Inc., Shopify, Inc., and Registered Agents, Inc., to ascertain the true identities of individuals believed to have knowledge relevant to the instant action, and obtain information sufficient to locate said individuals. *See* Dkts. 176-1, 176-2, 176-3 for copies of the subpoenas at issue. Each of the foregoing subpoenas were served on Plaintiff via email. In response, Plaintiff expressed "confidence" that Defendants were acting with an improper purpose, and that Plaintiff would be moving to quash the subpoenas. *See* Exhibit A attached. In view of Plaintiff's opposition, Defendants have not proceeded with service of the subpoenas.

## III. ARGUMENT/ SUPPLEMENTAL BRIEFING

1. <u>The documents sought via the subpoenas at issue are relevant to the issues of publication and willfulness.</u>

Defendants seek to obtain the true identity of individuals, whom upon information and belief, have worked directly with Plaintiff's alleged employee, John Elik, or Plaintiff himself, via his company, MAF Corp., to publish and advertise the copyrighted materials at issue. The precise publication date of each copyrighted work is essential to the issue of recovery in this action. It is Defendants' position that a

number of works at issue were published before the dates listed in the copyright registrations, and that the earlier publication dates foreclose Plaintiff from seeking / recovering statutory damages. *See* 17 U.S.C.S. § 412(2)( statutory damages are not available for any infringement of copyright commenced after first publication of the work, but before the effective date of its registration, if more than three months have passed since first publication).

Defendants have attempted to obtain the facts supporting the dates of first publication from Plaintiff. And Plaintiff has essentially told Defendants to go look at the copyright registrations. *See e.g.*, Exhibit B, Plaintiff's Verified Answers to Defendant's First Set of Interrogatories, Response to Interrogatory No. 1. Attempts to gain further information from Plaintiff have been unsuccessful, despite written communications outlining the deficiencies in Plaintiff's response and conferral discussions between counsel. Defendants have consequently been left to obtain the information they need from third party sources.

In investigating the initial publications of the copyrighted works, Defendants were led to two individuals, operating under the usernames "Scout" and "Romanov13649"[1]. Upon information and belief, these individuals worked with and/or for Plaintiff or Mr. Elik in publishing the copyrighted works on platforms

---

[1] The X account previously located for "Romanov13649" has been deleted, along with all account history following the Court's Order .*See* Exhibit C attached showing the user "Romanov13649" no longer exists, along with various posts previously on the account that are no longer available. (see URL portion of exhibit). This individual also posted a "burn order" on May 15, 2025, following the Court's denial of Plaintiff's Emergency Motion to Quash (Dkt. 97). *See* Exhibit D attached hereto. Notably, similar deletions were made by Mr. Elik on the date Plaintiff initiated the instant suit. *See* Dkt. 136 at p. 9-10.

3

including, Reddit, The Gatalog, and on certain Discord servers. Attached as Exhibit E are posts Defendants have gathered which reflect a connection between these individuals and Mr. Elik, Plaintiff, and/or Plaintiff's business MAF Corp.,[2] or which reference Defendants/ this suit, including Rocket.Chat communications between Mr. Elik[3] and "Nikolai.Romnov". Defendants' investigation further led them to the company, Guncad Index, LLC, who advertised the publication of three of the copyrighted works at issue: SF5, Amigo Grande, and Plastikov v4. *See* Exhibit F.

Notwithstanding best efforts, Defendants were unable to find identifying information for either of the individuals behind the username "Scout" and "Romanov13649", but found a connection between the usernames and shops hosted on Etsy and Shopify. Specifically, "Scout" was found to be associated with the store Duncan Manufacturing and the name, "Scott Duncan" on the Shopify website. And "Romanov13649" was found to be associated with shop Romanov Mashina Zavod and the name "Nikolai Romanov" on Etsy's website. Hence, Defendants initiated subpoenas on Etsy and Shopify to ascertain the true identities of these individuals, along with obtaining means to locate them for discovery purposes.

The same objective existed for the subpoena to Registered Agents, as the owner information for Guncad Index, LLC is masked under the business name, Registered Agents, Inc. *See* Exhibit G. Now that Plaintiff has identified the owner of Guncad

---

[2] Attached as Exhibit H is a printout of MAF Corp.'s documents, as published on Sunbiz.org.
[3] The references to "Ivan" in all exhibits are believed to be the shortened version of "IvanTheTroll" or "IvanTTroll" a pseudonym reportedly used by Mr. Elik and Plaintiff in connection with the publication of the copyrighted works at issue. Plaintiff has further taken the position that all materials concerning "IvanTheTroll" are relevant to this action. Dkt. 156-2, Plaintiff's Request for Production to Defendant Wilson, Request No. 21.

Index, LLC as "The Shiftinator[4]", ascertaining the true identity of this individual is an even greater matter of importance, given his/her commentary on the SF5 copyrighted work at issue, the alleged rehosting of the same on DEFCAD, claims of sponsorship by Plaintiff's business, MAF Corp., and knowledge of Mr. Elik's continued participation in "beta" rooms used for testing and/or publishing 3D gun files. *See* Exhibit I attached.

Secondarily, and based upon Plaintiff's own submission, it appears the individuals that Defendants are attempting to identify and locate have information pertaining to Plaintiff's allegation of willful copyright infringement. Plaintiff has represented his claim of willfulness stems, at least in part, from an alleged pattern of infringement committed by Defendants. *See* Dkt. 175-2 at 145:7-16; 146:14-18. Plaintiff has further sought discovery on this issue. *See* Dkt. 156-2, Plaintiff's Request for Production to Defendant Wilson, Request No. 38. Each of the declarations Plaintiff has submitted in support of his motion, affirmatively assert knowledge of prior infringement purportedly committed by Defendants. *See* Dkts. 176-4 at ¶6; 176-5 at ¶¶6,7; 176-6 at ¶6. Thus, contrary to Plaintiff's assertions, it does appear that each of these individuals has knowledge that is minimally pertinent to the willfulness allegations Plaintiff has levied.

It is well settled that The Federal Rules of Civil Procedure strongly favor

---

[4] Upon review of online materials, Defendants believe this to be a reference to the username "The Shittinator", who has made posts on behalf of Guncad Index, LLC, including identifying MAF Corp. as sponsor for the company. *See* Exhibit I attached hereto.

complete discovery, *Akridge v. Alfa Mut. Ins. Co.*, 1 F.4th 1271, 1276 (11th Cir. 2021), and the subpoenas at issue may lead to the development of relevant evidence for the reasons stated. As such, Defendants submit that the documents sought by the subpoenas at issue are relevant, and a protective order would be improper.

2. <u>Plaintiff's motion cannot be supported by declarations filed under pseudonym.</u>

In support of his motion, Plaintiff submitted the pseudonymous declarations of "Scott Duncan", "Nikolai Romanov", and "The Shiftinator" (collectively "Declarants"), who each claim to the be individuals Defendants are attempting identify and locate via service of the subpoenas at issue.

First, it does not appear that Plaintiff can file a pseudonymous declaration as a matter of right. Under Eleventh Circuit precedent, a party who wishes to proceed anonymously must receive permission from the court. *See Doe v. Pierce Cty.*, 2019 U.S. Dist. LEXIS 73436 (S.D. Ga. May 1, 2019) (citing *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001) ("While the Eleventh Circuit has recognized that parties can proceed anonymously in certain rare cases and has established factors for determining when such anonymity should be allowed, the proper procedure in this Circuit is for a party to file a motion for leave to proceed anonymously.").

Defendants have not located any authority that supports or suggests that the requirement for leave is eviscerated, simply because the individual wishing to proceed anonymously is a nonparty. To the contrary, litigants in this Circuit, and beyond, routinely seek leave to proceed under pseudonyms for submissions made by, and on

6

behalf of, nonparties. *See e.g. Oldaker v. Giles*, 2021 U.S. Dist. LEXIS 145563 at *6-7 (M.D. Ga. Aug.4, 2021) (noting petitioner's prior motion to proceed by pseudonym for nonparty declarations that petitioner sought to submit in support of her case), *see also* Exhibit J; *Evans v. Robertson,* 2025 U.S. Dist. LEXIS 99857 at *2 (E.D. Mich. May 14, 2025) (denying a nonparty's request to proceed under pseudonym, made in connection with his motion to quash nonparty subpoenas served by the plaintiff); *Free Speech Coal v. Anderson*, 2023 U.S. Dist. LEXIS 111976 (D. Utah June 27, 2023) (granting the plaintiff's unopposed motion to proceed under pseudonyms filed on behalf of two parties, and a non-party witness expected to testify); *Doe v. Hopkins Sch.*, 2021 Conn. Super, LEXIS 898 at *10 (Conn. Sup. Ct. May 14, 2021) (requesting nonparty students be identified only by pseudonyms in connection with motion for protective order). Further, allowing a party to withhold identifying information at their election, would contravene the presumptive openness of judicial proceedings to the public and the public's right to access judicial records. *Doe v. M.D., P.A.*, 2024 U.S. Dist. LEXIS 3317 at *1 (M.D. Fla. Jan. 8, 2024).

      Defendants submit the pseudonymous declarations were improperly filed without leave of Court and are void for the purpose of supporting Plaintiff's motion on this reason alone. Moreover, neither Plaintiff, nor the Declarants, have grounds to file a motion to proceed pseudonymously, as this action is not one of a highly sensitive or personal nature, there is no real danger of physical harm, and there is no evidentiary

support that any injury[5] litigated would result from disclosure. *Id.* at *2.

Second, even if the Court granted permission to file the declarations under pseudonym, these declarations cannot be used to support Plaintiff's motion for protective order. It is well settled that protective orders must be precisely drawn. *State Farm Mut. Auto. Ins. Co. v. Advantacare of Fla., LLC*, 2020 U.S. Dist. LEXIS 252974 at *3-4 (M.D. Fla. May 18, 2020) (citing *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987)). And an order meets the reasonable specificity requirement only if it is a clear, definite, and unambiguous order requiring [or prohibiting] the action in question." *In re E.I. DuPont de Nemours & Co.-Benlate Litig.*, 99 F.3d 363, 370 (11th Cir. 1996).

Here, the Court has not even been provided with the actual identities of these Declarants; therefore, the grant of any protective order would necessarily be unclear and ambiguous. The Court has somewhat touched on this issue already in denying Plaintiff's first motion to quash. *See* Dk. 97 at 3 (…[T]he Court is unable to grant relief when the precise relief is unknown."). Plaintiff's proposal to disclose the declarant's identities "if authenticity or credibility is called into question", only highlights the failure to provide the Court and Defendants with any basis to evaluate identity, standing, or credibility. Plaintiff's proposal also does not remedy the issue at hand because Plaintiff cannot verify the accuracy of any identities he might disclose, as he

---

[5] Defendants note that Plaintiff made the same sweeping complaints of harassment in connection with the September 9, 2025 Motion for Sanctions (Dkt. 138), which this Court denied on January 12, 2026, finding the motion "unpersuasive". Dkt. 184 at p. 5.

8

claims not to know who these individuals are—further defeating the specificity and reasonableness required for any protective order. *See* Exhibit A attached hereto ("We had no idea who these people were, so we reached out to try to find out.").

Additionally, there is no evidence that the Declarants are the individuals that Defendants seek to identify and locate. As noted by the Court, the actual subpoenaed parties are different from the Declarants. Dkt. 181 at 4, n. 1. The subpoenas are directed at Shopify, Etsy, and Registered Agents, Inc., and none of these entities have identified "Scott Duncan", the "Shiftinator" or "Nikolai Romanov" as being the subject of, or otherwise having a protectible interest in, the information sought in the subpoenas issued. It is also of important note that Defendants do not know who the Declarants are, which opens the door to a myriad of compliance issues should the Court proceed with an order requiring or prohibiting any action based on the pseudonyms provided. *See United States v. Turner*, 812 F.2d 1552, 1563 (11th Cir. 1987). ("The reasonableness of the specificity of an order . . . must be evaluated in the context in which it is entered and the ***audience to which it is addressed***.") (emphasis added).

Compounding concerns is the receipt of messages from an individual claiming to be the Declarant "Scott Duncan". *See* Exhibit K attached[6]. Per Exhibit K, this individual has no issue with talking with Mr. Wilson directly, calling into question the representations Plaintiff has submitted to the Cout as verified fact. While Defendants have not ascertained whether this individual and the person Plaintiff claims to be the

---

[6] It is our understanding that the reference to "Matt" refers to Plaintiff, Matthew Larosiere. And the reference to "Alex (NaviGoBoom)" refers to Alex Holladay, the manager of Plaintiff's business, MAF Corp.

Scott Duncan Declarant are the same, this occurrence highlights the infeasibility of Plaintiff's motion being properly supported by pseudonymous declarations—especially where it is Plaintiff's burden to make specific demonstrations of fact **and** show his interest in seeking a protective order outweighs Defendants' interest in receiving the information. *McCarthy v. Barnett Bank of Polk Cty.,* 876 F.2d 89, 91 (11th Cir. 1989) ("In addition to requiring good cause, this circuit has also required the district court to balance the interests of those requesting the [protective] order.") .

### IV.   CONCLUSION

Plaintiff's request for a protective order is unsupported, ill-founded, and reflects a commitment to engaging in unsavory litigation tactics. The concerted effort to have each Declarant attest to matters wholly immaterial to this case, including unsubstantiated claims of harassment and alleged criminal conduct, has no purpose outside of pushing a self-serving performative agenda meant to publicly malign Defendants. *See also* Dkt. 175-2 at 149:12-21; Exhibit B, Response to Interrogatory 3.

The subpoenas at issue seek information relevant to first-publication dates and willfulness, and Defendants should be permitted to proceed. Plaintiff's pseudonymous declarations were filed without leave and, in any event, cannot support a precise, enforceable protective order where identities are concealed. Defendants respectfully request that the Court deny Plaintiff's request for a protective order, permit issuance and service of the subpoenas, and grant all other relief deemed due and just.

Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN& DICKER LLP**

By: *s/Amaris C. Gyebi*
Leia V. Leitner
Florida Bar No:  105621
111 North Orange Avenue
Suite 1200
Orlando,  FL  32801
Telephone:         407-423-7287
Facsimile: 407-648-1376
Leia.Leitner@wilsonelser.com
Cheryl.Kujawski@wilsonelser.com

Jura C. Zibas
Florida Bar No:  124571
Amaris C. Gyebi, Esq.
Florida Bar No:  1019361
2063 Main Street - Suite 100
Sarasota, FL 34237
Telephone:941-866-8561
Facsimile:  941-210-5979
Jura.Zibas@wilsonelser.com
Amaris.Gyebi@wilsonelser.com
Cheryl.Kujawski@wilsonelser.com

*Co-Counsel for Defendants*
*Cody Rutledge Wilson*
*DEFCAD, Inc. and Defense Distributed*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th  day of January, 2026, a true and correct copy of the foregoing document has been electronically filed with the Clerk of the Court using the  CM/ECF E-Filing Portal, which will serve an electronic copy of the foregoing on the following: Zachary Z. Zermay, Esq., Florida Bar No:  1002905;

11

Zermay Law, P.A., *Counsel for Plaintiff*, 1200 Fourth Street, #1102, Key West, Florida 33040; Telephone: 305-767-3529; Zach@Zermaylaw.com and info@Zermaylaw.com; Charles (Chad) Flores, Esq., Flores Law PLLC, *Counsel for Defendants, Cody Rutledge Wilson, DEFCAD, Inc., Defense Distributed and Dioskouroi LLC,* 917 Franklin Street, Suite 600, Houston, Texas 77002, Telephone: 713-364-6440, CF@ChadFlores.law; chad-flores-7646@ecf.pacerpro.com and service@chadflores.law.

                                              *s/Amaris C. Gyebi*
                                              Amaris C. Gyebi