# EXHIBIT B

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

*Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc.,
DEFENSE DISTRIBUTED, and DIOSKOUROI
LLC,

*Defendants*.

_____

## MATTHEW LAROSIERE'S RESPONSES TO CODY WILSON'S FIRST SET OF INTERROGATORIES

### OBJECTION TO INSTRUCTIONS

Plaintiff objects to Defendant's "Instructions" to the extent they purport to impose duties exceeding or inconsistent with the Federal Rules of Civil Procedure, the Local Rules of the Middle District of Florida. The Federal Rules and Local Rules govern automatically. To the extent the Instructions attempt to enlarge obligations beyond the Rules, they are improper, vague, and overbroad. Plaintiff expressly rejects these instructions and will respond in accordance with, and only as required by, the governing Rules.

Plaintiff further objects to Instructions 3 and 4 as overbroad and unduly burdensome because they demand information from every past or present "agent," anyone "acting or purporting to act" on Plaintiff's behalf, and Plaintiff's attorneys, consultants, investigators, or representatives. Interrogatories under Rule 33 require responses based on the party's knowledge or information reasonably obtainable, not an indefinite inquiry into all individuals who may have had any historical connection to the party. To the extent these Instructions require inquiry into or disclosure of information held by counsel or litigation consultants, they seek attorney–client privileged information and attorney work product.

Plaintiff objects to Instruction 5 to the extent it requires a responding party to identify "what must be done" to provide a more complete answer. Rule 33 requires a party to answer to the extent possible; it does not require disclosure of investigative strategy or a roadmap of further steps, which would improperly reveal mental impressions protected by work product.

Plaintiff further objects to Instructions 6 and 7 as misstating the standard for objections. While Rule 33(b)(4) requires objections to be stated with specificity, it does not require the responding party to provide detailed factual exposition supporting each objection, nor to disclose privileged or protected information in order to justify its invocation. These Instructions improperly conflate obligations applicable to Rule 34 document requests with interrogatory practice under Rule 33.

Plaintiff objects to Instruction 8 because there is no such thing as a "continuing interrogatory" under the Federal Rules. The only applicable duty is the supplementation obligation imposed by Rule 26(e), which requires supplementation only if a prior answer is materially incomplete or incorrect in a material respect, not a continuing duty of monitoring as Defendant's Instruction implies. Any attempt to impose a broader continuing duty is improper and is rejected.

## OBJECTION TO DEFINITIONS

Plaintiff objects to Defendant's Definitions as set forth below. Plaintiff rejects the remaining Definitions for the reasons stated herein and will construe terms in accordance with their plain and ordinary meaning as required under the Federal Rules of Civil Procedure unless the Rules themselves prescribe otherwise. See MD Discovery Handbook § I.A (discouraging unduly burdensome and generic definitions).

Plaintiff objects to the definition of "Works" insofar as it contains works that are not subject to this action. (VA0002449545, VA0002449526, VA0002449520, TX0009509700, TX0009509692, VA0002418589, TX0009412695, TX0009403054, TX0009417973, VA0002415259).

Plaintiff objects to the definition of "You," "Your," or "Plaintiff" as vague, overbroad, unduly burdensome, and inconsistent with Rules 26 and 33. The definition impermissibly attempts to expand the scope of responsibility to include an undefined universe of "current or former business and/or creative partners," "vendors," "servants," "corporate alter egos," and persons "acting or purporting to act" for Plaintiff, as well as Plaintiff's attorneys, consultants, and advisors. Rule 33 requires information known or reasonably obtainable by the party, not an exhaustive search of all persons the requesting party speculates may have been associated with the responding party. To the extent the definition includes attorneys or litigation consultants, it improperly seeks privileged or work-product information. Plaintiff rejects this definition and will apply the term "Plaintiff" as governed by the Federal Rules.

Plaintiff objects to the definition of "Concerning" as vague, overbroad, and improperly expansive. Courts in this District disfavor definitions that include phrases such as "reflecting," "evidencing," or "interpreting," which unnecessarily broaden the scope of discovery beyond the limits of proportionality under Rule 26(b)(1). Plaintiff will interpret "concerning" in its plain and ordinary meaning.

Plaintiff objects to the various formulations of "relate to" as overly inclusive, vague, and unduly burdensome. Phrases such as "be in any way logically or factually connected" extend the definition far beyond the scope contemplated by the Federal Rules and risk sweeping in irrelevant or tangential material. Plaintiff rejects this definition and will apply the term in its plain and ordinary sense.

Plaintiff objects to the definition of "Document" as extraordinarily overbroad, unduly burdensome, and inconsistent with the proportionality principles of Rule 26(b)(1). The definition attempts to impose technical production requirements (including specific media formats and native productions) within interrogatories, which is improper. The definition also purports to regulate form-of-production obligations not applicable to interrogatories and encroaches on the separate procedural framework for Rule 34 requests. Plaintiff rejects this definition and will apply the term "document" in accordance with its plain meaning under the Federal Rules.

Plaintiff objects to the definition of "Communication" as overly expansive and unduly burdensome. It includes every conceivable medium of expression without regard to proportionality or relevance, and it specifically seeks to broaden discovery beyond what Rule 26 permits. Plaintiff will interpret "communication" in its ordinary usage and as limited by the scope of each interrogatory.

Plaintiff objects to the definition of "identify" as applied to persons because it requires disclosure of residential addresses and telephone numbers, which may raise privacy concerns and exceed the scope of information required for intelligible interrogatory responses. Plaintiff will identify individuals consistent with Rule 26(a)(1)(A)(i) and Rule 33(b), without disclosing information beyond what is relevant and necessary.

Plaintiff objects to the definition of "identify" as applied to documents because it demands detailed metadata-style information more akin to a Rule 34(b) document request than a Rule 33 interrogatory. Interrogatories cannot be used to circumvent Rule 34's proportionality and procedural safeguards. Plaintiff will identify documents in a manner sufficient to answer the interrogatory without adopting an unduly burdensome technical definition.

Except as to the definition of "Works," Plaintiff rejects each of Defendant's Definitions and will construe all terms in accordance with their plain and ordinary meaning under the Federal Rules.

## **INTERROGATORIES**

1. Identify all facts supporting the Date(s) of Publication in the registration of each of the Works with the U.S. Copyright Office.

**Objection**:

Plaintiff objects that this Interrogatory is vague and overbroad to the extent it demands that Plaintiff "identify all facts supporting" the dates of publication listed in the copyright registrations. The Middle District Discovery Handbook cautions against "all facts" interrogatories because they are unduly burdensome, risk encompassing attorney work product, and often exceed the proportional needs of the case. See MD Discovery Handbook § III.A. Plaintiff further objects under Fed. R. Civ. P. 26(b)(1) because the request, as phrased, is disproportionate to the needs of the case; the relevant information is already reflected in the registrations themselves and does not require an exhaustive factual narrative. Plaintiff objects under Fed. R. Civ. P. 26(b)(3) and the attorney–client privilege to the extent the Interrogatory seeks information concerning pre-publication editorial communications, review processes, or other exchanges involving counsel or individuals acting in an advisory or consultative capacity, as those materials constitute attorney work product or privileged communications. Plaintiff also objects under Fed. R. Civ. P. 33(a)(2) and 33(b)(1)(B) to the extent Defendant seeks a cataloguing of all evidentiary material rather than the factual basis reasonably available to Plaintiff. Plaintiff further objects to any implied assumption that the dates listed in the registrations are inaccurate. Subject to and without waiving these objections, Plaintiff responds as follows.

**Response**:
The dates of publication identified in the registrations for the Works reflect the first date on which copies of each respective Work were first made available to the public. To the extent any particular Work was viewed by or shared with any individual prior to the listed publication date, such disclosure occurred solely for purposes of proofreading, reviewing, editing, or other pre-publication evaluation of the Work, and was made with the expectation that the content not be disclosed to the public. The registration dates therefore accurately reflect the dates of publication.

2. Identify all persons and entities to whom Plaintiff has licensed the Works.

**Objection**:
Plaintiff objects to this Interrogatory as vague and overbroad to the extent it seeks identification of "all persons and entities" without temporal or subject-matter limitation. Plaintiff objects under Fed. R. Civ. P. 26(b)(1) because the Interrogatory, as phrased, risks seeking information beyond the scope of relevant and proportional discovery. Plaintiff further objects under Fed. R. Civ. P. 26(b)(3) and the attorney–client privilege to the extent the Interrogatory could be read to encompass privileged communications or attorney work product relating to licensing discussions, drafts, negotiations, or legal analysis of licensing issues. Plaintiff also objects to the extent the request implies that a license presently exists or has ever existed. Subject to and without waiving these objections, Plaintiff responds as follows.

**Response**:
Plaintiff has not licensed any of the Works to any person or entity. Plaintiff has intentionally chosen not to commercialize the Works at this time for a variety of artistic reasons, including to avoid any risk of unwanted association or entanglement with Defendant or

Defendant's affiliated entities. Because licenses have not been granted, there are no persons or entities responsive to this Interrogatory.


      3. Identify all persons with knowledge of the facts underlying Plaintiff's allegations of alter ego, commingling, or single enterprise among the Defendant.

**Objection**:
Plaintiff objects that this Interrogatory is overbroad, unduly burdensome, and seeks information beyond the scope of Fed. R. Civ. P. 26(b)(1) to the extent it requires identification of "all persons with knowledge" of every fact underlying allegations of alter ego, commingling, or single enterprise. The Middle District Discovery Handbook cautions that requests for "all persons with knowledge" can be burdensome and disproportionate when they seek expansive factual canvassing rather than the disclosure necessary to understand the claims at issue. Plaintiff further objects under Fed. R. Civ. P. 26(b)(3) and the attorney–client privilege insofar as the Interrogatory could be read to require disclosure of individuals whose knowledge derives solely from privileged communications or attorney work product.

Plaintiff additionally objects under Fed. R. Civ. P. 33(a)(2) to the extent the Interrogatory seeks an exhaustive identification of every person who may have relevant knowledge, because such information is necessarily incomplete at this stage of discovery—particularly where Defendant has categorically refused to answer or produce documents in response to Plaintiff's discovery requests on these same topics, asserting only a generic and unarticulated objection of "relevance." Defendant's refusal to participate in reciprocal discovery directly frustrates Plaintiff's ability to identify additional individuals with relevant knowledge. Plaintiff therefore responds based only on information reasonably available at this time and expressly reserves the right to supplement under Fed. R. Civ. P. 26(e).

Subject to and without waiving these objections, Plaintiff responds as follows.

**Response**:
Based on the information presently known to Plaintiff, and with the understanding that this list is necessarily incomplete given Defendant's refusal to provide discovery on these subjects, the following individuals are known or reasonably believed to possess knowledge relevant to Plaintiff's allegations concerning alter ego, commingling, or the operation of Defendant and related entities as a single enterprise:

Cody Wilson
Garret Walliman
Thomas Odom
Dennis Wilson
Cheyenne Morgan
"JG" (identity presently unknown)

Benjamin Denio
Zachary Kubin
Paloma Heindorff

Plaintiff also identifies the individual referenced in public criminal filings as the minor Jane Doe victim in Defendant Wilson's prior criminal case, to the extent that Wilson's documented use of company vehicles and corporate assets in connection with his conduct, and his statements regarding such use, bear on Plaintiff's allegations concerning misuse and commingling of corporate resources.

Plaintiff anticipates that additional individuals with relevant knowledge will be identified once Defendant complies with his own discovery obligations or as discovery otherwise progresses, and Plaintiff will supplement as required under Rule 26(e).

   4. Identify the dollar amount in licensing fees paid for the Works.

**Objection**:
Plaintiff objects that this Interrogatory is vague, ambiguous, and incomprehensible on its face. It asks Plaintiff to "identify the dollar amount in licensing fees paid for the Works" without identifying (1) by whom such fees were supposedly paid, (2) to whom they were paid, (3) under what license, or (4) what transaction the Interrogatory is referring to. As phrased, the Interrogatory presupposes the existence of licensing fees and one or more licensing transactions, none of which exist. An interrogatory that is premised on a false assumption is objectionable as vague and misleading. See Fed. R. Civ. P. 33(b)(4); Fed. R. Civ. P. 26(b)(1) (limiting discovery to matters relevant to a claim or defense). Plaintiff further objects to the extent the Interrogatory seeks to impose an affirmative obligation to create information or financial data where none exists, which is not permitted under Fed. R. Civ. P. 33(a). Subject to and without waiving these objections, Plaintiff responds as follows.

**Response**:
Plaintiff has not licensed any of the Works to any individual or entity. Plaintiff has intentionally chosen not to commercialize the Works at this time for a variety of artistic reasons, including to avoid any risk of unwanted association or entanglement with Defendant or Defendant's affiliated entities. Because no sales or licenses have occurred, there are no fees responsive to this Interrogatory.

   5. Identify all documents demonstrating the total gross and net revenue realized by Plaintiff from sales and/or licensing of the Works.

**Objection**:
Plaintiff objects that this Interrogatory is overbroad, unduly burdensome, and seeks information outside the permissible scope of Fed. R. Civ. P. 26(b)(1) to the extent it

demands identification of "all documents" demonstrating "total gross and net revenue" from "sales and/or licensing" of the Works. Plaintiff objects that the Interrogatory is premised on an incorrect factual assumption—namely, that Plaintiff has sold or licensed the Works or realized revenue from such transactions. Interrogatories that assume facts not in evidence or that are factually untrue are objectionable as vague, misleading, and improper under Fed. R. Civ. P. 33(b)(4). Plaintiff further objects under Fed. R. Civ. P. 26(b)(3) and the attorney–client privilege to the extent the Interrogatory could be interpreted to require identification of privileged communications or work product relating to Plaintiff's decisions concerning whether to license or sell the Works. Plaintiff also objects to any implication that Plaintiff had an obligation to commercialize the Works. Subject to and without waiving these objections, Plaintiff responds as follows.

**Response**:
Plaintiff has not sold or licensed any of the Works and has therefore realized no gross or net revenue from any such sales or licenses. Plaintiff has intentionally chosen not to commercialize the Works at this time for a variety of artistic reasons, including to avoid any risk of unwanted association or entanglement with Defendant or Defendant's affiliated entities. Because no sales or licenses have occurred, there are no documents responsive to this Interrogatory.

6. Identify all documents and/or work-for-hire agreements between Plaintiff and third parties concerning the subject Works, and identify all third parties who executed a document and/or work-for-hire agreement with the Plaintiff concerning the subject Works, from the creation of the Works to the present.

**Objection**:
Plaintiff objects that this Interrogatory is vague, ambiguous, and unintelligible. It requests that Plaintiff "identify all documents and/or work-for-hire agreements" and "identify all third parties who executed a document and/or work-for-hire agreement… concerning the subject Works," but it fails to specify what category of "documents" is sought, what relationship such documents must have to the Works, or what the term "work-for-hire agreement" is intended to encompass. It is confusing what is meant by "work-for-hire agreements."

Plaintiff also objects that, to the extent the Interrogatory seeks "all documents" concerning the creation of the Works, it is overbroad, unduly burdensome, and disproportionate to the needs of the case under Fed. R. Civ. P. 26(b)(1). The Middle District Discovery Handbook expressly disfavors expansive, undefined terms such as "all documents" and requires that interrogatories be clear, limited, and targeted. Middle District Discovery Handbook §§ IV.A & IV.B.

Plaintiff additionally objects that this Interrogatory substantially overlaps with Defendants' Requests for Production, and to the extent it demands that Plaintiff identify documents in lieu of inspecting produced materials, it exceeds the proper scope of interrogatories. See Fed. R. Civ. P. 33(d) (allowing reliance on business records rather than narrative

identification where appropriate) and Middle District Discovery Handbook § IV.C (interrogatories should not be used as disguised requests for production).

Subject to and without waiving these objections, Plaintiff responds as follows.

**Response**:
To the extent Defendants are attempting to inquire about employment agreements, assignments, or other contractual instruments, Plaintiff refers Defendants to the response to Request for Production No. 1.

7. Identify the total amount of income earned by Plaintiff for licensing the Works for each of the years 2020 and 2025.

**Objection**:
Plaintiff objects that this Interrogatory is vague and premised on an incorrect factual assumption, namely that Plaintiff has licensed the Works or earned income from licensing the Works in the years identified. Interrogatories based on false assumptions are objectionable as vague, misleading, and improper under Fed. R. Civ. P. 33(b)(4). Plaintiff further objects that the Interrogatory seeks information outside the scope of Fed. R. Civ. P. 26(b)(1) to the extent it presupposes the existence of licensing revenue or transactions that do not exist. Plaintiff additionally objects to the extent the Interrogatory could be construed as requesting privileged or work-product-protected information regarding Plaintiff's internal decision-making concerning licensing. Fed. R. Civ. P. 26(b)(3). Subject to and without waiving these objections, Plaintiff responds as follows.

**Response**:
Because Plaintiff chose intentionally not to sell or otherwise commercialize the works, Plaintiff earned zero income from licensing the Works in 2020 and zero income from licensing the Works in 2025.

8. Provide an itemized computation of each category of damages which Plaintiff seeks to recover in this action and identify any document(s) which Plaintiff contends support(s) this calculation of alleged damages.

**Objection**:
Plaintiff objects that this Interrogatory is overbroad and unduly burdensome to the extent it seeks "an itemized computation of each category of damages" without regard to the fact that the majority of information necessary to compute actual damages and profits is solely within Defendants' possession, custody, or control. Fed. R. Civ. P. 26(a)(1)(A)(iii) requires a damages computation only to the extent such information is available to the responding party, and Rule 26(b)(1) limits discovery to information proportional to the needs of the case. Here, Defendants have refused to produce documents concerning profits attributable to infringement, the number of downloads, the identity of accounts, sales of infringing USB drives, advertising metrics, and other revenue streams tied to the infringing

conduct, asserting only a generalized and unarticulated "relevance" objection. The Middle District Discovery Handbook rejects such obstructive objections, and the Rules do not require Plaintiff to compute damages based on information Defendants are withholding.

Plaintiff further objects under Fed. R. Civ. P. 26(b)(3) and the attorney–client privilege to the extent the Interrogatory seeks privileged information, mental impressions, or legal analysis regarding damages theories. Plaintiff also objects that the Interrogatory improperly conflates a damages computation with a request to identify "any documents" supporting the calculations, which risks becoming an improper *de facto* request for production. See Rule 33(d); MD Discovery Handbook § IV.C. Plaintiff will identify documents to the extent presently possible, but reserves all rights to supplement once Defendants produce the financial and technical records necessary for a complete computation. Subject to and without waiving these objections, Plaintiff responds as follows.

**Response**:
Plaintiff states that Defendants have infringed 359 registered Works in 561 separate acts of infringement. Plaintiff is entitled under 17 U.S.C. § 504 to elect either (1) actual damages plus profits attributable to the infringement, or (2) statutory damages.

A full computation of actual damages plus profits is presently impossible because Defendants have refused to produce documents and data reflecting the number of unique downloads of each Work; the revenue collected from accounts downloading the Works; any adjustments Defendants have made to public download counters; revenue derived from advertisements or traffic generated through the infringing Works; sales of USB drives containing the infringing Works; and other revenue streams associated with Defendants' distribution of the Works.

These documents are exclusively in Defendants' possession. Plaintiff has evidence that Defendants manually altered public download counts to underreport actual downloads, further preventing accurate computation. At minimum, Defendants possess the true number of downloads per account and the amount each account paid to access the infringing Works. Defendants' profits also include revenue from their advertisements leveraging the infringed Works to drive traffic and sales, and revenue from the sale of USB drives containing infringing materials. Plaintiff will supplement his computation once Defendants produce complete financial and technical records.

Alternatively, Plaintiff may elect statutory damages. Plaintiff alleges 561 willful infringements. Under 17 U.S.C. § 504(c), statutory damages for willful infringement may reach $150,000 per work. Given the degree of willfulness—including Defendant Wilson's own statements openly admitting intentional infringement—Plaintiff considers the maximum statutory award appropriate. At $150,000 per infringing act, statutory damages would total $84,150,000.

Plaintiff also seeks damages under the Lanham Act and Florida Statutes § 540.08 for Defendants' false designations and unauthorized use of Plaintiff's name and likeness.

Defendants have likewise withheld the documents necessary to compute these damages. Based on Defendants' public disclosures concerning the size of their audience and the exposure of the false designations, Plaintiff estimates damages of at least $150,000 and more realistically closer to $2,000,000, particularly given that any reasonable licensing fee for such negative forced association would be in the millions of dollars.

In support of the foregoing categories of damages, Plaintiff identifies the Amended Complaint, the Copyright Act (including 17 U.S.C. § 504), and the referenced Works and registration certificates. Plaintiff will further identify documents once Defendants produce the withheld materials necessary for a complete computation.

Plaintiff will supplement this answer under Fed. R. Civ. P. 26(e) once Defendants comply with their discovery obligations.


     9. State the name, address, occupation, and field of specialization, if any, of each person whom Plaintiff may call as an expert witness at the trial of this matter, and with regard to each such person, state:
     a. the subject matter on which the individual is expected to testify;
     b. all facts to which each individual is expected to testify;
     c. all opinions each individual is expected to offer; and
     d. all published or text material upon which the individual will rely,
     including the name, author, edition, and page reference of such material.


**Objection**:
Plaintiff objects that this Interrogatory is premature and improper to the extent it seeks identification of expert witnesses and the disclosures required by Fed. R. Civ. P. 26(a)(2) before the deadline established in the Court's Case Management and Scheduling Order and before any expert disclosures are due. Rule 26(a)(2)(D) expressly governs the timing of expert disclosures, and an interrogatory cannot be used to accelerate those deadlines. Plaintiff further objects that subparts (a)–(d) directly track Rule 26(a)(2)(B) expert-report requirements and therefore improperly demand work-product-protected information and premature expert opinions. Fed. R. Civ. P. 26(b)(3); Middle District Discovery Handbook § VI.A (expert discovery governed by Rule 26(a)(2), not interrogatories).

Plaintiff additionally objects that, as drafted, the Interrogatory exceeds the scope of Fed. R. Civ. P. 26(b)(1), is unduly burdensome, and improperly requires detailed factual narratives, all opinions, and identification of "all published or text material" upon which an expert may rely—items that Rule 26(a)(2)(B) provides must be disclosed in an expert report, not through interrogatories. Courts in this District routinely reject interrogatories seeking "all facts," "all opinions," or "all bases" as objectionably broad in most cases. See MD Discovery Handbook § III.A.

Plaintiff also notes that when Plaintiff has previously expressly indicated that sub bullets were not discrete questions but elements of a complete answer, Defendant has taken the position that each subpart constitutes a separate interrogatory.

Subject to and without waiving these objections, Plaintiff responds as follows.

**Response**:
Plaintiff has not yet designated any expert witnesses. Plaintiff will identify any expert witnesses, and will provide the disclosures required under Fed. R. Civ. P. 26(a)(2), in accordance with the deadlines established by the Court's Scheduling Order and Rule 26(a)(2)(D). Plaintiff reserves the right to supplement or amend this response consistent with Rule 26(e).

10. Describe in detail the basis for Plaintiff's claim that Defendant willfully infringed Plaintiff's copyrights, including all facts supporting willfulness.

**Objection**:
Plaintiff objects that this Interrogatory is vague, overbroad, unduly burdensome, and disproportionate under Fed. R. Civ. P. 26(b)(1) because it demands "all facts supporting willfulness" and requires Plaintiff to "describe in detail" the basis for his claim. The Middle District Discovery Handbook expressly disfavors expansive "all facts" and "all bases" interrogatories, which are burdensome and cumulative. See MD Discovery Handbook § III.A.

Plaintiff additionally objects under Fed. R. Civ. P. 33(a)(2) because this Interrogatory constitutes a premature contention interrogatory. Defendants have refused to produce the documents or information necessary to provide a complete contention response on willfulness, including internal communications, download metrics, financial records, and advertising materials. Defendant's refusal to produce these materials frustrates Plaintiff's ability to answer fully at this stage, and Plaintiff therefore responds based only on information reasonably available and reserves the right to supplement under Fed. R. Civ. P. 26(e). Subject to and without waiving these objections, Plaintiff responds as follows.

**Response**:
The Amended Complaint sets forth in detail the factual basis for Plaintiff's claim that Defendant engaged in willful copyright infringement, and Plaintiff incorporates those allegations by reference. Based on the information presently known, Plaintiff states that Defendant Wilson's willfulness is reflected in numerous actions and statements that demonstrate his knowledge of Plaintiff's copyrights and his intentional decision to infringe them. Defendant Wilson authored and disseminated a manifesto in which he publicized and celebrated his involvement in copyright infringement. He used the corporate Defendants, including Defense Distributed and Defcad, to promote and advertise the infringing availability of the Works on Defendants' websites, and caused Defendant Dioskouroi LLC to process payments derived from the unlawful distribution of Plaintiff's copyrighted Works. Defendant Wilson authored blog posts, newsletters, and email blasts

promoting the infringing distribution of the Works, and caused his affiliated entities to further amplify these communications.

Plaintiff further states that Defendant Wilson engaged in a campaign of harassment, intimidation, and threats directed toward Plaintiff, Plaintiff's friends, and Plaintiff's employee, with the purpose of preventing or discouraging Plaintiff from bringing this action. Defendant Wilson also engaged in private communications in which he acknowledged that the Works were protected by copyright, demonstrating his knowledge of infringement. After Plaintiff initiated litigation, Defendant Wilson attempted to manufacture a defense by falsely claiming that certain Works were released under a "public license," even though no such license exists. Defendant Wilson also appeared on a public podcast in which he made statements acknowledging his involvement in the infringing conduct. Defendant Wilson further attempted to deflect blame by asserting that Plaintiff himself uploaded the Works to Defcad.com, a claim contradicted by Defendants' own documents, which show that Defendants—not Plaintiff—uploaded and distributed the infringing copies.

Taken together, these facts show that Defendant Wilson knowingly, intentionally, and repeatedly infringed Plaintiff's copyrights while fully aware of Plaintiff's ownership of the Works. Plaintiff will supplement this response as additional information becomes available through discovery.

11. Identify all persons who possess knowledge, information, or documents concerning the allegations in the First Amended Complaint that Defendant's alleged infringement of Plaintiff's copyrights, which Defendant denies, was willful, intentional, and malicious, together with a description of the substance of such knowledge, information, and/or documents.

**Objection**:
Plaintiff objects that this Interrogatory is vague, overbroad, and disproportionate under Fed. R. Civ. P. 26(b)(1) because it seeks identification of "all persons who possess knowledge, information, or documents" concerning the willfulness allegations in the First Amended Complaint, without temporal, subject-matter, or scope limitation. The Middle District Discovery Handbook cautions against interrogatories that broadly seek "all persons with knowledge" because such requests are burdensome and often cumulative. Plaintiff further objects to the extent the Interrogatory seeks disclosure of privileged communications or attorney work product, including the identities of persons whose knowledge derives solely from communications with counsel. Fed. R. Civ. P. 26(b)(3). Plaintiff also objects that the Interrogatory is premature under Fed. R. Civ. P. 33(a)(2), as Defendants have withheld documents and information bearing directly on willfulness—such as internal communications, financial records, advertising materials, and download data—thus preventing Plaintiff from identifying the full universe of persons with relevant knowledge. Plaintiff responds based only on information presently available and expressly reserves the right to supplement under Fed. R. Civ. P. 26(e). Subject to and without waiving these objections, Plaintiff responds as follows.

**Response**:
Based on the information presently known to Plaintiff, and with the understanding that this list is necessarily incomplete given Defendants' refusal to produce relevant discovery, Plaintiff identifies the following individuals who possess knowledge, information, or documents concerning Plaintiff's allegations that Defendant's infringement was willful, intentional, and malicious.

Plaintiff states that Defendant Cody Wilson possesses knowledge and information concerning the deliberate nature of the infringement, including his authorship and dissemination of materials publicly acknowledging and promoting his role in infringing Plaintiff's copyrights, his use of affiliated entities to distribute the Works, and his conduct toward Plaintiff and others following the initiation of this dispute. Plaintiff further identifies Garret Walliman, Thomas Odom, Dennis Wilson, Cheyenne Morgan, the individual presently known as "JG," Benjamin Denio, Zachary Kubin, and Paloma Heindorff as individuals reasonably believed to have knowledge, information, or documents relating to the internal operations of Defendants' businesses, the processes by which Plaintiff's Works were uploaded, distributed, and monetized, and the manner in which Defendants promoted, advertised, and financially benefited from the infringing activity.

Each of these individuals is reasonably believed to possess information or records reflecting Defendants' knowledge of Plaintiff's copyrights, Defendants' intentional decision to continue distributing the Works despite that knowledge, and the financial and operational mechanisms by which the infringement was carried out. Plaintiff anticipates that additional individuals will be identified once Defendants produce the documentation that they have thus far withheld. Plaintiff will supplement this response as required under Rule 26(e).

12. Identify all instances in which Plaintiff alleges Defendant removed or altered copyright management information from Plaintiff's Works, including the date, work, and manner of removal for the Works.

**Objection**:
Plaintiff objects that this Interrogatory is vague, overbroad, and disproportionate under Fed. R. Civ. P. 26(b)(1) to the extent it seeks "all instances" in which Defendant allegedly removed or altered copyright management information and demands specific dates, works, and manners of removal. The Interrogatory assumes that Plaintiff possesses information that is, in fact, uniquely within Defendants' possession, custody, or control, including internal records reflecting how Defendants processed Plaintiff's Works, altered metadata, or manipulated copyright management information. Interrogatories premised on assumptions regarding information solely held by the responding party's opponent are improper. See Fed. R. Civ. P. 33(b)(4). Plaintiff further objects under Fed. R. Civ. P. 26(b)(3) and the attorney–client privilege to the extent the Interrogatory seeks to compel privileged mental impressions or legal analysis concerning the evidence of removal of copyright management information. Plaintiff also objects under Fed. R. Civ. P. 33(a)(2)

because the Interrogatory demands granular, fact-specific contentions before Defendants have produced responsive materials; indeed, Defendants have objected to all discovery on this issue on an unarticulated "relevance" basis while withholding precisely the documents necessary to answer this Interrogatory fully. Plaintiff responds based only on information presently available and reserves the right to supplement under Fed. R. Civ. P. 26(e). Subject to these objections and without waiving them, Plaintiff responds as follows.

**Response**:
Plaintiff states that the instances in which Defendant removed or altered copyright management information from Plaintiff's Works are described in the Amended Complaint, which details the circumstances in which Plaintiff's Works appeared on Defendants' platforms without the copyright notices and identifying information that Plaintiff had included in the originals. Plaintiff further states that Defendant Wilson himself authored a manifesto in which he discussed his involvement in distributing and altering copyrighted materials, and that this publication is consistent with the conduct alleged in the Amended Complaint. Plaintiff does not possess the technical logs, upload records, metadata records, or internal communications that would identify the specific dates, manners of removal, or internal processes by which Defendants removed copyright notices or altered copyright management information. Defendants have refused to produce these materials in response to Plaintiff's discovery requests. Because these materials are solely in Defendants' possession, and because Defendant has objected to providing them, Plaintiff cannot provide further detail at this time. Plaintiff anticipates supplementing this response once Defendants produce the records necessary to identify the full extent, timing, and manner of removal of copyright management information.

13. Describe all steps Plaintiff took to mitigate damages allegedly caused by Defendant's conduct concerning the Works.

**Objection:**
Plaintiff objects that this Interrogatory is vague and overbroad to the extent it seeks "all steps" Plaintiff took to mitigate damages, as such phrasing is disfavored under the Middle District Discovery Handbook and risks encompassing attorney work product and privileged communications. See MD Discovery Handbook § III.A (discouraging interrogatories seeking expansive "all facts" or similar formulations). Plaintiff further objects under Fed. R. Civ. P. 26(b)(3) to the extent the Interrogatory may be construed to require disclosure of legal strategy, litigation decisions, or actions taken at the direction of counsel, all of which are protected work product. Plaintiff also objects that the Interrogatory is cumulative and premature because Defendants have withheld documents and information relating to their continuing infringement and the financial data necessary to fully evaluate ongoing harm, and because mitigation is an affirmative defense on which Defendants bear the burden. Plaintiff responds solely based on non-privileged actions and information presently available and reserves the right to supplement under Fed. R.

Civ. P. 26(e). Subject to and without waiving these objections, Plaintiff responds as follows.

**Response**:
Plaintiff states that he took reasonable and diligent steps to mitigate the damages caused by Defendants' conduct. Plaintiff repeatedly demanded, both publicly and privately, that Defendants cease their infringing activities, remove the unauthorized copies of the Works from their platforms. Plaintiff also made public clarifications to inform third parties that Defendants' use of his name and image was unauthorized, unwelcome, and contrary to his wishes. Despite these efforts, Defendants persisted in their conduct. As a result, Plaintiff was forced to pursue legal action and ultimately initiate two separate lawsuits to attempt to halt the ongoing infringement, unauthorized use of his name and likeness, and related harms. Plaintiff states that he has continued to take reasonable steps within his ability to reduce further harm caused by Defendants' ongoing conduct.

14. Identify all persons with knowledge of any consumer confusion concerning the alleged false designation of origin or unfair competition concerning the Works.

**Objection**:
Plaintiff objects that this Interrogatory is vague, overbroad, and disproportionate under Fed. R. Civ. P. 26(b)(1) to the extent it seeks identification of "all persons with knowledge of any consumer confusion" regarding alleged false designation or unfair competition. The Interrogatory lacks any temporal limitation, geographic limitation, or subject-matter narrowing, and the Middle District Discovery Handbook discourages broadly framed "all persons with knowledge" interrogatories because they are cumulative, burdensome, and frequently exceed the permissible scope of discovery. Plaintiff further objects to the extent the Interrogatory may seek privileged information, including knowledge gained solely through communications with counsel, which is protected by the attorney–client privilege and work-product doctrine. Fed. R. Civ. P. 26(b)(3). Plaintiff also objects under Fed. R. Civ. P. 33(a)(2) because Defendants have withheld documents related to the dissemination of the false designation, the scale of Defendants' communications, and Defendants' audience size—information necessary to determine the full set of individuals who may have experienced or witnessed consumer confusion. Plaintiff answers based solely on non-privileged information reasonably known at this time and reserves the right to supplement pursuant to Fed. R. Civ. P. 26(e). Subject to these objections and without waiving them, Plaintiff responds as follows.

**Response**:
Based on the information currently available to Plaintiff, and recognizing that this list is incomplete given Defendants' refusal to produce relevant discovery concerning their public-facing communications and audience interactions, Plaintiff states that the following individuals are reasonably believed to possess knowledge relating to consumer confusion resulting from Defendants' false designation of origin and unfair competition concerning the Works.

Plaintiff identifies Defendant Cody Wilson, who was directly involved in disseminating the false designations and therefore possesses knowledge regarding how Defendants' communications were received by users and the public. Plaintiff further identifies Garret Walliman, Thomas Odom, Dennis Wilson, Cheyenne Morgan, the individual known as "JG," Benjamin Denio, Zachary Kubin, and Paloma Heindorff, each of whom Plaintiff believes has knowledge, information, or access to documents concerning Defendants' communications strategy, the messaging used to associate Plaintiff with Defendants' operations, the scope of that messaging, and the reactions or confusion expressed by consumers or the user base of Defendants' platforms.

Plaintiff anticipates that additional individuals with such knowledge will be identified once Defendants produce the records they currently withhold. Plaintiff will supplement this response as required under Rule 26(e).

15. Identify all persons with knowledge of the publication of Plaintiff's name or likeness by Defendant in connection with the subject Works.

**Objection**:
Plaintiff objects that this Interrogatory is vague, overbroad, and disproportionate under Fed. R. Civ. P. 26(b)(1) to the extent it seeks identification of "all persons with knowledge" of the publication of Plaintiff's name or likeness by Defendant. The Interrogatory contains no temporal limitation, no subject-matter narrowing, and no definition of "publication," rendering it potentially boundless in scope. The Middle District Discovery Handbook cautions against such "all persons with knowledge" interrogatories because they are cumulative, impose undue burden, and seldom reflect the proportionality required under Rule 26. Plaintiff further objects to the extent the Interrogatory may be construed to encompass individuals whose knowledge derives solely from privileged communications or attorney work product, which are protected under Fed. R. Civ. P. 26(b)(3). Plaintiff also objects under Fed. R. Civ. P. 33(a)(2) because Defendants have withheld documents and internal communications concerning their dissemination of Plaintiff's name and likeness, the extent of their messaging, and their audience's interactions—information necessary to determine the full universe of individuals with relevant knowledge. Plaintiff responds only based on information presently known and reserves the right to supplement under Fed. R. Civ. P. 26(e). Subject to these objections and without waiving them, Plaintiff responds as follows.

**Response**:
Based on the information currently available to Plaintiff, and with the understanding that this list is necessarily incomplete because Defendants have refused to produce discovery concerning their publication of Plaintiff's name and likeness and the internal communications surrounding such publication, Plaintiff identifies the following individuals as persons reasonably believed to possess knowledge relating to Defendants' publication of Plaintiff's name or likeness in connection with the Works.

Plaintiff identifies Defendant Cody Wilson, who personally participated in, directed, or approved the publication of Plaintiff's name and likeness across Defendants' platforms and communications. Plaintiff further identifies Garret Walliman, Thomas Odom, Dennis Wilson, Cheyenne Morgan, the individual known as "JG," Benjamin Denio, Zachary Kubin, and Paloma Heindorff as individuals with knowledge of Defendants' internal operations, messaging strategies, public-facing statements, and the means through which Plaintiff's identity was presented to users and the public. Each of these individuals is reasonably believed to have information concerning the circumstances of publication, Defendants' intentions in doing so, and the scope and manner in which Plaintiff's name or likeness was displayed.

Plaintiff anticipates that additional individuals with relevant knowledge will be identified once Defendants produce the materials they have thus far withheld. Plaintiff will supplement this response pursuant to Rule 26(e).


16. Describe the process of the creation of the Works, including who conceived of the Works, and on what date, who created the Works, and what date.

**Objection**:
Plaintiff objects that this Interrogatory is vague and ambiguous because the terms "conception" and "creation" are not defined and do not have fixed or universally applied meanings in the copyright context. The Middle District Discovery Handbook discourages interrogatories that rely on vague or imprecise terminology without definition, as they risk multiple interpretations and impose undue burden. Plaintiff further objects that the Interrogatory is overbroad and disproportionate under Fed. R. Civ. P. 26(b)(1) to the extent it seeks granular detail for each of the 359 registered Works without regard to the differing nature of those Works, the differing dates of creation, and the absence of any specificized contention tied to a particular Work. Plaintiff also objects to the extent the Interrogatory seeks privileged or work-product-protected material relating to Plaintiff's creative process, mental impressions, or internal development of concepts. Fed. R. Civ. P. 26(b)(3).

Plaintiff additionally objects that much of the detailed information sought is better addressed through documents already produced—including the employment agreement governing works created by Plaintiff's employee—and that the Interrogatory risks becoming cumulative of Defendants' Requests for Production. See MD Discovery Handbook § IV.C (interrogatories should not be used as disguised document requests). Subject to these objections, and based solely on information presently available, Plaintiff responds as follows.

**Response**:
Plaintiff states that the terms "conception" and "creation" are not used with precision in the copyright context, but for purposes of this response, Plaintiff understands "conception" to mean the earliest point at which an idea existed that ultimately led to the development of the published and registered versions of the Works. Conception may occur over a

period of time rather than on a single date. Plaintiff understands "creation" in this context to refer to the preparation and drafting of the published versions of the Works that were ultimately registered with the U.S. Copyright Office, and the dates provided below reflect Plaintiff's best recollection of the approximate dates those registered versions were created.

For the Works created solely by Plaintiff, Plaintiff states that he conceived of and created them himself. Plaintiff first conceived of the Works relevant to the "MPP99" in approximately July 2021, and the published versions of those Works were created around May 5, 2022. Plaintiff first conceived of the Works relevant to the "Hitchhiker" in approximately January 2024, and the published versions of those Works were created around July 10, 2024. Dates of conception and creation may not correspond precisely to the creation dates of the associated digital files, but these estimates reflect Plaintiff's best recollection.

For the Works Plaintiff owns that constitute works-for-hire, the employment agreement already produced—subject to the standing protective order—governs their creation. In general, the conception of these Works was a collaborative process between Plaintiff and Plaintiff's employee, John Elik, undertaken in the scope of Elik's employment. In some instances, Plaintiff conceived of the ideas alone; in others, conception occurred jointly between Plaintiff and Elik within the scope of Elik's employment. The creation of the published versions of these works was performed by Elik as part of his employment duties. Based on Plaintiff's present recollection, the relevant approximate dates are as follows: the "Amigo Grande" was conceived around May 2021 and the published versions were created around February 26, 2022; the images of the "KF5" were conceived around August 2021 and created around November 9, 2022; the "SF5" was conceived around October 2022 and created around October 27, 2023; "BUBAR" was conceived around April 2022 and created around May 30, 2023; "Pv4" was conceived around March 2023 and created around April 29, 2024; and "NS3" was conceived around May 2023 and created around August 1, 2024.

17. If it is a joint work, identify each joint author (including their phone number, mailing address, and email address, if you know it) and describe what each joint author contributed to your work.

**Objection**:
Plaintiff objects that this Interrogatory is vague and ambiguous because it refers to "it" without identifying which Work or category of Works the request concerns. The interrogatory therefore lacks the specificity required under Fed. R. Civ. P. 33(b)(1)(B). Plaintiff further objects that the Interrogatory is overbroad and disproportionate under Fed. R. Civ. P. 26(b)(1) because it implicitly requires Plaintiff to evaluate all 359 Works for joint authorship without identifying which Works Defendants contend may be joint works, and because it seeks personal contact information (including phone numbers, physical addresses, and email addresses) beyond what is necessary or proportional to the needs of the case. Plaintiff also objects that to the extent the request could be construed to reach works made for hire, those are not "joint works" under the Copyright Act, and any such

inquiry is therefore legally inapposite. Subject to these objections and without waiving them, Plaintiff responds as follows.

**Response**:
Plaintiff states that none of the Works at issue are joint works within the meaning of the Copyright Act.

18. Describe all facts and circumstances for the works at issue with copyright registration numbers (as noted below), that support the claim that each Work contains an artistic expression, features, or is otherwise identified as a pictorial, graphic, or sculptural work:
TX0009358088, VA0002385899, VA0002381513, TX0009372196, TX0009372199, VA0002385901, VA0002381769, TX0009403056, TX0009413646, VA0002422527, VA0002412508, TX0009403054, TX0009417973, VA0002415259, TX0009412695, VA0002418947, VA0002418589, TX0009429254, TX0009429253, VA0002449545, VA0002449520, TX0009509700, TX0009509692, VA0002449526, TX0009503785.


**Objection**:
Plaintiff objects that this Interrogatory is vague, overbroad, and disproportionate under Fed. R. Civ. P. 26(b)(1) to the extent it seeks "all facts and circumstances" supporting the copyrightability of each of the listed Works and asks Plaintiff to supply work-by-work narrative explanations for 25 separate copyright registrations over 359 works. The Middle District Discovery Handbook expressly disfavors interrogatories demanding expansive "all facts" narratives or work-by-work mini-treatises, which are unduly burdensome and often improper contention requests. MD Discovery Handbook § III.A.

Plaintiff further objects that the Interrogatory is legally confused and ambiguous because it appears premised on a misunderstanding of the Copyright Act's treatment of pictorial, graphic, and sculptural works and the "useful article" doctrine in 17 U.S.C. § 101. The Interrogatory implies that Plaintiff must justify why each Work contains "artistic expression" or "features" sufficient to qualify for copyright protection, even though each Work has already been registered with the U.S. Copyright Office, enjoys a statutory presumption of validity under 17 U.S.C. § 410(c), and does not qualify as a "useful article" in the first instance. Plaintiff objects to the extent the Interrogatory improperly shifts the burden of proof or seeks legal argument disguised as factual content. Fed. R. Civ. P. 33(b)(1); 33(a)(2).

Plaintiff also objects that the Interrogatory is cumulative of the Works themselves. The Works are the best evidence of their artistic or expressive characteristics, and Defendant already possesses them. See MD Discovery Handbook § IV.C ("Interrogatories should not be used when the information is more readily obtained from documents."). Subject to these objections and without waiving them, Plaintiff responds as follows.

**Response**:
Plaintiff states that all Works identified in this Interrogatory consist of expressive, copyrightable authorship, including written works, photographic works, and visual art works created or owned by Plaintiff. Each of the listed Works contains original expression fixed in a tangible medium of expression, and each has been registered with the U.S. Copyright Office, giving rise to a statutory presumption of copyright validity under 17 U.S.C. § 410(c). None of the Works constitutes a "useful article" under 17 U.S.C. § 101, nor do any fall within the narrow carveout where copyright extends only to separable artistic features of a useful article. Rather, each Work is plainly within the categories enumerated in 17 U.S.C. § 102(a), including literary works, pictorial works, graphic works, and photographic works.

The artistic expression in the Works is demonstrated directly by the Works themselves, which contain original visual or textual authorship such as narrative exposition, descriptive content, graphical representation, layout, structure, selective framing, composition, and other creative choices. Plaintiff further states that, given they are not physical objects, nothing about the Works serves a utilitarian function independent of their expressive content, and therefore the "useful article" doctrine has no application here. To the extent Defendant's Interrogatory reflects a misunderstanding of this doctrine, Plaintiff directs Defendant to the statutory definitions in 17 U.S.C. § 101 and to the Works already in their possession, which are the best evidence of their expressive nature.


19. Describe all facts and circumstances that support the allegation that "Wilson's manifesto shows Wilson's intentional removal of the copyright notice from the 3D model in the PV4 infringement…" as identified in paragraph 177 in Plaintiff's First Amended Complaint.  See Doc. 43 at ¶177.

**Objection**:
Plaintiff objects that this Interrogatory is vague, overbroad, and disproportionate under Fed. R. Civ. P. 26(b)(1) to the extent it seeks "all facts and circumstances" supporting a specific allegation already set forth in the First Amended Complaint. The Middle District Discovery Handbook expressly disfavors "all facts" interrogatories because they are inherently burdensome and cumulative. MD Discovery Handbook § III.A. Plaintiff further objects under Fed. R. Civ. P. 26(b)(3) to the extent the Interrogatory seeks privileged attorney analysis, legal theories, or mental impressions regarding how Plaintiff intends to prove this allegation. Plaintiff also objects that the Interrogatory is cumulative of the very document at issue—the manifesto authored and published by Defendant Wilson—which is the best evidence of the statements it contains. MD Discovery Handbook § IV.C. Plaintiff also notes that Defendant has refused to provide information relating to these contentions in discovery. Subject to these objections and without waiving them, Plaintiff responds as follows.

**Response**:
Plaintiff states that the First Amended Complaint refers directly to statements made by Defendant Cody Wilson in the manifesto he authored and publicly disseminated. In that

manifesto, Defendant Wilson described and took personal credit for the removal of copyright notices from Plaintiff's PV4 work and represented that the removal of such copyright information was part of his broader role in distributing and manipulating copyrighted materials. The allegations in the Complaint are therefore supported by Defendant Wilson's own written statements in that manifesto, in which he acknowledges his involvement in the removal of copyright management information from the PV4 works. Plaintiff directs Defendant to the manifesto itself—which Defendant authored—for the precise language and context of these admissions. Plaintiff will update these responses should Defendants comply with their discovery obligations and produce the documents relevant to this issue.

20. Describe all facts and circumstances that support the allegation that "Defendant Wilson removed the copyright notice from the [Hitchhiker] registered 3D model he copied from Plaintiff and reproduced on Defcad" as identified in paragraph 211 in Plaintiff's First Amended Complaint.  See Doc. 43 at ¶211.
**Objection**:
Plaintiff objects that this Interrogatory is vague, overbroad, and disproportionate under Fed. R. Civ. P. 26(b)(1) because it seeks "all facts and circumstances" supporting a specific allegation already set forth in paragraph 211 of the First Amended Complaint. The Middle District Discovery Handbook expressly discourages expansive "all facts" interrogatories. § III.A. Plaintiff further objects under Fed. R. Civ. P. 26(b)(3) to the extent the Interrogatory seeks privileged mental impressions or legal analysis, including how Plaintiff intends to marshal evidence at trial. Plaintiff also objects that the Interrogatory is cumulative of the Works themselves and of the images and descriptions already included in the First Amended Complaint, which are the best evidence of their own appearance. MD Discovery Handbook § IV.C.

Plaintiff additionally objects under Fed. R. Civ. P. 33(a)(2) because Defendants have refused to produce discovery regarding their handling and processing of Plaintiff's Works, frustrating Plaintiff's ability to provide a complete factual narrative at this stage. Plaintiff responds based only on information presently available and reserves the right to supplement under Fed. R. Civ. P. 26(e). Subject to these objections and without waiving them, Plaintiff responds as follows.

**Response**:
Plaintiff states that paragraph 211 of the First Amended Complaint is supported by the appearance of the Hitchhiker 3D model as reproduced and distributed on Defcad, which lacks the copyright notice that Plaintiff incorporated into the registered version of the Work. The Amended Complaint contains images and descriptions demonstrating the absence of the notice, and the Work itself, as registered with the U.S. Copyright Office, contains the copyright marking that Defendant removed.

Plaintiff further states that Defendant Wilson's own discovery responses demonstrate his familiarity with the Hitchhiker Work, his awareness that Plaintiff created it, and his intense and openly expressed fixation concerning Plaintiff's works generally. Plaintiff also notes

that Defendant Wilson has already published a manifesto in which he described and took credit for removing copyright notices from Plaintiff's PV4 model, which is consistent with the conduct alleged in connection with the Hitchhiker. Taken together, these facts support the inference that Defendant Wilson intentionally removed the copyright notice from the Hitchhiker model before reproducing and distributing it on Defcad.

Finally, Plaintiff states that when he served discovery requests seeking documents and information about Defendants' removal of copyright notices and other copyright management information, Defendant objected on the basis of "relevance" and refused to provide responsive materials. These withheld documents would likely reveal further details about the removal of the notice from the Hitchhiker model.

21. Describe all facts and circumstances that support the allegation that "on or about September 8, 2024, Plaintiff noticed that a copyright notice had been removed from his works of authorship contained in the NS3 infringement" as identified in paragraph 235 in Plaintiff's First Amended Complaint.  See Doc. 43 at ¶235.

**Objection**:
Plaintiff objects that this Interrogatory is vague, misleading, and assumes facts not in evidence because it misquotes and mischaracterizes paragraph 235 of the First Amended Complaint. The Interrogatory claims that paragraph 235 alleges Plaintiff "noticed that a copyright notice had been removed" on or about September 8, 2024; however, paragraph 235 contains no such statement. Instead, paragraph 235 alleges only that Plaintiff accessed Defendants' Defcad website from a computer located in Orange County, Florida and downloaded the NS3 infringement on or about that date. An interrogatory premised on an inaccurate quotation of the pleadings is improper under Fed. R. Civ. P. 33(b)(4).

Plaintiff further objects that the Interrogatory seeks "all facts and circumstances," a formulation that the Middle District Discovery Handbook expressly disfavors because it is unduly burdensome, cumulative, and often demands attorney work product or mental impressions. MD Discovery Handbook § III.A. Plaintiff also objects under Fed. R. Civ. P. 26(b)(3) to the extent the Interrogatory seeks privileged analysis regarding how Plaintiff intends to prove his claims at trial. Finally, Plaintiff objects that the Interrogatory is cumulative of the Amended Complaint and the Works themselves, which are the best evidence of the facts alleged. MD Discovery Handbook § IV.C. Subject to these objections, Plaintiff responds as follows.

**Response**:
Plaintiff states that paragraph 235 of the First Amended Complaint does not allege that Plaintiff observed the removal of a copyright notice on or about September 8, 2024. Rather, paragraph 235 states that on or about that date, from a computer in Orange County, Florida, Plaintiff accessed Defendant's Defcad website and downloaded the NS3 infringement. The allegation is therefore directed to the act of downloading the infringing NS3 file, not to the discovery of any removed copyright notice.

Plaintiff further states that the facts and circumstances surrounding the appearance of the NS3 infringement, including the absence of the copyright notice from the file made available on Defcad, are described in the Amended Complaint. The Work as registered contains Plaintiff's copyright notice; the file offered on Defcad did not. Plaintiff's awareness of the missing notice arose from his examination of the infringing file after downloading it. The discrepancy between the registered version and the version Defendants distributed, plus Defendants' bragging about removal of such notices in the past, forms the factual basis for the allegation that Defendants removed the copyright notice. Plaintiff reiterates that the pleading itself contains the relevant facts and images demonstrating this discrepancy.

Plaintiff notes that when he sought discovery from Defendants concerning their handling of copyright management information, Defendants objected and refused to provide responsive documents, preventing Plaintiff from providing a fuller factual account at this stage.


22. Describe all facts and circumstances that support the allegation that, "[a]fter this second round of date changes, the copyright notice that had been removed from the NS3 infringement was added back, with 'commercial' again misspelled as 'commerical,' as identified in paragraph 242 in Plaintiff's First Amended Complaint. See Doc. 43 at ¶242.

**Objection**:
Plaintiff objects that this Interrogatory is vague, misleading, and assumes facts not in evidence because it incorrectly asserts that Plaintiff must "describe all facts and circumstances" supporting an allegation that is already clearly set forth in paragraph 242 of the First Amended Complaint. Paragraph 242 states: "After this second round of date changes, the copyright notice that had been removed from the NS3 infringement was added back, with 'commercial' again misspelled as 'commerical.'" The Interrogatory restates this allegation and then seeks an expansive factual narrative beyond what the pleading requires or contains. An interrogatory premised on an inaccurate or circular characterization of the pleadings is improper under Fed. R. Civ. P. 33(b)(4).

Plaintiff further objects that the Interrogatory is overbroad and disproportionate under Fed. R. Civ. P. 26(b)(1) because it seeks "all facts and circumstances," a formulation specifically disfavored by the Middle District Discovery Handbook as unduly burdensome, cumulative, and prone to requiring disclosure of attorney work product or mental impressions. MD Discovery Handbook § III.A. Plaintiff also objects that the Interrogatory is cumulative of the Works themselves and the images and descriptions already included in the First Amended Complaint, which are the best evidence of the changes to the NS3 infringement. MD Discovery Handbook § IV.C.

Plaintiff additionally objects under Fed. R. Civ. P. 33(a)(2) because Defendants have withheld the technical documentation, metadata, internal communications, and revision histories that would reveal the precise manner, timing, and mechanism of the alteration

and re-addition of the copyright notice. Plaintiff therefore answers based solely on information reasonably available and reserves the right to supplement under Fed. R. Civ. P. 26(e). Subject to these objections and without waiving them, Plaintiff responds as follows.

**Response**:
Plaintiff states that the facts and circumstances supporting the allegation in paragraph 242 of the First Amended Complaint are reflected directly in the versions of the NS3 infringement that Plaintiff downloaded from Defendants' Defcad website, which show that after the second round of date changes made by Defendants, the copyright notice—previously missing from the infringing NS3 file—was reinserted into the file. Plaintiff observed that the reinserted copyright notice contained the same misspelling of the word "commercial" as "commerical" that appeared in Defendants' earlier altered versions.

These facts are documented in the First Amended Complaint and in the infringing files themselves, which are the best evidence of the changes made by Defendants. The conduct of Defendants strongly suggest that they made these alterations. Defendants' refusal to produce documents concerning their modifications to Plaintiff's Works prevents Plaintiff from providing more technical detail regarding the method, timing, and internal process by which the copyright notice was removed and later re-added.

23. Describe all facts and circumstances that support the allegation that "[Defendant] publishing Plaintiff's works of authorship is prohibited by copyright law." as identified in paragraph 101 in Plaintiff's First Amended Complaint  See Doc. 43 at ¶101.

**Objection**:
Plaintiff objects that this Interrogatory is vague, overbroad, and disproportionate under Fed. R. Civ. P. 26(b)(1) because it seeks "all facts and circumstances" supporting a legal allegation already set forth in paragraph 101 of the First Amended Complaint. The Middle District Discovery Handbook expressly discourages "all facts" interrogatories because they are unduly burdensome, cumulative, and often require disclosure of attorney mental impressions or legal theories. MD Discovery Handbook § III.A. Plaintiff further objects that the Interrogatory impermissibly attempts to convert a legal conclusion—namely, that publishing another's copyrighted works without authorization violates the Copyright Act—into a factual narrative. Determining that Defendant's conduct is "prohibited by copyright law" is a legal assertion governed by 17 U.S.C. §§ 106, 501, and 504, not a matter requiring an enumerated "fact list" from Plaintiff. Plaintiff also objects that the Interrogatory is cumulative of both the Copyright Act itself (which has been provided to Defendants) and the allegations detailed throughout the First Amended Complaint. MD Discovery Handbook § IV.C. Subject to these objections and without waiving them, Plaintiff responds as follows.

**Response**:

Plaintiff states that paragraph 101 of the First Amended Complaint reflects the straightforward legal principle that publishing another's works of authorship without permission violates the exclusive rights granted to copyright holders under the Copyright Act, including the rights of reproduction and distribution set forth in 17 U.S.C. § 106. Plaintiff has never granted Defendants any license, authorization, consent, or permission of any kind to reproduce, publish, distribute, or otherwise exploit any of the Works. Plaintiff has expressly objected—publicly and privately—to Defendants' use of his Works, and Defendants have been aware of these objections.

Plaintiff further states that Defendants were repeatedly informed, before and after suit, that their conduct constituted copyright infringement. Defendant Cody Wilson acknowledged awareness of his infringement in multiple public statements, including blog posts in which he admitted knowing that he was publishing copyrighted works without authorization and stated that he would not stop unless he were sued. These statements, combined with Defendants' ongoing publication of the Works without permission, form the factual context for the allegation that Defendant's publishing of Plaintiff's works is prohibited by copyright law.

The Works themselves, the registrations held by Plaintiff, the absence of any license or authorization, and Defendant's own admissions all support the allegation referenced in paragraph 101.

24. Describe all facts and circumstances that support the allegation that
"Defendant Wilson has commingled his own assets with the assets of his corporate co-defendants, most frequently those of Defendant Defense Distributed, to support an extravagant lifestyle," as identified in paragraph 10 in Plaintiff's First Amended Complaint. See Doc. 43 at ¶10.

**Objection**:
Plaintiff objects that this Interrogatory is vague, overbroad, and disproportionate under Fed. R. Civ. P. 26(b)(1) because it seeks "all facts and circumstances" supporting an allegation already set forth in paragraph 10 of the First Amended Complaint. The Middle District Discovery Handbook specifically disfavors such expansive "all facts" interrogatories because they are unduly burdensome, cumulative, and frequently invade attorney work product by demanding a narrative of all evidence supporting a claim. MD Discovery Handbook § III.A.

Plaintiff further objects under Fed. R. Civ. P. 33(a)(2) because this Interrogatory seeks a contention-style response. Plaintiff has served discovery directed to Defendants' commingling of corporate and personal assets, including financial records, expenditures, transfers, and internal corporate documentation, but Defendants have refused to produce responsive materials, asserting only an unarticulated "relevance" objection. Defendants have also filed a motion for protective order seeking to prevent inquiry into these very issues. As a result, Defendants are withholding the information necessary to provide a full accounting of the facts and circumstances requested. Plaintiff answers only based on

information presently known and reserves the right to supplement pursuant to Fed. R.
Civ. P. 26(e). Subject to these objections and without waiving them, Plaintiff responds as
follows.

**Response**:
Plaintiff states that the allegations in paragraph 10 of the First Amended Complaint are
supported by information presently known to Plaintiff and described in the pleading itself,
including Defendant Wilson's use of the assets of Defense Distributed and the other
corporate defendants to fund personal expenditures and to support an extravagant
personal lifestyle. Plaintiff further states that numerous public-facing materials attributable
to Defendant Wilson—including promotional communications, public statements, and
Defendant's own writings—reflect a pattern in which Wilson treats corporate assets
interchangeably with his own, uses corporate resources for personal benefit, and blurs
the distinction between his individual identity and the operations of Defense Distributed
and related entities.

Plaintiff additionally states that Defendants' refusal to provide discovery concerning
corporate finances, expenditures, asset transfers, compensation, and internal controls—
and Defendant Wilson's motion for a protective order seeking to block questioning on
these subjects—only underscores that Defendants themselves recognize the relevance
of these matters while withholding the very documents that would provide more detailed
substantiation. Defendants' position has prevented Plaintiff from obtaining the records
that would further detail the extent of Wilson's commingling. The allegations in paragraph
10 are therefore based on the presently available information regarding Wilson's conduct,
his longstanding treatment of corporate entities as alter egos, and public-facing evidence
of his use of corporate assets for personal expenses.

Plaintiff will supplement this response if Defendants eventually comply with their
discovery obligations and produce the materials they have thus far withheld.

25. Describe all facts and circumstances that support the allegation that, "[t]he
2018 consolidating transfer commingled all cryptocurrency assets of the then-existing
Business Entity Defendants together with Defendant Wilson's personal assets" as
identified in paragraph 15 in Plaintiff's First Amended Complaint.  See Doc. 43 at ¶15.

**Objection:**
Plaintiff objects that this Interrogatory is vague, overbroad, and disproportionate under
Fed. R. Civ. P. 26(b)(1) because it seeks "all facts and circumstances" supporting the
allegation in paragraph 15 of the First Amended Complaint. The Middle District Discovery
Handbook expressly disfavors "all facts" interrogatories because they are unduly
burdensome, cumulative, and often intrude upon attorney work product and litigation
strategy. MD Discovery Handbook § III.A. Plaintiff further objects that portions of the
information necessary to fully answer this Interrogatory—including cryptocurrency
transaction records, internal transfers, wallet logs, corporate accounting records, and
communications relating to the 2018 consolidating transfer—are uniquely within
Defendants' possession, custody, or control. Defendants have refused to produce such

information, asserting only broad "relevance" objections and seeking protective orders to prevent inquiry into commingling and misuse of corporate forms. Because Defendants are withholding the primary sources of evidence that would illuminate the 2018 consolidation, the Interrogatory is premature under Fed. R. Civ. P. 33(a)(2). Plaintiff therefore answers only based on information presently available and reserves the right to supplement as required by Fed. R. Civ. P. 26(e). Subject to and without waiving these objections, Plaintiff responds as follows.

**Response:**
Plaintiff states that paragraph 15 of the First Amended Complaint is supported by the information available to Plaintiff regarding the 2018 consolidation of cryptocurrency assets in which Defendant Wilson caused the then-existing Business Entity Defendants' cryptocurrency holdings to be pooled together with his own personal cryptocurrency assets in a single consolidating transfer. The available facts indicate that Wilson controlled the wallets, access credentials, and execution of that transfer and that the consolidation failed to maintain any separation between corporate and personal assets such that Wilson could access the funds from a cryptocurrency wallet that would be accessible to him in Taiwan, where he fled after learning of an investigation pending against him. This commingling is consistent with Defendant Wilson's broader pattern of treating corporate assets, resources, and finances as interchangeable with his own personal property and ignoring corporate separateness.

Plaintiff further states that Defendants' refusal to produce the cryptocurrency records and other materials related to the consolidating transfer has prevented Plaintiff from providing a more detailed accounting of the individual wallet addresses, transfer paths, or amounts involved. Defendant Wilson's motion for protective order attempting to prevent questions on these issues underscores that Defendants themselves recognize these matters are relevant to alter-ego, commingling, and corporate-integrity allegations while continuing to withhold responsive documents.

The allegations in paragraph 15 are therefore based on the information available to Plaintiff at this time, which demonstrates that the 2018 consolidating transfer did not distinguish between corporate and personal cryptocurrency assets and that Wilson treated all such assets as fungible and under his personal control. Plaintiff will supplement this response if Defendants produce the records and communications necessary to provide further detail.

Under penalty of perjury, I swear the foregoing responses are true and correct to the best of my knowledge.


/s/ Matthew Larosiere


/s/ Zachary Z. Zermay
*Attorney for Matthew Larosiere*