UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

    *Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc., DEFENSE DISTRIBUTED, and DIOSKOUROI LLC,

    *Defendants*.

_____/

**PLAINTIFF LAROSIERE'S SUPPLEMENTAL BRIEFING IN SUPPORT OF HIS SHORT-FORM MOTION FOR A PROTECTIVE ORDER**

Plaintiff files this supplemental memorandum pursuant to the Court's January 6, 2026 Order (Doc. 181), addressing: (1) the relevance and proportionality of the third-party subpoenas (Docs. 176-1 through 176-3); (2) whether Plaintiff may support the requested protective order with declarations filed under pseudonym (Docs. 176-4 through 176-6); and (3) whether the subpoenas have been served and whether any responses have been received. Plaintiff notes that Defendants, at 4:29PM on the date this briefing was due, produced a 7-page PDF containing materials concerning two of the individuals whose personal information they seek. (Ex. D). In an abundance of caution, these inapposite materials are addressed *infra*.

## ARGUMENT

**I. THE SUBPOENAS SEEK IRRELEVANT AND DISPROPORTIONATE MATERIAL, AND GOOD CAUSE EXISTS TO FORBID OR NARROW THE DISCOVERY UNDER RULE 26(c).**

The Rule 26(c) question is whether Plaintiff has shown "good cause" to protect a "party or person" from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Defendants' opposition to the underlying motion barely gives pretext to the sought discovery, and Defendants declined to articulate any theory of relevance beyond that in their opposition to the underlying Motion. Most published cases dealing with this issue in the Eleventh Circuit concern far closer calls. *See Malibu Media, LLC v. John Does 1-35*, No. 2:12-CV-178-FTM-99, 2012 WL 4513050, at *5 (M.D. Fla. Aug. 15, 2012), report and recommendation adopted, No. 2:12-CV-00178-FTM-UA, 2012 WL 4604544 (M.D. Fla. Oct. 2, 2012) ("The Plaintiff has no other way to discover the identities of the putative Defendants"). Defendants' finance and identity-forward subpoenas here are not even close to those cases. They are far more analogous to those found irrelevant in *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 430 (M.D. Fla. 2005) ("While certain financial records may show that the non-parties are interrelated with Defendants, Plaintiff's discovery regarding financial matters is grossly overbroad and irrelevant.").

Additionally, Plaintiff notes that Defendants—who have to-present refused to articulate a theory of relevance beyond the "potentially probative" pretext, have made no attempt to secure whatever information they may be ultimately seeking concerning the works at issue from Plaintiff, who created or owns each of the works at issue, or the actual entities they seek the personal information about. *See Continuum on S. Beach Condo. v. QBE Ins. Corp.*, 338 F.R.D. 668, 671 (S.D. Fla.

2

2021) ("As an additional justification for the entry of a protective order, much of the relevant information requested by Defendant would be obtainable more easily from Plaintiff itself rather than the recipients of the 32 Subpoenas."). This concern would be avoided if Defendants had simply sent discovery requests concerning whatever theory they may have with respect to the works or involvement with Plaintiff to these shops or LLC themselves, rather than subpoenas to third parties seeking only irrelevant financial and personal identifying information. In any event, Defendants' theory of relevance fails, as the sworn declarations of Plaintiff and the individuals Defendants seek to unmask unanimously refute any pretext that the individuals had anything to do with publication, ownership, or licensing of the works at issue.

**A.    The subpoenas are aimed at obtaining sensitive personal identifying and financial information untethered to any party's claim or defense.**

As framed, the subpoenas to Etsy and Shopify seek "true identities," contact information, IP addresses, log-in information, and financial transaction histories, all sensitive information for the owners of an online store, going well beyond what would be necessary to test any plausible claim or defense theory. The subpoena to Registered Agents similarly seeks "all documents…concerning the owners and members" of a named LLC and "the true identities including names, addresses, email addresses, and IP Addresses" of associated persons. (Docs. 176-1, 176-2, 176-3).

Defendants defend this discovery only at a high level, asserting these categories are "potentially probative of publication, ownership, damages, and the validity of the copyrights-in-suit," and further asserting, "upon information and

3

belief," that the individuals tied to these subpoenas are "former employees and/or parties sponsored by Plaintiff" to confirm publication, ownership, and licensing. (Doc. 180 at 2–3). That is not a factual proffer linking these third parties to any particular allegedly infringing work, any discrete publication event, or any ownership dispute. Indeed, it also has little to do with the information requested in the subpoenas themselves. *See Continuum on S. Beach Condo.*, 338 F.R.D. at 671. Because Plaintiff-Movant has carried his burden through sworn declarations and external evidence, Rule 26(b)(1) requires more than speculation before permitting disclosure of identifying and financial information of unrelated non-parties.

Even absent the declarations, Plaintiff has had no relevant interaction whatsoever with the targets of these subpoenas. (Ex. A).1

**B.  Defendants' last-minute proffer is inapposite and underlines their improper purpose.**

Defendants, at 4:29PM on the date this briefing was due, provided a 7-page PDF labeled as a supplemental production, with no indication as to which requests it is responsive to, and notably, primarily containing materials relating to Romanov and Shittinator. The Shittinator material was just a screenshot of the MAF Corp. advertisement identified in the Larosiere declaration, and a screen capture of Shittinator discussing Wilson's pattern of copyright infringement. The material relating to Romanov is a discussion Romanov had with other third parties discussing Wilson. (Ex. D). Nothing in these materials supports Defendants' theory of discoverability. Plaintiff identifies this, as the last-minute provision of these materials suggests that Defendants will somehow attempt to use these materials to

4

justify their subpoenas. Nothing in the last-minute production can reasonably be read to negate anything in the sworn declarations supporting this Motion.

**C.   Good cause exists, as the sworn declarations negate Defendants' speculative premise and establish that the discovery is directed at critics—not claim- or defense-related fact witnesses.**

The declarations submitted with the motion are not conclusory. They address the central relevance question directly: the declarants state they have no connection to the works at issue and possess no private or confidential information regarding them, and they describe why they believe the subpoenas are intended to harass or doxx critics rather than obtain merits discovery.

For example, the Owner of Romanov Mashina Zavod states: (i) he has "no connection to the works that are the subject of this lawsuit," (ii) he has publicly criticized Defendant Wilson, (iii) he believes Wilson's efforts to obtain his personal information are intended to harass him, and (iv) he fears the publication of personal identifying information and lacks resources to intervene. (Doc. 176-5). This is confirmed by Plaintiff's declaration. (Ex. A). These contradict Defendants' contrived "sponsored by Plaintiff" narrative and support a finding that the subpoenas are not tailored to Rule 26(b)(1). Additionally, Defendant Wilson has, on his blog, publicly exhibited animus against this individual, linking to Romanov's twitter account for "a sample" of "a weird trend…of ersatz anarchists more or less begging for federal protection of their files." (Ex. B). Interestingly, Wilson goes on to write that "[i]t's become a convenient piece of rhetoric that no one can sue DEFCAD because they'd have to give up anonymity. This is, of course, not true. Our Everytown case was, in the end, about your right to proceed anonymously. I support your right to proceed

5

anonymously. The reason you don't sue is because you got the law wrong on copyright. That and because you're a huge pussy." *Id*.

Likewise, the Owner of Duncan Manufacturing and "The Shittinator" each attest they have no involvement with Plaintiff's works or the merits issues in this case and that they fear harassment if their private identifying and financial information is obtained and disseminated. (Docs. 176-4, 176-6). This is confirmed by Plaintiff's declaration. (Ex. A). This record is materially different from a scenario where the subpoena seeks a narrow set of communications or transactions tied to a specific allegedly infringing file or a discrete licensing event. Here, the demands are identity- and finance-forward, and Defendants' justification is conjectural at best.

We needn't take only the declarants at their word, though. The parties on both sides of this motion have gone on record. Plaintiff, in the attached exhibit, explicitly refutes any material relationship with the individuals Defendants seek inexplicably to unmask. (Ex. A). As to Defendants, on the Defcad blog, Defendant Wilson has asserted, of this litigation, that "[a] Florida federal court has just become the nation's instrument for discovering the details, the identities, and the even greater mysteries of America's 3D2A underground." (Ex. C). Defendants' desire to "discover[] the details, the identities," and their imagined "even greater mysteries" is not a Rule 26 compliant discovery expedition.

**D.     At minimum, the Court should require a narrowed scope and protective conditions that prevent misuse of sensitive non-party personal identifying and financial material.**

The discovery should be prohibited under 26(c)(1)(A), however, if the Court determines Defendants have shown some legitimate need to test a specific theory,

Rule 26(c) still authorizes narrowing and protective conditions to prevent oppression and harassment. Appropriate alternatives include: limiting any third-party production to materials narrowly tied to identified works-in-suit and identified timeframes; excluding bank account numbers, payout details, and transaction histories absent a particularized showing as to why those categories are necessary; and requiring "Attorneys' Eyes Only" treatment for any non-public identifying information (names, addresses, IP addresses, and similar data), with no dissemination to parties and no use outside this litigation.

These measures align with Rule 26(c)'s text while reducing the risk that third-party identifying information becomes an extra-litigation weapon.

## II. PLAINTIFF MAY SUPPORT HIS MOTION WITH PSEUDONYMOUS DECLARATIONS, AND ANY AUTHENTICITY CONCERNS CAN BE RESOLVED VIA IN CAMERA OR PROTECTED DISCLOSURE.

The Court ordered briefing on whether Plaintiff's motion may properly be supported by declarations filed under pseudonym. (Doc. 181 at 4). Plaintiff's motion flagged this issue at the outset and proposed practical solutions if authenticity is questioned: in camera confirmation of identities or disclosure to opposing counsel under protective order. (Doc. 176 at 1 n.1).

### A. The Eleventh Circuit recognizes that anonymity does not defeat evidentiary use of sworn declarations.

In *American Alliance for Equal Rights v. Fearless Fund Mgmt., LLC*, the Eleventh Circuit addressed standing where key declarants signed under pseudonyms. The Court explained that "a plaintiff may proceed anonymously and still satisfy standing requirements," and stated it had "no authority requiring

7

members A and B to identify themselves by their legal names." 103 F.4th 765, 772–73 (11th Cir. 2024). The Federal Rules do not impose a categorical requirement that a sworn declarant's legal name must be publicly disclosed for a court to consider the declaration.

*Fearless Fund* also reflects why pseudonymity is sometimes necessary: declarants fear reprisal if their identities become public. *Id.* (addressing pseudonymous members); see also *id.* at 790 (example declaration signed under pseudonym due to fear of reprisal). This is consistent with the function of Rule 26(c), which is expressly designed to prevent "annoyance, embarrassment, [and] oppression."

Another area where pseudonymous declarations are often seen is in matters involving taxation, arguments that motions "lack[] credibility because the declaration [in support thereof] is [under] pseudonym and therefore questionable…have previously been made by taxpayers and have been rejected by the courts." *United States v. Sieloff*, No. 808-CV-1106-T-30MAP, 2009 WL 1850197, at *3 (M.D. Fla. June 25, 2009) (quoting *United States v. Ward*, 833 F.2d 1538 (11th Cir.1987) (holding that taxpayer's argument that the court lacks jurisdiction because the taxpayer does not live within a territory "utterly without merit"); *Buaiz v. United States*, 521 F.Supp.2d 93 at 96–7 (D.D.C. 2007) (holding that taxpayer's argument that IRS Revenue Officer's certification lacked credibility because she used a "false and fictitious name" was without merit)).

8

**B. The declarations here are sworn, specific, and offered for the limited purpose of establishing "good cause"; the Court can cure any remaining concerns through controlled disclosure.**

The declarations are not being offered to prove ultimate merits elements at trial; they are offered to show "good cause" for Rule 26(c) relief—i.e., that the subpoenas are not tethered to the merits and risk enabling harassment through compelled disclosure of identifying and financial data.

To the extent Defendants challenge authenticity, the Court can adopt any of the targeted procedures Plaintiff previously offered. Plaintiff could lodge unredacted identifying information for the declarants under seal for *in camera* review; could disclose the identities solely to defense counsel, subject to an AEO restriction and an express prohibition on sharing identities with parties or third persons; or this Court could permit a short *in camera* proceeding to confirm declarant identity and basis of knowledge.

Those approaches balance any desire to test credibility with the non-parties' demonstrated concerns about harassment and retaliation, without forcing public disclosure that would defeat the protective purpose of the request.

**III. SERVICE STATUS AND RESPONSES RECEIVED.**

The Court ordered Defendants to address whether the subpoenas have been served and whether any responses or responsive documents have been received.

If Defendants have received materials, Rule 26(c) relief remains appropriate, including an order requiring sequestration and AEO handling pending a relevance ruling, and prohibiting any external use or dissemination of private third-party information until the Court determines the permissible scope.

## **CONCLUSION**

Because Defendants' theories of discoverability appear pretextual in light of the record evidence of Defendants' harassment of critics, Plaintiff respectfully requests a protective order prohibiting these and further third-party subpoenas aimed at unmasking unrelated individuals absent prior court approval, an order restricting Defense counsel's handling of any non-public information to attorneys' eyes only and prohibiting disclosure to their clients or third parties; or any other and further relief this Honorable Court feels best calculated to serve the interests of Rule 26(c).

Respectfully submitted,

DATED:  January 20, 2026

                                           */s/ Zachary Z. Zermay*
                                           Zachary Z. Zermay, Esq.
                                           Fla. Bar № 1002905
                                           *Zermay Law, P.A.*
                                           3000 Coral Way, Ste 1115
                                           Coral Gables, FL 33145
                                           Email: zach@zermaylaw.com
                                           Tel: (305) 767-3529
                                           *Lead Counsel for Plaintiff*
                                           *Matthew Larosiere*