**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MATTHEW LAROSIERE,

        Plaintiff,

v.                                        Case No:   6:24-cv-1629-AGM-LHP

CODY RUTLEDGE WILSON,
DEFCAD, INC., DEFENSE
DISTRIBUTED, DIOSKOUROI LLC,
DAVID SCOTT GINGRAS,
FEDERICO REYNAL and CHARLES
FLORES,

        Defendants

---

**ORDER**

Before the Court is Defendants' Amended Motion for Leave to Amend Defendants' Answer and Affirmative Defenses to Add Additional Affirmative Defenses.  Doc. No. 182.  Plaintiff responds in opposition.  Doc. No. 190.[1]  Upon consideration, the Court considered denying the motion on the merits without further briefing given the issues raised by Plaintiff's response.  *See id*.  However,

---

[1] Plaintiff filed two versions of the response, which appear to be identical.  Doc. Nos. 190–91.  Thus, the Court simply cites to the first-filed version.  Doc. No. 190.

in an abundance of caution, the Court will give Defendants the last word, and allow reply briefing addressing targeted issues raised by the response.

Accordingly, it is **ORDERED** that on or before **5:00 p.m. on Wednesday January 28, 2026**, Defendants shall file a reply brief, not to exceed **seven (7) pages** in length, addressing the issues raised by Plaintiff's response.  In addition, the reply brief must specifically address, <u>by citation to evidence and legal authority in support</u>, the following issues:

1. Why amending the answer at this point should be permitted to materially change several admissions and denials from the operative answer (Doc. No. 52), and why Defendants' motion should not be denied for failure to address this issue in the motion (Doc. No. 182).  *See* Doc. No. 190, at 10–11.

2. Plaintiff's contention that not all of the proposed affirmative defenses are new ones—some were raised in Defendants' initial answer (Doc. No. 29), abandoned by amendment (Doc. No. 52), and Defendants now seek to reassert them again (Doc. No. 182-3).  *See* Doc. No. 190, at 9.

3. The date that the discovery was served that requested the information that resulted in Plaintiff's document production on November 25, 2025, as Defendants' motion is notably silent on this point.  *See* Doc. No. 182.

4. How this document production on November 25, 2025 constitutes "new evidence" of which Defendants were previously unaware, in light of Plaintiff's contentions that Defendants have disputed ownership since November 2024, *see* Doc. No. 29, documents attached to the motion demonstrate that Defendants were aware of the assignment agreements and work-made-for-hire agreements as early as January 2025, *see* Doc. No. 182-2, and as of September 2025, Defendants had not made a formal discovery request for these materials, *see* Doc. No. 190-1.   *See* Doc. No. 190, at 6–7.

5. Why each of the proposed new affirmative defenses (Doc. No. 182-3) are appropriate based on this allegation of "new evidence," *i.e.*, how each of the defenses clearly relate to the newly discovered assignment agreements and work-made-for-hire agreements for the copyrights at issue, which is the only issue addressed in Defendants' motion.   *See* Doc. Nos. 182, 182-1.

6. Legal authority to support the notion that discovery of "new evidence" a substantial period after the deadline for amending pleadings, where the discovery was requested well after that deadline too (assuming that is true), provides good cause to support a request for amendment.

7. Any other issue Defendants deem relevant to resolution of the motion (Doc. No. 182).

Alternatively, of course, Defendants may file a notice withdrawing the motion (Doc. No. 182).

**DONE** and **ORDERED** in Orlando, Florida on January 22, 2026.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record