UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

    *Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, INC., DEFENSE DISTRIBUTED, and DIOSKOUROI LLC,

    *Defendants*.

_____/

**OBJECTION TO MAGISTRATE'S ORDER DENYING MOTION FOR AN AWARD OF REASONABLE ATTORNEYS' FEES AND RELATED EXPENSES (DOC. NO. 184)**

Former Counter-Defendant Matthew Larosiere and former Third-Party Defendants John Elik, Alexander Holladay, Josh Kiel Stroke, John Lettman, and MAF Corp. (collectively, "Movants"), object under Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A) to the Magistrate Judge's Order denying Movants' Consolidated Motion for an Award of Reasonable Attorneys' Fees and Related Expenses (Doc. 184) (the "Order").

## PROCEDURAL BACKGROUND

On September 5, 2025, Defense Distributed filed its notice of dismissal against Movants. (Doc. 123). On September 25, 2025, Movants filed their motion seeking sanctions under 28 U.S.C. § 1927 and the Court's inherent authority. (Doc. 138). The docket reflects briefing by respondents (Doc. 141, 149), and Movants' authorized reply (Doc. 150). Movants filed a separate request for oral argument and an evidentiary hearing. (Doc. 138-9). On January 12, 2026, the Magistrate Judge denied the motion without holding an evidentiary hearing. (Doc. 184).

## STANDARD OF REVIEW

Under Rule 72(a), the Court shall modify or set aside a magistrate judge's order on a non-dispositive pretrial matter if it is "clearly erroneous or contrary to law." See 28 U.S.C. § 636(b)(1)(A). An order is clearly erroneous if, after reviewing the entire record, the district court is "left with the definite and firm conviction that a mistake has been committed." *United States v.*

1

*U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "An order is contrary to law 'when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *SEC v. Kramer,* 778 F. Supp. 2d 1320, 1326-27 (M.D. Fla. 2011).

## **GROUNDS FOR OBJECTION**

### I. THE ORDER APPLIES A MERITS-CONTINGENT FRAMEWORK THAT IS CONTRARY TO § 1927 AND ELEVENTH CIRCUIT AUTHORITY.

The Order denies sanctions in substantial part because the Court "never ruled" on the counterclaims and because "simply filing a pleading—the merits of which were never addressed—cannot alone form the basis for sanctions under § 1927, nor does it warrant sanctions under the Court's inherent authority." (Doc. 184 at 5). The Order then treats the absence of "substantive rulings" as a key distinguishing feature from the cases Movants cited which sanctioned counterclaims under §1927 and inherent authority. (Doc. 184 at 7). This is contrary to law for at least two reasons.

First, § 1927's text does not condition sanctions on the existence of a merits ruling on the underlying pleading. 28 U.S.C. § 1927. The Eleventh Circuit's framework likewise focuses on litigation conduct and its consequences: "(1) unreasonable and vexatious conduct; (2) multiplication of proceedings; and (3) a financial nexus between the sanction and excess proceedings." (Doc. 184 at 3 (citing *Peterson*, 124 F.3d at 1396)). Nothing in that articulation makes merits adjudication a prerequisite.

Second, Eleventh Circuit law recognizes that sanctions issues are collateral to the merits. *Hyde v. Irish*, 962 F.3d 1306, 1309 (11th Cir. 2020) (recognizing authority to resolve § 1927 sanctions as a collateral matter even when merits jurisdiction is absent). The Order itself quoted *Hyde* for the inherent-power standard, but then effectively treats the absence of merits rulings as dispositive against sanctions as to the counterclaims. *Cf. Hyde* at 1310 ("These sanctions, like Rule 11 sanctions, do not require a court to rule on the merits of the underlying case.").

That is a legal error. Whether the Court reached merits rulings is not the statutory trigger; whether counsel's conduct unreasonably and vexatiously multiplied proceedings and caused excess fees is.

## II. THE ORDER'S "PURE CONJECTURE" FINDING IS CLEARLY ERRONEOUS AND IMPROPERLY TREATS THE ABSENCE OF PRIOR DISCOVERY RULINGS AS A PREREQUISITE TO SANCTIONS.

The Order concludes that, because the docket reflects "no ruling on any discovery matter regarding the third-party claims/counterclaims," Movants' position "rests on pure conjecture" and "simply asks the Court to adopt the motion's view of the discovery." (Doc. 184 at 7). That reasoning is clearly erroneous and contrary to law in two respects:

A. <u>The sanctions motion was supported by identified record materials</u>

The Order's conclusion that Movants' showing "rests on pure conjecture" because the Court "never ruled" on the underlying

3

discovery/counterclaim issues (Doc. 184 at 7) mischaracterizes what Movants presented. Movants did not ask the Court to infer bad faith from vibe or speculation; Movants attached and cited contemporaneous emails, sworn declarations, written discovery materials, and records of communications with counsel reflecting the conduct at issue. See, e.g., Doc. 138 at 10–16, 18–22; Doc. 138-1; Doc. 138-2; Doc. 138-3; Doc. 138-4; Doc. 138-5; Doc. 138-8.

    i.    *Evidence Supported the Counterclaims Were Filed in Bad Faith*

Movants cited the counterclaims as proof of the kind of serious allegations lodged against numerous individuals without adequate factual footing—allegations that necessarily broadened discovery, motion practice, and collateral disputes. (Doc. 138 at 14–15). As one example, the counterclaim alleged that "Lettman … hacked the website of Defendants' counsel," among other things. (Doc. 52 ¶¶ 128–132). Movants supported their position with material, which non-movants did not materially respond to.

    ii.    *Attached Materials Supported Bad Faith Motion Practice*

Movants supported their allegations of bad faith in motion practice with transcript excerpts showing counsel declining to make even threshold disclosures necessary for meaningful conferral and proportionate briefing. For example, when asked whether Defendants had made any informal attempt to resolve or even request clarification before resorting to motion practice, counsel admitted: "I haven't." (Doc. 138-4 at 26:13–18). That is not

4

conjecture; it is record evidence of a conferral approach designed to increase cost and multiply proceedings.

The motion further identified two instances where counsel filed motions to dismiss and then filed answers and counterclaims in a sequence that rendered the motions meritless—yet persisted in that posture in a way that forced responsive work. (Doc. 138 at 14). It further cited the timing of Rule 37(e) motion practice—filing a Rule 37(e) motion "mere hours before dismissing their own claims," then later filing a reframed Rule 37 motion. (Doc. 138 at 14). The Order suggests this was necessitated by Plaintiff's amended complaint, but this is clearly erroneous. Plaintiff filed a single amended complaint. (Doc. 43). Defendants filed three versions of their complained-of filings. (Doc. 29, Doc. 49, Doc. 52).

### iii. *Attached Materials Supported Bad Faith Discovery Practice*

Movants attached material showing repeated cut-and-paste objections—precisely the type of "facially defective discovery responses designed for motion practice" alleged in the motion. (Doc. 138 at 15); see also (Doc. 138-2 at 2, 4, 6) (repeating the same "overbroad, oppressive, and violating [] attorney work-product" formulation across interrogatories).

Movants supported the allegation that counsel noticed "far-flung, unrelated third parties nationwide—yet never taking a single deposition." Doc. 138-6 (Ex. F). Movants also supported their "special master as a

5

financial cudgel" narrative with counsel's own statements. (Doc. 138-5 at 4), (Doc. 138 at 16 (citing, inter alia, Doc. 122; Doc. 136)).

Movants did not merely "argue" that the spoliation accusations were contrived; they attached abundant materials evincing it. (Doc. 138-1); (Doc. 29 at ¶ 185; Doc. 138 at 18).

In short, Movants offered a record-built narrative of vexatious multiplication: (i) filing and maintaining unsupported accusations against unrelated individuals in far-flung locales, (ii) serving boilerplate and/or misleading discovery responses, (iii) refusing meaningful conferral while demanding expanded briefing, (iv) repeatedly generating (and then mooting) motion cycles, and (v) using spoliation rhetoric as an escalation lever. *See* (Doc. 138 at 10–22; Doc. 52 at 38; Doc. 29 at 68; Doc. 138-1 at 496; Doc. 138-2 at 2, 4, 6, 11, 14; Doc. 138-3 at 3; Doc. 138-4 at 24, 26, 28, 31; Doc. 138-5 at 4; Doc. 138-6; Doc. 138-8 at 2–4). The Order's "conjecture" characterization is therefore clearly erroneous on the record presented and, to the extent it treats the absence of earlier merits rulings as a substitute for confronting this evidentiary proffer, contrary to the § 1927 framework.

### B. § 1927 does not require that the Court first enter an order on any underlying dispute.

Nothing in § 1927 requires that a court have already ruled on the underlying dispute for the conduct to have "multiplie[d] the proceedings … unreasonably and vexatiously." 28 U.S.C. § 1927. The absence of prior rulings

6

is often a function of procedural posture—here, including the voluntary dismissal of the counterclaims that mooted related matters. It is legal error to treat the resulting lack of substantive rulings as foreclosing sanctions under §1927 and the Court's inherent authority, because they "like Rule 11 sanctions, do not require a court to rule on the merits of the underlying case." *Hyde*, 962 F.3d at 1310.

### III. THE ORDER FAILS TO ADDRESS MOVANTS' REQUEST FOR AN EVIDENTIARY HEARING AND DENIES SANCTIONS ON A RATIONALE THAT THE REQUESTED HEARING WAS INTENDED TO SUPPLY.

Movants requested an evidentiary hearing pursuant to Local Rule 3.01(i). (Doc. 138-9 at 1). The Order does not address this request, yet denies sanctions on grounds that hinge on contested factual inferences.

A court retains discretion to deny an evidentiary hearing, but where the denial is predicated on the supposed insufficiency of an evidentiary showing, without materially engaging with the materials attached, and where the movant has specifically requested an evidentiary hearing to resolve disputed factual issues, the failure to address the request warrants reversal. *Didie v. Howes* 988 F.2d 1097 at 1105 (11th Cir. 1993) (District court abused its discretion in denying sanctions motion without an evidentiary hearing where the "factual recitations stated by the parties" were "starkly contradictory").

7

## IV. THE ORDER'S INCORPORATION-BY-REFERENCE RULING MISCHARACTERIZES MOVANTS' USE OF DOC. 71.

The Order states: "Defendants' attempt to incorporate all arguments made by a previous motion to dismiss … is improper, and this argument will not be considered. Local Rule 3.01(h)." (Doc. 184 at 7). This is a mischaracterization of what Movants did and an improper application of the Local Rule to the sanctions context.

Movants cited Doc. 71 in the § 1927 motion to establish that the counterclaims were facially deficient and, critically, that counsel was on notice of those deficiencies and of factual defects—supporting the sanctions theory that counsel knowingly or recklessly pursued allegations that were false or unsupported. (See Doc. 138 at 5 (citing Doc. 71 at 4–21)). That is not "incorporat[ing] all arguments" so as to evade page limits; it is using an existing docket filing as record evidence of what counsel was told and what the pleadings actually contained.

Local Rule 3.01(h) does not prohibit citation to the docket as record proof of notice, knowledge, and objective deficiency. Even if the Court believed Movants' motion should have restated the Rule 12 analysis at greater length, it was not proper not to exclude Doc. 71 as evidence bearing on counsel's knowledge and the objective lack of support.

8

## V.   THE ORDER TREATS "PREMATURITY" AS A BAR WITH ITS OWN SEQUENCING CHOICES.

The Order also denies sanctions as "premature" to the extent Movants sought sanctions tied to spoliation allegations, reasoning that a spoliation motion against Plaintiff "remains pending" and that "what Plaintiff in essence seeks is a substantive ruling on the spoliation issue by way of the motion for sanctions." (Doc. 184 at 9). This is error for two related reasons.

First, while § 1927 has no statutory deadline, it also has no sequencing requirement that would render a sanctions motion "premature" merely because a related dispute remains pending, and the Rules generally require motions be brought within a reasonable time. 28 U.S.C. § 1927, *but see* M.D. Fla. R. 7.01(b).

Second, the Court's discretionary decision to rule on the sanctions motion before adjudicating other issues cannot be counted against Movants as a basis to deny sanctions outright. At minimum, if the Court believed that sanctions issues should await further development, the remedy was to defer or hold the motion in abeyance—not deny it as "premature" while simultaneously relying on the absence of merits rulings to deny.

9

## **RELIEF REQUESTED**

The Moving Parties respectfully request that this Honorable Court:

1) Sustain this objection and set aside the Order (Doc. 184) to the extent it rests on legal conclusions contrary to § 1927 and Eleventh Circuit law;

2) Remand for reconsideration under the correct standards, including consideration of (i) the record evidence proffered in support of the Motion, and (ii) Movants' request for an evidentiary hearing and oral argument (Doc. 138-9); and

3) Grant such other relief as is just and proper, including ordering an evidentiary hearing limited to the issues necessary to resolve § 1927 and inherent-authority sanctions and the fee nexus.

Respectfully submitted,

DATED:  January 25, 2026

| s/ Gary C. De Pury | /s/Matthew Larosiere | /s/ Zachary Zermay |
|---|---|---|
| *Gary C. De Pury* | Matthew Larosiere, Esq. | Zachary Zermay, Esq. |
| *Florida Bar No: 126588* | Fla. Bar. No. 1005581 | Fla. Bar № 1002905 |
| *Law Offices of Gary De Pury, P.A.* | *The Law Offices of Matthew Larosiere* | *Zermay Law, P.A.* |
| *21035 Leonard Road* | 6964 Houlton Circle | 3000 Coral Way, Ste 1115 |
| *Lutz, Florida 33558* | Lake Worth, FL 33467 | Coral Gables, FL 33145 |
| *Tel: (813) 607-6404* | Email: Larosieremm@gmail.com | Email: zach@zermaylaw.com |
| *Email: Gary@DePury.com* | Tel: (561) 452-7575 | Tel: (305) 767-3529 |
| *Lead Counsel for Counterdefendant Alex Holladay and MAF Corp.* | *Lead Counsel for Counterdefendants Elik, Stroke, and Lettman* | *Lead Counsel for Plaintiff/Counterdefendant Matthew Larosiere* |

10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 25th day of January, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF for all counsel authorized to receive electronically Notices of Electronic Filing, and my causing a copy of the foregoing to be sent Federico Reynal by U.S. mail.

*/s/ Zachary Z. Zermay*
Zachary Z. Zermay, Esq.
Fla. Bar № 1002905

11