UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW LAROSIERE

        Plaintiff,        Case No: 6:24-CV-01629-AGM-LHP

vs.

CODY RUTLEDGE WILSON, DEFCAD, INC.,
DEFENSE DISTRIBUTED and
DIOSKOUROI LLC,

        Defendants.
_____/

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF DEFENDANTS' AMENDED MOTION FOR LEAVE TO AMEND [DOC. 182]**

Defendants, CODY RUTLEDGE WILSON, DEFCAD, INC., and DEFENSE DISTRIBUTED ("Defendants"), submit this reply to address the targeted issues identified in the Court's January 22, 2026 Order, Doc. 193, and state as follows:

1. **Material Changes to Admissions/Denials in the Proposed Operative Answer Should Be Permitted Because They Are Tethered to New Evidence.**[1]

For several months, Defendants have informally and formally requested Plaintiff's assignment instruments and work-made-for-hire materials; any delay was caused by Plaintiff. A brief timeline of events shows Defendants' diligent efforts to obtain these documents as they are material to Plaintiff's claim for copyright ownership for the copyrights-in-suit: on January 11, 2025, Defendants informally

---

[1] The undersigned respectfully apologizes to the Court for failing to address in the Motion that Defendants amended the allegations in the proposed Answer filed with their motion. The omission was inadvertent and not intended to burden the Court or the Plaintiff. Defendants stand ready to submit the amended allegations in the precise form the Court prefers.

1

requested the "express written agreement" and "assignment" cited in Plaintiff's preliminary-injunction papers. (Docs. 53–3 at 4 ¶7; 53–5 at 4 ¶9). Plaintiff agreed to produce them following the issuance of a protective order[2]. On January 16, 2025, the Court scheduled a February 28, 2025, amendment deadline, a May 1, 2026, discovery cutoff, and a November 2, 2026, trial term (Doc. 58 at 1), leaving 43 days to amend, followed by 15 months before discovery closes. Thus, the parties have sufficient time to amend the allegations, assert defenses, and conduct discovery before the November 2, 2026, trial term. No harm exists, as the Plaintiff must prove standing at trial.

On February 12, 2025[3], July 4, 2025, and again on October 15, 2025, Defendants served discovery requests for material relating to any business or employment relationship to substantiate their work-for-hire agreement. (**Comp. Exhibit A**). Notwithstanding these repeated requests, exchange of meet and confer letters (**Exhibit B**), Plaintiff did not provide the New Evidence until November 25, 2025, in response to Defendants' third attempt to receive the documents.

Despite Plaintiff's contentions, Defendants requested the assignments and work-for-hire materials on January 11, 2025, which Plaintiff agreed to produce, but failed to do so; and again, formally on February 12, 2025, July 4, 2025, and again on October 15, 2025. On November 25, 2025, Plaintiff produced assignment and work-

---

[2] At the June 13, 2025, hearing discussing various discovery issues, Plaintiff agreed to produce these documents upon entry of a protective Order. (Doc. 113, Hr. Tr. 67:19–68:2). The parties' Stipulated Protective Order to exchange confidential materials in discovery was entered on June 26, 2025. (Doc. 114–1).

[3] These requests were withdrawn following Plaintiff's challenge of email service, despite Plaintiff answering and serving objections via email service. (Docs. 96, 111–114).

made-for-hire materials, designated as Attorney Eyes' Only ("AEO") (Doc. 182–2) (the "New Evidence"). The New Evidence appears facially invalid and possibly manufactured; thus, Defendants moved for leave to amend their Answer and Affirmative Defenses on December 30, 2025 (Doc. 177) and amended the Motion on January 7, 2026 (Doc. 182) within 35 days of receipt. Any delays were caused by Plaintiff's rejection of requests to meet and confer on the motion for leave to amend. (Docs. 179–1, 179–2, 179–3, 179–4).

**2.    The Proposed Changes to Admissions Are Appropriate Because They Are Tethered to the New Evidence, No Matter When the Defenses Are Raised.**

Plaintiff misstates the law on amending pleading admissions. In opposing the Defendants' proposed amendments to paragraphs 57, 61, 91, 107, 110, 115, 118, 122, 124, 144, 147, 150, 153, 156, 60, 168, 169, 170, 174, 181, 185, 189, 190, 191, 194, 196, 198, 211, 212, 213, 224, 280, 284, 286–290, 321, 326–331, *see e.g.,* Doc. 190 at p. 8, Plaintiff appears to argue tacitly that Defendants cannot change his responses at all. *See Columbus Bank & Trust Co. v. McKenzie Trucking & Leasing*, 2009 U.S. Dist. LEXIS 98882, 2009 WL 3526648, at *3 (M.D. Ga. Oct. 23, 2009), for the proposition that the law is "well settled" on the issue of admissions in answers being "binding on the party who makes them." This is only partially accurate.

Courts acknowledge that while judicial admissions are significant, they are not immutable; they may be altered through an amended pleading when permitted by the rules and the Court. *See Bejerano v. Flex Fla. Corp.*, No. 18-20049-Civ, 2020 U.S. Dist. LEXIS 127101, at *12 (S.D. Fla. July 20, 2020)(citing *Mo. Hous. Dev. Comm'n v. Brice,*

919 F.2d 1306, 1314 (8th Cir. 1990). ("[A]dmissions in the pleadings . . . are in the nature of judicial admissions binding upon the parties, unless withdrawn or amended."). Plaintiff's suggestion that Defendants are precluded from amending their responses is inconsistent with *Brice*. 919 F.2d at 1314.

Here, the proposed changes are intended to clarify Defendants' positions on standing with respect to Plaintiff's copyright claims, venue, liability, and damages, leaving several months before the close of discovery on May 1, 2026, to address these amended allegations and defenses. (Doc. 58). Plaintiff highlights the changes and topics (e.g., venue, profits, ownership/control, notices), but the operative question is not when the party decided to make the amendment, but when the facts on which the proposed amendment is based were available. *Am. Builders & Contractors Supply Co. v. Precision Roofing & Consulting, LLC*, No. 2:17cv97-WHA, 2018 U.S. Dist. LEXIS 4378, at *4-5 (M.D. Ala. Jan. 10, 2018). These proposed admissions changes are illuminated by the New Evidence regarding Plaintiff's copyright claims, which arose when Defendants received the documents on November 25, 2025; they are not a "freewheeling" reversal.

Plaintiff's reliance on the "binding" nature of admissions is misplaced and implies an absolute bar that simply does not exist[4]. *See Christoff v. Inglese*, No. 2:20-cv-

---

[4] Plaintiff relies on two nonbinding authorities that are factually inapposite and do not apply here. See *Acosta-Mestre v. Hilton Int'l*, 156 F.3d 49, 50 (1st Cir. 1998)(denying motion to amend complaint to add third party without providing valid reasons); *see also Perrian v. O'Grady*, 958 F.2d 192, 193 (7th Cir. 1992)(denying motion to amend for seeking an amendment until close to trial). These cases are factually dissimilar and should not apply.

4

546-SPC-NPM, 2022 LX 38869, at *1 (M.D. Fla. Dec. 22, 2022) (denying motion for leave to amend because Defendants raised new affirmative defenses in their pleadings without seeking leave of court, no new facts or evidence presented, and after the deadline to amend pleadings had passed); *See St. Paul Fire & Cas. Ins. Co. v. Haskell Co.*, No. 3:08-cv-1014-J-16MCR, 2009 U.S. Dist. LEXIS 137209, at *1 (M.D. Fla. Aug. 27, 2009)(denying motion to amend for failing to identify new facts or evidence). These facts are inapposite and, thus, inapplicable to the Motion. Defendants respectfully request that Defendants' proposed admissions in the Answer be amended. *See* Doc 182; *Bejerano,* 2020 U.S. Dist. LEXIS 127101, at *12.

3. **Dates Defendants' Requested Work for Hire Agreement and Assignments.**

Defendants requested Plaintiff's Work-for-Hire Agreements and Assignment instruments on January 11, 2025, February 11, 2025, and October 15, 2025. *See Composite Exhibit A*. Plaintiff agreed to produce them pursuant to a protective order, but still withheld them. After renewed requests on October 15, 2025—both met with objections—Plaintiff finally produced the documents on November 25, 2025.

4. **Why the November 25, 2025, production constitutes "New Evidence" notwithstanding Plaintiff's arguments about earlier awareness.**

Plaintiff contends some defenses are not "new" because they were once pleaded and later omitted. But narrowing pleadings does not waive the ability to re-plead when subsequently produced documents are at play. This is particularly true with respect to ownership, chain of title, registration accuracy, and equitable defenses. *See NCI Group v. Cannon Services, Inc.*, 2009 U.S. Dist. LEXIS 67750, at *4 (N.D. Ga. Aug. 4, 2009).

Defendants did not possess the New Evidence until November 25, 2025. The contents revealed defects bearing on 17 U.S.C. §§ 204, 409–411, and the work-made-for-hire prerequisites. Prior generic ownership disputes or references to agreements do not constitute the operative contracts. Under Rule 16, diligence is assessed after critical facts become available. That clock began on November 25, 2025; Defendants sought leave within 35 days, tethering amendments to the New Evidence. See *Green Island Holdings, LLC v. British Am. Isle of Venice (BVI), Ltd.*, 521 F. App'x 798 (11th Cir. 2013); *Sosa v. Airprint Sys.*, 133 F.3d 1417 (11th Cir. 1998); *Auto-Owners Ins. Co. v. Ace Elec. Serv.*, 648 F. Supp. 2d 1371 (M.D. Fla. 2009).

**5.    How Each Proposed Amended Allegations and Defenses Asserting Copyright Invalidity Relate to the New Evidence.**

The proposed amendments (182–3, at pp. 48–53) and defenses address the validity of the New Evidence and the operative contracts that purportedly establish Plaintiff's ownership of the copyrights-in-suit. *See Miller's Ale House, Inc. v. Boynton Carolina Ale House, LLC*, 702 F.3d 1312, 1325 (11th Cir. 2012) (Copyright infringement has two elements: "(1) ownership of a valid copyright, and (2) copying..."). *In Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730 (1989), the Supreme Court applied a 13-factor test to determine whether a creator is an employee or independent contractor, which dictates copyright ownership (work-for-hire) (the "*Reid* factors").

Applying the *Reid* factors, the New Evidence fails to establish that Plaintiff is in business, the method of business, assignment rights, and the method of payment (factors 5, 6, 8, 10, and 11). *See Lil' Joe Recs., Inc. v. Ross*, 752 F. Supp. 3d 1287, 1300

6

328909176v.1

(S.D. Fla. 2024) (applying the 13-factor *Reid* test to determine a valid work-for-hire agreement). Plaintiff has also admitted that the copyrights-in-suit have never been licensed (**Exhibit C**), and his employee is a personal friend (Doc. 113 at p. Hr. Tr. at 73:4–11), so a work-for-hire relationship does not appear to exist. Thus, Defendants moved for leave to assert invalidity, unclean hands, and copyright registration fraud.

**6.    Legal Authority Supporting Good Cause Where "New Evidence" is Produced After the Discovery Was Served After the Amendment Deadline.**

The New Evidence satisfies Rules 16, 6, and 15 by showing diligence and excusable neglect (delay tied to new evidence, limited prejudice, good faith). Fed. R. Civ. P. 16; Fed. R. Civ. 6; Fed. R. Civ. P. 15; *see, e.g., See Owners Ins. Co. v. Galati Yacht Sales, LLC*, 2022 U.S. Dist. LEXIS 180923, at *10 (M.D. Fla. Oct. 3, 2022); *Blount v. Credit Prot. Ass'n, LP*, 2016 U.S. Dist. LEXIS 67520, at *4–5 (M.D. Fla. May 25, 2016); *Nobles v. Rural Cmty. Ins. Servs.,* 303 F. Supp. 2d 1279, 1284–85 (M.D. Ala. 2004). Rule 15's liberal standard under is satisfied: no undue delay measured from the 'production date, no bad faith or repeated failures, and no undue prejudice given targeted discovery and a distant trial. *See* Fed. R. Civ. P. 15; *see also Arianas v. LVNV Funding LLC*, 307 F.R.D. 615, 616–17 (M.D. Fla. 2015)(citations omitted). Amendments here simply align the pleadings with newly disclosed, merits-bearing ownership/registration materials; Plaintiff's late-reversal cases are inapposite.

Dated: January 28, 2026

                                  Respectfully submitted,

                                  **WILSON ELSER MOSKOWITZ EDELMAN& DICKER LLP**

      By:  *s/Leia V. Leitner*
          Leia V. Leitner
          Florida Bar No: 105621
          111 North Orange Avenue
          Suite 1200
          Orlando, FL 32801
          Telephone: 407-423-7287
          Facsimile: 407-648-1376
          Leia.Leitner@wilsonelser.com
          Cheryl.Kujawski@wilsonelser.com

          Jura C. Zibas
          Florida Bar No: 124571
          Amaris C. Gyebi, Esq.
          Florida Bar No: 1019361
          2063 Main Street - Suite 100
          Sarasota, FL 34237
          Telephone:941-866-8561
          Facsimile: 941-210-5979
          Jura.Zibas@wilsonelser.com
          Amaris.Gyebi@wilsonelser.com
          Cheryl.Kujawski@wilsonelser.com
          *Defendants, Cody Rutledge Wilson DEFCAD, Inc. and Defense Distributed, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 28th the day of January 2026 a true and correct copy of the foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF E-Filing Portal, which will serve an electronic copy of the foregoing on the following: Zachary Z. Zermay, Esq., Florida Bar No: 1002905; Zermay Law, P.A., Counsel for Plaintiff, 1200 Fourth Street, #1102, Key West, Florida 33040; Telephone: 305-767-3529; Zach@Zermaylaw.com and info@Zermaylaw.com.

          *s/Leia V. Leitner*
          Leia V. Leitner

328909176v.1