# COMPOSITE EXHIBIT A

United States District Court
Middle District of Florida
Orlando Division

Matthew Larosiere,
             Plaintiff,

v.

Cody Rutledge Wilson, DEFCAD, Inc.,
Defense Distributed, and Dioskouroi LLC,
             Defendants.

_____          No.  6:24-cv-1629


Defense Distributed,
             Counterplaintiffs

v.

The Gatalog, Matthew Larosiere,
John Elik, Alexander Holladay, Peter
Celentano, Josh Kiel Stroke, John Lettman,
The Gatalog Foundation, and MAF Corp,
             Counterdefendants.

_____

## DEFENSE DISTRIBUTED'S FIRST  REQUEST FOR PRODUCTION TO MATTHEW LAROSIERE

To: Plaintiff-counterdefendant, Matthew Larosiere, through his attorney of record, Zach Zermay, 1200 Fourth Street, #1102, Key West, FL 33040.


Defendant / Counter-Plaintiff, Defense Distributed, serves this request for production on Matthew Larosiere, as authorized by Federal Rule of Civil Procedure 34. As required by Rule 34(b), Larosiere must produce all requested documents, electronically stored information, or tangible things within 30 days after service of this request, at 917 Franklin Street, Sixth Floor, Houston, TX

77002, or at another time and place agreed on by the parties.

F. Andino Reynal

The Reynal Law Firm

917 Franklin St., 6th Floor

Houston, Texas 77002

T. 713.228.5900

areynal@frlaw.us

Admitted Pro Hoc Vice

Counsel for Cody Wilson, Defense Distributed, DEFCAD Inc., and Dioskouri, LLC.

## DEFINITIONS

The following terms have the following meanings, unless the context requires otherwise:

1.   Parties.   The term "plaintiff", "defendant," "counterplaintiff" or "counterdefendant" as well as a party's full or abbreviated name or a pronoun referring to a party, means the party and, when applicable, his, her or its agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

2. Person. The term "person" means any natural person, a business, a legal or governmental entity, or an association.

3. You & your. The terms "you" and "your" mean the party to whom the request is directed and his/her/its agents, representatives, attorneys, experts, and other persons acting or purporting to act on his/her/its behalf.

4.   Material.   The term "material" means all documents, electronically stored information, or tangible things. The term is synonymous with and equal in scope to the terms "documents," "electronically stored information," and "tangible

things" in Federal Rule of Civil Procedure 34(a)(1). A draft or nonidentical copy of a document, electronically stored information, or a tangible thing is a separate item within the meaning of this term.

a. <u>Document.</u> The term "document" means information that is fixed in a tangible medium, such as paper. It includes, but is not limited to, writings, drawings, films, charts, photographs, notices, memoranda, diaries, minutes, correspondence, books, journals, ledgers, reports, worksheets, notes, printed e-mails, letters, abstracts, audits, charts, checks, diagrams, drafts, instructions, lists, logs, résumés, and summaries.

b. <u>Electronically stored information.</u> The term "electronically stored information" means electronic information that is stored in a medium from which it can be retrieved and examined. It includes, but is not limited to, all electronic files that are electronically stored.

(1) "Electronic file" includes, but is not limited to, the following: voicemail messages and files; e-mail messages and files; text messages and files; instant messages and files shared on platforms, including but not limited to Discord, Rocketchat, Element and any other instant message platform used by any counterdefendant; content shared on social media through a user's profile; direct messages between users on social media websites including but not limited to Twitter, X, Instagram, Youtube, Reddit, and Facebook; deleted files; temporary files; system-history files; Internet- or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; computer-activity logs; and metadata. Unless otherwise defined, each example used to illustrate the term "electronic file" will have the meaning assigned to it by the Sedona Conference, Sedona Conference Glossary: eDiscovery & Digital Information Management, Fifth Edition, 21 Sedona Conf. J. 263 (2020).

(2) "Electronic information system" refers to a computer system or network containing electronic files and storage. Unless otherwise defined, each example used to illustrate the term "electronic information system" will have the meaning assigned to it by the Sedona Conference, Sedona Conference Glossary: eDiscovery & Digital Information Management, Fifth Edition, 21 Sedona Conf. J. 263 (2020).

(3) "Electronic storage" refers to electronic files contained on magnetic, optical, or other storage media, such as hard drives, flash

drives, DVDs, CDs, tapes, cartridges, floppy diskettes, smart cards, integrated-circuit cards (e.g., SIM cards), whether housed locally or by cloud computing. Unless otherwise defined, each example used to illustrate the term "electronic storage" will have the meaning assigned to it by the Sedona Conference, Sedona Conference Glossary: eDiscovery & Digital Information Management, Fifth Edition, 21 Sedona Conf. J. 263 (2020).

c. <u>Tangible thing.</u> The term "tangible thing" means a physical object that is not a document or electronically stored information.

5. <u>Communication.</u> The term "communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

6. <u>Relating.</u> The term "relating" means concerning, referring, describing, evidencing, or constituting, either directly or indirectly.

7. <u>Any.</u> The term "any" should be understood in either its most or its least inclusive sense as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

8. <u>And & or.</u> The connectives "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

9. <u>Number.</u> The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1. Respond to each request for production separately by listing the materials and by describing them as defined above. If the material is numbered or labeled for production, in each response provide both the information that identifies the material and the material's number or label.

2. Produce documents and tangible things in the forms as they are kept in the ordinary course of business, or organize and number or label them to correspond with the categories in the discovery request.

3. Produce electronically stored information in native format.  For any electronically stored information produced:

a. Produce a discovery log that details the type of information, the source of the information, the discovery request to which the information

corresponds, and the information's electronic ID number.

b. Write all of the electronically stored information to a load file compatible with commercially available document review systems and transmit it by secure file transfer.

4. For electronically stored information, identify every source containing potentially responsive information that Matthew Larosiere is not searching or producing.

5. If you object to a request for production, state your objection with particularity and provide specific grounds for your objection.

6. For any materials that Matthew Larosiere asserts are privileged, protected, or otherwise exempt from discovery, provide the following:

a. The specific grounds for the claim of privilege, protection, or other exemption.

b. The type of material being withheld, and, if the material is electronically stored information, the file format.

c. The subject matter of the material.

d. The date of the material.

e. The name, job title, and address of the author of the material.

f. The name, job title, and address of each addressee of the material.

g. The name, job title, and address of each person who received, was copied on, or otherwise saw all, part, or a summary of the material.

h. The name, job title, and address of the custodian of the material and the material's current location.

7. For any materials that you claim no longer exist or cannot be located, provide all of the following:

a. A statement identifying the material.

b. A statement of how and when the material ceased to exist or when it could no longer be located.

c. The reasons for the material's nonexistence or loss.

d. The identity, address, and job title of each person having knowledge

about the nonexistence or loss of the material.

e. The identity of any other materials evidencing the nonexistence or loss of the material or any facts about the nonexistence or loss.

## Requests for Production

1. Produce working papers, notes, calculations, diagrams, photographs, models, exhibits, and other materials, including reports and factual observations, prepared or reviewed by any expert who will testify at trial.

2. Produce copies of all transcripts of testimony previously provided by any individual listed by you as an expert witness.

3. Produce treatises, rules, regulations, guidelines, statutes, policies, procedures, and any other authoritative materials any testifying expert considers in forming an opinion.

4. Produce invoices, bills, and other billing materials for each expert you expect to testify at trial.

5. Produce Any Material Relating to DEFCAD.

6. Produce Any Material Relating to Defense Distributed.

7. Produce Any Material Relating to Cody Wilson.

8. Produce Any Material Relating to Dioskouri.

9. Produce Any Materials Relating to any communications between counterdefendants regarding this lawsuit.

10. Produce Any Material Relating to the word "Gatalog," including The Gatalog Foundation.

11. Produce all Communications regarding the litigation hold notices issued in this case.

12. Produce Any Material Relating to Any business relationship between you and your fellow counterdefendants, individually or collectively.

13. Produce Any Material Relating to Any employment relationship between you and your fellow counterdefendants, individually or collectively.

14.    Produce Any Material Relating to The Gatalog's file submission and approval process, including legal reviews and bounty payments.

15.    Produce Any Material Relating to the International Traffic in Arms Regulations administered by the Department of State's Directorate of Defense Trade Controls, including but not limited to compliance policies.

16.    Produce Any Material Relating to the Export Administration Regulations administered by the Department of Commerce's Bureau of Industry and Security, including but not limited to compliance policies.

17.    Produce Any Material Relating to the website "www.thegatalog.com"

18.    Produce    Any    Material    Relating    to    the    website "chat.deterrencedispensed.com."

19.    Produce Any Material Relating to the Fuddbusters Discord, including private channels that include any Counterdefendant.

20.    Produce Any Material Relating to the publication of digital firearms data on www.Odysee.com.

21.    Produce Any Material Relating to "beta rooms" or private chat rooms operated by you or any other Counterdefendant, including membership records, file transfers, and message content.

22.    Produce Any Material Relating to websites on which you or any other Counterdefendant host or have hosted 3D printable gun files.

23.    Produce Any Material Relating to servers owned and/or managed by you or any other Counterdefendant to discuss or distribute 3D printable gun files.

24.    Produce Any Material identifying any policies and procedures that govern what can be posted on any website or chat room operated by you or any other Counterdefendant.

25.    Produce Any Material Relating to the word "FEDCAD".

26.    Produce Any Material Relating to Any posts you have made on social media relating to Defendants in the last five years, including but not limited to any reference to "FEDCAD".

27.    Produce Any Material Relating to the publication of the "RGB Crescent" files, including any conditions or coordination surrounding their release.

28.    Produce Any Material Relating to the publication of the "Rogue 9" files, including any conditions or coordination surrounding their release.

29.    Produce Any Material Relating to the publication of the "FTN.3" and "FTN.4" files, including any conditions or coordination surrounding their release.

30.    Produce Any Material Relating to the publication of the "Urutau" files, including any conditions or coordination surrounding their release.

31.    Produce Any Material Relating to Any digital firearm file transfers to or coordination with, including payments to, foreign entities or individuals, including but not limited to communications with or regarding the People's Defence Force of Myanmar, ZeCarioca, ImmortalRevolt, and JStark

32.    Produce Any Material Relating to any evidence you use to support your claim that DEFCAD did not properly encrypt or securely store its data.

33.    Produce Any Material Relating to any evidence you use to support your claim that DEFCAD "has been hacked and dumped multiple times".

34.    Produce Any Materials Relating to the creation of the FEDCAD meme.

35.    Produce Any Materials Relating to your promotion of MAF, thegatalog.com, ctrlpew.com, Fuddbusters, or any other site used by you or any other Counterdefendant regarding 3D printable gun files.

36.    Produce Any Materials Relating to the selection and delegation of responsibilities to Rocketchat server administrators and beta managers, including "Freeman1337," "Dr. Death," "UberClay," and "Pla.boi."

37.    Produce Any Materials Relating to pre-publication "legal opinions" or reviews by the Counterdefendants concerning the files hosted at Gatalog-branded Odysee.com pages.

38.    Produce Any Materials Relating to pre-publication "beta" file and documentation reviews by the Counterdefendants concerning the files hosted at Gatalog-branded Odysee.com pages.

39.    Produce Any Material Relating to cryptocurrency transactions to and from this Bitcoin address: bc1qzr6nvtc56seu47pc5hm7tz4w7562a2nktfh0ww

40.    Produce Any Material Relating to payment agreements to the Counterdefendants from companies including, but not limited to, Aves

Engineering, Parts Dispensed, and Print Shoot Repeat.

41.  Produce Any Material Relating to Defendants' computer systems, including communications regarding its security or how it could be disrupted.

42.  Produce Any Materials relating to communications about Defendants' websites, including but not limited to Communications discussing how those websites could be disrupted.

43.  Produce Any Materials relating to Attorney David Gingras' website, including but not limited to Communications discussing how that website could be disrupted.

44.  Produce Any Material Relating to statements made by you concerning this lawsuit.

45.  Produce Any Material related to any copyright claim to the 3D printable gun files hosted on DEFCAD asserted by you or any other Counterdefendant.

46.  Produce Any Material related to your contention that DEFCAD stole from you or any other Counterdefendant.

47.  Produce Any Material related to your statements concerning the non-commercial licensing of The Hitchhiker or any other file you claim to own or have registered.

48.  Produce Any Material Relating to the management, deletion, or alteration of records or communications during the 6 months preceding the filing of this lawsuit.

49.  Produce a complete backup of The Gatalog's Rocketchat server and communications, including private and administrator messages, pre-dating Peter Celentano's September 20, 2024 deletions.

50.  Produce Any Material Relating to Peter Celentano's possession of restricted firearms or machine guns.

51.  Produce Any Material Relating to Any interactions with government agencies Related to digital firearms information.

52.  Produce Any Material Relating to the pseudonymous figures Pla.boi, Dr. Death, UberClay, ArmedJ0y, and Pablo Diaz / Bloblems.

53.  Produce Any Material Relating to Any communications between any

plaintiff/counterdefendant and any defendant/counterplaintiff.

54.   Produce Any Material Relating to any communication between you and and Defendant's employees, including but not limited to Garrett Walliman.

55.   Produce Any Material Relating to any third party's use of the DEFCAD website, including but not limited to FFFTech and Unseenkiller

56.   Produce Any Materials Relating to the Everytown for Gun Safety v. DEFCAD lawsuit.

57.   Produce all Communication related to developing, printing or sharing NFA items, including but not limited to Communications between you and any other Counterdefenant and Freeman, ZeCarioca, and Pla.Boi.

58.   Produce Any Material Related to any communication between you and Elik regarding the development any/or creation of any file involved in the copyright suit, including but not limited to the MP99, Amigo Grande, and Hitchhiker.

United States District Court
Middle District of Florida
Orlando Division

Matthew Larosiere,
       Plaintiff,

v.

Cody Rutledge Wilson, DEFCAD, Inc.,
Defense Distributed, and Dioskouroi LLC,
       Defendants.

_____

No.  6:24-cv-1629

Defense Distributed,
       Counterplaintiffs

v.

The Gatalog, Matthew Larosiere,
John Elik, Alexander Holladay, Peter
Celentano, Josh Kiel Stroke, John Lettman,
The Gatalog Foundation, and MAF Corp,
       Counterdefendants.

_____

## DEFENSE DISTRIBUTED'S FIRST  REQUEST FOR PRODUCTION TO MATTHEW LAROSIERE

To: Plaintiff-counterdefendant, Matthew Larosiere, through his attorney of record, Zach Zermay, 1200 Fourth Street, #1102, Key West, FL 33040.

Defendant / Counter-Plaintiff, Defense Distributed, serves this request for production on Matthew Larosiere, as authorized by Federal Rule of Civil Procedure 34. As required by Rule 34(b), Larosiere must produce all requested documents, electronically stored information, or tangible things within 30 days after service of this request, at 917 Franklin Street, Sixth Floor, Houston, TX

77002, or at another time and place agreed on by the parties.

F. Andino Reynal

The Reynal Law Firm

917 Franklin St., 6th Floor

Houston, Texas 77002

T. 713.228.5900

areynal@frlaw.us

Admitted Pro Hoc Vice

Counsel for Cody Wilson, Defense Distributed, DEFCAD Inc., and Dioskouri, LLC.

## Certificate of Service

I certify the Defense Distributed's first amended request for production to Matthew Larosiere were served via email on his attorney of record on July 4, 2025.

F. Andino Reynal

## DEFINITIONS

The following terms have the following meanings, unless the context requires otherwise:

1. <u>Parties.</u> The term "plaintiff", "defendant," "counterplaintiff" or "counterdefendant" as well as a party's full or abbreviated name or a pronoun referring to a party, means the party and, when applicable, his, her or its agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery

obligation on any person who is not a party to the litigation.

2. <u>Person.</u> The term "person" means any natural person, a business, a legal or governmental entity, or an association.

3. <u>You & your.</u> The terms "you" and "your" mean the party to whom the request is directed and his/her/its agents, representatives, attorneys, experts, and other persons acting or purporting to act on his/her/its behalf.

4. <u>Material.</u> The term "material" means all documents, electronically stored information, or tangible things. The term is synonymous with and equal in scope to the terms "documents," "electronically stored information," and "tangible things" in Federal Rule of Civil Procedure 34(a)(1). A draft or nonidentical copy of a document, electronically stored information, or a tangible thing is a separate item within the meaning of this term.

    a. <u>Document.</u> The term "document" means information that is fixed in a tangible medium, such as paper. It includes, but is not limited to, writings, drawings, films, charts, photographs, notices, memoranda, diaries, minutes, correspondence, books, journals, ledgers, reports, worksheets, notes, printed e-mails, letters, abstracts, audits, charts, checks, diagrams, drafts, instructions, lists, logs, résumés, and summaries.

    b. <u>Electronically stored information.</u> The term "electronically stored information" means electronic information that is stored in a medium from which it can be retrieved and examined. It includes, but is not limited to, all electronic files that are electronically stored.

        (1) "Electronic file" includes, but is not limited to, the following: voicemail messages and files; e-mail messages and files; text messages and files; instant messages and files shared on platforms, including but not limited to Discord, Rocketchat, Element and any other instant message platform used by any counterdefendant; content shared on social media through a user's profile; direct messages between users on social media websites including but not limited to Twitter, X, Instagram, Youtube, Reddit, and Facebook; deleted files; temporary files; system-history files; Internet- or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; computer-activity logs; and metadata. Unless otherwise defined, each example used to illustrate the term "electronic file" will have the meaning assigned to it by the Sedona Conference, Sedona Conference Glossary: eDiscovery & Digital Information Management, Fifth Edition, 21 Sedona Conf. J. 263 (2020).

(2) "Electronic information system" refers to a computer system or network containing electronic files and storage. Unless otherwise defined, each example used to illustrate the term "electronic information system" will have the meaning assigned to it by the Sedona Conference, Sedona Conference Glossary: eDiscovery & Digital Information Management, Fifth Edition, 21 Sedona Conf. J. 263 (2020).

(3) "Electronic storage" refers to electronic files contained on magnetic, optical, or other storage media, such as hard drives, flash drives, DVDs, CDs, tapes, cartridges, floppy diskettes, smart cards, integrated-circuit cards (e.g., SIM cards), whether housed locally or by cloud computing. Unless otherwise defined, each example used to illustrate the term "electronic storage" will have the meaning assigned to it by the Sedona Conference, Sedona Conference Glossary: eDiscovery & Digital Information Management, Fifth Edition, 21 Sedona Conf. J. 263 (2020).

  c. <u>Tangible thing.</u> The term "tangible thing" means a physical object that is not a document or electronically stored information.

5. <u>Communication.</u> The term "communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

6. <u>Relating.</u> The term "relating" means concerning, referring, describing, evidencing, or constituting, either directly or indirectly.

7. <u>Any.</u> The term "any" should be understood in either its most or its least inclusive sense as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

8. <u>And & or.</u> The connectives "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

9. <u>Number.</u> The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1. Respond to each request for production separately by listing the materials and by describing them as defined above. If the material is numbered or labeled for production, in each response provide both the information that identifies the material and the material's number or label.

2. Produce documents and tangible things in the forms as they are kept in the ordinary course of business, or organize and number or label them to correspond with the categories in the discovery request.

3. Produce electronically stored information in native format. For any electronically stored information produced:

> a. Produce a discovery log that details the type of information, the source of the information, the discovery request to which the information corresponds, and the information's electronic ID number.

> b. Write all of the electronically stored information to a load file compatible with commercially available document review systems and transmit it by secure file transfer.

4. For electronically stored information, identify every source containing potentially responsive information that Matthew Larosiere is not searching or producing.

5. If you object to a request for production, state your objection with particularity and provide specific grounds for your objection.

6. For any materials that Matthew Larosiere asserts are privileged, protected, or otherwise exempt from discovery, provide the following:

> a. The specific grounds for the claim of privilege, protection, or other exemption.

> b. The type of material being withheld, and, if the material is electronically stored information, the file format.

> c. The subject matter of the material.

> d. The date of the material.

> e. The name, job title, and address of the author of the material.

> f. The name, job title, and address of each addressee of the material.

> g. The name, job title, and address of each person who received, was copied on, or otherwise saw all, part, or a summary of the material.

> h. The name, job title, and address of the custodian of the material and the material's current location.

7. For any materials that you claim no longer exist or cannot be located, provide all of the following:

a. A statement identifying the material.

b. A statement of how and when the material ceased to exist or when it could no longer be located.

c. The reasons for the material's nonexistence or loss.

d. The identity, address, and job title of each person having knowledge about the nonexistence or loss of the material.

e. The identity of any other materials evidencing the nonexistence or loss of the material or any facts about the nonexistence or loss.

## Requests for Production

1. For the period January 1, 2021 to November 19, 2024, produce your communications with John Elik, Alexander Holladay, Peter Celentano, Josh Kiel Stroke, and John Lettman as well as pseudonymous figures Pla.boi, Dr. Death, UberClay, ArmedJ0y, and Pablo Diaz / Bloblems, relating the following topics:

   a. DEFCAD

   b. Defense Distributed

   c. Cody Wilson

   d. Dioskouri

   e. The development and/or creation of any file you claim Defendants infringed upon in your Complaint.

   f. Your Complaint

   g. The Gatalog, including but not limited to

      i. thegatalog.com

      ii. https://odysee.com/@TheGatalog-PrintableFramesReceivers:9

      iii. The Gatalog's file submission and approval process, including legal reviews and bounty payments.

   h. The litigation hold notices issued in this case.

   i. The deletion of files and communications relating to printable firearm frames and receivers.

     j.  Any business relationship relating to printable firearm frames and receivers.

     k.  chat.deterrencedispensed.com, including but not limited to

         i.  the selection and delegation of responsibilities to Rocketchat server administrators and beta managers, including "Freeman1337," "Dr. Death," "UberClay," and "Pla.boi."

     l.  The "FEDCAD" meme.

     m. Everytown for Firearm Safety v. DEFCAD lawsuit.

2. For the period January 1, 2021 to November 19, 2024, produce all communications relating to digital firearm file transfers to foreign entities or individuals, including but not limited to the People's Defense Force of Myanmar, ZeCarioca, ImmortalRevolt, and JStark.

3. For the period January 1, 2021 to November 19, 2024, produce any Material relating to the payment of hosting fees for chat.deterrencedispensed.com, https://odysee.com/@TheGatalog-PrintableFramesReceivers:9, and thegatalog.com.

4. Produce any Material that supports your claim that DEFCAD did not properly encrypt or securely store its data.

5. Produce any Material that supports your claim that DEFCAD has been hacked and dumped multiple times.

6. Produce any Material that supports your claim that DEFCAD stole from you or any other Counterdefendant.

7. For the period January 1, 2021 to present, produce all communications you have had with the moderators of r/Fosscad concerning DEFCAD, The Gatalog, or the parties involved in this case.

8. For the period January 1, 2021 to November 19, 2024, produce any Material relating to payment agreements with companies, including, but not limited to, Aves Engineering, Parts Dispensed, Vanguard Arms, and Print Shoot Repeat, relating to printable firearm frames and receivers.

9. Produce any Materials relating to your development of the files on which you claim copyright in your Complaint.

10. Produce Any Materials relating to Attorney David Gingras' website, including but not limited to Communications discussing how that website could be disrupted.

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MATTHEW LAROSIERE

       Plaintiff,

vs.                                                     Case No:  6:24-CV-01629

CODY RUTLEDGE WILSON, DEFCAD, INC.,
DEFENSE DISTRIBUTED and
DIOSKOUROI LLC,

       Defendants.
_____/

### DEFENDANT CODY RUTLEDGE WILSON'S  FIRST SET OF REQUEST FOR PRODUCTION TO PLAINTIFF, MATTHEW LAROSIERE

Defendant, **CODY RUTLEDGE WILSON**, by and through its undersigned counsel, serves the following First Request for Production to Plaintiff, **MATTHEW LAROSIERE** ("Plaintiff"). The Plaintiff is required under Fed. R. Civ. P. 34(b) to answer these Requests separately and fully in writing and under oath and to serve a copy of said answers and documents upon counsel for Defendant within thirty (30) days after service of these Requests.

All of the following Requests shall be deemed continuing in nature, and you are required to serve supplemental responses as additional information becomes available to you. You are further directed that any objection to any of these document requests should be filed in a timely manner as required by Fed. R. Civ. P. 34(b), and reasons for your objections shall be enumerated.

### DEFINITIONS

The following definitions shall apply to each and every request contained herein:

322381354v.1

A.    "**First Amended Complaint**" means the Complaint filed by Plaintiff in the above-captioned matter in the United States District Court for the Middle District of Florida on or about December 11, 2024; Case No. 6:24-cv-01629-WWB-LHP.

B.    "**You,**" "**Your**," or "**Plaintiff**" means Plaintiff, Matthew Larosiere, and any of his current or former business and/or creative partners, associates, employees, interns, draftsmen, managers, agents, vendors, servants, representatives, corporate alter egos and all other persons acting or purporting to act with, for, or on his behalf, including but not limited to collaborators, consultants, advisors, attorneys, or any person acting in an advisory or consulting capacity, unless specifically stated otherwise.

C.    "**Defendant**" means defendant, CODY RUTLEDGE WILSON.

D.    "**Parties**" means Plaintiff and Defendant.

E.    "**Works**" means the subject works that Defendant allegedly infringed upon without authorization, and were allegedly registered bearing the following registration numbers:

| | | | |
|---|---|---|---|
| TX0009358088, | VA0002385899, | VA0002381513, | TX0009372196, |
| TX0009372199, | VA0002385901, | VA0002381769, | TX0009403056, |
| TX0009413646, | VA0002422527, | VA0002412508, | TX0009403054, |
| TX0009417973, | VA0002415259, | TX0009412695, | VA0002418947, |
| VA0002418589, | TX0009429254, | TX0009429253, | VA0002449545, |
| VA0002449520, | TX0009509700, | TX0009509692, | VA0002449526, |
| TX0009503785. | | | |

For clarity, these are copyright registration numbers that the plaintiff currently holds. It is not permissible to assert unfamiliarity with what works these numbers pertain to, as the complaint (Doc. 43) and supplement to the MPI (Doc. 94) relate these numbers to the specific works. The only remaining numbers not specifically listed in the complaint and

2

the MPI supplement are those for Amigo Verde, which you are aware of. *See generally,*
Am. Compl., Doc. 43 at ¶¶104–259.

F.      "**Concerning**" means relating to, referring to, reflecting, describing,
evidencing, interpreting, consisting of, about, regarding, or constituting, in whole or in part,
directly or indirectly, the matter identified.

G.      The terms "**relate to**," "**relates to**," "**relating to**," and "**related to**" shall
mean and include: refer, reflect, discuss, show, constitute, or be in any way logically or
factually connected with the matter discussed.

H.      "**Document**" includes all written, graphic matter, handwriting, typewriting,
audio or video tape recordings, however produced or reproduced, of every kind and
description, including but not limited to, the original and each copy thereof which is non-
identical by reason of any mark, change, or other cause or reason whatsoever, of all
correspondence, records, reports, memoranda, notes, facsimiles, messages and
message books, telephone logs, memoranda of telephone conversations, publications,
books, brochures, booklets, flyers, contracts, memoranda of agreement, books of
account, ledgers, journals, working papers, records or summaries of personal interviews
or conversations, appointment calendars, diaries, receipts, invoices, billing statements,
files, drives, films, data processing files and all other computer-readable records or
programs, including any and all drafts or non-identical copies thereof.  Documents in
electronic or digital form stored in any format, discs, drives, data, cards, data processing
files, and other computer-readable records or programs must be produced in reasonably
usable form (e.g., by printing or "downloading" such documents onto paper). Additionally,
all electronic documents must be produced in their native electronic format on a DVD,

3

CD, or other commonly used, easily readable storage device. (The word "writing" may be used synonymously herein in place of "document.")

I.      **"Communication"** means any and all oral or written contact between two or more persons including, without limitation, any meetings, conferences, face-to-face conversations, telephone, teleconference, video conference, voice mail, audio recording, video recording, mails, electronic transmissions, electronic mail (email), text messaging, instant messaging (IM), facsimile or any other forms of oral or written communications by any other medium.

J.      When used in reference to a person, the term "identify" shall mean to state the full name and job title of such person and, in the event such person is currently not an employee of Plaintiff, such person's last known residence address and telephone number.

K.      When used in reference to a Document, the term "identify" shall mean to state the date the Document bears, if any, its author(s), location, and a brief description of its form (e.g., memorandum, e-mail, letter, etc.) and contents, as well as the identity of the person(s) known to have possession, custody, or control over the Document.

## <u>INSTRUCTIONS</u>

(a)      <u>Objections Based on Privilege</u>. In the event that any documents or things requested herein are withheld under a claim of privilege, please provide the following information with respect to each such document or thing;

i.      The type of document or thing, its general subject matter, and the place and approximate date it was prepared or created;

4

ii.     The name and title of each person who prepared or created the

document or thing and the name and title of each other person who has received

or examined the document or thing or a copy thereof;

iii.     A statement of the circumstances which bear on whether or not the

claim of privilege is appropriate and whether the privilege that is claimed should

extend to all or just to part of the document or thing; and

iv.     The numbers of each specification to which the document or thing

otherwise would be responsive.

(b)     <u>Documents no longer in your possession</u>. If any document which you

would have produced in response to any request was but is no longer in your present

possession or subject to your control or is no longer in existence, please state whether

any such document is:

i.     Missing or lost;

ii.     Destroyed;

iii.     Transferred to others;

iv.     Otherwise disposed of and, in any such instance, set forth the

surrounding circumstances in any authorization for such disposition

and to state the approximate date of any such disposition, and, if

known, state also the present location and custodian of such

document.

## **REQUEST FOR PRODUCTION**

1.     All documents identified in Plaintiff's Rule 26 Initial Disclosures.

5

2.    Documents evidencing Plaintiff's alleged ownership of the copyright of the Works within the United States, including any registration certificates, correspondence with the United States Copyright Office, all applications for registration (both draft and final), responses from the United States Copyright Office for any application, as well as the deposit copies of the Works.

3.    The Mandatory Deposit pursuant to 17 U.S.C. § 407 provided by You to the United States Copyright Office for the registration of the Works, which now have the copyright registration numbers:

| | | | |
|---|---|---|---|
| TX0009358088, | VA0002385899, | VA0002381513, | TX0009372196, |
| TX0009372199, | VA0002385901, | VA0002381769, | TX0009403056, |
| TX0009413646, | VA0002422527, | VA0002412508, | TX0009403054, |
| TX0009417973, | VA0002415259, | TX0009412695, | VA0002418947, |
| VA0002418589, | TX0009429254, | TX0009429253, | VA0002449545, |
| VA0002449520, | TX0009509700, | TX0009509692, | VA0002449526, |
| TX0009503785. | | | |

4.    All electronically stored information for the Works, including metadata, which now has the copyright registration numbers as follows,

| | | | |
|---|---|---|---|
| TX0009358088, | VA0002385899, | VA0002381513, | TX0009372196, |
| TX0009372199, | VA0002385901, | VA0002381769, | TX0009403056, |
| TX0009413646, | VA0002422527, | VA0002412508, | TX0009403054, |
| TX0009417973, | VA0002415259, | TX0009412695, | VA0002418947, |
| VA0002418589, | TX0009429254, | TX0009429253, | VA0002449545, |
| VA0002449520, | TX0009509700, | TX0009509692, | VA0002449526, |
| TX0009503785. | | | |

5.    The raw images from the Works, including all metadata.

6.    All other digital formats of the Works, including all metadata.

7.    Documents sufficient to show the number of times that Plaintiff has licensed the Works, from the time of the Works' creation to the present.

6

8.    Documents evidencing Plaintiff's ownership and registration of the Works at issue, including copyright registration certificates, drafts, and correspondence with the U.S. Copyright Office.

9.    Documents, including any agreements and/or communications with third parties discussing the copyrights and/or copyright disputes concerning the Works.

10.    Work-for-hire agreements between Plaintiff and third parties concerning the subject Works.

11.    Documents sufficient to identify Plaintiff's compensation to third parties concerning the work-for-hire agreements for each of the Works.

12.    Documents and communications sufficient to show when Plaintiff first became aware of the alleged infringement of the Works referenced in the First Amended Complaint.  *See generally,* Am. Compl., Doc. 43 at ¶¶104–259.

13.    Documents demonstrating the price of the Works when licensed by Plaintiff, Plaintiff's sale representatives, authorized sellers, agents, or distributors.

14.    Documents and communications between Plaintiff and any third parties regarding the alleged infringement, including notices, takedown requests, or cease-and-desist letters sent to Defendant or any platform.

15.    Documents sufficient to show Plaintiff's total gross and net revenue derived from exploitation of the Works, from the time of the Works' creation to present.

16.    Documents and communications utilized by Plaintiff's expert, if one is retained for this matter.

17.    Documents and communications concerning Plaintiff's knowledge of Defendant's alleged removal or alteration of copyright management information (CMI) from each of Plaintiff's Works.

18.    Documents and communications relating to Plaintiff's allegations of false designation of origin or unfair competition, including instances of consumer confusion or misattribution concerning Plaintiff's Works.

19.    Documents and communications concerning Plaintiff's allegations of unauthorized publication of name or likeness, including any evidence of use by Defendant and any resulting harm.

20.    Documents and communications relating to Plaintiff's interactions with "Guard Denver," the Florida Bar complaint, and the letters to "Will Becker."

21.    Documents and communications concerning Plaintiff's purchases from Ghostguns.com or PrecursorParts.com, including order confirmations, receipts, and correspondence regarding the contents of shipments.

22.    Documents and communications concerning Plaintiff's access to Defcad.com, including any attempts to access after the October 17, 2024, Terms of Service update.

23.    Documents and communications evidencing the facts and circumstances that, "Defendant Wilson has commingled his own assets with the assets of his corporate co-defendants, most frequently those of Defendant Defense Distributed, to support an extravagant lifestyle," as identified in paragraph 10 in Plaintiff's First Amended Complaint. *See* Doc. 43 at ¶10.

8

24.     Documents and communications evidencing the facts and circumstances that, "[t]he 2018 consolidating transfer commingled all cryptocurrency assets of the then-existing Business Entity Defendants together with Defendant Wilson's personal assets" as identified in paragraph 15 in Plaintiff's First Amended Complaint. *See* Doc. 43 at ¶15.

25.     Documents and communications evidencing the facts and circumstances that support the allegation that "[Defendant] publishing Plaintiff's works of authorship is prohibited by copyright law," as identified in paragraph 101 in Plaintiff's First Amended Complaint. *See* Doc. 43 at ¶101.

26.     Documents and communications evidencing the facts and circumstances that support the allegation that "Defendant Wilson removed the copyright notice from the [Hitchhiker] registered 3D model he copied from Plaintiff and reproduced on Defcad" as identified in paragraph 211 in Plaintiff's First Amended Complaint. *See* Doc. 43 at ¶211.

27.     Documents and communications evidencing the facts and circumstances that support the allegation that "on or about September 8, 2024, Plaintiff noticed that a copyright notice had been removed from his works of authorship contained in the NS3 infringement" as identified in paragraph 235 in Plaintiff's First Amended Complaint. *See* Doc. 43 at ¶235.

28.     Documents and communications evidencing the facts and circumstances that support each itemized computation of each category of damages which Plaintiff seeks to recover in this action and identify any document(s) which Plaintiff contends support(s) this calculation of alleged damages.

29.    Documents and communications evidencing the facts and circumstances to support the total amount of income earned by Plaintiff for licensing the Works for each of the years 2020 and 2025.

30.    Documents and communications evidencing the facts and circumstances to support the allegations that "Wilson's manifesto shows Wilson's intentional removal of the copyright notice from the 3D model in the PV4 infringement…" as identified in paragraph 177 in Plaintiff's First Amended Complaint.  *See* Doc. 43 at ¶177.

31.    Documents and communications evidencing the facts and circumstances that, "Defendant Wilson removed the copyright notice from the [Hitchhiker] registered 3D model he copied from Plaintiff and reproduced on Defcad" as identified in paragraph 211 in Plaintiff's First Amended Complaint.  *See* Doc. 43 at ¶211.

32.    Documents and communications evidencing the facts and circumstances that, "on or about September 8, 2024, Plaintiff noticed that a copyright notice had been removed from his works of authorship contained in the NS3 infringement" as identified in paragraph 235 in Plaintiff's First Amended Complaint.  *See* Doc. 43 at ¶235.

33.    Documents and communications evidencing the facts and circumstances that, "[a]fter this second round of date changes, the copyright notice that had been removed from the NS3 infringement was added back, with 'commercial' again misspelled as 'commerical,' as identified in paragraph 242 in Plaintiff's First Amended Complaint. *See* Doc. 43 at ¶242.

34.    Documents concerning the design and development of Works, including drafts, drawings, sketches, notes, meeting minutes, design documents, knowledge of

10

similar marks used by others, inspiration leading to the Works, and reference material (such as any marks of third parties).

35.    Documents sufficient to identify whether each of the Works contains an artistic expression, features, or is otherwise identified as pictorial, graphic, or sculptural work:

| | | | |
|---|---|---|---|
| TX0009358088, | VA0002385899, | VA0002381513, | TX0009372196, |
| TX0009372199, | VA0002385901, | VA0002381769, | TX0009403056, |
| TX0009413646, | VA0002422527, | VA0002412508, | TX0009403054, |
| TX0009417973, | VA0002415259, | TX0009412695, | VA0002418947, |
| VA0002418589, | TX0009429254, | TX0009429253, | VA0002449545, |
| VA0002449520, | TX0009509700, | TX0009509692, | VA0002449526, |
| TX0009503785. | | | |

Dated: October 15, 2025                    Respectfully submitted,

**WILSON ELSER MOSKOWITZ
EDELMAN& DICKER LLP**

By:    *s/Leia V. Leitner*
          Leia V. Leitner
          Florida Bar No: 105621
          111 North Orange Avenue
          Suite 1200
          Orlando, FL 32801
          Telephone: 407-423-7287
          Facsimile: 407-648-1376
          Leia.Leitner@wilsonelser.com
          Cheryl.Kujawski@wilsonelser.com

          Jura C. Zibas
          Florida Bar No: 124571
          Amaris C. Gyebi, Esq.
          Florida Bar No: 1019361
          2063 Main Street - Suite 100
          Sarasota, FL 34237
          Telephone: 941-866-8561
          Facsimile: 941-210-5979
          Jura.Zibas@wilsonelser.com
          Amaris.Gyebi@wilsonelser.com

11

Cheryl.Kujawski@wilsonelser.com

*Co-Counsel for Defendants*
*Cody Rutledge Wilson*
*DEFCAD, Inc. and Defense Distributed*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 15th day of October 2025 a true and correct copy of the foregoing document has been electronically filed with the Clerk of the Court using the  CM/ECF E-Filing Portal, which will serve an electronic copy of the foregoing on the following: Zachary Z. Zermay, Esq., Florida Bar No:  1002905; Zermay Law, P.A., *Counsel for Plaintiff*, 1200 Fourth Street, #1102, Key West, Florida  33040; Telephone: 305-767-3529; Zach@Zermaylaw.com; Charles (Chad) Flores, Esq., Flores Law PLLC, *Counsel for Defendants, Cody Rutledge Wilson, DEFCAD, Inc., Defense Distributed and Dioskouroi LLC,* 917 Franklin Street, Suite 600, Houston, Texas  77002, Telephone:  713-364-6440, CF@ChadFlores.law;  Federico Andino Reynal, Esq., The Reynal Law Frm, P.C., *Counsel for Defendants, Cody Rutledge Wilson, DEFCAD, Inc., Defense Distributed and Dioskouroi LLC,* 917 Franklin, Sixth Floor, Houston, Texas  77002, Telephone:  713-228-5900, Areynal@frlaw.us.

*s/Leia V. Leitner*
Leia V. Leitner

322381354v.1