# EXHIBIT B



October 7, 2025

**Leia V. Leitner**
407.423.7287 (direct)
407.973.2111 (mobile)
leia.leitner@wilsonelser.com

VIA Email: zach@zermaylaw.com
Zachary Z. Zermay
Zermay Law P.A.
1200 Fourth Street, #1102
Key West, FL 33040

      Re:    *Matthew Larosiere v. Cody Rutledge Wilson, Defcad, Inc., Defense Distributed, and Dioskouroi, LLC*
             Case No. 6:24-cv-01629

Dear Mr. Zermay:

As you are aware, this firm and Chad Flores of Flores Law PLLC represent Defendants, Cody Rutledge Wilson, Defcad, Inc., Defense Distributed, and Dioskouroi, LLC[1] (collectively, "Defendants") in the above-referenced action. We write to enumerate the various deficiencies in Plaintiff, Matthew Larosiere's responses and objections to Defendant' Defense Distributed's First Set of Requests to Produce and First Set of Interrogatories served on July 4, 2025.  We request that these deficiencies be corrected by **5:00 p.m. EST on October 17, 2025**, to avoid the need for judicial intervention.

This correspondence is not intended to be exhaustive.  However, we write pursuant to Fed. R. Civ. P. 37, and M.D. Fla. 3.01(g) in the hopes that the parties can expeditiously resolve these issues without resorting to motion practice. We reserve the right to raise additional issues arising from Plaintiff's document production in addition to the deficiencies noted below. Please be advised that depositions cannot proceed until all paper discovery issues are fully resolved.

### *Request for Production*

As an initial note, Plaintiff's general objections asserted in response to Request for Production Nos. 1–58 do not comply with local rules for responding to such requests.

---

[1] Mr. Flores of the Flores Law PLLC represents all Defendants in this lawsuit; however, the law firm of Wilson Eser Edelman Moskowitz and Dicker, LLP represents Defendants Cody Rutledge Wilson, Defaced, Inc., and Defense Distributed only.

2063 Main Street, Suite 100 | Sarasota, FL 34237 | p 941.210.5980 | f 941.210.5979 | wilsonelser.com

Albany, NY | Atlanta, GA | Austin, TX | Baltimore, MD | Birmingham, AL | Boston, MA | Charlotte, NC | Chicago, IL | Dallas, TX | Denver, CO | Detroit, MI | Edwardsville, IL
Long Island, NY | Hartford, CT | Houston, TX | Indianapolis, IN | Jackson, MS | Las Vegas, NV | London, England | Los Angeles, CA | Louisville, KY | Madison, NJ | McLean, VA
Merrillville, IN | Miami, FL | Milwaukee, WI | Nashville, TN | New Orleans, LA | New York, NY | Orange County, CA | Orlando, FL | Philadelphia, PA | Phoenix, AZ | Portland, OR
Raleigh, NC | San Diego, CA | San Francisco, CA | Sarasota, FL | Seattle, WA | Stamford, CT | St. Louis, MO | Tyler, TX | Washington, DC | West Palm Beach, FL | White Plains, NY



"Where an objection is made...to any production request under Federal Rule of Civil Procedure 34, the objection shall state with specificity all grounds..." "Parties shall not make nonspecific, boilerplate objections." *Guzman v. Irmadan, Inc.*, 249 F.R.D. 399, 400 (S.D. Fla. 2008).  To this end, we ask that Plaintiff withdraw its general objections asserted in response to Request for Production Nos. 1–58.

  As for Plaintiffs' responses and specific objections to Defendants' **Request for Production Nos. 1–58**, Defendants seek relevant information regarding the copyright infringement claims asserted in the operative complaint, including, but not limited to, documents showing ownership of Plaintiff's copyrighted works, including work-for-hire agreements, publication dates for the subject copyrights, and other materials related to the 3D printable gun files at issue.

  To date,   we have not received additional documents responsive to the Defendants' Request for Production Nos. 1–58, or a privilege log identifying any privileged information in accordance with Fed. R. Civ. P. 26(b)(5)(A). As such, we ask that you submit a privilege log for any documents withheld for the privilege that are responsive to Defendants' Request for Production Nos. 1–58.

  Further, we ask that Plaintiff answer in a clear statement that all responsive documents/information identified have, in fact, been produced/provided or otherwise describe the category of documents/information that have been withheld based on the objection to Request for Production Nos. 1–33, as explained above. *See* Fed. R.Civ. P. 34(b)(2)(C)(requiring an objection to state whether any responsive materials are being withheld).  Thus, Plaintiff's general objections should be withdrawn pursuant to the local rules of the court.  *Id.*

  As for the specific requests, Request Nos. 12 and 13 requested any materials showing a business or employment relationship between the counter-defendants.  This request is highly relevant because it addresses the heart of the Plaintiffs' copyright claims, including proof of ownership of the copyrights.  Specifically, Request Nos. 12 and 13 ask for written employment agreements between the Plaintiff and third parties concerning the copyrighted works, which includes a work-for-hire agreement, which can show that the employer or commissioning party automatically owns the copyright, not the creator, provided that work is either created by an employee within their scope of employment or specially commissioned from an independent contractor under a written agreement. In response, after asserting a blanket objection, Plaintiff states that it will not produce the document absent a protective Order[2], but has not indicated whether these documents do, in fact, exist.  This is improper, as this response does not comply with the requirement to produce the requested information within 30 days, as required under Federal Rule of Civil Procedure 34.  In addition, to date, Plaintiff has failed to produce any documents

---

[2] The parties have entered into a Stipulated Protective Order and Mutual Confidentiality Agreement on June 27, 2025, for the purpose of exchanging confidential documents in discovery. *See generally,* Doc. 114–1.  Thus, Plaintiff can serve documents under the parties' executed Protective Order or indicate whether the documents exist or are being withheld based on privilege.



responsive to Request for Production Nos. 34–42, and we ask that you produce this information immediately.

Similarly, Request No. 45 requests materials related to the copyright claim for 3D printable gun files hosted on DEFCAD by the Plaintiff.  In response, Plaintiff asserted an objection and identified documents filed as exhibits in the Motion for Preliminary Injunction but has not identified which document responds to this request by Bates number, category, or otherwise. *See* Fed. R. Civ. P. 34(2)(E)(i)(requiring the responding party to produce documents "as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request."). Without this information, Plaintiff's answers are wholly deficient and unresponsive.

In sum, pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), we ask that Plaintiff immediately withdraw its general objections to Request for Production Nos. 1-58, supplement its responses to Request for Production Nos. 12, 13, and 45, and produce a privilege log for any documents withheld for the privilege.

### *Interrogatories*

Defense Distributed served its First Set of Interrogatories Nos. 1-10 to the Plaintiff seeking highly relevant information, including publication and access to the subject's copyrighted works.

We note that Plaintiff's responses and objections to **Interrogatory Nos. 1, 3, and 9** appear to be unresponsive and incomplete.  Specifically, Interrogatory No. 1 seeks all usernames and/or handles that Plaintiff owns for his websites displaying 3D print gun models. In response, Plaintiff asserted blanket objections and specific objections that the information sought is not relevant to the claims asserted in this lawsuit.  This answer is disingenuous, as the information sought goes to the copyright claims in that it would help determine who may have access to Plaintiff's copyrighted works displayed on its website.

Similarly, interrogatory No. 3 seeks information on the specific date that the Plaintiff first published the subject copyrights.  In response, Plaintiff defers Defense Distributed to the dates indicated in the copyright registration(s) but fails to provide the factual basis as to where those dates were identified to include in the Plaintiffs' copyright registration(s). Further, if Plaintiff is a valid copyright owner for the subject copyright work, Plaintiff should be in the best position to provide the information regarding publication dates for the subject copyrighted works.

Further, interrogatory No. 5 seeks information for payments relating to the 3D print guns hosted on Plaintiff's websites and branded Odyssey channels, which would support Plaintiff's claim for actual damages under the Copyright Act. In response, after asserting "vague, ambiguous" and relevance objections, Plaintiff fails to identify the persons or administrators of the website, or provide the person's full name, present or last known address, or telephone or last known employment and job title when referring to the person as required under the instructions of the Interrogatories.  We ask that Plaintiff supplement



its response to Interrogatory No. 3 to provide complete answers to the interrogatory.

And, finally, Interrogatory No. 9 seeks to identify websites that display the subject 3D printable guns files at issue and are discussed or shared with the Plaintiff to maintain administrative privileges.  In response, the Plaintiff asserted several blanket objections and stated that he does not have knowledge of this information.  However, Plaintiff is an administrator and host of the websites displaying the subject copyrighted works and should have information regarding the content it displays on its website.  As such, we ask that you supplement Plaintiff's answers to respond to and comply with this Interrogatory fully.

Thus, we ask that Plaintiff supplement your responses to Interrogatory Nos. 1, 3, and 9 and provide the information and documents requested immediately.

\*     \*     \*

We look forward to Plaintiff's response to the foregoing. Please advise as to when you are available to confer on any of the aforementioned discovery issues by telephone or remote conference, and we can make ourselves available during the week of October 13, 2025. Thank you in advance for your attention and anticipated cooperation with respect to this matter.

Best regards,

Wilson Elser Moskowitz Edelman & Dicker LLP


*/s/ Leia V. Leitner*

Leia V. Leitner, Esq.
MD: lvl

cc:    Chad Flores, Esq. via email: cf@chadflores.law



**Leia V. Leitner**
407.423.7287 (direct)
407.973.2111 (mobile)
leia.leitner@wilsonelser.com

November 20, 2025

VIA Email: zach@zermaylaw.com
Zachary Z. Zermay
Zermay Law P.A.
1200 Fourth Street, #1102
Key West, FL 33040

    Re:    *Matthew Larosiere v. Cody Rutledge Wilson, Defcad, Inc., Defense Distributed, and Dioskouroi, LLC;* Case No. 6:24-cv-01629
             Meet and Confer dated November 24, at 11:00 a.m. EST

Dear Mr. Zermay:

We write to address pervasive deficiencies in Plaintiff Matthew Larosiere's November 14 responses and objections to Defendant Cody Wilson's First Sets of Interrogatories, Requests for Production, and Requests for Admission (collectively referred to as "Discovery Demands"), served on October 15, 2025. Plaintiff's responses are replete with boilerplate objections, improper refusals to answer, and noncompliance with the Federal Rules of Civil Procedure, the Local Rules, and the Middle District Discovery Handbook. They also improperly shift the burden to Defendants, refuse production of plainly relevant materials, and withhold responsive information on asserted grounds that are vague, overbroad, and unsupported. We request prompt supplementation and corrective action as set forth below.

Pursuant to M.D. Fla. Local Rule 3.01(g), Defendant, in good faith, requests to meet and confer with Plaintiff concerning the discovery deficiency issues in an attempt to narrow or resolve the issues during the upcoming conferral scheduled on **Monday, November 24, 2025, at 11:00 a.m. EST** in person at Wilson Elser's Orlando Office to avoid unnecessary motion practice.

**I.    Global Deficiencies: Boilerplate Objections and Refusal to Apply Plain Meaning**

Across both Interrogatories and Requests for Production, Plaintiff asserts sweeping "global" objections to Instructions and Definitions, rejects ordinary definitional terms (including "You/Plaintiff," "Concerning," "Relating to," "Document," and

Albany, NY | Atlanta, GA | Austin, TX | Baltimore, MD | Birmingham, AL | Boston, MA | Charlotte, NC | Chicago, IL | Dallas, TX | Denver, CO | Detroit, MI | Edwardsville, IL
Long Island, NY | Hartford, CT | Houston, TX | Indianapolis, IN | Jackson, MS | Las Vegas, NV | London, England | Los Angeles, CA | Louisville, KY | Madison, NJ | McLean, VA
Merrillville, IN | Miami, FL | Milwaukee, WI | Nashville, TN | New Orleans, LA | New York, NY | Orange County, CA | Orlando, FL | Philadelphia, PA | Phoenix, AZ | Portland, OR
Raleigh, NC | San Diego, CA | San Francisco, CA | Sarasota, FL | Seattle, WA | Stamford, CT | St. Louis, MO | Tyler, TX | Washington, DC | West Palm Beach, FL | White Plains, NY

325197358v.1



"Communication"), and purports to construe terms only by "plain and ordinary meaning" while simultaneously refusing to answer on proportionality and burden grounds. These positions are not consistent with Rule 33(b)(4) and Rule 34(b)(2), which require that objections be stated with specificity and not used to avoid answering. Plaintiff's blanket refusal to accept baseline definitions, his categorical invocations of privilege without a privilege log, or reliance on the Discovery Handbook to evade disclosure are improper. *See Siddiq v. Saudi Arabian Airlines Corp.*, No. 6:11-cv-69-Orl-19GJK, 2011 U.S. Dist. LEXIS 151474, at *3 (M.D. Fla. Dec. 7, 2011) (quoting *Milinazzo v. State Farm Ins.* Co., 247 F.R.D. 691, 695 (S.D. Fla. 2007)); *Gonzalez v. ETourandTravel, Inc.*, No. 6:13-CV-827-ORL-36, 2014 U.S. Dist. LEXIS 40180, 2014 WL 1250034, at *4 (M.D. Fla. Mar. 26, 2014). Plaintiff's non-specific, generalized, boilerplate objections do not satisfy the requirements of Rules 33 and 34, and are overruled.

Plaintiff must withdraw boilerplate objections; provide specific, substantiated objections (if any); and answer fully. Where privilege is claimed, Plaintiff must serve a Rule 26(b)(5)(A) log with sufficient detail to assess the claim. *Bridgewater v. Carnival Corp.*, 286 F.R.D. 636, 638 (S.D. Fla. 2011) (recognizing that a party seeking a privilege has the burden of establishing all of its essential elements)). The current responses do neither.

## II.    Interrogatories: Improper "All Facts" Objections, Non-Answers, and Burden Shifting

Plaintiff repeatedly objects to properly framed interrogatories as "all facts" or "contention" interrogatories, then provides non-answers, refers generally to the Amended Complaint, or asserts Defendants have not produced documents. Rule 33(a)(2) permits contention interrogatories, and Rule 26(e) requires supplementati on as discovery develops.    Plaintiff cannot    refuse to    answer on the ground that Defendant allegedly has not produced materials, nor may he limit answers to what he prefers to disclose.

Specific deficiencies include:

- Interrogatory Nos. 1, 3, 10–13, 18–25: Plaintiff's "all facts" objections are overused and not a basis to refuse a substantive answer. For example, on willfulness (Nos. 10, 11), CMI removal (Nos. 12, 19–22), and commingling/alter ego (Nos. 3, 24–25), Plaintiff largely recites pleadings or public statements and refuses to provide facts known to him, even as he acknowledges he has "presently known" information. Plaintiff must provide the facts he has, including dates, participants, communications, and documents, and may supplement later.

- Interrogatory Nos. 2, 4–5, 7, 29: Plaintiff assumes that because he did not "license" or "commercialize," he may refuse to answer. Even if the answer is "none" or "zero," he must state it directly and identify any documents (or confirm none exist). Where he has done so, those confirmations must be unambiguous and complete.

- Interrogatory No. 8 (damages): Plaintiff refuses to compute damages, contending Defendants have not produced data. Rule 26(a)(1)(A)(iii) requires an itemized computation based on information presently available to Plaintiff. He must disclose the categories claimed, the method of computation, and identify supporting documents in his possession. Reliance on statutory damages does not relieve Plaintiff of disclosing the number of works and acts, the elected measure, and the bases of any willfulness claim now known.

- Interrogatory Nos. 9, 16–17 (experts; joint works): Plaintiff's refusal to provide expert-identification ahead of scheduling deadlines may be proper, but he must still answer whether he presently intends to use experts and confirm whether any joint authors are claimed for specific works (and not respond with a categorical "none" while simultaneously referencing work-for-hire ambiguity). If none are joint works, that must be unequivocal.

- Repeated references to Defendants' alleged nonproduction are improper bases to avoid answering. Plaintiff must answer to the extent of his knowledge and supplement as appropriate.

We request full, narrative supplementation for each deficient Interrogatory, removing boilerplate objections, and providing facts known to Plaintiff.

## III.    Requests for Production: Improper Refusals, Misuse of "Publicly Available" Materials, and Noncompliant Production Promises

Plaintiff's RFP responses suffer from categorical refusals, vague promises of future "rolling production" through December 20, 2025, and repeated assertions that Defendants already possess or can obtain documents. Rule 34 requires production of responsive documents within the party's possession, custody, or control, regardless of whether some are publicly available or also in the opponent's possession. *See* Fed. R. Civ. P. 34(b)(2)(E)(requiring a party to produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request); *see also  See, e.g., Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984) (finding that "[c]ontrol is defined not only as possession, but as the legal right to obtain documents requested upon demand" ); *Jans ex rel. Jans v. The GAP Stores, Inc.*, No. 05-1534, 2006 U.S. Dist. LEXIS 67266, 2006 WL 2691800, at *2 (M.D. Fla. Sept. 20, 2006) (emphasizing that the "term 'control' is broadly construed"). Thus, Plaintiff's position that he will not produce deposit copies, registrations, correspondence, or infringing files because "Defendants have them" is improper.

Key deficiencies include:

- RFP Nos. 1–3, 8: Plaintiff refuses to produce registration certificates, deposit copies, and USCO correspondence on the ground they are publicly available or "already in Defendants' possession." Rule 34 does not permit refusal on that basis. Plaintiff must produce all non-privileged registration materials within his possession, custody, or control.

**WILSON ELSER**
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

Mr. Zermay
November 20, 2025
Page 4

- RFP Nos. 4–6: Plaintiff objects to producing ESI and metadata for the Works as "overbroad," and refuses to produce "other digital formats." Plaintiff must identify the relevant file types he has and produce the final versions, drafts where relevant, and any associated metadata reasonably accessible. Rule 34(b)(2)(E) does not excuse production; it governs form.

- RFP Nos. 7, 13, 15, 29: Plaintiff states he has never licensed and has no revenue; however, he must produce documents sufficient to demonstrate that fact, including confirmations that no licenses exist and no revenue documents exist (negative production), rather than relying solely on a narrative objection.

- RFP Nos. 9, 14, 17–19, 23–27, 32–33: Plaintiff refuses documents concerning infringement, CMI removal, unauthorized publication of name/likeness, and commingling/alter ego issues, often asserting that Defendants already possess the most probative evidence or misquotes the Amended Complaint. Plaintiff must produce what he has, including his own copies of Defendants' posts, emails he received, files he downloaded, screenshots he took, notices he sent, and documents supporting alter-ego assertions. A party cannot avoid production by claiming the opponent "already has it."

- RFP No. 16 (expert materials): Plaintiff's assertion of Rule 26(b)(4) protections is proper as to drafts and attorney communications, but he must produce non-privileged materials "considered" by any testifying expert upon designation and confirm whether any expert has been retained to date, if any.

- RFP Nos. 10–11: Plaintiff agrees to produce work-for-hire/employment agreements and compensation terms; however, production must be immediate and complete. Redactions must be limited to truly privileged material, not business terms. Please confirm whether the documents are responsive to RFP Nos. 10-11 will be produced by December 20, 2025, or if you are withholding the documents based on privilege and intend to produce a privilege log.

- RFP Nos. 20–22: Plaintiff asserts irrelevance and public availability concerning third-party interactions (Guard Denver, Florida Bar, "Will Becker"), purchases from affiliated sites, and access to Defcad.com. Plaintiff must produce responsive, non-privileged documents within his possession, or confirm nonexistence. Relevance objections are not substantiated, and, in any event, the requests are reasonably tailored to the copyright infringement claims and defenses asserted in the First Amended Complaint concerning the publication of the subject works at issue. *See Builders Flooring Connection, LLC v. Brown Chambless Architects*, No. 2:11CV373-MHT, 2014 WL 1765102, at *1 (M.D. Ala. May 1, 2014) (quoting GAP Report of Advisory Committee to 2000 amendments to Rule 26).

- Repeated misquotation of the Amended Complaint: Several responses assert a request is "defective" for misquoting the Amended Complaint. Even if a quotation is imperfect, Plaintiff must construe the request reasonably and produce responsive

materials. The approach of declaring non-response on technical phrasing is contrary to the Rules.

We request Plaintiff withdraw the "publicly available" and "Defendants already possess" refusals and produce all responsive, non-privileged documents within his possession, custody, or control; serve an adequate privilege log; and provide an ESI production in reasonably usable form consistent with Rule 34(b)(2)(E), including metadata fields for final work files and deposit copies.

## IV.    Required Remedial Actions and Deadline

To avoid motion practice, we request the following within 14 days:

- Serve full and proper supplemental answers to Interrogatories, removing boilerplate objections, and providing complete factual narratives based on information presently known to Plaintiff.

- Produce all responsive, non-privileged documents within Plaintiff's possession, custody, or control for the RFPs identified above, including registration materials, deposit copies, infringing files and versions, notices and communications, and documents supporting alter-ego/commingling allegations, in a reasonably usable ESI format with associated metadata where applicable on or before December 20, 2025; alternatively, indicate whether the documents have been withheld based on privilege.

- Serve a compliant privilege log under Rule 26(b)(5)(A) regarding the documents Plaintiff considers are privileged that are responsive to the Requests.

If Plaintiff does not cure these deficiencies within 14 days, Defendants will move to compel under Rules 37(a)(3)(B)(iii)–(iv) and seek appropriate relief, including fees. We are available to meet and confer on any specific item, but the global posture of refusing to produce materials because they are "publicly available" or "already in Defendants' possession," and refusing to answer interrogatories because they seek "all facts," must be abandoned.

Thus, we look forward to discussing these issues with Plaintiff on Monday, November 24, 2025, at 11:00 a.m. EST in person at Wilson Elser's Orlando office in an attempt to narrow or resolve these issues and confirm whether Plaintiff will supplement and produce as requested.

Respectfully,

*/s/ Leia V. Leitner*
Leia V. Leitner, Esq.

cc:    Chad Flores, Esq. via email: cf@chadflores.law