UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

   *Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc., DEFENSE DISTRIBUTED, and DIOSKOUROI LLC,

   *Defendants*.

_____/

**PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S JANUARY 14, 2026 ORDER (DOC. 185)**

Plaintiff, pursuant to Federal Rule of Civil Procedure 72(a), objects to two portions of the Magistrate Judge's Preliminary Order (Doc. 185) entered January 14, 2026. The Order is contrary to law to the extent it (1) sustains Defendants' "Copyright"/"Works" definitional objections in a manner that effectively prohibits discovery into copyright knowledge and practices relevant to pleaded willfulness, and (2) sustains in part "possession, custody, or control" objections in a way that invites an evasive, circular production game among Defendants despite record evidence establishing Wilson's control over Defendant entities as well as the existence of responsive documents.

## **STANDARD OF REVIEW**

Under Rule 72(a), the Court shall modify or set aside a magistrate judge's order on a non-dispositive pretrial matter if it is "clearly erroneous or contrary to law." See 28 U.S.C. § 636(b)(1)(A). An order is clearly erroneous if, after reviewing the entire record, the district court is "left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "An order is contrary to law 'when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *SEC v. Kramer,* 778 F. Supp. 2d 1320, 1326-27 (M.D. Fla. 2011).

1

# GROUNDS FOR OBJECTION

## I. THE ORDER'S RULING ON DEFENDANTS' REDEFINITION OF "COPYRIGHT" IS CONTRARY TO RULE 26(B)(1) BECAUSE IT BLOCKS DISCOVERY INTO WILLFULNESS AND KNOWLEDGE

### A. The Order effectively forbids discovery about copyright practices and knowledge—evidence central to willfulness

The Order sustains Defendants' unilateral re-definition of both "Copyright" and "Works" "to the copyrights and works specifically identified in Plaintiff's First Amended Complaint." Doc. 185 at 5. Plaintiff does not object to the separate "works at issue" limitation (i.e., the list of works in the amended complaint). The problem is the Order's sustaining Defendant's attempt to collapse the concept of "copyright" itself into "the works at issue," thereby foreclosing discovery into Defendants' copyright awareness, policies, discussions, and practices that bear directly on willfulness.

Defendants used the "undefined 'copyright'" objection to refuse discovery expressly directed at copyright discussions—e.g., Request No. 4 ("All communications or records which mention or discuss copyright")—claiming the term is "undefined" and asserting that such discovery "does not lead to admissible evidence." Doc. 156-2 at 3. Rule 26(b)(1) squarely rejects that framing: "Information within this scope need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Redefining "Copyright" to mean only the "works at issue" effectively endorses Defendants' effort to carve "copyright generally" out of discovery, even though copyright

2

knowledge and practice are exactly what tend to prove (or disprove) patterns or practices relevant to willfulness.

Willfulness is a live issue in copyright cases because it affects statutory damages. 17 U.S.C. § 504(c)(2). In the Eleventh Circuit, willfulness can be shown by knowledge or reckless disregard of the possibility that one's actions are infringing a copyright. *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d 1255, 1272–73 (11th Cir. 2015). And the Eleventh Circuit recognizes willfulness turns on the infringer's knowledge—i.e., whether the defendant knew its conduct constituted infringement. *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 851 (11th Cir. 1990). Discovery into what Defendants discussed internally about copyright, and what practices they used when dealing with copyrighted works is therefore relevant and proportional under Rule 26(b)(1).

Courts in copyright cases routinely allow discovery into "similar claims," prior assertions of infringement, and related practices because such evidence bears on knowledge and willfulness. See *Steinmetz v. Houghton Mifflin Harcourt Publ'g Co.*, No. CIV.A. 14-1937, 2014 WL 6988671, at *2 (E.D. Pa. Dec. 11, 2014) (allowing discovery into other infringement claims where plaintiff argued they reflected defendant's knowledge and failure to adopt/enforce policy, relevant to willfulness); *Wu v. Pearson Educ., Inc.*, No. 09-cv-6557, 2012 WL 1232958, at *1 (S.D.N.Y. Apr. 12, 2012) (same,

3

collecting cases and holding documents reflecting final settlements of similar claims are discoverable; dates of initiation pertinent to duration of awareness and willfulness).

Plaintiff is not seeking to expand the "works at issue." Plaintiff is seeking evidence of state of mind—knowledge, intent, and reckless disregard—through Defendants' copyright discussions and practices. The Order's definition ruling should be modified to avoid extinguishing that category of discovery clearly contemplated by the Rules.

B. <u>"Copyright" is not an improper discovery term; allowing Defendants to re-define it is contrary to law.</u>

"Copyright" is a statutory term with an ordinary meaning. Defendants' "undefined" objection (and the Order's acceptance of Defendants' re-definition to the works at issue) treats "copyright" as if it were a bespoke technical label rather than a legal concept directly implicated by Plaintiffs' claims. *See* Doc. 156-2 at 3; Doc. 185 at 5. Enabling Defendants to redefine "copyright" out of existence does not give force to any appropriate limiting principle under Rule 26(b)(1).

**II. THE ORDER IS CONTRARY TO RULE 34 AND ELEVENTH CIRCUIT PRECEDENT BECAUSE IT ALLOWS WILSON TO EVADE PRODUCTION BY POINTING TO ENTITIES HE ADMITS HE CONTROLS.**

The Order, while recognizing the myriad ways a party may control an entity, partially sustained Defendants' "possession, custody, and control"

4

objections, suggesting it cannot compel production based on a "mere hunch." Doc. 185 at 3-5. The Order does this without reference to the record evidence identified by Plaintiff. At minimum, the Court should have ordered briefing on the issues of Defendant Wilson's actual control and the existence of the documents.

Rule 34 requires a party to produce responsive documents within its "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). "Control" is "the legal right to obtain the documents requested upon demand." *Searock v. Stripling*, 736 F.2d 650, 653–54 (11th Cir. 1984). Courts within the Circuit also recognize control where a party has the authority or practical ability to obtain documents through relationships such as corporate structures. *See, e.g., Sergeeva v. Tripleton Int'l Ltd.*, 834 F.3d 1194, 1201 (11th Cir. 2016) (control encompasses the right, authority, or practical ability to obtain documents); *DeSoto Health & Rehab, L.L.C. v. Phila. Indem. Ins. Co.*, No. 2:09-cv-599-FtM-29DNF, 2010 WL 4853891, at *3 (M.D. Fla. Nov. 22, 2010) (finding documents to be discoverable, and in the party's control, despite being in the physical possession of a nonparty); *Costa v. Kerzner Int'l Resorts, Inc.*, 277 F.R.D. 468, 470–71 (S.D. Fla. 2011).

The Order correctly recites *Searock*'s definition, but then sustains in part Defendants' "possession, custody, or control" objections in a way that permits Wilson to respond that requests are "better directed" to entity

5

defendants, notwithstanding admissions establishing his authority over those entities. (Doc. 185 at 3–5). That is contrary to Rule 34's core function and invites exactly the circular deflection Plaintiff documented as already occurring, where Wilson points to one of his entities; and the entities point to one another. (Doc. 156 at 3).

> A. <u>Plaintiff met any burden to show "control," using Defendants' own pleading admissions.</u>

The Order states Plaintiff bears the burden to prove Defendants' control. (Doc. 185 at 4), but that is satisfied with both Plaintiff's record evidence, and Defendants' admissions in the Answer.

Defendants' Answer expressly admits numerous paragraphs of the First Amended Complaint bearing on Wilson's control and command over the Defendant entities. (Doc. 52 ¶ 293 (admitting, inter alia, FAC ¶¶ 23–26, 46–49, 51–55, 57–62, 70, 73).) Those admitted allegations include: (1) Wilson holds formal governing roles for Defense Distributed as its "Registered Agent," "Director," and "Governing Member." (Doc. 43 ¶ 55; Doc. 52 ¶ 293 (admitting ¶ 55).) (2) Wilson is the **only** director/officer/executive of the enterprise entities: the First Amended Complaint alleges Wilson "is the only director, officer, and executive of Defense Distributed." (Doc. 43 ¶ 61; Doc. 52 ¶ 293 (admitting ¶ 61).); (3) Wilson exercises operational command: the First Amended Complaint alleges Wilson "is in primary control and command of Defcad Inc." (Doc. 43 ¶ 73; Doc. 52 ¶ 293 (admitting ¶ 73).); (4) Wilson treats

6

DEFCAD as his own website and personnel as his employees: Defendants admit allegations that Wilson referred to Defcad.com as "my website" and referred to Pablo Molina Diaz as "my employee." (Doc. 43 ¶¶ 24–25; Doc. 52 ¶ 293 (admitting ¶¶ 24–25).).

These admissions are direct evidence that Wilson has the authority and practical ability to obtain and produce responsive business records. Under *Searock* and related precedent, such authority is "control" for Rule 34 purposes. *Searock*, 736 F.2d at 653–54; *Sergeeva*, 834 F.3d at 1201; *DeSoto Health*, 2010 WL 4853891, at *3;; *Costa*, 277 F.R.D. at 470–71.

> B. The Order's reliance on *Green* is misplaced on this record and, as applied here, invites a "red rover" shell game among party defendants.

The Order indicates it is "inclined to follow" *Green v. Fiveash* with respect to what Wilson must produce. (Doc. 185 at 4–5 (citing *Green v. Fiveash,* No. 3:18-cv-2393-MCR-HTC, 2019 WL 8063985 (N.D. Fla. Sept. 11, 2019)).) But the factual and procedural posture here is materially different.

First, unlike scenarios involving a passive shareholder or unclear authority, in addition to the materials identified in the underlying Motion and memorandum, Defendants here admitted Wilson is the governing member/director/registered agent of DEFCAD, the sole director/officer/executive of DEFCAD and Defense Distributed, and in primary control and command of DEFCAD. (Doc. 43 ¶¶ 55, 61, 73; Doc. 52 ¶

7

293). Those admissions satisfy Rule 34 "control" even under a conservative *Searock* framing.

The "co-defendant shell game" risk is acute and documented. Plaintiff identified the circular redirection problem by example: Wilson repeatedly refuses production "in his individual capacity" and points to the entity defendants; the entities then point elsewhere. (Doc. 156 at 3). The Joint Notice frames this precisely as an evasion risk and notes Defendants' own positions are inconsistent with *Green*'s rationale. (Doc. 175 at 7–9).

On this record, applying *Green* to excuse Wilson from producing materials he very clearly controls is contrary to Rule 34 and Eleventh Circuit precedent, and it invites evasive discovery conduct by encouraging Defendants to allocate production obligations strategically rather than produce what is actually within each party's control.

> C. <u>At minimum, the Order should be modified to require clear, non-evasive Rule 34 positions and to prevent circular deflection.</u>

In any event, Rule 34 still requires each responding party to produce what is within its possession, custody, or control and to state with specificity what is being withheld. Fed. R. Civ. P. 34(b)(2)(B)–(C). A response that a request is "better directed" to another defendant is not an adequate Rule 34 position when the responding party has admitted governance and command over that entity and the records at issue.

8

Plaintiff requests the Court modify the Order to clarify that: (1) Wilson must produce responsive nonprivileged documents within his possession, custody, or control, including documents held by Defendant entities over which he has the legal right or authority to obtain them; and (2) no Defendant may respond by redirecting to another Defendant absent a clear representation, after a reasonable search, that the responding Defendant lacks possession, custody, and control.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court modify or set aside the challenged portions of the Order (Doc. 185) to (1) clarify that discovery into Defendants' copyright knowledge/practices relevant to pleaded willfulness is not barred by redefining "copyright" as only "the works at issue," and (2) clarify that Wilson's admitted governance and command over the entity Defendants constitutes "control" under Rule 34, such that he may not evade production through circular redirection.

Respectfully submitted,

DATED: January 28, 2026

9

*/s/ Zachary Zermay*
Zachary Zermay, Esq.
Fla. Bar № 1002905
*Zermay Law, P.A.*
3000 Coral Way, Ste 1115
Coral Gables, FL 33145
Email: zach@zermaylaw.com
Tel: (305) 767-3529
*Lead Counsel for Plaintiff*
*Matthew Larosiere*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 28th day of January, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF for all counsel authorized to receive electronically Notices of Electronic Filing.

*/s/ Zachary Z. Zermay*
Zachary Z. Zermay, Esq.
Fla. Bar № 1002905
