UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| Matthew Larosiere,<br><br>    Plaintiff,<br><br>vs.<br><br>Cody Wilson, *et al.*,<br><br>    Defendants.<br><br>And Related Claims. | Case No: 6:24-cv-1629<br><br>NON-PARTY DAVID S. GINGRAS' RESPONSE TO PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER DENYING FEES/SANCTIONS |

Non-party David S. Gingras (former counsel to Defendants/Counterclaimants Defense Distributed, *et al.*) respectfully submits the following response to Plaintiff Matthew Larosiere's *Objection* (Doc. 194) to the Magistrate Judge's Order (Doc. 184) *Denying* Plaintiff's motion for fees/sanctions (Doc. 138).

To compel this Court to reverse the Magistrate Judge's order, Mr. Larosiere must show the ruling "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). As it relates to his request for relief against the undersigned, Mr. Larosiere has made no attempt to meet that standard.

Accordingly, without belaboring every issue raised in prior briefing, Mr. Larosiere's objection should be denied.

The facts and history of this matter were explained in prior briefing including the Sept. 30, 2025 pleading (Doc. 141) opposing Mr. Larosiere's original motion for fees/sanctions. Those facts/details will not be repeated here except to note – as it relates to Mr. Larosiere's request for relief against the undersigned, the request was based on a <u>single allegation</u> – that undersigned counsel signed a pleading (the *counterclaim* filed by Defendants/Counterclaimants on Nov. 19, 2024; Doc. 29) which contained a <u>single factual allegation</u> which Mr. Larosiere claimed was false (the allegation involved a claim Mr. Larosiere and/or a prior Counterdefendant "hacked" the undersigned's law firm website).

In the prior round of briefing, the undersigned submitted a detailed declaration (Doc. 141-1) explaining this allegation was <u>not false</u>. In addition, the undersigned noted even if the Counterclaim did contain a false statement, this would show a apparent violation of Rule 11. Despite this, Mr. Larosiere did <u>not</u> seek sanctions under Rule 11, nor could he – because he never followed the warning and notice requirements of the safe harbor provisions of that rule.

Based on this, the undersigned argued Mr. Larosiere could not seek sanctions for what amounted to a Rule 11 violation under authority such as 28 U.S.C. § 1927 and/or the court's inherent authority. *See* Doc. 141 at 7 (explaining, "A party may not evade those mandatory procedural safeguards [of Rule 11] by seeking relief under other authority when the alleged misconduct is a violation of Rule 11." (citing *In re Gonzalez*, 2019 WL 1087093, *7 (Bankr. M.D. Fla. 2019) (explaining, "[I]f a

2

court cannot impose sanctions under Rule 11, the court should not exercise its inherent powers to sanction. Otherwise, the safe harbor of Rule 11 would be meaningless.") (citing *In re Engle Cases*, 283 F. Supp. 3d 1174, 1241 (M.D. Fla. 2017)). The opposition further noted 28 U.S.C. § 1927 does not apply to claim-initiating *pleadings* (such as a counterclaim), because as many courts have agreed, "Section 1927 does not apply to initial pleadings." Doc. 141 at 5 (quoting *Macort v. Prem, Inc.*, 208 F. App'x 781, 786 (11th Cir. 2006)).

In her order denying Mr. Larosiere's motion (Doc. 184), the Magistrate Judge agreed with both these *legal* arguments. That is hardly surprising given the overwhelming weight of authority supporting them, as was cited in the Magistrate Judge's order, and in the brief submitted by the undersigned on this issue.

Although the Magistrate Judge determined Mr. Larosiere's motion lacked *legal* merit, Mr. Larosiere now objects by raising a purely *factual* argument:

**Plaintiff's Objection (Doc. 194) at 5**

> i. *Evidence Supported the Counterclaims Were Filed in Bad Faith*
> Movants cited the counterclaims as proof of the kind of serious allegations lodged against numerous individuals without adequate factual footing—allegations that necessarily broadened discovery, motion practice, and collateral disputes. (Doc. 138 at 14–15). As one example, the counterclaim alleged that "Lettman ... hacked the website of Defendants' counsel," among other things. (Doc. 52 ¶¶ 128–132). ==Movants supported their position with material, which non-movants did not materially respond to.==

3

To summarize what actually happened here – the Magistrate Judge *agreed* with the *legal* argument raised by the undersigned; i.e., that false allegations in a claim-initiating pleading (like a Complaint or a Counterclaim) can support sanctions under Rule 11, but only when the party seeking sanctions complies with the safe-harbor procedure in that rule. As the Magistrate Judge noted, Mr. Larosiere "do[es] not move for any relief under Rule 11, nor [does he] allege compliance with the requirements thereof." Doc. 184 at 6 n.7.

In that posture, the Magistrate Judge agreed as a matter of law (as countless other judges have) that a party cannot avoid the safe harbor provision of Rule 11 by seeking sanctions under other authority in a manner that fails to comply with the safe harbor. Such an end-run around the rule is improper because it would render Rule 11's safe harbor provision "meaningless".

The Magistrate Judge's ruling on that point of law was plainly correct, and is supported by vast legal authority. As such, Mr. Larosiere's evidence-based arguments are simply irrelevant. For instance, he complains the Magistrate Judge unfairly refused to hold an evidentiary hearing while denying "sanctions on grounds that hinge on *contested factual inferences*." Doc. 194 at 7 (emphasis added).

As it relates to his claims against the undersigned, this argument not only lacks merit, it is frivolous. The Magistrate Judge resolved Mr. Larosiere's request for sanctions against the undersigned as a matter of law, not because of any favorable facts, but because the law does not support the relief Mr. Larosiere asked for.

4

In that context, there was no need for an evidentiary hearing because there are no factual disputes to resolve. Again, as explained <u>at length</u> in the declaration of undersigned counsel (Doc. 141-1), the allegation that Mr. Larosiere and/or another party "hacked" the website of undersigned counsel's law firm <u>was not false</u>, and certainly not knowingly false.

But that is not why sanctions were denied. The Magistrate Judge did not make a factual finding as to the veracity of either side's claims. Instead, the Magistrate Judge correctly noted that the *law* would not permit sanctions in this context, even if Mr. Larosiere's allegations were true.

Nothing in his objection even addresses this point, much less shows the Magistrate Judge's legal conclusions were clearly erroneous or contrary to law. Mr. Larosiere literally does not cite a single case – *not even one* – showing any of the Magistrate Judge's legal holdings were wrong. That silence speaks volumes.

As it relates to Mr. Larosiere's objection to the order denying relief against the undersigned, that objection has no merit and should be denied.

RESPECTFULLY SUBMITTED Feb. 3, 2026.

/s/ David S. Gingras
David S. Gingras, Esq.
Arizona Bar #021097;
California Bar #218793
**Gingras Law Office, PLLC**
4802 E. Ray Road, #23–271
Phoenix, AZ 85044
Tel.: (480) 264-1400
David@GingrasLaw.com

5

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Gary Charles De Pury
Law Offices of Gary De Pury, P.A.
21035 Leonard Road
Lutz, FL 33558

Matthew Larosiere
6964 Houlton Circle
Lake Worth, FL 33467

Zachary Z. Zermay
Zermay Law, P.A.
3000 Coral Way
Suite 1115
Miami, FL 33145

Attorneys for Plaintiff

Amaris Lilly-Joy Chris Gyebi, Esq.
Jura Christine Zibas, Esq.
Wilson Elser Moskowitz Edelman & Dicker LLP
2063 Main St.. Suite 100
Sarasota, FL 34237

Charles (Chad) Flores
Flores Law PLLC
917 Franklin St., Suite 600
Houston, TX 77002

Attorneys for Cody Wilson and Defense Distributed


/s/David S. Gingras