UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

        *Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc., DEFENSE DISTRIBUTED, and DIOSKOUROI LLC,

        *Defendants*.

_____/

## JOINT NOTICE RE: CONFERRAL ATTEMPTS CONCERNING PLAINTIFF'S DOC. 156 MOTION TO COMPEL

The parties have remained in communication regarding the subject of Plaintiff's Doc. 156 motion to compel. Unfortunately, no issues have been resolved beyond those identified in the Doc. 175 notice.

### I.    Conferral Efforts

The parties met and conferred on December 2, 2025, at which time Plaintiff asserted that the December 1, 2025, production of 1,500 documents was not compliant with Rule 34(b)(2)(E). Defendants agreed to provide a production chart, which was provided on December 29, 2025, *see e.g.,* Doc. 200–2; *see also* (Ex. A at 4). Plaintiff feels the production chart is still deficient. Plaintiff followed up on January 13, 2026, to seek Defendants' promised production of additional materials. (Ex. A at 3). On January 22, 2026, Defendants' Lead Defense Counsel indicated that she was on vacation

(outside the country) when she received the email on January 13, 2026, but stated that the Defendants are working with their e-discovery vendor to produce the supplemental materials on or before February 4. (Ex. A at 3). On January 26, Plaintiff's counsel asked that the documents be provided before the February 4 notice deadline so Plaintiff could accurately indicate what issues were still ripe for resolution. (Ex. A at 2). On January 26, 2026, Defendants indicated an intent to serve the supplemental documents that week. (Ex. A at 1). On February 2, 2026, Plaintiff followed up, expressing concern about Defendants' non-production. (Ex. B at 1). Defendants responded the next day, stating that they planned supplemental production that week.

Defendants produced 38 more PDF files and an Excel spreadsheet. It is Plaintiff's contention that the documents were not linked to any specific request for production, and that Plaintiff cannot identify them as satisfying any outstanding request, as the communications provided are excerpts of single messages devoid of context. Additionally, Plaintiff notes the bates numbers represent some 680 missing pages. (Ex D). For example:

Copyrighted Works at Issue

"registration"— 4 messages

1. RVO • Nov 21, 2025, 10:13 AM
What is the point of a registration without a tax, other than violating the gun control act in a unique way?

2. Stephen Sheftall • Nov 21, 2025, 10:07 AM
This is regarding the SHORT and HUSH Act cases against registration now that the tax is gone.

3. zinoviev • Nov 25, 2024, 03:50 PM
Where we talk about their registrations we accuse them of fraud

In response, Defendants note that specific requests and the nature of the documents were provided in their brief. *See* Doc. 200 at p. 10; *see also* 200–2. And that Plaintiff's difficulty in identifying the requests responsive to the production reflects his inability to keep track of the 150+ discovery requests he has elected to serve in this action.

Notwithstanding the foregoing, the Defendants provide the clarifications below to eliminate any doubt regarding the requests addressed in the supplemental documents provided on February 4, 2026. It is important to reiterate that the absence of agreed-upon terms in an ESI protocol, such as custodians, search parameters, metadata fields, and production-format specifications, has made it materially more difficult to organize productions to Plaintiff's preferred specifications, notwithstanding Defendants' good-faith efforts.

**II.     Clarification of Requested Mapping (Defendants' position only)**

That said, Defendants identify the following mapping for the productions referenced in the Joint Notice:

- The Excel spreadsheet produced during the February 4-5, 2026, supplemental production is responsive to **Plaintiff's Request for Production No. 9 to DEFCAD, Inc. ("DEFCAD")**. After a reasonable search, the information was obtained from the Defendants' third-party accountant. Defendants produced documents concerning ddlegio.com's subscription fees for access to DEFCAD's repository of 3D-printable firearm files.

- The Slack communications produced during the same February 2026 supplemental production are responsive to **Plaintiff's Requests for Production Nos. 5, 46, 47, 49, and 76 to Cody Wilson**. The Slack materials were collected and produced, to the extent possible, to address the Plaintiff's broad and sweeping enumerated requests above. *See* Entities 007319–007356.

### III. Rule 34 Compliance and Organization (Defendants' position only)

Defendants continue to maintain that their productions have been made in compliance with Rule 34(b)(2)(E) and in a manner that allows Plaintiff to reasonably ascertain the responsive nature of the materials, including by organizing the above-referenced items by request as clarified herein. To date, the parties have not finalized an ESI protocol with agreed custodians, search terms, deduplication and threading rules, or production-format requirements, which has complicated efforts to pre-label materials to Plaintiff's requested granularity. To the extent Plaintiff believed the linkage was unclear, Defendants provide this response to remove ambiguity and to facilitate efficient conferral and adjudication of any remaining issues raised in the Joint Notice, and Defendants remain willing to promptly finalize an ESI protocol to streamline future productions.

### IV. Ongoing Conferral

Consistent with the parties' continuing communications noted in the Joint Notice, Defendants remain available to confer further to address any residual questions regarding the scope, search parameters, or organization of the productions,

329647625v.1

including the Excel spreadsheet responsive to Request No. 9 to DEFCAD and the Slack materials responsive to Requests Nos. 5, 46, 47, 49, and 76 to Cody Wilson. On February 4th and 5th, Defendants' counsel asked for times for Plaintiff to meet and confer telephonically immediately, but Plaintiff's counsel was unavailable. (Ex. C).

Respectfully submitted,

| **Zermay Law, P.A.** | **Wilson Elser Moskowitz Edelman & Dicker LLP** |
|---|---|
| */s/Zachary Z. Zermay* <br> Zachary Z. Zermay, Esq. <br> Florida Bar No: 1002905 <br> 1200 Fourth Street, #1102 <br> Key West, Florida 33040 <br> Telephone: 305-767-3529 <br> Zach@Zermaylaw.com <br> info@zermaylaw.com <br><br> *Counsel for Plaintiff* | By: */s/Leia V. Leitner* <br> Leia V. Leitner, Esq. <br> Florida Bar No: 105621 <br> 111 North Orange Avenue <br> Suite 1200 <br> Orlando, Florida 32801 <br> Telephone: 407-423-7287 <br> Facsimile: 407-648-1376 <br> Leia.Leitner@wilsonelser.com <br> Cheryl.Kujawski@wilsonelser.com <br><br> Jura C. Zibas, Esq. <br> Florida Bar No: 124571 <br> Amaris C. Gyebi, Esq. <br> Florida Bar No: 1019361 <br> 2063 Main Street - Suite 100 <br> Sarasota, Florida 34237 <br> Telephone: 941-866-8561 <br> Facsimile: 941-210-5979 <br> Jura.Zibas@wilsonelser.com <br> Amaris C. Gyebi, Esq. <br> Cheryl.Kujawski@wilsonelser.com <br><br> *Co-Counsel for Defendants* <br> *Cody Rutledge Wilson* <br> *DEFCAD, Inc. and* <br> *Defense Distributed* |