# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

MATTHEW LAROSIERE,

                           Case No. 6:24-CV-01629-AGM-LHP

        Plaintiffs,

v.

CODY RUTLEDGE WILSON,
DEFCAD, INC., DEFENSE DISTRIBUTED and
DIOSKOUROI LLC,

        Defendants.

_____

## NOTICE OF FILING

Defendant, Defense Distributed ("Defendant"), by and through undersigned counsel, hereby files the attached documents in support of its Motion for Rule 37(e) Spoliation Relief with Appointment of a Special Master. Dkt. 136 ("Motion for Spoliation"). Defendant filed its Motion for Spoliation on September 19, 2025, which included a request for evidentiary hearing. *Id.* at p. 22. The Court granted that request and set an evidentiary hearing for February 11, 2026. Dkt. 186 ("Order"). In accordance with the Court's Order, Defendant timely filed its witness and exhibit list. Dkts. 206 and 207[1].

For reasons stated on the record, the evidentiary hearing was cancelled. *See* Dkt. 209. As the moving party, Defendant has the burden of proving "first, that the missing

---

[1] Attached as Exhibit A is Defendant's Corrected Exhibit List, which fixed formatting and numbering errors in the filed copy. Specifically, the additional Exhibit 44 that was listed was removed, the numbering was corrected to add "77", and column margins were adjusted. The same was provided to the Court on February 11, 2026 and to Plaintiff's counsel on February 10, 2026.

1

evidence existed at one time; second, that the alleged spoliator had a duty to preserve the evidence; and third, that the evidence was crucial to the movant being able to prove its prima facie case or defense." *Managed Care Solutions, Inc. v. Essent Healthcare, Inc.*, 736 F.Supp.2d 1317, 1322 (S.D. Fla. 2010). Defendant was prepared to meet its burden at the evidentiary hearing and remains prepared to do so should the Court elect to reset the hearing.

In the interim, Defendant files the exhibits it anticipated introducing at the hearing for completeness of the record. The exhibits attached correspond to the hard copies provided to the Court as "official" and "bench" copies, (Dkt. 186 at ¶4) on February 11, 2026, and the copies provided to Plaintiff's counsel, excluding Exhibit 21. The "Exhibit 21" provided to the Court and opposing counsel was an unredacted copy of the Firearms Development Employment Agreement, purportedly executed by Plaintiff and John Elik. The redacted form Plaintiff provided for filing purposes has been included here.

In filing the documents attached hereto, Defendant acknowledges that several of the documents are already on the docket, but are nevertheless refiled as they were included on Defendant's Exhibit List based on the Court's directive that it would not allow admission of any exhibit not identified in accordance with its Order. *Id*. at ¶6.

Dated:  February 13, 2026

                                              Respectfully submitted,

                                              **WILSON ELSER MOSKOWITZ**
                                              **EDELMAN& DICKER LLP**

By: *s/Jura C. Zibas*
Leia V. Leitner
Florida Bar No: 105621
111 North Orange Avenue
Suite 1200
Orlando, FL 32801
Telephone:        407-423-7287
Facsimile: 407-648-1376
Leia.Leitner@wilsonelser.com
Cheryl.Kujawski@wilsonelser.com

Jura C. Zibas
Florida Bar No: 124571
Amaris C. Gyebi, Esq.
Florida Bar No: 1019361
2063 Main Street - Suite 100
Sarasota, FL 34237
Telephone:941-866-8561
Facsimile: 941-210-5979
Jura.Zibas@wilsonelser.com
Amaris.Gyebi@wilsonelser.com
Cheryl.Kujawski@wilsonelser.com

*Co-Counsel for Defendants*
*Cody Rutledge Wilson*
*DEFCAD, Inc. and Defense Distributed*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 13th day of February, 2026 a true and correct copy of the foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF E-Filing Portal, which will send electronic filing to all counsel of record.

*s/Jura C. Zibas*
Jura. C. Zibas

3