# Exhibit 2

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

    *Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc., DEFENSE DISTRIBUTED, and DIOSKOUROI LLC,

    *Defendants*.

_____/

## MATTHEW LAROSIERE'S RESPONSE TO DEFENSE DISTRIBUTED'S FIRST REQUEST FOR PRODUCTION TO MATTHEW LAROSIERE

### INTRODUCTION AND BLANKET OBJECTIONS

    While ordinarily specific objectionable requests are due specific objections, "blanket objections should be used only when they apply to every request." Middle District Discovery (2015) at 12. This case presents one of those rare circumstances. Following briefing on cross-motions to dismiss, counsel for Defendants served an ten-page request for production to Matthew Larosiere. The request seeks a universe of documents/items/ESI and fails to describe with reasonable particularity each item or category of items to be inspected.

    To explain, the request for production contains fifty-eight requests. Following the first four relating to experts, all but two request "Any Material[s]", with the two outliers demanding a "complete backup" and "Any Communications". The term "Material" is defined over two pages and 460 words. *See* Middle District Discovery (2015) at 11 (disfavoring "boilerplate" requests not directed to the facts of the particular case, and burdensome "boilerplate" definitions or instructions). The requests for production are

1

definitionally "boilerplate," as they were copy-pasted to Counterdefendants Elik, Stroke, and Lettman, with no material alterations save for the inexplicable addition of four expert-specific questions for Elik, who is not a party to the original action. Indeed, the "boilerplate" nature of these requests is so manifest that the request directed to "Peter Lettman" provides instructions for John Elik.

Matthew Larosiere objects to the entirety of this request because it was not filed for any proper purpose. Rather, it was filed with the purpose of harassing, oppressing, and annoying an individual Defendant does not like. This verbiage is not used lightly, but Defendant Cody Wilson—owner of the requesting party—has all but admitted to this on the interrogating party's blog.[1] Defendant Wilson has made it abundantly clear that he views this court—and the courts in general—as a weapon to wield offensively against others. (Doc. 43 ¶ 35) (Defendant Wilson threatening an individual with "an amusing array of legal methods"). Only against this backdrop, the content of these discovery requests make sense: they are designed to bully and harass, not to discover anything. A protective order would be required for any disclosure under this request, even if the request were intelligible, given the requestor's demonstrated desire to publicly use any information he gains for the purposes of harassment.

Additionally, in the broad universe of information requested by Defense Distributed, the majority of requests asking for anything "relating"—another term with an oppressive definition—to some vague invocation, the instructions demand that all ESI be provided in "native format." This instruction is made exclusively for the purpose of driving up the cost of discovery. The request is so broad and unintelligible that counsel was unable to get quotes from ESI vendors, despite good faith attempts to do so. The instructions are calculated to maximize the expenditure of time and money, not the discovery of potentially admissible information.

All of the requests fail to describe with *any* particularity the items or category of items sought. Fed.R.Civ.P. 34(b)(1)(A). Additionally, virtually every

---

[1] Wilson, Cody R., Defcad Blog, https://defcad.com/blog/defcad-new-year/ ("A Florida federal court has just become the nation's instrument for discovering the details, the identities, and the even greater mysteries of America's 3D2A underground."). This is not within the scope of discovery under Rule 26.

2

request exceeds the scope of discovery, and were clearly not contemplated by the Parties during their Rule 26(f) conference, and are thus disproportionate to the needs of the case under Rule 26. (Doc. 51).

The above objections apply to every request below. Subject to the foregoing objections, Matthew Larosiere proceeds with additional, specific objections or answers to the numbered requests below, where appropriate:

## RESPONSES TO SPECIFIC REQUESTS

The numbering below tracks with the requests for production issued by Defense Distributed. For example, any information following "1," including any sub-part, is in response to Defense Distributed's request for production "1", and so on.

1. This request is objected to on the grounds that it may seek protected information under 26(b)(3)(A) and 26(a)(2). Additionally, this request is refused in so far as it seeks material that could not, on its own terms, be in respondent's possession. Subject to the foregoing objections and to the extent this request could be reasonably interpreted as limited to any materials prepared for *this* case by respondent's expert that are in respondent's possession, no responsive documents presently exist.
2. This request is objected to on the grounds that it may seek protected information under 26(b)(3)(A) and 26(a)(2). Additionally, this request is refused in so far as it seeks material that could not, on its own terms, be in respondent's possession. Subject to the foregoing objections, no responsive documents presently exist.
3. This request is objected to on the grounds that it may seek protected information under 26(b)(3)(A) and 26(a)(2). Additionally, this request is refused in so far as it seeks material that could not, on its own terms, be in respondent's possession. Subject to the foregoing objections, no responsive documents presently exist.
4. This request is objected to on the grounds that it may seek protected information under 26(b)(3)(A) and 26(a)(2). Subject to the foregoing objections, no responsive documents presently exist.
5. This request is objected to and refused as overly broad. It lacks specificity as to time, place, or subject matter. While it may ask only that respondent "Produce Any Material Relating to DEFCAD," the abusive

definitions render this one-sentence request a rambling multi-page, 500-plus-word request that includes the entire universe of what could be "concerning, referring, describing, evidencing, or constituting, either directly or indirectly" the subject matter of the request, which is made simply as "DEFCAD."

For the responding party to completely reply to this request, each and every piece of information the party has, fixed in any tangible medium, that "directly or indirectly" "concerns, refers to, describes, evidences, or constitutes" a simple conception would have to be provided. Especially given the breadth of the definitions, compliance would result in a ludicrous volume of potential matches.

Indeed, it would not be enough to search for documents containing the word "DEFCAD," as how could that guarantee compliance with a search for materials that "indirectly" "concern" or "refer to" the object? The only way to guarantee compliance would be to have each and every piece of material in the possession of the responding party analyzed first for whether it is responsive, then passed through counsel to check for issues of confidence, privilege, or other protected material. This is not by accident, but by design. The request is incoherent and cannot reasonably be replied to.

6. This request poses the same problems as those posed by request 5, and thus respondent objects to and refuses this request for the same reasons stated in response to request 5.
7. This request poses the same problems as those posed by request 5, and thus respondent objects to and refuses this request for the same reasons stated in response to request 5.
8. This request poses the same problems as those posed by request 5, and thus respondent objects to and refuses this request for the same reasons stated in response to request 5.
9. This request poses the same problems as those posed by request 5, and thus respondent objects to and refuses this request for the same reasons as those stated in response to request 5. Additionally, to the extent this request seeks privileged communications by attorney Larosiere with his

4

   clients, it is refused and objected to. Additionally, to the extent that this request seeks sensitive financial, business, or personal information otherwise subject to protection as a trade secret or other privilege, the request is refused and will not be provided absent a protective order under Rule 26(c). A protective order would be required for any disclosure under this request, even if the request were intelligible, given the requestor's demonstrated desire to publicly use any information he gains for the purposes of harassment.

10. This request poses the same problems as those posed by request 5, and thus respondent objects to and refuses this request for the same reasons as those stated in response to request 5.

11. This request poses the same problems as those posed by request 5, and thus respondent objects to and refuses this request for the same reasons as those stated in response to request 5. Additionally, to the extent this request seeks privileged communications by attorney Larosiere with his clients, it is refused and objected to. Additionally, to the extent that this request seeks sensitive financial, business, or personal information otherwise subject to protection as a trade secret or other privilege, the request is refused and will not be provided absent a protective order under Rule 26(c). A protective order would be required for any disclosure under this request, even if the request were intelligible, given the requestor's demonstrated desire to publicly use any information he gains for the purposes of harassment.

12. This request poses the same problems as those posed by request 5, and thus respondent objects to and refuses this request for the same reasons as those stated in response to request 5. Additionally, to the extent this request seeks privileged communications by attorney Larosiere with his clients, it is refused and objected to. Additionally, to the extent that this request seeks sensitive financial, business, or personal information otherwise subject to protection as a trade secret or other privilege, the request is refused and will not be provided absent a protective order under Rule 26(c). A protective order would be required for any disclosure under this request, even if the request were intelligible, given the requestor's demonstrated desire to publicly use any information he gains for the purposes of harassment.

13. This request poses the same problems as those posed by request 5, and thus respondent objects to and refuses this request for the same reasons as those stated in response to request 5. Additionally, to the extent this request seeks privileged communications by attorney Larosiere with his clients, it is refused and objected to. Additionally, to the extent that this request seeks sensitive financial, business, or personal information otherwise subject to protection as a trade secret or other privilege, the request is refused and will not be provided absent a protective order under Rule 26(c). A protective order would be required for any disclosure under this request, even if the request were intelligible, given the requestor's demonstrated desire to publicly use any information he gains for the purposes of harassment.

14. This request poses the same problems as those posed by request 5, and thus respondent objects to and refuses this request for the same reasons as those stated in response to request 5. Additionally, to the extent this request seeks privileged communications by attorney Larosiere with his clients, it is refused and objected to. Additionally, to the extent that this request seeks sensitive financial, business, or personal information otherwise subject to protection as a trade secret or other privilege, the request is refused and will not be provided absent a protective order under Rule 26(c). A protective order would be required for any disclosure under this request, even if the request were intelligible, given the requestor's demonstrated desire to publicly use any information he gains for the purposes of harassment.

15. This request poses the same problems as those posed by request 5, and thus respondent objects to and refuses this request for the same reasons stated in response to request 5. Additionally, this request is refused in so far as it seeks material that could not, on its own terms, be in respondent's possession.

16. This request poses the same problems as those posed by request 5, and thus respondent objects to and refuses this request for the same reasons stated in response to request 5. Additionally, this request is refused in so far as it seeks material that could not, on its own terms, be in respondent's possession.

17. This request poses the same problems as those posed by request 5, and thus respondent objects to and refuses this request for the same reasons stated in response to request 5. Additionally, this request is refused in so far as it seeks material that could not, on its own terms, be in respondent's possession.

18. This request poses the same problems as those posed by request 5, and thus respondent objects to and refuses this request for the same reasons as those stated in response to request 5. Additionally, to the extent this request seeks privileged communications by attorney Larosiere with his clients, it is refused and objected to. Additionally, to the extent that this request seeks sensitive financial, business, or personal information otherwise subject to protection as a trade secret or other privilege, the request is refused and will not be provided absent a protective order under Rule 26(c). A protective order would be required for any disclosure under this request, even if the request were intelligible, given the requestor's demonstrated desire to publicly use any information he gains for the purposes of harassment.

19. This request poses the same problems as those posed by request 5, and thus respondent objects to and refuses this request for the same reasons as those stated in response to request 5. Additionally, to the extent this request seeks privileged communications by attorney Larosiere with his clients, it is refused and objected to. Additionally, to the extent that this request seeks sensitive financial, business, or personal information otherwise subject to protection as a trade secret or other privilege, the request is refused and will not be provided absent a protective order under Rule 26(c). A protective order would be required for any disclosure under this request, even if the request were intelligible, given the requestor's demonstrated desire to publicly use any information he gains for the purposes of harassment. Additionally, this request is refused in so far as it seeks material that could not, on its own terms, be in respondent's possession.

20. This request poses the same problems as those posed by request 5, and thus respondent objects to and refuses this request for the same reasons stated in response to request 5. Additionally, this request is refused in

so far as it seeks material that could not, on its own terms, be in respondent's possession.

21. This request poses the same problems as those posed by request 5, and thus respondent objects to and refuses this request for the same reasons stated in response to request 5. Additionally, to the extent this request seeks privileged communications by attorney Larosiere with his clients, it is refused and objected to. Additionally, to the extent that this request seeks sensitive financial, business, or personal information otherwise subject to protection as a trade secret or other privilege, the request is refused and will not be provided absent a protective order under Rule 26(c). A protective order would be required for any disclosure under this request, even if the request were intelligible, given the requestor's demonstrated desire to publicly use any information he gains for the purposes of harassment. Additionally, this request is refused in so far as it seeks material that could not, on its own terms, be in respondent's possession.

22. This request poses the same problems as those posed by request 5, and thus respondent objects to and refuses this request for the same reasons stated in response to request 5. Additionally, to the extent this request seeks privileged communications by attorney Larosiere with his clients, it is refused and objected to. Additionally, to the extent that this request seeks sensitive financial, business, or personal information otherwise subject to protection as a trade secret or other privilege, the request is refused and will not be provided absent a protective order under Rule 26(c). A protective order would be required for any disclosure under this request, even if the request were intelligible, given the requestor's demonstrated desire to publicly use any information he gains for the purposes of harassment. Additionally, this request is refused in so far as it seeks material that could not, on its own terms, be in respondent's possession.

23. This request poses the same problems as those posed by request 5, and thus respondent objects to and refuses this request for the same reasons stated in response to request 5. Additionally, to the extent this request seeks privileged communications by attorney Larosiere with his clients, it is refused and objected to. Additionally, to the extent that this request

seeks sensitive financial, business, or personal information otherwise subject to protection as a trade secret or other privilege, the request is refused and will not be provided absent a protective order under Rule 26(c). A protective order would be required for any disclosure under this request, even if the request were intelligible, given the requestor's demonstrated desire to publicly use any information he gains for the purposes of harassment. Additionally, this request is refused in so far as it seeks material that could not, on its own terms, be in respondent's possession.

24. This request poses the same problems as those posed by request 5, and thus respondent objects to and refuses this request for the same reasons stated in response to request 5. Additionally, to the extent this request seeks privileged communications by attorney Larosiere with his clients, it is refused and objected to. Additionally, to the extent that this request seeks sensitive financial, business, or personal information otherwise subject to protection as a trade secret or other privilege, the request is refused and will not be provided absent a protective order under Rule 26(c). A protective order would be required for any disclosure under this request, even if the request were intelligible, given the requestor's demonstrated desire to publicly use any information he gains for the purposes of harassment. Additionally, this request is refused in so far as it seeks material that could not, on its own terms, be in respondent's possession.

25. This request poses the same problems as those posed by request 5, and thus respondent objects to and refuses this request for the same reasons stated in response to request 5.

26. This request poses the same problems as those posed by request 5, and thus respondent objects to and refuses this request for the same reasons stated in response to request 5. Additionally, it requests information just as easily available to the requestor, save for its insistence on a format calculated only to be as costly as possible.

27. This request poses the same problems as those posed by request 5, and thus respondent objects to and refuses this request for the same reasons stated in response to request 5. Additionally, to the extent this request seeks privileged communications by attorney Larosiere with his clients,

it is refused and objected to. Additionally, to the extent that this request seeks sensitive financial, business, or personal information otherwise subject to protection as a trade secret or other privilege, the request is refused and will not be provided absent a protective order under Rule 26(c). A protective order would be required for any disclosure under this request, even if the request were intelligible, given the requestor's demonstrated desire to publicly use any information he gains for the purposes of harassment. Additionally, this request is refused in so far as it seeks material that could not, on its own terms, be in respondent's possession.

28. This request poses the same problems as those posed by request 5, and thus respondent objects to and refuses this request for the same reasons stated in response to request 5. Additionally, to the extent this request seeks privileged communications by attorney Larosiere with his clients, it is refused and objected to. Additionally, to the extent that this request seeks sensitive financial, business, or personal information otherwise subject to protection as a trade secret or other privilege, the request is refused and will not be provided absent a protective order under Rule 26(c). A protective order would be required for any disclosure under this request, even if the request were intelligible, given the requestor's demonstrated desire to publicly use any information he gains for the purposes of harassment. Additionally, this request is refused in so far as it seeks material that could not, on its own terms, be in respondent's possession.

29. This request poses the same problems as those posed by request 5, and thus respondent objects to and refuses this request for the same reasons stated in response to request 5. Additionally, to the extent this request seeks privileged communications by attorney Larosiere with his clients, it is refused and objected to. Additionally, to the extent that this request seeks sensitive financial, business, or personal information otherwise subject to protection as a trade secret or other privilege, the request is refused and will not be provided absent a protective order under Rule 26(c). A protective order would be required for any disclosure under this request, even if the request were intelligible, given the requestor's demonstrated desire to publicly use any information he gains for the

purposes of harassment. Additionally, this request is refused in so far as it seeks material that could not, on its own terms, be in respondent's possession.

30. This request poses the same problems as those posed by request 5, and thus respondent objects to and refuses this request for the same reasons stated in response to request 5. Additionally, to the extent this request seeks privileged communications by attroney Larosiere with his clients, it is refused and objected to. Additionally, to the extent that this request seeks sensitive financial, business, or personal information otherwise subject to protection as a trade secret or other privilege, the request is refused and will not be provided absent a protective order under Rule 26(c). A protective order would be required for any disclosure under this request, even if the request were intelligible, given the requestor's demonstrated desire to publicly use any information he gains for the purposes of harassment. Additionally, this request is refused in so far as it seeks material that could not, on its own terms, be in respondent's possession.

31. This request poses the same problems as those posed by request 5, and thus respondent objects to and refuses this request for the same reasons stated in response to request 5. Additionally, to the extent this request seeks privileged communications by attroney Larosiere with his clients, it is refused and objected to. Additionally, to the extent that this request seeks sensitive financial, business, or personal information otherwise subject to protection as a trade secret or other privilege, the request is refused and will not be provided absent a protective order under Rule 26(c). A protective order would be required for any disclosure under this request, even if the request were intelligible, given the requestor's demonstrated desire to publicly use any information he gains for the purposes of harassment. Additionally, this request is refused in so far as it seeks material that could not, on its own terms, be in respondent's possession.

32. This request is not intelligible. This request poses the same problems as those posed by request 5, and thus respondent objects to and refuses this request for the same reasons stated in response to request 5. Additionally, this request is overly broad and unduly burdensome

11

because it requires respondent to search for and provide the equivalent of a lengthy narrative or otherwise detailed account, witness by witness, of its entire case. This request is even less probative than a *Blockbuster* interrogatory as this "claim" is unclear. Subject to the foregoing objections, what respondent believes to be responsive documents to the unintelligible request are attached in the form of a security test report verifying that Defcad has been compromised.

33. This request is not intelligible. This request poses the same problems as those posed by request 5, and thus respondent objects to and refuses this request for the same reasons stated in response to request 5. Additionally, this request is overly broad and unduly burdensome because it requires respondent to search for and provide the equivalent of a lengthy narrative or otherwise detailed account, witness by witness, of its entire case. This request is even less probative than a *Blockbuster* interrogatory as this "claim" is unclear. Subject to the foregoing objections, what respondent believes to be responsive documents to the unintelligible request are attached in the form of a security test report verifying that Defcad has been compromised.

34. This request poses the same problems as those posed by request 5, and thus respondent objects to and refuses this request for the same reasons stated in response to request 5. Subject to the foregoing, what respondent believe to be responsive documents are attached: the FEDCAD meme.

35. This request poses the same problems as those posed by request 5, and thus respondent objects to and refuses this request for the same reasons stated in response to request 5. Additionally, to the extent this request seeks privileged communications by attroney Larosiere with his clients, it is refused and objected to. Additionally, to the extent that this request seeks sensitive financial, business, or personal information otherwise subject to protection as a trade secret or other privilege, the request is refused and will not be provided absent a protective order under Rule 26(c). A protective order would be required for any disclosure under this request, even if the request were intelligible, given the requestor's demonstrated desire to publicly use any information he gains for the purposes of harassment.

36. This request poses the same problems as those posed by request 5, and thus respondent objects to and refuses this request for the same reasons stated in response to request 5. Additionally, to the extent this request seeks privileged communications by attroney Larosiere with his clients, it is refused and objected to. Additionally, to the extent that this request seeks sensitive financial, business, or personal information otherwise subject to protection as a trade secret or other privilege, the request is refused and will not be provided absent a protective order under Rule 26(c). A protective order would be required for any disclosure under this request, even if the request were intelligible, given the requestor's demonstrated desire to publicly use any information he gains for the purposes of harassment.

37. This request poses the same problems as those posed by request 5, and thus respondent objects to and refuses this request for the same reasons stated in response to request 5. Additionally, to the extent this request seeks privileged communications by attroney Larosiere with his clients, it is refused and objected to. Additionally, to the extent that this request seeks sensitive financial, business, or personal information otherwise subject to protection as a trade secret or other privilege, the request is refused and will not be provided absent a protective order under Rule 26(c). A protective order would be required for any disclosure under this request, even if the request were intelligible, given the requestor's demonstrated desire to publicly use any information he gains for the purposes of harassment.

38. This request poses the same problems as those posed by request 5, and thus respondent objects to and refuses this request for the same reasons stated in response to request 5. Additionally, to the extent this request seeks privileged communications by attroney Larosiere with his clients, it is refused and objected to. Additionally, to the extent that this request seeks sensitive financial, business, or personal information otherwise subject to protection as a trade secret or other privilege, the request is refused and will not be provided absent a protective order under Rule 26(c). A protective order would be required for any disclosure under this request, even if the request were intelligible, given the requestor's

demonstrated desire to publicly use any information he gains for the purposes of harassment.

39. Subject to the foregoing objections, no responsive documents exist as respondent does not recognize that address.

40. This request poses the same problems as those posed by request 5, and thus respondent objects to and refuses this request for the same reasons stated in response to request 5. Additionally, to the extent this request seeks privileged communications by attorney Larosiere with his clients, it is refused and objected to. Additionally, to the extent that this request seeks sensitive financial, business, or personal information otherwise subject to protection as a trade secret or other privilege, the request is refused and will not be provided absent a protective order under Rule 26(c). A protective order would be required for any disclosure under this request, even if the request were intelligible, given the requestor's demonstrated desire to publicly use any information he gains for the purposes of harassment. Additionally, this request is refused in so far as it seeks material that could not, on its own terms, be in respondent's possession.

41. This request poses the same problems as those posed by request 5, and thus respondent objects to and refuses this request for the same reasons stated in response to request 5. Additionally, this request is refused in so far as it seeks material that could not, on its own terms, be in respondent's possession, or would be more readily available from another source, i.e, the requestor itself, because it seeks information about its own computer systems.

42. This request is particularly unintelligible. This request poses the same problems as those posed by request 5, and thus respondent objects to and refuses this request for the same reasons stated in response to request 5. Additionally, this request is refused in so far as it seeks material that could not, on its own terms, be in respondent's possession.

43. This request is particularly unintelligible. This request poses the same problems as those posed by request 5, and thus respondent objects to and refuses this request for the same reasons stated in response to request 5. Additionally, this request is refused in so far as it seeks material that could not, on its own terms, be in respondent's possession.

44. This request is particularly unintelligible. This request poses the same problems as those posed by request 5, and thus respondent objects to and refuses this request for the same reasons stated in response to request 5.
45. This request is particularly unintelligible. This request poses the same problems as those posed by request 5, and thus respondent objects to and refuses this request for the same reasons stated in response to request 5. Subject to the foregoing objections, the complaint and attachments to the motion for preliminary injunction should feature all non-privileged responsive documents.
46. This request poses the same problems as those posed by request 5, and thus respondent objects to and refuses this request for the same reasons stated in response to request 5. Additionally, to the extent this request seeks privileged communications by attorney Larosiere with his clients, it is refused and objected to. Additionally, to the extent that this request seeks sensitive financial, business, or personal information otherwise subject to protection as a trade secret or other privilege, the request is refused and will not be provided absent a protective order under Rule 26(c). A protective order would be required for any disclosure under this request, even if the request were intelligible, given the requestor's demonstrated desire to publicly use any information he gains for the purposes of harassment.
47. This request poses the same problems as those posed by request 5, and thus respondent objects to and refuses this request for the same reasons stated in response to request 5. Additionally, to the extent this request seeks privileged communications by attorney Larosiere with his clients, it is refused and objected to. Additionally, to the extent that this request seeks sensitive financial, business, or personal information otherwise subject to protection as a trade secret or other privilege, the request is refused and will not be provided absent a protective order under Rule 26(c). A protective order would be required for any disclosure under this request, even if the request were intelligible, given the requestor's demonstrated desire to publicly use any information he gains for the purposes of harassment.

48. This request poses the same problems as those posed by request 5, and thus respondent objects to and refuses this request for the same reasons stated in response to request 5. Additionally, to the extent this request seeks privileged communications by attorney Larosiere with his clients, it is refused and objected to. Additionally, to the extent that this request seeks sensitive financial, business, or personal information otherwise subject to protection as a trade secret or other privilege, the request is refused and will not be provided absent a protective order under Rule 26(c). A protective order would be required for any disclosure under this request, even if the request were intelligible, given the requestor's demonstrated desire to publicly use any information he gains for the purposes of harassment.
49. This request poses the same problems as those posed by request 5, and thus respondent objects to and refuses this request for the same reasons stated in response to request 5. Additionally, to the extent this request seeks privileged communications by attorney Larosiere with his clients, it is refused and objected to. Additionally, to the extent that this request seeks sensitive financial, business, or personal information otherwise subject to protection as a trade secret or other privilege, the request is refused and will not be provided absent a protective order under Rule 26(c). A protective order would be required for any disclosure under this request, even if the request were intelligible, given the requestor's demonstrated desire to publicly use any information he gains for the purposes of harassment.
50. This request poses similar problems as those posed by request 5, and thus respondent objects to and refuses this request for the same reasons stated in response to request 5. Additionally, this request is refused in so far as it seeks material that could not, on its own terms, be in respondent's possession.
51. This request poses the same problems as those posed by request 5, and thus respondent objects to and refuses this request for the same reasons stated in response to request 5. Additionally, this request is refused in so far as it seeks material that could not, on its own terms, be in respondent's possession.

52. This request poses the same problems as those posed by request 5, and thus respondent objects to and refuses this request for the same reasons stated in response to request 5. Additionally, to the extent this request seeks privileged communications by attorney Larosiere with his clients, it is refused and objected to. Additionally, to the extent that this request seeks sensitive financial, business, or personal information otherwise subject to protection as a trade secret or other privilege, the request is refused and will not be provided absent a protective order under Rule 26(c). A protective order would be required for any disclosure under this request, even if the request were intelligible, given the requestor's demonstrated desire to publicly use any information he gains for the purposes of harassment. Additionally, this request is refused in so far as it seeks material that could not, on its own terms, be in respondent's possession.

53. This request poses the same problems as those posed by request 5, and thus respondent objects to and refuses this request for the same reasons stated in response to request 5. Additionally, to the extent this request seeks privileged communications by attorney Larosiere with his clients, it is refused and objected to. Additionally, to the extent that this request seeks sensitive financial, business, or personal information otherwise subject to protection as a trade secret or other privilege, the request is refused and will not be provided absent a protective order under Rule 26(c). A protective order would be required for any disclosure under this request, even if the request were intelligible, given the requestor's demonstrated desire to publicly use any information he gains for the purposes of harassment. Additionally, this request is refused in so far as it seeks material that could not, on its own terms, be in respondent's possession.

54. This request poses the same problems as those posed by request 5, and thus respondent objects to and refuses this request for the same reasons stated in response to request 5. Additionally, this request is refused in so far as it seeks material that could not, on its own terms, be in respondent's possession. Any responsive information, should it exist, would necessarily be equally available to the requestor and thus is beyond the scope of discovery.

55. This request poses the same problems as those posed by request 5, and thus respondent objects to and refuses this request for the same reasons stated in response to request 5. Additionally, this request is refused in so far as it seeks material that could not, on its own terms, be in respondent's possession.
56. This request poses the same problems as those posed by request 5, and thus respondent objects to and refuses this request for the same reasons stated in response to request 5. Additionally, this request is on its face beyond the scope of discovery.
57. This request poses the same problems as those posed by request 5, and thus respondent objects to and refuses this request for the same reasons stated in response to request 5. Additionally, this request is on its face beyond the scope of discovery.
58. This request poses the same problems as those posed by request 5, and thus respondent objects to and refuses this request for the same reasons stated in response to request 5. Additionally, to the extent this request seeks privileged communications by attorney Larosiere with his clients, it is refused and objected to. Additionally, to the extent that this request seeks sensitive financial, business, or personal information otherwise subject to protection as a trade secret or other privilege, the request is refused and will not be provided absent a protective order under Rule 26(c). A protective order would be required for any disclosure under this request, even if the request were intelligible, given the requestor's demonstrated desire to publicly use any information he gains for the purposes of harassment.

/s/ Zachary Z. Zermay

Zachary Z. Zermay, Esq.
Fla. Bar № 1002905
*Zermay Law, P.A.*
1200 Fourth Street, #1102
Key West, FL 33040
Email: zach@zermaylaw.com
Tel: (305) 767-3529
*Lead Counsel for Plaintiff/Counterdefendant Matthew Larosiere*

18