# Exhibit 3

United States District Court
Middle District of Florida
Orlando Division

Matthew Larosiere,
    Plaintiff,

v.

Cody Rutledge Wilson, DEFCAD, Inc., Defense Distributed, and Dioskouroi LLC,
    Defendants.

No. 6:24-cv-1629

Defense Distributed,
    Counterplaintiffs

v.

The Gatalog, Matthew Larosiere, John Elik, Alexander Holladay, Peter Celentano, Josh Kiel Stroke, John Lettman, The Gatalog Foundation, and MAF Corp,
    Counterdefendants.

## DEFENSE DISTRIBUTED'S FIRST INTERROGATORIES TO MATTHEW LAROSIERE

To: Plaintiff-counterdefendant, Matthew Larosiere, through his attorney of record, Zach Zermay, 1200 Fourth Street, #1102, Key West, FL 33040.

Defendant / Counter-Plaintiff, Defense Distributed, serves Interrogatories on Matthew Larosiere, as authorized by Federal Rule of Civil Procedure 33. As required by Rule 33(b), Larosiere must respond to these interrogatories within 30 days via either mail at 917 Franklin Street 6th Floor, Houston,

Texas 77002 or email at areynal@frlaw.us

F. Andino Reynal
The Reynal Law Firm
917 Franklin St., 6th Floor
Houston, Texas 77002
T. 713.228.5900
areynal@frlaw.us
Admitted Pro Hoc Vice
Counsel for Cody Wilson, Defense Distributed, DEFCAD Inc., and Dioskouri, LLC.

### Certificate of Service

I certify the Defense Distributed's first Interrogatories to Matthew Larosiere were served on his attorney of record via email on July 4, 2025.

F. Andino Reynal

### DEFINITIONS

The following terms have the following meanings, unless the context requires otherwise:

1. <u>Person.</u> The term "person" means any natural person, a business, a legal or governmental entity, or an association.

2. <u>Communication.</u> The term "communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

3. <u>Copyrights.</u> The term "copyrights" refers to the copyright deposit VA0002381513, TX0009358088, VA0002385899, VA0002381769, TX0009372199, TX0009372196, VA0002385901, VA0002422527, TX0009413646, VA0002412508, TX0009403056, VA0002418947, VA0002418589, TX0009412695, TX0009429254, and/or TX0009429253

4. <u>Relating.</u> The term "relating" means concerning, referring, or describing.

5. <u>Social media</u>. The term "social media" means Facebook, Instagram, Twitter/X, Youtube, Twitch, Discord, Reddit, and Rocketchat

## INSTRUCTIONS

1. Identifying a person. When an interrogatory asks you to "identify" a person, provide the information listed below, to the extent known, with respect to the person. Once a person has been identified in compliance with this paragraph, only the name of that person needs to be listed in response to later discovery requesting the identification of the person.

   a. The person's full name;

   b. Present or last known address;

   c. Telephone number; and

   d. The present or last known place of employment and job title when referring to a natural person.

2. Identifying a document. When an interrogatory asks you to "identify" a document, provide the information listed below, to the extent known, with respect to the document. Once a document has been identified in compliance with this paragraph, only the title or other abbreviated, clear identifier of the document needs to be listed in response to later discovery requesting the identification of the document.

   a. The type of document;

   b. The general subject matter of the document;

   c. The date of the document;

   d. The names and addresses of the authors and recipients of the

 document;

 e. The location of the document;

 f. The identity of the person who has possession or control of the document; and

 g. Whether the document has been destroyed, and if so, (a) the date of its destruction, (b) the reason for its destruction, (c) the identity of the persons who destroyed it, and (d) any retention policy directing its destruction.

3. Identifying electronically stored information. When an interrogatory asks you to "identify" electronically stored information, provide the information listed below, to the extent known, with respect to the information. Once electronically stored information has been identified in compliance with this paragraph, only the title or other abbreviated, clear identifier of the electronically stored information needs to be listed in response to later discovery requesting the identification of the electronically stored information.

 a. The format of the electronically stored information;

 b. The general subject matter of the electronically stored information;

 c. The date of the electronically stored information;

 d. The names and addresses of the authors and recipients of the electronically stored information;

 e. The location of the electronically stored information;

 f. The identity of the person who has possession or control of the electronically stored information; and

 g. Whether the electronically stored information has been destroyed, and if so, (a) the date of its destruction, (b) the reason for its destruction, (c) the identity of the person who destroyed it, and (d) any retention policy directing its destruction.

4. Identifying a tangible thing. When an interrogatory asks you to "identify" a tangible thing, provide the information listed below, to the extent known, with respect to the tangible thing.

 a. The type of tangible thing;

b. The general description of the tangible thing;

c. The date of creation of the tangible thing;

d. The creator and owner of the tangible thing;

e. The location of the tangible thing;

f. The identity of the person who has custody of the tangible thing; and

g. Whether the tangible thing has been destroyed, and if so, (a) the date of its destruction, (b) the reason for its destruction, (c) the existence and location of any physical remnants of its destruction, (d) the identity of the person who destroyed it, and (e) any retention policy directing its destruction.

5. Describing an act or transaction. When an interrogatory asks you to "describe" an act or transaction, provide the information listed below, to the extent known, with respect to the act or transaction.

a. The date the act or transaction occurred;

b. The place where the act or transaction occurred;

c. The identity of each person participating in the act or transaction and on whose behalf the person was acting;

d. The nature and substance of all communications that occurred in connection with the act or transaction; and

e. The identity of all materials referring to or reflecting the act or transaction.

6. Specifying a date. When an interrogatory asks you to "specify" a date, to the extent known, state the exact day, month, and year or state the narrowest approximate time frame.

## Interrogatories

1. For the period April 1, 2021 to present, provide all your usernames and/or handles.

2. Identify all persons who have contributed to the Gatalog's policies and procedures.

3. Specify the date and website on which each of the copyrights at issue in this case were first published.

4. Identify the persons responsible for approving 3D printable firearm files to be uploaded on the Gatalog's branded Odysee channels.

5. Identify the persons responsible for receiving or making payments relating to the 3d printable firearm files hosted on the Gatalog's branded Odysee channels.

6. Identify all cryptocurrency wallets you have used in connection with 3d printable firearm files and components.

7. Describe every time you have discussed this lawsuit in a public forum.

8. Describe any contact you have had with law enforcement regarding 3D printable firearm files.

9. Identify any website where 3D printable firearm files and accessories are discussed or shared for which you maintain administrative privileges.

10. Identify all administrators (past and present) of

chat.deterrencedispensed.com.