# Exhibit 4

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

    *Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc., DEFENSE DISTRIBUTED, and DIOSKOUROI LLC,

    *Defendants*.

_____

Defense Distributed,

    Counterplaintiff/ Third-Party Plaintiff,

v.

The Gatalog, Matthew Larosiere, John Elik, Alexander Holladay, Peter Celentano, Josh Kiel Stroke, John Lettman, and MAF Corp.

    Counterdefendants.

_____/

### MATTHEW LAROSIERE'S RESPONSES TO DEFENSE DISTRIBUTED'S FIRST SET OF INTERROGATORIES

**General Objections to Definitions**

**Objection to Definition No. 1 ("Person"):** Counterdefendant objects to the definition of "person" as vague, overbroad, and inconsistent with the usage and scope contemplated by the Federal Rules of Civil Procedure. To the extent this definition purports to expand the meaning of "person" beyond that which is recognized in Rule 17(b) and Rule 34(a)(1), or includes informal associations or non-juridical entities not subject to suit, Counterdefendant objects. Counterdefendant will interpret "person" consistent with its ordinary legal usage under the Federal Rules unless otherwise specified in an individual request.

**Objection to Definition No. 2 ("Communication"):** Counterdefendant objects to the definition of "communication" as vague and overbroad to the extent it encompasses internal thoughts or fails to distinguish between formal and informal modes of transmittal, and to the extent it includes irrelevant or speculative inquiries not reasonably calculated to lead to the discovery of admissible evidence under Rule 26(b)(1). Counterdefendant will interpret "communication" as a tangible or documentable transmission of information between two or more persons.

**Objection to Definition No. 4 ("Relating"):** Counterdefendant objects to the definition of "relating" as overbroad and impermissibly vague. As defined, the term fails to place reasonable limits on the scope of discovery and risks encompassing irrelevant information that is neither proportional to the needs of the case nor reasonably calculated to lead to the discovery of admissible evidence under Rule 26(b)(1). Counterdefendant will interpret "relating to" as requiring a direct and substantial connection to the subject matter at issue.

**Objection to Definition No. 5 ("Social media"):** Counterdefendant objects to the definition of "social media" as vague, overinclusive, and ambiguous as to temporal and functional scope. The definition fails to distinguish between personal and professional accounts, private and public communications, or material reasonably accessible under Rule 26(b)(2)(B). To the extent the definition seeks materials from platforms not used by Counterdefendant or not within his possession, custody, or control, it is also burdensome and irrelevant. Counterdefendant will interpret "social media" as limited to content affirmatively published or made publicly available by Counterdefendant on an account he controls.

## OBJECTION TO INSTRUCTIONS

Respondent objects to the "Definitions" and "Instructions" set forth in Defense Distributed's interrogatories to the extent they are vague, overbroad, unduly burdensome, inconsistent with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida, and improperly expand the scope of what might otherwise be straightforward discovery requests. *See* Middle District Discovery (2021), § IV.A. The definitions and instructions purport to impose obligations not required under Rule 33 or applicable case law, including multipronged requirements for "identifying" persons, documents, or acts that convert single interrogatories into improper compound subparts. These definitions and instructions threaten to and do convert what might otherwise be discrete interrogatories into improper multipronged compound questions, violating Rule 33(a)(1)'s numerical limit and the proportionality mandate of Rule 26(b)(1). Counterdefendant will interpret the interrogatories using the ordinary meaning of the words used, subject to specific objections where appropriate.

**Response to Interrogatory No. 1**

**Objection:** Counterdefendant objects to this interrogatory on the grounds that it is overbroad, not reasonably limited to the claims or defenses in this action, and not

proportional to the needs of the case as required by Rule 26(b)(1), Federal Rules of Civil Procedure. The request for *all* usernames and/or handles used over a multi-year period—regardless of platform, context, or subject matter—seeks irrelevant and potentially private information with no bearing on the claims asserted in the pleadings. It is also vague in its use of "handles" without limiting the scope to specific types of platforms or public usage. This interrogatory is further objectionable because it invades the privacy interests of Counterdefendant, including in unrelated personal or anonymous online activity, and is not appropriately tailored to discovery of relevant facts.

Subject to and without waiving the foregoing objection, respondent states: Fuddbuster, MattLaAtLaw, Matt La, IvanTheTroll.

**Response to Interrogatory No. 2**

**Objection.** Larosiere objects to this interrogatory on the grounds that it is vague, ambiguous, and overbroad. The interrogatory does not define "The Gatalog," "policies," or "procedures," and appears to assume that "The Gatalog" is a formally organized entity capable of adopting or implementing such measures. Mr. Larosiere denies that "The Gatalog" is or ever was a legal entity or any type of structured association. To the extent the interrogatory seeks identification of persons who have casually or informally contributed ideas within decentralized, online hobbyist spaces, it is unduly burdensome and not proportional to the needs of the case under Rule 26(b)(1).

**Subject to and without waiving the foregoing objections**, Larosiere states: To the best of my knowledge, "The Gatalog" as alleged in your Counterclaims does not exist, and thus I am without knowledge and unable to respond.


**Response to Interrogatory No. 3:**
**Objection:**
Counterdefendant objects to this Interrogatory to the extent it presumes that each copyrighted work was first published via a website or that such information is necessary or relevant to any claim or defense in this action. The Interrogatory also seeks information already in Counterplaintiff's possession, custody, or control — specifically the dates of first publication, which are stated on the copyright registration certificates filed in this case.

Subject to and without waiving the foregoing objections, Counterdefendant states that the dates of first publication are accurately reflected in the copyright registration certificates previously filed with the Copyright Office and submitted in this litigation. Counterdefendant further states that he did not personally publish the works at issue on any website and is not in possession of specific website publication data. To the extent the works were later mirrored or uploaded by others — including by or at the direction of Counterplaintiff or its associates — Counterdefendant lacks knowledge sufficient to identify the date and website of such publication.

**Response to Interrogatory No. 4:**
**Objection:**
Counterdefendant Matthew Larosiere objects to this Interrogatory on the grounds that it is vague, ambiguous, and based on unfounded assumptions. The Interrogatory presumes the existence of a formal approval process governing uploads to unspecified "branded Odysee channels," but fails to identify which channels are at issue, what constitutes a "branded Odysee channel," or how "The Gatalog's" alleged branding or approval process is defined. The Interrogatory is further objectionable as it is not reasonably tailored to elicit relevant or proportional information, as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure.
**Answer:**
Subject to and without waiving the foregoing objections, Counterdefendant states that he is not aware of any formal approval process for uploading files to any so-called Gatalog-branded Odysee channels, nor does he have knowledge of any individual who would be responsible for administering such a process.

**Response to Interrogatory No. 5:**
**Objection:**
Counterdefendant Matthew Larosiere objects to this Interrogatory on the grounds that it is vague, ambiguous, and based on assumptions unsupported by fact. The Interrogatory presumes the existence of identifiable persons "responsible for receiving or making payments" in connection with 3D-printable firearm files hosted on unspecified "branded Odysee channels" allegedly associated with "The Gatalog." It fails to define or specify what constitutes "The Gatalog's branded Odysee channels," what payments are at issue, or the nature of any alleged financial relationship. The Interrogatory is further objectionable as not reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the needs of the case under Rule 26(b)(1).
**Answer:**
Subject to and without waiving the foregoing objections, Counterdefendant states that he lacks knowledge of any person responsible for receiving or making payments relating to 3D-printable firearm files hosted on any so-called Gatalog-branded Odysee channels. To the best of Counterdefendant's knowledge and belief, no such payment system or responsible person exists.

**Response to Interrogatory No. 6:**
**Objection:**
Counterdefendant Matthew Larosiere objects to this Interrogatory on the grounds that it is vague, ambiguous, and overbroad, particularly in its use of the phrase "used in connection with," which is undefined and susceptible to multiple interpretations. The Interrogatory is further objectionable to the extent it assumes a financial or transactional nexus between cryptocurrency wallets and 3D-printable firearm files or components without factual basis. It is not reasonably limited in scope or time, and seeks information not proportional to the needs of the case under Rule 26(b)(1) of the Federal Rules of Civil Procedure.

**Answer:**
Subject to and without waiving the foregoing objections, Counterdefendant states that he has never used any cryptocurrency wallet to transact in connection with 3D-printable firearm files or components. However, Counterdefendant acknowledges that the Bitcoin wallet address bc1qt6hlqrr9nrz0vvw03h765pcq3jzzq3k6gqpm69 was included in one or more publications attributed to him as a donation address. To the best of his knowledge, no cryptocurrency has ever been deposited into that wallet.

**Response to Interrogatory No. 7:**
**Objection:**
Counterdefendant Matthew Larosiere objects to this Interrogatory on the grounds that it is vague, overbroad, and not reasonably limited in time or scope. The term "public forum" is undefined and could encompass an unbounded range of contexts, including social media, private groups, comment threads, or informal discussions, making the request ambiguous and unduly burdensome. The Interrogatory also seeks information of marginal relevance, if any, to any claim or defense and is not proportional to the needs of the case under Rule 26(b)(1) of the Federal Rules of Civil Procedure.
**Answer:**
Subject to and without waiving the foregoing objections, Counterdefendant states that he has discussed this lawsuit in general terms in one or more appearances on YouTube, including the "Potentially Criminal" channel, and on the social media platform Twitter (now known as X). To the best of his recollection, such discussions were surface-level and largely critical of what he views as the unsupported and internally inconsistent nature of Defense Distributed's counterclaims, including the fact that Defense Distributed mooted its own motion to dismiss on three separate occasions. Counterdefendant does not recall the specific dates or additional public forums, if any, in which such discussion occurred.

**Response to Interrogatory No. 8:**
**Objection:**
Counterdefendant Matthew Larosiere objects to this Interrogatory to the extent it seeks information protected by the attorney–client privilege, the attorney work product doctrine, or other applicable legal protections. The Interrogatory is also vague and overbroad insofar as it fails to define the scope of "contact" or the types of "law enforcement" entities contemplated, and is not limited in time or jurisdiction. Subject to and without waiving these objections:
**Answer:**
Outside of privileged communications and conduct undertaken in the course of his legal practice—which are unrelated to this litigation and protected from disclosure—Counterdefendant has had no contact with law enforcement regarding 3D-printable firearm files.

**Response to Interrogatory No. 9:**
**Objection:**
Counterdefendant Matthew Larosiere objects to this Interrogatory on the grounds that it

is vague and ambiguous as to the phrases "administrative privileges" and "website," which are undefined and may encompass a broad and indeterminate range of digital platforms, including forums, chat applications, hosting services, or social media sites, each of which may confer varying degrees of administrative access that are neither uniform nor clearly understood. The Interrogatory is further objectionable as overbroad and not reasonably limited in time, scope, or subject matter, and appears designed to elicit speculative responses regarding potential associations with unknown platforms. To the extent the Interrogatory seeks information about websites where others may have discussed or shared 3D-printable firearm files without Counterdefendant's knowledge or involvement, it exceeds the bounds of reasonable discovery and is not proportional to the needs of the case under Rule 26(b)(1) of the Federal Rules of Civil Procedure.
**Answer:**
Subject to and without waiving the foregoing objections, Counterdefendant states that he is without knowledge sufficient to identify any website on which 3D-printable firearm files or accessories are discussed or shared and for which he maintains administrative privileges, and is therefore unable to respond.

**Response to Interrogatory No. 10:**
**Objection:**
Counterdefendant Matthew Larosiere objects to this Interrogatory on the grounds that it is vague and assumes facts not in evidence. The Interrogatory presumes that Counterdefendant has knowledge of, or access to, administrative records or personnel lists associated with the website chat.deterrencedispensed.com, without any basis to believe that he is connected to that domain or has ever had such knowledge. The Interrogatory is further objectionable as overbroad and not reasonably limited in time or scope, and seeks information outside of Counterdefendant's possession, custody, or control. As phrased, the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).
**Answer:**
Subject to and without waiving the foregoing objections, Counterdefendant states that he is without knowledge sufficient to identify any past or present administrators of chat.deterrencedispensed.com and is therefore unable to respond. Larosiere adds that he recalls being told he had administrative privileges on the chat page, but has not ever accessed them or seen such for himself, and was unable to access his account to verify.

Under penalty of perjury, I swear the foregoing responses are true and correct to the best of my knowledge.

/s/ Matthew Larosiere

/s/ Zachary Z. Zermay
*Attorney for Matthew Larosiere*