# Exhibit 6

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

    *Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc., DEFENSE DISTRIBUTED, and DIOSKOUROI LLC,

    *Defendants*.

_____

Defense Distributed,

    Counterplaintiff/ Third-Party Plaintiff,

v.

The Gatalog, Matthew Larosiere, John Elik, Alexander Holladay, Peter Celentano, Josh Kiel Stroke, John Lettman, and MAF Corp.

    Counterdefendants.

_____/

## MATTHEW LAROSIERE'S RESPONSES TO DEFENSE DISTRIBUTED'S FIRST SET OF REQUESTS FOR PRODUCTION

**OBJECTION TO INSTRUCTIONS AND DEFINITIONS**

Counterdefendant objects to the "Instructions" and "Definitions" accompanying these Requests for Production on the grounds that they are vague, overbroad, unduly burdensome, and inconsistent with the discovery obligations established by the Federal Rules of Civil Procedure, the Local Rules of the Middle District of Florida, and the Middle District Discovery Handbook. These provisions improperly attempt to expand the scope

of discovery well beyond the limits set by Rule 26(b)(1) and Rule 34(a), particularly given that Respondent is a private individual, not a corporate or institutional party.

The definition of "Parties" is objectionable to the extent that it purports to include a wide array of non-parties such as agents, representatives, officers, subsidiaries, and affiliates. Respondent is not part of any corporate entity with such relationships, and this definition improperly attempts to draw in documents or communications not within his possession, custody, or control, contrary to the limits of Rule 34. Similarly, the definitions of "You" and "Your," which purport to include not only Respondent but also his attorneys, experts, and "other persons acting or purporting to act" on his behalf, are vague and imprecise. This language creates ambiguity and inappropriately assigns responsibility or access to materials that are not within Respondent's control or legal obligation to produce.

The definitions relating to documents, electronically stored information (ESI), and communications are also impermissibly broad. The term "Material," as defined, encompasses all drafts, deleted files, temporary files, metadata, internet history, caches, cookies, and other forms of system-generated or forensic data, regardless of relevance or accessibility. These demands exceed what is reasonably proportional in a dispute involving an individual counterdefendant and impose obligations more suitable for institutional litigants engaged in commercial litigation. The reference to Sedona Conference definitions does not cure the overbreadth and does not constitute binding authority in this district. Moreover, the definition of "Communication," which includes not only verbal and written exchanges but also symbols, imagery, and emojis, is so expansive and ambiguous as to be unmanageable in application and ripe for abuse.

The interpretive definitions for words like "any," "and," and "or" purport to require the most inclusive possible construction of every request, regardless of context. While some flexibility in construing discovery requests is appropriate, the one-sided imposition of maximal breadth violates the principle of proportionality and leads to ambiguity in determining what is actually being requested.

The instructions themselves compound these problems. Instruction No. 1 demands a level of labeling and categorization of documents that is infeasible for an individual litigant who does not maintain records in a formal or structured manner. Instruction No. 2 calls for production "as kept in the ordinary course of business," which is simply inapplicable to Respondent, who does not operate a business. Instruction No. 3 is especially objectionable in that it mandates native file production of ESI, the creation of a discovery log detailing the type, source, and electronic ID of each file, the generation of load files compatible with commercial document review platforms, and the use of secure file transfer protocols. These technical and labor-intensive requirements are vastly disproportionate to the needs of this case and are not appropriate for discovery directed to an individual, particularly one who has not engaged in any commercial activity relating to the subject matter of the lawsuit.

Instruction No. 4 improperly shifts the burden of identifying non-searched sources of potentially responsive information onto Respondent, in contravention of Rule 26(g), which only requires a reasonable inquiry and good faith search. Instruction No. 6 seeks a hyper-technical privilege log that exceeds the reasonable requirements outlined in the Discovery Handbook, demanding information such as file format, job titles, and the physical location of every person involved in a privileged communication. Instruction No. 7 imposes an excessive burden by requiring a detailed explanation of the circumstances under which any responsive document might no longer exist, including the identification of every person with knowledge of its loss and any other materials that might touch on the loss. This is wholly disproportionate and far beyond what the rules require.

Accordingly, Counterdefendant objects to these definitions and instructions in their entirety and will respond to the individual Requests for Production in a manner consistent with the applicable discovery rules. Where appropriate, specific objections will be interposed, and responsive documents within Respondent's possession, custody, or control that are relevant and proportional to the claims and defenses in this matter will be identified or produced. To the extent these definitions and instructions purport to impose broader obligations, they are expressly rejected.

Counterdefendant believes the instructions and definitions render each and every request for production vague, overbroad, and disproportionate to the needs of discovery. As such, Counterdefendant declines to respond to any request covered by the abusive, boilerplate instructions provided. Subject to and without waiving that objection, Respondent proceeds now to the requests, giving words their plain meaning and ignoring all of Defense Distributed's abusive, boilerplate definitions and instructions:

**Response to Request for Production No. 1:**
**Objection:**
Counterdefendant Matthew Larosiere objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case under Rule 26(b)(1) of the Federal Rules of Civil Procedure. The Request spans nearly four years and seeks communications with numerous individuals—some identified only by pseudonyms—on a broad range of topics, many of which are vaguely defined or irrelevant to any claim or defense in this action. The Request also impermissibly seeks materials protected by the attorney–client privilege and attorney work product doctrine.

Specifically, this Request seeks communications between Mr. Larosiere and his legal clients in this matter—namely, co-defendants Josh Kiel Stroke, John Elik, and John Lettman—which are plainly protected from disclosure. Additionally, to the extent this Request encompasses communications made in anticipation of litigation, or relating to legal strategy, mental impressions, or case theory, such materials are protected under the work product doctrine.

The terms "communications," "relating to," and "business relationship" are vague and overinclusive, and the Request fails to limit the subject matter to any specific causes of action or factual allegations in the pleadings. To the extent the Request calls for identification of individuals associated with pseudonyms such as "Pla.boi," "Dr. Death,"

"UberClay," "ArmedJOy," or "Bloblems," Counterdefendant objects on the grounds that he lacks sufficient knowledge to identify those persons and that the Request seeks speculative associations.

Subject to and without waiving the foregoing objections, and excluding materials protected by the attorney–client privilege and/or attorney work product doctrine:

**Response:**

a. Counterdefendant has no responsive communications concerning DEFCAD.

b. Counterdefendant has no responsive communications concerning Defense Distributed.

c. Counterdefendant has no responsive communications concerning Cody Wilson.

d. Counterdefendant has no responsive communications concerning Dioskouri.

e. Counterdefendant has no responsive communications concerning the development or creation of any file alleged to be infringed upon in the Complaint.

f. Responsive communications, to the extent they exist, are protected by the attorney–client privilege and/or attorney work product doctrine.

g. Counterdefendant has no responsive communications concerning The Gatalog, its website, Odysee presence, submission process, or bounty payments.

h. Counterdefendant objects to the production of communications regarding litigation hold notices as protected under the work product doctrine.

i. Counterdefendant has no responsive communications concerning the deletion of files or communications relating to printable firearm frames and receivers.

j. Counterdefendant has no responsive communications concerning any business relationship relating to printable firearm frames and receivers.

k. Counterdefendant has no responsive communications concerning chat.deterrencedispensed.com, including any selection or delegation of Rocketchat administrative responsibilities.

l. Counterdefendant has no responsive communications concerning the "FEDCAD" meme.

m. Counterdefendant has no responsive communications concerning the *Everytown for Gun Safety v. DEFCAD* lawsuit.

**Statement of Withholding:**

Pursuant to Rule 34(b)(2)(C), Counterdefendant affirms that responsive documents and communications are being withheld to the extent they are protected by the attorney–client privilege or attorney work product doctrine.

**Response to Request for Production No. 2:**
**Objection:**

Counterdefendant Matthew Larosiere objects to this Request as overbroad, vague, and not proportional to the needs of the case under Rule 26(b)(1) of the Federal Rules of Civil Procedure. The phrase "digital firearm file transfers to foreign entities or individuals" is not defined and is susceptible to multiple interpretations, including speculative or hypothetical transfers not known to or associated with Counterdefendant. The Request further identifies a non-exhaustive list of named and pseudonymous individuals or groups—some of whom may be unidentifiable or associated with political entities—without articulating any nexus to the claims or defenses in this action.

To the extent the Request seeks information concerning alleged transfers by others, without Counterdefendant's knowledge or involvement, it exceeds the permissible scope of discovery. Counterdefendant also objects to the extent the Request seeks materials not within his possession, custody, or control.

**Response:**
Subject to and without waiving the foregoing objections, Counterdefendant states that after a diligent search, he has no materials responsive to this Request in his possession, custody, or control.

**Response to Request for Production No. 3:**
**Objection:**
Counterdefendant Matthew Larosiere objects to this Request on the grounds that it is vague, overbroad, and not proportional to the needs of the case under Rule 26(b)(1) of the Federal Rules of Civil Procedure. The Request fails to define the term "Material," which could encompass an indeterminate range of documents, communications, or metadata. It also assumes, without foundation, that Counterdefendant has knowledge of or involvement in the payment of hosting fees for domains that are not alleged to be under his ownership, control, or administration.

To the extent the Request seeks financial or transactional records concerning third-party platforms or domains—including chat.deterrencedispensed.com, the Odysee channel at https://odysee.com/@TheGatalog-PrintableFramesReceivers:9, and thegataloq.com—with which Counterdefendant has no affiliation, it seeks information beyond Counterdefendant's possession, custody, or control and is not reasonably tailored to any claim or defense in this action.

**Response:**
Subject to and without waiving the foregoing objections, Counterdefendant states that after a diligent search, he has no materials responsive to this Request in his possession, custody, or control.

**Response to Request for Production No. 4:**
**Objection:**
Counterdefendant Matthew Larosiere objects to this Request on the grounds that it is based on a false premise and seeks information that is neither relevant nor proportional to the needs of the case under Rule 26(b)(1) of the Federal Rules of Civil Procedure. The Request presumes that Counterdefendant has asserted a claim that DEFCAD failed to properly encrypt or securely store its data, which he has not. As such, the Request is not reasonably calculated to lead to the discovery of admissible evidence and appears intended to impose burden rather than elicit relevant discovery.

**Response:**
Subject to and without waiving the foregoing objections, Counterdefendant states that he has not made any claim in this action that DEFCAD failed to properly encrypt or securely store its data, and therefore has no materials responsive to this Request.

**Response to Request for Production No. 5:**
**Objection:**
Counterdefendant Matthew Larosiere objects to this Request on the grounds that it is based on a false factual premise and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case under Rule 26(b)(1) of the Federal Rules of Civil Procedure. The Request incorrectly presumes that Counterdefendant has alleged or asserted that DEFCAD has been "hacked and dumped multiple times," which he has not. As such, the Request is not reasonably calculated to lead to the discovery of admissible evidence.
**Response:**
Subject to and without waiving the foregoing objections, Counterdefendant states that he has not made any claim in this action that DEFCAD has been hacked or dumped, and therefore has no materials responsive to this Request.

**Response to Request for Production No. 6:**
**Objection:**
Counterdefendant Matthew Larosiere objects to this Request on the grounds that it is vague and compound, including the undefined phrase "stole from you or any other Counterdefendant," which lacks specificity and legal clarity. The Request is also cumulative and unduly burdensome to the extent it demands production of materials already in Counterplaintiff's possession, custody, or control. Responsive materials have been filed publicly in this case, including in the Complaint, the Motion for Preliminary Injunction, and other pleadings, and are therefore equally accessible to Counterplaintiff. Additionally, this Request seeks to compel production of materials that, in part, derive from statements and admissions made by Counterplaintiff itself—such as the "Black Flag White Paper" and related blog posts authored or published by Cody Wilson—which are not within the exclusive possession of Counterdefendant and are publicly accessible.
**Response:**
Subject to and without waiving the foregoing objections, Counterdefendant refers Counterplaintiff to the Complaint, the Motion for Preliminary Injunction, and other filings in this action, which incorporate all material supporting the claim that DEFCAD misappropriated intellectual property from Counterdefendant Larosiere and others. Counterdefendant is not withholding any additional responsive materials beyond those already produced or filed with the Court.

**Response to Request for Production No. 7:**
**Objection:**
Counterdefendant Matthew Larosiere objects to this Request on the grounds that it is vague, ambiguous, and overbroad. The Request fails to identify with reasonable specificity who constitutes the "moderators of r/Fosscad," a Reddit community whose moderators may include anonymous or pseudonymous individuals not reasonably identifiable by Counterdefendant. Without identification of specific individuals or accounts, the Request seeks information beyond what is reasonably accessible under Rule 26(b)(2)(B) of the Federal Rules of Civil Procedure.

Counterdefendant further objects on the grounds that the Request is not proportional to the needs of the case under Rule 26(b)(1). It seeks all communications over a period of nearly four years with an undefined and potentially large group of individuals, on three broad and unrelated topics: "DEFCAD," "The Gatalog," and "the parties involved in this case." Each of these topics lacks clear boundaries and may encompass speculative, incidental, or irrelevant communications. The phrase "the parties involved in this case" is particularly problematic, as it could include discussions entirely unrelated to the claims or defenses in this litigation and places an unreasonable burden on Counterdefendant to comb through voluminous data for materials with no clear connection to any disputed fact. To the extent the Request seeks informal, off-platform, or private communications with unidentified Reddit users, it also improperly demands the production of materials not within Counterdefendant's possession, custody, or control, and may intrude upon the privacy expectations of third parties who are not parties to this litigation.

**Response:**
Subject to and without waiving the foregoing objections Counterdefendant states that after a diligent search, he has no materials responsive to this Request in his possession, custody, or control.

**Response to Request for Production No. 8:**
**Objection:**
Counterdefendant Matthew Larosiere objects to this Request on the grounds that it is vague, overbroad, and not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). The Request seeks "any Material" relating to "payment agreements" with companies "including, but not limited to" a list of four named entities, over a nearly four-year period. The lack of limitation in subject matter, scope, or context renders the Request overinclusive and burdensome.

Additionally, the term "payment agreements" is ambiguous and undefined—it may refer to formal contracts, informal arrangements, sponsorships, one-time transactions, donations, or indirect financial relationships—none of which are clarified in the Request. The Request is further objectionable to the extent it seeks materials relating to third parties not alleged to be directly involved in the claims or defenses of this action, including companies with no established connection to the alleged copyright infringement, tortious interference, or counterclaims asserted.

To the extent the Request seeks commercially sensitive information or communications with third parties who are not parties to this litigation, the Request may also implicate confidentiality or privacy concerns and is subject to appropriate protections under Rule 26(c).

**Response:**
Subject to and without waiving the foregoing objections, Counterdefendant states that after a diligent search, he has no materials responsive to this Request in his possession, custody, or control.

**Response to Request for Production No. 9:**
**Objection:**
Counterdefendant Matthew Larosiere objects to this Request on the grounds that it is vague, ambiguous, and overly broad, particularly in its use of the phrase "development of the files on which you claim copyright in your Complaint." The Request fails to identify which specific files are at issue, or what constitutes "development"—a term that could encompass a wide range of documents, including drafts, sketches, software tools, internal notes, correspondence, or unrelated preliminary materials. Without clarification, the scope of this Request is unclear and would require speculative interpretation of both the files referenced and the nature of "development," making compliance unreasonably burdensome and disproportionate under Rule 26(b)(1).
To the extent this Request seeks documents created in anticipation of litigation or protected by the work product doctrine—particularly internal design discussions, case preparation notes, or legal strategy—it is subject to withholding under applicable privilege doctrines.
**Response:**
Subject to and without waiving the foregoing objections, Counterdefendant is willing to produce pre-publication drafts and original sketches relating to certain of the copyrighted designs identified in the Complaint, but the size and complexity of the files renders production excessively difficult given the speculative nature of their responsiveness. However, if requesting counsel confirms these would be helpful, these materials will be produced in an independent document production, to the extent they exist and can be located through a reasonable search. Counterdefendant expressly reserves all rights to withhold privileged materials and to seek a protective order as to any confidential technical content that may require restriction under Federal Rule of Civil Procedure 26(c).


**Response to Request for Production No. 10:**
**Objection:**
Counterdefendant Matthew Larosiere objects to this Request on the grounds that it is vague, speculative, and based on an unfounded factual premise. The Request presumes, without any factual basis, that Counterdefendant has engaged in or discussed efforts to "disrupt" the website of Attorney David Gingras, a non-party to this action. The phrase "how that website could be disrupted" is ambiguous, prejudicial, and improperly suggestive of wrongdoing, and the Request is not reasonably calculated to lead to the discovery of admissible evidence.
The Request is further objectionable under Rule 26(b)(1) of the Federal Rules of Civil Procedure because it is not proportional to the needs of the case. It seeks information about conduct that is entirely unrelated to the claims or defenses asserted in this action and appears intended to harass or burden the Counterdefendant. To the extent the Request seeks "communications," it is also overbroad in time, scope, and subject matter, and lacks any nexus to the underlying copyright, tort, or contract disputes.
**Response:**
Subject to and without waiving the foregoing objections, Counterdefendant states that he has no documents or materials responsive to this Request in his possession, custody, or control.

**Response to Request for Production No. 11:**
**Objection:**
Counterdefendant Matthew Larosiere objects to this Request on the grounds that it is vague, overbroad, and not reasonably limited in scope or subject matter. The terms "management," "deletion," and "alteration" of "records or communications" are undefined and may encompass an unreasonably broad range of activity—including benign file organization or routine digital maintenance—that has no relevance to the claims or defenses in this action. The Request further lacks specificity as to the type of records or communications sought, the persons involved, or the purpose of the alleged "management" or "alteration," and it is not reasonably tailored to discover admissible evidence under Rule 26(b)(1) of the Federal Rules of Civil Procedure.

To the extent the Request seeks to imply the improper destruction or concealment of evidence, Counterdefendant objects to its prejudicial framing and reserves the right to seek appropriate protective relief if the Request is used to advance unsupported accusations. The Request is also objectionable to the extent it seeks to compel production of materials not within Counterdefendant's possession, custody, or control.

**Response:**
Subject to and without waiving the foregoing objections, and after conducting a diligent search, Counterdefendant states that he is not aware of any materials responsive to this Request.


/s/ Zachary Z. Zermay
*Attorney for Matthew Larosiere*