# Exhibit 9

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

*Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc.,
DEFENSE DISTRIBUTED, and DIOSKOUROI
LLC,

*Defendants*.

_____

Defense Distributed,

Counterplaintiff/ Third-
Party Plaintiff,

v.

The Gatalog, Matthew Larosiere, John Elik,
Alexander Holladay, Peter Celentano, Josh
Kiel Stroke, John Lettman, and MAF Corp.

Counterdefendants.

_____/

## ALEXANDER HOLLADAY'S RESPONSES TO DEFENSE DISTRIBUTED'S FIRST SET OF INTERROGATORIES

### General Objections to Definitions

**Objection to Definition No. 1 ("Person"):**
Counterdefendant objects to the definition of "person" as vague, overbroad, and inconsistent with the usage and scope contemplated by the Federal Rules of Civil Procedure. To the extent this definition purports to expand the meaning of "person" beyond that which is recognized in Rule 17(b) and Rule 34(a)(1), or includes informal associations or non-juridical entities not subject to suit, Counterdefendant objects. Counterdefendant will interpret "person" consistent with its ordinary legal usage under the Federal Rules unless otherwise specified in an individual request.

**Objection to Definition No. 2 ("Communication"):** Counterdefendant objects to the definition of "communication" as vague and overbroad to the extent it encompasses internal thoughts or fails to distinguish between formal and informal modes of transmittal, and to the extent it includes irrelevant or speculative inquiries not reasonably calculated to lead to the discovery of admissible evidence under Rule 26(b)(1). Counterdefendant will interpret "communication" as a tangible or documentable transmission of information between two or more persons.

**Objection to Definition No. 4 ("Relating"):** Counterdefendant objects to the definition of "relating" as overbroad and impermissibly vague. As defined, the term fails to place reasonable limits on the scope of discovery and risks encompassing irrelevant information that is neither proportional to the needs of the case nor reasonably calculated to lead to the discovery of admissible evidence under Rule 26(b)(1). Counterdefendant will interpret "relating to" as requiring a direct and substantial connection to the subject matter at issue.

**Objection to Definition No. 5 ("Social media"):** Counterdefendant objects to the definition of "social media" as vague, overinclusive, and ambiguous as to temporal and functional scope. The definition fails to distinguish between personal and professional accounts, private and public communications, or material reasonably accessible under Rule 26(b)(2)(B). To the extent the definition seeks materials from platforms not used by Counterdefendant or not within his possession, custody, or control, it is also burdensome and irrelevant. Counterdefendant will interpret "social media" as limited to content affirmatively published or made publicly available by Counterdefendant on an account he controls.

## OBJECTION TO INSTRUCTIONS

Respondent objects to the "Definitions" and "Instructions" set forth in Defense Distributed's interrogatories to the extent they are vague, overbroad, unduly burdensome, inconsistent with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida, and improperly expand the scope of what might otherwise be straightforward discovery requests. *See* Middle District Discovery (2021), § IV.A. The definitions and instructions purport to impose obligations not required under Rule 33 or applicable case law, including multipronged requirements for "identifying" persons, documents, or acts that convert single interrogatories into improper compound subparts. These definitions and instructions threaten to and do convert what might otherwise be discrete interrogatories into improper multipronged compound questions, violating Rule 33(a)(1)'s numerical limit and the proportionality mandate of Rule 26(b)(1). Counterdefendant will interpret the interrogatories using the ordinary meaning of the words used, subject to specific objections where appropriate.

**Response to Interrogatory No. 1**

**Objection:** Counterdefendant objects to this interrogatory on the grounds that it is overbroad, not reasonably limited to the claims or defenses in this action, and not proportional to the needs of the case as required by Rule 26(b)(1), Federal Rules of Civil Procedure. The request for *all* usernames and/or handles used over a multi-year period—regardless of platform, context, or subject matter—seeks irrelevant and potentially private information with no bearing on the claims asserted in the pleadings. It is also vague in its use of "handles" without limiting the scope to specific types of platforms or public usage. This interrogatory is further objectionable because it invades the privacy interests of Counterdefendant, including in unrelated personal or anonymous online activity, and is not appropriately tailored to discovery of relevant facts.

Subject to and without waiving the foregoing objection, respondent states: CTRLPew, ctrlpew2 and some derivatives of it. Many of my accounts were banned (not deleted) across the mentioned social media platforms and had such a brief life that their usernames escape memory. I am also aware of many impersonators with usernames derivating from my own whose specific usernames and platforms cannot be recalled.

**Response to Interrogatory No. 2**

**Objection.** Alexander Holladay objects to this interrogatory on the grounds that it is vague, ambiguous, and overbroad. The interrogatory does not define "The Gatalog," "policies," or "procedures," and appears to assume that "The Gatalog" is a formally organized entity capable of adopting or implementing such measures. Mr. Holladay denies that "The Gatalog" is or ever was a legal entity or any type of structured association. To the extent the interrogatory seeks identification of persons who have casually or informally contributed ideas within decentralized, online hobbyist spaces, it is unduly burdensome and not proportional to the needs of the case under Rule 26(b)(1).

**Subject to and without waiving the foregoing objections**, Alexander Holladay states: "The Gatalog" as articulated by Defense Distributed does not exist.

**Response to Interrogatory No. 3**

**Objection.** Alexander Holladay objects to this interrogatory on the grounds that it is vague, ambiguous, and based on false presumptions. The interrogatory assumes the existence of a formal approval process for uploading files to certain "branded Odysee channels," but does not identify which "channels" are supposedly at issue, nor what a "Odysee channel" is, nor does it define what constitutes "The Gatalog's" branding or approval. Mr. Holladay lacks knowledge of any such formal process or channels, and further objects on the grounds that the interrogatory is not reasonably tailored to elicit relevant information, as required by Federal Rule of Civil Procedure 26(b)(1).

**Subject to and without waiving the foregoing objections**, Alexander Holladay states that he is not aware of any formal approval process for uploading files to any so-called

Gatalog-branded Odysee channels, nor does he know of any person who would be
responsible for such a process.


**Response to Interrogatory No. 4**

**Objection.** Alexander Holladay objects to this interrogatory on the grounds that it is
vague, ambiguous, and based on unsupported and false presumptions. The interrogatory
assumes that there are "Gatalog-branded Odysee channels," that 3D printable firearm
files are "hosted" on such channels, and that payments are made or received in
connection with those files. The interrogatory further fails to define what is meant by
"Odysee channel" or how such channels are allegedly "branded" by The Gatalog. These
terms are not known or understood by Mr. Holladay, and no context or identification is
provided from which a meaningful or complete response could be given.
**Subject to and without waiving the foregoing objections**, Alexander Holladay states
that he is not aware of any payments made or received in connection with 3D printable
firearm files hosted on any so-called Gatalog-branded Odysee channels, nor does he
know of any person responsible for making or receiving such payments.


**Response to Interrogatory No. 5**

**Objection.** Alexander Holladay objects to this interrogatory on the grounds that it is
vague, ambiguous, and overbroad. The interrogatory fails to define what is meant by
"used," "in connection with," or "3D printable firearm files and components," making it
unclear what information is being sought. It further assumes facts not in evidence,
including that Mr. Holladay personally used a cryptocurrency wallet in a manner
connected to such files or components. To the extent it seeks sensitive financial or
transactional information without adequate foundation or relevance, it is also
objectionable under Federal Rule of Civil Procedure 26(b)(1) and may implicate privacy
concerns.
**Subject to and without waiving the foregoing objections**, Alexander Holladay states
that he has had access to cryptocurrency wallets associated with public-facing pages
hosted at https://ctrlpew.com/donate-to-ctrlpew/ and https://ctrlpew.com/bounties/start-
or-contribute-to-the-bounty/. He does not interpret his access to those wallets as
constituting personal "use" in connection with 3D printable firearm files or components,
as the interrogatory fails to specify what type of connection is intended.


**Response to Interrogatory No. 6**

**Objection.** Alexander Holladay objects to this interrogatory on the grounds that it is
vague, ambiguous, and overbroad. The phrase "every time" lacks reasonable temporal
or contextual limitation, and the term "public forum" is undefined and susceptible to
multiple interpretations, including informal or trivial communications on social media,
which are not reasonably catalogued or within Mr. Holladay's current recollection. The

interrogatory also calls for information that is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1), and it seeks information not reasonably available or susceptible to precise recollection.

**Subject to and without waiving the foregoing objections**, Alexander Holladay states that, to the best of his knowledge, he has not discussed this lawsuit in a public forum except to make occasional high-level comments deferring to legal counsel or acknowledging the existence of the suit. He does not recall the specific instances in which such statements may have occurred.

### Response to Interrogatory No. 7

**Objection.** Alexander Holladay objects to this interrogatory on the grounds that it is vague and overbroad. The term "contact" is undefined and susceptible to multiple interpretations, including incidental, indirect, or informal interactions. It is unclear whether the interrogatory is intended to encompass official legal process (e.g., subpoenas or interviews), informal conversations, online interactions, or mere exposure to law enforcement communications. The lack of specificity renders the interrogatory unduly burdensome and not proportional to the needs of the case under Rule 26(b)(1).

**Subject to and without waiving the foregoing objections**, Alexander Holladay states that, to the best of his knowledge, he has had no contact with law enforcement regarding 3D printable firearm files.

### Response to Interrogatory No. 8

**Objection.** Alexander Holladay objects to this interrogatory on the grounds that it is vague, ambiguous, and overbroad. The terms "discussed," "shared," and "accessories" are undefined and potentially encompass a vast and indeterminate range of content, commentary, and subjects, including incidental or tangential discussions in online forums or comment sections. The phrase "administrative privileges" is similarly undefined and may include a wide spectrum of technical or informal access levels, some of which may not provide meaningful control over content. As framed, the interrogatory is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

**Subject to and without waiving the foregoing objections**, Alexander Holladay states that he has administrative privileges for the following websites, which may include content involving discussions or sharing of 3D printable firearm files and accessories:

- https://deterrencedispensed.com/
- https://ctrlpew.com

### Response to Interrogatory No. 9

**Objection.** Alexander Holladay objects to this interrogatory on the grounds that it is vague, ambiguous, and overbroad. The term "administrator" is undefined and may refer to a variety of roles, including technical maintenance, content moderation, or informal

influence, each of which may involve different levels of access or control. The interrogatory also lacks any time limitation and is not reasonably tailored to elicit information relevant and proportional to the needs of the case under Rule 26(b)(1).

**Subject to and without waiving the foregoing objections**, Alexander Holladay states that, to the best of his knowledge, the following individuals have at some point had administrative privileges of some kind on chat.deterrencedispensed.com: John Lettman, Alexander Holladay, Peter Celantano.

## Response to Interrogatory No. 10

**Objection.** Alexander Holladay objects to this interrogatory on the grounds that it is vague, ambiguous, and overbroad. The term "IT services" is not defined and may encompass a broad range of activities — including but not limited to server hosting, technical support, software updates, or informal troubleshooting — making it unclear what level or type of involvement is being sought. The interrogatory is further objectionable for lack of temporal limitation and is not narrowly tailored to elicit information that is relevant or proportional to the needs of the case as required by Rule 26(b)(1).

**Subject to and without waiving the foregoing objections**, Alexander Holladay states that, to the best of his knowledge, the following individuals have provided technical support of some kind to chat.deterrencedispensed.com: Alexander Holladay, John Lettman.

## Response to Interrogatory No. 11:

**Objection.** Alexander Holladay objects to this interrogatory on the grounds that it is overbroad, not proportional to the needs of the case, and seeks potentially private or sensitive information unrelated to the subject matter of this litigation. The interrogatory fails to identify any specific relevance between login access to Mr. Holladay's DigitalOcean account and any claims or defenses asserted. It also seeks information concerning a third-party service account that may contain unrelated personal or professional data, and thus implicates privacy concerns under Rule 26(b)(1).

**Subject to and without waiving the foregoing objections**, Alexander Holladay states that, to the best of his knowledge, he is the only individual who has had login access to his DigitalOcean account during the period identified.

Under penalty of perjury, I affirm my responses are true to the best of my knowledge.

/s/ Alexander Holladay

/s/ Gary Depury
*Counsel for Alexander Holladay*