# Exhibit 11

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

    *Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc., DEFENSE DISTRIBUTED, and DIOSKOUROI LLC,

    *Defendants*.

_____

Defense Distributed,

    Counterplaintiff/ Third-Party Plaintiff,

v.

The Gatalog, Matthew Larosiere, John Elik, Alexander Holladay, Peter Celentano, Josh Kiel Stroke, John Lettman, and MAF Corp.

    Counterdefendants.

_____/

<u>JOHN ELIK'S RESPONSES TO DEFENSE DISTRIBUTED'S FIRST SET OF INTERROGATORIES</u>

**General Objections to Definitions**

**Objection to Definition No. 1 ("Person"):**
Counterdefendant objects to the definition of "person" as vague, overbroad, and inconsistent with the usage and scope contemplated by the Federal Rules of Civil Procedure. To the extent this definition purports to expand the meaning of "person" beyond that which is recognized in Rule 17(b) and Rule 34(a)(1), or includes informal associations or non-juridical entities not subject to suit, Counterdefendant objects. Counterdefendant will interpret "person" consistent with its ordinary legal usage under the Federal Rules unless otherwise specified in an individual request.

**Objection to Definition No. 2 ("Communication"):**
Counterdefendant objects to the definition of "communication" as vague and overbroad to the extent it encompasses internal thoughts or fails to distinguish between formal and informal modes of transmittal, and to the extent it includes irrelevant or speculative inquiries not reasonably calculated to lead to the discovery of admissible evidence under Rule 26(b)(1). Counterdefendant will interpret "communication" as a tangible or documentable transmission of information between two or more persons.

**Objection to Definition No. 4 ("Relating"):**
Counterdefendant objects to the definition of "relating" as overbroad and impermissibly vague. As defined, the term fails to place reasonable limits on the scope of discovery and risks encompassing irrelevant information that is neither proportional to the needs of the case nor reasonably calculated to lead to the discovery of admissible evidence under Rule 26(b)(1). Counterdefendant will interpret "relating to" as requiring a direct and substantial connection to the subject matter at issue.

**Objection to Definition No. 5 ("Social media"):**
Counterdefendant objects to the definition of "social media" as vague, overinclusive, and ambiguous as to temporal and functional scope. The definition fails to distinguish between personal and professional accounts, private and public communications, or material reasonably accessible under Rule 26(b)(2)(B). To the extent the definition seeks materials from platforms not used by Counterdefendant or not within his possession, custody, or control, it is also burdensome and irrelevant. Counterdefendant will interpret "social media" as limited to content affirmatively published or made publicly available by Counterdefendant on an account he controls.

## OBJECTION TO INSTRUCTIONS

Respondent objects to the "Definitions" and "Instructions" set forth in Defense Distributed's interrogatories to the extent they are vague, overbroad, unduly burdensome, inconsistent with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida, and improperly expand the scope of what might otherwise be straightforward discovery requests. *See* Middle District Discovery (2021), § IV.A. The definitions and instructions purport to impose obligations not required under Rule 33 or applicable case law, including multipronged requirements for "identifying" persons, documents, or acts that convert single interrogatories into improper compound subparts. These definitions and instructions threaten to and do convert what might otherwise be discrete interrogatories into improper multipronged compound questions, violating Rule 33(a)(1)'s numerical limit and the proportionality mandate of Rule 26(b)(1). Counterdefendant will interpret the interrogatories using the ordinary meaning of the words used, subject to specific objections where appropriate.

**Response to Interrogatory No. 1**

**Objection:** Counterdefendant objects to this interrogatory on the grounds that it is overbroad, not reasonably limited to the claims or defenses in this action, and not

proportional to the needs of the case as required by Rule 26(b)(1), Federal Rules of Civil Procedure. The request for *all* usernames and/or handles used over a multi-year period—regardless of platform, context, or subject matter—seeks irrelevant and potentially private information with no bearing on the claims asserted in the pleadings. It is also vague in its use of "handles" without limiting the scope to specific types of platforms or public usage. This interrogatory is further objectionable because it invades the privacy interests of Counterdefendant, including in unrelated personal or anonymous online activity, and is not appropriately tailored to discovery of relevant facts.

Subject to and without waiving the foregoing objection, respondent states: IvanTTroll, NaviGoBoom, IvanPrintsGuns, the__rat.


**Response to Interrogatory No. 2:**
**Objection:**
Responding party John Elik objects to this Interrogatory on the grounds that it is vague and ambiguous, particularly in its use of the terms "The Gatalog," "policies," and "procedures," which are not defined and may refer to informal or pseudonymous associations, decentralized hobbyist activity, or loosely affiliated social media groups. The Interrogatory presumes the existence of a formal organization or administrative structure called "The Gatalog," which Responding Party denies, and which is not established as a legal entity or identifiable actor in this case.
This Interrogatory is further overbroad in scope and seeks information that is not proportional to the needs of the case as required by Federal Rule of Civil Procedure 26(b)(1). The phrase "all persons who have contributed" lacks any temporal limitation and would encompass speculative or informal commentary by unknown third parties, including pseudonymous individuals who are not reasonably identifiable or within Responding Party's knowledge.
To the extent the Interrogatory seeks to elicit information outside of Responding Party's personal knowledge, possession, custody, or control, it exceeds the permissible scope of Rule 33(a)(2). Responding Party also objects to the extent this Interrogatory implies knowledge or authority that he has never possessed and that has not been alleged with specificity in the pleadings.
Subject to and without waiving the foregoing objections, and based on his limited understanding of the term "The Gatalog" as a loosely used internet label associated with 3D-printable firearm files, Responding Party states that he has no personal knowledge of any formal policies or procedures.


**Response to Interrogatory No. 3:**
Objection. Responding party John Elik objects to this interrogatory on the grounds that it is vague, assumes facts not in evidence, and is not proportional to the needs of the case as required by Federal Rule of Civil Procedure 26(b)(1). The interrogatory assumes the existence of a formal approval process and of "branded Odysee channels" operated under the name "The Gatalog," which is not a legal entity and is not known to Responding Party to have any centralized structure or administrative process. The terms "branded

Odysee channels" and "approving" are not defined and are inherently ambiguous, as they could refer to any number of unrelated activities by unidentified individuals using shared or pseudonymous accounts.

The interrogatory further assumes that Responding Party possesses personal knowledge about the internal workings of a group or platform he is not alleged to have operated or managed, and which he does not control. To the extent the interrogatory seeks information outside Responding Party's possession, custody, or control, it exceeds the scope of permissible discovery under Rule 33(a)(2).

Subject to and without waiving the foregoing objections, Responding Party states that he lacks knowledge of any approval process relating to 3D printable firearm file uploads on any so-called Gatalog-branded Odysee channels, and is not aware of any person responsible for such a process.

**Response to Interrogatory No. 4:**
Objection. Responding party John Elik objects to this interrogatory on the grounds that it is vague, speculative, and assumes facts not in evidence. The interrogatory presumes the existence of a payment infrastructure or monetization system related to "3D printable firearm files" allegedly "hosted" on "The Gatalog's branded Odysee channels"—a construct not known to Responding Party to exist as a legal or formal entity. The terms "payments," "receiving or making," and "branded Odysee channels" are not defined, and may encompass a wide and indeterminate range of transactions or accounts not within Responding Party's knowledge or control.

To the extent the interrogatory seeks information outside Responding Party's personal knowledge, or implies knowledge of actions taken by anonymous or third-party internet users with no established connection to Responding Party, it is not proportional to the needs of the case under Rule 26(b)(1) and is improper under Rule 33(a)(2).

Subject to and without waiving the foregoing objections, Responding Party states that he is not aware of any person responsible for receiving or making payments in connection with the alleged hosting of 3D printable firearm files on any so-called Gatalog-branded Odysee channels.

**Response to Interrogatory No. 5:**
Objection. Responding party John Elik objects to this interrogatory to the extent it is vague and ambiguous, particularly in its use of the phrase "used in connection with," which is undefined and may be interpreted to include passive receipt, public listing, incidental reference, or unrelated mentions of a wallet address. The interrogatory is further objectionable as overbroad, lacking any temporal limitation, and not tailored to any particular claim or defense, in violation of Federal Rule of Civil Procedure 26(b)(1). It also potentially implicates privacy and security concerns, as cryptocurrency wallets may be tied to personal financial information and private keys.

Subject to and without waiving the foregoing objections, and based on a reasonable and good faith inquiry, Responding Party identifies the following BTCPayServer invoice URL associated with the CtrlPew platform, which may have listed a donation address at some point:
https://btcpay.ctrlpew.com/i/XsgK2tAFoc4CbTmMt34vkr

Responding Party has no general knowledge of how this operates. To his knowledge, he has no other cryptocurrency wallets used in connection with 3D printable firearm files or components.

**Response to Interrogatory No. 6:**
Objection. Responding party John Elik objects to this interrogatory on the grounds that it is vague and overbroad, particularly in its use of the phrase "public forum," which is undefined and may be interpreted to include informal or incidental conversations on social media, private group chats, or other platforms not traditionally understood to be public or accessible to the general public. The interrogatory is not limited in time, scope, or subject matter, and therefore exceeds the bounds of proportionality under Federal Rule of Civil Procedure 26(b)(1).
Subject to and without waiving the foregoing objections, and based on a good faith review of his recollection, Responding Party states that, to the best of his knowledge, he has not discussed this lawsuit in any public forum.

**Response to Interrogatory No. 7:**
Objection. Responding party John Elik objects to this interrogatory to the extent it is vague and overbroad, particularly in its use of the phrase "contact with law enforcement," which is undefined and may include incidental, passive, or non-substantive interactions. The term "regarding 3D printable firearm files" is also ambiguous and lacks sufficient specificity to allow for a precise response. Without limitation as to time, jurisdiction, or context, the interrogatory is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).
Subject to and without waiving the foregoing objections, and based on a good faith inquiry and recollection, Responding Party states that, to the best of his knowledge, he has had no contact with law enforcement regarding 3D printable firearm files.

**Response to Interrogatory No. 8:**
Objection. Responding party John Elik objects to this interrogatory on the grounds that it is vague and overbroad, particularly in its use of the term "administrative privileges," which is undefined and may refer to varying levels of access or technical capabilities that are not uniformly understood across platforms. The interrogatory also combines two distinct concepts—websites where files are "discussed" and those where files are "shared"—without clarifying whether both are required for inclusion. Without limitation as to time or scope, and without further defining what constitutes "accessories," the interrogatory is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Subject to and without waiving the foregoing objections, Responding Party states that he has held administrative privileges for the website located at:

https://chat.deterrencedispensed.com

To the extent that this platform could be interpreted to fall within the scope of the interrogatory, Responding Party identifies it as responsive. No other websites fall within the scope of this request based on his current knowledge.

**Response to Interrogatory No. 9:**
Objection. Responding party John Elik objects to this interrogatory on the grounds that it is vague and overbroad, particularly as to the term "administrator," which is not defined and may refer to varying levels of technical, content, or moderation access not uniformly understood or recorded. The interrogatory also lacks any **temporal limitation**, seeking identification of "all administrators (past and present)" without specifying a relevant timeframe, which renders it disproportionate to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

To the extent this interrogatory seeks information beyond Responding Party's personal knowledge or access rights, it exceeds the permissible scope under Rule 33(a)(2). Responding Party also reserves all objections to disclosing the identities of persons not alleged to be parties or relevant actors in the pleadings, or whose identities are otherwise speculative or tied to pseudonyms.

Subject to and without waiving the foregoing objections, and based on his understanding of the individuals involved and the scope of the site located at chat.deterrencedispensed.com, Responding Party identifies the following individuals as having held some form of administrative role or privileges during the relevant period: John Lettman, Matthew Larosiere, Alexander Holladay, and Peter Celentano.

Under penalty of perjury, I declare the foregoing to be true and correct to the best of my knowledge and belief.

/s/ John Elik


/s/ Matthew Larosiere
*Attorney for John Elik*