# Exhibit 13

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

        *Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc., DEFENSE DISTRIBUTED, and DIOSKOUROI LLC,

        *Defendants*.

_____

Defense Distributed,

        Counterplaintiff/ Third-Party Plaintiff,

v.

The Gatalog, Matthew Larosiere, John Elik, Alexander Holladay, Peter Celentano, Josh Kiel Stroke, John Lettman, and MAF Corp.

        Counterdefendants.

_____/

<u>JOHN ELIK'S RESPONSES TO DEFENSE DISTRIBUTED'S FIRST SET OF REQUESTS FOR PRODUCTION</u>

**OBJECTION TO INSTRUCTIONS AND DEFINITIONS**

Counterdefendant objects to the "Instructions" and "Definitions" accompanying these Requests for Production on the grounds that they are vague, overbroad, unduly burdensome, and inconsistent with the discovery obligations established by the Federal Rules of Civil Procedure, the Local Rules of the Middle District of Florida, and the Middle District Discovery Handbook. These provisions improperly attempt to expand the scope of discovery well beyond the limits set by Rule 26(b)(1) and Rule 34(a), particularly given that Respondent is a private individual, not a corporate or institutional party.

The definition of "Parties" is objectionable to the extent that it purports to include a wide array of non-parties such as agents, representatives, officers, subsidiaries, and affiliates. Respondent is not part of any corporate entity with such relationships, and this definition improperly attempts to draw in documents or communications not within his possession, custody, or control, contrary to the limits of Rule 34. Similarly, the definitions of "You" and "Your," which purport to include not only Respondent but also his attorneys, experts, and "other persons acting or purporting to act" on his behalf, are vague and imprecise. This language creates ambiguity and inappropriately assigns responsibility or access to materials that are not within Respondent's control or legal obligation to produce.

The definitions relating to documents, electronically stored information (ESI), and communications are also impermissibly broad. The term "Material," as defined, encompasses all drafts, deleted files, temporary files, metadata, internet history, caches, cookies, and other forms of system-generated or forensic data, regardless of relevance or accessibility. These demands exceed what is reasonably proportional in a dispute involving an individual counterdefendant and impose obligations more suitable for institutional litigants engaged in commercial litigation. The reference to Sedona Conference definitions does not cure the overbreadth and does not constitute binding authority in this district. Moreover, the definition of "Communication," which includes not only verbal and written exchanges but also symbols, imagery, and emojis, is so expansive and ambiguous as to be unmanageable in application and ripe for abuse.

The interpretive definitions for words like "any," "and," and "or" purport to require the most inclusive possible construction of every request, regardless of context. While some flexibility in construing discovery requests is appropriate, the one-sided imposition of maximal breadth violates the principle of proportionality and leads to ambiguity in determining what is actually being requested.

The instructions themselves compound these problems. Instruction No. 1 demands a level of labeling and categorization of documents that is infeasible for an individual litigant who does not maintain records in a formal or structured manner. Instruction No. 2 calls for production "as kept in the ordinary course of business," which is simply inapplicable to Respondent, who does not operate a business. Instruction No. 3 is especially objectionable in that it mandates native file production of ESI, the creation of a discovery log detailing the type, source, and electronic ID of each file, the generation of load files compatible with commercial document review platforms, and the use of secure file transfer protocols. These technical and labor-intensive requirements are vastly disproportionate to the needs of this case and are not appropriate for discovery directed to an individual, particularly one who has not engaged in any commercial activity relating to the subject matter of the lawsuit.

Instruction No. 4 improperly shifts the burden of identifying non-searched sources of potentially responsive information onto Respondent, in contravention of Rule 26(g), which

only requires a reasonable inquiry and good faith search. Instruction No. 6 seeks a hyper-technical privilege log that exceeds the reasonable requirements outlined in the Discovery Handbook, demanding information such as file format, job titles, and the physical location of every person involved in a privileged communication. Instruction No. 7 imposes an excessive burden by requiring a detailed explanation of the circumstances under which any responsive document might no longer exist, including the identification of every person with knowledge of its loss and any other materials that might touch on the loss. This is wholly disproportionate and far beyond what the rules require.

Accordingly, Counterdefendant objects to these definitions and instructions in their entirety and will respond to the individual Requests for Production in a manner consistent with the applicable discovery rules. Where appropriate, specific objections will be interposed, and responsive documents within Respondent's possession, custody, or control that are relevant and proportional to the claims and defenses in this matter will be identified or produced. To the extent these definitions and instructions purport to impose broader obligations, they are expressly rejected.

Counterdefendant believes the instructions and definitions render each and every request for production vague, overbroad, and disproportionate to the needs of discovery. As such, Counterdefendant declines to respond to any request covered by the abusive, boilerplate instructions provided. Subject to and without waiving that objection, Respondent proceeds now to the requests, giving words their plain meaning and ignoring all of Defense Distributed's abusive, boilerplate definitions and instructions:

**Response to Request for Production No. 1:**
Objection. Responding party John Elik objects to this request on several grounds:
First, the request is overbroad, unduly burdensome, and not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). It seeks communications spanning nearly four years, with a mix of named and pseudonymous individuals—some of whom are unidentifiable, not parties to this case, or not alleged in the pleadings to have any specific connection to the claims or defenses at issue.
Second, the request is vague and ambiguous, particularly as to the terms "The Catalog," "file submission and approval process," and "business relationship relating to printable firearm frames and receivers," none of which are defined. The scope of "communications" is also undefined and could include informal, incidental, or one-off digital interactions across multiple platforms.
Third, the request improperly seeks communications between Responding Party and his attorney, Matthew Larosiere, including communications concerning the Complaint and litigation strategy, which are protected by the attorney–client privilege and work product doctrine, pursuant to Rule 26(b)(3). Communications with co-defendants also represented by Mr. Larosiere—including John Lettman, and possibly others—are likewise protected under the joint defense and common interest doctrines.
Fourth, the inclusion of pseudonymous figures such as "Pla.boi," "UberClay," "ArmedJoy," and "Pablo Diaz / Bloblems" renders the request speculative and potentially impossible to satisfy with reasonable diligence, as Responding Party cannot confirm the identity of

these individuals and may not have any reliable means of identifying communications with them, even if they exist.

Fifth, the inclusion of topics such as the "FEDCAD meme," Dioskouri, and the Everytown v. DEFCAD lawsuit renders the request facially irrelevant to the claims or defenses pleaded and appears designed to harass or expand the scope of discovery well beyond what is permitted by Rule 26.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

- He is not aware of any responsive communications with Peter Celentano, "Pla.boi," "UberClay," "ArmedJoy," or "Pablo Diaz / Bloblems."
- He does not know any person by the name "Josh Kiel Stroke," and has not located any communications with anyone using that name.
- Some communications between Responding Party and his attorney, Matthew Larosiere, are responsive but withheld under the attorney–client privilege and work product protection.
- To the extent any non-privileged responsive communications exist concerning the listed topics and persons, they are being produced or will be produced in accordance with Rule 34(b)(2)(C).

Responding Party reserves the right to supplement this production in good faith as additional responsive material is identified.


**Response to Request for Production No. 2:**

Objection. Responding party John Elik objects to this request on the grounds that it is overbroad, vague, and not proportional to the needs of the case as required by Federal Rule of Civil Procedure 26(b)(1). The request lacks any explanation as to how alleged "digital firearm file transfers to foreign entities or individuals" bear on the claims or defenses in this civil action, which does not assert causes of action grounded in export control law, international communications, or ITAR/EAR violations. The request is also vague in its use of the term "relating to," which has not been defined and could encompass a wide and indeterminate range of communications, including indirect or incidental references.

Further, the inclusion of generic categories such as "foreign entities or individuals" and undefined handles or pseudonyms such as "ZeCarioca," "ImmortalRevolt," and "JStark" makes the request speculative and overly burdensome. It requires the responding party to guess at identities, jurisdictions, and the relevance of any past communication, including potentially unverifiable or pseudonymous interactions.

Subject to and without waiving the foregoing objections, and following a diligent search and reasonable inquiry, Responding Party states that he has no communications responsive to this request.


**Response to Request for Production No. 3:**

Objection. Responding party John Elik objects to this request on the grounds that it is overbroad, vague, and not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). The request seeks "any Material relating to the payment of hosting fees" for three different websites, without defining the scope of "relating to," which

could include indirect or irrelevant references. It further fails to articulate how such payment information is relevant to any claim or defense raised in this action.

The request is also unduly burdensome to the extent it requires the responding party to investigate ownership or financial arrangements for websites he does not operate or control, and which may be maintained by third parties or unknown individuals. To the extent the request implies Responding Party had administrative or financial control over these platforms, it assumes facts not in evidence.

Subject to and without waiving the foregoing objections, and after a reasonable search, Responding Party states that he has no materials responsive to this reque

**Response to Request for Production No. 4:**
Objection. Responding party John Elik objects to this request to the extent that it presumes he has made any such claim regarding DEFCAD's encryption or data security. The request is also vague and ambiguous in its use of the phrase "supports your claim," which fails to identify with specificity where in the pleadings such a claim is purportedly made by this Responding Party. To the extent the request seeks documents that would support claims or defenses not asserted by Mr. Elik, it is not proportional to the needs of the case as required by Federal Rule of Civil Procedure 26(b)(1).

Subject to and without waiving the foregoing objections, and to the extent any such claim is fairly attributed to him through the pleadings or filings in this matter, Responding Party states that any non-privileged responsive materials in his possession are being produced concurrently with this response.

**Response to Request for Production No. 5:**
Objection. Responding party John Elik objects to this request to the extent it inaccurately presumes that he has personally asserted a claim that "DEFCAD has been hacked and dumped multiple times." The request is vague in its reference to "your claim," which fails to identify whether it refers to pleadings, public statements, or other materials. Without clarification as to the source or attribution of the alleged claim, the request is ambiguous and exceeds the bounds of reasonable discovery under Federal Rule of Civil Procedure 26(b)(1).

Subject to and without waiving the foregoing objections, and to the extent any such claim may be reasonably attributed to Responding Party through pleadings or supporting materials, he states that responsive non-privileged documents, to the extent they exist and are within his possession, custody, or control, are being produced concurrently with this response.

**Response to Request for Production No. 6:**
Objection. Responding party John Elik objects to this request on the grounds that it is vague, argumentative, and assumes facts not in evidence. The request inaccurately characterizes the position of the Counterdefendants by referring to a "claim that DEFCAD stole" from them, without identifying where in the pleadings such a claim is attributed specifically to Mr. Elik. The phrase "stole from you or any other Counterdefendant" is also

legally imprecise and overbroad, and may be construed to encompass a wide variety of factual assertions unrelated to any properly pleaded claim or defense.

The request further seeks materials relating to "any other Counterdefendant," which is not a proper scope of inquiry under Federal Rule of Civil Procedure 34, as a party is not required to produce documents on behalf of co-parties unless such documents are within that party's possession, custody, or control.

Subject to and without waiving the foregoing objections, and to the extent any such claim or allegation may be reasonably attributed to Responding Party in this action, he states that non-privileged, responsive documents within his possession, custody, or control are being produced concurrently with this response.

**Response to Request for Production No. 7:**
Objection. Responding party John Elik objects to this request on the grounds that it is vague, overbroad, and not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). The request seeks "all communications" with unnamed "moderators of r/Fosscad," a group of individuals who are not specifically identified, may operate pseudonymously, and are not alleged in the pleadings to be relevant to any claim or defense. The request further fails to define "communications" or to limit the platforms, format, or type of exchanges intended to be covered.

To the extent the request seeks to compel the production of private messages or online communications with anonymous individuals over a nearly four-year span based solely on speculative relevance, it imposes an undue burden and is not narrowly tailored to the subject matter of the litigation. Moreover, communications with third-party online moderators, absent a showing of relevance, are outside the permissible scope of discovery.

Subject to and without waiving the foregoing objections, and following a diligent search and reasonable inquiry, Responding Party states that he has no communications responsive to this request.

**Response to Request for Production No. 8:**
Objection. Responding party John Elik objects to this request on the grounds that it is overbroad, vague, and not proportional to the needs of the case as required by Federal Rule of Civil Procedure 26(b)(1). The phrase "any Material relating to payment agreements" is undefined and could be interpreted to include informal discussions, speculative proposals, or third-party arrangements to which Mr. Elik is not a party. The request also fails to identify how such documents are relevant to any claim or defense asserted in this action.

Additionally, the request includes a non-exclusive list of companies without establishing any connection between those entities and the claims at issue. It assumes—without foundation—that Mr. Elik has had financial dealings with companies such as Aves Engineering, Parts Dispensed, Vanguard Arms, or Print Shoot Repeat. The inclusion of these entities without supporting allegations renders the request speculative and unduly burdensome.

Subject to and without waiving the foregoing objections, and following a diligent search and reasonable inquiry, Responding Party states that he has no materials responsive to this request.

**Response to Request for Production No. 9:**
Objection. Responding party John Elik objects to this request on the grounds that it is vague, confusing, and not reasonably calculated to lead to the discovery of admissible evidence under Federal Rule of Civil Procedure 26(b)(1). The request seeks "materials relating to the development of the files which Matthew Larosiere claims Defendants infringed upon in his Complaint," but fails to articulate how Mr. Elik—who is not the copyright claimant of those files—would possess relevant documents concerning their development.
The request improperly seeks discovery of materials connected to the work product and intellectual property of a separate individual, Mr. Larosiere, who has brought claims in his own right. To the extent any such materials exist, they would more appropriately be sought from Mr. Larosiere himself and not from a third party to the asserted copyright claims.
The request is also overbroad and vague as to the term "relating to the development," which lacks specificity and is not limited in scope, timeframe, or subject matter beyond its indirect reference to pleadings filed by another party.
Subject to and without waiving the foregoing objections, Responding Party cannot provide any materials without resorting to speculation as to what is being requested.

**Response to Request for Production No. 10:**
Objection. Responding party John Elik objects to this request on the grounds that it is not proportional to the needs of the case, lacks relevance to any claim or defense under Federal Rule of Civil Procedure 26(b)(1), and appears intended to harass. The request broadly seeks "any materials" relating to a third-party attorney's website—including communications discussing how it "could be disrupted"—without any factual basis or allegation in the pleadings tying Mr. Elik to any such conduct, discussion, or intent.
The request is also vague, speculative, and overbroad, particularly in its inclusion of "any materials" and its failure to define what is meant by "disrupted." It improperly presumes wrongful conduct without foundation and appears designed to impute liability or motives absent any allegation in this litigation.
Subject to and without waiving the foregoing objections, and after a diligent search and reasonable inquiry, Responding Party states that he has no materials or communications responsive to this request.

**Response to Request for Production No. 11:**
Objection. Responding party John Elik objects to this request on the grounds that it is vague, overbroad, and not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). The request seeks "any material relating to the management, deletion, or alteration of records or communications" without limiting the types of records

or communications at issue or identifying any specific relevance to the claims or defenses asserted. The phrase "relating to" is undefined and broad to the point of encompassing routine, non-substantive conduct (e.g., typo corrections) that have no bearing on this litigation.

To the extent the request implies a duty to preserve evidence prior to the filing of the lawsuit or the issuance of any litigation hold notice, it assumes an obligation that did not yet exist. It is also vague as to what constitutes "management" or "alteration," and could be construed to include minor or ordinary digital interactions.

Subject to and without waiving the foregoing objections, Responding Party states as follows:

In the weeks prior to the filing of this lawsuit, Responding Party received a mailed death threat originating from an address known to be associated with Cody Wilson. Shortly thereafter, Mr. Wilson facilitated the public dissemination of Responding Party's name and home address in what Responding Party reasonably perceived as a coordinated smear and intimidation campaign. In response, and prior to receiving any litigation hold notice or formal awareness of impending litigation, Responding Party deleted his Reddit account and removed certain posts from Twitter that he concluded could escalate hostility or further risk to his personal safety. These actions were taken purely in the interest of personal security and without any intention of concealing discoverable material.

Beyond the above, Responding Party is not aware of any deletions or alterations of records or communications during the relevant time period, except for minor deletions to correct typographical errors or rephrasing in informal posts, for which no records were retained.

Responding Party is not withholding any responsive materials.


**Response to Request for Production No. 12:**

Objection. Responding party John Elik objects to this request on the grounds that it is vague, overbroad, and not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). The phrase "solicitation and fundraising for The Gatalog" is not defined, and the request improperly presumes that "The Gatalog" is a formal legal or financial entity capable of soliciting or receiving funds—an assumption that lacks foundation in the pleadings or factual record.

The request further presupposes that Mr. Elik personally engaged in fundraising activities involving third parties such as the Firearms Policy Coalition or Brandon Combs, without any factual allegation in support. The inclusion of third parties unconnected to any specific claim or defense, combined with the open-ended structure of "including but not limited to," renders the request speculative and unduly burdensome.

Subject to and without waiving the foregoing objections, and after conducting a diligent search and reasonable inquiry, Responding Party states that he has no materials responsive to this request.


/s/ Matthew Larosiere
*Attorney for John Elik*