# Exhibit 19

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

*Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc.,
DEFENSE DISTRIBUTED, and DIOSKOUROI
LLC,

*Defendants.*

_____

Defense Distributed,

Counterplaintiff/ Third-
Party Plaintiff,

v.

The Gatalog, Matthew Larosiere, John Elik,
Alexander Holladay, Peter Celentano, Josh Kiel
Stroke, John Lettman, and MAF Corp.

Counterdefendants.

_____/

**<u>COUNTERDEFENDANTS MATTHEW LAROSIERE, JOHN ELIK, ALEXANDER
HOLLADAY, JOSH KIEL STROKE, JOHN LETTMAN, AND MAF CORP'S
CONSOLIDATED INITIAL DISCLOSURES</u>**

1

Plaintiff and Counterdefendants Matthew Larosiere, John Elik, Alexander Holladay, Josh Kiel Stroke, John Lettman, and MAF Corp ("the Parties") hereby make these initial disclosures as required by Federal Rule of Civil Procedure 26(a)(1). The Parties reserve the right to supplement this disclosure. All insurance agreements required to be disclosed are attached.

## I.   IDENTITY OF WITNESSES

The Parties' initial disclosure of the identities of potential witnesses is based solely upon such information that they have been able to discover thus far in the amount of time available, as well as their present analysis of the case, and shall not, in any way, be deemed to be a representation that additional witnesses do not exist. Accordingly, this disclosure is subject to the Parties' ability to discover additional individuals with knowledge of facts concerning the material facts the Complaint, or any of the defenses asserted by any party.

1. Cody Rutledge Wilson, party, may be reached through his attorneys of record.

2. Matthew Larosiere, party, may be reached through his attorneys of record.

3. John Elik, party, may be reached through his attorneys of record.

4. Thomas Odom. 907-987-4714. 12969 FM 20, Kingsbury, TX 78638. is believed to have knowledge of the facts underlying the Complaint. Odom works for Defendants and handles upload processing for Defendant Defcad, and has intimate knowledge of such inner works.

5. Garret Walliman. garretwalliman@gmail.com. 480-586-7977. 949 S. Bowman Rd. Apache Junction AZ 85119 is believed to have knowledge of the facts underlying the Complaint. Walliman is willing to perjure himself to aid Defendant Wilson and has intimate knowledge about Defendants' infringement and comingling. Walliman also has specific information pertaining to the willfulness of Defendants' infringement. Walliman has recorded a video

2

with Defendant Wilson in which Defendant Wilson boasts about his copyright infringement.

6. Barrett Coller (Laffs Dynamics). LaffsDynamics@protonmail.comLaffsDynamics@protonmail.com, is believed to have knowledge of the facts underlying the Complaint. Coller processed renders and uploads for Defendant Defcad and has intimate knowledge of the inner workings. Coller also has specific information pertaining to the willfulness of Defendants' infringement

7. Pablo Molina Diaz, address unknown, employee of Defendants, is believed to have knowledge of the facts underlying the Complaint. Diaz has previously admitted to facts concerning Defendants' alter-ego relationship and the willfulness of Defendants' infringement.

8. Kieran Philo, (Cyan). nerflegoboy@gmail.com, possesses information concerning Defendants' copyright infringement. Additionally, Philo is believed to work in concert with Defendants to falsely shield Defendants from liability.

9. Benjamin Denio, address unknown, employee of Defendants, is believed to have knowledge of the facts underlying the Complaint. Denio served as a member of business entity Defendants at times relevant to this matter. Denio is believed to have specific information pertaining to the willfulness of Defendants' infringement.

10. The records custodian at defcad, who is a party, and may be contacted through counsel, is believed to have knowledge of the facts underlying the Complaint.

11. The records custodian at Defense Distributed, who is a party, and may be contacted through counsel, is believed to have knowledge of the facts underlying the Complaint.

3

12. The records custodian at Ghostguns.com, which is a party, and may be contacted through counsel, is believed to have knowledge of the facts underlying the Complaint.

13. The records custodian at Dioskouroi, which is a party, and may be contacted through counsel, is believed to have knowledge of the facts underlying the Complaint.

14. Any individual identified by any other party.

15. Any witness necessary for impeachment or rebuttal.

Identification of any person does not constitute a representation that such person has information that is non-privileged, nor does it constitute a waiver of any privilege or objection that may be made to such witness' testimony. The Parties also reserve the right to supplement this disclosure as discovery has just begun in this matter and the Parties have yet to complete their investigation.

## II. DOCUMENTS

The Parties' initial disclosure is based solely upon such information and documents that they have been able to discover thus far in the amount of time available, as well as their present analysis of the case, and shall not in any way be deemed to be a representation that additional documents do not exist. The Parties' investigation of the facts and circumstances surrounding the case is ongoing, and the Parties reserve the right to supplement this disclosure as appropriate. The Parties may rely on other documents that it may later learn of, find, or determine are significant, as well as documents in Defendants' possession, custody or control. Notwithstanding the foregoing, the Parties provide a description by category and location of the following documents:

1. Original source material regarding copyrighted works, care of counsel for Plaintiff.

2. Contracts and intellectual property assignment agreements, care of Counsel for Plaintiffs.

4

3. Copies of Defendants' infringements, including USB drive purchased from Defendants, and files downloaded from Defendants' website.

4. Archives of Defendants' internet postings.

5. A copy of Defendant Wilson's Manifesto, which was delivered by mail to Plaintiff by Defendants.

6. Recordings of videos and interviews Defendant Wilson has appeared in, care of Counsel for Defendants.

7. All Documents relating to Defendants' commingling of assets, including cryptocurrency transactions, care of Counsel for Defendants.

8. All Documents relating to Defendants' finances, including cryptocurrencies, care of Counsel for Defendants.

9. All Documents relating to Defendants' sales and advertisement of the works described in the Complaint, care of Counsel for Defendants.

10. All Documents disclosed by any other party.

The Parties may identify additional categories of documents, data compilations, and other tangible things through discovery and continued investigation. The Parties specifically reserve the right to offer exhibits at trial that do not fall within the above listed categories.

DATED: January 30, 2025

_/s/ Gary C. De Pury_
Gary C. De Pury
Florida Bar No: 126588
Law Offices of Gary De Pury, P.A.
21035 Leonard Road
Lutz, Florida 33558
Tel: (813) 607-6404
Email: Gary@DePury.com
_Lead Counsel for Counterdefendant Alex Holladay and MAF Corp._

_/s/Matthew Larosiere_____
Matthew Larosiere, Esq.
Fla. Bar. No. 1005581
The Law Offices of Matthew Larosiere
6964 Houlton Circle
Lake Worth, FL 33467
Email: Larosieremm@gmail.com
Tel: (561) 452-7575
_Lead Counsel for Counterdefendants Elik, Stroke, and Lettman_

_/s/ Zachary Z. Zermay_____
Zachary Z. Zermay, Esq.
Fla. Bar № 1002905
_Zermay Law, P.A._
1200 Fourth Street, #1102
Key West, FL 33040
Email: zach@zermaylaw.com
Tel: (305) 767-3529
_Lead Counsel for Plaintiff/Counterdefendant Matthew Larosiere_