# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MATTHEW LAROSIERE,

        Plaintiff,

v.                                       Case No:   6:24-cv-1629-AGM-LHP

CODY RUTLEDGE WILSON,
DEFCAD, INC., DEFENSE
DISTRIBUTED, DIOSKOUROI LLC,

        Defendants

_____

## ORDER

Before the Court is Defendants' Amended Motion for Leave to Amend Defendants' Answer and Affirmative Defenses to Add Additional Affirmative Defenses. Doc. No. 182. After receipt of Plaintiff's response (Doc. Nos. 190–91), as well as an authorized reply by Defendants (Doc. No. 195, *see also* Doc. No. 193), the Court addressed the motion at a hearing held on February 10, 2026. *See* Doc. Nos. 197, 208. Counsel for Plaintiff appeared at the hearing, as did counsel for Defendants Wilson, Defcad, Inc., and Defense Distributed. Counsel for Defendant Dioskouroi LLC, Chad Flores, did not appear, however. This Order memorializes the rulings made at the hearing.

Upon consideration of the parties' briefing, argument of counsel at the hearing, and for the reasons stated on the record, Defendants' Motion (Doc. No. 182) is **DENIED** for lack of good cause and diligence. *See Gallagher v. Sayin*, No. 6:17-cv-1335-Orl-41TBS, 2018 WL 7372079, at *2 (M.D. Fla. Feb. 22, 2018) ("When presented with a motion to amend the pleadings after the deadline in the scheduling order has passed, the Court must first determine whether the party seeking leave to amend has shown 'good cause' to modify the scheduling order. This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." (quotation marks omitted) (first citing Fed. R. Civ. P. 16(b), then quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998))); *see also, e.g.*, *Whittington v. Whittington*, No. 6:19-cv-1631-Orl-40DCI, 2020 WL 8224611, at *3 (M.D. Fla. Aug. 28, 2020), *report and recommendation adopted*, 2020 WL 8224604 (M.D. Fla. Oct. 23, 2020) (denying leave to amend answer to assert new affirmative defenses based on "new evidence" where the evidence was available earlier, defendant waited two months after the depositions where the information was obtained to file motion for leave to amend, and there was lack of diligence); *St. Paul Fire & Cas. Ins. Co. v. Haskell Co.*, No. 3:08-cv-1014-J-16MCR, 2009 WL 10671209, at *2 (M.D. Fla. Aug. 27, 2009) (denying motion to amend answer based on assertion of new evidence where the defendant unduly delayed in seeking amendment, the defendant failed to provide justification to "be allowed to

completely reverse" its previously admitted allegations, and the defendant did not establish how the "new evidence" was related to the proposed amendment); *Cyberbest Tech., Inc. v. Little*, No. CV 05-0163-CG-C, 2006 WL 8437784, at *2 (S.D. Ala. Jan. 27, 2006) (finding assertion of "new" evidence did not provide good cause to support amendment because the defendants had the information they claimed was "new" and because to expand the litigation would unduly burden the opponent).

As stated at the hearing, the objections period related to this Order shall run from the date of this written Order.   Fed. R. Civ. P. 72(a).

**DONE** and **ORDERED** in Orlando, Florida on February 13, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record