# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MATTHEW LAROSIERE,

      Plaintiff,

v.                                    Case No:   6:24-cv-1629-AGM-LHP

CODY RUTLEDGE WILSON,
DEFCAD, INC., DEFENSE
DISTRIBUTED, DIOSKOUROI LLC,
DAVID SCOTT GINGRAS,
FEDERICO REYNAL and CHARLES
FLORES,

      Defendants

## ORDER

Before the Court is Plaintiff Larosiere's Short-Form Motion to Quash Improper Third-Party Subpoenas, regarding third-party subpoenas directed to Shopify Inc., Etsy, Inc., and Registered Agents Inc.  Doc. No. 176.[1]  Defendants Cody Rutledge Wilson, Defcad, Inc., and Defense Distributed responded in opposition.  Doc. No. 180.  Upon initial consideration, the Court denied the motion in part and deferred it in part, such that the Court denied Plaintiff's request

---

[1] Given Plaintiff's objections to the subpoenas, the subpoenas have not yet been served on the third parties.  *See* Doc. No. 188, at 2.

to quash the subpoenas for lack of standing, but deferred on Plaintiff's request for a protective order regarding their issuance, pending briefing from the parties on the issue of whether the subpoenas seek information relevant in this case. Doc. No. 181. The parties each timely submitted that briefing, Doc. No. 188–89, and the Court addressed the matter at a hearing on February 10, 2026, *see* Doc. Nos. 192, 208. Counsel for Plaintiff appeared at the hearing, as did counsel for Defendants Wilson, Defcad, Inc., and Defense Distributed. Counsel for Defendant Dioskouroi LLC, Chad Flores, did not appear, however. This Order memorializes the rulings made at the hearing.

Upon discussion with appearing counsel, and for the reasons stated on the record at the February 10, 2026 hearing, and incorporating herein the prior rulings made regarding this Motion, *see* Doc. No. 181, the Motion (Doc. No. 176) is **GRANTED in part and DENIED in part in its remainder**. It is **ORDERED** as follows:

1. Defendants Wilson, Defcad, Inc., and Defense Distributed may serve modified subpoenas directed to Shopify Inc., Etsy, Inc., and Registered Agents Inc., as set forth at the hearing, upon **seven (7) days' notice** to Plaintiff.

2. The subpoena directed to Etsy, Inc. (Doc. No. 176-1) shall be modified and limited as follows:

      a.    Request 1 shall ask for only "All information sufficient to identify the person or entity operating and/or formerly operating the e-commerce store under the name Duncan Manufacturing."

      b.    Request 2 shall ask for only "All information sufficient to identify the person or entity operating and/or formerly operating the e-commerce store under the following URL link: https://www.etsy.com/shop/duncanmfg/."

      c.    Request 3 shall ask for only "All information sufficient to identify the person or entity operating and/or formerly operating the e-commerce store under the name Scott Duncan."

      d.    Requests 4, 5, and 6 shall be removed from a modified subpoena.

      e.    Requests 7, 8, 9, 10, 11, and 12 may remain as written.

3.    The subpoena directed to Shopify Inc. (Doc. No. 176-2) shall be modified and limited as follows:

      a.    Request 1 shall ask for only "All information sufficient to identify the person or entity operating and/or formerly operating the e-commerce store under the name Romanov Mashina Zavod."

      b.    Request 2 shall ask for only "All information sufficient to identify the person or entity operating and/or formerly operating the

    e-commerce store under the following URL link: https://zavod69.com/."

   c. Request 3 shall ask for only "All information sufficient to identify the person or entity operating and/or formerly operating the e-commerce store under the name Nikolai Romanov."

   d. Requests 4, 5, and 6 shall be removed from a modified subpoena.

   e. Requests 7, 8, 9, 10, 11, and 12 may remain as written.

4. The subpoena directed to Registered Agents Inc. (Doc. No. 176-3) shall be modified and limited as follows:

   a. Request 1 shall ask for only "All information sufficient to identify the owners and members of GUNCAD Index LLC, file number: LC014652044."

   b. Request 2 shall ask for only "All information sufficient to show the true identities of the person or entity who registered, is listed in, has logged into, who used, or who otherwise is associated with GUNCAD Index LLC."

   c. Request 3 shall ask for only "All information sufficient to show the true identities of persons who remitted any payment to Registered Agents Inc. as it relates to any service completed for GUNCAD Index LLC."

    d. Request 4 shall ask for only "All information sufficient to show the true identities of persons who remitted any payment to Registered Agents Inc. as it relates to any service completed on behalf of GUNCAD Index LLC."

 5. All document production made in response to the subpoenas served on Shopify Inc., Etsy, Inc., and Registered Agents Inc. shall be designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the parties' Stipulated Protective Order and Mutual Confidentiality Agreement, and shall be governed by the terms thereof. *See* Doc. No. 114-1.

 6. Plaintiff's Motion (Doc. No. 176) is **DENIED in all other respects**.

 7. As stated at the hearing, the objections period related to this Order, to include the rulings incorporated and previously made, *see* Doc. No. 181, shall run from the date of this written Order. *See* Fed. R. Civ. P. 72(a).

**As discussed with the parties at the February 10, 2026 hearing, for future discovery motions, and unless the motion is to be designated as "time-sensitive" or an "emergency," the parties' obligations under Local Rule 3.01(g) require the parties to attempt to schedule a substantive meet and confer on the to-be-filed motion for three (3) days. If the parties are unable to complete a meet and confer within that three-day period, the movant may file the motion with the Court, noting same. Pursuant to Local Rule 3.01(g)(3), the movant has an obligation for**

**three (3) days thereafter to diligently attempt to complete the meet and confer, and by the fourth day, file a supplement to the motion certifying conferral efforts. The parties are cautioned that "[t]he purposeful evasion of a communication under [Local Rule 3.01(g)] can result in a sanction." Local Rule 3.01(g)(3).**

**DONE** and **ORDERED** in Orlando, Florida on February 13, 2026.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record