**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MATTHEW LAROSIERE,

    Plaintiff,

v.                                         Case No:   6:24-cv-1629-AGM-LHP

CODY RUTLEDGE WILSON,
DEFCAD, INC., DEFENSE
DISTRIBUTED, DIOSKOUROI LLC,

    Defendants

---

**ORDER**

Before the Court is Plaintiff Larosiere's Short-Form Motion to Overrule Meritless Objections and Compel Complete Responses to Interrogatories and Requests for Production ("RFPs"). Doc. No. 156; *see also* Doc. Nos. 156-1 through 156-6 (responses to Interrogatories and RFPs as it relates to Defendants Cody Rutledge Wilson, Defcad, Inc., and Defense Distributed). The Court held a hearing on the matter on February 10, 2026. *See* Doc. Nos. 185, 208. Counsel for Plaintiff appeared at the hearing, as did counsel for Defendants Wilson, Defcad, Inc., and Defense Distributed. Counsel for Defendant Dioskouroi LLC, Chad Flores, did not appear, however. This Order memorializes the rulings made at the hearing. For

the reasons stated on the record, Plaintiff's Motion (Doc. No. 156) will be **GRANTED in part and DENIED and part**, as set forth below.

A brief history is relevant to resolving this motion. After filing the motion (Doc. No. 156), Defendants Cody Wilson, Defense Distributed, and Defcad, Inc. (hereinafter "Defendants") responded in opposition. Doc. No. 158. Two days later, and given the history of this case, the Court issued an Order requiring further conferral on the motion, to take place in Orlando in the presence of a certified court reporter. Doc. No. 162. The Court further ordered the parties to file a joint status report after the conferral, to include a recitation of the conferral efforts, what issues remained for resolution by the Court (by reference to specific Interrogatory or RFP at issue), the parties' positions on these issues, and to attach the court reporter's transcript of the meet and confer. *Id.* at 3.

The parties timely filed their joint status report. Doc. No. 175; *see also* Doc. Nos. 172–73. But, as set forth therein, despite the two-day conferral and 441-page transcript memorializing same (Doc. Nos. 175-1, 175-2), the parties were unable to resolve the majority of their disputes involving Plaintiff's discovery, which notably includes hundreds of RFPs and Interrogatories (the parties resolved 4 requests, to be exact). Doc. No. 175, at 2, 11; *see also* Doc. Nos. 156-1 through 156-6. With respect to the specific Interrogatories or RFPs that remained outstanding, the parties chose to group them into several categories of objections, with some side issues, to

include: (1) relevance and proportionality; (2) temporal scope disputes; (3) redefining the terms "Copyright" and "Works"; (4) definition of "possession, custody, or control"; (5) Defendants' production of unindexed files; (6) unsupported privilege and work product objections; and (7) the parties' inability to enter into an agreed ESI protocol.  Doc. No. 175.

Based on the joint status report, on January 14, 2026, the Court set the matter for hearing on February 10, 2026.  Doc. No. 185.  In the order setting the hearing, the Court made preliminary rulings on a few issues (some addressed, some not addressed in the status report), and ordered pre-hearing briefing from the parties on others.  *Id.*  Specifically, in that Order, the Court: (1) overruled any objections raised by Defendants in response to the discovery that were not addressed in the joint status report, including undue burden, or that the documents were in Plaintiff's possession/could be found on public sources; (2) sustained in part Defendants' objections on the basis of possession, custody, and control, such that the Court would apply the definition of the terms "possession, custody, or control" as set forth in *Searock v. Stripling*, 736 F.2d 650, 653–54 (11th Cir. 1984), and that the Court was inclined to follow the rationale set forth in *Green v. Fiveash*, No. 3:18-cv-2393-MCR-HTC, 2019 WL 8063985, at *3 (N.D. Fla. Sept. 11, 2019), with respect to the information that Defendant Cody Wilson, sued solely in his individual capacity, will be required to produce; and (3) sustained Defendants' objections regarding the

definitions of the terms "Copyright" and "Works," such that these terms would be limited to the copyrights and works specifically identified in Plaintiff's operative complaint (Doc. No. 43). Doc. No. 185, at 2–5. The Court further ordered the parties to brief the issues of alter-ego, willfulness, temporal scope, financial discovery, attorney-client privilege/work product, the status of any production, and the issue of an ESI protocol. *Id.* at 5–7. To the extent that Defendants raised privilege/protection, the Court further required Defendants to serve on Plaintiff a privilege log in compliance with the Court's Standing Order on Privilege Logs, and to file same with the Court. *Id.* at 7. *See In Re Standing Order Regarding Privilege Logs*, No. 6:19-mc-32-LRH, Doc. No. 1 (M.D. Fla. June 17, 2019), *available at* https://www.flmd.uscourts.gov/standing-order-judge-hoffman-price-regarding-privilege-logs. The parties timely submitted their pre-hearing briefing. Doc. Nos. 200–01. The parties also continued to confer, but resolved no further issues. *See* Doc. No. 205.

Subsequent to the order setting the hearing, on January 28, 2026, Plaintiff filed partial objections with the presiding District Judge regarding the Court's preliminary rulings on the issues of the definitions of "Copyright" and "Works," as well as the definition of "possession, custody, and control." Doc. No. 196. At the outset of the portion of the February 10, 2026 hearing concerning Plaintiff's Motion (Doc. No. 156), the Court addressed with the parties the propriety of proceeding

with the hearing in light of Plaintiff's outstanding objections. Plaintiff's counsel stated that the objections were filed in an abundance of caution and to preserve the record, but, in recognition that the preliminary rulings were non-final, stated that the hearing could proceed. Defense counsel also agreed that the Court could proceed with the hearing. As discussed with the parties, because the rulings were preliminary in nature, and any preliminary rulings will be subsumed in this Order to the extent not modified at the hearing, the Court informed the parties that they will have an objections period that will encompass both the preliminary order and this Order that will run from the date this Order is filed on the public docket. *See* Fed. R. Civ. P. 72(a). Accordingly, with agreement of the parties, the Court proceeded with the hearing.[1]

At the hearing, the Court addressed the Motion (Doc. No. 156) and outstanding discovery issues as framed by the joint status report (Doc. No. 175), which, for the most part and with limited exception as set forth below, included addressing the categories of objections asserted by Defendants, rather than each individual discovery request. The parties both voiced agreement with this approach. In other words, the Court addressed the outstanding discovery issues in the same manner that the parties jointly presented them, and this Order sets forth

---

[1] To the extent any new objections are filed, the Court suggests that the objecting party indicate whether the prior objections (Doc. No. 196) are rendered moot.

the rulings made at the hearing with regard to those categories of objections. *See* Doc. No. 175, at 2.

Accordingly, for the reasons stated on the record at the hearing, Plaintiff Larosiere's Short-Form Motion to Overrule Meritless Objections and Compel Complete Responses to Interrogatories and Requests for Production (Doc. No. 156) is **GRANTED in part and DENIED in part**.   It is **ORDERED** as follows:

1. As set forth in the preliminary order (Doc. No. 185), and at the hearing, any objections previously raised and not addressed in the parties' joint notice (Doc. No. 175) have been waived and are **OVERRULED**.

2. **Relevance and Proportionality**.

    a. <u>Alter-Ego</u>.  The Court finds that discovery as to whether Defendant Cody Wilson and the Defendant Entities (Defcad, Inc., Defense Distributed, and Dioskouroi LLC) are alter-egos could be relevant in this case.  However, outside of these parties, Plaintiff has not established relevance at this time.  Accordingly, it is **ORDERED** that the RFPs and Interrogatories seeking discovery regarding alter-ego are hereby limited to the named Defendants in this case – among and between Cody Wilson, Defcad, Inc., Defense Distributed, and Dioskouroi LLC.

    b. <u>Willfulness/Definition of "Copyright" and "Works."</u>   The

Court's preliminary ruling on this issue stands. *See* Doc. No. 185, at 5. Because willfulness relates to the copyrights at issue in this case, it is hereby **ORDERED** that the definitions of "Copyright" and "Works" as set forth in the Interrogatories and RFPs are defined/limited to the copyrights and works specifically identified in Plaintiff's First Amended Complaint. *See* Doc. No. 43. *See also Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d 1255, 1271–72 (11th Cir. 2015); *Broad. Music, Inc. v. Bloodhound Brew, LLC*, No. 6:14-cv-1705-Orl-22KRS, 2015 WL 12830484, at *5 (M.D. Fla. Nov. 2, 2015).

c. <u>Financial Records</u>. Defendants' objections based on lack of control due to the records being in the possession of a bookkeeper are **OVERRULED**. The Court also finds insufficient the production of a summary chart created by Defendants in response to the discovery requests. Accordingly, it is **ORDERED** that within **fourteen (14) days** of the days of this Order, Defendant Wilson shall produce to Plaintiff individual tax returns (federal and state) from January 1, 2021 to present. It is further **ORDERED** that by this same deadline, Defendants Defcad, Inc. and Defense Distributed shall each produce to Plaintiff balance statements, income statements, and tax returns (federal and state) from January 1, 2021 to present. *See, e.g.*, *Pro Video*

*Instruments, LLC v. Thor Fiber, Inc.*, No. 6:18-cv-1823-Orl-31LRH, 2019 WL 13067426, at *3 (M.D. Fla. Nov. 21, 2019) ("The Court finds that Defendant's balance statements, income statements, and tax returns could provide information relevant to this inquiry. . . .").

3. **Temporal Scope**.  By Plaintiff's concession, *see* Doc. No. 201, at 8, for RFPs and Interrogatories tied to the copyrights or works as identified in the operative complaint (Doc. No. 43), it is **ORDERED** that those requests are hereby limited to the time period of January 1, 2022 to the present.  For all other RFPs and Interrogatories not directly related to the copyrights/works identified in the amended complaint, it is further **ORDERED** that the temporal scope of same shall be limited to January 1, 2021 to the present.

4. **Possession, Custody, and/or Control**.  As determined pre-hearing, the Court applies the definition of the terms "possession, custody, or control" as set forth in *Searock v. Stripling*, 736 F.2d 650, 653-54 (11th Cir. 1984) ("Control is defined not only as possession, but as the legal right to obtain documents requested upon demand.").  Doc. No. 185, at 3.  With respect to this issue, the Court addressed several individual discovery requests with the parties.  As it relates to the RFPs directed to Cody Wilson, Defendants' objections are **SUSTAINED in part**.  Plaintiff conceded at the hearing that the discovery seeking corporate documents related to the Defendant entities

has been (properly) requested from the corporate Defendants themselves, and those discovery requests were not yet ripe as of the time of the hearing. Accordingly, the Motion (Doc. No. 156) is **DENIED** with respect to documents that should be obtained from the Defendant entities or other third-party sources rather than Mr. Wilson in his individual capacity (*e.g.*, RFPs 8–27, 30–32).[2]

With respect to Mr. Wilson's individual possession, custody, or control, however, and with respect to the RFPs issued to Mr. Wilson (Doc. No. 156-2), it is **ORDERED** that within **fourteen (14) days** of the date of this Order, Wilson shall file amended responses to the following RFPs and produce responsive documents in his individual possession, custody, or control, as follows:[3]

    a.    RFPs 4, 5, 8:  To the extent not already produced, Mr. Wilson shall produce responsive documents in his personal possession/custody/control, from January 1, 2022 to present.

    b.    RFPs 28 & 29:  As agreed to by defense counsel, Mr. Wilson

---

[2] As set forth below, however, at the hearing defense counsel agreed that Mr. Wilson would produce documents in the possession/custody/control of Defendants Defense Distributed and Defcad, Inc.

[3] As discussed with Plaintiff's counsel at the hearing, Request 36 is encompassed in the financial discovery to be produced, so Request 36 is not explicitly next discussed.

shall produce documents and communications relating to the payment of cryptocurrency and/or legal currency from any of the Defendant entities (Defcad, Inc., Defense Distributed, Dioskouroi LLC) to Mr. Wilson, from January 1, 2021 to present.

c. <u>RFPs 39, 40, 41</u>: Mr. Wilson shall produce responsive documents from January 1, 2021 to present, to the extent that the referenced bitcoin addresses/accounts are Mr. Wilson's personal or individual addresses/accounts.

d. <u>RFPs 43, 44, 45, 46, 47</u>: For the time period of January 1, 2022 to present, and to the extent not already produced, Mr. Wilson shall produce responsive documents if they are in his personal possession/custody/control.

e. <u>RFPs 58 and Onward (*see* Doc. No. 175, at 3)</u>: Mr. Wilson shall produce responsive documents and/or communications in his personal possession/custody/control, from January 1, 2022 to present, and subject to the definition of "Copyright" and "Works" as set forth above.

f. <u>Agreement of Counsel</u>. Pursuant to agreement by defense counsel at the hearing, and as set forth in the parties' pre-hearing meet and confer, Mr. Wilson has also agreed to produce responsive

documents from Defense Distributed and Defcad, Inc., to the extent not already produced.

g. <u>Affidavit of Compliance</u>.  With this required production, Mr. Wilson shall submit an affidavit, fully executed under penalty of perjury and notarized, detailing the scope of his search for responsive documents, which shall demonstrate a reasonable and diligent search and include how and where he searched for responsive information (*e.g.*, cellphone, email, house, computer).[4]

5. **Privilege and/or Work Product**.  Pre-hearing, the Court ordered that to the extent Defendants maintained any privilege/work product assertions and objections with regard to production, Defendants were to provide Plaintiff and the Court a privilege log in compliance with the Court's Standing Order on Privilege Logs. *See In Re Standing Order Regarding Privilege Logs*, No. 6:19-mc-32-LRH, Doc. No. 1 (M.D. Fla. June 17, 2019), *available at* https://www.flmd.uscourts.gov/standing-order-judge-hoffman-price-regarding-privilege-logs.  Doc. No. 185, at 7.  Defendants submitted a

---

[4] As discussed with the parties at the hearing, there may be information related to the corporate Defendants on Mr. Wilson's personal devices (cellphone, computer, etc.) or personal email(s).  Such information is encompassed by this Order and shall be produced as set forth above.  In other words, if Mr. Wilson choses to do business on his personal devices or using personal email accounts, it is deemed to be in his personal possession, custody, and control and therefore subject to this Order.

- 11 -

privilege log, but it does not comply, as it, among other things, fails to identify the persons listed by job title or otherwise, and the descriptions are fatally vague.  *See* Doc. No. 200-1.  At the hearing, defense counsel had no cogent explanation for this failure.  Accordingly, as set forth at the hearing, it is **ORDERED** as follows:

    a.    All attorney-client privilege and work product objections/assertions as it relates to communications listed between Cody Wilson and Garret Walliman (two non-attorneys) are **OVERRULED,** as waived for failure to comply with the Court's pre-hearing Order.  *See* Doc. No. 185; Doc. No. 200-1.  Within **fourteen (14) days** of the date of this Order, Defendants shall produce to Plaintiff all of these listed communications between Mr. Wilson and Mr. Walliman, in unredacted format.  *See* Doc. No. 200-1.

    b.    As to the remainder of the communications listed on the privilege log, Doc. No. 200-1, **within seven (7) days** of the date of this Order, Defendants shall produce to Plaintiff a privilege log in *full* compliance with the Standing Order on Privilege Logs.  *See In Re Standing Order Regarding Privilege Logs*, No. 6:19-mc-32-LRH, Doc. No. 1 (M.D. Fla. June 17, 2019), *available at* https://www.flmd.uscourts.gov/standing-order-judge-hoffman-

price-regarding-privilege-logs. Within **seven (7) days** of the service of the amended privilege log on Plaintiff (excluding any communications solely between Mr. Wilson and Mr. Walliman), the parties shall conduct a substantive meet and confer to determine whether there are any outstanding objections to the privilege/protection designations. Until then, this portion of Plaintiff's Motion (Doc. No. 156) will be **DENIED without prejudice** to renewal within **fourteen (14) days** of the parties' meet and confer on this issue if necessary.

c.   As to Mr. Wilson's amended response to RFP 48 relating to assertions of privilege with regard to Sara Westman, by agreement of defense counsel at the hearing, Mr. Wilson will supplement to clarify his response that there are no responsive documents related to Ms. Westman at this time.

6.   **Manner of Production.**   To the extent that Plaintiff claims Defendants improperly served "unindexed PDF files" and failed to specifically state which document production was responsive to which specific document request, Plaintiff's Motion (Doc. No. 156) is **DENIED.**   Plaintiff provided no law in support, and the Court finds Defendant's production chart sufficient, given the volume of discovery Plaintiff served.   *See* Doc. Nos. 200-2, 201-2.

7.   **"Missing Items Previously Indicated" & ESI Protocol**.   This issue

- 13 -

comes down to the parties' inability to agree to an ESI protocol, and centrally concerns Defendants' production of Slack chat screenshots. As discussed at the hearing, it is **ORDERED** as follows:

    a.    Within **fourteen (14) days** of the date of this Order, Mr. Wilson shall <u>produce to Plaintiff and file with the Court</u> an affidavit, signed under penalty of perjury and notarized (an affidavit separate and apart from the affidavit on reasonable search as set forth above), providing a list of all nicknames, usernames, and topics relevant to the issues in this case as framed by Plaintiff's discovery requests, for the time period of January 1, 2022 to present, specifically: (1) terminology and words used to identify the works at issue in the amended complaint (RFPs 5, 32); (2) all terminology/search terms/usernames Mr. Wilson has used to describe Plaintiff Matthew Larosiere (RFP 20); (3) all terminology/search terms/usernames Wilson used to describe Plaintiff and/or John Elik (RFPs 111, 112); and (4) all names or terms used to describe "the Gatalog."

    b.    Within **fourteen (14) days** of the date of this Order, the parties shall file a joint notice[5] stating the parties' positions on the list of

---

[5] A joint notice is preferable, but as discussed at the hearing, if the parties cannot file a joint notice, they may file two separate notices on the issue of proposed custodians.

     custodians that should be used for the Slack chat search.

    c. Upon submission of Mr. Wilson's affidavit and the parties' respective positions on custodians, the Court will enter an ESI protocol.

8. To the extent not addressed in this Order, Plaintiff's Motion (Doc. No. 156) is **DENIED in all other respects**.

9. As stated at the hearing, the objections period related to this Order, to include the rulings incorporated and previously made, *see* Doc. No. 185, shall run from the date of this written Order. *See* Fed. R. Civ. P. 72(a).

**As discussed with the parties at the February 10, 2026 hearing, for future discovery motions, and unless the motion is to be designated as "time-sensitive" or an "emergency," the parties' obligations under Local Rule 3.01(g) require the parties to attempt to schedule a substantive meet and confer on the to-be-filed motion for three (3) days. If the parties are unable to complete a meet and confer within that three-day period, the movant may file the motion with the Court, noting same. Pursuant to Local Rule 3.01(g)(3), the movant has an obligation for three (3) days thereafter to diligently attempt to complete the meet and confer, and by the fourth day, file a supplement to the motion certifying conferral efforts. The parties are cautioned that "[t]he purposeful evasion of a communication under [Local Rule 3.01(g)] can result in a sanction." Local Rule 3.01(g)(3).**

- 15 -

**DONE** and **ORDERED** in Orlando, Florida on February 13, 2026.

*Leslie Hoffman Price*
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record