UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW LAROSIERE,

   Plaintiff,

v.              Case No:   6:24-cv-1629-AGM-LHP

CODY RUTLEDGE WILSON,
DEFCAD, INC., DEFENSE
DISTRIBUTED, DIOSKOUROI LLC,

   Defendants

**ORDER**

**And Direction to the Clerk**

  Before the Court is Defendant Defense Distributed's Motion for Rule 37(e) Spoliation Relief with Appointment of a Special Master, Plaintiff Matthew Larosiere's opposition, and Defense Distributed's reply.  Doc. Nos. 136, 146, 154. Upon consideration of the filings and attached exhibits, the Court set the matter for an in-person evidentiary hearing to be held on Wednesday, February 11, 2026, starting at 10:00 a.m.  Doc. No. 186.  In that Order, which consisted of nearly five (5) pages of instructions, the Court directed the parties to, among other things, file exhibit and witness lists by date certain, to appear at the hearing with at least three

(3) copies of all exhibits, and cautioned the parties that any witness or exhibit not listed on the respective party's witness or exhibit list would not be admitted into evidence. *Id.* The Court further directed the parties to be prepared to address several factual and legal issues during the hearing. *Id.* The Court advised that the Federal Rules of Evidence would apply to the hearing, and that failure to comply with this Order may result in sanctions. *Id.*

The Court issued such a lengthy and detailed Order due to the parties' consistent inability to confer and cooperate throughout this litigation. *See, e.g.*, Doc. Nos. 97, 111, 120, 162, 175-1, 175-2, 178, 185. However, the Court did not direct the parties to exchange copies of all exhibits prior to the February 11, 2026 hearing, believing that the parties would at least work together on that front in order to ensure the admission of evidence in a relatively professional manner. As discussed below, the Court was gravely mistaken.

The parties timely-filed their witness lists (Doc. Nos. 204, 206), and Defense Distributed timely-filed its exhibit list, which identified 79 exhibits. Doc. No. 207. Plaintiff did not list any exhibits. Upon review, the Court noted that Defense Distributed had named Plaintiff's attorney – Zachary Zermay – as a potential witness. Doc. No. 206. At the conclusion of the prior day's hearings,[1] the Court

---

[1] On February 10, 2026, the Court held a lengthy hearing with the parties on a variety of motions. *See* Doc. Nos. 185, 192, 197, 208.

inquired about calling Attorney Zermay, and was informed by Defense Distributed's counsel that the reason for listing Attorney Zermay was solely to authenticate certain documents – specifically discovery requests and responses. Defense Distributed's counsel stated that the parties had not yet been able to confer and reach agreement as to the authenticity of these documents – several of which were signed by Attorney Zermay himself – and after discussion with the parties, the Court directed counsel to work together to resolve the issue prior to the start of the hearing on February 11, 2026. The Court also explained to the parties that the first item at the start of the evidentiary hearing would be to discuss the exhibits and Attorney Zermay's potential testimony.

On the morning of the February 11, 2026 hearing, counsel for Defense Distributed notified the Court of an issue – she was locked out of her office and unable to obtain the hearing exhibits. These things happen, so the Court continued the hearing to 1:00 p.m., and the Court does not find fault with this unexpected occurrence, nor should this Order be read as any sort of sanction for this mishap. What happened next, however, is a different story.

When the Court reconvened at 1:00 p.m., as promised the Court addressed the exhibits. After a brief discussion regarding admission of a civil complaint recently filed in California, the Court inquired about the authenticity issue and Attorney Zermay. Unfortunately, the parties were somehow still unable to agree

on the authenticity and/or admissibility of several discovery documents – again many of which were signed by Attorney Zermay himself.  The Court endeavored to reach a resolution with the parties, but their inability to communicate with each other in a productive manner rendered this an exercise in futility, which culminated in Defense Distributed's counsel admitting that she had not provided a complete copy of her exhibits to Plaintiff's counsel in advance of the hearing, such that they were arguing over issues that could have – and should have – been resolved well in advance of the hearing.[2]

The Court strongly admonished the parties and after taking a short break, the Court came to the inevitable conclusion that the inability of counsel on both sides to reach agreement on even the smallest of issues made it impossible for the evidentiary hearing to go forward.  As the Court noted on the record, this pattern has been consistent since nearly the inception of this case, resulting in a waste of judicial resources.  The Court thereafter canceled the hearing.

The Court has taken pains to determine the appropriate course moving forward.  As the Court noted several times during the February 10, 2026 hearing, until February 6, 2026, lead counsel for all Defendants was Attorney Charles Flores, who as of February 6, 2026 is now listed as "additional counsel" for Defense

---

[2] This frustrating pattern was also discussed with the parties at length during the February 10, 2026 hearing.

Distributed. *See* Doc. Nos. 22, 202-03. Current counsel for Defense Distributed, Attorney Leia Leitner and Attorney Amaris Gyebi, did not first appear in this case until October 2, 2025, and Attorney Leitner did not take over as lead counsel for Defense Distributed until February 6, 2026. Doc. Nos. 143, 145, 202. However, the motion for spoliation sanctions, authorized reply, and all exhibits were filed by Attorney Flores when he was lead counsel. Doc. Nos. 136, 154. Yet, inexplicably, Attorney Flores did not appear at the February 11, 2026 hearing, thus leaving Attorneys Leitner and Gyebi holding the proverbial bag. The Court recognizes this timeline, but it does not excuse counsel from working with Plaintiff's counsel on the basic issue of authenticity of exhibits. Nor does it excuse Attorney Zermay from his duty to confer and cooperate with Defense Distributed's counsel on this issue.

Given the history of this case and the events that transpired on February 11, 2026, the Court finds the most prudent course of action is to restart this proceeding from the beginning. Accordingly, it is **ORDERED** as follows:

1. Defendant Defense Distributed's Motion for Rule 37(e) Spoliation Relief with Appointment of a Special Master (Doc. No. 136) is **DENIED WITHOUT PREJUDICE**.

2. Within **thirty (30) days** from the date of this Order, Defense Distributed may file a renewed motion for spoliation sanctions. Such motion may not exceed

**thirty (30) pages** in length, and must be supported by relevant legal authority and exhibits. Any declarations must comply in full with 28 U.S.C. § 1746 in order to be considered.

3. Within **twenty-one (21) days** from the filing of any renewed motion, Plaintiff shall file a response, which also may not exceed **thirty (30) pages,** must be supported by relevant legal authority and exhibits, and any declarations must comply in full with 28 U.S.C. § 1746 in order to be considered.

4. Within **fourteen (14) days** from the filing of any response, Defense Distributed may file a reply brief of no more than **ten (10) pages** in length. Such reply can only address issues raised in the response, and may not be used to address new arguments.

5. Within **fourteen (14) days** from the filing of any reply, the parties shall file a joint statement of undisputed facts, as well as a separate joint statement of disputed facts. These joint statements are not an opportunity for additional argument, but should simply list by number a concise statement of each fact that the parties do or do not agree upon.

6. Upon receipt of these filings, the Court will take the motion under advisement, for such further proceedings as the Court deems necessary and appropriate.[3]

---

[3] The Court has chosen this path rather than rescheduling the evidentiary hearing

7. Because the Court canceled the evidentiary hearing and is denying without prejudice Defense Distributed's motion (Doc. No. 136), any rulings at that hearing on the admissibility of exhibits are hereby **vacated and withdrawn**. In addition, earlier today, Defense Distributed filed on the public docket a "Notice of Filing" along with a copy of all 79 of its exhibits that it anticipated introducing at the hearing. Doc. No. 210. Defense Distributed did not seek leave of Court to make this filing, and in accordance with the Court's rulings in this Order, this filing (Doc. No. 210) and all attachments (Doc. Nos. 210-1 through Doc. No. 210-79) are hereby **STRICKEN**, and the Clerk is **DIRECTED** to remove them from the docket.

**DONE** and **ORDERED** in Orlando, Florida on February 13, 2026.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

in part due to the parties' pattern of behavior, and in part due to the Court's awareness of an incident that occurred outside the Courthouse immediately after the cancellation of the hearing, which resulted in the involvement of the United States Marshals Service and the Orlando Police Department.