UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW LAROSIERE

    Plaintiff,

vs.                                          Case No: 6:24-CV-01629-AGM-LHP

CODY RUTLEDGE WILSON, DEFCAD, INC.,
DEFENSE DISTRIBUTED and
DIOSKOUROI LLC,

    Defendants.
_____/

## **MOTION FOR MISCELLANEOUS RELIEF**

Defendants, **Cody Rutledge Wilson, DEFCAD, Inc.,** and **Defense Distributed,** by and through undersigned counsel, hereby request this Court provide relief as to the deposition of Clay Christensen. Defendants state as follows:

On January 23, 2026, Defendants served notice of their intention to depose Clay Christensen, a third party believed to have knowledge pertaining to the publication and creation of the copyrighted works at issue. On February 2, 2026, Plaintiff's counsel advised that Plaintiff was opposed to the deposition of Mr. Christensen and requested that Defendants hold off serving the subpoena on Mr. Christensen for seven days.

Following the conclusion of Plaintiff's week-long reprieve, the parties met and conferred regarding the deposition of Mr. Christensen and Plaintiff's desire to file a motion for protective order. The meet and confer conference was held on February 13, 2026 and resulted in an impasse, when Plaintiff would not agree to limiting Mr.

1

Christensen's deposition to the claims and defenses raised in this suit. Plaintiff specifically did not agree with Mr. Christensen's deposition covering anything related to Defendants' affirmative defense of illegality. Admittedly, defense counsel does not know of Mr. Christensen performing any illegal acts and did provide assurances that only standard questions pertaining to perjury and/or felony convictions would be asked. These assurances were insufficient, and Plaintiff advised that he would proceed with filing a protective order.

In an effort to avoid unnecessary motion practice, defense counsel provided a list of proposed topics for Mr. Christensen's deposition. An amended list was provided on February 16, 2026, upon Plaintiff's repeated objection to the inclusion of "claims and defenses raised in the First Amended Complaint" as a topic for Mr. Christensen's deposition. No response to the proposed amended list was received. Defendants thereafter provided a proposed joint notice of a mutually agreed to protective order ("Joint Notice"). *See* Exhibit A. No response was received. On February 23, 2026, Defendant requested that Plaintiff provide his position on the instant Motion or the Joint Notice. Plaintiff advised he had not looked at the Joint Notice. Plaintiff's counsel provided no comment. A copy of the Joint Notice was re-circulated on the same date. As of the filing of the instant Motion, Plaintiff has provided no response.

Defendants are aware of no authority that supports the limitations Plaintiff seeks to put on Mr. Christensen's deposition. Nevertheless, Defendants have tried to work with Plaintiff to no avail. Plaintiff has failed to substantiate any alleged concern regarding deposing Mr. Christensen that would be violative of Rule 26 and has not

provided a legally cognizable basis for needing a protective order. A copy of the parties' correspondence on these issues is attached as Exhibit B. Defendants file the instant Motion now to avoid further delay.

**WHEREFORE**, Defendants respectfully request this Court issue an Order permitting the subpoena for deposition be served on Mr. Christensen (Exhibit C) without restriction, or alternatively, issue a protective order limiting the scope of Mr. Christensen's deposition to the claims and defenses in this action.

### 3.01(g) CERTIFICATION

I hereby certify that defense counsel attempted to meet and confer on the relief discussed in this Motion with Plaintiff on February 20, 2026, via email, and on February 23, 2026 via Zoom, to which Plaintiff expressed amenability to filing a joint notice for mutually agreed to protective order, but did not agree to the form proposed and presented in Exhibit A attached hereto and has since become nonresponsive.

DATED:   February 24, 2026

                                            Respectfully submitted,

                                            **WILSON ELSER MOSKOWITZ**
                                              **EDELMAN& DICKER LLP**

                                    By:   *s/ Amaris C. Gyebi*
                                          Leia V. Leitner
                                          Florida Bar No: 105621
                                          111 North Orange Avenue
                                          Suite 1200
                                          Orlando, FL 32801
                                          Telephone:    407-423-7287

Facsimile:  407-648-1376
Leia.Leitner@wilsonelser.com
Cheryl.Kujawski@wilsonelser.com

Jura C. Zibas
Florida Bar No:  124571
Amaris C. Gyebi, Esq.
Florida Bar No:  1019361
2063 Main Street - Suite 100
Sarasota, FL 34237
Telephone: 941-866-8561
Facsimile:  941-210-5979
Jura.Zibas@wilsonelser.com
Amaris.Gyebi@wilsonelser.com
Cheryl.Kujawski@wilsonelser.com

*Co-Counsel for Defendants*
*Cody Rutledge Wilson*
*DEFCAD, Inc. and Defense Distributed*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 24th day of February, 2026 a true and correct copy of the foregoing document has been served by email to the following:  Zachary Z. Zermay, Esq., Florida Bar No:  1002905; Zermay Law, P.A., *Counsel for Plaintiff*, 1200 Fourth Street, #1102, Key West, Florida  33040; Telephone:  305-767-3529; Zach@Zermaylaw.com and info@Zermaylaw.com; Charles (Chad) Flores, Esq., Flores Law PLLC, *Counsel for Defendants, Cody Rutledge Wilson, DEFCAD, Inc., Defense Distributed and Dioskouroi LLC,* 917 Franklin Street, Suite 600, Houston, Texas  77002, Telephone:  713-364-6440, CF@ChadFlores.law; chad-flores-7646@ecf.pacerpro.com  and service@chadflores.law.

*s/Amaris C. Gyebi*
Amaris C. Gyebi

4