# EXHIBIT B

## Gyebi, Amaris

| | |
|---|---|
| **From:** | Gyebi, Amaris |
| **Sent:** | Monday, February 23, 2026 2:12 PM |
| **To:** | Zachary Zermay |
| **Cc:** | Leitner, Leia V.; Zibas, Jura C.; Chad Flores; Chad Flores |
| **Subject:** | FW: SERVICE OF DOCUMENT - Larosiere - Wilson et al  26387.00008 |
| **Attachments:** | USDC Subpoena - Testify at Depo - Clay Christensen (3-25-2026).pdf; Joint Notice of Mutually Agreed to Protective Order - Christensen Subpoena(330548051.1).docx |

Good afternoon-

As a follow up to our call today, I am resending the proposed Joint Notice related to the deposition of Clay Christensen. Please provide Plaintiff's position today or by 12:00 m EST tomorrow, as we would like to get this on the docket sooner rather than later. Based on the discussion today, it does not appear that Plaintiff is opposed but to the extent he is, please provide your position on Defendant's Motion for Miscellaneous Relief, the contents of which are detailed below.

Thanks,

Amaris Gyebi
Attorney At Law
Wilson Elser Moskowitz Edelman & Dicker LLP
2063 Main Street Suite 100
Sarasota, FL 34237
941.210.5961 (Direct)
407.616.6006 (Cell)
941.210.5980 (Main)
941.210.5979 (Fax)
amaris.gyebi@wilsonelser.com

---

**From:** Leitner, Leia V. <Leia.Leitner@wilsonelser.com>
**Sent:** Friday, February 20, 2026 2:40 PM
**To:** Kujawski, Cheryl A. <Cheryl.Kujawski@wilsonelser.com>; Zachary Zermay <zach@zermaylaw.com>; Geraldine Phillips <info@zermaylaw.com>
**Cc:** Chad Flores <cf@chadflores.law>; chad-flores-7646@ecf.pacerpro.com; service@chadflores.law; Zibas, Jura C. <Jura.Zibas@wilsonelser.com>; Gyebi, Amaris <Amaris.Gyebi@wilsonelser.com>
**Subject:** RE: SERVICE OF DOCUMENT - Larosiere - Wilson et al 26387.00008

Dear Mr. Zermay,

Based on the topics discussed above, we have prepared the attached Agreed Protective Order for Mr. Christensen's deposition.

In accordance with the parties' joint efforts to avoid unnecessary motion practice, please find attached a proposed joint notice of mutually agreed protective order. Please note Paragraph 9, which addresses the waiver of the 14-day waiting period for the new subpoena to be issued to Mr. Christensen, including a final copy of the joint notice. To the extent Plaintiff is not amenable to waiver, please let us know why. If the joint notice is not agreeable, we will file a motion for miscellaneous relief to have the Court address the issues raised and the resulting delays in the administration of this action.

Please be prepared to provide your position on the proposed Joint Notice or the Motion for Miscellaneous Relief at the meet and confer call on Monday, February 23, 2026.

Thank you,

Leia V. Leitner
Attorney At Law
Wilson Elser Moskowitz Edelman & Dicker LLP
111 North Orange Avenue Suite 1200
Orlando, FL 32801
407.423.7287 (Direct)
407.973.2111 (Cell)
407.203.7599 (Main)
407.648.1376 (Fax)
leia.leitner@wilsonelser.com



**From:** Kujawski, Cheryl A. <Cheryl.Kujawski@wilsonelser.com>
**Sent:** Friday, February 20, 2026 2:38 PM
**To:** Zachary Zermay <zach@zermaylaw.com>; Geraldine Phillips <info@zermaylaw.com>
**Cc:** Chad Flores <cf@chadflores.law>; chad-flores-7646@ecf.pacerpro.com; service@chadflores.law; Zibas, Jura C. <Jura.Zibas@wilsonelser.com>; Leitner, Leia V. <Leia.Leitner@wilsonelser.com>; Gyebi, Amaris <Amaris.Gyebi@wilsonelser.com>; Kujawski, Cheryl A. <Cheryl.Kujawski@wilsonelser.com>
**Subject:** SERVICE OF DOCUMENT - Larosiere - Wilson et al 26387.00008

Good Afternoon –

Please see attached subpoena that we intend to serve on or after March 6, 2026.

Thank you.

Cheryl A. Kujawski
Legal Secretary
Wilson Elser Moskowitz Edelman & Dicker LLP
2063 Main Street, Suite 100
Sarasota, FL 34237
941.866.8562 (Direct)
941.210.5980 (Main)
941.210.5979 (Fax)
cheryl.kujawski@wilsonelser.com

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

Middle District of Florida ▼

| | |
|---|---|
| MATTHEW LAROSIERE | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.   6:24-cv-01629 |
| CODY RUTLEDGE WILSON, DEFCAD, Inc., | ) |
| DEFENSE DISTRIBUTED, and DIOSKOUROI LLC | ) |
| _Defendant_ | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: **Clay Christensen**
10617 Highway 7, Primm Springs, TN  38476

_____
_(Name of person to whom this subpoena is directed)_

☒ _Testimony:_  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place:  via Zoom | Date and Time: |
|---|---|
| | March 25, 2026 at 10:00 AM EST |

The deposition will be recorded by this method:    Stenographer duly authorized by law

❑ _Production:_  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   2/20/2026

_CLERK OF COURT_

OR

_____        _____
_Signature of Clerk or Deputy Clerk_                    _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   Defendants:
Cody Wilson, Defcad, Inc., and Defense Distributed                                          , who issues or requests this subpoena, are:

Jura C. Zibas, Esq., 2063 Main Street - Suite 100 - Sarasota, Florida 34237; (941) 866-8561; Jura.Zibas@wilsonelser.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 6:24-cv-01629

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) *Quashing or Modifying a Subpoena.***
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Gyebi, Amaris

| | |
|---|---|
| **From:** | Leitner, Leia V. |
| **Sent:** | Monday, February 16, 2026 10:35 AM |
| **To:** | Zachary Zermay |
| **Cc:** | Gyebi, Amaris; Geraldine Phillips; Zibas, Jura C.; Kujawski, Cheryl A.; Chad Flores; chad-flores-7646@ecf.pacerpro.com; service@chadflores.law |
| **Subject:** | RE: SERVICE OF DOCUMENTS - Larosiere vs Wilson et al - Christensen's Deposition - Proposed topics |

Dear Mr. Zermay:

Thank you for your response below.

We appear to be close to agreeing on the topics for Mr. Christensen's deposition.  Thus, we propose the following topics for deposition below:

- Ownership and Access to the Copyrighted Works online. *See* Doc. 213 at p. 7 (defining the definition of "Copyright" and "Works")
- Dates and Times for Publication and Distribution on Beta Chat Rooms for the Copyrighted Works
- Beta Chat Room Operations and Administration
- Discussions regarding the Copyrighted Works with Plaintiff
- Removal, Deletion, and Archival procedures on Chat.DeterrenceDispense.Com for the Copyrighted Works
- All claims and **facts** raised in the First Amended Complaint, pursuant to Fed. R. Civ. P. 26(b)(1)

Please let us know whether you are amenable to limiting the topics to the above at Mr. Christensen's deposition, in lieu of filing a motion for a protective order, by **Wednesday, February 18, 2026**.  If so, please circulate a proposed motion for a protective order to this effect.  Thank you.

Sincerely,

Leia V. Leitner
Attorney At Law
Wilson Elser Moskowitz Edelman & Dicker LLP
111 North Orange Avenue Suite 1200
Orlando, FL 32801
407.423.7287 (Direct)
407.973.2111 (Cell)
407.203.7599 (Main)
407.648.1376 (Fax)
leia.leitner@wilsonelser.com



**From:** Zachary Zermay <zach@zermaylaw.com>
**Sent:** Sunday, February 15, 2026 10:14 PM
**To:** Leitner, Leia V. <Leia.Leitner@wilsonelser.com>
**Cc:** Gyebi, Amaris <Amaris.Gyebi@wilsonelser.com>; Geraldine Phillips <info@zermaylaw.com>; Zibas, Jura C. <Jura.Zibas@wilsonelser.com>; Kujawski, Cheryl A. <Cheryl.Kujawski@wilsonelser.com>; Chad Flores <cf@chadflores.law>; chad-flores-7646@ecf.pacerpro.com; service@chadflores.law
**Subject:** Re: SERVICE OF DOCUMENTS - Larosiere vs Wilson et al - Christensen's deposition outstanding issues

1

EXTERNAL EMAIL - This email originated from outside the organization.

Hello Counsel,

I believe on the call you had suggested limiting the deposition to the claims and defenses, and we said our only concern was that your open-ended defenses, most specifically the "illegality" defense, won't prevent the deposition from being used to inquire as to irrelevant material to harass the third party.

Also, to be clear, the reason we expect this may be being used by your client to harass Mr. Christensen is because we saw that Mr. Wilson recently posted "Beware of Rissnet" on Mr. Christensen's website. Rissnet, as we understand, refers to a tool law enforcement agencies use to coordinate with one another.

We understand your theory of relevance as to Mr. Christensen's deposition to be because you believe he may have been involved with the publication of some of the works at issue. We disagree, but we think it is reasonable that you can ask him about those subjects.

With that, we are fine with a protective order limiting your inquiries into the claims in the case, including all of the matters in your above bulleted list, but we disagree about the open ended nature of the defenses you have pled.

As such, if you will agree to a protective order without the last bullet, we think that would solve everyone's issues.

Sincerely,
Zachary Z. Zermay, Esq.

**Zermay Law**
P (305) 767-3529 | W zermaylaw.com | E zach@zermaylaw.com |
A 3000 Coral Way, Suite 1115, Coral Gables, FL 33145



On Fri, Feb 13, 2026 at 6:39 PM Leitner, Leia V. <Leia.Leitner@wilsonelser.com> wrote:

To clarify, please let us know by **Tuesday, February 17, 2026**, whether you are amenable to limiting the topics to the above at Mr. Christensen's deposition, in lieu of filing a motion for a protective order.

Thanks,

Leia V. Leitner
Attorney At Law
Wilson Elser Moskowitz Edelman & Dicker LLP
111 North Orange Avenue Suite 1200
Orlando, FL 32801
407.423.7287 (Direct)
407.973.2111 (Cell)

407.203.7599 (Main)
407.648.1376 (Fax)
leia.leitner@wilsonelser.com



---

**From:** Leitner, Leia V.
**Sent:** Friday, February 13, 2026 6:12 PM
**To:** 'Zachary Zermay' <zach@zermaylaw.com>
**Cc:** Gyebi, Amaris <Amaris.Gyebi@wilsonelser.com>; Geraldine Phillips <info@zermaylaw.com>; Zibas, Jura C. <Jura.Zibas@wilsonelser.com>; Kujawski, Cheryl A. <Cheryl.Kujawski@wilsonelser.com>; Chad Flores <cf@chadflores.law>; chad-flores-7646@ecf.pacerpro.com; service@chadflores.law
**Subject:** RE: SERVICE OF DOCUMENTS - Larosiere vs Wilson et al - Christensen's deposition outstanding issues

Dear Mr. Zermay:

As per our call regarding Plaintiff's Motion for Protective Order, please note that we are agreeable to limit the following topics to Mr. Christensen's deposition:

- Ownership and Access to the Copyrighted Works online. *See* Doc. 213 at p. 7 (defining the definition of "Copyright" and "Works")
- Dates and Times for Publication and Distribution on Beta Chat Rooms for the Copyrighted Works.
- Beta Chat Room Operations and Administration
- Discussions regarding the Copyrighted Works with Plaintiff
- Removal, Deletion, and Archival procedures on Chat.DeterrenceDispense.Com for the Copyrighted Works
- All claims and defenses raised in the First Amended Complaint, pursuant to Fed. R. Civ. P. 26(b)(1)

Please let us know whether you are amenable to limiting the topics to the above at Mr. Christensen's deposition, in lieu of filing a motion for a protective order, by Tuesday, February 16, 2026.

Thank you,

Leia V. Leitner
Attorney At Law
Wilson Elser Moskowitz Edelman & Dicker LLP
111 North Orange Avenue Suite 1200
Orlando, FL 32801
407.423.7287 (Direct)
407.973.2111 (Cell)
407.203.7599 (Main)
407.648.1376 (Fax)

3

leia.leitner@wilsonelser.com



**From:** Zachary Zermay <zach@zermaylaw.com>
**Sent:** Friday, February 13, 2026 12:31 PM
**To:** Leitner, Leia V. <Leia.Leitner@wilsonelser.com>
**Cc:** Gyebi, Amaris <Amaris.Gyebi@wilsonelser.com>; Geraldine Phillips <info@zermaylaw.com>; Zibas, Jura C. <Jura.Zibas@wilsonelser.com>; Kujawski, Cheryl A. <Cheryl.Kujawski@wilsonelser.com>; Chad Flores <cf@chadflores.law>; chad-flores-7646@ecf.pacerpro.com; service@chadflores.law
**Subject:** Re: SERVICE OF DOCUMENTS - Larosiere vs Wilson et al OUTSTANDING DISCOVERY ISSUES, POTENTIAL ADDITIONAL MOTION FOR PROTECTIVE ORDER

---

EXTERNAL EMAIL - This email originated from outside the organization.

---

Zachary Zermay is inviting you to a scheduled Zoom meeting.

Topic: Zachary Zermay's Zoom Meeting
Time: Feb 13, 2026 01:00 PM Eastern Time (US and Canada)
Join Zoom Meeting
https://thomassonpllc.zoom.us/j/82053640023?pwd=NWpargwagrLoyb2Ha2x3oR2XcuJmKv.1

View meeting insights with Zoom AI Companion
https://thomassonpllc.zoom.us/launch/edl?muid=7de03ba9-5a53-4a05-979b-0437d011ef56

Meeting ID: 820 5364 0023
Passcode: 055236

---

One tap mobile
+13052241968,,82053640023#,,,,*055236# US
+13126266799,,82053640023#,,,,*055236# US (Chicago)

Join instructions
https://thomassonpllc.zoom.us/meetings/82053640023/invitations?signature=P7bbxPRFaM_5fIjoE2u_2UlRYCK3tk0Rq2TNhH6B7mw

Sincerely,

Zachary Z. Zermay, Esq.

**Zermay Law**
P (305) 767-3529 | W zermaylaw.com | E zach@zermaylaw.com |



On Fri, Feb 13, 2026 at 9:58 AM Zachary Zermay <zach@zermaylaw.com> wrote:

I'll circulate a zoom link; we don't have a court reporter (in case you want to bring one)

Sincerely,

Zachary Z. Zermay, Esq.



On Fri, Feb 13, 2026 at 9:32 AM Zachary Zermay <zach@zermaylaw.com> wrote:

1:00

Sincerely,

Zachary Z. Zermay, Esq.

**Zermay Law**
P (305) 767-3529 | W zermaylaw.com | E zach@zermaylaw.com |

A  3000 Coral Way, Suite 1115, Coral Gables, FL 33145

On Fri, Feb 13, 2026 at 9:26 AM Leitner, Leia V. <Leia.Leitner@wilsonelser.com> wrote:

Following up with the below.  What time are you available to discuss the Motion for Protective Order today?

Leia V. Leitner
Attorney At Law
Wilson Elser Moskowitz Edelman & Dicker LLP
111 North Orange Avenue Suite 1200
Orlando, FL 32801
407.423.7287 (Direct)
407.973.2111 (Cell)
407.203.7599 (Main)
407.648.1376 (Fax)
leia.leitner@wilsonelser.com

**From:** Leitner, Leia V.
**Sent:** Thursday, February 12, 2026 6:10 PM
**To:** 'Zachary Zermay' <zach@zermaylaw.com>
**Cc:** Gyebi, Amaris <Amaris.Gyebi@wilsonelser.com>; Geraldine Phillips <info@zermaylaw.com>; Zibas, Jura C.
<Jura.Zibas@wilsonelser.com>; Kujawski, Cheryl A. <Cheryl.Kujawski@wilsonelser.com>; Chad Flores
<cf@chadflores.law>; chad-flores-7646@ecf.pacerpro.com; service@chadflores.law
**Subject:** RE: SERVICE OF DOCUMENTS - Larosiere vs Wilson et al OUTSTANDING DISCOVERY ISSUES, POTENTIAL
ADDITIONAL MOTION FOR PROTECTIVE ORDER

Hi Mr. Zermay,

Let's discuss the subpoenas tomorrow.

Thank you,


Leia V. Leitner
Attorney At Law
Wilson Elser Moskowitz Edelman & Dicker LLP
111 North Orange Avenue Suite 1200
Orlando, FL 32801
407.423.7287 (Direct)
407.973.2111 (Cell)
407.203.7599 (Main)
407.648.1376 (Fax)
leia.leitner@wilsonelser.com



**From:** Zachary Zermay <zach@zermaylaw.com>
**Sent:** Thursday, February 12, 2026 5:00 PM
**To:** Leitner, Leia V. <Leia.Leitner@wilsonelser.com>
**Cc:** Gyebi, Amaris <Amaris.Gyebi@wilsonelser.com>; Geraldine Phillips <info@zermaylaw.com>; Zibas, Jura C. <Jura.Zibas@wilsonelser.com>; Kujawski, Cheryl A. <Cheryl.Kujawski@wilsonelser.com>; Chad Flores <cf@chadflores.law>; chad-flores-7646@ecf.pacerpro.com; service@chadflores.law
**Subject:** Re: SERVICE OF DOCUMENTS - Larosiere vs Wilson et al OUTSTANDING DISCOVERY ISSUES, POTENTIAL ADDITIONAL MOTION FOR PROTECTIVE ORDER


EXTERNAL EMAIL - This email originated from outside the organization.


Okay. ███████████████████████████████████████████████
███████████████████████████████


Sincerely,

Zachary Z. Zermay, Esq.


**Zermay Law**
P (305) 767-3529 | W zermaylaw.com | E zach@zermaylaw.com |

3000 Coral Way, Suite 1115, Coral Gables, FL 33145

On Thu, Feb 12, 2026 at 4:49 PM Leitner, Leia V. <Leia.Leitner@wilsonelser.com> wrote:

Any time between 1:00 p.m. and 5:00 p.m. EST tomorrow works.


Thanks


Leia V. Leitner
Attorney At Law
Wilson Elser Moskowitz Edelman & Dicker LLP
111 North Orange Avenue Suite 1200
Orlando, FL 32801
407.423.7287 (Direct)
407.973.2111 (Cell)
407.203.7599 (Main)
407.648.1376 (Fax)
leia.leitner@wilsonelser.com



**From:** Zachary Zermay <zach@zermaylaw.com>
**Sent:** Thursday, February 12, 2026 4:14 PM
**To:** Leitner, Leia V. <Leia.Leitner@wilsonelser.com>
**Cc:** Gyebi, Amaris <Amaris.Gyebi@wilsonelser.com>; Geraldine Phillips <info@zermaylaw.com>; Zibas, Jura C.
<Jura.Zibas@wilsonelser.com>; Kujawski, Cheryl A. <Cheryl.Kujawski@wilsonelser.com>; Chad Flores
<cf@chadflores.law>; chad-flores-7646@ecf.pacerpro.com; service@chadflores.law
**Subject:** Re: SERVICE OF DOCUMENTS - Larosiere vs Wilson et al OUTSTANDING DISCOVERY ISSUES, POTENTIAL
ADDITIONAL MOTION FOR PROTECTIVE ORDER


EXTERNAL EMAIL - This email originated from outside the organization.

I'm free tomorrow, when are you available?


Sincerely,

Zachary Z. Zermay, Esq.


**Zermay Law**
P (305) 767-3529 | W zermaylaw.com | E zach@zermaylaw.com |
A 3000 Coral Way, Suite 1115, Coral Gables, FL 33145




On Thu, Feb 12, 2026 at 12:37 PM Leitner, Leia V. <Leia.Leitner@wilsonelser.com> wrote:

Dear Mr. Zermay:


I am following up regarding Mr. Christensen's subpoena and Plaintiff's motion for a protective Order.


As previously discussed on February 5, 2026, and again on February 6, 2026, I provided dates to meet and confer regarding Plaintiff's motion for a protective Order.  Currently, I am available to meet tomorrow to discuss this further.  If we do not hear from you on a date to meet, we will proceed with service on February 16, 2026.


Thank you,


Leia V. Leitner
Attorney At Law
Wilson Elser Moskowitz Edelman & Dicker LLP
111 North Orange Avenue Suite 1200
Orlando, FL 32801
407.423.7287 (Direct)
407.973.2111 (Cell)
407.203.7599 (Main)
407.648.1376 (Fax)

leia.leitner@wilsonelser.com

**From:** Leitner, Leia V.
**Sent:** Friday, February 6, 2026 10:05 AM
**To:** Zachary Zermay <zach@zermaylaw.com>
**Cc:** Gyebi, Amaris <Amaris.Gyebi@wilsonelser.com>; Geraldine Phillips <info@zermaylaw.com>; Zibas, Jura C. <Jura.Zibas@wilsonelser.com>; Kujawski, Cheryl A. <Cheryl.Kujawski@wilsonelser.com>; Chad Flores <cf@chadflores.law>; chad-flores-7646@ecf.pacerpro.com; service@chadflores.law
**Subject:** RE: SERVICE OF DOCUMENTS - Larosiere vs Wilson et al OUTSTANDING DISCOVERY ISSUES, POTENTIAL ADDITIONAL MOTION FOR PROTECTIVE ORDER

Dear Mr. Zermay:

As for Mr. Christensen's subpoena, I am available to meet and confer on Plaintiff's Motion for protective Order anytime on Monday, February 9, 2026, after the hearings on February 10, 2026, and February 11, 2026, and anytime on February 13, 2026.

Thanks,

Leia V. Leitner
Attorney At Law
Wilson Elser Moskowitz Edelman & Dicker LLP
111 North Orange Avenue Suite 1200
Orlando, FL 32801
407.423.7287 (Direct)
407.973.2111 (Cell)
407.203.7599 (Main)
407.648.1376 (Fax)
leia.leitner@wilsonelser.com

**From:** Zachary Zermay <zach@zermaylaw.com>
**Sent:** Thursday, February 5, 2026 7:24 PM
**To:** Leitner, Leia V. <Leia.Leitner@wilsonelser.com>
**Cc:** Gyebi, Amaris <Amaris.Gyebi@wilsonelser.com>; Geraldine Phillips <info@zermaylaw.com>; Zibas, Jura C.

<Jura.Zibas@wilsonelser.com>; Kujawski, Cheryl A. <Cheryl.Kujawski@wilsonelser.com>; Chad Flores
<cf@chadflores.law>; chad-flores-7646@ecf.pacerpro.com; service@chadflores.law
**Subject:** Re: SERVICE OF DOCUMENTS - Larosiere vs Wilson et al OUTSTANDING DISCOVERY ISSUES, POTENTIAL
ADDITIONAL MOTION FOR PROTECTIVE ORDER

EXTERNAL EMAIL - This email originated from outside the organization.

As for Mr. Christensen, will you hold back on serving him for 7 more days while we discuss? If not, please provide 3 of
your next available dates of availability for a meet-and-confer on a motion for protective order.

Sincerely,

Zachary Z. Zermay, Esq.

**Zermay Law**
P (305) 767-3529 | W zermaylaw.com | E zach@zermaylaw.com |
A 3000 Coral Way, Suite 1115, Coral Gables, FL 33145

On Thu, Feb 5, 2026 at 3:17 PM Leitner, Leia V. <Leia.Leitner@wilsonelser.com> wrote:

Dear Mr. Zermay:

I am following up on the email below.

As for Clay Christensen's subpoena, upon information and belief, Mr. Christensen has first-hand
knowledge of the development and publication of the copyrights-in-suit at issue.  Additionally, we

previously provided notice of Mr. Christensen's deposition subpoena, at which the Plaintiff raised a relevancy objection. If Plaintiff intends to proceed with motion practice, as indicated below, please let us know when you are available to meet and confer tomorrow, February 6, 2026, or Monday, February 9, 2026, to discuss this further. If we do not hear from you, we will proceed with service on February 6, 2026. Thank you.

Sincerely,

Leia V. Leitner
Attorney At Law
Wilson Elser Moskowitz Edelman & Dicker LLP
111 North Orange Avenue Suite 1200
Orlando, FL 32801
407.423.7287 (Direct)
407.973.2111 (Cell)
407.203.7599 (Main)
407.648.1376 (Fax)
leia.leitner@wilsonelser.com



**From:** Leitner, Leia V.
**Sent:** Tuesday, February 3, 2026 2:40 PM
**To:** 'Zachary Zermay' <zach@zermaylaw.com>
**Cc:** Gyebi, Amaris <Amaris.Gyebi@wilsonelser.com>; Geraldine Phillips <info@zermaylaw.com>; Zibas, Jura C. <Jura.Zibas@wilsonelser.com>; Kujawski, Cheryl A. <Cheryl.Kujawski@wilsonelser.com>; Chad Flores <cf@chadflores.law>; chad-flores-7646@ecf.pacerpro.com; service@chadflores.law
**Subject:** RE: SERVICE OF DOCUMENTS - Larosiere vs Wilson et al OUTSTANDING DISCOVERY ISSUES, POTENTIAL ADDITIONAL MOTION FOR PROTECTIVE ORDER

Dear Mr. Zermay:

As to Clay Christensen's subpoena, please explain why the information sought therein is not relevant to this matter. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)(recognizing that a "party resisting discovery 'must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive"); *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)(same proposition); *Adelman v. Boy Scouts of Am.*, 276 F.R.D. 681, 689 (S.D. Fla. 2011)(same proposition). Once Plaintiff provides the reason why the information is not relevant, we can discuss whether it relates to the claims and defenses or to fact-oriented information supporting the merits of those claims and defenses.

Thank you,

Leia V. Leitner
Attorney At Law
Wilson Elser Moskowitz Edelman & Dicker LLP
111 North Orange Avenue Suite 1200
Orlando, FL 32801
407.423.7287 (Direct)
407.973.2111 (Cell)
407.203.7599 (Main)
407.648.1376 (Fax)
leia.leitner@wilsonelser.com



**From:** Zachary Zermay <zach@zermaylaw.com>
**Sent:** Monday, February 2, 2026 8:43 PM
**To:** Leitner, Leia V. <Leia.Leitner@wilsonelser.com>
**Cc:** Gyebi, Amaris <Amaris.Gyebi@wilsonelser.com>; Geraldine Phillips <info@zermaylaw.com>; Zibas, Jura C. <Jura.Zibas@wilsonelser.com>; Kujawski, Cheryl A. <Cheryl.Kujawski@wilsonelser.com>; Chad Flores <cf@chadflores.law>; chad-flores-7646@ecf.pacerpro.com; service@chadflores.law
**Subject:** SERVICE OF DOCUMENTS - Larosiere vs Wilson et al OUTSTANDING DISCOVERY ISSUES, POTENTIAL ADDITIONAL MOTION FOR PROTECTIVE ORDER

EXTERNAL EMAIL - This email originated from outside the organization.

Hello counsel,



**Clay Christensen subpoena**: We have seen the subpoena you seek to serve on Mr. Christensen. We are worried that this presents the same issues as those in the pending motion for a protective order, as our research shows Mr. Christensen also to be a public critic of Mr. Wilson. We seek to avoid motion practice by asking you what the theory of relevance is and what is sought to be learned from Mr. Christensen. Can you please tell us? If there is a legitimate theory, great. If not, we will need to move for another protective order.

Sincerely,

Zachary Z. Zermay, Esq.



**Zermay Law**
P (305) 767-3529 | W zermaylaw.com | E zach@zermaylaw.com |
A 3000 Coral Way, Suite 1115, Coral Gables, FL 33145

## Gyebi, Amaris

| | |
|---|---|
| **From:** | Kujawski, Cheryl A. |
| **Sent:** | Friday, January 23, 2026 4:50 PM |
| **To:** | Zachary Zermay; Geraldine Phillips |
| **Cc:** | Zibas, Jura C.; Gyebi, Amaris; Leitner, Leia V.; Kujawski, Cheryl A. |
| **Subject:** | SERVICE OF DOCUMENTS  -  Larosiere  vs  Wilson et al   26387.00008 |
| **Attachments:** | Deposition Subpoena - Clay Christensen.pdf |

**[EXTERNAL EMAIL]**

**SERVICE OF DOCUMENT(s)**

**Good Afternoon –**

**We intend on having this served on or after  February 6, 2026..  Thank you.**

| | |
|---|---|
| **CAPTION:** | Matthew Larosiere  -vs-  Cody Rutledge Wilson, DEFCAD, Inc., Defense Distributed and Dioskouroi LLC. |
| **COURT:** | USDC – Middle District of Florida – Orlando Division |
| **COURT CASE NO.:** | 6:24-CV-01629-AGM-LHP |
| **DOCUMENTS SERVED:** | Deposition Subpoena –  Clay Christensen |
| **SERVING PARTY:** | Defendants:<br>   Cody Rutledge Wilson  -  DEFCAD, Inc.,  -  Defense Distributed |
| **SERVING PARTY COUNSEL** | **Wilson Elser Moskowitz Edelman & Dicker**<br>2063 Main Street – Suite 100<br>Sarasota  FL  34237<br><br>**Jura C. Zibas, Esq.**<br>Jura.Zibas@wilsonelser.com<br>Direct Dial: 941-866-8561<br>Office Fax:   941-210-5979<br><br>**Leia V. Leitner, Esq.**<br>Leia.Leitner@wilsonelser.com<br>Tele:  407-423-7287<br>Fax:   407-648-1376 |
| **WILSON ELSER FILE NO:** | 26387.00008 |
| **NOTES:** | If you have any questions, please feel free to contact me on my direct line at 941-866-8562.  Thank you. |

Cheryl A. Kujawski
Legal Secretary
Wilson Elser Moskowitz Edelman & Dicker LLP
2063 Main Street, Suite 100
Sarasota, FL 34237
941.866.8562 (Direct)
941.210.5980 (Main)

941.210.5979 (Fax)
cheryl.kujawski@wilsonelser.com

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida ▾

MATTHEW LAROSIERE )
_____ )
*Plaintiff* )
v. ) Civil Action No.   6:24-cv-01629
CODY RUTLEDGE WILSON, DEFCAD, Inc., )
DEFENSE DISTRIBUTED, and DIOSKOUROI LLC )
_____ )
*Defendant* )

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                Clay Christensen
                       10617 Highway 7 Primm Springs, TN 38476

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Wilson Elser Moskowitz Edelman & Dicker LLP | Date and Time: |
| 1801 West End Avenue - Suite 290 | |
| Nashville  TN  37203 | 2/24/2026 at 10:00 AM CST |

The deposition will be recorded by this method:   Stenographer and videographer duly authorized by law

❏ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   1/23/2026
_____

                   *CLERK OF COURT*
                                             OR

_____          _____
   *Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Defendant
DEFCAD, Inc.
_____, who issues or requests this subpoena, are:

Jura C. Zibas, 2063 Main Street Suite 100 Sarasota, FL 34237, (941) 866-8561, jura.zibas@wilsonelser.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 6:24-cv-01629

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).