UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

    *Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc., DEFENSE DISTRIBUTED, and DIOSKOUROI LLC,

    *Defendants*.

_____/

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR MISCELLANEOUS RELIEF

Plaintiff is deeply confused by Defendants' filing. At no point did Defendants substantively confer on the relief requested in the (Doc. 216) motion (hereinafter "The Motion"). (Ex. A ¶4-8). Plaintiff had no idea Defendants intended to file this motion. The first time "miscellaneous relief" was even mentioned was scarcely a full business day before Defendants filed it. (Doc. 216 at 3); (Doc. 216-2 at 1) (stating that "If the joint notice is not agreeable, we will file a motion for miscellaneous relief" for the first time on February 20, 2026, without attaching any such motion or substantively discussing it in any way). But the parties agreed to the contents of that notice yesterday, on February 23, and The Motion was never even mentioned. (Ex A ¶6-7). Only the form of the notice was left to be agreed, which Plaintiff's counsel understood he would complete today, February 24. (Ex. A ¶ 7). The Motion cannot comply with 3.01(g), as modified by this Court's February 13 Order, as the first time

1

"miscellaneous relief" was even invoked in passing by Defendants was Friday, February 20, 2026. There has only been one full day under Rule 6(a)(1) since that communication.

Counsel for Plaintiff, as an individual practitioner, understands his duty to confer with opposing counsel, and is sincerely endeavoring to work with Defendants. While the undersigned could endeavor to be faster and more diligent, he feels Defendants' representation, in the February 24, 2026 motion, that he "bec[a]me unresponsive" for a period of less than 24 hours (Doc. 216 at 3) is unreasonable. The undersigned was relieved at what he thought was the first negotiated mutual resolution in this case, and felt that the agreement they verbally solidified on February 23, 2026—again, yesterday  was a sign of improving civility between counsel in this case. The undersigned regrets that he was, apparently, mistaken.

Wishing not to burden this Court with more ink than has already been spilled in this now well-over-200-entry Docket, the undersigned notes that he was, in part, "strongly admonished" (Doc. 214 at 4) for his previously insisting a court reporter be at all meetings of counsel.[1] The undersigned understands the Court may have thought he was using the retention of a court reporter to delay or avoid conference. This was never the case. This was only the second conference since that order, and Plaintiff had chosen not to bring one, hoping civility would be instilled by the Court's firm encouragement to resolve matters civilly. The undersigned now regrets not

---

[1] Among other things, of course.

2

bringing a court reporter, as misrepresentations about the contents of conferences like those in The Motion are precisely why he originally insisted on having one at all conferences. Neither The Motion, much less its substance, were discussed between counsel. (Ex. A at ¶ 7).

## CONCLUSION

The Motion should be denied.

Respectfully submitted,

DATED: February 24, 2026

/s/ Zachary Z. Zermay
Zachary Z. Zermay, Esq.
Fla. Bar № 1002905
*Zermay Law, P.A.*
3000 Coral Way Ste 1115
Coral Gables, FL 33145
Email: zach@zermaylaw.com
Telephone: (305) 767-3529
*Lead Counsel for Plaintiff Matthew Larosiere*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on this 24th day of February, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Zachary Z. Zermay*

Zachary Z. Zermay, Esq.
Fla. Bar № 1002905