UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

*Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc., DEFENSE DISTRIBUTED, and DIOSKOUROI LLC,

*Defendants*.

_____/

### DECLARATION OF ATTORNEY ZACHARY Z. ZERMAY

I, Zachary Z. Zermay, am a citizen of the United States of America and resident of the State of Florida. I am over 18 years age, and if called to testify in court or other proceedings as to the matters identified in this Declaration, I could and would do so, given this Declaration is based on my own personal knowledge.

1) I first reached out to counsel for Defendants, Leia Leitner, about my concerns with the deposition of third-party Mr. Christensen and suggesting a protective order on or about February 3, 2026. We exchanged several emails, and conferred telephonically on February 13th.

2) At the February 13th conference, I agreed that Defendants had articulated a theory of relevance as to Mr. Christensen, but the primary sticking point for myself and my client was Defendants' insistence that Mr. Christensen be deposed on the claims and defenses in this suit, given Defendants' open-ended "illegality" defense and what I perceived to be a threat Defendant had previously made publicly against Mr.

1

Christensen. I proposed the protective order simply limit the subjects of the deposition to the claims, and Defendants at this time did not agree. We ended the conference with the understanding that I would be filing a motion.

3) Shortly after the call, at 6:12 PM, Defendants' counsel Ms. Leitner sent an email which I understood to be her re-asserting the position she had taken during the call. She followed up with an email at 6:39 PM requesting our position on the prior email, which again I understood to be the very same position we could not agree to on the call, by Tuesday, February 17. I indicated that if they simply removed the reference to Defenses, it would satisfy our concerns. I felt at that point we had reached a compromise and that motion practice would not be necessary.

4) On Friday, February 20, 2026, while I was traveling, Ms. Leitner sent me an email with a proposed joint notice. I saw that Ms. Leitner wanted to discuss this on a call we already had scheduled for another matter on February 23.

5) There was no "motion for miscellaneous relief" attached to Ms. Leitner's February 20, 2026 email, nor was the substance of the motion, ultimately filed on February 24, 2026, articulated in any way. The only request I saw at that time was a waiver of the 14-day waiting period, which I had no issue with.

6) On the February 23, 2026 call, we very briefly discussed the matter of Mr. Christensen's deposition. Counsel for Defendants asked if I had reviewed the notice, and I told counsel I had not reviewed it yet, but that I felt we were in agreement, and told them we took no issue with the notice waiver.

7) On the February 23, 2026 call, Ms. Gyebi asked that I review the proposed protective order and provide a position "tomorrow," which I agreed to do. Ms. Gyebi then sent me another email with the draft notice. This was the only discussion on the February 23 call regarding the issue of Mr. Christensen's deposition.

8) At no point during the February 23, 2026 call did counsel for Defendants mention anything at all about filing a motion, nor anything about taking Mr. Christensen's deposition without the protective order, nor did I understand or anticipate in any way that the (Doc. 216) motion was even being contemplated, much less that it would be filed if I did not indicate my assent to a draft notice I had received less than one full business day prior.

9) Being not even a full business day had passed since Ms. Gyebi first circulated the notice on Friday, February 20, I had planned to review the order and submit my assent after tending to more pressing matters, as I felt the issue was resolved.

10) On February 24, 2026, around 6:00 PM, I reviewed Ms. Gyebi's February 23, 2026 email and told her I agreed to the framing of the proposed protective order.

11) Shortly thereafter, I saw that Defendants had filed the (Doc. 216) Motion.

12) Confused, at 6:41 PM, I wrote:

> Counsel,
>
> I was just reviewing my emails, and saw that you had filed a motion for "Miscellaneous Relief" that was never discussed with me and was not provided to me before it was filed. I thought we were in agreement on the subject matters of Mr. Christensen's deposition. Please advise why you filed that motion without conferring with me, and if you are going to withdraw it. Thanks.
>
> Sincerely,
> Zachary Z. Zermay, Esq.

13) Then, at 6:57 PM, I received the following response:

> Mr. Zermay-
>
> 1. Before copying and pasting a message prepared by Mr. Larosiere, I suggest you check the font. It will make the pasting less obvious.
> 2. As stated in my 3.01(g) Certification, we attempted to meet and confer by email on the 20th and again during the call on the 23rd. I understand you may have missed this portion of the conversation, as you relied on Mr. Larosiere to exclusively lead the call. Nevertheless, it was discussed and confirmed by email right after.
> 3. I have no issue with notifying the Court that after several weeks of delay by Plaintiff, and only after filing the Motion for Miscellaneous Relief, you responded with your agreement to the Joint Notice and topics that were circulated a week ago for Plaintiff's benefit. You can expect that filing tomorrow, as it is 7 pm and I do have a family.
>
> Thanks,
>
> Amaris Gyebi

4

14) I did not "copy[] and paste" anything from Mr. Larosiere. Rather, I had copied Mr. Christensen's name, and "Miscellaneous Relief," from Defendants' own email, because I am self-conscious about my ability to spell.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 24, 2026, in Key West, Florida.

*/s/ Zachary Z. Zermay*

Zachary Z. Zermay, Esq.