UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW LAROSIERE

    Plaintiff,

vs.                                        Case No: 6:24-CV-01629-AGM-LHP

CODY RUTLEDGE WILSON, DEFCAD, INC.,
DEFENSE DISTRIBUTED and
DIOSKOUROI LLC,

    Defendants.
_____/

**<u>DEFENDANTS' PARTIAL OBJECTION TO THE MAGISTRATE'S</u>**
**<u>FEBRUARY 13, 2026 ORDER [DKT. 213]</u>**

Defendants, Cody Wilson, DEFCAD, Inc., and Defense Distributed, by and through undersigned counsel, hereby file their Objection to the Magistrate's February 13, 2026 Order. Defendants state as follows:

## I. INTRODUCTION

On February 13, 2026, Magistrate Hoffman-Price issued her Order granting in part and denying in part Plaintiff's Motion to Overrule Defendants' Objections. Dkt. 213 ("Order"). As part of this Order, Defendants' privilege objections for communications between Defendant Wilson, and corporate employee, Garret Walliman, were overruled and deemed waived. *Id*. at 12. The Order further directed Defendants to produce all communications listed in Defendants' privilege log at Dkt. 200-1 between Cody Wilson and Garret Waliman in unredacted form. *Id*. Defendants respectfully object to the Magistrate's Order on the issue of waiver and the directive to produce privileged communications.

The Order is clearly erroneous and contrary to law because: (1) Plaintiff misrepresented United States Supreme Court authority to substantiate his false claim that the communications at issue are not privileged; (2) full compliance would require the disclosure of communications already denied to Plaintiff; (3) of waiver of privilege is unwarranted here; (4) the Order requires the production beyond the scope of Rule 26(b); and (5) the Order contravenes Rule 34 and authority requiring cooperation in discovery. The hearing transcript is filed at Dkt. 220.

## I. BACKGROUND

On September 28, 2025, Plaintiff served over 150 requests for production. *See* Dkt. 156-2. The requests as served were patently overbroad and failed to comply with the Federal Rules of Civil Procedure 26 and 34, Section III(A)(1) of The Middle District of Florida's Civil Discovery Handbook, and prevailing authority. *See e.g.* Dkt. 220 at 146:18-147:7. Defendants timely objected, and on November 5, 2025, Plaintiff moved to overrule those objections. Dkt. 156. At issue is Defendants' objection to the production of privileged communications between Defendant Wilson, and corporate employee, Garret Walliman.

From the onset of this litigation, Mr. Walliman has facilitated and provided information necessary to defend this action and has done so at the direction of counsel directly or via Mr. Wilson. Various communications involving Mr. Walliman were captured during Defendants' search for responsive documents, and to the extent privileged, were logged accordingly. *See* Dkt. 200-1; *see also* Exhibit A. Due to the overbreadth of Plaintiff's requests, documents wholly unrelated to this matter and predating the copyrighted works at issue were also captured. While Defendants objected to these requests as overbroad and irrelevant, responsive communications/documents were logged as privileged, pending the resolution of Defendants' objections.

At the February 10, 2026 hearing, Magistrate Hoffman-Price determined that Defendants' privilege log was noncompliant with Court's Standing Order on Privilege Logs ("Standing Order"), and advised that the privilege objections pertaining to communications between Garret Walliman and Defendant Wilson would be

3

overruled and deemed waived. The resulting Order, issued February 13, 2026, directed production of all communications listed in Defendants' privilege log at Dkt. 200-1 between Cody Wilson and Garret Waliman in unredacted form. Dkt. 213 at 12. Defendants respectfully submit the portions of the Order overruling the privilege objections and directing production are clearly erroneous and contrary to law, and must be set aside, or modified.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 72(a), a party can object to a magistrate judge's order on a non-dispositive, pre-trial matter. When a party timely objects, the district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948). "An order is contrary to law 'when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *SEC v. Kramer*, 778 F. Supp. 2d 1320, 1327 (M.D. Fla. 2011).

## III. ARGUMENT

**a. The Order is clearly erroneous because the communications are privileged, and the privilege was timely asserted, notwithstanding a finding of noncompliance with the Court's Standing Order on Privilege Logs.**

1. <u>The Order is clearly erroneous as it is a byproduct of Plaintiff's false presentation of legal authority.</u>

This issue arose upon Plaintiff's assertion that "[a]ttorney-client privilege does

4

not attach to communications that occur solely among non-lawyers". Dkt. 175 at 10. In support of this position, Plaintiff cited *Upjohn Co. v. United States*, 449 U.S. 383, 390 (1981). *Id.* No portion of *Upjohn* stands for, implies, or even suggests what Plaintiff asserts.

In *Upjohn*, the Supreme Court addressed whether attorney-client privilege attached to documents/communications generated as part of the petitioner corporation's internal investigation. *Id*. at 394-95. In resisting production, the corporation asserted the records were protected by attorney-client privilege. *Id*. at 388. The Supreme Court agreed, finding the narrow scope of protection adopted by the appellate court, "frustrate[d] the very purpose of [attorney-client] privilege by discouraging the communication of relevant information by employees of the client to attorneys seeking to render legal advice to the client corporation". *Id*. at 392. The Supreme Court specifically noted that "in a corporation, it may be necessary to glean information relevant to a legal problem from middle management or non-management personnel as well as from top executives" and restricting privilege to those of the very highest authority "overlooks the fact that the privilege exists to protect not only the giving of professional advice to those who can act on it *but also the giving of information to the lawyer to enable him to give sound and informed advice*." *Id*. at 390-91 (emphasis added). The Supreme Court did not address whether privilege can exist between non-lawyers, and explicitly "decline[d] to lay down a broad rule or series of rules to govern all conceivable future questions in this area". *Id*. at 386.

5

Plaintiff did not read *Upjohn* before citing it in his brief[1], and certainly did not review its progeny before affirmatively representing to the Court that attorney-client privilege does not attach to communications that occur solely between non-attorneys. Indeed, the premise that an attorney must be involved in communications in order for privilege to attach has been repeatedly rejected by courts in this district, including this Court. *See Bartholomew v. Lowe's Home,* 2022 U.S. Dist. LEXIS 129856 at *8-9 (M.D. Fla. July 22, 2022) (stating "[t]he attorney-client privilege covers communications between non-lawyers" and citing to *Upjohn*, for the principle that because the decision-making power of a corporation is often shared, the circulation of privileged communications among several employees (including non-lawyers) is unavoidable); *Burrow v. Forjas Taurus S.A.*, 334 F. Supp. 3d 1222, 1234-36 (S.D. Fla. 2018) (There is no rigid requirement "for a communication to include a lawyer to be protected under the attorney-client privilege.") *All. Laundry Sys., LLC v. Adams*, 2025 U.S. Dist. LEXIS 25911 at *4-7 (N.D. Fla. Feb. 13, 2025) (finding emails between management and employees privileged where generated for purposes of obtaining/assisting in the transmission of legal advice, even where no attorney was involved).

Plaintiff manufactured this issue by falsely claiming that privilege does not attach to communications solely between non-attorneys and compounded his misrepresentation by claiming the support of a Supreme Court case. This false

---

[1] Plaintiff also outstandingly cites to *Upjohn* for the premise that communications that appear to be solely among non-lawyers do not become privileged merely because they relate to litigation. *See* Dkt. 201 at 7. This is yet another claimed principle that is not stated, implied, or suggested anywhere in *Upjohn*.

representation properly forecloses any relief flowing therefrom, including the Order that followed. *See e.g. McDowell v. Seaboard Farms*, 1996 U.S. Dist. LEXIS 19558 at *2 (M.D. Fla. 1996) ("When a party fabricates evidence purporting to substantiate its claims, federal case law is well established that dismissal is appropriate.").

2. <u>The Order is clearly erroneous as compliance is inconsistent with the Order's denial of disclosure of the remaining documents in Defendants' privilege log.</u>

The Order directs the production of all listed communications between Mr. Wilson and Mr. Walliman in unredacted form. Dkt. 213 at 12. However, some of the communications incorporate communications between Mr. Wilson and his attorneys as part of the same email chains. *See* Exhibit B attached. Those attorney-client communications were separately logged at Dkt. 200-1, and Plaintiff's motion to overrule the objections concerning those entries was denied without prejudice. Dkt. 213 at 12-13. Defendants cannot produce all communications between Mr. Wilson and Mr. Walliman in unredacted form, without also disclosing materials Plaintiff has specifically been denied access to under the Order. The Order must, at a minimum, be modified to allow redaction, to preserve the privilege of the remaining entries.

3. <u>The Order is clearly erroneous as it imposes waiver as a sanction absent sufficient cause.</u>

Waiver of a privilege "is an extreme sanction" that "should be reserved for cases of unjustifiable delay, inexcusable conduct, or bad faith in responding to discovery requests." *Payne v. Seminole Elec. Coop., Inc.*, 2020 U.S. Dist. LEXIS 232810 at *9 (M.D. Fla. Dec. 10, 2020) (citations omitted). None of the foregoing factors is present here. In preparing the original privilege log served December 1, 2025, the undersigned

7

was not aware of the Court's Standing Order. Plaintiff never conferred with Defendants on allegedly deficient descriptions—which have only been generally, although misleadingly, alleged as two-word descriptions. Dkt. 175 at 10. When the Court set Plaintiff's Motion to Overrule Objections for hearing, Ms. Leitner took over as lead counsel. Dkt. 185 at 2. Noncompliance resulted from an internal miscommunication regarding whether the original privilege log was prepared in accordance with the Court's Standing Order versus whether a privilege log was served.

Defense counsel makes no excuse for this oversight and clarifies that noncompliance was in no way intentional. Minor procedural violations, good faith attempts at compliance, and other mitigating circumstances will militate against finding waiver. *Payne,* 2020 U.S. Dist. LEXIS 232810 at *9. Mitigating factors exist here and Defendants have submitted proper entries in compliance with the Court's Standing Order for all communications between Mr. Walliman and Mr. Wilson. *See* Dkt. 215-1. Additionally, as briefed below, several communications at issue relate to a separately filed action in the Southern District of New York, and predate the copyrighted works at issue in this action, rendering them wholly irrelevant. And this weighs against waiver. *Payne*, 2020 U.S. Dist. LEXIS 232810 at * 11, fn. 3 (finding a two-week belated substantiation of objection more akin to a procedural violation rather than bad faith, and declining to compel production of questionably relevant materials).

    b. **The Order is contrary to law as it violates Rule 26 and there is no basis for ordering disclosure of documents not within the receiving party's possession, custody, or control.**

1. <u>The Order violates Federal Rule of Civil Procedure 26(b) in ordering the production of irrelevant material.</u>

Rule 26(b)(1) limits discovery to "any nonprivileged matter that is *relevant* to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1) (emphasis added). "[T]he requirement of Rule 26(b)(1) that the material sought in discovery be relevant should be firmly applied. . . ." *Herbert v. Lando*, 441 U.S. 153, 177 (1979). Thus, regardless of privilege, discovery must bear a relation to the party's claims or defenses.

The Order makes no assessment of the relevance, and instead directs wholesale production of the communications—a third of which predate the creation of the copyrights at issue and pertain to an action in the Southern District of New York. *See* CTRL01772883, CTRL01772884, CTRL01772885, CTRL01772886, CTRL01772890, CTRL01772891, CTRL01772892, CTRL01772893, and CTRL01772895[2]. The Order also requires production of communications pertaining to discovery requests from a since-dismissed counter-defendant. *See* CTRL00936419. The communications were captured solely due to the overbreadth of Plaintiff's requests, and were included in the privilege log to preserve objection, while the propriety of Plaintiff's requests was pending before the Court. The Order has now set clear relevance boundaries for Plaintiff's discovery requests, rendering the

---

[2] For ease of reference, the communications at issue have been extracted from the larger privilege log filed, and attached hereto as Exhibit C.

aforementioned entries, not discoverable under Rule 26(b). Requiring their production, notwithstanding the lack of relevance, is contrary to law.

2. <u>The Order is contrary to law as it requires the production of materials not in Mr. Wilson's possession, custody or control and contravenes policies encouraging cooperation in resolving discovery disputes.</u>

Parties are expected to cooperate in resolving discovery disputes. Defendants undertook precisely such efforts here by agreeing, as a courtesy, to produce documents on behalf of defendant entities, Defense Distributed and DEFCAD, Inc., in response to requests served only on Mr. Wilson, individually. Dkt. 175-2, Nov. 25, 2025 Meet and Confer at 4-5:17. **Defendants had no obligation to do so**. *See* Dkt. 175 at 13. And to date, Plaintiff has not presented a cognizable theory, supported by law, for his election to serve 114 requests on Mr. Wilson in his individual capacity, seeking the production of corporate documents. *See* Dkt. 220 at 108:8-110:20.

The communications the Order now directs to be produced were identified as responsive to RFP Nos. 4, 5, and 76, served on Mr. Wilson, who had no responsive documents individually. *See* Dkt. 156-2 (responses to RFP Nos. 4, 5, and 76). In a good faith attempt to be cooperative, *cf.* Dkt. 220 at 154:15-155:14, documents in the defendant entities' possession were then searched, and only privileged documents were discovered. These communications were logged as privileged as a courtesy, in the spirit of cooperation, and have now become the subject of compelled disclosure.

The Order directing the production of documents is contrary to law and chills the cooperation that courts demand in discovery. *See Taylor v. Florida Atlantic University*, 132 F.R.D. 304, 305 (S.D. Fla. 1990)( "It is the letter and spirit of the discovery rules

…that counsel work together on discovery matters…"); *Gibson v. Mhhs-Sinsations*, 2018 U.S. Dist. LEXIS 245004 at *4 (M.D. Fla. Aug. 28, 2018) ("…[t]he parties are obligated to cooperate and attempt to resolve all discovery disputes…"); *S.L. Sakansky & Assocs., Inc. v. Allied Am. Adjusting Co. of Fla., LLC.*, 2007 U.S. Dist. LEXIS 52633 at *1 (M.D. Fla. July 6, 2007) (discovery "should be practiced with a spirit of cooperation and civility").

Plaintiff was never entitled to these documents under Rule 34 as 1) the documents were never in Mr. Wilson's possession, custody, or control; and 2) Plaintiff never served a document request on the entity that actually possessed them. Moreover, Plaintiff only became aware of these documents because Defendants, rather than forestalling discovery, cooperated by informing Plaintiff that he had directed his request to the wrong defendant, running the appropriate searches, producing documents, and providing a privilege log on behalf of the correct defendants. Compelling production under these circumstances punishes the very cooperation that the discovery rules are designed to encourage.

## IV. CONCLUSION

In view of the foregoing, Defendants respectfully request that this Court set aside, or otherwise modify the Magistrate's February 13, 2026 Order, to sustain Defendants' privilege objections as they relate to communications between Mr. Wilson and Mr. Walliman, withdraw the directive to produce such communications to Plaintiff, and award all further relief the Court deems due and just.

Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN& DICKER LLP**

By: *s/Amaris C. Gyebi*
Leia V. Leitner
Florida Bar No: 105621
111 North Orange Avenue
Suite 1200
Orlando, FL 32801
Telephone: 407-423-7287
Facsimile: 407-648-1376
Leia.Leitner@wilsonelser.com
Cheryl.Kujawski@wilsonelser.com

Jura C. Zibas
Florida Bar No: 124571
Amaris C. Gyebi, Esq.
Florida Bar No: 1019361
2063 Main Street - Suite 100
Sarasota, FL 34237
Telephone:941-866-8561
Facsimile: 941-210-5979
Jura.Zibas@wilsonelser.com
Amaris.Gyebi@wilsonelser.com
Cheryl.Kujawski@wilsonelser.com

*Co-Counsel for Defendants*
*Cody Rutledge Wilson*
*DEFCAD, Inc. and Defense Distributed*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 27th day of February, 2026 a true and correct copy of the foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF E-Filing Portal, which will serve an electronic copy of the foregoing on the following: Zachary Z. Zermay, Esq., Florida Bar No: 1002905; Zermay Law, P.A., *Counsel for Plaintiff*, 1200 Fourth Street, #1102, Key West, Florida

12

33040; Telephone: 305-767-3529; Zach@Zermaylaw.com and info@Zermaylaw.com; Charles (Chad) Flores, Esq., Flores Law PLLC, *Counsel for Defendants, Cody Rutledge Wilson, DEFCAD, Inc., Defense Distributed and Dioskouroi LLC,* 917 Franklin Street, Suite 600, Houston, Texas 77002, Telephone: 713-364-6440, CF@ChadFlores.law; chad-flores-7646@ecf.pacerpro.com and service@chadflores.law.

*s/Amaris C. Gyebi*
Amaris C. Gyebi