**EXHIBIT A - COMMUNICATIONS BETWEEN COUNSEL**



## Fwd: Matthew Larosiere v Cody WIlson et al (26387-00008) - Joint Notice per the Court's Order

---------- Forwarded message ---------
From: **Leitner, Leia V.** <Leia.Leitner@wilsonelser.com>
Date: Fri, Feb 27, 2026 at 2:37 PM
Subject: RE: Matthew Larosiere v Cody WIlson et al (26387-00008) - Joint Notice per the Court's Order
To: Zachary Zermay <zach@zermaylaw.com>
CC: Geraldine Phillips <info@zermaylaw.com>, Zibas, Jura C. <Jura.Zibas@wilsonelser.com>, Gyebi, Amaris <Amaris.Gyebi@wilsonelser.com>, Chad Flores <cf@chadflores.law>

Counsel,

Thank you for your email.

We disagree with your characterization of the discovery process to date. We have been requesting a custodian list for the ESI protocol since October 27, 2026. I don't have a single email referencing a joint notice for custodians to discuss per the Court's Order on February 19, 2026. The emails I have on that date concern Defendants' responses to Plaintiff's Second Set of Request for Production and your request to meet and confer, which we scheduled for next Tuesday. Thus, it appears you are conflating Defendants' response to Plaintiff's first set of requests for production regarding the Slack Production (and the Court's requirement to discuss proposed custodian lists) with Defendants' responses to Plaintiff's Second Request for Production, as noted in your February 19, 2026, email.

Regarding your February 19, 2026, email, Defendants' objections to Plaintiff's second request for documents were proper and well-founded. The requests at issue again sought broad categories of information without any apparent connection to the copyrighted works that form the basis of this litigation. Our objection that the requested material is not tethered to the copyrighted works at issue reflects a

legitimate concern about the scope and relevance of Plaintiff's requests, not a refusal to engage in the discovery process in good faith.

With respect to custodians, we note that Plaintiff bears the burden of identifying the discovery it seeks and the custodians from whom it seeks discovery. It is not the Defendants' obligation to conduct Plaintiff's investigation or to identify custodians on Plaintiff's behalf. To the extent Plaintiff requires information to refine its custodian list, Plaintiff is welcome to propound appropriately tailored interrogatories or deposition notices.

That said, we acknowledge your preference to file separately and will proceed accordingly.

Leia V. Leitner
Attorney At Law
Wilson Elser Moskowitz Edelman & Dicker LLP
111 North Orange Avenue Suite 1200
Orlando, FL 32801
407.423.7287 (Direct)
407.973.2111 (Cell)
407.203.7599 (Main)
407.648.1376 (Fax)
leia.leitner@wilsonelser.com

---

**From:** Zachary Zermay <zach@zermaylaw.com>
**Sent:** Friday, February 27, 2026 2:17 PM
**To:** Leitner, Leia V. <Leia.Leitner@wilsonelser.com>
**Cc:** Geraldine Phillips <info@zermaylaw.com>; Zibas, Jura C. <Jura.Zibas@wilsonelser.com>; Gyebi, Amaris <Amaris.Gyebi@wilsonelser.com>; Chad Flores <cf@chadflores.law>
**Subject:** Re: Matthew Larosiere v Cody WIlson et al (26387-00008) - Joint Notice per the Court's Order

> EXTERNAL EMAIL - This email originated from outside the organization.

Counsel,

Given your list, I think it is best we file separately.

Our position is that we are currently unable to decide on custodians because Defendants have to date refused to produce records indicating which employees, contractors, agents, or other individuals were responsible for handling the works and/or uploading them or otherwise making them available via Defendants' websites. Defendant Wilson directed Plaintiff to ask the business entity Defendants for this information, Plaintiff served the same requests on the business entity Defendants on January 13th, and Defendants served objection-only responses to these requests on February 19th, stating that the "requested material is not tethered to the copyrighted works at issue." We have been trying to confer with you on this since the 19th.

As such, Plaintiff is only able to guess as to the custodians who are most likely to have the records which are being sought.

Based on the limited information available to Plaintiff, Plaintiff proposes the following custodians:

Cody Wilson (aka zinoviev)

Garret Walliman (aka GW)

Thomas Odom (aka Tommy Odom)

Stephen Sheftall

Pablo Diaz (aka Bloblems)

Ben Denio


Sincerely,

Zachary Z. Zermay, Esq.


**Zermay Law**
P (305) 767-3529 | W zermaylaw.com | E zach@zermaylaw.com |
A 3000 Coral Way, Suite 1115, Coral Gables, FL 33145




On Fri, Feb 27, 2026 at 2:02 PM Leitner, Leia V. <Leia.Leitner@wilsonelser.com> wrote:

> Dear Mr. Zermay:
>
> Per the Court's Order, the parties are to file a joint notice stating the parties' positions on the list of custodians for Defendants' Slack production. We have not received your proposed list of custodians, and you have not circulated a proposed joint notice to this effect. To this end, Defendant proposes the following custodians for the time period of January 1, 2022, to the present:
>
> - Matthew Larosiere: Larosiere, Fuddbuster, Fudd Buster, Matthew Larosiere, Matt.
> - Plaintiff and/or John Elik: Ivan, Elik, IvanTTroll, IvanTheTroll, Guard Denver, Gang, Enterprise, Gatalog, The Gatalog Foundation.
> - Gatalog: The Gatalog, Gang, Enterprise, DD2, The Fudd Busters, The Gatalog Foundation, The House of Buster, Ivan's Folly
>
> Please confirm your agreement with the above-listed custodians by **4:00 p.m. EST. today**. If we do not hear from you, Defendants will file a separate notice with the Court regarding the proposed custodians.
>
> Thank you,
>
> Leia V. Leitner
> Attorney At Law
> Wilson Elser Moskowitz Edelman & Dicker LLP