UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

*Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc., DEFENSE DISTRIBUTED, and DIOSKOUROI LLC,

*Defendants*.

_____/

**PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S FEBRUARY 13, 2026 ORDER (DOC. 213) AND NOTICE OF <u>WITHDRAWAL OF (DOC. 196) OBJECTION</u>**

Plaintiff, pursuant to Federal Rule of Civil Procedure 72(a), objects to two portions of the Magistrate Judge's Order (Doc. 213) entered February 13, 2026. The Order is contrary to law to the extent it sustains Defendants' "Copyright"/"Works" definitional objections in a manner that effectively prohibits discovery into copyright knowledge and practices relevant to pleaded willfulness, alter-ego, and infringement.

At the February 10, 2026 hearing, the Hon. Hoffman-Price indicated the Court's preliminary rulings would be subsumed by the order entered after that hearing, and to indicate whether the preceding objections were mooted should another objection be filed. (Doc. 213 at 5, n1). As such, Plaintiff gives notice that his (Doc. 196) objection to the preliminary rulings are WITHDRAWN as moot.

## **STANDARD OF REVIEW**

Under Rule 72(a), the Court shall modify or set aside a magistrate judge's order on a non-dispositive pretrial matter if it is "clearly erroneous or contrary to law." See 28 U.S.C. § 636(b)(1)(A). An order is clearly erroneous if, after reviewing the entire record, the district court is "left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "An order is contrary to law 'when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *SEC v. Kramer,* 778 F. Supp. 2d 1320, 1326-27 (M.D. Fla. 2011).

1

## GROUNDS FOR OBJECTION

### I. THE ORDER'S RULING ON DEFENDANTS' REDEFINITION OF "COPYRIGHT" IS CONTRARY TO RULE 26(B)(1) BECAUSE IT BLOCKS DISCOVERY INTO WILLFULNESS AND KNOWLEDGE

A. <u>The Order effectively forbids discovery about copyright practices and knowledge—evidence central to willfulness, alter-ego, and infringement</u>

The Order sustains Defendants' unilateral re-definition of both "Copyright" and "Works" "to the copyrights and works specifically identified in Plaintiff's First Amended Complaint." Doc 213 at 7, pointing to Doc. 185 at 5. Plaintiff does not object to the separate "works at issue" limitation (i.e., the list of works in the amended complaint). The problem is the Order's sustaining Defendant's attempt to collapse the concept of "copyright" itself into "the works at issue," thereby foreclosing discovery into Defendants' copyright awareness, policies, discussions, and practices that bear directly on willfulness, alter-ego, and Defendants' infringement itself.

Defendants used the "undefined 'copyright'" objection to refuse discovery expressly directed at copyright discussions—e.g., Request No. 4 ("All communications or records which mention or discuss copyright")—claiming the term is "undefined" and asserting that such discovery "does not lead to admissible evidence." Doc. 156-2 at 3. Rule 26(b)(1) squarely rejects that framing: "Information within this scope need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Redefining "Copyright"

to mean only the "works at issue" effectively endorses Defendants' effort to carve "copyright generally" out of discovery, even though copyright knowledge and practice are exactly what tend to prove (or disprove) patterns or practices relevant to willfulness.

While the Court correctly noted at the hearing that information about Defendants' personal feelings about copyright may not terminally be *admissible* under Rule 404(a), that is separate and apart from whether it is discoverable. As discussed at the hearing, while materials reflecting Defendants' general disdain for copyright may have 404(a) issues, an investigation into the context surrounding those materials during the relevant time period is calculated to lead to the discovery of admissible evidence. For example, Mr. Wilson's "Black Flag White Paper" manifesto may, for the most part, reflect his predilections, but it contains indirect references to his copying of the works at issue, including an image reflecting inserting Plaintiff's copyright notice into a digital garbage can.



Figure 9: Do

The problems inherent in the Court's sustaining of Defendants' "copyright" and "works" re-definition are obvious from the face of Defendants' amended responses, where the re-definition is used as a shield to indicate *nothing* responsive exists save for Defendant's tax returns. (Exhibit A, 33-71).

Willfulness is a live issue in copyright cases because it affects statutory damages. 17 U.S.C. § 504(c)(2). In the Eleventh Circuit, willfulness can be shown by knowledge or reckless disregard of the possibility that one's actions are infringing a copyright. *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d 1255, 1272–73 (11th Cir. 2015). And the Eleventh Circuit recognizes willfulness turns on the infringer's knowledge—i.e., whether the defendant knew its conduct constituted infringement. *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 851 (11th Cir. 1990). Discovery into what

4

Defendants discussed internally about copyright, and what practices they used when dealing with copyrighted works is therefore relevant and proportional under Rule 26(b)(1).

At the February 10th hearing, the Court expressed concern that Defendants' general impressions concerning copyright law might not bear directly on the matter of their willful infringement of the copyrights at issue in this case. Plaintiff understands this concern. However, Defendants' discussions concerning copyright could bear directly on this matter depending on factors such as timing and context – if, on the same day that Defendants began copying one of the works, Defendants began discussing their contempt for copyright law, surrounding circumstances may have that material be admissible. *See* Fed. R. Ev. 404(b)(2). Plaintiff needs to fully understand the scope, timing, context, and nature of such materials to adequately pursue infringement and willfulness during Defendants' depositions. With the definition of "copyright" narrowed to "the works at issue," then communications from the dates Defendants undertook infringing activity including the likes of "we are pirates, we don't respect copyright law and love violating copyrights," they would not be required to turn these over if they didn't explicitly mention the works at issue, despite such messages being likely to lead to admissible evidence, if not itself admissible under 404(b)(2).

This is not an abstract concern of Plaintiff's, nor is it a fishing

5

expedition. Defendant Wilson has published an anti-copyright manifesto where he details his efforts to copy one of Plaintiff's works. Defendant Wilson admitted to removing at least two copyright notices (Doc 52 at ¶310, 311, 312). If Defendant Wilson discussed this removal of copyright notices with an employee, friend, or the board members of one of his companies without directly mentioning the works, the Court's ordered definition of "copyright" would prevent Plaintiff from discovering such discussions.

Courts in copyright cases routinely allow discovery into "similar claims," prior assertions of infringement, and related practices because such evidence bears on knowledge and willfulness. See *Steinmetz v. Houghton Mifflin Harcourt Publ'g Co.*, No. CIV.A. 14-1937, 2014 WL 6988671, at *2 (E.D. Pa. Dec. 11, 2014) (allowing discovery into other infringement claims where plaintiff argued they reflected defendant's knowledge and failure to adopt/enforce policy, relevant to willfulness); *Wu v. Pearson Educ., Inc.*, No. 09-cv-6557, 2012 WL 1232958, at *1 (S.D.N.Y. Apr. 12, 2012) (same, collecting cases and holding documents reflecting final settlements of similar claims are discoverable; dates of initiation pertinent to duration of awareness and willfulness).

Plaintiff is not seeking to expand the "works at issue." Plaintiff is seeking evidence actual infringement and state of mind—knowledge, intent, and reckless disregard—through Defendants' copyright discussions and

6

practices, as they relate to the specific acts of infringement alleged in the complaint. The Order's definition ruling should be modified to avoid extinguishing that category of discovery clearly contemplated by the Rules, with the understanding that Plaintiff is seeking information of the type identified in Fed. R. Ev. 404(b)(2).

Additionally, Defendants' discussions of copyright–both as applied to the works at issue and conceptually bear directly on Plaintiff's alter-ego claims. When Defendant Wilson published his anti-copyright manifesto, he did so using one of his companies–Defendant Defcad. He amplified the manifesto using another company he owns–Defendant Defense Distributed. The existence of this anti-copyright manifesto, and the depiction of Plaintiff's works within, suggests the existence of similar materials. But the Court's order allowing Defendants' redefinition of "copyright" would seem to prevent Plaintiff from discovering this information. If Defendant Wilson emailed or messaged any of his employees instructions to the effect of "disregard copyright markings, that doesn't apply to me," and his employees acted on these instructions when copying the works at issue, the Court's redefinition of "copyright" would similarly seem to prevent Plaintiff from discovering such evidence.

Finally, the redefinition of copyright threatens to prevent Plaintiff from discovering important evidence such as awareness of the infringement itself.

7

Defendants own and operate the website fedcad.com, which they use to document the existence of copyright markings that they have found in any of the works which they are copying. If Defendant Wilson sent a message to his employee, Garret Walliman, saying "we should make a website that documents *those* copyright-marked files that we copied this week," or if Walliman proposed the same and Defendant Wilson said "good idea!," the Court's order would put that outside the scope of discovery, because they were not explicitly or exclusively mentioning the works, even if the works were posted to their website contemporaneously.

The fedcad.com website and communications surrounding it is key to important evidence because it shows that the Defendants had actual notice of the copyright markings on the works as well as the copyright registrations for the works. If Plaintiff is unable to probe these subjects and determine how they coincide with updates to the fedcad.com website or the creation of the site itself, Plaintiff will be denied those important materials.

### B. "Copyright" is not an improper discovery term; allowing Defendants to re-define it is contrary to law.

"Copyright" is a statutory term with an ordinary meaning. Defendants' "undefined" objection (and the Order's acceptance of Defendants' re-definition to the works at issue) treats "copyright" as if it were a bespoke technical label rather than a legal concept directly implicated by Plaintiffs' claims. *See* Doc. 156-2 at 3; Doc. 185 at 5. Enabling Defendants to redefine "copyright" out of

8

existence does not give force to any appropriate limiting principle under Rule 26(b)(1). Defendants were able to give their answer to the complaint (which includes the term "copyright" 85 times) without raising this objection once.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court modify or set aside the challenged portions of the Order (Doc. 213) to (1) clarify that discovery into Defendants' copyright knowledge, practices relevant to pleaded willfulness, and the infringement itself is not barred by redefining "copyright" as only "the works at issue."

Respectfully submitted,

DATED: February 27, 2026

> */s/ Zachary Zermay*
> Zachary Zermay, Esq.
> Fla. Bar № 1002905
> *Zermay Law, P.A.*
> 3000 Coral Way, Ste 1115
> Coral Gables, FL 33145
> Email: zach@zermaylaw.com
> Tel: (305) 767-3529
> *Lead Counsel for Plaintiff*
> *Matthew Larosiere*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on this 27th day of February, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF for all counsel authorized to receive electronically Notices of Electronic Filing.

*/s/ Zachary Z. Zermay*
Zachary Z. Zermay, Esq.
Fla. Bar № 1002905
