UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW LAROSIERE

        Plaintiff,

vs.                       Case No:  6:24-CV-01629

CODY RUTLEDGE WILSON, DEFCAD, INC.,
DEFENSE DISTRIBUTED and
DIOSKOUROI LLC,

        Defendants.

_____/

### DEFENDANT, CODY RUTLEDGE WILSON'S, AMENDED[1] RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUEST FOR PRODUCTION

Defendant, CODY RUTLEDGE WILSON, pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby serves his amended responses and objections to Plaintiffs' First Set of Request for Production, and states as follows:

REQUEST NO. 1: From January 1, 2018 onward, produce all documents and other materials in your possession that relate in any way to the transfer of any assets with a market value of $500 or more to Cheyenne Morgan, including but not limited to sales contracts, real estate transfers, and discussions of those transactions.

**RESPONSE:  Defendant objects to Request No. 1 to the extent that it is not reasonably limited in time or scope of the claims or defenses asserted in this action and disproportionate to the needs of the case. Responding further, Plaintiff asserted copyright infringement under 17 U.S.C. §501, false designation of origin and unfair competition under**

---

[1] Amended to comply with the Court's Order dated February 13, 2026, requiring amended responses to RFPs 4, 5, 8, 28, 29, 39–41, 43–48, and 58–114. *See* Doc. 213 at pp. 9–10, 13.

**15 U.S.C. §1125, and unauthorized publication of name or likeness in violation of §540.08, Fla. Stat., concerning certain 3D printed gun models that Defendant allegedly displayed without authorization (the subject "Works[2]").  Defendant allegedly displayed the subject Works without authorization from 2023 to the present. The Request seeks information regarding Cheyenne Morgan, a non-party, 48for information from 2018 to the present, and, thus, this Request seeks information that does not lead to admissible evidence concerning Plaintiff's claims.**

REQUEST NO. 2: From January 1, 2018 onward, produce all documents and

other materials in your possession that relate in any way to the transfer of any assets

with a market value of $500 or more to Dennis K. Wilson, including but not limited

to sales contracts, real estate transfers, and discussions of those transactions.

**RESPONSE:   Defendant objects to Request No. 2 to the extent that it is not reasonably limited in time or scope of the claims or defenses asserted in this action and disproportionate to the needs of the case. Responding further, Plaintiff asserted copyright infringement under 17 U.S.C. §501, false designation of origin and unfair competition under 15 U.S.C. §1125, and unauthorized publication of name or likeness in violation of §540.08, Fla. Stat., concerning certain 3D printed gun models that Defendant allegedly displayed without authorization. Defendant allegedly displayed the subject Works without authorization from 2023 to the present. The Request seeks information regarding Dennis K. Wilson, a non-party, for information from 2018 to the present, and, thus, such information does not lead to admissible evidence concerning Plaintiff's claims.**

REQUEST NO. 3: Produce all documents and other materials in your

possession that relate in any way to the transfer of any assets with a market value of

$500 or more to any entity where any part of the intention behind said transfer was to

---

[2] At all times material herein, the term "Works" refers to the copyright registrations Plaintiff referenced in the First Amended Complaint that Defendant allegedly used without authorization. Doc. 43 at ¶¶104–259; Doc. 213 at pp. 3–4.

divert assets away from the originating entity so as to make them harder to trace or

recover.

> **RESPONSE:  Defendant objects to Request No. 3 to the extent that it
> is not reasonably limited in time or scope of the claims or defenses
> asserted in this action, is disproportionate to the needs of the case,
> and/or oppressive because the burden on Defendant to search for,
> gather, and produce any such information far outweighs the relevance
> of such information. Defendant further objects to the extent that the
> Request calls for a legal conclusion that Defendant operates a "single
> business enterprise theory" with Co-Defendants, DEFCAD, Inc.,
> Defense Distributed, and Dioskouroi, LLC (collectively referred to as
> "Defendant Entities[3]") as a single business and/or that Defendant
> operates his business as an "alter ego" by commingling funds.
> Pursuant to Fed. R. Civ. P. 34(b)(2)(C),  and in light of the foregoing
> objections, Defendant, in his individual capacity, does not have the
> documents and/or information responsive to this Request. This
> Request is better directed to the Defendant Entities.**

REQUEST NO. 4: From January 1, 2018 onward, produce all documents,

communications, and materials which include any mention or discussion of copyright.

> **RESPONSE:  Defendant objects to Request No. 4 to the extent that it
> is overly broad, in that it seeks "all documents" that include any
> mention or discussion of the undefined term, "copyright," from
> January 1, 2018 onward.  Defendant also objects to this Request to the
> extent it is not reasonably limited in time or scope of the claims or
> defenses asserted in this action, is disproportionate to the needs of the
> case, and/or oppressive because the burden on Defendant to search
> for, gather, and produce any such information far outweighs the
> relevance of such information. Plaintiff asserted copyright
> infringement under 17 U.S.C. §501, false designation of origin and
> unfair competition under 15 U.S.C. §1125, and unauthorized
> publication of name or likeness in violation of §540.08, Fla. Stat.,
> concerning certain 3D printed gun models that Defendant allegedly
> displayed without authorization. Defendant allegedly displayed the
> subject Works without authorization from 2023 to the present.  The
> Request seeks information on any mention of "copyright" from**

---

[3] At all times relevant herein, the term "Defendant Entities" refers to Co-Defendants, DEFCAD, Inc.,
Defense Distributed, and Dioskouroi, LLC.

330878461v.2

January 1, 2018, and, thus, such information does not lead to admissible evidence concerning Plaintiff's claims. Defendant objects to the extent this Request seeks information protected by attorney/client privilege, work product doctrine, or any other applicable privilege. Defendant further objects to the extent that the documents are already in Plaintiff's possession or can easily be found on public sources.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendant states that in light of the foregoing objections, and based on his understanding that the term "copyright" refers to the subject Works, Defendant will produce any non-privileged documents within his possession, custody, and control that can be located after a reasonable search subject to the parties' Protective Order, from 2023 to the present, on a rolling basis, to be completed on or before December 1, 2025.

**AMENDED RESPONSE:** Without waiving the objections above, Defendant has none in his possession, custody, or control.

REQUEST NO. 5: Produce all communications which include any mention or discussion of the works at issue, including the works purported to bear the registration numbers TX0009358088, VA0002385899, VA0002381513, TX0009372196, TX0009372199, VA0002385901, VA0002381769, TX0009403056, TX0009413646, VA0002422527, VA0002412508, TX0009403054, TX0009417973, VA0002415259, TX0009412695, VA0002418947, VA0002418589, TX0009429254, TX0009429253, VA0002449545, VA0002449520, TX0009509700, TX0009509692, VA0002449526, TX0009503785. For clarity, these are copyright registration numbers that plaintiff currently holds. A responsive production will include both mention and discussion of these numbers themselves as well as the works they purport to protect. It is not permissible to assert unfamiliarity with what works these numbers pertain to, as the complaint (Doc. 43) and supplement to the MPI (Doc. 94) relate these numbers to the

4

specific works, and the only remaining numbers not specifically listed in the complaint

and supplement to the MPI refer to the Amigo Verde, which you have already

admitted to having been aware of.

> **RESPONSE:** **Defendant objects to Request No. 5 to the extent that it is vague, overly broad, and unduly burdensome, in that it seeks "all communications" that discuss the subject Works. Defendant also objects to this Request to the extent it is not limited in time or scope of the claims or defenses asserted in this action, is disproportionate to the needs of the case, and/or oppressive because the burden on Defendant to search for, gather, and produce any such information far outweighs the relevance of such information. Plaintiff asserted copyright infringement under 17 U.S.C. §501, false designation of origin and unfair competition under 15 U.S.C. §1125, and unauthorized publication of name or likeness in violation of §540.08, Fla. Stat., concerning certain 3D printed gun models that Defendant allegedly displayed without authorization. Defendant allegedly displayed the subject Works without authorization from 2023 to the present. The Request seeks communications regarding the Works without limitation to time and scope, and, thus, such information does not lead to admissible evidence concerning Plaintiff's claims. Defendant further objects to the extent this Request seeks information protected by attorney/client privilege, work product doctrine, or any other applicable privilege. Defendant further objects to the extent that the documents are already in Plaintiff's possession or can be easily found on public sources.**

> **Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendant states that in light of the foregoing objections, Defendant will produce non-privileged documents within its possession, custody, and control that can be located after a reasonable search subject to the parties' Protective Order, from 2023 to the present, on a rolling basis, to be completed on or before December 1, 2025.**

> **AMENDED RESPONSE:** **Without waiving the objections above, Defendant has none in his possession, custody, or control.**

REQUEST NO. 6: Produce all documents and materials, including but not

limited to preliminary versions, drafts, working copies, correspondence, and otherwise

in any way referring or relating to the April 22, 2025 post "On Raids And Raiding" on the DDLegio blog.

**RESPONSE:  Defendant objects to Request No. 6 to the extent that it is overly broad, not reasonably limited in time or scope of the claims or defenses asserted in this action, is disproportionate to the needs of the case, and/or oppressive because the burden on Defendant to search for, gather, and produce any such information far outweighs the relevance of such information. Responding further, the information seeks information concerning a 3D NFA Raid that is unrelated to Plaintiff copyright infringement under 17 U.S.C. § 501, false designation of origin and unfair competition under 15 U.S.C. § 1125 claims, and unauthorized publication of name or likeness in violation of § 540.08, Fla. Stat., concerning certain 3D printed gun models that Defendant allegedly displayed without authorization (the subject "Works") raised in the First Amended Complaint. Defendant objects to the extent that the information requested goes beyond the scope of the claims and defenses in this action.  Pursuant to Fed. R. Civ. P. 34(b)(2)(C),  and in light of the foregoing objections, Defendant, in his individual capacity, does not have the documents and/or information responsive to this Request.**

**AMENDED RESPONSE: Without waiving the objections above, Defendant has none in his possession, custody, or control.**

REQUEST NO. 7: Produce all documents and materials, including but not limited to preliminary versions, drafts, working copies, correspondence, and otherwise in any way referring or relating to the January 23, 2025 post "Benchy, IP, and 3D Guns" on the DDLegio blog.

**RESPONSE:  Defendant objects to this Request to No. 7 to the extent it is not reasonably limited to the claims or defenses asserted in this action, is disproportionate to the needs of the case, and/or oppressive because the burden on Defendant to search for, gather, and produce any such information far outweighs the relevance of such information. Pursuant to Fed. R. Civ. P. 34(b)(2)(C),  and in light of the foregoing objections, Defendant, in his individual capacity, does not have the documents and/or information responsive to this Request.**

REQUEST NO. 8: Produce all materials, communications, records, and instructions involved in the removal of any copyright notices from any work, whether the removal or obfuscation of any copyright notice was done or directed by yourself.

**RESPONSE:  Defendant objects to Request No. 8 to the extent that it is overly broad, in that it seeks "any copyright notices" that include any mention or discussion of the undefined term, "copyright," rendering this Request vague, ambiguous, and unintelligible. Defendant also objects to this Request to the extent it is not reasonably limited in time or scope of the claims or defenses asserted in this action, is disproportionate to the needs of the case, and/or oppressive because the burden on Defendant to search for, gather, and produce any such information far outweighs the relevance of such information. Defendant further objects to the extent this Request seeks information protected by attorney/client privilege, work product doctrine, or any other applicable privilege. Responding further, Plaintiff asserted copyright infringement under 17 U.S.C. §501, false designation of origin and unfair competition under 15 U.S.C. §1125, and unauthorized publication of name or likeness in violation of §540.08, Fla. Stat., concerning certain 3D printed gun models that Defendant allegedly displayed without authorization. Defendant allegedly displayed the subject Works without authorization from 2023 to the present. Defendant objects to this Request to the extent it seeks information concerning copyright notices unlimited in time and scope. Defendant further objects to the extent that the documents are already in Plaintiff's possession or can be easily found on public sources.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendant states that in light of the foregoing objections and based on his understanding that the term "copyright" refers to the subject Works, Defendant will produce non-privileged documents within its possession, custody, and control that can be located after a reasonable search subject to the parties' Protective Order, from 2023 to the present, on a rolling basis, to be completed on or before December 1, 2025.**

**AMENDED RESPONSE: Without waiving the objections above, Defendant has none in his possession, custody, or control.**

REQUEST NO. 9: Produce all documents and communications concerning the "Amigo Verde".

7

**RESPONSE**:  **Defendant, in his individual capacity, does not have the documents and/or information responsive to this Request. This Request is better directed to the Defendant Entities.**

REQUEST NO. 10:        From January 1, 2018 onward, produce all materials

you have obtained, solicited, or otherwise acquired from private investigators.

**RESPONSE:  Defendant objects to Request No. 10 as overly broad and disproportionate to the needs of the case in contravention of FRCP 26(b)(1) in that it seeks "[a]ll materials...from private investigators," which may seek confidential business documents unrelated to the claims and defenses being litigated, and regardless of the relevant time period.  Defendant also objects to this Request to the extent it is not reasonably limited in time or scope of the claims or defenses asserted in this action, is disproportionate to the needs of the case, and/or oppressive because the burden on Defendant to search for, gather, and produce any such information far outweighs the relevance of such information.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendant states that in light of the foregoing objections, Defendant will produce non-privileged documents within its possession, custody, and control that can be located after a reasonable search subject to the parties' Protective Order, from 2023 to the present, on a rolling basis, to be completed on or before December 1, 2025.**

REQUEST NO. 11:        From January 1, 2018 onward, produce all materials,

including conversation histories, contracts, materials, and communications with Jim

Blackburn.

**RESPONSE**:  **Defendant objects to Request No. 11 as overly broad and disproportionate to the needs of the case in contravention of FRCP 26(b)(1) in that it seeks "[a]ll materials" and requests documents unrelated to the claims and defenses being litigated, and regardless of the relevant time period. Responding further, Plaintiff asserted copyright infringement under 17 U.S.C. §501, false designation of origin and unfair competition under 15 U.S.C. §1125, and unauthorized publication of name or likeness in violation of §540.08, Fla. Stat., concerning certain 3D printed gun models that Defendant allegedly displayed without authorization. Defendant allegedly**

8

**displayed the subject Works without authorization from 2023 to the present. Defendant objects to the extent that this Request seeks information regarding Jim Blackburn, a non-party, for information from 2018 to the present, and, thus, such information does not lead to admissible evidence concerning Plaintiff's claims.**

REQUEST NO. 12:    From January 1, 2018 onward, produce all materials,

including conversation histories, contracts, materials, and communications with

Destin Investigations which pertain or relate in any way to any of the former counter

defendants in this case.

**RESPONSE:  Defendant objects to Request No. 12 to the extent that the terms "contracts" and "materials" are undefined, rendering this Request vague, ambiguous, and unintelligible.  Defendant also objects to the extent that this Request is in contravention of FRCP 26(b)(1) in that it seeks "[a]ll materials…concerning the former counter-defendants" and requests documents unrelated to the claims and defenses being litigated, and regardless of the relevant time period. Defendant objects to this Request to the extent it is not reasonably limited in time or scope of the claims or defenses asserted in this action because the Counterclaim was dismissed on September 5, 2025 [Doc. 123]. Defendant further objects to the extent this Request seeks information protected by attorney/client privilege, work product doctrine, or any other applicable privilege.**

REQUEST NO. 13:    From January 1, 2018 onward, produce all materials,

including conversation histories, contracts, materials, and communications with Eric

Nathan.

**RESPONSE:  Defendant objects to Request No. 13 to the extent that it is overly broad, not reasonably limited in time or scope of the claims or defenses asserted in this action, is disproportionate to the needs of the case, and/or oppressive because the burden on Defendant to search for, gather, and produce any such information far outweighs the relevance of such information. Responding further, Plaintiff asserted copyright infringement under 17 U.S.C. §501, false designation of origin and unfair competition under 15 U.S.C. §1125, and**

9

unauthorized publication of name or likeness in violation of §540.08,
Fla. Stat., concerning certain 3D printed gun models that Defendant
allegedly displayed without authorization. Defendant allegedly
displayed the subject Works without authorization from 2023 to the
present. The Request seeks information regarding Eric Nathan, a non-
party, for information from 2018 to the present, and, thus, such
information does not lead to admissible evidence concerning
Plaintiff's claims.

REQUEST NO. 14:    From January 1, 2018 onward, produce all materials,

including conversation histories, contracts, materials, and communications with

Nathan Mayer.

**RESPONSE**: **Defendant objects to Request No. 14 to the extent that
it is overly broad, not reasonably limited in time or scope of the claims
or defenses asserted in this action, is disproportionate to the needs of
the case, and/or oppressive because the burden on Defendant to search
for, gather, and produce any such information far outweighs the
relevance of such information. Responding further, Plaintiff asserted
copyright infringement under 17 U.S.C. §501, false designation of
origin and unfair competition under 15 U.S.C. §1125, and
unauthorized publication of name or likeness in violation of §540.08,
Fla. Stat., concerning certain 3D printed gun models that Defendant
allegedly displayed without authorization. Defendant allegedly
displayed the subject Works without authorization from 2023 to the
present. Plaintiff allegedly displayed the subject Works from 2023 to
2024. The Request seeks information regarding Nathan Mayer, a non-
party, for information from 2018 to the present, and, thus, such
information does not lead to admissible evidence concerning
Plaintiff's claims.**

REQUEST NO. 15:    From January 1, 2018 onward, produce all materials,

including conversation histories, contracts, materials, and communications with

Thomas Gibbons-Neff.

**RESPONSE**: **Defendant objects to Request No. 15 to the extent that
it is overly broad, not reasonably limited in time or scope of the claims
or defenses asserted in this action, is disproportionate to the needs of**

10

the case, and/or oppressive because the burden on Defendant to search for, gather, and produce any such information far outweighs the relevance of such information. Responding further, Plaintiff asserted copyright infringement under 17 U.S.C. §501, false designation of origin and unfair competition under 15 U.S.C. §1125, and unauthorized publication of name or likeness in violation of §540.08, Fla. Stat., concerning certain 3D printed gun models that Defendant allegedly displayed without authorization. Defendant allegedly displayed the subject Works without authorization from 2023 to the present. The Request seeks information regarding Thomas Gibbons-Neff, a non-party, for information from 2018 to the present, and, thus, such information does not lead to admissible evidence concerning Plaintiff's claims.

REQUEST NO. 16:        From January 1, 2018 onward, produce all materials,

including conversation histories, contracts, materials, and communications with

Lizzie Dearden.

RESPONSE:  Defendant objects to Request No. 16 to the extent that it is overly broad, not reasonably limited in time or scope of the claims or defenses asserted in this action, is disproportionate to the needs of the case, and/or oppressive because the burden on Defendant to search for, gather, and produce any such information far outweighs the relevance of such information. Responding further, Plaintiff asserted copyright infringement under 17 U.S.C. §501, false designation of origin and unfair competition under 15 U.S.C. §1125, and unauthorized publication of name or likeness in violation of §540.08, Fla. Stat., concerning certain 3D printed gun models that Defendant allegedly displayed without authorization. Defendant allegedly displayed the subject Works without authorization from 2023 to the present. The Request seeks information regarding Lisa Dearden, a non-party, for information from 2018 to the present, and, thus, this Request does not lead to admissible evidence concerning Plaintiff's claims or the defenses in this action.

REQUEST NO. 17:        From January 1, 2018 onward, produce all materials,

including conversation histories, contracts, materials, and communications with

Rajan Basra.

**RESPONSE**:  **Defendant objects to Request No. 17 to the extent that it is overly broad, not reasonably limited in time or scope of the claims or defenses asserted in this action, is disproportionate to the needs of the case, and/or oppressive because the burden on Defendant to search for, gather, and produce any such information far outweighs the relevance of such information. Responding further, Plaintiff asserted copyright infringement under 17 U.S.C. §501, false designation of origin and unfair competition under 15 U.S.C. §1125, and unauthorized publication of name or likeness in violation of §540.08, Fla. Stat., concerning certain 3D printed gun models that Defendant allegedly displayed without authorization. Defendant allegedly displayed the subject Works without authorization from 2023 to the present.  The Request seeks information regarding Rajan Basra, a non-party, and, thus, this Request does not lead to admissible evidence concerning Plaintiff's claims.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendant states that in light of the foregoing objections, Defendant will produce relevant, responsive, and non-privileged documents within his possession, custody, and control upon a reasonable search, and subject to the parties' Protective Order, from 2023 to the present, on a rolling basis, to be completed on or before December 1, 2025.**

REQUEST NO. 18:        From January 1, 2018 onward, produce all materials, including conversation histories, contracts, materials, and communications with any journalist, reporter, or similar media representative relating to any of the following subjects:

> a.    This litigation
>
> b.    Plaintiff
>
> c.    Any of the former Counter-defendants in this action
>
> d.    Copyright
>
> e.    Any of your claims or defenses brought at any point in this litigation

**RESPONSE:** **Defendant objects to Request No. 18(a)–(e) to the extent that it is compound, overly broad, not reasonably limited in time or scope of the claims or defenses asserted in this action, is disproportionate to the needs of the case, and/or oppressive because the burden on Defendant to search for, gather, and produce any such information far outweighs the relevance of such information regarding the "Counterclaim" or "Counter-Defendants" because the Counterclaim was dismissed on September 5, 2025. [Doc. 123]. Defendant further objects to the extent this Request seeks information protected by attorney/client privilege, work product doctrine, or any other applicable privilege. Defendant further objects to the extent that Request No. 18 seeks documents already in Plaintiff's possession, or available to Plaintiff from public sources.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendant states that in light of the foregoing objections, Defendant is willing to meet and confer regarding a narrow request as to information sought for "this litigation" and "Plaintiff."**

REQUEST NO. 19:        From January 1, 2022 onward, produce all materials,

including conversation histories, contracts, materials, and communications

concerning "Fuddbusters".

**RESPONSE**: **Defendant objects to Request No. 19 to the extent that it is overly broad, not reasonably limited in time or scope of the claims or defenses asserted in this action, is disproportionate to the needs of the case, and/or oppressive because the burden on Defendant to search for, gather, and produce any such information far outweighs the relevance of such information. Responding further, Plaintiff asserted copyright infringement under 17 U.S.C. §501, false designation of origin and unfair competition under 15 U.S.C. §1125, and unauthorized publication of name or likeness in violation of §540.08, Fla. Stat., concerning certain 3D printed gun models that Defendant allegedly displayed without authorization. Defendant allegedly displayed the subject Works without authorization from 2023 to the present. The Request seeks information regarding "Fuddbusters" from 2022 to the present, and thus, this Request does not lead to admissible evidence concerning Plaintiff's claims. Defendant further objects to the extent that Plaintiff already has the documents requested from a prior document production.**

13

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and in light of the foregoing objections, Defendant, in his individual capacity, does not have the documents and/or information responsive to this Request. This Request is better directed to the Defendant Entities**

REQUEST NO. 20:          From January 1, 2021 onward, produce all materials, including conversation histories, contracts, materials, and communications concerning Matthew Larosiere, including by reference to him as the plaintiff in this matter, or any nickname or alias you associate with Matthew Larosiere.

**RESPONSE: Defendant objects to Request No. 20 to the extent that it is overly broad insofar as it seeks "all materials…" concerning Matthew Larosiere from January 1, 2021 onward because the information sought is not reasonably limited in time or scope of the claims or defenses asserted in this action, and/or oppressive because the burden on Defendant to search for, gather, and produce any such information far outweighs the relevance of such information. Responding further, Plaintiff asserted copyright infringement under 17 U.S.C. §501, false designation of origin and unfair competition under 15 U.S.C. §1125, and unauthorized publication of name or likeness in violation of §540.08, Fla. Stat., concerning certain 3D printed gun models that Defendant allegedly displayed without authorization. Defendant allegedly displayed the subject Works without authorization from 2023 to the present. The Request seeks information concerning Plaintiff from 2022 to the present, and, thus, this Request does not lead to admissible evidence concerning Plaintiff's claims. Defendant further objects to the extent that Plaintiff already has the documents requested from a prior document production.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendant states that in light of the foregoing objections, Defendant will produce relevant, responsive and non-privileged representative documents, to the extent any exist within its possession, custody, and control and can be located upon a reasonable search, and subject to the parties' Protective Order, from 2023 to the present, on a rolling basis, to be completed on or before December 1, 2025.**

REQUEST NO. 21:          From January 1, 2018 onward, produce all materials, including conversation histories, contracts, materials, and communications

14

concerning IvanTheTroll.

> **RESPONSE**:  **Defendant objects to Request No. 21 to the extent that it is overly broad insofar as it seeks "all materials…" concerning "IvanTheTroll" because the information sought is not reasonably limited in time or scope of the claims or defenses asserted in this action, and/or oppressive because the burden on Defendant to search for, gather, and produce any such information far outweighs the relevance of such information. Responding further, Plaintiff asserted copyright infringement under 17 U.S.C. §501, false designation of origin and unfair competition under 15 U.S.C. §1125, and unauthorized publication of name or likeness in violation of §540.08, Fla. Stat., concerning certain 3D printed gun models that Defendant allegedly displayed without authorization. Defendant allegedly displayed the subject Works without authorization from 2023 to the present. The information seeks information concerning John Elik's handle "IvanTheTroll," a nonparty from 2018 to the present, and, thus, does not lead to admissible evidence concerning Plaintiff's claims.**

> REQUEST NO. 22:    Produce all documents and material relating to the

real estate history, including sales, ownership, and lease records concerning 18209

MARSHALLS POINT DR, Leander TX 78645.

> **RESPONSE**:  **Defendant objects to Request No. 22 to the extent that it is overly broad insofar as it seeks "all documents" concerning "18209 Marshalls Point Dr., Leander TX 78645," and is not reasonably limited in time or scope of the claims or defenses asserted in this action, and/or oppressive because the burden on Defendant to search for, gather, and produce any such information far outweighs the relevance of such information. Responding further, Plaintiff asserted copyright infringement under 17 U.S.C. §501, false designation of origin and unfair competition under 15 U.S.C. §1125, and unauthorized publication of name or likeness in violation of §540.08, Fla. Stat., concerning certain 3D printed gun models that Defendant allegedly displayed without authorization. Defendant allegedly displayed the subject Works without authorization from 2023 to the present. The Request seeks information concerning the real estate property for 18209 Marshals Point Drive, Leander, TX 78645, which has no bearing on the claims and defenses in this action.**

REQUEST NO. 23:        Produce all documents and material relating to the

real estate history, including sales, ownership, and lease records concerning 2320

Donley Drive Suite C Austin, TX 78758.

> **RESPONSE**:  **Defendant objects to Request No. 23 to the extent that it is overly broad insofar as it seeks "all documents and material" concerning "2320 Donley Drive Suite C Austin, TX 78758," because the information sought is not reasonably limited in time or scope of the claims or defenses asserted in this action, and/or oppressive because the burden on Defendant to search for, gather, and produce any such information far outweighs the relevance of such information. Responding further, Plaintiff asserted copyright infringement under 17 U.S.C. §501, false designation of origin and unfair competition under 15 U.S.C. §1125, and unauthorized publication of name or likeness in violation of §540.08, Fla. Stat., concerning certain 3D printed gun models that Defendant allegedly displayed without authorization. Defendant allegedly displayed the subject Works without authorization from 2023 to the present. The Request seeks information concerning the real estate property for 18209 Marshals Point Drive, Leander, TX 78645, which has no bearing on the claims and defenses in this action.**

REQUEST NO. 24:        Produce all documents and material relating to the

real estate history, including sales, ownership, and lease records concerning 4610

CRESTWAY DR, AUSTIN TX 78731.

> **RESPONSE**:  **Defendant objects to Request No. 24 to the extent that it is overly broad insofar as it seeks "all documents and material" concerning "4610 Crestway Dr, Austin TX 78731," because the information sought is not reasonably limited in time or scope of the claims or defenses asserted in this action, and/or oppressive because the burden on Defendant to search for, gather, and produce any such information far outweighs the relevance of such information. Responding further, Plaintiff asserted copyright infringement under 17 U.S.C. §501, false designation of origin and unfair competition under 15 U.S.C. §1125, and unauthorized publication of name or likeness in**

16

violation of §540.08, Fla. Stat., concerning certain 3D printed gun models that Defendant allegedly displayed without authorization. Defendant allegedly displayed the subject Works without authorization from 2023 to the present. The Request seeks information concerning the real estate property for 4610 Crestway Dr, Austin, TX 78731, which has no bearing on the claims and defenses in this action.

REQUEST NO. 25:        Produce all documents and communications in your

possession relating to any real estate owned by you or your sister, Cheyenne Morgan,

your father, Dennis K. Wilson, or any entity in which you, directly or indirectly, have

control over.

**RESPONSE:  Defendant objects to Request No. 25 to the extent that it is not reasonably limited in time or scope of the claims or defenses asserted in this action and disproportionate to the needs of the case. Responding further, Plaintiff asserted copyright infringement under 17 U.S.C. §501, false designation of origin and unfair competition under 15 U.S.C. §1125, and unauthorized publication of name or likeness in violation of §540.08, Fla. Stat., concerning certain 3D printed gun models that Defendant allegedly displayed without authorization. Defendant allegedly displayed the subject Works without authorization from 2023 to the present. The Request seeks information regarding Cheyenne Morgan and Dennis K. Wilson, who are non-parties, and, thus, the information requested does not lead to admissible evidence concerning Plaintiff's claims.**

REQUEST NO. 26:        Produce a complete accounting for every unit of

currency or cryptocurrency that was deposited into bitcoin accounts that you

controlled from 7/15/2018 to 9/5/2018.

**RESPONSE:  Defendant objects to Request No. 26 to the extent that the information sought is not reasonably limited in time or scope of the claims or defenses asserted in this action, and/or oppressive because the burden on Defendant to search for, gather, and produce any such information far outweighs the relevance of such information. Responding further, Plaintiff asserted copyright infringement under 17**

**U.S.C. §501, false designation of origin and unfair competition under
15 U.S.C. §1125, and unauthorized publication of name or likeness in
violation of §540.08, Fla. Stat., concerning certain 3D printed gun
models that Defendant allegedly displayed without authorization.
Defendant allegedly displayed the subject Works without
authorization from 2023 to the present. The Request seeks information
concerning Mr. Wilson's cryptocurrency deposited from 7/15/2018 to
9/5/2018, which has no bearing on the claims and defenses in this
action.**

REQUEST NO. 27:        Produce documents sufficient to create a complete

picture of the financial assets currently held by Cody Wilson, including bank account

statements, cryptocurrency account balances, real estate holdings or interests, and

personal possessions worth more than $500.

**RESPONSE:  Defendant objects to Request No. 27 to the extent that
the information sought is not reasonably limited in time or scope of
the claims or defenses asserted in this action, and/or oppressive
because the burden on Defendant to search for, gather, and produce
any such information far outweighs the relevance of such information.
Defendant further objects to the extent that the Request seeks
information from Defendant's insurance policy from the Defendant,
as the policyholder, or from the insurance company, which is
privileged under the attorney-client and/or work product privilege.
Defendant further objects to the extent that Plaintiff already has the
documents requested from a prior document production.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendant states that in light
of the foregoing objections, Defendant is willing to meet and confer
regarding a narrow request.**

REQUEST NO. 28:        Produce all documents and communications relating

to the payment of cryptocurrency from any of your companies to yourself.  "Your

companies" means Defense Distributed, Defcad, Inc., DD Foundation LLC.,

Gunspring LLC, Zero Percent Arms LLC, Federal Consolidated LLC, Ghost Gunner,

Coast Runner, and Dioskouroi, and any other company in which you have direct

control of personnel or operations.

**RESPONSE:** **Defendant, in his individual capacity, has no knowledge or information concerning the Defendant Entities' payment for cryptocurrency that is responsive to this Request. This Request is better directed to the Defendant Entities.**

**AMENDED RESPONSE:** **Without waiving the objections above, Defendant has none in his possession, custody, or control.**

REQUEST NO. 29:       Produce all documents and communications relating to the payment of legal currency from any of your companies to yourself.  "Your companies" means Defense Distributed, Defcad, Inc., DD Foundation LLC., Gunspring LLC, Zero Percent Arms LLC, Federal Consolidated LLC, Ghost Gunner, Coast Runner, and Dioskouroi, and any other company in which you have direct control of personnel or operations.

**RESPONSE:** **Defendant does not have information concerning the payment of "legal currency" to Defense Distributed, Defaced, Inc., DD Foundation LLC., Gunspring LLC, Zero Percent Arms LLC, Federal Consolidated LLC, Ghost Gunner, Coast Runner, and Dioskouroi, LLC responsive to this Request. This Request is better directed to the Defendant Entities.**

**AMENDED RESPONSE:** **Without waiving the objections above, Defendant has none in his possession, custody, or control.**

REQUEST NO. 30:       Produce all documents and communications relating in any way to the payment of compensation of any kind to any individual or entity relating in any way to any files, documents, images, models, or otherwise uploaded to Defcad.com. It is acceptable to produce this as confidential information as for the personal information involved.

**RESPONSE:** **Defendant, in his individual capacity, has no**

19

**communications or documents concerning compensation for individuals at DEFCAD, Inc. This Request is better directed to DEFCAD, Inc.**

REQUEST NO. 31:        From January 1, 2018, Produce all minutes of board

meetings, resolutions, or other records reflecting formal corporate governance actions

for Defense Distributed, Defcad, Inc., DD Foundation LLC., Gunspring LLC, Zero

Percent Arms LLC, Federal Consolidated LLC, Ghost Gunner, Coast Runner, and

Dioskouroi.

> **RESPONSE:** Defendant, in his individual capacity, does not have information or documents concerning the minutes and/or legal records for the Defendant Entities: Defense Distributed, DEFCAD, Inc., DD Foundation LLC., Gunspring LLC, Zero Percent Arms LLC, Federal Consolidated LLC, Ghost Gunner, Coast Runner, and Dioskouroi, LLC. This Request is better directed to Defense Distributed, DEFCAD, Inc., and Dioskouroi, LLC.

REQUEST NO. 32:        Produce all documents reflecting any inquiry into

whether each work at issue in this case:

      a.      was,

      b.      is,

      c.      or could be, protected by copyright.

> **RESPONSE:** Defendant objects to Request No. 32 (a)–(c) to the extent that it is overly broad, in that it seeks "all documents" that include any mention or discussion of the undefined term, "copyright," without limitation in time or scope of the claims or defenses asserted in this action. Defendant also objects to the extent that the information sought is disproportionate to the needs of the case, and/or oppressive because the burden on Defendant to search for, gather, and produce any such information far outweighs the relevance of such information. Responding further, Plaintiff asserted copyright infringement under 17 U.S.C. §501, false designation of origin and unfair competition under 15 U.S.C. §1125, and unauthorized publication of name or likeness in

20

**violation of §540.08, Fla. Stat., concerning certain 3D printed gun models that Defendant allegedly displayed without authorization. Defendant allegedly displayed the subject Works without authorization from 2023 to the present.  This Request seeks information concerning the Works without any time or scope limitations.  Defendant further objects to the extent this Request seeks information protected by attorney/client privilege, work product doctrine, or any other applicable privilege.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendant states that in light of the foregoing objections and based on its understanding that the term "copyright" refers to the subject Works, Defendant will produce relevant, responsive and non-privileged representative documents, to the extent any exist within its possession, custody, and control and can be located upon a reasonable search, and subject to the parties' Protective Order, from 2023 to the present, on a rolling basis, to be completed on or before December 1, 2025.**

REQUEST NO. 33:        Produce all posts, statements, messages, or communications in which you expressed anger, frustration, or hostility toward Plaintiff.

**RESPONSE:  Defendant objects to Request No. 33 as overly broad and disproportionate to the needs of the case in contravention of FRCP 26(b)(1) in that it seeks "[a]ll posts, statements, messages or communications" and requests for documents unrelated to the claims and defenses being litigated, and regardless of the relevant time period. Defendant further objects to the extent this Request seeks information protected by attorney/client privilege, work product doctrine, or any other applicable privilege.  Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendant states that in light of the foregoing objections, Defendant is willing to meet and confer regarding a narrow request**.

REQUEST NO. 34:        Produce all documents and communications in which you discuss the possibility of harming Plaintiff in any way.  Since you have expressed confusion about the term in the past, if the term "harming" is too confusing, you can use "injuring, wounding, maiming, bruising, cutting, damaging, breaking,

21

burning, beating, striking, slashing, stabbing, poisoning, bludgeoning, crippling,

disfiguring, hurting, battering, mutilating, impairing, insulting, mocking, bullying,

humiliating, shaming, harassing, abusing, threatening, scaring, gaslighting,

undermining, intimidating, alienating, neglecting, manipulating, embarrassing,

deceiving, ridiculing, provoking, offending, depriving, discriminating, prosecuting,

destroying, depleting, bankrupting, robbing, looting, withholding, burdening,

exploiting, slandering, libeling, smearing, tarnishing, blackmailing, exposing,

discrediting, sabotaging, ruining, obstructing, hindering, diminishing, weakening,

undercutting, delaying, disrupting, misleading, compromising, or endangering"

instead.

> **RESPONSE:** **Defendant has no documents responsive to this Request
> in his possession, custody, or control.**

REQUEST NO. 35:        Produce all documents and communications related

to "blacklisting," as you admit to in your answer and counterclaims, (Doc. 52 at ¶ 389)

on any or your commerce websites, including all information on individuals on the

blacklist, when they were placed on the blacklist, and the blacklist itself.

> **RESPONSE: Defendant objects to Request No. 35 to the extent that
> the term "blacklisting" is undefined, rendering this Request vague,
> ambiguous, and unintelligible. Defendant also objects to the extent
> that this Request is overly broad, in that it seeks "all documents and
> communications…" and requests documents unrelated to the claims
> and defenses being litigated, and without limitation to a specific time
> period. Defendant also objects to this Request to the extent it is not
> reasonably limited in time or scope of the claims or defenses asserted
> in this action, is disproportionate to the needs of the case, and/or
> oppressive as the burden on Defendant to search for, gather, and
> produce any such information far outweighs the relevance of such**

information because the Counterclaim was dismissed on September 5,
2025 [Doc. 123]. Defendant further objects to the extent this Request
seeks information protected by attorney/client privilege, work
product doctrine, or any other applicable privilege.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and in light of said objections,
Defendant states that it is willing to meet and confer for a narrower
request.

REQUEST NO. 36:        Produce all documents and communications related

to the ghostguns.com BTC pay server's processing of transactions that concern any of

the works at issue, including all transaction logs of such, from January 1, 2018, to

present.

RESPONSE: Defendant, in his individual capacity, does not have the
documents and/or information responsive to this Request. This
Request is better directed to the Defendant Entities.

REQUEST NO. 37:        Produce  all  documents  and  communications

discussing how to respond to DMCA notices or copyright complaints related to

Plaintiff's works.

RESPONSE: Defendant, in his individual capacity, does not have the
documents and/or information responsive to this Request. This
Request is better directed to the Defendant Entities.

REQUEST NO. 38:        Produce  all  documents  and  communications

discussing how to respond to DMCA notices or copyright complaints brought by

anyone aside from Plaintiff.

RESPONSE: Defendant, in his individual capacity, does not have the
documents and/or information responsive to this Request. This
Request is better directed to the Defendant Entities.

REQUEST NO. 39:        From  January  1,  2018,  to  present  produce  a

330878461v.2

transaction          history          for          the          bitcoin          address

1Gb5GNxrVGMT8e9uoJ8CmamrdVz9o8fAEa.    A responsive production will

include details on to whom and for what each "send" from the wallet was for.

> **RESPONSE:** Defendant objects to Request No. 39 to the extent that it
> is not reasonably limited in time or scope of the claims or defenses
> asserted in this action and disproportionate to the needs of the case.
> Responding further, Plaintiff asserted copyright infringement under 17
> U.S.C. §501, false designation of origin and unfair competition under
> 15 U.S.C. §1125, and unauthorized publication of name or likeness in
> violation of §540.08, Fla. Stat., concerning certain 3D printed gun
> models that Defendant allegedly displayed without authorization.
> Defendant allegedly displayed the subject Works without
> authorization from 2023 to the present. The Request seeks information
> concerning a certain transaction for a bitcoin address that is unrelated
> to the Plaintiff's claims. Defendant, in his individual capacity, does
> not have the documents and/or information responsive to this
> Request. This Request is better directed to the Defendant Entities.

> **AMENDED RESPONSE:** Without waiving the objections above,
> after a reasonable search from January 1, 2021, to present, Defendant
> has none in his personal possession, custody, or control.

REQUEST NO. 40:        From January 1, 2018, to present produce a

transaction history for the bitcoin address 12R4kPeSK6i9427ctH15j2NcJ1ST1FT21C.

A responsive production will include details on to whom and for what each "send"

from the wallet was for.

> **RESPONSE:** Defendant objects to Request No. 40 to the extent that it
> is not reasonably limited in time or scope of the claims or defenses
> asserted in this action and disproportionate to the needs of the case.
> Responding further, Plaintiff asserted copyright infringement under 17
> U.S.C. §501, false designation of origin and unfair competition under
> 15 U.S.C. §1125, and unauthorized publication of name or likeness in
> violation of §540.08, Fla. Stat., concerning certain 3D printed gun
> models that Defendant allegedly displayed without authorization.
> Defendant allegedly displayed the subject Works without

authorization from 2023 to the present. The Request seeks information concerning a certain transaction for a bitcoin address that is unrelated to the plaintiff's claims.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and in light of said objections, Defendant, in his individual capacity, does not have any documents or information responsive to this Request in his possession, custody, or control.

AMENDED RESPONSE: Without waiving the objections above, after a reasonable search from January 1, 2021, to present, Defendant has none in his personal possession, custody, or control.

REQUEST NO. 41:    From January 1, 2018, to present, produce a transaction history for the bitcoin address 1FBxLYdWCBCTu9GU1QYSfJVM8PVrvTYqiy.    A responsive production will include details on to whom and for what each "send" from the wallet was for.

RESPONSE: Defendant objects to Request No. 41 to the extent that it is not reasonably limited in time or scope of the claims or defenses asserted in this action and disproportionate to the needs of the case. Responding further, Plaintiff asserted copyright infringement under 17 U.S.C. §501, false designation of origin and unfair competition under 15 U.S.C. §1125, and unauthorized publication of name or likeness in violation of §540.08, Fla. Stat., concerning certain 3D printed gun models that Defendant allegedly displayed without authorization. Defendant allegedly displayed the subject Works without authorization from 2023 to the present.    The Request seeks information concerning a certain transaction for a bitcoin address that is unrelated to the Plaintiff's claims.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and in light of said objections, Defendant does not have any documents or information responsive to this Request in this possession, custody, or control.

AMENDED RESPONSE: Without waiving the objections above, after a reasonable search from January 1, 2021, to present, Defendant has none in his personal possession, custody, or control.

REQUEST NO. 42:    From January 1, 2018, to present, produce all

25

communications, records, and documents concerning or involving "Joe G" (whom

you know may know better as (jg@exfiltrate.io)), including those concerning any

payments sent to them along with the purpose for that payment.

> **RESPONSE**: Defendant objects to Request No. 42 to the extent that it
> is not reasonably limited in time or scope of the claims or defenses
> asserted in this action and disproportionate to the needs of the case.
> Responding further, Plaintiff asserted copyright infringement under 17
> U.S.C. §501, false designation of origin and unfair competition under
> 15 U.S.C. §1125, and unauthorized publication of name or likeness in
> violation of §540.08, Fla. Stat., concerning certain 3D printed gun
> models that Defendant allegedly displayed without authorization.
> Defendant allegedly displayed the subject Works without
> authorization from 2023 to the present.   The Request seeks
> information concerning communications and documents discussing
> "Joe G," from January 1, 2018, to present, which are unrelated to
> Plaintiff's claims.

REQUEST NO. 43:        From January 1, 2018, to present, produce all

communications and documents between yourself and Thomas Odom concerning

Gunspring.

> **RESPONSE**: Defendant objects to Request No. 43 to the extent that it
> is not reasonably limited in time or scope of the claims or defenses
> asserted in this action and disproportionate to the needs of the case.
> Responding further, Plaintiff asserted copyright infringement under 17
> U.S.C. §501, false designation of origin and unfair competition under
> 15 U.S.C. §1125 claims, and unauthorized publication of name or
> likeness in violation of §540.08, Fla. Stat., concerning certain 3D
> printed gun models that Defendant allegedly displayed without
> authorization (the subject "Works").  Plaintiff allegedly displayed the
> subject Works from 2023 to 2024. The Request seeks information
> concerning Thomas Odom and Gunspring without limitation of time
> and scope, which is unrelated to Plaintiff's claims.
>
> Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and in light of said objections,
> Defendant does not have any documents or information responsive to
> this Request in this possession, custody, or control.

**AMENDED RESPONSE:** Without waiving the objections above, after a reasonable search from January 1, 2022, to present, Defendant has none in his personal possession, custody, or control.

REQUEST NO. 44:    From January 1, 2018, to present, produce all

communications and documents between yourself and Thomas Odom concerning

Dioskouroi.

**RESPONSE:** Defendant objects to Request No. 44 as overly broad and disproportionate to the needs of the case in contravention of FRCP 26(b)(1) in that it seeks "[a]ll communications and documents" between Dioskouroi and Thomas Odom that may be unrelated to the claims and defenses being litigated and is not limited to a specific time period. Defendant also objects to the extent this Request seeks information protected by attorney/client privilege, work product doctrine, or any other applicable privilege.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and in light of said objections, Defendant, in his individual capacity, does not have any documents or information responsive to this Request in his possession, custody, or control.

**AMENDED RESPONSE:** Without waiving the objections above, after a reasonable search from January 1, 2022, to present, Defendant has none in his personal possession, custody, or control.

REQUEST NO. 45:    From January 1, 2018, to present, produce all

communications and documents between yourself and Thomas Odom concerning

ghostguns.com.

**RESPONSE:** Defendant objects to Request No. 45 as overly broad and disproportionate to the needs of the case in contravention of FRCP 26(b)(1) in that it seeks "[a]ll communications and documents" between Thomas Odom and ghostguns.com, which may seek confidential business documents unrelated to the claims and defenses being litigated and is not limited to a reasonable time period leading to admissible evidence. Defendant also objects to the extent this Request seeks information protected by attorney/client privilege, work product doctrine, or any other applicable privilege.

27

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and in light of said objections, Defendant, in his individual capacity, does not have any documents or information responsive to this Request in his possession, custody, or control.

**AMENDED RESPONSE:** Without waiving the objections above, after a reasonable search from January 1, 2022, to present, Defendant has none in his personal possession, custody, or control.

REQUEST NO. 46:    From January 1, 2018, to present, produce all

communications and documents between yourself and Thomas Odom concerning

Defcad.

**RESPONSE: Defendant objects to Request No. 46 as overly broad and disproportionate to the needs of the case in contravention of FRCP 26(b)(1) in that it seeks "[a]ll communications and documents" between Thomas Odom and DEFCAD which may seek confidential business documents unrelated to the claims and defenses being litigated and is not limited to a reasonable time period leading to admissible evidence. Defendant also objects to the extent this Request seeks information protected by attorney/client privilege, work product doctrine, or any other applicable privilege.**

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and in light of said objections, Defendant, in his individual capacity, does not have any documents responsive to this Request in his possession, custody, or control.  This Request is better directed to DEFCAD, Inc.

**AMENDED RESPONSE:** Without waiving the objections above, Defendant has none in his possession, custody, or control.

REQUEST NO. 47:    From January 1, 2018, to present, produce all

communications and documents between yourself and Thomas Odom concerning

copyright.

**RESPONSE: Defendant objects to Request No. 47 as overly broad and disproportionate to the needs of the case in contravention of FRCP 26(b)(1) in that it seeks "[a]ll communications and documents" between Defendant and Thomas Odom concerning the undefined**

term, "copyright," which may be unrelated to the claims and defenses
being litigated and is not limited to a reasonable time period leading
to admissible evidence. Defendant also objects to the extent this
Request seeks information protected by attorney/client privilege,
work product doctrine, or any other applicable privilege.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and in light of said objections,
Defendant, in his individual capacity, does not have any documents or
information responsive to this Request in his possession, custody, or
control.

**AMENDED RESPONSE:** Without waiving the objections above,
after a reasonable search from January 1, 2022, to present, Defendant
has none in his personal possession, custody, or control.

REQUEST NO. 48:        Produce    all    communications,    documents,

images/graphics, and related attachments between you and Sara Westman from Jan

1, 2021.

**RESPONSE:** Defendant objects to Request No. 48 as overly broad and
disproportionate to the needs of the case in contravention of FRCP
26(b)(1) in that it seeks "[a]ll communications...between you and Sara
Westman from Jan 1, 2021," which may be unrelated to the claims and
defenses being litigated and is not limited to a reasonable time period
leading to admissible evidence.

**AMENDED RESPONSE:** Without waiving the objections above,
after a reasonable search from January 1, 2022, to present, Defendant
has none in his personal possession, custody, or control.

REQUEST NO. 49:        Produce  the  corporate  governance  policies  of

Defense Distributed, DEFCAD, and FEDCAD as of the time each of the works at

issue were uploaded, including how content was selected, prioritized, scheduled,

modified, inspected, and approved for publication.

**RESPONSE:** Defendant objects to the extent that Plaintiff already has
the documents requested from a prior document production.
Defendant, in his individual capacity, does not have documents in his

330878461v.2

**possession, custody, or control for Defense Distributed, DEFCAD, and FEDCAD. This Request is better directed to DEFCAD.**

REQUEST NO. 50:        From January 1, 2021, produce all communications

and documents with Cyan, whom you may know as Kieran Philio.

> **RESPONSE:  Defendant, in his individual capacity, has no documents in his possession, custody, or control, or information concerning documents with Cyan, also known as Kieran Phillio.  This Request is better directed to the Defendant Entities.**

REQUEST NO. 51:        From January 1, 2021, produce all communications,

documents, and materials regarding any discussion of pauses, breaks, temporary lulls,

freezes, or interruptions regarding upload or publishing of new files on Defcad's

website(s).

> **RESPONSE:  Defendant, in his individual capacity, has no documents in his possession, custody, or control, or information concerning communications, documents, and materials for DEFCAD's website(s).  This Request is better directed to DEFCAD, Inc.**

REQUEST NO. 52:        From January 1, 2021, produce all documents and

communications concerning the creation of precursorparts.com.

> **RESPONSE:  Defendant, in his individual capacity, does not have the documents and/or information responsive to this Request. This Request is better directed to the Defendant Entities.**

REQUEST NO. 53:        From January 1, 2021, produce all documents and

communications concerning the creation of Dioskouroi.

> **RESPONSE:  Defendant, in his individual capacity, does not have the documents and/or information responsive to this Request. This Request is better directed to the Dioskouroi.**

REQUEST NO. 54:        From January 1, 2021, produce all documents and

30

communications concerning the creation of Fedcad.com.

**RESPONSE:  Defendant, in his individual capacity, does not have the documents and/or information responsive to this Request. This Request is better directed to DEFCAD, Inc.**

REQUEST NO. 55:        From January 1, 2021, produce all documents, discussions, conversations, emails, and texts you have had about this lawsuit, including your previous counterclaims, including the dismissal of those counterclaims, in either public or private communications, besides those for which you can rightly claim attorney-client privilege.

**RESPONSE: Defendant objects to the extent that Request No. 55 is in contravention of FRCP 26(b)(1) in that it seeks "[a]ll documents…concerning your previous counterclaims" and seeks information unrelated to the claims and defenses being litigated, and regardless of the relevant time period. Defendant also objects to this Request to the extent it is disproportionate to the needs of the case, and/or oppressive because the burden on Defendant to search for, gather, and produce any such information far outweighs the relevance concerning the previous Counterclaims, because the Counterclaim was dismissed on September 5, 2025 [Doc. 123].  Responding further, Defendant further objects to the extent this Request seeks information protected by attorney/client privilege, work product doctrine, or any other applicable privilege.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendant states that in light of the foregoing objections, Defendant is willing to meet and confer regarding a narrow request.**

REQUEST NO. 56:        From January 1, 2021, produce all communications, messages, and documents concerning the "Fuddbusters" discord server.

**RESPONSE:  Defendant, in his individual capacity, does not have the documents and/or information responsive to this Request. This Request is better directed to the Defendant Entities.**

REQUEST NO. 57:        From January 1, 2018, produce all posts, documents,

statements, messages, or communications in which you mentioned or referenced

Plaintiff's employee, John Elik.

> **RESPONSE: Defendant objects to the extent that Request No. 57 is in
> contravention of FRCP 26(b)(1) in that it seeks "[a]ll
> posts…mentioned or referenced Plaintiff's employee, John Elik"
> which may seek information unrelated to the claims and defenses being
> litigated, and regardless of the relevant time period.  Plaintiff asserted
> copyright infringement under 17 U.S.C. §501, false designation of
> origin and unfair competition under 15 U.S.C. §1125, and
> unauthorized publication of name or likeness in violation of §540.08,
> Fla. Stat., concerning certain 3D printed gun models that Defendant
> allegedly displayed without authorization. Defendant allegedly
> displayed the subject Works without authorization from 2023 to the
> present.  The Request seeks documents referencing or mentioning John
> Elik, a nonparty, from January 1, 2018, that are unrelated to the claims
> asserted in this action.  Defendant further objects to the extent this
> Request seeks information protected by attorney/client privilege,
> work product doctrine, or any other applicable privilege.**

REQUEST NO. 58:        From January 1, 2018, produce all posts, documents,

statements, messages, or communications in which you mentioned or referenced Josh

Stroke.

> **RESPONSE: Defendant objects to the extent that Request No. 58 is in
> contravention of FRCP 26(b)(1) in that it seeks "[a]ll
> posts…mentioned or referenced Josh Stroke" which may seek
> information unrelated to the claims and defenses being litigated, and
> regardless of the relevant time period.  Plaintiff asserted copyright
> infringement under 17 U.S.C. §501, false designation of origin and
> unfair competition under 15 U.S.C. §1125, and unauthorized
> publication of name or likeness in violation of §540.08, Fla. Stat.,
> concerning certain 3D printed gun models that Defendant allegedly
> displayed without authorization. Defendant allegedly displayed the
> subject Works without authorization from 2023 to the present.  The
> Request seeks documents referencing or mentioning Josh Stroke, a
> nonparty, from January 1, 2018, that are unrelated to the claims**

asserted in this action. Defendant further objects to the extent this
Request seeks information protected by attorney/client privilege,
work product doctrine, or any other applicable privilege.

**AMENDED RESPONSE:** Without waiving the objections above,
subject to the definitions of "Copyright" and "Works," *see e.g.,* Doc.
213 at p. 10, Defendant searched for documents in his personal
possession from January 1, 2022, to the present. Responding further,
Defendant has none in his possession, custody, or control.

REQUEST NO. 59:        From January 1, 2018, produce all posts, documents,

statements, messages, or communications in which you mentioned or referenced John

Lettman.

**RESPONSE:** Defendant objects to the extent that Request No. 59 is in
contravention of FRCP 26(b)(1) in that it seeks "[a]ll
posts...mentioned or referenced John Lettman" which may seek
information unrelated to the claims and defenses being litigated, and
regardless of the relevant time period. Plaintiff asserted copyright
infringement under 17 U.S.C. §501, false designation of origin and
unfair competition under 15 U.S.C. §1125, and unauthorized
publication of name or likeness in violation of §540.08, Fla. Stat.,
concerning certain 3D printed gun models that Defendant allegedly
displayed without authorization. Defendant allegedly displayed the
subject Works without authorization from 2023 to the present. The
Request seeks documents concerning documents referencing
or mentioning John Lettman, a nonparty, from January 1, 2018, which
are unrelated to the claims asserted in this action. Defendant further
objects to the extent this Request seeks information protected by
attorney/client privilege, work product doctrine, or any other
applicable privilege.

**AMENDED RESPONSE:** Without waiving the objections above,
subject to the definitions of "Copyright" and "Works," *see e.g.,* Doc.
213 at p. 10, Defendant searched for documents in his personal
possession from January 1, 2022, to the present. Responding further,
Defendant has none in his possession, custody, or control.

REQUEST NO. 60:        From January 1, 2018, produce all posts, documents,

statements, messages, or communications in which you mentioned or referenced

Alexander Holladay.

> **RESPONSE: Defendant objects to the extent that Request No. 60 is in
> contravention of FRCP 26(b)(1) in that it seeks "[a]ll
> posts...mentioned or referenced Alexander Holladay" which may seek
> information unrelated to the claims and defenses being litigated, and
> regardless of the relevant time period. Plaintiff asserted copyright
> infringement under 17 U.S.C. §501, false designation of origin and
> unfair competition under 15 U.S.C. §1125, and unauthorized
> publication of name or likeness in violation of §540.08, Fla. Stat.,
> concerning certain 3D printed gun models that Defendant allegedly
> displayed without authorization. Defendant allegedly displayed the
> subject Works without authorization from 2023 to the present. The
> Request seeks documents concerning documents referencing or
> mentioning John Lettman, a nonparty, from January 1, 2018, which
> are unrelated to the claims asserted in this action. Defendant further
> objects to the extent this Request seeks information protected by
> attorney/client privilege, work product doctrine, or any other
> applicable privilege.**

> **AMENDED RESPONSE: Without waiving the objections above,
> subject to the definitions of "Copyright" and "Works," *see e.g.,* Doc.
> 213 at p. 10, Defendant searched for documents in his personal
> possession from January 1, 2022, to the present. Responding further,
> Defendant has none in his possession, custody, or control.**

> REQUEST NO. 61:        From January 1, 2018, produce all posts, documents,

statements, messages, or communications in which you mentioned or referenced

MAF Corporation.

> **RESPONSE: Defendant objects to the extent that Request No. 61 is in
> contravention of FRCP 26(b)(1) in that it seeks "[a]ll
> posts...mentioned or referenced MAF Corporation" which may seek
> confidential business information unrelated to the claims and defenses
> being litigated, and regardless of the relevant time period. Plaintiff
> asserted copyright infringement under 17 U.S.C. §501, false
> designation of origin and unfair competition under 15 U.S.C. §1125,
> and unauthorized publication of name or likeness in violation of**

§540.08, Fla. Stat., concerning certain 3D printed gun models that
Defendant allegedly displayed without authorization. Defendant
allegedly displayed the subject Works without authorization from
2023 to the present.  The Request seeks documents referencing or
mentioning MAF Corporation, a nonparty, from January 1, 2018, that
are unrelated to the claims asserted in this action. Defendant further
objects to the extent this Request seeks information protected by
attorney/client privilege, work product doctrine, or any other
applicable privilege.

**AMENDED RESPONSE**: Without waiving the objections above,
subject to the definitions of "Copyright" and "Works," *see e.g.,* Doc.
213 at p. 10, Defendant searched for documents in his personal
possession from January 1, 2022, to the present. Responding further,
Defendant has none in his possession, custody, or control.

REQUEST NO. 62:        From January 1, 2018, produce all posts, documents,

statements, messages, or communications in which you mentioned Peter Celantano

or Freeman1337.

**RESPONSE**: Defendant objects to the extent that Request No. 62 is in
contravention of FRCP 26(b)(1) in that it seeks "[a]ll
posts...mentioned or referenced Peter Celantano or Freeman1337"
which may seek information unrelated to the claims and defenses being
litigated, and regardless of the relevant time period. Plaintiff asserted
copyright infringement under 17 U.S.C. §501, false designation of
origin and unfair competition under 15 U.S.C. §1125, and
unauthorized publication of name or likeness in violation of §540.08,
Fla. Stat., concerning certain 3D printed gun models that Defendant
allegedly displayed without authorization. Defendant allegedly
displayed the subject Works without authorization from 2023 to the
present.  The Request seeks documents that reference or mention Peter
Celantano or Freeman1337, a nonparty, from January 1, 2018, that are
unrelated to the claims asserted in this action. Defendant further
objects to the extent this Request seeks information protected by
attorney/client privilege, work product doctrine, or any other
applicable privilege.

**AMENDED RESPONSE**: Without waiving the objections above,
subject to the definitions of "Copyright" and "Works," *see e.g.,* Doc.

**213 at p. 10, Defendant searched for documents in his personal possession from January 1, 2022, to the present. Responding further, Defendant has none in his possession, custody, or control.**

REQUEST NO. 63:        From January 1, 2018, produce all posts, documents,

statements, messages, or communications showing an inquiry into which, if any,

projects or files on Defcad may be or are currently subject to copyright protection.

**RESPONSE: Defendant, in his individual capacity, does not have the documents and/or information responsive to this Request. This Request is better directed to DEFCAD, Inc.**

**AMENDED RESPONSE: Without waiving the objections above, subject to the definitions of "Copyright" and "Works," *see e.g.,* Doc. 213 at p. 10, Defendant searched for documents in his personal possession from January 1, 2022, to the present. Responding further, Defendant has none in his possession, custody, or control.**

REQUEST NO. 64: From January 1, 2018, produce all posts, documents,

statements, messages, or communications concerning the execution or results of

periodic reviews for projects or files on Defcad that may be or are currently subject to

copyright protection.

**RESPONSE:  Defendant, in his individual capacity, does not have the documents and/or information responsive to this Request. This Request is better directed to DEFCAD, Inc.**

**AMENDED RESPONSE: Without waiving the objections above, subject to the definitions of "Copyright" and "Works," *see e.g.,* Doc. 213 at p. 10, Defendant searched for documents in his personal possession from January 1, 2022, to the present. Responding further, Defendant has none in his possession, custody, or control.**

REQUEST NO. 65:        From January 1, 2018, produce all posts, documents,

statements, messages, or communications concerning the execution or results of

stipulated reviews for projects or files on Defcad that may be or are currently subject

to copyright protection. Examples of a "stipulated review" would include after discovering that a work you had copied included copyright notices.

> **RESPONSE**: Defendant, in his individual capacity, does not have the documents and/or information responsive to this Request. This Request is better directed to DEFCAD, Inc.

> **AMENDED RESPONSE:** Without waiving the objections above, subject to the definitions of "Copyright" and "Works," *see e.g.,* Doc. 213 at p. 10, Defendant searched for documents in his personal possession from January 1, 2022, to the present. Responding further, Defendant has none in his possession, custody, or control.

REQUEST NO. 66:        For every work at issue in this case, produce all data that shows how exactly the underlying files ended up accessible on Defcad's website(s).  A responsive production must include:

> a.    Original uploader(s), including all available contact information, including addresses, for the uploader, all communications and messages with the original uploader, as well as the exact file(s) submitted by the original uploader.  Associated technical logs, IP addresses, and browser information are required.

> b.    Reviewer(s) who reviewed any part of the submitted files, including all available contact information, including addresses, for each reviewer, all communications and messages with any reviewer(s), as well as the exact file(s) the reviewers provided for final review/posting.  The nature and content of each reviewer's interaction with the files submitted with the original uploader should be noted, when this information is available.  Note that

"reviewer" includes anyone, regardless of their employment status
or role, who accessed, saw, read, looked at, or otherwise interacted
with any of the files submitted by the original uploader.

c.      Approver(s) who either approved of, signed off on, or otherwise
greenlit the posting of any of the files provided by any reviewer(s),
including all available contact information, including addresses,
for each approver, and all communications and messages with
approvers pertaining to each work at issue.   The nature and
content of each approver's interaction with the files submitted with
the original uploader should be noted, when this information is
available.   Note that "approver" includes anyone, regardless of
their employment status or role, who accessed, saw, read, looked
at, or otherwise interacted with any of the files submitted by the
original uploader or any reviewer(s).

d.      Editor(s) who either edited, updated, modified, tweaked, or
otherwise altered any postings that affected, were related to, or
pertained to any of the works at issue.   Include all available contact
information,    including    addresses,    for    each    editor,    all
communications and messages with any editor(s), as well as the
exact file(s), information, and changes the editors made.   Note that
"editor" includes anyone, regardless of their employment status or
role,  that  made  alterations  to  any  metadata,  the  specific  files

posted, or the information present on the web pages that pertain to any particular file, or the images associated with any files made available on your website. As explained, any messages or communications which touch on reasons, directions, instructions, or other such coordination of any –such edits are a part of this request.

**RESPONSE: Defendant, in his individual capacity, does not have the documents and/or information responsive to this Request. This Request is better directed to DEFCAD, Inc.**

**AMENDED RESPONSE: Without waiving the objections above, subject to the definitions of "Copyright" and "Works," *see e.g.,* Doc. 213 at p. 10, Defendant searched for documents in his personal possession from January 1, 2022, to the present. Responding further, Defendant has none in his possession, custody, or control.**

REQUEST NO. 67:    Produce all copies of any of the works at issue which are present on any mobile device (such as a cell phone or tablet) which belongs to Cody Wilson personally. A responsive production must maintain all metadata, including time-based metadata.

**RESPONSE: Defendant objects to the extent that Request No. 67 is in contravention of FRCP 26(b)(1) in that it seeks "[a]ll copies of any of the works at issue…" on Cody Wilson's mobile device, which may be unrelated to the claims and defenses being litigated, and regardless of the relevant time period. Plaintiff asserted copyright infringement under 17 U.S.C. §501, false designation of origin and unfair competition under 15 U.S.C. §1125, and unauthorized publication of name or likeness in violation of §540.08, Fla. Stat., concerning certain 3D printed gun models that Defendant allegedly displayed without authorization. Defendant allegedly displayed the subject Works without authorization from 2023 to the present. Defendant further objects to the extent this Request seeks information protected by**

39

attorney/client privilege, work product doctrine, or any other applicable privilege.

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendant states that in light of the foregoing objections, Defendant is willing to meet and confer regarding a narrow request.**

**<u>AMENDED RESPONSE</u>: Without waiving the objections above, subject to the definitions of "Copyright" and "Works," *see e.g.,* Doc. 213 at p. 10, Defendant searched for documents in his personal possession from January 1, 2022, to the present. Responding further, Defendant has none in his possession, custody, or control.**

<u>REQUEST NO. 68:</u>        Produce all copies of any of the works at issue which

are present on any laptop computer which belongs to Cody Wilson personally.   A

responsive production must maintain all metadata, including time-based metadata.

**<u>RESPONSE</u>: Defendant objects to the extent that Request No. 68 is in contravention of FRCP 26(b)(1) in that it seeks "[a]ll copies of any of the works at issue…" on Cody Wilson's laptop, which may be unrelated to the claims and defenses being litigated, and regardless of the relevant time period.   Plaintiff asserted copyright infringement under 17 U.S.C. §501, false designation of origin and unfair competition under 15 U.S.C. §1125, and unauthorized publication of name or likeness in violation of §540.08, Fla. Stat., claims concerning certain 3D printed gun models that Defendant allegedly displayed without authorization (the subject "Works"). Plaintiff allegedly displayed the subject Works from 2023 to 2024. Defendant further objects to the extent this Request seeks information protected by attorney/client privilege, work product doctrine, or any other applicable privilege.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendant states that in light of the foregoing objections, Defendant is willing to meet and confer regarding a narrow request.**

**<u>AMENDED RESPONSE</u>: Without waiving the objections above, subject to the definitions of "Copyright" and "Works," *see e.g.,* Doc. 213 at p. 10, Defendant searched for documents in his personal possession from January 1, 2022, to the present. Responding further,**

Defendant has none in his possession, custody, or control.

REQUEST NO. 69:        Produce all copies of any of the works at issue which

are present on any desktop computer which belongs to Cody Wilson personally.   A

responsive production must maintain all metadata, including time-based metadata.

**RESPONSE:** Defendant objects to the extent that Request No. 69 is in
contravention of FRCP 26(b)(1) in that it seeks "[a]ll copies of any of
the works at issue..." on Cody Wilson's desktop, which may be
unrelated to the claims and defenses being litigated, and regardless of
the relevant time period.  Plaintiff asserted copyright infringement
under 17 U.S.C. §501, false designation of origin and unfair
competition under 15 U.S.C. §1125, and unauthorized publication of
name or likeness in violation of §540.08, Fla. Stat., concerning certain
3D printed gun models that Defendant allegedly displayed without
authorization. Defendant allegedly displayed the subject Works
without authorization from 2023 to the present. The Request seeks
information regarding the subject Works without limitation in time
and scope, and, thus, are unrelated to Plaintiff's claims.  Defendant
further objects to the extent this Request seeks information protected
by attorney/client privilege, work product doctrine, or any other
applicable privilege.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendant states that in light
of the foregoing objections, Defendant is willing to meet and confer
regarding a narrow request.

**AMENDED RESPONSE:** Without waiving the objections above,
subject to the definitions of "Copyright" and "Works," *see e.g.,* Doc.
213 at p. 10, Defendant searched for documents in his personal
possession from January 1, 2022, to the present. Responding further,
Defendant has none in his possession, custody, or control.

REQUEST NO. 70:        Produce all copies of any of the works at issue

which are present on any mobile device (such as a cell phone or tablet) which

belongs solely to Cody Wilson in any of his business capacities.   A responsive

production must maintain all metadata, including time-based metadata.   For

clarity, "solely" in this context means that the device is "his" but may

technically be an asset belonging to any of his companies, or is one that he

predominantly uses for business purposes, or is one that he doesn't use for

personal purposes.

**RESPONSE: Defendant objects to the extent that the term "business capacities" is undefined, rendering this Request vague, ambiguous, and unintelligible. Defendant also objects to the extent that Request No. 70 is in contravention of FRCP 26(b)(1) in that it seeks "[a]ll copies of any of the works at issue…" on Cody Wilson's mobile device in any of his business capacities, which may be unrelated to the claims and defenses being litigated, and regardless of the relevant time period. Plaintiff asserted copyright infringement under 17 U.S.C. §501, false designation of origin and unfair competition under 15 U.S.C. §1125, and unauthorized publication of name or likeness in violation of §540.08, Fla. Stat., claims concerning certain 3D printed gun models that Defendant allegedly displayed without authorization (the subject "Works"). Plaintiff allegedly displayed the subject Works from 2023 to 2024. The Request seeks documents concerning Cody Wilson's businesses, without identifying the businesses, as Mr. Wilson owns several entities not named in this lawsuit.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendant states that in light of the foregoing objections, Defendant is willing to meet and confer regarding a narrow request.**

**AMENDED RESPONSE: Without waiving the objections above, subject to the definitions of "Copyright" and "Works," *see e.g.,* Doc. 213 at p. 10, Defendant searched for documents in his personal possession from January 1, 2022, to the present. Responding further, Defendant has none in his possession, custody, or control.**

REQUEST NO. 71:    Produce all copies of any of the works at issue which

are present on any laptop computer which belongs solely to Cody Wilson in any of his

business capacities.  A responsive production must maintain all metadata, including

time-based metadata. A responsive production must maintain all metadata, including

time-based metadata. For clarity, "solely" in this context means that the device is "his"

but may technically be an asset belonging to any of his companies, or is one that he

predominantly uses for business purposes, or is one that he doesn't use for personal

purposes.

> **RESPONSE:** Defendant objects to the extent that the term "business capacities" is undefined, rendering this Request vague, ambiguous, and unintelligible. Defendant also objects to the extent that Request No. 71 is in contravention of FRCP 26(b)(1) in that it seeks "[a]ll copies of any of the works at issue…" on Cody Wilson's laptop in any of his business capacities, which may be unrelated to the claims and defenses being litigated, and regardless of the relevant time period. Plaintiff asserted copyright infringement under 17 U.S.C. §501, false designation of origin and unfair competition under 15 U.S.C. §1125, and unauthorized publication of name or likeness in violation of §540.08, Fla. Stat., claims concerning certain 3D printed gun models that Defendant allegedly displayed without authorization (the subject "Works"). Plaintiff allegedly displayed the subject Works from 2023 to 2024. The Request seeks documents concerning Cody Wilson's businesses, without identifying these businesses, as Mr. Wilson owns several entities not named in this lawsuit.
>
> Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendant states that in light of the foregoing objections, Defendant is willing to meet and confer regarding a narrow request.
>
> **AMENDED RESPONSE:** Without waiving the objections above, subject to the definitions of "Copyright" and "Works," *see e.g.,* Doc. 213 at p. 10, Defendant searched for documents in his personal possession from January 1, 2022, to the present. Responding further, Defendant has none in his possession, custody, or control.

REQUEST NO. 72:    Produce all copies of any of the works at issue which

are present on any desktop computer which belongs solely to Cody Wilson in any of

his business capacities. A responsive production must maintain all metadata,

including time-based metadata. For clarity, "solely" in this context means that the device is "his" but may technically be an asset belonging to any of his companies, or is one that he predominantly uses for business purposes, or is one that he doesn't use for personal purposes.

> **RESPONSE**: Defendant, in his individual capacity, does not have the documents and/or information responsive to this Request. This Request is better directed to the Defendant Entities.

> **AMENDED RESPONSE**: Without waiving the objections above, subject to the definitions of "Copyright" and "Works," *see e.g.,* Doc. 213 at p. 10, Defendant searched for documents in his personal possession from January 1, 2022, to the present. Responding further, Defendant has none in his possession, custody, or control.

REQUEST NO. 73:        Produce all documents, material, or other evidence that the alleged infringement of any of the works at issue was actually non-infringing due to a defense of fair use.

> **RESPONSE:**  Defendant objects to the extent that Request No. 73 seeks a legal conclusion that any of the works at issue were infringed, it is not reasonably limited in time and scope, and is vague, ambiguous, and unintelligible as to the term "non-infringing." Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendant states that in light of the foregoing objections, Defendant will produce non-privileged documents within its possession, custody, and control that can be located after a reasonable search, subject to the parties' Protective Order, from 2023 to the present, on a rolling basis, to be completed on or before December 1, 2025.

> **AMENDED RESPONSE**: Without waiving the objections above, subject to the definitions of "Copyright" and "Works," *see e.g.,* Doc. 213 at p. 10, Defendant searched for documents in his personal possession from January 1, 2022, to the present. Responding further, Defendant has none in his possession, custody, or control.

REQUEST NO. 74:    Produce all evidence that you believed the alleged

infringement of any of the works at issue to be non-infringing due to a good-faith belief

in prior use.

> **RESPONSE:  Defendant objects to the extent that Request No. 74
> seeks a legal conclusion that any of the works at issue were infringed,
> it is not reasonably limited in time and scope, and is vague, ambiguous,
> and unintelligible as to the term "non-infringing." Pursuant to Fed.
> R. Civ. P. 34(b)(2)(C), Defendant states that in light of the foregoing
> objections, Defendant will produce non-privileged documents within
> its possession, custody, and control that can be located after a
> reasonable search, subject to the parties' Protective Order, from 2023
> to the present, on a rolling basis, to be completed on or before
> December 1, 2025.**

> **AMENDED RESPONSE: Without waiving the objections above,
> subject to the definitions of "Copyright" and "Works," *see e.g.,* Doc.
> 213 at p. 10, Defendant searched for documents in his personal
> possession from January 1, 2022, to the present. Responding further,
> Defendant has none in his possession, custody, or control.**

REQUEST NO. 75:    From January 1, 2021, Produce all communications

and documents with Antelope Hill Publishing, including any individual whom you

know to work for or at Antelope Hill Publishing.

> **RESPONSE: Defendant has no documents responsive to this Request
> in his possession, custody, or control.**

> **AMENDED RESPONSE: Without waiving the objections above,
> subject to the definitions of "Copyright" and "Works," *see e.g.,* Doc.
> 213 at p. 10, Defendant searched for documents in his personal
> possession from January 1, 2022, to the present. Responding further,
> Defendant has none in his possession, custody, or control.**

REQUEST NO. 76:    From January 1, 2019, Produce all communications,

documents or records with Garret Walliman where:

330878461v.2

a.      You or Walliman expressed concern about being caught or
        exposed for lying;

b.      You or Walliman discussed copyright;

c.      You or Walliman discussed this lawsuit;

d.      You or Walliman discussed any plan to comply with Plaintiff's
        copyrights;

e.      You or Walliman discussed the implementation of "exploding",
        "disappearing" or otherwise self-deleting messages;

f.      Any "exploding", disappearing, or otherwise self-deleting message
        policy or system concerning Walliman;

g.      You or Walliman discussed actions to be taken in response to this
        lawsuit;

h.      You or Walliman discussed consequences or potential
        consequences of this lawsuit;

i.      You or Walliman discussed the Black Flag White Paper;

j.      You or Walliman discussed or shared opinions concerning
        Plaintiff;

k.      You or Walliman discussed any plan to avoid infringing plaintiff's
        copyrights;

l.      You or Walliman discussed any plans to monitor
        chat.deterrencedispensed.com or the results from any such
        monitoring;

m.     You or Walliman discussed any plans to monitor the Fuddbusters

discord server or the results from any such monitoring;

n.     The document or communication containing the account names

of any accounts You or Walliman used to monitor the

Fuddbusters discord server;

o.     If production of these specific topics proves too burdensome,

production of the entirety of your conversations, documents, and

records with Walliman would satisfy this request.

**RESPONSE:** Defendant, in his individual capacity, does not have the documents and/or information responsive to this Request. This Request is better directed to the Defendant Entities.

**AMENDED RESPONSE:** Without waiving the objections above, subject to the definitions of "Copyright" and "Works," *see e.g.,* Doc. 213 at p. 10, Defendant searched for documents in his personal possession from January 1, 2022, to the present. Responding further, Defendant has none in his possession, custody, or control.

REQUEST NO. 77:        Produce all communications, documents or records

with Benjamin Denio where:

a.     You or Denio expressed concern about being caught or exposed

for lying;

b.     You or Denio discussed copyright;

c.     You or Denio discussed this lawsuit;

d.     You or Denio discussed any plan to comply with Plaintiff's

copyrights;

e.     You or Denio discussed the implementation of "exploding",

disappearing"" or otherwise self-deleting messages;

f.      Any "exploding", "disappearing", or otherwise self-deleting
        message policy or system concerning Denio;

g.      You or Denio discussed actions to be taken in response to this
        lawsuit;

h.      You or Denio discussed consequences or potential consequences
        of this lawsuit;

i.      You or Denio discussed the Black Flag White Paper;

j.      You or Denio discussed or shared opinions concerning Plaintiff;

k.      You or Denio discussed any plan to avoid infringing plaintiff's
        copyrights;

l.      You or Denio discussed any plans to monitor
        chat.deterrencedispensed.com or the results from any such
        monitoring;

m.      You or Denio discussed any plans to monitor the Fuddbusters
        discord server or the results from any such monitoring;

n.      If production of these specific topics proves too burdensome,
        production of the entirety of your conversations, documents, and
        records with Denio would satisfy this request.

**RESPONSE:** Defendant, in his individual capacity, does not have the
documents and/or information responsive to this Request. This
Request is better directed to the Defendant Entities.

**AMENDED RESPONSE**: Without waiving the objections above,

**subject to the definitions of "Copyright" and "Works," *see e.g.,* Doc.
213 at p. 10, Defendant searched for documents in his personal
possession from January 1, 2022, to the present. Responding further,
Defendant has none in his possession, custody, or control.**

REQUEST NO. 78:        Produce all communications, documents or records

with Zachary Kubin where:

    a.    You or Kubin expressed concern about being caught or exposed
for lying;

    b.    You or Kubin discussed copyright;

    c.    You or Kubin discussed this lawsuit;

    d.    You or Kubin discussed any plan to comply with Plaintiff's
copyrights;

    e.    You or Kubin discussed the implementation of "exploding",
"disappearing", or otherwise self-deleting messages;

    f.    Any "exploding", "disappearing", or otherwise self-deleting
message policy or system concerning Kubin;

    g.    You or Kubin discussed actions to be taken in response to this
lawsuit;

    h.    You or Kubin discussed consequences or potential consequences
of this lawsuit;

    i.    You or Kubin discussed the Black Flag White Paper;

    j.    You or Kubin discussed or shared opinions concerning Plaintiff;

    k.    You or Kubin discussed any plan to avoid infringing plaintiff's

copyrights;

l.      You or Kubin discussed any plans to monitor chat.deterrencedispensed.com or the results from any such monitoring;

m.     You or Kubin discussed any plans to monitor the Fuddbusters discord server or the results from any such monitoring;

n.      If production of these specific topics proves too burdensome, production of the entirety of your conversations, documents, and records with Kubin would satisfy this request.

**RESPONSE:** Defendant, in his individual capacity, does not have the documents and/or information responsive to this Request. This Request is better directed to the Defendant Entities.

**AMENDED RESPONSE**: Without waiving the objections above, subject to the definitions of "Copyright" and "Works," *see e.g.,* Doc. 213 at p. 10, Defendant searched for documents in his personal possession from January 1, 2022, to the present. Responding further, Defendant has none in his possession, custody, or control.

REQUEST NO. 79:       Produce all communications, documents or records with Thomas Odom where:

a.      You or Odom expressed concern about being caught or exposed for lying;

b.      You or Odom discussed copyright;

c.      You or Odom discussed this lawsuit;

d.      You or Odom discussed any plan to comply with Plaintiff's copyrights;

50

e.   You or Odom discussed the implementation of "exploding", "disappearing", or otherwise self-deleting messages;

f.   Any "exploding", "disappearing", or otherwise self-deleting message policy or system concerning Odom;

g.   You or Odom discussed actions to be taken in response to this lawsuit;

h.   You or Odom discussed consequences or potential consequences of this lawsuit;

i.   You or Odom discussed the Black Flag White Paper;

j.   You or Odom discussed or shared opinions concerning the Plaintiff;

k.   You or Odom discussed any plan to avoid infringing plaintiff's copyrights;

l.   You or Odom discussed any plans to monitor chat.deterrencedispensed.com or the results from any such monitoring;

m.   You or Odom discussed any plans to monitor the Fuddbusters discord server or the results from any such monitoring;

n.   If production of these specific topics proves too burdensome, production of the entirety of your conversations, documents, and records with Odom would satisfy this request.

**RESPONSE:**  **Defendant has no documents responsive to this Request**

51

in his possession, custody, or control.

**AMENDED RESPONSE**: Subject to the definitions of "Copyright" and "Works," *see e.g.,* Doc. 213 at p. 10, Defendant searched for documents in his personal possession from January 1, 2022, to the present. Responding further, Defendant has none in his possession, custody, or control.

 REQUEST NO. 80:        Produce all communications, documents or records with

Pablo Molina Diaz where:

    a.    You or Diaz expressed concern about being caught or exposed for

          lying;

    b.    You or Diaz discussed copyright;

    c.    You or Diaz discussed this lawsuit;

    d.    You or Diaz discussed any plan to comply with Plaintiff's

          copyrights;

    e.    You or Diaz discussed the implementation of "exploding",

          "disappearing", or otherwise self-deleting messages;

    f.    Any "exploding", "disappearing", or otherwise self-deleting

          message policy or system concerning Diaz;

    g.    You or Diaz discussed actions to be taken in response to this

          lawsuit;

    h.    You or Diaz discussed consequences or potential consequences of

          this lawsuit;

    i.    You or Diaz discussed the Black Flag White Paper;

j.      You or Diaz discussed or shared opinions concerning Plaintiff;

k.      You or Diaz discussed any plan to avoid infringing plaintiff's copyrights;

l.      You or Diaz discussed any plans to monitor chat.deterrencedispensed.com or the results from any such monitoring;

m.      You or Diaz discussed any plans to monitor the Fuddbusters discord server or the results from any such monitoring;

n.      If production of these specific topics proves too burdensome, production of the entirety of your conversations, documents, and records with Diaz would satisfy this request.

**RESPONSE:** **Defendant, in his individual capacity, has no documents responsive to this Request in his possession, custody, or control. This Request is better directed to the Defendant Entities.**

**AMENDED RESPONSE: Subject to the definitions of "Copyright" and "Works,"** *see e.g.,* **Doc. 213 at p. 10, Defendant searched for documents in his personal possession from January 1, 2022, to the present. Responding further, Defendant has none in his possession, custody, or control.**

REQUEST NO. 81:      Produce all communications, documents or records with Jeff Winkelman where:

a.      You or Winkelman expressed concern about being caught or exposed for lying;

b.      You or Winkelman discussed copyright;

c.      You or Winkelman discussed this lawsuit;

d.      You or Winkelman discussed any plan to comply with Plaintiff's

copyrights;

e.      You or Winkelman discussed the implementation of "exploding",

"disappearing", or otherwise self-deleting messages;

f.      Any "exploding", "disappearing", or otherwise self-deleting

message policy or system concerning Winkelman;

g.      You or Winkelman discussed actions to be taken in response to

this lawsuit;

h.      You or Winkelman discussed consequences or potential

consequences of this lawsuit;

i.      You or Winkelman discussed the Black Flag White Paper;

j.      You or Winkelman discussed or shared opinions concerning

Plaintiff;

k.      You or Winkelman discussed any plan to avoid infringing

plaintiffs copyrights;

l.      You or Winkelman discussed any plans to monitor

chat.deterrencedispensed.com or the results from any such

monitoring;

m.      You or Winkelman discussed any plans to monitor the

Fuddbusters discord server or the results from any such

monitoring;

n.      If production of these specific topics proves too burdensome,

production of the entirety of your conversations, documents, and

records with Diaz would satisfy this request.

**RESPONSE:** Defendant, in his individual capacity, has no documents responsive to this Request in his possession, custody, or control. This Request is better directed to the Defendant Entities.

**AMENDED RESPONSE:** Subject to the definitions of "Copyright" and "Works," *see e.g.,* Doc. 213 at p. 10, Defendant searched for documents in his personal possession from January 1, 2022, to the present. Responding further, Defendant has none in his possession, custody, or control.

REQUEST NO. 82:        Produce all records and communications concerning

the creation of DD Foundation LLC.

**RESPONSE:** Defendant objects to the extent that Request No. 82 are in contravention of FRCP 26(b)(1) in that it seeks "[a]ll records and communications" with DD Foundation, LLC, which is unrelated to the claims and defenses being litigated, and regardless of the relevant time period.    Plaintiff asserted copyright infringement under 17 U.S.C. §501, false designation of origin and unfair competition under 15 U.S.C. §1125, and unauthorized publication of name or likeness in violation of §540.08, Fla. Stat., concerning certain 3D printed gun models that Defendant allegedly displayed without authorization. Defendant allegedly displayed the subject Works without authorization from 2023 to the present. The Request seeks documents concerning DD Foundation, LLC, a non-party, without limitation in time and scope, and, thus, this Request seeks information unrelated to Plaintiff's claims. Responding further, Defendant, in his individual capacity, has no documents responsive to this Request in his possession, custody, or control.

**AMENDED RESPONSE:** Subject to the definitions of "Copyright" and "Works," *see e.g.,* Doc. 213 at p. 10, Defendant searched for documents in his personal possession from January 1, 2022, to the present. Responding further, Defendant has none in his possession, custody, or control.

REQUEST NO. 83:        Produce all records and communications concerning

how you assumed any role with DD Foundation LLC.

**RESPONSE: Defendant objects to the extent that Request No. 83 is in
contravention of FRCP 26(b)(1) in that it seeks "[a]ll records and
communications" concerning assumption of any role with DD
Foundation, LLC, which is unrelated to the claims and defenses being
litigated, and regardless of the relevant time period. Plaintiff asserted
copyright infringement under 17 U.S.C. §501, false designation of
origin and unfair competition under 15 U.S.C. §1125, and
unauthorized publication of name or likeness in violation of §540.08,
Fla. Stat., claims concerning certain 3D printed gun models that
Defendant allegedly displayed without authorization (the subject
"Works"). Plaintiff allegedly displayed the subject Works from 2023
to 2024. The Request seeks documents concerning DD Foundation,
LLC, a non-party, without limitation in time and scope, and, thus,
this Request seeks information unrelated to Plaintiff's claims.
Responding further, Defendant, in his individual capacity, has no
documents responsive to this Request in his possession, custody, or
control.**

**AMENDED RESPONSE: Subject to the definitions of "Copyright"
and "Works," *see e.g.,* Doc. 213 at p. 10, Defendant searched for
documents in his personal possession from January 1, 2022, to the
present. Responding further, Defendant has none in his possession,
custody, or control.**

REQUEST NO. 84:        Produce all records and communications relating to

the termination, firing, or voluntary cessation of employment or contract work of

employees or contractors for any reasons relating to any issue concerning copyright.

**RESPONSE: Defendant, in his individual capacity, does not have the
documents and/or information responsive to this Request. This
Request is better directed to the Defendant Entities.**

**AMENDED RESPONSE: Subject to the definitions of "Copyright"
and "Works," *see e.g.,* Doc. 213 at p. 10, Defendant searched for
documents in his personal possession from January 1, 2022, to the
present. Responding further, Defendant has none in his possession,**

custody, or control.

REQUEST NO. 85:        Produce all records and communications relating to the termination, firing, or voluntary cessation of employment or contract work of employees or contractors since this lawsuit was filed.

**RESPONSE: Defendant, in his individual capacity, does not have the documents and/or information responsive to this Request. This Request is better directed to the Defendant Entities.**

**AMENDED RESPONSE: Subject to the definitions of "Copyright" and "Works," *see e.g.,* Doc. 213 at p. 10, Defendant searched for documents in his personal possession from January 1, 2022, to the present. Responding further, Defendant has none in his possession, custody, or control.**

REQUEST NO. 86:        Produce all communication, documents, and records concerning any materials that were deleted, destroyed, or lost as a result of the termination, firing, or voluntary cessation of employment or contract work of employees or contractors.

**RESPONSE: Defendant, in his individual capacity, does not have the documents and/or information responsive to this Request. This Request is better directed to the Defendant Entities.**

**AMENDED RESPONSE: Subject to the definitions of "Copyright" and "Works," *see e.g.,* Doc. 213 at p. 10, Defendant searched for documents in his personal possession from January 1, 2022, to the present. Responding further, Defendant has none in his possession, custody, or control.**

REQUEST NO. 87:        For each computer systems hosting DEFCAD content, including systems that mirror, rehost, proxy, or back up DEFCAD content, produce:

      a.        IP Addresses

      b.     Domain names

      c.     Companies that can claim ownership of these systems

**RESPONSE:  Defendant, in his individual capacity, has no documents responsive to Request No. 87(a)–(c) in his possession, custody, or control concerning DEFCAD's computer systems.  This Request is better directed to DEFCAD, Inc.**

**AMENDED RESPONSE: Subject to the definitions of "Copyright" and "Works,"** *see e.g.,* **Doc. 213 at p. 10, Defendant searched for documents in his personal possession from January 1, 2022, to the present. Responding further, Defendant has none in his possession, custody, or control.**

REQUEST NO. 88:     Produce all documents, communications, data, reports, and server logs from Defcad systems that mention foreign IP addresses, detection of foreign access attempts, or detection of foreign registrations.

**RESPONSE:  Defendant, in his individual capacity, has no documents responsive to this Request in his possession, custody, or control concerning DEFCAD's computer systems.  This Request is better directed to DEFCAD, Inc.**

**AMENDED RESPONSE: Subject to the definitions of "Copyright" and "Works,"** *see e.g.,* **Doc. 213 at p. 10, Defendant searched for documents in his personal possession from January 1, 2022, to the present. Responding further, Defendant has none in his possession, custody, or control.**

REQUEST NO. 89:     All discord account usernames owned or used by yourself or your employees which have been used at any point to discuss:

      a.     This lawsuit

      b.     Copyright

      c.     3D printed guns

**RESPONSE:  Defendant, in his individual capacity, has no documents**

responsive to this Request in his possession, custody, or control. This Request is better directed to the Defendant Entities.

**AMENDED RESPONSE:** Subject to the definitions of "Copyright" and "Works," *see e.g.,* Doc. 213 at p. 10, Defendant searched for documents in his personal possession from January 1, 2022, to the present. Responding further, Defendant has none in his possession, custody, or control.

REQUEST NO. 90:        All discord account usernames owned or used by yourself or your employees which have been exposed to the contents of any of the following Discord servers:

    a.    Fuddbusters v.∞, which you may know better as The Fuddbusters server.

    b.    Club+Fed, which you may know better as CTRL+Pew's server.

    c.    Suckboy's Dungeon, which you may know better as Suckboy Tony's server.

    d.    humans only, which you may know better as jny's server.

**RESPONSE:** Defendant objects to the term "your employees" as undefined, rendering Request No. 90(a)–(d) vague, ambiguous, and unintelligible. Responding further, Defendant, in his individual capacity, has no documents responsive to Request No. 90(a)–(d) in his possession, custody, or control concerning his "employees." The Request is better directed to the Defendant Entities.

**AMENDED RESPONSE:** Without waiving the objections above, subject to the definitions of "Copyright" and "Works," *see e.g.,* Doc. 213 at p. 10, Defendant searched for documents in his personal possession from January 1, 2022, to the present. Responding further, Defendant has none in his possession, custody, or control.

REQUEST NO. 91:        All rocket.chat and gitlab account usernames owned

or used by yourself or your employees which have been exposed to the contents of

chat.deterrencedispensed.com.

**RESPONSE:** Defendant objects to the term "your employees" as undefined, rendering Request No. 91 vague, ambiguous, and unintelligible. Responding further, Defendant, in his individual capacity, has no documents responsive to Request No. 91 in his possession, custody, or control concerning his "employees." This Request is better directed to the Defendant Entities.

**AMENDED RESPONSE:** Without waiving the objections above, subject to the definitions of "Copyright" and "Works," *see e.g.,* Doc. 213 at p. 10, Defendant searched for documents in his personal possession from January 1, 2022, to the present. Responding further, Defendant has none in his possession, custody, or control.

REQUEST NO. 92:        All communications, records, and documents you

have with or concerning Nathan Mayer.

**RESPONSE:** Defendant objects to the extent that Request No. 92 is in contravention of FRCP 26(b)(1) in that it seeks "[a]ll communications" concerning "Nathan Mayer," which are unrelated to the claims and defenses being litigated, and regardless of the relevant time period. Plaintiff asserted copyright infringement under 17 U.S.C. §501, false designation of origin and unfair competition under 15 U.S.C. §1125, and unauthorized publication of name or likeness in violation of §540.08, Fla. Stat., concerning certain 3D printed gun models that Defendant allegedly displayed without authorization. Defendant allegedly displayed the subject Works without authorization from 2023 to the present. The Request seeks documents concerning Nathan Mayer, a non-party, without limitation in time and scope, and, thus, this Request seeks information unrelated to Plaintiff's claims.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and in light of said objections, Defendant, in his individual capacity, does not have any documents or information responsive to this Request in his possession, custody, or control.

**AMENDED RESPONSE:** Without waiving the objections above,

subject to the definitions of "Copyright" and "Works," *see e.g.,* Doc. 213 at p. 10, Defendant searched for documents in his personal possession from January 1, 2022, to the present. Responding further, Defendant has none in his possession, custody, or control.

REQUEST NO. 93:        Any communications, information, documents, or

records concerning the following:

      a.      The kbvehicle.com domain

      b.      The "a.c" account on chat.deterrencedispensed.com

      c.      DNS provider DYNA-NS.NET

      d.      HOSTINGER hosting service provider

      e.      The server at 168.231.118.25

      f.      The email address esaulf21@kbvehicle.com

**RESPONSE:** Defendant objects to the extent that Request No. 93 is in contravention of FRCP 26(b)(1) in that it seeks "[a]ny communications" concerning certain domains names, DNS server, host service provider, and an email address, which are unrelated to the claims and defenses being litigated, and regardless of the relevant time period. Plaintiff asserted copyright infringement under 17 U.S.C. §501, false designation of origin and unfair competition under 15 U.S.C. §1125, and unauthorized publication of name or likeness in violation of §540.08, Fla. Stat., concerning certain 3D printed gun models that Defendant allegedly displayed without authorization. Defendant allegedly displayed the subject Works without authorization from 2023 to the present. The Request seeks documents concerning a certain server information without limitation in time and scope, and, thus, this Request seeks information unrelated to Plaintiff's claims. Responding further, Defendant, in his individual capacity, has no documents responsive to this Request in his possession, custody, or control. This Request is better directed to the Defendant Entities.

**AMENDED RESPONSE:** Without waiving the objections above, subject to the definitions of "Copyright" and "Works," *see e.g.,* Doc.

**213 at p. 10, Defendant searched for documents in his personal possession from January 1, 2022, to the present. Responding further, Defendant has none in his possession, custody, or control.**

REQUEST NO. 94:        Produce all communications, documents, records,

and data concerning any computer systems hosting the DEFCAD web software which

you or your companies own or maintain.

> **RESPONSE: Defendant, in his individual capacity, does not have the documents and/or information responsive to this Request. This Request is better directed to DEFCAD, Inc.**

> **AMENDED RESPONSE: Subject to the definitions of "Copyright" and "Works," *see e.g.,* Doc. 213 at p. 10, Defendant searched for documents in his personal possession from January 1, 2022, to the present. Responding further, Defendant has none in his possession, custody, or control.**

REQUEST NO. 95:        Produce all communications, documents, records,

and data concerning any computer systems hosting the DEFCAD web software.

> **RESPONSE: Defendant, in his individual capacity, does not have the documents and/or information responsive to this Request. This Request is better directed to DEFCAD, Inc.**

> **AMENDED RESPONSE: Subject to the definitions of "Copyright" and "Works," *see e.g.,* Doc. 213 at p. 10, Defendant searched for documents in his personal possession from January 1, 2022, to the present. Responding further, Defendant has none in his possession, custody, or control.**

REQUEST NO. 96:        Produce all communications, documents, records,

and data concerning any mirror sites you are aware of which mirror any site you or

you companies own or maintain and which are maintained by you or your companies.

> **RESPONSE: Defendant, in his individual capacity, does not have the documents and/or information responsive to this Request. This Request is better directed to the Defendant Entities.**

**AMENDED RESPONSE:** Subject to the definitions of "Copyright" and "Works," *see e.g.,* Doc. 213 at p. 10, Defendant searched for documents in his personal possession from January 1, 2022, to the present. Responding further, Defendant has none in his possession, custody, or control.

REQUEST NO. 97:    Produce all communications, documents, records, and data concerning any mirror sites you are aware of which mirror any site you or you companies own or maintain but do not belong to or are not maintained by you or your companies.

**RESPONSE:** Defendant, in his individual capacity, does not have the documents and/or information responsive to this Request. This Request is better directed to the Defendant Entities.

**AMENDED RESPONSE:** Subject to the definitions of "Copyright" and "Works," *see e.g.,* Doc. 213 at p. 10, Defendant searched for documents in his personal possession from January 1, 2022, to the present. Responding further, Defendant has none in his possession, custody, or control.

REQUEST NO. 98:    Produce all communications, documents, records, and data concerning any of the mirror sites responsive to 96 or 97 above which could have served any of the works at issue in this lawsuit.  For clarity, this would include any server which, for any amount of time, had included the "theory of the project" section of the Hitchhiker's build guide on a landing page for that project.

**RESPONSE:** Defendant refers Plaintiff to his responses and objections to Request Nos. 96 and/or 97, above.

**AMENDED RESPONSE:** Subject to the definitions of "Copyright" and "Works," *see e.g.,* Doc. 213 at p. 10, Defendant searched for documents in his personal possession from January 1, 2022, to the

present. Responding further, Defendant has none in his possession,
custody, or control.

REQUEST NO. 99:        Produce all communications, documents, records,

and data concerning any of the mirror sites responsive to 96 or 97 above which actually

did serve any of the works at issue in this lawsuit.  For clarity, this would include any

server which, for any amount of time, had included the "theory of the project" section

of the Hitchhiker's build guide on a landing page for that project.

**RESPONSE: Defendant refers Plaintiff to his responses and objections
to  Request Nos. 96 and/or 97, above.**

**AMENDED RESPONSE: Subject to the definitions of "Copyright"
and "Works,"** *see e.g.,* **Doc. 213 at p. 10, Defendant searched for
documents in his personal possession from January 1, 2022, to the
present. Responding further, Defendant has none in his possession,
custody, or control.**

REQUEST NO. 100: Produce all federal and state income tax returns filed by

you for tax years 2018 through the present, including all schedules, attachments, and

amendments.

**RESPONSE: Defendant also objects to Request No. 100 to the extent
it requests information that is not relevant to any claims or defense
asserted in this action. Defendant further objects to this Request to the
extent it seeks information or documents from Defendant that are not
within Defendant's possession, custody, or control. Defendant objects
to this Request to the extent it is overly broad, unduly burdensome,
not limited in time or in scope, disproportional to the needs of the case,
and/or oppressive because the burden on Defendant to search for,
gather, and produce any such information far outweighs the relevance
of such information.**

**AMENDED RESPONSE: Without waiving said objections,
Defendant is producing non-privileged documents responsive to this
request in his personal possession, custody, or control from January 1,**

64

2022.  Doc. 213 at pp. 10.

REQUEST NO. 101: Produce all documents sufficient to show your

sources of income from January 1, 2018 to present, including but not limited to

W-2s, 1099s, K-1s, or other income reporting forms.

> **RESPONSE:** Defendant also objects to Request No. 101 to the extent
> it requests information that is not relevant to any claims or defense
> asserted in this action.  Defendant further objects to this Request to
> the extent it seeks information or documents from Defendant that are
> not within Defendant's possession, custody, or control. Defendant
> objects to this Request to the extent it is overly broad, unduly
> burdensome, not limited in time or in scope, disproportional to the
> needs of the case, and/or oppressive because the burden on Defendant
> to search for, gather, and produce any such information far outweighs
> the relevance of such information.

> **AMENDED RESPONSE:** Without waiving the objections above,
> subject to the definitions of "Copyright" and "Works," in the Court's
> Order dated February 13, 2026, *see e.g.,* Doc. 213 at p. 10. Responding
> further, Defendant has none in his personal possession, custody, or
> control.

REQUEST NO. 102:        Produce all bank account statements for any account

held in your name, jointly with another, or for your benefit, from January 1, 2018 to

present.

> **RESPONSE:** Defendant also objects to Request No. 102 to the extent
> it requests information that is not relevant to any claims or defense
> asserted in this action. Defendant further objects to this Request to the
> extent it seeks information or documents from Defendant that are not
> within Defendant's possession, custody, or control. Defendant objects
> to this Request to the extent it is overly broad, unduly burdensome,
> not limited in time or in scope, disproportional to the needs of the case,
> and/or oppressive because the burden on Defendant to search for,
> gather, and produce any such information far outweighs the relevance
> of such information.

**AMENDED RESPONSE:** Without waiving the objections above, subject to the definitions of "Copyright" and "Works," in the Court's Order dated February 13, 2026, *see e.g.,* Doc. 213 at p. 10. Responding further, Defendant has none in his personal possession, custody, or control.

REQUEST NO. 103:    Produce all documents sufficient to show your ownership of any real property, vehicles, firearms, securities, or other significant assets from January 1, 2018 to present.

**RESPONSE:** Defendant also objects to Request No. 103 to the extent it requests information that is not relevant to any claims or defense asserted in this action. Defendant further objects to this Request to the extent it seeks information or documents from Defendant that are not within Defendant's possession, custody, or control. Defendant objects to this Request to the extent it is overly broad, unduly burdensome, not limited in time or in scope, disproportional to the needs of the case, and/or oppressive because the burden on Defendant to search for, gather, and produce any such information far outweighs the relevance of such information.

**AMENDED RESPONSE:** Without waiving the objections above, subject to the definitions of "Copyright" and "Works," in the Court's Order dated February 13, 2026, *see e.g.,* Doc. 213 at p. 10. Responding further, Defendant has none in his personal possession, custody, or control.

REQUEST NO. 104:    Produce all documents sufficient to show any liabilities or debts you have incurred from January 1, 2018 to present, including mortgages, lines of credit, and personal loans.

**RESPONSE:** Defendant also objects to Request No. 104 to the extent it requests information that is not relevant to any claims or defense asserted in this action. Defendant further objects to this Request to the extent it seeks information or documents from Defendant that are not within Defendant's possession, custody, or control. Defendant objects to this Request to the extent it is overly broad, unduly

burdensome, not limited in time or in scope, disproportional to the needs of the case, and/or oppressive because the burden on Defendant to search for, gather, and produce any such information far outweighs the relevance of such information.

**AMENDED RESPONSE:** Without waiving the objections above, subject to the definitions of "Copyright" and "Works," in the Court's Order dated February 13, 2026, *see e.g.,* Doc. 213 at p. 10. Responding further, Defendant has none in his personal possession, custody, or control.

REQUEST NO. 105:    Produce all documents sufficient to show any compensation, benefits, or distributions you received from any non-publicly traded business in which you hold an ownership interest from January 1, 2018 to present.

**RESPONSE: Defendant also objects to Request No. 105 to the extent it requests information that is not relevant to any claims or defense asserted in this action. Defendant further objects to this Request to the extent it seeks information or documents from Defendant that are not within Defendant's possession, custody, or control. Defendant objects to this Request to the extent it is overly broad, unduly burdensome, not limited in time or in scope, disproportional to the needs of the case, and/or oppressive because the burden on Defendant to search for, gather, and produce any such information far outweighs the relevance of such information.**

**AMENDED RESPONSE:** Without waiving the objections above, subject to the definitions of "Copyright" and "Works," in the Court's Order dated February 13, 2026, *see e.g.,* Doc. 213 at p. 10. Responding further, Defendant has none in his personal possession, custody, or control.

REQUEST NO. 106:    Produce all documents sufficient to show your ownership interest in any corporation, partnership, limited liability company, trust, or other business entity from January 1, 2018 to present.

**RESPONSE: Defendant also objects to Request No. 106 to the extent it requests information that is not relevant to any claims or defense**

asserted in this action. Defendant further objects to this Request to the extent it seeks information or documents from Defendant that are not within Defendant's possession, custody, or control. Defendant objects to this Request to the extent it is overly broad, unduly burdensome, not limited in time or in scope, disproportional to the needs of the case, and/or oppressive because the burden on Defendant to search for, gather, and produce any such information far outweighs the relevance of such information.

**AMENDED RESPONSE:** Without waiving the objections above, subject to the definitions of "Copyright" and "Works," in the Court's Order dated February 13, 2026, *see e.g.,* Doc. 213 at p. 10. Responding further, Defendant has none in his personal possession, custody, or control.

REQUEST NO. 107:        Produce all documents sufficient to show any gifts,

transfers, or contributions you made to family members, trusts, or entities controlled

by you from January 1, 2018 to present. For the purposes of this request, you may

exclude transactions with a total value under $5,000.

**RESPONSE:** Defendant also objects to Request No. 107 to the extent it requests information that is not relevant to any claims or defense asserted in this action. Defendant further objects to this Request to the extent it seeks information or documents from Defendant that are not within Defendant's possession, custody, or control. Defendant objects to this Request to the extent it is overly broad, unduly burdensome, not limited in time or in scope, disproportional to the needs of the case, and/or oppressive because the burden on Defendant to search for, gather, and produce any such information far outweighs the relevance of such information.

**AMENDED RESPONSE:** Without waiving the objections above, subject to the definitions of "Copyright" and "Works," in the Court's Order dated February 13, 2026, *see e.g.,* Doc. 213 at p. 10. Responding further, Defendant has none in his personal possession, custody, or control.

REQUEST NO. 108:        Produce all communications, documents, messages,

records, files, data, and reports referencing, discussing, or explaining Gataleaks.org.

**RESPONSE:    Defendant, in his individual capacity, does not
have the documents and/or information responsive to this Request.
This Request is better directed to the Defendant Entities.**

**AMENDED RESPONSE:  Subject to the definitions of "Copyright"
and "Works," in the Court's Order dated February 13, 2025, *see e.g.,*
Doc. 213 at p. 10, Defendant has none in his personal possession,
custody, or control.**

REQUEST NO. 109:    Produce all communications, documents, messages,

records, files, data, and reports stored on or accessible through Gataleaks.org.

**RESPONSE:  Defendant, in his individual capacity, does not have the
documents and/or information responsive to this Request. This
Request is better directed to the Defendant Entities.**

**AMENDED RESPONSE:  Subject to the definitions of "Copyright"
and "Works," in the Court's Order dated February 13, 2025, *see e.g.,*
Doc. 213 at p. 10, Defendant has none in his personal possession,
custody, or control.**

REQUEST NO. 110:    Produce all communications, documents, and

messages with journalists, researchers, or similar professionals concerning this lawsuit.

**RESPONSE:  Defendant objects to the extent that Request No. 110 is
in contravention of FRCP 26(b)(1) in that it seeks "[a]ll
communications…" with journalists, researchers, or similar
professionals concerning this lawsuit, which may include confidential
business documents unrelated to Plaintiff's claims and regardless of
the relevant time period.   Defendant further objects to the extent that
Request No. 110 seeks documents already in Plaintiff's possession, or
available to Plaintiff from public sources.  Pursuant to Fed. R. Civ. P.
34(b)(2)(C), Defendant states that in light of the foregoing objections,
in his individual capacity, does not have the documents and/or
information responsive to this Request. This Request is better directed
to the Defendant Entities.**

**AMENDED RESPONSE:  Without waiving said objections, subject**

to the definitions of "Copyright" and "Works," in the Court's Order
dated February 13, 2025, *see e.g.,* Doc. 213 at p. 10, Defendant has none
in his personal possession, custody, or control.

REQUEST NO. 111:    Produce all communications, documents, and

messages with journalists, researchers, or similar professionals concerning Matthew

Larosiere.

**RESPONSE: Defendant objects to the extent that Request No. 111 is
in contravention of FRCP 26(b)(1) in that it seeks "[a]ll
communications..." concerning Matther Larosiere, which may be
unrelated to Plaintiff's claims and regardless of the relevant time
period. Defendant further objects to the extent that Request No. 18
seeks documents already in Plaintiff's possession, or available to
Plaintiff from public sources. Pursuant to Fed. R. Civ. P. 34(b)(2)(C),
Defendant, in his individual capacity, does not have the documents
and/or information responsive to this Request. This Request is better
directed to the Defendant Entities.**

**AMENDED RESPONSE: Without waiving said objections, subject
to the definitions of "Copyright" and "Works," in the Court's Order
dated February 13, 2025, *see e.g.,* Doc. 213 at p. 10, Defendant has none
in his personal possession, custody, or control.**

REQUEST NO. 112:    Produce all communications, documents, and

messages with journalists, researchers, or similar professionals concerning John

Elik.

**RESPONSE: Defendant objects to the extent that Request No. 112 is
in contravention of FRCP 26(b)(1) in that it seeks "[a]ll
communications..." concerning John Elik, a nonparty, which may be
unrelated to Plaintiff's claims and regardless of the relevant time
period. Defendant further objects to the extent that Request No. 18
seeks documents already in Plaintiff's possession, or available to
Plaintiff from public sources. Pursuant to Fed. R. Civ. P. 34(b)(2)(C),
Defendant, in his individual capacity, does not have the documents
and/or information responsive to this Request. This Request is better
directed to the Defendant Entities.**

330878461v.2

**AMENDED RESPONSE:**   Without waiving said objections, subject
to the definitions of "Copyright" and "Works," in the Court's Order
dated February 13, 2025, *see e.g.,* Doc. 213 at p. 10, Defendant has none
in his personal possession, custody, or control.

REQUEST NO. 113:         Produce    all    communications,    documents,    and

messages with journalists, researchers, or similar professionals concerning copyright.

**RESPONSE:** Defendant objects to the extent that Request No. 113 is
in   contravention   of   FRCP   26(b)(1)   in   that   it   seeks   "[a]ll
communications…" concerning copyright, an undefined term, which
may be unrelated to Plaintiff's claims, and regardless of the relevant
time period.  Defendant further objects to the extent that Request No.
113 seeks documents already in Plaintiff's possession, or available to
Plaintiff from public sources.  Pursuant to Fed. R. Civ. P. 34(b)(2)(C),
Defendant, in his individual capacity, does not have the documents
and/or information responsive to this Request. This Request is better
directed to the Defendant Entities.

**AMENDED RESPONSE:**   Without waiving said objections, subject
to the definitions of "Copyright" and "Works," in the Court's Order
dated February 13, 2025, *see e.g.,* Doc. 213 at p. 10, Defendant has none
in his personal possession, custody, or control.

REQUEST NO. 114:          Produce all communications, documents, and

messages where you, your employees, or your contractors have discussed the

way in which Defcad works with regard to payments in order to access files.

**RESPONSE:** Defendant, in his individual capacity, does not have the
documents and/or information responsive to this Request. This
Request is better directed to DEFCAD, Inc.

**AMENDED RESPONSE:**  Subject to the definitions of "Copyright"
and "Works," in the Court's Order dated February 13, 2025, *see e.g.,*
Doc. 213 at p. 10, Defendant has none in his personal possession,
custody, or control.

Dated: February 27, 2026                    Respectfully submitted,

**WILSON ELSER MOSKOWITZ
EDELMAN& DICKER LLP**

By:  *s/Leia V. Leitner*
_____
     Leia V. Leitner
     Florida Bar No:  105621
     111 North Orange Avenue
     Suite 1200
     Orlando,  FL  32801
     Telephone:       407-423-7287
     Facsimile: 407-648-1376
     Leia.Leitner@wilsonelser.com
     Cheryl.Kujawski@wilsonelser.com

     Jura C. Zibas
     Florida Bar No:  124571
     Amaris C. Gyebi, Esq.
     Florida Bar No:  1019361
     2063 Main Street - Suite 100
     Sarasota, FL 34237
     Telephone:      941-866-8561
     Facsimile:941-210-5979
     Jura.Zibas@wilsonelser.com
     Amaris.Gyebi@wilsonelser.com
     Cheryl.Kujawski@wilsonelser.com

     *Co-Counsel for Defendants*
     *Cody Rutledge Wilson, Defense Distributed*
     *and DEFCAD, Inc.*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 27th day of February, 2026, a true and correct copy of the foregoing document has been served by email to the following: Zachary Z. Zermay, Esq., Florida Bar No: 1002905; Zermay Law, P.A., *Counsel for Plaintiff*, 1200 Fourth Street, #1102, Key West, Florida 33040; Telephone: 305-767-3529; Zach@Zermaylaw.com and info@Zermaylaw.com; Charles (Chad) Flores, Esq., Flores Law PLLC, *Counsel for Defendant, Dioskouroi LLC,* 917 Franklin Street, Suite 600, Houston, Texas 77002, Telephone: 713-364-6440, CF@ChadFlores.law; chad-flores-7646@ecf.pacerpro.com; and service@chadflores.law.

By:  *s/Leia V. Leitner*
        *Leia V. Leitner*