# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MATTHEW LAROSIERE,

        Plaintiff,

v.                                              Case No:    6:24-cv-1629-AGM-LHP

CODY RUTLEDGE WILSON,
DEFCAD, INC., DEFENSE
DISTRIBUTED, DIOSKOUROI LLC,

        Defendants

## ORDER

This cause comes before the Court *sua sponte*. On February 13, 2026, the Court entered an Order that, in part, required the parties to file within fourteen (14) days either a joint notice or separate notices regarding a list of custodians for Defendants Cody Wilson, Defcad, Inc., and Defense Distributed's Slack chat search for responsive discovery. Doc. No. 213, at 14–15. Plaintiff provides a proposed list, but it does not appear that Defendants have complied. *See* Doc. Nos. 224, 226. Indeed, Defendants do not provide a list of custodians, and instead simply state that they do not object to Plaintiff's proposed list, and that they had "requested that

Plaintiff provide a list of suggested custodians."  Doc. No. 224.  This is not what the Court's February 13, 2026 Order required.  *See* Doc. No. 213, at 14–15.[1]

Accordingly, it is **ORDERED** that on or before **5:00 p.m. on Thursday March 5, 2026,** Defendants Cody Wilson, Defcad, Inc., and Defense Distributed shall file on the docket their own proposed list of custodians for the Slack chat search. **Failure to comply will result in the imposition of sanctions without further notice.**  *See* **Fed. R. Civ. P. 16(f), 37(b).**

**DONE** and **ORDERED** in Orlando, Florida on March 2, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[1] Given that this list of proposed custodians relates to a search that Defendants will conduct of Defendants' Slack chats, Defendants' reliance on Plaintiff to produce the list of custodians is unavailing.  The Court also notes that the custodians proposed by defense counsel to Plaintiff are nonsensical—to include Plaintiff himself—and appear to be a cut-and-paste from a separate issue related to search terms.  *Compare* Doc. No. 226-1, at 3, *with* Doc. No. 223, at 5.