UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

    *Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc., DEFENSE DISTRIBUTED, and DIOSKOUROI LLC,

    *Defendants*.

_____/

## TIME SENSITIVE PLAINTIFF'S SHORT-FORM MOTION FOR SANCTIONS UNDER RULE 37(b)(2)

Pursuant to Fed. R. Civ. P. 37, Plaintiff Matthew Larosiere moves for sanctions for Defendants' failure to comply with this Court's (Doc. 213) order. The motion is time sensitive because of Mr. Wilson's forthcoming March 17th deposition, and the imminent close of discovery.

### ARGUMENT

1. (Doc 213 at 11) required Defendant to produce communications with Garret Walliman. Defendants refused to produce these, with no stay of the Order.

Additionally, (Doc 213 at 8) required Defendant to produce materials from his companies per agreement. Defendants have produced nothing besides a redacted version of *some* of the ordered financial information. Defendants produced no financial material for Defcad, and no balance sheets past 2024.

1

2. The Court's order (Doc 213 at 8) required Defendant to detail the scope of his search (Doc 221). However,

a. Defendant failed to search for keywords that he swore (Doc 223) he uses to refer to the works at issue. (Doc. 221).

b. Defendant's searches for communications with individuals searched only for instances where the individual's full name was present in the message. (Doc. 221).

c. Defendant failed to search in response to some requests altogether. (Ex. A at RFPs 58-62, 66, 110-113).

d. Defendant failed to describe how he searched, and what email and social media accounts he searched. If he has access to his business email and social media accounts on his personal devices, or devices in his "residence," those materials are subject to the Order.

3. (Doc 213 at 13) required Defendant to identify names/nicknames used to refer to Larosiere and Elik. Defendant failed to identify several names/nicknames he has publicly used. (Ex. B). Defendant also failed to identify any names for several of the works at issue in the complaint, all of which he answered about in Doc 52. (Doc 43 at ¶ 109-116, 120-121, 147, 149, 159-168, 211, 230-245).

4. Defendant swears his residence is located at 8403 Cross Park Drive, Ste. 3E. (Doc 221). Defendant runs several of his business from this address, including Defense Distributed and DEFCAD. (Ex. C). Defendant Wilson swears he searched his residence, where the companies are also located, and didn't find a single

responsive record. Yet video evidence exists of multiple computers at his "residence" he neglected to search. (Ex. C).

5. Defendants' relevance and proportionality objections were overruled in the Courts order (Doc. 213 at 6) as they were raised in the requests listed in (Doc 175 at 3):

a. W-RFP-1–5, 8–27, 33–34, 39–45, 55, 57–62, 67–71, 82–83, 100–107, 110–113; WROG-1, 2, 5-7;

b. DD-RFP-1–11, 13, 17; DD-ROG-1–3;

c. DC-RFP-1–4, 6–14, 16–17, 19–20; DC-ROG-1–5.

Defendants' counsel do not believe the court's order applies to these, and have refused to produce or supplement.

## CONCLUSION

Plaintiff requests the Court impose the Sanctions authorized in Rule 37(b)(2)(A)(i), (ii), (iv), (vi), or (vii), fees, and any further relief this Court deems just.

Respectfully submitted,

DATED: March 5, 2026

>/s/ Zachary Z. Zermay
> Zachary Z. Zermay, Esq.
> Fla. Bar № 1002905
> *Zermay Law, P.A.*
> 3000 Coral Way, Ste 1115
> Coral Gables, FL 33145
> Email: zach@zermaylaw.com
> Tel: (305) 767-3529
> *Lead Counsel for Plaintiff*
> *Matthew Larosiere*

3

## Local Rule 3.01(g) Certification

Pursuant to M.D. Fla. R. 3.01(g), I hereby certify that I met and conferred with opposing counsel regarding the substance of the foregoing motion telephonically on March 3, 2026. I first raised the issues in this motion by email on February 28, 2026. Both in the email, and on the conference, Defendants insisted that the Conferral was incomplete unless Plaintiff provided briefing and case law on each specific issue, including that they must comply with the Court's order, which they did not seek or obtain a stay of. (Ex. D at 2) ("We are unaware of any authority that requires the Defendants to provide this correspondence after asserting an objection to the Court's Order. Please provide case law stating that documents must be produced when an objection is made under the attorney-client privilege."). Because Defendants refused to explicitly take a position, the undersigned will continue to attempt to confer with them for three (3) days.

DATED: March 5, 2026

*/s/ Zachary Z. Zermay*
Zachary Z. Zermay, Esq.
Fla. Bar № 1002905
*Zermay Law, P.A.*
3000 Coral Way, Ste 1115
Coral Gables, FL 33145
Email: zach@zermaylaw.com
Tel: (305) 767-3529
*Lead Counsel for Plaintiff*
*Matthew Larosiere*

4