## EXHIBIT D – COMMUNICATIONS WITH COUNSEL

**From:** Zachary Zermay <zach@zermaylaw.com>
**Sent:** Monday, March 2, 2026 4:36 PM
**To:** Leitner, Leia V. <Leia.Leitner@wilsonelser.com>
**Cc:** Gyebi, Amaris <Amaris.Gyebi@wilsonelser.com>; Zibas, Jura C. <Jura.Zibas@wilsonelser.com>; Chad Flores <cf@chadflores.law>; Kujawski, Cheryl A. <Cheryl.Kujawski@wilsonelser.com>; chad-flores-7646@ecf.pacerpro.com; service@chadflores.law; Geraldine Phillips <info@zermaylaw.com>
**Subject:** Re: LAROSIERE V. WILSON, ADDITIONAL ITEM FOR TUESDAY CONFERENCE

> EXTERNAL EMAIL - This email originated from outside the organization.

Good afternoon Ms. Leitner,

I called you today to discuss several issues with this production. I left a voice mail message on your direct line.

The first issue is that there are no financial records for Defcad. Just Mr. Wilson and Defense Distributed. The production is incomplete as to the corporate defendants. Second, the records that were produced contained inexplicable redactions. Third, documents that were ordered to be produced by the Court were withheld, *e.g.* communications between Mr. Waliman and Mr. Wilson are missing. Fourth, the documents that were produced are improperly designated as Attorneys Eyes Only.

To that end, we intend to meet and confer regarding Plaintiff's motion for the court to impose sanctions under Rule 37(b)(2)(i), (ii), and (vii), and to move the court to issue an order to show cause as to why the financial information, Walliman communications, and why other deficient discovery responses whose objections were overturned, were not timely produced We further intend to move the Court for an order to show cause regarding the redactions in the production, and to move the Court to de-designate the documents as attorneys eyes only. Thanks.

Sincerely,
Zachary Z. Zermay, Esq.

From: **Leitner, Leia V.** <Leia.Leitner@wilsonelser.com>
Date: Mon, Mar 2, 2026 at 5:49 PM
Subject: RE: LAROSIERE V. WILSON, ADDITIONAL ITEM FOR TUESDAY CONFERENCE
To: Zachary Zermay <zach@zermaylaw.com>
Cc: Gyebi, Amaris <Amaris.Gyebi@wilsonelser.com>, Zibas, Jura C. <Jura.Zibas@wilsonelser.com>, Chad Flores <cf@chadflores.law>, Kujawski, Cheryl A. <Cheryl.Kujawski@wilsonelser.com>, chad-flores-7646@ecf.pacerpro.com <chad-flores-7646@ecf.pacerpro.com>, service@chadflores.law <service@chadflores.law>, Geraldine Phillips <info@zermaylaw.com>

Dear Mr. Zermay:

I was in a meeting when you called me to discuss these issues. We are happy to discuss these issues at our already scheduled meet-and-confer tomorrow at 2:00 p.m. EST via Google Meet, but we have also addressed the issues below:

First, your statement about the financial documents is false and speculative. Defendants produced documents that contain DEFCAD's financial information on February 27, 2026, via the Dropbox link emailed to you. If you are referring to DEFCAD's tax returns, Defendants have no documents responsive to this request and cannot be compelled to produce documents that do not exist. Defendants' financial documents were provided to you on February 27, 2026. No documents will be supplemented, and none were withheld.

Second, the redactions in these documents include personal and confidential information (e.g., Social Security, EIN/Tax ID, third-party information) that cannot be disclosed for privacy reasons.

Third, as discussed in our meet and confer on February 23, 2026, Defendants filed an objection regarding the disclosure of the documents between Messrs. Walliman and Wilson based on privilege. Thus, we maintain that these documents are privileged because they were made in the course of providing this information to counsel for discovery and/or pleadings. We are unaware of any authority that requires the Defendants to provide this correspondence after asserting an objection to the Court's Order. Please provide case law stating that documents must be produced when an objection is made under the attorney-client privilege.

Finally, the financial documents are properly designated as Highly Confidential – AEO, given the substantial risk that Mr. Larosiere will disclose this information online, based on his prior online activity.

As for continued threats of motion practice, we find the basis of the motion to be meritless given the circumstances discussed above. While we hope to resolve these issues, we acknowledge that Plaintiff tends to file motions, make false accusations, and ask questions later. Thus, defendants do not encourage the use of judicial resources for disputes and motions that should be resolved with the explanation in this communication.

Leia V. Leitner
Attorney At Law
Wilson Elser Moskowitz Edelman & Dicker LLP