UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW LAROSIERE

    Plaintiff,

vs.                                              Case No:  6:24-CV-01629-AGM-LHP

CODY RUTLEDGE WILSON, DEFCAD, INC.,
DEFENSE DISTRIBUTED and
DIOSKOUROI LLC,

    Defendants.
_____/

## DEFENDANTS' MOTION TO COMPEL COMPLIANCE WITH RULE 26(a)(1) DISCLOSURES

Defendants, **CODY RUTLEDGE WILSON, DEFCAD, INC., DEFENSE DISTRIBUTED ("Defendants")**, respectfully move this Court pursuant to Federal Rule of Civil Procedure 37(a) for an order compelling Plaintiff, **Matthew Larosiere ("Plaintiff")**, to provide complete initial disclosures as required by Rule 26(a)(1), and in support thereof, state as follows:

### I. Introduction

The mandatory initial disclosures deadline was January 30, 2025. Doc. 58. Plaintiff served his initial disclosures on that date (**Exhibit A**), but he failed to comply with Rule 26(a)(1)(i)–(iv). On October 23, 2025, Defendants requested a meet-and-confer regarding Plaintiff's deficient disclosures (**Exhibit B**). On November 5, 2025, the parties met, and Plaintiff agreed to amend his disclosures (**Exhibit C**). Plaintiff

1

served amended disclosures that same day, but despite the clear mandates of Rule 26(a)(1)(A)(iii)–(iv), they remain deficient as to the computation of damages and insurance disclosures (**Exhibit D**).

## II. Computation of Damages Under Fed. R. Civ. P. 26(a)(1)(A)(iii)

Rule 26(a)(1)(A)(iii) requires parties to provide "a computation of each category of damages claimed." A party must make initial disclosures "based on the information then reasonably available" and "is not excused from making its disclosures because it has not fully investigated the case." Fed. R. Civ. P. 26(a)(1)(E). Estimates are permissible in lieu of precise calculations. *Peninsula Grp. Capital Corp. v. Greater Orlando Aviation Auth.*, No. 6:09-cv-2097-Orl-35GJK, 2010 U.S. Dist. LEXIS 150243, at *3 (M.D. Fla. June 17, 2010).

To comply with Rule 26, parties must perform "some analysis" and cannot rely on general statements. *Boldstar Tech., LLC v. Home Depot USA, Inc.*, No. 07-80435-CIV, 2008 U.S. Dist. LEXIS 125859, at *2 (S.D. Fla. Feb. 28, 2008).

Plaintiff's amended disclosures fail to meet these requirements. First, Plaintiff claims statutory damages of up to $84,150,000 based on "approximately five hundred sixty-one registered photographic, literary, and three-dimensional visual works," but provides no computation. *See* Ex. D. Second, Plaintiff claims alternative actual damages and profits "exceeding one million dollars" based on membership subscriptions and sales revenues, yet provides no evidentiary support, accounting analyses, or expert calculations. Third, Plaintiff estimates Lanham Act and Florida Statutes § 540.08 damages "between one hundred fifty thousand and two million

2

dollars" without identifying any supporting documentation—a range too vague to satisfy Rule 26.

Defendants are entitled to detailed damages computations. *See Ilerol Trucking, Inc. v. FedEx Ground Package Sys., Inc.*, No. 07-22817-CV-HUCK, 2008 U.S. Dist. LEXIS 27471, at *1 (S.D. Fla. Mar. 19, 2008) (compelling plaintiff to provide "a detailed damages calculation including the total amount sought, the factual basis for the amount and a description of the documents upon which the calculation was based").

At the February 23, 2026, meet and confer, Plaintiff stated he cannot provide an accurate computation until he receives financial documents from Defendants. This position is untenable; Plaintiff must provide his own computation in initial disclosures and supplement as appropriate. *See Oliver v. City of Orlando*, No. 6:06-cv-1671-Orl-31DAB, 2007 U.S. Dist. LEXIS 80552, at *3 (M.D. Fla. Oct. 31, 2007) (computation of damages should be disclosed even if investigation is incomplete).

### III. Insurance Disclosure Pursuant to Rule 26(a)(1)(A)(iv)

Rule 26(a)(1)(A)(iv) requires disclosure of insurance agreements that may satisfy a judgment. Plaintiff's disclosures state that "[a]ll insurance agreements required to be disclosed are attached" (Ex. D), yet no agreements were attached.

Pursuant to Local Rule 3.01(g), Defendants met with Plaintiff's counsel on February 23, 2026, to request that Plaintiff either state that no insurance agreements exist or attach the referenced agreements. In response, Plaintiff stated that he found it amusing to reference attachments when none existed and refused to amend his

3

response.

Plaintiff cannot avoid his disclosure obligations by falsely referencing non-existent attachments. Having brought this action in federal court, Plaintiff must comply with Rule 26(a)(1)(A)(iv).

**WHEREFORE,** Defendants respectfully request that this Honorable Court enter an Order: (1) compelling Plaintiff to serve complete initial disclosures regarding computation of damages and insurance disclosures within fourteen (14) days; (2) awarding Defendants reasonable fees; and (3) granting such other relief as the Court deems just and proper.

<u>**Certification Pursuant to Local Rule 3.01(g)**</u>

Pursuant to Local Rule 3.01(g), counsel for Defendants conferred with Plaintiff's counsel via Zoom conference on October 23, 2025, November 3, 2025, and February 23, 2026, concerning the relief sought in this motion. Plaintiff is opposed to the relief sought. (**Comp. Exhibit E).**

Dated:  March 5, 2026           Respectfully submitted,

                                            **WILSON ELSER MOSKOWITZ**
                                            **EDELMAN& DICKER LLP**

                            By:   *s/Leia V. Leitner*
                                 Leia V. Leitner
                                 Florida Bar No:  105621
                                 111 North Orange Avenue
                                 Suite 1200
                                 Orlando,  FL  32801
                                 Telephone:         407-423-7287
                                 Facsimile: 407-648-1376
                                 Leia.Leitner@wilsonelser.com

Cheryl.Kujawski@wilsonelser.com

Jura C. Zibas
Florida Bar No: 124571
Amaris C. Gyebi, Esq.
Florida Bar No: 1019361
2063 Main Street - Suite 100
Sarasota, FL 34237
Telephone:941-866-8561
Facsimile: 941-210-5979
Jura.Zibas@wilsonelser.com
Amaris.Gyebi@wilsonelser.com
Cheryl.Kujawski@wilsonelser.com

*Counsel for Defendants*
*Cody Rutledge Wilson*
*DEFCAD, Inc. and Defense Distributed*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 5th day of March, 2026 a true and correct copy of the foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF E-Filing Portal, which will serve an electronic copy of the foregoing on the following: Zachary Z. Zermay, Esq., Florida Bar No: 1002905; Zermay Law, P.A., *Counsel for Plaintiff*, 1200 Fourth Street, #1102, Key West, Florida 33040; Telephone: 305-767-3529; Zach@Zermaylaw.com and info@Zermaylaw.com; Charles (Chad) Flores, Esq., Flores Law PLLC, *Counsel for Dioskouroi LLC,* 917 Franklin Street, Suite 600, Houston, Texas 77002, Telephone: 713-364-6440, CF@ChadFlores.law; chad-flores-7646@ecf.pacerpro.com and service@chadflores.law

*s/Leia V. Leitner*