# COMPOSITE EXHIBIT E

**Leitner, Leia V.**

| | |
|---|---|
| **From:** | Zachary Zermay <zach@zermaylaw.com> |
| **Sent:** | Thursday, March 5, 2026 6:25 PM |
| **To:** | Leitner, Leia V. |
| **Cc:** | Geraldine Phillips; Gyebi, Amaris; Zibas, Jura C.; Kujawski, Cheryl A. |
| **Subject:** | Re: Larosiere v. Wilson, et. al.; Case No. 6:24-cv-01629: Meet and confer Summary on March 3, 2026 |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

> EXTERNAL EMAIL - This email originated from outside the organization.

Good evening,

I disagree with the characterization of what was discussed at the conference, and any attempts to backfill a record by way of emails.

Sincerely,
Zachary Z. Zermay, Esq.

**Zermay Law**
P (305) 767-3529 | W zermaylaw.com | E zach@zermaylaw.com |
A 3000 Coral Way, Suite 1115, Coral Gables, FL 33145



On Thu, Mar 5, 2026 at 9:38 AM Leitner, Leia V. <Leia.Leitner@wilsonelser.com> wrote:

> Dear Mr. Zermay:
>
> This is to memorialize the meet-and-confer on March 3, 2026, regarding the parties' respective discovery responses and objections ("conference"). Pursuant to Local Rule 3.01(g), the purpose of the conference was to address the issues identified below and to attempt to resolve the parties' dispute in good faith, without court intervention. The topics discussed at the conference were (i) Plaintiff's claim with deficiencies in Defendants' document production for Plaintiffs' First Request for Production, and Wilson's Affidavit of Compliance submitted per the Court Order dated February 13, 2026 (Doc. 213 at pp. 10–11); (ii) Defendants, Wilson, DEFCAD, Inc., and Defense Distributed's responses and objections to Plaintiffs' Second Set of Request for Production and Interrogatories, Request for Production, and Request for Admissions; (iii) Plaintiff's responses and objections to Defendants' Second Request for

Production Nos. 1 and 2; and (iv) summary of the February 23, 2026 meet and confer. Each topic is addressed in turn below:

**37(b) Issues:**

At the conference, Plaintiff's Counsel asserted several issues, claiming Defendants' production and affidavits submitted were noncompliant with the Court's Order.  First, Plaintiff asserted that Defendants' relevancy, overbreadth, and proportionality objections were overruled based on the Court's Order dated February 13, 2026 ("Court Order"). Given this ruling,  Plaintiff's claim that Wilson was required to provide documents for RFP Nos. 4-8, 20-21, 23-50, 57-62.  However, the Defendants' position is that the Court's Order did not overrule the objections identified, and when requested to identify what portion of the Order overruled these objections, Plaintiff could not. Thus, Defendants' objections stand for these requests.  Defendants further maintain that they have produced all documents in their possession, custody, or control in response to these requests.  Defendants are not supplementing documents, are not withholding documents, and any documents withheld were identified in the Amended Privilege Log served on February 20, 2026.

Additionally, paragraph 4(g) of the Court Order dated February 13, 2026 (Doc. 213 at pp. 10–11), ordered Mr. Wilson to "submit an affidavit, fully executed under penalty of perjury and notarized, detailing the scope of this search for responsive documents, which shall demonstrate a reasonable and diligent search and include how and where he searched for responsive information (e.g., cell phone, email, house computer)." Doc. 213 at pp. 11.  Footnote 4 of the Court's Order states that "[a]s discussed with the parties at the hearing, there may be information related to the corporate Defendants on Mr. Wilson's personal devices (cellphone, computer, etc.) or personal email(s)."  Doc. 213 at p. 11, n4.  To this end, in full compliance with the Court's Order, Mr. Wilson submitted an affidavit, fully executed under penalty of perjury and notarized, detailing the scope of this search for responsive documents on his cell phone, email, and house computer.  At the conference, Plaintiff's Counsel stated that the Affidavit is not compliant with the Court's Order, claiming that the search was deficient, because Mr. Wilson did not identify the software and all documents, because the keyword searches used were insufficient, etc.

Thus, at this point, it appears that Plaintiff is now demanding that Defendants establish an ESI protocol on terms and conditions Plaintiff finds suitable, but couching it in terms of Defendants' noncompliance with the Court's Order.  At the conference, Defendants noted that they attempted to collaborate with Plaintiff on an ESI protocol before the searches were conducted, but Plaintiff flat out refused to participate.  Defendants also noted that, given Plaintiff's refusal, the Court is creating the parties' ESI protocol, so the question of whether Mr. Wilson searched with the proper key terms will likely be moot once the Court issues the protocol. Once the ESI protocol is issued by the Court, the Court will likely order the Defendants to use these terms to conduct another document search. Defendants believe that Plaintiff's claims are premature and wholly without merit.  However, to understand the argument better, Defendants asked to table this issue, and requested that Plaintiff articulate his position on the

2

deficiencies with Mr. Wilson's Affidavit and send by writing by **Friday, March 6, 2026**, so that the Defendants can properly respond.

**Responses and objections to Plaintiffs' Second Set of Discovery Demands**

Regarding Defendants' responses and objections to Plaintiff's Second Set of Discovery Requests, the following issues were discussed at the conference:

1) Objections for vague and ambiguous terms, including, but not limited to, the following terms: "your website(s)", "web page(s) ", "blogs," etc., which were raised in the following requests:

- DEFCAD RFP No. 28
- Defense Distribtued ("DD") RFP No. 28; RFA Nos.: 1-11; 14-19; Rogg No. 1, 5:
- Wilson Rogg 3; RFA: 5-8; 12-17 and 19

To resolve this issue, Plaintiff agreed to provide definitions for "your website(s)", "web page(s) ", and "blogs, identified in these requests, by **Friday, March 6, 2026.**

2) Objections as to Relevancy:

- Defcad RFP Nos. 1-7, 4-7, 8-10, 18-24, 33-35, 46-59; 60-61, 64
- DD: RFP Nos. 1, 7, 8, 9, 10, 11, 12, 18, 24, 32, 33, 34, 35, 45, 46, 48, 57, 58, 59, 64
- DD: Rogg 3 and 5
- Wilson's RFP 1-9; Wilson's RFP 16-36
- Wilson's Rogg 3

At the conference, Defendants stated that the objections stand because the requests were not tethered to the claims and defenses as required by Fed. R. Civ. P. 26(b)(1). In response, Plaintiff agreed to narrow these requests such that they are tailored to the copyrights-in-suit. Plaintiff also agreed to provide the definition of "your website(s)", "web page(s), ""blogs," etc., contained in these requests, by **Friday, March 6, 2026**

3

3) For responses to certain requests, Defendants stated they will conduct a reasonable search for the documents, as noted below:

- Defcad RFPS Nos. 11, 15, 43, 48, 53, 65, 66, 67, 68, 69, 70, 71, 72, 73, 75, 80, 81, 82, 83, and 90

- DD RFP 16, 27, 65, 67-69, 70-74, 80-83

- Wilson's RFP 17, 19, 20-25, 28, 32, 35

To resolve this issue, Defendants agreed to amended responses to these requests by **Tuesday, March 10, 2026**.

4) Plaintiff stated that Defense Distributed controls DEFCAD, but the Defendants' responses are not consistent with these admissions; however, Plaintiff failed to identify the specific requests he was referring to support this assumption. Thus, Defendants asked Plaintiff to identify the specific requests at issue in order to have a substantive conversation regarding the alleged deficiencies in Defendants' responses.

5) Plaintiff stated that Defendants' responses were unresponsive to certain requests and maintains the issue is relevant based on the Plaintiff's alter ego claims:

- DEFCAD Rogg 3, 5;

- DEFCAD RFP Nos. 16, 18, 32, 62, 64

- DD RFP Nos. 1-3, 15, 16, 18, 19, 25, 47, 52

- Wilson RFP Nos. 11, 14, 16.

At the conference, Defendants agreed to review their responses and provide amended responses by **Tuesday, March 10, 2026**, to the extent necessary, but maintain that Plaintiff has not presented a cogent explanation as to how the information sought goes to support or otherwise relates to Plaintiff's alter ego theory.

**Request for Admissions**

Plaintiff asserted that the Defendants' objections were irrelevant and vague and ambiguous were without merit. However, Defendants asserted these objections based on the vague definitions of your website(s), "web page(s), ""blogs," etc., contained in these requests. Defendants also asserted these objections because the referenced attachments in these requests were not attached. Rule 26(a)(2) states that "[e]ach matter must be separately stated. A request to admit the genuineness of a document **must be accompanied by a copy of the document** unless it is, or has been, otherwise furnished or made available for inspection and copying.") (emphasis added). The requests that

4

referenced material were not previously furnished or cited in the record where it had been previously furnished.  Thus, Defendants maintain their objections to these requests.

**Plaintiff's responses and objections to Defendants' Second Request for Production Nos. 1 and 2:**

On February 27, 2026, Defendants provided a good-faith letter outlining their concerns with Plaintiff's evasive and nonresponsive responses to Defendants' Second Request for Production Nos. 1 and 2.  These requests seek the metadata for the work-for-hire documents/assignments that purportedly show that Plaintiff owns the copyrights-in-suit at issue. In response, Plaintiff states that paper copies were provided, but this does not address whether Plaintiff has metadata for the original document or the document from which the paper copies were produced.   In addition, we noted that Plaintiff asserted privilege over various documents, but no privilege log has been provided to date.

**Summary of the February 23, 2026, Meet and Confer – Confirm by Friday, March 6, 2026**

On February 26, 2026, we sent correspondence summarizing the February 23, 2026, meet and confer conference discussing Plaintiff's deficient a) Amended Initial Disclosures; b) responses and objections to Defendants' discovery demands on July 4, 2025; and c) Plaintiff's deficient responses to Defendants' discovery demands served on October 15, 2025.  We asked you to confirm whether Plaintiff agrees or disagrees with the summary by March 2, 2026.  We did not hear back from Plaintiff regarding the summary.  Thus, at the conference, the undersigned requested confirmation for the same on or before 5:00 p.m. EST on **Friday, March 6, 2026**.

Please confirm that the foregoing accurately reflects our discussion during the March 3, 2026, meet-and-confer by **Tuesday, March 10, 2026**.  If you believe any corrections or additions are necessary, please submit them by **5:00 p.m. EST on Friday, March 6, 2026**.  To the extent any disputes remain unresolved, Defendants reserve all rights to seek appropriate relief from the Court.

We appreciate your cooperation in resolving these discovery matters and look forward to your response.

Regards,

Leia V. Leitner
Attorney At Law
Wilson Elser Moskowitz Edelman & Dicker LLP
111 North Orange Avenue Suite 1200
Orlando, FL 32801
407.423.7287 (Direct)

5

407.973.2111 (Cell)
407.203.7599 (Main)
407.648.1376 (Fax)
leia.leitner@wilsonelser.com

IMPORTANT NOTICE: Beware of Cyber Fraud.
You should NEVER wire money to any bank account that Wilson Elser
Moskowitz Edelman & Dicker LLP provides to you either in the body
of this or any email or in an attachment without first speaking
with the attorney in our office who is handling your transaction.
Further, DO NOT accept emailed wire instructions from anyone else
without voice verification. Even if an email looks like it has come
from this office or someone involved in your transaction,
CALL US FIRST AT A NUMBER YOU KNOW TO BE CORRECT FOR THIS OFFICE
to verify the information before wiring any money.
Failure to do so is at your own risk.
Be particularly wary of any request to change wire instructions
you have already received.

CONFIDENTIALITY NOTICE: This electronic message is intended to be
viewed only by the individual or entity to whom it is addressed.
It may contain information that is privileged, confidential and
exempt from disclosure under applicable law. Any dissemination,
distribution or copying of this communication is strictly prohibited
without our prior permission. If the reader of this message is not
the intended recipient, or the employee or agent responsible for
delivering the message to the intended recipient, or if you have
received this communication in error, please notify us immediately by
return e-mail and delete the original message and any copies of it
from your computer system.

For further information about Wilson, Elser, Moskowitz, Edelman &
Dicker LLP, please see our website at www.wilsonelser.com or refer to
any of our offices.

Thank you.

**Leitner, Leia V.**

| | |
|---|---|
| **From:** | Leitner, Leia V. |
| **Sent:** | Thursday, February 26, 2026 4:42 PM |
| **To:** | Zachary Zermay; Geraldine Phillips |
| **Cc:** | Chad Flores; Zibas, Jura C.; Gyebi, Amaris |
| **Subject:** | Matthew Larosiere v Cody WIlson et al (26387-00008)  - Letter re Meet and Confer Conference on February 23, 2026 |
| **Attachments:** | 2026.02.26 - Letter summarizing Meet and Confer on February 23 2026(330893642.1).pdf |

Dear Mr. Zermay:

Please find attached a letter dated today regarding the parties' conference on February 23, 2026, in the above-referenced matter.

Thank you,

Leia V. Leitner
Attorney At Law
Wilson Elser Moskowitz Edelman & Dicker LLP
111 North Orange Avenue Suite 1200
Orlando, FL 32801
407.423.7287 (Direct)
407.973.2111 (Cell)
407.203.7599 (Main)
407.648.1376 (Fax)
leia.leitner@wilsonelser.com



**WILSON ELSER**
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

February 26, 2026

Leia V Leitner
407.423.7287 (direct)
407.973.2111 (mobile)
Leia.Leitner@wilsonelser.com

VIA Email: zach@zermaylaw.com
Zachary Zermay, Esq.
Zermay Law
3000 Coral Way, Suite 1115,
Coral Gables, FL 33145

      Re:   *Matthew Larosiere v. Cody Wilson, et. al.*
              Case No. 6:24-cv-01629-WWB-LHP
              *Summary of Meet and Confer Conference on February 23, 2026*

Dear Mr. Zermay:

This letter memorializes our meet and confer conference held on February 23, 2026, at 11:30 a.m. via Microsoft Teams (hereafter referred to as "conference"), regarding the following topics: (i) Plaintiff, Matthew Larosiere's responses and objections to Defense Distributed's First Set of Request for Production, Interrogatories, and Request for Admission served on July 4, 2025; (ii) Plaintiff's responses to Defendants' Request for Production and Interrogatories served on October 15, 2025; (iii) Plaintiff's Amended Initial Disclosures dated November 5, 2025; and, (iv) Defendants', DEFCAD, Inc., and Defense Distributed ("Defendants") amended privilege log as required by the Court's Order [Doc. 213, at pp. 12–13] to meet and discuss any additional discovery disputes regarding the format, content, and substance of the Amended Privilege Log. Each topic is discussed in turn below.

### I.    Plaintiff's Amended Initial Disclosures

During the conference, the parties addressed concerns regarding Plaintiff's Amended Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(i)–(iv). Defendants contended that the deficiencies included details regarding damages, failure to identify witnesses, and failure to identify documents. Despite identifying that Plaintiff's disclosures do not satisfy the obligations under Rule 26(a)(1)1(i)–(iv), Plaintiff's counsel took the position that the witness list, computation of damages, and insurance disclosure are compliant with the Fed. R. Civ. P. 26(a)(1)(i)–(iv). Plaintiff indicated that he would not amend his disclosures.

111 North Orange Avenue, Suite 1200 | Orlando, FL 32801 | p 407.203.7599 | f 407.648.1376 | wilsonelser.com

Albany, NY | Atlanta, GA | Austin, TX | Baltimore, MD | Birmingham, AL | Boston, MA | Charlotte, NC | Chicago, IL | Dallas, TX | Denver, CO | Detroit, MI | Long Island, NY
Hartford, CT | Houston, TX | Indianapolis, IN | Jackson, MS | Las Vegas, NV | London, England | Los Angeles, CA | Louisville, KY | Madison, NJ | McLean, VA | Merrillville, IN
Miami, FL | Milwaukee, WI | Nashville, TN | New Orleans, LA | New York, NY | Orange County, CA | Orlando, FL | Philadelphia, PA | Phoenix, AZ | Portland, OR | Raleigh, NC
San Diego, CA | San Francisco, CA | Sarasota, FL | Seattle, WA | Stamford, CT | St. Louis, MO | Tyler, TX | Washington, DC | West Palm Beach, FL | White Plains, NY

330893642v.1



However, Defendants maintain that Plaintiff's Amended Initial Disclosures fail to properly disclose Plaintiff's computation of damages and insurance disclosures. First, Plaintiff failed to provide specific damage computations and supporting damages as required under Rule 26(a)(1)(A)(iii). Specifically, Plaintiff claims statutory damages of up to $84,150,000 based on "approximately five hundred sixty-one registered photographic, literary, and three-dimensional visual works identified in the First Amended Complaint." Plaintiff claims alternative actual damages and profits "exceeding one million dollars," based on membership subscriptions and sales revenues. The disclosure provides no evidentiary support for this computation, such as financial records, accounting analyses, or expert calculations. Plaintiff must identify the documents on which this computation is based. In addition, Plaintiff estimates Lanham Act and Florida Statutes § 540.08 damages "between one hundred fifty thousand and two million dollars." This range is too vague to satisfy Rule 26's requirement for a "computation" of damages, and no supporting documentation has been identified.

Defendants also maintain that Plaintiff's Amended Initial Disclosures regarding the insurance disclosures are not compliant under Fed. R. Civ. P. 26(a)(1)(iv). For example, Plaintiff's disclosure states that "[a]ll insurance agreements required to be disclosed are attached." However, the disclosure does not identify or describe any specific insurance agreements, and we have not received any attachments pertaining to insurance. During the conference, Plaintiff stated that no insurance policies exist and will not amend this disclosure.

## II.     Defense Distributed's July 4, 2025, Discovery Demands

The parties discussed deficiencies in Plaintiff's responses to Defendant Defense Distributed's first set of discovery demands served on Plaintiff on July 4, 2025. Defendants' Counsel raised concerns regarding (i) Plaintiff's improper boilerplate objections; (ii) deficiencies in Plaintiff's responses and objections to Interrogatory Nos. 2, 4–5, and 9; (iii) deficiencies in Plaintiff's responses and objections to Request for Production Nos. 1, 1(f), and 9; and (iv) deficiencies in Plaintiff's responses and objections to Request for Admissions Nos. 1–4, 28, 30, and 45. The details of Plaintiff's position concerning each response and request are noted below:

<u>Interrogatories:</u>

Interrogatory No. 2 seeks information regarding the Gatalog Policies and Procedures, for uploading and uploading information on the "Gatalog." In response, Plaintiff's counsel stated that he is the owner of the "Gatalog Foundation," an organization he established to publish a newsletter. Mr. Larosiere further stated that the "Gatalog" and the "Gatalog Foundation" are unrelated and uninvolved with the Gatalog. Thus, Mr. Larosiere stated that he would amend his answer to this interrogatory to affirmatively state that he has no knowledge of the Gatalog and serve these amended responses and serve them on or before March 12, 2026.

Interrogatory Nos. 4 and 5 seek information concerning the Odysee Channel approval process and channel payments; however, in response, Plaintiff claims to lack knowledge of the Odysee Channel's approval processes and payment information despite his association and knowledge of individuals in these channels and his roles at MAF Corp. At the conference,



Mr. Zachary Zermay
February 26, 2026
Page – 3 –

Plaintiff stated he would amend his answers to Interrogatory Nos. 4 and 5 to clarify that he has no knowledge of these processes or payments for the Odyssey Channels and serve amended responses on or around March 12, 2026.

Interrogatory No. 9 seeks information on the websites where the subject copyrights-in-suit are at issue. After asserting several objections, Plaintiff stated that he has no knowledge of the websites where the copyrights in suit are displayed and that this response is sufficient; he will not amend the answers to the interrogatories dated September 28, 2025, to reflect Plaintiff's position, which is: the websites that display any of the copyrights in suit. Plaintiff also stated that he is not withholding any documents based on privilege that may be responsive to this Interrogatory.

Request for Production

Request for Production No. 1, including subpart 1(f), seeks communications concerning numerous topics, including, but not limited to, communications with the Defendants, individuals associated with the Gatalog or Odysee channels, which post gun repositories of several gun kits, including the gun kits that are the copyrights-in-suit, and communications concerning this lawsuit. After several objections, Plaintiff denied that he had the documents responsive to this request, but failed to indicate whether he conducted a reasonable search for them, despite his connections with individuals involved in the Gatalog and Odysee channels. Thus, it was unclear whether the plaintiff would supplement documents after a reasonable search in response to this request. At the conference, Plaintiff stated that he has no documents, has not withheld any documents, and will not supplement any documents responsive to these Requests.

Request for Production No. 9 seeks information regarding the development files for the subject copyrights-in-suit. Again, after several objections, Plaintiff stated that this information is protected by the work-product doctrine but failed to provide a privilege log. At the conference, Plaintiff clarified and stated that he provided all documents responsive to this Request, he is not withholding any documents based on privilege, and would not be producing a privilege log.

Request for Admission

Regarding Defense Distributed's Request for Admissions Nos. 1-4 (seeking information regarding the counterclaim allegations), No. 28 (seeking admissions regarding website responsibility for the Gatalog), No. 30 (seeking admission for roles and activities for The Gatalog), and No. 45 (seeking admissions concerning MAF Corp. and information regarding financial intermediaries), Defendants asserted that Plaintiff's responses and objections to these requests are non-evasive and non-compliant with Fed. R. Civ. P. 36. During the conference, Plaintiff stated he will not be amending any responses to these requests because the information is not relevant to the claims and defenses asserted in the action.

330893642v.1



### III. Defendants' October 15, 2025, Discovery Demands

The parties also addressed Plaintiff's responses to Defendants' First Set of Requests for Production served on October 15, 2025. Defendants raised concerns regarding (i) the failure to provide a privilege log; (ii) deficiencies in Plaintiff's responses and objections to Request for Production Nos. 1–4, 8–20, and 28; and (iii) deficiencies in Plaintiff's responses and objections to Request for Admissions Nos. 1–4, 28, 30, and 45.

<u>Privilege Log</u>

In response to Request for Production Nos. 1–4, 8–20, and 28, Plaintiff stated that he would produce non-privileged documents in response to these requests. Plaintiff's response is evasive and alludes to documents being withheld on grounds of privilege. However, at the conference, Plaintiff stated that he has not withheld any documents, is not asserting privilege over these documents, and therefore will not provide a privilege log for any documents responsive to these requests. Plaintiff also stated he produced all documents in response to Cody Wilson's First Set of Request for Production dated October 15, 2025, and will not be supplementing any documents in response to these requests.

<u>Request for Production</u>

The parties also addressed Plaintiff's responses to Request for Production Nos. 2, 9, 14, 17–19, 22–223, 25–31, 33, and 35 and the documents responsive to these requests, which are discussed in detail below:

Request No. 1 seeks documents identified in Plaintiff's Rule 26 Initial Disclosures. Plaintiff stated that Defendant possesses these documents, and Plaintiff will produce the documents and non-privileged documents in Plaintiff's possession. Thus, as drafted, it was unclear whether Plaintiff is supplementing documents to this request or withholding documents based on privilege, based on Plaintiff's response. At the parties' conference, Plaintiff ultimately stated that Plaintiff has produced all documents in response to this request, that he will not supplement, and that he is not withholding any documents based on privilege.

Request No. 2 seeks ownership information for the copyrights-in-suit, including registration certificates and correspondence to the U.S. Copyright Office containing Plaintiff's applications for registrations (both draft and final copies). In response, after objection, Plaintiff stated that Defendant possesses these documents, and Plaintiff will produce the documents and non-privileged documents in Plaintiff's possession. Thus, as drafted, it was unclear whether Plaintiff was supplementing documents in response to this request or withholding documents on privilege grounds. At the parties' conference, Plaintiff clarified that these documents were provided in response to Request Nos. 2 and 35. Plaintiff further stated that all documents were produced in response to this request, that he will not supplement, and that he is not withholding any documents based on privilege.



Request No. 3 seeks the Mandatory Deposit copies for the copyrights-in-suit. In response, after objection, Plaintiff stated that Defendant possesses these documents, and Plaintiff will produce the documents and non-privileged documents in Plaintiff's possession. Thus, as drafted, it was unclear whether Plaintiff is supplementing documents to this request or withholding documents based on privilege, based on Plaintiff's response. At the parties' conference, Plaintiff clarified that his position is that the requested documents are not relevant to this lawsuit; however, Plaintiff also stated that he produced documents responsive to Request Nos. 2 and 35. Plaintiff stated that he will not be supplementing documents responsive to this Request. Plaintiff will not amend his response to this Request; he will not supplement, and has not withheld any documents based on privilege. He will not be producing a privilege log because he has not asserted any privilege in response to this request.

Request No. 4 seeks all electronically stored information for the Works, including metadata. In response, after objection, Plaintiff stated that Defendants possess these documents, and Plaintiff will produce the documents and non-privileged documents in Plaintiff's possession. Thus, as drafted, it was unclear whether Plaintiff is supplementing documents to this request or withholding documents based on privilege, based on Plaintiff's response. At the conference, Plaintiff ultimately stated that he produced the work-for-hire agreement/assignment instruments and documents responsive to this request, which were produced in response to Request Nos. 2 and 35. Plaintiff is not producing any additional documents. Plaintiff further stated that he will not amend his response to this Request; he will not supplement it; and he has not withheld any documents based on privilege. He will not be producing a privilege log because he has not asserted any privilege in response to this request.

Request No. 5 seeks raw images from the Works, including all metadata. In response, after objection, Plaintiff stated that Defendants possess these documents, and Plaintiff will produce the documents and non-privileged documents in Plaintiff's possession. Thus, as drafted, it was unclear whether Plaintiff is supplementing documents to this request or withholding documents based on privilege, based on Plaintiff's response. At the conference, Plaintiff ultimately stated that he produced the work-for-hire agreement/assignment instruments and documents responsive to this request, which were produced in response to Request Nos. 2 and 35. Plaintiff is not producing any additional documents. Plaintiff further stated that he will not amend his response to this Request; he will not supplement it; and he has not withheld any documents based on privilege. He will not be producing a privilege log because he has not asserted any privilege in response to this request

Request No. 6 seeks all other digital formats of the Works, including all metadata. In response, after objection, Plaintiff stated that Defendants possess these documents, and Plaintiff will produce the documents and non-privileged documents in Plaintiff's possession. Thus, as drafted, it was unclear whether Plaintiff is supplementing documents to this request or withholding documents based on privilege, based on Plaintiff's response. At the conference, Plaintiff ultimately stated that he produced the work-for-hire agreement/assignment instruments and documents responsive to this request, which were produced in response to Request Nos. 2 and 35. Plaintiff is not producing any additional documents. Plaintiff further stated that he will not amend his response to this Request; he will



Mr. Zachary Zermay
February 26, 2026
Page – 6 –

not supplement it; and he has not withheld any documents based on privilege. He will not be producing a privilege log because he has not asserted any privilege in response to this request.

Request No. 16 seeks documents and communications utilized by Plaintiff's expert, if one is retained. In response, after objection, Plaintiff stated that Defendants possess these documents, and that Plaintiff will produce the documents and non-privileged documents in Plaintiff's possession. Thus, as drafted, it was unclear whether Plaintiff is supplementing documents to this request or withholding documents based on privilege, based on Plaintiff's response. At the conference, Plaintiff ultimately stated that he produced the work-for-hire agreement/assignment instruments and documents responsive to this request, which were produced in response to Request Nos. 2 and 35. Plaintiff is not producing any additional documents. Plaintiff further stated that he will not amend his response to this Request; he will not supplement it; and he has not withheld any documents based on privilege. He will not be producing a privilege log because he has not asserted any privilege in response to this request.

Request No. 28 seeks documents and communications supporting facts and circumstances that support each itemization for Plaintiff's computation of damages for each category of damages, and identifies the documents for this calculation of alleged damages. In response, after objection, Plaintiff stated that Defendants possess these documents, and Plaintiff will produce the documents and non-privileged documents in Plaintiff's possession. Thus, as drafted, it was unclear whether Plaintiff is supplementing documents to this request or withholding documents based on privilege, based on Plaintiff's response. At the conference, Plaintiff ultimately stated that he produced the work-for-hire agreement/assignment instruments and documents responsive to this request, which were produced in response to Request Nos. 2 and 35. Plaintiff is not producing any additional documents. Plaintiff further stated that he will not amend his response to this Request; he will not supplement it; and he has not withheld any documents based on privilege. He will not be producing a privilege log because he has not asserted any privilege in response to this request.

**IV.     Amended Privilege Log**

In compliance with this Court's Order dated February 13, 2026 (Doc. 213 at pp. 12–13), the parties also discussed Defendants' Amended Privilege Log to determine whether there are any outstanding objections to the privilege/protection designations with Defendants' Amended Privilege Log served on February 20, 2026. At the conference, Plaintiff raised an issue with the entries regarding the correspondence between Cody R. Wilson and Garret Walliman; however, Defendants' Counsel represented that Defendants are filing an objection with respect to the Court's Order dated February 13, 2026 (Doc. 213 at pp. 12–13) concerning corporate employees who were discussing information to provide to counsel for a lawsuit. *See In re Denture Cream Prod. Liab. Litig.*, No. 09-2051-MD, 2012 U.S. Dist. LEXIS 151014m at *13 (S.D. Fla. Oct. 18, 2012). And it is not unusual, as Plaintiffs suggest, to see non-attorney communications on a corporate privilege log. Since a corporation's decision-making power is often shared, the circulation of privileged communications among several employees (including non-lawyers) is unavoidable. See *Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S. Ct. 677, 682 (1981).

330893642v.1



To which, Plaintiff stated that they had no issues with the Amended Privilege Log, aside from the entries between Cody R. Wilson and Garret Walliman, corporate employees, for which Defendants are filing an objection to the Court's Order regarding these communications.

**V.     Clay Christensen Deposition Subpoena.**

The parties discussed the deposition topics for Clay Christensen's deposition. Ultimately, the parties resolved these issues regarding the proposed topics at Mr. Christensen's deposition after Defendants filed their Notice of Mutually Agreed Protective Order, which outlines the agreed-upon topics for deposition. *See* Doc. 218.

**VI.    Summary of Agreements and Outstanding Disputes**

Please confirm that this letter accurately reflects our discussion. If you disagree with any portion of this summary, kindly notify me in writing within three (3) days of your receipt of this letter.

We remain willing to continue discussions to resolve the outstanding issues regarding the supplemental responses without court intervention. Based on the conference, Plaintiff is willing to (i) amend his answers to Defense Distributed's Interrogatory Nos. 2, 4, and 5 by March 12, 2026; and (ii) produce documents in response to Cody Wilson's Request for Production Nos. 16 (expert materials) and 28 (damages) on or before March 12, 2026. However, if the parties are unable to reach a resolution, Defendants reserve the right to file a motion to compel and seek all appropriate relief, including sanctions.

Thank you for your attention to this matter.

Best regards,

Wilson Elser Moskowitz Edelman & Dicker LLP

*/s/ Leia V. Leitner*

Leia V. Leitner

MD: lvl