# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

MATTHEW LAROSIERE,

    Plaintiff,

v.                                         Case No.:  6:24-cv-01629-AGM-LHP

CODY RUTLEDGE WILSON,
DEFCAD, INC., DEFENSE
DISTRIBUTED, DIOSKOUROI LLC,

    Defendants,

## ORDER

On February 10, 2026, the Court held a hearing with the parties to address several discovery related issues and other motions, and made numerous rulings. Doc. Nos. 185, 208, 220.  On February 13, 2026, the Court entered an Order memorializing those rulings which included, among other things, a process for the Court to establish an ESI Protocol regarding the search of Defendants' Slack chat, based on the parties' inability to agree to same.  Doc. No. 213.  Specifically, the Court directed Defendant Cody Wilson to submit to the Court and to Plaintiff an affidavit listing "all nicknames, usernames, and topics relevant to the issues in this case as framed by Plaintiff's discovery requests, for the time period of January 1, 2022 to present, specifically: (1) terminology and words used to identify the works at issue in the amended complaint; (2) all terminology/search terms/usernames Mr. Wilson

has used to describe Plaintiff Matthew Larosiere; (3) all terminology/search terms/usernames Wilson used to describe Plaintiff and/or John Elik; and (4) all names or terms used to describe 'the Gatalog.'" *Id.*, at 14. The Court also directed the parties to file a joint notice (if possible) regarding a list of custodians that should be used for an ESI search of Defendants' Slack chat. *Id.*, at 14-15. The parties have now made their submissions (Doc. Nos. 223, 226, 229),[1] and the parties are hereby **ORDERED** to adhere to the following ESI Protocol for the search of Defendants' Slack chat as follows:

### I. GENERAL PRINCIPLES

A. The procedures set forth in this protocol are intended to reduce the time, expense, and other burdens of discovery of certain ESI to better define the scope of the Parties' obligations with respect to preserving such information and materials, and to promote the "just, speedy and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1. The Parties agree to take reasonable steps to comply with this Protocol for the discovery and production of ESI related to Defendants' Slack chat during the remainder of this case. Should any party, after reasonable attempts to comply, find that any provision is unduly burdensome, the Parties agree to meet and confer to resolve the issue. If the Parties

---

[1] Defendants did not initially provide a compliant custodian list, and the Court directed Defendants to submit a renewed list, which they have, and which appears to be the same list submitted by Plaintiff. Doc. Nos. 224, 226, 228, 229.

cannot resolve the issue, either party may file a motion with the Court to seek relief. If the Parties wish to expand the scope of this ESI Protocol to cover other types of ESI production beyond Defendants' Slack chat, the Parties are directed to first meet and confer and file a joint motion requesting relief.

B. This Order may only be modified by Order of the Court.

C. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations, if any.

## II. PRESERVATION

While this ESI Protocol is limited to production of ESI related to Defendants' Slack chat, the Parties are reminded of their common law obligation to take reasonable steps to preserve discoverable information in each Party's possession, custody, or control. Each Party shall take reasonable steps to prevent discoverable documents from being deleted or destroyed until the conclusion of this litigation. By preserving documents or ESI for the purpose of this action, the Parties are not conceding that such material is discoverable, nor are they waiving any claim of privilege.

## III. SCOPE OF DISCOVERY

This ESI Protocol governs the production of relevant information from Defendants' Slack chat, as discussed with the parties at the February 10, 2026

hearing, and memorialized in the February 13, 2026 Order. Doc. Nos. 185, 208, 213, 220.

### A.  Relevant Time Period:

The time period for the Slack chat search is January 1, 2022 to present. *See* Doc. No. 213, at 8, 14.

### B.  Custodians:

The Slack chats for the following custodians will be searched:

- Cody Wilson (aka zinoviev)
- Garret Walliman (aka GW)
- Thomas Odom (aka Tommy Odom)
- Stephen Sheftall
- Pablo Diaz (aka Bloblems)
- Ben Denio, Benjamin Denio

*See* Doc. Nos. 226, 229.

### C.  Term Search:

Defendants will conduct a search of each of the above-listed custodian's Slack chats for the following terms:

- MP99
- Amigo Grande
- KF5

- SF5
- Plastikov
- Hitchhiker
- Build guide
- Larosiere
- Fuddbuster
- Fudd Buster
- Matthew Larosiere
- Matt
- Ivan
- Elik
- IvanTTroll
- IvanTheTroll
- Guard Denver
- Gang
- Enterprise
- Gatalog
- The Gatalog Foundation
- The Gatalog
- DD2

- The Fudd Busters
- The House of Buster
- Ivan's Folly

*See* Doc. No. 223.  This search will include all case sensitive variations of these terms (in other words both uppercase and lowercase variations of each term).

### IV. PRODUCTION

Subject to the terms of this Protocol, Defendants shall make a reasonable and diligent effort to search for and collect responsive ESI from the Slack chat at issue, to the extent the Slack chat is in Defendants' possession, custody, or control.

Defendants shall produce all responsive documents as a result of the above-describe Slack chat search within **fourteen (14) days** from the date of this Order. "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rules 26 and 34 of the Federal Rules of Civil Procedure.  The term "Document" shall include Hard-Copy Documents, Electronic Documents, and ESI as defined herein.

- "Hard-Copy Document" means Documents existing in paper form at the time of collection.
- "Electronic Document or Data" means Documents or Data existing in electronic form at the time of collection, including but not limited to: e-mail or other means of electronic communications, word processing files

- (e.g., Microsoft Word), computer presentations (e.g., PowerPoint files), spreadsheets (e.g., Excel), image files (e.g., jpg), and video and voice files.

- "Electronically stored information" or "ESI" means any Document stored or transmitted in electronic form, including, but not limited to, email.

Unless otherwise provided herein or by subsequent agreement of the Parties in writing, all documents will be produced in a multi-page PDF format.

## V. OTHER APPLICABLE RULES

Nothing herein shall be construed so as to alter the deadlines, rules, and other requirements for discovery set forth in the Federal Rules of Civil Procedure or any relevant Orders from the Court. All Parties are still obligated to comply with their discovery obligations, as set forth in the Federal Rules of Civil Procedure 26, 33, and 34, as well as any other applicable discovery Rules or Orders of this Court, and to respond to discovery requests in a complete and timely manner.

**DONE** and **ORDERED** in Orlando, Florida on March 6, 2026.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record