UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW LAROSIERE

        Plaintiff,

vs.                                                    Case No: 6:24-CV-01629-AGM-LHP

CODY RUTLEDGE WILSON, DEFCAD, INC.,
DEFENSE DISTRIBUTED and
DIOSKOUROI LLC,

        Defendants.
_____/

## DEFENDANTS' SHORT FORM MOTION TO COMPEL COMPLETE RESPONSES TO DEFENDANTS' SECOND REQUESTS FOR PRODUCTION

Defendants, **CODY RUTLEDGE WILSON, DEFCAD, INC., DEFENSE DISTRIBUTED**, respectfully move this Court pursuant to Fed. R. Civ. P. 37(a) for an Order (i) overruling Plaintiff **Matthew Larosiere's** general objections to definitions and instructions; (ii) compelling full responses to Defendants' Second Requests for Production Nos. 1 and 2; and (iii) compelling production of a privilege log.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

On January 26, 2026, Defendants served their Second Requests for Production (**Exhibit A**). Plaintiff's February 25, 2026, responses fail to comply with Federal Rules of Civil Procedure 26(b)(1) and 37(a)(3)(B), (a)(4) (**Exhibit B**).

### II.    ARGUMENT AND AUTHORITIES

    **A.**    **General Objections Are Improper**

1

Plaintiff lodged sweeping objections to Defendants' definitions and instructions, declaring he will "ignor[e] all of Defendants' abusive, boilerplate definitions and instructions." Objections must be stated with specificity, and "[g]eneralized objections are inadequate and tantamount to not making any objection at all." *Liguria Foods, Inc. v. Griffith Laboratories, Inc.*, 320 F.R.D. 168, 185 (N.D. Iowa 2017). Defendants request that this Honorable Court order Plaintiff to withdraw his general objections.

### B.  Objections to Specific Definitions Are Without Merit.

Plaintiff objects to Definitions C and D ("Concerning" and "Relate to") as "overbroad," stating he will apply the terms only to documents having a "direct and non-attenuated connection" to the requests. This limitation is unduly restrictive and inconsistent with Rule 26(b)(1)'s broad discovery scope.

### C.  Plaintiff Should Supplement Responses to Requests Nos. 1 and 2

Requests Nos. 1 and 2 seek the Employment and Assignment Agreements in native format with system metadata. Plaintiff produced only hard copies with a "Highly Confidential - Attorneys Eyes Only" designation. Given Defendants' position that these agreements were not created when represented, Defendants seek them in native form with metadata.

Courts hold metadata is discoverable when Rule 26(b)'s relevance test is satisfied. *See Selectica, Inc. v. Novatus, Inc.*, 2015 U.S. Dist. LEXIS 30460, at *6-7 (M.D. Fla. Mar. 12, 2015). The production is relevant to whether Plaintiff fabricated

documents and misrepresented ownership claims to the Court and U.S. Copyright Office.

Efforts to resolve this issue have failed, with Plaintiff objecting rather than stating he lacks responsive documents. *See* Exhibit B; *see also* Middle District of Florida Civil Discovery Handbook III (A)(5). Defendants seek a clear response given Plaintiff's preservation obligation (Exhibit C).

### D. Plaintiff Must Provide a Privilege Log

Plaintiff claims privilege for Nos. 3-7 and no responsive documents for Nos. 8, 9, 11-13, but produced no privilege log. By placing the Agreements at issue, Plaintiff waived privilege and cannot use it as sword and shield. *Gratchev v. Gratchev*, 2022 U.S. Dist. LEXIS 123475 at *5-8 (S.D. Fla. Feb. 1, 2022).

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request this Court grant their Motion to Compel and order Plaintiff to provide complete responses to Request Nos. 1 and 2 and produce a privilege log.

### CERTIFICATION PURSUANT TO LOCAL RULE 3.01(G)

Pursuant to Local Rule 3.01(g), counsel for Defendants conferred with Plaintiff's counsel via Zoom conference on March 3, 2026 , concerning the relief sought in this motion. Plaintiff is opposed to the relief sought. (**Exhibit C).**

Respectfully submitted,   **WILSON ELSER MOSKOWITZ EDELMAN& DICKER LLP**

By: *s/Leia V. Leitner*
Leia V. Leitner
Florida Bar No: 105621
111 North Orange Avenue
Suite 1200
Orlando, FL 32801
Telephone: 407-423-7287
Facsimile: 407-648-1376
Leia.Leitner@wilsonelser.com
Cheryl.Kujawski@wilsonelser.com

Jura C. Zibas
Florida Bar No: 124571
Amaris C. Gyebi, Esq.
Florida Bar No: 1019361
2063 Main Street - Suite 100
Sarasota, FL 34237
Telephone: 941-866-8561
Facsimile: 941-210-5979
Jura.Zibas@wilsonelser.com
Amaris.Gyebi@wilsonelser.com
Cheryl.Kujawski@wilsonelser.com

*Counsel for Defendants*
*Cody Rutledge Wilson*
*DEFCAD, Inc. and Defense Distributed*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 6th day of March, 2026 a true and correct copy of the foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF E-Filing Portal, which will serve an electronic copy of the foregoing on the following: Zachary Z. Zermay, Esq., Florida Bar No: 1002905; Zermay Law, P.A., *Counsel for Plaintiff*, 1200 Fourth Street, #1102, Key West, Florida 33040; Telephone: 305-767-3529; Zach@Zermaylaw.com and info@Zermaylaw.com; Charles (Chad) Flores, Esq., Flores Law PLLC, *Counsel for Dioskouroi LLC,* 917 Franklin Street, Suite 600, Houston, Texas 77002, Telephone: 713-364-6440, CF@ChadFlores.law; chad-flores-7646@ecf.pacerpro.com and service@chadflores.law

*s/Leia V. Leitner*

4