# EXHIBIT A

# Leitner, Leia V.

| | |
|---|---|
| **From:** | Gyebi, Amaris |
| **Sent:** | Monday, January 26, 2026 9:07 PM |
| **To:** | Zachary Zermay; Geraldine Phillips |
| **Cc:** | Chad Flores; Kujawski, Cheryl A.; Zibas, Jura C.; Leitner, Leia V. |
| **Subject:** | SERVICE OF DOCUMENTS - Larosiere vs Wilson et al 26387.00008-Second Requests for Production to Plaintiff |
| **Attachments:** | Second RFP to Plaintiff(328773395.1)(328799354.1).pdf |

## SERVICE OF DOCUMENT(s)

**Good evening –**

| CAPTION: | Matthew Larosiere  -vs-  Cody Rutledge Wilson, DEFCAD, Inc., Defense Distributed and Dioskouroi LLC. |
|---|---|
| COURT: | USDC – Middle District of Florida – Orlando Division |
| COURT CASE NO.: | 6:24-CV-01629-AGM-LHP |
| DOCUMENTS SERVED: | Defendants' Second Requests for Production to Plaintiff, **Matthew Larosiere** |
| SERVING PARTY: | Defendants:<br>  Cody Rutledge Wilson  -  DEFCAD, Inc.,  -  Defense Distributed |
| SERVING PARTY COUNSEL | **Wilson Elser Moskowitz Edelman & Dicker**<br>2063 Main Street – Suite 100<br>Sarasota  FL  34237<br><br>**Jura C. Zibas, Esq.**<br>Jura.Zibas@wilsonelser.com<br>Direct Dial:  941-866-8561<br>Office Fax:   941-210-5979<br><br>**Leia V. Leitner, Esq.**<br>Leia.Leitner@wilsonelser.com<br>Tele:  407-423-7287<br>Fax:   407-648-1376<br><br>**Amaris C. Gyebi, Esq.**<br>Amaris.Gyebi@wilsonelser.com<br>Tele:    941-210-5961<br>Office Fax:   941-210-5979 |
| WILSON ELSER FILE NO: | 26387.00008 |
| NOTES: | If you have any questions, please feel free to contact me on my direct line. Thank you. |

Amaris Gyebi
Attorney At Law
Wilson Elser Moskowitz Edelman & Dicker LLP
2063 Main Street Suite 100
Sarasota, FL 34237

1

941.210.5961 (Direct)
407.616.6006 (Cell)
941.210.5980 (Main)
941.210.5979 (Fax)
amaris.gyebi@wilsonelser.com

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW LAROSIERE

    Plaintiff,

vs.                                        Case No: 6:24-CV-01629-AGM-LHP

CODY RUTLEDGE WILSON, DEFCAD, INC.,
DEFENSE DISTRIBUTED and
DIOSKOUROI LLC,

    Defendants.
_____/

**DEFENDANTS, CODY RUTLEDGE WILSON, DEFCAD, INC., AND
DEFENSE DISTRIBUTED'S SECOND SET OF
REQUESTS FOR PRODUCTION TO PLAINTIFF, MATTHEW LAROSIERE**

    Defendants, **Cody Rutledge Wilson, Defcad, Inc.,** and **Defense Distributed**, by and through its undersigned counsel, serves the following Second Requests for Production to Plaintiff, **Matthew Larosiere** ("Plaintiff"). The Plaintiff is required under Fed. R. Civ. P. 34(b) to answer these Requests separately and fully in writing and under oath and to serve a copy of said answers and documents upon counsel for Defendants within thirty (30) days after service of these Requests.

    All of the following Requests shall be deemed continuing in nature, and you are required to serve supplemental responses as additional information becomes available to you. You are further directed that any objection to any of these document requests should be filed in a timely manner as required by Fed. R. Civ. P. 34(b), and reasons for your objections shall be enumerated.

## DEFINITIONS

The following definitions shall apply to each and every request contained herein:

    A.    "**You,**" "**Your**," or "**Plaintiff**" means Plaintiff, Matthew Larosiere, and any of his current or former business and/or creative partners, associates, employees, interns, draftsmen, managers, agents, vendors, servants, representatives, corporate alter egos and all other persons acting or purporting to act with, for, or on his behalf, including but not limited to collaborators, consultants, advisors, attorneys, or any person acting in an advisory or consulting capacity, unless specifically stated otherwise.

    B.    **John Elik** shall include all pseudonyms Plaintiff knows or believes Mr. Elik to go by and/or use, including but not limited to "Ivan", "IvanTheTroll, and/or "IvanTTroll".

    C.    "**Concerning**" means relating to, referring to, reflecting, describing, evidencing, interpreting, consisting of, about, regarding, or constituting, in whole or in part, directly or indirectly, the matter identified.

    D.    The terms "**relate to**," "**relates to**," "**relating to**," and "**related to**" shall mean and include: refer, reflect, discuss, show, constitute, or be in any way logically or factually connected with the matter discussed.

    E.    "**Document**" includes all written, graphic matter, handwriting, typewriting, audio or video tape recordings, however produced or reproduced, of every kind and description, including but not limited to, the original and each copy thereof

which is nonidentical by reason of any mark, change, or other cause or reason whatsoever, of all correspondence, records, reports, memoranda, notes, facsimiles, messages and message books, telephone logs, memoranda of telephone conversations, publications, books, brochures, booklets, flyers, contracts, memoranda of agreement, books of account, ledgers, journals, working papers, records or summaries of personal interviews or conversations, appointment calendars, diaries, receipts, invoices, billing statements, files, drives, films, data processing files and all other computer-readable records or programs, including any and all drafts or non-identical copies thereof. Documents in electronic or digital form stored in any format, discs, drives, data, cards, data processing files, and other computer-readable records or programs must be produced in reasonably usable form (e.g., by printing or "downloading" such documents onto paper). Additionally, all electronic documents must be produced in their native electronic format on a DVD, CD, or other commonly used, easily readable storage device. (The word "writing" may be used synonymously herein in place of "document.")

I. **"Communication"** means any and all oral or written contact between two or more persons including, without limitation, any meetings, conferences, face-to-face conversations, telephone, teleconference, video conference, voice mail, audio recording, video recording, mails, electronic transmissions, electronic mail (email), text messaging, instant messaging (IM), facsimile or any other forms of oral or written communications by any other medium.

J.  When used in reference to a person, the term "identify" shall mean to state the full name and job title of such person and, in the event such person is currently not an employee of Plaintiff, such person's last known residence address and telephone number.

K.  When used in reference to a Document, the term "identify" shall mean to state the date the Document bears, if any, its author(s), location, and a brief description of its form (e.g., memorandum, e-mail, letter, etc.) and contents, as well as the identity of the person(s) known to have possession, custody, or control over the Document.

## INSTRUCTIONS

(a)  <u>Objections Based on Privilege</u>. In the event that any documents or things requested herein are withheld under a claim of privilege, please provide the following information with respect to each such document or thing;

  i.  The type of document or thing, its general subject matter, and the place and approximate date it was prepared or created;

  ii.  The name and title of each person who prepared or created the document or thing and the name and title of each other person who has received or examined the document or thing or a copy thereof;

  iii.  A statement of the circumstances which bear on whether or not the claim of privilege is appropriate and whether the privilege that is claimed should extend to all or just to part of the document or thing; and

    iv. The numbers of each specification to which the document or thing otherwise would be responsive.

 (b) <u>Documents no longer in your possession</u>. If any document which you would have produced in response to any request was but is no longer in your present possession or subject to your control or is no longer in existence, please state whether any such document is:

    i. Missing or lost;

    ii. Destroyed;

    iii. Transferred to others;

    iv. Otherwise disposed of and, in any such instance, set forth the surrounding circumstances in any authorization for such disposition and to state the approximate date of any such disposition, and, if known, state also the present location and custodian of such document.

## **REQUEST FOR PRODUCTION**

1. All employment agreements between Plaintiff and John Elik in native format with system metadata, that were created on or after January 1, 2020.

    **RESPONSE:**

2. All assignment agreements between Plaintiff and John Elik in native format with system metadata, that were created on or after January 1, 2020.

    **RESPONSE:**

3. Communications between you and John Elik concerning any employment agreement pertaining to, related to, and/or concerning any copyrighted work alleged in this action. Documents responsive to this request include communications concerning negotiation, execution, and/or modification of any employment agreement covering any of the copyrighted works alleged in this action.

   **RESPONSE:**

4. Documents, correspondence, materials, files, and/or photos provided by John Elik to Plaintiff related to, and/or in fulfillment of, any obligation undertaken pursuant to the Firearms Development Employment Agreement, including documents sufficient to show what deliverables John Elik submitted to Plaintiff under the Firearms Development Employment Agreement and the date of each submission.

   **RESPONSE:**

5. Documents, materials, files, and/or photos provided to Plaintiff by John Elik which reflect the progression, change, and/or modification, of any work completed pursuant to the Firearms Development Employment Agreement.

   **RESPONSE:**

6. Documents, materials, files, and/or photos provided by Plaintiff to John Elik pursuant to the terms of the Firearms Development Employment Agreement.

**RESPONSE:**

7. Documents which Plaintiff believes reflects or supports that Plaintiff exercised control over the means, manner, or mode of any work John Elik performed pursuant to the Firearms Development Employment Agreement.

   **RESPONSE:**

8. Documents, materials, files, and/or photos sufficient to determine how the Firearms Development Employment Agreement was transmitted or otherwise provided to John Elik, including the name of any software, program, or other platform used to accomplish the transmission or provision.

   **RESPONSE:**

9. All documents that show or support that John Elik signed the Firearms Development Employment Agreement.

   **RESPONSE:**

10. All documents that show or support when John Elik signed the Firearms Development Employment Agreement.

    **RESPONSE:**

11. Documents, materials, files, and/or photos sufficient to determine how the Firearms Development Employment Agreement was transmitted to you,

including the name of any software, program, or other platform used to accomplish the transmission or provision.

**RESPONSE:**

12. Documents, materials, files, and/or photos sufficient to determine when you signed the Firearms Development Employment Agreement, including the name of any software, program, or other platform used to accomplish the transmission.

    **RESPONSE:**

13. Documents, materials, files, and/or photos sufficient to determine how you signed the Firearms Development Employment Agreement, including the name of any software, program, or other platform used to accomplish the transmission.

    **RESPONSE:**

14. Documents sufficient to show that the Firearms Development Employment Agreement document file was created on or before May 1, 2021, including file system metadata (Created/Modified timestamps) and any version history or audit logs.

    **RESPONSE:**

15. To the extent not produced already, a copy of any material, document, file, video, correspondence, communication, thing, and/or any tangible item reflecting or referencing what you believe or know to be evidence, proof, or corroboration of any claim of copyright infringement brought by Plaintiff in this action.

    **RESPONSE:**

Dated:    January 26, 2026

           Respectfully submitted,

           **WILSON ELSER MOSKOWITZ EDELMAN& DICKER LLP**

By:  *s/Amaris C. Gyebi*
     Leia V. Leitner
     Florida Bar No: 105621
     111 North Orange Avenue
     Suite 1200
     Orlando, FL 32801
     Telephone:     407-423-7287
     Facsimile: 407-648-1376
     Leia.Leitner@wilsonelser.com
     Cheryl.Kujawski@wilsonelser.com

     Jura C. Zibas
     Florida Bar No: 124571
     Amaris C. Gyebi, Esq.
     Florida Bar No: 1019361
     2063 Main Street - Suite 100
     Sarasota, FL 34237
     Telephone:941-866-8561
     Facsimile: 941-210-5979
     Jura.Zibas@wilsonelser.com
     Amaris.Gyebi@wilsonelser.com

Cheryl.Kujawski@wilsonelser.com

*Co-Counsel for Defendants*
*Cody Rutledge Wilson*
*DEFCAD, Inc. and Defense Distributed*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 26th day of January 2026 a true and correct copy of the foregoing document has been served by email to the following: Zachary Z. Zermay, Esq., Florida Bar No: 1002905; Zermay Law, P.A., *Counsel for Plaintiff*, 1200 Fourth Street, #1102, Key West, Florida 33040; Telephone: 305-767-3529; Zach@Zermaylaw.com and info@Zermaylaw.com; Charles (Chad) Flores, Esq., Flores Law PLLC, *Counsel for Defendants, Cody Rutledge Wilson, DEFCAD, Inc., Defense Distributed and Dioskouroi LLC,* 917 Franklin Street, Suite 600, Houston, Texas 77002, Telephone: 713-364-6440, CF@ChadFlores.law; chad-flores-7646@ecf.pacerpro.com and service@chadflores.law.

                                              *s/Amaris C. Gyebi*
                                              Amaris C. Gyebi