# EXHIBIT B

# Leitner, Leia V.

| | |
|---|---|
| **From:** | Zachary Zermay <zach@zermaylaw.com> |
| **Sent:** | Wednesday, February 25, 2026 10:36 PM |
| **To:** | Gyebi, Amaris; Leitner, Leia V.; Zibas, Jura C.; Chad Flores; chad-flores-7646@ecf.pacerpro.com; service@chadflores.law; Kujawski, Cheryl A. |
| **Cc:** | Geraldine Phillips |
| **Subject:** | Larosiere Response to 2nd RFP |
| **Attachments:** | Larosiere Response to 2nd RFP.pdf |

> EXTERNAL EMAIL - This email originated from outside the organization.

Good afternoon,

Please find the following discovery responses enclosed. Thanks.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

*Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc., DEFENSE DISTRIBUTED, and DIOSKOUROI LLC,

*Defendants*.

_____/

### MATTHEW LAROSIERE'S RESPONSES TO DEFENDANT'S SECOND REQUESTS FOR PRODUCTION

### OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

**General Objections to Definitions**

Plaintiff objects to Defendants' definitional scheme to the extent it uses burdensome boilerplate to expand the scope of discovery beyond what the Federal Rules permit. The Middle District Discovery Handbook expressly disapproves "boilerplate" definitions and instructions and directs that words in discovery "normally should carry their plain and ordinary meaning" absent a genuine need for a special technical definition. Middle District of Florida, Handbook on Civil Discovery Practice 13 (2021).

Accordingly, Plaintiff will respond to each Request by applying terms in their plain and ordinary meaning and in a reasonable, common-sense manner, consistent with the scope limits of Federal Rule of Civil Procedure 26(b)(1) and the production obligations of Federal Rule of Civil Procedure 34. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(a)(1), (b)(2)(B)–(E).

Plaintiff's responses and productions are further subject to the Protective Order entered in this action. Doc. 114-1.

Nothing in Defendants' definitions is accepted to the extent it purports to require disclosure of privileged or work-product protected material, or information whose disclosure would be disproportionate, unduly burdensome, or inappropriate without protection (including non-party personally identifying information). Fed. R. Civ. P. 26(b)(1), 26(b)(5)(A), 26(c)(1).

1

As such, Counterdefendant declines to respond to any request covered by the abusive, boilerplate instructions provided. Subject to and without waiving that objection, Respondent proceeds now to the requests, giving words their plain meaning and ignoring all of Defendants' abusive, boilerplate definitions and instructions:

**<u>Objections to Specific Definitions</u>**

1) Plaintiff objects to Definition A because it improperly attempts to redefine "Plaintiff" to include an open-ended universe of non-parties (e.g., "business and/or creative partners," "associates," "vendors," "collaborators," "consultants," "advisors," and "attorneys"). A party's Rule 34 production obligations extend only to documents and ESI in the party's possession, custody, or control, and Defendants cannot expand those obligations by definitional fiat. Fed. R. Civ. P. 34(a)(1).
   a. Plaintiff will construe "You," "Your," and "Plaintiff" to mean Matthew Larosiere, in his personal capacity only, and (to the extent relevant and proportional) materials within his possession, custody, or control as used in Rule 34. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(a)(1).
2) B. "John Elik" includes "all pseudonyms Plaintiff knows or believes …"
   a. Plaintiff objects to Definition B to the extent it requires speculation ("knows or believes") or an unbounded inquiry into alleged pseudonyms. Plaintiff will not guess. Plaintiff will construe this definition to cover only pseudonyms (if any) that Plaintiff presently knows or can confirm after a reasonable inquiry. Fed. R. Civ. P. 26(g)(1).
3) C. "Concerning" and D. "relate to / related to / relating to"
   a. Plaintiff objects to Definitions C and D because their "directly or indirectly" / "in any way logically or factually connected" formulation is overbroad and would erase Rule 26(b)(1)'s relevance and proportionality limits. Fed. R. Civ. P. 26(b)(1). The Middle District Discovery Handbook likewise cautions against boilerplate drafting and expects requests to be clear and reasonably particularized. Middle District of Florida, Handbook on Civil Discovery Practice 13 (2021).
   b. Plaintiff will interpret "concerning" and "relating to" in accordance with their ordinary meaning—i.e., documents having a direct and non-attenuated connection to the subject of the particular Request, as limited by Rule 26(b)(1).
4) E. "Document"

    a. Plaintiff objects to Definition E to the extent it attempts to impose unilateral production mechanics inconsistent with Rule 34—specifically: (i) requiring ESI be produced by "printing" or inexplicably "downloading … onto paper," and (ii) requiring "all electronic documents" be produced in native format on "DVD, CD, or other … storage device." Fed. R. Civ. P. 34(b)(1)(C), 34(b)(2)(D)–(E).

    b. Rule 34 governs form of production: a requesting party may specify a form, but absent agreement or court order ESI is produced either as ordinarily maintained or in a reasonably usable form, and the same ESI need not be produced in more than one form. Fed. R. Civ. P. 34(b)(1)(C), 34(b)(2)(E)(ii)–(iii). The Middle District Discovery Handbook likewise recognizes that Rule 34 defaults apply absent agreement or court order. Middle District of Florida, Handbook on Civil Discovery Practice 34 (2021).

5) I. "Communication"

    a. Plaintiff objects to Definition I to the extent it purports to sweep in "any and all oral" communications as a freestanding production obligation. Requests for production reach documents and ESI within Rule 34, not unrecorded oral conversations. Fed. R. Civ. P. 34(a)(1).

    b. Plaintiff will construe "communication" to mean documents or ESI that memorialize communications (e.g., emails, texts, messages, letters, recordings), to the extent otherwise responsive, nonprivileged, and proportional. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(a)(1).

6) J. "Identify" (person)

    a. Plaintiff objects to Definition J to the extent it demands non-party home addresses and telephone numbers as part of an RFP response. This is disproportionate, seeks sensitive PII, and is not compelled by Rule 34. Fed. R. Civ. P. 26(b)(1), 26(c)(1), 34. Plaintiff will produce responsive *documents*, but will not *generate new* documents in response to an RFP.

7) K. "Identify" (document)

    a. Plaintiff objects to Definition K to the extent it attempts to impose narrative "identification" requirements beyond Rule 34 for produced documents. Rule 34 requires a written response stating whether production will occur and stating objections with specificity; it does not require a document-by-document narrative "identify" overlay for produced items. Fed. R. Civ. P. 34(b)(2)(B)–(C).

    b. For documents withheld on privilege/work-product grounds, Plaintiff will comply with Rule 26(b)(5)(A) and the Court's standing orders, rather than the expanded particulars demanded by Definition K. Fed. R. Civ. P. 26(b)(5)(A).

## OBJECTIONS TO INSTRUCTIONS AND THEIR INCORPORATED PRODUCTION DEMANDS

1) Plaintiff objects to Defendants' prefatory "Instructions" to the extent they misstate or attempt to enlarge Plaintiff's obligations under the Federal Rules of Civil Procedure and the Local Rules. Plaintiff will respond and produce documents, if any, as required by the Federal Rules, the Local Rules, the Court's orders, and the Protective Order. Fed. R. Civ. P. 26(b)(1), 26(c)(1), 34(b)(2); M.D. Fla. Local R. 3.01(g); Protective Order, Doc. 114-1.

2) "Under oath." Plaintiff objects to Defendants' instruction that Plaintiff is "required under Fed. R. Civ. P. 34(b) to answer these Requests … under oath." Rule 34 does not require responses "under oath." Fed. R. Civ. P. 34(b)(2). Interrogatory answers are sworn; requests for production responses are not. Fed. R. Civ. P. 33(b)(3). Plaintiff's responses will be signed and certified as required by Rule 26(g).

3) "Serve … answers and documents … within thirty (30) days." Plaintiff will serve written responses within the time required by Rule 34. Fed. R. Civ. P. 34(b)(2)(A). To the extent Defendants' instruction implies that all production must be completed within 30 days regardless of burden, format disputes, or the time stated in the response, Plaintiff objects; Rule 34 contemplates that the response will state whether production will occur and the time for production. Fed. R. Civ. P. 34(b)(2)(B). The Middle District Discovery Handbook likewise expects responses to state a specific production date (not an indefinite "mutually agreeable time"). Middle District Discovery (2021) § III(B), at 18.

4) "Continuing in nature / required to serve supplemental responses." Plaintiff objects to Defendants' "continuing" instruction and any suggestion that Defendants can impose supplementation duties by unilateral boilerplate. Plaintiff will supplement disclosures and discovery responses only as required by Rule 26(e). Fed. R. Civ. P. 26(e). The Middle District Discovery Handbook is explicit that "a party may not vary the provisions of the Federal Rules of Civil Procedure by placing supplementation language in a discovery request." Middle District Discovery (2021) § I.D, at 4.

5) "Any objection … should be filed." Plaintiff objects to Defendants' directive that objections "should be filed" as a misstatement of practice and rule. Discovery requests, responses, and objections are not filed with the Court as a matter of course. Fed. R. Civ. P. 5(d)(1); Middle District Discovery (2021) § I.C, at 3. Plaintiff will serve timely written objections and responses as required by Rule 34, and any discovery motion practice (if necessary) will proceed under the Federal Rules and Local Rule 3.01(g).

6) "Reasons for objections shall be enumerated." Plaintiff will state objections with the specificity required by Rule 34. Fed. R. Civ. P. 34(b)(2)(B). Plaintiff objects, however, to any instruction that would require Plaintiff to provide argumentative narratives, legal briefing, or disclosures beyond the requirements of the Rules.

7) Plaintiff objects to any instruction purporting to mandate across-the-board production in paper, in native format, or on physical media, because Rule 34 governs the form of ESI production and allows production in a reasonably usable form absent agreement or court order. Fed. R. Civ. P. 34(b)(1)(C), 34(b)(2)(E)(ii)–(iii). Plaintiff will produce in a reasonably usable form consistent with Rule 34 and the Protective Order.

8) "Objections Based on Privilege" instruction
   a. Plaintiff objects to Defendants' privilege instruction to the extent it requires disclosures that exceed Rule 26(b)(5)(A), are unduly burdensome on a document-by-document basis in advance of any issue about logging, or would reveal privileged communications, counsel's mental impressions, or litigation strategy. Fed. R. Civ. P. 26(b)(5)(A); Fed. R. Civ. P. 26(b)(3)(A), 26(c)(1).
   b. Subject to and without waiving these objections, for any materials withheld on the basis of privilege or work-product protection, Plaintiff will comply with Rule 26(b)(5)(A) by expressly asserting the claim and providing a description sufficient to permit assessment without revealing privileged or protected information. Consistent with Middle District practice, Plaintiff will provide a privilege log that enables assessment without disclosure of protected substance, in compliance with the standing order in this case
   c. Plaintiff further objects to Defendants' demand for a "statement of the circumstances which bear on whether or not the claim of privilege is appropriate" to the extent it seeks legal analysis or factual narratives that would themselves disclose privileged communications or work

5

product, and in addition are beyond the requirements of the Rules. Fed. R. Civ. P. 26(b)(3)(A), 26(c)(1), 26(b)(5)(A).

9) "Documents no longer in your possession" instruction.
   a. Plaintiff objects to Defendants' instruction (b) to the extent it (i) assumes responsive documents existed or were "disposed of," (ii) requires speculation as to "authorization" or "surrounding circumstances," (iii) seeks narrative interrogatory-style explanations via an RFP instruction, or (iv) demands investigation into materials outside Plaintiff's possession, custody, or control. Fed. R. Civ. P. 26(b)(1), 34(a)(1), 34(b)(2).
   b. Subject to and without waiving these objections, if after a reasonable inquiry Plaintiff determines that responsive documents once existed but are no longer in Plaintiff's possession, custody, or control, Plaintiff will so state to the extent known and feasible without undue burden, speculation, or disclosure of privileged/work-product information. Fed. R. Civ. P. 26(g)(1), 26(b)(1), 34(a)(1), 34(b)(2).

## RESPONSES TO REQUESTS FOR PRODUCTION

1. All employment agreements between Plaintiff and John Elik in native format with system metadata, that were created on or after January 1, 2020.

**Response to Request for Production 1:**

**Objection**. Plaintiff objects to this Request to the extent it demands production "in native format with system metadata" for a document he possesses only in hard-copy form. Fed. R. Civ. P. 34(a)(1), 34(b)(2)(D), 34(b)(2)(E). Plaintiff further objects to the extent this Request is duplicative of documents previously produced in response to Defendants' prior Requests for Production. Fed. R. Civ. P. 26(b)(1). Subject to and without waiving these objections, Plaintiff responds as follows.

**Response**. All responsive employment agreement(s) between Plaintiff and John Elik created on or after January 1, 2020 were previously produced as true and correct copies in response to Defendants' first Requests for Production and designated Highly Confidential under the Protective Order. Plaintiff will not reproduce the same documents.

2. All assignment agreements between Plaintiff and John Elik in native format with system metadata, that were created on or after January 1, 2020.

**Response to Request for Production 2:**

**Objections**. Plaintiff objects to this Request to the extent it demands production "in native format with system metadata" for documents he possesses only in hard-copy form. Fed. R. Civ. P. 34(a)(1), 34(b)(2)(D), 34(b)(2)(E). Plaintiff further objects to the extent this Request is duplicative of documents previously produced in response to Defendants' prior Requests for Production. Fed. R. Civ. P. 26(b)(1). Subject to and without waiving these objections, Plaintiff responds as follows.

**Response**. Responsive assignment agreement(s) between Plaintiff and John Elik created on or after January 1, 2020 were previously produced as true and correct copies in response to Defendants' first Requests for Production and designated Highly Confidential under the Protective Order. Plaintiff will not reproduce the same documents.

3. Communications between you and John Elik concerning any employment agreement pertaining to, related to, and/or concerning any copyrighted work alleged in this action. Documents responsive to this request include communications concerning negotiation, execution, and/or modification of any employment agreement covering any of the copyrighted works alleged in this action.

**Response to Request for Production 3:**

**Objection**. Plaintiff objects to this Request as overbroad, vague, and disproportionate because it seeks "communications … concerning any employment agreement" and then expands scope with "pertaining to, related to, and/or concerning" and "any copyrighted work alleged in this action," without reasonable particularity as to time period, subject matter boundaries, custodians, or what it means for an employment agreement to "cover" copyrighted works. Fed. R. Civ. P. 26(b)(1), 34(b)(1)(A). Plaintiff further objects to the extent the Request seeks material that is not a "document" or ESI within the meaning of Rule 34, including unrecorded oral/telephonic conversations, or to the extent it would require Plaintiff to create new documents (e.g., summaries of calls) to respond. Fed. R. Civ. P. 34(a)(1). Plaintiff also objects to the extent the Request seeks information protected by the attorney–client privilege or work-product doctrine; any privileged material, if any, will be withheld and, where required, described consistent with Rule 26(b)(5)(A). Fed. R. Civ. P. 26(b)(5)(A). Subject to and without waiving these objections, Plaintiff responds as follows.

7

**Response**. After a reasonable search of Plaintiff's available emails, text messages, and private/direct messages for communications with John Elik concerning the negotiation, execution, modification, or interpretation of any employment agreement and its relationship (if any) to the copyrighted works alleged in this action, Plaintiff will produce nonprivileged documents located that Plaintiff reasonably believes to be responsive. Production will be completed within fourteen (14) days. Fed. R. Civ. P. 34(b)(2)(B). To the extent responsive "communications" occurred only telephonically and were not memorialized in documents or recordings in Plaintiff's possession, custody, or control, there are no documents to produce. Fed. R. Civ. P. 34(a)(1).

4. Documents, correspondence, materials, files, and/or photos provided by John Elik to Plaintiff related to, and/or in fulfillment of, any obligation undertaken pursuant to the Firearms Development Employment Agreement, including documents sufficient to show what deliverables John Elik submitted to Plaintiff under the Firearms Development Employment Agreement and the date of each submission.

**Response to Request for Production 4:**

**Objections**. Plaintiff objects to this Request as overbroad, vague, and disproportionate. It seeks "documents, correspondence, materials, files, and/or photos" "related to" and/or "in fulfillment of" "any obligation" under the Firearms Development Employment Agreement, without any meaningful limitation as to time period, categories of "deliverables," file types, transmission channels, or the copyrighted works actually at issue. Fed. R. Civ. P. 26(b)(1), 34(b)(1)(A). Plaintiff further objects because the phrase "documents sufficient to show what deliverables … and the date of each submission" is ambiguous and improperly attempts to require Plaintiff to create compilations, chronologies, or narratives that do not already exist in documentary form. Fed. R. Civ. P. 34(a)(1); see also Fed. R. Civ. P. 34(b)(2)(B)–(C). Plaintiff also objects to the extent the Request seeks materials outside Plaintiff's possession, custody, or control. Fed. R. Civ. P. 34(a)(1). Plaintiff further objects to the extent the Request seeks privileged or work-product protected materials; any such materials, if any, will be withheld and handled consistent with Rule 26(b)(5)(A). Fed. R. Civ. P. 26(b)(5)(A). Subject to and without waiving these objections, Plaintiff responds as follows.

**Response**. Subject to the foregoing objections, Plaintiff will conduct a reasonable search of Plaintiff's communications and available repositories for nonprivileged materials provided by John Elik to Plaintiff in connection with the Firearms Development Employment Agreement, including CAD files, images, and written works, and for nonprivileged documents that memorialize submission/transmittal dates (to the extent such date information exists in documentary form). Plaintiff will produce responsive, nonprivileged documents located within Plaintiff's possession,

8

custody, or control, subject to the Protective Order and appropriate confidentiality designations within 14 days. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(a)(1), 34(b)(2)(B); Protective Order, Doc. 114-1.

5. Documents, materials, files, and/or photos provided to Plaintiff by John Elik which reflect the progression, change, and/or modification, of any work completed pursuant to the Firearms Development Employment Agreement.

**Response to Request for Production 5:**

**Objections**. Plaintiff objects to this Request as vague, overbroad, and disproportionate. It seeks "documents, materials, files, and/or photos … which reflect the progression, change, and/or modification, of any work" completed under the Firearms Development Employment Agreement—language that is inherently indeterminate, lacks reasonable particularity, and could be read to demand every intermediate iteration, draft, screenshot, or collateral item regardless of relevance or burden. Fed. R. Civ. P. 26(b)(1), 34(b)(1)(A). Plaintiff further objects because the Request, as phrased, risks requiring Plaintiff to construct a narrative or chronology of "progression" that may not exist in documentary form; Rule 34 requires production of existing documents/ESI, not creation of new explanatory materials. Fed. R. Civ. P. 34(a)(1), 34(b)(2)(B)–(C). Plaintiff also objects to the extent the Request seeks materials outside Plaintiff's possession, custody, or control, or seeks third-party materials not within Plaintiff's control. Fed. R. Civ. P. 34(a)(1). Plaintiff further objects to the extent the Request seeks privileged or work-product protected materials; any such materials, if any, will be withheld and handled consistent with Rule 26(b)(5)(A). Fed. R. Civ. P. 26(b)(5)(A). Subject to and without waiving these objections, Plaintiff responds as follows.

**Response**. Subject to the foregoing objections, Plaintiff will conduct a reasonable search of the same sources previously identified for nonprivileged materials provided by John Elik that Plaintiff reasonably believes reflect revisions, iterations, or modifications of work performed under the Firearms Development Employment Agreement, to the extent such materials exist within Plaintiff's possession, custody, or control. Plaintiff will not create a chronology, summary, or narrative to "show" progression beyond what existing documents reflect. Responsive, nonprivileged materials located will be produced subject to the Protective Order and appropriate confidentiality designations. Production will be completed within fourteen (14) days. Fed. R. Civ. P. 34(a)(1), 34(b)(2)(B); Fed. R. Civ. P. 26(b)(1); Protective Order, Doc. 114-1.

6. Documents, materials, files, and/or photos provided by Plaintiff to John Elik pursuant to the terms of the Firearms Development Employment Agreement.

9

**Response to Request for Production 6:**

**Objections**. Plaintiff objects to this Request as vague and ambiguous, including as to what it means for materials to have been provided "pursuant to the terms of the Firearms Development Employment Agreement." Fed. R. Civ. P. 34(b)(1)(A). Plaintiff further objects to this Request as overbroad and disproportionate to the extent it seeks "documents, materials, files, and/or photos" without any limitation as to subject matter, category, time period, or the works at issue. Fed. R. Civ. P. 26(b)(1). Plaintiff also objects to the extent the Request seeks materials outside Plaintiff's possession, custody, or control. Fed. R. Civ. P. 34(a)(1). Plaintiff further objects to the extent the Request seeks privileged or work-product protected materials; any such materials, if any, will be withheld and handled consistent with Rule 26(b)(5)(A). Fed. R. Civ. P. 26(b)(5)(A). Subject to and without waiving these objections, Plaintiff responds as follows.

**Response**. Subject to the foregoing objections, Plaintiff will conduct a reasonable search of Plaintiff's communications and devices for nonprivileged materials that Plaintiff provided to John Elik in connection with, and reasonably understood to be pursuant to, the Firearms Development Employment Agreement. Responsive, nonprivileged documents located will be produced subject to the Protective Order and appropriate confidentiality designations. Production will be completed within fourteen (14) days. Fed. R. Civ. P. 34(a)(1), 34(b)(2)(B); Fed. R. Civ. P. 26(b)(1); Protective Order, Doc. 114-1.

7. Documents which Plaintiff believes reflects or supports that Plaintiff exercised control over the means, manner, or mode of any work John Elik performed pursuant to the Firearms Development Employment Agreement.

**Response to Request for Production 7:**

**Objections**. Plaintiff objects to this Request as vague and ambiguous, including as to the phrases "Plaintiff believes," "reflects or supports," and "exercised control over the means, manner, or mode" of work. Fed. R. Civ. P. 34(b)(1)(A). The Request also improperly calls for a legal conclusion and invites a one-sided collection of materials framed around Defendants' characterization of an employment-law concept ("means and manner"), rather than seeking reasonably particularized, relevant documents. Fed. R. Civ. P. 26(b)(1), 34(b)(1)(A). Plaintiff further objects to the extent the Request seeks unrecorded oral/telephonic communications or would require Plaintiff to create summaries of such communications; Rule 34 reaches existing documents and ESI only. Fed. R. Civ. P. 34(a)(1). Plaintiff also objects to the extent the Request seeks materials outside Plaintiff's possession, custody, or control. Fed. R. Civ. P. 34(a)(1). Plaintiff further objects to the extent the Request seeks privileged or work-product protected materials; any such materials, if any, will be withheld and handled

10

consistent with Rule 26(b)(5)(A). Fed. R. Civ. P. 26(b)(5)(A). Subject to and without waiving these objections, Plaintiff responds as follows.

**Response**. Subject to the foregoing objections, Plaintiff will conduct a reasonable search of Plaintiff's emails, text messages, and private/direct messages for nonprivileged documents that reflect directions, instructions, specifications, feedback, requested revisions, approvals/rejections, or reference materials Plaintiff provided to John Elik in connection with work performed pursuant to the Firearms Development Employment Agreement, to the extent such documents exist within Plaintiff's possession, custody, or control. To the extent responsive "directions" were communicated only telephonically and were not memorialized in documents or recordings in Plaintiff's possession, custody, or control, there are no documents to produce as to those communications. Responsive, nonprivileged materials located will be produced subject to the Protective Order and appropriate confidentiality designations. Production will be completed within fourteen (14) days. Fed. R. Civ. P. 34(a)(1), 34(b)(2)(B); Fed. R. Civ. P. 26(b)(1); Protective Order, Doc. 114-1.

8. Documents, materials, files, and/or photos sufficient to determine how the Firearms Development Employment Agreement was transmitted or otherwise provided to John Elik, including the name of any software, program, or other platform used to accomplish the transmission or provision.

**Response to Request for Production 8:**
**Objections**. Plaintiff objects to this Request as vague and unintelligible, including as to what it means to be "sufficient to determine how" the Agreement "was transmitted or otherwise provided," and what constitutes "transmission or provision" for purposes of this Request. Fed. R. Civ. P. 34(b)(1)(A). Plaintiff further objects because the Request improperly seeks interrogatory-style information (including "the name of any software, program, or other platform used") rather than requesting identifiable documents/ESI; Rule 34 requires production of existing documents and ESI, not narrative explanations or the creation of new information. Fed. R. Civ. P. 34(a)(1), 34(b)(2)(B)–(C); see also Fed. R. Civ. P. 33(a)(2). Plaintiff also objects to the extent the Request seeks materials outside Plaintiff's possession, custody, or control. Fed. R. Civ. P. 34(a)(1). Subject to and without waiving these objections, Plaintiff responds as follows.

**Response**. Subject to the foregoing objections, Plaintiff states that he has conducted a reasonable search and diligent effort for nonprivileged documents in his possession, custody, or control that reflect how the Firearms Development Employment Agreement was transmitted or otherwise provided to John Elik, including any documents identifying software/program/platform used for any such transmission, and Plaintiff has located no responsive documents. The Agreement itself was previously produced. Fed. R. Civ. P. 34(a)(1), 34(b)(2)(B); Fed. R. Civ. P. 26(b)(1); Protective Order, Doc. 114-1.

11

9. All documents that show or support that John Elik signed the Firearms Development Employment Agreement.

**Response to Request for Production 9:**

**Objections**. Plaintiff objects to this Request to the extent it is duplicative of documents previously produced, including the fully executed Firearms Development Employment Agreement bearing John Elik's signature. Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to the extent the phrase "show or support" is overbroad and invites an unbounded search for every document that could be argued to "support" execution, regardless of proportionality. Fed. R. Civ. P. 26(b)(1), 34(b)(1)(A). Subject to and without waiving these objections, Plaintiff responds as follows.

**Response**. The Firearms Development Employment Agreement bearing John Elik's signature was previously produced as a true and correct copy and designated Highly Confidential. Plaintiff will also produce nonprivileged documents located that further reflect or acknowledge John Elik's execution of the Agreement, including his prior declarations acknowledging the Agreement, to the extent not already produced and within Plaintiff's possession, custody, or control. *See* (Doc. 53-3). Production will be completed within fourteen (14) days. Fed. R. Civ. P. 34(a)(1), 34(b)(2)(B); Fed. R. Civ. P. 26(b)(1); Protective Order, Doc. 114-1.

10. All documents that show or support when John Elik signed the Firearms Development Employment Agreement.

**Response to Request for Production 10:**
**Objections**. Plaintiff objects to this Request to the extent it is duplicative of documents previously produced, including the fully executed Firearms Development Employment Agreement bearing a dated signature reflecting when John Elik signed. Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to the extent the phrase "show or support" is overbroad and invites an unbounded search for every document that could be argued to "support" timing, without reasonable particularity or proportionality limits. Fed. R. Civ. P. 26(b)(1), 34(b)(1)(A). Subject to and without waiving these objections, Plaintiff responds as follows.

**Response**. The Firearms Development Employment Agreement previously produced includes a date reflecting when John Elik signed. *See also* (Doc. 53-3). In addition, Plaintiff has previously produced (or will, to the extent not already produced) John Elik's declarations certifying the authenticity of the Agreement and reflecting the

12

timing of execution. Plaintiff will not reproduce documents already produced. Production will be completed within fourteen (14) days. Fed. R. Civ. P. 34(a)(1), 34(b)(2)(B); Fed. R. Civ. P. 26(b)(1); Protective Order, Doc. 114-1.

11. Documents, materials, files, and/or photos sufficient to determine how the Firearms Development Employment Agreement was transmitted to you, including the name of any software, program, or other platform used to accomplish the transmission or provision.

**Response to Request for Production 11:**

**Objections**. Plaintiff objects to this Request as vague and unintelligible, including as to what it means to be "sufficient to determine how" the Agreement "was transmitted" to Plaintiff and what constitutes "transmission or provision" for purposes of this Request. Fed. R. Civ. P. 34(b)(1)(A). Plaintiff further objects because the Request improperly seeks interrogatory-style information (including "the name of any software, program, or other platform used") rather than requesting identifiable documents/ESI; Rule 34 requires production of existing documents and ESI, not narrative explanations or the creation of new information. Fed. R. Civ. P. 34(a)(1), 34(b)(2)(B)–(C); see also Fed. R. Civ. P. 33(a)(2). Plaintiff also objects to the extent the Request seeks materials outside Plaintiff's possession, custody, or control. Fed. R. Civ. P. 34(a)(1). Subject to and without waiving these objections, Plaintiff responds as follows.

**Response**. Subject to the foregoing objections, Plaintiff states that he has conducted a reasonable search and diligent effort for nonprivileged documents in his possession, custody, or control that reflect how the Firearms Development Employment Agreement was transmitted or otherwise provided to Plaintiff, including any documents identifying software/program/platform used for any such transmission, and Plaintiff has located no responsive documents, aside from the physical document, a copy of which was already tendered to Defendants. Fed. R. Civ. P. 34(a)(1), 34(b)(2)(B); Fed. R. Civ. P. 26(b)(1); Protective Order, Doc. 114-1.

12. Documents, materials, files, and/or photos sufficient to determine when you signed the Firearms Development Employment Agreement, including the name of any software, program, or other platform used to accomplish the transmission.

**Response to Request for Production 12:**

**Objections**. Plaintiff objects to this Request to the extent it is duplicative of documents previously produced, including the fully executed Firearms Development Employment Agreement reflecting the date of Plaintiff's signature. Fed. R. Civ. P. 26(b)(1). Plaintiff further objects because the Request improperly seeks

13

interrogatory-style information (including "the name of any software, program, or other platform used") rather than requesting identifiable documents/ESI; Rule 34 requires production of existing documents and ESI, not narrative explanations or the creation of new information. Fed. R. Civ. P. 34(a)(1), 34(b)(2)(B)–(C); see also Fed. R. Civ. P. 33(a)(2). Plaintiff also objects to the extent the phrase "sufficient to determine" is vague and invites an open-ended search beyond proportional limits. Fed. R. Civ. P. 26(b)(1), 34(b)(1)(A). Subject to and without waiving these objections, Plaintiff responds as follows.

**Response**. The Firearms Development Employment Agreement previously produced reflects the date Plaintiff signed the Agreement. After a reasonable search and diligent effort, Plaintiff has located no other nonprivileged documents in his possession, custody, or control that reflect when Plaintiff signed or that identify any software/program/platform used in connection with any transmission relating to Plaintiff's signature. Fed. R. Civ. P. 34(a)(1), 34(b)(2)(B); Fed. R. Civ. P. 26(b)(1); Protective Order, Doc. 114-1.

13. Documents, materials, files, and/or photos sufficient to determine how you signed the Firearms Development Employment Agreement, including the name of any software, program, or other platform used to accomplish the transmission.

**Response to Request for Production 13:**

**Objections**. Plaintiff objects to this Request as vague and disproportionate to the extent it seeks documents "sufficient to determine how" Plaintiff signed the Firearms Development Employment Agreement without reasonable particularity, and as an improper attempt to elicit interrogatory-style narrative information (including "the name of any software, program, or other platform used") through a request for production. Fed. R. Civ. P. 26(b)(1), 34(b)(1)(A), 34(a)(1), 34(b)(2)(B)–(C); see also Fed. R. Civ. P. 33(a)(2). Plaintiff also objects to the extent the Request would require Plaintiff to create new documentation or explanations; Rule 34 requires production of existing documents/ESI only. Fed. R. Civ. P. 34(a)(1). Subject to and without waiving these objections, Plaintiff responds as follows.

**Response**. Plaintiff has produced the Firearms Development Employment Agreement in hard-copy form, which is the only document in Plaintiff's possession, custody, or control that reflects Plaintiff's execution of the Agreement. Being that the agreement was signed more than five years ago, Plaintiff does not recall the specific method by which he signed beyond the existence of the hard-copy executed Agreement. After a reasonable search and diligent effort, Plaintiff has located no other nonprivileged documents in his possession, custody, or control that reflect the manner of signing or identify any software/program/platform used in connection with any transmission relating to execution. Fed. R. Civ. P. 34(a)(1), 34(b)(2)(B); Fed. R. Civ. P. 26(b)(1); Protective Order, Doc. 114-1.

14

14. Documents sufficient to show that the Firearms Development Employment Agreement document file was created on or before May 1, 2021, including file system metadata (Created/Modified timestamps) and any version history or audit logs.

**Response to Request for Production 14:**

**Objections**. Plaintiff objects to this Request as improper and disproportionate to the extent it seeks "documents sufficient to show" historical file-creation timing, "file system metadata (Created/Modified timestamps)," and "version history or audit logs" for a "document file" that is not in Plaintiff's possession, custody, or control. Fed. R. Civ. P. 26(b)(1), 34(a)(1). Plaintiff further objects because it assumes the existence of a particular electronic "document file" within Plaintiff's systems and seeks ESI artifacts (metadata, audit logs, version history) that may not exist for a hard-copy-only document or may exist only on third-party systems beyond Plaintiff's control. Fed. R. Civ. P. 34(a)(1), 34(b)(1)(A). Plaintiff also objects to the extent the Request would require Plaintiff to create evidence (e.g., generate metadata, reconstruct audit logs, or otherwise prove a file's creation date) rather than produce existing documents/ESI. Fed. R. Civ. P. 34(a)(1), 34(b)(2)(B)–(C). Subject to and without waiving these objections, Plaintiff responds as follows.

**Response**. Plaintiff possesses only a hard-copy version of the Firearms Development Employment Agreement and did not create, and does not possess, any electronic "document file" for the Agreement. After a reasonable search and diligent effort of Plaintiff's devices, Plaintiff has located no electronic copy of the Agreement and therefore has no file-system metadata, version history, or audit materials in his possession, custody, or control responsive to this Request. Fed. R. Civ. P. 34(a)(1), 34(b)(2)(B); Fed. R. Civ. P. 26(b)(1); Protective Order, Doc. 114-1.

15. To the extent not produced already, a copy of any material, document, file, video, correspondence, communication, thing, and/or any tangible item reflecting or referencing what you believe or know to be evidence, proof, or corroboration of any claim of copyright infringement brought by Plaintiff in this action.

**Response to Request for Production 15:**

**Objections**. Plaintiff objects to this Request as vague, unintelligible, and hopelessly overbroad. It seeks, in a single omnibus demand, "any material … reflecting or referencing what you believe or know to be evidence, proof, or corroboration of any claim" in this action—language that is not reasonably particularized and would encompass virtually the entire litigation record, including nonresponsive matter, duplicative productions, and materials of marginal relevance. Fed. R. Civ. P. 26(b)(1), 34(b)(1)(A).

15

Plaintiff further objects because the Request is framed expressly in terms of Plaintiff's "belie[f] or know[ledge]" of "evidence," which improperly seeks Plaintiff's and counsel's mental impressions, legal theories, and the selection/compilation of documents deemed important—core opinion work product. Fed. R. Civ. P. 26(b)(3)(B). Plaintiff also objects to the extent the Request seeks privileged communications and attorney work product (including attorney annotations, internal summaries, and counsel's investigative/strategic materials); Plaintiff declines to respond as drafted. Fed. R. Civ. P. 26(b)(3)(A)–(B), 26(b)(5)(A). Plaintiff additionally objects to the extent the Request seeks "things" or "tangible items" beyond the scope of Rule 34's requirement to produce items within Plaintiff's possession, custody, or control, and to the extent it seeks materials already produced. Fed. R. Civ. P. 34(a)(1); Fed. R. Civ. P. 26(b)(1).

**Response**. Plaintiff declines to respond to this Request as drafted because it is not reasonably particularized, is disproportionate, and impermissibly seeks opinion work product by demanding materials keyed to Plaintiff's (and counsel's) "belief" or "knowledge" about what constitutes "evidence" supporting Plaintiff's claims. Fed. R. Civ. P. 26(b)(1), 26(b)(3)(B), 34(b)(1)(A). Plaintiff has already produced the principal nonprivileged categories of infringement-related evidence in this case (including exemplars of the copyrighted works, exemplars of the accused materials, and related nonprivileged supporting documents) and will continue to produce nonprivileged responsive documents, if any, to properly tailored requests. Fed. R. Civ. P. 26(b)(1). Subject to and without waiving the foregoing objections, Plaintiff will, within 14 days, provide additional non-privileged materials he reasonably believes to be responsive.

/s/ Zachary Z. Zermay
*Attorney for Matthew Larosiere*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon Defendants' counsel via email on this 25th day of February, 2026.

/s/ Zachary Z. Zermay
*Attorney for Matthew Larosiere*