# EXHIBIT C



March 2, 2026

Leia V Leitner
407.423.7287 (direct)
407.973.2111 (mobile)
Leia.Leitner@wilsonelser.com

VIA Email: zach@zermaylaw.com
Zachary Zermay, Esq.
Zermay Law
3000 Coral Way, Suite 1115,
Coral Gables, FL 33145

  Re: *Matthew Larosiere v. Cody Wilson, et. al.*
    Case No. 6:24-cv-01629-WWB-LHP
    *Good Faith Letter Regarding Plaintiff's responses and objections to*
    *Defendants' Second Set of Request for Production Nos. 1 and 2*

Dear Mr. Zermay:

We write on behalf of Defendants, Cody Rutledge Wilson, DEFCAD, Inc., and Defense Distributed's ("Defendants") Second Request for Production served on January 26, 2026. Pursuant to Local Rule 3.01(g), to confer in good faith regarding deficiencies in Plaintiff Matthew Larosiere's Responses to Defendants' Second Requests for Production, served on February 25, 2026. We believe that Plaintiff's responses contain objections that are without merit and that several responses are inadequate. We request that Plaintiff supplement his responses as described below.

### I. General Objections to Instructions and Definitions.

As an initial matter, we note that Plaintiff lodged sweeping objections to Defendants' [1]definitions and instructions, characterizing them as "burdensome boilerplate" and declaring that he will "ignor[e] all of Defendants' abusive, boilerplate definitions and instructions." Plaintiff's blanket dismissal of Defendants' definitional scheme is overbroad and improper.

Objections to discovery must be "plain enough and specific enough so that the court can understand in what way the [discovery is] alleged to be objectionable." *Panola Land Buyers*

---

[1]

111 North Orange Avenue, Suite 1200 | Orlando, FL 32801 | p 407.203.7599 | f 407.648.1376 | wilsonelser.com

Albany, NY | Atlanta, GA | Austin, TX | Baltimore, MD | Birmingham, AL | Boston, MA | Charlotte, NC | Chicago, IL | Dallas, TX | Denver, CO | Detroit, MI | Long Island, NY
Hartford, CT | Houston, TX | Indianapolis, IN | Jackson, MS | Las Vegas, NV | London, England | Los Angeles, CA | Louisville, KY | Madison, NJ | McLean, VA | Merrillville, IN
Miami, FL | Milwaukee, WI | Nashville, TN | New Orleans, LA | New York, NY | Orange County, CA | Orlando, FL | Philadelphia, PA | Phoenix, AZ | Portland, OR | Raleigh, NC
San Diego, CA | San Francisco, CA | Sarasota, FL | Seattle, WA | Stamford, CT | St. Louis, MO | Tyler, TX | Washington, DC | West Palm Beach, FL | White Plains, NY

331051912v.1



Mr. Zachary Zermay
February 26, 2026
Page – 2 –

*Assoc. v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)). "Objections which state that a discovery request is 'vague, overly broad, or unduly burdensome' are, by themselves, meaningless, and are deemed without merit …." *Siddiq v. Saudi Arabian Airlines Corp.*, No. 6:11-cv-69-Orl-19GJK, 2011 U.S. Dist. LEXIS 151474, 2011 WL 6936485, at *3 (M.D. Fla. Dec. 7, 2011) (quoting *Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691, 695 (S.D. Fla. 2007)). As the court in *Liguria Foods, Inc. v. Griffith Laboratories, Inc.*, 320 F.R.D. 168, 184 (N.D. Iowa 2017) observed, "'[t]he key requirement in both Rules 33 and 34 is that objections require 'specificity.'" "'[G]eneralized objections are inadequate and tantamount to not making any objection at all.'" *Id.* at 185 (quoting Jarvey, Boilerplate Discovery Objections, 61 Drake L. Rev. at 916).

Thus, given the authorities above, we ask that Plaintiff withdraw his "general objections to the instructions and definitions" accordingly.

## II. Objections to Specific Definitions

We also take issue with the following objections to specific definitions, as noted below:

Definitions C and D ("Concerning" and "Relate to"): Plaintiff objects to these definitions as "overbroad" and states he will apply the terms only to documents having a "direct and non-attenuated connection" to the requests. We ask Plaintiff to reconsider and apply a reasonable interpretation consistent with the scope of permissible discovery under Rule 26(b)(1).

Definition E ("Document"): We acknowledge Plaintiff's objection regarding production format. Fed. R. Civ. P. 34(b)(2)(E)(ii) allows the requesting party to specify the form for producing electronically stored information." *See Bond Safeguard Ins. Co. v. Ward*, No. 609CV1504ORL31GJK, 2010 U.S. Dist. LEXIS 154008, 2010 WL 11626608, at *2 (M.D. Fla. Nov. 19, 2010). It is true that "[a]s a general matter, a party cannot invoke Rule 34(a) to require another party to create or prepare a new or previously non-existent document solely for its production." *Mir v. L-3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220, 227 (N.D. Tex. 2016). However, Defendants are not requesting that Plaintiff create a new document but are instead asking Plaintiff to produce already extant information in a usable form.

## III. Specific Responses Requiring Supplementation

Plaintiff's responses to Request for Production Nos. 1 and 2 are both nonresponsive and should be amended and/or supplemented accordingly.

Requests for Production Nos. 1 and 2 seek metadata for the Employment and Assignment Agreements. In response, Plaintiff asserts that responsive employment and assignment agreements between Plaintiff and John Elik were previously produced in response to Defendants' first Requests for Production and declines to reproduce them. Plaintiff also objects to producing documents in native format with system metadata, as he has only hard copies. If Plaintiff does not possess electronic versions of these agreements, we request that he affirmatively state that he has no electronic versions. If Plaintiff does possess electronic

331051912v.1



copies, we renew our request for production in native format with metadata. *See Selectica, Inc. v. Novatus, Inc.*, No. 6:13-cv-1708-Orl-40TBS, 2015 U.S. Dist. LEXIS 30460, at *6-7 (M.D. Fla. Mar. 12, 2015) (citing *U.S. v. Bridgepoint Education, Inc.*, Case No. 10-CV-01401-JLS (WVG), 305 F.R.D. 225, 2015 U.S. Dist. LEXIS 26424, 2015 WL 818032 at * 10, 19 (S.D.Cal. Feb. 20, 2015). (finding that metadata is discoverable so long as the relevance test in Fed.R.Civ.P. 26(b) is satisfied).

**IV.   Privilege Log**

Plaintiff's asserted objections on the basis of privilege in response to Defendants' Second Request for Production Nos. 3–7 and 15. To the extent Plaintiff is withholding documents on the basis of privilege or work-product protection, we request that Plaintiff provide a privilege log in compliance with Rule 26(b)(5)(A) and the Court's standing orders. If there are no privileged documents being withheld, we ask that Plaintiff amend his response to affirmatively state this.

**V.   Request for Meet and Confer**

Pursuant to Local Rule 3.01(g), we request that Plaintiff's counsel meet and confer on these issues during the parties' conference scheduled for Tuesday, March 3, 2026, at 2:00 p.m. EST via Google Meet. We are hopeful that the parties can resolve these matters without the need for Court intervention.

Thank you for your attention to this matter.

Best regards,

Wilson Elser Moskowitz Edelman & Dicker LLP

*/s/ Leia V. Leitner*

Leia V. Leitner

MD: lvl

331051912v.1

# EXHIBIT C

**Leitner, Leia V.**

| | |
|---|---|
| **From:** | Zachary Zermay <zach@zermaylaw.com> |
| **Sent:** | Thursday, March 5, 2026 6:25 PM |
| **To:** | Leitner, Leia V. |
| **Cc:** | Geraldine Phillips; Gyebi, Amaris; Zibas, Jura C.; Kujawski, Cheryl A. |
| **Subject:** | Re: Larosiere v. Wilson, et. al.; Case No. 6:24-cv-01629: Meet and confer Summary on March 3, 2026 |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

EXTERNAL EMAIL - This email originated from outside the organization.

Good evening,

I disagree with the characterization of what was discussed at the conference, and any attempts to backfill a record by way of emails.

Sincerely,
Zachary Z. Zermay, Esq.

**Zermay Law**
P (305) 767-3529  |  W zermaylaw.com  |  E zach@zermaylaw.com |
A 3000 Coral Way, Suite 1115, Coral Gables, FL 33145



On Thu, Mar 5, 2026 at 9:38 AM Leitner, Leia V. <Leia.Leitner@wilsonelser.com> wrote:

> Dear Mr. Zermay:
>
> This is to memorialize the meet-and-confer on March 3, 2026, regarding the parties' respective discovery responses and objections ("conference"). Pursuant to Local Rule 3.01(g), the purpose of the conference was to address the issues identified below and to attempt to resolve the parties' dispute in good faith, without court intervention.  The topics discussed at the conference were (i) Plaintiff's claim with deficiencies in Defendants' document production for Plaintiffs' First Request for Production, and Wilson's Affidavit of Compliance submitted per the Court Order dated February 13, 2026 (Doc. 213 at pp. 10–11); (ii) Defendants, Wilson, DEFCAD, Inc., and Defense Distributed's responses and objections to Plaintiffs' Second Set of Request for Production and Interrogatories, Request for Production, and Request for Admissions; (iii) Plaintiff's responses and objections to Defendants' Second Request for

Production Nos. 1 and 2; and (iv) summary of the February 23, 2026 meet and confer. Each topic is addressed in turn below:

**37(b) Issues:**

At the conference, Plaintiff's Counsel asserted several issues, claiming Defendants' production and affidavits submitted were noncompliant with the Court's Order.  First, Plaintiff asserted that Defendants' relevancy, overbreadth, and proportionality objections were overruled based on the Court's Order dated February 13, 2026 ("Court Order"). Given this ruling,  Plaintiff's claim that Wilson was required to provide documents for RFP Nos. 4-8, 20-21, 23-50, 57-62.  However, the Defendants' position is that the Court's Order did not overrule the objections identified, and when requested to identify what portion of the Order overruled these objections, Plaintiff could not. Thus, Defendants' objections stand for these requests.  Defendants further maintain that they have produced all documents in their possession, custody, or control in response to these requests.  Defendants are not supplementing documents, are not withholding documents, and any documents withheld were identified in the Amended Privilege Log served on February 20, 2026.

Additionally, paragraph 4(g) of the Court Order dated February 13, 2026 (Doc. 213 at pp. 10–11), ordered Mr. Wilson to "submit an affidavit, fully executed under penalty of perjury and notarized, detailing the scope of this search for responsive documents, which shall demonstrate a reasonable and diligent search and include how and where he searched for responsive information (e.g., cell phone, email, house computer)." Doc. 213 at pp. 11.  Footnote 4 of the Court's Order states that "[a]s discussed with the parties at the hearing, there may be information related to the corporate Defendants on Mr. Wilson's personal devices (cellphone, computer, etc.) or personal email(s)."  Doc. 213 at p. 11, n4.  To this end, in full compliance with the Court's Order, Mr. Wilson submitted an affidavit, fully executed under penalty of perjury and notarized, detailing the scope of this search for responsive documents on his cell phone, email, and house computer.  At the conference, Plaintiff's Counsel stated that the Affidavit is not compliant with the Court's Order, claiming that the search was deficient, because Mr. Wilson did not identify the software and all documents, because the keyword searches used were insufficient, etc.

Thus, at this point, it appears that Plaintiff is now demanding that Defendants establish an ESI protocol on terms and conditions Plaintiff finds suitable, but couching it in terms of Defendants' noncompliance with the Court's Order.  At the conference, Defendants noted that they attempted to collaborate with Plaintiff on an ESI protocol before the searches were conducted, but Plaintiff flat out refused to participate.  Defendants also noted that, given Plaintiff's refusal, the Court is creating the parties' ESI protocol, so the question of whether Mr. Wilson searched with the proper key terms will likely be moot once the Court issues the protocol. Once the ESI protocol is issued by the Court, the Court will likely order the Defendants to use these terms to conduct another document search. Defendants believe that Plaintiff's claims are premature and wholly without merit.  However, to understand the argument better, Defendants asked to table this issue, and requested that Plaintiff articulate his position on the

deficiencies with Mr. Wilson's Affidavit and send by writing by **Friday, March 6, 2026**, so that the Defendants can properly respond.

**Responses and objections to Plaintiffs' Second Set of Discovery Demands**

Regarding Defendants' responses and objections to Plaintiff's Second Set of Discovery Requests, the following issues were discussed at the conference:

1) Objections for vague and ambiguous terms, including, but not limited to, the following terms: "your website(s)", "web page(s) ", "blogs," etc., which were raised in the following requests:

- DEFCAD RFP No. 28

- Defense Distribtued ("DD") RFP No. 28; RFA Nos.: 1-11; 14-19; Rogg No. 1, 5:

- Wilson Rogg 3; RFA: 5-8; 12-17 and 19

To resolve this issue, Plaintiff agreed to provide definitions for "your website(s)", "web page(s) ", and "blogs, identified in these requests, by **Friday, March 6, 2026.**

2) Objections as to Relevancy:

- Defcad RFP Nos. 1-7, 4-7, 8-10, 18-24, 33-35, 46-59; 60-61, 64

- DD: RFP Nos. 1, 7, 8, 9, 10, 11, 12, 18, 24, 32, 33, 34, 35, 45, 46, 48, 57, 58, 59, 64

- DD: Rogg 3 and 5

- Wilson's RFP 1-9; Wilson's RFP 16-36

- Wilson's Rogg 3

At the conference, Defendants stated that the objections stand because the requests were not tethered to the claims and defenses as required by Fed. R. Civ. P. 26(b)(1). In response, Plaintiff agreed to narrow these requests such that they are tailored to the copyrights-in-suit. Plaintiff also agreed to provide the definition of "your website(s)", "web page(s), ""blogs," etc., contained in these requests, by **Friday, March 6, 2026**

3) For responses to certain requests, Defendants stated they will conduct a reasonable search for the documents, as noted below:

- Defcad RFPS Nos. 11, 15, 43, 48, 53, 65, 66, 67, 68, 69, 70, 71, 72, 73, 75, 80, 81, 82, 83, and 90

- DD RFP 16, 27, 65, 67-69, 70-74, 80-83

- Wilson's RFP 17, 19, 20-25, 28, 32, 35

To resolve this issue, Defendants agreed to amended responses to these requests by **Tuesday, March 10, 2026**.

4) Plaintiff stated that Defense Distributed controls DEFCAD, but the Defendants' responses are not consistent with these admissions; however, Plaintiff failed to identify the specific requests he was referring to support this assumption.  Thus, Defendants asked Plaintiff to identify the specific requests at issue in order to have a substantive conversation regarding the alleged deficiencies in Defendants' responses.

5) Plaintiff stated that Defendants' responses were unresponsive to certain requests and maintains the issue is relevant based on the Plaintiff's alter ego claims:

- DEFCAD Rogg 3, 5;

- DEFCAD RFP Nos. 16, 18, 32, 62, 64

- DD RFP Nos. 1-3, 15, 16, 18, 19, 25, 47, 52

- Wilson RFP Nos. 11, 14, 16.

At the conference, Defendants agreed to review their responses and provide amended responses by **Tuesday, March 10, 2026**, to the extent necessary, but maintain that Plaintiff has not presented a cogent explanation as to how the information sought goes to support or otherwise relates to Plaintiff's alter ego theory.

**Request for Admissions**

Plaintiff asserted that the Defendants' objections were irrelevant and vague and ambiguous were without merit.  However, Defendants asserted these objections based on the vague definitions of your website(s), "web page(s), ""blogs," etc., contained in these requests.  Defendants also asserted these objections because the referenced attachments in these requests were not attached.  Rule 26(a)(2) states that "[e]ach matter must be separately stated. A request to admit the genuineness of a document **must be accompanied by a copy of the document** unless it is, or has been, otherwise furnished or made available for inspection and copying.") (emphasis added).  The requests that

4

referenced material were not previously furnished or cited in the record where it had been previously furnished.  Thus, Defendants maintain their objections to these requests.

**Plaintiff's responses and objections to Defendants' Second Request for Production Nos. 1 and 2:**

On February 27, 2026, Defendants provided a good-faith letter outlining their concerns with Plaintiff's evasive and nonresponsive responses to Defendants' Second Request for Production Nos. 1 and 2.  These requests seek the metadata for the work-for-hire documents/assignments that purportedly show that Plaintiff owns the copyrights-in-suit at issue. In response, Plaintiff states that paper copies were provided, but this does not address whether Plaintiff has metadata for the original document or the document from which the paper copies were produced.   In addition, we noted that Plaintiff asserted privilege over various documents, but no privilege log has been provided to date.

**Summary of the February 23, 2026, Meet and Confer – Confirm by Friday, March 6, 2026**

On February 26, 2026, we sent correspondence summarizing the February 23, 2026, meet and confer conference discussing Plaintiff's deficient a) Amended Initial Disclosures; b) responses and objections to Defendants' discovery demands on July 4, 2025; and c) Plaintiff's deficient responses to Defendants' discovery demands served on October 15, 2025.  We asked you to confirm whether Plaintiff agrees or disagrees with the summary by March 2, 2026.  We did not hear back from Plaintiff regarding the summary.  Thus, at the conference, the undersigned requested confirmation for the same on or before 5:00 p.m. EST on **Friday, March 6, 2026**.

Please confirm that the foregoing accurately reflects our discussion during the March 3, 2026, meet-and-confer by **Tuesday, March 10, 2026**.  If you believe any corrections or additions are necessary, please submit them by **5:00 p.m. EST on Friday, March 6, 2026**.  To the extent any disputes remain unresolved, Defendants reserve all rights to seek appropriate relief from the Court.

We appreciate your cooperation in resolving these discovery matters and look forward to your response.

Regards,

Leia V. Leitner
Attorney At Law
Wilson Elser Moskowitz Edelman & Dicker LLP
111 North Orange Avenue Suite 1200
Orlando, FL 32801
407.423.7287 (Direct)

407.973.2111 (Cell)  
407.203.7599 (Main)  
407.648.1376 (Fax)  
leia.leitner@wilsonelser.com

IMPORTANT NOTICE: Beware of Cyber Fraud.
You should NEVER wire money to any bank account that Wilson Elser
Moskowitz Edelman & Dicker LLP provides to you either in the body
of this or any email or in an attachment without first speaking
with the attorney in our office who is handling your transaction.
Further, DO NOT accept emailed wire instructions from anyone else
without voice verification. Even if an email looks like it has come
from this office or someone involved in your transaction,
CALL US FIRST AT A NUMBER YOU KNOW TO BE CORRECT FOR THIS OFFICE
to verify the information before wiring any money.
Failure to do so is at your own risk.
Be particularly wary of any request to change wire instructions
you have already received.

CONFIDENTIALITY NOTICE: This electronic message is intended to be
viewed only by the individual or entity to whom it is addressed.
It may contain information that is privileged, confidential and
exempt from disclosure under applicable law. Any dissemination,
distribution or copying of this communication is strictly prohibited
without our prior permission. If the reader of this message is not
the intended recipient, or the employee or agent responsible for
delivering the message to the intended recipient, or if you have
received this communication in error, please notify us immediately by
return e-mail and delete the original message and any copies of it
from your computer system.

For further information about Wilson, Elser, Moskowitz, Edelman &
Dicker LLP, please see our website at www.wilsonelser.com or refer to
any of our offices.

Thank you.

# Leitner, Leia V.

| | |
|---|---|
| **From:** | Leitner, Leia V. |
| **Sent:** | Thursday, February 26, 2026 4:42 PM |
| **To:** | Zachary Zermay; Geraldine Phillips |
| **Cc:** | Chad Flores; Zibas, Jura C.; Gyebi, Amaris |
| **Subject:** | Matthew Larosiere v Cody WIlson et al (26387-00008)  - Letter re Meet and Confer Conference on February 23, 2026 |
| **Attachments:** | 2026.02.26 - Letter summarizing Meet and Confer on February 23 2026(330893642.1).pdf |

Dear Mr. Zermay:

Please find attached a letter dated today regarding the parties' conference on February 23, 2026, in the above-referenced matter.

Thank you,

Leia V. Leitner
Attorney At Law
Wilson Elser Moskowitz Edelman & Dicker LLP
111 North Orange Avenue Suite 1200
Orlando, FL 32801
407.423.7287 (Direct)
407.973.2111 (Cell)
407.203.7599 (Main)
407.648.1376 (Fax)
leia.leitner@wilsonelser.com

