UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

*Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc., DEFENSE DISTRIBUTED, and DIOSKOUROI LLC,

*Defendants*.

_____/

**PLAINTIFF'S SHORT-FORM MOTION TO OVERRULE MERITLESS OBJECTIONS AND COMPEL COMPLETE RESPONSES TO PLAINTIFF'S SECOND SET OF DISCOVERY**

Pursuant to Fed. R. Civ. P. 26, 33, 34, and 37, Plaintiff moves to compel full responses from Defcad, Inc., Defense Distributed, and Defendant Wilson.

**ARGUMENT**

Defendants Wilson, Defcad, and Defense Distributed were served with discovery on January 13, 2026. Defendants produced objection-only responses, with the only document production being those they had attached to (Doc. 210) (stricken). These responses share defects, including: (1) boilerplate objections lacking specificity, violating Rule 33(b)(4); (2) evasive, incomplete answers, contrary to Rules 34(b), and 33(b); and (3) conclusory assertions of irrelevance unsupported by Rule 26(b)(1)'s standard.

**As to Wilson:** Defendant publicly claimed "for almost all the files at issue in this case…that [expletive] uploaded those files [to Defcad]." (Ex. A at 10-11). RFP16

1

asked for materials Wilson relied upon to make that claim. Defendant refused to produce. (Ex B at 11).

**As to Defcad:** ROG3 asks how the works distributed on Defendant's website(s) differ from Plaintiff's works. The operative answer denies that most are identical to Plaintiff's. Defendant asserted vagueness, claims ignorance as to what its own websites are, and states evasively it did not create "any work at issue." (Ex. C at 7). **Defense Distributed's** ROG1 mirrors this. (Ex. D at 3).

ROG4 asks Defendant how it determined whether each work possess originality or protectable expression. Defendant refused to answer. (Ex. C at 8). **Defense Distributed**'s ROG3 mirrors this. (Ex. D at 6).

RFP16 asks for communications about the works. (Ex. E at 10-11). Defendants declined to produce, pointing to a "confidential" keyword search appearing to be missing 648 pages and which did not search for the works. (Ex. F). The Court's slack-focused ESI protocol will not resolve this as Defendants excluded several complained-of works from the search terms the Court adopted. (Doc. 232).

RFP64[1] asks for material showing how the works wound up on Defendant's website(s). Defendants asserted overbreadth and claimed it "not tethered to the...works at issue." (Ex. E at 34-35). These issues are mirrored by **Defense Distributed**'s 64, (Ex. G at 34) and Wilson's prior RFP66, which he claimed "better directed to DEFCAD," (Doc. 156-2 at 33) and has refused to provide materials, despite the (Doc. 213) order and agreement of counsel. (Doc. 230-1 at 39).

---

[1] Defendants' response created two 64s, this is the second 64.

Defendants are withholding materials, as they previously produced such information to Elik. (Ex. A 1-8), and the works are still available on their websites, but Defendants refuse to produce "file(s) submitted by the original uploader[.]" (Doc. 230-1 at 37), (Ex. G at 36).

**As to Defense Distributed**, in addition to above, RFP2 asked for materials showing each of the web page(s) the works had been available through. Defendant stated it has none, (Ex. G. at 4) but admitted it "sells, offers for sale, and advertises" the works at "'Ghostguns.com.'" (Doc. 43 at ¶58), (Doc. 52 at ¶ 293).

## CONCLUSION

Plaintiff requests that the Court overrule Defendants' objections, compel full responses, and award Rule 37(a)(5) expenses.

Respectfully submitted,

DATED: March 9, 2026

*/s/ Zachary Zermay*
Zachary Z. Zermay, Esq.
Fla. Bar № 1002905
*Zermay Law, P.A.*
3000 Coral Way Ste 1115
Coral Gables, FL 33145
Email: zach@zermaylaw.com
Tel: (305) 767-3529
*Lead Counsel for Plaintiff
Matthew Larosiere*

3

## Local Rule 3.01(g) Certification

Pursuant to M.D. Fla. R. 3.01(g), I hereby certify that I met and conferred with opposing counsel regarding the substance of the foregoing motion telephonically on March 3, 2026. I first raised the issues in this motion by email on February 28, 2026. Both in the email, and on the conference, Defendants insisted that the Conferral was incomplete unless Plaintiff provided briefing and case law on each specific issue. Because Defendants refused to explicitly take a position, the undersigned will continue to attempt to confer with them for three (3) days.

DATED:  March 9, 2026

/s/ Zachary Z. Zermay
Zachary Z. Zermay, Esq.
Fla. Bar № 1002905
*Zermay Law, P.A.*
3000 Coral Way Ste 1115
Coral Gables, FL 33145
Email: zach@zermaylaw.com
Tel: (305) 767-3529
*Lead Counsel for Plaintiff
Matthew Larosiere*

4