## **EXHIBIT F – DECLARATION OF ZACHARY Z. ZERMAY**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

*Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc., DEFENSE DISTRIBUTED, and DIOSKOUROI LLC,

*Defendants*.

_____/

## **DECLARATION OF ATTORNEY ZACHARY Z. ZERMAY**

I, Zachary Z. Zermay, am a citizen of the United States of America and resident of the State of Florida. I am over 18 years age, and if called to testify in court or other proceedings as to the matters identified in this Declaration, I could and would do so, given this Declaration is based on my own personal knowledge.

1) I have reviewed the materials Defendants identified as "Entities0007319 - Entities0007356" in Defendants' response to Plaintiff's second Request for Production number 16.

2) Those numbers relate to 38 pages Defendants provided to me on February 4, 2026. Each page is marked "CONFIDENTIAL."

3) I offer this declaration only to show that the document could not possibly be responsive to the request it was asserted to be responsive to.

1

4) Defendants stated that these pages were keyword search results from their client's Slack chat.

5) One page from this document was already included in (Doc. 205 at 2).

6) The search terms present in the pages did not include "Hitchhiker," "Plastikov," "PV4" "MPP99," "KF5," "SF5," "BUBAR," "NS3" nor any of the other names for the works at issue, nor Mr. Larosiere's name, nor any of the copyright registration numbers.

7) The pages each have page numbers on the bottom. I noticed that there were large, inconsistent gaps in the page numbers.

8) There are two groups of page numbers present in the pages – one group runs up to 130 pages (evidenced by the page numbers being out of 130). The second group runs up to at least 556 pages (page 556 is the highest numbered page produced).

9) The page numbers are sequential, as when ordering the pages by page number, the few instances where sequential pages were produced, the search results proceed sequentially from one page to the next.

10) Of the 130 page group, only two pages of search results were present: pages 14 and 50. This leaves 128 pages of results missing, and part of the results from the two pages produced cut off.

11) Of the 556 page group, only 36 pages of search results were present: 5, 6, 11, 17, 33, 39, 40, 51, 53, 62, 70, 71, 78, 79, 92, 132, 160, 173, 180, 211, 212, 213, 233, 238, 241, 243, 244, 245, 263, 275, 310, 437, 456, 516, 517, 556. This leaves

    520 pages of results missing, with a large number of results missing from keywords, as well as pages where the keyword itself is from a missing page such that the search results are orphaned from the term used to search for them.

12) In addition to many of the search terms themselves being cut off, or the results for a term being cut off, many of the terms present seemed unrelated to any request served on Defendants. The only work I recognized being search for was "Amigo Verde," which is a work owned by Mr. Larosiere that is not even at issue in this litigation.

13) Without the missing pages, the majority of the pages present are incomprehensible due to the search terms themselves being cut off, as well as the results being cut off.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 9, 2026, in Key West, Florida.

*/s/ Zachary Z. Zermay*

Zachary Z. Zermay, Esq.