UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW LAROSIERE

    Plaintiff, vs.

                  Case No: 6:24-CV-01629-AGM-LHP

CODY RUTLEDGE WILSON, DEFCAD, INC.,
DEFENSE DISTRIBUTED and
DIOSKOUROI LLC,

    Defendants.
_____/

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S TIME-SENSITIVE SHORT-FORM MOTION FOR SANCTIONS UNDER RULE 37(b)(2)

Defendants, **Cody Rutledge Wilson, DEFCAD, Inc.**, and **Defense Distributed** (collectively, "Defendants"), respectfully submit this Memorandum of Law in Opposition to Plaintiff's Time-Sensitive Motion for Sanctions under Rule 37(b)(2) (Doc. 230). Had Plaintiff conferred in good faith, the parties could have resolved whether Defendants' production complied with the Court's Order dated February 13, 2026 (Doc. 213). Instead, the Motion rests on mischaracterizations and speculation.

### I. Financial Documents Were Produced per the Court's Order.

Plaintiff's contention that Defendants failed to produce financial documents is false. On February 27, 2026, Defendants timely produced DEFCAD's financial information via Dropbox link (**Exhibit A**) and stated that no responsive tax returns or

1

balance sheets exist for the period after 2024. A party cannot be compelled to produce documents that do not exist. *Rodriguez v. Powell*, 853 F. App'x 613, 617 (11th Cir. 2021). No financial documents were withheld, as conveyed to Plaintiff's counsel on March 2, 2026 (**Exhibit B**).

## II. Redactions Are Justified.

Redactions protected personal and confidential information only, including Social Security numbers, Employer Identification Numbers, Tax ID numbers, and third-party preparer information. *Santos v. Aids Healthcare Found.*, No. 19-62336-CIV, 2020 U.S. Dist. LEXIS 260040, at *11 (S.D. Fla. July 24, 2020). No financial information was redacted. Defendants offer an in-camera inspection of the unredacted documents. *See United States v. Zolin*, 105 L. Ed. 2d 469 (1989).

## III. Attorney–Client Privilege Objection.

Communications between Garret Walliman and Cody Wilson were made in the course of providing information to counsel for discovery and pleadings preparation, and are therefore privileged (Doc. 225–3). Defendants objected on this basis (Doc. 225) and filed a motion to stay discovery pending resolution. (Doc. 236).

## IV. Mr. Wilson's Affidavit Complies with the Court's Order.

The Court directed Mr. Wilson to submit an affidavit detailing the scope of his document search (Doc. 213, at pp. 10–11). Mr. Wilson complied, describing searches of his cell phone, email, and home computer (Doc. 221). Plaintiff's objections regarding RFP Nos. 58–62, 66, and 69–71 are meritless, as those responses expressly

state, "none in his possession, custody, or control." *See* Doc. 230–1, at pp. 32–35, 37–39. Plaintiff's demand that Defendants specify personal accounts and conduct keyword searches exceeds the Order's requirements.

V.   **Relevancy and Proportionality Objections.**

While the Court's Order overruled certain relevance and proportionality objections (Doc. 230 at ¶5), the March 5, 2026 Order sustained Defendants' objections regarding the applicable time frame and works at issue. Defendants' responses remain subject to those sustained objections, and any requests Plaintiff now raises were not addressed at the February 10, 2026, hearing.

VI.   **Conclusion.**

Defendants request that this Court deny Plaintiff's Motion pursuant to Fed. R. Civ. P. 37(b)(2) in its entirety. Defendants produced the requested financial documents, applied redactions only to personal and non-party information, moved to stay production of privileged documents, and substantially complied with the Court's Order. Plaintiff has failed to demonstrate any sanctionable conduct.

Dated: March 10, 2026      Respectfully submitted,

                          **WILSON ELSER MOSKOWITZ**
                             **EDELMAN& DICKER LLP**

                    By:   *s/ Leia V. Leitner*
                          Leia V. Leitner
                          Florida Bar No: 105621
                          111 North Orange Avenue
                          Suite 1200
                          Orlando, FL 32801
                          Telephone:   407-423-7287

Facsimile: 407-648-1376
Leia.Leitner@wilsonelser.com
Cheryl.Kujawski@wilsonelser.com

Jura C. Zibas
Florida Bar No: 124571
Amaris C. Gyebi, Esq.
Florida Bar No: 1019361
2063 Main Street - Suite 100
Sarasota, FL 34237
Telephone:941-866-8561
Facsimile: 941-210-5979
Jura.Zibas@wilsonelser.com
Amaris.Gyebi@wilsonelser.com
Cheryl.Kujawski@wilsonelser.com

*Defendants, Cody Rutledge Wilson DEFCAD, Inc. and Defense Distributed*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 10th day of March, 2026 a true and correct copy of the foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF E-Filing Portal, which will serve an electronic copy of the foregoing on the following: Zachary Z. Zermay, Esq., Florida Bar No: 1002905; Zermay Law, P.A., *Counsel for Plaintiff*, 1200 Fourth Street, #1102, Key West, Florida 33040; Telephone: 305-767-3529; Zach@Zermaylaw.com and info@Zermaylaw.com; Charles (Chad) Flores, Esq., Flores Law PLLC, *Counsel for Dioskouroi LLC,* 917 Franklin Street, Suite 600, Houston, Texas 77002, Telephone: 713-364-6440, CF@ChadFlores.law; chad-flores-7646@ecf.pacerpro.com and service@chadflores.law

*s/Leia V. Leitner*