# EXHIBIT B

**Leitner, Leia V.**

| | |
|---|---|
| **From:** | Leitner, Leia V. |
| **Sent:** | Monday, March 2, 2026 5:49 PM |
| **To:** | Zachary Zermay |
| **Cc:** | Gyebi, Amaris; Zibas, Jura C.; Chad Flores; Kujawski, Cheryl A.; chad-flores-7646@ecf.pacerpro.com; service@chadflores.law; Geraldine Phillips |
| **Subject:** | RE: LAROSIERE V. WILSON, ADDITIONAL ITEM FOR TUESDAY CONFERENCE |

Dear Mr. Zermay:

I was in a meeting when you called me to discuss these issues. We are happy to discuss these issues at our already scheduled meet-and-confer tomorrow at 2:00 p.m. EST via Google Meet, but we have also addressed the issues below:

First, your statement about the financial documents is false and speculative. Defendants produced documents that contain DEFCAD's financial information on February 27, 2026, via the Dropbox link emailed to you. If you are referring to DEFCAD's tax returns, Defendants have no documents responsive to this request and cannot be compelled to produce documents that do not exist. Defendants' financial documents were provided to you on February 27, 2026. No documents will be supplemented, and none were withheld.

Second, the redactions in these documents include personal and confidential information (e.g., Social Security, EIN/Tax ID, third-party information) that cannot be disclosed for privacy reasons.

Third, as discussed in our meet and confer on February 23, 2026, Defendants filed an objection regarding the disclosure of the documents between Messrs. Walliman and Wilson based on privilege. Thus, we maintain that these documents are privileged because they were made in the course of providing this information to counsel for discovery and/or pleadings. We are unaware of any authority that requires the Defendants to provide this correspondence after asserting an objection to the Court's Order. Please provide case law stating that documents must be produced when an objection is made under the attorney-client privilege.

Finally, the financial documents are properly designated as Highly Confidential – AEO, given the substantial risk that Mr. Larosiere will disclose this information online, based on his prior online activity.

As for continued threats of motion practice, we find the basis of the motion to be meritless given the circumstances discussed above. While we hope to resolve these issues, we acknowledge that Plaintiff tends to file motions, make false accusations, and ask questions later. Thus, defendants do not encourage the use of judicial resources for disputes and motions that should be resolved with the explanation in this communication.

Leia V. Leitner
Attorney At Law
Wilson Elser Moskowitz Edelman & Dicker LLP
111 North Orange Avenue Suite 1200
Orlando, FL 32801
407.423.7287 (Direct)
407.973.2111 (Cell)
407.203.7599 (Main)
407.648.1376 (Fax)
leia.leitner@wilsonelser.com



**From:** Zachary Zermay <zach@zermaylaw.com>
**Sent:** Monday, March 2, 2026 4:36 PM
**To:** Leitner, Leia V. <Leia.Leitner@wilsonelser.com>
**Cc:** Gyebi, Amaris <Amaris.Gyebi@wilsonelser.com>; Zibas, Jura C. <Jura.Zibas@wilsonelser.com>; Chad Flores <cf@chadflores.law>; Kujawski, Cheryl A. <Cheryl.Kujawski@wilsonelser.com>; chad-flores-7646@ecf.pacerpro.com; service@chadflores.law; Geraldine Phillips <info@zermaylaw.com>
**Subject:** Re: LAROSIERE V. WILSON, ADDITIONAL ITEM FOR TUESDAY CONFERENCE

> EXTERNAL EMAIL - This email originated from outside the organization.

Good afternoon Ms. Leitner,

I called you today to discuss several issues with this production. I left a voice mail message on your direct line.

The first issue is that there are no financial records for Defcad. Just Mr. Wilson and Defense Distributed. The production is incomplete as to the corporate defendants. Second, the records that were produced contained inexplicable redactions. Third, documents that were ordered to be produced by the Court were withheld, *e.g.* communications between Mr. Waliman and Mr. Wilson are missing. Fourth, the documents that were produced are improperly designated as Attorneys Eyes Only.

To that end, we intend to meet and confer regarding Plaintiff's motion for the court to impose sanctions under Rule 37(b)(2)(i), (ii), and (vii), and to move the court to issue an order to show cause as to why the financial information, Walliman communications, and why other deficient discovery responses whose objections were overturned, were not timely produced We further intend to move the Court for an order to show cause regarding the redactions in the production, and to move the Court to de-designate the documents as attorneys eyes only. Thanks.

Sincerely,
Zachary Z. Zermay, Esq.

**Zermay Law**
P (305) 767-3529 | W zermaylaw.com | E zach@zermaylaw.com |
A 3000 Coral Way, Suite 1115, Coral Gables, FL 33145



On Mon, Mar 2, 2026 at 3:47 PM Leitner, Leia V. <Leia.Leitner@wilsonelser.com> wrote:

> Dear Counsel:
>
> I received an email from Dropbox today at 3:26 p.m. EST that the plaintiff first attempted to access the Dropbox link for documents served on February 27, 2026. I've shared the Dropbox link, so you should be able to view the documents.

The documents are financial documents designated as "Highly Confidential – AEO," which is why heightened security measures are necessary, including adding password protection, before sending them.  If you need further clarification, we can discuss it tomorrow at 2:00 p.m. EST.


Leia V. Leitner
Attorney At Law
Wilson Elser Moskowitz Edelman & Dicker LLP
111 North Orange Avenue Suite 1200
Orlando, FL 32801
407.423.7287 (Direct)
407.973.2111 (Cell)
407.203.7599 (Main)
407.648.1376 (Fax)
leia.leitner@wilsonelser.com



**From:** Zachary Zermay <zach@zermaylaw.com>
**Sent:** Monday, March 2, 2026 3:38 PM
**To:** Leitner, Leia V. <Leia.Leitner@wilsonelser.com>
**Cc:** Gyebi, Amaris <Amaris.Gyebi@wilsonelser.com>; Zibas, Jura C. <Jura.Zibas@wilsonelser.com>; Chad Flores <cf@chadflores.law>; Kujawski, Cheryl A. <Cheryl.Kujawski@wilsonelser.com>; chad-flores-7646@ecf.pacerpro.com; service@chadflores.law; Geraldine Phillips <info@zermaylaw.com>
**Subject:** Re: LAROSIERE V. WILSON, ADDITIONAL ITEM FOR TUESDAY CONFERENCE


EXTERNAL EMAIL - This email originated from outside the organization.


Counsel,


Your Dropbox link is not working. Below is a screenshot that purports to require Defendants' consent before I access documents that were court ordered.




3

Please advise why this is occurring, or otherwise fix it. Thanks.

Sincerely,

Zachary Z. Zermay, Esq.

[Zermay Law](#)
P [(305) 767-3529](#) | W [zermaylaw.com](#) | E [zach@zermaylaw.com](#) |
A   3000 Coral Way, Suite 1115, Coral Gables, FL 33145



On Mon, Mar 2, 2026 at 2:25 PM Leitner, Leia V. <[Leia.Leitner@wilsonelser.com](mailto:Leia.Leitner@wilsonelser.com)> wrote:

Dear Mr. Zermay:

Your email below is completely false. Defendants' supplemental document production was served on Plaintiff by email on February 27, 2026. The documents were designated as Highly Confidential – AEO and were therefore provided via a Dropbox link with a password. We sent you the password in a separate email on February 27, 2026, for security purposes. If, for any reason, you are unable to access the documents, please let us know. Otherwise, you failed to mention it. We are happy to work with you to ensure you receive the documents. But outright denying the same was served and threatening motion practice is absurd and unprofessional.

With respect to the remainder of your email, the Court's Order specifically addressed amendments to Request for Production Nos. RFPs 4, 5, 8, 28, 29, 39–41, 43–48, and 58–114. *See* Doc. 213 at pp. 9–10, 13. Defendants amended their responses to address amended requests as required by the Court's Order. The Court did not order any amendment to a specific interrogatory response. Plaintiff did not raise the need to amend any interrogatory response. Plaintiff failed to submit the amended responses that Defendants served on December 15, 2025, to the Court for review, and, thus, has waived any issue regarding Plaintiff's discovery disputes regarding these interrogatories. The amended responses have been reviewed for compliance with the parameters set by the February 13, 2026, Order (Doc. 213). Defendant sees no issue with the amended responses, and Plaintiff, though complaining to no end about the responses, has not identified which interrogatories remain at issue or the deficiencies therein.

Additionally, we have reviewed Plaintiff's responses and objections to Defendants' Second Request for Production. We note several deficiencies in Plaintiff's responses to the same, which are outlined in the attached letter. We ask that the Plaintiff be prepared to address these outstanding discovery issues during tomorrow's meet-and-confer on March 3, 2026, at 2:00 p.m. EST via Google Meet.

Regards,

Leia V. Leitner
Attorney At Law
Wilson Elser Moskowitz Edelman & Dicker LLP
111 North Orange Avenue Suite 1200
Orlando, FL 32801
407.423.7287 (Direct)
407.973.2111 (Cell)
407.203.7599 (Main)
407.648.1376 (Fax)
leia.leitner@wilsonelser.com



**From:** Zachary Zermay <zach@zermaylaw.com>
**Sent:** Saturday, February 28, 2026 9:28 PM
**To:** Leitner, Leia V. <Leia.Leitner@wilsonelser.com>; Gyebi, Amaris <Amaris.Gyebi@wilsonelser.com>; Zibas, Jura C. <Jura.Zibas@wilsonelser.com>; Chad Flores <cf@chadflores.law>; Kujawski, Cheryl A. <Cheryl.Kujawski@wilsonelser.com>; chad-flores-7646@ecf.pacerpro.com; service@chadflores.law
**Cc:** Geraldine Phillips <info@zermaylaw.com>
**Subject:** LAROSIERE V. WILSON, ADDITIONAL ITEM FOR TUESDAY CONFERENCE

EXTERNAL EMAIL - This email originated from outside the organization.

Counsel,

We have a conference scheduled for Tuesday at 2:00PM.

Please also be prepared to address why you produced no documents on Friday, February 27, 2026, as was ordered in Doc. 213.

Plaintiff plans to move the court for sanctions under Rule 37(b)(2)(i), (ii), and (vii), and to move the court to issue an order to show cause as to why the Financial information, Walliman communications, and why none of the other deficient discovery responses whose objections were overturned, addressed in the Court's order, were supplemented (for example, the interrogatories which were answered "subject to recollection, which will not allow a complete response").

Sincerely,

Zachary Z. Zermay, Esq.

**Zermay Law**
P (305) 767-3529 | W zermaylaw.com | E zach@zermaylaw.com |
A 3000 Coral Way, Suite 1115, Coral Gables, FL 33145



```
IMPORTANT NOTICE: Beware of Cyber Fraud.
You should NEVER wire money to any bank account that Wilson Elser
Moskowitz Edelman & Dicker LLP provides to you either in the body
of this or any email or in an attachment without first speaking
with the attorney in our office who is handling your transaction.
Further, DO NOT accept emailed wire instructions from anyone else
without voice verification. Even if an email looks like it has come
from this office or someone involved in your transaction,
CALL US FIRST AT A NUMBER YOU KNOW TO BE CORRECT FOR THIS OFFICE
to verify the information before wiring any money.
Failure to do so is at your own risk.
Be particularly wary of any request to change wire instructions
you have already received.

CONFIDENTIALITY NOTICE: This electronic message is intended to be
viewed only by the individual or entity to whom it is addressed.
It may contain information that is privileged, confidential and
exempt from disclosure under applicable law. Any dissemination,
distribution or copying of this communication is strictly prohibited
without our prior permission. If the reader of this message is not
the intended recipient, or the employee or agent responsible for
delivering the message to the intended recipient, or if you have
received this communication in error, please notify us immediately by
return e-mail and delete the original message and any copies of it
from your computer system.

For further information about Wilson, Elser, Moskowitz, Edelman &
Dicker LLP, please see our website at www.wilsonelser.com or refer to
any of our offices.

Thank you.

IMPORTANT NOTICE: Beware of Cyber Fraud.
You should NEVER wire money to any bank account that Wilson Elser
Moskowitz Edelman & Dicker LLP provides to you either in the body
of this or any email or in an attachment without first speaking
with the attorney in our office who is handling your transaction.
Further, DO NOT accept emailed wire instructions from anyone else
without voice verification. Even if an email looks like it has come
from this office or someone involved in your transaction,
```

CALL US FIRST AT A NUMBER YOU KNOW TO BE CORRECT FOR THIS OFFICE
to verify the information before wiring any money.
Failure to do so is at your own risk.
Be particularly wary of any request to change wire instructions
you have already received.

CONFIDENTIALITY NOTICE: This electronic message is intended to be
viewed only by the individual or entity to whom it is addressed.
It may contain information that is privileged, confidential and
exempt from disclosure under applicable law. Any dissemination,
distribution or copying of this communication is strictly prohibited
without our prior permission. If the reader of this message is not
the intended recipient, or the employee or agent responsible for
delivering the message to the intended recipient, or if you have
received this communication in error, please notify us immediately by
return e-mail and delete the original message and any copies of it
from your computer system.

For further information about Wilson, Elser, Moskowitz, Edelman &
Dicker LLP, please see our website at www.wilsonelser.com or refer to
any of our offices.

Thank you.