UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW LAROSIERE

    Plaintiff,

vs.                                         Case No: 6:24-CV-01629-AGM-LHP

CODY RUTLEDGE WILSON, DEFCAD, INC.,
DEFENSE DISTRIBUTED and
DIOSKOUROI LLC,

    Defendants.
_____/

**DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

Defendants, CODY RUTLEDGE WILSON, DEFCAD, Inc., DEFENSE DISTRIBUTED ("Defendants"), move for a protective order pursuant to Fed. R. Civ. P. 26. In support thereof, Defendants state as follows:

Pursuant to Dkt. 213, Defendants produced the financial documents ordered by the Court for Defendants Wilson and Defense Distributed. Defendant DEFCAD, Inc. had no responsive financial documents. As part of this production, Defendants redacted the following sensitive/ third party information:

- The identifying client number maintained by the preparer
- The preparer's information, including his signature pin, ERO's EFIN/PIN, PTIN number, the preparer firm's EIN number, his address, and phone number
- Mr. Wilson's social security number/ shareholder's identifying number
- Defense Distributed's EIN number

1

- The last four digits of credit cards/ loan numbers

The information was redacted to maintain the privacy of the tax preparer, a nonparty to this action, and to address safety concerns arising from Plaintiff's concerning fixation with Mr. Wilson's "residence"[1]. *See e.g.* Dkt. 230-3; *see also Wireless Shop, LLC v. Tracfone Wireless, Inc.*, 2019 U.S. Dist. LEXIS 85785 at *1-2 (S.D. Fla. 2019) (permitting the redaction of individuals/ entities other than the defendant before production).

The information was further redacted for lack of relevance[2] and to maintain the confidentiality of sensitive information, irrelevant to the production. While the parties have a protective order meant to address confidentiality concerns, Mr. Larosiere has taken the lead with the prosecution of this case, *see e.g.* Dkt. 220 at 63:8-14, which has complicated the provision of discovery. Indeed, Plaintiff's counsel immediately sought to de-designate the financial documents produced, to grant Mr. Larosiere access. *See* Dkt. 230-4. Offers to provide identifying information for the preparer subject to an AEO designation have also been rejected, notwithstanding Plaintiff's failure to make a sensible argument for de-designation. *See* Exhibit A. Plainly, the demand stands in the face of well-settled precedent that a party's financial documents are typically afforded strict confidentiality. *Grayson v. No. Labels, Inc.*, 2021 U.S. Dist. LEXIS 272681 at *3-4 (M.D. Fla. Nov. 23, 2021) (collecting cases).

---

[1] The address provided for Mr. Wilson is his legal residence, as shown on his driver's license, and as will be verified by the court reporter at his upcoming deposition.
[2] A former address used by Mr. Wilson was redacted for lack of relevance. Defendants have un-redacted this.

Under Rule 26(c), the Court may issue a protective order limiting the scope of discovery "to protect a party or person from annoyance, embarrassment, oppression or under burden or expense." Fed. R. Civ. P. 26(c). Further under Rule 26(b), a party may only obtain information relevant to the subject matter involved in the pending action. Fed. R. Civ. P. 26(b)(1). The redacted information is irrelevant to the subject matter at issue, and is necessary to guard against the harassment of the nonparty tax preparer. The purpose of the production was to show Defendants' financial status for the time frame at issue, for Plaintiff's purported damages. No monetary information has been redacted in fulfillment of that purpose.

### 3.01(g) Certification

The undersigned hereby certifies that on March 10, 2026 the parties met and conferred and Plaintiff is opposed to the relief sought herein.

Dated: March 10, 2026

Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

By: *s/Amaris C. Gyebi*
    Leia V. Leitner
    Florida Bar No: 105621
    111 North Orange Avenue
    Suite 1200
    Orlando, FL 32801
    Telephone: 407-423-7287
    Facsimile: 407-648-1376
    Leia.Leitner@wilsonelser.com
    Cheryl.Kujawski@wilsonelser.com

    Jura C. Zibas

        Florida Bar No:  124571
        Amaris C. Gyebi, Esq.
        Florida Bar No:  1019361
        2063 Main Street - Suite 100
        Sarasota, FL 34237
        Telephone:941-866-8561
        Facsimile:  941-210-5979
        Jura.Zibas@wilsonelser.com
        Amaris.Gyebi@wilsonelser.com
        Cheryl.Kujawski@wilsonelser.com

        *Co-Counsel for Defendants*
        *Cody Rutledge Wilson*
        *DEFCAD, Inc. and Defense Distributed*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 10th day of March, 2026 a true and correct copy of the foregoing document has been served by email to the following:  Zachary Z. Zermay, Esq., Florida Bar No:  1002905; Zermay Law, P.A., *Counsel for Plaintiff*, 1200 Fourth Street, #1102, Key West, Florida  33040; Telephone:  305-767-3529; Zach@Zermaylaw.com and info@Zermaylaw.com; Charles (Chad) Flores, Esq., Flores Law PLLC, *Counsel for Defendants, Cody Rutledge Wilson, DEFCAD, Inc., Defense Distributed and Dioskouroi LLC,* 917 Franklin Street, Suite 600, Houston, Texas  77002, Telephone:  713-364-6440, CF@ChadFlores.law; chad-flores-7646@ecf.pacerpro.com and service@chadflores.law.

        *s/Amaris C. Gyebi*
        Amaris C. Gyebi