UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW LAROSIERE

    Plaintiff,

vs.                                    Case No: 6:24-CV-01629-AGM-LHP

CODY RUTLEDGE WILSON, DEFCAD, INC.,
DEFENSE DISTRIBUTED and
DIOSKOUROI LLC,

    Defendants.
_____/

### DEFENDANTS' MOTION TO DE-DESIGNATE CERTAIN DOCUMENTS AS "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

Defendants, **Cody Rutledge Wilson, Defense Distributed,** and **DEFCAD, Inc. ("Defendants")**, by and through their attorneys, respectfully move this Court for an order de-designating certain documents produced by Plaintiff, **Matthew Larosiere** ("Plaintiff"), from "Highly Confidential – Attorneys' Eyes Only" ("HC-AEO") to "Confidential" or removing the confidentiality designation entirely.

### I.   INTRODUCTION

Plaintiff has improperly over-designated discovery documents as HC-AEO ("Documents"). The Documents do not contain trade secrets, proprietary business information, or other materials warranting heightened protection under the Stipulated Protective Order ("Protective Order"). (Doc. 114–1). This over-designation prejudices Defendants by preventing their representatives from reviewing documents critical to

1

the claims and defenses at issue.

## II.   FACTUAL BACKGROUND

On June 27, 2025, the Court entered a Stipulated Protective Order (the "Protective Order") governing the treatment of confidential information produced in discovery. (Doc. 114–1). The Protective Order permits the HC-AEO designation only where disclosure to individuals other than outside counsel would create a substantial risk of serious harm that could not be avoided by less restrictive means.

Plaintiff produced the Documents bearing the HC-AEO designation (**Exhibit A**). These documents — which include a work-for-hire agreement and assignment instruments purportedly establishing Plaintiff's ownership of the copyrights-in-suit — are central to proving Plaintiff's standing to assert his copyright infringement claims. For this reason, these Documents do not meet the HC-AEO standard. Defendants have provided notice of their intent to de-designate these documents (**Exhibits B, C**).

## III.   LEGAL STANDARD

The designating party bears the burden of demonstrating that a confidentiality designation is proper. *Knights Armament Co. v. Optical Sys. Tech., Inc.*, 254 F.R.D. 463, 464 (M.D. Fla. 2008). Under the Protective Order, the HC-AEO designation is reserved for materials containing trade secrets or competitively sensitive information for which disclosure beyond outside counsel would cause substantial harm. *See* 114–1. Blanket designations without review are disfavored, and courts routinely grant de-designation where the designating party cannot demonstrate heightened protection.

*See Smart Commc'ns Holding, Inc.*, 2020 U.S. Dist. LEXIS 257451, at *3.

## IV. ARGUMENT AND AUTHORITIES

### A. The Documents Do Not Warrant HC-AEO Designation.

The Documents do not contain trade secrets, proprietary formulas, or competitively sensitive information justifying restriction to outside counsel only. They consist of agreements that do not reveal confidential strategies or proprietary data. Moreover, many of the Documents have already been disclosed to third parties (i.e., John Elik), negating any claim of confidentiality.

### B. The Over-Designation Prejudices Defendants.

The improper HC-AEO designation prevents Defendants' expert witnesses from reviewing documents directly relevant to the claims and defenses in this matter, impairing Defendants' ability to adequately prepare their case.

### C. Plaintiff Has Failed to Justify the Designations.

Despite Defendants' request that Plaintiff articulate the basis for its HC-AEO designations, Plaintiff has provided no document-specific justification. Vague assertions of competitive harm or blanket confidentiality claims are insufficient.

## V. CONCLUSION

For these reasons, Defendants respectfully request that this Court enter an order de-designating the documents identified in Exhibit A from "Highly Confidential – Attorneys' Eyes Only" to "Confidential" or removing the confidentiality designation entirely, and granting relief as the Court deems appropriate.

## LOCAL RULE 3.01(G) CERTIFICATION

Pursuant to Local Rule 3.01(g), on March 10, 2026, at 11:00 a.m. EST via Teams Meeting, the undersigned conferred with Counsel for Plaintiff regarding the relief sought in the instant motion.  However, Counsel for Plaintiff is opposed to the relief sought, and thus, the parties were unable to resolve these issues before filing the instant motion.

Dated:      March 10, 2026            Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN& DICKER LLP**

By:   *s/Leia V. Leitner*
Leia V. Leitner
Florida Bar No:  105621
111 North Orange Avenue
Suite 1200
Orlando,  FL  32801
Telephone:         407-423-7287
Facsimile: 407-648-1376
Leia.Leitner@wilsonelser.com
Cheryl.Kujawski@wilsonelser.com

Jura C. Zibas
Florida Bar No:  124571
Amaris C. Gyebi, Esq.
Florida Bar No:  1019361
2063 Main Street - Suite 100
Sarasota, FL 34237
Telephone: 941-866-8561
Facsimile:  941-210-5979
Jura.Zibas@wilsonelser.com
Amaris.Gyebi@wilsonelser.com
Cheryl.Kujawski@wilsonelser.com

*Defendants, Cody Rutledge Wilson DEFCAD, Inc. and Defense Distributed*

...

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 10th day of March, 2026 a true and correct copy of the foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF E-Filing Portal, which will serve an electronic copy of the foregoing on the following: Zachary Z. Zermay, Esq., Florida Bar No: 1002905; Zermay Law, P.A., *Counsel for Plaintiff*, 1200 Fourth Street, #1102, Key West, Florida 33040; Telephone: 305-767-3529; Zach@Zermaylaw.com and info@Zermaylaw.com; Charles (Chad) Flores, Esq., Flores Law PLLC, *Counsel for Defendants, Cody Rutledge Wilson, DEFCAD, Inc., Defense Distributed and Dioskouroi LLC*, 917 Franklin Street, Suite 600, Houston, Texas 77002, Telephone: 713-364-6440, CF@ChadFlores.law; chad-flores-7646@ecf.pacerpro.com and service@chadflores.law.

*s/ Leia V. Leitner*