UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

*Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc., DEFENSE DISTRIBUTED, and DIOSKOUROI LLC,

*Defendants*.

_____/

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' (Doc. 231) MOTION TO COMPEL

Defendants' motion should be denied for exceeding the word limit delineated in this Court's Standing Order on Discovery Motions, and also because it is meritless.

The Motion asks for two things: supplemental damage calculations, and for Plaintiff to clarify that no insurance agreement exists. As to the latter, as Defendants are already aware, Plaintiff would be happy to supplement. (Ex. A at A7). As to the former, Plaintiff provided damage calculations in November, which explicitly multiplied the statutory damage amount by each severable infringement alleged. (Doc. 231-4 at 7). As to the remainder of damages, all of which depend on "Defendants' profits," (Doc. 231-4 at 8) it is well understood that "a party would not be expected to provide a calculation of damages which…depends on information in the possession of another party[.]" Fed. R. Civ. P 26, NOTES OF ADVISORY COMMITTEE, 1993 Amendment. Defendants are presently refusing to provide materials on gross profit.

1

*See* (Doc. 230). The materials Defendants did produce, heavily redacted and designated as attorneys-eyes-only, do not align with the profits spreadsheet Defendants previously generated rather than providing responsive documents. Defendants also refuse to produce information about view and download counts, email list size, customer impressions, subscriber count, monetization, and the extent of Defendants' coordination, as well as profits attribution – preventing Plaintiff from giving a more detailed computation.

Defendants invoke two conferences that predate the amended 26(f) notice they attached, and the same February 23, 2026 conference invoked in (Doc. 216). Prior to that conference, in a single day, Defendants sent to Plaintiff, on three separate email chains, thirteen pages of "good faith" letters, (Ex. A) demanding everything from "financial records, accounting analyses" (A-4) to "deposit copies" (A-11) which had been provided months before, to a revival of July requests concerning the counterclaims where they sought to convert RFAs into interrogatories (A-15 through 18). Defendants attached one such email to their motion, but excluded Plaintiff's response.

The February 23 conference was a "drive-by" of all the issues Defendants identified in those letters. Plaintiff, nor his counsel, were "amused" by Defendants' conduct. (Doc. 231 at 3), (Ex. B). The most substantive discussion occurring on the February 23 conference was Defendants' counsel's anger at Plaintiff's counsel for criticizing their use of generative AI to draft internally inconsistent "good faith" letters. (Ex. A at A21); (Ex. B). Plaintiff files alongside this response an amended

2

initial disclosure (Ex. C) clarifying that no insurance policy exists, which he would have happily done without motion practice if Defendants had "please just ask[ed] [him]". (Ex A at A21). In any event, any issues caused by the disclosures was unintentional, and given Defendants knew there was no insurance policy, there was no prejudice and any failure was *de minimis*, plus Defendants' failure act in good faith in their requests renders an award of expenses unjustified.

## CONCLUSION

Plaintiff respectfully requests that the Court deny Defendant's Doc. 231 motion.

Respectfully submitted,

DATED: March 10, 2026

/s/ Zachary Z. Zermay
Zachary Z. Zermay, Esq.
Fla. Bar № 1002905
*Zermay Law, P.A.*
3000 Coral Way Ste 1115
Coral Gables, FL 33145
Email: zach@zermaylaw.com
Telephone: (305) 767-3529
*Lead Counsel for Plaintiff Matthew Larosiere*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on this 10th day of March, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Zachary Z. Zermay*

Zachary Z. Zermay, Esq.
Fla. Bar № 1002905
