EXHIBIT A - DEFENDANTS' LETTERS CONCERNING 2/23 CONFERENCE



February 16, 2026

Leia V. Leitner
407.423.7287 (direct)
407.973.2111 (mobile)
leia.leitner@wilsonelser.com

VIA Email: zach@zermaylaw.com
Zachary Z. Zermay
Zermay Law P.A.
1200 Fourth Street, #1102
Key West, FL 33040

Re: *Matthew Larosiere v. Cody Rutledge Wilson, Defcad, Inc., Defense Distributed, and Dioskouroi, LLC;* Case No. 6:24-cv-01629
Good Faith Letter Outlining Deficiencies in Plaintiff's Amended Initial
Disclosures served on November 5, 2025

Dear Mr. Zermay:

We write on behalf of Defendants, Cody R. Wilson, DEFCAD, Inc., and Defense Distributed ("Defendants"), regarding the Amended Initial Disclosures served by Plaintiff Matthew Larosiere on November 5, 2025. Upon review, we have identified several deficiencies that prevent the disclosures from satisfying the requirements of Federal Rule of Civil Procedure 26(a)(1). We request that Plaintiff supplement or amend the disclosures to cure the deficiencies within **14 days (to wit: March 2, 2026)**.

This letter constitutes our good-faith effort to meet and confer before seeking court intervention, as required by Local Rule 3.01(g).

## I. Deficiencies in Witness Disclosures

Federal Rule of Civil Procedure 26 plainly requires parties to provide initial disclosures in all but limited categories of civil actions. Specifically, the Rule requires that parties, without awaiting a discovery request, must provide to all other parties:

(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

Albany, NY | Atlanta, GA | Austin, TX | Baltimore, MD | Birmingham, AL | Boston, MA | Charlotte, NC | Chicago, IL | Dallas, TX | Denver, CO | Detroit, MI | Edwardsville, IL
Long Island, NY | Hartford, CT | Houston, TX | Indianapolis, IN | Jackson, MS | Las Vegas, NV | London, England | Los Angeles, CA | Louisville, KY | Madison, NJ | McLean, VA
Merrillville, IN | Miami, FL | Milwaukee, WI | Nashville, TN | New Orleans, LA | New York, NY | Orange County, CA | Orlando, FL | Philadelphia, PA | Phoenix, AZ | Portland, OR
Raleigh, NC | San Diego, CA | San Francisco, CA | Sarasota, FL | Seattle, WA | Stamford, CT | St. Louis, MO | Tyler, TX | Washington, DC | West Palm Beach, FL | White Plains, NY

330136433v.1



Mr. Zermay
February 16, 2026
Page 2

(ii) a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

(iii) a computation of each category of damages claimed by the disclosing party--who must also make available for inspection [*6]  and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

(iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Fed. R. Civ. P. 26(a)(1)(A). These initial disclosures must be made "at or within 14 days after the parties' Rule 26(f) conference." Fed. R. Civ. P. 26(a)(1)(C).

Plaintiff's witness disclosures fail to comply with Rule 26(a)(1)(A)(i), which requires disclosure of the name and, if known, the address and telephone number of each individual likely to have discoverable information, along with the subjects of that information. Fed. R. Civ. P. 26(a)(1)(A); *see also Stamps v. Encore Receivable Mgmt., Inc.*, 232 F.R.D. 419, 422 (N.D. Ga. 2005) ("The goal of the initial disclosure requirement is to get out basic information about the case at an early point.") (*citing* Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2053). Several witness entries are deficient in the following respects:

**First**, the disclosure for witness Thomas Odom states only that he "is believed to have knowledge of the facts underlying the Complaint" and "handles upload processing for Defendant Defcad." This generic description does not identify with any particularity the specific subjects on which he may provide discoverable information, as required by Rule 26.

**Second**, the disclosure for witness Garret Walliman contains improper and inflammatory characterizations, including the statement that he "is willing to perjure himself to aid Defendant Wilson." Such accusations are inappropriate in initial disclosures and do not constitute a proper description of the subjects of his knowledge. *See* Fed. R. Civ. P. 26(a)(1).

**Third**, several witness entries lack the required contact information. Witnesses Pablo Molina Diaz, Benjamin Denio, Dennis Wilson, and Cheyenne Morgan are each listed with "address unknown." Plaintiff must make a reasonable inquiry to ascertain this information or certify that the information is not known despite such inquiry. *See* Fed. R. Civ. P. 26(a)(1).

**Fourth**, the catch-all categories identifying "[a]ny individual identified by any other party" and "[a]ny witness necessary for impeachment or rebuttal" do not satisfy Rule 26's requirement for specific identification of witnesses. *See* Fed. R. Civ. P. 26(a)(1).

330136433v.1

EXHIBIT A - DEFENDANTS' LETTERS CONCERNING 2/23 CONFERENCE



Mr. Zermay
February 16, 2026
Page 3

When a party fails to provide initial disclosures, any other party may move the Court to order the non-disclosing party to disclose the required information. Fed. R. Civ. P. 37(a)(3)(A). Furthermore, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) . . . the court, on motion and after giving an opportunity to be heard: may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Fed. R. Civ. P. 37(c)(1)(C). Pertinently, Federal Rule of Civil Procedure 37(a)(4) states, "[f]or the purposes of this subdivision (a), an evasive or incomplete designation, answer, or response must be treated as a failure to disclose, answer, or respond."

As such, we ask that Plaintiff amend his responses regarding the above to comply with the witness information pursuant to Rule 26(a)(1)(A)(i) within 14 days.

## II.     Deficiencies in Document Disclosures

Plaintiff's document disclosures similarly fail to comply with Rule 26(a)(1)(A)(ii), which requires a description by category and location of all documents, electronically stored information, and tangible things in the disclosing party's possession, custody, or control that the party may use to support its claims or defenses.

Under Federal Rule of Civil Procedure 26(a)(1)(A)(ii), a party must, without awaiting a discovery request, provide to the opposing party a copy of all documents that the disclosing party has in its possession and may use to support its claims or defenses. *See Capers v. Noahs Ark Repair Serv.*, No. 6:11-cv-457-Orl-28TBS, 2012 U.S. Dist. LEXIS 152638, at *5 (M.D. Fla. Oct. 24, 2012). To date, Plaintiff has failed to produce the documents in his initial disclosures or to provide the locations of production for the following:

1.  Original source material regarding copyrighted works, care of counsel for Plaintiff.
2.  Copies of Defendants' infringements, including the USB drive purchased from Defendants, and files downloaded from Defendants' website.
3.  Archives of Defendants' internet postings.
4.  Recordings of videos and interviews Defendant Wilson has appeared in, care of Counsel for Defendants.
5.  All Documents relating to Defendants' commingling of assets, including cryptocurrency transactions, care of Counsel for Defendants.
6.  All Documents relating to Defendants' finances, including cryptocurrencies, care of Counsel for Defendants.
7.  All Documents relating to Defendants' sales and advertisement of the works described in the Complaint, care of Counsel for Defendants.
8.  All Documents disclosed by any other party.

Several document categories improperly reference documents in "Counsel for Defendants'" possession, including "[a]ll Documents relating to Defendants' commingling of assets," "[a]ll Documents relating to Defendants' finances," and "[a]ll Documents relating to Defendants' sales and advertisement of the works."



Mr. Zermay
February 16, 2026
Page 4

Initial disclosures are required to identify documents in the disclosing party's own possession, custody, or control—not documents held by the opposing party.  Fed. R. Civ. P. 26(a)(1)(A)(ii).  Thus, Defendants request that the Plaintiff provide amended Rule 26 disclosures within 14 days, either by producing the documents and relevant discovery materials or by providing specific locations for the documents or electronic production.

Additionally, the disclosure references "contracts and intellectual property assignment agreements" in the "care of Counsel for Plaintiffs," but provides no description of which contracts or assignments are at issue. Please provide a detailed list of each contract and assignment agreement, including the parties, subject matter, and execution dates.  If no such documents exist, Plaintiff should amend its initial disclosures accordingly.

### III.    Deficiencies in Damage Computation

Plaintiff's damage computation fails to comply with Rule 26(a)(1)(A)(iii), which requires a computation of each category of damages claimed along with documents or other evidentiary material on which each computation is based.

**First**, Plaintiff claims statutory damages of up to $84,150,000 based on "approximately five hundred sixty-one registered photographic, literary, and three-dimensional visual works identified in the First Amended Complaint." However, Plaintiff has not produced evidence establishing the registration status and timing of each of these works.

**Second**, Plaintiff claims alternative actual damages and profits "exceed[ing] one million dollars," based on membership subscriptions and sales revenues. The disclosure does not provide any evidentiary support for this computation, such as financial records, accounting analyses, or expert calculations. Plaintiff must identify the documents on which this computation is based.

**Third**, Plaintiff estimates Lanham Act and Florida Statutes § 540.08 damages "between one hundred fifty thousand and two million dollars." This range is too vague to satisfy Rule 26's requirement for a "computation" of damages, and no supporting documentation has been identified.

### IV.    Deficiencies in Insurance Agreement Disclosure

Plaintiff's disclosure states that "[a]ll insurance agreements required to be disclosed are attached." However, the disclosure does not identify or describe any specific insurance agreements, and we have not received any attachments pertaining to insurance. Please confirm whether any insurance agreements exist that may be responsive to Rule 26(a)(1)(A)(iv) and, if so, provide copies of such agreements forthwith.

330136433v.1

EXHIBIT A - DEFENDANTS' LETTERS CONCERNING 2/23 CONFERENCE



Mr. Zermay
February 16, 2026
Page 5

### V.    Request for Supplementation

We request that Plaintiff supplement the Amended Initial Disclosures within fourteen (14) days to cure the deficiencies described above. Specifically, we request the following:

Plaintiff should provide complete contact information for all identified witnesses, or certify that such information is unknown despite reasonable inquiry. Plaintiff should remove improper characterizations from the witness descriptions and provide specific descriptions of the subjects of each witness's knowledge. Plaintiff should remove references to documents purportedly in Defendants' possession and instead disclose only documents in Plaintiff's own possession, custody, or control. Plaintiff should provide a complete list of the copyright registrations supporting the statutory damages claim, including registration numbers and dates. Plaintiff should identify and produce the documents and evidentiary material supporting the computation of actual damages and profits. Plaintiff should provide a specific computation of Lanham Act and Florida Statutes § 540.08 damages, rather than an estimated range. Finally, Plaintiff should clarify the status of any insurance agreements and produce copies of all responsive policies.

We are available to meet and confer, by telephone or in person, at your convenience, to discuss these issues. Please contact us within three (3) business days of the date of this letter to schedule a conference. If we are unable to resolve these issues informally, Defendants reserve the right to file a motion to compel supplementation of Plaintiff's initial disclosures.

Thus, we look forward to discussing these issues with Plaintiff to narrow or resolve them and to confirm whether Plaintiff will supplement and produce as requested.

Best regards,

Wilson Elser Moskowitz Edelman & Dicker LLP

*/s/ Leia V. Leitner*

Leia V. Leitner, Esq.
MD: lvl

cc:    Chad Flores, Esq. via email: cf@chadflores.law

330136433v.1

EXHIBIT A - DEFENDANTS' LETTERS CONCERNING 2/23 CONFERENCE

**ZERMAY'S RESPONSE TO THE ABOVE LETTER**

From: **Zachary Zermay** <zach@zermaylaw.com>
Date: Fri, Feb 20, 2026 at 11:20 PM
Subject: Re: Matthew Larosiere v Cody Wilson et al (26387-00008): Good Faith letter as to Plaintiff's Amended Initial
Disclosures served on November 5, 2025
To: Leitner, Leia V. <Leia.Leitner@wilsonelser.com>
Cc: Geraldine Phillips <info@zermaylaw.com>, Zibas, Jura C. <Jura.Zibas@wilsonelser.com>, Gyebi, Amaris
<Amaris.Gyebi@wilsonelser.com>, Chad Flores <cf@chadflores.law>

Dear counsel,

In a single day, you sent three separate email chains, each of which containing letters averaging 5
pages in length. I believe you have structured this because you intend to attach each email chain
to a motion. Such is your right, however, if you choose to do so, I respectfully ask you not exclude
my responses, as you have in the past.

Today, just 3 days after your letter, you sent a message indicating your intent to file a motion to
compel the next business day, despite your letter asking for us to amend responses within 14 days.

Before I begin, I want to let you know that I am concerned that this letter was not proofread, and I
feel my responses below will show why.

**As for your first point heading, "Deficiencies in Witness Disclosures"**

The letter in this chain, which contains some 1,200 words, leads with the suggestion that the initial
disclosures we served upon you in November of 2025 are deficient because we did not include the
addresses and contact information for Mr. Wilson's employees.

Interestingly, your letter chides us for hour honestly listing Mr. Wilson's employees and associates
contact information as unknown, suggesting "Plaintiff must make a reasonable inquiry to ascertain
this information or certify that the information is not known despite such inquiry. See Fed. R. Civ. P.
26(a)(1)."

EXHIBIT A - DEFENDANTS' LETTERS CONCERNING 2/23 CONFERENCE

This is deeply confusing. As you know, we have been struggling to serve subpoenas on Mr. Wilson's employees because you have refused to give us their contact information, despite multiple discovery requests and a motion to compel which was successful on this point. The responses to interrogatories asking for the contact information of the very same individuals you complain we did not provide for want of knowledge were identified only their names in your discovery responses and, where addresses were explicitly asked, your responses were "subject to recollection, which will not allow a complete answer," and provided addresses and contact information we determined to be incorrect after attempting to serve them with subpoenas, as we discussed in an email months ago predating our motion to compel.

In short, we would gladly supplement, and we certainly have attempted to ascertain this information. Not only by requesting it from you in discovery in this case, but also from counsel in the RICO action your client filed in the Southern District of Florida. In both cases, your client has refused to provide the information.

We are also confused by your other points. Reciprocal disclosures are common. This puts you on notice that we intend to obtain evidence from your witnesses as well. I believe you know this, because your initial disclosures also reciprocally identify any witness we intend to rely on.

Your point complaining that we believe Odom handles upload processing for Defcad is also confusing. I am not sure what you feel is missing.

**As for your second point heading, "Deficiencies in Document Disclosures"**

Reviewing your letter, it appears you are, once again, demanding we provide to you *your own* documents you have thus far refused to produce in discovery.

The only point here we can make any sense of at all is (II)(1), but we have provided these materials. If you are suggesting something is missing, or perhaps you simply cannot find something that was given to your predecessor counsel, please say so. We will be happy to accommodate. But the blanket assertion that we have not provided such is simply false and not well taken.

**As for your third point heading, "Deficiencies in Damage Computation"**

As I understand it, the thrust of your argument is that we have not been specific enough in our damage calculations.

As for the statutory damages calculation, your suggestion that "Plaintiff has not produced evidence establishing the registration status and timing of each of these works" is shocking. All of Plaintiff's registration certificates were provided to you, which on their face identify exactly what you suggest is missing.

As for the remaining points in this subheading, once again, it appears you are threatening to compel us to provide the documents you have refused to produce in discovery. For example, this week, in response to our requests for the number of downloads for each work on your client's website, you declined to produce, paradoxically indicating that downloads of the works at issue in the complaint are not relevant to the claims or defenses in this action.

**As for your point concerning insurance**

No such policy exists.

**As for your request for supplementation**,

If it were not clear enough, we would be happy to supplement the disclosures once we have the information that is missing. Or, if you can tell me what you think is missing (aside from the information discussed above which were the subject of the previous motion to compel), I will happily provide it to you. There is no need for a 5-page letter. Please just tell me what you need.

EXHIBIT A - DEFENDANTS' LETTERS CONCERNING 2/23 CONFERENCE

Sincerely,
Zachary Z. Zermay, Esq.

**Zermay Law**
P (305) 767-3529 | W zermaylaw.com | E zach@zermaylaw.com|
A 3000 Coral Way, Suite 1115, Coral Gables, FL 33145



On Thu, Feb 19, 2026 at 10:49 PM Leitner, Leia V. <Leia.Leitner@wilsonelser.com> wrote:

Thanks.  Will do.

Leia V. Leitner
Attorney At Law
Wilson Elser Moskowitz Edelman & Dicker LLP
111 North Orange Avenue Suite 1200
Orlando, FL 32801
407.423.7287 (Direct)
407.973.2111 (Cell)
407.203.7599 (Main)
407.648.1376 (Fax)
leia.leitner@wilsonelser.com

**From:** Zachary Zermay <zach@zermaylaw.com>
**Sent:** Thursday, February 19, 2026 10:48 PM
**To:** Leitner, Leia V. <Leia.Leitner@wilsonelser.com>
**Cc:** Geraldine Phillips <info@zermaylaw.com>; Zibas, Jura C. <Jura.Zibas@wilsonelser.com>; Gyebi, Amaris <Amaris.Gyebi@wilsonelser.com>; Chad Flores <cf@chadflores.law>
**Subject:** Re: Matthew Larosiere v Cody Wilson et al (26387-00008): Good Faith letter as to Plaintiff's Amended Initial Disclosures served on November 5, 2025

EXTERNAL EMAIL - This email originated from outside the organization.

Good evening,

Let's pencil in 11:30 AM on February 23, 2026. Thanks.

Sincerely,

EXHIBIT A - DEFENDANTS' LETTERS CONCERNING 2/23 CONFERENCE



February 16, 2026

Leia V. Leitner
407.423.7287 (direct)
407.973.2111 (mobile)
leia.leitner@wilsonelser.com

VIA Email: zach@zermaylaw.com
Zachary Z. Zermay
Zermay Law P.A.
1200 Fourth Street, #1102
Key West, FL 33040

> Re:    *Matthew Larosiere v. Cody Rutledge Wilson, Defcad, Inc., Defense Distributed, et al.*; <u>Case No. 6:24-cv-01629; Second Good Faith Letter Regarding Plaintiff's Responses and Objections to Discovery Demands served on October 15, 2025</u>

Dear Mr. Zermay:

We write again to address the deficiencies in Plaintiff Matthew Larosiere's ("Plaintiff") responses and objections to Defendant Cody Wilson's ("Defendant") First Set of Requests for Production served on October 15, 2025 ("Discovery Demands"), following Plaintiff's document production served on or around December 26, 2025 (the "December 26, 2025 document production"). Despite Defendants' efforts to work with Plaintiff to resolve the outstanding issues, a review of the December 26, 2025, document production reveals that Plaintiff's response remains noncompliant with the Federal Rules of Civil Procedure, the Local Rules, and the Middle District Discovery Handbook. Pursuant to M.D. Fla. Local Rule 3.01(g), Defendant, in good faith, requests to meet and confer with Plaintiff concerning the discovery deficiency issues in an attempt to narrow or resolve the issues, as noted below.

## I.    Plaintiffs' Responses to Wilson's Request for Production Nos. 1–35.

### A.    Privilege Log

Plaintiff asserted the attorney-client and/or work-product privilege in response to Request for Production Nos. 1–4, 8–20, and 28; however, to date, Plaintiff has not served a privilege log.  For example, in response to **Request for Production No. 9**, which sought documents and communications with third parties discussing the copyrights and/or copyright disputes concerning the Works, Plaintiff objected that the Request "calls for materials protected by attorney–client privilege or attorney work product." Plaintiff stated that he would not produce "communications about copyright disputes or this litigation, including

Albany, NY | Atlanta, GA | Austin, TX | Baltimore, MD | Birmingham, AL | Boston, MA | Charlotte, NC | Chicago, IL | Dallas, TX | Denver, CO | Detroit, MI | Edwardsville, IL
Long Island, NY | Hartford, CT | Houston, TX | Indianapolis, IN | Jackson, MS | Las Vegas, NV | London, England | Los Angeles, CA | Louisville, KY | Madison, NJ | McLean, VA
Merrillville, IN | Miami, FL | Milwaukee, WI | Nashville, TN | New Orleans, LA | New York, NY | Orange County, CA | Orlando, FL | Philadelphia, PA | Phoenix, AZ | Portland, OR
Raleigh, NC | San Diego, CA | San Francisco, CA | Sarasota, FL | Seattle, WA | Stamford, CT | St. Louis, MO | Tyler, TX | Washington, DC | West Palm Beach, FL | White Plains, NY

330131499v.1



Mr. Zermay<br>February 16, 2026<br>Page 2

discussions with counsel, potential witnesses, or individuals assisting Plaintiff in the litigation."

Where privilege is claimed, Plaintiff must serve a Rule 26(b)(5)(A) log with sufficient detail to assess the claim pursuant to the Court's Standing Order on privilege log. *See Bridgewater v. Carnival Corp.*, 286 F.R.D. 636, 638 (S.D. Fla. 2011) (recognizing that a party seeking a privilege has the burden of establishing all of its essential elements). However, Plaintiff has failed to provide a privilege log identifying the documents withheld on privilege grounds, as required by Federal Rule of Civil Procedure 26(b)(5)(A). A party asserting privilege must describe the nature of the documents withheld in a manner that, without revealing information itself privileged, will enable other parties to assess the claim. Plaintiff has not done so.

The Court should compel Plaintiff to produce a privilege log identifying all documents withheld on the basis of privilege, including the date of each document, the author and recipients, the general subject matter, and the privilege asserted. Thus, in good faith, we request that Plaintiff provide a privilege log for any documents withheld in response to Defendant's **Request for Production Nos. 1–4, 8–20, and 28**; or, alternatively, confirm that no documents have been withheld on the basis of privilege in response to **Request for Production Nos. 1–4, 8–20, and 28**.

> **B.    Plaintiff's Responses to Defendant Cody Wilson's Request for Production Nos. 1-35 Are Evasive and Non-Responsive.**

In Plaintiff's responses and objections to Plaintiff's Request for Production Nos. 1-35, Plaintiff repeatedly directs Defendant to documents allegedly already in Defendant's possession rather than producing the documents requested. For starters, Plaintiff has indicated that he will produce documents in response to **Request for Production Nos. 3, 16, and 27**. To date, Plaintiff has failed and refused to provide documents responsive to these requests and must do so within 14 days.

Second, Plaintiff's responses and objections to Request for Production Nos. 2–6 are evasive and unresponsive. **Request for Production No. 2** sought documents evidencing Plaintiff's ownership of the copyright of the Works, including registration certificates, correspondence with the U.S. Copyright Office, applications for registration, and deposit copies. Rather than produce these documents, Plaintiff objected that the Request was "overbroad, cumulative, and disproportionate" and stated that "Defendants already have, or can readily obtain, all non-privileged documents evidencing Plaintiff's ownership of the Works." This response is inadequate. Plaintiff's own registration files, drafts of applications, and correspondence with the Copyright Office are not necessarily publicly available and are directly relevant to Plaintiff's claims of ownership. *See Builders Flooring Connection, LLC v. Brown Chambless Architects*, No. 2:11CV373-MHT, 2014 WL 1765102, at *1 (M.D. Ala. May 1, 2014) (*quoting* GAP Report of Advisory Committee to 2000 amendments to Rule 26)(discovery must be relevant to a claim or defenses). Here, Request No. 2 seeks documents to support the plaintiff's ownership interest in the copyrights-in-suit to support the plaintiff's



Mr. Zermay
February 16, 2026
Page 3

copyright infringement claims against Defendants.  Thus, we ask that Plaintiff produce these
materials or supplement his responses to confirm that these documents do not exist.

**Request for Production No. 3** sought the mandatory deposit copies provided to the
U.S. Copyright Office for the registration of the Works. Plaintiff again objected that
Defendants "already possess, or can readily obtain themselves, the mandatory deposit copies
from the United States Copyright Office." Plaintiff further objected that several registration
numbers "are not Works at issue in this lawsuit." Plaintiff's objection that certain works are
not at issue is a relevance objection that should have been raised with specificity.  Fed. R. Civ.
P. 34(2)(B),(C).  "The key requirement in both Rules 33 and 34 is that objections require
'specificity.'" *Liguria Foods, Inc. v. Griffith Laboratories, Inc.*, No. C 14-3041-MWB, 2017 U.S.
Dist. LEXIS 35370, at *32 (N.D. Iowa Mar. 13, 2017). More importantly, Plaintiff cannot
avoid production by directing Defendant to obtain materials from other sources. If Plaintiff
possesses the deposit copies, Plaintiff must produce them.  Thus, we ask that Plaintiff produce
these materials or supplement his responses to confirm that these documents do not exist.

**Request for Production Nos. 4, 5, and 6** sought electronically stored information, raw
images, and other digital formats of the Works, including metadata. Plaintiff objected that
these Requests were "vague, ambiguous, and unintelligible" and that Defendants "already
possess the deposit materials."   The metadata and source files for Plaintiff's allegedly
copyrighted works are directly relevant to issues of authorship, ownership, and the timing of
creation. *See Builders Flooring Connection, LLC,* 2014 WL 1765102, at *1 (discovery must be
relevant to a claim or defenses).  The requested information is relevant to Plaintiff's copyright
infringement claims.   Plaintiff cannot avoid production by claiming vagueness when the
Requests clearly seek the digital files and associated metadata for the copyrights-in-suit. The
Court should compel Plaintiff to produce the native digital files and metadata for each Work.
*Id.* Thus, we ask that Plaintiff produce these materials or supplement his responses to confirm
that these documents do not exist.

### C.     Plaintiff Must Produce Documents Concerning Damages

**Request for Production No. 28** sought documents evidencing Plaintiff's computation
of damages. Plaintiff objected that the Request seeks documents "solely within Defendants'
possession" and referred Defendant to "Plaintiff's damages narrative previously provided in
response to Defendants' Interrogatories." Plaintiff bears the burden of proving his damages.
If Plaintiff seeks statutory damages, Plaintiff must produce documents supporting his claim
of willfulness. Plaintiff cannot simply direct Defendant to interrogatory responses; Plaintiff
must produce the underlying documents.

### II.     Proposed Resolution Within 14 Days:

That said, Defendants, in good faith, would like to resolve the issues above to avoid
motion practice, and we request the following within 14 days:

- Serve a compliant privilege log under Rule 26(b)(5)(A) regarding the documents
  Plaintiff considers are privileged that are responsive to the Requests.

330131499v.1

EXHIBIT A - DEFENDANTS' LETTERS CONCERNING 2/23 CONFERENCE



Mr. Zermay
February 16, 2026
Page 4

- Produce all responsive, non-privileged documents within Plaintiff's possession, custody, or control for the RFPs identified above, including, deposit copies, infringing files and versions, notices and communications, and documents supporting alter-ego/commingling allegations, in a reasonable format with associated metadata on or before **March 2, 2026**; alternatively, indicate whether the documents have been withheld based on privilege.

    If Plaintiff does not cure these deficiencies within 14 days, Defendants will move to compel under Rules 37(a)(3)(B)(iii)–(iv) and seek appropriate relief, including fees. We are available to meet and confer on any specific item, but refusing to produce materials because they are "already in Defendants' possession," and refusing to answer interrogatories because they seek "all facts," must be abandoned.

    Thus, we look forward to discussing these issues with Plaintiff and ask that you provide your availability this week to meet and confer on the issues discussed above.

Best regards,

Wilson Elser Moskowitz Edelman & Dicker LLP

*/s/ Leia V. Leitner*

Leia V. Leitner, Esq.
MD: lvl

cc:    Chad Flores, Esq. via email: cf@chadflores.law

330131499v.1

EXHIBIT A - DEFENDANTS' LETTERS CONCERNING 2/23 CONFERENCE

**ZERMAY'S RESPONSE TO THE ABOVE LETTER**

From: **Zachary Zermay** <zach@zermaylaw.com>
Date: Fri, Feb 20, 2026 at 11:41 PM
Subject: Re: Matthew Larosiere v Cody Wilson et al (26387-00008): Good Faith letter as to Plaintiff's responses and objections to Wilson's Request for Production and Interrogatories served on October 15, 2025
To: Leitner, Leia V. <Leia.Leitner@wilsonelser.com>
Cc: Geraldine Phillips <info@zermaylaw.com>, Zibas, Jura C. <Jura.Zibas@wilsonelser.com>, Gyebi, Amaris <Amaris.Gyebi@wilsonelser.com>, Chad Flores <cf@chadflores.law>

Dear counsel,

In a single day, you sent three separate email chains, each of which contained letters averaging 5 pages in length. I believe you have structured this because you intend to attach each email chain to a motion. Such is your right, however, if you choose to do so, I respectfully ask you not exclude my responses, as you have in the past.

In this letter, you asked for my availability to confer next week about this subject, which I agreed to do. Today, just 3 days after your letter, you sent a message indicating your intent to file a motion to compel the next business day, despite your letter asking for us to take action on your letter within 14 days.

Before I begin, I want to let you know that I am concerned that this letter was not proofread, and I feel my responses below will show why.

**As to your point IA, Privilege Log**

First of all, you assert that "Plaintiff asserted the attorney-client and/or work-product privilege in response to Request for Production Nos. 1–4, 8–20, and 28[.]" I have reviewed our responses to these requests and this is simply not true. It appears you are treating every instance of Plaintiff

EXHIBIT A - DEFENDANTS' LETTERS CONCERNING 2/23 CONFERENCE

agreeing to produce "all non-privileged information in his possession, custody, and control" as an invocation of privilege, which it simply is not.

Privilege is not mentioned in the vast majority of responses you indicate it was asserted in, and where it was, it was asserted only that the request, as drafted, where our principal objection was the overbreadth, could be read as asking for such materials. We must make the objection, or it could be waived if such privileged information later came to exist given our duty to supplement. What our responses here did was narrow the question to something more reasonable, and respond subject to objection.

The rules require us to identify whether information is being withheld. We were not withholding any materials under any request for production unless explicitly stated. Again, because the broad reading we objected to, such as in RFP 9, which sought "Documents, including any agreements and/or communications with third parties" was so preposterously overbroad it could be read to be requesting all communications with counsel. This was made very clear in the response.

### As to your point IB, "Evasive and Non-Responsive" Responses to Requests

I, again, am very concerned that you did not read either our discovery responses or this letter. Your letter suggests that we did not produce anything in response to Requests for production 2, 3, 16, and 27. We provided responses to 2, responses to 3 were duplicative of 2 as was explicitly indicated, our response to 16 indicated "Because no expert has been designated at this time, no responsive documents currently exist," and yet you still threaten to compel us, and we provided materials in response to 27.

There is no excuse for these misrepresentations, as we painstakingly sorted our responses to your requests, placing each of the responsive materials in a folder pertaining to the request number, and where responses were duplicative, explicitly indicated such in both the written response and in the production folders.

I also notice that on the top of page 3, you indicate we did not produce deposit copies. In the very next paragraph, you appear to acknowledge that we did. I struggle to reconcile this.

I want to work with you cooperatively. As you know, my firm does not use generative programs, such as Harvey, to do discovery exchanges. Each time you generate one of these letters, I spend a great deal of time trying to make sense of it. I am really trying, but as you can see above, it simply does not comport with reality. Please, if you need something or if something is missing, simply tell me. These massive, internally inconsistent documents you keep generating are not helping us to resolve anything.

Sincerely,
Zachary Z. Zermay, Esq.

**Zermay Law**
P (305) 767-3529 | W zermaylaw.com | E zach@zermaylaw.com|
A 3000 Coral Way, Suite 1115, Coral Gables, FL 33145



On Thu, Feb 19, 2026 at 10:53 PM Zachary Zermay <zach@zermaylaw.com> wrote:
Good evening,

EXHIBIT A - DEFENDANTS' LETTERS CONCERNING 2/23 CONFERENCE



February 16, 2026

**Leia V. Leitner**
407.423.7287 (direct)
407.973.2111 (mobile)
leia.leitner@wilsonelser.com

VIA Email: zach@zermaylaw.com
Zachary Z. Zermay
Zermay Law P.A.
1200 Fourth Street, #1102
Key West, FL 33040

Re:     *Matthew Larosiere v. Cody Rutledge Wilson, Defcad, Inc., Defense <u>Distributed, and</u>
        <u>Dioskouroi, LLC</u>;* Case No. 6:24-cv-01629
        <u>Good Faith Letter Outlining Deficiencies in Plaintiff's Responses and</u>
        <u>Objections to Defendants' Discovery Demands served on July 4, 2025</u>

Dear Mr. Zermay:

Pursuant to Fed. R. Civ. P. 37(d), and Local Rule 3.01(g), we write to meet and confer regarding deficiencies in Plaintiff Matthew Larosiere's Responses to Defense Distributed's First Set of Interrogatories, Requests for Production, and Requests for Admission, served on August 4, 2025. We ask, in good faith, that Plaintiff resolve these issues by providing Plaintiff's supplemental responses **within fourteen (14) days**. If these deficiencies are not cured, we will move to compel and seek sanctions under Rule 37.

## I.     Improper Boilerplate Objections

Plaintiff's discovery responses are permeated by improper boilerplate objections, evasive answers, and unsubstantiated denials that fail to comply with the requirements of the Federal Rules of Civil Procedure. Where an objection is made...to any production request under Federal Rule of Civil Procedure 34, the objection shall state with specificity all grounds..." "" *Martin v. Zale Delaware, Inc.*, No. 8:08-CV-47-T-27EAJ, 2008 U.S. Dist. LEXIS 105215, 2008 WL 5255555, at *1 (M.D. Fla. Dec. 15, 2008). Indeed, an objecting party "must explain its reasoning in a specific and particularized way" and "an objection that a discovery request is irrelevant. . . must include a specific explanation describing why." *Id.* at *1-2.

While a party may assert good faith objections, the responses here consistently fail to provide the substantive information sought after reciting objections, improperly assert objections that are inapplicable or conclusory, and fail to comply with the specificity requirements of Rules 33, 34, and 36. We address the most significant deficiencies below,

2063 Main Street, Suite 100 | Sarasota, FL 34237 | p 941.210.5980 | f 941.210.5979 | wilsonelser.com

Albany, NY | Atlanta, GA | Austin, TX | Baltimore, MD | Birmingham, AL | Boston, MA | Charlotte, NC | Chicago, IL | Dallas, TX | Denver, CO | Detroit, MI | Edwardsville, IL
Long Island, NY | Hartford, CT | Houston, TX | Indianapolis, IN | Jackson, MS | Las Vegas, NV | London, England | Los Angeles, CA | Louisville, KY | Madison, NJ | McLean, VA
Merrillville, IN | Miami, FL | Milwaukee, WI | Nashville, TN | New Orleans, LA | New York, NY | Orange County, CA | Orlando, FL | Philadelphia, PA | Phoenix, AZ | Portland, OR
Raleigh, NC | San Diego, CA | San Francisco, CA | Sarasota, FL | Seattle, WA | Stamford, CT | St. Louis, MO | Tyler, TX | Washington, DC | West Palm Beach, FL | White Plains, NY

330244163v.1

EXHIBIT A - DEFENDANTS' LETTERS CONCERNING 2/23 CONFERENCE



Mr. Zermay<br>February 16, 2026<br>Page 2

though this letter does not constitute a waiver of our right to challenge any other inadequate response.

## II.    Deficiencies in Plaintiff's Answers to Interrogatory Nos. 2, 4-5, and 9.

We note that Plaintiff's responses and objections to Interrogatory Nos. 2, 4-5, and 9 appear to be unresponsive and incomplete, which we have addressed in more detail below. Given that the purpose of interrogatories is to narrow and define issues for trial and to enable the propounding party to determine the proof required to rebut the respondent's position, *see e.g.*, *In re Reliance Fin. & Inv. Grp.*, No. 05-80625-CIV-RYSKAMP/VITUNAC, 2006 U.S. Dist. LEXIS 113863, at *9 (S.D. Fla. Feb. 14, 2006), we ask you to provide the information requested below "<u>fully</u> in writing under oath…and answer to the extent the interrogatory is not objectionable." Fed. R. Civ. P. 33(B)(1) (emphasis added).

**Interrogatory No. 2 (The Gatalog Policies and Procedures):** Mr. Larosiere objects on grounds of vagueness and then asserts that "The Gatalog" does not exist, making him "unable to respond." This response is evasive. If Mr. Larosiere contends that no formal entity exists, he must still respond based on his knowledge of any informal group, online community, or association of individuals operating under or in connection with "The Gatalog" name or brand. The existence of websites, Odysee channels, and chat services bearing "The Gatalog" name is undisputed. Mr. Larosiere must provide substantive information about the policies, procedures, or practices, formal or informal, governing these operations to the extent of his knowledge.

**Interrogatory No. 4 (Odysee Channel Approval Process):** The response denies knowledge of any "formal approval process" for uploads to Gatalog-branded Odysee channels. This answer is non-responsive. The interrogatory seeks information about any approval process, formal or otherwise. Mr. Larosiere must supplement his response to describe any practices, customs, or processes, however informal, by which content was selected, reviewed, or approved for upload to channels associated with The Gatalog.

**Interrogatory No. 5 (Odysee Channel Payments):** Mr. Larosiere claims to lack knowledge of any person responsible for receiving or making payments related to 3D-printable firearm files on Gatalog-branded Ody see channels. Given Mr. Larosiere's acknowledged association with individuals involved in these channels and his role at MAF Corp., this denial strains credulity. A supplemental response is required, including any knowledge of cryptocurrency wallets, payment processors, or individuals who handled financial transactions related to these channels.

**Interrogatory No. 9 (Websites with Administrative Privileges):** Mr. Larosiere claims he is "without knowledge sufficient to identify any website" on which 3D-printable firearm files are discussed or shared and for which he maintains administrative privileges. Yet in the very next response (Interrogatory No. 10), Mr. Larosiere admits he "recalls being told he had administrative privileges" on chat.deterrencedispensed.com. These responses are inconsistent and evasive. Mr. Larosiere must supplement his response to Interrogatory No. 9 to identify all websites or platforms where he has or had administrative privileges.

330244163v.1



### III.    Deficiencies in Responses to Requests for Production Nos. 1, 1(f) and 9.

Additionally, several of Plaintiff's responses and objections to Request for Production Nos. 1, 1(f) and 9 are either evasive or incomplete. Fed. R. Civ. P. 37(a)(4) ("For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.").

**Request for Production No. 1 (Communications):** After extensive objections, Mr. Larosiere provides categorical denials that he has "responsive communications" on numerous topics, including communications concerning DEFCAD, Defense Distributed, Cody Wilson, The Gatalog, and its Odysee presence. These blanket denials are implausible given the scope of this litigation and Mr. Larosiere's acknowledged relationships with other counter defendants. Mr. Larosiere must conduct a reasonable search and supplement his response to produce all responsive, non-privileged communications or provide a detailed explanation of the search conducted and why no responsive documents were located.

**Request for Production No. 1(f) (Privilege Claims):** Mr. Larosiere asserts that responsive communications "are protected by the attorney-client privilege and/or attorney work product doctrine" but fails to produce a privilege log identifying the withheld documents with particularity. Under Federal Rule of Civil Procedure 26(b)(5)(A), when a party withholds information on the basis of privilege, the party must expressly make the claim and describe the nature of the documents, communications, or tangible things not produced in a manner that will enable other parties to assess the claim. Mr. Larosiere must supplement his response with a privilege log that complies with Rule 26(b)(5)(A) and the Middle District Discovery Handbook.

**Request for Production No. 9 (Development Files):** Mr. Larosiere states he is "willing to produce pre-publication drafts and original sketches" relating to the copyrighted designs, but claims "the size and complexity of the files render production excessively difficult." He then conditions production on "requesting counsel confirm[ing] these would be helpful." This conditional, incomplete response is improper. A party may not refuse production based on speculation about relevance or wait for opposing counsel to confirm usefulness. We hereby confirm that these documents are relevant and request their immediate production in native format.

### IV.    Deficiencies in Responses to Requests for Admission Nos. 1-4, 28, 30, and 45.

Mr. Larosiere's responses to the Requests for Admission are largely improper denials that fail to comply with Rule 36. Under Rule 36(a)(4), a party may not deny a request for admission unless they "specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(1). Many of Mr. Larosiere's responses consist of objections followed by boilerplate denials without adequate explanation, or denials based on purported lack of knowledge where the information is reasonably available.

**RFA Nos. 1-4 (Counterclaim Allegations):** Mr. Larosiere objects and then "denies" allegations in paragraphs 1-4 of the Counterclaim, but his denials are conclusory and fail to

EXHIBIT A - DEFENDANTS' LETTERS CONCERNING 2/23 CONFERENCE



Mr. Zermay
February 16, 2026
Page 4

address the specific factual predicates in each paragraph. To the extent Mr. Larosiere cannot admit or deny specific factual assertions, he must set forth in detail the reasons why. *See* Fed. R. Civ. P. 36(a)(1).

**RFA No. 28 (Responsibility for Websites):** Mr. Larosiere denies being "responsible for the publication, administration, or maintenance" of 3D-printable firearm file content on multiple websites. However, he admits he is the president of MAF Corporation, which operates maf-arms.com. He also admits to the alias "Fuddbuster" and to serving as counsel of record for multiple co-defendants. Given these acknowledged roles, a blanket denial strains credibility. Mr. Larosiere must supplement this response to accurately describe his role and responsibilities with respect to each identified website. *Id.*

**RFA No. 30 (Roles and Activities):** Mr. Larosiere provides a narrative response to RFA No. 30 that admits certain facts (e.g., helping to form "The Gatalog Foundation," serving as director of MAF Corp., having a professional relationship with John Elik) while denying others. However, the response is evasive and incomplete. For example, he states the Gatalog Foundation "has taken no action" and "holds no assets" without specifying when it was formed, by whom, or for what stated purpose. Mr. Larosiere must supplement this response with complete, non-evasive answers.

**RFA No. 45 (MAF Corp. as Financial Intermediary):** Mr. Larosiere denies that MAF Corp. serves as a "de facto bank" but admits that MAF Corp. "employs Matthew Larosiere and Alexander Holladay, who are paid salaries." The response does not address whether MAF Corp. has made any payments, whether characterized as salaries, contractor payments, or otherwise, to any other individuals involved in activities related to The Gatalog or 3D-printable firearm files. Mr. Larosiere must supplement his response to address this issue directly.

**V.    Demanded Supplementation**

Within fourteen (14) days, we ask that Plaintiff provide: (1) substantive interrogatory answers based on actual knowledge; (2) all responsive, non-privileged communications, a Rule 26(b)(5)(A)-compliant privilege log, and the development files referenced in RFP No. 9; and (3) RFA responses that comply with Rule 36(a)(4).

Best Regards,

Wilson Elser Moskowitz Edelman & Dicker LLP


*/s/ Leia V. Leitner*

Leia V. Leitner, Esq.
MD: lvl

cc:    Chad Flores, Esq. via email: cf@chadflores.law

330244163v.1

EXHIBIT A - DEFENDANTS' LETTERS CONCERNING 2/23 CONFERENCE

## ZERMAY'S RESPONSE TO THE ABOVE LETTER

From: **Zachary Zermay** <zach@zermaylaw.com>
Date: Fri, Feb 20, 2026 at 11:29 PM
Subject: Re: Matthew Larosiere v Cody Wilson, et al (26387-00008): Good Faith Letter as to Plaintiff's Responses to
Defense Distributed's Discovery Demands served on 7/4/2025
To: Leitner, Leia V. <Leia.Leitner@wilsonelser.com>
Cc: Geraldine Phillips <info@zermaylaw.com>, Zibas, Jura C. <Jura.Zibas@wilsonelser.com>, Gyebi, Amaris
<Amaris.Gyebi@wilsonelser.com>, Chad Flores <cf@chadflores.law>

Dear counsel,

In a single day, you sent three separate email chains, each of which contained letters averaging 5
pages in length. I believe you have structured this because you intend to attach each email chain
to a motion. Such is your right, however, if you choose to do so, I respectfully ask you not exclude
my responses, as you have in the past.

This one was particularly interesting, as you are suddenly taking interest in discovery demands
served back when the counterclaims were still live, which very clearly, and often explicitly, relate
only to the counterclaims.

Like the others, in this letter, you asked for my availability to confer next week about this subject,
which I agreed to do. Today, just 3 days after your letter, you sent a message indicating your intent
to file a motion to compel the next business day, despite your letter asking for us to take action on
your letter within 14 days.

Before I begin, I want to let you know that I am concerned that this letter was not proofread. Within
the first 100 words, the letter changes its mind as to whether the discovery responses were served
in July or August.

**As to your point I, Boilerplate Objections**

EXHIBIT A - DEFENDANTS' LETTERS CONCERNING 2/23 CONFERENCE

Your letter does not identify a single objection it takes issue with in this section. It simply asserts various rules then asserts that the letter does not constitute a waiver, which is very confusing, as I am not sure how it possibly could.

**As to your point II, "Deficiencies in Plaintiff's Answers to Interrogatory Nos. 2, 4-5, and 9**

You assert that, because Plaintiff asserted a lack of knowledge as to the alleged "gatalog" enterprise—which Plaintiff maintains does not, and never did, exist—that his signed interrogatory responses to this effect must be defective. I cannot comprehend this. This reminds me of one of your previous letters, where you threatened to move to compel us to perform "negative production" and *prove* that documents responsive to an RFP did not exist. When we spoke about this on the phone, you insisted you did not want to talk about that component of your letter, despite your letter forcing us to devote time and energy to being prepared to discuss it.

To put it simply, most of this section demands Plaintiff prove a negative. This is very frustrating to respond to, as I am trying my hardest to work productively and cooperatively with you.

That aside, I must ask, respectfully, what the theory of relevance is to the July interrogatories numbers 2, 4, and 5 are? Those ask about MAF Corp. and "The Gatalog," who are not parties to the litigation, and these requests are centered around their operations. Given the counterclaims are dismissed, why are you asking about these at all? If you can let me know, I would be happy to discuss further.

Moving on, your letter's invocation of Interrogatory 9, which asks Mr. Larosiere to disclose all websites in which he has "administrative privileges." Mr. Larosiere asserted a lack of knowledge, and that he was told he had administrator privileges at one point, but never accessed them. I feel this has been made incredibly clear, but if it would be helpful to you, Mr. Larosiere can supplement his response to the July interrogatory 9 with: "Plaintiff is unable to access his account on chat.deterrencedispensed.com, but after asking others to check, he confirmed he does not now and never has had administrative privileges on his account. The only abnormal privilege he had was the ability to send a notification "ping" to multiple users with a single message, a capability he used only once, long before this lawsuit."

If that is helpful to you at all, please let me know.

**As to your point III, "Deficiencies in Responses to Requests for Production Nos 1, 1(f) and 9**

Your demands concerning the July request for production 1 at all at this point is concerning, given that request was very clearly directed to the counterclaims. By raising these issues now, it seems that you are trying to revive the counterclaims which you voluntarily dismissed. What extant claim or defense are these requests related to? Please let me know, because from where I am standing, these appear to be completely unrelated to the claims and defenses, which would subsume 1(f).

As for 9, your letter unfortunately misstates the response entirely. The request was unintelligible. Plaintiff offered information as a courtesy. Information which would be incredibly difficult to produce given the file sizes, and counsel at the time was invited to the information, provided that they only clarify what the request was actually seeking. If your letter is to be understood as clarifying the offered material would be responsive 7 months after the fact, please provide either a share link to deposit the files, or a storage medium of at least 32gb and send it to Plaintiff's Orlando office at 6820 Hanging Moss Rd, Orlando FL 32807.

**As to your point IV, "Deficiencies in Responses to Requests for Admission Nos 1-4, 28, 30, and 45.**

I am deeply confused by this section, where your letter appears to treat requests for admission as if they were cross-examinable, or appears to be attempting to convert them into interrogatories. Also, each of these RFAs were directed to an allegation in the jettisoned counterclaims. If you

EXHIBIT A - DEFENDANTS' LETTERS CONCERNING 2/23 CONFERENCE

could please explain how any of these relate to the instant action, that would help our conferral process.

As for 1-4, your letter, quite literally, on its face, complains of a response to RFAs served months ago shortly before the counterclaims were jettisoned and complains that Plaintiff's responses did not, to your liking, answer the allegations in the counterclaims. Please explain how this relates to any claim or defense in the action.

As for 28, you complain that Mr. Larosiere's response to a **request for admission** was incomplete because "Mr. Larosiere must supplement this response to accurately describe his role and responsibilities with respect to each identified website." Please explain under what rule you can convert a request for admission into an interrogatory about materials not mentioned in the request for admission.

As for RFA 30, you again, complain about a request concerning the counterclaims that Mr. Larosiere's response to a **request for admission** was incomplete because

> "Mr. Larosiere provides a narrative response to RFA No. 30 that admits certain facts (e.g., helping to form "The Gatalog Foundation," serving as director of MAF Corp., having a professional relationship with John Elik) while denying others. However, the response is evasive and incomplete. For example, he states The Gatalog Foundation "has taken no action" and "holds no assets" without specifying when it was formed, by whom, or for what stated purpose. Mr. Larosiere must supplement this response with complete, non-evasive answers."

Please explain under what rule you can convert a request for admission into an interrogatory about materials not mentioned in the request for admission.

Your stated concern over RFA 45 is similarly confusing. This concerned your allegation that non-party MAF Corp served as the "de facto bank" for the imagined "gatalog enterprise." You, again, are attempting to convert an RFA served in July explicitly referencing your jettisoned counterclaims into an interrogatory. This is inexplicable.

**Conclusion**

I am very saddened by your letter. This is not the first time you have sent a "good faith" letter that was internally inconsistent and strongly indicative of computer-generated content. We suspect you are using Harvey to generate these communications.

While using generative AI in legal work is not yet against the rules, I implore you to please proofread these documents before sending them. It is a great strain to try to reverse-engineer some meaning from your rapid-fire, many-page long internally inconsistent communications. A computer-generated letter that completely misapprehends the rules and requests at issue is not going to move the needle in this case.

Again, I stress, I want to work with you cooperatively. If you have a problem, if you need something, please just ask me. These letters are only succeeding in causing me to spend substantial time responding to them.
Sincerely,
Zachary Z. Zermay, Esq.

**Zermay Law**
P (305) 767-3529 | W zermaylaw.com | E zach@zermaylaw.com |