UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

    *Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc., DEFENSE DISTRIBUTED, and DIOSKOUROI LLC,

    *Defendants*.

_____/

**DECLARATION OF ATTORNEY ZACHARY Z. ZERMAY**

  I, Zachary Z. Zermay, am a citizen of the United States of America and resident of the State of Florida. I am over 18 years age, and if called to testify in court or other proceedings as to the matters identified in this Declaration, I could and would do so, given this Declaration is based on my own personal knowledge.

1) I was present on the February 23, 2026 conference referenced by Defendants in (Doc. 231).

2) At the February 23 conference, Defendants' counsel went through a laundry list of issues they had raised in three separate letters, which were all sent to me in a single day on February 16, 2026.

3) I substantively responded to each of the letters on February 20, 2026. I have reviewed this motion and its attachments, and my responses in

1

Exhibit A (A-6-7, A-13-14, and A-19-20) reflect a true and accurate representation of the messages I sent.

4) At the February 23 conference, Defendants' counsel spent little time engaging with each issue, and whenever I or Mr. Larosiere would ask questions about the requests, such as how the July 4 RICO requests were related to the claims or defenses at issue, Defense counsel refused to discuss the questions, or would simply demand immediately whether we would acquiesce to the instant demand.

5) I do not recall myself or Mr. Larosiere indicating we were "amused" by the insurance issue.

6) The most substantive discussion on the February 23, 2026 conference was defense counsel's frustration that I expressed my concern that they had not proofread the letters they sent, and that I suspected the letters were drafted by generative artificial intelligence.

7) Defendants did not deny that the letters were drafted by generative artificial intelligence, but spent a great deal of time deriding me for my suggesting such.

8) I spent more than 5 hours trying to make sense of Defense counsel's letters and responding to them.

2

9) If Defense counsel had simply asked that the disclosures be supplemented to clarify an insurance policy did not exist, I would have happily done so, as I had already indicated to them by email. (Ex. A at 7).

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 10, 2026, in Key West, Florida.

*/s/ Zachary Z. Zermay*

Zachary Z. Zermay, Esq.