UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

     *Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc., DEFENSE DISTRIBUTED, and DIOSKOUROI LLC,

     *Defendants*.

_____

## PLAINTIFF MATTHEW LAROSIERE'S SECOND AMENDED INITIAL DISCLOSURES

Plaintiff Matthew Larosiere hereby make these initial disclosures as required by Federal Rule of Civil Procedure 26(a)(1). The Parties reserve the right to supplement this disclosure. No insurance policy required to be disclosed exists.

**I. IDENTITY OF WITNESSES**

Larosiere's initial disclosure of the identities of potential witnesses is based solely upon such information that they have been able to discover thus far in the amount of time available, as well as their present analysis of the case, and shall not, in any way, be deemed to be a representation that additional witnesses do not exist. Accordingly, this disclosure is subject to the Parties' ability to discover additional individuals with knowledge of facts concerning the material facts the Complaint, or any of the defenses asserted by any party.

1. Cody Rutledge Wilson, party, may be reached through his attorneys of record.

1

2. Matthew Larosiere, party, may be reached through his attorneys of record.

3. John Elik, party, may be reached through his attorneys of record.

4. Thomas Odom. 907-987-4714. ~~12969 FM 20, Kingsbury, TX 78638~~ (address provided by Defendants determined to be incorrect by repeated failed service), is believed to have knowledge of the facts underlying the Complaint. Odom works for Defendants and handles upload processing for Defendant Defcad, and has intimate knowledge of such inner works.

5. Garret Walliman. garretwalliman@gmail.com. 480-586-7977. ~~949 S. Bowman Rd. Apache Junction AZ 85119~~ (address provided by Defendants determined to be incorrect by repeated failed service), is believed to have knowledge of the facts underlying the Complaint. Walliman is willing to perjure himself[1] to aid Defendant Wilson and has intimate knowledge about Defendants' infringement and comingling. Walliman also has specific information pertaining to the willfulness of Defendants' infringement. Walliman has recorded a video with Defendant Wilson in which Defendant Wilson boasts about his copyright infringement.

6. Barrett Coller (Laffs Dynamics). LaffsDynamics@protonmail.comLaffsDynamics@protonmail.com, is believed

---

[1] Because Defendants took issue with this statement in the February conference, Plaintiff clarifies: On October 18, 2024, Mr. Walliman filed an injunction against workplace harassment on behalf of Defcad against Plaintiff's personal friend Stroke (who is a trans woman, and who Plaintiff believes Defendants are "deadnaming" solely to harass her), alleging Stroke to have been a "former contractor" for Defcad in Stroke's home state of Arizona, despite Stroke never having worked for Defcad and Defcad having no business premises in Arizona.

2

to have knowledge of the facts underlying the Complaint. Coller processed renders and uploads for Defendant Defcad and has intimate knowledge of the inner workings. Coller also has specific information pertaining to the willfulness of Defendants' infringement.

7. Pablo Molina Diaz, address unknown, employee of Defendants, is believed to have knowledge of the facts underlying the Complaint. Diaz has previously admitted to facts concerning Defendants' alter-ego relationship and the willfulness of Defendants' infringement.

8. Kieran Philo, (Cyan). nerflegoboy@gmail.com, possesses information concerning Defendants' copyright infringement. Additionally, Philo is believed to work in concert with Defendants to falsely shield Defendants from liability.

9. Benjamin Denio, address unknown, employee of Defendants, is believed to have knowledge of the facts underlying the Complaint. Denio served as a member of business entity Defendants at times relevant to this matter. Denio is believed to have specific information pertaining to the willfulness of Defendants' infringement.

10. Wilson's father, Dennis Wilson, address unknown, who previously served on the board of Wilson's companies before the filing of this action.

11. Wilson's Sister, Cheyenne Morgan, address unknown, who it appears Wilson has diverted assets to.

12. The records custodian at defcad, who is a party, and may be contacted through counsel, is believed to have knowledge of the facts underlying the Complaint.

13. The records custodian at Defense Distributed, who is a party, and may be contacted through counsel, is believed to have knowledge of the facts underlying the Complaint.

14. The records custodian for Ghostguns.com, which is a party, and may be contacted through counsel, is believed to have knowledge of the facts underlying the Complaint.

15. The records custodian at Dioskouroi, which is a party, and may be contacted through counsel, is believed to have knowledge of the facts underlying the Complaint.

16. Any individual identified by any other party.

17. Any witness necessary for impeachment or rebuttal.

Identification of any person does not constitute a representation that such person has information that is non-privileged, nor does it constitute a waiver of any privilege or objection that may be made to such witness' testimony. Larosiere also reserves the right to supplement this disclosure as discovery has just begun in this matter and Larosiere has yet to complete their investigation.

**II. DOCUMENTS**

The Parties' initial disclosure is based solely upon such information and documents that they have been able to discover thus far in the amount of time available, as well as their present analysis of the case, and shall not in any way be deemed to be a representation that additional documents do not exist. The Parties' investigation of the facts and circumstances surrounding the case is ongoing, and the Parties reserve the right to supplement this disclosure as appropriate. The Parties

may rely on other documents that it may later learn of, find, or determine are significant, as well as documents in Defendants' possession, custody or control. Notwithstanding the foregoing, the Parties provide a description by category and location of the following documents:

1. Original source material regarding copyrighted works, care of counsel for Plaintiff.
2. Contracts and intellectual property assignment agreements, care of Counsel for Plaintiffs.
3. Copies of Defendants' infringements, including USB drive purchased from Defendants, and files downloaded from Defendants' website.
4. Archives of Defendants' internet postings.
5. A copy of Defendant Wilson's Manifesto, which was delivered by mail to Plaintiff by Defendants.
6. Recordings of videos and interviews Defendant Wilson has appeared in, care of Counsel for Defendants.
7. All Documents relating to Defendants' commingling of assets, including cryptocurrency transactions, care of Counsel for Defendants.
8. All Documents relating to Defendants' finances, including cryptocurrencies, care of Counsel for Defendants.
9. All Documents relating to Defendants' sales and advertisement of the works described in the Complaint, care of Counsel for Defendants.
10. All Documents disclosed by any other party.

Larosiere may identify additional categories of documents, data compilations, and other tangible things through discovery and continued investigation. Larosiere specifically reserves the right to offer exhibits at trial that do not fall within the above listed categories.

### III. DAMAGE COMPUTATION

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iii), Plaintiff provides the following computation of damages based on the information currently available. Plaintiff seeks recovery for copyright infringement, false designation of origin, and unauthorized publication of name or likeness. The infringed material consists of approximately five hundred sixty-one separate infringements, between Defendants, of distinct registered photographic, literary, and three-dimensional visual works identified in the First Amended Complaint, which Defendants have willfully reproduced, distributed, and sold through the websites Defcad.com, Ghostguns.com, and related media channels.

Plaintiff elects to pursue statutory damages under 17 U.S.C. § 504(c) for the willful infringement of each registered work. Because the infringements were knowing and continuous, and because Defendants repeatedly removed copyright notices and continued to publish infringing works after direct notice of the registrations, Plaintiff contends that the maximum statutory award of one hundred fifty thousand dollars per work is justified. Based on the current count of registered works, this yields a total potential statutory recovery of up to eighty-four million one hundred fifty thousand dollars (561*150,000). Plaintiff reserves the right to refine

this computation following discovery concerning the full extent of Defendants' ongoing infringements. Because Defendants have refused to produce documents relevant to this category of damages (willfulness, dates of infringement, what files they made available, internal logs and records), Plaintiff cannot provide a better computation at this time.

In the alternative, Plaintiff seeks actual damages and Defendants' profits under 17 U.S.C. § 504(b). The available evidence indicates that Defendants have generated revenue through membership subscriptions for access to Defcad.com and Legio (typically sixty dollars per year per user), through sales of USB drives containing infringing works on Ghostguns.com, and through publication and sale of the "Black Flag White Paper," which monetizes infringing conduct. Defendants have thus far refused to provide financial information in discovery, refused to provide any materials on their subscriber list or sales, or any material about the quantity of downloads. The excel sheet Defendants provided instead of producing financial documents shows profits just north of $1 Million. However, Defendants' incomplete financial statements, which do not align with the excel sheet, show profits for Wilson and Defense Distributed together in excess of $8 Million. Plaintiff believes Defendants are withholding information. Given this, Plaintiff estimates that the combined actual damages and profits subject to disgorgement exceed one million dollars, exclusive of attorneys' fees and costs. Because Defendants have refused to produce documents relevant to this category of damages (download and view counts,

advertising reach, profits and expenses, internal logs and records), Plaintiff cannot provide a better computation at this time.

Plaintiff also seeks recovery for Defendants' violations of the Lanham Act and Florida Statutes § 540.08. These claims involve the false designation of origin and the unauthorized commercial use of Plaintiff's name and likeness in Defendants' advertising and promotional materials. Defendants have thus far refused to provide financial information in discovery, refused to provide any materials on their subscriber list or sales, or any material about the quantity of downloads. The excel sheet Defendants provided instead of producing financial documents shows profits just north of $1 Million. However, Defendants' incomplete financial statements, which do not align with the excel sheet, show profits for Wilson and Defense Distributed together in excess of $8 Million. Plaintiff believes Defendants are withholding information. Plaintiff seeks Defendants' profits, actual damages, and treble or exemplary damages as permitted by 15 U.S.C. § 1117(a), with the preliminary value of these claims estimated between one hundred fifty thousand and two million dollars, subject to refinement through discovery. Because Defendants have refused to produce documents relevant to this category of damages (communications regarding their use and maintenance of a fake profile that bears Plaintiff's name, instances of use of Plaintiff's likeness), Plaintiff cannot provide a better computation at this time.

Finally, Plaintiff seeks reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505, 15 U.S.C. § 1117(a), and applicable Florida law. All computations stated

8

herein are preliminary and based on presently available information. Plaintiff will supplement this disclosure as discovery progresses and additional evidence concerning Defendants' sales, membership revenues, and distribution metrics becomes available.

DATED:  March 10, 2026

*/s/ Zachary Z. Zermay*
Zachary Z. Zermay, Esq.
Fla. Bar № 1002905
*Zermay Law, P.A.*
3000 Coral Way Ste 1115
Coral Gables, FL 33145
Email: zach@zermaylaw.com
Telephone: (305) 767-3529
*Lead Counsel for Plaintiff Matthew Larosiere*
