UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

    *Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc., DEFENSE DISTRIBUTED, and DIOSKOUROI LLC,

    *Defendants*.

_____/

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' (Doc. 234) MOTION TO COMPEL

  Defendants' Motion should be denied. As to the cited requests for production, the Motion was premature when filed and is now moot in material part. Plaintiff did not refuse to respond to Defendants' Requests; he objected to improper prefatory instructions and definitions, then provided responses using the terms' plain and ordinary meaning.

  Plaintiff's responses (Doc. 234-2) expressly stated that responsive documents would be produced within fourteen days. Fed. R. Civ. P. 34(b)(2)(B) permits production at "another reasonable time specified in the response," and the Middle District Discovery Handbook likewise contemplates such. Responsive documents have since been served on opposing counsel.

  As to Requests Nos. 1 2, Plaintiff's responses were not evasive. Plaintiff has already produced true and correct hard-copy versions of the responsive agreements

1

and affirmatively stated that he possesses no electronic or native versions of those agreements. (Doc. 234-2 at 15). Accordingly, Plaintiff has no system metadata for those agreements to produce. Rule 34 reaches documents and ESI within a party's possession, custody, or control; it does not require production of nonexistent metadata for a years-old document. Fed. R. Civ. P. 34(a)(1), 34(b)(2)(E). Defendants were advised during conferral that Plaintiff had not withheld responsive documents on privilege grounds and possessed no electronic versions of the agreements.

The request for a privilege log also fails. Plaintiff did not withhold any responsive documents on the basis of attorney-client privilege or work-product protection in response to Requests Nos. 3–7. The privilege references in Plaintiff's objections preserved objections to the wording and scope of the Requests; they did not identify a body of otherwise responsive documents being withheld on privilege grounds. Rule 26(b)(5)(A) applies when material is actually withheld on privilege or work-product grounds. Where nothing was withheld on that basis, no privilege log was required. *See* Fed. R. Civ. P. 26(b)(5)(A); 34(b)(2)(C).

Defendants' attack on Plaintiff's objections to their prefatory definitions and instructions should likewise be rejected. The Middle District Discovery Handbook discourages burdensome boilerplate definitions and instructions, provides that discovery terms ordinarily carry their plain and ordinary meaning, and does not permit parties to alter the Federal Rules by prefatory demands. MIDDLE DISTRICT DISCOVERY, Part III(A)(2) ("Neither should burdensome "boilerplate" definitions or instructions be used in formulating a document request[.]"). Plaintiff's objections

were directed to precisely that type of overreach, including instructions purporting to require responses "under oath," imposing supplementation obligations inconsistent with the Rules by fiat, demanding narrative explanations through Rule 34 requests, requiring objections to be "filed," sweeping in unrecorded oral communications, and dictating burdensome across-the-board format production. Despite those objections, Plaintiff responded using the terms' ordinary meaning.

## CONCLUSION

Plaintiff respectfully requests that the Court deny Defendants' Doc. 234 motion.

Respectfully submitted,

DATED:  March 11, 2026

/s/ Zachary Z. Zermay
Zachary Z. Zermay, Esq.
Fla. Bar № 1002905
*Zermay Law, P.A.*
3000 Coral Way Ste 1115
Coral Gables, FL 33145
Email: zach@zermaylaw.com
Telephone: (305) 767-3529
*Lead Counsel for Plaintiff Matthew Larosiere*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on this 11th day of March, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Zachary Z. Zermay*

Zachary Z. Zermay, Esq.
Fla. Bar № 1002905
