UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW LAROSIERE

   Plaintiff, vs.      Case No: 6:24-CV-01629-AGM-LHP

CODY RUTLEDGE WILSON, DEFCAD, INC.,
DEFENSE DISTRIBUTED and
DIOSKOUROI LLC,

   Defendants.
_____/

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S SHORT-FORM MOTION TO OVERRULE OBJECTIONS AND COMPEL RESPONSES TO PLAINTIFF'S SECOND SET OF DISCOVERY**

   Defendants, **Cody Rutledge Wilson**, **DEFCAD, Inc.**, and **Defense Distributed** (collectively, "Defendants"), respectfully submit this Memorandum of Law in Opposition to Plaintiff **Matthew Larosiere's** Short-Form Motion to Overrule Objections and Compel Complete Responses (Doc. 235) ("Motion").

**I. Introduction**

   Plaintiff's second round of discovery requests is patently overbroad. Rather than honoring the parties' February 23, 2026, meet-and-confer agreement—under which Defendants would supplement their responses by a date certain—Plaintiff prematurely sought Court intervention. (**Exhibit A**). Because the Motion fails to meet the burden under Rule 37(a), it should be denied in its entirety.

1

## II. Argument and Authorities

**Request for Production No. 16 to Cody Wilson** seeks documents supporting podcast statements but fails to identify the episode at issue. Defendants requested clarification during the meet-and-confer and agreed to produce on March 10, 2026. Plaintiff elected to file his motion to compel the day before the agreed-upon production, in the hopes of substantiating his fee demand, as this district recognizes that fees are appropriate where production follows a motion to compel. See e.g. *Skybolt Aeromotive Corp. v. MilSpec Prods. Inc.*, 2017 U.S. Dist. LEXIS 87287 at *2 (M.D. Fla. June 7, 2017)  Plaintiff's need to attach an unofficial transcript, which appears to be a type-written Word document saved as a PDF, to the Motion underscores the ambiguity of the request. (Doc. 235–1, at p. 10–11).

**Interrogatory No. 3 to DEFCAD / Interrogatory No. 1 to Defense Distributed** seek information on the creation of the copyrights-in-suit. Both entities responded fully, stating they did not create the copyrights-in-suit.

**Interrogatory No. 4 to DEFCAD / Interrogatory No. 3 to Defense Distributed** seek information on originality or protectable expression. Defendants objected that these interrogatories improperly seek legal conclusions requiring expert opinion, which Defendants will address through an expert report and disclose pursuant to the expert report disclosure deadline outlined in the Court's Case Management and Scheduling Order (Doc. 58, at p. 1).

**RFP No. 16 to DEFCAD / Defense Distributed** seeks communications regarding the works at issue. Defendants produced responsive documents and will supplement by March 20, 2026, as required under the Court's issuance of the parties' ESI protocol (Doc. 232).

**RFP No. 64 to DEFCAD / Defense Distributed** seeks documents mapping every person involved in each "works'" lifecycle. Plaintiff refuses to apply the Court's definition of "copyright" and "works" (Doc. 213 at p. 6–7), impermissibly expanding the request's scope. Defendants objected on overbreadth grounds.

**RFP No. 2 to Defense Distributed** seeks information concerning "web page(s)" for each work at issue, but fails to define that term. At the March 3, 2026, meet and confer, Plaintiff agreed to provide a narrow definition, but filed this Motion two days later. *See Ex. A.*

Defendants' responses are neither evasive nor incomplete. Defendants will supplement their document production applying the Court-ordered ESI protocol on or before March 20, 2026 (Doc. 232), and Plaintiff's own Local Rule 3.01(g) certification concedes that conferral efforts are incomplete, rendering this Motion premature. The Motion should be denied.

Dated: March 13, 2026     Respectfully submitted,

                      **WILSON ELSER MOSKOWITZ
                        EDELMAN& DICKER LLP**

               By:  *s/Leia V. Leitner*
                     Leia V. Leitner
                     Florida Bar No:  105621

331756404v.1

        111 North Orange Avenue
Suite 1200
Orlando, FL 32801
Telephone: 407-423-7287
Facsimile: 407-648-1376
Leia.Leitner@wilsonelser.com
Cheryl.Kujawski@wilsonelser.com

Jura C. Zibas
Florida Bar No: 124571
Amaris C. Gyebi, Esq.
Florida Bar No: 1019361
2063 Main Street - Suite 100
Sarasota, FL 34237
Telephone:941-866-8561
Facsimile: 941-210-5979
Jura.Zibas@wilsonelser.com
Amaris.Gyebi@wilsonelser.com
Cheryl.Kujawski@wilsonelser.com

*Defendants, Cody Rutledge Wilson
DEFCAD, Inc. and Defense Distributed*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 13th day of March, 2026 a true and correct copy of the foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF E-Filing Portal, which will serve an electronic copy of the foregoing on the following: Zachary Z. Zermay, Esq., Florida Bar No: 1002905; Zermay Law, P.A., *Counsel for Plaintiff*, 1200 Fourth Street, #1102, Key West, Florida 33040; Telephone: 305-767-3529; Zach@Zermaylaw.com and info@Zermaylaw.com; Charles (Chad) Flores, Esq., Flores Law PLLC, *Counsel for Dioskouroi LLC,* 917 Franklin Street, Suite 600, Houston, Texas 77002, Telephone: 713-364-6440, CF@ChadFlores.law; chad-flores-7646@ecf.pacerpro.com and service@chadflores.law

                                      *s/Leia V. Leitner*

331756404v.1