UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW LAROSIERE

    Plaintiff,

vs.                                                  Case No:  6:24-CV-01629-AGM-LHP

CODY RUTLEDGE WILSON, DEFCAD, INC.,
DEFENSE DISTRIBUTED and
DIOSKOUROI LLC,

    Defendants.
_____/

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S OBJECTION
TO THE MAGISTRATE'S FEBRUARY 13, 2026 ORDER  (DKT. 213)**

Defendants, CODY RUTLEDGE WILSON, DEFCAD, Inc., and DEFENSE DISTRIBUTED ("Defendants"), by and through undersigned counsel, file their Response in Opposition to Plaintiff's Objection to the Magistrate's February 13, 2026 Order (Dkt. 227). In support thereof, Defendants state as follows:

**I.    INTRODUCTION**

Following extensive and contentious discovery proceedings—including a two-day, 441-page transcribed conferral session that resolved only four requests out of hundreds— Magistrate Judge Hoffman-Price, issued a comprehensive order addressing the parties' myriad discovery disputes. Dkt. 213. Among those rulings, the Magistrate Judge sustained Defendants' objection to Plaintiff's sweeping definitions of "Copyright" and "Works," and properly limited those

1

terms to the copyrights and works specifically identified in Plaintiff's First Amended Complaint (Dkt. 43). *See* Dkt. 213 at 7. The Magistrate Judge further supported this ruling by citing binding Eleventh Circuit authority, *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d 1255, 1271–72 (11th Cir. 2015), and persuasive authority from within this District, *Broad. Music, Inc. v. Bloodhound Brew, LLC*, No. 6:14-cv-1705-Orl-22KRS, 2015 WL 12830484, at *5 (M.D. Fla. Nov. 2, 2015). *Id.*

Under Federal Rule of Civil Procedure 72(a), a party may object to a magistrate judge's non-dispositive order only upon a showing that it is "clearly erroneous or contrary to law." Plaintiff has not and cannot meet this standard as Judge Hoffman-Price properly reached a conclusion that is neither clearly erroneous nor contrary to any binding authority.

## II.   ARGUMENT

A. <u>The Magistrate Judge Properly Narrowed the Definition of "Copyright" and "Works" to the Works Identified in Plaintiff's Complaint.</u>

The Magistrate Judge's ruling limiting the definitions of "Copyright" and "Works" to those copyrights and works specifically identified in Plaintiff's operative complaint was entirely appropriate. Discovery must be properly tethered to the claims actually asserted. *See K. Mizra LLC v. Toshiba TEC Corp.*, 2022 U.S. Dist. LEXIS 185782 at *5 (M.D. Fla. Oct. 11, 2022) (citations omitted) ("Discovery is not a fishing expedition in which a party is allowed to

probe all of the conduct of an opposing party to try to learn all the ways the opposing party has arguably infringed its rights."); *Liese v. Indian River Cty. Hosp. Dist.*, 701 F.3d 334, 355 (11th Cir. 2012) (A Court "'has the authority to confine discovery to the claims and defenses asserted in the pleadings, and ... the parties ... have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings."); *System Fuels, Inc. v. United States*, 73 Fed. Cl. 206, 215 (Fed. Cl. 2006) ("In assessing relevance, the Court must 'focus on the specific claim or defense alleged in the pleadings.").

Plaintiff's First Amended Complaint identifies specific copyrighted works that he alleges were infringed. The scope of discovery should logically be bounded by those allegations. To permit Plaintiff to define "Copyright" and "Works" in an unbounded manner would effectively transform this case from a dispute about identified works into an open-ended audit of Defendants' entire operations—a result that neither the Federal Rules of Civil Procedure nor principles of proportionality permit.

The Magistrate Judge's ruling is further grounded in the relationship between willfulness and the copyrights at issue. As the Order expressly states: "Because willfulness relates to the copyrights at issue in this case, it is hereby ORDERED that the definitions of 'Copyright' and 'Works' as set forth in the Interrogatories and RFPs are defined/limited to the copyrights and works specifically identified

3

in Plaintiff's First Amended Complaint". Dkt. 213 at 7. This reasoning is incontrovertible. Willfulness in this case can only be measured against the works Plaintiff has placed at issue, not against some amorphous universe of copyrighted materials that Plaintiff wishes to explore based on nothing more than speculation and conjecture arising from deluded suppositions. *See e.g.* Pl. Objection at p. 3-4 (claiming an image of cut off text on top of a bin reflects the inserting of Plaintiff's copyright notice into a digital garbage can); p. 4, 7 (initially claiming "indirect references" to copying in a manifesto purportedly published by Defendant Wilson but later accusing this same manifesto of detailing Defendant Wilson's efforts to copy one of Plaintiff's works); p. 8-9 (positing a series of fake scenarios to substantiate a general possibility that the Order may operate to foreclose production).

While Plaintiff insists he is not attempting to engage in a fishing expedition, his Objection readily reveals otherwise. Such actions are not permitted under the rules of discovery. *See La Mar Printing, Inc. v. Minuteman Press International, Inc.* 1981 U.S. Dist. LEXIS 12490 at *8 (N.D. Ga. May 14, 1981) ("Discovery under the Federal Rules of Civil Procedure is intended to narrow the scope of the issues and to prevent surprise at trial; it is not intended to allow a plaintiff to go on a fishing expedition to see if the speculative complaint that he has filed has any basis in fact.").

B. <u>The Narrowing Imposed By The Order Was Necessary Because Plaintiff's Discovery Requests Are Patently Overbroad.</u>

The record amply demonstrates that Plaintiff's approach to discovery has been anything but measured. *See e.g.* Dkt. 175-1 at 29:24-30:16; Dkt. 175-2 at 144:21-149:11; Dkt. 220 at 146:18-147:7; 154:15-17. Plaintiff served hundreds of Requests for Production and Interrogatories on Defendants. The sheer volume and breadth of Plaintiff's discovery demands required the Magistrate Judge to impose reasonable limits throughout the Order, not just with respect to the definitions of "Copyright" and "Works."

The Magistrate Judge's Order reflects a pattern of imposing necessary constraints on Plaintiff's overbroad requests. The Court limited alter-ego discovery to the named Defendants. Dkt. 213 at p. 6. The Court imposed temporal limits, restricting requests tied to the copyrights or works at issue to the period of January 1, 2022 to the present, and all other requests to January 1, 2021 to the present. *Id.* at 8. The Court denied Plaintiff's demand that Defendants' production be indexed to each specific discovery request, finding Defendants' production chart sufficient "given the volume of discovery Plaintiff served". *Id.* at 13. In context, the narrowing of "Copyright" and "Works" was part and parcel of the Magistrate Judge's well-founded effort to bring proportionality to Plaintiff's sprawling discovery campaign, which the Magistrate Judge noted was in and of itself sufficient to have warranted

5

summarily denying Plaintiff's Motion to Compel altogether. *See* Dkt. 220 at 146:23-147:1 ("…[T]here are judges in this building that would have denied your motion to compel on its face because your requests for production were so grossly overbroad. But we're here now narrowing them down.").

Federal Rule of Civil Procedure 26(b)(1) requires that discovery be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Allowing Plaintiff to use undefined or limitlessly broad definitions of "Copyright" and "Works" across hundreds of discovery requests would impose a grossly disproportionate burden on Defendants while generating discovery of marginal, if any, relevance to the claims actually pled.

### C. Plaintiff's Case Law Is Out-of-Circuit, Not Controlling, and Does Not Support His Position.

Plaintiff's Objection relies principally on *Wu v. Pearson Education, Inc.*, No. 09-cv-6557, 2012 U.S. Dist. LEXIS 51882 (S.D.N.Y. Apr. 12, 2012), and *Steinmetz v. Houghton Mifflin Harcourt Publishing Co.*, No. 14-1937, 2014 U.S. Dist. LEXIS 171343 (E.D. Pa. Dec. 11, 2014). *See* Dkt. 227 at p. 7. Neither case is

6

binding on this Court. *Wu* is a magistrate judge's order from the Southern District of New York. *Steinmetz* is a district court decision from the Eastern District of Pennsylvania. This Court sits in the Middle District of Florida and is bound by Eleventh Circuit precedent, not the rulings of trial courts in the Second or Third Circuits. The Magistrate Judge, by contrast, relied on binding Eleventh Circuit authority—*Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d 1255 (11th Cir. 2015)—and persuasive authority from this very District. Dkt. 213 at p. 7.

Even setting aside their non-binding nature, *Wu* and *Steinmetz* do not stand for the broad propositions Plaintiff advances. In *Wu*, the court addressed a narrow question: the discoverability of settlement documents as evidence of willfulness in a copyright infringement action involving alleged print overruns. 2012 U.S. Dist. LEXIS 51882 at *2. The court held that "documents sought by the plaintiff that reflect the final settlement of overrun claims [were] discoverable," and that documents showing the date claims were initiated were also discoverable. *Id*. at *3.

Critically, however, the *Wu* court also denied much of the plaintiff's requested discovery. The court held that "documents concerning the negotiation process that led to the settlement of overrun claims need not be produced," finding the request for "settlement communications" to be "vague and overbroad". *Id*. at *3-4. The court further denied the plaintiff's application to

compel production of settlement-related discovery "[i]n all other respects". *Id.* at *5. Thus, *Wu* is an example of a court imposing precisely the kind of limits that Judge Hoffman-Price imposed here—and rejecting precisely the kind of overbroad discovery that Plaintiff seeks.

Moreover, *Wu* involved the narrow context of settlement-related discovery in a print overrun case. It did not address the question at issue here—whether the definitions of "Copyright" and "Works" in a party's discovery requests should be limited to the works actually identified in the complaint.

*Steinmetz* similarly involved a narrow factual scenario: a photographer alleging that a textbook publisher "overused" his photographs beyond the scope of any contractual license. 2014 U.S. Dist. LEXIS 171343 at *1. The discovery dispute concerned whether the defendant should be required to produce documents relating to settlements of unrelated copyright infringement claims, on the theory that such settlements demonstrated willfulness. *Id.* at *2.

The *Steinmetz* court, like the *Wu* court, granted plaintiff's request only in part—and denied it in significant respects. The court expressly rejected the plaintiff's "very broad request" seeking "not only settlement agreements with third parties, but also the underlying correspondence and internal memoranda". *Id.* at *8. The court found that "the broader discovery requested by plaintiff about the settlement of unfiled claims by defendant [was] unduly burdensome and

expensive for the defendant, and [would] not necessarily lead to evidence …sufficiently specific to allow the jury to draw any inferences of willful infringement". *Id*. at *8-9.

The *Steinmetz* court allowed only limited discovery—identification of **filed claims** by party names, court, and case number—and permitted only "reasonable questions" at deposition about whether individuals had knowledge that prior claims had been made or settled, "without disclosure of the terms of any settlement". *Id*. at *9-10. This measured approach is entirely consistent with the Magistrate Judge's ruling here, which similarly imposed reasonable boundaries on Plaintiff's overreaching discovery demands.

Moreover, the *Steinmetz* court recognized a fundamental flaw in the plaintiff's reasoning, that is also present here: "One fallacy in plaintiff's argument is that the fact of a settlement only indicates that a claim was made, not necessarily that the claim had any merit". *Id*. at *3-4. This observation underscores the limited probative value of the type of sweeping, untethered discovery that Plaintiff seeks here, which includes a demand for "all communications or records which mention or discuss copyright". Dkt. 227 at 2. Plaintiff demands more than what he is entitled to, without any cognizable authority to support the same.

### III. CONCLUSION

The Magistrate Judge's Order properly limited the definitions of

9

"Copyright" and "Works" to the copyrights and works identified in Plaintiff's First Amended Complaint. This ruling was supported by binding Eleventh Circuit authority, and was a necessary response to Plaintiff's patently overbroad discovery requests. Plaintiff's out-of-circuit case law is not controlling, is factually distinguishable, and, *when actually read in full*, supports the very kind of measured limitations the Judge Hoffman-Price imposed here. Plaintiff has failed to demonstrate that the Magistrate Judge's Order is clearly erroneous or contrary to law, and his Objection should be overruled.

**WHEREFORE**, Defendants respectfully request that this Court overrule Plaintiff's Objection and award all relief to Defendants deemed due and just.

Dated: March 13, 2026

Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

By:  *s/Amaris C. Gyebi*
Leia V. Leitner
Florida Bar No: 105621
111 North Orange Avenue
Suite 1200
Orlando, FL 32801
Telephone:    407-423-7287
Facsimile: 407-648-1376
Leia.Leitner@wilsonelser.com
Cheryl.Kujawski@wilsonelser.com

Jura C. Zibas
Florida Bar No: 124571

        Amaris C. Gyebi, Esq.
        Florida Bar No: 1019361
        2063 Main Street - Suite 100
        Sarasota, FL 34237
        Telephone:941-866-8561
        Facsimile: 941-210-5979
        Jura.Zibas@wilsonelser.com
        Amaris.Gyebi@wilsonelser.com
        Cheryl.Kujawski@wilsonelser.com

        *Co-Counsel for Defendants*
        *Cody Rutledge Wilson*
        *DEFCAD, Inc. and Defense Distributed*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 13th day of March, 2026 a true and correct copy of the foregoing document has been served by email to the following: Zachary Z. Zermay, Esq., Florida Bar No: 1002905; Zermay Law, P.A., *Counsel for Plaintiff*, 1200 Fourth Street, #1102, Key West, Florida 33040; Telephone: 305-767-3529; Zach@Zermaylaw.com and info@Zermaylaw.com; Charles (Chad) Flores, Esq., Flores Law PLLC, *Counsel for Defendants, Cody Rutledge Wilson, DEFCAD, Inc., Defense Distributed and Dioskouroi LLC,* 917 Franklin Street, Suite 600, Houston, Texas 77002, Telephone: 713-364-6440, CF@ChadFlores.law; chad-flores-7646@ecf.pacerpro.com and service@chadflores.law.

        *s/Amaris C. Gyebi*
        Amaris C. Gyebi