UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

*Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc.,
DEFENSE DISTRIBUTED, and
DIOSKOUROI LLC,

*Defendants.*

_____/

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' (Doc. 236) MOTION TO STAY COMPLIANCE

Defendants' Motion seeks retroactive relief after violating the Court's order. Defendants filed this motion 25 days after the underlying order, and 11 days after the compliance deadline. M.D. FLA. DISCOVERY §IE3 ("unexcused failure to comply [with an order compelling discovery] is treated…with special gravity and disfavor"). Defendants' references to Plaintiff's participation in conferrals are not germane to this motion and—while offensive to the undersigned who has been litigating this case—do nothing to excuse their noncompliance.

The Court ordered Defendants to produce the Wilson-Walliman communications within fourteen days. (Doc. 213 at 12). Defendants did not seek a stay during that period. Instead, they waited until the last day to file an objection and then, five days after Plaintiff's (Doc. 230) motion, and eleven days the compliance deadline had expired, filed the present motion. Rule 72(a) permits objections, but it

1

does not automatically stay compliance with an order. *See* Fed. R. Civ. P. 72(a). Absent a stay, court orders must be obeyed. *See Maness v. Meyers*, 419 U.S. 449 at 458 (1975) ("If a person to whom a court directs an order believes that order is incorrect, the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal. Persons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect.").

Defendants contend the "proper defendant" was never asked for the responsive materials, and yet the materials—communications Wilson was a party to—were identified on a privilege log in response to questions to Mr. Wilson, who agreed to produce on behalf of Defense Distributed and DEFCAD (Doc. 175-1 and -2), (Doc. 213 at 10); and who operates those businesses from his residence. (Doc. 221 ¶ 12).

That the documents were clearly requested aside, Defendants misrepresent the context of the (Doc. 213) order. The defects in Defendants' privilege log were identified in December. (Doc. 175 at 9-10). The Court then ordered Defendants to provide "a privilege log in compliance with the Court's Standing Order." (Doc. 185 at 6). In February, Defendants represented to the Court that they "attached a privilege log that identifies…the information required by the Standing Order…as required by the Court's Order." (Doc. 200 at 9). That attachment, though, was the very same 12/1/26-dated-privilege log that failed to comply with this Court's standing order. (Doc. 200-1). Their assertion of privilege for the documents at issue was thus "waived for failure to comply with the Court's pre-heading order." (Doc. 213 at 12).

This Court's (Doc. 213) Order is consistent with Rule 26(b)(5)(A). Defendants had multiple clear chances to properly assert privilege, waived it, and only after weeks of open noncompliance are they attempting to litigate it. This should not be rewarded.

## CONCLUSION

Plaintiff respectfully requests that the Court deny Defendants' Doc. 236 motion.

Respectfully submitted,

DATED: March 16, 2026

/s/ Zachary Z. Zermay
Zachary Z. Zermay, Esq.
Fla. Bar № 1002905
*Zermay Law, P.A.*
3000 Coral Way Ste 1115
Coral Gables, FL 33145
Email: zach@zermaylaw.com
Telephone: (305) 767-3529
*Lead Counsel for Plaintiff Matthew Larosiere*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on this 16th day of March, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Zachary Z. Zermay*

Zachary Z. Zermay, Esq.
Fla. Bar № 1002905
