UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

      *Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc., DEFENSE DISTRIBUTED, and DIOSKOUROI LLC,

      *Defendants*.

_____/

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' (Doc. 239) MOTION FOR PROTECTIVE ORDER**

Defendants' Motion for Protective Order should be denied because it is not a Rule 26(c) motion, but an attempt to retroactively narrow a production order this Court already entered. The Court found Defendants' summary chart "insufficient," and compelled production of Wilson's tax returns and Defense Distributed's and DEFCAD's balance sheets, income statements, and tax returns. (Doc. 213 at 7–8). Defendants cannot now withhold the identifiers that make those compelled source records usable.

Defendants do not identify any concrete harm that would result from disclosing EINs, preparer identity information, or address information under the existing protective order. They instead seek judicial approval for unilateral redactions after-the-fact. Rule 26(c) does not permit that. See Fed. R. Civ. P. 26(c)(1); *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429–30 (M.D. Fla. 2005) (Party

1

seeking protective order "must make a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements supporting the need for a protective order.") (cleaned up).

The redacted information is relevant. Defendants admit they withheld the tax preparer's identity and contact information, the preparer firm's EIN, Defense Distributed's EIN, and address information. (Doc. 239 at 1–2). Their answer is that "[n]o monetary information has been redacted." (*Id*. at 3.) But raw numbers without entity identifiers are not meaningfully testable. Plaintiff is entitled to determine which entity received which revenue, reconcile the compelled records against Defendants' prior spreadsheet production, and decide whether the preparer must be deposed because the figures do not match.[1] *See* Fed. R. Civ. P. 26(b)(1), 34(a).

The address information is independently relevant because the Court required Wilson to submit a sworn affidavit detailing a reasonable and diligent search, including where he searched, such as his "house" and "computer." (Doc. 213 at 10–11.) Wilson then swore that he searched his "residence" at 8403 Cross Park Drive, Suite 3E. (Doc. 221 at 7, 11–12). Plaintiff has already presented evidence that employees worked there and that multiple computers, laptops, and servers were visible at that same location. (Doc. 230-3 at 1 2, 20). Records corroborating that address therefore bear directly on whether Wilson's affidavit was complete and truthful.

---

[1] Thus far, they do not even remotely match. *See* (Doc. 241-3 at 7).

All that said, Plaintiffs have no issue with Defendants redacting SSNs, PTINs, EFINs, and signature PINs. But the motion should be denied insofar as it seeks to conceal EINs, preparer identity and contact information, and address information necessary to test Defendants' compelled production and Wilson's sworn compliance.

## CONCLUSION

Plaintiff respectfully requests that the Court deny Defendants' Doc. 239 motion.

Respectfully submitted,

DATED: March 16, 2026

/s/ Zachary Z. Zermay
Zachary Z. Zermay, Esq.
Fla. Bar № 1002905
*Zermay Law, P.A.*
3000 Coral Way Ste 1115
Coral Gables, FL 33145
Email: zach@zermaylaw.com
Telephone: (305) 767-3529
*Lead Counsel for Plaintiff Matthew Larosiere*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY on this 16th day of March, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

                                                   */s/ Zachary Z. Zermay*

                                                       Zachary Z. Zermay, Esq.
                                                           Fla. Bar № 1002905