UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

*Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc.,
DEFENSE DISTRIBUTED, and
DIOSKOUROI LLC,

*Defendants*.

_____/

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANTS' (Doc. 240) MOTION TO DE-DESIGNATE**

Defendants' motion should be denied. What remains designated on the agreements is exclusively third-party compensation details. *See Garcia v. Character Technologies, Inc.*, No. 6:24-cv-1903-ACC-DCI, Order at 11–18 (M.D. Fla. Oct. 31, 2025) (upholding redaction of "irrelevant and personal compensation and financial information"); *cf.* (Doc. 239), (Doc. 230) (Defendants' AEO-designation of the *entirety* of the materials this Court ordered produced, with the designated documents produced heavily redacted). Plaintiff already produced a redacted version of the agreements that Defendants were free to use publicly, and Defendants in fact attached that version to their motion. (Doc. 240-1). That version, on its face, discloses all material terms of the employment and transfer agreements. (Doc. 240-1). It also fully discloses the later Copyright Assignment Agreements. (Doc. 240-1 at 2–16). Defendants do not, and cannot plausibly claim that their being able to publicly share

1

protected compensation figures their counsel and experts have access to under the Protective Order are necessary to test standing or chain of title.

The Protective Order reserves "ATTORNEYS' EYES ONLY" treatment for information whose disclosure to another party or non-party would create "a substantial risk of serious harm that could not be avoided by less restrictive means," requiring the producing party to limit protection to the portions that actually qualify. (Doc. 114-1 §§ 2.8, 5.1–5.2). Unlike Defendants, who wholesale designated documents, Plaintiff designated AEO treatment only over the unredacted document Defendants already possess. Defendants do not, and cannot, identify any reason that redacted version is inadequate.

Despite it having been discussed multiple times at multiple conferences and emails, and in addition to the proprietary nature of how Plaintiff compensates Elik in a competitive market, (Elik Decl. ¶5) Elik's declaration makes the need for confidentiality clear. Wilson has repeatedly threatened and intimidated Elik in connection with this dispute; mailed him a death threat after Wilson publicly noted registration of the works at issue; published Elik's private banking information on his website; hired a private investigator to harass his family; sent a threatening email on the day suit was filed; and has continued threatening him. Elik Decl. ¶¶ 6–40. If the agreements are de-designated, Wilson will post them online and use them to harass and threaten him further. *Id.* ¶ 40. This is not speculation, as Wilson has already posted confidential communications to his website during the pendency of this litigation.

Defendants' "expert" argument is unsupported. The Protective Order provides a mechanism for disclosure of AEO material to an expert. (Doc. 114-1 §§ 7.3(c), 7.4). Defendants did not even attempt use that procedure, and nowhere explain why the redacted version is insufficient. Nor could they plausibly do so here. For the Elik-created works actually at issue, the later signed assignment agreements independently convey ownership; for works authored by Plaintiff himself, ownership does not depend on Elik's compensation at all.

## CONCLUSION

Plaintiff respectfully requests that the Court deny Defendants' Doc. 239 motion.

Respectfully submitted,

DATED: March 16, 2026

        /s/ *Zachary Z. Zermay*
        Zachary Z. Zermay, Esq.
        Fla. Bar № 1002905
        *Zermay Law, P.A.*
        3000 Coral Way Ste 1115
        Coral Gables, FL 33145
        Email: zach@zermaylaw.com
        Telephone: (305) 767-3529
        *Lead Counsel for Plaintiff Matthew Larosiere*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on this 16th day of March, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Zachary Z. Zermay*

Zachary Z. Zermay, Esq.
Fla. Bar № 1002905