# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MATTHEW LAROSIERE,

      Plaintiff,

v.                                                      Case No:   6:24-cv-1629-AGM-LHP

CODY RUTLEDGE WILSON,
DEFCAD, INC., DEFENSE
DISTRIBUTED, DIOSKOUROI LLC,

      Defendants

---

## ORDER

Discovery in this case has been contentiously litigated, to say the very least. Following a lengthy hearing held on February 10, 2026 that addressed several motions filed by the parties, the Court entered an Order on February 13, 2026 memorializing numerous discovery rulings related to Plaintiff's motion to compel (Doc. No. 156).   Doc. No. 213; *see also* Doc. Nos. 185, 208, 220.   Among those rulings, the Court addressed various objections raised by Defendants in response to Plaintiff's discovery requests, and ordered Defendants to produce to Plaintiff the following documents and information on or before February 27, 2026:

- All communications between Cody Wilson and Garret Walliman listed on Defendants' deficient privilege log (Doc. No. 200-1).  The Court also deemed waived all attorney-client privilege and work production objections related to these communications.  Doc. No. 213, at 11-12.

- Defendant Cody Wilson's individual tax returns (federal and state) from January 1, 2021 to present.  *Id.*, at 7.

- Defendants Defcad, Inc.'s and Defense Distributed's balance statements, income statements, and tax returns (federal and state) from January 1, 2021 to present.  *Id.*, at 7-8.

- Amended responses and responsive documents, as limited by the February 13, 2025 Order, to several enumerated discovery requests. *Id.*, at 9-11.

- An affidavit fully executed under penalty of perjury by Defendant Wilson detailing the scope of his search for responsive documents, including how and where he searched for information responsive to various document requests.  *Id.*, at 11.

- Another affidavit, fully executed under penalty of perjury by Defendant Wilson, providing a list of all nicknames, usernames, and topics relevant to the issues in this case as framed by Plaintiff's discovery requests, for the time period January 1, 2022 to present, and

specifically including (1) terminology and words used to identify the works at issue in the amended complaint (RFPs 5, 32); (2) all terminology/search terms/usernames Defendant Wilson has used to describe Plaintiff Matthew Larosiere (RFP 20); (3) all terminology/search terms/usernames Defendant Wilson used to describe Plaintiff and/or John Elik (RFPs 111, 112); and (4) all names or terms used to describe "the Gatalog." *Id.*, at 14.

Now before the Court are three motions, each of which relate to these rulings: (1) Time Sensitive Plaintiff's Short-Form Motion for Sanctions Under Rule 37(b)(2) (Doc. No. 230); (2) Defendants' Motion to Stay Compliance (Doc. No. 236); and (3) Defendants' Motion for Protective Order (Doc. No. 239). Each motion has been responded to, and they are ripe for disposition. *See* Doc. Nos. 237, 248, 249. In short, Plaintiff contends that Defendants have failed to comply with the Court's February 13, 2026 Order in a variety of ways, and Defendants both argue that they have complied in full, and seek to stay compliance in some respects as well as a protective order in others. Because the motions are interrelated, the Court addresses them by topic rather than by specific motion.

## I.    THE WILSON/WALLIMAN COMMUNICATIONS

Defendants' motion to stay and a portion of Plaintiff's motion for sanctions both relate to the Court's February 13, 2026 Order finding waived all attorney-client

and attorney work production privileges/protections with regard to all communications listed on Defendants' deficient privilege log between Defendant Wilson and Garret Walliman, and directing Defendants to produce these communications to Plaintiff by February 27, 2026.   Doc. No. 230, at 1; Doc. No. 236.

On the February 27, 2026 production deadline, Defendants filed partial objections to this portion of the Court's February 13, 2026 Order.   Doc. No. 225.[1] Defendants did not however, produce these communications to Plaintiff, did not file a motion to stay compliance, and did not request an extension of the February 27, 2026 deadline.   So, on March 5, 2026, Plaintiff moved for sanctions under Federal Rule of Civil Procedure 37(b)(2) based on Defendants' non-compliance. Doc. No. 230.   Defendants responded to that motion on March 10, 2026 at 12:31 p.m. (Doc. No. 237), relying on the fact that 32 minutes prior – 11:59 a.m. to be exact – Defendants for the first time filed a motion to stay compliance with the February 13, 2026 Order.   Doc. No. 237, at 2; Doc. No. 236.

---

[1] Plaintiff has not responded to those objections, which are pending before the Presiding District Judge.   In addition, Plaintiff has filed his own objections to the undersigned's ruling regarding the definition of the terms "Copyright" and "Works," and those objections are also pending before the Presiding District Judge.   Doc. No. 227; *see also* Doc. No. 245.

*A.     The Motion to Stay (Doc. No. 236)*

When evaluating a motion to stay, courts generally weigh four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). *See also Express Homebuyers USA, LLC v. WBH Mktg., Inc.*, No. 18-60166-CIV, 2018 WL 1814198, at *1 (S.D. Fla. Mar. 1, 2018) (applying these factors to a request to stay a Magistrate Judge's discovery order).   The first two factors are the "most critical," and for the first factor, the applicant must demonstrate "more than a mere possibility of relief." *Nken*, 556 U.S. at 434; *see also Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008).   "These are difficult hurdles to clear, and federal courts often deny motions to stay a magistrate judge's discovery orders." *Marlantas, Inc. v. Cissna*, No. 16-62522-CIV, 2017 WL 6949231, at *1 (S.D. Fla. Dec. 12, 2017) (quoting *Montgomery v. Risen*, No. 15-20782-CIV, 2015 WL 5167628, at *2 (S.D. Fla. Sept. 3, 2015)).   "Failure to establish a single element may appropriately result in the denial of a request for a stay." *Bales v. Bright Solar Mktg. LLC*, No. 5:21-cv-496-GAP-PRL, 2022 WL 17718503, at *1 (M.D. Fla. Dec. 15, 2022) (citation omitted).

Upon consideration, Defendants have failed to demonstrate that they are entitled to a stay.   First, as noted above, the deadline for compliance with the Court's February 13, 2026 Order was February 27, 2026 (Doc. No. 213, at 12), yet Defendants did not seek a stay of that Order until March 10, 2026, nearly two (2) weeks after the compliance deadline.   The motion fails to address this delay, and fails to cite to any legal authority that would permit a stay of a deadline that has already expired.[2]   As such, the motion to stay is itself untimely and due to be denied on that basis alone. *See Taser Int'l, Inc. v. Phazzer Elecs., Inc.*, No. 6:16-cv-366-PGB-LHP, 2023 WL 12189258, at *2 (M.D. Fla. Sept. 8, 2023) ("Unless this Court grants the stay before the expiration of the deadline imposed by the Magistrate Judge, the party subject to the final order is bound to perform as directed or risk sanctions for non-compliance.   A motion to stay filed at the eleventh hour is not a placeholder that protects the movant.   Unless granted before the expiration of the operative deadline, the motion to stay is a nullity."); *Jeld-Wen, Inc. v. Nebula Glass Int'l, Inc.*, No. 05-60860-CIV, 2007 WL 1625721, at *2 (S.D. Fla. May 26, 2007) ("The

---

[2] As is par for the course in this case, Defendants complain that Plaintiff did not confer in good faith prior to filing his motion for sanctions.   Doc. No. 237, at 1.   And the emails attached to Defendants' response, as well as Plaintiff's Local Rule 3.01(g)(3) certificate, make clear that the parties are unable to meaningfully confer and/or agree on just about anything.   Doc. Nos. 237-1, 237-2, 237-3; Doc. No. 238.   Be that as it may, Defendants do not argue that a failure to engage in good faith conferrals is a basis for simply refusing to comply with a discovery order, much less provide a basis for belatedly filing for a stay.   *See also* Doc. No. 213, at 15.

motion [to stay] is untimely because the date for compliance has now come and gone.   Yet, the pending motion was not filed until after the close of business on that date, rather than well beforehand . . .").   *Cf. Grimes v. Howard*, No. 1:20-CV-2045-SCJ, 2023 WL 11904077, at *2 (N.D. Ga. Feb. 3, 2023) (denying motion for reconsideration of order denying a motion to stay as untimely where it was filed three days after the deadline had expired).

Second, the Court does not find Defendants' substantive arguments to be persuasive, particularly that they are likely to succeed on the merits of their objections.   The Court deemed waived Defendants' attorney-client and attorney work product privileges/protections with respect to these specific communications as a sanction.   Doc. No. 213, at 11-12.   Defendants were required to provide a privilege log to support their asserted privileges, their first attempt was insufficient, and the Court expressly ordered Defendants to provide an amended privilege log that complied in full with the Court's Standing Order.   Doc. No. 185, at 6-7. Again, Defendants failed to comply, and when the Court questioned Defendants' counsel, counsel provided no explanation other than asking for a third bite at the apple.   Doc. No. 220, at 132-38.   The motion to stay glaringly fails to address this issue.   Doc. No. 236.    The Court also questions, as does Plaintiff in his response (Doc. No. 248), why Defendants would place wholly irrelevant documents on their privilege log (their second attempt at a privilege log) and now argue that they

should not be disclosed.   *See also In Re Standing Order Regarding Privilege Logs*, No.

6:19-mc-32-LRH, Doc. No. 1, at 1 (M.D. Fla. June 17, 2019) (directing the production

of a privilege log "[a]s to each item of information or document, or portion thereof,

withheld from production *in response to a written discovery request. . .*" (emphasis

supplied)).   Thus, at most, Defendants have a "mere possibility" of success as to

their objections, which is not sufficient to warrant a stay.   *See Se. Dev. Partners,*

*LLC v. St. Johns Cnty.*, No. 3:23-cv-00846-CRK-PDB, 2024 WL 4769638, at *2 (M.D.

Fla. Nov. 13, 2024).   *See also Express Homebuyers USA*, 2018 WL 1814198, at *1

(denying motion to stay compliance with discovery order and noting that

"objections to discovery orders are infrequently successful").

The Court is also unpersuaded by Defendants' concerns about irreparable

harm, which are centered on Plaintiff "leading and controlling the administration

of this action."   Doc. No. 236, at 2.   Defendants point to no legal authority that

even suggests Plaintiff's litigation conduct is a basis for a stay, and any concerns

can be readily resolved by designating the communications as "Highly Confidential

– Attorneys' Eyes Only" ("HC-AEO") such that Plaintiff would not have access to

them.   Defendants' assertions of irreparable harm are further undercut where they

waited more than three (3) weeks after the Court's Order, and 11 days post-

compliance deadline, to request a stay.   *See Express Homebuyers USA*, 2018 WL

1814198, at *1.   For these reasons, Defendants' motion to stay (Doc. No. 236) will be denied.[3]

### B.   *The Sanctions Order (Doc. No. 230)*

The Court next turns to Plaintiff's sanctions motion as it pertains to these communications.   Doc. No. 230, at 1.   Defendants admit that they failed to comply with the February 27, 2026 deadline, and the only explanation for their noncompliance is that they have filed objections and a belated motion to stay, which the Court has now denied.   Doc. No. 237.   However, a discovery order is "a final order absent reversal by the district court."   *TemPay, Inc. v. Biltres Staffing of Tampa Bay*, 929 F. Supp. 2d 1255, 1260 (M.D. Fla. 2013).   "Thus, an objection does not relieve a party of the obligation to comply with the order."   *Express Homebuyers USA*, 2018 WL 1814198, at *1.   *See also Myers v. Cent. Fla. Invs., Inc.*, No. 6:04-cv-1542-Orl-28DAB, 2006 WL 462589, at *1, n. 1 (M.D. Fla. Feb. 27, 2006) ("Filing an objection to a discovery order does not operate as a stay of the Order."); *Taser Int'l, Inc.*, 2023 WL 12189258, at *2 (absent grant of a stay before expiration of the deadline, "the party subject to the final order is bound to perform as directed or risk sanctions for non-compliance"). Therefore, the Court does not find Defendants' explanation for its noncompliance to be substantially justified, and Plaintiff's

---

[3] This Order should not be interpreted as speaking to the objections Defendants timely-filed before the Presiding District Judge.   Doc. No. 225.

motion for sanctions in this regard is well taken.  The Court will grant Plaintiff's motion as it pertains to the Wilson/Walliman communications, and assess sanctions as discussed below.

## II.   SCOPE OF DEFENDANT WILSON'S SEARCH

In his sanctions motion, Plaintiff also contends that Defendant Wilson's affidavit detailing the scope of his search for various responsive documents was insufficient in that Defendant Wilson (1) did not search for all keywords he identified in another affidavit (Doc. No. 223); (2) only searched for communications using individual's full names rather than partial names; (3) did not identify all names and/or nicknames used to refer to Plaintiff, John Elik, and/or the works at issue in the amended complaint; (4) failed to search in response to certain requests for production; (5) failed to provide a more detailed recitation of the scope of the search conducted; and (6) failed to do a complete search of his residence, specifically a search of multiple computers.  Doc. No. 230, at 2-3.

In their response, Defendants do not address Plaintiff's complaints regarding the search for keywords, the use of full versus partial names, or whether Defendant Wilson gave a full accounting of all nicknames or names used to identify Plaintiff, John Elik, and/or the works at issue in the amended complaint.  Doc. No. 237, at 2-3.  As such, this portion of Plaintiff's motion is deemed unopposed.  *See* Local

- 10 -

Rule 3.01(d).[4]    And a review of Defendant Wilson's two (2) affidavits readily demonstrates that there are terms Defendant Wilson identified as using to refer to the works at issue in the amended complaint, to Plaintiff, to John Elik, and to "the Gatalog" that are missing from Defendant Wilson's description of the search he conducted.    *See* Doc. Nos. 221, 223; *see also* Doc. No. 213, at 14.    Given the absence of any argument on this point by Defendants, the Court finds Plaintiff's motion for sanctions well-taken, and the Court will require Defendant Wilson to provide a supplemental affidavit, and Defendants will make a supplemental document production, as described below.

The Court is not persuaded, however, by Plaintiff's argument that Defendant Wilson did not conduct a search in response to certain requests for production (RFPs 58-62, 66 110-113).    Doc. No. 230, at 2.    Defendant Wilson's affidavit clearly states that his search "covered documents and information for . . . RFPs 58-114 from January 1, 2022."    Doc. No. 231, at 12.    The Court is at a loss as to what else Defendant Wilson was required to do, and in the absence of any further explanation from Plaintiff, this portion of the motion for sanctions will be denied.[5]

The Court similarly is unpersuaded by Plaintiff's claim that Defendant Wilson did not fully describe how he conducted his search.    Doc. No. 230, at 2.

---

[4] Defendants did not seek leave for additional briefing.    *See* Doc. No. 61, ¶ 7.
[5] Plaintiff also did not seek leave for additional briefing.    *See* Doc. No. 61, ¶ 7.

Defendant Wilson's affidavit explains in detail the scope of his search, including personal computers, cell phones, personal email accounts, social media accounts, and his residence.   Doc. No. 221, at 11-12.   The Court did not require Defendant Wilson to do anything more – and in particular did not require Defendant Wilson to search business email accounts from his home as Plaintiff suggests – and therefore the Court does not find sanctions to be warranted.   *See* Doc. No. 213, at 11, n.4.   And Plaintiff's contention that Defendant Wilson did not conduct a complete search of his residence is based on speculation set forth in Plaintiff's own self-serving declaration.   *See* Doc. No. 230-3.   The Court takes Defendant Wilson's affidavit, which is notarized and signed under penalty of perjury, as true. Doc. No. 221.   Without more, the Court does not find sanctions are appropriate, and will deny Plaintiff's motion in this regard.   Of course, Plaintiff is free to explore this issue at deposition, and to file an appropriate motion thereafter if further evidence is uncovered.

## III.   RELEVANCY/PROPORTIONALITY OBJECTIONS

Plaintiff also seeks sanctions on the basis that the Court overruled certain relevancy and proportionality objections Defendants raised, and that Defendants thereafter failed to produce documents in response to several requests for production, as well as failed to answer several interrogatories.   Doc. No. 230, at 3. Plaintiff does not expand on this argument further.   *Id., see also* Doc. No. 61, ¶ 7.

- 12 -

The Court's February 13, 2026 Order ruled on several objections regarding relevancy and proportionality, and Defendants represent that their production was made subject to those rulings.   Doc. No. 237, at 3; *see also* Doc. No. 213, at 6-8. Without further explanation from Plaintiff, the Court simply cannot ascertain what Plaintiff is complaining about, and therefore this portion of Plaintiff's sanctions motion will be denied.   *See, e.g.*, *Deepgulf Inc v. Moszkowski*, No. 3:18-CV-1466-MCR/MJF, 2018 WL 11202705, at *1 (N.D. Fla. Oct. 3, 2018) ("Rule 7(b)(1) of the Federal Rules of Civil Procedure requires that motions state with particularity the grounds for seeking the order. . . .   The purpose of the particularity requirement in Rule 7 is to afford notice of the grounds and prayer of the motion to both the court and to the opposing party, providing that party with a meaningful opportunity to respond and the court with enough information to process the motion correctly. . . . Thus, a one-sentence argument, devoid of any analysis or citation to authority, generally will be insufficient to satisfy the particularity requirement." (citations and quotations omitted)).

## IV.   PRODUCTION/REDACTION OF FINANCIAL DOCUMENTS

The last issue Plaintiff raises in his motion for sanctions relates to Defendants' production of financial information.   Doc. No. 230, at 1.   The Court directed Defendants to produce by February 27, 2026 Defendant Cody Wilson's individual tax returns (federal and state) from January 1, 2021 to present, and Defendants

Defcad, Inc.'s and Defense Distributed's balance statements, income statements, and tax returns (federal and state) from January 1, 2021 to present.   Doc. No. 213, at 7-8.   Plaintiff complains that Defendants only produced redacted versions of some of the information, no financial information whatsoever for Defcad, and no balance sheets past 2024.   Doc. No. 230, at 1.

With respect to Defendant Defcad, Defendants state in response that they did produce financial information on February 27, 2026, and have attached email correspondence confirming production was made on that date.   Doc. No. 237, at 1; Doc. Nos. 237-1; 237-2.   And with respect to production post-2024, Defendants represent that they previously informed Plaintiff that "no responsive tax returns or balance sheets exist for the period after 2024."   Doc. No. 237, at 1-2.   "The Court cannot compel further production of documents that apparently do not exist." *Wyndham Vacation Ownership, Inc. v. Montgomery L. Firm, LLC*, No. 6:18-cv-2121-Orl-37LRH, 2019 WL 13591287, at *7 (M.D. Fla. July 2, 2019).   *See also Calhoun v. Volusia Cnty.*, No. 6:04-cv-106-Orl-31DAB, 2007 WL 1796259, at *1 (M.D. Fla. June 20, 2007) ("[T]he Court cannot compel production of documents that do not exist."). Accordingly, this portion of Plaintiff's sanctions motion will be denied.

Turning to the redactions, Defendants represent that they only redacted "personal and confidential information," to include Social Security numbers, Employer Identification Numbers, Tax ID Numbers, and third-party preparer

- 14 -

information, and that no financial information was redacted.   Doc. No. 237, at 2. However, the February 13, 2026 Order did not permit any redactions (Doc. No. 213, at 7-8), and Defendants never moved for reconsideration or for clarification of the Court's February 13, 2026 Order – they simply redacted the discovery without authorization.   Instead, on March 10, 2026, Defendants filed a motion for protective order apparently seeking *post hoc* approval of these redactions.   Doc. No. 239. Plaintiff of course opposes.   Doc. No. 249.

Defendants' motion for a protective order is due to be denied as patently untimely.   The deadline to produce materials was February 27, 2026, and the issue of redactions was never raised with the Court either at the February 10, 2026 hearing or in any other filing that the Court is aware of (or that Defendants point to).   Doc. No. 213, at 7-8; *see also* Doc. No. 220.   Rather, Defendants waited until 11 days after the deadline had expired – and only after Plaintiff moved for sanctions – to retroactively seek approval for the redactions.   And again, Defendants do not explain their tardiness nor their failure to raise this issue sooner.   *See, e.g.*, Doc. No. 220, at 107 (THE COURT: "Ms. Leitner, anything else you want to add on the financial discovery and the ruling I just made?"   MS. LEITNER: "No, Your Honor.").   Accordingly, Defendants' motion for protective order (Doc. No. 239) will be denied.   *See Easterwood v. Sedgwick Claims Mgmt. Servs. Inc.*, No. 6:19-cv-700-WWB-LRH, 2021 WL 2805923, at *1 (M.D. Fla. Mar. 17, 2021) ("[T]o the extent that

Defendant now argues undue burden and seeks to avoid the discovery required by the February 8, 2021 Order by motion for protective order, such request is untimely. Here, Defendant filed the motion for protective order not only well after the deadline for responding to the discovery, but also after the Court had ruled on three separate discovery motions related to the discovery.  The motion is therefore, in large part, patently untimely." (citing *Laughon ex rel. Laughon v. Jacksonville Sheriff's Office*, No. 3:06-cv-692-J-25HTS, 2007 WL 1247305, at *2 (M.D. Fla. Apr. 30, 2007) ("A motion for protective order must be filed timely. . . .  A motion for a protective order is generally untimely if it is made after the date the discovery material was to be produced."))).  *See also Johnson v. New Destiny Christian Ctr. Church, Inc.*, No. 6:15-cv-1698-Orl-37GJK, 2016 WL 11187163, at *3 (M.D. Fla. Aug. 19, 2016) ("[A] party seeking a protective order from responding to written discovery requests must file the motion for protective order prior to the date its responses to discovery are due." (citation omitted)).

That said, given Plaintiff's representation that he has no issue with Defendants redacting "SSNs, PTNNs, EFINs, and signature PINs," the Court will allow those portions of the financial information produced to remain redacted. Doc. No. 249, at 3.    The Court will order all other redactions to be removed from the financial information in question and for the unredacted versions to be

produced to Plaintiff, but will direct Defendants to designate same as HC-AEO.[6]

With these rulings, the Court declines as unnecessary Defendants' invitation to conduct an *in camera* review.[7]

## V. SANCTIONS

With all three motions now resolved, the Court turns to the appropriate sanctions to be awarded. Plaintiff requests sanctions under Federal Rule of Civil Procedure 37(b)(2) to include attorneys' fees as well as an order directing the matters at issue to be deemed admitted, prohibiting Defendants from using the

---

[6] The Court makes this ruling given Defendants' concerns about Plaintiff himself having access to this information, however, this Order should not be interpreted as a finding on the merits of those concerns. Plaintiff is of course free to challenge these designations in separate, legally supported motions.

[7] Defendants rely on two cases to support their redactions. In response to the motion for sanctions, Defendants cite to *Dos Santos v. AIDS Healthcare Found., Inc.*, No. 19-62336-CIV, 2020 WL 12182199, at *3 (S.D. Fla. July 24, 2020), (Doc. No. 237, at 2), where the court permitted redaction of confidential information and any information "related to non-parties" from tax returns. However, the court does not explain what "non-parties" means, and there is no analysis regarding privacy concerns, thus it is unclear whether *Dos Santos* would extend to third-party tax preparers (who are at issue here). The Court is also unpersuaded by Defendants' citation in its motion for protective order to *Wireless Shop, LLC v. TracFone Wireless, Inc.*, No. 18-23160, 2019 WL 2135666, at *1 (S.D. Fla. Feb. 28, 2019). Doc. No. 239, at 2. That case memorialized an agreement between the parties, it made no legal findings, and it related to the production of personal income tax returns for two individuals who were not parties to the case, and in the narrow instance where the plaintiff company's taxes were listed on those individual tax returns. Defendants do not even attempt to argue that this same situation exists in this case. In any event, it bears repeating that Defendants' arguments are untimely, any privacy concerns will be ameliorated by the HC-AEO designation, and the Court finds that Plaintiff has sufficiently established the relevancy of the identities of the third-party tax preparers. *See* Doc. No. 249, at 2.

discovery to support any claims or defenses, staying the case until any Court orders are obeyed, the entry of default judgment, and/or a finding of contempt of court. Doc. No. 230, at 3 (citing Fed. R. Civ. P. 37(b)(2)(A)(i), (ii), (iv), (vi), or (vii)).

Federal Rule of Civil Procedure 37(b)(2) grants the Court broad authority in sanctioning a party for failure to comply with a court order to provide discovery, including striking pleadings and dismissing an action in whole or in part. Fed. R. Civ. P. 37(b)(2)(A); *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). The Court may also treat "as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ. P. 37(b)(2)(A)(vii). District courts have broad discretion to fashion appropriate sanctions for violations of discovery orders. *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993). However, the "severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Id.*

Further, under Rule 37(b)(2)(C), if a party "fails to obey an order to provide or permit discovery," "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C); *see Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993) (citing Rule 37(b)(2)(C) and

explaining that the "district court has broad discretion to control discovery," including "the ability to impose sanctions on uncooperative litigants"). However, sanctions are not generally warranted where a party has shown that it made all reasonable efforts to comply with the Court's order. *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1050 (11th Cir. 1994).

Upon review of the relevant filings and the history of this case, including the parties' well-documented difficulties in cooperating in discovery (with fault on both sides), and given that the Court is only granting in part and denying in part Plaintiff's motion, the Court does not find that the drastic sanctions Plaintiff seeks are appropriate at this time. On the other hand, the Court cannot allow Defendants to emerge "scot-free," particularly with respect to the dispute over the Wilson/Walliman communications, which the Court has now addressed for a third time. The Court therefore finds that an award of fees is a sufficient sanction, but Defendants are advised in the strongest terms possible that further failures to comply with valid Court orders may subject Defendants to the full panoply of sanctions available under Rule 37(b)(2). *See Malautea*, 987 F.2d at 1543 (when less drastic sanctions do not ensure compliance with court orders, such as when a defendant refuses to reveal discoverable information and willfully violates court orders, more severe sanctions, including default judgment, may be appropriate).

## VI.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED:**

1.      Plaintiff's Time Sensitive Plaintiff's Short-Form Motion for Sanctions Under Rule 37(b)(2) (Doc. No. 230) is **GRANTED IN PART AND DENIED IN PART** as follows:

- Within **fourteen (14) days** from the date of this Order, Defendants shall produce to Plaintiff all communications between Cody Wilson and Garret Walliman listed on Defendants' deficient privilege log (Doc. No. 200-1).   The communications shall all be marked HC-AEO.   *See also* Doc. No. 213, at 11-12.

- Within **fourteen (14) days** from the date of this Order, Defendants shall serve on Plaintiff a supplemental affidavit fully executed under penalty of perjury by Defendant Wilson detailing the scope of his search for responsive documents, including how and where he searched for information responsive to various document requests. This affidavit shall include a search using all keywords previously identified, including all terms listed in Defendant Wilson's second affidavit (Doc. No. 223); as well as a search using all terms identified in Plaintiff's second amended complaint (Doc. No. 43, ¶¶ 109-16, 120-21, 147, 149, 159-68, 211, 230-45), and a search of all terms identified in

Plaintiff's exhibit attached to the motion for sanctions (Doc. No. 230-2). The search shall use both full and partial names for those individuals identified in Defendant Wilson's prior affidavits (Doc. Nos. 221, 223), and Plaintiff's exhibit (Doc. No. 230-2).

- By this same **fourteen (14) day deadline**, Defendants shall also make a supplemental production to Plaintiff of all responsive documents located following the search described in the previous paragraph.

- Within **fourteen (14) days** from the date of this Order, Defendants shall produce to Plaintiff all financial information previously produced, but may maintain redactions as to "SSNs, PTNNs, EFINs, and signature PINs." All other redactions must be removed. This re-produced financial information shall be designated "HC-AEO."

- Within **fourteen (14) days** from the date of this Order, Plaintiff shall file an affidavit, signed under penalty of perjury, detailing the fees and costs incurred with the filing of Plaintiff's motion for sanctions (Doc. No. 230) and in responding to Defendants' motion to stay (Doc. No. 236). Plaintiff shall adhere to the federal lodestar standard, and shall provide legal authority and evidence establishing the reasonableness of the requested hourly rates and the requested hours for these filings. Within **fourteen (14) days** from the date of this filing, Defendants may

file a response challenging any of the requested fees, with citation to relevant legal authority in support. The Court will thereafter take the matter under advisement and order an appropriate amount of fees, to be levied jointly and severally against counsel and Defendants. *See* Fed. R. Civ. P. 37(b)(2)(C).

2. In all other respects, Plaintiff's motion for sanctions (Doc. No. 230) is **DENIED**.

3. Defendants' Motion to Stay Compliance (Doc. No. 236) is **DENIED.**

4. Defendants' Motion for Protective Order (Doc. No. 239) is **DENIED.**

5. **The deadlines in this Order will not be further extended, and any further failures to comply may subject Defendants to additional sanctions under Fed. R. Civ. P. 37(b)(2).**

**DONE** and **ORDERED** in Orlando, Florida on March 19, 2026.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record