# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MATTHEW LAROSIERE,

      Plaintiff,

v.

      Case No:   6:24-cv-1629-AGM-LHP

CODY RUTLEDGE WILSON,
DEFCAD, INC., DEFENSE
DISTRIBUTED, DIOSKOUROI LLC,

      Defendants

---

## ORDER

Plaintiff has alleged claims against Defendants of willful copyright infringement under the Copyright Act, 17 U.S.C. § 504, claims of false designation of origin and unfair competition under the Lanham Act, 15 U.S.C. § 1125, and a claim of unauthorized publication of name or likeness in violation of Fla. Stat. § 540.08.   Doc. No. 43.   Defendants have answered (Doc. No. 52), and discovery closes on May 1, 2026.   Doc. No. 58.

Now before the Court is Defendant's Motion to Compel Compliance with Rule 26(a)(1) Disclosures.   Doc. No. 231.   Plaintiff opposes.   Doc. No. 241.   The deadline to serve initial disclosures was January 30, 2025.   Doc. No. 58.   On the

deadline, Plaintiff served initial disclosures that did not contain any damages calculation or discussion of damages. Doc. No. 231-1. Defendants did not challenge this deficiency until October 2025, and following a meet and confer, Plaintiff served his first amended initial disclosures on November 5, 2025, which contained a discussion of damages with various estimates. Doc. No. 231-4. It appears that there were attempts to confer – both via letters, emails, and Zoom (*see* Doc. Nos. 231-2, 231-3, 231-5, 241-1, 241-2) – however, as of the date that Defendants filed the present motion (March 5, 2026), Plaintiff had not further amended his initial disclosures.

In their motion to compel, Defendants contend that Plaintiff's initial disclosures remain deficient in that Plaintiff has not provided a sufficiently detailed computation of his damages and has not provided copies of any insurance agreements that could be used to satisfy a judgment in this case. Doc. No. 231. In response, Plaintiff argues that the parties did not sufficiently confer in good faith, and that Plaintiff cannot provide any more detailed damages calculations because the information necessary to do so is in the possession of Defendants. Doc. No. 241, at 1-2; Doc. No. 241-2. With respect to the insurance policies, Plaintiff represents that he previously explained to Defendants that no such insurance policies exist, and also attaches a second amended initial disclosure clearly stating as much. *Id.*, at 2-3; *see also* Doc. No. 241-1, at 6-8 (email dated February 20, 2026

from Plaintiff's counsel to Defendants' counsel stating that no insurance policies exist); Doc. No. 241-3, at 1 (second amended initial disclosures dated March 10, 2026).

Given Plaintiff's representations and supporting attachments, the Court finds that the portion of Defendants' motion related to any insurance agreements is resolved and that Defendants were aware that no insurance agreements existed prior to the filing of the motion to compel, therefore the motion (Doc. No. 231) will be denied in this regard.   This leaves the dispute over Plaintiff's damages calculations.

Federal Rule of Civil Procedure 26(a) provides, in relevant part:

Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

. . . .

(iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered[.]

Fed. R. Civ. P. 26(a)(1)(A)(iii).

Rule 26(a) further provides, "A party must make its initial disclosures based on the information then reasonably available to it.   A party is not excused from

making its disclosures because it has not fully investigated the case . . . ."   Fed. R. Civ. P. 26(a)(1)(E).

Pursuant to Rule 26(a)(1), "It is not Defendant's task to calculate Plaintiff's damages for her, nor must Defendant be left to guess as to the elements of Plaintiff's claimed damages.   Plaintiff is obligated to comply with Rule 26, and compute it as it stands now, bearing in a mind that a party is under a duty to supplement its response, as appropriate."   *Oliver v. City of Orlando*, No. 6:06-cv-1671-Orl-31DAB, 2007 WL 3232227, at *3 (M.D. Fla. Oct. 31, 2007) (citation omitted).   "[A]lthough estimates are often necessary in lieu of the precise damage calculation, they do not preclude a party from complying with the rule."   *Peninsula Grp. Capital Corp. v. Greater Orlando Aviation Auth.*, No. 6:09-cv-2097-Orl-35GJK, 2010 WL 11507775, at *3 (M.D. Fla. June 17, 2010).

In his November 5, 2025 amended initial disclosures, Plaintiff first discusses his damages pursuant to his claims under the Copyright Act, which authorizes a copyright owner to elect, at any time before final judgment is entered, to recover either their actual damages and profits, or an award of statutory damages for each infringement.   17 U.S.C. § 504(c)(1); *see also* Doc. No. 231-4, at 7.   The amount of statutory damages is not less than $750.00 nor more than $30,000.00 per infringement, 17 U.S.C. § 504(c)(1), however, if the copyright owner can prove that the infringement was willful, the statutory damages may increase to a maximum of

- 4 -

$150,000.00 per infringement, 17 U.S.C. § 504(c)(2).   Plaintiff explains that with respect to statutory damages, he has identified in his amended complaint (Doc. No. 43) "approximately five hundred sixty-one registered photographic, literary, and three-dimensional visual works," that Defendants infringed, and that Plaintiff intends to prove that each infringement was willful.   Doc. No. 231-4, at 7.   As such, Plaintiff calculates his statutory damages as the maximum available per infringement ($150,000.00) times 561 works, for a total of $84,150,000.00 in statutory damages.   *Id.* [1]   This calculation is sufficiently clear at this stage, Defendants' argument that Plaintiff has provided no computation is simply false, and Defendants provide no legal authority suggesting otherwise.   Doc. No. 231, at 2.[2] Accordingly, Defendants' motion will be denied as to statutory damages.

Plaintiff also states in his November 5, 2025 amended initial disclosure that he may, in the alternative, seek actual damages for his Copyright Act claims under 17 U.S.C. § 504(b), which permits the copyright owner to recover actual damages suffered by the owner or as a result of the infringement and any of the infringer's profits that are attributable to the infringement.   17 U.S.C. § 504(b); *see also* Doc. No.

---

[1] Although Plaintiff's second amended initial disclosures provide slightly more exposition, the calculations remain the same.   Doc. No. 241-3.

[2] The decisions Defendants reference in their motion stand for general principles regarding Rule 26(a)(1) disclosures and do not address the necessary computations for statutory damages.   Doc. No. 231, at 2-3.

231-4, at 7-8.   Plaintiff makes clear that he intends to calculate actual damages using Defendants' profits, specifically the revenue Defendants generated from membership subscriptions of $60.00 per year per user for access to Defcad.com and Legio, through sales of USB drives containing the infringing works, and through publication and sale of the "Black Flag White Paper" which "monetizes infringing conduct."   Doc. No. 231-4, at 7-8.   Plaintiff then estimates that the combined actual damages and profits subject to disgorgement exceed one million dollars.   *Id.*

Defendants argue that this estimate is not supported by evidence, accounting analysis, or expert calculations (Doc. No. 231, at 2), and the Court agrees that this estimate does not satisfy the requirements of Rule 26(a)(1).   *See Boldstar Tech., LLC v. Home Depot USA, Inc.*, No. 07-80435-CIV, 2008 WL 11320010, at *2 (S.D. Fla. Feb. 28, 2008) ("[T]o comply with the initial disclosure requirements of Rule 26, parties must perform 'some analysis,' and cannot rely on general statements." (citing *McBride v. Coats*, No. 8:06-cv-1490-T-24EAJ, 2007 WL 3144028, *1 (M.D. Fla. Oct. 24, 2007) (citation omitted) (noting that Rule 26(a)(1)(C)'s computation provision requires plaintiff to perform some analysis and provide more than a mere "lump sum statement" of alleged damages)).   However, as Plaintiff explains in his response, the financial discovery that Plaintiff requires in order to perform a more precise and supported calculation lies with Defendants, Defendants continue to refuse to provide full discovery on this topic, and the discovery that was recently

provided is contradictory and confusing, requiring further analysis and discovery. Doc. No. 241, at 1-2.

On this point, the Court agrees with Plaintiff. There can be no dispute that discovery in this matter has been difficult. The Court only recently on February 13, 2026 ordered Defendants to produce their financial statements and tax returns, with such production due on February 27, 2026, and again ordered further unredacted production by Order dated March 19, 2026, with an April 2, 2026 deadline. Doc. Nos. 213, 251; *see also* Doc. No. 220. Defendants filed the present motion to compel on March 5, 2026, a mere six (6) days after producing their redacted financial documents, and while the dispute over whether the production was sufficient remained outstanding. *See* Doc. No. 230. The Court cannot find Plaintiff to have violated Rule 26(a)(1) at this time when the basis for his actual damages calculations are *Defendants' profits*, where Defendants did not produce discovery relevant to that issue until February 27, 2026, and further disputes over the quality of that production remain outstanding. The Court therefore will deny this portion of Defendants' motion, while also reminding Plaintiff of his continuing duty to supplement his disclosures – even without a request from the opposing side. *See, e.g.*, *Stoll v. Musculoskeletal Inst., Chartered*, No. 8:20-cv-1798-T-36AAS, 2020 WL 6784115, at *2-3 (M.D. Fla. Nov. 18, 2020) (denying motion to compel more complete initial disclosures related to damages calculations where plaintiffs had not yet

received discovery about the extent of a data breach, and therefore did not yet know

the extent of their damages, but reminding plaintiffs of their duty to supplement

their initial disclosures as discovery progresses); *Drc Emergency Servs., LLC v.*

*Ashbritt, Inc.*, No. 14-62924-CIV, 2015 WL 12746109, at *3 (S.D. Fla. June 19, 2015)

("As Plaintiff points out, many of the documents necessary for it to make a more

specific damages calculation are in Defendants' custody or control.   Under the

circumstances, it would be unreasonable to expect Plaintiff to make a definitive

damages disclosure at this stage of the proceedings." (citation omitted)); *see also*

*LeBlanc v. Unifund CCR Partners, G.P.*, No. 8:06-cv-1216-T-TBM, 2007 WL 2446900,

at *1 (M.D. Fla. Aug. 23, 2007) (stating that the disclosing party must make "a good

faith estimate of damages and methods of calculations based on the information

available at this stage of the litigation while reserving the right to amend his

calculation"); 8A Wright & Miller Fed. Prac. & Proc. Civ. § 2053 (3d ed.) (stating that

the "disclosure provision applies only with respect to materials available to the

party seeking monetary relief, and where the materials necessary for the

computation are not in this party's possession," the disclosure requirement does

not apply); Fed. R. Civ. P. 26(e)(1).[3]

---

[3] Defendants cite to *Oliver v. City of Orlando*, No. 6:06-cv-1671-Orl-31DAB, 2007 WL
3232227, *3 (M.D. Fla. Oct. 31, 2007) for the proposition that no party is excused from
making initial disclosure damages calculations simply because the party has not
completed its investigation of the case.   Doc. No. 231, at 3.   The Court has no quarrel with
this doctrine, but that is not what is happening in this case.   Here, Plaintiff has attempted

With respect to Plaintiff's damages for his claims under the Lanham Act and Fla. Stat. § 540.08, Plaintiff states in his November 5, 2025 amended initial disclosures: "These claims involve the false designation of origin and the unauthorized commercial use of Plaintiff's name and likeness in Defendants' advertising and promotional materials.   Plaintiff seeks Defendants' profits, actual damages, and treble or exemplary damages as permitted by 15 U.S.C. § 1117(a), with the preliminary value of these claims estimated between one hundred fifty thousand and two million dollars, subject to refinement through discovery."   Doc. No. 231-4, at 8.   There is no mention of statutory damages.   *Id.*   Defendants argue that this range is too vague and is unsupported by any documentation.   Doc. No. 231, at 2-3.   Plaintiff again argues that it cannot provide a more precise calculation due to the aforementioned disputes over discovery of Defendants' financial information.   Doc. No. 241, at 1-2.

Plaintiff cites to 15 U.S.C. § 1117(a) for his Lanham Act damages, and that provision authorizes a prevailing plaintiff to recover "(1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action," and provides

---

to make damages calculations and provided a basic explanation regarding Defendants' profits and sales.   Any further details were (and to some extent still are) in the hands of Defendants, thus any further supplementation from Plaintiff will be forthcoming as discovery progresses.   And it appears that Plaintiff has attempted supplementation with his second amended initial disclosures (Doc. No. 241-3), which only further demonstrates the ongoing disputes over financial discovery.

that "[t]he court shall assess such profits and damages or cause the same to be assessed under its direction.   In assessing profits, the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed."   15 U.S.C. § 1117(a).   The Court is also authorized to award treble damages.   *Id.*   This statute plainly authorizes the damages Plaintiff seeks, and again requires proof of Defendants' profits, including sales, which, as the Court addressed above, Plaintiff is still in the process of obtaining from Defendants.   The Court agrees that in light of the ongoing discovery disputes, Plaintiff is unable to provide a more detailed calculation at this time, however Plaintiff is again reminded of his duty to supplement as information becomes available.   *See Stoll*, 2020 WL 6784115, at *2-3; *Drc Emergency Servs.*, 2015 WL 12746109 at *3.

Plaintiff falls short, however, with respect to his damages under Fla. Stat. § 540.08.   That statute permits a person whose name or likeness has been used without consent to file a civil action and "to recover damages for any loss or injury sustained by reason thereof, including an amount which would have been a reasonable royalty, and punitive or exemplary damages."   Fla. Stat. § 540.08(2). The statute further provides that "the remedies provided for in this section shall be in addition to and not in limitation of the remedies and rights of any person under the common law against the invasion of her or his privacy."   *Id.* § 540.08(7).   But other than mentioning § 540.08 once, Plaintiff wholly fails to provide any calculation

- 10 -

or estimate of damages, rather he focuses on the Lanham Act, and it is entirely unclear what portion, if any of the estimated \$150,000.00 to \$2,000,000.00 listed is attributable to Fla. Stat. § 540.08.   *See* Doc. No. 231-4, at 8.[4]   As such, Plaintiff has not satisfied his obligations under Rule 26(a)(1), and in this regard Defendants' motion will be granted.   *See Ali v. Pendergast & Assocs., P.C.*, No. 1:12-CV-02983-RWS-GGB, 2013 WL 12061849, at *4 (N.D. Ga. Dec. 10, 2013) ("Plaintiffs' initial damages disclosures fail to comply with Rule 26 because they contain only categories of the damages that Plaintiffs claim as opposed to a computation of such damages as required by the rule." (citing *McBride*, 2007 WL 3144028, at *1)).

For these reasons, Defendants' Motion to Compel Compliance with Rule 26(a)(1) Disclosures (Doc. No. 231) is **GRANTED IN PART AND DENIED IN PART.**   Within **fourteen (14) days** from the date of this Order, Plaintiff shall serve a third amended initial disclosure which details the basis for Plaintiff's damages claim under Fla. Stat. § 540.08, including the categories of damages sought, and the calculation of same.   If Plaintiff is basing his damages on Defendants' financial information obtained through discovery, he shall explain as much, including

---

[4] Plaintiff's March 10, 2026 second amended initial disclosures suffer from this same deficiency.   Doc. No. 241-3, at 8.

- 11 -

citation to legal authority supporting this assertion. [5]   In all other respects, Defendants' motion (Doc. No. 231) is **DENIED**.   *See* Fed. R. Civ. P. 37(a)(5)(C).

**DONE** and **ORDERED** in Orlando, Florida on March 20, 2026.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[5] If by this deadline, Plaintiff obtains additional financial discovery from Defendants that will assist in calculating Plaintiff's damages under the Copyright Act and the Lanham Act, the Court encourages Plaintiff to also supplement those damages calculations as required by Fed. R. Civ. P. 26(e)(1). *Cf. Mee Indus. v. Dow Chem. Co.*, 608 F.3d 1202, 1221-22 (11th Cir. 2010) (finding that the district court did not abuse discretion to exclude undisclosed theories of damages and evidence not disclosed during discovery).

- 12 -