# EXHIBIT A

## Leitner, Leia V.

| | |
|---|---|
| **From:** | Zachary Zermay <zach@zermaylaw.com> |
| **Sent:** | Tuesday, February 17, 2026 9:07 PM |
| **To:** | Leitner, Leia V.; Zibas, Jura C.; Chad Flores; Gyebi, Amaris; chad-flores-7646 @ecf.pacerpro.com; service@chadflores.law; Kujawski, Cheryl A. |
| **Cc:** | Geraldine Phillips |
| **Subject:** | Re: Matthew Larosiere v Cody WIlson et al (26387-00008) - March 17, 2026 - Mr. Wilson's Deposition |
| **Attachments:** | 2.17.2026_DEFCAD 30b6.pdf; 2.17.2026_Dioskouroi 30b6.pdf; 2.17.2026_Defense Distributed 30b6.pdf |

> EXTERNAL EMAIL - This email originated from outside the organization.

Good evening,

As you know, we have already set a date to depose Mr. Wilson in his individual capacity.

Attached are the 30(b)(6) deposition topics for the other Defendants. Please identify the corporate representatives and let me know when they are available to sit for their depositions. Thanks.

Sincerely,
Zachary Z. Zermay, Esq.

## Zermay Law
P (305) 767-3529 | W zermaylaw.com | E zach@zermaylaw.com|
A 3000 Coral Way, Suite 1115, Coral Gables, FL 33145



On Tue, Feb 17, 2026 at 12:13 PM Leitner, Leia V. <Leia.Leitner@wilsonelser.com> wrote:

> Dear Mr. Zermay:
>
> I am reaching out to discuss the deposition topics for Mr. Wilson's upcoming deposition, currently scheduled for March 17, 2026, at 9:00 a.m. EST. We understand that you previously noticed Mr. Wilson's deposition on an individual basis. Please confirm whether you intend to proceed with Mr. Wilson's deposition on an individual basis or whether you now intend to depose Mr. Wilson on behalf of the corporate entities Defcad, Defense Distributed, and Dioskouroi, LLC (collectively, the "Defendant Entities").

1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

*Plaintiff,*

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc.,
DEFENSE          DISTRIBUTED,          and
DIOSKOUROI LLC,

*Defendants.*

_____/

**PLAINTIFF'S NOTICE OF TAKING RULE 30(b)(6)
DEPOSITION OF DEFCAD INC.**

**PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Civil Procedure
30(b)(6), Plaintiff will take the deposition upon oral examination of DEFCAD Inc.

The deposition will be conducted by remote audiovisual means before a court
reporter authorized to administer oaths, on a date and time to be mutually agreed
upon.

DEFCAD Inc. is requested to immediately designate one or more officers, directors,
managing agents, or other persons who consent to testify on its behalf and who are
knowledgeable and prepared to testify fully regarding the matters set forth below.

Plaintiff requests that DEFCAD Inc. provide dates of availability for a remote
deposition of its designated individuals that are within thirty (30) days of service of
this Notice. If dates are not promptly given, Plaintiff will unilaterally set the dates
in accordance with the Rules.

**MATTERS FOR EXAMINATION**

**A. Copyright Liability Topics**

1. **Creation, Authorship, and Development of the Works**
   Transfers, assignments, or licenses of copyright rights; documents showing

1

creation dates, authors, and related information; information sufficient to identify who DEFCAD Inc. believed owned or possessed rights.

2. **Access to the Works**
How Defendant first learned of Plaintiff's works; communications referencing the works; persons who accessed them; internal discussions.

3. **Internal Use of the Works**
Comparison analyses; changes made after learning of the works; removal of copyright notices, including who removed them, who directed removal, purpose, and whether legal counsel was consulted.

4. **Distribution and Publication**
Methods of distribution or publication; websites, downloads, repositories; non-public sharing; sales channels; geographic scope; total views/downloads/sales; alterations or anomalies in counts.

5. **Willfulness**
Knowledge of Plaintiff's rights; whether legal advice was sought regarding infringement and admissions made in the Black Flag White Paper; copyright compliance policies; prior complaints or DMCA notices; dates of knowledge; compliance reviews; communications reflecting awareness or concern; any attempts to restrict Plaintiff's access.

6. **Damages and Profits**
Revenue attributable to accused works; deductible costs; communications, records, or data concerning sale or licensing; communications with customers.

7. **Licensing and Fair Use Defenses**
Claimed licenses or permissions; reliance on fair use or public-domain theories; timing and documentation of analyses; transformative purpose claims; legal analyses concerning licenses and fair use.

8. **Reverse Engineering**
Whether Defendant reverse-engineered Plaintiff's products; methods used; related documentation.

9. **Specific Distribution Aspects**
Policies for uploading, preparing, reviewing, or inspecting files; identities and roles of persons involved; logs or records showing edits; custody and handling of the works.

10. **Recordkeeping**
Document retention policies; email archives; internal communications;
deletion or alteration of files, including materials relating to removal of
copyright notices.

## B. Ownership / Control / Alter-Ego

11. **Corporate Structure and Control**
Records showing control, governance decisions, and decision-makers relevant
to the works; parent/subsidiary relationships; sharing of profits.

## C. False Designation of Origin

12. **Statements About Ownership or Control**
Statements suggesting Plaintiff owned, controlled, or was affiliated with the
Gatalog; when, where, and how made; persons involved.

13. **Basis for Statements**
Documents or information relied upon; investigations or due diligence; legal
advice or internal analyses.

14. **Knowledge and Intent**
When Defendant learned Plaintiff did not own/control the referenced entity;
communications discussing truth/falsity; motives; intended audience effects.

15. **Distribution and Audience**
Where statements were published; recipients; analytics or logs.

16. **Evidence of Confusion**
Complaints or inquiries; communications showing confusion; internal
tracking or discussions.

17. **Harm to Plaintiff**
Reputational harm; internal discussions acknowledging harm.

18. **Defendant's Benefit**
Revenue or business obtained; traffic or engagement metrics tied to
statements.

3

19. **Publication Details**
Advertising, website content, social media, SEO/metadata; authorship and revisions.

20. **Public Statements**
Statements in litigation filings.

### D. Legal Compliance Measures

21. **Copyright Compliance**
Training, materials, instructions, completion dates, scores; communications relating to compliance and piracy issues.

22. **Lanham Act Compliance**
Training, materials, instructions, completion dates, scores; policies on investigating origins of works or statements.

23. **Use of Likeness Compliance (§ 540.08)**
Training, materials, instructions, completion dates, scores; policies on obtaining consent.

### E. Use of Likeness

24. **Use of Plaintiff's Identity**
Instances of use of Plaintiff's name, likeness, voice, signature, or identifying characteristics; dates, locations, media; persons involved.

25. **Commercial or Promotional Purpose**
Marketing intent; campaigns; internal communications concerning expected benefit.

26. **Consent or Authorization**
Whether permission was sought; contracts or releases; Defendant's understanding of consent.

27. **Basis for Belief of Permission**
Documents or communications relied upon; legal advice; policies.

28. **Knowledge and Intent**
When Defendant learned Plaintiff objected; internal discussions; decisions to continue/stop use.

4

29. **Distribution and Audience**

Where content appeared; target audience; reach; analytics.

30. **Profits and Financial Benefit**

Revenue attributable; deductible costs; traffic or engagement metrics.

31. **Harm to Plaintiff**

Complaints; reputational harm; internal discussions.

32. **Records**

Retention policies; storage; metadata; responsible individuals.

33. **Advertising Materials**

Brochures, social posts, website pages, videos; drafts and revisions; agencies/contractors.

34. **Publication Activities**

Press releases, investor materials, customer communications; webpage/post creation; hosting platforms; edits/removals; keywords/hashtags/metadata; analytics.

**Recording Method**

The deposition will be recorded by stenographic means and audiovisual means.

**DATED:** February 17, 2026

/s/ Zachary Z. Zermay
Zachary Z. Zermay, Esq.
Fla. Bar № 1002905
*Zermay Law, P.A.*
3000 Coral Way
Ste 1115
Miami, FL 33145
Email: zach@zermaylaw.com
Tel: (305) 767-3529
*Lead Counsel for Plaintiff*
*Matthew Larosiere*

5

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 17, 2026, a true and correct copy of the foregoing Notice was served via email on all counsel of record.

*/s/ Zachary Z. Zermay*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

*Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc.,
DEFENSE            DISTRIBUTED,            and
DIOSKOUROI LLC,

*Defendants*.

_____/

## PLAINTIFF'S NOTICE OF TAKING RULE 30(b)(6) DEPOSITION OF DEFENSE DISTRIBUTED

**PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiff will take the deposition upon oral examination of Defense Distributed

The deposition will be conducted by remote audiovisual means before a court reporter authorized to administer oaths, on a date and time to be mutually agreed upon.

Defense Distributed is requested to immediately designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf and who are knowledgeable and prepared to testify fully regarding the matters set forth below.

Plaintiff requests that Defense Distributed provide dates of availability for a remote deposition of its designated individuals that are within thirty (30) days of service of this Notice. If dates are not promptly given, Plaintiff will unilaterally set the dates in accordance with the Rules.

## MATTERS FOR EXAMINATION

**A. Copyright Liability Topics**

1. **Creation, Authorship, and Development of the Works**
   Transfers, assignments, or licenses of copyright rights; documents showing

1

creation dates, authors, and related information; information sufficient to identify who Defense Distributed believed owned or possessed rights.

2. **Access to the Works**
How Defendant first learned of Plaintiff's works; communications referencing the works; persons who accessed them; internal discussions.

3. **Internal Use of the Works**
Comparison analyses; changes made after learning of the works; removal of copyright notices, including who removed them, who directed removal, purpose, and whether legal counsel was consulted.

4. **Distribution and Publication**
Methods of distribution or publication; websites, downloads, repositories; non-public sharing; sales channels; geographic scope; total views/downloads/sales; alterations or anomalies in counts.

5. **Willfulness**
Knowledge of Plaintiff's rights; whether legal advice was sought regarding infringement and admissions made in the Black Flag White Paper; copyright compliance policies; prior complaints or DMCA notices; dates of knowledge; compliance reviews; communications reflecting awareness or concern; any attempts to restrict Plaintiff's access.

6. **Damages and Profits**
Revenue attributable to accused works; deductible costs; communications, records, or data concerning sale or licensing; communications with customers.

7. **Licensing and Fair Use Defenses**
Claimed licenses or permissions; reliance on fair use or public-domain theories; timing and documentation of analyses; transformative purpose claims; legal analyses concerning licenses and fair use.

8. **Reverse Engineering**
Whether Defendant reverse-engineered Plaintiff's products; methods used; related documentation.

9. **Specific Distribution Aspects**
Policies for uploading, preparing, reviewing, or inspecting files; identities and roles of persons involved; logs or records showing edits; custody and handling of the works.

2

10. **Recordkeeping**
    Document retention policies; email archives; internal communications;
    deletion or alteration of files, including materials relating to removal of
    copyright notices.

## B. Ownership / Control / Alter-Ego

11. **Corporate Structure and Control**
    Records showing control, governance decisions, and decision-makers relevant
    to the works; parent/subsidiary relationships; sharing of profits.

## C. False Designation of Origin

12. **Statements About Ownership or Control**
    Statements suggesting Plaintiff owned, controlled, or was affiliated with the
    Gatalog; when, where, and how made; persons involved.

13. **Basis for Statements**
    Documents or information relied upon; investigations or due diligence; legal
    advice or internal analyses.

14. **Knowledge and Intent**
    When Defendant learned Plaintiff did not own/control the referenced entity;
    communications discussing truth/falsity; motives; intended audience effects.

15. **Distribution and Audience**
    Where statements were published; recipients; analytics or logs.

16. **Evidence of Confusion**
    Complaints or inquiries; communications showing confusion; internal
    tracking or discussions.

17. **Harm to Plaintiff**
    Reputational harm; internal discussions acknowledging harm.

18. **Defendant's Benefit**
    Revenue or business obtained; traffic or engagement metrics tied to
    statements.

19. **Publication Details**
Advertising, website content, social media, SEO/metadata; authorship and revisions.

20. **Public Statements**
Statements in litigation filings.

## D. Legal Compliance Measures

21. **Copyright Compliance**
Training, materials, instructions, completion dates, scores; communications relating to compliance and piracy issues.

22. **Lanham Act Compliance**
Training, materials, instructions, completion dates, scores; policies on investigating origins of works or statements.

23. **Use of Likeness Compliance (§ 540.08)**
Training, materials, instructions, completion dates, scores; policies on obtaining consent.

## E. Use of Likeness

24. **Use of Plaintiff's Identity**
Instances of use of Plaintiff's name, likeness, voice, signature, or identifying characteristics; dates, locations, media; persons involved.

25. **Commercial or Promotional Purpose**
Marketing intent; campaigns; internal communications concerning expected benefit.

26. **Consent or Authorization**
Whether permission was sought; contracts or releases; Defendant's understanding of consent.

27. **Basis for Belief of Permission**
Documents or communications relied upon; legal advice; policies.

28. **Knowledge and Intent**
When Defendant learned Plaintiff objected; internal discussions; decisions to continue/stop use.

4

29. **Distribution and Audience**

Where content appeared; target audience; reach; analytics.

30. **Profits and Financial Benefit**

Revenue attributable; deductible costs; traffic or engagement metrics.

31. **Harm to Plaintiff**

Complaints; reputational harm; internal discussions.

32. **Records**

Retention policies; storage; metadata; responsible individuals.

33. **Advertising Materials**

Brochures, social posts, website pages, videos; drafts and revisions; agencies/contractors.

34. **Publication Activities**

Press releases, investor materials, customer communications; webpage/post creation; hosting platforms; edits/removals; keywords/hashtags/metadata; analytics.

## Recording Method

The deposition will be recorded by stenographic means and audiovisual means.

**DATED:** February 17, 2026

/s/ Zachary Z. Zermay____
Zachary Z. Zermay, Esq.
Fla. Bar № 1002905
*Zermay Law, P.A.*
3000 Coral Way
Ste 1115
Miami, FL 33145
Email: zach@zermaylaw.com
Tel: (305) 767-3529
*Lead Counsel for Plaintiff*
*Matthew Larosiere*

5

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 17, 2026, a true and correct copy of the foregoing Notice was served via email on all counsel of record.

*/s/ Zachary Z. Zermay*