UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW LAROSIERE

      Plaintiff,

vs.                                  Case No:  6:24-CV-01629

CODY RUTLEDGE WILSON, DEFCAD, INC.,
DEFENSE DISTRIBUTED and
DIOSKOUROI LLC,

      Defendants.
_____/

**DEFENDANTS' TIME SENSITIVE MOTION FOR PROTECTIVE ORDER REGARDING PLAINTIFF'S RULE 30(b)(6) DEPOSITION NOTICES**

Defendants, Defense Distributed and DEFCAD, Inc., respectfully move this Court, under FRCP 26(c) and 30(d)(3), for a protective order limiting the scope of Plaintiff's 30(b)(6) deposition notices set for March 24 and 26, 2026, with deposition notices with topics served on March 13, 2026.

### I.    Plaintiff's Belatedly Added and Expanded Topics Are Improper.

Plaintiff provided a list of 30(b)(6) topics for Defense Distributed and DEFCAD, Inc. on February 17, 2026. (**Exhibit A**). On March 11, 2026, Plaintiff attempted to unilaterally set the 30(b)(6) depositions. **(Exhibit B).**  No basis existed for unilaterally setting the depositions, as deposition dates had been provided to the Plaintiff the week prior. *Id*. On March 13, 2026, Plaintiff served 30(b)(6) notices.

1

(**Exhibit C**). The notices included new and expanded topics not previously communicated. *Cf.* Exhibits A and C.

M.D. Fla. L.R. 3.04 requires fourteen days' written notice for depositions, and the last-minute expansion and addition of topics deprives Defendants of a meaningful opportunity to prepare a corporate representative on these subjects:

**Topic 15** seeks statements, claims, and publication of the Black Flag White Paper — a significant and impermissibly vague expansion from whether egal advice was sought.

**Topic 24** improperly expands a previously limited inquiry into revenue attributable to accused works to encompass all of Defendants' revenue sources.

**Topics 18, 27, 30, 32, 33, and 34** introduce entirely new subject matter - including all changes made to terms of service, profiles that mention or purport to be Plaintiff, individuals with the ability to make changes on "websites", content of pleadings and discovery responses, and use of Fedcad.com.

Plaintiff may not belatedly add or expand 30(b)(6) topics in contravention of the applicable notice requirement. *See* M.D. Fla. L.R. 3.04; *Nguyen v. Raymond James & Assocs.,* 2021 U.S. Dist. LEXIS 261494 at 3 fn. 2 (M.D. Fla. Aug. 12, 2021) (staying deposition set in violation of Local Rule 3.04); *cf. Nat'l Staffing Sols., Inc. v. Ascendo Res., LLC,* 2025 U.S. Dist. LEXIS at *2-3 (M.D. Fla. May 28, 2025) (finding compliance with Local Rule 3.04 sufficient to deny motion for protective order)**.**

2

332078438v.1

## II.      Plaintiff's Document Production Demands Are Improper.

The deposition notice also includes document production demands warranting relief. The demanded production appears to seek documents beyond those in the previously served discovery requests. To the extent any production demand exceeds the scope of a prior request, the demand violates Fed. R. Civ. P. 30(b)(2) and 34 in not affording the Defendant a 30-day notice. *Parrot, Inc. v. NiceStuff Distrib. Int'l, Inc.*, 2009 U.S. Dist. LEXIS 140815at *2 (S.D. Fla. Jan. 26, 2009). Full compliance is also impossible given Plaintiff's use of vague terminology, i.e., "logs" and "relevant data" (Requests No. 2 and 3). Request No. 3 additionally constitutes a transparent attempt to circumvent the Court's prior directives establishing the scope and temporal limits of discoverable documents. (Doc. 213).

Defendants respectfully request the entry of a protective order precluding examination on the topics identified,  striking the document production demands, and granting such other relief deemed just and proper.

### Local Rule 3.01(g) Certificate

Pursuant to M.D. Fla. L.R. 3.01(g), Defendants' counsel attempted to confer with Plaintiff's counsel on March 18, 2026, but received no response before filing. (**Exhibit D**). Counsel will continue conferral efforts for three days and will supplement this Motion accordingly.

Dated: March 21, 2026                    Respectfully submitted,

**WILSON ELSER MOSKOWITZ**
**EDELMAN& DICKER LLP**

3

332078438v.1

By:    *s/Leia V. Leitner*
Leia V. Leitner
Florida Bar No:  105621
111 North Orange Avenue
Suite 1200
Orlando,  FL  32801
Telephone:          407-423-7287
Facsimile: 407-648-1376
leia.leitner@wilsonelser.com
Cheryl.Kujawski@wilsonelser.com

Jura C. Zibas
Florida Bar No:  124571
Amaris C. Gyebi, Esq.
Florida Bar No:  1019361
2063 Main Street - Suite 100
Sarasota, FL 34237
Telephone:         941-866-8561
Facsimile: 941-210-5979
Jura.Zibas@wilsonelser.com
Amaris.Gyebi@wilsonelser.com
Cheryl.Kujawski@wilsonelser.com

*Counsel for Defendants*
*Cody Rutledge Wilson*
*DEFCAD, Inc. and Defense Distributed*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 21st day of March, 2026, a true and correct copy of the foregoing document has been electronically filed with the Clerk of the Court using the  CM/ECF E-Filing Portal, which will serve an electronic copy of the foregoing on the following: Zachary Z. Zermay, Esq., Florida Bar No:  1002905; Zermay Law, P.A., *Counsel for Plaintiff*, 1200 Fourth Street, #1102, Key West, Florida 33040;     Telephone:         305-767-3529;     Zach@Zermaylaw.com     and info@Zermaylaw.AGM; Charles (Chad) Flores, Esq., Flores Law PLLC, *Counsel for*

4

*Defendants, Cody Rutledge Wilson, DEFCAD, Inc., Defense Distributed and Dioskouroi LLC,*

917 Franklin Street, Suite 600, Houston, Texas 77002, Telephone: 713-364-6440,

CF@ChadFlores.law; service@ChadFlores.law.

*s/Leia V. Leitner*
Leia V. Leitner

332078438v.1