# EXHIBIT C

## Leitner, Leia V.

| | |
|---|---|
| **From:** | Zachary Zermay <zach@zermaylaw.com> |
| **Sent:** | Friday, March 13, 2026 6:04 PM |
| **To:** | Leitner, Leia V.; Gyebi, Amaris; Zibas, Jura C.; Chad Flores |
| **Cc:** | Geraldine Phillips |
| **Subject:** | 6:24-cv-01629-AGM-LHP Larosiere v. Wilson et al: Document Production from Plaintiff |
| **Attachments:** | Defense Distributed 30b6.pdf; Defcad 30b6.pdf |

> EXTERNAL EMAIL - This email originated from outside the organization.

Please find

Deposition notices enclosed.

Sincerely,
Zachary Z. Zermay, Esq.

**Zermay Law**
P (305) 767-3529 | W zermaylaw.com | E zach@zermaylaw.com |
A 3000 Coral Way, Suite 1115, Coral Gables, FL 33145

1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

*Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc.,
DEFENSE          DISTRIBUTED,          and
DIOSKOUROI LLC,

*Defendants*.

_____/

### NOTICE OF TAKING RULE 30(b)(6) DEPOSITION OF DEFCAD, INC.

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff will take the deposition upon oral examination of DEFCAD on MARCH 24, 2026 at 10:00AM via Zoom (link to be provided), before a notary public or other officer authorized to administer oaths.

Pursuant to Rule 30(b)(6), DEFCAD shall designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf concerning the matters set forth in **Schedule A** attached hereto. If more than one designee is necessary to provide complete, knowledgeable, and binding testimony as to the matters identified, DEFCAD shall designate as many persons as are required to provide full, complete, and non-evasive testimony on its behalf.

Each designated witness shall be prepared to testify fully and completely regarding information known or reasonably available to DEFCAD, including information obtained from its records, electronically stored information, databases, servers, logs, employees, agents, contractors, counsel to the extent not privileged, and any other sources of information reasonably available to the organization. Each designated witness shall be prepared to testify fully and completely regarding materials previously produced by DEFCAD through the course of discovery in this matter. Each designate witness shall be prepared to testify fully and completely regarding the operative answer filed by DEFCAD.

1

The duty to prepare includes reasonable inquiry and review of documents, ESI, communications, records, logs, and other information sufficient to enable the designated witness or witnesses to testify concerning the matters identified with reasonable particularity in Schedule A. DEFCAD may not satisfy its obligations by producing a witness who testifies only to his or her personal knowledge where additional responsive information is reasonably available to the organization.

If DEFCAD contends that any matter identified in Schedule A is objectionable, vague, overbroad, privileged, not reasonably available, or otherwise not the proper subject of 30(b)(6) testimony, it shall state with specificity the basis for that contention sufficiently in advance of the deposition to permit the parties to address the issue. If DEFCAD contends that any responsive records or information previously produced does not exist, cannot be located, were not preserved, or are not reasonably accessible, its designated witness or witnesses shall be prepared to testify in detail regarding that contention, including the identity of the persons with knowledge, the efforts undertaken to locate the information, and the reason the information is unavailable.

Pursuant to Rules 30(b)(6) and 34, Defendant shall produce at the deposition the documents and tangible things listed in Schedule B, to the extent they are in Defendant's possession, custody, or control, and to the extent not previously produced. If any such document is withheld on the basis of privilege, Defendant shall identify it on a privilege log compliant with the Federal Rules and any applicable Court orders.

Defendant's designated Rule 30(b)(6) witness(es) shall also appear prepared to testify concerning these materials and, where reasonably necessary to provide complete testimony, shall bring or have available access to records sufficient to answer questions concerning the matters identified in Schedule A.

The deposition will be recorded by stenographic means and may also be recorded by audiovisual means. The deposition is expected to last for 7 hours per witness selected by DEFCAD, not including a break for lunch, subject to the Federal Rules of Civil Procedure and any applicable court order.

DATED: March 13, 2026

/s/ Zachary Zermay

Zachary Z. Zermay, Esq.
Fla. Bar № 1002905
*Zermay Law, P.A.*
3000 Coral Way Ste 1115
Coral Gables, FL 33145
Email: zach@zermaylaw.com
Tel: (305) 767-3529
*Lead Counsel for Plaintiff Matthew
Larosiere*

3

## DEFINITIONS

1. "Works at issue" all references to the works at issue mean those works listed in the First Amended Complaint (Doc. 43). For your convenience, attached as APPENDIX A is a listing of each work with references to where we believe you made them available. For your reference, those include:

   a. "The Amigo Grande" which includes the following works covered by the following registration numbers:

      i. One hundred photographs depicting the Amigo Grande registered under VA0002381513.

   b. "The MPP99" which includes the following works covered by the following registration numbers:

      i. Sixty three photographs depicting the MPP99 registered under VA0002381513.

      ii. A 3D model depicting a handgun frame registered under VA0002385899.

      iii. A written document concerning the MPP99, registered under TX0009358088.

   c. "The BUBAR10" which includes the following works covered by the following registration numbers:

      i. Fourteen photographs depicting the BUBAR, registered under VA0002381769.

   d. "The KF5," which includes the following works covered by the following registration numbers:

      i. Sixteen photographs depicting the KF5, registered under VA0002381769.

   e. "The SF5," which includes the following works covered by the following registration numbers:

      i. 50 photographs depicting the SF5, registered under VA0002381769.

      ii. A 3D model depicting the SF5, registered under VA0002385901

      iii. A written "readme" concerning the SF5, registered under TX0009372199.

      iv. Written documentation concerning the SF5, registered under TX0009372196.

   f. "The Plastikov V4," which includes the following works covered by the following registration numbers:

      i. A written "readme" concerning the Plastikov V4, registered under TX0009413646.

4

  ii. Sixty-one photographs depicting the Plastikov V4, registered under VA0002412508.

  iii. A 3D model depicting the Plastikov V4, registered under VA0002422527.

 g. "The Hitchhiker," which includes the following works covered by the following registration numbers:

  i. Written documentation concerning the Hitchhiker, registered under TX0009412695

  ii. A 3D model depicting the Hitchhiker, registered under VA0002418947.

  iii. Sixty-three photographs depicting the Hitchhiker, registered under VA0002418589.

 h. "The NS3," which includes the following works covered by the following registration numbers:

  i. Written documentation concerning the NS3, registered under TX0009429254.

  ii. A written "readme" for the NS3, registered under TX0009429253.

2. "Your website(s)" include the following:

 a. Defcad.com

 b. Ghostguns.com

 c. DDlegio.com

 d. Defdist.org

 e. Fedcad.com

3. "Your blog(s)" include the following:

 a. The Blog at https://ddlegio.com/blog/

 b. The Blog at https://defcad.com/blog/

4. "Defendant" means YOU, Defcad, Inc.

## **SCHEDULE A (TOPICS):**

1. Creation, authorship, and development of the works at issue.
   a. This includes any changes you made to the works, and your understanding of who created and developed the works.
2. Transfers, assignments, and licenses relevant to the works at issue.
   a. This includes your affirmative defense of license, and any licenses you believe you had to make any of the works at issue available through your website(s).
3. Your posting, publication, and copying of any part of the works at issue, to include the identities of individuals responsible and discussion and communication about the works internally.
   a. This includes how you acquired the works you made available on the sites listed in APPENDIX A, and what took place between your acquiring those copies, and subsequent publication.
4. Information regarding who Defendant believed owned, authored, or otherwise possessed rights to the works.
5. Creation dates, publication dates, access dates, and copying dates for the works at issue.
   a. This includes your understanding of these matters. I.e., when you believe each of the works at issue was created, when you believe each of the works at issue was published (in addition to when *you* first began making copies available), when you first accessed the works at issue, when you copied them, and the dates of your first making them available through any of your website(s), including via USB sales.
6. Access to the works, including how Defendant first learned of the works at issue.
7. Communications referencing the works at issue, including records indicating which employees or contractors accessed, modified, or otherwise engaged with the works at issue.
8. The results of any comparison analyses that were performed internally.
   a. This includes, for example, what differences you believe exist between the deposit copies of any of the works at issue (which were provided to you in discovery), and the copies you made available through your website(s), and also between the works as you first received them and ultimately made available through your website.
9. Edits, changes, tweaks, modifications, and associated updates you may have made to the works at issue.

10. Dates of actual notice for the works at issue.
    a. This includes when you first became aware each of the works at issue were claimed to be protected by copyright.
11. Actions taken after actual notice for the works at issue.
    a. This includes any action you took with regard to any of the works at issue as they were made available through your website(s) following learning that any of the works at issue were at least claimed to be protected by copyright.
12. Removal of copyright notices.
    a. This includes the actions you took, and your understanding, of the removal of the copyright notices from the Hitchhiker, the Plastikov V4, the NS3 (and the subsequent restoration of copyright notices to the NS3), and any other similar conduct regarding any of the works at issue.
13. Defendants' total distribution and publication of the works at issue, including the method and scope of distribution, sales channels and customers, as well as view and download counts.
    a. This includes how and why view and download counts appear to fluctuate at times on your website(s).
14. Defendant's knowledge of Plaintiff's rights.
15. The Black Flag White Paper, including the statements and claims made within, as well as the details surrounding its publication.
16. Copyright compliance policies, including any reviews or investigation of copyright relevant to the works at issue.
17. Discussion of the Plaintiff, his law firm, and any attempts to frustrate access to the works at issue, including by changes to Terms of Service.
18. Your terms of service, and changes you made to it during the pendency of this action.
    a. This includes the content of specific changes, and why they were made. Most importantly, your addition of the Zermay law firm and any references to Plaintiff in your terms of service.
19. Information related to damages and profits, including revenue attributable to accused works, expenses, and gross income.
20. Information relevant to statements regarding the license status of the works at issue.
    a. This includes the statements made on your website(s), such as the landing pages for the works, screenshots of which are included in Appendix X, which indicate the license status of the works at issue.

7

Specifically, how you came to the conclusions, and what support you have for the assertions you made on your website(s) regarding licensing.

21. Communications with customers, including blog posts and advertisements, related to the works at issue.

22. Document retention policies, including deletion or alteration of files, especially the files and materials relevant to the removal of copyright notices from the works at issue.

23. Information about Defendant's parent/subsidiary relationships with other companies or individuals, including sharing of profits.

24. Defendant's sources of revenue.

25. Records showing control of the company, including board minutes, meeting minutes, governance decisions, and individual(s) responsible for decisions relevant to the works at issue.

26. Information concerning representations made about Plaintiff, including that Plaintiff owned, controlled, or is affiliated with "Gatalog".

27. Information concerning the creation, operation, editing, and maintenance of any profile(s) that mention or purport to be the Plaintiff.

28. Information that reflects the investigations or due diligence performed before Defendant made or posted any statements about the Plaintiff, including communications that reflect how to describe the Plaintiff and/or "Gatalog."

29. Records showing any advertising, including web content, blog posts, and emails, that reference the Plaintiff.

30. The identities of all individuals who have the ability to post, edit, or remove something from any of your websites.

31. Records showing use of Plaintiff's name, image, or identity.

32. Your answer to the complaint, including the materials you used to support the answer.

33. Your usage of the Fedcad.com website, its contents, and purpose.

34. Your written discovery responses.

8

## SCHEDULE B (Production):

To the extent not already produced in discovery, the following shall be produced at the deposition. You may produce physical storage media prior to the deposition, or, if it would be helpful to you, we will provide an upload link to digitally transfer the same prior to your deposition. Please request an upload link if you would like to do so.

1. Defendant shall produce a copy of each of the files they made available on their website(s) at any web address identified in Appendix A.
2. Defendant shall produce internal communications and records, including emails, Slack chats, instant messages, text messages, DMs, logs, and relevant data regarding each of the works at issue, by any name that the defendant and the defendant's employees know the works as.
3. Defendant shall produce internal communications and records, including emails, Slack chats, instant messages, text messages, DMs, logs, and relevant data referencing the Plaintiff by any name the defendant and the defendant's employees know him as.
4. Defendant shall produce company governance records including meeting minutes, policies, decisions, and resolutions, to the extent that any such record references, applies to, affects, or addresses any of the works at issue. For clarity, this would include such records relevant to copyright policies generally, if those records were in effect at any point that the works at issue were allegedly being distributed.

9

# Appendix A

## Identified Works, Pages, Products, and Registrations

## 1. Amigo Grande infringement



- **Defcad page:**
  https://defcad.com/library/b04ef13c-b5ba-46a1-8270-f879e9581b1c/
- **Archived page:**
  https://web.archive.org/web/20231227052221/https://defcad.com/library/b04ef13c-b5ba-46a1-8270-f879e9581b1c/
- **Complaint paragraphs:** ¶¶ 106–108, 142–144
- **Works / registrations:** 100 photographic visual-arts works, **VA0002381513**

## 2. MPP99 infringement



- **Defcad page:**
    https://defcad.com/library/matthews-patent-project-99/
- **Archived page:**
    https://web.archive.org/web/20231227052121/https://defcad.com/library
    /d3ac8ffb-3814-4c8a-8402-ccd71d8604db/
- **Related Ghostguns product pages alleged in complaint:**
    https://ghostguns.com/the-gatalog-usb/
    https://ghostguns.com/matthews-patent-project-99-by-the-gatalog/
- **Archived product pages:**
    https://web.archive.org/web/20240830022125/https://ghostguns.com/the
    -gatalog-usb/
    https://web.archive.org/web/20240830022252/https://ghostguns.com/ma
    tthews-patent-project-99-by-the-gatalog/
- **Complaint paragraphs:** ¶¶ 109–113, 120–121, 145–147
- **Works / registrations:** 63 photographs, **VA0002381513**; 3D model,
    **VA0002385899**; written documentation, **TX0009358088**

11

## 3. BUBAR infringement



- **Defcad page:**
  https://defcad.com/library/e226a55b-7817-49f7-b839-cb65b7f01045/
- **Archived page:**
  https://web.archive.org/web/20231227051907/https://defcad.com/library
  /e226a55b-7817-49f7-b839-cb65b7f01045/
- **Complaint paragraphs:** ¶¶ 114–116, 148–150
- **Works / registrations:** 14 photographic visual-arts works, **VA0002381769**

## 4. KF5 infringement



- **Defcad page:**
  https://defcad.com/library/the-kf5-1/
- **Archived page:**
  https://web.archive.org/web/20240710193631/https://defcad.com/library/the-kf5-1/
- **Related Ghostguns product pages alleged in complaint:**
  https://ghostguns.com/the-gatalog-usb/
- **Archived product pages:**
  https://web.archive.org/web/20240830022125/https://ghostguns.com/the-gatalog-usb/
- **Complaint paragraphs:** ¶¶ 117–121, 151–153
- **Works / registrations:** 16 photographic visual-arts works, **VA0002381769**

## 5. SF5 infringement



- **Defcad page:**
  https://defcad.com/library/531a3626-c438-455c-a475-7c7a98a69bb2/
- **Archived page:**
  https://web.archive.org/web/20231227051448/https://defcad.com/library/531a3626-c438-455c-a475-7c7a98a69bb2/
- **Defcad blog post:**
  https://defcad.com/blog/sf5-and-el-ratto/
- **Archived blog post:**
  https://web.archive.org/web/20240830014554/https://defcad.com/blog/sf5-and-el-ratto/
- **Complaint paragraphs:** ¶¶ 122–131, 154–158
- **Works / registrations:** 50 photographs, **VA0002381769**; 3D model, **VA0002385901**; readme, **TX0009372199**; written documentation, **TX0009372196**

14

## 6. PV4 / Plastikov V4 infringement



- **Defcad page:**
  https://defcad.com/library/plastikov-v4/
- **Archived page:**
  https://web.archive.org/web/20240723221550/https://defcad.com/library/plastikov-v4/
- **Defcad blog post:**
  https://defcad.com/blog/the-plastikov-v4-and-back-flag-white-paper/
- **Archived blog post:**
  https://web.archive.org/web/20240830034042/https://defcad.com/blog/the-plastikov-v4-and-back-flag-white-paper/
- **Archived opensource page:**
  https://web.archive.org/web/20240830033107/https://defcad.com/opensource/
- **Related Ghostguns product page expressly quoted in complaint:**
  https://ghostguns.com/plastikov-v4-build-kit-by-the-gatalog
- **Archived product page:**
  https://web.archive.org/web/20240630/ghostguns.com/plastikov-v4-build-kit-by-the-gatalog
- **Wilson's Manifesto:**

15

https://defcad.com/library/black-flag-white-paper/

- **DD Legio Blog Post:**
  https://ddlegio.com/memorial-day-weekend/
- **Complaint paragraphs:** ¶¶ 159–177, 185–196
- **Works / registrations:** readme, **TX0009413646**; written documentation, **TX0009403056**; 61 photographs, **VA0002412508**; 3D model, **VA0002422527**

# 7. Hitchhiker infringement



- **Defcad page:**
  https://defcad.com/library/the-hitchhiker/
- **Archived page:**
  https://web.archive.org/web/20240830184349/https://defcad.com/library/the-hitchhiker/
- **Complaint paragraphs:** ¶¶ 201–215
- **Works / registrations:** written documentation, **TX0009412695**; 3D model, **VA0002418947**; 63 photographs, **VA0002418589**

17

## 8. NS3 infringement



- **Defcad page:**
  https://defcad.com/library/the-ns3-system/
- **Archived page:**
  https://web.archive.org/web/20240813025630/https://defcad.com/library/the-ns3-system/
- **Complaint paragraphs:** ¶¶ 230–249
- **Works / registrations:** written documentation, **TX0009429254**; readme, **TX0009429253**

## 9. TaxiDriver infringement



- **Defcad page:**
  https://defcad.com/library/taxi-driver/
- **Complaint paragraphs:** ¶¶ 250–259
- **Works / registrations:** 3D model(s) copied from Hitchhiker, **VA0002418947**

19

## Certificate of Service

I hereby certify that the foregoing was served on Defcad, Inc's attorney of record via

email on Friday, March 13, 2026.

/s/ Zachary Z. Zermay

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

*Plaintiff,*

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc.,
DEFENSE        DISTRIBUTED,        and
DIOSKOUROI LLC,

*Defendants.*

_____/

## NOTICE OF TAKING RULE 30(b)(6) DEPOSITION OF DEFENSE DISTRIBUTED.

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff will take the deposition upon oral examination of DEFENSE DISTRIBUTED  MARCH 26, 2026 at 10:00AM via Zoom (link to be provided), before a notary public or other officer authorized to administer oaths.

Pursuant to Rule 30(b)(6), DEFENSE DISTRIBUTED shall designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf concerning the matters set forth in **Schedule A** attached hereto. If more than one designee is necessary to provide complete, knowledgeable, and binding testimony as to the matters identified, DEFENSE DISTRIBUTED shall designate as many persons as are required to provide full, complete, and non-evasive testimony on its behalf.

Each designated witness shall be prepared to testify fully and completely regarding information known or reasonably available to DEFENSE DISTRIBUTED, including information obtained from its records, electronically stored information, databases, servers, logs, employees, agents, contractors, counsel to the extent not privileged, and any other sources of information reasonably available to the organization. Each designated witness shall be prepared to testify fully and completely regarding materials previously produced by DEFENSE DISTRIBUTED through the course of

1

discovery in this matter. Each designate witness shall be prepared to testify fully and completely regarding the operative answer filed by DEFENSE DISTRIBUTED.

The duty to prepare includes reasonable inquiry and review of documents, ESI, communications, records, logs, and other information sufficient to enable the designated witness or witnesses to testify concerning the matters identified with reasonable particularity in Schedule A. DEFENSE DISTRIBUTED may not satisfy its obligations by producing a witness who testifies only to his or her personal knowledge where additional responsive information is reasonably available to the organization.

If DEFENSE DISTRIBUTED contends that any matter identified in Schedule A is objectionable, vague, overbroad, privileged, not reasonably available, or otherwise not the proper subject of 30(b)(6) testimony, it shall state with specificity the basis for that contention sufficiently in advance of the deposition to permit the parties to address the issue. If DEFENSE DISTRIBUTED contends that any responsive records or information previously produced does not exist, cannot be located, were not preserved, or are not reasonably accessible, its designated witness or witnesses shall be prepared to testify in detail regarding that contention, including the identity of the persons with knowledge, the efforts undertaken to locate the information, and the reason the information is unavailable.

Pursuant to Rules 30(b)(6) and 34, Defendant shall produce at the deposition the documents and tangible things listed in Schedule B, to the extent they are in Defendant's possession, custody, or control, and to the extent not previously produced. If any such document is withheld on the basis of privilege, Defendant shall identify it on a privilege log compliant with the Federal Rules and any applicable Court orders.

Defendant's designated Rule 30(b)(6) witness(es) shall also appear prepared to testify concerning these materials and, where reasonably necessary to provide complete testimony, shall bring or have available access to records sufficient to answer questions concerning the matters identified in Schedule A.

The deposition will be recorded by stenographic means and may also be recorded by audiovisual means. The deposition is expected to last for 7 hours per witness selected by DEFENSE DISTRIBUTED, not including a break for lunch, subject to the Federal Rules of Civil Procedure and any applicable court order.

DATED:  March 13, 2026

*/s/ Zachary Zermay*

Zachary Z. Zermay, Esq.
Fla. Bar № 1002905
*Zermay Law, P.A.*
3000 Coral Way Ste 1115
Coral Gables, FL 33145
Email: zach@zermaylaw.com
Tel: (305) 767-3529
*Lead Counsel for Plaintiff Matthew
Larosiere*

3

## DEFINITIONS

1. "Works at issue" all references to the works at issue mean those works listed in the First Amended Complaint (Doc. 43). For your convenience, attached as APPENDIX A is a listing of each work with references to where we believe you made them available. For your reference, those include:

    a. "The Amigo Grande" which includes the following works covered by the following registration numbers:

        i. One hundred photographs depicting the Amigo Grande registered under VA0002381513.

    b. "The MPP99" which includes the following works covered by the following registration numbers:

        i. Sixty three photographs depicting the MPP99 registered under VA0002381513.

        ii. A 3D model depicting a handgun frame registered under VA0002385899.

        iii. A written document concerning the MPP99, registered under TX0009358088.

    c. "The BUBAR10" which includes the following works covered by the following registration numbers:

        i. Fourteen photographs depicting the BUBAR, registered under VA0002381769.

    d. "The KF5," which includes the following works covered by the following registration numbers:

        i. Sixteen photographs depicting the KF5, registered under VA0002381769.

    e. "The SF5," which includes the following works covered by the following registration numbers:

        i. 50 photographs depicting the SF5, registered under VA0002381769.

        ii. A 3D model depicting the SF5, registered under VA0002385901

        iii. A written "readme" concerning the SF5, registered under TX0009372199.

        iv. Written documentation concerning the SF5, registered under TX0009372196.

    f. "The Plastikov V4," which includes the following works covered by the following registration numbers:

        i. A written "readme" concerning the Plastikov V4, registered under TX0009413646.

4

  ii. Sixty-one photographs depicting the Plastikov V4, registered under VA0002412508.

  iii. A 3D model depicting the Plastikov V4, registered under VA0002422527.

 g. "The Hitchhiker," which includes the following works covered by the following registration numbers:

  i. Written documentation concerning the Hitchhiker, registered under TX0009412695

  ii. A 3D model depicting the Hitchhiker, registered under VA0002418947.

  iii. Sixty-three photographs depicting the Hitchhiker, registered under VA0002418589.

 h. "The NS3," which includes the following works covered by the following registration numbers:

  i. Written documentation concerning the NS3, registered under TX0009429254.

  ii. A written "readme" for the NS3, registered under TX0009429253.

2. "Your website(s)" include the following:

 a. Defcad.com

 b. Ghostguns.com

 c. DDlegio.com

 d. Defdist.org

 e. Fedcad.com

3. "Your blog(s)" include the following:

 a. The Blog at https://ddlegio.com/blog/

 b. The Blog at https://defcad.com/blog/

4. "Defendant" means YOU, Defense Distributed.

## SCHEDULE A (TOPICS):

1. Creation, authorship, and development of the works at issue.
   a. This includes any changes you made to the works, and your understanding of who created and developed the works.
2. Transfers, assignments, and licenses relevant to the works at issue.
   a. This includes your affirmative defense of license, and any licenses you believe you had to make any of the works at issue available through your website(s).
3. Your posting, publication, and copying of any part of the works at issue, to include the identities of individuals responsible and discussion and communication about the works internally.
   a. This includes how you acquired the works you made available on the sites listed in APPENDIX A, and what took place between your acquiring those copies, and subsequent publication.
4. Information regarding who Defendant believed owned, authored, or otherwise possessed rights to the works.
5. Creation dates, publication dates, access dates, and copying dates for the works at issue.
   a. This includes your understanding of these matters. I.e., when you believe each of the works at issue was created, when you believe each of the works at issue was published (in addition to when *you* first began making copies available), when you first accessed the works at issue, when you copied them, and the dates of your first making them available through any of your website(s), including via USB sales.
6. Access to the works, including how Defendant first learned of the works at issue.
7. Communications referencing the works at issue, including records indicating which employees or contractors accessed, modified, or otherwise engaged with the works at issue.
8. The results of any comparison analyses that were performed internally.
   a. This includes, for example, what differences you believe exist between the deposit copies of any of the works at issue (which were provided to you in discovery), and the copies you made available through your website(s), and also between the works as you first received them and ultimately made available through your website.
9. Edits, changes, tweaks, modifications, and associated updates you may have made to the works at issue.

6

10. Dates of actual notice for the works at issue.
    a. This includes when you first became aware each of the works at issue were claimed to be protected by copyright.
11. Actions taken after actual notice for the works at issue.
    a. This includes any action you took with regard to any of the works at issue as they were made available through your website(s) following learning that any of the works at issue were at least claimed to be protected by copyright.
12. Removal of copyright notices.
    a. This includes the actions you took, and your understanding, of the removal of the copyright notices from the Hitchhiker, the Plastikov V4, the NS3 (and the subsequent restoration of copyright notices to the NS3), and any other similar conduct regarding any of the works at issue.
13. Defendants' total distribution and publication of the works at issue, including the method and scope of distribution, sales channels and customers, as well as view and download counts.
    a. This includes how and why view and download counts appear to fluctuate at times on your website(s).
14. Defendant's knowledge of Plaintiff's rights.
15. The Black Flag White Paper, including the statements and claims made within, as well as the details surrounding its publication.
16. Copyright compliance policies, including any reviews or investigation of copyright relevant to the works at issue.
17. Discussion of the Plaintiff, his law firm, and any attempts to frustrate access to the works at issue, including by changes to Terms of Service.
18. Your terms of service, and changes you made to it during the pendency of this action.
    a. This includes the content of specific changes, and why they were made. Most importantly, your addition of the Zermay law firm and any references to Plaintiff in your terms of service.
19. Information related to damages and profits, including revenue attributable to accused works, expenses, and gross income.
20. Information relevant to statements regarding the license status of the works at issue.
    a. This includes the statements made on your website(s), such as the landing pages for the works, screenshots of which are included in Appendix X, which indicate the license status of the works at issue.

> Specifically, how you came to the conclusions, and what support you have for the assertions you made on your website(s) regarding licensing.

21. Communications with customers, including blog posts and advertisements, related to the works at issue.

22. Document retention policies, including deletion or alteration of files, especially the files and materials relevant to the removal of copyright notices from the works at issue.

23. Information about Defendant's parent/subsidiary relationships with other companies or individuals, including sharing of profits.

24. Defendant's sources of revenue.

25. Records showing control of the company, including board minutes, meeting minutes, governance decisions, and individual(s) responsible for decisions relevant to the works at issue.

26. Information concerning representations made about Plaintiff, including that Plaintiff owned, controlled, or is affiliated with "Gatalog".

27. Information concerning the creation, operation, editing, and maintenance of any profile(s) that mention or purport to be the Plaintiff.

28. Information that reflects the investigations or due diligence performed before Defendant made or posted any statements about the Plaintiff, including communications that reflect how to describe the Plaintiff and/or "Gatalog."

29. Records showing any advertising, including web content, blog posts, and emails, that reference the Plaintiff.

30. The identities of all individuals who have the ability to post, edit, or remove something from any of your websites.

31. Records showing use of Plaintiff's name, image, or identity.

32. Your answer to the complaint, including the materials you used to support the answer.

33. Your usage of the Fedcad.com website, its contents, and purpose.

34. Your written discovery responses.

8

## __SCHEDULE B (Production):__

To the extent not already produced in discovery, the following shall be produced at the deposition. You may produce physical storage media prior to the deposition, or, if it would be helpful to you, we will provide an upload link to digitally transfer the same prior to your deposition. Please request an upload link if you would like to do so.

1. Defendant shall produce a copy of each of the files they made available on their website(s) at any web address identified in Appendix A.
2. Defendant shall produce internal communications and records, including emails, Slack chats, instant messages, text messages, DMs, logs, and relevant data regarding each of the works at issue, by any name that the defendant and the defendant's employees know the works as.
3. Defendant shall produce internal communications and records, including emails, Slack chats, instant messages, text messages, DMs, logs, and relevant data referencing the Plaintiff by any name the defendant and the defendant's employees know him as.
4. Defendant shall produce company governance records including meeting minutes, policies, decisions, and resolutions, to the extent that any such record references, applies to, affects, or addresses any of the works at issue. For clarity, this would include such records relevant to copyright policies generally, if those records were in effect at any point that the works at issue were allegedly being distributed.

# Appendix A

## Identified Works, Pages, Products, and Registrations

## 1. Amigo Grande infringement



- **Defcad page:**
  https://defcad.com/library/b04ef13c-b5ba-46a1-8270-f879e9581b1c/
- **Archived page:**
  https://web.archive.org/web/20231227052221/https://defcad.com/library/b04ef13c-b5ba-46a1-8270-f879e9581b1c/
- **Complaint paragraphs:** ¶¶ 106–108, 142–144
- **Works / registrations:** 100 photographic visual-arts works, **VA0002381513**

10

## 2. MPP99 infringement



- **Defcad page:**
  https://defcad.com/library/matthews-patent-project-99/
- **Archived page:**
  https://web.archive.org/web/20231227052121/https://defcad.com/library/d3ac8ffb-3814-4c8a-8402-ccd71d8604db/
- **Related Ghostguns product pages alleged in complaint:**
  https://ghostguns.com/the-gatalog-usb/
  https://ghostguns.com/matthews-patent-project-99-by-the-gatalog/
- **Archived product pages:**
  https://web.archive.org/web/20240830022125/https://ghostguns.com/the-gatalog-usb/
  https://web.archive.org/web/20240830022252/https://ghostguns.com/matthews-patent-project-99-by-the-gatalog/
- **Complaint paragraphs:** ¶¶ 109–113, 120–121, 145–147
- **Works / registrations:** 63 photographs, **VA0002381513**; 3D model, **VA0002385899**; written documentation, **TX0009358088**

## 3. BUBAR infringement



- **Defcad page:**
  https://defcad.com/library/e226a55b-7817-49f7-b839-cb65b7f01045/
- **Archived page:**
  https://web.archive.org/web/20231227051907/https://defcad.com/library/e226a55b-7817-49f7-b839-cb65b7f01045/
- **Complaint paragraphs:** ¶¶ 114–116, 148–150
- **Works / registrations:** 14 photographic visual-arts works, **VA0002381769**

12

## 4. KF5 infringement



- **Defcad page:**
    https://defcad.com/library/the-kf5-1/
- **Archived page:**
    https://web.archive.org/web/20240710193631/https://defcad.com/library
    /the-kf5-1/
- **Related Ghostguns product pages alleged in complaint:**
    https://ghostguns.com/the-gatalog-usb/
- **Archived product pages:**
    https://web.archive.org/web/20240830022125/https://ghostguns.com/the
    -gatalog-usb/
- **Complaint paragraphs:** ¶¶ 117–121, 151–153
- **Works / registrations:** 16 photographic visual-arts works, **VA0002381769**

## 5. SF5 infringement



- **Defcad page:**
    https://defcad.com/library/531a3626-c438-455c-a475-7c7a98a69bb2/
- **Archived page:**
    https://web.archive.org/web/20231227051448/https://defcad.com/library/531a3626-c438-455c-a475-7c7a98a69bb2/
- **Defcad blog post:**
    https://defcad.com/blog/sf5-and-el-ratto/
- **Archived blog post:**
    https://web.archive.org/web/20240830014554/https://defcad.com/blog/sf5-and-el-ratto/
- **Complaint paragraphs:** ¶¶ 122–131, 154–158
- **Works / registrations:** 50 photographs, **VA0002381769**; 3D model, **VA0002385901**; readme, **TX0009372199**; written documentation, **TX0009372196**

14

## 6. PV4 / Plastikov V4 infringement



- **Defcad page:**
    https://defcad.com/library/plastikov-v4/
- **Archived page:**
    https://web.archive.org/web/20240723221550/https://defcad.com/library
    /plastikov-v4/
- **Defcad blog post:**
    https://defcad.com/blog/the-plastikov-v4-and-back-flag-white-paper/
- **Archived blog post:**
    https://web.archive.org/web/20240830034042/https://defcad.com/blog/th
    e-plastikov-v4-and-back-flag-white-paper/
- **Archived opensource page:**
    https://web.archive.org/web/20240830033107/https://defcad.com/openso
    urce/
- **Related Ghostguns product page expressly quoted in complaint:**
    https://ghostguns.com/plastikov-v4-build-kit-by-the-gatalog
- **Archived product page:**
    https://web.archive.org/web/20240630/ghostguns.com/plastikov-v4-
    build-kit-by-the-gatalog
- **Wilson's Manifesto:**

15

https://defcad.com/library/black-flag-white-paper/

- **DD Legio Blog Post:**
  https://ddlegio.com/memorial-day-weekend/
- **Complaint paragraphs:** ¶¶ 159–177, 185–196
- **Works / registrations:** readme, **TX0009413646**; written documentation, **TX0009403056**; 61 photographs, **VA0002412508**; 3D model, **VA0002422527**

## 7. Hitchhiker infringement



- **Defcad page:**
  https://defcad.com/library/the-hitchhiker/
- **Archived page:**
  https://web.archive.org/web/20240830184349/https://defcad.com/library/the-hitchhiker/
- **Complaint paragraphs:** ¶¶ 201–215
- **Works / registrations:** written documentation, **TX0009412695**; 3D model, **VA0002418947**; 63 photographs, **VA0002418589**

## 8. NS3 infringement



- **Defcad page:**
  https://defcad.com/library/the-ns3-system/
- **Archived page:**
  https://web.archive.org/web/20240813025630/https://defcad.com/library/the-ns3-system/
- **Complaint paragraphs:** ¶¶ 230–249
- **Works / registrations:** written documentation, **TX0009429254**; readme, **TX0009429253**

18

## 9. TaxiDriver infringement



- **Defcad page:**
  https://defcad.com/library/taxi-driver/
- **Complaint paragraphs:** ¶¶ 250–259
- **Works / registrations:** 3D model(s) copied from Hitchhiker, **VA0002418947**

19

## Certificate of Service

I hereby certify that the foregoing was served on Defense Distributed's attorney of record via email on Friday, March 13, 2026.

/s/ Zachary Z. Zermay