# EXHIBIT D

## Leitner, Leia V.

| | |
|---|---|
| **From:** | Gyebi, Amaris |
| **Sent:** | Wednesday, March 18, 2026 7:48 PM |
| **To:** | Zachary Zermay |
| **Cc:** | Geraldine Phillips; Leitner, Leia V.; Zibas, Jura C.; Chad Flores |
| **Subject:** | RE: 6:24-cv-01629-AGM-LHP Larosiere v. Wilson et al: Objection to 30(b)(6) Notice to Defense Distributed |
| **Attachments:** | Objection to 30(b)(6) Notice - Defense Distributed(331986335.1).pdf |

Mr. Zermay-

Please see the attached correspondence pertaining to Defense Distributed's Objection to the 30(b)(6) Notice served.

Please provide availability to meet and confer tomorrow or Friday, March 20, 2026 before 3 pm EST regarding the objections raised and Defendant's forthcoming Motion for Protective Order, if conferral does not resolve the issues identified.

Thanks,


Amaris Gyebi
Attorney At Law
Wilson Elser Moskowitz Edelman & Dicker LLP
2063 Main Street Suite 100
Sarasota, FL 34237
941.210.5961 (Direct)
407.616.6006 (Cell)
941.210.5980 (Main)
941.210.5979 (Fax)
amaris.gyebi@wilsonelser.com


**From:** Zachary Zermay <zach@zermaylaw.com>
**Sent:** Friday, March 13, 2026 6:04 PM
**To:** Leitner, Leia V. <Leia.Leitner@wilsonelser.com>; Gyebi, Amaris <Amaris.Gyebi@wilsonelser.com>; Zibas, Jura C. <Jura.Zibas@wilsonelser.com>; Chad Flores <cf@chadflores.law>
**Cc:** Geraldine Phillips <info@zermaylaw.com>
**Subject:** 6:24-cv-01629-AGM-LHP Larosiere v. Wilson et al: Document Production from Plaintiff

EXTERNAL EMAIL - This email originated from outside the organization.

Please find

Deposition notices enclosed.

Sincerely,
Zachary Z. Zermay, Esq.

**Zermay Law**
P (305) 767-3529 | W zermaylaw.com | E zach@zermaylaw.com |



A  3000 Coral Way, Suite 1115, Coral Gables, FL 33145



**Amaris C. Gyebi**
941.210.5961 (direct)
Amaris.Gyebi@wilsonelser.com

March 18, 2026

**VIA EMAIL**: zach@zermaylaw.com
info@zermaylaw.com

Zachary Zermay
Zermay Law Group
3000 Coral Way
Suite 1115
Coral Gables, FL 331145

Re:   Larosiere v. Wilson et al. – Objection to Notice of Taking Rule 30(b)(6) Deposition of
Defense Distributed- Defendant's Motion for Protective Order
Case No:          6:24-cv-01629
Our Matter No:   26387.00008

Dear Mr. Zermay:

We are in receipt of Plaintiff's Notice of Taking Rule 30(b)(6) Deposition of Defense Distributed
served on March 13, 2026, and setting the same for March 26, 2026. We object to the inclusion of the
following topics for the 30(b)(6) notice for Defense Distributed:

- **Topic 15: The Black Flag White Paper, including the statements and claims made within, as well as the details surrounding its publication.** This topic was not communicated prior to March 13, 2026, and was previously limited to whether legal advice was sought regarding infringement and admissions made in the Black Flag White Paper. Plaintiff cannot belatedly expand this topic absent conferral and less than 14 days before the deposition date. Resorting to the prior limitation of this topic is also not feasible as "infringement and admissions" is impermissibly vague and ambiguous, and inarguably not present in the Black Flag White Paper.

- **Topic 18: Your terms of service, and changes you made to it during the pendency of this action. This includes the content of specific changes, and why they were made. Most importantly, your addition of the Zermay law firm and any references to Plaintiff in your terms of service.** This topic was not communicated prior to March 13, 2026 and is not referenced at all in any prior communication on topics. Plaintiff cannot belatedly add this topic absent conferral and less than 14 days before the deposition date.

- **Topic 24: Defendant's sources of revenue.** This topic was not communicated prior to March 13, 2026 and was previously limited to revenue attributable to the accused works. Plaintiff

Alabama • Albany • Atlanta • Austin • Baltimore • Beaumont • Boston • Chicago • Dallas • Denver • Edwardsville • Garden City • Hartford • Houston
Indiana • Kentucky • Las Vegas • London • Los Angeles • Miami • Michigan • Milwaukee • Mississippi • Missouri • Nashville • New Jersey • New Orleans
New York • Orlando • Philadelphia • Phoenix • San Diego • San Francisco • Sarasota • Stamford • Virginia • Washington, DC • Wellington • White Plains

wilsonelser.com

329572657v.1



cannot belatedly expand this topic absent conferral and less than 14 days before the deposition date.

- **Topic 27: Information concerning the creation, operation, editing, and maintenance of any profile(s) that mention or purport to be the Plaintiff.** This topic was not communicated prior to March 13, 2026, and is not referenced in any prior communication. Plaintiff cannot belatedly add this topic absent conferral and less than 14 days before the deposition date.

- **Topic 30: The identities of all individuals who have the ability to post, edit, or remove something from any of your websites.** This topic was not communicated prior to March 13, 2026, and is not referenced in any prior communication. Plaintiff cannot belatedly add this topic absent conferral and less than 14 days before the deposition date.

- **Topic 32: Your answer to the complaint, including the materials you used to support the answer.** This topic was not communicated prior to March 13, 2026 and is not referenced in any prior communication. Plaintiff cannot belatedly add this topic absent conferral and less than 14 days before the deposition date.

- **Topic 33: Your usage of the [Fedcad.com] website, its contents, and purpose.** This topic was not communicated prior to March 13, 2026, and is not referenced in any prior communication. Plaintiff cannot belatedly add this topic absent conferral and less than 14 days before the deposition date.

- **Topic 34: Your written discovery responses.** This topic was not communicated prior to March 13, 2026, and is not referenced at all in any prior communication. Plaintiff cannot belatedly add this topic absent conferral and less than 14 days before the deposition date.

Each of the foregoing topics is an expansion of the topics previously communicated by Plaintiff, or otherwise failed to be communicated at all in advance of serving the deposition notice at issue. Thus, insufficient and improper notice of these topics has been provided. *See* Local Rule 3.04.

We further object to the production of documents demanded in the 30(b)(6) notice as follows:

- Request No. 1 – Defendant objects to the premise of the demand and denies "they" made anything available on "their website(s)". Defendant further objects on grounds of vagueness as the request is internally inconsistent based on Plaintiff's definition of "website" and the "web address" identified in Appendix A.

- Request No. 2- Defendant objects to the demanded production of "logs" and "relevant data" as vague and ambiguous. Defendant does not know what it is Plaintiff expects to be produced or what Plaintiff is referring to. Absent sufficient clarification, the production cannot be facilitated.

- Request No. 3- Defendant objects to the demanded production of "logs" and "relevant data" as vague and ambiguous. Defendant does not know what it is Plaintiff expects to be produced or what Plaintiff is referring to. Absent sufficient clarification, the production cannot be facilitated.



- 3 -

Plaintiff's demand for production also violates Federal Rules of Procedure 30(b)(2) and 34, to the extent these requests have not afforded Defendant with the appropriate 30 days' notice and have not previously been requested by Plaintiff in discovery. With that said, to the extent there is any document which Plaintiff contends is responsive to the demands in the notice but falls outside of the scope of Request Nos. 2, 15, 16, 18, 21, 45, or 46 served as part of Plaintiff's Second Requests for Production to Defense Distributed, Defendant objects to the production as violative of Rules 30 and 34. Defendant further incorporates and maintains all objections set forth in its response to Request Nos. 2, 15, 16, 18, 21, 45, and 46 served as part of Plaintiff's Second Requests for Production to Defense Distributed and any other request Plaintiff considers encompassed by the demanded production. The aforementioned objections as listed in Defendant's responses to Plaintiff's Second RFP to Defense Distributed are incorporated herein by reference.

Defendant further objects on the grounds that Plaintiff's demand for production, and specifically Production Request No. 3, attempts to circumvent the Court's clear directives setting scope and temporal limits over discoverable documents in this action. Plaintiff may not sidestep the Court's Order by demanding documents via a 30(b)(6) deposition notice.

Finally, Federal Rule of Civil Procedure 30(b)(6) requires the serving party to confer in good faith before the subpoena or notice is served or promptly thereafter. To date, no effort has been made to do so.

*****************************************

Please advise your availability to meet and confer tomorrow following Mr. Larosiere's deposition, or Friday before 3 pm EST. If the issues raised herein cannot be resolved following conferral, or if you are unavailable at the times proposed, we will move forward with filing a motion for protective order and continue our efforts to confer and resolve the same.

Very truly yours,

Wilson Elser Moskowitz Edelman & Dicker LLP


*s/Amaris C. Gyebi*
Amaris C. Gyebi


ACG

329572657v.1