UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

*Plaintiff,*

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc., DEFENSE DISTRIBUTED, and DIOSKOUROI LLC,

*Defendants.*

_____/

### PLAINTIFF'S MOTION TO OVERRULE OBJECTIONS AND COMPEL RESPONSES TO PLAINTIFF'S SECOND SET OF DISCOVERY

Pursuant to Fed. R. Civ. P. 26, 33, 34, and 37, Plaintiff moves to compel responses from Defcad, Inc., Defense Distributed, and Defendant Wilson. Plaintiff requests 21-page briefing for the issues herein so he may fully articulate that Defendants are withholding discoverable materials and violating this Court's orders.

### ARGUMENT

Defendants were served with discovery on January 13. Defendants produced objection-only responses, producing only documents they had attached to (Doc. 210) (stricken). The issues here fall into three categories: (1) Defendant's confusion as to unambiguous terms; (2) unsupported relevance objections; and (3) a failure to undertake a reasonable search over two months after their responses were due and

1

a month after Wilson was ordered with agreement of counsel to produce from the companies in response to mirrored requests (Doc. 213 at 10).

    **Issue 1** stems from responses to requests:

(Ex. A) DC-ROG-5

(Ex. B) W-ROG-3

(Ex. C) DC-RFA-1, 2, 3, 4, 5, 6, 9, 10, 11, 14, 15, 16, 17, 18, 19

(Ex. D) DD-RFA-1, 2, 3, 4, 5, 6, 9, 10, 11, 14, 15, 16, 17, 18, 19

(Ex. E) W-RFA-4, 5, 6, 7, 8, 12, 13, 14, 17, 18, 19

    In objection to these requests, Defendants stated that terms like "your website(s)," and "February 21 post" were too vague to respond to, despite Defendants' admittedly making the posts in question (Doc 52 ¶293), and answering about their websites (Doc 52 at 85, 291, 293), and previously responding to identical terms in a similar request without objection (Ex. F RFP51). All complained-of terms sufficiently clear in the context of the requests yet Defendants refused to answer even subject to objection.

    **Issue 2** stems from responses to requests:

(Ex. G) DC-RFP-1, 3, 7, 8, 9, 10, 18, 32, 33, 34, 35, 45, 46, 58, 59, 60, 61, 1st 64[1]

(Ex. H) DD-RFP-1, 3, 7, 8, 9, 10, 18, 32, 33, 34, 35, 45, 46, 48, 57, 58, 59, 60

(Ex. I) DD-ROG-3

(Ex. A) DC-ROG-4, 5, 6, 7

(Ex. B) W-ROG-3

---

[1] Defendant's numbering of their responses lost track and resulted in two 64s being present – the numbering here is based on their response numbering.

2

Defendants objected to each of these under relevance and/or burden. Yet each of these requests is tailored to the claims and defenses.

**Issue 3** stems from responses to requests:

(Ex. G) DC-RFP-11, 15, 43, 48, 53, 65, 66, 67, 68, 69, 70, 71, 72, 73, 75, 80, 81, 82, 83, 90

(Ex. H) DD-RFP-16, 27, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 76, 80, 81, 82, 83, 90, 92

(Ex. J) W-RFP-17, 19, 20, 21, 22, 23, 24, 25, 28, 32, 33, 34, 35

Defendants' responses indicate they would conduct a search with no date certain. When pressed for a date, they offered March 10, only to express confusion about terms on that date despite no such objection being raised for these requests. (Ex. K).

**<u>CONCLUSION</u>**

Plaintiff requests that the Court overrule Defendants' objections, compel full responses, and award Rule 37 relief as this Court finds just.

Respectfully submitted,

DATED:  March 23, 2026

3

/s/ Zachary Zermay
Zachary Z. Zermay, Esq.
Fla. Bar № 1002905
*Zermay Law, P.A.*
3000 Coral Way Ste 1115
Coral Gables, FL 33145
Email:
zach@zermaylaw.com
Tel: (305) 767-3529
*Lead Counsel for Plaintiff*
*Matthew Larosiere*

4

## Local Rule 3.01(g) Certification

Pursuant to M.D. Fla. R. 3.01(g), I hereby certify that I met and conferred with opposing counsel regarding the substance of the foregoing motion telephonically on March 3, 2026. I first raised the issues in this motion by email on February 28, 2026. At the March 3 conference, Defendants asked for some definitions. Plaintiff provided the definitions on the morning of March 7. Defendants stated that they would supplement by March 10, 2026. On March 10, 2026, Defendants still refused to produce anything, for the first time objecting to the definitions they had asked Plaintiff for previously, and instead suggesting yet another set of definitions, which they did not use, and continued to refuse to supplement.

DATED:  March 23, 2026

/s/ Zachary Z. Zermay
Zachary Z. Zermay, Esq.
Fla. Bar № 1002905
*Zermay Law, P.A.*
3000 Coral Way Ste 1115
Coral Gables, FL 33145
Email: zach@zermaylaw.com
Tel: (305) 767-3529
*Lead Counsel for Plaintiff*
*Matthew Larosiere*

5