UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW LAROSIERE

       Plaintiff,

vs.                            Case No: 6:24-CV-01629-AGM-LHP

CODY RUTLEDGE WILSON, DEFCAD, INC.,
DEFENSE DISTRIBUTED and
DIOSKOUROI LLC,

       Defendants.
_____/

**DEFENDANT, CODY WILSON'S**
**ANSWERS AND OBJECTIONS TO PLAINTIFF'S**
**SECOND SET OF INTERROGATORIES**

PURSUANT to Rule 33 of the Federal Rules of Civil Procedure, Defendant, **Cody Wilson**, by and through undersigned counsel, hereby gives Notice of Service of his Answers and Objections to Plaintiff's ("Plaintiff" and/or "Propounding Party") Second Set of Interrogatories.

**GENERAL STATEMENT**

These responses are made solely for the purpose of this action. Any information or documents supplied in response to Plaintiff's requests are subject to all objections as to competency, relevancy, materiality, propriety and admissibility and to any and all other objections on any ground that would require the exclusion of any material or portion thereof, if such material is offered in evidence in court, all of which objections and grounds are expressly reserved and may be interposed at the time of the trial of

this matter.

The following responses are based upon information available at the time of preparation of this response following due and diligent inquiry. These responses, accurate at the date of service to the Defendant's best knowledge, are subject to correction, modification or supplementation of further information and/or documentation as later located. These responses are made without prejudice to the Defendant's right to produce at trial, or otherwise, subsequently discovered evidence related hereto.

The following responses are based upon information and writings presently available and located by Defendant and their attorneys. Defendant, at this time, has not completed their investigation of the facts or discovery proceedings in this case and has not completed their preparation for trial. The following responses are therefore given without prejudice to Defendant's right to produce evidence based on subsequently discovered facts and/or documents.

No incidental or implied admissions are intended by the responses herein. The fact that Defendant has agreed to supply information or documents in response to a request should not be taken as an admission that Defendant accepts or admits the existence of any fact set forth or assumed by such request, or that such a document constitutes admissible evidence. Further, the fact that Defendant has identified or agreed to supply information in response to a request is not intended to be, and should not be construed as a waiver by Defendant to any part or any objection to any discovery demands.

## ANSWERS TO SECOND SET OF INTERROGATORIES

1.    Explain, in detail, how the registrations for each of the works at issue are invalid due to fraud. A complete answer must include an explanation that explains the fraud with particularity for each of the works.

ANSWER:  Defendant objects on the grounds that the interrogatory is directed to an issue of pure law. *See generally* Fed. R. Civ. P. 33(a) advisory note ("[I]nterrogatories may not extend to issues of 'pure law,' i.e., legal conclusions unrelated to the facts of the case."). There are no discernable facts to which this interrogatory is tied to, and it ultimately seeks pure legal conclusions which are related not to the facts, but to the law of the case. *See e.g. O'Brien v. International Brotherhood of Electrical Workers*, 443 F. Supp. 1182, 1187 (N.D. Ga. 1970). Defendant further objects to this interrogatory as compound and consisting of at minimum 20 separate and distinct interrogatories, based on the number of copyright registrations at issue. *See  RAMBUS Inc. v. NVIDIA Corp.*, 2011 U.S. Dist. LEXIS 156378, *43-*45, *48 (N.D. Cal. Aug. 24, 2011) ( concluding that an interrogatory that seeks information (even a single piece of information) about 300 separate products is asking 300 separate questions.); *see also Diversified Lenders, LLC v. Amazon Logistics, Inc.*, 2017 U.S. Dist. LEXIS 95069, *3-*4 (W.D. Wash. June 20, 2017) (finding interrogatory that would require separate review, analysis and response for 73 contested invoices would count as separate subparts). Plaintiff has exceeded the number of permitted interrogatories and

has neither sought nor gained permission from the Court to do so. *See* Fed. R. Civ. P. 33(a).

Subject to and without waiving the foregoing, Defendant states that Plaintiff knowingly failed to disclose information pertaining to authorship, with the intent of defrauding the Copyright Office, and had Plaintiff disclosed this information, the Copyright Office would have denied his application. The information related to authorship includes the lack of a valid work for hire agreement and the presence of third-party authors who contributed to each of the works at issue, such that Plaintiff is not the sole author, and lacks exclusive ownership of any of the copyrighted works at issue. Defendant further asserts Plaintiff intentionally falsified the publication dates in connection with the registrations for and/or related to the following works: Plastikov V4 , SF5, KF5, and Hitchhiker. Defendant's investigation of further falsification of publication dates for minimally the intended purpose of securing statutory damages in this suit is ongoing. Defendant further asserts that Plaintiff intentionally falsified the nature of the works registered to flout the Copyright Act's prohibition against the registration of useful articles. *Baby Buddies, Inc. v. Toys "R" Us, Inc.*, 611 F.3d 1308, 1316 (11th Cir. 2010) ("A 'useful article' is an article having an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information." *Id*. Thus, a useful article, as a whole, does not receive copyright protection…"). Specifically, Plaintiff falsely claimed the works at issue fall into the categories of literary works and visual arts, knowing

the works solely possesses utilitarian and/or mechanical aspects, and/or that

such aspects are inseparable from  any artistic expression, rendering the

underlying works unprotectable under the Copyright Act.  *See Norris Indus. v.*

*Int'l Tel. & Tel. Corp.*, 696 F.2d 918, 924 (11th Cir. 1983) ("[F]unctional

components of useful articles, no matter how artistically designed, [are]

generally . . . denied copyright protection unless they are physically separable

from the useful article.").

2.        Explain what you know about the "Freeman13372" Twitter/X account.
A complete answer must include whether you are or know who owns or posts on the
account, your relationship with them, and a summary of your conversations with
them.

> **ANSWER:**  Defendant objects on the grounds of relevance. It is unclear what,
>
> if anything, a Twitter/X account for an unidentified user has to do with any
>
> claim or defense in this action. The burden of explaining relevancy is Plaintiff's.
>
> *See  Brexendorf v. Bank of Am., N.A.*,  2018 U.S. Dist. LEXIS 224496  at fn. 5
>
> (M.D. Fla. 2018) (citations omitted) ("When relevancy of a discovery request is
>
> not apparent on the face of the request, then the party seeking discovery has the
>
> burden to show its relevancy.").  Defendant further objects on the grounds of
>
> vagueness and overbreadth as to Plaintiff's demand for disclosure of "what
>
> [Defendant] knows about the "Freeman13372" Twitter/X account". The
>
> interrogatory is poorly formulated, patently overbroad, and impermissibly calls
>
> for an exhaustive narrative. *See* Middle District Discovery Handbook at IV

(C)(4) ("Interrogatories designed to force an exhaustive or oppressive catalogue of information are generally improper."). Plaintiff's description of what the answer "must include" sets a floor rather than a ceiling as to what this response may look like. There is no way for Defendant to formulate a coherent response based on the interrogatory as phrased. Nevertheless, Defendant affirmatively states he does not know who runs the "Freeman13372" Twitter/X account and to the best of his knowledge, he has had no conversations with the individual who runs/ controls the "Freeman13372" Twitter/X account.

3.  Explain, in detail, how the confidential settlement communication was posted on Defcad. Your answer must detail who caused the confidential settlement communication to be posted on Defcad, who was responsible for sending the confidential settlement communication from Defendant Wilson to Defcad, which individuals directed the confidential settlement communication to be posted to Defcad, which individuals directed the email blast and blog posts which included links to the confidential settlement agreement, as well as a brief statement from each of the individual(s) listed above as to their motive(s) and reason(s) for posting the confidential settlement communication. For clarity, by "confidential settlement communication," we mean the below document posted to your website:



**ANSWER:** Defendant objects on the grounds of vagueness as it concerns the reference to "your website". No website is shown in the photo below, or has been otherwise identified by Plaintiff. Defendant objects on the grounds of relevance. Plaintiff has brought claims of copyright infringement, false designation of origin/ unfair competition and a right of publicity claim. The alleged posting of an offer of settlement pertains to no claim or defense raised in this action. Further, based on the photo shown above, it appears Rule 408 was invoked. "Rule 408 is designed to ensure that parties may make offers during settlement negotiations without fear that those same offers will be used to establish liability should settlement efforts fail. When statements made during settlement are introduced for a purpose unrelated to liability, the policy underlying the Rule is not injured." *Rhoades v. Avon Prods. Inc.*, 504 F.3d 1151,

1160 (9th Cir. 2007). Additionally, relevance is at issue as the alleged posting does not appear to be presently available on any place online that Defendant has been able to locate after a reasonable and diligent search.

**All Interrogatories were answered with the assistance of counsel.**

Defendant reserves his right to amend/supplement any/all of the above answers as discovery continues.

Dated:        February 19, 2026        Respectfully submitted,

        **WILSON ELSER MOSKOWITZ
         EDELMAN & DICKER LLP**

By:   *s/Amaris C. Gyebi*
      Leia V. Leitner
      Florida Bar No:  105621
      111 North Orange Avenue
      Suite 1200
      Orlando,  FL  32801
      Telephone:          407-423-7287
      Facsimile: 407-648-1376
      Leia.Leitner@wilsonelser.com
      Cheryl.Kujawski@wilsonelser.com

      Jura C. Zibas
      Florida Bar No:  124571
      Amaris C. Gyebi, Esq.
      Florida Bar No:  1019361
      2063 Main Street - Suite 100
      Sarasota, FL 34237
      Telephone:941-866-8561
      Facsimile:  941-210-5979
      Jura.Zibas@wilsonelser.com
      Amaris.Gyebi@wilsonelser.com
      Cheryl.Kujawski@wilsonelser.com

      *Co-Counsel for Defendants*
      *Cody Rutledge Wilson*
      *DEFCAD, Inc. and Defense Distributed*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 19th day of February, 2026 a true and correct copy of the foregoing document has been served by email to the following:  Zachary Z. Zermay, Esq., Florida Bar No:  1002905; Zermay Law, P.A., *Counsel for Plaintiff*, 1200 Fourth Street, #1102, Key West, Florida  33040; Telephone:  305-767-3529; Zach@Zermaylaw.com  and  info@Zermaylaw.com;  Charles (Chad) Flores, Esq., Flores Law PLLC, *Counsel for Defendants, Cody Rutledge Wilson, DEFCAD, Inc., Defense Distributed and Dioskouroi LLC,* 917 Franklin Street, Suite 600, Houston, Texas  77002, Telephone:  713-364-6440, CF@ChadFlores.law; chad-flores-7646@ecf.pacerpro.com and service@chadflores.law.

s/ *Amaris C. Gyebi*
Amaris C. Gyebi

## VERIFICATION

Under penalty of perjury, I swear the foregoing answers/responses are true and

correct to the best of my knowledge.

*s/Cody Wilson*
By:   Cody Wilson
