UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW LAROSIERE

     Plaintiff,

vs.                              Case No:  6:24-CV-01629-AGM-LHP

CODY RUTLEDGE WILSON, DEFCAD, INC.,
DEFENSE DISTRIBUTED and
DIOSKOUROI LLC,

     Defendants.

_____/

### DEFENDANT, DEFCAD, INC'S RESPONSES TO PLAINTIFF'S SECOND REQUESTS FOR ADMISSION

PURSUANT to Rule 36 of the Federal Rules of Civil Procedure, Defendant, **Defcad, Inc**. ("Defendant"), by and through undersigned counsel, hereby gives Notice of Service of its Responses to Plaintiff's **Matthew Larosiere's** ("Plaintiff" and/or "Propounding Party"), Second Requests for Admission.

### GENERAL STATEMENT

These responses are made solely for the purpose of this action. Any information or documents supplied in response to Plaintiff's requests are subject to all objections as to competency, relevancy, materiality, propriety and admissibility and to any and all other objections on any ground that would require the exclusion of any material or portion thereof, if such material is offered in evidence in court, all of which objections

330079970v.1

and grounds are expressly reserved and may be interposed at the time of the trial of this matter.

The following responses are based upon information available at the time of preparation of this response following due and diligent inquiry. These responses, accurate at the date of service to the Defendant's best knowledge, are subject to correction, modification or supplementation of further information and/or documentation as later located. These responses are made without prejudice to the Defendant's right to produce at trial, or otherwise, subsequently discovered evidence related hereto.

The following responses are based upon information and writings presently available and located by Defendant and their attorneys. Defendant, at this time, has not completed their investigation of the facts or discovery proceedings in this case and has not completed their preparation for trial. The following responses are therefore given without prejudice to Defendant's right to produce evidence based on subsequently discovered facts and/or documents.

No incidental or implied admissions are intended by the responses herein. The fact that Defendant has agreed to supply information or documents in response to a request should not be taken as an admission that Defendant accepts or admits the existence of any fact set forth or assumed by such request, or that such a document constitutes admissible evidence. Further, the fact that Defendant has identified or agreed to supply information in response to a request is not intended to be, and should not be construed as a waiver by Defendant to any part or any objection to any

discovery demands.

## ANSWERS TO SECOND REQUESTS FOR ADMISSION

1.     Admit you used Plaintiff Matthew Larosiere's name on your website.

**RESPONSE**: Defendant objects to the extent that the term "your website" is undefined and screenshots are not attached, rendering Request No. 1 vague, ambiguous, and unintelligible. Subject to the stated objections, Defendant cannot truthfully admit or deny the requested matter because the request violates Fed. R. Civ P. 26 and 36.  Federal Rule of Civil Procedure 36 allows a party to ask another party to admit or deny the truth of relevant matters relating to "facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A). Matters sought to be admitted that are not relevant to the claim or defense of any party, are not the proper subjects of a request to admit. *See Modern, Inc. v. Florida*, 2005 U.S. Dist. LEXIS 35515 at *10-11 (M.D. Fla. July 18, 2005). A party further need not respond to requests that contain vague or ambiguous statements. *See Cutino v. Untch*, 303 F.R.D. 413, 415-16 (S.D. Fla. 2014); *see also Rebman v. Follett Higher Educ. Grp., Inc.*, No. 6:06-cv-1476-Orl-28KRS, 2008 U.S. Dist. LEXIS 66796 at * 1 (M.D. Fla. Aug. 26, 2008) (noting requests for admissions should not be vague, ambiguous, or call for speculation).

2.     Admit you used an image of Plaintiff Matthew Larosiere on your website.

**RESPONSE**: Defendant objects to the extent that the term "your website" is undefined and screenshots are not attached, rendering Request No. 2 vague, ambiguous, and unintelligible. Subject to the stated objections, Defendant cannot truthfully admit or deny the requested matter because the request violates Fed. R. Civ P. 26 and 36. Federal Rule of Civil Procedure 36 allows a party to ask another party to admit or deny the truth of relevant matters relating to "facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A). Matters sought to be admitted that are not relevant to the claim or defense of any party, are not the proper subjects of a request to admit. *See Modern, Inc. v. Florida*, 2005 U.S. Dist. LEXIS 35515 at *10-11 (M.D. Fla. July 18, 2005). A party further need not respond to requests that contain vague or ambiguous statements. *See Cutino v. Untch*, 303 F.R.D. 413, 415-16 (S.D. Fla. 2014); *see also Rebman v. Follett Higher Educ. Grp., Inc.*, No. 6:06-cv-1476-Orl-28KRS, 2008 U.S. Dist. LEXIS 66796 at * 1 (M.D. Fla. Aug. 26, 2008) (noting requests for admissions should not be vague, ambiguous, or call for speculation).

3.     Admit you used an image of Plaintiff Matthew Larosiere on your blog.

**RESPONSE:** Defendant objects to Request No. 3 because the term "your blog" is undefined and screenshots are not attached; and, therefore, Defendant is without

sufficient knowledge to admit or deny the truth of the matter asserted in Request No. 3. Subject to the stated objections, Defendant cannot truthfully admit or deny the requested matter because the request violates Fed. R. Civ P. 26 and 36. Federal Rule of Civil Procedure 36 allows a party to ask another party to admit or deny the truth of relevant matters relating to "facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A). Matters sought to be admitted that are not relevant to the claim or defense of any party, are not the proper subjects of a request to admit. *See Modern, Inc. v. Florida*, 2005 U.S. Dist. LEXIS 35515 at *10-11 (M.D. Fla. July 18, 2005). A party further need not respond to requests that contain vague or ambiguous statements. *See Cutino v. Untch*, 303 F.R.D. 413, 415-16 (S.D. Fla. 2014); *see also Rebman v. Follett Higher Educ. Grp., Inc.*, No. 6:06-cv-1476-Orl-28KRS, 2008 U.S. Dist. LEXIS 66796 at * 1 (M.D. Fla. Aug. 26, 2008) (noting requests for admissions should not be vague, ambiguous, or call for speculation).

4.      Admit you used an AI-generated image resembling Plaintiff Matthew Larosiere on your website.

**RESPONSE:** Defendant objects to the extent that the terms "resembling" and "your website" are undefined and screenshots are not attached; and, therefore, Defendant is without sufficient knowledge to admit or deny the truth of the matter asserted in Request No. 4. *See* Fed. R. Civ. P. 36(a)(1)(A). Matters sought to be admitted that are not relevant to the claim or defense of any party, are not the proper subjects of a request to admit. *See Modern, Inc. v. Florida*, 2005 U.S. Dist. LEXIS 35515 at *10-11 (M.D. Fla. July 18, 2005). A party further need not respond to requests that contain vague or ambiguous statements. *See Cutino v. Untch*, 303 F.R.D. 413, 415-16 (S.D. Fla. 2014); *see also Rebman v. Follett Higher Educ. Grp., Inc.*, No. 6:06-cv-1476-Orl-28KRS, 2008 U.S. Dist. LEXIS 66796 at * 1 (M.D. Fla. Aug. 26, 2008) (noting requests for admissions should not be vague, ambiguous, or call for speculation).

5.      Admit you used an AI-generated image resembling Plaintiff Matthew Larosiere on your blog.

**RESPONSE:** Defendant objects to Request No. 5 because the terms "resembling" and "your blog" are undefined and not attached; and, therefore, Defendant is without sufficient knowledge to admit or deny the truth of the matter asserted in Request No. 5. *See* Fed. R. Civ. P. 36(a)(1)(A). Matters sought to be admitted that are not relevant to the claim or defense of any party, are not the proper subjects of a request to admit. *See Modern, Inc. v. Florida*, 2005 U.S. Dist. LEXIS 35515 at *10-11 (M.D. Fla. July 18, 2005). A party further need not respond to requests that contain vague or ambiguous statements. *See Cutino v. Untch*, 303 F.R.D. 413, 415-16 (S.D.

Fla. 2014); *see also Rebman v. Follett Higher Educ. Grp., Inc.*, No. 6:06-cv-1476-Orl-28KRS, 2008 U.S. Dist. LEXIS 66796 at * 1 (M.D. Fla. Aug. 26, 2008) (noting requests for admissions should not be vague, ambiguous, or call for speculation).

6.    Admit you used an image of Plaintiff or an image resembling Plaintiff in your

e-mail communications to your subscribers or customers.

**RESPONSE:** Defendant objects to Request No. 6 because the terms "resembling" and "email communications" are undefined and not attached; and, therefore, Defendant is without sufficient knowledge to admit or deny the truth of the matter asserted in Request No. 6.  *See* Fed. R. Civ. P. 36(a)(1)(A). Matters sought to be admitted that are not relevant to the claim or defense of any party, are not the proper subjects of a request to admit. *See Modern, Inc. v. Florida*,  2005 U.S. Dist. LEXIS 35515 at *10-11 (M.D. Fla. July 18, 2005). A party further need not respond to  requests that contain vague or ambiguous statements. *See Cutino v. Untch*, 303 F.R.D. 413, 415-16 (S.D. Fla. 2014); *see also Rebman v. Follett Higher Educ. Grp., Inc.*, No. 6:06-cv-1476-Orl-28KRS, 2008 U.S. Dist. LEXIS 66796 at * 1 (M.D. Fla. Aug. 26, 2008) (noting requests for admissions should not be vague, ambiguous, or call for speculation).

7.    Admit you never asked Plaintiff Matthew Larosiere for his consent to publish,

print, or display his name or likeness.

**RESPONSE:** Defendant objects to Request No. 7 on the grounds that the same is vague, overly broad, and seeks a legal conclusion.  To the extent an answer is required, Request No. 7 is denied by operation of law. *See* Fed. R. Civ. P. 36; *see also Kaplan v. Blue Cross & Blue Shield of Fla., Inc.*, No. 06-80162-Civ-Hurley/Hopkins, 2006 U.S. Dist. LEXIS 103841, at *4 (S.D. Fla. Nov. 9, 2006)(citing *Carney v. IRS (In re Carney)*, 258 F.3d 415, 419 (5th Cir. 2001))(finding that "…pure questions of law are not proper under Rule 36).

8.    Admit you published Plaintiff Matthew Larosiere's name or likeness without

his express consent.

**RESPONSE:**  Defendant objects to Request No. 8 on the grounds that the same is vague, overly broad, and seeks a legal conclusion.  To the extent an answer is required, Request No. 8 is denied by operation of law. Fed. R. Civ. P. 36; *see also Kaplan v. Blue Cross & Blue Shield of Fla., Inc.*, No. 06-80162-Civ-Hurley/Hopkins, 2006 U.S. Dist. LEXIS 103841, at *4 (S.D. Fla. Nov. 9, 2006)(citing *Carney v. IRS (In re Carney)*, 258

F.3d 415, 419 (5th Cir. 2001))(finding that "…pure questions of law are not proper under Rule 36).

9.      Admit that you, on or around December 7, 2023, changed or caused to be

changed the description of "The Gatalog" on your website to being "Owned and

directed by Matt Larosiere."

**RESPONSE:** Defendant objects to the extent that the term "your website" is undefined and screenshots are not attached; and, therefore, Defendant is without sufficient knowledge to admit or deny the truth of the matter asserted in Request No. 9. *See* Fed. R. Civ. P. 36(a)(1)(A). Matters sought to be admitted that are not relevant to the claim or defense of any party, are not the proper subjects of a request to admit. *See Modern, Inc. v. Florida*,  2005 U.S. Dist. LEXIS 35515 at *10-11 (M.D. Fla. July 18, 2005). A party further need not respond to  requests that contain vague or ambiguous statements. *See Cutino v. Untch*, 303 F.R.D. 413, 415-16 (S.D. Fla. 2014); *see also Rebman v. Follett Higher Educ. Grp., Inc.*, No. 6:06-cv-1476-Orl-28KRS, 2008 U.S. Dist. LEXIS 66796 at * 1 (M.D. Fla. Aug. 26, 2008) (noting requests for admissions should not be vague, ambiguous, or call for speculation).

10.      Admit that your websites contain pages containing materials you purport to

be authored by "The Gatalog".

**RESPONSE:** Defendant objects to the extent that the term "your website" is undefined and screenshots are not attached; and, therefore, Defendant is without sufficient knowledge to admit or deny the truth of the matter asserted in Request No. 10.   *See* Fed. R. Civ. P. 36(a)(1)(A). Matters sought to be admitted that are not relevant to the claim or defense of any party, are not the proper subjects of a request to admit. *See Modern, Inc. v. Florida*,  2005 U.S. Dist. LEXIS 35515 at *10-11 (M.D. Fla. July 18, 2005). A party further need not respond to  requests that contain vague or ambiguous statements. *See Cutino v. Untch*, 303 F.R.D. 413, 415-16 (S.D. Fla. 2014); *see also Rebman v. Follett Higher Educ. Grp., Inc.*, No. 6:06-cv-1476-Orl-28KRS, 2008 U.S. Dist. LEXIS 66796 at * 1 (M.D. Fla. Aug. 26, 2008) (noting requests for admissions should not be vague, ambiguous, or call for speculation).

11.      Admit you indicated on your website that Plaintiff Matthew Larosiere owns,

directs, operates, or otherwise controls "The Gatalog."

**RESPONSE:** Defendant objects to the  extent  that  the  term  "your website"  is

330079970v.1

undefined and screenshots are not attached; and, therefore, Defendant is without sufficient knowledge to admit or deny the truth of the matter asserted in Request No. 11.  *See* Fed. R. Civ. P. 36(a)(1)(A). Additionally, matters sought to be admitted that are not relevant to the claim or defense of any party, are not the proper subjects of a request to admit. *See Modern, Inc. v. Florida*,  2005 U.S. Dist. LEXIS 35515 at *10-11 (M.D. Fla. July 18, 2005). A party also need not respond to  requests that contain vague or ambiguous statements. *See Cutino v. Untch*, 303 F.R.D. 413, 415-16 (S.D. Fla. 2014); *see also Rebman v. Follett Higher Educ. Grp., Inc.*, No. 6:06-cv-1476-Orl-28KRS, 2008 U.S. Dist. LEXIS 66796 at * 1 (M.D. Fla. Aug. 26, 2008) (noting requests for admissions should not be vague, ambiguous, or call for speculation).

12.     Admit that, on or about February 21, 2024, you asked Pablo Molina Diaz to create a graphic containing a likeness of Plaintiff Matthew Larosiere.

**RESPONSE:**  Denied.

13.     Admit that, in connection with the work you asked Molina Diaz to create on or about February 21, 2024, you asked Molina Diaz to present the graphic as if Plaintiff had created it.

**RESPONSE:** Denied.

14.     Admit that the February 21 post "Universal guncad license" was intended to misrepresent Plaintiff's affiliation with you.

**RESPONSE:** Defendant objects to Request No. 14 because the February 21 post is undefined and not attached; therefore, Defendant is without sufficient knowledge to admit or deny the truth of the matter asserted in this request. *See* Fed. R. Civ. P. 36(a)(1)(A). Matters sought to be admitted that are not relevant to the claim or defense of any party, are not the proper subjects of a request to admit. *See Modern, Inc. v. Florida*,  2005 U.S. Dist. LEXIS 35515 at *10-11 (M.D. Fla. July 18, 2005). A party further need not respond to  requests that contain vague or ambiguous statements. *See Cutino v. Untch*, 303 F.R.D. 413, 415-16 (S.D. Fla. 2014); *see also Rebman v. Follett Higher Educ. Grp., Inc.*, No. 6:06-cv-1476-Orl-28KRS, 2008 U.S. Dist. LEXIS 66796 at * 1 (M.D. Fla. Aug. 26, 2008) (noting requests for admissions should not be vague, ambiguous, or call for speculation).

15.     Admit that the February 21 post "Universal guncad license" was intended to

mock Plaintiff's racial background.

**RESPONSE**: Defendant objects to Request No. 15 because the February 21 post is
unattached; and, therefore, Defendant is without sufficient knowledge to admit or
deny the truth of the matter asserted in this request. Defendant further objects to
Request No. 15 on the grounds that the requested matter is unlikely to lead to the
discovery of admissible evidence.  *See* Fed. R. Civ. P. 26(b)(1).  Subject to the stated
objection, Defendant cannot truthfully admit or deny the requested matter because the
request violates Fed. R. Civ P. 26 and 36. Federal Rule of Civil Procedure 36 allows a
party to ask another party to admit or deny the truth of relevant matters relating to
"facts, the application of law to fact, or opinions about either." Fed. R. Civ. P.
36(a)(1)(A). Matters sought to be admitted that are not relevant to the claim or defense
of any party are not the proper subjects of a request to admit. *See* Fed. R. Civ. P.
26(b)(12); *see also Modern, Inc. v. Florida*, 2005 U.S. Dist. LEXIS 35515 at *10-11
(M.D. Fla. July 18, 2005).  Subject to, and without waiving said objections, Defendant
denies this Request.

16.     Admit that the February 21 post "Universal guncad license" was intended to

associate Plaintiff with fascist ideology.

**RESPONSE:** Defendant objects to Request No. 16 because the February 21 post is
unattached; and, therefore, Defendant is without sufficient knowledge to admit or
deny the truth of the matter asserted in this request. Defendant further objects to
Request No. 16 on the grounds that the requested matter is unlikely to lead to the
discovery of admissible evidence.  *See* Fed. R. Civ. P. 26(b)(1).  Subject to the stated
objection, Defendant cannot truthfully admit or deny the requested matter because the
request violates Fed. R. Civ P. 26 and 36. Federal Rule of Civil Procedure 36 allows a
party to ask another party to admit or deny the truth of relevant matters relating to
"facts, the application of law to fact, or opinions about either." Fed. R. Civ. P.
36(a)(1)(A). Matters sought to be admitted that are not relevant to the claim or defense
of any party are not the proper subjects of a request to admit. *See* Fed. R. Civ. P.
26(b)(12); *see also Modern, Inc. v. Florida*, 2005 U.S. Dist. LEXIS 35515 at *10-11
(M.D. Fla. July 18, 2005).

17.     Admit that on April 25, 2024, you posted or caused to be posted an article

titled "MAC-11 and The Leaderboard" to the Defcad blog.

**RESPONSE:** Defendant objects to Request No. 17 because the April 25, 2024 post is
undefined and not attached; therefore, Defendant is without sufficient knowledge to

admit or deny the truth of the matter asserted in this request. Fed. R. Civ. P. 36(a)(1)(A).

18.     Admit that the April 25, 2024 "MAC-11 and The Leaderboard" post on the

Defcad blog contained or pointed to a document that was edited to black out

information.

**RESPONSE:** Defendant objects to Request No. 18 because the April 25, 2024 post referenced in Request No. 18 is undefined and not attached; therefore, Defendant is without sufficient knowledge to admit or deny the truth of the matter asserted in this request.  Fed. R. Civ. P.  36(a)(1)(A). Matters sought to be admitted that are not relevant to the claim or defense of any party, are not the proper subjects of a request to admit. *See Modern, Inc. v. Florida*,  2005 U.S. Dist. LEXIS 35515 at *10-11 (M.D. Fla. July 18, 2005). A party further need not respond to  requests that contain vague or ambiguous statements. *See Cutino v. Untch*, 303 F.R.D. 413, 415-16 (S.D. Fla. 2014); see also Rebman v. Follett Higher Educ. Grp., Inc., No. 6:06-cv-1476-Orl-28KRS, 2008 U.S. Dist. LEXIS 66796 at * 1 (M.D. Fla. Aug. 26, 2008) (noting requests for admissions should not be vague, ambiguous, or call for speculation).

19.     Admit that you inserted the redactions or black boxes into the document

contained in or pointed to in the "MAC-11 and The Leaderboard" post.

**RESPONSE:** Defendant objects to Request No. 19 because the "Mac 11 and The Leaderboard" post referenced in this request is undefined and not attached; therefore, Defendant is without sufficient knowledge to admit or deny the truth of the matter asserted in this request.  Fed. R. Civ. P. 36(a)(1)(A). Matters sought to be admitted that are not relevant to the claim or defense of any party, are not the proper subjects of a request to admit. *See Modern, Inc. v. Florida*,  2005 U.S. Dist. LEXIS 35515 at *10-11 (M.D. Fla. July 18, 2005). A party further need not respond to  requests that contain vague or ambiguous statements. *See Cutino v. Untch*, 303 F.R.D. 413, 415-16 (S.D. Fla. 2014); *see also Rebman v. Follett Higher Educ. Grp., Inc.*, No. 6:06-cv-1476-Orl-28KRS, 2008 U.S. Dist. LEXIS 66796 at * 1 (M.D. Fla. Aug. 26, 2008) (noting requests for admissions should not be vague, ambiguous, or call for speculation).

        Defendant reserves its right to amend/supplement any/all of the above answers

as discovery continues.

Dated:        February 12, 2026

                                Respectfully submitted,

330079970v.1

**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP**

By:    s / *Leia V. Leitner*
      Leia V. Leitner
      Florida Bar No:  105621
      111 North Orange Avenue
      Suite 1200
      Orlando,  FL  32801
      Telephone:         407-423-7287
      Facsimile: 407-648-1376
      Leia.Leitner@wilsonelser.com
      Cheryl.Kujawski@wilsonelser.com

      Jura C. Zibas
      Florida Bar No:  124571
      Amaris C. Gyebi, Esq.
      Florida Bar No:  1019361
      2063 Main Street - Suite 100
      Sarasota, FL 34237
      Telephone:941-866-8561
      Facsimile:  941-210-5979
      Jura.Zibas@wilsonelser.com
      Amaris.Gyebi@wilsonelser.com
      Cheryl.Kujawski@wilsonelser.com

      *Co-Counsel for Defendants*
      *Cody Rutledge Wilson*
      *DEFCAD, Inc. and Defense Distributed*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 12th day of February, 2026 a true and correct

copy of the foregoing document has been served by email to the following:  Zachary

Z. Zermay, Esq., Florida Bar No:  1002905; Zermay Law, P.A., *Counsel for Plaintiff*,

330079970v.1

1200 Fourth Street, #1102, Key West, Florida 33040; Telephone: 305-767-3529;
Zach@Zermaylaw.com and info@Zermaylaw.com; Charles (Chad) Flores, Esq.,
Flores Law PLLC, *Counsel for Defendants, Cody Rutledge Wilson, DEFCAD, Inc., Defense Distributed and Dioskouroi LLC,* 917 Franklin Street, Suite 600, Houston, Texas 77002, Telephone: 713-364-6440, CF@ChadFlores.law; chad-flores-7646@ecf.pacerpro.com and service@chadflores.law.

*s/Leia V. Leitner*
Leia V. Leitner

330079970v.1