UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW LAROSIERE

      Plaintiff,

vs.                                  Case No:  6:24-CV-01629-AGM-LHP

CODY RUTLEDGE WILSON, DEFCAD, INC.,
DEFENSE DISTRIBUTED and
DIOSKOUROI LLC,

      Defendants.
_____/

**DEFENDANT, CODY WILSON'S**
**RESPONSES TO PLAINTIFF'S**
**SECOND REQUESTS FOR ADMISSION**

PURSUANT to Rule 36 of the Federal Rules of Civil Procedure, Defendant,

**Cody Wilson**, by and through undersigned counsel, hereby gives Notice of Service of

his Responses to Plaintiff's **Matthew Larosiere's** ("Plaintiff" and/or "Propounding

Party") Second Requests for Admission.

**GENERAL STATEMENT**

These responses are made solely for the purpose of this action. Any information

or documents supplied in response to Plaintiff's requests are subject to all objections

as to competency, relevancy, materiality, propriety and admissibility and to any and

all other objections on any ground that would require the exclusion of any material or

portion thereof, if such material is offered in evidence in court, all of which objections

and grounds are expressly reserved and may be interposed at the time of the trial of this matter.

The following responses are based upon information available at the time of preparation of this response following due and diligent inquiry. These responses, accurate at the date of service to the Defendant's best knowledge, are subject to correction, modification or supplementation of further information and/or documentation as later located. These responses are made without prejudice to the Defendant's right to produce at trial, or otherwise, subsequently discovered evidence related hereto.

The following responses are based upon information and writings presently available and located by Defendant and their attorneys. Defendant, at this time, has not completed their investigation of the facts or discovery proceedings in this case and has not completed their preparation for trial. The following responses are therefore given without prejudice to Defendant's right to produce evidence based on subsequently discovered facts and/or documents.

No incidental or implied admissions are intended by the responses herein. The fact that Defendant has agreed to supply information or documents in response to a request should not be taken as an admission that Defendant accepts or admits the existence of any fact set forth or assumed by such request, or that such a document constitutes admissible evidence. Further, the fact that Defendant has identified or agreed to supply information in response to a request is not intended to be, and should not be construed as a waiver by Defendant to any part or any objection to any

discovery demands.

## ANSWERS TO SECOND REQUESTS FOR ADMISSION

1. Admit that you have never worked for Gun Owners of America.

**RESPONSE**: Defendant objects to Request No. 1 on the grounds that the requested matter is unlikely to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). Subject to the stated objection, Defendant cannot truthfully admit or deny the requested matter because the request violates Fed. R. Civ P. 26 and 36. Federal Rule of Civil Procedure 36 allows a party to ask another party to admit or deny the truth of relevant matters relating to "facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A). Matters sought to be admitted that are not relevant to the claim or defense of any party are not the proper subjects of a request to admit. *See* Fed. R. Civ. P. 26(b)(12); *see also Modern, Inc. v. Florida*, 2005 U.S. Dist. LEXIS 35515 at *10-11 (M.D. Fla. July 18, 2005).

2. Admit that you have impersonated Gun Owners of America to the National

Association for Gun Rights.

**RESPONSE**: Defendant objects to Request No. 2 on the grounds that the requested matter is unlikely to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). Subject to the stated objection, Defendant cannot truthfully admit or deny the requested matter because the request violates Fed. R. Civ P. 26 and 36. Federal Rule of Civil Procedure 36 allows a party to ask another party to admit or deny the truth of relevant matters relating to "facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A). Matters sought to be admitted that are not relevant to the claim or defense of any party are not the proper subjects of a request to admit. *See* Fed. R. Civ. P. 26(b)(12); *see also Modern, Inc. v. Florida*, 2005 U.S. Dist. LEXIS 35515 at *10-11 (M.D. Fla. July 18, 2005).

3. Admit that you conducted impersonation of Gun Owners of America to solicit

personally identifiable information from the National Association for Gun Rights.

**RESPONSE**: Defendant objects to Request No. 3 on the grounds that the requested matter is unlikely to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). Subject to the stated objection, Defendant cannot truthfully admit or deny the requested matter because the request violates Fed. R. Civ P. 26 and 36. Federal Rule of Civil Procedure 36 allows a party to ask another party to admit or deny the truth of relevant matters relating to "facts, the application of law to fact, or opinions

about either." Fed. R. Civ. P. 36(a)(1)(A). Matters sought to be admitted that are not relevant to the claim or defense of any party are not the proper subjects of a request to admit. *See* Fed. R. Civ. P. 26(b)(12); *see also Modern, Inc. v. Florida*, 2005 U.S. Dist. LEXIS 35515 at *10-11 (M.D. Fla. July 18, 2005).

4.     Admit you used Plaintiff Matthew Larosiere's name on your website.

**RESPONSE**:  Defendant objects to Request No. 4 to the extent that the term "your website" is undefined, and screenshots are not attached; therefore, Defendant is without sufficient knowledge to admit or deny the truth of the matter asserted in this request.  *See, e.g., Cutino v. Untch*, 303 F.R.D. 413, 415-16 (S.D. Fla. 2014) ("[A] party is not required to respond to a request that contains vague or ambiguous statements."); *Rebman*, 2008 U.S. Dist. LEXIS 66796, 2008 WL 3928793, at *1 (noting requests for admissions should not be vague, ambiguous, or call for speculation).

5.     Admit you used an image of Plaintiff Matthew Larosiere on your website.

**RESPONSE**: Defendant objects to the extent that the term "your website" is undefined, and screenshots are not attached; therefore, Defendant is without sufficient knowledge to admit or deny the truth of the matter asserted in this request.  *See, e.g., Cutino v. Untch*, 303 F.R.D. 413, 415-16 (S.D. Fla. 2014) ("[A] party is not required to respond to a request that contains vague or ambiguous statements."); *Rebman*, 2008 U.S. Dist. LEXIS 66796, 2008 WL 3928793, at *1 (noting requests for admissions should not be vague, ambiguous, or call for speculation).

6.     Admit you used an image of Plaintiff Matthew Larosiere on your blog.

**RESPONSE**: Defendant objects to Request No. 6 because the term "your website is undefined and screenshots are not attached; and, therefore, Defendant is without sufficient knowledge to admit or deny the truth of the matter asserted in Request No. 6. *See, e.g., Cutino v. Untch*, 303 F.R.D. 413, 415-16 (S.D. Fla. 2014) ("[A] party is not required to respond to a request that contains vague or ambiguous statements."); *Rebman*, 2008 U.S. Dist. LEXIS 66796, 2008 WL 3928793, at *1 (noting requests for admissions should not be vague, ambiguous, or call for speculation).

7.     Admit you used an AI-generated image resembling Plaintiff Matthew Larosiere

on your website.

**RESPONSE**: Defendant objects to the extent that the terms "resembling" and "your website" is undefined and screenshots are not attached; and, therefore, Defendant is without sufficient knowledge to admit or deny the truth of the matter asserted in this

request. *See, e.g., Cutino v. Untch*, 303 F.R.D. 413, 415-16 (S.D. Fla. 2014) ("[A] party is not required to respond to a request that contains vague or ambiguous statements."); *Rebman*, 2008 U.S. Dist. LEXIS 66796, 2008 WL 3928793, at *1 (noting requests for admissions should not be vague, ambiguous, or call for speculation).

8.    Admit you used an AI-generated image resembling Plaintiff Matthew Larosiere

on your blog.

**RESPONSE**: Defendant objects to the extent that the terms "resembling" and "your website" are undefined and screenshots of the blog are not attached; and, therefore, Defendant is without sufficient knowledge to admit or deny the truth of the matter asserted in this request. Defendant further objects to the extent that this request is vague and ambiguous. *See, e.g., Cutino v. Untch*, 303 F.R.D. 413, 415-16 (S.D. Fla. 2014) ("[A] party is not required to respond to a request that contains vague or ambiguous statements."); *Rebman*, 2008 U.S. Dist. LEXIS 66796, 2008 WL 3928793, at *1 (noting requests for admissions should not be vague, ambiguous, or call for speculation).

9.    Admit you used an image of Plaintiff or an image resembling Plaintiff in your

e-mail communications to your subscribers or customers.

**RESPONSE**: Defendant objects to Request No. 9 because the terms "resembling" and "email communications" are undefined and are not attached; therefore, Defendant is without sufficient knowledge to admit or deny the truth of the matter asserted in this request. *See, e.g., Cutino v. Untch*, 303 F.R.D. 413, 415-16 (S.D. Fla. 2014) ("[A] party is not required to respond to a request that contains vague or ambiguous statements."); *Rebman*, 2008 U.S. Dist. LEXIS 66796, 2008 WL 3928793, at *1 (noting requests for admissions should not be vague, ambiguous, or call for speculation).

10.    Admit you never asked Plaintiff Matthew Larosiere for his consent to publish,

print, or display his name or likeness.

**RESPONSE**: Request for Admission No. 10 calls for conclusions of law for which no answer is required. To the extent an answer is required, Request No. 10 is denied by operation of law. Fed. R. Civ. P. 36; *see also Kaplan v. Blue Cross & Blue Shield of Fla., Inc.*, No. 06-80162-Civ-Hurley/Hopkins, 2006 U.S. Dist. LEXIS 103841, at *4 (S.D. Fla. Nov. 9, 2006)(citing *Carney v. IRS (In re Carney)*, 258 F.3d 415, 419 (5th Cir. 2001))(finding that "…pure questions of law are not proper under Rule 36).

11. Admit you published Plaintiff Matthew Larosiere's name or likeness without

his express consent.

**RESPONSE**: Defendant objects to Request No. 11 on the grounds that the same is vague, overly broad, and seeks a legal conclusion. To the extent an answer is required, Request No. 11 is denied by operation of law. Fed. R. Civ. P. 36; *see also Kaplan v. Blue Cross & Blue Shield of Fla., Inc.*, No. 06-80162-Civ-Hurley/Hopkins, 2006 U.S. Dist. LEXIS 103841, at *4 (S.D. Fla. Nov. 9, 2006)(citing *Carney v. IRS (In re Carney)*, 258 F.3d 415, 419 (5th Cir. 2001))(finding that "…pure questions of law are not proper under Rule 36).

12. Admit that you, on or around December 7, 2023, changed or caused to be

changed the description of "The Gatalog" on your website to being "Owned and

directed by Matt Larosiere."

**RESPONSE**: Defendant objects to the extent that the term "your website" is undefined and screenshots are not attached; and, therefore, Defendant is without sufficient knowledge to admit or deny the truth of the matter asserted in this request. *See, e.g., Cutino v. Untch*, 303 F.R.D. 413, 415-16 (S.D. Fla. 2014) ("[A] party is not required to respond to a request that contains vague or ambiguous statements."); Rebman, 2008 U.S. Dist. LEXIS 66796, 2008 WL 3928793, at *1 (noting requests for admissions should not be vague, ambiguous, or call for speculation).

13. Admit that your websites contain pages containing materials you purport to be

authored by "The Gatalog".

**RESPONSE:** Defendant objects to the extent that the term "your website" is undefined and the referenced website pages are not attached; and, therefore, Defendant is without sufficient knowledge to admit or deny the truth of the matter asserted in this request.    *See, e.g., Cutino v. Untch*, 303 F.R.D. 413, 415-16 (S.D. Fla. 2014) ("[A] party is not required to respond to a request that contains vague or ambiguous statements."); *Rebman*, 2008 U.S. Dist. LEXIS 66796, 2008 WL 3928793, at *1 (noting requests for admissions should not be vague, ambiguous, or call for speculation).

14. Admit you indicated on your website that Plaintiff Matthew Larosiere

owns, directs, operates, or otherwise controls "The Gatalog."

**RESPONSE**: Defendant objects to the extent that the term "your website" is undefined and the referenced website pages are not attached, rendering Request No. 14 vague, ambiguous, and unintelligible.    *See, e.g., Cutino v. Untch*, 303 F.R.D. 413, 415-16 (S.D. Fla. 2014) ("[A] party is not required to respond to a request that contains vague or ambiguous statements."); *Rebman*, 2008 U.S. Dist. LEXIS 66796, 2008 WL 3928793, at *1 (noting requests for admissions should not be vague, ambiguous, or call for speculation).

15.    Admit that, on or about February 21, 2024, you asked Pablo Molina Diaz to create a graphic containing a likeness of Plaintiff Matthew Larosiere.

**RESPONSE**: Denied.

16.    Admit that, in connection with the work you asked Molina Diaz to create on or about February 21, 2024, you asked Molina Diaz to present the graphic as if Plaintiff had created it.

**RESPONSE**: Denied.

17. Admit that the February 21 post "Universal guncad license" was intended to misrepresent Plaintiff's affiliation with you.

**RESPONSE**: Defendant objects to Request No. 17 because the February 21 post is undefined and unattached; and, therefore, Defendant is without sufficient knowledge to admit or deny the truth of the matter asserted in this request. *See, e.g., Cutino v. Untch*, 303 F.R.D. 413, 415-16 (S.D. Fla. 2014) ("[A] party is not required to respond to a request that contains vague or ambiguous statements."); *Rebman*, 2008 U.S. Dist. LEXIS 66796, 2008 WL 3928793, at *1 (noting requests for admissions should not be vague, ambiguous, or call for speculation).

18.    Admit that the February 21 post "Universal guncad license" was intended to mock Plaintiff's racial background.

**RESPONSE**: Defendant objects to Request No. 18 because the February 21 post is unattached; and, therefore, Defendant is without sufficient knowledge to admit or deny the truth of the matter asserted in this request. Defendant further objects to

Request No. 18 on the grounds that the requested matter is unlikely to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). Subject to the stated objection, Defendant cannot truthfully admit or deny the requested matter because the request violates Fed. R. Civ P. 26 and 36. Federal Rule of Civil Procedure 36 allows a party to ask another party to admit or deny the truth of relevant matters relating to "facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A). Matters sought to be admitted that are not relevant to the claim or defense of any party are not the proper subjects of a request to admit. *See Modern, Inc. v. Florida*, 2005 U.S. Dist. LEXIS 35515 at *10-11 (M.D. Fla. July 18, 2005). A party further need not respond to request that contain vague or ambiguous statements. *See Cutino v. Untch*, 303 F.R.D. 413, 415-16 (S.D. Fla. 2014). Subject to and without waiving said objections, Defendant denies this request.

19.    Admit that the February 21 post "Universal guncad license" was intended to

associate Plaintiff with fascist ideology.

**RESPONSE**: Defendant objects to Request No. 19 because the February 21 post is unattached; and, therefore, Defendant is without sufficient knowledge to admit or deny the truth of the matter asserted in this request. Defendant further objects to Request No. 19 on the grounds that the requested matter is unlikely to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). Subject to the stated objection, Defendant cannot truthfully admit or deny the requested matter because the request violates Fed. R. Civ P. 26 and 36. Federal Rule of Civil Procedure 36 allows a party to ask another party to admit or deny the truth of relevant matters relating to "facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A). Matters sought to be admitted that are not relevant to the claim or defense of any party are not the proper subjects of a request to admit. *Modern, Inc. v. Florida*, 2005 U.S. Dist. LEXIS 35515 at *10-11 (M.D. Fla. July 18, 2005). Defendant further objects to the extent the term "fascist ideology" is vague, ambiguous and unintelligible. *See, e.g., Cutino v. Untch*, 303 F.R.D. 413, 415-16 (S.D. Fla. 2014) ("[A] party is not required to respond to a request that contains vague or ambiguous statements."); *Rebman*, 2008 U.S. Dist. LEXIS 66796, 2008 WL 3928793, at *1 (noting requests for admissions should not be vague, ambiguous, or call for speculation).

20.    Admit that on April 25, 2024, you posted or caused to be posted an article titled

"MAC-11 and The Leaderboard" to the Defcad blog.

**RESPONSE**: Defendant objects to Request No. 20 because the April 25, 2024, blog is unattached; and, therefore, Defendant is without sufficient knowledge to admit or deny the truth of the matter asserted in this request. Defendant further objects to

Request No. 20 on the grounds that the requested matter is unlikely to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). Subject to the stated objection, Defendant cannot truthfully admit or deny the requested matter because the request violates Fed. R. Civ P. 26 and 36. Federal Rule of Civil Procedure 36 allows a party to ask another party to admit or deny the truth of relevant matters relating to "facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A). Matters sought to be admitted that are not relevant to the claim or defense of any party are not the proper subjects of a request to admit. *Modern, Inc. v. Florida*, 2005 U.S. Dist. LEXIS 35515 at *10-11 (M.D. Fla. July 18, 2005). A party further need not respond to request that contain vague or ambiguous statements. *See Cutino v. Untch*, 303 F.R.D. 413, 415-16 (S.D. Fla. 2014).

21.    Admit that the April 25, 2024 "MAC-11 and The Leaderboard" post on the

Defcad blog contained or pointed to a document that was edited to black out

information.

**RESPONSE**: Defendant further objects to Request No. 21 because the April 25, 2024, post is undefined and unattached; and, therefore, Defendant is without sufficient knowledge to admit or deny the truth of the matter asserted in this request. Defendant objects to Request No. 22 as the terms "MAC-11" and "The Leaderboard" are undefined, rendering this request vague, ambiguous, and unintelligible. Defendant further objects on the grounds that the requested matter is unlikely to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). Subject to the stated objections, Defendant cannot truthfully admit or deny the requested matter because the request violates Fed. R. Civ P. 26 and 36. Federal Rule of Civil Procedure 36 allows a party to ask another party to admit or deny the truth of relevant matters relating to "facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A). Matters sought to be admitted that are not relevant to the claim or defense of any party are not the proper subjects of a request to admit. *Modern, Inc. v. Florida*, 2005 U.S. Dist. LEXIS 35515 at *10-11 (M.D. Fla. July 18, 2005). A party further need not respond to request that contain vague or ambiguous statements. *See Cutino v. Untch*, 303 F.R.D. 413, 415-16 (S.D. Fla. 2014).

22.    Admit that you inserted the redactions or black boxes into the document

contained in or pointed to in the "MAC-11 and The Leaderboard" post.

**RESPONSE:** Defendant objects to Request No. 22 as the terms "MAC-11" and "The Leaderboard" are undefined, and the post is unattached, rendering this request vague, ambiguous, and unintelligible. Defendant further objects on the grounds that the

requested matter is unlikely to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). Subject to the stated objections, Defendant cannot truthfully admit or deny the requested matter because the request violates Fed. R. Civ P. 26 and 36. Federal Rule of Civil Procedure 36 allows a party to ask another party to admit or deny the truth of relevant matters relating to "facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A). Matters sought to be admitted that are not relevant to the claim or defense of any party are not the proper subjects of a request to admit. *See* Fed. R. Civ. P. 26(b)(12); *see also  Modern, Inc. v. Florida*, 2005 U.S. Dist. LEXIS 35515 at *10-11 (M.D. Fla. July 18, 2005).   A party further need not respond to  request that contain vague or ambiguous statements. *See Cutino v. Untch*, 303 F.R.D. 413, 415-16 (S.D. Fla. 2014).

Defendant reserves his right to amend/supplement any/all of the above answers

as discovery continues.

Dated:        February 12, 2026        Respectfully submitted,

**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP**

By:   *s/Leia V. Leitner*
        Leia V. Leitner
        Florida Bar No:  105621
        111 North Orange Avenue
        Suite 1200
        Orlando,  FL  32801
        Telephone:        407-423-7287
        Facsimile: 407-648-1376
        Leia.Leitner@wilsonelser.com
        Cheryl.Kujawski@wilsonelser.com

        Jura C. Zibas
        Florida Bar No:  124571
        Amaris C. Gyebi, Esq.
        Florida Bar No:  1019361
        2063 Main Street - Suite 100
        Sarasota, FL 34237
        Telephone:941-866-8561
        Facsimile:  941-210-5979

Jura.Zibas@wilsonelser.com
Amaris.Gyebi@wilsonelser.com
Cheryl.Kujawski@wilsonelser.com

*Co-Counsel for Defendants*
*Cody Rutledge Wilson*
*DEFCAD, Inc. and Defense Distributed*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of February, 2026 a true and correct copy of the foregoing document has been served by email to the following:  Zachary Z. Zermay, Esq., Florida Bar No:  1002905; Zermay Law, P.A., *Counsel for Plaintiff*, 1200 Fourth Street, #1102, Key West, Florida  33040; Telephone:  305-767-3529; Zach@Zermaylaw.com and info@Zermaylaw.com;  Charles (Chad) Flores, Esq., Flores Law PLLC, *Counsel for Defendants, Cody Rutledge Wilson, DEFCAD, Inc., Defense Distributed and Dioskouroi LLC,* 917 Franklin Street, Suite 600, Houston, Texas  77002, Telephone:  713-364-6440, CF@ChadFlores.law; chad-flores-7646@ecf.pacerpro.com and service@chadflores.law.

s/*Leia V. Leitenr*
Leia V. Leitner