UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


MATTHEW LAROSIERE

      Plaintiff,

vs.                                                          Case No:  6:24-CV-01629-AGM-LHP

CODY RUTLEDGE WILSON, DEFCAD, INC.,
DEFENSE DISTRIBUTED and
DIOSKOUROI LLC,

      Defendants.
_____/

### DEFENDANT, DEFENSE DISTRIBUTED'S
### RESPONSES AND OBJECTIONS TO
### PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant,

**Defense Distributed**, by and through its undersigned counsel, serves its Responses

and Objections to Plaintiff's ("Plaintiff" and/or "Propounding Party") Second Set of

Requests for Production, and states as follows:

### GENERAL STATEMENT

These responses are made solely for the purpose of this action. Any information

or documents supplied in response to Plaintiff's requests are subject to all objections

as to competency, relevancy, materiality, propriety and admissibility and to any and

all other objections on any ground that would require the exclusion of any material or

portion thereof, if such material is offered in evidence in court, all of which objections

and grounds are expressly reserved and may be interposed at the time of the trial of

this matter.

The following responses are based upon information available at the time of preparation of this response following due and diligent inquiry. These responses, accurate at the date of service to the Defendant's best knowledge, are subject to correction, modification or supplementation of further information and/or documentation as later located. These responses are made without prejudice to the Defendant's right to produce at trial, or otherwise, subsequently discovered evidence related hereto.

The following responses are based upon information and writings presently available and located by Defendant and their attorneys. Defendant, at this time, has not completed their investigation of the facts or discovery proceedings in this case and has not completed their preparation for trial. The following responses are therefore given without prejudice to Defendant's right to produce evidence based on subsequently discovered facts and/or documents.

No incidental or implied admissions are intended by the responses herein. The fact that Defendant has agreed to supply information or documents in response to a request should not be taken as an admission that Defendant accepts or admits the existence of any fact set forth or assumed by such request, or that such a document constitutes admissible evidence. Further, the fact that Defendant has identified or agreed to supply information in response to a request is not intended to be, and should not be construed as a waiver by Defendant to any part or any objection to any discovery demands.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS IN PLAINTIFF'S SECOND REQUEST FOR PRODUCTION

1.      Defendant objects to the definitions of "Copyright" and "Works" to the extent they are vague, ambiguous, overly broad, and untethered to the copyrights/works identified in the amended Complaint (Doc. 43). The definition fails to specify whether it refers to registered copyrights, applications for copyright registration, common law copyrights, or some combination thereof. Subject to and without waiving the foregoing objections, Defendant will construe the term "Copyright" and "Works" as limited to the copyrights and works specifically identified in Plaintiff's operative complaint (Doc. 43), pursuant to the Court's Order dated February 13, 2026. *See* Doc. 213 at p. 4.

2.      Defendant objects to the temporal scope listed throughout Plaintiff's Second Request for Production as vague, ambiguous, and overly broad.  Subject to and without waiving the foregoing objections, Defendant will construe the time period as follows: 1) for requests concerning the copyrights or works as limited to the period of January 1, 2022 to the present; and 2) requests unrelated to the copyrights or works as limited to the time period of January 1, 2021 to the present, pursuant to the Court's Order dated February 13, 2026. *See* Doc. 213 at p. 4.

## DEFENDANT'S RESPONSES AND OBJECTIONS TO
## SECOND REQUESTS FOR PRODUCTION

1.      From January 1, 2022, to present, produce documents sufficient to identify any changes made to the number of downloads and/or views attributed to each of the works[1] at issue on your website.

> **RESPONSE:** Defendant objects to this Request on the grounds that it is overly broad, vague, ambiguous, and seeks information that is not proportional to the needs of the case. *See Dyer v. Coloplast Corp.*, No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which provides that a party may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1))). The Request seeks information about all blog posts and emails, regardless of relevance to the claims and defenses at issue. Defendant further objects that this Request assumes that "changes" to download or view counts have occurred. Subject to and without waiving these objections, Defendant states none in its possession, custody, or control.

2.      Documents and records sufficient to show each of the web page(s) that each of the works at issue have been made available through.

> **RESPONSE:**  Defendant objects to this Request to the extent it seeks information regarding websites or systems over which Defendant has no possession, custody, or control. Subject to, and without waiving, these objections, Defendant has none in its possession, custody, or control.

3.      Documents and records sufficient to show the total number of downloads and views for each of the web page(s) that each of the works at issue have been made available through.

> **RESPONSE**: Defendant refers Plaintiff to  Defendant's responses and objections to Request for Production No. 1.

---

[1] At all times material herein, the term "Works" is limited to the copyrights and works specifically identified in Plaintiff's operative complaint (Doc. No. 43).

4.      Documents and records sufficient to explain all of the times when view and/or download counts have decreased on each of the web page(s) that each of the works at issue have been made available through.

> **RESPONSE**: Defendant refers Plaintiff to   Defendant's responses and objections to Request for Production No. 1.

5.      Documents and records sufficient to explain the reason(s) behind each of the times when view and/or download counts have decreased on each of the web page(s) that each of the works at issue have been made available through.

> **RESPONSE**: Defendant refers Plaintiff to   Defendant's responses and objections to Request for Production No. 1.

6.      Documents and records sufficient to identify the individuals responsible for each of the times when view and/or download counts have decreased on each of the web page(s) that each of the works at issue have been made available through.

> **RESPONSE**: Defendant refers Plaintiff to Defendant's responses and objections to Request for Production No. 1. Defendant also objects to the extent that this Request is overly broad, vague, and unintelligible. Defendant further objects to the extent this Request is an Interrogatory masquerading as a document request. *See* Fed. R. Civ. P. 34(a)(1)("a party may serve a request to produce **documents** upon another party that is within that party's possession, custody, or control."). Responding further, Defendant is willing to meet and confer to narrow this Request to produce identification of the individual viewership or downloads for each web page concerning the copyrighted works at issue.

7.      From January 1, 2022, to present, for each of your blog posts or emails transmitted to your mailing lists of customers or subscribers, provide the number of views, interactions, and visitors each blog post or email transmitted to your mailing lists of customers or subscribers received.

**RESPONSE**: Defendant objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case. *See Dyer v. Coloplast Corp.*, No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which provides that a party may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1))). The Request seeks information about all blog posts and emails, regardless of relevance to the claims and defenses at issue. Subject to and without waiving these objections, Defendant will conduct a reasonable search and produce non-privileged, responsive documents relating to blog posts or emails concerning the works at issue or Plaintiff, to the extent such documents can be located, and produced subject to the parties' Protective Order (Doc. 114–1).

8.      Produce documents sufficient to establish the contents of your mailing lists used to communicate with customers or subscribers, including the specific lists and number of entries on each list.

**RESPONSE**: Defendant objects to this Request as overly broad, vague and ambiguous, and seeks confidential proprietary business information. Defendant further objects that this Request seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case. *See Dyer v. Coloplast Corp.*, No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which provides that a party may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1))). The request is untethered to the copyrighted works at-issue. Subject to and without waiving these objections, Defendant will conduct a reasonable search and produce aggregate information regarding mailing list sizes to the extent such information is available and can be located, and subject to the parties' Protective Order (Doc. 114–1).

9.      From January 1, 2022, to present, Produce documents and communications sufficient to identify the contents of communications and the existence of occurrences of "blacklisting," as you admitted to in your answer and counterclaims, (Doc. 29 at ¶ 389) on any of your commerce websites, including information on individuals on the blacklist, when and why they were placed on the blacklist, and the blacklist itself.

**RESPONSE:** Defendant objects to this Request as  overly broad and seeking information that may not be relevant to any party's claim or defense. Defendant specifically objects to the extent it seeks information regarding all individuals on any "blacklist" regardless of relevance to the claims and defenses at issue. *See Dyer v. Coloplast Corp*., No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which provides that a party may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1))). The reference to the Answer (Doc 29) in the Request was amended (Doc 52), and the counterclaim was dismissed on September 11, 2025 (Doc 129). Thus, the pleadings referenced in this request are no longer at issue. Subject to and without waiving these objections, in good faith, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its possession, custody, or control concerning any blacklisting related to Plaintiff or the works at issue, to the extent such documents can be located, and subject to the parties' Protective Order (Doc. 114–1).

10.      From January 1, 2022, to present, provide documents sufficient to establish any attempt to frustrate Plaintiff's ability to obtain details of the alleged infringement, including but not limited to: blacklisting, editing, changing, obscuring, or otherwise obfuscating any aspect of the infringement.

**RESPONSE**: Defendant objects to this Request as overly broad to the extent it seeks information regarding all individuals on any "blacklist" regardless of relevance to the claims and defenses at issue. *See Dyer v. Coloplast Corp*., No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which provides that a party may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1))). The reference to the Answer (Doc 29) in the Request was amended (Doc 52), and the counterclaim was dismissed on September 11, 2025 (Doc 129). Thus, the pleadings referenced in this request are no longer at issue. Defendant also objects to the extent that this request seeks a legal conclusion that this Defendant infringed on the copyrighted works at issue. Subject to and without waiving these objections, in good faith, Defendant has none in its possession, custody, or control.

11.      From January 1, 2022, to present, produce materials sufficient to identify the  contents  of  all  communications  concerning  and  documents  referencing  the

"Fuddbusters" discord server.

> **RESPONSE**: Defendant objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case. *See Dyer v. Coloplast Corp.*, No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which provides that a party may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1))).  ))).  The request is untethered to the copyrights and works at issue. Defendant further objects that this Request seeks information that may not be relevant to any party's claim or defense. *Id.*  Subject to and without waiving these objections, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its possession, custody, or control to the extent they relate to the claims and defenses at issue and can be located, and subject to the parties' Protective Order (Doc. 114–1).

12.    All discord account usernames owned or used by yourself or your employees

which have been used at any point since January 1, 2022 to discuss:

> a.    This lawsuit;
>
> RESPONSE:
>
> b.    Copyright[2];
>
> RESPONSE:
>
> c.    3D printed guns.
>
> **RESPONSE:** Defendant objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly with respect to subpart (c) seeking information about discussions of "3D printed guns" which encompasses virtually all of Defendant's business activities.  *See Dyer v. Coloplast Corp.*, No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which provides that a party may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1))).  ))).  The request is untethered to the copyrights and works at issue.  Subject to and without waiving these objections, Defendant

---

[2] At all times material herein, the term "Copyright" is limited to the copyrights and works specifically identified in Plaintiff's operative complaint (Doc. No. 43).

will conduct a reasonable search and produce non-privileged, responsive information regarding Discord accounts used to discuss this lawsuit or copyright issues related to the works at issue, to the extent such information can be located, and subject to the parties' Protective Order (Doc. 114–1).

13.    All discord account usernames owned or used by yourself or your employees which have been exposed to the contents of any of the following Discord servers:

    a.    Fuddbusters v. ∞, which you may know better as The Fuddbusters server;

    RESPONSE:

    b.    Club+Fed, which you may know better as CTRL+Pew's server;

    RESPONSE:

    c.    Suckboy's Dungeon, which you may know better as Suckboy Tony's server;

    RESPONSE:

    d.    humans only, which you may know better as jny's server.

**RESPONSE**:  Defendant objects to this Request as overly broad and seeking information that may not be relevant to any party's claim or defense. *See Dyer v. Coloplast Corp.*, No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which provides that a party may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1))).   Subject to and without waiving these objections, Defendant produced non-privileged, responsive information in its possession, custody, or control, to the extent such information can be located, and subject to the parties' Protective Order (Doc. 114–1). *See* Production Chart, Doc. 200–2 at pp. 3–4 (references to online handles, domains, and platforms: CTRL Pew, Freeman1337, Fuddbusters, IvanTheTroll, JNY, Suckboy Tony, precusorparts.com).

14.    All rocket.chat and GitLab account usernames owned or used by yourself or your    employees    which    have    been    exposed    to    the    contents    of

chat.deterrencedispensed.com.

> **RESPONSE:** Defendant objects to this Request as overly broad and seeking information that may not be relevant to any party's claim or defense. *See Dyer v. Coloplast Corp.*, No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which provides that a party may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1))).

15. From January 1, 2022, to present, produce documents sufficient to identify the contents of all internal communications including any mention or discussion of copyright policies, copyright claims, or copyright in general.

> **RESPONSE**: Defendant objects to this Request as overly broad, unduly burdensome, may not be relevant to any party's claim or defense, and is not proportional to the needs of the case. *See Dyer v. Coloplast Corp.*, No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which provides that a party may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1))). Defendant further objects that this Request may seek information protected by the attorney-client privilege and/or work product doctrine to the extent it encompasses communications with counsel regarding copyright matters. Subject to and without waiving these objections, Defendant produced non-privileged, responsive documents in its possession, custody, or control (*See e.g.,* Entities0007319 - Entities0007356) and continues to produce non-privileged documents to the extent they relate to the works at issue and can be located based on the copyrighted works at issue, and subject to the parties' Protective Order (Doc. 114–1).

16. From January 1, 2022, to present, produce documents sufficient to identify the contents of all internal communications including any mention or discussion of the works at issue.

> **RESPONSE**: Defendant objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving these objections, Defendant produced documents responsive to this Request on February 4, 2026. (*See e.g.,*

Entities0007319 - Entities0007357).   Responding further, to the extent any additional documents exist, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its possession, custody, or control to the extent they relate to the works at issue and can be located based on the copyrighted works at issue, and subject to the parties' Protective Order (Doc. 114–1).

17.    From January 1, 2022, to present, produce documents sufficient to identify the contents of all communications including any mention or discussion of the "Amigo Verde".

**RESPONSE**: Defendant objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving these objections, Defendant produced non-privileged, responsive documents in its possession, custody, or control, to the extent such documents can be located, and subject to the parties' Protective Order (Doc. 114–1), on December 1, 2025.  *See* Entities0000688.

18.    From January 1, 2022, to present, produce documents sufficient to identify the contents of all communications including any mention or discussion of "Fuddbusters" or Matthew Larosiere.

**RESPONSE**: Defendant objects to this Request as overly broad, may not be relevant to any party's claim or defense, and is not proportional to the needs of the case. *See Dyer v. Coloplast Corp*., No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which provides that a party may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1))). Defendant objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving these objections, Defendant produced non-privileged, responsive documents in its possession, custody, or control, to the extent such documents can be located, and subject to the parties' Protective Order (Doc. 114–1), on December 1, 2025. *See* Entities0000016–Entities0007254; *see also* Production Chart, Doc. 200–2, at p. 3 (references to online handles, domain and platforms: CTRL Pew, Freeman1337, Fuddbusters, IvanTheTroll).

19.    From January 1, 2018, to present, produce documents sufficient to identify the

contents of communications and documents exchanged between you and Thomas

Odom concerning Defcad.

> **RESPONSE:** Defendant objects to this Request as overly broad, may not be relevant to any party's claim or defense, and is not proportional to the needs of the case, particularly with respect to the temporal scope extending back to 2018. *See Dyer v. Coloplast Corp.*, No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which provides that a party may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1))). This Request is untethered to the claims and defenses in this case. Subject to and without waiving these objections, Defendant produced non-privileged, responsive documents in its possession, custody, or control, to the extent such documents can be located, and subject to the parties' Protective Order (Doc. 114–1), on December 1, 2025. *See* Entities0004228; Entities0004333; Entities0004769; Entities0004770; Entities0004790.

20.    From January 1, 2021, to present, produce documents sufficient to identify the

contents of all communications, documents, and materials regarding any discussion

of pauses, breaks, temporary lulls, freezes, or interruptions regarding upload or

publishing of new files on Defcad's website(s).

> **RESPONSE:** Defendant objects to this Request to the extent the terms "publishing" and "new files" is vague, ambiguous, overly broad, and seeking information that may not be relevant to any party's claim or defense. *See Dyer v. Coloplast Corp.*, No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which provides that a party may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1))).

21.    From January 1, 2022, to present, Produce documents sufficient to establish the

contents of any internal discussions, records, instructions, and related documents

pertaining to how to handle copyright-marked files.

> **RESPONSE:** Defendant objects to this Request to the extent it seeks

information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving these objections, Defendant produced non-privileged, responsive documents in its possession, custody, or control, to the extent such documents can be located, and subject to the parties' Protective Order (Doc. 114–1), on December 1, 2025. *See* Entities0006722; Entities0006921; Entities0006957; Entities0006958; Entities0006959; Entities0006960; Entities0006962; Entities0006971; Entities0006972; Entities0007267; Entities0007268; Entities0007269; Entities0000001; Entities0000002; Entities0000003; Entities0000004; Entities0000814; Entities0001637; Entities0001674; Entities0001675; Entities0001676; Entities0001677; Entities0001679; Entities0004177; Entities0004181; Entities0004185; Entities0004190; Entities0004219; Entities0004802; Entities0004803; Entities0005035; Entities0005036; Entities0005075; Entities0005077.

22.    From January 1, 2022, to present, Produce documents and communications discussing how to respond to copyright complaints, DMCA notices, or takedown requests related to Plaintiff's works.

    **RESPONSE:** Defendant refers Plaintiff to Defendant's responses and objections to Request No. 21.

23.    From January 1, 2022, to present, Produce documents and communications discussing how to respond to DMCA notices or copyright complaints brought by anyone aside from Plaintiff.

    **RESPONSE:** Defendant refers Plaintiff to Defendant's responses and objections to Request No. 21. Defendant also objects to the extent this request is seeking improper character evidence under Fed. R. Evid. 404(b).

24.    From January 1, 2021, to present, produce materials sufficient to identify the contents of all posts, documents, statements, messages, or communications showing an inquiry into which, if any, projects or files on Defcad may be or are currently subject to copyright protection.

    **RESPONSE**: Defendant objects to this Request as overly broad, may not be

relevant to any party's claim or defense, and to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. *See Dyer v. Coloplast Corp.*, No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which provides that a party may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1))). Subject to and without waiving these objections, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its possession, custody, or control to the extent they relate to the works at issue and can be located, and subject to the parties' Protective Order (Doc. 114–1).

25.    From January 1, 2021, to present, produce materials sufficient to identify the contents of all posts, documents, statements, messages, or communications showing an inquiry into which, if any, USB drives or files on Ghostguns.com may be or are currently subject to copyright protection.

> **RESPONSE**: Defendant objects to this Request as overly broad, may not be relevant to any party's claim or defense, and to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving these objections, Defendant has none in its possession, custody, or control.

26.    From January 1, 2021, to present, produce materials sufficient to identify the contents of all posts, documents, statements, messages, or communications concerning the execution or results of periodic reviews for projects or files on Defcad that may be or are currently subject to copyright protection.

> **RESPONSE**: Defendant objects to this Request as overly broad and to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving these objections, Defendant has none in its possession, custody, or control.

27.    From January 1, 2021, to present, produce materials sufficient to identify the contents of all posts, documents, statements, messages, or communications

concerning the execution or results of stipulated reviews for projects or files on Defcad that may be or are currently subject to copyright protection. Examples of a "stipulated review" would include after discovering that a work you had copied included copyright notices.

> **RESPONSE:** Defendant objects to this Request as overly broad and to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to the extent that this Request seeks a legal conclusion that Defendant infringed on the copyrighted works at issue. Subject to and without waiving these objections, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its possession, custody, or control to the extent they relate to the works at issue and can be located, and subject to the parties' Protective Order (Doc. 114–1).

28. From January 1, 2021, to present, Produce all communications, documents, and messages where you or your employees or your contractors have discussed the way in which Defcad works with regards to payments in order to access files.

> **RESPONSE**: Defendant objects to this Request to the extent the terms "employees" and "your contractors" are undefined, rendering this Request vague, ambiguous, and unintelligible. Defendant objects to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving these objections, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its possession, custody, or control to the extent they relate to the works at issue and can be located, and subject to the parties' Protective Order (Doc. 114–1).

29. From January 1, 2021, to present, Produce all records and communications relating to the termination, firing, or voluntary cessation of employment or contract work of employees or contractors for any reasons relating to any issue concerning copyright.

> **RESPONSE:** Defendant objects to this Request as overly broad and seeks confidential proprietary business information. Defendant further objects to this

Request as overly broad and to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. *See Dyer v. Coloplast Corp.*, No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which provides that a party may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1))). Subject to and without waiving these objections, Defendant has none in its possession, custody, or control.

30. Produce all records and communications relating to the termination, firing, or voluntary cessation of employment or contract work of employees or contractors since this lawsuit was filed.

**RESPONSE**: Defendant objects to this Request as overly broad and seeks confidential proprietary business information. Defendant objects to this Request as overly broad, unduly burdensome, seeking confidential personnel information, and not proportional to the needs of the case. *See Dyer v. Coloplast Corp.*, No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which provides that a party may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1))). Subject to and without waiving these objections, Defendant has none in its possession, custody, or control.

31. From January 1, 2022, to present, Produce all communication, documents, and records concerning any materials that were deleted, destroyed, or lost as a result of the termination, firing, or voluntary cessation of employment or contract work of employees or contractors.

**RESPONSE:** Defendant objects to this Request to the extent that it assumes Defendant deleted, destroyed or lost the requested materials. Defendant objects to this Request as overly broad and seeks confidential proprietary business information. Defendant objects to this Request as overly broad, unduly burdensome, seeking confidential personnel information, and not proportional to the needs of the case. *See Dyer v. Coloplast Corp.*, No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which provides that a party may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and

proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1))). The Request seeks employment records regardless of any connection to the claims and defenses at issue. Subject to and without waiving these objections, Defendant states that it has implemented a litigation hold and is not aware of any materials that were deleted, destroyed, or lost as a result of employment changes that are responsive to this Request.

32. From January 1, 2022, to present, Produce all communications, documents or records with Garret Walliman where:

a. You or Walliman expressed concern about being caught or exposed for lying;

b. You or Walliman discussed copyright;

c. You or Walliman discussed this lawsuit;

d. You or Walliman discussed any plan to comply with Plaintiff's copyrights;

e. You or Walliman discussed the implementation of "exploding", "disappearing" or otherwise self-deleting messages;

f. Any "exploding", disappearing, or otherwise self-deleting message policy or system concerning Walliman;

g. You or Walliman discussed actions to be taken in response to this lawsuit;

h. You or Walliman discussed consequences or potential consequences of this lawsuit;

i. You or Walliman discussed the Black Flag White Paper;

j. You or Walliman discussed or shared opinions concerning Plaintiff;

k.      You or Walliman discussed any plan to avoid infringing plaintiff's copyrights;

l.      You or Walliman discussed any plans to monitor chat.deterrencedispensed.com or the results from any such monitoring;

m.      You or Walliman discussed any plans to monitor the Fuddbusters discord server or the results from any such monitoring;

n.      The document or communication containing the account names of any accounts You or Walliman used to monitor the Fuddbusters discord server;

If production of these specific topics proves too burdensome, production of the entirety of your conversations, documents, and records with Walliman would satisfy this request.

> **RESPONSE**: Defendant objects to this Request as overly broad, unduly burdensome, and to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, particularly subparts (c), (d), (g), (h), and (k) which may encompass communications with counsel. Defendant objects to this Request as overly broad and seeks confidential proprietary business information.  Defendant objects to this Request as overly broad, unduly burdensome, seeking confidential personnel information, and not proportional to the needs of the case. *See Dyer v. Coloplast Corp.*, No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which provides that a party may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1))). The Request seeks employment records regardless of any connection to the claims and defenses at issue. Subject to and without waiving these objections, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its possession, custody, or control, to the extent such documents can be located, and subject to the parties' Protective Order (Doc. 114–1).

33. From January 1, 2022, to present, Produce all communications, documents or

records with Benjamin Denio where:

    a.      You or Denio expressed concern about being caught or exposed for lying;

    b.      You or Denio discussed copyright;

    c.      You or Denio discussed this lawsuit;

    d.      You or Denio discussed any plan to comply with Plaintiff's copyrights;

    e.      You or Denio discussed the implementation of "exploding", disappearing"" or otherwise self-deleting messages;

    f.      Any "exploding", "disappearing", or otherwise self-deleting message policy or system concerning Denio;

    g.      You or Denio discussed actions to be taken in response to this lawsuit;

    h.      You or Denio discussed consequences or potential consequences of this lawsuit;

    i.      You or Denio discussed the Black Flag White Paper;

    j.      You or Denio discussed or shared opinions concerning Plaintiff;

    k.      You or Denio discussed any plan to avoid infringing plaintiff's copyrights;

    l.      You or Denio discussed any plans to monitor chat.deterrencedispensed.com or the results from any such monitoring;

    m.      You or Denio discussed any plans to monitor the Fuddbusters discord server or the results from any such monitoring;

**RESPONSE**: Defendant objects to this Request as overly broad, unduly burdensome, and to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, particularly subparts (c), (d), (g),

(h), and (k) which may encompass communications with counsel. Defendant objects to this Request as overly broad and seeks confidential proprietary business information.  Defendant objects to this Request as overly broad, unduly burdensome, seeking confidential personnel information, and not proportional to the needs of the case. *See Dyer v. Coloplast Corp.*, No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which provides that a party may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1))). The Request seeks employment records regardless of any connection to the claims and defenses at issue. Subject to and without waiving these objections, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its possession, custody, or control, to the extent such documents can be located, and subject to the parties' Protective Order (Doc. 114–1).

If production of these specific topics proves too burdensome, production of the entirety of your conversations, documents, and records with Denio would satisfy this request.

34. From January 1, 2022, to present, Produce all communications, documents or records with Zachary Kubin where:

      a.      You or Kubin expressed concern about being caught or exposed for lying;

      b.      You or Kubin discussed copyright;

      c.      You or Kubin discussed this lawsuit;

      d.      You or Kubin discussed any plan to comply with Plaintiff's copyrights;

      e.      You or Kubin discussed the implementation of "exploding", "disappearing", or otherwise self-deleting messages;

      f.      Any "exploding", "disappearing", or otherwise self-deleting message policy or system concerning Kubin;

      g.      You or Kubin discussed actions to be taken in response to this lawsuit;

      h.      You or Kubin discussed consequences or potential consequences of this

lawsuit;

i.      You or Kubin discussed the Black Flag White Paper;

j.      You or Kubin discussed or shared opinions concerning Plaintiff;

k.      You or Kubin discussed any plan to avoid infringing plaintiff's

copyrights;

l.      You   or   Kubin   discussed   any   plans   to   monitor

chat.deterrencedispensed.com or the results from any such monitoring;

m.      You or Kubin discussed any plans to monitor the Fuddbusters discord

server or the results from any such monitoring;

**RESPONSE:** Defendant objects to this Request as overly broad, unduly
burdensome, and to the extent it seeks information protected by the attorney-
client privilege and/or work product doctrine, particularly subparts (c), (d), (g),
(h), and (k) which may encompass communications with counsel. Defendant
objects to this Request as overly broad and seeks confidential proprietary
business information.  Defendant objects to this Request as overly broad,
unduly burdensome, seeking confidential personnel information, and not
proportional to the needs of the case. *See Dyer v. Coloplast Corp.*, No. 8:24-cv-
2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025) (finding the
scope of discovery is found in Rule 26, which provides that a party may obtain
discovery regarding any nonprivileged matter relevant to any party's claim or
defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1))). The
Request seeks employment records regardless of any connection to the claims
and defenses at issue. Subject to and without waiving these objections,
Defendant will conduct a reasonable search and produce non-privileged,
responsive documents in its possession, custody, or control, to the extent such
documents can be located, and subject to the parties' Protective Order (Doc.
114–1).

If production of these specific topics proves too burdensome, production of the entirety

of your conversations, documents, and records with Kubin would satisfy this request.

35.   From January 1, 2022, to present, Produce all communications, documents or

records with Pablo Molina Diaz where:

    a.      You or Diaz expressed concern about being caught or exposed for lying;

    b.      You or Diaz discussed copyright;

    c.      You or Diaz discussed this lawsuit;

    d.      You or Diaz discussed any plan to comply with Plaintiff's copyrights;

    e.      You or Diaz discussed the implementation of "exploding", "disappearing", or otherwise self-deleting messages;

    f.      Any "exploding", "disappearing", or otherwise self-deleting message policy or system concerning Diaz;

    g.      You or Diaz discussed actions to be taken in response to this lawsuit;

    h.      You or Diaz discussed consequences or potential consequences of this lawsuit;

    i.      You or Diaz discussed the Black Flag White Paper;

    j.      You or Diaz discussed or shared opinions concerning Plaintiff;

    k.      You or Diaz discussed any plan to avoid infringing plaintiff's copyrights;

    l.      You or Diaz discussed any plans to monitor chat.deterrencedispensed.com. or the results from any such monitoring;

    m.      You or Diaz discussed any plans to monitor the Fuddbusters discord server or the results from any such monitoring;

**RESPONSE:** Defendant objects to this Request as overly broad, unduly burdensome, and to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, particularly subparts (c), (d), (g),

(h), and (k) which may encompass communications with counsel. Defendant objects to this Request as overly broad and seeks confidential proprietary business information.  Defendant objects to this Request as overly broad, unduly burdensome, seeking confidential personnel information, and not proportional to the needs of the case. *See Dyer v. Coloplast Corp.*, No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which provides that a party may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1))). The Request seeks employment records regardless of any connection to the claims and defenses at issue. Subject to and without waiving these objections, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its possession, custody, or control, to the extent such documents can be located, and subject to the parties' Protective Order (Doc. 114–1).

If production of these specific topics proves too burdensome, production of the entirety of your conversations, documents, and records with Diaz would satisfy this request.

36.    From January 1, 2022, to present, produce Documents sufficient to identify the contents of your conversations and messages with Gary LeFleur, whom you may know better as "FDMArms".

**RESPONSE**: Defendant objects to this Request as overly broad and seeking information that may not be relevant to any party's claim or defense. *See Dyer v. Coloplast Corp.*, No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which provides that a party may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1))). The requested material is not tethered to the copyrighted works at issue. Subject to and without waiving these objections, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its possession, custody, or control to the extent they relate to the works at issue and can be located, and subject to the parties' Protective Order (Doc. 114–1).

37.    From January 1, 2022, to present, produce Documents sufficient to identify the contents of your conversations and messages with Kieran Philo, whom you may know

better as "Cyan".

> **RESPONSE**: Defendant objects to this Request as overly broad and seeking information that may not be relevant to any party's claim or defense. *See Dyer v. Coloplast Corp.*, No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which provides that a party may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1))). The requested material is not tethered to the copyrighted works at issue. Subject to and without waiving these objections, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its possession, custody, or control to the extent they relate to the works at issue and can be located, and subject to the parties' Protective Order (Doc. 114–1).

38.    From January 1, 2022, to present, produce Documents sufficient to identify the

contents of your conversations and messages with Garret Walliman.

> **RESPONSE:** Defendant objects to this Request as overly broad and seeking information that may not be relevant to any party's claim or defense. *See Dyer v. Coloplast Corp.*, No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which provides that a party may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1))). The requested material is not tethered to the copyrighted works at issue. Subject to and without waiving these objections, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its possession, custody, or control to the extent they relate to the works at issue and can be located, and subject to the parties' Protective Order (Doc. 114–1).

39.    From January 1, 2022, to present, produce Documents sufficient to identify the

contents of your conversations and messages with Ben Denio.

> **RESPONSE:** Defendant objects to this Request as overly broad and seeking information that may not be relevant to any party's claim or defense. *See Dyer v. Coloplast Corp.*, No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which provides that a party may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the

case. Fed. R. Civ. P. 26(b)(1))). The requested material is not tethered to the copyrighted works at issue. Subject to and without waiving these objections, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its possession, custody, or control to the extent they relate to the works at issue and can be located, and subject to the parties' Protective Order (Doc. 114–1).

40.    From January 1, 2022, to present, produce Documents sufficient to identify the contents of your conversations and messages concerning or with "v8vtwin".

> **RESPONSE:** Defendant objects to this Request as overly broad and seeking information that may not be relevant to any party's claim or defense. *See Dyer v. Coloplast Corp.*, No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which provides that a party may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1))). The requested material is not tethered to the copyrighted works at issue. Subject to and without waiving these objections, and in good faith, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its possession, custody, or control to the extent they relate to the works at issue and can be located, and subject to the parties' Protective Order (Doc. 114–1).

41.    Produce all communications, documents, and messages exchanged with journalists, researchers, or similar professionals concerning this lawsuit.

> **RESPONSE:** Defendant objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving these objections, Defendant produced non-privileged, responsive documents in its possession, custody, or control, to the extent such documents can be located and subject to the parties' Protective Order (Doc. 114–1) on December 1, 2025. *See* Production Chart, Doc. 200–2, at p. 6 (communications and references to specified individuals/media).

42.    From January 1, 2022, to present, Produce all communications, documents, and messages exchanged with journalists, researchers, or similar professionals concerning Matthew Larosiere.

> **RESPONSE:** Defendant objects to this Request to the extent it seeks

information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving these objections, Defendant produced non-privileged, responsive documents in its possession, custody, or control, to the extent such documents can be located and subject to the parties' Protective Order (Doc. 114–1) on December 1, 2025. *See* Production Chart, Doc. 200–2, at p. 6 (communications and references to specified individuals/media).

43.   From January 1, 2022, to present, Produce all communications, documents, and messages exchanged with journalists, researchers, or similar professionals concerning John Elik.

> **RESPONSE:** Defendant objects to this Request as overly broad and seeks confidential proprietary business information.   Defendant objects to this Request as overly broad, unduly burdensome, seeking confidential personnel information, and not proportional to the needs of the case. *See Dyer v. Coloplast Corp.*, No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which provides that a party may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1))). The Request seeks information concerning a nonparty, and journalists untethered to the copyrighted works at issue. Subject to and without waiving these objections, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its possession, custody, or control, to the extent such documents can be located, and subject to the parties' Protective Order (Doc. 114–1).

44.   From January 1, 2022, to present, Produce all communications, documents, and messages exchanged with journalists, researchers, or similar professionals concerning copyright.

> **RESPONSE:**  Defendant objects to this Request as overly broad and seeks confidential proprietary business information.   Defendant objects to this Request as overly broad, unduly burdensome, seeking confidential personnel information, and not proportional to the needs of the case. *See Dyer v. Coloplast Corp.*, No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which provides that a party may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1))). The Request seeks information concerning a nonparty and

journalists untethered to the copyrighted works at issue. Subject to and without waiving these objections, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its possession, custody, or control, to the extent such documents can be located, and subject to the parties' Protective Order (Doc. 114–1)).

45.    Produce your corporate governance policies as of the time each of the works at issue were uploaded, including how content was selected, prioritized, scheduled, modified, inspected, and approved for publication.

> **RESPONSE:** Defendant objects to this Request as overly broad and seeking information that may not be relevant to any party's claim or defense. *See Dyer v. Coloplast Corp.*, No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which provides that a party may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1))). The requested material is not tethered to the copyrighted works at issue. Subject to and without waiving these objections, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its possession, custody, or control to the extent they relate to the works at issue and can be located, and subject to the parties' Protective Order (Doc. 114–1).

46.    From January 1, 2022, to present, Produce all minutes of board meetings, resolutions, or other records reflecting formal corporate governance actions.

> **RESPONSE:** Defendant objects to this Request as overly broad and seeking information that may not be relevant to any party's claim or defense. *See Dyer v. Coloplast Corp.*, No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which provides that a party may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1))). The requested material is not tethered to the copyrighted works at issue. Subject to and without waiving these objections, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its possession, custody, or control to the extent they relate to the works at issue and can be located, and subject to the parties' Protective Order (Doc. 114–1).

47.    From January 1, 2021, to present, produce materials sufficient to identify the

contents of documents and communications concerning the creation of

precursorparts.com.

    **RESPONSE:** Defendant objects to this Request as overly broad and seeking information that may not be relevant to any party's claim or defense. *See Dyer v. Coloplast Corp.*, No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which provides that a party may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1))). The requested material is not tethered to the copyrighted works at issue.  Subject to and without waiving these objections, Defendant produced non-privileged, responsive documents in its possession, custody, or control to the extent they relate to the works at issue and can be located, and subject to the parties' Protective Order (Doc. 114–1) on December 1, 2025.   *See* Production Chart, Doc. 200–2, at p. 4 (references to precursoparts.com).

48.    From January 1, 2022, to present, produce all materials substantially discussing

and related to the creation of Fedcad.com.

    **RESPONSE:** Defendant objects to this Request as overly broad and seeking information that may not be relevant to any party's claim or defense. *See Dyer v. Coloplast Corp.*, No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which provides that a party may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1))). The requested material is not tethered to the copyrighted works at issue. Subject to and without waiving these objections, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its possession, custody, or control to the extent they relate to the works at issue and can be located and subject to the parties' Protective Order (Doc. 114–1).

49.    From January 1, 2022, to present, Produce all materials referencing, discussing,

or explaining Gataleaks.org.

**RESPONSE:** Defendant objects to this Request as overly broad and seeking information that may not be relevant to any party's claim or defense. *See Dyer v. Coloplast Corp.*, No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which provides that a party may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1))). The requested material is not tethered to the copyrighted works at issue. Subject to and without waiving these objections, Defendant produced non-privileged, responsive documents in its possession, custody, or control, to the extent such documents can be located, and subject to the parties' Protective Order (Doc. 114–1). *See* Production Chart, Doc. 200–2, at p. 2 (referencing Gataleaks.org Materials).

50.    Produce all communications, documents, messages, records, files, data, and reports stored on or accessible through Gataleaks.org.

**RESPONSE:** Defendant refers Plaintiff to Defendant's responses and objections to Request for Production No. 49.

51.    From January 1, 2022, to present, produce documents sufficient to identify any payments of cryptocurrency or legal currency to Cody Rutledge Wilson.

**RESPONSE:** Defendant objects to this Request as overly broad and seeking information that may not be relevant to any party's claim or defense. *See Dyer v. Coloplast Corp.*, No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which provides that a party may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1))). The requested material is not tethered to the copyrighted works at issue. Subject to and without waiving these objections, Defendant states none in its possession, custody, or control.

52.    From January 1, 2018, to present, produce a transaction history for the bitcoin address Gb5GNxrVGMT8e9uoJ8CmamrdVz9o8fAEa. A responsive production will include details on to whom and for what each "send" from the wallet was for.

**RESPONSE:** Defendant objects to this Request as overly broad and seeking information that may not be relevant to any party's claim or defense. *See Dyer v.*

*Coloplast Corp.*, No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which provides that a party may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1))). The requested material is not tethered to the copyrighted works at issue. Subject to and without waiving these objections, Defendant states none in its possession, custody, or control.

53.    From January 1, 2018, to present, produce documents sufficient to identify the

transfer of any assets with a market value of $500 or more to any entity where any part

of the intention behind said transfer was to divert assets away from the originating

entity so as to make them harder to trace or recover.

> **RESPONSE:** Defendant objects to this Request as overly broad and seeking information that may not be relevant to any party's claim or defense. *See Dyer v. Coloplast Corp.*, No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which provides that a party may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1))). The requested material is not tethered to the copyrighted works at issue. Subject to and without waiving these objections. Defendant denies that it has transferred assets with any intention to make them harder to trace or recover. Subject to and without waiving these objections, Defendant states none in its possession, custody, or control.

54.    From January 1, 2022, to present, produce documents sufficient to establish

your gross profits.

> **RESPONSE:** Defendant objects to this Request as overly broad and seeking confidential financial information. Subject to and without waiving these objections, Defendant produced (*see e.g.,* Entities0007357), and continues to produce, non-privileged, responsive documents in its possession, custody, or control to the extent they relate to the claims for damages at issue and can be located, and subject to the parties' Protective Order (Doc. 114–1).

55.    From January 1, 2022, to present, produce documents sufficient to establish

gross profits attributable to the works at issue.

**RESPONSE**: Defendant objects to this Request as overly broad and seeking confidential financial information. Subject to and without waiving these objections, Defendant produced (*see e.g.,* Entities0007357), and continues to produce, non-privileged, responsive documents in its possession, custody, or control to the extent they relate to the claims for damages at issue and can be located, and subject to the parties' Protective Order (Doc. 114–1).

56.     From January 1, 2022, to present, produce Documents sufficient to identify the total number of Legio members for each month, starting from Jan 1, 2022, along with sufficient information to identify each such Legio member for the purposes of ensuring each account is unique and authentic.

**RESPONSE:** Defendant objects to this Request as overly broad and seeking confidential financial information. Subject to and without waiving these objections, Defendant produced (*see e.g.,* Entities0007357), and continues to produce, non-privileged, responsive documents in its possession, custody, or control to the extent they relate to the claims for damages at issue and can be located, and subject to the parties' Protective Order (Doc. 114–1).

57.     From January 1, 2022, to present, produce Documents sufficient to identify all Defcad accounts which have viewed any of the works at issue, along with the date on which the works were viewed. For clarity, for this question, a "view" being that which registers as a "view" on your website, as you track under "metrics" on your website, such as shown below:



**RESPONSE:** Defendant objects to this Request as overly broad, unduly burdensome, and seeking confidential proprietary business information and

private customer information. Subject to and without waiving these objections, Defendant will conduct a reasonable search and produce aggregate view data to the extent such information is available, relevant copyrighted works at issue, and can be located, and subject to the parties' Protective Order (Doc. 114–1).

58.    From January 1, 2022, to present, produce Documents sufficient to identify all Legio accounts which have viewed any of the works at issue, along with the date on which the works were viewed. For clarity, for this question, a "view" being that which registers as a "view" on your website, as you track under "metrics" on your website, such as shown below:



RESPONSE: Defendant objects to this Request as overly broad, unduly burdensome, and seeking confidential proprietary business information and private customer information. Subject to and without waiving these objections, Defendant will conduct a reasonable search and produce aggregate view data to the extent such information is available, relevant copyrighted works at issue, and can be located, and subject to the parties' Protective Order (Doc. 114–1).

59.     From January 1, 2022, to present, produce Documents sufficient to identify all Defcad accounts which have downloaded any of the works at issue, along with the date on which the works were downloaded.

RESPONSE: Defendant objects to this Request as overly broad, unduly burdensome, and seeking confidential proprietary business information and private customer information. Subject to and without waiving these objections, Defendant will conduct a reasonable search and produce aggregate view data to the extent such information is available, relevant copyrighted works at issue, and can be located, and subject to the parties' Protective Order (Doc. 114–1).

60.     From January 1, 2022, to present, produce Documents sufficient to identify all

Legio accounts which have downloaded any of the works at issue, along with the date

on which the works were downloaded.

> **RESPONSE**: Defendant objects to this Request as overly broad, unduly
> burdensome, and seeking confidential proprietary business information and
> private customer information. Defendant further objects to the extent that this
> Request is an Interrogatory masquerading as a document request. See Fed. R.
> Civ. P. 34(a)(1)("a party may serve a request to produce documents upon
> another party that is within that party's possession, custody, or control.").

61.     For every Defcad account identified in response to Requests 57 and 59, provide

documents sufficient to identify the identity and contact information for the account

owner.

> **RESPONSE**: Defendant objects to this Request as overly broad, unduly
> burdensome, and seeking private customer information that is protected by
> privacy interests. Defendant further objects to the extent that this Request is an
> Interrogatory masquerading as a document request. See Fed. R. Civ. P.
> 34(a)(1)("a party may serve a request to produce documents upon another party
> that is within that party's possession, custody, or control.").

62.     For every Legio account identified in response to Requests 58 and 60, provide

documents sufficient to identify the identity and contact information for the account

owner.

> **RESPONSE:** Defendant objects to this Request as overly broad, unduly
> burdensome, and seeking private customer information that is protected by
> privacy interests. Defendant further objects to the extent that this Request is an
> Interrogatory masquerading as a document request. See Fed. R. Civ. P.
> 34(a)(1)("a party may serve a request to produce documents upon another party
> that is within that party's possession, custody, or control."). Defendant further
> objects to the extent that this Request is an Interrogatory masquerading as a
> document request. See Fed. R. Civ. P. 34(a)(1)("a party may serve a request to
> produce documents upon another party that is within that party's possession,
> custody, or control.").

63.    From January 1, 2022, to present, produce all documents and communications

sufficient to identify the payment of compensation of any kind to any individual or

entity relating in any way to any files, documents, images, models, or otherwise

uploaded to Defcad.com.

> **RESPONSE**: Defendant objects to this Request as overly broad and seeking
> information that may not be relevant to any party's claim or defense. *See Dyer v.*
> *Coloplast Corp.*, No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D.
> Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which
> provides that a party may obtain discovery regarding any nonprivileged matter
> relevant to any party's claim or defense and proportional to the needs of the
> case. Fed. R. Civ. P. 26(b)(1))). The requested material is not tethered to the
> copyrighted works at issue. Defendant objects to this Request as overly broad
> and seeking all confidential financial information.

64.    For every work at issue in this case, produce materials sufficient to show how

exactly the underlying files ended up accessible on Defcad's website(s). A responsive

production must include the following information:

a.    Original uploader(s), including all available contact information for the

uploader, all communications and messages pertaining to the Works at issue

with the original uploader, as well as the exact file(s) submitted by the original

uploader. Associated technical logs, IP addresses, and browser information are

required. Any and all licenses, permission(s), and/or agreements you received

must also be provided;

b.    The identities of the reviewer(s) who reviewed any part of the submitted

files, including all available contact information for each reviewer, all

communications and messages pertaining to the Works at issue with any

reviewer(s), as well as the exact file(s) the reviewers provided for final review/posting. The nature and content of each reviewer's interaction with the files submitted with the original uploader should be noted, when this information is available. Note that "reviewer" includes anyone, regardless of their employment status or role, who accessed, saw, read, looked at, or otherwise interacted with any of the files submitted by the original uploader prior to its final publication on your website(s);

c.      The identities of the approver(s) who either approved of, signed off on, or otherwise greenlit the posting of any of the files provided by any reviewer(s) or uploader(s), including all available contact information for each approver, and all communications and messages with approvers pertaining to each work at issue. The nature and content of each approver's interaction with the files submitted with the original uploader should be noted, when this information is available. Note that "approver" includes anyone, regardless of their employment status or role, who accessed, saw, read, looked at, or otherwise interacted with any of the files submitted by the original uploader or any reviewer(s);

d.      The identities of the editor(s) who either edited, updated, modified, tweaked, or otherwise altered any postings that affected, were related to, or pertained to any of the Works at issue. Include all available contact information for each editor, all communications and messages pertaining to the Works at issue with any editor(s), as well as the exact file(s), information, and changes

the editors made. Note that "editor" includes anyone, regardless of their employment status or role, that made alterations to any metadata, the specific files posted, or the information present on the web pages that pertain to any particular file, or the images associated with any files made available on your website. As explained, any messages or communications which contain directions, instructions, or other such coordination of any such edits are a part of this request;

e.      The identities of the examiner(s) who undertook any form of review (initial, incidental, periodical, etc) to check for copyright marks, copyright status, author status, compliance with your Terms of Service, compliance with copyright law generally, investigations as to if the uploader(s) actually have permission to upload the works, and any other related inquiries. As explained, any messages or communications which touch on these topics (copyright, copyright violation, authorship, ownership of works, terms of service violations, etc) – are a part of this request.

**RESPONSE:** Defendant objects to this Request as overly broad and seeking information that may not be relevant to any party's claim or defense. *See Dyer v. Coloplast Corp.*, No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which provides that a party may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1))). The requested material is not tethered to the copyrighted works at issue. Defendant further objects to the extent that this Request is an Interrogatory masquerading as a document request. *See* Fed. R. Civ. P. 34(a)(1)("a party may serve a request to produce **documents** upon another party that is within that party's possession, custody, or control."). Subject to and without waiving these objections, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its

possession, custody, or control to the extent they relate to the works at issue and can be located, and subject to the parties' Protective Order (Doc. 114–1).

65.    Produce documents sufficient to support your contention that Matthew Larosiere "owns" or "directs" "The Gatalog."

**RESPONSE:** Defendant objects to the extent that the Request is vague, ambiguous, overly broad, and the documents requested are in the possession, custody, or control of Plaintiff.  Subject to and without waiving said objections, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its possession, custody, or control on which Defendant intends to rely in support of this contention, to the extent such documents can be located, and subject to the parties' Protective Order (Doc. 114–1).

66.    Produce the materials upon which you rely to support a defense of fair use.

**RESPONSE:** Defendant objects to this Request to the extent it seeks a legal conclusion, and information protected by the attorney-client privilege and/or work product doctrine. Subject to and expressly without waiving the foregoing objections, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its possession, custody, or control on which Defendant intends to rely in support of a fair use defense, to the extent such documents can be located, and subject to the parties' Protective Order (Doc. 114–1).

67.    Produce the materials upon which you rely to support a defense of illegality.

**RESPONSE:** Defendant objects to this Request to the extent it seeks a legal conclusion, and information protected by the attorney-client privilege and/or work product doctrine. Subject to and expressly without waiving the foregoing objections, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its possession, custody, or control on which Defendant intends to rely in support of this defense, to the extent such documents can be located, and subject to the parties' Protective Order (Doc. 114–1).

68.    Produce the materials upon which you rely to support a defense of license.

**RESPONSE:** Defendant objects to this Request to the extent it seeks a legal conclusion, and information protected by the attorney-client privilege and/or work product doctrine. Subject to and expressly without waiving the foregoing objections, Defendant will conduct a reasonable search and produce non-

privileged, responsive documents in its possession, custody, or control on which Defendant intends to rely in support of a license defense, to the extent such documents can be located, and subject to the parties' Protective Order (Doc. 114–1).

69.    Produce the materials upon which you rely to support a defense of defects in

ownership and/or chain of title.

> **RESPONSE:** Defendant objects to this Request to the extent it seeks a legal conclusion, and information protected by the attorney-client privilege and/or work product doctrine. Subject to and expressly without waiving the foregoing objections, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its possession, custody, or control on which Defendant intends to rely in support of this defense, to the extent such documents can be located, and subject to the parties' Protective Order (Doc. 114–1).

70.    Produce the materials upon which you rely to support a defense of invalid

registrations.

> **RESPONSE:**  Defendant objects to this Request to the extent it seeks it seeks a legal conclusion, and information protected by the attorney-client privilege and/or work product doctrine. Subject to and expressly without waiving the foregoing objections, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its possession, custody, or control on which Defendant intends to rely in support of this defense, to the extent such documents can be located, and subject to the parties' Protective Order (Doc. 114–1).

71.    Produce the materials upon which you rely to support a defense of lack of

protectable expression. This must include any discussion of this topic, including any

reports, analyses, or evaluations concerning originality or protectable expression.

> **RESPONSE:** Defendant objects to this Request to the extent it seeks it seeks a legal conclusion, and information protected by the attorney-client privilege and/or work product doctrine. Subject to and expressly without waiving the foregoing objections, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its possession, custody, or control on which Defendant intends to rely in support of this defense, to the extent such

documents can be located, and subject to the parties' Protective Order (Doc.
114–1).

72.    Produce the materials upon which you rely to support a defense that an
improper work made for hire designation was used.

> **RESPONSE:** Defendant objects to this Request to the extent it seeks a legal
> conclusion, and information protected by the attorney-client privilege and/or
> work product doctrine. Subject to and expressly without waiving the foregoing
> objections, Defendant will conduct a reasonable search and produce non-
> privileged, responsive documents in its possession, custody, or control on which
> Defendant intends to rely in support of this defense, to the extent such
> documents can be located, and subject to the parties' Protective Order (Doc.
> 114–1).

73.    Produce the materials upon which you rely to support a defense that Plaintiff's
claims fail to satisfy the statutory prerequisites to suit.

> **RESPONSE:** Defendant objects to this Request to the extent it seeks a legal
> conclusion, and information protected by the attorney-client privilege and/or
> work product doctrine. Subject to and expressly without waiving the foregoing
> objections, Defendant will conduct a reasonable search and produce non-
> privileged, responsive documents in its possession, custody, or control on which
> Defendant intends to rely in support of this defense, to the extent such
> documents can be located, and subject to the parties' Protective Order (Doc.
> 114–1).

74.    Produce the materials upon which you rely to support a defense of fraud on the
Copyright Office.

> **RESPONSE:** Defendant objects to this Request to the extent it seeks a legal
> conclusion, and information protected by the attorney-client privilege and/or
> work product doctrine. Subject to and expressly without waiving the foregoing
> objections, Defendant will conduct a reasonable search and produce non-
> privileged, responsive documents in its possession, custody, or control on which
> Defendant intends to rely in support of this defense, to the extent such
> documents can be located, and subject to the parties' Protective Order (Doc.
> 114–1).

75.    Produce the materials upon which you rely to support a defense of unclean

hands.

> **RESPONSE:** Defendant objects to this Request to the extent it seeks a legal conclusion, and information protected by the attorney-client privilege and/or work product doctrine. Subject to and expressly without waiving the foregoing objections, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its possession, custody, or control on which Defendant intends to rely in support of this defense, to the extent such documents can be located, and subject to the parties' Protective Order (Doc. 114–1).

76. Produce the materials upon which you rely to support a defense of copyright

misuse.

> **RESPONSE:** Defendant objects to this Request to the extent it seeks a legal conclusion, and information protected by the attorney-client privilege and/or work product doctrine. Subject to and expressly without waiving the foregoing objections, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its possession, custody, or control on which Defendant intends to rely in support of this defense, to the extent such documents can be located, and subject to the parties' Protective Order (Doc. 114–1).

77. Produce the materials upon which you rely to support a defense of estoppel.

> **RESPONSE:** Defendant objects to this Request to the extent it seeks a legal conclusion, and information protected by the attorney-client privilege and/or work product doctrine. Subject to and expressly without waiving the foregoing objections, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its possession, custody, or control on which Defendant intends to rely in support of this defense, to the extent such documents can be located, and subject to the parties' Protective Order (Doc. 114–1).

78. Produce the materials upon which you rely to support a defense of waiver.

> **RESPONSE:** Defendant objects to this Request to the extent it seeks a legal conclusion, and protected by the attorney-client privilege and/or work product doctrine. Subject to and expressly without waiving the foregoing objections, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its possession, custody, or control on which Defendant

intends to rely in support of this defense, to the extent such documents can be located, and subject to the parties' Protective Order (Doc. 114–1).

79. Produce the materials upon which you rely to support a defense of laches.

**RESPONSE:** Defendant objects to this Request to the extent it seeks a legal conclusion, and information protected by the attorney-client privilege and/or work product doctrine. Subject to and expressly without waiving the foregoing objections, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its possession, custody, or control on which Defendant intends to rely in support of this defense, to the extent such documents can be located and subject to the parties' Protective Order (Doc. 114–1).

80. Produce the materials upon which you rely to defend against Plaintiff's claims

of willful infringement.

**RESPONSE:** Defendant objects to this Request to the extent it seeks a legal conclusion, and information protected by the attorney-client privilege and/or work product doctrine. Subject to and expressly without waiving the foregoing objections, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its possession, custody, or control on which Defendant intends to rely in defense against claims of willful infringement, to the extent such documents can be located and subject to the parties' Protective Order (Doc. 114–1).

81. Produce the materials upon which you rely to show that Plaintiff failed to

mitigate his alleged damages.

**RESPONSE:** Defendant objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Subject to and expressly without waiving the foregoing objections, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its possession, custody, or control on which Defendant intends to rely in support of this defense, to the extent such documents can be located and subject to the parties' Protective Order (Doc. 114–1).

82. Produce the materials upon which you rely to show that Plaintiff fails to state a

claim.

**RESPONSE:** Defendant objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects that whether Plaintiff fails to state a claim is a legal determination that does not require the production of documents. Subject to and expressly without waiving the foregoing objections, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its possession, custody, or control on which Defendant intends to rely in support of this contention, to the extent such documents can be located and subject to the parties' Protective Order (Doc. 114–1).

83. Provide documents sufficient to establish that you acted in good faith after learning of the alleged copyright infringement.

**RESPONSE:** Defendant objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Subject to and expressly without waiving the foregoing objections, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its possession, custody, or control, to the extent such documents can be located and subject to the parties' Protective Order (Doc. 114–1).

84. Provide materials and communications sufficient to establish how the confidential settlement communication got posted on Defcad. A complete production must include, at a minimum, materials that show how the communication, which was addressed solely to Defendant Wilson, ended up in the possession of Defcad, as well as any internal discusses at Defcad that pertained to posting the confidential settlement communication. For clarity, by "confidential settlement communication," we mean the below document posted to your website:



**RESPONSE:**   Defendant objects to the extent that this Request is an Interrogatory masquerading as a document request. *See* Fed. R. Civ. P. 34(a)(1)("a party may serve a request to produce **documents** upon another party that is within that party's possession, custody, or control."). Defendant objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.  Defendant further objects to the extent that this Request seeks information unrelated to the claims and defenses raised in the First Amended Complaint (Doc. 43).

85.    Provide materials sufficient to understand the motive(s) and reason(s) behind posting the confidential settlement communication to Defcad.

**RESPONSE:** Defendant objects to the extent that this Request is an Interrogatory masquerading as a document request. *See* Fed. R. Civ. P. 34(a)(1)("a party may serve a request to produce **documents** upon another party that is within that party's possession, custody, or control.").  Defendant objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to the extent that this Request seeks information unrelated to the claims and defenses raised in the First Amended Complaint (Doc. 43).

86.    Provide materials sufficient to understand how a confidential communication

addressed to Defendant Wilson could be posted to Defcad without violating Defcad's

terms of service.

> **RESPONSE**: Defendant objects to this Request as overly broad and seeking
> information that may not be relevant to any party's claim or defense. *See Dyer v.*
> *Coloplast Corp.*, No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D.
> Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which
> provides that a party may obtain discovery regarding any nonprivileged matter
> relevant to any party's claim or defense and proportional to the needs of the
> case. Fed. R. Civ. P. 26(b)(1))). Defendant further objects to the extent that this
> Request is an Interrogatory masquerading as a document request. *See* Fed. R.
> Civ. P. 34(a)(1)("a party may serve a request to produce **documents** upon
> another party that is within that party's possession, custody, or control."").
> Defendant further objects to the extent that this Request seeks information
> unrelated to the claims and defenses raised in the First Amended Complaint
> (Doc. 43).

87.    From January 1, 2022, to present, Provide materials sufficient to establish all

the edits, updates, deletions, and alterations made to your blog posts. A complete

production must give insight as to the reason for each such edit, update, deletion, or

alteration.

> **RESPONSE:** Defendant objects to this Request as overly broad and seeking
> information that may not be relevant to any party's claim or defense. *See Dyer v.*
> *Coloplast Corp.*, No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D.
> Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which
> provides that a party may obtain discovery regarding any nonprivileged matter
> relevant to any party's claim or defense and proportional to the needs of the
> case. Fed. R. Civ. P. 26(b)(1))). The requested materials are untethered to the
> copyrighted works in suit. Defendant objects to this Request as overly broad,
> unduly burdensome, and not proportional to the needs of the case. Subject to
> and expressly without waiving the foregoing objections, Defendant will conduct
> a reasonable search and produce non-privileged, responsive documents in its
> possession, custody, or control to the extent they relate to blog posts concerning
> the works at issue or Plaintiff and can be located and subject to the parties'
> Protective Order (Doc. 114–1).

88.    For each computer system hosting DEFCAD content, including systems that

mirror, rehost, proxy, or back up DEFCAD content, produce documents sufficient to establish:

a.    IP Addresses;

b.    Domain names;

c.    Companies that can claim ownership of these systems.

**RESPONSE:** Defendant objects to this Request as overly broad and seeking information that may not be relevant to any party's claim or defense. *See Dyer v. Coloplast Corp.*, No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which provides that a party may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1))).  The requested materials are untethered to the copyrighted works in suit.  Subject to and expressly without waiving the foregoing objections, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its possession, custody, or control to the extent they relate to the claims and defenses at issue, and can be located and subject to the parties' Protective Order (Doc. 114–1).

89.    From January 1, 2021, Produce all documents, communications, data, reports, and server logs from Defcad systems that mention foreign IP addresses, detection of foreign access attempts, or detection of foreign registrations.

**RESPONSE:** Defendant objects to this Request as overly broad and seeking information that may not be relevant to any party's claim or defense. *See Dyer v. Coloplast Corp.*, No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which provides that a party may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1))).  The requested materials are untethered to the copyrighted works in suit.

90.    From January 1, 2022 to present Produce documents sufficient to identify all computer systems hosting the DEFCAD web software which you or your companies own or maintain.

**RESPONSE**: Defendant objects to this Request as overly broad and seeking information that may not be relevant to any party's claim or defense. *See Dyer v. Coloplast Corp.*, No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which provides that a party may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1))).   The requested materials are untethered to the copyrighted works in suit.  Defendant objects to this Request as overly broad and seeking confidential technical and proprietary information. Subject to and expressly without waiving the foregoing objections, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its possession, custody, or control, to the extent such documents can be located and subject to the parties' Protective Order (Doc. 114–1).

91.    From January 1, 2022 to present Produce documents sufficient to identify all computer systems hosting the DEFCAD web software.

**RESPONSE:** Defendant objects to this Request as overly broad and seeking information that may not be relevant to any party's claim or defense. *See Dyer v. Coloplast Corp.*, No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which provides that a party may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1))).   The requested materials are untethered to the copyrighted works in suit.  Defendant objects to this Request as overly broad and seeking confidential technical and proprietary information. Defendant further objects that it may not have possession, custody, or control over information regarding computer systems it does not own or maintain.

92.    From January 1, 2022, to present, Produce documents sufficient to identify any mirror sites you are aware of which mirror any site you own or maintain, and the mirror site is owned or maintained by you.

**RESPONSE:** Subject to and expressly without waiving Defendant's General Objections, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its possession, custody, or control, to the extent such documents can be located, and subject to the parties' Protective Order (Doc. 114–1).

93.    From January 1, 2022, to present, Produce documents sufficient to identify any

mirror sites you are aware of which mirror any site you own or maintain, and the

mirror site is not owned or maintained by you.

**RESPONSE**: Defendant refers Plaintiff to Defendant's responses and objections to Plaintiff's Request for Production No. 1.

Defendant reserves its right to amend/supplement any/all of the above answers

as discovery continues.

Dated: February 19, 2026                         Respectfully submitted,

                                        **WILSON ELSER MOSKOWITZ
                                           EDELMAN & DICKER LLP**

                               By:    *s/Leia V. Leitner*
                                         Leia V. Leitner
                                         Florida Bar No:  105621
                                         111 North Orange Avenue
                                         Suite 1200
                                         Orlando,  FL  32801
                                         Telephone:        407-423-7287
                                         Facsimile:  407-648-1376
                                         Leia.Leitner@wilsonelser.com
                                         Cheryl.Kujawski@wilsonelser.com


                                         Jura C. Zibas
                                         Florida Bar No:  124571
                                         Amaris C. Gyebi, Esq.
                                         Florida Bar No:  1019361
                                         2063 Main Street - Suite 100
                                         Sarasota, FL 34237
                                         Telephone:941-866-8561
                                         Facsimile:  941-210-5979
                                         Jura.Zibas@wilsonelser.com
                                         Amaris.Gyebi@wilsonelser.com
                                         Cheryl.Kujawski@wilsonelser.com

                                         *Co-Counsel for Defendants*
                                         *Cody Rutledge Wilson*
                                         *DEFCAD, Inc. and Defense Distributed*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 19th day of February, 2026 a true and correct copy of the foregoing document has been served by email to the following:  Zachary Z. Zermay, Esq., Florida Bar No:  1002905; Zermay Law, P.A., *Counsel for Plaintiff*, 1200 Fourth Street, #1102, Key West, Florida  33040; Telephone:  305-767-3529; Zach@Zermaylaw.com  and  info@Zermaylaw.com;  Charles (Chad) Flores, Esq., Flores Law PLLC, *Counsel for Defendants, Cody Rutledge Wilson, DEFCAD, Inc., Defense Distributed and Dioskouroi LLC,* 917 Franklin Street, Suite 600, Houston, Texas  77002, Telephone:  713-364-6440, CF@ChadFlores.law; chad-flores-7646@ecf.pacerpro.com and service@chadflores.law.

*s/Leia V. Leitner*
Leia V. Leitner