UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW LAROSIERE

      Plaintiff,

vs.                                                                  Case No:  6:24-CV-01629-AGM-LHP

CODY RUTLEDGE WILSON, DEFCAD, INC.,
DEFENSE DISTRIBUTED and
DIOSKOUROI LLC,

      Defendants.

_____/

### DEFENDANT, DEFENSE DISTRIBUTED'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

PURSUANT to Rule 33 of the Federal Rules of Civil Procedure, Defendant, **Defense Distributed**, by and through undersigned counsel, hereby gives Notice of Service of its Answers and Objections to Plaintiff's ("Plaintiff" and/or "Propounding Party") Second Set of Interrogatories.

### GENERAL STATEMENT

These responses are made solely for the purpose of this action. Any information or documents supplied in response to Plaintiff's requests are subject to all objections as to competency, relevancy, materiality, propriety and admissibility and to any and all other objections on any ground that would require the exclusion of any material or portion thereof, if such material is offered in evidence in court, all of which objections and grounds are expressly reserved and may be interposed at the time of the trial of

this matter.

The following responses are based upon information available at the time of preparation of this response following due and diligent inquiry. These responses, accurate at the date of service to the Defendant's best knowledge, are subject to correction, modification or supplementation of further information and/or documentation as later located. These responses are made without prejudice to the Defendant's right to produce at trial, or otherwise, subsequently discovered evidence related hereto.

The following responses are based upon information and writings presently available and located by Defendant and their attorneys. Defendant, at this time, has not completed their investigation of the facts or discovery proceedings in this case and has not completed their preparation for trial. The following responses are therefore given without prejudice to Defendant's right to produce evidence based on subsequently discovered facts and/or documents.

No incidental or implied admissions are intended by the responses herein. The fact that Defendant has agreed to supply information or documents in response to a request should not be taken as an admission that Defendant accepts or admits the existence of any fact set forth or assumed by such request, or that such a document constitutes admissible evidence. Further, the fact that Defendant has identified or agreed to supply information in response to a request is not intended to be, and should not be construed as a waiver by Defendant to any part or any objection to any discovery demands.

## ANSWERS TO SECOND SET OF INTERROGATORIES

1.      For each of the works at issue as they were published on your website(s), explain what, if any, creation you undertook. A complete answer must explain what, if anything, you started with as source material, and what, if anything, you did to modify, create, or add to that material, as well as a summary of how the works you made available differ from the original works.

> **ANSWER:**  Defendant objects on the grounds of vagueness as Plaintiff has not identified what he is referring to as "your website(s)" and Defendant does not know what Plaintiff considers to be Defendant's website or websites. Defendant further objects to vagueness as it is unclear whether Plaintiff is seeking information regarding creation of the works at issue or the website(s) referenced within the interrogatory. Defendant also objects to the interrogatory as compound, consisting of at least  6 separate and distinct interrogatories to the extent Plaintiff is seek information pertaining to both creation of the works at issue and at least one website (that remains undefined).
>
> Subject to and without waiving the foregoing, Defendant has not created any work at issue.

2.      Explain in detail every defect in ownership and/or chain of title you contend exists with the works.

> **ANSWER:** Defendant objects to this interrogatory as overbroad and oppressive. *See* Middle District Discovery Handbook at IV(C)(2) ("Interrogatories that generally require the responding party to state the basis

of particular claims, defenses, or contentions in pleadings or other documents should be used sparingly and, if used, should be designed (1) to target claims, defenses, or contentions that the propounding attorney reasonably suspects may be the proper subject of early dismissal or resolution or (2) to identify and narrow the scope of unclear claims, defenses, and contentions. Interrogatories that purport to require a detailed narrative of the opposing parties' case are generally improper because they are overbroad and oppressive.").

Subject to and without waiving the foregoing, Defendant will not provide "every detail" pertaining to defects in ownership and/or chain of title of the works at issue but affirmatively states that the works Plaintiff represented as being created pursuant to a work for hire agreement are defective for failing to meet all applicable *Reid* factors. *Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 737, 109 S. Ct. 2166, 104 L. Ed. 2d 811 (1989). *Reid* identified thirteen non-exhaustive factors: (1) the hiring party's right to control the manner and means by which the work is accomplished; (2) the skill required to create the work; (3) the source of the instrumentalities and tools; (4) the location of the work; (5) the duration of the relationship between the parties; (6) whether the hiring party has the right to assign additional projects to the hired party; (7) the extent of the hired party's discretion over when and how long to work; (8) the method of payment; (9) the hired party's role in hiring and paying assistants; (10) whether the work is part of the regular business of the hiring party; (11) whether the hiring party is in business; (12) the provision of employee benefits; (13) the tax treatment of the hired party. *Id*. at 751-53. "

Defendant contends all thirteen factors are potentially at issue. Defendant still awaits Plaintiff's production of the metadata for the work for hire and assignment agreements, or otherwise any document which would tend to prove or show that the agreements at issue were not belatedly created to substantiate Plaintiff's claim of ownership. This information is particularly pertinent in view of Plaintiff's refusal to produce any form of a conveying agreement until over a year after he commenced this action, and the specific choice to produce all purported conveying agreements in hard copy form to obfuscate any determination of when the documents at issue were created. Further, Plaintiff's counsel's unwillingness to attest to the veracity of responses to Requests for Production and Initial Disclosures, which specifically cite to the conveying agreements at issue, and that were signed by counsel as a member of the Florida Bar, draws greater question as to the authenticity of the agreements at issue with respect to creation. Defendant further affirmatively states that various third parties contributed to each of the works' creation and those third parties have not ceded or otherwise assigned their authorship rights to Plaintiff. The US Copyright Office requires registration applications to be certified as accurate, and a failure to provide accurate information, including the presence of co-authors, may render any registration at issue, and in turn, Plaintiff's claim of ownership, invalid. To that end, Defendant further directs Plaintiff to Entities0007361-0007223 for documents in support of this response.

3.     Describe, in detail, the information relevant to when each of the works at issue were first reviewed for originality or protectable expression. You must include the date, physical location where the evaluation took place, and the name(s) of any individuals or entities involved in making any determination(s), the methods used to make any determination(s), as well as a summary of the outcome of each such determination.

> **ANSWER:** Defendant objects to the interrogatory as premature as it seeks the disclosure of expert opinions, prior to the deadline set by this Court. Disclosure of relevant expert testimony will be made in accordance with the Case Management Scheduling Order and all other applicable authority.  To the extent Defendant is not seeking disclosure of any opinion/ review/ determination performed by an expert, Defendant objects on the grounds of vagueness. It is unclear how a person without the requisite level of skill, education, or other expertise can review a work for originality or protectible expression, as both require an intimate understanding of copyright law and prevailing authorities on the matter. Defendant requests Plaintiff provide clarification on this point. Defendant further objects on the grounds of relevance. Plaintiff has brought claims of copyright infringement, false designation of origin/ unfair competition and a right of publicity claim. It is unclear why the *first* review for originality or protectable expression would be pertinent or related to any claim brought. The burden of explaining relevancy is Plaintiff's. *See  Brexendorf v. Bank of Am., N.A.*,  2018 U.S. Dist. LEXIS 224496  at fn. 5 (M.D. Fla. 2018) (citations omitted) ("When relevancy of a

discovery request is not apparent on the face of the request, then the party

seeking discovery has the burden to show its relevancy.").

4.      Explain, in detail, how the registrations for each of the works at issue are

invalid due to fraud. A complete answer must include an explanation that explains

the fraud with particularity for each of the works.

> **ANSWER:** Defendant objects on the grounds that the interrogatory is directed
>
> to an issue of pure law. *See generally* Fed. R. Civ. P. 33(a) advisory note
>
> ("[I]nterrogatories may not extend to issues of 'pure law,' i.e., legal conclusions
>
> unrelated to the facts of the case."). There are no discernable facts to which this
>
> interrogatory is tied to, and it ultimately seeks pure legal conclusions which are
>
> related not to the facts, but to the law of the case. *See e.g. O'Brien v. International*
>
> *Brotherhood of Electrical Workers*, 443 F. Supp. 1182, 1187 (N.D. Ga. 1970).
>
> Defendant further objects to this interrogatory as compound and consisting of
>
> at minimum 20 separate and distinct interrogatories, based on the number of
>
> copyright registrations at issue. *See RAMBUS Inc. v. NVIDIA Corp.*, 2011 U.S.
>
> Dist. LEXIS 156378, *43-*45, *48 (N.D. Cal. Aug. 24, 2011) ( concluding that
>
> an interrogatory that seeks information (even a single piece of information)
>
> about 300 separate products is asking 300 separate questions.); *see also Diversified*
>
> *Lenders, LLC v. Amazon Logistics, Inc.*, 2017 U.S. Dist. LEXIS 95069, *3-*4
>
> (W.D. Wash. June 20, 2017) (finding interrogatory that would require separate
>
> review, analysis and response for 73 contested invoices would count as separate

subparts). Plaintiff has exceeded the number of permitted interrogatories and has neither sought nor gained permission from the Court to do so. *See* Fed. R. Civ. P. 33(a).

Subject to and without waiving the foregoing, Defendant states that Plaintiff knowingly failed to disclose information pertaining to authorship, with the intent of defrauding the Copyright Office, and had Plaintiff disclosed this information, the Copyright Office would have denied his application. The information related to authorship includes the lack of a valid work for hire agreement and the presence of third-party authors who contributed to each of the works at issue, such that Plaintiff is not the sole author, and lacks exclusive ownership of any of the copyrighted works at issue. Defendant further asserts Plaintiff intentionally falsified the publication dates in connection with the registrations for and/or related to the following works: Plastikov V4 , SF5, KF5, and Hitchhiker. Defendant's investigation of further falsification of publication dates for minimally the intended purpose of securing statutory damages in this suit is ongoing. Defendant further asserts that Plaintiff intentionally falsified the nature of the works registered to flout the Copyright Act's prohibition against the registration of useful articles. *Baby Buddies, Inc. v. Toys "R" Us, Inc.*, 611 F.3d 1308, 1316 (11th Cir. 2010) ("A 'useful article' is an article having an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information." *Id*. Thus, a useful article, as a whole, does not receive copyright protection…"). Specifically, Plaintiff falsely claimed the

works at issue fall into the categories of literary works and visual arts, knowing the works solely possesses utilitarian and/or mechanical aspects, and/or that such aspects are inseparable from  any artistic expression, rendering the underlying works unprotectable under the Copyright Act.  *See Norris Indus. v. Int'l Tel. & Tel. Corp.*, 696 F.2d 918, 924 (11th Cir. 1983) ("[F]unctional components of useful articles, no matter how artistically designed, [are] generally . . . denied copyright protection unless they are physically separable from the useful article.").

5.    Explain how the posts on your blogs are created. A complete answer must separately identify everyone who has made content for these posts, everyone that approves the blog posts, everyone who has caused edits to be made to the blog posts, and everyone who chooses the content of the blog posts.

**ANSWER:** Defendant objects on the grounds of vagueness. Plaintiff has not identified the creation of any posts or blogs by Defendant, and Defendant does not know what "posts" on "your blogs" Plaintiff is referring to. Defendant further objects on the grounds of overbreadth, as the request is not limited in temporal scope and seeks overarching information about "posts" on "blogs" that are in no way tethered to any claim or defense at issue in this action. Defendant also objects on the grounds of relevance, as again, information regarding posts on blogs does not appear to be connected to any issue, claim or defense in this action. Defendant again notes that interrogatories must be reasonably particularized and interrogatories

designed to for an exhaustive or oppressive catalogue of information are not proper. *See* Middle District Civil Discovery Handbook at IV(C)(4).

Subject to and without waiving the foregoing, Defendant is willing to provide information pertaining to any post made in connection with any work at issue in this action, upon Plaintiff's identification what "blogs" he is referring to. To the extent the blog/ blogs Plaintiff identifies is/are hosted or otherwise controlled by Defendant, Defendant will thereafter conduct a key word search for the names of each work at issue and each copyright registration number for any post generated January 1, 2022 or later. To the extent, any hits return for those search terms, Defendant will provide the names of any individual who made the post, edited the post, and approved the post.

**All Interrogatories were answered with the assistance of counsel.**

Defendant reserves its right to amend/supplement any/all of the above answers as discovery continues.

Dated:        February 19, 2026

Respectfully submitted,

**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP**

By:   *s/Amaris C. Gyebi*
    Leia V. Leitner
    Florida Bar No:  105621
    111 North Orange Avenue
    Suite 1200
    Orlando,  FL  32801
    Telephone:        407-423-7287
    Facsimile:  407-648-1376
    Leia.Leitner@wilsonelser.com
    Cheryl.Kujawski@wilsonelser.com

    Jura C. Zibas
    Florida Bar No:  124571
    Amaris C. Gyebi, Esq.
    Florida Bar No:  1019361
    2063 Main Street - Suite 100
    Sarasota, FL 34237
    Telephone:941-866-8561
    Facsimile:  941-210-5979
    Jura.Zibas@wilsonelser.com
    Amaris.Gyebi@wilsonelser.com
    Cheryl.Kujawski@wilsonelser.com

    *Co-Counsel for Defendants*
    *Cody Rutledge Wilson*
    *DEFCAD, Inc. and Defense Distributed*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 19th day of February, 2026 a true and correct copy of the foregoing document has been served by email to the following:  Zachary Z. Zermay, Esq., Florida Bar No:  1002905; Zermay Law, P.A., *Counsel for Plaintiff*, 1200 Fourth Street, #1102, Key West, Florida  33040; Telephone:  305-767-3529; Zach@Zermaylaw.com  and  info@Zermaylaw.com;  Charles (Chad) Flores, Esq., Flores Law PLLC, *Counsel for Defendants, Cody Rutledge Wilson, DEFCAD, Inc., Defense Distributed and Dioskouroi LLC,* 917 Franklin Street, Suite 600, Houston, Texas  77002, Telephone:  713-364-6440, CF@ChadFlores.law; chad-flores-7646@ecf.pacerpro.com and service@chadflores.law.

                                    s/Amaris C. Gyebi
                                    Amaris C. Gyebi

## <u>VERIFICATION</u>

Under penalty of perjury, I swear the foregoing answers/responses are true and correct to the best of my knowledge.

*s/Cody Wilson*

By:  Cody Wilson
     Defense Distributed