UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW LAROSIERE

      Plaintiff,

vs.                           Case No:  6:24-CV-01629-AGM-LHP

CODY RUTLEDGE WILSON, DEFCAD, INC.,
DEFENSE DISTRIBUTED and
DIOSKOUROI LLC,

      Defendants.

_____/

### DEFENDANT, CODY WILSON'S RESPONSES AND OBJECTIONSTO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant, **Cody Wilson**, by and through his undersigned counsel, hereby serves his Responses and Objections to Plaintiff, Matthew Larosiere's ("Plaintiff" and/or "Propounding Party") Second Set of Requests for Production, and states as follows:

### GENERAL STATEMENT

These responses are made solely for the purpose of this action. Any information or documents supplied in response to Plaintiff's requests are subject to all objections as to competency, relevancy, materiality, propriety and admissibility and to any and all other objections on any ground that would require the exclusion of any material or portion thereof, if such material is offered in evidence in court, all of which objections and grounds are expressly reserved and may be interposed at the time of the trial of

this matter.

The following responses are based upon information available at the time of preparation of this response following due and diligent inquiry. These responses, accurate at the date of service to the Defendant's best knowledge, are subject to correction, modification or supplementation of further information and/or documentation as later located. These responses are made without prejudice to the Defendant's right to produce at trial, or otherwise, subsequently discovered evidence related hereto.

The following responses are based upon information and writings presently available and located by Defendant and their attorneys. Defendant, at this time, has not completed their investigation of the facts or discovery proceedings in this case and has not completed their preparation for trial. The following responses are therefore given without prejudice to Defendant's right to produce evidence based on subsequently discovered facts and/or documents.

No incidental or implied admissions are intended by the responses herein. The fact that Defendant has agreed to supply information or documents in response to a request should not be taken as an admission that Defendant accepts or admits the existence of any fact set forth or assumed by such request, or that such a document constitutes admissible evidence. Further, the fact that Defendant has identified or agreed to supply information in response to a request is not intended to be, and should not be construed as a waiver by Defendant to any part or any objection to any discovery demands.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS IN
## PLAINTIFF'S SECOND REQUEST FOR PRODUCTION

1.      Defendant objects to the definitions of "Copyright" and "Works" to the extent they are vague, ambiguous, overly broad, and untethered to the copyrights/works identified in the amended Complaint (Doc. 43). The definition fails to specify whether it refers to registered copyrights, applications for copyright registration, common law copyrights, or some combination thereof. Subject to and without waiving the foregoing objections, Defendant will construe the term "Copyright" and "Works" as limited to the copyrights and works specifically identified in Plaintiff's operative complaint (Doc. 43), pursuant to the Court's Order dated February 13, 2026. *See* Doc. 213 at p. 4.

2.      Defendant objects to the temporal scope listed throughout Plaintiff's Second Request for Production as vague, ambiguous, and overly broad.  Subject to and without waiving the foregoing objections, Defendant will construe the time period as follows: 1) for requests concerning the copyrights or works as limited to the period of January 1, 2022 to the present; and 2) requests unrelated to the copyrights or works as limited to the time period of January 1, 2021 to the present, pursuant to the Court's Order dated February 13, 2026. *See* Doc. 213 at p. 4.

**RESPONSES AND OBJECTIONS TO
SECOND SET OF REQUESTS FOR PRODUCTION**

1.      Documents sufficient to identify any changes made to the number of downloads

and/or views attributed to each of the works[1] at issue on your website.

> **RESPONSE**: Defendant objects to this Request on the grounds that it is overly
> broad, vague, ambiguous, unlimited in time and scope, and seeks information
> that is not proportional to the needs of the case. *See Dyer v. Coloplast Corp.*, No.
> 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025)
> (finding the scope of discovery is found in Rule 26, which provides that a party
> may obtain discovery regarding any nonprivileged matter relevant to any party's
> claim or defense and proportional to the needs of the case. Fed. R. Civ.
> P. 26(b)(1))). Defendant further objects that this Request assumes that
> "changes" to download or view counts have occurred. Subject to and without
> waiving these objections, upon a reasonable search, Defendant states none in
> his possession, custody, or control. *See Searock v. Stripling,* 736 F.2d 650, 653-54
> (11th Cir. 1984) ("Control is defined not only as possession, but as the legal
> right to obtain documents requested upon demand.").

2.      Documents and records sufficient to show each of the web page(s) that each of

the works at issue have been made available through.

> **RESPONSE**: Defendant objects to this Request on the grounds that it is overly
> broad, vague, ambiguous, unlimited in time and scope, and seeks information
> that is not proportional to the needs of the case. *See Dyer v. Coloplast Corp.*, No.
> 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025)
> (finding the scope of discovery is found in Rule 26, which provides that a party
> may obtain discovery regarding any nonprivileged matter relevant to any party's
> claim or defense and proportional to the needs of the case. Fed. R. Civ.
> P. 26(b)(1))). Defendant further objects that this Request assumes that
> "changes" to download or view counts have occurred. Subject to and without
> waiving these objections, upon a reasonable search, Defendant states none in
> his possession, custody, or control. *See Searock v. Stripling,* 736 F.2d 650, 653-54
> (11th Cir. 1984) ("Control is defined not only as possession, but as the legal
> right to obtain documents requested upon demand.").

---

[1] At all times material herein, the term "Works" is limited to the copyrights and works specifically
identified in Plaintiff's operative complaint (Doc. No. 43).

3.    Documents and records sufficient to show the total number of downloads and

views for each of the web page(s) that each of the works at issue have been made

available through.

> **RESPONSE**: Defendant objects to this Request on the grounds that it is overly
> broad, vague, ambiguous, unlimited in time and scope, and seeks information
> that is not proportional to the needs of the case. *See Dyer v. Coloplast Corp.*, No.
> 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025)
> (finding the scope of discovery is found in Rule 26, which provides that a party
> may obtain discovery regarding any nonprivileged matter relevant to any party's
> claim or defense and proportional to the needs of the case. Fed. R. Civ.
> P. 26(b)(1))). Defendant further objects that this Request assumes that
> "changes" to download or view counts have occurred. Subject to and without
> waiving these objections, upon a reasonable search, Defendant states none in
> his possession, custody, or control. *See Searock v. Stripling,* 736 F.2d 650, 653-54
> (11th Cir. 1984) ("Control is defined not only as possession, but as the legal
> right to obtain documents requested upon demand.").

4.    Documents and records sufficient to explain all of the times when view and/or

download counts have decreased on each of the web page(s) that each of the works at

issue have been made available through.

> **RESPONSE**: Defendant objects to this Request on the grounds that it is overly
> broad, vague, ambiguous, unlimited in time and scope, and seeks information
> that is not proportional to the needs of the case. *See Dyer v. Coloplast Corp.*, No.
> 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025)
> (finding the scope of discovery is found in Rule 26, which provides that a party
> may obtain discovery regarding any nonprivileged matter relevant to any party's
> claim or defense and proportional to the needs of the case. Fed. R. Civ.
> P. 26(b)(1))). Defendant further objects that this Request assumes that
> "changes" to download or view counts have occurred. Subject to and without
> waiving these objections, upon a reasonable search, Defendant states none in
> his possession, custody, or control. *See Searock v. Stripling,* 736 F.2d 650, 653-54
> (11th Cir. 1984) ("Control is defined not only as possession, but as the legal
> right to obtain documents requested upon demand.").

5.    Documents and records sufficient to explain the reason(s) behind each of the

times when view and/or download counts have decreased on each of the web page(s)

that each of the works at issue have been made available through.

> **RESPONSE**: Defendant objects to this Request on the grounds that it is overly broad, vague, ambiguous, unlimited in time and scope, and seeks information that is not proportional to the needs of the case. *See Dyer v. Coloplast Corp.*, No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which provides that a party may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1))). Defendant further objects that this Request assumes that "changes" to download or view counts have occurred. Subject to and without waiving these objections, upon a reasonable search, Defendant states none in his possession, custody, or control. *See Searock v. Stripling,* 736 F.2d 650, 653-54 (11th Cir. 1984) ("Control is defined not only as possession, but as the legal right to obtain documents requested upon demand.").

6.     Documents and records sufficient to identify the individuals responsible for each of the times when view and/or download counts have decreased on each of the web page(s) that each of the works at issue have been made available through.

> **RESPONSE**: Defendant objects to this Request on the grounds that it is overly broad, vague, ambiguous, unlimited in time and scope, and seeks information that is not proportional to the needs of the case. *See Dyer v. Coloplast Corp.*, No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which provides that a party may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1))). Defendant further objects that this Request assumes that "changes" to download or view counts have occurred. Subject to and without waiving these objections, upon a reasonable search, Defendant states none in his possession, custody, or control. *See Searock v. Stripling,* 736 F.2d 650, 653-54 (11th Cir. 1984) ("Control is defined not only as possession, but as the legal right to obtain documents requested upon demand.").

7.     For each of your blog posts or emails transmitted to your mailing lists of customers or subscribers that mentioned, directly or indirectly, any of the works at issue, provide:

a. Information concerning any sponsor(s), including: how much the sponsor

paid, contact information with the sponsor, communications with the sponsor

pertaining to the particular blog posts;

b. the number of views or interactions or visitors each blog post or email

transmitted to your mailing lists of customers or subscribers received.

> **RESPONSE**: Defendant objects to this Request on the grounds that it is overly broad, vague, ambiguous, unlimited in time and scope, and seeks information that is not proportional to the needs of the case. *See Dyer v. Coloplast Corp.*, No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which provides that a party may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1))). Defendant further objects that this Request assumes that "changes" to download or view counts have occurred. Subject to and without waiving these objections, upon a reasonable search, Defendant states none in his possession, custody, or control. *See Searock v. Stripling,* 736 F.2d 650, 653-54 (11th Cir. 1984) ("Control is defined not only as possession, but as the legal right to obtain documents requested upon demand.").

8.    From January 1, 2022, to present, for each of your blog posts or emails

transmitted to your mailing lists of customers or subscribers, provide the number of

views, interactions, and visitors each blog post or email transmitted to your mailing

lists of customers or subscribers received.

> **RESPONSE**: Defendant objects to this Request on the grounds that it is overly broad, vague, ambiguous, unlimited in time and scope, and seeks information that is not proportional to the needs of the case. *See Dyer v. Coloplast Corp.*, No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which provides that a party may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1))). Subject to and without waiving these objections, upon a reasonable search, Defendant states none in his possession, custody, or control. *See Searock v. Stripling,* 736 F.2d 650, 653-54 (11th Cir. 1984) ("Control is defined not only as possession, but as the legal right to obtain documents requested upon demand.").

9.     From January 1, 2022, to present, Produce documents and communications sufficient to identify the contents of communications and the existence of occurrences of "blacklisting," as you admitted to in your answer and counterclaims, (Doc. 29 at ¶ 389) on any of your commerce websites, including information on individuals on the blacklist, when and why they were placed on the blacklist, and the blacklist itself.

> **RESPONSE:** Defendant objects to this Request as overly broad to the extent it seeks information regarding all individuals on any "blacklist" regardless of relevance to the claims and defenses at issue. *See Dyer v. Coloplast Corp.*, No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which provides that a party may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1))). The reference to the Answer (Doc 29) in the Request was amended (Doc 52), and the counterclaim was dismissed on September 11, 2025 (Doc 129). Thus, the pleadings referenced in this request are no longer at issue. Subject to and without waiving these objections, upon a reasonable search, Defendant states none in his possession, custody, or control. *See Searock v. Stripling,* 736 F.2d 650, 653-54 (11th Cir. 1984) ("Control is defined not only as possession, but as the legal right to obtain documents requested upon demand.").

10.    From January 1, 2022, to present, provide documents sufficient to establish any attempt to frustrate Plaintiff's ability to obtain details of the alleged infringement, including but not limited to: blacklisting, editing, changing, obscuring, or otherwise obfuscating any aspect of the infringement.

> **RESPONSE**: Defendant objects to this Request as overly broad to the extent it seeks information regarding all individuals on any "blacklist" regardless of relevance to the claims and defenses at issue. *See Dyer v. Coloplast Corp.*, No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which provides that a party may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1))). The reference to the Answer (Doc 29) in the Request was amended (Doc 52), and the counterclaim was dismissed on September 11, 2025 (Doc 129).

Thus, the pleadings referenced in this request are no longer at issue. Defendant also objects to the extent that this request seeks a legal conclusion that this Defendant infringed on the copyrighted works at issue. Subject to and without waiving these objections, upon a reasonable search, Defendant states none in his possession, custody, or control. *See Searock v. Stripling,* 736 F.2d 650, 653-54 (11th Cir. 1984) ("Control is defined not only as possession, but as the legal right to obtain documents requested upon demand.").

11.    Produce documents sufficient to identify the contents of all chats, texts, emails, and other messages which include links to Twitter.com or X.com since the initiation of this lawsuit.

> **RESPONSE**: Defendant objects to this Request on the grounds that it is overly broad, vague, ambiguous, unlimited in time and scope, and seeks information that is not proportional to the needs of the case. *See Dyer v. Coloplast Corp.,* No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which provides that a party may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1))).  This request is untethered to the claims and defenses raised in the First Amended Complaint (Doc. 43). Subject to, and without waiver of said objection, Defendant is willing to meet and confer to narrow this Request.

12.    From January 1, 2022, to present, produce documents sufficient to establish your gross profits.

> **RESPONSE**: Defendant objects to this Request on the grounds that it is overly broad, vague, ambiguous, unlimited in time and scope, and seeks information that is not proportional to the needs of the case. *See Dyer v. Coloplast Corp.,* No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which provides that a party may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1))). Subject to and without waiving these objections, upon a reasonable search, Defendant states none in his possession, custody, or control. *See Searock v. Stripling,* 736 F.2d 650, 653-54 (11th Cir. 1984) ("Control is defined not only as possession, but as the legal right to obtain documents requested upon demand.").

13.    From January 1, 2022, to present, produce documents sufficient to establish

gross profits attributable to the works at issue.

> **RESPONSE**: Defendant objects to this Request on the grounds that it is overly broad, vague, ambiguous, unlimited in time and scope, and seeks information that is not proportional to the needs of the case. *See Dyer v. Coloplast Corp.*, No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which provides that a party may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1))). Subject to and without waiving these objections, upon a reasonable search, Defendant states none in his possession, custody, or control. *See Searock v. Stripling,* 736 F.2d 650, 653-54 (11th Cir. 1984) ("Control is defined not only as possession, but as the legal right to obtain documents requested upon demand.").

14.    From January 1, 2022, to present, produce Documents sufficient to identify any

work history you had with Gun Owners of America.

> **RESPONSE**: Defendant objects to this Request on the grounds that it is overly broad, vague, ambiguous, unlimited in time and scope, and seeks information that is not proportional to the needs of the case. *See Dyer v. Coloplast Corp.*, No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which provides that a party may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1))). This request is untethered to the claims and defenses raised in the First Amended Complaint (Doc. 43). Subject to, and without waiver of said objection, Defendant is willing to meet and confer to narrow this Request.

15.    All messages, documents, and information pertaining to the "Freeman13372"

Twitter/X account since September 1, 2025.

> **RESPONSE**: Defendant objects to this Request on the grounds that it is overly broad, vague, ambiguous, unlimited in time and scope, and seeks information that is not proportional to the needs of the case. *See Dyer v. Coloplast Corp.*, No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at *10 (M.D. Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which provides that a party may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1))). This request is untethered to the claims and defenses raised in the First Amended Complaint (Doc. 43). Subject to, and without waiver of said

objection, Defendant has none in his possession, custody, or control.

16.    All documents and materials you relied upon to support the claims that you

made on Marc Beckman's podcast concerning this lawsuit. In particular, the claims

concerning who uploaded the works at issue in the first place.

> **RESPONSE**: Defendant objects to this Request on the grounds that it is overly broad, vague, ambiguous, unlimited in time and scope, and seeks information that is not proportional to the needs of the case. *See Dyer v. Coloplast Corp.*, No. 8:24-cv-2867-VMC-SPF, 2025 LX 470247, at \*10 (M.D. Fla. Oct. 9, 2025) (finding the scope of discovery is found in Rule 26, which provides that a party may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1))).  Subject to, and without waiver of said objection, Defendant is willing to meet and confer to narrow this Request.

17.    Produce documents sufficient to support your contention that Matthew

Larosiere "owns" or "directs" "The Gatalog."

> **RESPONSE:** Defendant objects to the extent that the Request is vague, ambiguous, overly broad, and the documents requested are in the possession, custody or control of Plaintiff.  Subject to and without waiving said objections, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its possession, custody, or control on which Defendant intends to rely in support of this contention, to the extent such documents can be located, and subject to the parties' Protective Order (Doc. 114–1).

18.    Produce the materials upon which you rely to support a defense of fair use.

> **RESPONSE:** Defendant objects to this Request to the extent it seeks a legal conclusion, seeks information protected by the attorney-client privilege, and/or work product doctrine. Subject to and expressly without waiving the foregoing objections, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its possession, custody, or control on which Defendant intends to rely in support of a fair use defense, to the extent such documents can be located, and subject to the parties' Protective Order (Doc. 114–1).

19.    Produce the materials upon which you rely to support a defense of illegality.

**RESPONSE:** Defendant objects to this Request to the extent it seeks a legal conclusion, seeks information protected by the attorney-client privilege, and/or work product doctrine. Subject to and expressly without waiving the foregoing objections, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its possession, custody, or control on which Defendant intends to rely in support of a fair use defense, to the extent such documents can be located, and subject to the parties' Protective Order (Doc. 114–1).

20.    Produce the materials upon which you rely to support a defense of license.

**RESPONSE:** Defendant objects to this Request to the extent it seeks a legal conclusion, seeks information protected by the attorney-client privilege, and/or work product doctrine. Subject to and expressly without waiving the foregoing objections, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its possession, custody, or control on which Defendant intends to rely in support of a fair use defense, to the extent such documents can be located, and subject to the parties' Protective Order (Doc. 114–1).

21.    Produce the materials upon which you rely to support a defense of defects in

ownership and/or chain of title.

**RESPONSE:** Defendant objects to this Request to the extent it seeks a legal conclusion, seeks information protected by the attorney-client privilege, and/or work product doctrine. Subject to and expressly without waiving the foregoing objections, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its possession, custody, or control on which Defendant intends to rely in support of a fair use defense, to the extent such documents can be located, and subject to the parties' Protective Order (Doc. 114–1).

22.    Produce the materials upon which you rely to support a defense of invalid

registrations.

**RESPONSE:** Defendant objects to this Request to the extent it seeks a legal conclusion, seeks information protected by the attorney-client privilege, and/or work product doctrine. Subject to and expressly without waiving the foregoing objections, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its possession, custody, or control on which Defendant intends to rely in support of a fair use defense, to the extent such

documents can be located, and subject to the parties' Protective Order (Doc. 114–1).

23. Produce the materials upon which you rely to support a defense of lack of protectable expression. This must include any discussion of this topic, including any reports, analyses, or evaluations concerning originality or protectable expression.

> **RESPONSE:** Defendant objects to this Request to the extent it seeks a legal conclusion, seeks information protected by the attorney-client privilege, and/or work product doctrine. Subject to and expressly without waiving the foregoing objections, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its possession, custody, or control on which Defendant intends to rely in support of a fair use defense, to the extent such documents can be located, and subject to the parties' Protective Order (Doc. 114–1).

24. Produce the materials upon which you rely to support a defense that an improper work made for hire designation was used.

> **RESPONSE:** Defendant objects to this Request to the extent it seeks a legal conclusion, seeks information protected by the attorney-client privilege, and/or work product doctrine. Subject to and expressly without waiving the foregoing objections, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its possession, custody, or control on which Defendant intends to rely in support of a fair use defense, to the extent such documents can be located, and subject to the parties' Protective Order (Doc. 114–1).

25. Produce the materials upon which you rely to support a defense that Plaintiff's claims fail to satisfy the statutory prerequisites to suit.

> **RESPONSE:** Defendant objects to this Request to the extent it seeks a legal conclusion, seeks information protected by the attorney-client privilege, and/or work product doctrine. Subject to and expressly without waiving the foregoing objections, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its possession, custody, or control on which Defendant intends to rely in support of a fair use defense, to the extent such documents can be located, and subject to the parties' Protective Order (Doc. 114–1).

26.    Produce the materials upon which you rely to support a defense of fraud on the

Copyright Office.

>    **RESPONSE:** Defendant objects to this Request to the extent it seeks a legal
>    conclusion, seeks information protected by the attorney-client privilege, and/or
>    work product doctrine. Subject to and expressly without waiving the foregoing
>    objections, Defendant will conduct a reasonable search and produce non-
>    privileged, responsive documents in its possession, custody, or control on which
>    Defendant intends to rely in support of a fair use defense, to the extent such
>    documents can be located, and subject to the parties' Protective Order (Doc.
>    114–1).

27.    Produce the materials upon which you rely to support a defense of unclean

hands.

>    **RESPONSE:** Defendant objects to this Request to the extent it seeks a legal
>    conclusion, seeks information protected by the attorney-client privilege, and/or
>    work product doctrine. Subject to and expressly without waiving the foregoing
>    objections, Defendant will conduct a reasonable search and produce non-
>    privileged, responsive documents in its possession, custody, or control on which
>    Defendant intends to rely in support of a fair use defense, to the extent such
>    documents can be located, and subject to the parties' Protective Order (Doc.
>    114–1).

28.    Produce the materials upon which you rely to support a defense of copyright

misuse.

>    **RESPONSE:** Defendant objects to this Request to the extent it seeks a legal
>    conclusion, seeks information protected by the attorney-client privilege, and/or
>    work product doctrine. Subject to and expressly without waiving the foregoing
>    objections, Defendant will conduct a reasonable search and produce non-
>    privileged, responsive documents in its possession, custody, or control on which
>    Defendant intends to rely in support of a fair use defense, to the extent such
>    documents can be located, and subject to the parties' Protective Order (Doc.
>    114–1).

29.    Produce the materials upon which you rely to support a defense of estoppel.

>    **RESPONSE:** Defendant objects to this Request to the extent it seeks a legal
>    conclusion, seeks information protected by the attorney-client privilege, and/or

work product doctrine. Subject to and expressly without waiving the foregoing objections, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its possession, custody, or control on which Defendant intends to rely in support of a fair use defense, to the extent such documents can be located, and subject to the parties' Protective Order (Doc. 114–1).

30.    Produce the materials upon which you rely to support a defense of waiver.

**RESPONSE:** Defendant objects to this Request to the extent it seeks a legal conclusion, seeks information protected by the attorney-client privilege, and/or work product doctrine. Subject to and expressly without waiving the foregoing objections, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its possession, custody, or control on which Defendant intends to rely in support of a fair use defense, to the extent such documents can be located, and subject to the parties' Protective Order (Doc. 114–1).

31.    Produce the materials upon which you rely to support a defense of laches.

**RESPONSE:** Defendant objects to this Request to the extent it seeks a legal conclusion, seeks information protected by the attorney-client privilege, and/or work product doctrine. Subject to and expressly without waiving the foregoing objections, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its possession, custody, or control on which Defendant intends to rely in support of a fair use defense, to the extent such documents can be located, and subject to the parties' Protective Order (Doc. 114–1).

32.    Produce the materials upon which you rely to defend against Plaintiff's claims

of willful infringement.

**RESPONSE:** Defendant objects to this Request to the extent it seeks a legal conclusion, seeks information protected by the attorney-client privilege, and/or work product doctrine. Subject to and expressly without waiving the foregoing objections, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its possession, custody, or control on which Defendant intends to rely in support of a fair use defense, to the extent such documents can be located, and subject to the parties' Protective Order (Doc. 114–1).

33.    Produce the materials upon which you rely to show that Plaintiff failed to

mitigate his alleged damages.

> **RESPONSE:** Defendant objects to this Request to the extent it seeks a legal conclusion, seeks information protected by the attorney-client privilege, and/or work product doctrine. Subject to and expressly without waiving the foregoing objections, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its possession, custody, or control on which Defendant intends to rely in support of a fair use defense, to the extent such documents can be located, and subject to the parties' Protective Order (Doc. 114–1).

34.     Produce the materials upon which you rely to show that Plaintiff fails to state a

claim.

> **RESPONSE:** Defendant objects to this Request to the extent it seeks a legal conclusion, seeks information protected by the attorney-client privilege, and/or work product doctrine. Subject to and expressly without waiving the foregoing objections, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its possession, custody, or control on which Defendant intends to rely in support of a fair use defense, to the extent such documents can be located, and subject to the parties' Protective Order (Doc. 114–1).

35.     Provide documents sufficient to establish that you acted in good faith after

learning of the alleged copyright[2] infringement.

> **RESPONSE:** Defendant objects to this Request to the extent it seeks a legal conclusion that Defendant infringed on the copyright-in-suit (Doc. 43), seeks information protected by the attorney-client privilege, and/or work product doctrine. Subject to and expressly without waiving the foregoing objections, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its possession, custody, or control on which Defendant intends to rely in support of a fair use defense, to the extent such documents can be located, and subject to the parties' Protective Order (Doc. 114–1).

36.     Provide materials and communications sufficient to establish how the

confidential settlement communication got posted on Defcad. A complete production

---

[2] At all times material herein, the term "Copyright" is limited to the copyrights and works specifically identified in Plaintiff's operative complaint (Doc. No. 43).

must include, at a minimum, materials that show how the communication, which was addressed solely to Defendant Wilson, ended up in the possession of Defcad, as well as any internal discusses at Defcad that pertained to posting the confidential settlement communication. For clarity, by "confidential settlement communication," we mean the below document posted to your website:



RESPONSE: Defendant objects to the extent that this Request is an Interrogatory masquerading as a document request. *See* Fed. R. Civ. P. 34(a)(1)("a party may serve a request to produce **documents** upon another party that is within that party's possession, custody, or control."). Defendant objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.  Defendant further objects to the extent this Request is relevant to the claims and defenses asserted in the First Amended Complaint (Doc. 43).

37. Provide materials sufficient to understand the motive(s) and reason(s) behind posting the confidential settlement communication to Defcad.

RESPONSE: Defendant objects to the extent that this Request is an

Interrogatory masquerading as a document request. *See* Fed. R. Civ. P. 34(a)(1)("a party may serve a request to produce **documents** upon another party that is within that party's possession, custody, or control."). Defendant objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to the extent this Request is relevant to the claims and defenses asserted in the First Amended Complaint (Doc. 43).

Defendant reserves his right to amend/supplement any/all of the above answers

as discovery continues.

Dated: February 19, 2026                     Respectfully submitted,

**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP**

By:   *s/Leia V. Leitner*
         Leia V. Leitner
         Florida Bar No:  105621
         111 North Orange Avenue
         Suite 1200
         Orlando,  FL  32801
         Telephone:         407-423-7287
         Facsimile: 407-648-1376
         Leia.Leitner@wilsonelser.com
         Cheryl.Kujawski@wilsonelser.com

         Jura C. Zibas
         Florida Bar No:  124571
         Amaris C. Gyebi, Esq.
         Florida Bar No:  1019361
         2063 Main Street - Suite 100
         Sarasota, FL 34237
         Telephone:941-866-8561
         Facsimile:  941-210-5979
         Jura.Zibas@wilsonelser.com
         Amaris.Gyebi@wilsonelser.com
         Cheryl.Kujawski@wilsonelser.com

         *Co-Counsel for Defendants*
         *Cody Rutledge Wilson*
         *DEFCAD, Inc. and Defense Distributed*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 19th of February, 2026 a true and correct copy of the foregoing document has been served by email to the following:  Zachary Z. Zermay, Esq., Florida Bar No:  1002905; Zermay Law, P.A., *Counsel for Plaintiff*, 1200 Fourth Street, #1102, Key West, Florida  33040; Telephone:  305-767-3529; Zach@Zermaylaw.com  and  info@Zermaylaw.com;  Charles (Chad) Flores, Esq., Flores Law PLLC, *Counsel for Defendants, Cody Rutledge Wilson, DEFCAD, Inc., Defense Distributed and Dioskouroi LLC,* 917 Franklin Street, Suite 600, Houston, Texas  77002, Telephone: 713-364-6440, CF@ChadFlores.law; chad-flores-7646@ecf.pacerpro.com and service@chadflores.law.

*s/Leia V. Leitner*
Leia V. Leitner
