**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MATTHEW LAROSIERE,

      Plaintiff,

v.

      Case No:   6:24-cv-1629-AGM-LHP

CODY RUTLEDGE WILSON,
DEFCAD, INC., DEFENSE
DISTRIBUTED, DIOSKOUROI LLC,

      Defendants

---

**ORDER**

As set forth in the January 16, 2025 Case Management and Scheduling Order, "The Court will enforce stipulated and signed confidentiality agreements."   Doc. No. 58, at 4.   Now before the Court is Defendants' Motion to De-Designate Certain Documents As "Highly Confidential-Attorneys' Eyes Only," which is brought pursuant to the de-designation procedures in the parties' Mutual Confidentiality Agreement ("MCA") (Doc. No. 114-1).   Doc. No. 240.   Plaintiff responds in opposition.   Doc. No. 250.   Neither party has requested additional briefing, and the Court does not require anything further in order to rule on the motion.   *See*

Doc. No. 61, ¶ 7.   Upon consideration, and for many of the reasons set forth in Plaintiff's response, the motion (Doc. No. 240) will be denied.

The documents at issue are Copyright Assignment Agreements and a Firearms Development Employment Agreement.   Doc. No. 240-1.   Contrary to Defendants' representations in their motion, these documents were not designated Highly Confidential-Attorneys' Eyes Only ("HC-AEO") in their entirety.   *Id.* Rather the documents have minimal redactions, and Defendants fail to explain why the minimally redacted information – which appears to include the addresses/locations of the parties to the agreements, and compensation terms for John Elik in one of the agreements – should be de-designated.   *Id.*; *see also* Doc. No. 240, at 1-3.[1]

Relatedly, Defendants argue that the MCA only permits HC-AEO protection for "trade secrets, proprietary formulas, or competitively sensitive information." Doc. No. 240, at 1, 3.   But the MCA defines "HC-AEO" as "extremely sensitive 'Confidential Information or Items,' disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means," and defines "Confidential Information or Items" as

---

[1] If the entirety of the documents had been designated HC-AEO, the Court questions why Defendants attached them to their publicly-filed motion, rather than seeking leave to file them filed under seal pursuant to Local Rule 1.11, and as contemplated by the MCA.   Doc. No. 114-1, at 9-10.

"information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c)." Doc. No. 114-1, ¶¶ 2.2, 2.8.   The limitations Defendants now seek to impose on the mutually agreed upon and fully executed MCA simply do not exist, nor do Defendants provide any argument or legal authority to support their narrowing of the HC-AEO definition.[2]

Defendants also argue that Plaintiff's HC-AEO designations prevent their expert witnesses from reviewing the documents (Doc. No. 240, at 3), however as Plaintiff correctly notes, the MCA contains a mechanism for disclosure of HC-AEO materials to experts – a fact that Defendants wholly fail to address.   Doc. No. 250, at 3; Doc. No. 114-1, ¶¶ 7.2(c), 7.3(c), 7.4(a)(2).   And the Court disagrees with Defendants' assessment that Plaintiff has made "vague assertions of competitive harm or blanket confidentiality claims," (Doc. No. 240, at 3), rather as noted above, the redactions are minimal, and Plaintiff has provided an explanation in his response for them.   Doc. No. 241-1; Doc. No. 250.

For these reasons, Defendants' motion (Doc. No. 240) is **DENIED**.

---

[2] The Court further notes Defendants' failure to comply with the requirements for challenging a designation as set forth in the MCA, specifically that any motion "be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed" by the MCA.   Doc. No. 114-1, ¶ 6.3.

**DONE** and **ORDERED** in Orlando, Florida on March 23, 2026.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record