UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW LAROSIERE

       Plaintiff,

vs.                                                  Case No:  6:24-CV-01629-AGM-LHP

CODY RUTLEDGE WILSON, DEFCAD, INC.,
DEFENSE DISTRIBUTED and
DIOSKOUROI LLC,

       Defendants.

_____/

## DEFENDANTS' SHORT-FORM MOTION TO OVERRULE
## JOHN LETTMAN'S OBJECTIONS AND COMPEL PRODUCTION

Defendants, Wilson, Defense Distributed, and DEFCAD, respectfully move this Court to overrule the objections of non-party John Lettman to Defendants' Subpoena Duces Tecum (Exhibit A) and compel compliance.

### I. Mr. Lettman Possesses the Requested Information.

Mr. Lettman was subpoenaed by Defendants based on his admitted access to the inner-workings of the Deterrence Dispensed Rocket Chat, and his familiarity with the works at issue. In response to the subpoena, Mr. Lettman raised boilerplate objections, which are irreconcilable with his sworn representations. Dkt. 146-2. For Plaintiff's benefit, Mr. Lettman swore under penalty of perjury that: (1) he has "administrative access" to the Deterrence Dispensed Chat platform at chat.deterrencedispensed.com; (2) he is "intimately familiar with the Rocket Chat

1

software … as a user, administrator, and server maintainer"; (3) he can query the platform's MongoDB database to "quickly ascertain details in ways not available or easy on the Rocket Chat interface"; (4) he personally searched the database to identify channels owned by specific users, including Plaintiff; and (5) he inspected Plaintiff's account and reviewed server-side logs. *Id*.at ¶¶5,6,34,36,45-47,49. Mr. Lettman further provided an examination of Mr. Walliman's purported activity on the platform in granular detail using just his email address. *Id*.at ¶¶62-86. And was outstandingly able to opine as to the content of channels identified by Defendants. *Id*.at 87.

Mr. Lettman cannot submit a detailed, twenty-page affidavit demonstrating his comprehensive ability to access, query, and analyze Deterrence Dispensed Chat's data—and then, when subpoenaed for documents from that same platform, claim he is merely "a volunteer with limited backend access" who is "not the owner, operator, or custodian of records."(Exhibit B).

## II. The SCA Does Not Apply.

Mr. Lettman's blanket invocation of the Stored Communications Act ("SCA") is meritless. *Id.* Under the Stored Communications Act, "a person or entity providing an electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service," absent certain exceptions. 18 U.S.C. § 2702(a). Mr. Lettman is not an electronic communication service provider. *See also Davis v. Disability Rights New Jersey*, 475 N.J. Super, 122, 135-136 (App. Div. 2023) (The SCA "neither…indicates not

332443029v.1

implies that a person's private social media content is not subject to civil discovery… '[t]he [Stored Communications Act] does not mention service of a civil subpoena duces tecum.'").

### III. This Information Cannot Be Obtained From Plaintiff.

This subpoena is necessary because Plaintiff claims he "has been unable to access that chat system since 2024" and therefore possesses no responsive Rocket Chat materials. (Exhibit C, RFP No.28). Plaintiff further states he "did not search his Rocket.Chat account because [he] has been unable to sign into that account." *Id.*, Interrogatory No. 11. And for virtually every request seeking Rocket Chat communications, Plaintiff has objected that the requests are "unintelligible," "vague," or that he "cannot provide a meaningful response as framed", notwithstanding several requests being directly based on Plaintiff's affirmative representations to this Court. *Id.* at RFP Nos.1-6,11.

### 3.01(g) CERTIFICATION

The undersigned certifies that she met and conferred with Plaintiff's counsel on March 26, 2026 and counsel advised Plaintiff is opposed to the Motion. In full disclosure, Mr. Larosiere was asked during his deposition on March 19, 2026, whether he was representing Mr. Lettman with respect to this subpoena response, based on Mr. Lettman repeatedly stating that he would not be "entrapped into violating the copyrights of [his] counsel in this matter". (Exhibit B) In response, Mr. Larosiere advised that Mr. Lettman is his client, denied ever receiving notice of the subpoena or

seeing the subpoena itself[1], and further denied preparing the objections attached hereto as Exhibit B.

DATED:     March 26, 2026

Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN& DICKER LLP**

By:   *s/ Amaris C. Gyebi*
Leia V. Leitner
Florida Bar No:  105621
111 North Orange Avenue
Suite 1200
Orlando,  FL  32801
Telephone:        407-423-7287
Facsimile:  407-648-1376
Leia.Leitner@wilsonelser.com
Cheryl.Kujawski@wilsonelser.com

Jura C. Zibas
Florida Bar No:  124571
Amaris C. Gyebi, Esq.
Florida Bar No:  1019361
2063 Main Street - Suite 100
Sarasota, FL 34237
Telephone:941-866-8561
Facsimile:  941-210-5979
Jura.Zibas@wilsonelser.com
Amaris.Gyebi@wilsonelser.com
Cheryl.Kujawski@wilsonelser.com

*Co-Counsel for Defendants*
*Cody Rutledge Wilson*
*DEFCAD, Inc. and Defense Distributed*

---

[1] Due to the history of this case, Defendants attach all related service emails, including service of the Lettman subpoena on Plaintiff on January 5, 2026, a second service on January 28, 2026 to update the location of production, the Certificate of Non-Objection to the service of the subpoena on Mr. Lettman served on Plaintiff on February 23, 2026, and the service email of all correspondence and documents/ objections concerning the Lettman subpoena, provided via Dropbox on March 19, 2026  (Exhibit D).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 26th day of March, 2026 a true and correct copy of the foregoing document has been electronically filed with the Clerk of the Court using the  CM/ECF E-Filing Portal, which will serve an electronic copy of the foregoing on the following: Zachary Z. Zermay, Esq., Florida Bar No:  1002905; Zermay Law, P.A., *Counsel for Plaintiff*, 1200 Fourth Street, #1102, Key West, Florida 33040;    Telephone:    305-767-3529;    Zach@Zermaylaw.com    and info@Zermaylaw.com; Charles (Chad) Flores, Esq., Flores Law PLLC, *Counsel for Defendants, Cody Rutledge Wilson, DEFCAD, Inc., Defense Distributed and Dioskouroi LLC,* 917 Franklin Street, Suite 600, Houston, Texas  77002, Telephone:  713-364-6440, CF@ChadFlores.law;    chad-flores-7646@ecf.pacerpro.com    and service@chadflores.law. I further certify that a copy of the foregoing was served on Mr. Lettman via email, with counsel of record CC'd.

*s/Amaris C. Gyebi*

Amaris C. Gyebi

332443029v.1