# EXHIBIT B

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

               Plaintiff,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc.,
DEFENSE      DISTRIBUTED,      and
DIOSKOUROI

               Defendants.

_____/

**RESPONSES TO SUBPOENA FOR DOCUMENT PRODUCTION
TO JOHN P. LETTMAN DATED JANUARY 28, 2026**

1

## **Table of Contents**

Table of Contents ............................................................................................................2

Request № (i) ...................................................................................................................2

Request № (ii) .................................................................................................................5

Request № (iii) ................................................................................................................8

Request № (iv) ...............................................................................................................10

Request № (v) ................................................................................................................12

Request № (vi) ...............................................................................................................16

Request № (vii) ..............................................................................................................20

Request № (viii) .............................................................................................................24

Request № (ix) ...............................................................................................................27

Request № (x) ................................................................................................................30

Request № (xi) ...............................................................................................................34

Request № (xii) ..............................................................................................................38

Request № (xiii) .............................................................................................................42

Request № (xiiv) ............................................................................................................46

Request № (xv) ..............................................................................................................50

Request № (xvi) .............................................................................................................52

Request № (xvii) ............................................................................................................56

## Request № (i)

**Request**

*Documents sufficient to identify the name of all beta channels hosted and/ or maintained on the Deterrence Dispensed Chat and/or the domain, chat.deterrencedispensed.com from January 1, 2022 to present.*

**Objection**

The Responding Party objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. The Request fails to define "beta channels" with reasonable particularity. The Deterrence Dispensed Chat system does not maintain a formal designation, database field, or structured classification of identifying channels as "beta" channels. Channel naming conventions are informal and inconsistently applied. Compliance would require subjective interpretation and retroactive categorization not maintained in the ordinary course of business. The Requesting Party is advised to review all testimony made under oath, including Responding Party's September 25, 2025 Affidavit, a copy of which is in their possession, specifically:

"Users of the Deterrence Dispensed Chat follow <u>informal naming conventions</u>, particularly for "beta" projects. Such channels are <u>often named</u> in the format "beta.USER.PROJECT" or "beta.USER_PROJECT," where "USER" identifies the developer and "PROJECT" identifies the design." (Doc. 138-3 ¶33, emphasis added)

The Request is further overbroad to the extent it seeks identification of all channels over a multi-year period without limitation to relevant subject matter and may require reconstruction of historical channel states not maintained in an accessible format.

3

The Responding Party further objects to the extent the Request seeks information not within his possession, custody, or control. The Responding Party is a volunteer with limited backend access and is not the owner, operator, or custodian of records for the Deterrence Dispensed Chat platform.

To the extent the Request seeks communications or records reflecting user participation derived from stored communications, the Responding Party objects pursuant to the Stored Communications Act (SCA), 18 U.S.C. §§ 2701–2712.

**Response**

Subject to and without waiving the foregoing objections, and after a reasonable search of information within his possession, custody, or control, Responding Party states that the system does not maintain a formal classification of "beta channels."

The Responding Party notes that a publicly accessible channel titled "z.beta" contains user-generated content that appears to reference or index certain channels commonly described as "beta" channels. To the extent responsive, the Responding Party has produced the relevant publicly accessible content from that channel. The Responding Party does not represent that such user-generated content is complete or authoritative.

**Materials**
- chat.deterrencedispensed.com z.beta Room.png

4

## Request № (ii)

**Request**

*Documents sufficient to identify the name, addresses, email addresses, and IP addresses of each individual who has at any point owned, operated, accessed, maintained, created, and/or participated in any beta channels hosted and/or maintained on the Deterrence Dispensed Chat and/or the domain, chat.deterrencedispensed.com from January 1, 2022 to present.*

**Objection**

The Responding Party objects to this Request on the grounds that it is vague, ambiguous, comically overbroad, and unduly burdensome. The Request fails to define "beta channels" with reasonable particularity. The Deterrence Dispensed Chat system does not maintain a formal designation, database field, or structured classification, identifying channels as "beta" channels. Channel naming conventions are informal and inconsistently applied. Compliance would require subjective interpretation and retroactive categorization not maintained in the ordinary course of business. The Requesting Party is advised to review all testimony made under oath, including the Responding Party's September 25, 2025, Affidavit, a copy of which is in their possession, specifically:

"Users of the Deterrence Dispensed Chat follow <u>informal naming conventions</u>, particularly for "beta" projects. Such channels are <u>often named</u> in the format "beta.USER.PROJECT" or "beta.USER_PROJECT," where "USER" identifies the developer and "PROJECT" identifies the design." (Doc. 138-3 ¶33, emphasis added)

The Request is further overbroad in seeking identifying information for "each individual" who has "at any point" owned, operated, accessed, maintained, created, and/or participated in such channels from January 1, 2022, to present. The term "accessed" is undefined and could encompass any user who viewed or was technically

5

capable of viewing a channel, potentially including a substantial number of non-parties. Compliance would require extensive analysis of system logs and reconstruction of historical user activity beyond information maintained in a readily retrievable format.

The Request also seeks disclosure of personal identifying information, including names, physical addresses, email addresses, and IP addresses, of numerous non-parties, raising significant privacy and proportionality concerns. The Responding Party is aware that one of the Defendants in this action has published confidential documents before, which heightens the privacy concerns here.

The Responding Party further objects to the extent that the Request seeks information not within his possession, custody, or control. The Responding Party is a volunteer with limited backend access and is not the owner, operator, or custodian of records for the Deterrence Dispensed Chat platform.

To the extent the Request seeks communications or records reflecting user participation derived from stored communications, the Responding Party objects pursuant to the Stored Communications Act (SCA), 18 U.S.C. §§ 2701–2712.

**Response**

Subject to and without waiving the foregoing objections, and after a reasonable search of information within his possession, custody, or control, the Responding Party states that he is not aware of any document that compiles the requested identifying information for all individuals who have owned, operated, accessed, maintained,

6

created, and/or participated in any channel classified as "beta" during the requested

time period.

## Request № (iii)

**Request**

*Documents sufficient to identify the name, addresses, email addresses, and IP addresses of each administrator of the Deterrence Dispensed Chat and/or the domain, chat.deterrencedispensed.com from January 1, 2022 to present.*

**Objection**

The Responding Party objects to this Request to the extent it is overbroad and seeks disclosure of personal identifying information, including physical addresses and IP addresses, of non-parties without limitation and without demonstration of relevance or proportionality. The Responding Party is aware that one of the Defendants in this action has mailed death threats to people before, which heightens the privacy concerns here.

The Responding Party further objects to the extent that the Request seeks information not within his possession, custody, or control. The Responding Party is a volunteer with limited backend access and is not the owner, operator, or custodian of records for the Deterrence Dispensed Chat platform.

The Responding Party also objects to the extent the Request seeks historical IP address logs or other technical records not maintained in a readily retrievable format or not retained in the ordinary course of business.

To the extent the Request seeks communications or records reflecting user participation derived from stored communications, the Responding Party objects pursuant to the Stored Communications Act (SCA), 18 U.S.C. §§ 2701–2712.

8

**Response**

Subject to and without waiving the foregoing objections, the Responding Party interprets this request as seeking identification of individuals assigned administrative roles within the chat platform who have the ability to perform moderation actions, and after a reasonable search of information within his possession, custody, or control, the Responding Party will produce non-privileged documents, if any, sufficient to identify individuals who held administrator-level roles for the Deterrence Dispensed Chat during the requested time period, to the extent such records exist and are reasonably accessible.

**Materials**

- chat.deterrencedispensed.com Administrators.png

9

## Request № (iv)

**Request**

*Documents sufficient to identify the name, addresses, email addresses, and IP addresses of each administrator, moderator, and/or individual with the power to override content decisions and/or take content moderation actions on the Deterrence Dispensed Chat and/or the domain, chat.deterrencedispensed.com, from January 1, 2022 to present.*

**Objection**

The Responding Party objects to this Request on the grounds that it is vague and ambiguous to the extent it seeks identification of any "individual with the power to override content decisions and/or take content moderation actions" as those terms are not defined and do not necessarily correspond to a formally designated role within the Deterrence Dispensed Chat system.

The Responding Party further objects to the extent the Request is overbroad and seeks disclosure of personal identifying information, including physical addresses and IP addresses, of non-parties without limitation and without demonstration of relevance or proportionality. The Responding Party is aware that one of the Defendants in this action has posted private banking information to his professional amateur philosophy blog before, which heightens the privacy concerns here.

The Responding Party also objects to the extent that the Request seeks information not within its possession, custody, or control. The Responding Party is a volunteer with limited backend access and is not the owner, operator, or custodian of records for the Deterrence Dispensed Chat platform.

10

The Responding Party also objects to the extent the Request seeks historical IP address logs or other technical records not maintained in a readily retrievable format or not retained in the ordinary course of business.

To the extent the Request seeks communications or records reflecting user participation derived from stored communications, the Responding Party objects pursuant to the Stored Communications Act (SCA), 18 U.S.C. §§ 2701–2712.

**Response**

Subject to and without waiving the foregoing objections, the Responding Party states that they do not understand what this request is asking for. The undefined terms "power to override content decisions and/or take content moderation actions" render this request unintelligible.

11

## Request № (v)

**Request**

*All documents which relate to or reflect the upload, download, or publication, in full, or partially, of any work subject to the following US copyright registration numbers: VA0002381513; VA0002385899; VA0002381769; VA0002385901; VA0002412508; VA000242257; VA0002418947; VA0002418589.*

**Objection**

The Responding Party objects to this Request on the grounds that it seeks the contents of electronic communications and files stored on the Deterrence Dispensed Chat platform, disclosure of which is restricted by the Stored Communications Act (SCA), 18 U.S.C. §§ 2701–2712.

The Responding Party objects to this request to the extent it is vague and ambiguous because it is not reasonably tethered to a clearly defined timeline for the information sought. As written, the request could be interpreted to require the production of historical or current information irrespective of when it was created or maintained, rendering the scope of the request unclear and potentially overbroad. Accordingly, the Responding Party objects on the grounds that the request lacks reasonable temporal limitations and fails to define the time period for the identifying information sought.

The Request seeks "[a]ll documents which relate to or reflect the upload, download, or publication" of specified copyrighted works. To the extent such materials consist of user messages, file uploads, attachments, or related communications stored by the platform, they constitute the contents of electronic communications within the

meaning of the Stored Communications Act and may not be disclosed in response to a civil subpoena.

The Responding Party objects to this request on the grounds that it is vague, ambiguous, and overbroad. In particular, the phrase "relate to or reflect" is undefined and so expansive that it could encompass an indeterminate universe of materials having only a tangential, incidental, or indirect connection to the subject matter of the request. As written, the request lacks reasonable particularity and fails to identify the specific categories of documents sought, making it impossible to determine the outer bounds of what materials would be considered responsive. The request is therefore objectionable to the extent it seeks "all documents" that merely "relate to" the referenced works, as that phrase could be interpreted to include virtually any document referencing, discussing, mentioning, or otherwise associated with the requests in any manner.

The Responding Party further objects to this request to the extent it is unduly burdensome and disproportionate because the undefined scope of "relate to" would require speculative judgment regarding potentially limitless categories of materials.

The Responding Party further objects to this Request on the grounds that they do not understand what "US copyright registration numbers", "VA0002381513; VA0002385899; VA0002381769; VA0002385901; VA0002412508; VA000242257; VA0002418947; VA0002418589," "work subject to," "work" means.

The Responding Party further objects to the extent that the Request is overbroad and unduly burdensome in that it is not limited by user, channel, or specific context and would require a comprehensive review of stored communications across the platform.

The Responding Party also objects to the extent that the Request seeks information not within its possession, custody, or control. The Responding Party is a volunteer with limited backend access and is not the owner, operator, or custodian of records for the Deterrence Dispensed Chat platform.

The Responding Party objects to this request to the extent it appears to require the reproduction or production of copyrighted works in full or in part, which may be subject to the intellectual property rights of third parties, including counsel for the Responding Party in this matter. The request, as written, could be interpreted to compel the Responding Party to reproduce or distribute copyrighted material in order to comply, which would potentially require the Responding Party to violate the copyright interests of the his counsel in this matter or other rights holders. The Responding Party therefore objects to the request to the extent it seeks the reproduction, duplication, or distribution of copyrighted works themselves, rather than documents evidencing conduct relating to such works.

**Response**

Subject to and without waiving the foregoing objections, the Responding Party states that he is unsure what this request means. The Responding Party does not recognize the registration numbers listed and has no idea what "works" are

14

referenced. The Responding Party states that he is not aware of any document that indexes or categorizes user communications by U.S. copyright registration number and was unable to find anything responsive by searching for the numbers. The Responding Party further states that he understands this lawsuit is about the copyrights of his counsel in this matter. The Responding Party further states that he will not be entrapped into violating the copyrights of his counsel in this matter.

## Request № (vi)

**Request**

*All documents which relate to or reflect the upload, download, and/or publication of any work, project, photo, file, build guide, technical writing, or technical drawing, incorporating, referencing, using and/or labeled, designated, and/or saved as "amigo grande", irrespective of form, and including without limitation capitalization and/or incorporation of any number, spacing, and/ or special character, i.e., AMIGO GRANDE, amigogrande, amigo_grande, amigo grande 1, Amigo Grande !, etc.*

**Objection**

The Responding Party objects to this Request on the grounds that it seeks the contents of electronic communications and files stored on the Deterrence Dispensed Chat platform, disclosure of which is restricted by the Stored Communications Act (SCA), 18 U.S.C. §§ 2701–2712.

The Responding Party objects to this request to the extent it is vague and ambiguous because it is not reasonably tethered to a clearly defined timeline for the information sought. As written, the request could be interpreted to require the production of historical or current information irrespective of when it was created or maintained, rendering the scope of the request unclear and potentially overbroad. Accordingly, the Responding Party objects on the grounds that the request lacks reasonable temporal limitations and fails to define the time period for the identifying information sought.

The Request seeks "[a]ll documents which relate to or reflect the upload, download, and/or publication" of any work incorporating, referencing, using, or labeled as "amigo grande" in any variation. To the extent such materials consist of user messages, file uploads, attachments, or related communications stored by the

16

platform, they constitute the contents of electronic communications within the meaning of the SCA and may not be disclosed in response to a civil subpoena.

The Responding Party objects to this request on the grounds that it is vague, ambiguous, and overbroad. In particular, the phrase "relate to or reflect" is undefined and so expansive that it could encompass an indeterminate universe of materials having only a tangential, incidental, or indirect connection to the subject matter of the request. As written, the request lacks reasonable particularity and fails to identify the specific categories of documents sought, making it impossible to determine the outer bounds of what materials would be considered responsive. The request is therefore objectionable to the extent it seeks "all documents" that merely "relate to" the referenced works, as that phrase could be interpreted to include virtually any document referencing, discussing, mentioning, or otherwise associated with the works in any manner.

The Responding Party further objects to this request to the extent it is unduly burdensome and disproportionate because the undefined scope of "relate to" would require speculative judgment regarding potentially limitless categories of materials.

The Responding Party further objects to the extent that the Request is overbroad and unduly burdensome, in that it is not limited by user, channel, or specific transaction, and would require a comprehensive review or a full-text search of stored communications and files across the platform over a multi-year period. The phrases "incorporating," "referencing," and "using" are undefined and would require

17

subjective interpretation beyond the retrieval of structured data maintained in the ordinary course of business.

The Responding Party also objects to the extent that the Request seeks information not within its possession, custody, or control. The Responding Party is a volunteer with limited backend access and is not the owner, operator, or custodian of records for the Deterrence Dispensed Chat platform.

The Responding Party objects to this request to the extent it appears to require the reproduction or production of copyrighted works in full or in part, which may be subject to the intellectual property rights of third parties, including counsel for the Responding Party in this matter. The request, as written, could be interpreted to compel the Responding Party to reproduce or distribute copyrighted material in order to comply, which would potentially require the Responding Party to violate the copyright interests of his counsel in this matter or other rights holders. The Responding Party therefore objects to the request to the extent it seeks the reproduction, duplication, or distribution of copyrighted works themselves, rather than documents evidencing conduct relating to such works.

**Response**

Subject to and without waiving the foregoing objections, the Responding Party states that he is not aware of any document that categorizes or indexes user communications or files by the descriptive terminology set forth in the Request. The Responding Party further states that he understands this lawsuit is about the

copyrights of his counsel in this matter. The Responding Party further states that he

will not be entrapped into violating the copyrights of his counsel in this matter.

## Request № (vii)

**Request**

*All documents which relate to or reflect the upload, download, and/or publication of any work, project, photo, file, build guide, technical writing, or technical drawing, incorporating, referencing, using and/or labeled, designated, and/or saved as "KF5", irrespective of form, and including without limitation capitalization and/or incorporation of any number and/ or special character, i.e., KF5_1, kf5, KF_5, Kf5$, etc.*

**Objection**

The Responding Party objects to this Request on the grounds that it seeks the contents of electronic communications and files stored on the Deterrence Dispensed Chat platform, disclosure of which is restricted by the Stored Communications Act (SCA), 18 U.S.C. §§ 2701–2712.

The Responding Party objects to this request to the extent it is vague and ambiguous because it is not reasonably tethered to a clearly defined timeline for the information sought. As written, the request could be interpreted to require the production of historical or current information irrespective of when it was created or maintained, rendering the scope of the request unclear and potentially overbroad. Accordingly, the Responding Party objects on the grounds that the request lacks reasonable temporal limitations and fails to define the time period for the identifying information sought.

The Request seeks "[a]ll documents which relate to or reflect the upload, download, and/or publication" of any work incorporating, referencing, using, or labeled as "KF5" in any variation. To the extent such materials consist of user messages, file uploads, attachments, or related communications stored by the

20

platform, they constitute the contents of electronic communications within the meaning of the SCA and may not be disclosed in response to a civil subpoena.

The Responding Party objects to this request on the grounds that it is vague, ambiguous, and overbroad. In particular, the phrase "relate to or reflect" is undefined and so expansive that it could encompass an indeterminate universe of materials having only a tangential, incidental, or indirect connection to the subject matter of the request. As written, the request lacks reasonable particularity and fails to identify the specific categories of documents sought, making it impossible to determine the outer bounds of what materials would be considered responsive. The request is therefore objectionable to the extent it seeks "all documents" that merely "relate to" the referenced works, as that phrase could be interpreted to include virtually any document referencing, discussing, mentioning, or otherwise associated with the requests in any manner.

The Responding Party further objects to this request to the extent it is unduly burdensome and disproportionate because the undefined scope of "relate to" would require speculative judgment regarding potentially limitless categories of materials.

The Responding Party further objects to the extent that the Request is overbroad and unduly burdensome, in that it is not limited by user, channel, or specific transaction, and would require a comprehensive review or a full-text search of stored communications and files across the platform over a multi-year period. The phrases "incorporating," "referencing," and "using" are undefined and would require

21

subjective interpretation beyond the retrieval of structured data maintained in the ordinary course of business.

The Responding Party also objects to the extent that the Request seeks information not within its possession, custody, or control. The Responding Party is a volunteer with limited backend access and is not the owner, operator, or custodian of records for the Deterrence Dispensed Chat platform.

The Responding Party objects to this request to the extent it appears to require the reproduction or production of copyrighted works in full or in part, which may be subject to the intellectual property rights of third parties, including counsel for the Responding Party in this matter. The request, as written, could be interpreted to compel the Responding Party to reproduce or distribute copyrighted material in order to comply, which would potentially require the Responding Party to violate the copyright interests of his counsel in this matter or other rights holders. The Responding Party therefore objects to the request to the extent it seeks the reproduction, duplication, or distribution of copyrighted works themselves, rather than documents evidencing conduct relating to such works.

**Response**

Subject to and without waiving the foregoing objections, the Responding Party states that he is not aware of any document that categorizes or indexes user communications or files by the descriptive terminology set forth in the Request. The Responding Party further states that he understands this lawsuit is about the

copyrights of his counsel in this matter. The Responding Party further states that he

will not be entrapped into violating the copyrights of his counsel in this matter.

## Request № (viii)

**Request**

*All documents which relate to or reflect the upload, download, and/or publication of any work, project, photo, file, build guide, technical writing, or technical drawing, incorporating, referencing, using and/or labeled, designated, and/or saved as "SF5", irrespective of form, and including without limitation capitalization and/or incorporation of any number and/ or special character, i.e., SF5_1, sf5, SF_5, Sf5&, etc.*

**Objection**

The Responding Party objects to this Request on the grounds that it seeks the contents of electronic communications and files stored on the Deterrence Dispensed Chat platform, disclosure of which is restricted by the Stored Communications Act (SCA), 18 U.S.C. §§ 2701–2712.

The Responding Party objects to this request to the extent it is vague and ambiguous because it is not reasonably tethered to a clearly defined timeline for the information sought. As written, the request could be interpreted to require the production of historical or current information irrespective of when it was created or maintained, rendering the scope of the request unclear and potentially overbroad. Accordingly, the Responding Party objects on the grounds that the request lacks reasonable temporal limitations and fails to define the time period for the identifying information sought.

The Request seeks "[a]ll documents which relate to or reflect the upload, download, and/or publication" of any work incorporating, referencing, using, or labeled as "SF5" in any variation. To the extent such materials consist of user messages, file uploads, attachments, or related communications stored by the

24

platform, they constitute the contents of electronic communications within the meaning of the SCA and may not be disclosed in response to a civil subpoena.

The Responding Party further objects to the extent that the Request is overbroad and unduly burdensome, in that it is not limited by user, channel, or specific transaction, and would require a comprehensive review or a full-text search of stored communications and files across the platform over a multi-year period. The phrases "incorporating," "referencing," and "using" are undefined and would require subjective interpretation beyond the retrieval of structured data maintained in the ordinary course of business.

The Responding Party also objects to the extent that the Request seeks information not within its possession, custody, or control. The Responding Party is a volunteer with limited backend access and is not the owner, operator, or custodian of records for the Deterrence Dispensed Chat platform.

The Responding Party objects to this request to the extent it appears to require the reproduction or production of copyrighted works in full or in part, which may be subject to the intellectual property rights of third parties, including counsel for the Responding Party in this matter. The request, as written, could be interpreted to compel the Responding Party to reproduce or distribute copyrighted material in order to comply, which would potentially require the Responding Party to violate the copyright interests of his counsel in this matter or other rights holders. The Responding Party therefore objects to the request to the extent it seeks the

25

reproduction, duplication, or distribution of copyrighted works themselves, rather than documents evidencing conduct relating to such works.

**Response**

Subject to and without waiving the foregoing objections, the Responding Party states that he is not aware of any document that categorizes or indexes user communications or files by the descriptive terminology set forth in the Request. The Responding Party further states that he understands this lawsuit is about the copyrights of his counsel in this matter. The Responding Party further states that he will not be entrapped into violating the copyrights of his counsel in this matter.

## Request № (ix)

**Request**

*All documents which relate to or reflect the upload, download, and/or publication of any work, project, photo, file, build guide, technical writing, or technical drawing, incorporating, referencing, using and/or labeled, designated, and/or saved as "Plastikov V4", irrespective of form, and including without limitation capitalization and/or incorporation of any number and/or special character, i.e., Plastikovv4, plastikov v4, PLASTIKOV_V4$, etc.*

**Objection**

The Responding Party objects to this Request on the grounds that it seeks the contents of electronic communications and files stored on the Deterrence Dispensed Chat platform, disclosure of which is restricted by the Stored Communications Act (SCA), 18 U.S.C. §§ 2701–2712.

The Responding Party objects to this request to the extent it is vague and ambiguous because it is not reasonably tethered to a clearly defined timeline for the information sought. As written, the request could be interpreted to require the production of historical or current information irrespective of when it was created or maintained, rendering the scope of the request unclear and potentially overbroad. Accordingly, the Responding Party objects on the grounds that the request lacks reasonable temporal limitations and fails to define the time period for the identifying information sought.

The Request seeks "[a]ll documents which relate to or reflect the upload, download, and/or publication" of any work incorporating, referencing, using, or labeled as "Plastikov V4" in any variation. To the extent such materials consist of user messages, file uploads, attachments, or related communications stored by the

27

platform, they constitute the contents of electronic communications within the meaning of the SCA and may not be disclosed in response to a civil subpoena.

The Responding Party further objects to the extent that the Request is overbroad and unduly burdensome, in that it is not limited by user, channel, or specific transaction, and would require a comprehensive review or a full-text search of stored communications and files across the platform over a multi-year period. The phrases "incorporating," "referencing," and "using" are undefined and would require subjective interpretation beyond the retrieval of structured data maintained in the ordinary course of business.

The Responding Party also objects to the extent that the Request seeks information not within its possession, custody, or control. The Responding Party is a volunteer with limited backend access and is not the owner, operator, or custodian of records for the Deterrence Dispensed Chat platform.

The Responding Party objects to this request to the extent it appears to require the reproduction or production of copyrighted works in full or in part, which may be subject to the intellectual property rights of third parties, including counsel for the Responding Party in this matter. The request, as written, could be interpreted to compel the Responding Party to reproduce or distribute copyrighted material in order to comply, which would potentially require the Responding Party to violate the copyright interests of his counsel in this matter or other rights holders. The Responding Party therefore objects to the request to the extent it seeks the

28

reproduction, duplication, or distribution of copyrighted works themselves, rather than documents evidencing conduct relating to such works.

**Response**

Subject to and without waiving the foregoing objections, the Responding Party states that he is not aware of any non-content document maintained in the ordinary course of business that categorizes or indexes user communications or files by the descriptive terminology set forth in the Request. The Responding Party further states that he understands this lawsuit is about the copyrights of his counsel in this matter. The Responding Party further states that he will not be entrapped into violating the copyrights of his counsel in this matter.

## Request № (x)

**Request**

*All documents which relate to or reflect the upload, download, and/or publication of any work, project, photo, file, build guide, technical writing, or technical drawing, incorporating, referencing, using and/or labeled, designated, and/or saved as "NS3", irrespective of form, and including without limitation capitalization and/or incorporation of any number and/or special character, i.e., NS3_1, ns3, NS_3, ns3&, etc.*

**Objection**

The Responding Party objects to this Request on the grounds that it seeks the contents of electronic communications and files stored on the Deterrence Dispensed Chat platform, disclosure of which is restricted by the Stored Communications Act (SCA), 18 U.S.C. §§ 2701–2712.

The Responding Party objects to this request to the extent it is vague and ambiguous because it is not reasonably tethered to a clearly defined timeline for the information sought. As written, the request could be interpreted to require the production of historical or current information irrespective of when it was created or maintained, rendering the scope of the request unclear and potentially overbroad. Accordingly, the Responding Party objects on the grounds that the request lacks reasonable temporal limitations and fails to define the time period for the identifying information sought.

The Request seeks "[a]ll documents which relate to or reflect the upload, download, and/or publication" of any work incorporating, referencing, using, or labeled as "NS3" in any variation. To the extent such materials consist of user messages, file uploads, attachments, or related communications stored by the

30

platform, they constitute the contents of electronic communications within the meaning of the SCA and may not be disclosed in response to a civil subpoena.

The Responding Party objects to this request on the grounds that it is vague, ambiguous, and overbroad. In particular, the phrase "relate to or reflect" is undefined and so expansive that it could encompass an indeterminate universe of materials having only a tangential, incidental, or indirect connection to the subject matter of the request. As written, the request lacks reasonable particularity and fails to identify the specific categories of documents sought, making it impossible to determine the outer bounds of what materials would be considered responsive. The request is therefore objectionable to the extent it seeks "all documents" that merely "relate to" the referenced works, as that phrase could be interpreted to include virtually any document referencing, discussing, mentioning, or otherwise associated with the works in any manner.

The Responding Party further objects to this request to the extent it is unduly burdensome and disproportionate because the undefined scope of "relate to" would require speculative judgment regarding potentially limitless categories of materials.

The Responding Party further objects to the extent that the Request is overbroad and unduly burdensome, in that it is not limited by user, channel, or specific transaction, and would require a comprehensive review or a full-text search of stored communications and files across the platform over a multi-year period. The phrases "incorporating," "referencing," and "using" are undefined and would require

31

subjective interpretation beyond the retrieval of structured data maintained in the ordinary course of business.

The Responding Party also objects to the extent that the Request seeks information not within its possession, custody, or control. The Responding Party is a volunteer with limited backend access and is not the owner, operator, or custodian of records for the Deterrence Dispensed Chat platform.

The Responding Party objects to this request to the extent it appears to require the reproduction or production of copyrighted works in full or in part, which may be subject to the intellectual property rights of third parties, including counsel for the Responding Party in this matter. The request, as written, could be interpreted to compel the Responding Party to reproduce or distribute copyrighted material in order to comply, which would potentially require the Responding Party to violate the copyright interests of his counsel in this matter or other rights holders. The Responding Party therefore objects to the request to the extent it seeks the reproduction, duplication, or distribution of copyrighted works themselves, rather than documents evidencing conduct relating to such works.

**Response**

Subject to and without waiving the foregoing objections, the Responding Party states that he is not aware of any document that categorizes or indexes user communications or files by the descriptive terminology set forth in the Request. The Responding Party further states that he understands this lawsuit is about the

32

copyrights of his counsel in this matter. The Responding Party further states that he

will not be entrapped into violating the copyrights of his counsel in this matter.

## Request № (xi)

### Request

*All documents which relate to or reflect the upload, download, or publication, in full, or partially, of any work, project, photo, file, build guide, technical drawing, technical writing, or design that you believe was created and/or authored by John Elik, and/or any nickname, screen name, pseudonym, and/or alias he goes by or is known as, from January 1, 2022 to present.*

### Objection

The Responding Party objects to this Request on the grounds that it seeks the contents of electronic communications and files stored on the Deterrence Dispensed Chat platform, disclosure of which is restricted by the Stored Communications Act (SCA), 18 U.S.C. §§ 2701–2712. The Request seeks "[a]ll documents which relate to or reflect the upload, download, or publication" of works allegedly created or authored by a named individual. To the extent such materials consist of user messages, file uploads, attachments, or related communications stored by the platform, they constitute the contents of electronic communications and may not be disclosed in response to a civil subpoena.

The Responding Party objects to this request on the grounds that it is vague, ambiguous, and overbroad. In particular, the phrase "relate to or reflect" is undefined and so expansive that it could encompass an indeterminate universe of materials having only a tangential, incidental, or indirect connection to the subject matter of the request. As written, the request lacks reasonable particularity and fails to identify the specific categories of documents sought, making it impossible to determine the outer bounds of what materials would be considered responsive. The

34

request is therefore objectionable to the extent it seeks "all documents" that merely "relate to" the referenced works, as that phrase could be interpreted to include virtually any document referencing, discussing, mentioning, or otherwise associated with the requests in any manner.

The Responding Party further objects to this request to the extent it is unduly burdensome and disproportionate because the undefined scope of "relate to" would require speculative judgment regarding potentially limitless categories of materials.

The Responding Party further objects that the Request is vague and unduly burdensome to the extent it requires Responding Party to identify documents "that you believe" were created or authored by the named individual or any unspecified "nickname, screen name, pseudonym, and/or alias." The Request imposes a subjective standard requiring independent investigation, inference, or speculation regarding authorship or identity beyond the retrieval of structured data maintained in the ordinary course of business.

The Responding Party also objects to the extent that the Request seeks information not within its possession, custody, or control. The Responding Party is a volunteer with limited backend access and is not the owner, operator, or custodian of records for the Deterrence Dispensed Chat platform.

The Responding Party objects to this request to the extent it appears to require the reproduction or production of copyrighted works in full or in part, which may be subject to the intellectual property rights of third parties, including counsel for the

35

Responding Party in this matter. The request, as written, could be interpreted to compel the Responding Party to reproduce or distribute copyrighted material in order to comply, which would potentially require the Responding Party to violate the copyright interests of his counsel in this matter or other rights holders. The Responding Party therefore objects to the request to the extent it seeks the reproduction, duplication, or distribution of copyrighted works themselves, rather than documents evidencing conduct relating to such works.

**Response**

Subject to and without waiving the foregoing objections, the Responding Party states that he is not aware of any document that categorizes or indexes user communications or files by the subjective belief of authorship as described in the Request. The Responding Party further states that he understands this lawsuit is about the copyrights of his counsel in this matter. The Responding Party further states that he will not be entrapped into violating the copyrights of his counsel in this matter.

36

## Request № (xii)

**Request**

*All documents which relate to or reflect the upload, download, or publication, in full, or partially, of any work, project, photo, file, technical writing, technical drawing, build guide, or design that you believe was created and/or authored by Matthew Larosiere, and/or any nickname, screen name, pseudonym, and/or alias he goes by or is known as, from January 1, 2022 to present.*

**Objection**

The Responding Party objects to this Request on the grounds that it seeks the contents of electronic communications and files stored on the Deterrence Dispensed Chat platform, disclosure of which is restricted by the Stored Communications Act (SCA), 18 U.S.C. §§ 2701–2712.

The Request seeks "[a]ll documents which relate to or reflect the upload, download, or publication" of works allegedly created or authored by a named individual. To the extent such materials consist of user messages, file uploads, attachments, or related communications stored by the platform, they constitute the contents of electronic communications and may not be disclosed in response to a civil subpoena.

The Responding Party objects to this request on the grounds that it is vague, ambiguous, and overbroad. In particular, the phrase "relate to or reflect" is undefined and so expansive that it could encompass an indeterminate universe of materials having only a tangential, incidental, or indirect connection to the subject matter of the request. As written, the request lacks reasonable particularity and fails to identify the specific categories of documents sought, making it impossible to

37

determine the outer bounds of what materials would be considered responsive. The request is therefore objectionable to the extent it seeks "all documents" that merely "relate to" the referenced works, as that phrase could be interpreted to include virtually any document referencing, discussing, mentioning, or otherwise associated with the works in any manner.

The Responding Party further objects to this request to the extent it is unduly burdensome and disproportionate because the undefined scope of "relate to" would require speculative judgment regarding potentially limitless categories of materials.

The Responding Party further objects that the Request is vague and unduly burdensome to the extent it requires the Responding Party to identify documents "that you believe" were created or authored by the named individual or any unspecified "nickname, screen name, pseudonym, and/or alias." The Request imposes a subjective standard requiring independent investigation, inference, or speculation regarding authorship or identity beyond the retrieval of structured data maintained in the ordinary course of business.

The Responding Party also objects to the extent that the Request seeks information not within its possession, custody, or control. The Responding Party is a volunteer with limited backend access and is not the owner, operator, or custodian of records for the Deterrence Dispensed Chat platform.

The Responding Party objects to this request to the extent it appears to require the reproduction or production of copyrighted works in full or in part, which may be

subject to the intellectual property rights of third parties, including counsel for the Responding Party in this matter. The request, as written, could be interpreted to compel the Responding Party to reproduce or distribute copyrighted material in order to comply, which would potentially require the Responding Party to violate the copyright interests of his counsel in this matter or other rights holders. The Responding Party therefore objects to the request to the extent it seeks the reproduction, duplication, or distribution of copyrighted works themselves, rather than documents evidencing conduct relating to such works.

**Response**

Subject to and without waiving the foregoing objections, the Responding Party states that he is not aware of any non-content document maintained in the ordinary course of business that categorizes or indexes user communications or files by the subjective belief of authorship as described in the Request. The Responding Party further states that he understands this lawsuit is about the copyrights of his counsel in this matter. The Responding Party further states that he will not be entrapped into violating the copyrights of his counsel in this matter.

## Request № (xiii)

**Request**

*All documents located in any private administrator channel located on, within, or associated with the Deterrence Dispensed Chat and/or the domain, chat.deterrencedispensed.com, which relate to and/or reference any work, project, file, technical writing, build guide, photo, or technical drawing believed or known to be created by John Elik.*

**Objection**

The Responding Party objects to this Request on the grounds that it seeks the contents of electronic communications and files stored on the Deterrence Dispensed Chat platform, disclosure of which is restricted by the Stored Communications Act, 18 U.S.C. §§ 2701–2712. The Request seeks "[a]ll documents located in any private administrator channel" that relate to or reference certain works. To the extent such materials consist of stored user messages, attachments, or other communications within private channels, they constitute the contents of electronic communications and may not be disclosed in response to a civil subpoena.

The Responding Party objects to this request on the grounds that it is vague, ambiguous, and overbroad. In particular, the phrase "relate to or reflect" is undefined and so expansive that it could encompass an indeterminate universe of materials having only a tangential, incidental, or indirect connection to the subject matter of the request. As written, the request lacks reasonable particularity and fails to identify the specific categories of documents sought, making it impossible to determine the outer bounds of what materials would be considered responsive. The request is therefore objectionable to the extent it seeks "all documents" that merely

40

"relate to" the referenced works, as that phrase could be interpreted to include virtually any document referencing, discussing, mentioning, or otherwise associated with the requests in any manner.

The Responding Party further objects to this request to the extent it is unduly burdensome and disproportionate because the undefined scope of "relate to" would require speculative judgment regarding potentially limitless categories of materials.

The Responding Party further objects that the Request is overbroad, unduly burdensome, and vague in that it is not limited by a date range within specific channels, and requires subjective determinations regarding whether communications "relate to" or "reference" works "believed or known" to be created by a named individual. Compliance would require review and interpretation of private message content beyond the retrieval of structured data maintained in the ordinary course of business.

The Responding Party also objects to the extent that the Request seeks information not within its possession, custody, or control. The Responding Party is a volunteer with limited backend access and is not the owner, operator, or custodian of records for the Deterrence Dispensed Chat platform.

The Responding Party objects to this request to the extent it appears to require the reproduction or production of copyrighted works in full or in part, which may be subject to the intellectual property rights of third parties, including counsel for the Responding Party in this matter. The request, as written, could be interpreted to

41

compel the Responding Party to reproduce or distribute copyrighted material in order to comply, which would potentially require the Responding Party to violate the copyright interests of his counsel in this matter or other rights holders. The Responding Party therefore objects to the request to the extent it seeks the reproduction, duplication, or distribution of copyrighted works themselves, rather than documents evidencing conduct relating to such works.

**Response**

Subject to and without waiving the foregoing objections, the Responding Party states that he is not aware of any document that indexes or categorizes private administrator channel communications by the criteria set forth in the Request. The Responding party did find one document that may be relevant, containing a screenshot of "GhostGunsMatter" (whom I believe Defendants know as "JG") writing on September 10th, 2021, "[Cody Wilson] paid me a bounty for hacking defcad." The Responding Party further states that he understands this lawsuit is about the copyrights of his counsel in this matter. The Responding Party further states that he will not be entrapped into violating the copyrights of his counsel in this matter.

**Materials**
- Message Screenshot: GhostGunsMatter 2021.png

## Request № (xiiv)

### Request

*All documents located in any private administrator channel located on, within, or associated with the Deterrence Dispensed Chat and/or the domain, chat.deterrencedispensed.com, which relate to and/or reference any work, project, file, photo, build guide, technical writing, or technical drawing believed or known to be created by Matthew Larosiere.*

### Objection

The Responding Party objects to this Request on the grounds that it seeks the contents of electronic communications and files stored on the Deterrence Dispensed Chat platform, disclosure of which is restricted by the Stored Communications Act (SCA), 18 U.S.C. §§ 2701–2712. The Request seeks "[a]ll documents located in any private administrator channel" that relate to or reference certain works. To the extent such materials consist of stored user messages, attachments, or other communications within private channels, they constitute the contents of electronic communications and may not be disclosed in response to a civil subpoena.

The Responding Party objects to this request on the grounds that it is vague, ambiguous, and overbroad. In particular, the phrase "relate to or reflect" is undefined and so expansive that it could encompass an indeterminate universe of materials having only a tangential, incidental, or indirect connection to the subject matter of the request. As written, the request lacks reasonable particularity and fails to identify the specific categories of documents sought, making it impossible to determine the outer bounds of what materials would be considered responsive. The request is therefore objectionable to the extent it seeks "all documents" that merely

43

"relate to" the referenced works, as that phrase could be interpreted to include virtually any document referencing, discussing, mentioning, or otherwise associated with the works in any manner.

The Responding Party further objects to this request to the extent it is unduly burdensome and disproportionate because the undefined scope of "relate to" would require speculative judgment regarding potentially limitless categories of materials.

The Responding Party further objects that the Request is overbroad, unduly burdensome, and vague in that it is not limited by a date range within specific channels, and requires subjective determinations regarding whether communications "relate to" or "reference" works "believed or known" to be created by a named individual. Compliance would require review and interpretation of private message content beyond the retrieval of structured data maintained in the ordinary course of business.

The Responding Party also objects to the extent that the Request seeks information not within its possession, custody, or control. The Responding Party is a volunteer with limited backend access and is not the owner, operator, or custodian of records for the Deterrence Dispensed Chat platform.

The Responding Party objects to this request to the extent it appears to require the reproduction or production of copyrighted works in full or in part, which may be subject to the intellectual property rights of third parties, including counsel for the Responding Party in this matter. The request, as written, could be interpreted to

44

compel the Responding Party to reproduce or distribute copyrighted material in order to comply, which would potentially require the Responding Party to violate the copyright interests of his counsel in this matter or other rights holders. The Responding Party therefore objects to the request to the extent it seeks the reproduction, duplication, or distribution of copyrighted works themselves, rather than documents evidencing conduct relating to such works.

**Response**

Subject to and without waiving the foregoing objections, the Responding Party states that he is not aware of any document that indexes or categorizes private administrator channel communications by the criteria set forth in the Request. The Responding Party further states that he understands this lawsuit is about the copyrights of his counsel in this matter. The Responding Party further states that he will not be entrapped into violating the copyrights of his counsel in this matter.

<u>**Request № (xv)**</u>

**Request**

*All documents located in any private administrator channel located on, within, or associated with the Deterrence Dispensed Chat and/or the domain, chat.deterrencedispensed.com, that Matthew Larosiere participated in, from January 1, 2022 to present—to include, without limitation, the contents of the private administrator channel attested to in Paragraph 46 of the affidavit attached hereto.*

**Objection**

The Responding Party objects to this Request on the grounds that it seeks the contents of electronic communications and files stored on the Deterrence Dispensed Chat platform, disclosure of which is restricted by the Stored Communications Act (SCA), 18 U.S.C. §§ 2701–2712. The Request expressly seeks "[a]ll documents located in any private administrator channel" in which a named individual participated, including "without limitation, the contents" of a specified private administrator channel. To the extent such materials consist of stored user messages, attachments, files, or other communications within private channels, they constitute the contents of electronic communications and may not be disclosed in response to a civil subpoena.

The Responding Party objects to this request on the grounds that it is overbroad and unduly burdensome because it seeks an entire universe of information without reasonable limitation. The request demands "all documents" located in "any private administrator channel" associated with the Deterrence Dispensed Chat in which the identified individual participated over a multi-year period, regardless of subject matter or relevance. As written, the request would encompass the full contents of administrative communications unrelated to the issues in this matter,

46

including operational, technical, or unrelated discussions, and therefore lacks reasonable particularity.

The Responding Party further objects to the extent that the Request seeks information not within his possession, custody, or control. The Responding Party is a volunteer with limited backend access and is not the owner, operator, or custodian of records for the Deterrence Dispensed Chat platform.

**Response**

Subject to and without waiving the foregoing objections, the Responding Party states that it is not aware of any document that compiles or summarizes the contents of private administrator channels by the requested participant during the requested time period. The Responding party did find one document that may be relevant, containing a screenshot of "GhostGunsMatter" (whom I believe Defendants know as "JG") writing on September 10th, 2021, "[Cody Wilson] paid me a bounty for hacking defcad."

**Materials**
- Message Screenshot: GhostGunsMatter 2021.png

47

## Request № (xvi)

### Request

*All documents contained in any "finishing room", "doc assist room", "document assist room" and/or any other channel, platform, or online storage, hosting or holding area which relates to and/or references any work, technical drawing, document, file, video, build guide, technical writing, photo, or project believed and/or known to be created, authored and/or owned by John Elik from January 1, 2022 to present.*

### Objection

The Responding Party objects to this Request on the grounds that it is vague, ambiguous, overbroad, and not reasonably particularized. The terms "finishing room," "doc assist room," and "document assist room" do not correspond to any formally designated channel, room, or storage area within the Deterrence Dispensed Chat system or any other relevant system known to the Responding Party. The Responding Party is unable to identify any such location based on the terminology used in the Request.

The Responding Party further objects to the phrase "any other channel, platform, or online storage, hosting, or holding area" as overbroad and lacking reasonable particularity. The Request does not identify any specific system, account, or storage location and appears to seek documents across undefined platforms or environments.

The Responding Party objects to this request on the grounds that it is vague, ambiguous, and overbroad. In particular, the phrase "relate to or reflect" is undefined and so expansive that it could encompass an indeterminate universe of materials having only a tangential, incidental, or indirect connection to the subject matter of

48

the request. As written, the request lacks reasonable particularity and fails to identify the specific categories of documents sought, making it impossible to determine the outer bounds of what materials would be considered responsive. The request is therefore objectionable to the extent it seeks "all documents" that merely "relate to" the referenced works, as that phrase could be interpreted to include virtually any document referencing, discussing, mentioning, or otherwise associated with the requests in any manner.

The Responding Party further objects to this request to the extent it is unduly burdensome and disproportionate because the undefined scope of "relate to" would require speculative judgment regarding potentially limitless categories of materials.

The Responding Party additionally objects to the extent the Request seeks information not within his possession, custody, or control. The Responding Party is a volunteer with limited backend access to the Deterrence Dispensed Chat platform and is not the owner, operator, or custodian of records for that platform. The Responding Party does not operate or control any separate "platform" or "online storage" associated with the Deterrence Dispensed Chat beyond the limited access described above.

To the extent the Request seeks the contents of electronic communications or stored files maintained within chat channels or platform storage areas, the Responding Party objects pursuant to the Stored Communications Act (SCA), 18

49

U.S.C. §§ 2701–2712, and no such content will be produced in response to this subpoena.

The Responding Party objects to this request to the extent it appears to require the reproduction or production of copyrighted works in full or in part, which may be subject to the intellectual property rights of third parties, including counsel for the Responding Party in this matter. The request, as written, could be interpreted to compel the Responding Party to reproduce or distribute copyrighted material in order to comply, which would potentially require the Responding Party to violate the copyright interests of his counsel in this matter or other rights holders. The Responding Party therefore objects to the request to the extent it seeks the reproduction, duplication, or distribution of copyrighted works themselves, rather than documents evidencing conduct relating to such works.

**Response**

Subject to and without waiving the foregoing objections, and after a reasonable search of information within his possession, custody, or control, the Responding Party states that he is not aware of any channel or storage area formally designated as a "finishing room," "doc assist room," or "document assist room" during the requested time period across any medium. The Responding Party further states that he understands this lawsuit is about the copyrights of his counsel in this matter. The Responding Party further states that he will not be entrapped into violating the copyrights of his counsel in this matter.

50

## Request № (xvii)

**Request**

*All documents contained in any "finishing room", "doc assist room", "document assist room" and/or any other channel, platform, or online storage, hosting or holding area which relates to and/or references any work, technical drawing, document, file, video, build guide, technical writing, photo, or project believed and/or known to be created, authored and/or owned by Matthew Larosiere from January 1, 2022 to present.*

**Objection**

The Responding Party objects to this Request on the grounds that it is vague, ambiguous, overbroad, and not reasonably particularized. The terms "finishing room," "doc assist room," and "document assist room" do not correspond to any formally designated channel, room, or storage area within the Deterrence Dispensed Chat system or any other relevant system known to the Responding Party. The Responding Party is unable to identify any such location based on the terminology used in the Request.

The Responding Party further objects to the phrase "any other channel, platform, or online storage, hosting, or holding area" as overbroad and lacking reasonable particularity. The Request does not identify any specific system, account, or storage location and appears to seek documents across undefined platforms or environments.

The Responding Party objects to this request on the grounds that it is vague, ambiguous, and overbroad. In particular, the phrase "relate to or reflect" is undefined and so expansive that it could encompass an indeterminate universe of materials having only a tangential, incidental, or indirect connection to the subject matter of

51

the request. As written, the request lacks reasonable particularity and fails to identify the specific categories of documents sought, making it impossible to determine the outer bounds of what materials would be considered responsive. The request is therefore objectionable to the extent it seeks "all documents" that merely "relate to" the referenced works, as that phrase could be interpreted to include virtually any document referencing, discussing, mentioning, or otherwise associated with the requests in any manner.

The Responding Party further objects to this request to the extent it is unduly burdensome and disproportionate because the undefined scope of "relate to" would require speculative judgment regarding potentially limitless categories of materials.

The Responding Party additionally objects to the extent the Request seeks information not within his possession, custody, or control. The Responding Party is a volunteer with limited backend access to the Deterrence Dispensed Chat platform and is not the owner, operator, or custodian of records for that platform. The Responding Party does not operate or control any separate "platform" or "online storage" associated with the Deterrence Dispensed Chat beyond the limited access described above.

To the extent the Request seeks the contents of electronic communications or stored files maintained within chat channels or platform storage areas, the Responding Party objects pursuant to the Stored Communications Act, 18 U.S.C. §§ 2701–2712, and no such content will be produced in response to this subpoena.

The Responding Party objects to this request to the extent it appears to require the reproduction or production of copyrighted works in full or in part, which may be subject to the intellectual property rights of third parties, including counsel for the Responding Party in this matter. The request, as written, could be interpreted to compel the Responding Party to reproduce or distribute copyrighted material in order to comply, which would potentially require the Responding Party to violate the copyright interests of his counsel in this matter or other rights holders. The Responding Party therefore objects to the request to the extent it seeks the reproduction, duplication, or distribution of copyrighted works themselves, rather than documents evidencing conduct relating to such works.

**Response**

Subject to and without waiving the foregoing objections, and after a reasonable search of information within his possession, custody, or control, the Responding Party states that he is not aware of any channel or storage area formally designated as a "finishing room," "doc assist room," or "document assist room" during the requested time period across any medium. The Responding Party further states that he understands this lawsuit is about the copyrights of his counsel in this matter. The Responding Party further states that he will not be entrapped into violating the copyrights of his counsel in this matter.

53