# EXHIBIT C

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

*Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc.,
DEFENSE         DISTRIBUTED,         and
DIOSKOUROI LLC,

*Defendants.*

_____/

<u>MATTHEW LAROSIERE'S RESPONSES TO DEFENSE DISTRIBUTED'S
SECOND SET OF DISCOVERY</u>

1

## <u>LAROSIERE'S RESPONSES AND OBJECTIONS TO DEFENSE DISTRIBUTED'S SECOND REQUESTS FOR PRODUCTION</u>

## <u>OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS</u>

Plaintiff objects to Defendants' Definitions and Instructions to the extent they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure, the Middle District Discovery Handbook, or any order of the Court. Plaintiff further objects to any definition or instruction that is vague, ambiguous, overbroad, unduly burdensome, disproportional to the needs of the case, seeks information outside Plaintiff's possession, custody, or control, invades the attorney-client privilege, work-product protection, or any other applicable immunity, or attempts to expand the scope of Rule 34 by redefining ordinary words in an artificially expansive manner. Plaintiff will construe each request according to its plain and ordinary meaning, consistent with the Federal Rules of Civil Procedure.

Plaintiff specifically objects to Definition A, defining "You," "Your," or "Plaintiff," because it improperly expands the responding party to include unidentified third parties, including current or former partners, associates, employees, agents, consultants, advisors, attorneys, and persons merely "purporting" to act on Plaintiff's behalf. Rule 34 reaches only documents and ESI within Plaintiff's possession, custody, or control, and this definition improperly seeks to enlarge that standard and to sweep in privileged or protected materials held by counsel or other nonparties.

Plaintiff specifically objects to Definition B because it is vague and speculative insofar as it purports to include all pseudonyms Plaintiff "knows or believes" John Elik may have used. Plaintiff will not adopt a definition that depends on speculation, belief, or assumed facts not established in the record.

Plaintiff specifically objects to Definitions C and D, defining "concerning" and "related to," because those definitions are facially overbroad and would expand each request to encompass material only indirectly, tangentially, or "logically" connected to the subject matter. Plaintiff will construe those terms in accordance with their ordinary meaning and the limits of Rules 26 and 34.

Plaintiff specifically objects to Definition E, defining "beta room," because it is overbroad and not reasonably particularized. It extends beyond the works actually at issue in this case and purports to encompass any chat room or forum containing communications about any 3D-printed firearm, gun part, or ammunition, regardless of relevance, proportionality, or Plaintiff's possession, custody, or control.

Plaintiff specifically objects to Definition F to the extent it includes undefined "short-hand or analogous referrals," which is vague and invites dispute over what materials purportedly fall within the request. Plaintiff will construe "works at issue" to mean

2

the specific works actually placed at issue by the pleadings and disclosures in this case.

Plaintiff specifically objects to Definition G because it is overbroad and because it attempts to dictate forms of production beyond Rule 34. Plaintiff objects in particular to the demand that ESI be produced both by printing or downloading to paper and also in native format on a DVD, CD, or other device. Plaintiff will produce responsive ESI, if any, in a reasonably usable form consistent with Rule 34 and any agreement of the parties, but not in multiple forms absent agreement or court order.

Plaintiff specifically objects to Definition I, defining "communication," to the extent it purports to include purely oral communications not embodied in any document, recording, or ESI. A request for production under Rule 34 may seek documents, ESI, or tangible things, not unrecorded oral conversations as such.

Plaintiff specifically objects to Definitions J and K, defining "identify," because those definitions seek interrogatory-style narrative information and private contact information beyond what Rule 34 requires in responding to a request for production. Plaintiff will not provide residence addresses, telephone numbers, document descriptions, or custodial narratives except to the extent required by the Federal Rules, a proper privilege log, or a court order.

Plaintiff specifically objects to Definition L and the prefatory language deeming the requests "continuing in nature" to the extent Defendants seek to impose duties broader than those imposed by Rule 26(e). Plaintiff will supplement as required by Rule 26(e), but objects to any instruction suggesting a broader or different continuing duty.

Plaintiff specifically objects to the instruction stating that objections to the requests "should be filed" under Rule 34(b), because Rule 34 requires written responses and objections to be served; it does not require routine filing of objections absent motion practice or court order.

Plaintiff specifically objects to Instruction (a), regarding privilege, to the extent it purports to dictate privilege-log content beyond Rule 26(b)(5) or to require disclosure of information that itself is privileged or protected. Plaintiff will comply with Rule 26(b)(5) with respect to any material withheld on privilege or work-product grounds.

Plaintiff specifically objects to Instruction (b), regarding documents no longer in Plaintiff's possession, because it seeks interrogatory-style narrative detail, may require speculation, and exceeds the proper scope of a Rule 34 request. Plaintiff will respond based on documents and ESI within his possession, custody, or control and will not adopt any instruction that shifts the burden of investigation or explanation beyond the Rules.

3

Subject to and without waiving the foregoing objections, Plaintiff responds to each request separately below.

## REQUESTS FOR PRODUCTION

1. Produce the materials Plaintiff claims he offered to provide to Defense Distributed in connection with its claim of spoliation. For purposes of clarity, see Dkt. 146 at p. 3 ("…Defense Distributed is seeking 37(e) relief for materials it has never asked for, despite being offered.").

**Response to Request for Production No. 1**

**Objection.** Plaintiff objects to this Request because it is not reasonably particularized. Rule 34 requires that a request for production "describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). This Request seeks "the materials Plaintiff claims he offered to provide to Defense Distributed in connection with its claim of spoliation," but it does not identify with reasonable particularity the particular materials sought, the date or manner of any supposed offer, or any discrete category of documents or electronically stored information to be searched for and produced. Instead, the Request depends on an imprecise characterization of what Plaintiff supposedly "claims" to have offered, coupled with a citation to a filing, rather than a clear and reasonably particularized description of the items requested. Requests for production should be clear, concise, and reasonably particularized. Middle District Discovery (2021) § III.A.1. Because this Request fails to describe the materials sought with reasonable particularity, Plaintiff objects and cannot provide a meaningful response as framed. Fed. R. Civ. P. 34(b)(1)(A).

2. Produce documents that support or relate to all offers Plaintiff made to provide materials subject to Defense Distributed' s claim for spoliation. For purposes of clarity, see Dkt. 146 at p. 4 ("The record is replete with offers that were ignored.").

**Response to Request for Production No. 2**

**Objection**. Plaintiff objects to this Request because it is vague, ambiguous, overbroad, unintelligible, and not reasonably particularized. Rule 34 requires that a request "describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). This Request seeks all documents that "support or relate to" "all offers" Plaintiff allegedly made to provide materials subject to Defense Distributed's spoliation claim, without identifying with reasonable particularity the specific offers, the particular materials allegedly offered, or any discrete category of documents sought. Requests for "each and every document supporting your claim" are objectionably broad in most cases. Middle District

4

Discovery (2021) § III.A, at 13. Plaintiff further objects to this Request to the extent it relies on Defendants' overbroad definitions and instructions, seeks material beyond Rule 26(b)(1), or seeks attorney-client communications, attorney work product, or other protected material. Fed. R. Civ. P. 26(b)(1), 26(b)(3), 34(a)(1). Plaintiff cannot reasonably respond to the request as drafted.

Even so, subject to and without waiving the foregoing objections, Plaintiff will endeavor to provide responsive materials on a rolling basis to be completed by April 1, 2026. He hopes, though, that opposing counsel will confer and provide guidance on which types of materials they actually seek.

3. Produce documents that support or relate to Plaintiff's claim that offers to informally provide documents were refused by Defendants. For purposes of clarity, see Dkt. 146 at p.5 ("When Plaintiff's counsel offered to informally provide documents, Defendants refused to cooperate.").

**Response to Request for Production No. 3**

**Objection.** Plaintiff objects to this Request because it is vague, ambiguous, overbroad, and not reasonably particularized. Rule 34 requires that a request for production "describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). This Request does not do so. Instead, it seeks all documents that "support or relate to" Plaintiff's alleged "claim" that offers to informally provide documents were refused, without identifying with reasonable particularity the specific offer or offers at issue, the particular documents allegedly offered, the particular refusal or refusals supposedly made by Defendants, or any discrete category of documents or electronically stored information sought. See id. The Request's open-ended demand for documents that merely "support or relate to" a litigating position is the sort of formulation the Middle District Discovery Handbook identifies as objectionably broad in most cases. Middle District Discovery Handbook § III.A.1, at 13 (2021). The Handbook further provides that requests for production should be "clear, concise, and reasonably particularized." Id. As framed, this Request fails that standard.

Because this Request is not reasonably particularized, Plaintiff cannot provide a meaningful response as framed.

4. Produce all ESI Plaintiff preserved in connection with he works at issue. This production should at minimum include the ESI Plaintiff claimed was preserved in connection with the creation of the works. See Dkt. 146 at p.11 ("...Elik and Larosiere each preserved ESI relevant to the creation of the works at issue...").

5

**Response to Request for Production No. 4**

**Objection.** Plaintiff objects to this Request because it is vague, overbroad, and not reasonably particularized. Rule 34 requires that a request for production "describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). This Request does not do so. It seeks "all ESI Plaintiff preserved in connection with the works at issue," a formulation that does not identify with reasonable particularity the specific electronically stored information sought, the custodians or sources to be searched, the time period at issue, or what it means for ESI to have been preserved "in connection with" the works at issue. See id. The Request's purported clarification does not cure that defect. Its statement that the production should "at minimum include the ESI Plaintiff claimed was preserved in connection with the creation of the works" only introduces another undefined and open-ended category, while confirming that the Request is broader than any specific, identifiable set of ESI. Requests for production should be "clear, concise, and reasonably particularized," and requests resembling demands for all materials supporting a position are objectionably broad in most cases. Middle District Discovery Handbook § III.A.1, at 13 (2021). As framed, this Request fails that standard.

Because this Request is not reasonably particularized, Plaintiff cannot provide a meaningful response as framed.

5. Produce all ESI John Elik preserved in connection with the works at issue. This production should at minimum include the ESI Plaintiff claimed John Elik preserved in connection with the creation of the works. See Dkt. 146 at p. 11 ("..Elik and Larosiere each preserved ESI relevant to the creation of the works at issue…").

**Response to Request for Production No. 5**

**Objection.** Plaintiff objects to this Request because it is vague, overbroad, and not reasonably particularized. Rule 34 requires that a request for production "describe

6

with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). This Request does not do so. It seeks "all ESI John Elik preserved in connection with the works at issue," but does not identify with reasonable particularity the specific electronically stored information sought, the sources or custodians to be searched, the relevant time period, or what it means for ESI to have been preserved "in connection with" the works at issue. See id. Its purported clarification—that the production should "at minimum include the ESI Plaintiff claimed John Elik preserved in connection with the creation of the works"—does not cure that defect. Instead, it introduces another undefined and open-ended category while confirming that the Request is broader than any discrete, reasonably identifiable set of ESI. Requests for production should be "clear, concise, and reasonably particularized," and requests resembling demands for all materials supporting a position are objectionably broad in most cases. Middle District Discovery Handbook § III.A.1, at 13 (2021). As framed, this Request fails that standard.

Plaintiff further objects to this Request to the extent it seeks documents or electronically stored information outside Plaintiff's possession, custody, or control. Fed. R. Civ. P. 34(a)(1). The request, quite literally, on its face, requests for materials in someone else's possession.

Because this Request is not reasonably particularized, and because it on its face requests material not in Plaintiff's possession, custody, or control, Plaintiff cannot provide a meaningful response as framed.

6. Produce all pre-publication drafts of each copyrighted work at issue in this action. Production shall minimally include the "pre-publication" drafts Plaintiff claims he offered Defendant. See Dkt. 146 at p. 5.

**Response to Request for Production No. 6**

7

Plaintiff will produce, on a rolling basis to be completed by April 1, 2026, any nonprivileged responsive documents within Plaintiff's possession, custody, or control.

7. Produce documents sufficient to determine where each pre-publication draft produced in response to Request for Production No. 6 was posted, displayed, or otherwise made available or viewable for any person besides Plaintiff and John Elik.

**Response to Request for Production No. 7**

**Objection**. Plaintiff objects to this Request because it is vague, overbroad, speculative, and not reasonably particularized. Rule 34 requires that a request for production "describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). This Request seeks documents "sufficient to determine" where "each pre-publication draft" was "posted, displayed, or otherwise made available or viewable for any person besides Plaintiff and John Elik," but it does not identify with reasonable particularity the particular drafts at issue, the relevant time period, the platforms, forums, websites, or recipients allegedly involved, or any discrete category of documents or electronically stored information sought. See id. The Request is also speculative and impossible to answer as framed because it assumes that documents exist from which Plaintiff can determine every instance in which a draft may have been posted, displayed, or otherwise viewable by another person. Rule 34 permits requests for designated documents or electronically stored information in a party's possession, custody, or control; it does not require a responding party to create or reconstruct proof that may not exist in documentary form. Fed. R. Civ. P. 34(a)(1). Requests for production should be clear, concise, and reasonably particularized. Middle District Discovery Handbook § III.A.1, at 13 (2021).

Because this Request is not reasonably particularized and seeks a speculative reconstruction rather than a defined category of documents, Plaintiff cannot provide a meaningful response as framed.

8

8. Produce original sketches of each copyrighted work at issue in this action.

Production shall minimally include the original sketches Plaintiff claims he

offered Defendant. See Dkt. 146 at p. 5.

**Response to Request for Production No. 8**

Plaintiff will produce, on a rolling basis to be completed by April 1, 2026, any
responsive nonprivileged materials within Plaintiff's possession, custody, or control.

9. Produce documents sufficient to determine where each original sketch

produced in response to Request for Production No. 8 was posted, displayed,

or otherwise made available or viewable for any person besides Plaintiff and

John Elik.

**Response to Request for Production No. 9**

**Objection**. Plaintiff objects to this Request because it is vague, overbroad,
speculative, and not reasonably particularized. Rule 34 requires that a request for
production "describe with reasonable particularity each item or category of items to
be inspected." Fed. R. Civ. P. 34(b)(1)(A). This Request seeks documents "sufficient
to determine" where "each original sketch" was "posted, displayed, or otherwise
made available or viewable for any person besides Plaintiff and John Elik," but it
does not identify with reasonable particularity the particular drafts at issue, the
relevant time period, the platforms, forums, websites, or recipients allegedly
involved, or any discrete category of documents or electronically stored information
sought. See id. The Request is also speculative and impossible to answer as framed
because it assumes that documents exist from which Plaintiff can determine every
instance in which a draft may have been posted, displayed, or otherwise viewable by
another person. Rule 34 permits requests for designated documents or electronically
stored information in a party's possession, custody, or control; it does not require a
responding party to create or reconstruct proof that may not exist in documentary
form. Fed. R. Civ. P. 34(a)(1). Requests for production should be clear, concise, and

9

reasonably particularized. Middle District Discovery Handbook § III.A.1, at 13 (2021).

Because this Request is not reasonably particularized and seeks a speculative reconstruction rather than a defined category of documents, Plaintiff cannot provide a meaningful response as framed.

10. Produce documents sufficient to determine the name of all beta rooms created

on chat.deterrencedispensed.com or the Gatalog, which relates to, or

concerns, any work at issue in this suit.

**Response to Request for Production No. 10**

**Objection**. Plaintiff objects to this Request because it is vague, overbroad, and not reasonably particularized. Rule 34 requires that a request for production "describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). This Request seeks documents "sufficient to determine the name of all beta rooms" created on two platforms that purportedly "relate[] to, or concern[], any work at issue in this suit," but it does not identify with reasonable particularity the specific rooms at issue, the relevant time period, the particular works supposedly implicated, or the discrete category of documents or electronically stored information sought. The Request also relies on Defendants' overbroad definitions of "relates to" and "concerns," which impermissibly expand the scope of the Request. Requests for production should be clear, concise, and reasonably particularized. Middle District Discovery Handbook § III.A.1, at 13 (2021).

Plaintiff further objects to this Request to the extent it seeks documents or electronically stored information outside Plaintiff's possession, custody, or control. Fed. R. Civ. P. 34(a)(1).

Subject to and without waiving these objections, and after a reasonable search, Plaintiff states that he has no responsive documents in his possession, custody, or control. Plaintiff has been unable to access chat.deterrencedispensed.com since 2024, despite attempting to gain access, and therefore has no responsive documents from those systems in his possession, custody, or control.

10

11. Produce all Rocket.Chat content which relates to, or concerns, any
copyrighted work at issue in this action. For purposes of clarity with respect to
"Rocket. Chat content", see Dkt.146 at p.4  (" Defense Distributed suggests it
requested materials-presumably Rocket.Chat contents- in various ways…").

**Response to Request for Production No. 11**

**Objection**. Plaintiff objects to this Request because it is unintelligible, vague,
overbroad, and not reasonably particularized. Rule 34 requires that a request for
production "describe with reasonable particularity each item or category of items to
be inspected." Fed. R. Civ. P. 34(b)(1)(A). This Request does not do so. It seeks "[a]ll
Rocket.Chat content" that "relates to, or concerns, any copyrighted work at issue,"
but does not identify with reasonable particularity the specific content sought, the
relevant time period, the particular chats, channels, custodians, or data sources at
issue, or what "Rocket.Chat content" is supposed to encompass. Its purported
clarification does not cure that defect. Instead, it cites a filing that states only that
Defense Distributed "suggests" it requested "materials—presumably Rocket.Chat
contents—in various ways," which confirms the ambiguity rather than narrowing it.
Requests for production should be "clear, concise, and reasonably particularized,"
and requests for "each and every document supporting your claim" are objectionably
broad in most cases. Middle District Discovery Handbook § III.A.1, at 13 (2021). As
framed, this Request fails that standard. Fed. R. Civ. P. 34(b)(1)(A).

Plaintiff further objects to this Request to the extent it relies on Defendants'
overbroad definitions of "relates to" or "concerns," which impermissibly expand the
Request beyond any reasonably defined category of documents or ESI. As framed,
the Request is so indefinite that Plaintiff cannot determine what universe of
material is actually being sought or what search would be required to respond.

Because this Request is not reasonably particularized and is unintelligible as
framed, Plaintiff cannot provide a meaningful response.

12. Produce the full contents of any chat room Plaintiff set up that discussed,
referenced, related to or concerned any/each of the works at issue, including

11

any "pre-publication" or nonfinal drafts of the works that were made available

for any purpose, including but not limited to, testing, viewing, or commentary

by third parties.

**Response to Request for Production No. 12**

**Objection**. Plaintiff objects to this Request because it is vague, overbroad, and not reasonably particularized. Rule 34 requires that a request for production "describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). This Request does not do so. It seeks the "full contents of any chat room" Plaintiff "set up" that "discussed, referenced, related to or concerned" any work at issue, including any room in which "pre-publication" or nonfinal drafts were made available "for any purpose," including "testing, viewing, or commentary by third parties." As drafted, the Request does not identify with reasonable particularity the specific chat room or rooms at issue, the relevant time period, the platform or source from which such "full contents" are to be drawn, the particular works supposedly implicated, or the discrete category of documents or electronically stored information sought. See Fed. R. Civ. P. 34(b)(1)(A). Its stack of open-ended connectors—"discussed, referenced, related to or concerned," "any work at issue," and "for any purpose"—renders the Request facially overbroad. Requests for production should be clear, concise, and reasonably particularized, and requests resembling demands for all materials supporting a position are objectionably broad in most cases. Middle District Discovery Handbook § III.A.1, at 13 (2021). As framed, this Request fails that standard.

Plaintiff further objects to this Request to the extent it seeks the "full contents" of chat rooms without limitation, rather than designated documents or electronically stored information within the scope of Rule 34. See Fed. R. Civ. P. 34(a)(1). To the extent Defendants seek entire chat-room archives based on vague subject-matter descriptions, the Request is not tailored to any reasonably defined category of relevant materials and is disproportionate to the needs of the case. See Fed. R. Civ. P. 26(b)(1).

Because this Request is not reasonably particularized, Plaintiff cannot provide a meaningful response as framed.

13. Produce the full contents of any chat room Plaintiff authorized to be set up that discussed, referenced, related to or concerned any/each of the works at issue, including any "pre-publication" or nonfinal drafts of the works that were made available for any purpose, including but not limited to, testing, viewing, or commentary by third parties.

**Response to Request for Production No. 13**

**Objection**. Plaintiff objects to this Request because it is vague, overbroad, and not reasonably particularized. Rule 34 requires that a request for production "describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). This Request does not do so. It seeks the "full contents of any chat room" Plaintiff allegedly "authorized to be set up" that "discussed, referenced, related to or concerned" any work at issue, including any room in which "pre-publication" or nonfinal drafts were made available "for any purpose," including "testing, viewing, or commentary by third parties." As drafted, the Request does not identify with reasonable particularity the specific chat room or rooms at issue, the relevant time period, the platform or source from which such "full contents" are to be drawn, the particular works supposedly implicated, or what it means for Plaintiff to have "authorized" a room "to be set up." See Fed. R. Civ. P. 34(b)(1)(A). Its stack of open-ended connectors—"discussed, referenced, related to or concerned," "any work at issue," and "for any purpose"—renders the Request facially overbroad. Requests for production should be clear, concise, and reasonably particularized, and requests resembling demands for all materials supporting a position are objectionably broad in most cases. Middle District Discovery Handbook § III.A.1, at 13 (2021).

Plaintiff further objects to this Request to the extent it seeks the "full contents" of chat rooms without limitation, rather than designated documents or electronically stored information within the scope of Rule 34. See Fed. R. Civ. P. 34(a)(1). To the extent Defendants seek entire chat-room archives based on vague subject-matter descriptions, the Request is not tailored to any reasonably defined category of relevant materials and is disproportionate to the needs of the case. See Fed. R. Civ. P. 26(b)(1).

Because this Request is not reasonably particularized, Plaintiff cannot provide a meaningful response as framed.

14. Produce the full contents of any chat room Plaintiff had access to which discussed, referenced, related to or concerned any/each of the works at issue, including any "pre-publication" or nonfinal drafts of the works that were made available for any purpose, including but not limited to, testing, viewing, or commentary by third parties.

**Response to Request for Production No. 14**

**Objection**. Plaintiff objects to this Request because it is vague, overbroad, and not reasonably particularized. Rule 34 requires that a request for production "describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). This Request does not do so. It seeks the "full contents of any chat room" Plaintiff "had access to" that "discussed, referenced, related to or concerned" any work at issue, including any room in which "pre-publication" or nonfinal drafts were made available "for any purpose," including "testing, viewing, or commentary by third parties." As drafted, the Request does not identify with reasonable particularity the specific chat room or rooms at issue, the relevant time period, the platform or source from which such "full contents" are to be drawn, the particular works supposedly implicated, or what it means for Plaintiff merely to have "had access to" a room. See Fed. R. Civ. P. 34(b)(1)(A). Its stack of open-ended connectors—"discussed, referenced, related to or concerned," "any work at issue," and "for any purpose"—renders the Request facially overbroad. Requests for production should be clear, concise, and reasonably particularized, and requests resembling demands for all materials supporting a position are objectionably broad in most cases. Middle District Discovery Handbook § III.A.1, at 13 (2021).

Plaintiff further objects to this Request to the extent it seeks the "full contents" of chat rooms without limitation, rather than designated documents or electronically stored information within the scope of Rule 34. See Fed. R. Civ. P. 34(a)(1). To the extent Defendants seek entire chat-room archives based on vague subject-matter descriptions, the Request is not tailored to any reasonably defined category of relevant materials and is disproportionate to the needs of the case. See Fed. R. Civ. P. 26(b)(1).

14

Because this Request is not reasonably particularized, Plaintiff cannot provide a meaningful response as framed.

15. Produce the full contents of any chat room Plaintiff has access which discusses, references, relates to or concerns any/each of the works at issue, including any "pre-publication" or nonfinal drafts of the works that were made available for any purpose, including but not limited to, testing, viewing, or commentary by third parties.

**Response to Request for Production No. 15**

**Objection.** Plaintiff objects to this Request because it is vague, overbroad, and not reasonably particularized. Rule 34 requires that a request for production "describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). This Request does not do so. It seeks the "full contents of any chat room" Plaintiff "has access" to that "discusses, references, relates to or concerns" any work at issue, including any room in which "pre-publication" or nonfinal drafts were made available "for any purpose," including "testing, viewing, or commentary by third parties." As drafted, the Request does not identify with reasonable particularity the specific chat room or rooms at issue, the relevant time period, the platform or source from which such "full contents" are to be drawn, the particular works supposedly implicated, or what it means for Plaintiff to "ha[ve] access" to a room. See Fed. R. Civ. P. 34(b)(1)(A). Its stack of open-ended connectors—"discusses, references, relates to or concerns," "any work at issue," and "for any purpose"—renders the Request facially overbroad. Requests for production should be clear, concise, and reasonably particularized, and requests resembling demands for all materials supporting a position are objectionably broad in most cases. Middle District Discovery Handbook § III.A.1, at 13 (2021).

Plaintiff further objects to this Request to the extent it seeks the "full contents" of chat rooms without limitation, rather than designated documents or electronically stored information within the scope of Rule 34. See Fed. R. Civ. P. 34(a)(1). To the extent Defendants seek entire chat-room archives based on vague subject-matter

15

descriptions, the Request is not tailored to any reasonably defined category of relevant materials and is disproportionate to the needs of the case. See Fed. R. Civ. P. 26(b)(1).

Because this Request is not reasonably particularized, Plaintiff cannot provide a meaningful response as framed.

16. Produce the full contents of any chat room created under and/or in association with the username or pseudonym Fuddbusters.

**Response to Request for Production No. 16**

**Objection**. Plaintiff objects to this Request because it is vague, overbroad, and not reasonably particularized. Rule 34 requires that a request for production "describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). This Request does not do so. It seeks the "full contents of any chat room" created "under and/or in association with the username or pseudonym Fuddbusters," but does not identify with reasonable particularity the specific chat room or rooms at issue, the platform or source from which such "full contents" are to be drawn, the relevant time period, or what it means for a room to have been created "under and/or in association with" that username or pseudonym. See id. Requests for production should be "clear, concise, and reasonably particularized." Middle District Discovery Handbook § III.A.1, at 13 (2021). As framed, this Request fails that standard.

Plaintiff further objects to this Request to the extent it seeks the "full contents" of chat rooms without limitation, rather than designated documents or electronically stored information within the scope of Rule 34. See Fed. R. Civ. P. 34(a)(1). To the extent Defendants seek entire chat-room archives based on a vague asserted association with a username or pseudonym, the Request is not tailored to any reasonably defined category of relevant materials and is disproportionate to the needs of the case. See Fed. R. Civ. P. 26(b)(1).

Because this Request is not reasonably particularized, Plaintiff cannot provide a meaningful response as framed.

17. Produce the full contents of any chat room created under  and/or in association with the username or pseudonym Ivan.

**Response to Request for Production 17:**

**Objection**. Plaintiff objects to this Request because it is vague, overbroad, and not reasonably particularized. Rule 34 requires that a request for production "describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). This Request does not do so. It seeks the "full contents of any chat room" created "under and/or in association with the username or pseudonym Ivan," but does not identify with reasonable particularity the specific chat room or rooms at issue, the platform or source from which such "full contents" are to be drawn, the relevant time period, or what it means for a room to have been created "under and/or in association with" that username or pseudonym. See id. Requests for production should be "clear, concise, and reasonably particularized." Middle District Discovery Handbook § III.A.1, at 13 (2021). As framed, this Request fails that standard.

Plaintiff further objects to this Request to the extent it seeks the "full contents" of chat rooms without limitation, rather than designated documents or electronically stored information within the scope of Rule 34. See Fed. R. Civ. P. 34(a)(1). To the extent Defendants seek entire chat-room archives based on a vague asserted association with a username or pseudonym, the Request is not tailored to any reasonably defined category of relevant materials and is disproportionate to the needs of the case. See Fed. R. Civ. P. 26(b)(1).

Because this Request is not reasonably particularized, Plaintiff cannot provide a meaningful response as framed.

18. Produce the full contents of any chat room created under  and/or in

association with the username or pseudonym IvanTTroll.

**Response to Request for Production No. 18**

**Objection**. Plaintiff objects to this Request because it is vague, overbroad, and not reasonably particularized. Rule 34 requires that a request for production "describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). This Request does not do so. It seeks the "full contents of any chat room" created "under and/or in association with the username or pseudonym IvanTTroll," but does not identify with reasonable particularity the specific chat room or rooms at issue, the platform or source from which such "full contents" are to be drawn, the relevant time period, or what it means for a room to have been created "under and/or in association with" that username or pseudonym. See id. Requests for production should be "clear, concise, and reasonably particularized." Middle District Discovery Handbook § III.A.1, at 13 (2021). As framed, this Request fails that standard.

Plaintiff further objects to this Request to the extent it seeks the "full contents" of chat rooms without limitation, rather than designated documents or electronically stored information within the scope of Rule 34. See Fed. R. Civ. P. 34(a)(1). To the extent Defendants seek entire chat-room archives based on a vague asserted association with a username or pseudonym, the Request is not tailored to any reasonably defined category of relevant materials and is disproportionate to the needs of the case. See Fed. R. Civ. P. 26(b)(1).

Because this Request is not reasonably particularized, Plaintiff cannot provide a meaningful response as framed.

19. Produce the full contents of any chat room created under and/or in

association with the username or pseudonym MattLaAtLaw.

**Response to Request for Production No. 19**

18

**Objection**. Plaintiff objects to this Request because it is vague, overbroad, and not reasonably particularized. Rule 34 requires that a request for production "describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). This Request does not do so. It seeks the "full contents of any chat room" created "under and/or in association with the username or pseudonym MattLaAtLaw," but does not identify with reasonable particularity the specific chat room or rooms at issue, the platform or source from which such "full contents" are to be drawn, the relevant time period, or what it means for a room to have been created "under and/or in association with" that username or pseudonym. See id. Requests for production should be "clear, concise, and reasonably particularized." Middle District Discovery Handbook § III.A.1, at 13 (2021). As framed, this Request fails that standard.

Plaintiff further objects to this Request to the extent it seeks the "full contents" of chat rooms without limitation, rather than designated documents or electronically stored information within the scope of Rule 34. See Fed. R. Civ. P. 34(a)(1). To the extent Defendants seek entire chat-room archives based on a vague asserted association with a username or pseudonym, the Request is not tailored to any reasonably defined category of relevant materials and is disproportionate to the needs of the case. See Fed. R. Civ. P. 26(b)(1).

Because this Request is not reasonably particularized, Plaintiff cannot provide a meaningful response as framed.

20. Produce the full contents of any chat room created under and/or in

association with any username or pseudonym used by Plaintiff.

**Response to Request for Production No. 20**

**Objection.** Plaintiff objects to this Request because it is vague, overbroad, and not reasonably particularized. Rule 34 requires that a request for production "describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). This Request does not do so. It seeks the "full contents of any chat room" created "under and/or in association with any username or pseudonym used by Plaintiff," but does not identify with reasonable particularity the specific chat room or rooms at issue, the platform or source from which such "full contents" are to be drawn, the relevant time period, or which alleged usernames or pseudonyms are even encompassed by the Request. See id. Requests for production

19

should be "clear, concise, and reasonably particularized." Middle District Discovery Handbook § III.A.1, at 13 (2021). As framed, this Request fails that standard.

Plaintiff further objects to this Request to the extent it seeks the "full contents" of chat rooms without limitation, rather than designated documents or electronically stored information within the scope of Rule 34. See Fed. R. Civ. P. 34(a)(1). To the extent Defendants seek entire chat-room archives based on any username or pseudonym allegedly used by Plaintiff, the Request is not tailored to any reasonably defined category of relevant materials and is disproportionate to the needs of the case. See Fed. R. Civ. P. 26(b)(1).

Because this Request is not reasonably particularized, Plaintiff cannot provide a meaningful response as framed.

21. Produce the full contents of any chat room created under and/or in

association with any username or pseudonym used by John Elik.

**Response to Request for Production No. 21**

**Objection**. Plaintiff objects to this Request because it is vague, overbroad, and not reasonably particularized. Rule 34 requires that a request for production "describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). This Request does not do so. It seeks the "full contents of any chat room" created "under and/or in association with any username or pseudonym used by John Elik," but does not identify with reasonable particularity the specific chat room or rooms at issue, the platform or source from which such "full contents" are to be drawn, the relevant time period, or which alleged usernames or pseudonyms are even encompassed by the Request. See id. Requests for production should be "clear, concise, and reasonably particularized." Middle District Discovery Handbook § III.A.1, at 13 (2021). As framed, this Request fails that standard.

Plaintiff further objects to this Request to the extent it seeks the "full contents" of chat rooms without limitation, rather than designated documents or electronically stored information within the scope of Rule 34. See Fed. R. Civ. P. 34(a)(1). To the extent Defendants seek entire chat-room archives based on any username or

pseudonym allegedly used by John Elik, the Request is not tailored to any reasonably defined category of relevant materials and is disproportionate to the needs of the case. See Fed. R. Civ. P. 26(b)(1).

Because this Request is not reasonably particularized, Plaintiff cannot provide a meaningful response as framed.

22. Produce documents sufficient to identify the name of all chat rooms set up by Plaintiff on chat.deterrencedispensed.com.

**Response to Request for Production No. 22**

**Objection**. Plaintiff objects to this Request because it is vague, overbroad, and not reasonably particularized. Rule 34 requires that a request for production "describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). This Request does not do so. It seeks documents sufficient to identify "the name of all chat rooms set up by Plaintiff on chat.deterrencedispensed.com," but does not identify with reasonable particularity the relevant time period, the source or category of documents or electronically stored information from which such names are supposedly to be determined, or what it means for a room to have been "set up by Plaintiff." See id. Requests for production should be "clear, concise, and reasonably particularized." Middle District Discovery Handbook § III.A.1, at 13 (2021). As framed, this Request fails that standard.

Plaintiff further objects to this Request to the extent it seeks documents or electronically stored information outside Plaintiff's possession, custody, or control. Fed. R. Civ. P. 34(a)(1).

Because this Request is not reasonably particularized, Plaintiff cannot provide a meaningful response as framed.

23. Produce documents sufficient to identify the name of all chat rooms that Plaintiff authorized to be set up on chat.deterrencedispensed.com.

21

**Response to Request for Production No. 23**

**Objection**. Plaintiff objects to this Request because it is vague, overbroad, and not reasonably particularized. Rule 34 requires that a request for production "describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). This Request does not do so. It seeks documents sufficient to identify "the name of all chat rooms that Plaintiff authorized to be set up on chat.deterrencedispensed.com," but does not identify with reasonable particularity the relevant time period, the source or category of documents or electronically stored information from which such names are supposedly to be determined, or what it means for Plaintiff to have "authorized" a room "to be set up." See id. Requests for production should be "clear, concise, and reasonably particularized." Middle District Discovery Handbook § III.A.1, at 13 (2021). As framed, this Request fails that standard.

Plaintiff further objects to this Request to the extent it seeks documents or electronically stored information outside Plaintiff's possession, custody, or control. Fed. R. Civ. P. 34(a)(1).

Because this Request is not reasonably particularized, Plaintiff cannot provide a meaningful response as framed.

24. Produce all documents related to or concerning the set up of any chat room

on chat.deterrencedispensed.com, relating to and/or concerning any/ each of

the copyrighted works at issue.

**Response to Request for Production No. 24**

**Objection**. Plaintiff objects to this Request because it is vague, overbroad, and not reasonably particularized. Rule 34 requires that a request for production "describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). This Request does not do so. It seeks "all documents related to or concerning the set up of any chat room on chat.deterrencedispensed.com, relating

22

to and/or concerning any/each of the copyrighted works at issue," but does not identify with reasonable particularity the specific chat room or rooms at issue, the relevant time period, what "set up" means, or any discrete category of documents or electronically stored information sought. See id. Its repeated use of open-ended connector terms—"related to," "concerning," and "any/each of the copyrighted works at issue"—renders the Request facially overbroad. Requests for production should be "clear, concise, and reasonably particularized," and requests for "each and every document supporting your claim" are objectionably broad in most cases. Middle District Discovery § III.A.1, at 13 (2021). As framed, this Request fails that standard.

Plaintiff further objects to this Request to the extent it seeks documents or electronically stored information outside Plaintiff's possession, custody, or control. Fed. R. Civ. P. 34(a)(1).

Because this Request is not reasonably particularized, Plaintiff cannot provide a meaningful response as framed.

25. Produce the contents of any chat room on chat.deterrencedispensed.com,

relating to and/or concerning any/ each of the copyrighted works at issue.

**Response to Request for Production No. 25**

**Objection**. Plaintiff objects to this Request because it is vague, overbroad, and not reasonably particularized. Rule 34 requires that a request for production "describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). This Request does not do so. It seeks "the contents of any chat room on chat.deterrencedispensed.com, relating to and/or concerning any/each of the copyrighted works at issue," but does not identify with reasonable particularity the specific chat room or rooms at issue, the relevant time period, the particular works supposedly implicated, or the discrete category of documents or electronically stored information sought. See id. Its use of open-ended connector terms—"relating to," "concerning," and "any/each of the copyrighted works at issue"—renders the Request facially overbroad. Requests for production should be clear, concise, and reasonably particularized. Middle District Discovery Handbook § III.A.1, at 13 (2021). As framed, this Request fails that standard. Fed. R. Civ. P. 34(b)(1)(A).

23

Plaintiff further objects to this Request to the extent it seeks the contents of entire chat rooms without limitation, rather than designated documents or electronically stored information within the scope of Rule 34. See Fed. R. Civ. P. 34(a)(1). To the extent Defendants seek entire chat-room archives based on vague subject-matter descriptions, the Request is not tailored to any reasonably defined category of relevant materials and is disproportionate to the needs of the case. Fed. R. Civ. P. 26(b)(1).

Because this Request is not reasonably particularized, Plaintiff cannot provide a meaningful response as framed.

26. Produce all documents related to or concerning the set up of a  beta room  on

chat.deterrencedispensed.com, relating to and/or concerning the SF5.

**Response to Request for Production No. 26**

**Objection**. Plaintiff objects to this Request because it is vague, overbroad, and not reasonably particularized. Rule 34 requires that a request for production "describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). This Request does not do so. It seeks "all documents related to or concerning the set up of a beta room on chat.deterrencedispensed.com, relating to and/or concerning the SF5," but does not identify with reasonable particularity the specific beta room at issue, the relevant time period, what "set up" means, or any discrete category of documents or electronically stored information sought. See id. Its repeated use of open-ended connector terms—"related to," "concerning," and "relating to and/or concerning"—renders the Request facially overbroad. Requests for production should be "clear, concise, and reasonably particularized," and requests for "each and every document supporting your claim" are objectionably broad in most cases. Middle District Discovery Handbook § III.A.1, at 13 (2021). As framed, this Request fails that standard.

Plaintiff further objects to this Request to the extent it seeks documents or electronically stored information outside Plaintiff's possession, custody, or control. Fed. R. Civ. P. 34(a)(1).

Because this Request is not reasonably particularized, Plaintiff cannot provide a meaningful response as framed.

24

27. Produce all documents related to or concerning the set up of a  beta room  on chat.deterrencedispensed.com, relating to and/or concerning the Plastikov V4.

**Response to Request for Production No. 27**

**Objection**. Plaintiff objects to this Request because it is vague, overbroad, and not reasonably particularized. Rule 34 requires that a request for production "describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). This Request does not do so. It seeks "all documents related to or concerning the set up of a beta room on chat.deterrencedispensed.com, relating to and/or concerning the Plastikov V4," but does not identify with reasonable particularity the specific beta room at issue, the relevant time period, what "set up" means, or any discrete category of documents or electronically stored information sought. See id. Its repeated use of open-ended connector terms—"related to," "concerning," and "relating to and/or concerning"—renders the Request facially overbroad. Requests for production should be "clear, concise, and reasonably particularized," and requests for "each and every document supporting your claim" are objectionably broad in most cases. Middle District Discovery Handbook § III.A.1, at 13 (2021). As framed, this Request fails that standard.

Plaintiff further objects to this Request to the extent it seeks documents or electronically stored information outside Plaintiff's possession, custody, or control. Fed. R. Civ. P. 34(a)(1).

Because this Request is not reasonably particularized, Plaintiff cannot provide a meaningful response as framed.

28. Produce the full contents of the beta.Ivan.Amigo_Grande_CETME_C chat room.

**Response to Request for Production No. 28**

**Objection**. Plaintiff objects to this Request to the extent it seeks documents or electronically stored information outside Plaintiff's possession, custody, or control. Fed. R. Civ. P. 34(a)(1). Plaintiff further objects to this Request to the extent it seeks the "full contents" of an entire chat room, rather than designated documents or electronically stored information within the scope of Rule 34. See id. To the extent Defendants seek an entire chat-room archive without limitation, the Request is overbroad and disproportionate to the needs of the case. Fed. R. Civ. P. 26(b)(1).

Subject to and without waiving these objections, and after a reasonable search, Plaintiff states that he has no responsive documents or electronically stored information in his possession, custody, or control. Plaintiff has been unable to access that chat system since 2024, despite attempting to gain access, and therefore has no responsive materials from that chat room in his possession, custody, or control.

29. Produce the full contents of the beta.MattLaAtLaw.P99 chat room.

**Response to Request for Production No. 29**

**Objection**. Plaintiff objects to this Request to the extent it seeks documents or electronically stored information outside Plaintiff's possession, custody, or control. Fed. R. Civ. P. 34(a)(1). Plaintiff further objects to this Request to the extent it seeks the "full contents" of an entire chat room, rather than designated documents or electronically stored information within the scope of Rule 34. See id. To the extent Defendants seek an entire chat-room archive without limitation, the Request is overbroad and disproportionate to the needs of the case. Fed. R. Civ. P. 26(b)(1).

Subject to and without waiving these objections, and after a reasonable search, Plaintiff states that he has no responsive documents or electronically stored information in his possession, custody, or control. Plaintiff has been unable to access that chat system since 2024, despite attempting to gain access, and therefore has no responsive materials from that chat room in his possession, custody, or control.

30. Produce the full contents of the beta.Fuddbusters.Hitchhiker chat room.

**Response to Request for Production No. 30**

26

**Objection.** Plaintiff objects to this Request to the extent it seeks documents or electronically stored information outside Plaintiff's possession, custody, or control. Fed. R. Civ. P. 34(a)(1). Plaintiff further objects to this Request to the extent it seeks the "full contents" of an entire chat room, rather than designated documents or electronically stored information within the scope of Rule 34. See id. To the extent Defendants seek an entire chat-room archive without limitation, the Request is overbroad and disproportionate to the needs of the case. Fed. R. Civ. P. 26(b)(1).

Subject to and without waiving these objections, and after a reasonable search, Plaintiff states that he has no responsive documents or electronically stored information in his possession, custody, or control. Plaintiff has been unable to access that chat system since 2024, despite attempting to gain access, and therefore has no responsive materials from that chat room in his possession, custody, or control.

31. Produce all documents, communications, messages, and/or posts made by any individual identified in response to Interrogatory No. 9 of Defense Distributed's Second Set of Interrogatories served on February 15, 2026.

**Response to Request for Production No. 31**

**Objection**. Plaintiff objects to this Request because it is vague, overbroad, and not reasonably particularized. Rule 34 requires that a request for production "describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). This Request does not do so. Instead, it seeks "[a]ll documents, communications, messages, and/or posts" made by "any individual identified in response to Interrogatory No. 9" of another discovery set, without identifying on the face of the Request the particular individuals at issue, the relevant subject matter, the relevant time period, the platforms or sources to be searched, or any discrete category of documents or electronically stored information sought. See id. A request for production should be clear, concise, and reasonably particularized. Middle District Discovery Handbook § III.A.1, at 13 (2021). As framed, this Request fails that standard.

Plaintiff further objects to this Request because it is facially overbroad in seeking all documents, communications, messages, and posts made by any such person, without limitation to any claim or defense, and therefore exceeds the scope of

27

discovery permitted by Rule 26(b)(1). Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to the extent the Request seeks documents or electronically stored information outside Plaintiff's possession, custody, or control. Fed. R. Civ. P. 34(a)(1).

Because this Request is not reasonably particularized and is facially overbroad, Plaintiff cannot provide a meaningful response as framed.

32. Produce all documents, communications, messages, and/or posts exchanged with any individual identified in response to Interrogatory No. 9 of Defense Distributed's Second Set of Interrogatories served on February 15, 2026.

**Response to Request for Production No. 32**

**Objection**. Plaintiff objects to this Request because it is vague, overbroad, and not reasonably particularized. Rule 34 requires that a request for production "describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). This Request does not do so. Instead, it seeks "[a]ll documents, communications, messages, and/or posts exchanged with any individual identified in response to Interrogatory No. 9" of another discovery set, without identifying on the face of the Request the particular individuals at issue, the relevant subject matter, the relevant time period, the platforms or sources to be searched, or any discrete category of documents or electronically stored information sought. See id. A request for production should be clear, concise, and reasonably particularized. Middle District Discovery Handbook § III.A.1, at 13 (2021). As framed, this Request fails that standard.

Plaintiff further objects to this Request because it is facially overbroad in seeking all documents, communications, messages, and posts exchanged with any such person, without limitation to any claim or defense, and therefore exceeds the scope of discovery permitted by Rule 26(b)(1). Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to the extent the Request seeks documents or electronically stored information outside Plaintiff's possession, custody, or control. Fed. R. Civ. P. 34(a)(1).

Because this Request is not reasonably particularized and is facially overbroad, Plaintiff cannot provide a meaningful response as framed.

33. Produce a copy of each work, in the form in which it was provided, to any individual prior to the listed publication date, for the purpose of proofreading, reviewing, editing, or other pre-publication evaluation of the work.

**Response to Request for Production No. 33**

**Objection.** Plaintiff objects to this Request because it is duplicative, cumulative, and unreasonably cumulative of prior requests, including Request for Production No. 6, which already seeks "[a]ll pre-publication drafts of each copyrighted work at issue in this action." Fed. R. Civ. P. 26(b)(2)(C)(i). This Request seeks the same basic category of materials again—pre-publication versions of the works allegedly provided to others for proofreading, review, editing, or other pre-publication evaluation—just described in slightly different terms. To the extent this Request attempts to distinguish among copies based on the purpose for which they were provided, it remains vague and not reasonably particularized because it does not identify the specific individuals, dates, transmissions, or categories of documents or electronically stored information sought. Fed. R. Civ. P. 34(b)(1)(A). Requests for production should be clear, concise, and reasonably particularized. Middle District Discovery Handbook § III.A.1, at 13 (2021).

Subject to and without waiving these objections, Plaintiff refers Defendants to Plaintiff's response to Request for Production No. 6.

34. Produce all documents which Plaintiff believes or contends supports that any content provided related to the works at issue, prior to the listed publication date of the same, was provided with the expectation that the content would not be disclosed to the public.

**Response to Request for Production No. 34**

29

**Objection**. Plaintiff objects to this Request because it is vague, overbroad, and not reasonably particularized. Rule 34 requires that a request for production "describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). This Request does not do so. Instead, it seeks "[a]ll documents which Plaintiff believes or contends supports" that unspecified "content provided related to the works at issue" before publication "was provided with the expectation" that it would not be publicly disclosed. As drafted, the Request does not identify with reasonable particularity the specific "content" at issue, the particular works implicated, the relevant transmissions or recipients, the relevant time period beyond "prior to the listed publication date," or any discrete category of documents or electronically stored information sought. See id. It is also framed as a demand for all documents supporting a litigation contention, which is objectionably broad in most cases. Middle District Discovery Handbook § III.A.1, at 13 (2021). Requests for production should be clear, concise, and reasonably particularized. Id.

Plaintiff further objects because the Request's demand for all documents Plaintiff "believes or contends supports" a proposition improperly seeks a generalized "support file" for a contention rather than a reasonably defined category of documents. See Fed. R. Civ. P. 34(b)(1)(A). To the extent the Request seeks all materials bearing in any way on Plaintiff's expectation of confidentiality, it is overbroad and exceeds the scope of discovery permitted by Rule 26(b)(1). Fed. R. Civ. P. 26(b)(1).

Because this Request is not reasonably particularized and is facially overbroad, Plaintiff cannot provide a meaningful response as framed.

35.  Produce all documents referred to or relied upon in answering Defense Distributed's Second Set of Interrogatories served on February 15, 2026.

**Response to Request for Production No. 35**

**Objection.** Plaintiff objects to this Request because it is vague, overbroad, and not reasonably particularized. Rule 34 requires that a request for production "describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). This Request does not do so. Instead, it seeks "[a]ll documents

referred to or relied upon" in answering an entire set of interrogatories served on February 15, 2026, without identifying on the face of the Request the particular interrogatory answer or answers at issue, the subject matter of the documents sought, the relevant time period, or any discrete category of documents or electronically stored information to be searched for and produced. See id. Requests for production should be "clear, concise, and reasonably particularized." Middle District Discovery § III.A.1, at 13 (2021).

Plaintiff further objects because the phrase "referred to or relied upon" is facially overbroad. To the extent Defendants seek every document merely mentioned, consulted, or considered in preparing interrogatory answers, the Request improperly seeks a generalized universe of materials untethered to any reasonably defined category of documents. The Middle District Discovery Handbook likewise recognizes that discovery requests forcing an exhaustive catalogue of supporting materials are generally improper. Middle District Discovery § IV.C.4 (2021).

Because this Request is not reasonably particularized and is facially overbroad, Plaintiff cannot provide a meaningful response as framed.

36. Produce all documents referred to or relied upon in answering Defense

Distributed's First Set of Interrogatories served on July 4, 2025.

**Response to Request for Production No. 36**

**Objection**. Plaintiff objects to this Request because it is vague, overbroad, and not reasonably particularized. Rule 34 requires that a request for production "describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). This Request does not do so. Instead, it seeks "[a]ll documents referred to or relied upon" in answering an entire set of interrogatories served on July 4, 2025, without identifying on the face of the Request the particular interrogatory answer or answers at issue, the subject matter of the documents sought, the relevant time period, or any discrete category of documents or electronically stored information to be searched for and produced. See id. Requests for production should be clear, concise, and reasonably particularized. Middle

District Discovery § III.A.1, at 13 (2021). The Request therefore fails to describe the materials sought with reasonable particularity. Fed. R. Civ. P. 34(b)(1)(A).

Plaintiff further objects because the phrase "referred to or relied upon" is facially overbroad. To the extent Defendants seek every document merely mentioned, consulted, or considered in preparing interrogatory answers, the Request improperly seeks a generalized universe of materials untethered to any reasonably defined category of documents. Discovery is limited to nonprivileged matter relevant to a claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

Because this Request is not reasonably particularized and is facially overbroad, Plaintiff cannot provide a meaningful response as framed.

Respectfully submitted,

DATED:  March 18, 2026

/s/ Zachary Z. Zermay
Zachary Z. Zermay, Esq.
Fla. Bar № 1002905
Zermay Law, P.A.
1200 Fourth Street, #1102
Key West, FL 33040
Email: zach@zermaylaw.com
Telephone: 239-699-3107
Counsel for Plaintiff

32

## **PLAINTIFF MATTHEW LAROSIERE'S RESPONSE TO DEFENSE**

## **DISTRIBUTED'S SECOND SET OF INTERROGATORIES**

## **OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS**

Plaintiff objects to Defendants' Definitions and Instructions to the extent they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure, the Middle District Discovery Handbook, or any order of the Court. Interrogatories must be answered separately and fully under oath to the extent not objectionable, and objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)– (4). Interrogatories should be brief, simple, particularized, unambiguous, and not impose unreasonable burdens on the responding party. Middle District Discovery Handbook § IV.A.2 (M.D. Fla. 2021). Plaintiff will construe each interrogatory reasonably, in good faith, and according to its plain meaning, consistent with the Federal Rules of Civil Procedure. See id. § IV.A.3.

Plaintiff specifically objects to the prefatory instruction stating that the interrogatories are "continuing in nature" and that Plaintiff is "required to serve supplemental responses as additional information becomes available." A party's supplementation duty is governed by Rule 26(e), not by unilateral language inserted into a discovery request. Fed. R. Civ. P. 26(e). The Middle District Discovery Handbook likewise provides that "a party may not vary the provisions of the Federal Rules of Civil Procedure by placing supplementation language in a discovery

34

request." Middle District Discovery Handbook § I.D (M.D. Fla. 2021). Plaintiff will supplement only as required by Rule 26(e) and any order of the Court.

Plaintiff specifically objects to the prefatory instruction directing that objections to the interrogatories "should be filed" under Rule 33. That is incorrect. Interrogatories, objections, and answers are not filed with the Court as a matter of course, but only in limited circumstances, including if ordered by the Court or if necessary to the presentation of a motion. Middle District Discovery Handbook § I.C.1 (M.D. Fla. 2021). Plaintiff will serve objections and answers as required by Rule 33 and will file discovery materials only as permitted or required by the applicable rules or a court order.

Plaintiff specifically objects to Definition A, defining "You," "Your," or "Plaintiff," because it is overbroad and improperly attempts to expand the responding party to include a sweeping and indeterminate group of third parties, including former business or creative partners, associates, agents, vendors, consultants, advisors, attorneys, and persons merely "purporting" to act on Plaintiff's behalf. A party responding to interrogatories must furnish the information available to the party after a reasonable inquiry; Rule 33 does not permit the propounding party to redefine "Plaintiff" so as to collapse the distinction between the responding party and a broad universe of nonparties or counsel. Fed. R. Civ. P. 33(b)(1)(B), (b)(3); Middle District Discovery Handbook §§ IV.A.3, IV.B.3(2) (M.D. Fla. 2021). Plaintiff will construe

35

"Plaintiff" to mean Matthew Larosiere himself, together with information available to him after a reasonable inquiry, but not as an artificial expansion to encompass unidentified third parties or counsel.

Plaintiff specifically objects to Definition B because it is vague and speculative to the extent it includes all pseudonyms Plaintiff "knows or believes" John Elik may have used. Interrogatories should be particularized and unambiguous. Middle District Discovery Handbook § IV.A.2 (M.D. Fla. 2021). Plaintiff will not adopt any definition that depends on speculation, conjecture, or subjective belief untethered to identified facts.

Plaintiff specifically objects to Definitions C and D, defining "concerning" and "related to," because those definitions are facially overbroad and expand each interrogatory to encompass matters only indirectly, tangentially, or "logically or factually connected" to the subject identified. Interrogatories must be particularized and not impose unreasonable burdens, and interrogatories designed to force an exhaustive or oppressive catalogue of information are generally improper. Middle District Discovery Handbook §§ IV.A.2, IV.C.4 (M.D. Fla. 2021). Plaintiff will construe those terms according to their ordinary meaning and consistent with Rule 26(b)(1).

Plaintiff specifically objects to Definition E, defining "beta room," because it is overbroad and not tied to the claims or defenses in this action. It purports to include

36

not only chat rooms using the word "beta," but also "any chat room or forum" containing communications or files pertaining to any 3D-printed firearm, gun part, and/or ammunition. That definition vastly exceeds the pleaded scope of this case and is disproportionate to the needs of the case. Fed. R. Civ. P. 26(b)(1); Middle District Discovery Handbook § IV.A.2 (M.D. Fla. 2021).

Plaintiff specifically objects to Definition F to the extent it includes undefined "short-hand or analogous referrals." That phrase is vague and invites dispute over whether materials involving something merely "analogous" to a listed work are swept in. Plaintiff will construe "works," "copyrighted works," and "works at issue" to mean the specific works actually placed at issue in this action.

Plaintiff specifically objects to Definition G because it is improper in a set of interrogatories. To the extent Defendants attempt through a definition of "Document" to require the production of documents in paper form and in native form on a DVD, CD, or other storage device, those demands are governed by Rule 34, not Rule 33. See Fed. R. Civ. P. 33, 34. Plaintiff will not adopt any definition that attempts to convert interrogatories into document requests or to dictate forms of production beyond the Federal Rules.

Plaintiff specifically objects to Definition I, defining "Communication," to the extent it is used to require an exhaustive catalogue of every oral or written contact in every

37

medium without reasonable limitation. Interrogatories should be brief, simple, particularized, and not impose unreasonable burdens. Middle District Discovery Handbook § IV.A.2 (M.D. Fla. 2021). Plaintiff will construe "communication" reasonably and in context.

Plaintiff specifically objects to Definition J to the extent it purports to require, whenever a person is identified, disclosure of a nonparty's last known residence address and telephone number. That requirement is not automatically imposed by Rule 33, and any such disclosure must still satisfy Rule 26(b)(1). Plaintiff will provide information sufficient to identify persons to the extent required by a properly framed interrogatory, but objects to any blanket requirement to furnish personal contact information for nonparties absent a particularized and proportional basis.

Plaintiff specifically objects to Definition K to the extent it purports to require, whenever a document is identified, a full narrative description of its contents and the identity of all persons with possession, custody, or control. Interrogatories must be reasonably particularized and not impose unreasonable burdens. Middle District Discovery Handbook §§ IV.A.2, IV.C.4 (M.D. Fla. 2021). Plaintiff will not adopt any definition that transforms every reference to a document into a compulsory mini-catalogue or document index untethered to the needs of a specific interrogatory.

38

Plaintiff specifically objects to Definition L to the extent the term "present" is used in conjunction with the prefatory "continuing in nature" language to create a self-updating obligation beyond Rule 26(e). Plaintiff will construe the temporal scope of these interrogatories, unless otherwise specified, as January 1, 2021 through the date Plaintiff serves his verified answers and objections, and will supplement only as required by Rule 26(e).

Plaintiff specifically objects to Instruction (a), regarding privilege, to the extent it purports to dictate disclosure obligations beyond Rule 26(b)(5). If Plaintiff withholds information on the basis of privilege or work-product protection, Plaintiff will comply with Rule 26(b)(5) and applicable Middle District guidance, but objects to any instruction requiring disclosure of privileged substance or imposing obligations beyond the Federal Rules. Fed. R. Civ. P. 26(b)(5); Middle District Discovery Handbook §§ IV.B.2, VI.A.1 (M.D. Fla. 2021).

Plaintiff specifically objects to Instruction (b), regarding documents no longer in Plaintiff's possession, to the extent it purports to require a free-standing narrative accounting for every document that is no longer in existence, no longer in Plaintiff's possession, or no longer subject to Plaintiff's control, regardless of the text of a particular interrogatory. Plaintiff will respond to each interrogatory based on the information available after a reasonable inquiry, but objects to any instruction that seeks to impose additional investigatory or narrative burdens beyond Rules 26 and

33. Fed. R. Civ. P. 26(b)(1), 33(b)(3); Middle District Discovery Handbook §§ IV.A.2, IV.A.3, IV.B.3(2) (M.D. Fla. 2021).

Subject to and without waiving the foregoing objections, Plaintiff responds to each interrogatory separately below.

1. Identify by name all chat rooms that Plaintiff has set up, and/or authorized to be set up on chat.deterrencedispensed.com.

**Response to Interrogatory No. 1**

1.  I have not set up and/or authorized to be set up any chat rooms on chat.deterrencedispensed.com.

2. Identify all social media accounts, profiles, pages, and chat rooms that you, or a third party via authorization, have created, owned, maintained, controlled or used.

**Response to Interrogatory No. 2**

**Objection**. Plaintiff objects to this Interrogatory because it is vague, overbroad, and not reasonably particularized. It seeks identification of "all social media accounts, profiles, pages, and chat rooms" that Plaintiff, "or a third party via authorization," has "created, owned, maintained, controlled or used," without any limitation as to

40

subject matter, platform, or time period. As drafted, the Interrogatory sweeps far beyond the claims and defenses in this case and would require an exhaustive catalogue of accounts or forums regardless of whether they have any connection to the works at issue. Discovery is limited to nonprivileged matter relevant to a party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Interrogatories must be answered with specificity, and interrogatories in this District should be brief, simple, particularized, unambiguous, and not impose unreasonable burdens on the responding party. Fed. R. Civ. P. 33(b)(4); Middle District Discovery Handbook § IV.A.2 (2021). Interrogatories designed to force an exhaustive or oppressive catalogue of information are generally improper. Middle District Discovery Handbook § IV.C.4 (2021).

Subject to and without waiving these objections, Plaintiff construes this Interrogatory to seek identification only of social media accounts, profiles, pages, and chat rooms that Plaintiff created, owned, maintained, controlled, or used, to discuss or post about the works at issue or firearms or firearm components directly related to the works at issue. So construed, Plaintiff responds as follows:

2.  Twitter: Fuddbusters; Rocket.chat: MattLaAtLaw; Youtube: Fuddbusters

3. For each social media account, profile, page, and chat room identified in response to the preceding interrogatory, state whether you have posted, shared, uploaded, or otherwise made viewable or available, any content

related to the copyrighted works at issue and describe the nature and substance

of such posting.

**Response to Interrogatory No. 3**

**Objection**. Plaintiff objects to this Interrogatory because it is vague, overbroad, and

not reasonably particularized. As drafted, it seeks, for each account, profile, page, or

chat room identified in response to the preceding interrogatory, a narrative account

of whether Plaintiff has ever "posted, shared, uploaded, or otherwise made viewable

or available" any content "related to the copyrighted works at issue," together with a

description of the "nature and substance" of such posting, without any reasonable

limitation as to time, platform, recipient, or subject matter. To the extent this

Interrogatory is predicated on the overbroad scope of Interrogatory No. 2, Plaintiff

incorporates the objections stated in response to Interrogatory No. 2. Plaintiff further

objects to the phrase "related to" as vague and overbroad. Fed. R. Civ. P. 26(b)(1),

33(b)(4); Middle District Discovery Handbook §§ IV.A.2, IV.C.4 (2021).


Subject to and without waiving these objections, Plaintiff construes this Interrogatory

consistently with Plaintiff's narrowed response to Interrogatory No. 2 and, further,

to seek only whether Plaintiff posted, shared, uploaded, or otherwise made viewable

content concerning the works at issue on the accounts, profiles, pages, or chat rooms

identified in response to Interrogatory No. 2, and a general description of the nature

of any such posting sufficient to answer the Interrogatory without requiring an

exhaustive catalogue of every post or communication. So construed, Plaintiff responds as follows:

3.  I have posted photographs and videos which depict a firearm known as the Amigo Grande, the MPP99, and the Hitchhiker.

4. Identify all blogs, websites, online forums, message boards, or other online platforms on which you, or a third party via authorization, have posted, published, disseminated, or otherwise made viewable or available any content related to the copyrighted works at issue, including the URL or web address of each such platform and the username or account identifier used.

**Response to Interrogatory No. 4**

**Objection**. Plaintiff objects to this Interrogatory because it is vague, overbroad, and not reasonably particularized. As drafted, it seeks identification of all "blogs, websites, online forums, message boards, or other online platforms" on which Plaintiff, "or a third party via authorization," has ever "posted, published, disseminated, or otherwise made viewable or available any content related to the copyrighted works at issue," together with the URL and username or account identifier used, without any reasonable limitation as to time, subject matter, or scope. The phrase "related to the copyrighted works at issue" is itself vague and overbroad. Discovery is limited to nonprivileged matter relevant to a party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Interrogatories

43

should be brief, simple, particularized, unambiguous, and not impose unreasonable burdens on the responding party. Middle District Discovery Handbook § IV.A.2 (2021). Interrogatories designed to force an exhaustive or oppressive catalogue of information are generally improper. Id. § IV.C.4.

Subject to and without waiving these objections, Plaintiff construes this Interrogatory to seek identification only of blogs, websites, online forums, message boards, or other online platforms on which Plaintiff, or a third party acting with Plaintiff's authorization, posted, published, disseminated, or otherwise made viewable the actual works at issue. So construed, Plaintiff responds as follows:

4. Odysee.com, via the account "The Gatalog's Printable Frames and Receivers"

5. State whether you have used any messaging applications or platforms, including WhatsApp, Signal, Telegram, Facebook Messenger, iMessage, Slack, Discord, or any similar application, and if so, identify each such application and the username or account identifier associated with your use.

**Response to Interrogatory No. 5**

**Objection**. Plaintiff objects to this Interrogatory because it is duplicative, cumulative, vague, overbroad, and not reasonably particularized. It seeks identification of any messaging application or platform Plaintiff has used, including

44

but not limited to WhatsApp, Signal, Telegram, Facebook Messenger, iMessage, Slack, Discord, "or any similar application," together with the username or account identifier associated with Plaintiff's use, without any limitation as to subject matter, time period, or connection to the claims and defenses in this action. As drafted, the Interrogatory sweeps far beyond the issues in this case and would require an exhaustive catalogue of Plaintiff's messaging applications regardless of whether they have any connection to the works at issue. Discovery is limited to nonprivileged matter relevant to a party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The Court must limit discovery that is unreasonably cumulative or duplicative. Fed. R. Civ. P. 26(b)(2)(C)(i). Interrogatories should be brief, simple, particularized, unambiguous, and not impose unreasonable burdens on the responding party. Middle District Discovery Handbook § IV.A.2 (2021). Interrogatories designed to force an exhaustive or oppressive catalogue of information are generally improper. Id. § IV.C.4.

Subject to and without waiving these objections, Plaintiff construes this Interrogatory to seek identification only of messaging applications or platforms Plaintiff used to discuss, share, transmit, or otherwise communicate about the works at issue. So construed, Plaintiff identifies the following applications and associated usernames or account identifiers:

5.  Twitter: Fuddbusters; Reddit: Fuddbusters; Youtube: Fuddbusters

6. State whether you have deleted, deactivated, modified, or changed any settings of any social media account, profile, page, chat room , website, or online posting at any time after January 1, 2021, and if so, describe in detail each such action, including the date, the platform, and the reason for taking such action.

**Response to Interrogatory No. 6**

**Objection**. Plaintiff objects to this Interrogatory because it is duplicative, cumulative, vague, overbroad, and not reasonably particularized. This Interrogatory seeks whether Plaintiff has "deleted, deactivated, modified, or changed any settings of any social media account, profile, page, chat room, website, or online posting at any time after January 1, 2021," and if so, requires a detailed description of each such action, including the date, platform, and reason. As drafted, it is not limited by subject matter and would require an exhaustive catalogue of changes to any online account, platform, or posting regardless of whether it has any connection to the claims or defenses in this action. It is also duplicative and unreasonably cumulative of prior interrogatories seeking identification of Plaintiff's online accounts, profiles, pages, chat rooms, websites, and platforms. See Fed. R. Civ. P. 26(b)(1), (b)(2)(C)(i), 33(b)(4); Middle District Discovery Handbook § IV.A.2, § IV.A.3, § IV.C.4 (2021).

46

Subject to and without waiving these objections, Plaintiff construes this Interrogatory to seek only whether, after January 1, 2021, Plaintiff deleted, deactivated, modified, or changed settings of any social media account, profile, page, chat room, website, online posting, or similar application used to discuss, post, share, upload, or otherwise make viewable the works at issue.

6. I have not.

7. Identify all storage services or platforms on which you have stored any documents, photographs, videos, or other content related to any claim brought by Plaintiff in this action.

**Response to Interrogatory No. 7**

**Objection**. Plaintiff objects to this Interrogatory because it is vague, overbroad, and not reasonably particularized. It asks Plaintiff to identify "all storage services or platforms" on which Plaintiff has stored "any documents, photographs, videos, or other content related to any claim brought by Plaintiff in this action," but does not define what qualifies as a "storage service" or "platform," does not identify any relevant time period, and uses the phrase "related to any claim" in a manner that is facially open-ended and untethered to any reasonably discrete category of information. As drafted, the Interrogatory could sweep in virtually any location where any material arguably bearing some connection to any claim may have existed.

47

Discovery is limited to nonprivileged matter relevant to a claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Interrogatories should be brief, simple, particularized, unambiguous, and not impose unreasonable burdens on the responding party. Middle District Discovery Handbook § IV.A.2 (2021). Interrogatories designed to force an exhaustive or oppressive catalogue of information are generally improper. Id. § IV.C.4.

Plaintiff further objects to this Interrogatory to the extent it seeks identification of attorney-client communications, attorney work product, or repositories, platforms, or storage locations used by counsel or counsel's agents to store, assemble, review, or maintain materials in anticipation of litigation or for purposes of prosecuting this action. See Fed. R. Civ. P. 26(b)(3), 26(b)(5).

Subject to and without waiving these objections, Plaintiff construes this Interrogatory to seek identification only of nonprivileged storage services or platforms used by Plaintiff to store nonpublic documents, photographs, videos, or other content concerning the works at issue themselves, as opposed to materials merely "related to" any claim in a broader or litigation-driven sense. So construed, Plaintiff responds as follows:

7. Microsoft OneDrive.

8. Identify who Plaintiff believes to be the person or entity who owns, licensed, or set up the Rocket.Chat server at chat.deterrencedispensed.com and all reasons why Plaintiff holds this belief.

**Response to Interrogatory No. 8**

8. CTRLPew LLC, because he said he did.

9. For each copyrighted work at issue, identify each individual that viewed the work and/or that Plaintiff shared the work with, prior to the publication date listed in each copyright registration.

**Response to Interrogatory No. 9**

**Objection**. Plaintiff objects to this Interrogatory because it is vague and ambiguous. In particular, the phrase "copyrighted work at issue" is unclear as to whether it refers to the registered version of each work, some earlier draft, or any material merely related to a registered work. The phrases "viewed the work" and "shared the work with" are likewise vague to the extent they do not specify whether they refer to the registered version of the work itself, a draft, an excerpt, or some other content. See Fed. R. Civ. P. 33(b)(4); Middle District Discovery Handbook § IV.A.2, at 22 (2021). Interrogatories should be brief, simple, particularized, and unambiguous, and when an interrogatory is unclear, the responding party may specify a reasonable interpretation and answer accordingly. Middle District Discovery Handbook § IV.A.2-.3, at 22-23 (2021). Each interrogatory must be answered separately and fully to the

49

extent it is not objected to. Fed. R. Civ. P. 33(b)(3). Discovery is limited to nonprivileged matter relevant to a claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

Subject to and without waiving these objections, Plaintiff construes "copyrighted work at issue" to mean the registered version of each work at issue, and construes the Interrogatory to ask who viewed or received that registered version prior to the publication date listed in the corresponding copyright registration. So construed:

9. Plaintiff identifies John Elik as the individual who viewed and/or was shared the registered versions of the MPP99 and Hitchhiker prior to publication. Plaintiff otherwise is not presently aware of any such individual as to the other works at issue.

10. For each individual identified in the preceding interrogatory, provide the following information:

a. The work that was viewed and/or shared with individual

b. The date the work was viewed and/or shared with the individual

c. How the individual viewed the work and/or how the work was shared with individual

d. A detailed description of all communications, documents, feedback,

50

and/or commentary provided by the individual after viewing and/or

receiving the work

e. A detailed description of all changes, if any, Plaintiff, or a third party

authorized by Plaintiff, made to the work after the work was viewed

and/or shared with the individual, and specifically how the work

changed from the version viewed and/or shared with the individual

versus the work as registered with the Copyright Office

**Response to Interrogatory No. 10**

**Objection**. Plaintiff objects to this Interrogatory because it is compound and contains

multiple discrete subparts. See Fed. R. Civ. P. 33(a)(1). For each individual identified

in response to the preceding interrogatory, this Interrogatory separately seeks at

least five categories of information: the work viewed or shared, the date of viewing or

sharing, the manner of viewing or sharing, a detailed description of all

communications, documents, feedback, and commentary after viewing or receipt, and

a detailed description of all subsequent changes to the work and how the work

changed from the version viewed or shared to the version registered with the Copyright Office. Plaintiff further objects because the demands for "a detailed description of all communications, documents, feedback, and/or commentary" and "a detailed description of all changes" are vague, overbroad, and call for an exhaustive narrative untethered to any reasonable limit. See Fed. R. Civ. P. 26(b)(1), 33(b)(4); Middle District Discovery (2021) §§ IV.A.2, IV.C.4. Plaintiff further objects to the extent this Interrogatory seeks exact dates or exact version-by-version detail that Plaintiff cannot presently recall after reasonable inquiry.

Subject to and without waiving these objections, and construing this Interrogatory to seek a reasonable summary of the information requested as to the individual identified in response to Interrogatory No. 9, Plaintiff responds as follows:

a. John Elik viewed the MPP99 and Hitchhiker.

b. Plaintiff does not recall the exact date after reasonable inquiry, but the viewing occurred more than one year ago and prior to the publication of the works.

c. John Elik viewed the works during a live video call.

d. After viewing the works, John Elik provided feedback that included typographical suggestions concerning written documentation and engineering suggestions concerning strengthening features in the designs.

52

e. Plaintiff considered that feedback and ultimately chose to add several photographs, add clarifying instructions, add additional remarks, and implement some of the engineering suggestions.

11. Describe in detail the search you conducted to locate documents and information responsive to these interrogatories and any document requests served in this litigation, including:

a. The identity of each person who participated in the search

b. The date(s) on which the search was conducted

c. The location, devices, accounts, and platforms searched;

d. The search terms, keywords, date ranges, or other parameters used

e. Any software, tools, or vendors utilized to assist in the search;

f. Any documents, accounts, devices, or location that were not searched

and the reason why they were not searched.

Response to Interrogatory No. 11

53

Objection. Plaintiff objects to this Interrogatory because it is compound, vague,

overbroad, and not reasonably particularized. Although styled as a single

interrogatory, it contains at least six discrete subparts seeking the identity of each

participant in the search, the dates of the search, the locations, devices, accounts, and

platforms searched, the search terms and parameters used, any software, tools, or

vendors used, and all documents, accounts, devices, or locations not searched and the

reason why. Fed. R. Civ. P. 33(a)(1). Plaintiff further objects because the

Interrogatory is not limited to a particular request or a discrete subject matter, but

instead seeks a detailed narrative of the search conducted for "these interrogatories

and any document requests served in this litigation," thereby sweeping across all

written discovery served in this case. As drafted, it is unreasonably broad and

disproportionate to the needs of the case. Fed. R. Civ. P. 26(b)(1). Interrogatories

should be brief, simple, particularized, unambiguous, and not impose unreasonable

burdens on the responding party. Middle District Discovery Handbook § IV.A.2

(2021). Interrogatories designed to force an exhaustive or oppressive catalogue of

information are generally improper. Id. § IV.C.4.


Plaintiff further objects to this Interrogatory to the extent it seeks attorney work

product or other protected information concerning counsel's search strategy,

including the selection of custodians, sources, locations, search terms, parameters,

tools, or methods used in locating information for purposes of this litigation. Fed. R.

Civ. P. 26(b)(3). Plaintiff further objects to the demand for "all" search terms,

keywords, date ranges, and other parameters used over the course of the litigation as unduly burdensome and not reasonably particularized.

Subject to and without waiving these objections, and construing this Interrogatory to seek a general description of Plaintiff's own nonprivileged search for responsive information, Plaintiff responds as follows:

a. Plaintiff.

b. Plaintiff conducted searches on multiple occasions from the time written discovery was first served in this action through March 16, 2026.

c. Plaintiff searched his office, his laptop computer, his desktop computer, and the accounts and platforms reasonably likely to contain responsive nonprivileged information.

d. Plaintiff used search terms and parameters corresponding to the subjects identified in the relevant discovery requests. Plaintiff does not recall, and cannot now reconstruct, every search term, keyword, date range, or other parameter used over the course of the litigation.

e. None.

f. Plaintiff did not search his Rocket.Chat account because Plaintiff has been unable to sign into that account.

12. For each response that Plaintiff has indicated he lacks sufficient knowledge, in connection with the Requests for Admission served by Defense Distributed on February 15, 2026, please provide a detailed explanation as to why Plaintiff lacks sufficient knowledge to admit or deny the request, including the details of the reasonable inquiry Plaintiff made.

   12. None

*/s/ Matthew Larosiere*

Matthew Larosiere

Respectfully submitted,

DATED:  March 18, 2026

*/s/ Zachary Z. Zermay*
Zachary Z. Zermay, Esq.
Fla. Bar № 1002905
Zermay Law, P.A.
1200 Fourth Street, #1102
Key West, FL 33040
Email: zach@zermaylaw.com
Telephone: 239-699-3107
Counsel for Plaintiff