UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

*Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD,
Inc., DEFENSE DISTRIBUTED, and
DIOSKOUROI LLC,

*Defendants*.

_____/

## PLAINTIFF'S SHORT-FORM MOTION TO DE-DESIGNATE CERTAIN DOCUMENTS AS CONFIDENTIAL OR HIGHLY CONFIDENTIAL

Pursuant to Rule 26(c), the parties' Mutual Confidentiality Agreement ("MCA") (Doc. 114-1), and Local Rule 3.01, Plaintiff moves to de-designate Defendants' blanket confidentiality designations over two productions: (1) Defendants' first Slack production of February 4, 2026, Bates numbered Entities0007319 through Entities0007356; and (2) Defendants' second Slack production, produced March 20, 2026, Bates numbered Entities0077830 through Entities0092822. Defendants offered to lower the designation of the Slack chats to "confidential," but for the reasons stated *infra*, that does not resolve the dispute.

### ARGUMENT

Defendants' blanket HC-AEO designations violate both the MCA and Rule 26(c). The MCA requires a designating party to "limit any such designation to specific material that qualifies." MCA § 5.1. It further expressly prohibits "[m]ass,

1

indiscriminate, or routinized" designations. *Id.* §§ 5.1, 5.2(a). The MCA also limits HC-AEO treatment to "extremely sensitive" confidential material whose disclosure would create "a substantial risk of serious harm that could not be avoided by less restrictive means." *Id.* § 2.8, at 3. That definition incorporates Rule 26(c), which requires good cause for protection. Fed. R. Civ. P. 26(c)(1).

Defendants' correspondence demonstrates they did not perform the review the MCA requires. Instead, they admit the materials were "marked based on families"—that if one page in a multi-page document was designated, "all pages within that document and/or cited in that document follow the same designation." Ex. A at 2–3. Counsel also admitted this production encompassed "14,000+ pages," and that de-designation would require a "manual process." *Id.* at 2. Under the MCA, designation should have been manual.

Defendants designated as HC-AEO not only the contents of Slack chats, but also plainly nonqualifying materials, including Plaintiff's own works, 13,499 pages of engineering textbooks which appeared nowhere in their Slack, and public-domain technical documents in the German language. Ex. A at 3. Yet Defendants' only articulated justification was that the production consisted of "internal business communications" that are "not accessible to third parties." *Id.* at 4. That is neither the MCA standard nor a Rule 26(c) showing. Non-public status alone does not establish "extreme" sensitivity, a substantial risk of serious harm, or the inadequacy of less restrictive means. *See* MCA § 2.8; Fed. R. Civ. P. 26(c)(1).

The over-designation is also prejudicial. Plaintiff has identified case-relevant Slack materials containing admissions bearing on copyrightability, Defendants' efforts to avoid or conceal infringing conduct, and evidence concerning Defendants' noncompliance with the Court's ESI protocol. Ex. A at 1  2. Those materials must be usable in motion practice and, where appropriate, publicly filed.

In contrast to (Doc. 261), here, Plaintiff challenges wholesale HC-AEO treatment of entire productions. The MCA expressly provides that clearly unjustified designations that impose unnecessary burden expose the designating party to sanctions, and that relief is warranted here. MCA § 5.1.

<b><u>CONCLUSION</u></b>

Plaintiff requests that the Court de-designate the First and Second Slack productions and sanction Defendants under the MCA.

Respectfully submitted,

DATED:  March 27, 2026

*/s/ Zachary Zermay*
Zachary Z. Zermay, Esq.
Fla.   Bar   № 1002905
*Zermay Law, P.A.*
3000 Coral Way Ste 1115
Coral   Gables,   FL   33145
Email: zach@zermaylaw.com
Tel: (305) 767-3529
*Lead Counsel for Plaintiff*
*Matthew Larosiere*

## Local Rule 3.01(g) Certification

Undersigned counsel certifies that, pursuant to Local Rule 3.01(g), he conferred with counsel for Defendants in a good-faith effort to resolve the matters raised in this motion. Plaintiff provided written notice of the confidentiality challenge under § 6.2 of the parties' Mutual Confidentiality Agreement, specifically identifying Defendants' blanket HC-AEO designations over the Slack productions and related materials. Counsel thereafter conferred telephonically on March 26, 2026. Defendants did not agree to withdraw the challenged designations as to the Slack chats, instead offering to lower them to "confidential," and maintained that the designations were proper, while explaining that the documents had been designated "based on families." Because the parties were unable to resolve the dispute, Plaintiff files this motion.

DATED:  March 27, 2026

/s/ Zachary Z. Zermay
Zachary Z. Zermay, Esq.
Fla.   Bar   №   1002905
*Zermay Law, P.A.*
3000 Coral Way Ste 1115
Coral   Gables,   FL   33145
Email: zach@zermaylaw.com
Tel: (305) 767-3529
*Lead Counsel for Plaintiff*
*Matthew Larosiere*

4