UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

*Plaintiff*,

v.

CODY RUTLEDGE WILSON, DEFCAD,
Inc., DEFENSE DISTRIBUTED, and
DIOSKOUROI LLC,

*Defendants.*

_____/

**PLAINTIFF'S SHORT-FORM MOTION TO SEAL UNDER LOCAL RULE
1.11 AS TO EXHIBITS FOR PLAINTIFF'S MOTION TO DE-DESIGNATE
(DOC. 265)**

Plaintiff Matthew Larosiere moves under Federal Rule of Civil Procedure
26(c), Middle District of Florida Local Rule 1.11, and Sections 6.3 and 14.4 of the
parties' Mutual Confidentiality Agreement ("MCA") for leave to file under seal
certain exhibits in support of Plaintiff's Motion to De-Designate Defendants'
Blanket "Highly Confidential – Attorneys' Eyes Only" Designations (Doc. 265).
Specifically, Plaintiff seeks to file under seal: (1) Defendants' first Slack production,
dated February 4, 2026, Bates numbered Entities0007319 through Entities0007356;
and (2) Defendants' second Slack production, produced March 20, 2026, Bates
numbered Entities0077830 through Entities0092822, excluding the 13,499 pages of
engineering textbooks contained within that production. Furthermore, the
materials in both Slack productions are necessary to fully show Defendants' failure
to comply with the Court's ESI protocol.

1

## ARGUMENT

Filing these exhibits is necessary because they are the materials at issue in Doc. 265. Plaintiff contends Defendants imposed blanket HC-AEO designations across entire productions, including plainly nonqualifying material, in violation of the MCA's requirement. The Court cannot meaningfully adjudicate that challenge without reviewing the challenged productions themselves and the manner in which Defendants marked them.

Temporary sealing is necessary because Defendants continue to insist the challenged materials are properly designated. In the parties' meet-and-confer process, Defendants stated that the materials were designated because they consisted of internal, non-public business communications and further explained that documents were marked "based on families," such that if one page in a multi-page document was designated, all pages within that document and documents cited in that document received the same treatment. (Doc. 265-1). Under MCA § 6.3, Plaintiff must continue to afford the challenged materials the asserted level of protection until the Court orders otherwise.

No lesser alternative will suffice. Redaction would obscure the very issue the Court must decide  whether Defendants applied wholesale designations without differentiation. A pseudonym would not solve that problem, and a narrative description cannot substitute for the exhibits themselves. See M.D. Fla. R. 1.11(b)(3)(C). Plaintiff therefore requests only a limited seal lasting until the Court resolves Doc. 265 and for fourteen days thereafter, or until further order.

This request is narrowly tailored and supported by law. Local Rule 1.11 makes clear that a confidentiality designation alone does not authorize sealed filing, while the MCA likewise requires court approval under Local Rule 1.11 before protected material may be filed under seal. M.D. Fla. R. 1.11(a); MCA § 14.4. Plaintiff knows of no non-party with an interest in maintaining the seal. The authorized retrieval contact for any sealed tangible item is the undersigned.

## CONCLUSION

Plaintiff requests that the Court de-designate the First and Second Slack productions and sanction Defendants under the MCA.

Respectfully submitted,

DATED:  March 27, 2026

/s/ Zachary Zermay____
Zachary Z. Zermay, Esq.
Fla.    Bar    №    1002905
*Zermay Law, P.A.*
3000 Coral Way Ste 1115
Coral    Gables,    FL    33145
Email: zach@zermaylaw.com
Tel: (305) 767-3529
*Lead Counsel for Plaintiff*
*Matthew Larosiere*

3

## Local Rule 3.01(g) Certification

Undersigned counsel certifies that, pursuant to Local Rule 3.01(g), he conferred with counsel for Defendants in a good-faith effort to resolve the matters raised in this motion. Plaintiff provided written notice of the confidentiality challenge under § 6.2 of the parties' Mutual Confidentiality Agreement, specifically identifying Defendants' blanket HC-AEO designations over the Slack productions and related materials, and the intent to file them under seal. Counsel thereafter conferred telephonically on March 26, 2026. Defendants did not agree to withdraw the challenged designations as to the Slack chats, instead offering to lower them to "confidential," and maintained that the designations were proper, while explaining that the documents had been designated "based on families." Because the parties were unable to resolve the dispute, Plaintiff files this motion.

DATED:  March 27, 2026

/s/ Zachary Z. Zermay
Zachary Z. Zermay, Esq.
Fla. Bar № 1002905
Zermay Law, P.A.
3000 Coral Way Ste 1115
Coral Gables, FL 33145
Email: zach@zermaylaw.com
Tel: (305) 767-3529
Lead Counsel for Plaintiff
Matthew Larosiere