UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW LAROSIERE

      Plaintiff,  vs             Case No:  6:24-CV-01629-AGM-LHP

CODY RUTLEDGE WILSON, DEFCAD, INC.,
DEFENSE DISTRIBUTED and
DIOSKOUROI LLC,

      Defendants.

_____/

## DEFENDANTS'  MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S TIME-SENSITIVE MOTION FOR SANCTIONS UNDER RULE 37(b)(2)

Defendants Cody Rutledge Wilson, Defcad, Inc., and Defense Distributed, (collectively, "Defendants"), pursuant to Federal Rules of Civil Procedure 26 and 37, respectfully oppose Plaintiff Matthew Larosiere's ("Plaintiff") Motion to Overrule Objections and Compel Responses to Plaintiff's Second Set of Discovery (Doc. 256) and state as follows:

### I.     INTRODUCTION.

Plaintiff's Motion paints a misleading picture of the discovery process. Defendants have acted in good faith throughout, raising legitimate objections and engaging in meaningful meet-and-confer efforts. (**Composite Exhibit A)**. Plaintiff's Motion should be denied because Defendants' objections are well-founded and Plaintiff has failed to demonstrate that the requested discovery is proportional to the needs of this case under Rule 26(b)(1).

1

332638676v.1

## II.    ARGUMENT AND AUTHORITIES.

### A.    Defendants' Objections to Vague and Ambiguous Terms Are Proper.

Plaintiff contends that terms such as "your website(s)" and "February 21 post" are sufficiently clear. (Doc. 256 at p. 2). However, Defendants operate multiple websites and maintain a substantial online presence, making these undefined terms genuinely ambiguous in the context of the specific requests propounded. Defendants raised these objections in good faith and sought clarification during the meet-and-confer process to enable meaningful responses. *See* Comp. Ex. A. That Defendants may have responded to facially similar terms in a prior discovery set does not render their present objections improper, as the scope and context of the current requests differ materially.

### B.    Defendants' Relevance and Burden Objections Are Justified.

Plaintiff's Second Set of Discovery is vastly overbroad, encompassing dozens of requests for production and interrogatories that extend well beyond the claims and defenses at issue. Under Rule 26(b)(1), discovery must be proportional to the needs of the case, considering the importance of the issues, the amount in controversy, and the burden of the proposed discovery. Defendants' objections to requests such as DC-RFP-1, 3, 7, 8, 9, 10, 18, 32, 33, 34, 35, 45, 46, 58, 59, 60, 61, and 64 are well taken. (Doc. 256 at p. 2). Plaintiff has not articulated how each of these sweeping requests is tailored to the specific claims or defenses in this action.

332638676v.1

**C.     Defendants Have Acted Diligently in Conducting Searches and Producing Documents.**

Plaintiff's characterization of Defendants' search efforts is inaccurate. Defendants indicated they would supplement their responses and proposed a date of March 10, 2026, to do so. During the meet-and-confer, Defendants raised legitimate questions regarding the scope and definitions applicable to the requests. Plaintiff provided definitions on March 7, 2026, and Defendants reasonably sought further clarification on March 10, 2026, to ensure the accuracy and completeness of their responses. *See* Comp. Ex. A. This reflects diligence, not obstruction. Defendants continue to work in good faith to produce responsive, non-privileged materials.

**III.     RULE 37 SANCTIONS ARE UNWARRANTED.**

Plaintiff's request for Rule 37 relief should be denied. Defendants' objections were substantially justified, and the parties' dispute is a good-faith disagreement over the scope and clarity of discovery requests. Sanctions are inappropriate where, as here, the responding party has engaged in the meet-and-confer process and raised non-frivolous objections.

Dated: March 27, 2026          Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN& DICKER LLP**

By:   *s/Leia V. Leitner*
         Leia V. Leitner
         Florida Bar No: 105621
         111 North Orange Avenue
         Suite 1200
         Orlando, FL 32801
         Telephone:        407-423-7287

3

Facsimile:  407-648-1376
Leia.Leitner@wilsonelser.com
Cheryl.Kujawski@wilsonelser.com

Jura C. Zibas
Florida Bar No:  124571
Amaris C. Gyebi, Esq.
Florida Bar No:  1019361
2063 Main Street - Suite 100
Sarasota, FL 34237
Telephone:941-866-8561
Facsimile:  941-210-5979
Jura.Zibas@wilsonelser.com
Amaris.Gyebi@wilsonelser.com
Cheryl.Kujawski@wilsonelser.com

*Defendants, Cody Rutledge Wilson
DEFCAD, Inc. and Defense Distributed*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 27th of March, 2026 a true and correct copy of the foregoing document has been electronically filed with the Clerk of the Court using the  CM/ECF E-Filing Portal, which will serve an electronic copy of the foregoing on the following: Zachary Z. Zermay, Esq., Florida Bar No:  1002905; Zermay Law, P.A., *Counsel for Plaintiff*, 1200 Fourth Street, #1102, Key West, Florida 33040;   Telephone:     305-767-3529;   Zach@Zermaylaw.com   and info@Zermaylaw.com; Charles (Chad) Flores, Esq., Flores Law PLLC, *Counsel for Dioskouroi LLC,* 917 Franklin Street, Suite 600, Houston, Texas  77002, Telephone: 713-364-6440,  CF@ChadFlores.law;   chad-flores-7646@ecf.pacerpro.com   and service@chadflores.law

*s/Leia V. Leitner*

4