UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


MATTHEW LAROSIERE

      Plaintiff,

vs.                                 Case No:  6:24-CV-01629-AGM-LHP

CODY RUTLEDGE WILSON, DEFCAD, INC.,
DEFENSE DISTRIBUTED and
DIOSKOUROI LLC,

      Defendants.
_____/


**DEFENDANTS' REPLY BRIEF**
**IN SUPPORT OF ITS MOTION TO COMPEL [DKT. 234]**


1

332815078v.1

Defendants, Cody Rutledge Wilson, DEFCAD, Inc., and Defense Distributed (collectively, "Defendants"), respectfully submit this Reply in support of their Motion to Compel (Doc. 234) , pursuant to the Court's Order directing supplemental briefing addressing Plaintiff's response (Dkt. 243) and identifying each issue that remains outstanding. *See* Dkt. 259. In support thereof, Defendants state as follows:

As a threshold matter, Defendants inform the Court that the parties have reached a settlement in this action. *See* Dkt. 270. This Reply is filed solely as a means of complying with the Court's Order directing Defendants to file a reply brief as discussed above. Defendants do not wish to burden the Court with unnecessary briefing, but submit this Reply in an effort to comply with the Court's directive. With that said, and while Defendants believe this case has been resolved, to the extent the Court determines this action will proceed pending dismissal, Defendants maintain all issues raised in its Motion to Compel, and as further briefed herein.

## I.     ARGUMENT

### A. Defendants' Motion to Compel was not premature, and is not moot due to production.

Plaintiff argues that Defendants' Motion to Compel was premature because Plaintiff stated it would produce responsive documents within fourteen days. Dkt. 243 at 1. Defendants' Motion to Compel did not seek an earlier production of the documents Plaintiff agreed to produce, thus the argument is invalid. Defendants' Motion to Compel sought to overrule Plaintiff's general objections, compel full responses to Defendants RFP Nos. 1 and 2, and compel the production of a privilege

2

log. Dkt. 234 at 1. Receiving responsive documents on a faster schedule was never mentioned, and reflects Plaintiff's failure to read the Motion.

Plaintiff further argues that Defendant's Motion to Compel is moot in material part because responsive documents have been served on counsel. Dkt. 243 at 1. Again, Defendant's Motion to Compel does not raise an issue with the timing of Plaintiff's production, or his failure to produce responsive documents. Producing the documents thus has no effect on the Motion. In any event, Plaintiff production was nothing more than a document dump, which included a reproduction of all 486 page of Title 17 of the United States Code, all 1,396 pages of the Compendium of the U.S. Copyright Office Practices, and a copy of the pleadings in this action. There is also no way to determine which request(s) the various pieces of the production are responsive to, as there is no organization to the production Plaintiff served. *Cf.* Dkt. 213 at 13 (finding Defendant's production chart sufficient given the volume of discovery Plaintiff served); *See Henderson v. Holiday CVS, LLC*, 2010 U.S. Dist. LEXIS 156638 at 89-10 (S.D. Fla. Aug. 11, 2010) (collecting cases disfavoring "dump truck" tactics in discovery).

B. Plaintiff's Responses to Request Nos. 1 and 2 are deficient.

Plaintiff argues that his responses to Request Nos. 1 and 2 were not evasive because he "affirmatively stated that he possesses no electronic or native versions of those agreements" and therefore "has no system metadata for those agreements to produce." A review of response shows that this representation is false. Both Requests Nos. 1 and 2 seek specific agrements in their native form, with system metadata. *See*

3

Dkt. 243-2 at p. 3. Plaintiff's response to both requests state that the responsive documents were "previously produced as true and correct copies" and "Plaintiff [would] not reproduce the same documents". *Id.* The documents Plaintiff alludes to in his response are hard copies, which Plaintiff, minimally altered, by stamping each page with a HC-AEO designation. The request is clearly asking for the agreement in its native, form, with system metadata. There is no affirmative statement "disclaiming possession" in response to Request Nos. 1 or 2. If Plaintiff's position is that he truly possesses no electronic versions of the agreements, then a clear, unequivocal statement to that effect was all that was required—not the multi-layered objections and qualified responses that Plaintiff provided. That Plaintiff now characterizes his response as having been clear all along, strains reason.

Further, Defendants sought an affirmative response on this issue as Plaintiff has argued before that his objections are not disclaimers of possession. Plaintiff's opposition to Defense Distributed's earlier Motion for Rule 37(e) Spoliation Relief (Dkt. 146) is instructive on this point. Rather than engage with the substance of the spoliation concerns, Plaintiff argued that Defense Distributed "never attempted to acquire the information in the first place" and accused Defendants of having "mischaracterized Plaintiff's objections as disclaimers of possession." *Id.* at 4-5. In that same filing, Plaintiff conceded that he had objected to discovery requests and declined to produce responsive materials, yet framed those objections as "Rule 26(b)(1) objections, not disclaimers of possession." *Id.* at 5. Plaintiff simultaneously argued that

Defendants should have propounded additional, narrower discovery to get the information they sought. *Id.*

When Defendants did propound additional, narrower discovery on the precise issues raised by Plaintiff in its Opposition to Defendants' Motion for Spoliation, Plaintiff resorted to his same illusory tactics.  Defense Distributed's Second Request for Production was specifically designed to test the sincerity of representations Plaintiff himself made in opposing the spoliation motion. Multiple requests quoted Plaintiff's own words from that filing and asked Plaintiff to produce the very materials he represented he had offered or preserved. *See* Dkt._264-3, RFP Nos. 1-6. Plaintiff's response was to object to virtually every one of these requests as vague, unintelligible, and not reasonably particularized—notwithstanding that the requests were framed and cited Plaintiff's own representations to this Court. *Id.*

The same evasive approach is on full display here. And while Plaintiff has since stated that he does not have the native versions, or any system metadata, for any of the agreements that form his claim of ownership to most of the copyrights in this case, Plaintiff refused every request to reduce this statement to writing prior to filing his opposition. And has not served an amended response which clearly states he has no responsive documents.

   C.  <u>Plaintiff's lodging of a privilege objection triggered the requirement to produce a privilege log.</u>

A party objecting to production on the grounds of privilege must produce a privilege log. *Vacation Club Servs. v. Rodriguez*,  2011 U.S. Dist. LEXIS 166007 at *26

332815078v.1

(M.D. Fla. April 14, 2011) (citing Fed. R. Civ. P. 26(b)(5)) (requiring the responding party to provide written confirmation that it was not withholding any documents on the basis of privilege or serve a privilege log, where discovery responses failed to indicate whether documents were being withheld on the basis of the objection).

While Plaintiff claims he is not withholding documents on the basis of privilege, he has consistently raised a privilege objection, and has refused to withdraw the objection, when asked. Plaintiff cannot object to the request on grounds of privilege, while also stating that he need not produce a privilege log. General assertions of privilege—without asserting which privilege is applicable or providing a privilege log—are insufficient under Fed.R.Civ.P. 26(b)(5), which requires a party who objects to the production of information based upon privilege to (1) expressly make the claim; and (2) describe the nature of the information so that the opposing party may assess the claim. *Turner v. Ocala Breeders' Sales Co., Inc.*, 2025 U.S. Dist. LEXIS 196040 at *4-5 (M.D. Fla. Oct. 3, 2025) (finding the plaintiff's objection to the defendant's request for production insufficient and requiring the plaintiff to identify the specific privilege asserted and provide a privilege log as to any information responsive to the requests for production identified); *see also In re Pimenta*, 942 F. Supp. 2d 1282, 1290 (S.D. Fla. 2013) ("Blanket assertions of privilege before a district court are usually unacceptable."); .

Defendants further note that Plaintiff's continued refusal to produce a privilege log has ultimately provided a proper basis for waiver, rendering the objection waived altogether. *Trump v. Brit. Broad. Corp.*, 2026 U.S. Dist. LEXIS 31124 at *11 (S.D. Fla.

6

332815078v.1

Feb. 13, 2026) ("A privilege log must be provided with document production, unless a future date is agreed upon by the parties. If a privilege log is not provided with document production, the objection of privilege may be deemed waived.").

## D. Plaintiff's general objections are improper.

Plaintiff argues that his objections to Defendants' definitions and instructions were justified because the Middle District Discovery Handbook "discourages burdensome boilerplate definitions and instructions." Dkt. 243 at 2. This position does not allow Plaintiff to lodge a wholesale objection to Defendants' "definitional scheme to the extent it uses burdensome boilerplate [sic] to expand the scope of discovery beyond what the Federal Rules permit" and to thereafter respond "to each Request by applying terms in their plain and ordinary meaning , and in a reasonable common sense manner…" *Id*. at p. 3.   Boilerplate or general objections are improper and constitute a waiver of the objections to the discovery sought. *See Spencer v. City of Orlando, Florida*, 2016 U.S. Dist. LEXIS 12234 at *2 (M.D. Fla. Feb. 2, 2016) (concluding that objections that are "are too vague and nonspecific" fail to "preserve any objection to the requested discovery").

Defendants raised no issue with the objections Plaintiff detailed with specificity in his discovery response, which are the only objections Plaintiff identifies with any particularity in his opposition to Defendants' Motion to Compel. *See* Dkt. 243 at 3. Defendants have raised issue only with the general objections Plaintiff has posited to Defendants "definitional scheme" as described above,  which fail to put Defendants

7

332815078v.1

on notice of what Plaintiff considers to be burdensome, boilerplate, and/or an expansion of what the Federal Rules permit, separate and apart from any specific objection raised. *See Badger v. Southern Farm Bureau Life Ins. Co.*, 2008 U.S. Dist. LEXIS 26689 at *4 (M.D. Fla. April 2, 2008) ("[O]bjections to discovery must be sufficiently plain and specific to allow the Court to understand precisely how the challenged discovery requests are alleged to be objectionable.").

Plaintiff provides no response to Defendants' argument that Plaintiff's general objections are improper. A party's failure to address an argument raised in a motion renders the same unopposed. *Stucky v. BMW of N. Am., LLC*, 2020 U.S. Dist. LEXIS 220626 at *11 (S.D. Fla. Nov. 19, 2020). As such, Defendants submit this issue is properly decided in their favor.

## II.    CONCLUSION

For the foregoing reasons, and in compliance with the Court's Order, Defendants respectfully submit that the record demonstrates Plaintiff's responses were deficient and his objections were part of a pattern of evasive discovery conduct. Plaintiff further had an affirmative obligation to provide a privilege log or withdraw his privilege objection. And it is Defendants' position that his repeated failure to do has waived the objection. The parties have since reached a settlement, and Defendants leave it to the Court's discretion to determine what, if any, further action is warranted.

Dated:        March 30, 2026

Respectfully submitted,

8

**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP**

By:    *s/Amaris C. Gyebi*

Leia V. Leitner
Florida Bar No:  105621
111 North Orange Avenue
Suite 1200
Orlando,  FL  32801
Telephone:        407-423-7287
Facsimile: 407-648-1376
Leia.Leitner@wilsonelser.com
Cheryl.Kujawski@wilsonelser.com

Jura C. Zibas
Florida Bar No:  124571
Amaris C. Gyebi, Esq.
Florida Bar No:  1019361
2063 Main Street - Suite 100
Sarasota, FL 34237
Telephone:941-866-8561
Facsimile:  941-210-5979
Jura.Zibas@wilsonelser.com
Amaris.Gyebi@wilsonelser.com
Cheryl.Kujawski@wilsonelser.com

*Co-Counsel for Defendants*
*Cody Rutledge Wilson*
*DEFCAD, Inc. and Defense Distributed*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of March, 2026 a true and correct

copy of the foregoing document has been served by email to the following:  Zachary

Z. Zermay, Esq., Florida Bar No:  1002905; Zermay Law, P.A., *Counsel for Plaintiff*,

1200 Fourth Street, #1102, Key West, Florida  33040; Telephone:  305-767-3529;

9

332815078v.1

Zach@Zermaylaw.com and info@Zermaylaw.com; Charles (Chad) Flores, Esq.,

Flores Law PLLC, *Counsel for Defendants, Cody Rutledge Wilson, DEFCAD, Inc., Defense*

*Distributed and Dioskouroi LLC,* 917 Franklin Street, Suite 600, Houston, Texas 77002,

Telephone: 713-364-6440, CF@ChadFlores.law; chad-flores-7646@ecf.pacerpro.com

and service@chadflores.law.

*s/Amaris C. Gyebi*
Amaris C. Gyebi

332815078v.1